# Kramer Levin

| | |
|---|---|
| **P. Bradley O'Neill**<br>Partner<br>T  212.715.7583<br>F  212.715.8382<br>boneill@kramerlevin.com | 1177 Avenue of the Americas<br>New York, NY 10036<br>T  212.715.9100<br>F  212.715.8000 |

July 8, 2021

<u>BY ECF AND EMAIL</u>

The Honorable Robert D. Drain
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Re:   *In re 96 Wythe Acquisition LLC*, Case No. 21-22108 (RDD)

Dear Judge Drain,

    As the Court knows, we represent Benefit Street Partners Realty Operating Partnership, L.P. ("**Benefit Street**") in this chapter 11 case. I write under the Court's Chambers Rules to request a telephonic discovery conference with the Court relating to the opposed motion of Constantino Sagonas ("**Receiver**") for an order approving his accounting, authorizing additional fees, and releasing him from his bond [ECF No. 29] ("**Motion**").

    At earlier discovery conferences, the Court directed the Debtor to produce bank statements covering the full period of the receivership. From these bank statements, which were in the name of The Williamsburg Hotel BK LLC ("**Hotel Manager**"), Benefit Street identified two sets of transactions that required additional investigation: separate transfers into the account of $1,438,000 in April 2020 and $149,900 in July 2020, both of which were then transferred out to unidentified accounts on the same day or within two days.

    At a subsequent discovery conference, the Court directed the Debtor to provide an explanation of these two transactions. In response, the Debtor represented that each related to a separate "government loan," but could not respond to questions concerning the nature of these loans. Benefit Street's internet research suggested they were loans made under the Paycheck Protection Program or related programs.

    At the June 28 status conference the Court directed the Debtor to provide information concerning the loans including the "documentation behind" the loans. 2021 Transcript at 13:5-10, 17-19. The Receiver confirmed that he was unaware of any PPP loan (or other loans) having been obtained. *Id.* at 13:20-22.

    Despite the Court's direction and several written requests from Benefit Street, the Debtor did not even "address" the production of these additional documents for more than a week, ultimately producing 11 and a half pages of additional materials on Tuesday, July 6. These include

July 8, 2021
Hon. Robert D. Drain

a 6-page "Paycheck Protection Program Borrower Application Form" (attached as **Exhibit A**) and a 1-and-a-half-page website printout of an unprocessed loan application, which—only based on the file name—appears to relate to a Small Business Administration Emergency Injury Disaster Loan ("EIDL") application (attached as **Exhibit B**). It also produced a 4-page "Articles of Organization of The Williamsburg Hotel BK LLC." It did not produce any of the final documentation of either loan.

The PPP loan application is made in the name of the Hotel Manager, but expressly indicates that entity's "DBA or Tradename" is "The Williamsburg Hotel." *See* Ex. A at 1. It offers a payroll computation based on a "Number of Employees" of 130, which roughly parallels the number of employees contained in payroll documentation separately produced by the Debtor. The amount of the "Loan Request" it specifies is $1,260,840.01, which does not, however, match the amount of the April transactions in the Hotel Manager's account ($1,438,000). Although required to name affiliates under common ownership with the applicant, the application does not identify the Debtor as an affiliate – or mention it at all. The use of "the Williamsburg Hotel" tradename, together with the failure to identify the Debtor as an affiliate and the identification of a number of employees much like the Debtor's direct employees at least suggest that the application was made on behalf of or in the stead of the Debtor. As the Court may be aware, PPP loans are based on a formula tied to the applicant's employees.

As part of the application, Toby Moskovits, one of the Debtor's controlling equity holders, certified that the proceeds of the loan would be used "to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments," each of which are also identified on the first page of the application as the "Purpose of the loan." Ex. A at 1, 2. She further certified that she would provide the PPP lender with "documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following this loan." *Id.* at 2. Despite this being required documentation given to the PPP lender in support of the loan, the Debtor has refused to produce this information. In addition, the application appears to contain several unmarked and unexplained redactions. These include the names of the primary contact and his or her contact information, tax identification numbers and ownership percentages on the front page of the application. It also includes an addendum concerning EIDL loans provided before the PPP loan application. *See* Ex. A at 6. That schedule contains a single word "CEO," but the remaining text appears to have been redacted. It is unclear what basis there would have been for any of these redactions or whether are other, less obvious redactions. *Id.*

With respect to the EIDL loan, the Debtor provided what appears to be a 1-1/2 page incomplete and an unprocessed loan application. *See* Ex. B. The document contains virtually no information about the basis of the EIDL loan. For example, the printout reflects that the loan was "secured with all business assets and [p]ersonal guarantees" but contains no information about

July 8, 2021
Hon. Robert D. Drain

what assets or personal guarantees secured the loan. Moreover, the document itself states that, when it was printed, the applicant had "Not Started" the "Step" to "Review and Sign Closing Documents" and that the application was still "being processed."

