# Kramer Levin

| | |
|---|---|
| **P. Bradley O'Neill**<br>Partner<br>T  212.715.7583<br>F  212.715.8382<br>boneill@kramerlevin.com | 1177 Avenue of the Americas<br>New York, NY 10036<br>T  212.715.9100<br>F  212.715.8000 |

July 19, 2021

<u>BY ECF AND EMAIL</u>

The Honorable Robert D. Drain
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

    Re:    <u>*In re 96 Wythe Acquisition LLC*, Case No. 21-22108 (RDD)</u>

Dear Judge Drain:

    As the Court is aware, we represent Benefit Street Partners Realty Operating Partnership, L.P. ("**Benefit Street**").  I write to make three brief points in response to the Debtor's letter to the Court dated July 9, 2021 in connection with the discovery conference now scheduled for July 20, 2021 at 10AM.

    *First*, under the terms of the PPP program, loans must be based upon *the applicant's* employees and payroll.  Here, the applicant was the Hotel Manager, not the Debtor.  But the Debtor does not deny that the PPP Loan was premised upon *its* employees.  If true – and the Debtor could readily have proven otherwise by providing the payroll support given to the PPP lender – this suggests that the Hotel Manager (as applicant) obtained the roughly $1.5 million loan based not upon its own operations and employees but upon the Debtor's employees. As such, the PPP Loan proceeds should have been used for the payment of the Debtor's employees, utilities and mortgage interest, thereby allowing operating revenues to be used to pay other Hotel expenses, including property taxes.  Instead, the Receiver paid expenses otherwise intended to be covered by the PPP loan out of the receivership estate, leaving nothing for the payment of property taxes and other operating expenses not covered by the PPP loan.  This raises a significant concern that there has been a misapplication and misuse of PPP loan proceeds.

    The Receiver, who was obligated to collect *all* monies on behalf of the Debtor, appears not to have known of these loan proceeds, even though the payments were revealed on the face of Hotel Manager's bank statements.  Given that the loans appear to have been obtained in violation of both the Receiver Order and the Loan Agreement, he should have demanded and used all of these monies (again, obtained based upon the Debtor's payroll) for the benefit of the Debtor

    *Second,* instead of addressing the central issue, the Debtor presents a series of ad hominems and distortions regarding Benefit Street and its inquiries of the Debtor.  Putting aside the invective,

July 19, 2021
Hon. Robert D. Drain

Benefit Street does not seek an audit, but simply the actual payroll documentation that the Hotel Manager was required to submit to the banks which made the PPP and related loans. That is a discrete, readily-identifiable, set of documents which is not burdensome to produce. One member of the Debtor's five-person accounting staff should be able to locate these materials in minutes.

*Third*, the Debtor's suggestion that discovery disputes are distracting it from the reorganization effort is baseless. These discovery issues are very narrow and should not be time consuming to produce, if produced responsively and cooperatively. To that point, although it is a fiduciary subject to the presumption of transparency, the Debtor has not produced a single page consensually, but has instead forced Benefit Street to go to the Court for *every* document it has received. While it is dubious that these limited discovery matters – which involve its litigation counsel, not even its bankruptcy counsel – create much distraction, the Debtor could have avoided them altogether with a minimal amount of cooperation.

Moreover, although not directly relevant for purposes of this motion, these issues are extremely relevant to the administration of the bankruptcy case. The Hotel Manager continues to hold and manage estate assets – a concern also raised by the US Trustee. The Hotel Manager should be required to account for the use of the proceeds of the two government assistance loans and any other similar loans it may have obtained. If the Hotel Manager still holds PPP or similar loan proceeds, they may be available to pay certain the expenses of administration (e.g., employees and utilities) consistent with the purposes of the PPP loans, thereby allowing other revenues to pay non-covered expenses (including those the Debtor is currently failing to pay). As importantly, any misuse of PPP loan proceeds would be directly relevant to the suitability of the Debtor's controlling insiders as an estate fiduciary and may give rise to estate claims.

For these reasons and as outlined in our July 8 letter [ECF No. 63], the Debtor should be directed to comply with the Court's production order and provide the full, unredacted documentation behind these government loans, including the documents it submitted to the lender as part of its loan applications.

Respectfully submitted,


/s/ P. Bradley O'Neill
P. Bradley O'Neill


Cc:    Jason Nagi, Esq.
       Mark Frankel, Esq.
       Douglas Kellner, Esq.
       Gregory Zipes, Esq.