KRAMER LEVIN NAFTALIS & FRANKEL LLP
Adam C. Rogoff
P. Bradley O'Neill
Reyhan A. Watson
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Benefit Street Partners*
*Realty Operating Partnership, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                                             :
*In re:*                                                     :
                                                             :    Chapter 11
96 WYTHE ACQUISITION LLC,                                    :
                                                             :    Case No. 21-22108 (RDD)
                                        Debtor.              :
                                                             :
------------------------------------------------------------ X

### EX PARTE MOTION OF BENEFIT STREET FOR AN ORDER PURSUANT TO BANKRUPTCY RULES 2004 AND 9016 FOR ENTRY OF AN ORDER AUTHORIZING DISCOVERY OF THE HOTEL MANAGER AND LIVE OAK BANK

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), Benefit Street Partners Realty Operating Partnership, L.P.[1] ("**Benefit Street**"), by counsel, submits this *ex parte* motion ("**Motion**") for entry of an order, substantially in the form of Exhibit A ("**Proposed Order**"), authorizing Benefit Street to seek discovery from The Williamsburg Hotel BK LLC ("**Hotel Manager**") and Live Oak Banking Company ("**Live Oak Bank**"). In support of its Motion, Benefit Street represents as follows:

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries, operates as Franklin Templeton.

## PRELIMINARY STATEMENT

1.      This motion seeks authority to serve Rule 2004 subpoenas on The Williamsburg Hotel BK LLC (the Hotel Manager), an affiliate of the Debtor, and Live Oak Bank.  The discovery is intended to explore the facts surrounding two government assistance loans that the Hotel Manager obtained in 2020 — a $1,438,000 Paycheck Protection Program ("**PPP**") loan that was funded in April 2020 and a $150,000 Economic Injury Disaster Loan ("**EIDL**") that was funded in July 2020.

2.      The Debtor recently produced a loan application for the PPP Loan and a partial application for the EIDL Loan.  The face of the PPP Loan application suggests that the Hotel Manager may have applied for the loan based upon the Debtor's payroll.  Benefit Street now seeks Rule 2004 Discovery to assess the basis of these loans, the Hotel Manager's use of the proceeds of these loans and the circumstances of any forgiveness or repayment of these loans.  Because the Debtor's productions have been sparse and have contained undisclosed redactions, Benefit Street also seeks authority to serve a subpoena on Live Oak Bank, which made the PPP Loan.

## BACKGROUND

3.      The Debtor owns The Williamsburg Hotel, which is located at 96 Wythe Avenue in Brooklyn, New York ("**Hotel**").  The Hotel is managed by the Hotel Manager, an entity that is controlled by the Debtor's ultimate equity holders and appears to be staffed with employees of other affiliates.

4.      In 2017, Benefit Street provided the Debtor with a $68 million construction completion loan secured by all of the Debtor's assets.  In 2019, when the loan was not repaid at maturity, Benefit Street filed a foreclosure action in New York state court against the Debtor. During that litigation, the State Court appointed Constantino Sagonas ("**Receiver**"), as temporary

receiver for the Hotel.  As part of his duties, Mr. Sagonas authorized the payment of the Hotel's payroll and certain other expenses from the Hotel's operating revenue.

5.     In June and July of this year, as part of a contested matter between Benefit Street and the Receiver, the Court ordered the Debtor to produce copies of its bank statements from the period of the receivership.  In response, the Debtor produced statements from the Hotel Manager's operating account.  These statements reflected separate transfers into the account of $1,438,000 in April 2020 and $149,900 in July 2020, both of which were afterwards transferred out to unidentified accounts on the same day or within two days.  The statements do not indicate that the monies were transferred to the Receiver's account for the benefit of the Hotel.  Again, at the Court's direction, the Debtor disclosed that these payments were the proceeds of unspecified "government assistance loans."  Later, confronted with information from internet sites, the Debtor acknowledged that the larger of the loans was obtained under the PPP.

6.     Once again, at the Court's direction, the Debtor produced the final documentation for both loans as well as portions of the applications for both loans.  These materials confirmed that the $1,438,000 transfer related to a loan made to the Hotel Manager (as borrower) by Live Oak Bank (as lender) under the PPP ("**PPP Loan**").  The $149,900 amount related to a loan to the Hotel Manager (as borrower) made by the United States Small Business Administration ("**SBA**") (as lender) for a COVID-19 EIDL (the "**EIDL Loan**").

**A.     The PPP Loan**

7.     The PPP is an emergency loan program administered by the SBA with support from the Department of Treasury. It was authorized by Congress as part of the CARES Act in response to the COVID-19 pandemic to help small businesses meet their payroll expenses and thereby avoid employee layoffs. *See Paycheck Protection Program*, U.S. Dep't of Treasury,

https://home.treasury.gov/policy-issues/coronavirus/assistance-for-small-businesses/paycheck-protection-program (last visited July 21, 2021).  Generally, the maximum size of a PPP loan is 2.5 times the applicant's average monthly payroll costs over the 12 months before the application, subject to a $100,000 cap per employee. *See Paycheck Protection Program: How to Calculate Maximum Loan Amounts for First Draw PPP Loans and What Documentation to Provide by Business Type*, U.S. Dep't of Treasury, https://home.treasury.gov/system/files/136/PPP--How-to-Calculate-Maximum-Loan-Amounts-for-First-Draw-PPP-Loans-and-What-Documentation-to-Provide-By-Business-Type.pdf (last visited July 21, 2021).

8.      PPP loans may be used for payroll, mortgage interest, rental payments, utilities, operations, property damage repairs, supplier costs, worker protection expenditures, interest payments on any debt obligations incurred before February 15, 2020, or to refinance an EIDL loan made between January 31, 2020 and April 3, 2020. *See* Business Loan Program Temporary Changes; Paycheck Protection Program as Amended by Economic Aid Act, 86 Fed. Reg. 3692 (Jan. 12, 2021) at 3704, https://www.federalregister.gov/documents/2021/01/14/2021-00451/business-loan-program-temporary-changes-paycheck-protection-program-as-amended-by-economic-aid-act#footnote-77-p3704 (last visited July 21, 2021).

