| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | HEARING DATE: September 10, 2021<br>HEARING TIME:  10:00 a.m. |

```
---------------------------------------------------------- x
                                                           :   Chapter 11
In re:                                                     :
                                                           :   Case No. 21-22108 (RDD)
96 WYTHE ACQUISITION LLC,                                  :
                                                           :
                           Debtor.                         :
---------------------------------------------------------- x
```

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon this Notice of Motion, the Declaration of Madeleine Vescovacci, and the accompanying memorandum of law, William K. Harrington, the United States Trustee for Region 2, will move this Court before the Honorable Robert D. Drain, United States Bankruptcy Judge, in the United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601, on September 10, 2021 at 10:00 a.m., or as soon thereafter as counsel can be heard, for an order converting this Chapter 11 case to a Chapter 7 case, or, alternatively, dismissing this Chapter 11 case, and for such other and further relief as this Court may deem just and proper.  The original application and memorandum of law are on file with the Clerk of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Motion shall be filed with the Court and personally served on the United States Trustee, 201 Varick Street, Room 1006, New York, New York 10014, to the attention of Greg Zipes, Esq., no later than seven (7) days prior to the return date set forth above.  Such papers shall conform to the Federal Rules of Civil Procedure and

identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response.

Dated: New York, New York
August 18, 2021

                              WILLIAM K. HARRINGTON
                              UNITED STATES TRUSTEE

By:   /s/ Greg M. Zipes
       Greg M. Zipes
       Trial Attorney
       201 Varick Street, Room 1006
       New York, New York 10014
       Tel. No. (212) 510-0500
       Fax. No. (212) 668-2255

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
In re                                                          :    Chapter 11
                                                               :
96 WYTHE ACQUISITION LLC,                                      :    Case No. 21-22108 (RDD)
                                                               :
                                         Debtor.               :
-------------------------------------------------------------- X

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
IN SUPPORT OF MOTION FOR AN ORDER TO CONVERT
THIS CHAPTER 11 CASE TO A CHAPTER 7 CASE OR,
<u>ALTERNATIVELY, TO DISMISS THIS CHAPTER 11 CASE</u>**

TO: THE HONORABLE ROBERT D. DRAIN,
    UNITED STATES BANKRUPTCY JUDGE:

This memorandum of law is respectfully filed in support of the motion (the "Motion") of William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee") for an order converting, or, alternatively, dismissing the Chapter 11 case of 96 Wythe Acquisition LLC (the "Debtor") pursuant to 11 U.S.C. § 1112(b). In support thereof, the United States Trustee respectfully represents and states as follows:

## I.  INTRODUCTION

Approaching the sixth month anniversary of this Debtor's bankruptcy case, the United States Trustee and the creditors still do not have a clear picture of Debtor's financial affairs. The Debtor owns and operates the Williamsburg Hotel (the "Hotel") located at 96 Wythe Avenue, Brooklyn, New York (the "Property"). The Debtor's business model is apparently to transfer millions of dollars from debtor-in-possession accounts to third party accounts, beyond the scrutiny of the Court. As explained below, the Debtor has failed to provide basic documents explaining its relationship with a third-party management company, which operates and pays Debtor obligations with Debtor funds. After stating at the beginning of the

case that the Debtor has employees, the Debtor now takes the position that the employees are working for the third-party management company. The Debtor's chief restructuring officer has likewise failed to clarify the relationship of his company to the Debtor and these third parties. A chapter 11 must provide forthright answers to United States Trustee questions. Because the Debtor has failed act in a transparent manner, the Court should convert the case to one under Chapter 7 or dismiss the case due to the Debtor's gross mismanagement of the estate.

## II.  FACTUAL BACKGROUND

1. On February 23, 2021, the Debtor filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code"). ECF Doc. No. 1.

2. As described by the Debtor, the Property is a thirteen-story, 160-room hotel with a rooftop pool, a bar and restaurant and a separate, elevated and enclosed bar that sits above the pool referred to as the Water Tower Bar. According to the Local Rule Affidavit, "[t]he Debtor has approximately 80 employees." See Vescovacci Decl. Ex A, ¶ 2.

3. On December 13, 2017, the Debtor borrowed $68 million from Benefit Street Operating Partnership, L.P. under a loan agreement to construct the Hotel. Id. at ¶ 3.

**A. The Initial Debtor Interview**

4. On March 16, 2021, the United States Trustee, by his representative, conducted the Debtor's initial debtor interview ("IDI"). The IDI took place telephonically with Mark Frankel, David Goldwasser, and Yitz Taub, all on the line on behalf of the Debtor. See Vescovacci Decl. ¶ 5.

5. At the IDI, Mr. Goldwasser identified himself as the chief restructuring officer of the Debtor (the "CRO"), and Mr. Taub was his assistant. Id.

2

6. The United States Trustee representative advised Mr. Goldwasser and Mr. Taub that the Debtor can only use a DIP account, which had by then already been opened. Id. The interviewer also later so advised the Debtor by separate email. Id.

**B.    The Non-Authorized Accounts in This Case**

7. The Debtor's June MOR indicates that the Debtor is maintaining non-debtor bank accounts apart from the debtor in-possession account. ECF Doc. No. 72; see Vescovacci Decl. ¶ 6. Notably, the June MOR shows the existence of bank accounts under the name of the Williamsburg Hotel BK LLC. See Vescovacci Decl. ¶ 6. The June MOR shows disbursements of $721,326 from one account (account ending 1596), $137,251 from another account (account ending 1611), and $640,961 from a third account (account ending 1603) (collectively, the "Non-Authorized Bank Accounts"). Id.

