WILLIAM K. HARRINGTON
United States Trustee for Region 2
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500
By:   Greg M. Zipes, Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re

96 WYTHE ACQUISITION LLC,

                Debtor.

--------------------------------------------------------x

Case No. 21-22108 (RDD)

(Chapter 11)

### DECLARATION OF MADELEINE VESCOVACCI IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS THE CASE

TO:   THE HONORABLE ROBERT D. DRAIN,
        UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, Madeleine Vescovacci declares as follows:

1.    I am an auditor in the Office of the United States Trustee for Region 2 (the "United States Trustee").  I am assigned to this matter by my office and as such, I have knowledge and information about this Chapter 11 bankruptcy case.  I submit this Declaration in support of the motion of the United States Trustee for an order converting the case of 96 Wythe Acquisition LLC (the "Debtor") or dismissing the case.

2.    One of my roles in the office is to review financial aspects of Chapter 11 cases.  Among other things, I conduct an initial debtor interview ("IDI"), at which time I make sure that the debtor is aware of and is complying with its administrative obligations in the case.  I review such matters as financial records of the debtor, insurance, and insider transactions.

3.   One requirement in every chapter 11 case is that a debtor must open debtor-in-possession accounts ("DIP Accounts") unless the Court grants a waiver. For my purposes, such a requirement is very important, because my office can monitor all transactions in an authorized account and can assure that the account is collateralized to protect the estate from loss.

4.   I have reviewed the Local Rule Affidavit, a copy of which is attached as Exhibit A.

**The Non-Authorized Accounts in This Case**

5.   The Debtor filed for chapter 11 bankruptcy relief on February 23, 2021. My records reflect that the IDI in this case took place on March 16, 2021, which I conducted by telephone. Mark Frankel, David Goldwasser, and Yitz Taub were on the line on behalf of the Debtor. As explained to me, Mr. Goldwasser was the chief restructuring officer of the Debtor (the "CRO"), and Mr. Taub was his assistant. At that time, I advised Mr. Goldwasser and Mr. Taub that the Debtor can only use a DIP account, which had already been opened. I also later so advised the Debtor.

6.   This case has been of concern to me since I reviewed monthly operating reports showing the existence of non-authorized bank accounts used by the Debtor. The amounts in these accounts are not trivial. Attached as Exhibit B is the June 2021 monthly report (the "June MOR") which shows the existence of bank accounts under the name of the Williamsburg Hotel BK LLC. The June MOR shows the disbursements of $721,326 from one account (account ending 1596), $137,251 from another account (account ending 1611), and $640,961 from a third account (account ending 1603) (collectively, the "Non-Authorized Bank Accounts").

7.   I understand that the attorney assigned to this case by my office has raised the issue many times with Debtor's counsel, and also informed the Court. The Court held at least one status

conference on this matter on June 28, 2021.  See Letter requesting status conference filed by Greg M. Zipes on behalf of United States Trustee on June 25, 2021 (Dkt. No. 60).

**The Undisclosed Management Agreements**

8.     I have reviewed the Local Rule Affidavit, a copy of which is attached as Exhibit B. The Local Rule Affidavit does not reveal the existence of the management agreements and connections to third parties, but it is clear they exist as explained below.

9.     At the IDI, I requested an explanation of Mr. Goldwasser's role in the case and whether he had entered into any written agreement with the Debtor as CRO.  I asked for a copy of any such agreement.  In response, about two months later, on or about May 13, 2021, Mr. Goldwasser sent me a "Bankruptcy Management Agreement" dated April 5, 2021, by and between the Debtor and an entity called G.C. Reality Advisors L.L.C. ("G.C." and the "G.C. Management Agreement").  The G.C. Management Agreement is attached as Exhibit C.

10.    The G.C. Management Agreement demonstrates that in fact Mr. Goldwasser's firm is operating as the CRO in the case, and not Mr. Goldwasser individually.  The G.C. Management Agreement also provides for fees to Mr. Goldwasser's firm that have not been disclosed to the Court.  These include a monthly billing for work, in the amount of $15,000, and a success fee if the Debtor enters into a joint venture or obtains financing.  See G.C. Management Agreement, ¶¶ 2, 3 (page 3 of 6).

11.    This was not the only management agreement in connection with this case.  In the face of persistent questions from the United States Trustee relating to the Non-Authorized Bank Accounts, on August 5, 2021, the Debtor produced a management agreement between the Debtor and the Williamsburg Hotel BK LLC (the "Manager") dated November 21, 2017 (the "WH Management Agreement").  A copy of the WH Management Agreement is attached as Exhibit D

and provides that "All Personnel shall be employees of Manager or an Affiliate of Manager; provided, however, that Owner shall be obligated to reimburse Manager for all Personnel Costs for such Personnel in accordance with the terms of this Agreement." WH Management Agreement, Section 4.02.

12. Again, the Local Rule Affidavit does not disclose the existence of this management agreement or the arrangement whereby the Debtor is apparently being operated by a management company without accountability to this Court.

**The Debtor's Motion Authorizing Intercompany Transactions**

13. The Motion Authorizing Intercompany Transactions (Dkt. No. 83) was filed on August 11, 2021, more than five months after the Petition Date. In the motion, the Debtor disclosed that the "[t]he Hotel is managed by Williamsburg Hotel BK LLC (the "Management Company"), a non-debtor affiliate . . . . The Management Company has approximately 80 employees servicing the Hotel." Motion Authorizing Intercompany Transactions at ¶ 2. A copy of the Motion Authorizing Intercompany Transactions (without exhibits) is attached as Exhibit E.

I declare under penalty of perjury that the information contained in this Declaration is true and correct.

Dated: New York, New York
August 18, 2021

                 By: */s/* **Madeleine Vescovacci**
                     Madeleine Vescovacci