Faced with the many questions raised by this sparse and delayed production, Benefit Street wrote to the Debtor on the evening of July 6, requesting that it produce the following additional information:

- The payroll and all other information submitted to the lender in connection with the PPP loan, which should include documents sufficient to show whose employees and expenses the application was based on;
- The signed and final application for the EIDL loan, together with the supporting information submitted to the lender; and
- Unredacted copies of the documents produced.

Given the delays in compliance with the Court's own production order, it informed the Debtor that if the materials were not produced by 5PM on July 7, it would raise the issue with the Court. As of the filing of this letter, the Debtor has not responded in any way. The Debtor's delays in providing the court-ordered loan documentation threaten the timing of the July 20 hearing on the Receiver's Motion.

Without complete documentation relating to these government loans, each of which were made during the receivership, Benefit Street cannot determine whether the loan proceeds were obtained based upon the operations and expenses of the Debtor's Hotel and should have flowed through the receivership estate for the Hotel's benefit. Similarly, this additional information is required to properly assess whether the Receiver complied with his fundamental obligation to "take charge" of the Hotel and "demand, collect and receive" all funds due the Hotel so that he could properly pay expenses of the Hotel. Receiver Order at 3, 4-5 [ECF No. 29-4]. Given the potential for abuse of the PPP program at the direct expense of the Debtor's Hotel, this information should be provided promptly. Importantly, Benefit Street seeks the information already provided to third party lenders which should have been readily available.

We are available for a conference at the Court's convenience, and we thank the Court in advance for its consideration of these issues.

Respectfully submitted,

/s/ P. Bradley O'Neill
P. Bradley O'Neill

Cc:   Mark Frankel, Esq.
      Jason Nagi, Esq.
      Douglas Kellner, Esq.

# **Exhibit A**



## Paycheck Protection Program
### Borrower Application Form

OMB Control No.: 3245-0407
Expiration Date: 09/30/2020

| Check One: | ☐ Sole proprietor ☐ Partnership ☐ C-Corp ☐ S-Corp ■ LLC<br>☐ Independent contractor ☐ Eligible self-employed individual<br>☐ 501(c)(3) nonprofit ☐ 501(c)(19) veterans organization<br>☐ Tribal business (sec. 31(b)(2)(C) of Small Business Act) ☐ Other | DBA or Tradename if Applicable<br>The Williamsburg Hotel |
|---|---|---|
| **Business Legal Name** | The Williamsburg Hotel BK LLC | |
| **Business Address** | 679 Driggs Avenue, Brooklyn, NY 11211 | **Business TIN (EIN, SSN)** 81-2152485 / **Business Phone** |
| | | **Primary Contact** / **Email Address** |

| Average Monthly Payroll: | $ 504,336.00 | x 2.5 + EIDL, Net of Advance (if Applicable) Equals Loan Request: | $ 1,260,840.01 | Number of Employees: 130 |

Purpose of the loan (select more than one): ■ Payroll  ■ Lease / Mortgage Interest  ■ Utilities  ☐ Other (explain): _____

### Applicant Ownership

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| Toby Moskovits | CEO | | | |
| Michael Lichtenstein | President | | | |

*If questions (1) or (2) below are answered "Yes," the loan will not be approved.*

| | Question | Yes | No |
|---|---|---|---|
| 1. | Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | ☐ | ■ |
| 2. | Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government? | ☐ | ■ |
| 3. | Is the Applicant or any owner of the Applicant an owner of any other business, or have common management with, any other business? If yes, list all such businesses and describe the relationship on a separate sheet identified as addendum A. | ■ | ☐ |
| 4. | Has the Applicant received an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020? If yes, provide details on a separate sheet identified as addendum B. | ☐ | ■ |