9.      PPP loans are also subject to forgiveness if certain requirements are met, including, among other things: (a)  spending at least 60% of the loan on payroll costs and employee benefits not exceeding $100,000 per employee; (b) spending no more than 40% of the loan on operating expenses, fixed payments, property damage repairs, and worker COVID protections; (c) maintaining employee headcount (with some exceptions); and (d) maintaining total payroll within 25% of its previous level (subject to the $100,000 per employee cap discussed above). *PPP loan forgiveness*, U.S. Small Bus. Admin.,  https://www.sba.gov/funding-programs/loans/covid-19-

relief-options/paycheck-protection-program/ppp-loan-forgiveness (last visited July 21, 2021).
Borrowers seeking forgiveness must provide adequate documentation for all payroll and non-
payroll expenses incurred during the covered period. *Id.*

10.     The PPP Loan agreement lists Live Oak Bank as the PPP lender. The loan
application, which provides some details on the basis of the loan, was made in the name of the
Hotel Manager, but expressly indicates that entity's "DBA or Tradename" is "The Williamsburg
Hotel" (i.e., the property owned by the Debtor). The application offers a payroll computation based
on a "Number of Employees" of 130, which roughly parallels the number of employees in payroll
documentation separately produced by the Debtor.  Although the loan application required the
provision of detailed payroll information to support the amount of the loan, the Debtor did not
produce the information submitted in support of the loan.  When questioned by the Court, it stated
that it did not have the information.

11.     The application also contains a certification that the loan would be used "to retain
workers and maintain payroll or make mortgage interest payments, lease payments, and utility
payments," each of which is also identified on the first page of the application as the "Purpose of
the loan." Although required to name affiliates under common ownership with the applicant, the
application does not identify the Debtor as an affiliate – or mention it at all.  The use of "he
Williamsburg Hotel" tradename, together with the failure to identify the Debtor as an affiliate and
the identification of a number of employees much like the Debtor's direct employees at least
suggest that the application was made on behalf of or in the stead of the Debtor.

### B.     The EIDL Loan

12.     The SBA's EIDL program provides loans to small businesses and nonprofits in a
federally declared disaster area and who cannot obtain credit elsewhere. *Economic Injury Disaster*

*Loans*, U.S. Small Bus. Admin., https://www.sba.gov/funding-programs/disaster-assistance/economic-injury-disaster-loans (last visited July 21, 2021). The CARES Act created a nationwide COVID-19 EIDL program to help small businesses and nonprofits "meet financial obligations and operating expenses that could have been met had the disaster not occurred." *COVID-19 EIDL*, U.S. Small Bus. Admin., https://www.sba.gov/funding-programs/loans/covid-19-relief-options/eidl/covid-19-eidl#section-header-0 (last visited July 21, 2021). Proceeds may be used to pay for "working capital needs and normal operating expenses, such as continuation of health care benefits, rent, utilities, and fixed debt payments." *Frequently Asked Questions: COVID-19 Economic Injury Disaster Loan (EIDL)*, U.S. SMALL BUS. ADMIN. (Apr. 27, 2021) at 3, https://www.sba.gov/sites/default/files/2021-05/COVID-19%20EIDL%20FAQs_FINAL-508.pdf. Although borrowers may seek and receive both loans from the PPP and COVID-19 EIDL programs, they may not use those funds for the same purpose. *Id.* A COVID-19 EIDL loan is an unforgiveable loan with a 30-year maturity and a fixed APR of 3.75% for small businesses and 2.75% for nonprofits. *Id.* Such a loan may cover 24 months of economic injury up to $500,000. *Id.* at 10. But if the loan exceeds $25,000, it must be secured. *Id.* at 3. And if the loan exceeds $200,000, it must be personally guaranteed. *Id.*

13.    With respect to the EIDL Loan, the Debtor produced a 1-1/2 page website printout of an in-progress loan application and an unexecuted loan agreement. The loan application reflects that the loan was "secured with all business assets and [p]ersonal guarantees" but contains no information about what assets or personal guarantees secured the loan. The loan agreement provides that the Hotel Manager granted the SBA a lien on certain tangible property that the Hotel Manager "now owns or shall acquire," including the Hotel Manager's accounts and deposit accounts. This appears to include the Hotel Manager's operating account, which was used to

6

collect the revenue of the Hotel and continues to be used for that purpose today.  It is unclear what other purposes this account may have been used for.

14.    The Hotel Manager's authority to enter these loans is not clear.  The Order appointing the Receiver "enjoined and restrained" the Debtor, its principals (Ms. Moskovits and Mr. Lichtenstein) and "those acting through them" from "entering into any management, brokerage or leasing agreement, franchise agreement or any other contract or agreement (other than to pay off the mortgage loan that is the subject of this action), whether written or oral, that is not terminable on thirty days' notice, absent consent of [Benefit Street]." *See* Order Appointing a Receiver in a Non-Residential Mortgage Foreclosure Action, Sagonas Decl. Ex. A at 5 [ECF No. 29-4] ("**Receiver Order**").    Nevertheless, the application for the PPP Loan – which is not terminable on 30 days' notice – is signed by Ms. Moskovits.  Moreover, under Benefit Street's loan agreement, the Debtor was obligated to get Benefit Street's consent before obtaining any such government loan, but did not do so. *See* Loan Agreement §§ 4.13 & 1.1 (definition of Major Contract) (excerpts attached as Exhibit B).

15.    The documents produced to date raise a number of questions about these transactions, among them are the following:

- Did the Hotel Manager obtain a PPP Loan based upon the employees of the Hotel?

- If so, did the Hotel Manager use the proceeds of the PPP Loan for the purposes specified in the Loan and Loan application?

- If not, what purpose were they used for and where are they now?

- There is some indication on the internet that the PPP Loan has been forgiven. *See, e.g.*, Tracking PPP, The Williamsburgh Hotel BK LLC, ProPublica.org (attached as Exhibit C). If this is accurate, on what basis was the PPP loan forgiven and what information was provided to the lender?

- If the Hotel Manager was using the proceeds of the PPP Loan to fund payroll (one potential basis of forgiveness), why did it not inform the Receiver about the existence of the loan?

7

Additional discovery of both the Hotel Manager and Live Oak Bank is required to properly assess these questions.

16.    Similarly, the materials relating to the EIDL Loan do not reflect the purpose or basis of the loan.  Additional discovery of the Hotel Manager is necessary to determine what that was and how the proceeds of the EIDL Loan were used.