**C.    The Undisclosed Management Agreements**

8. The Local Rule Affidavit does not reveal the existence of the management agreements and connections to third parties. See Vescovacci Ex. A.

9. At the IDI, the interviewer requested Mr. Goldwasser to provide a copy of any written agreement with the Debtor as CRO. See Vescovacci Decl. ¶ 9.

10. On or about May 13, 2021, about two months later, Mr. Goldwasser provided the interviewer with a "Bankruptcy Management Agreement" entered by the Debtor and G.C. Realty Advisors L.L.C. ("G.C." and the "G.C. Management Agreement"). Id., Ex. C. The G.C. Management Agreement was dated April 5, 2021. Id. at ¶ 10.

11. The G.C. Management Agreement seems to demonstrate that in fact Mr. Goldwasser's firm is operating as the CRO in the case, and not Mr. Goldwasser individually. Id. The G.C. Management Agreement also provides for fees to Mr. Goldwasser's firm that have not

3

been disclosed to the Court.  Id.  These fees include a monthly billing for work, in the amount of $15,000, and a success fee if the Debtor enters into a joint venture or obtains financing.  Id.; Ex. C ¶ 2, 3.

12.    This was not the only management agreement in connection with this case.  On August 5, 2021, the Debtor produced a management agreement between the Debtor and the Williamsburg Hotel BK LLC (the "Manager") dated November 21, 2017 (the "WH Management Agreement").  Id. at ¶ 11.  A copy of the WH Management Agreement is attached as Exhibit D and provides that "All Personnel shall be employees of Manager or an Affiliate of Manager; provided, however, that Owner shall be obligated to reimburse Manager for all Personnel Costs for such Personnel in accordance with the terms of this Agreement."  Id.; WH Management Agreement, Section 4.02.

**D.    The Debtor's Motion Authorizing Intercompany Transactions**

13.    The Debtor filed the Motion Authorizing Intercompany Transactions (ECF Doc. No. 83) on August 11, 2021, more than five months after the Petition Date.  In the motion, the Debtor disclosed that the "[t]he Hotel is managed by Williamsburg Hotel BK LLC (the "Management Company"), a non-debtor affiliate . . . . The Management Company has approximately 80 employees servicing the Hotel."  See Vescovacci Decl. Ex. E, ¶ 2.

### III.  LEGAL ARGUMENT

Section 1112(b) provides that the court may dismiss a case under chapter 11 for "cause," which is defined to include "gross mismanagement of the estate," among other things. See 11 U.S.C. § 1112(b)(1), (4)(B).  In In re ARS Analytical, LLC the creditor established cause to convert based in part on gross mismanagement of the estate. In that case, the debtor's chief operating officer did not have a good grasp of the day-to-day activities or operation of the

company; he was only at the office one day per month and delegated his duties without following up. Debtor could not determine its own financial condition. The court noted that "[e]ach individual [example] may not be significant, but, when taken together, they amount to a gross mismanagement." In re ARS Analytical, LLC, 433 B.R. 848, 864 (Bankr. D.N.M. 2010).

In Kingsway Capital Partners, LLC, the bankruptcy court dismissed the debtor's Chapter 11 case sua sponte for gross mismanagement where debtor's principal used debtor funds to pay personal expenses and several months into the case the nature of debtor's business and source of debtor's income "remained elusive." Kingsway Cap. Partners, LLC v. Sosa, 549 B.R. 897, 904 (N.D. Cal. 2016).

Here, the Debtor has failed to explain basic facts and actively misled the United States Trustee and this Court with Court filings. For example, in the Local Rule Affidavit, the Debtor stated that it has 80 employees. See Vescovacci Decl. Ex. A, ¶ 2. But in the Motion Authorizing Intercompany Transactions, filed in August 2021 the Debtor stated that the employees were in fact employees of another company. See Vescovacci Decl. Ex. E, ¶ 2.

In the Local Rule Affidavit, Mr. Goldwasser stated that he was CRO, see Vescovacci Decl. Ex. A, ¶ 1 ("On or about February 22, 2021, I was appointed Chief Restructuring Officer . . ."). But in an agreement signed in April, two months after this bankruptcy filing, his company G.C. is listed as the contracting party with the Debtor's principals. See Vescovacci Decl. Ex. C. Furthermore, G.C. is being paid $15,000 a month post-petition and will receive certain success fees. Id. ¶¶ 2, 3 (page 3 of 6).

Perhaps most egregious is the existence of the Non-Authorized Bank Accounts. Collectively, over a million dollars was transferred from an authorized DIP account into these Non-Authorized Accounts in June 2021 alone. See Vescovacci Decl. Ex. B. The United States

Trustee is unable to monitor all the transactions in these unauthorized accounts, especially when the Debtor deletes certain information in its monthly operating reports, including the full bank account numbers. The Debtor's CRO, while purportedly involved with the bankruptcy case, has left day-to-day management with a third-party non-debtor Manager that controls the Debtor's affairs, including its finances, through the WH Management Agreement. The Debtor sought protection from its creditors and accepted the benefits of bankruptcy protection. The creditors are entitled to the protections afforded by the process as well, with the centralized forum that bankruptcy provides to collect and disburse available assets.

     WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting this case to a Chapter 7 case, or, alternatively, dismissing this Chapter 11 case, and granting such other further relief as may be deemed just and proper.

Dated: New York, New York  
       August 18, 2021

                                    WILLIAM K. HARRINGTON  
                                    UNITED STATES TRUSTEE

                    By:    /s/ Greg M. Zipes  
                            Greg M. Zipes  
                            Trial Attorney  
                            201 Varick Street, Room 1006  
                            New York, New York 10014  
                            Tel. No. (212) 510-0500  
                            Fax. No. (212) 668-2255