*If questions (5) or (6) are answered "Yes," the loan will not be approved.*

| | Question | Yes | No |
|---|---|---|---|
| 5. | Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole? | ☐ | ■ |

Initial here to confirm your response to question 5 →   TM

| 6. | Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment)? | ☐ | ■ |

Initial here to confirm your response to question 6 →   TM

| 7. | Is the United States the principal place of residence for all employees of the Applicant included in the Applicant's payroll calculation above? | ■ | ☐ |
| 8. | Is the Applicant a franchise that is listed in the SBA's Franchise Directory? | ☐ | ■ |

SBA Form 2483 (04/20)

1



# Paycheck Protection Program
# Borrower Application Form

**By Signing Below, You Make the Following Representations, Authorizations, and Certifications**

## CERTIFICATIONS AND AUTHORIZATIONS

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).
- The Applicant (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.
- I will comply, whenever applicable, with the civil rights and other limitations in this form.
- All SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule.
- To the extent feasible, I will purchase only American-made equipment and products.
- The Applicant is not engaged in any activity that is illegal under federal, state or local law.
- Any loan received by the Applicant under Section 7(b)(2) of the Small Business Act between January 31, 2020 and April 3, 2020 was for a purpose other than paying payroll costs and other allowable uses loans under the Paycheck Protection Program Rule.

For Applicants who are individuals: I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

## CERTIFICATIONS

The authorized representative of the Applicant must certify in good faith to all of the below by **initialing** next to each one:

**TM** The Applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

**TM** Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

**TM** The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

**TM** The Applicant will provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following this loan.

**TM** I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities, and not more than 25% of the forgiven amount may be for non-payroll costs.

**TM** During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program.

**TM** I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

**TM** I acknowledge that the lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.

_____     04/14/2020
Signature of Authorized Representative of Applicant     Date

**Toby Moskovits**     **CEO**
Print Name     Title

2

SBA Form 2483 (04/20)



**Paycheck Protection Program**
**Borrower Application Form**

**Purpose of this form:**

This form is to be completed by the authorized representative of the Applicant and *submitted to your SBA Participating Lender*. Submission of the requested information is required to make a determination regarding eligibility for financial assistance. Failure to submit the information would affect that determination.

**Instructions for completing this form:**

With respect to "purpose of the loan," payroll costs consist of compensation to employees (whose principal place of residence is the United States) in the form of salary, wages, commissions, or similar compensation; cash tips or the equivalent (based on employer records of past tips or, in the absence of such records, a reasonable, good-faith employer estimate of such tips); payment for vacation, parental, family, medical, or sick leave; allowance for separation or dismissal; payment for the provision of employee benefits consisting of group health care coverage, including insurance premiums, and retirement; payment of state and local taxes assessed on compensation of employees; and for an independent contractor or sole proprietor, wage, commissions, income, or net earnings from self-employment or similar compensation.

For purposes of calculating "Average Monthly Payroll," most Applicants will use the average monthly payroll for 2019, excluding costs over $100,000 on an annualized basis for each employee. For seasonal businesses, the Applicant may elect to instead use average monthly payroll for the time period between February 15, 2019 and June 30, 2019, excluding costs over $100,000 on an annualized basis for each employee. For new businesses, average monthly payroll may be calculated using the time period from January 1, 2020 to February 29, 2020, excluding costs over $100,000 on an annualized basis for each employee.

If Applicant is refinancing an Economic Injury Disaster Loan (EIDL): Add the outstanding amount of an EIDL made between January 31, 2020 and April 3, 2020, less the amount of any "advance" under an EIDL COVID-19 loan, to Loan Request as indicated on the form.

All parties listed below are considered owners of the Applicant as defined in 13 CFR § 120.10, as well as "principals":

- For a sole proprietorship, the sole proprietor;
- For a partnership, all general partners, and all limited partners owning 20% or more of the equity of the firm;
- For a corporation, all owners of 20% or more of the corporation;
- For limited liability companies, all members owning 20% or more of the company; and
- Any Trustor (if the Applicant is owned by a trust).

**Paperwork Reduction Act** – You are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated time for completing this application, including gathering data needed, is 8 minutes. Comments about this time or the information requested should be sent to : Small Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416., and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Washington DC 20503.