## JURISDICTION

17.    The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

18.    Under Bankruptcy Rule 2004, Benefit Street seeks entry of an order, in substantially the form of the Proposed Order, authorizing it to issue document and deposition subpoenas to the Hotel Manager and document subpoenas to Live Oak Bank, and in each case to any of these entities' current or former directors, officers, employees and advisors.  Attached as Exhibits 1, 2, and 3 to the Proposed Order are the forms of subpoena that Benefit Street proposes to serve. The subpoenas would seek information on the following topics sufficient to allow Benefit Street to investigate the basis and purpose of the PPP and EIDL Loans ("**Rule 2004 Topics**"),[2] including:

- The PPP Loan and the EIDL Loan, including the applications and complete supporting documentation for those loans;

- Any documentation and information provided to the SBA as part of the application for the EIDL Loan;

---

[2] The grant of authority to take discovery on the Rule 2004 Topics shall not waive the right of any entity or person to object to, or move to quash, any such subpoena.

- Any documentation and information provided to the SBA concerning collateral or guarantees to support the EIDL Loan;

- The Hotel Manager's use of proceeds from the PPP Loan and the EIDL Loan.

- Any repayment or forgiveness of the PPP Loan or the EIDL Loan, including all materials submitted in support of any forgiveness application;

- The Hotel Manager's officers, members, and employees;

- The Hotel Manager's payroll, mortgage/lease, and utilities expenses; and

- The nature and extent of any services provided by the Hotel Manager to entities other than the Hotel or the Debtor.

19.     Each of the Rule 2004 Topics directly relates to understanding the nature of the Hotel Manager's PPP and EIDL Loans and whether those loans, and the Hotel Manager's conduct with respect to those loans, implicate the operations, property and financial condition of the Debtor.[3]

20.     Benefit Street seeks this relief *ex parte*, as permitted by the Court's chambers rules. *See* Judge Drain's Chambers Rules, 2004 Orders. *See also, e.g.*, *In re OAS S.A.*, 553 B.R. 83, 105 (Bankr. S.D.N.Y. 2015) (acknowledging that requests for examination are generally filed and granted *ex parte*); *In re Toft,* 453 B.R. 186, 198 (Bankr. S.D.N.Y. 2011) ("[A]n examination under Bankruptcy Rule 2004 may be commenced by an ex parte motion.").

## BASIS FOR RELIEF REQUESTED

21.     Benefit Street seeks authority to conduct an investigation pursuant to Rule 2004 of the Bankruptcy Rules, which provides that "[o]n motion of any party in interest, the court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a).  Pursuant to Rule 2004, a party in interest may seek both documents and oral discovery related to "acts, conduct, or property or to

---

[3] Benefit Street also seeks authority to supplement the Rule 2004 Topics with more topics that may become necessary for it to adequately investigate the nature of the PPP and EIDL Loans.

the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." *Id*. at 2004(b), (c).

22.    "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Almatis B.V.*, No. 10-12308, 2010 WL 4877868, at *4 (Bankr. S.D.N.Y. Nov. 24, 2010); *see also In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008) (inquiry into any matter that may affect administration of estate "comfortably falls within the allowed limits under Rule 2004"); *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (purpose of Rule 2004 is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors"). Rule 2004 is intended to permit discovery "to determine the extent of the estate's assets and recover those assets for the benefit of creditors." *In re Madison Williams & Co., LLC*, No. 11-15896, 2014 WL 56070, at *3 (Bankr. S.D.N.Y. Jan. 7, 2014); *see also Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re: Bernard L. Madoff)*, No. 09-11893 (SMB), 2014 WL 5486279, at *2 (Bankr. S.D.N.Y. Oct. 30, 2014) (purpose of Rule 2004 is to "allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate") (quoting *Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 42 B.R. 362, 364 (S.D.N.Y. 1984)).

23.    Unlike discovery under the Federal Rules of Civil Procedure, discovery under Rule 2004 can be used as a "pre-litigation discovery device." *In re Wilson*, 413 B.R. 330, 336 (Bankr. E.D. La. 2009). "No contested matter or adversary proceeding need be instituted as a prerequisite to conducting an examination under this rule." *In re Almatis*, 2010 WL 4877868, at *3; *see also In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (rule permits "examination of any party without the requirement of a pending adversary proceeding or contested matter").

24.    The scope of a Rule 2004 examination is broader than that of discovery under the
Federal Rules of Civil Procedure. *See In re Recoton Corp.*, 307 B.R. 751, 755 (S.D.N.Y. 2004);
*In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("[T]he
scope of a Rule 2004 examination is very broad.  Rule 2004 discovery is broader than discovery
under the Federal Rules of Civil Procedure . . . .").  Courts have recognized that Rule 2004
examinations may be "broad [and] unfettered." *In re Countrywide Home Loans, Inc.*, 384 B.R. at
400. Indeed, "the scope of examination allowed under Rule 2004 . . . may be in the nature of a
'fishing expedition.'" *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002); *see also, e.g.*, *In
re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996).  "Because the purpose of the Rule 2004
investigation is to aid in the discovery of assets, any third party who can be shown to have a
relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere
Clubs, Inc.*, 156 B.R. 414, 432 (Bankr. S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

25.    Here, the requested relief is within the scope of Rule 2004 because it would
authorize Benefit Street "to determine the extent of the estate's assets and recover those assets for
the benefit of creditors." *In re Madison Williams & Co., LLC*, No. 11-15896, 2014 WL 56070,
at *3 (Bankr. S.D.N.Y. Jan. 7, 2014).  In particular, it would allow Benefit Street to discover
information relevant to understanding: (a) the nature and basis of the PPP and EIDL Loans,
including whether they were granted based on the operations and employees of the Debtor; (b) how
the proceeds of the PPP Loan and the EIDL Loan were used and whether that was consistent with
the terms of the EIDL and PPP Loan documents and whether any such proceeds remain;
(c) whether the PPP Loan has been forgiven and the basis for any such forgiveness; and
(d) whether the Debtor suffered an injury related to the PPP and EIDL Loans.

## NO PRIOR REQUEST

26.     No prior request for the relief sought in this Motion has been made by Benefit Street or any other party in these proceedings.