**Privacy Act (5 U.S.C. 552a)** – Under the provisions of the Privacy Act, you are not required to provide your social security number. Failure to provide your social security number may not affect any right, benefit or privilege to which you are entitled. (But see Debt Collection Notice regarding taxpayer identification number below.) Disclosures of name and other personal identifiers are required to provide SBA with sufficient information to make a character determination. When evaluating character, SBA considers the person's integrity, candor, and disposition toward criminal actions. Additionally, SBA is specifically authorized to verify your criminal history, or lack thereof, pursuant to section 7(a)(1)(B), 15 USC Section 636(a)(1)(B) of the Small Business Act (the Act).

**Disclosure of Information** – Requests for information about another party may be denied unless SBA has the written permission of the individual to release the information to the requestor or unless the information is subject to disclosure under the Freedom of Information Act. The Privacy Act authorizes SBA to make certain "routine uses" of information protected by that Act. One such routine use is the disclosure of information maintained in SBA's system of records when this information indicates a violation or potential violation of law, whether civil, criminal, or administrative in nature. Specifically, SBA may refer the information to the appropriate agency, whether Federal, State, local or foreign, charged with responsibility for, or otherwise involved in investigation, prosecution, enforcement or prevention of such violations. Another routine use is disclosure to other Federal agencies conducting background checks but only to the extent the information is relevant to the requesting agencies' function. See, 74 F.R. 14890 (2009), and as amended from time to time for additional background and other routine uses. In addition, the CARES Act, requires SBA to register every loan made under the Paycheck Protection Act using the Taxpayer Identification Number (TIN) assigned to the borrower.

**Debt Collection Act of 1982, Deficit Reduction Act of 1984 (31 U.S.C. 3701 et seq. and other titles)** – SBA must obtain your taxpayer identification number when you apply for a loan. If you receive a loan, and do not make payments as they come due, SBA may: (1) report the status of your loan(s) to credit bureaus, (2) hire a collection agency to collect your loan, (3) offset your income tax refund or other amounts due to you from the Federal Government, (4) suspend or debar you or your company from doing business with the Federal Government, (5) refer your loan to the Department of Justice, or (6) foreclose on collateral or take other action permitted in the loan instruments.

**Right to Financial Privacy Act of 1978 (12 U.S.C. 3401)** – The Right to Financial Privacy Act of 1978, grants SBA access rights to financial records held by financial institutions that are or have been doing business with you or your business including any financial

3



**Paycheck Protection Program**
**Borrower Application Form**

institutions participating in a loan or loan guaranty. SBA is only required provide a certificate of its compliance with the Act to a financial institution in connection with its first request for access to your financial records. SBA's access rights continue for the term of any approved loan guaranty agreement. SBA is also authorized to transfer to another Government authority any financial records concerning an approved loan or loan guarantee, as necessary to process, service or foreclose on a loan guaranty or collect on a defaulted loan guaranty.

**Freedom of Information Act (5 U.S.C. 552)** – Subject to certain exceptions, SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that will be automatically released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers (and their officers, directors, stockholders or partners), the collateral pledged to secure the loan, the amount of the loan, its purpose in general terms and the maturity. Proprietary data on a borrower would not routinely be made available to third parties. All requests under this Act are to be addressed to the nearest SBA office and be identified as a Freedom of Information request.

**Occupational Safety and Health Act (15 U.S.C. 651 et seq.)** – The Occupational Safety and Health Administration (OSHA) can require businesses to modify facilities and procedures to protect employees. Businesses that do not comply may be fined, forced to cease operations, or prevented from starting operations. Signing this form is certification that the applicant, to the best of its knowledge, is in compliance with the applicable OSHA requirements, and will remain in compliance during the life of the loan.

**Civil Rights (13 C.F.R. 112, 113, 117)** – All businesses receiving SBA financial assistance must agree not to discriminate in any business practice, including employment practices and services to the public on the basis of categories cited in 13 C.F.R., Parts 112, 113, and 117 of SBA Regulations. All borrowers must display the "Equal Employment Opportunity Poster" prescribed by SBA.