## NOTICE

27.     Benefit Street submits this Motion and seeks entry of the Proposed Order on an *ex parte* basis. Once entered, Benefit Street will serve a copy of the Court's order under Rule 2004 on counsel of record for the Debtor and the Receiver, the U.S. Trustee, and all parties requesting notice pursuant to Bankruptcy Rule 2002. Benefit Street submits that such notice is sufficient and no further or other notice need be provided.

## RESERVATION OF RIGHTS

28.     Benefit Street reserves all rights, claims, defenses and remedies, including, without limitation, the right to amend, modify, or supplement this Motion, to seek more discovery, add parties, or to raise additional grounds for granting this Motion.

## **CONCLUSION**

29.     For these reasons, Benefit Street requests that the Court enter an order, in

substantially the form attached hereto, granting the relief sought herein and such other relief as the

Court deems just and proper.

Dated: July 28, 2021
New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ P. Bradley O'Neill
Adam C. Rogoff
P. Bradley O'Neill
Reyhan A. Watson
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile:  (212) 715-8000
Email: arogoff@kramerlevin.com
       boneill@kramerlevin.com
       rwatson@kramerlevin.com

*Attorneys for Benefit Street Partners Realty
Operating Partnership, L.P.*

## **Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                            :

*In re:*                                  :

                                             :    Chapter 11

96 WYTHE ACQUISITION LLC,          :

                                             :    Case No. 21-22108 (RDD)

                         Debtor.        :

                                             :

------------------------------------------------------------ X

### ORDER PURSUANT TO BANKRUPTCY RULES 2004 AND 9016 AUTHORIZING DISCOVERY OF THE HOTEL MANAGER AND LIVE OAK BANK

Upon the motion, dated July 28, 2021 ("**Motion**"), of Benefit Street Partners Realty Operating Partnership, L.P.[1] ("**Benefit Street**"), for an order pursuant to the Federal Rules of Bankruptcy Procedure 2004 and 9016 authorizing an examination; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(a); and the venue of these chapter 11 cases and the Motion being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and no additional notice being required except as provided herein; and, after due deliberation and good and sufficient cause appearing therefor; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1.     Benefit Street is authorized pursuant to Fed. R. Bankr. P. 2004 to conduct examinations of the Hotel Manager and Live Oak Bank ("**Rule 2004 Parties**"), relating to Benefit Street's investigation of the PPP and EIDL Loans, including the Rule 2004 Topics[2];

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries, operates as Franklin Templeton.

[2] Capitalized terms stated herein shall have the definitions set forth in the Motion, unless otherwise indicated.

1

2.      Benefit Street is authorized, pursuant to Fed. R. Bankr. P. 2004 and 9016, to serve (a) document and deposition subpoenas to the Hotel Manager and (b) document subpoenas to Live Oak Bank (each, a "**Rule 2004 Examination Request**"), in the forms annexed hereto as Exhibits 1, 2, and 3;

3.      Not later than fourteen (14) days after the service of a Rule 2004 Examination Request for documents, the corresponding Rule 2004 Parties shall produce the documents (including electronically stored information) in their possession, custody or control referenced in such Rule 2004 Examination Request, to be delivered to the offices of Benefit Street's counsel, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036;

4.      Not later than fourteen (14) days after the service of a Rule 2004 Examination Request for oral examination under oath, the Hotel Manager shall designate and produce a company representative for oral examination under oath by counsel for Benefit Street on such date and time, and means, and at such location (including over remote means such as Zoom) as may be designated in writing by counsel to Benefit Street;

5.      Benefit Street's rights are reserved to request additional examinations or documents under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the discovery obtained under this Order;

6.      The production and examination required are subject to any applicable privilege; provided, that if production of a document required to be produced is withheld under an asserted privilege, the party asserting privilege with respect to such document shall provide a proper privilege log to the Benefit Street's counsel at the time of document production hereunder; and

7.      This Court retains jurisdiction over all matters arising from or related to implementing this Order.

Dated: White Plains, New York
          _____ ____, 2021

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

Document Subpoena to Hotel Manager

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of  New York _____

In re  96 Wythe Acquisition LLC _____
_____
                              Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  21-22108 (RDD) _____

Chapter  11 _____

_____
                              Plaintiff

v.

Adv. Proc. No. _____

_____
                              Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  The Williamsburg Hotel BK LLC _____

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attached Schedule A and accompanying court order authorizing this Subpoena.**

| PLACE | DATE AND TIME |
|---|---|
| Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 | August __, 2021 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  July __, 2021 _____

CLERK OF COURT

OR

_____          /s/ P. Bradley O'Neill
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Benefit Street Partners Realty Operating Partnership, L.P. , who issues or requests this subpoena, are:
P. Bradley O'Neill, 1177 Avenue of the Americas, New York, NY 10036, boneill@kramerlevin.com, 212.715.7583

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

Benefit Street Partners Realty Operating Partnership, L.P.[1], by and through its undersigned counsel, hereby submits this Schedule A to the subpoena directed to The Williamsburg Hotel BK LLC, dated July [●], 2021 ("Subpoena"):

## DEFINITIONS

The uniform definitions referenced in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), as incorporated by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules"), apply to this Subpoena. The following additional definitions apply and shall be construed in the broadest sense permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the Local Bankruptcy Rules.

1.      **"Debtor"** means 96 Wythe Acquisition LLC, including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

2.      **"Debtor Account"** means any bank account held by or for the benefit of the Debtor. For the avoidance of doubt: (a) a bank account held by the Debtor for the benefit of the Hotel Manager is both a Debtor Account and a Hotel Manager Account; and (b) a bank account in which Hotel revenues were collected or out of which Hotel expenses were paid is a Debtor Account.

3.      **"EIDL"** refers to the SBA's Economic Injury Disaster Loan program.

4.      **"EIDL Loan"** refers to the loan of approximately $150,000 received by the Hotel Manager in July 2020 under the EIDL.

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries operates as Franklin Templeton.

5.      **"Hotel"** means The Williamsburg Hotel, located at 96 Wythe Avenue, Brooklyn, New York 11249.