**Equal Credit Opportunity Act (15 U.S.C. 1691)** – Creditors are prohibited from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

**Debarment and Suspension Executive Order 12549; (2 CFR Part 180 and Part 2700)** – By submitting this loan application, you certify that neither the Applicant or any owner of the Applicant have within the past three years been: (a) debarred, suspended, declared ineligible or voluntarily excluded from participation in a transaction by any Federal Agency; (b) formally proposed for debarment, with a final determination still pending; (c) indicted, convicted, or had a civil judgment rendered against you for any of the offenses listed in the regulations or (d) delinquent on any amounts owed to the U.S. Government or its instrumentalities as of the date of execution of this certification.

4

SBA Form 2483 (04/20)



## ADDENDUM A: AFFILIATE INFORMATION

*This form is incorporated into SBA Form 2483: Paycheck Protection Program Application Form.*

**Business Legal Name ("Business"):**

The Williamsburg Hotel BK, LLC

Is the Business or any owner an owner of any other business or have common management with any other business? If so, please list the businesses below and describe the relationships.

| Other Business Name | Number of Employees |
|---|---|
| Mint Development Corp. - Common Ownership | 7 |
| Northside Development Holdings, LLC - Common Ownership | 10 |
| Grand Living, LLC - Common Ownership | 1 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**Any Additional Notes:**

1741 Tiburon Drive, Wilmington, NC 28403    |    Tel 910.790.5867    Fax 910.790.5868    |    www.liveoakbank.com
©2020 Live Oak Banking Company. All rights reserved. Member FDIC. Equal Housing Lender.



## ADDENDUM B: SBA ECONOMIC INJURY DISASTER LOAN INFORMATION

*This form is incorporated into SBA Form 2483: Paycheck Protection Program Application Form.*

Business Legal Name ("Business"):
The Williamsburg Hotel BK, LLC

If the Business received an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020, please provide details here:

CEO

1741 Tiburon Drive, Wilmington, NC 28403    |    Tel 910.790.5867    Fax 910.790.5868    |    www.liveoakbank.com
©2020 Live Oak Banking Company. All rights reserved. Member FDIC. Equal Housing Lender.

# **<u>Exhibit B</u>**

**TOBY MOSKOVITS**

🏠 Home (/Application?leadId=2379133)

**BUSINESS PROFILE**

Application #: 3301714870

THE WILLIAMSBURGH HOTEL BK LLC
*1274 49TH STREET SUITE 184*
*BROOKLYN NY 11219*

# Select Amount

$150,000.00

Amount of Loan

$1,000            $150,000

*Choose loan amount between* **$1,000.00** *and* **$150,000.00**.

**Questions?**

Call **1-800-659-2955**
**TTY/TDD: 1-800-877-8339**
Monday-Sunday, 8 a.m.-8 p.m. ET

**Email the SBA**
disastercustomerservice@sba.gov

**LOAN BREAKDOWN**

| Term | Interest Rate | Payment Frequency |
|---|---|---|
| 30 Year(s) | 3.75% | Monthly |

| Repayment Start | Third Party Filing Fee | Payment Amount |
|---|---|---|
| 12 Months After Closing | $100.00 | $731.00 |

**NOTE TO APPLICANT:** Selecting a loan amount does not mean that your loan has been approved. Further review of the application will be conducted.

**Loan Disclosure**
*Loan Security Requirement:* **(i)** *$1000 to $25,000: Unsecured loan* **(ii)** *$25,001 to $200,000: Loan secured with all business assets* **(iii)** *$200,001 and above: Loan secured with all business assets and Personal guarantees( Personal guarantees are not required for non-profit entities.).*

Accept     Cancel

**TOBY MOSKOVITS**

| APPLICATION | PROCESSING | FUNDING | BUSINESS PROFILE |
|---|---|---|---|

## Your Quote

Application #: 3301714870

### Status

THE WILLIAMSBURGH HOTEL BK LLC
*1274 49TH STREET SUITE 184*
*BROOKLYN NY 11219*

**Status: Amount Confirmed**

# $150,000

Your application is being processed

### Questions?

**Call 1-800-659-2955**
**TTY/TDD: 1-800-877-8339**
Monday-Sunday, 8 a.m.-8 p.m. ET

## Steps to Complete

**Verify Identity**
Completed

View (/IdentityVerification?leadId=2379133&wasRedirected=False)

**Electronic Disbursement**
Completed

Edit (/ACHAndWireInfoNeeded?leadId=2379133)

**Email the SBA**
disastercustomerservice@sba.gov

Review and Sign Closing Documents
Not Started

Start (/SignAgreements?leadId=2379133)