6.      **"Hotel Manager"** means The Williamsburg Hotel BK LLC, including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

7.      "**Hotel Manager Account**" means any bank account held by or for the benefit of the Hotel Manager. For the avoidance of doubt: (a) a bank account held by the Hotel Manager for the benefit of the Debtor is both a Hotel Manager Account and a Debtor Account; and (b) a bank account in which Hotel revenues were collected or out of which Hotel expenses were paid, by or on behalf of the Hotel Manager, is a Hotel Manager Account.

8.      "**Live Oak Bank**" means Live Oak Banking Company, including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

9.      **"PPP"** refers to the SBA's Paycheck Protection Program.

10.     **"PPP Loan"** refers to the loan of approximately $1,438,000 received by the Hotel Manager in April 2020 under the PPP.

11.     **"SBA"** means the United States Small Business Administration, including its predecessors or successors, assignees, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

- 2 -

A.      "**Treasury**" means the United States Department of the Treasury, including its predecessors or successors, assignees, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

12.      **"You"** or **"Your"** means the Hotel Manager.

## INSTRUCTIONS

1.      You are requested to produce all responsive Documents in Your possession, custody, or control, wherever located, including without limitation, those in the custody of You and Your affiliates.

2.      If any part of the following requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have relating to the portion to which You do not respond.

3.      If there are no Documents responsive to any particular request, please state so in writing.

4.      Where any copy of any Document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

5.      If any Document requested was previously in Your possession, custody, or control and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a written statement (i) describing in detail the nature of the Document and its contents, (ii) identifying the person(s) who prepared or authored the Document and, if applicable, the person(s) to whom the Document was sent, (iii) specifying the date on which the Document

was prepared or transmitted, and (iv) specifying the date on which the Document was lost or destroyed, and if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

6.      All Documents shall be produced in TIFF format with OCR images. All Documents shall be produced with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, and bcc-blind copies. Benefit Street reserves the right to request that Documents be produced in their native format.

7.      A request for any Document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Document, in addition to the Document in its full and unexpurgated form.

8.      Documents should be produced in the manner they are kept in the ordinary course of business. Documents attached to each other should not be separated.

9.      If any Document is withheld or not produced under a claim of privilege, immunity, or otherwise, identify in writing the basis upon which the asserted privilege, immunity, or other reason for non-disclosure is claimed, in accordance with terms and conditions to be agreed upon by the parties or ordered by the Bankruptcy Court.

10.     If only a part of a Document is protected by any privilege or immunity, the Document shall be produced with only the privileged matter redacted.

11.     The following document requests are to be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following document requests, such additional information is to be promptly produced.

12.     Unless otherwise indicated, the relevant time period for each request is January 2020 through the date of production.

- 4 -

## **DOCUMENTS TO BE PRODUCED**

1.      All Documents concerning the PPP Loan or the EIDL Loan.

2.      All Documents concerning the Hotel Manager's applications for or receipt of the PPP Loan and the EIDL Loan, including all documents submitted to Live Oak Bank or the SBA in connection with such applications.

3.      All Documents concerning the repayment or forgiveness of the PPP Loan or the EIDL Loan, including all documents submitted to Live Oak Bank or the SBA in connection with such repayment or forgiveness.

4.      Documents sufficient to show the use of proceeds from the PPP Loan and the EIDL Loan.

5.      Documents sufficient to show the Hotel Manager's officers, members, equity holders, and employees, including their positions, responsibilities and compensation.

6.      Documents sufficient to show the Hotel Manager's operating expenses, including payroll, mortgage/lease, and utilities expenses.

7.      Documents sufficient to show the nature and extent of the services the Hotel Manager provided to parties other than the Hotel and the Debtor.

8.      Documents sufficient to identify all Hotel Manager Accounts.

9.      All statements for each account into which the proceeds of the PPP Loan or the EIDL Loan were transferred or deposited.

## **Exhibit 2**

Deposition Subpoena to Hotel Manager

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Southern__ District of __New York__

In re  96 Wythe Acquisition, LLC

Debtor

Case No.   21-22108 (RDD)

Chapter  11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  **The Williamsburg Hotel BK LLC**

*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Zoom video conference hosted by Veritext<br>601 Lexington Ave., Floor 55, New York, NY 10022 | August __, 2021 at _:__ A.M./P.M (EDT) |

See attached Schedule A.

The examination will be recorded by this method:  Video, audio, and stenographic means by court reporter over Zoom video conference.

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  July __, 2021

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ P. Bradley O'Neill
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Benefit Street Realty Operating Partnership, L. P.  , who issues or requests this subpoena, are:

P. Bradley O'Neill, 1177 Avenue of the Americas, New York, NY 10036, boneill@kramerlevin.com, 212.715.7583

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____


                                            _____
                                                    *Server's signature*

                                            _____
                                                    *Printed name and title*

                                            _____
                                                    *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

Benefit Street Partners Realty Operating Partnership, L.P.[1], by and through its undersigned counsel, hereby submits this Schedule A to the subpoena directed to The Williamsburg Hotel BK LLC, dated July [●], 2021 ("Subpoena"):

### DEFINITIONS

The uniform definitions referenced in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), as incorporated by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules"), apply to this Subpoena. The following additional definitions apply and shall be construed in the broadest sense permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the Local Bankruptcy Rules.

1.       "**Debtor**" means 96 Wythe Acquisition LLC, including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, and attorneys.

2.       "**Debtor Account**" means any bank account held by or for the benefit of the Debtor. For the avoidance of doubt: (a) a bank account held by the Debtor for the benefit of the Hotel Manager is both a Debtor Account and a Hotel Manager Account; and (b) a bank account in which Hotel revenues were collected or out of which Hotel expenses were paid is a Debtor Account.

3.       "**Government Assistance**" means any money, loans, investment capital, disaster assistance, surety bonds, grants, COVID-19 relief, or other assistance provided by the SBA or Treasury, including but not limited to PPP loans or EIDL loans.

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries, operates as Franklin Templeton.

1

4.      "**EIDL**" refers to the SBA's Economic Injury Disaster Loan program.

5.      "**Hotel**" means The Williamsburg Hotel, 96 Wythe Avenue, Brooklyn, New York 11249.

6.      "**Hotel Manager**" means The Williamsburg Hotel BK LLC.

7.      "**Hotel Manager Account**" means any bank account held by or for the benefit of the Hotel Manager. For the avoidance of doubt: (a) a bank account held by the Hotel Manager for the benefit of the Debtor is both a Hotel Manager Account and a Debtor Account; and (b) a bank account in which Hotel revenues were collected or out of which Hotel expenses were paid, by or on behalf of the Hotel Manager, is a Hotel Manager Account.

8.      "**PPP**" refers to the SBA's Paycheck Protection Program.

9.      "**Receiver**" means Constantino Sagonas, who was appointed as temporary receiver of the Debtor by the Receiver Order (as defined below).

10.     "**Receiver Account**" means any bank account held by or for the benefit of the Receiver in connection with the Receivership.

11.     "**Receiver Order**" means the order appointing the Receiver, entered by the Supreme Court of the State of New York, County of New York, dated February 21, 2020, in the mortgage foreclosure action captioned *Benefit Street Partners Operating Partnership, L.P. v. 96 Wythe Acquisition LLC, et al.* (Index No. 653396/2019), a copy of which was filed in the above-captioned bankruptcy as ECF No. 29-4.

12.     "**Receivership**" means any of the Receiver's actions, duties, or obligations relating to or arising from in any way his appointment under the Receiver Order.

13.    **"SBA"** means the United States Small Business Administration, including its predecessors or successors, assignees, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

14.    **"Treasury"** means the United States Department of the Treasury, including its predecessors or successors, assignees, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

## INSTRUCTIONS

1.    Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Hotel Manager shall designate one or more knowledgeable persons to appear and testify on the Hotel Manager's behalf concerning the Matters for Examination.

2.    The individual(s) so designated shall testify as to matters known or reasonably available to the Hotel Manager.

3.    The Hotel Manager shall set forth at a reasonable time prior to the deposition(s), for each individual it designates, the Matters for Examination on which the individual will testify.

4.    The Hotel Manager has a duty to confer with the counsel for the party serving this Subpoena.

5.    The following rules of construction shall apply to this Subpoena:

(a)    The terms "any" and "all" mean "any and all" or "each and every" where the effect of such construction is to broaden the scope of the Matters for Examination.

(b)    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Matters for

3

Examination all matters that might otherwise be construed to be outside the scope.

(c)    The term "including" means including, but not limited to, and is intended to provide examples of information that is subject to examination under the Matters for Examination. Such examples are not intended to be exhaustive of the information sought and shall not, in any way, be read to limit the scope of the Matters of Examination.

(d)    The singular includes the plural and vice versa.

(e)    The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense as necessary to bring within the scope of these Matters for Examination any information that might otherwise be construed to be outside the scope.

## **MATTERS FOR EXAMINATION**

1.    The Hotel Manager's officers, members, and employees, including positions, responsibilities and salaries/compensation.

2.    The Hotel Manager's payroll, mortgage/lease, and utilities expenses.

3.    The Hotel Manager's operations, including the nature and extent of the Hotel Manager's engagement with or services provided to (a) the Hotel, (b) the Debtor, or (c) other hotels or entities, including the names of all such other hotels or entities.

4.    The Hotel Manager's interactions and relationship with the Debtor or the Receiver, including any communications, interactions, or transfers of money between the Hotel Manager and the Debtor or the Receiver.

4

5.      The nature, reason, basis, complete supporting documentation for, and purpose of the Hotel Manager's application for or receipt of Government Assistance, including with respect to any PPP or EIDL loans.

6.      The Hotel Manager's use of proceeds from any Government Assistance loan, including from any PPP or EIDL loan.

7.      Communications between the Hotel Manager and the Debtor or the Receiver about Government Assistance, and the nature of said communications.

8.      The Hotel Manager's repayment or complete application for forgiveness of any Government Assistance.

9.      The treatment, transfer, and use of the $1,438,000 deposit on April 21, 2020 from Live Oak Bank into the Hotel Manager's Bank of America account ending in 2855, including the backup for and approval of the April 23, 2020 transfer of $1,438,000 out of the 2855 account.

10.     The treatment, transfer, and use of the $149,900 deposit on July 29, 2020 into the Hotel Manager's Bank of America account ending in 4831, including the backup for and approval of the July 29, 2020 transfer of $149,000 out of the 4831 account.

## **Exhibit 3**

Document Subpoena to Live Oak Bank

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of   New York _____

In re  96 Wythe Acquisition LLC _____
                        **Debtor**

*(Complete if issued in an adversary proceeding)*

_____
                        **Plaintiff**
                          v.
_____
                        **Defendant**

Case No.  21-22108 (RDD) _____

Chapter  11 _____

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Live Oak Banking Company _____

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attached Schedule A and accompanying court order authorizing this Subpoena.**

| PLACE Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 | DATE AND TIME August __, 2021 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  July __, 2021 _____

                CLERK OF COURT

                                OR

_____          /s/ P. Bradley O'Neill
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Benefit Street Partners Realty Operating Partnership, L.P. _____, who issues or requests this subpoena, are:

P. Bradley O'Neill, 1177 Avenue of the Americas, New York, NY 10036, boneill@kramerlevin.com, 212.715.7583

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                        _____
                                                                 *Server's signature*

                                                        _____
                                                                 *Printed name and title*

                                                        _____
                                                                 *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

Benefit Street Partners Realty Operating Partnership, L.P.[1], by and through its undersigned counsel, hereby submits this Schedule A to the subpoena directed to Live Oak Banking Company, dated July [●], 2021 ("Subpoena"):

## DEFINITIONS

The uniform definitions referenced in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), as incorporated by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules"), apply to this Subpoena. The following additional definitions apply and shall be construed in the broadest sense permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the Local Bankruptcy Rules.

1.      **"Debtor"** means 96 Wythe Acquisition LLC, including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

2.      **"EIDL"** refers to the SBA's Economic Injury Disaster Loan program.

3.      **"Hotel"** means The Williamsburg Hotel, located at 96 Wythe Avenue, Brooklyn, New York 11249.

4.      **"Hotel Manager"** means The Williamsburg Hotel BK LLC (also known as "The Williamsburgh Hotel BK LLC"), including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, and attorneys .

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries operates as Franklin Templeton.

5.      "**Live Oak Bank**" means Live Oak Banking Company, including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

6.      "**PPP**" refers to the SBA's Paycheck protection Program.

7.      "**Receiver**" means Constantino Sagonas, who was appointed as temporary receiver of the Debtor, or other parties purporting to act on its behalf.

8.      "**SBA**" means the United States Small Business Administration, including its predecessors or successors, assignees, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

9.      "**You**" or "**Your**" means Live Oak Bank.

## INSTRUCTIONS

1.      You are requested to produce all responsive Documents in Your possession, custody, or control, wherever located, including without limitation, those in the custody of You and Your affiliates.

2.      If any part of the following requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have relating to the portion to which You do not respond.

3.      If there are no Documents responsive to any particular request, please state so in writing.

4.      Where any copy of any Document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments,

initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

5.      If any Document requested was previously in Your possession, custody, or control and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a written statement (i) describing in detail the nature of the Document and its contents, (ii) identifying the person(s) who prepared or authored the Document and, if applicable, the person(s) to whom the Document was sent, (iii) specifying the date on which the Document was prepared or transmitted, and (iv) specifying the date on which the Document was lost or destroyed, and if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

6.      All Documents shall be produced in TIFF format with OCR images. All Documents shall be produced with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, and bcc-blind copies. Benefit Street reserves the right to request that Documents be produced in their native format.

7.      A request for any Document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Document, in addition to the Document in its full and unexpurgated form.

8.      Documents should be produced in the manner they are kept in the ordinary course of business. Documents attached to each other should not be separated.

9.      If any Document is withheld or not produced under a claim of privilege, immunity, or otherwise, identify in writing the basis upon which the asserted privilege, immunity, or other reason for non-disclosure is claimed, in accordance with terms and conditions to be agreed upon by the parties or ordered by the Bankruptcy Court.

10.     If only a part of a Document is protected by any privilege or immunity, the Document shall be produced with only the privileged matter redacted.

11.     The following document requests are to be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following document requests, such additional information is to be promptly produced.

12.     Unless otherwise indicated, the relevant time period for each request is April 2019 through the date of production.

## **DOCUMENTS TO BE PRODUCED**

1.     All Documents and Communications to or from either the Debtor, the Hotel Manager, or the Receiver concerning any PPP or EIDL loan applied for or made to the Hotel Manager.

2.     All Documents submitted by the Hotel Manager concerning any PPP or EIDL loan application.

3.     All Documents submitted by the Hotel Manager concerning any PPP or EIDL loan repayment or forgiveness.

## **Exhibit B**

Loan Agreement §§ 4.13 & 1.1

**Section 4.13   Contracts**.   Borrower may enter into any Contract without Lender's consent so long as such Contract (a) contains terms that are commercially reasonable and comparable to existing local market terms for similar contractual agreements with respect to commercial properties similar to the Property as would be available from unaffiliated third parties and (b) does not contain any terms which would have a Material Adverse Effect. Notwithstanding anything to the contrary contained herein, Borrower shall be required to obtain Lender's prior written approval of any and all Major Contracts affecting the Property (including any renewals or extensions thereof, or any amendments or modifications thereto), which approval shall not be unreasonably withheld, conditioned or delayed.   Borrower shall (i) diligently perform and observe all of the terms, covenants and conditions to be performed and observed by it under each Contract to which it is a party, and do all things necessary to preserve and keep unimpaired its rights thereunder, (ii) promptly notify Lender of any notice of default given by any party under any Major Contract and deliver to Lender a true copy of each such notice, and (iii) enforce the performance and observance of all of the material terms, covenants and conditions required to be performed and/or observed by the other party to each Contract and to which Borrower is a party in a commercially reasonable manner.

**Section 4.14   Cooperation in Proceedings**.   Borrower shall cooperate fully with Lender with respect to any proceedings before any court, board or other Governmental Authority which may in any way affect the rights of Lender hereunder or any rights obtained by Lender under any of the Note, the Security Instrument or the other Loan Documents and, in connection therewith, permit Lender, at its election, to participate in any such proceedings.

**Section 4.15   Estoppel Certificates**.

(a)      After request by Lender, Borrower, within ten (10) Business Days of such request, shall furnish Lender or any proposed assignee with a statement, duly acknowledged and certified, setting forth (i) the outstanding principal balance of the Note, (ii) the Interest Rate, (iii) the date installments of interest and/or principal were last paid, (iv) any offsets or defenses to the payment and performance of the Obligations, and (v) any other matters reasonably requested by Lender and reasonably related to the Leases, the obligations created and evidenced hereby and by the Security Instrument or the Property.

(b)      Intentionally omitted.

(c)      Borrower shall use commercially reasonable efforts to deliver to Lender, within twenty (20) Business Days of request, estoppel certificates from each party under any Property Document in form and substance reasonably acceptable to Lender.

(d)      In connection with any Secondary Market Transaction, within ten (10) Business days of Lender's request and at Borrower's expense, subject to Section 9.1(j) hereof, Borrower shall provide an estoppel certificate to any Investor or any prospective Investor in such form, substance and detail as Lender, such Investor or prospective Investor may require.

**Section 4.16   Leases and Rents**.

(a)      All Leases and all renewals of Leases executed after the date hereof shall (i) provide for rental rates comparable to existing local market rates for similar properties, (ii) be on

unforeseeable consequential damages, litigation costs and attorneys' fees, in the case of each of the foregoing, of whatever kind or nature and whether or not incurred in connection with any judicial or administrative proceedings, actions, claims, suits, judgments or awards.

"**Major Contract**" shall mean (i) any management (other than the Management Agreement), brokerage or leasing agreement or (ii) any cleaning, maintenance, service or other contract or agreement of any kind (other than Leases) of a material nature (materiality for these purposes to include contracts in excess of $150,000.00 or which extend beyond one year (unless cancelable by Borrower on thirty (30) days or less notice without penalty)), in either case relating to the ownership, leasing, management, use, operation, maintenance, repair or restoration of the Property, whether written or oral.

"**Major Lease**" shall mean any Lease and any instrument guaranteeing or providing credit support for any Lease.

"**Management Agreement**" shall mean the "Management Agreement" as defined in the Assignment of Management Agreement and any other management agreement entered into by and between Borrower and Manager in accordance with the terms of this Agreement, pursuant to which Manager is to provide management and other services with respect to the Property, as the same may be amended, restated, replaced, extended, renewed, supplemented or otherwise modified from time to time.

"**Manager**" shall mean Williamsburg Hotel BK LLC, a New York limited liability company, or such other entity selected as the manager of the Property in accordance with the terms of this Agreement or the other Loan Documents.

"**Material Action**" shall mean, with respect to any Person, to institute proceedings to have such Person be adjudicated bankrupt or insolvent, or consent to the institution of bankruptcy or insolvency proceedings against such Person or file a petition seeking, or consent to, reorganization or relief with respect to such Person under any applicable federal, state, local or foreign law relating to bankruptcy, or consent to the appointment of a receiver, liquidator, assignee, trustee, sequestrator (or other similar official) of such Person or a substantial part of its property, or take any action to consolidate or merge such Person with or into any other Person, or take any action to dissolve or liquidate such Person, or make any assignment for the benefit of creditors of such Person, or sell all or substantially all of such Person's assets, or admit in writing such Person's inability to pay its debts generally as they become due, or declare or effectuate a moratorium on the payment of any obligation, or take action in furtherance of any such action.

"**Material Adverse Effect**" shall mean any material adverse effect upon (i) the business operations, economic performance, assets, condition (financial or otherwise), equity, contingent liabilities, prospects, material agreements or results of operations of Borrower, any SPE Component Entity, any Guarantor or the Property, (ii) the ability of Borrower or any Guarantor to perform their respective obligations under any of the Loan Documents, (iii) the enforceability or validity of any of the Loan Documents, the perfection or priority of any lien created under any of the Loan Documents or the rights, interests or remedies of Lender under any of the Loan Documents, or (iv) the value, use operation of, or cash flows from, the Property.

15

## **Exhibit C**

Tracking PPP, The Williamsburgh Hotel BK LLC

The Williamsburgh Hotel BK LLC - Tracking PPP - ProPublica

**PROPUBLICA** | TRACKING PPP

Donate

*Tracking PPP*

# Search Every Company Approved for Federal Loans

**Search for PPP loan applications by organization, lender, zip code and business type.**

[                                          ] [ **Search** ]

Home ›

### THE WILLIAMSBURGH HOTEL BK LLC

❓ Why is my loan information here?

Loan Amount
**$1,438,000**

Amount Forgiven
**$1,450,607**
*Includes any accrued interest*

Where applicants said the money will go

| | |
|---|---|
| Payroll | $1,438,000 |
| Utilities | $0 |
| Mortgage Interest | $0 |
| Health Care | $0 |
| Rent | $0 |
| Refinance EIDL | $0 |
| Debt Interest | $0 |

Location
Brooklyn, NY
Urban

Industry
Hotels (except Casino Hotels) and Motels

Date Approved
April 15, 2020 (First Round)

Lender
Live Oak Banking Company

Jobs Reported
130

Business Type
Limited Liability Company(LLC)

Business Age
Existing or more than 2 years old

Loan Status
Forgiven

Companies and nonprofit organizations that receive PPP loans may have the loans forgiven if they meet certain criteria, including not laying off employees during the defined period covered by the loan. Applicants must attest in their application that the loans are necessary for their continuing operation. Note: This data reflects loan applications approved by banks and submitted to the SBA. It may not account for money not distributed to, or credit not used by, a given company.

If you are a representative of this company and believe this record is in error, use this form to let the SBA know.



112

Add to Cart

## Has Your Company Received PPP Money?

We want to know what this means for your workplace. How has your company treated its workers during the crisis? Have you or your colleagues been laid off, furloughed or otherwise affected? Have you seen money used in surprising ways? What do you think we should be reporting on?

Name *

Email *

Phone:

**Our Commitment To Your Privacy**

We appreciate you sharing your story and we take your privacy seriously. We are gathering these stories for the purposes of our reporting, and will contact you if we wish to publish any part of your story.

What is the name of your company?

What is your connection to this company?
○ I work there.
○ I used to work there.
○ I'm a customer.
○ Other

We're reporting on what happens as bailout money makes it to businesses. Select either or both of the following if you can help us report.
○ I have a tip or suggestion.
○ I'm available to answer journalists' questions as they arise.

Has this employer responded to the economic crisis with any of the following:

☐ Layoffs/furloughs
☐ Pay cuts
☐ Organizational restructuring
☐ Actions related to unionization or collective bargaining

What do you know about the bailout money this company received or applied for?
☐ I applied or helped with the application process.
☐ I have heard about how the money is being used.
☐ I don't know much about it.

Through which program did the company receive support?
☐ SBA Paycheck Protection Program
☐ Main Street Lending Program
☐ Primary Market Corporate Credit Facility (PMCCF)
☐ Secondary Market Corporate Credit Facility (SMCCF)
☐ I don't know
☐ Other

As bailout money reaches your company, what are you watching for or worried about?

Are there any documents (emails, memos, etc.) you think we should see? You can attach them here or email to bailout@propublica.org.

**Upload a file**

Some of the bailout programs come with restrictions on executive pay, stock buybacks and dividend payments.

Did your company recently buy back stock or issue a dividend?
○ Yes
○ No
○ I don't know

Has your company changed executive pay?
○ Yes
○ No
○ I don't know

Where are you located?

City

State

Is there anything else we should keep in mind as we report?

Do you want to be notified when ProPublica publishes big investigations? *
◉ Yes
○ No

Saved                                                                    **Submit**

Powered by CityBase.

**About this data**

This data comes from the Small Business Administration, and includes lender-approved loans under the Paycheck
Protection Program as of June 1, 2021. Other loan programs, such as Economic Injury Disaster Loans, are not included in
this database. The data includes the congressional district of each organization, but for Pennsylvania and North Carolina
the districts do not reflect 2018 redistricting.

Journalists: Thank you for using this database. Please cite ProPublica by linking to this page. Questions? Contact us.

ProPublica
ProPublica Illinois
The Data Store
Topics
Series
News Apps
Get Involved
Impact
Corrections

About Us
Board and Advisors
Officers and Staff
Diversity
Jobs and Fellowships
Reports
Media Center
Advertising Policy
Code of Ethics
Privacy Policy

Subscribe by Email
Subscribe by RSS
Twitter
Facebook
iOS and Android

Podcast

Leak to Us

Steal Our Stories

Contact Us

Donate



© Copyright 2017 Pro Publica Inc.