DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for The Williamsburg Hotel BK LLC*
120 Bloomingdale Road
White Plains, New York 10601
(914) 381-7400
JAMES B. GLUCKSMAN, ESQ.
jbg@dhclegal.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

96 WYTHE ACQUISITION LLC,                         Chapter 11
                                                  Case No. 21-22108 (RDD)
                                    Debtor.
-------------------------------------------------------------X


## DECLARATION OF MICHAEL LICHTENSTEIN IN SUPPORT OF MOTION TO QUASH DEPOSITION AND DOCUMENT SUBPOENAS

**MICHAEL LICHTENSTEIN,** Manager, The Williamsburg Hotel BK LLC

("Williamsburg"), as and for his declaration pursuant to 28 U.S.C. §1746 respectfully

sets forth and alleges as follows:

1.      This Declaration is submitted in support of the Motion of The

Williamsburg Hotel BK LLC ("Williamsburg") for the entry of an Order: 1) pursuant to

Fed.R.Civ.P. Rule 45(d)(3) as incorporated by Fed.R.Bankr.P. 9016, quashing the

Document Production Subpoena, a copy of which is annexed hereto as Exhibit "1"; and

2) pursuant to Fed.R.Civ.P. Rule 45(d)(2) as incorporated by Fed.R.Bankr.P. 9016,

quashing the Deposition Subpoena, a copy of which is annexed hereto as Exhibit "2"

(Exhibits "1" and "2" collectively, where appropriate, the "Subpoenas"); and 3) such

other and further relief as may be just under the circumstances.

1

## THE SUBPOENAS SEEK INFORMATION THAT
## HAS ALREADY BEEN PRODUCED OR IS
## IRRELEVANT

2.     On February 23, 2021, the Debtor filed a Chapter 11 petition under Title

11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

3.     The Debtor owns the Williamsburg Hotel (the "Hotel") property located at

96 Wythe Avenue, Brooklyn, New York, (the "Property"). The Property is a thirteen

story, 160 room hotel with a rooftop pool, a bar and restaurant and a separate, elevated

and enclosed bar that sits above the pool referred to as the Water Tower Bar. The Hotel is

managed by Williamsburg Hotel BK LLC (the "Management Company"), a non-debtor

affiliate, under the management agreement annexed hereto as Exhibit A ("Management

Agreement"). The Management Company has approximately 80 employees servicing the

Hotel.

4.     On December 13, 2017, the Debtor borrowed $68 million (the "Loan")

from Benefit Street Operating Partnership, L.P. ("Benefit Street") under a loan agreement

("Loan Agreement") to construct the Hotel. The Loan was subsequently assigned to

BSPRT 2018-FL3 Issuer, Ltd. (the "Lender" or the "Mortgagee").

5.     Prior to the filing of the Chapter 11 petition, the Debtor and Benefit Street

were engaged in literally years of litigation concerning the foreclosure of the Debtor's

assets. That litigation concerned, inter alia, the manufacturing of defaults by Benefit

Street, first, in order to enable Benefit Street not to lower the interest rate by 0.5% as

required by the Loan Agreement, and then to enable Benefit Street to foreclose, rather

than be paid under the terms of the Loan Agreement.

6.     During that litigation, upon information and belief, virtually all of the

documents sought have been produced, some on multiple occasions.

7.    Benefit Street has embarked on a course of harassment, seeking,

repetitively, the same documents that it has already provided, presumably for the

litigation purposes of uncovering inconstancies in the production. The following

documents have been provided to Benefit Street:

From March 2020 through February 2021:

- General ledgers by month
- Bank account statements for the Debtor and the management
  company
- Available monthly STR reports
- Monthly profit & loss statements
- Quarterly financials provided to the receiver
- Weekly expense approval emails
- Weekly payroll reports
- Weekly financial reports
- Credit card statements
- Receiver final accounting
- Emails to and from the receiver

From March 2021 (after the bankruptcy filing):

- Bank account statements for the Debtor and the management
  company
- General ledgers by month
- Monthly profit & loss statements
- Balance sheets for each month's end
- Monthly STR reports
- Accounts payable reports
- Accounts receivable reports
- Prepaid revenue reports
- Forward bookings reports
- Cash budgets and actual to budget variance reports
- Payroll reports with position-by-position detail
- Salaried Employees Position Changes
- Credit card statements upon request

8.    The ostensible purpose of this discovery is to demonstrate that

3

Williamsburg is making improper use of the $1,438,000 Paycheck Protection Program ("PPP") loan that was funded in April 2020 and a $150,000 Economic Injury Disaster Loan ("EIDL") that was funded in July 2020. This contention is not only baseless; it evidences a complete lack of understanding of the Paycheck Protection Program. The Subpoenas and Discovery on its face, has no relationship to the proper use of a Fed.R.Bankr.P. Rule 2004 examination. FRPB 2004(b) states as follows:

> (b) Scope of Examination. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a family farmer's debt adjustment case under chapter 12, an individual's debt adjustment case under chapter 13, or a reorganization case under chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

9.    The purpose of Fed.R.Bankr.P. Rule 2004 is not to allow a free-ranging assault upon entities related to the Debtor.

## WILLIAMSBURG IS MAKING PROPER USE OF PPP PROCEEDS

10.    The premise upon which Benefit Street is asking for discovery from the management company is mistaken. #

11.    The purpose of the PPP program is to help companies survive during the COVID pandemic and the resulting cash crunch. For that purpose the government provided funding to companies to help them. Under the PPP program, the primary

4

relevant questions under the statute are whether the loan request was necessary and if the

loans are subject to forgiveness. Here, the Management Company sought government

assistance, which was clearly necessary and the loans subject to forgiveness, given the

financial issues facing the hotel industry in general, and the Hotel in particular, including,

the uncertainty in paying its payroll and other expenses. The PPP loan did not bar

companies from getting paid for services or from being reimbursed by other entities

(whether through insurance coverage, third party payments, or as here, payments from

the Hotel) including, in this case, the Debtor.

12.    The PPP funds were provided in addition to any reimbursement or

payments that the companies received in any form.

13.    The fact that The Williamsburg Hotel was reimbursed from the Debtor has

no relevance to the receipt or the forgiveness of the PPP loan. There was no ban under

the statute on any company, including The Williamsburg Hotel, to both get the PPP

funds, and to simultaneously charge customers or clients at the same time for services

rendered. In fact, the purpose of the PPP loan was forward looking, to enable companies

to survive, and to enable companies to provide services and to charge for their services at

the same time and simultaneously with using the PPP funds, until the economic situation

improved.

14.    It is well-known to the Court that the COVID-19 pandemic constricted

business activities and revenues severely. See, e.g. Lindsay v. Carnival Corp., No. C20-

982 TSZ, 2021 WL 488994, at *2 (W.D. Wash. Feb. 10, 2021)(" The court may take

judicial notice of facts not subject to reasonable dispute because they "can be accurately

and readily determined from sources whose accuracy cannot reasonably be questioned.").

15.     The forgiveness of the PPP loan provided to any company, including The
Williamsburg Hotel, does not require that no other income flowed to The Williamsburg
Hotel, nor does the program look to the ultimate performance of the applicant in
determining eligibility and forgiveness of any loans. The forgiveness of the PPP loan was
merely a product of showing that at least the appropriate amount of the PPP loan was
used for payroll - whether there was additional income and revenues flowing into The
Williamsburg Hotel in whatever amounts, and even if The Williamsburg Hotel was
profitable. Any issues as to the necessity for and the forgiveness of any PPP loan,
including as here, is strictly an issue as between the government and the applicant, here
the Management Company. The Debtor or  Benefit Street has no right to challenge such,
nor is any party other than the Management Company qualified for any such loans.

16.     If, for example, theoretically there would have been $5 million of profit
flowing into the Williamsburg Hotel on top of the $1.4 million PPP loan, the PPP loan
would still have been forgiven. The presence or lack of presence of income was of no
concern to the Small Business Administration under the statute.

17.     As such, any information sought has no relevance to the "acts, conduct, or
property or to the liabilities and financial condition of the debtor."

18.     The Williamsburg Hotel applied for a PPP loan, and used the moneys in a
manner permitted by applicable law. These PPP funds are the property of Williamsburg
exclusively, and no other party is entitled to these funds, and none of the Debtor or
Benefit Street parties are entitled to discovery about these PPP funds. The fact that
Benefit Street seeks to make certain inferences, for litigation purposes, is not relevant to
this proceeding.

19.    What the management company did with the funds is completely irrelevant to the Debtor. The sole remedy of any issue, which is contested, regarding the use of such funds, would be an issue impacting the forgiveness of such loan, and is solely between the SBA and Management Company. As such, the Court should not permit a wide-ranging foray into the affairs of a management company.

20.    Indeed, according to the logic that the lender is putting forth, any company qualifying for PPP funds and forgiveness of such, would not have been allowed to operate its business for a profit. That is simply not part of the statute, and has nothing to do with the Debtor herein.

21.    There were no limitations on what the management company could do with the funds. As long as the appropriate amount was paid for payroll by the company, the PPP was forgiven, and what the PPP money was actually used for did not matter and does not matter.

22.    According to the logic that the lender is putting forth, any company that received PPP funds would not have been allowed to operate its business for a profit.

23.    In summary - the entire premise of the 2004 discovery motion is mistaken, and as such no information should be provided, other than that relating to Williamsburg's transactions with the Debtor.

## CONCLUSION

24.    Williamsburg seeks an order quashing the subpoena and the related

subpoena issued to Live Oak Bank, or its limitation to transactions with the Debtor.

**WHEREFORE,** Williamsburg seeks the quashing of the Subpoenas, together

with such other and further relief as is just under the circumstances.

Dated:   White Plains, New York
      August 22, 2021

/s/ Michael Lichtenstein

_____
MICHAEL LICHTENSTEIN

EXHIBIT "1"

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Adam C. Rogoff
P. Bradley O'Neill
Reyhan Watson
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Benefit Street Partners*
*Realty Operating Partnership, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
|                                          | :  |                          |
| In re:                                   | :  | Chapter 11               |
|                                          | :  |                          |
| 96 WYTHE ACQUISITION LLC,                | :  | Case No. 21-22108 (RDD)  |
|                                          | :  |                          |
|              Debtor.                     | :  |                          |
|                                          | :  |                          |
----------------------------------------------------------------- X

## <u>NOTICE OF SUBPOENA FOR RULE 2004 EXAMINATION</u>

PLEASE TAKE NOTICE that, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and in connection with the attached *Order Pursuant to Bankruptcy Rule 2004 and 9016 Authorizing Discovery of the Hotel Manager and Live Oak Bank* [ECF No. 80], Benefit Street Partners Realty Operating Partnership, L.P. ("**Benefit Street**"), by and through its undersigned counsel, will serve the attached subpoena to produce documents on The Williamsburg Hotel BK LLC. Such documents shall be produced to Benefit Street's counsel, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: P. Bradley O'Neill, by no later than August 16, 2021.

Dated:  New York, New York
        August 2, 2021

                                    KRAMER LEVIN NAFTALIS &FRANKEL LLP

                                    /s/ P. Bradley O'Neill
                                    Adam C. Rogoff
                                    P. Bradley O'Neill
                                    Reyhan Watson
                                    Kramer Levin Naftalis & Frankel LLP
                                    1177 Avenue of the Americas
                                    New York, New York 10036
                                    Telephone: (212) 715-9100
                                    Facsimile:  (212) 715-8000
                                    Email: arogoff@kramerlevin.com
                                           boneill@kramerlevin.com
                                           rwatson@kramerlevin.com

                                    *Attorneys for Benefit Street Partners Realty
                                    Operating Partnership, L.P.*


To:     Mark Frankel, Esq.
        Backenroth Frankel & Krinsky, LLP
        800 Third Avenue
        New York, New York 10022
        *Attorneys for the Debtor*

        Jason A. Nagi, Esq.
        Offit Kurman
        590 Madison Avenue, 6th floor
        New York, NY 10022
        *Attorneys for the Debtor*

        Douglas A. Kellner, Esq.
        Stephanie Lim, Esq.
        Kellner Herlihy Getty & Friedman, LLP
        470 Park Avenue South, 7th Floor
        New York, NY 10016-6819
        *Attorneys for Constantino Sagonas*

        Greg Zipes, Esq.
        Office of the United States Trustee
        201 Varick Street
        New York, NY 10014

Barry D. Haberman, Esq.
Law Office of Barry D. Haberman
254 South Main Street, #404
New City, NY 10956
*Attorney for Grandfield Realty Corp.*

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern _____    District of    New York _____

In re    96 Wythe Acquisition LLC _____

_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.    21-22108 (RDD)_____

Chapter    11_____

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   The Williamsburg Hotel BK LLC _____

*(Name of person to whom the subpoena is directed)*

☑ *Production*:   **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   **See attached Schedule A and accompanying court order authorizing this Subpoena.**

| PLACE | DATE AND TIME |
|---|---|
| Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 | August 16, 2021 |

☐ *Inspection of Premises*:   **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   August 2, 2021 _____

CLERK OF COURT

OR

_____        /s/ P. Bradley O'Neill_____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Benefit Street Partners Realty Operating Partnership, L.P. , who issues or requests this subpoena, are:

P. Bradley O'Neill, 1177 Avenue of the Americas, New York, NY 10036, boneill@kramerlevin.com, 212.715.7583

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

Benefit Street Partners Realty Operating Partnership, L.P.[1], by and through its undersigned

counsel, hereby submits this Schedule A to the subpoena directed to The Williamsburg Hotel BK

LLC, dated August 2, 2021 ("Subpoena"):

## DEFINITIONS

The uniform definitions referenced in Rule 26.3 of the Local Rules of the United States

District Courts for the Southern and Eastern Districts of New York ("Local Rules"), as

incorporated by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York

("Local Bankruptcy Rules"), apply to this Subpoena. The following additional definitions apply

and shall be construed in the broadest sense permitted by the Federal Rules of Civil Procedure, the

Federal Rules of Bankruptcy Procedure, the Local Rules, and the Local Bankruptcy Rules.

1.      **"Debtor"** means 96 Wythe Acquisition LLC, including its predecessors or

successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled

companies, and each of their prior or current officers, directors, employees, agents, advisors,

attorneys, or other parties purporting to act on its behalf.

2.      **"Debtor Account"** means any bank account held by or for the benefit of the Debtor.

For the avoidance of doubt: (a) a bank account held by the Debtor for the benefit of the Hotel

Manager is both a Debtor Account and a Hotel Manager Account; and (b) a bank account in which

Hotel revenues were collected or out of which Hotel expenses were paid is a Debtor Account.

3.      **"EIDL"** refers to the SBA's Economic Injury Disaster Loan program.

4.      **"EIDL Loan"** refers to the loan of approximately $150,000 received by the Hotel

Manager in July 2020 under the EIDL.

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries
operates as Franklin Templeton.

5.      **"Hotel"** means The Williamsburg Hotel, located at 96 Wythe Avenue, Brooklyn, New York 11249.

6.      **"Hotel Manager"** means The Williamsburg Hotel BK LLC, including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

7.      "**Hotel Manager Account**" means any bank account held by or for the benefit of the Hotel Manager. For the avoidance of doubt: (a) a bank account held by the Hotel Manager for the benefit of the Debtor is both a Hotel Manager Account and a Debtor Account; and (b) a bank account in which Hotel revenues were collected or out of which Hotel expenses were paid, by or on behalf of the Hotel Manager, is a Hotel Manager Account.

8.      "**Live Oak Bank**" means Live Oak Banking Company, including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

9.      **"PPP"** refers to the SBA's Paycheck Protection Program.

10.     **"PPP Loan"** refers to the loan of approximately $1,438,000 received by the Hotel Manager in April 2020 under the PPP.

11.     **"SBA"** means the United States Small Business Administration, including its predecessors or successors, assignees, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

12.    "**Treasury**" means the United States Department of the Treasury, including its predecessors or successors, assignees, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

13.    **"You"** or **"Your"** means the Hotel Manager.

## INSTRUCTIONS

1.    You are requested to produce all responsive Documents in Your possession, custody, or control, wherever located, including without limitation, those in the custody of You and Your affiliates.

2.    If any part of the following requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have relating to the portion to which You do not respond.

3.    If there are no Documents responsive to any particular request, please state so in writing.

4.    Where any copy of any Document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

5.    If any Document requested was previously in Your possession, custody, or control and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a written statement (i) describing in detail the nature of the Document and its contents, (ii) identifying the person(s) who prepared or authored the Document and, if applicable, the person(s) to whom the Document was sent, (iii) specifying the date on which the Document

was prepared or transmitted, and (iv) specifying the date on which the Document was lost or destroyed, and if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

6.      All Documents shall be produced in TIFF format with OCR images. All Documents shall be produced with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, and bcc-blind copies. Benefit Street reserves the right to request that Documents be produced in their native format.

7.      A request for any Document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Document, in addition to the Document in its full and unexpurgated form.

8.      Documents should be produced in the manner they are kept in the ordinary course of business. Documents attached to each other should not be separated.

9.      If any Document is withheld or not produced under a claim of privilege, immunity, or otherwise, identify in writing the basis upon which the asserted privilege, immunity, or other reason for non-disclosure is claimed, in accordance with terms and conditions to be agreed upon by the parties or ordered by the Bankruptcy Court.

10.     If only a part of a Document is protected by any privilege or immunity, the Document shall be produced with only the privileged matter redacted.

11.     The following document requests are to be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following document requests, such additional information is to be promptly produced.

12.     Unless otherwise indicated, the relevant time period for each request is January 2020 through the date of production.

**<u>DOCUMENTS TO BE PRODUCED</u>**

1.      All Documents concerning the PPP Loan or the EIDL Loan.

2.      All Documents concerning the Hotel Manager's applications for or receipt of the PPP Loan and the EIDL Loan, including all documents submitted to Live Oak Bank or the SBA in connection with such applications.

3.      All Documents concerning the repayment or forgiveness of the PPP Loan or the EIDL Loan, including all documents submitted to Live Oak Bank or the SBA in connection with such repayment or forgiveness.

4.      Documents sufficient to show the use of proceeds from the PPP Loan and the EIDL Loan.

5.      Documents sufficient to show the Hotel Manager's officers, members, equity holders, and employees, including their positions, responsibilities and compensation.

6.      Documents sufficient to show the Hotel Manager's operating expenses, including payroll, mortgage/lease, and utilities expenses.

7.      Documents sufficient to show the nature and extent of the services the Hotel Manager provided to parties other than the Hotel and the Debtor.

8.      Documents sufficient to identify all Hotel Manager Accounts.

9.      All statements for each account into which the proceeds of the PPP Loan or the EIDL Loan were transferred or deposited.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                    :
*In re:*                                            :
                                                    :    Chapter 11
96 WYTHE ACQUISITION LLC,                            :
                                                    :    Case No. 21-22108 (RDD)
                        Debtor.                      :
                                                    :
-------------------------------------------------------------- X

### ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND 9016
### AUTHORIZING DISCOVERY OF THE HOTEL MANAGER AND LIVE OAK BANK

Upon the motion, dated July 28, 2021 ("**Motion**"), of Benefit Street Partners Realty

Operating Partnership, L.P.[1] ("**Benefit Street**"), for an order pursuant to the Federal Rules of

Bankruptcy Procedure 2004 and 9016 directing document production by and an examination of

the Hotel Manager and document production by Live Oak Bank related to the PPP and EIDL

Loans; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and

1334(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the

Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and no additional notice being

required except as provided herein; and, after due deliberation the Motion having established good

and sufficient cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1.      Benefit Street is authorized pursuant to Fed. R. Bankr. P. 2004 to conduct

examinations of and compel document production by the Hotel Manager and Live Oak Bank

("**Rule 2004 Parties**"), relating to Benefit Street's investigation of the PPP and EIDL Loans,

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries, operates as Franklin Templeton.

including the Rule 2004 Topics,[2] in each case with document production to be limited to a period

reasonably related to the PPP and EIDL Loans;

2. Benefit Street is authorized, pursuant to Fed. R. Bankr. P. 2004(c) and 9016, to

serve (a) document and deposition subpoenas to the Hotel Manager and (b) document subpoenas

to Live Oak Bank (each, a "**Rule 2004 Examination Request**"), in the forms annexed hereto as

Exhibits 1, 2, and 3;

3. Not later than fourteen (14) days after the service of a Rule 2004 Examination

Request for documents, the corresponding Rule 2004 Parties shall produce the documents

(including electronically stored information) in their possession, custody or control referenced in

such Rule 2004 Examination Request, to be delivered to the offices of Benefit Street's counsel,

Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036;

4. Not later than fourteen (14) days after the service of a Rule 2004 Examination

Request for oral examination under oath, the Hotel Manager shall designate and produce a

company representative for oral examination under oath by counsel for Benefit Street on such date

and time, and means, and at such location (including over remote means such as Zoom) as may be

designated in writing by counsel to Benefit Street;

5. Benefit Street's rights are reserved to request additional examinations or documents

under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the

discovery obtained under this Order;

6. The production and examination required are subject to any applicable privilege;

provided, that if production of a document required to be produced is withheld under an asserted

---

[2] Capitalized terms stated herein shall have the definitions set forth in the Motion, unless otherwise indicated.

privilege, the party asserting privilege with respect to such document shall provide a proper

privilege log to the Benefit Street's counsel at the time of document production hereunder; and

7.     This Court retains jurisdiction over all matters arising from or related to

implementing this Order.

Dated: White Plains, New York
       July 30, 2021


                                    /s/Robert D. Drain
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

EXHIBIT "2"

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Adam C. Rogoff
P. Bradley O'Neill
Reyhan Watson
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Benefit Street Partners*
*Realty Operating Partnership, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
96 WYTHE ACQUISITION LLC,                                        :    Case No. 21-22108 (RDD)
                                                                 :
                            Debtor.                              :
                                                                 :
----------------------------------------------------------------- X

**<u>NOTICE OF SUBPOENA FOR RULE 2004 EXAMINATION</u>**

PLEASE TAKE NOTICE that, pursuant to Rules 2004 and 9016 of the Federal Rules of

Bankruptcy Procedure and in connection with the attached *Order Pursuant to Bankruptcy Rule*

*2004 and 9016 Authorizing Discovery of the Hotel Manager and Live Oak Bank* [ECF No. 80],

Benefit Street Partners Realty Operating Partnership, L.P. ("**Benefit Street**"), by and through its

undersigned counsel, will serve the attached subpoena for Rule 2004 examination on The

Williamsburg Hotel BK LLC.  Benefit Street will take the deposition upon oral examination of

The Williamsburg Hotel BK LLC commencing at 10:00 a.m. on August 24, 2021 via Zoom

video conference hosted by Veritext.

Dated:   New York, New York
         August 9, 2021

                                                KRAMER LEVIN NAFTALIS &FRANKEL LLP

                                                /s/ P. Bradley O'Neill
                                                Adam C. Rogoff
                                                P. Bradley O'Neill
                                                Reyhan Watson
                                                Kramer Levin Naftalis & Frankel LLP
                                                1177 Avenue of the Americas
                                                New York, New York 10036
                                                Telephone: (212) 715-9100
                                                Facsimile:  (212) 715-8000
                                                Email: arogoff@kramerlevin.com
                                                              boneill@kramerlevin.com
                                                              rwatson@kramerlevin.com

                                              *Attorneys for Benefit Street Partners Realty Operating Partnership, L.P.*

To:      Jonathan S. Pasternak, Esq.
         Robert L. Rattet, Esq.
         Davidoff Hutcher & Citron LLP
         120 Bloomingdale Road
         White Plains, New York 10601
         *Attorneys for The Williamsburg Hotel BK LLC*

         Mark Frankel, Esq.
         Backenroth Frankel & Krinsky, LLP
         800 Third Avenue
         New York, New York 10022
         *Attorneys for the Debtor*

         Jason A. Nagi, Esq.
         Offit Kurman
         590 Madison Avenue, 6th floor
         New York, NY 10022
         *Attorneys for the Debtor*

         Douglas A. Kellner, Esq.
         Stephanie Lim, Esq.
         Kellner Herlihy Getty & Friedman, LLP
         470 Park Avenue South, 7th Floor
         New York, NY 10016-6819
         *Attorneys for Constantino Sagonas*

Greg Zipes, Esq.
Office of the United States Trustee
201 Varick Street
New York, NY 10014

Barry D. Haberman, Esq.
Law Office of Barry D. Haberman
254 South Main Street, #404
New City, NY 10956
*Attorney for Grandfield Realty Corp.*

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of ____New York____

In re  96 Wythe Acquisition, LLC_____

Case No.   21-22108 (RDD)_____

Debtor

Chapter  11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  **The Williamsburg Hotel BK LLC**
_____
*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Zoom video conference hosted by Veritext<br>601 Lexington Ave., Floor 55, New York, NY 10022 | August 24, 2021 at 10:00 A.M. (EDT) |

See attached Schedule A and accompanying court order authorizing this Subpoena.

The examination will be recorded by this method:  Video, audio, and stenographic means by court reporter over Zoom video conference.

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  August 9, 2021

CLERK OF COURT

OR

_____          /s/ P. Bradley O'Neill_____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Benefit Street Realty Operating Partnership, L. P.____,  who issues or requests this subpoena, are:

P. Bradley O'Neill, 1177 Avenue of the Americas, New York, NY 10036, boneill@kramerlevin.com, 212.715.7583

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

Benefit Street Partners Realty Operating Partnership, L.P.[1], by and through its undersigned
counsel, hereby submits this Schedule A to the subpoena directed to The Williamsburg Hotel BK
LLC, dated August 9, 2021 ("Subpoena"):

### DEFINITIONS

The uniform definitions referenced in Rule 26.3 of the Local Rules of the United States
District Courts for the Southern and Eastern Districts of New York ("Local Rules"), as
incorporated by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York
("Local Bankruptcy Rules"), apply to this Subpoena. The following additional definitions apply
and shall be construed in the broadest sense permitted by the Federal Rules of Civil Procedure, the
Federal Rules of Bankruptcy Procedure, the Local Rules, and the Local Bankruptcy Rules.

1.      "**Debtor**" means 96 Wythe Acquisition LLC, including its predecessors or
successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled
companies, and each of their prior or current officers, directors, employees, agents, advisors, and
attorneys.

2.      "**Debtor Account**" means any bank account held by or for the benefit of the Debtor.
For the avoidance of doubt: (a) a bank account held by the Debtor for the benefit of the Hotel
Manager is both a Debtor Account and a Hotel Manager Account; and (b) a bank account in which
Hotel revenues were collected or out of which Hotel expenses were paid is a Debtor Account.

3.      "**Government Assistance**" means any money, loans, investment capital, disaster
assistance, surety bonds, grants, COVID-19 relief, or other assistance provided by the SBA or
Treasury, including but not limited to PPP loans or EIDL loans.

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries,
operates as Franklin Templeton.

4.      "**EIDL**" refers to the SBA's Economic Injury Disaster Loan program.

5.      "**Hotel**" means The Williamsburg Hotel, 96 Wythe Avenue, Brooklyn, New York 11249.

6.      "**Hotel Manager**" means The Williamsburg Hotel BK LLC.

7.      "**Hotel Manager Account**" means any bank account held by or for the benefit of the Hotel Manager. For the avoidance of doubt: (a) a bank account held by the Hotel Manager for the benefit of the Debtor is both a Hotel Manager Account and a Debtor Account; and (b) a bank account in which Hotel revenues were collected or out of which Hotel expenses were paid, by or on behalf of the Hotel Manager, is a Hotel Manager Account.

8.      "**PPP**" refers to the SBA's Paycheck Protection Program.

9.      "**Receiver**" means Constantino Sagonas, who was appointed as temporary receiver of the Debtor by the Receiver Order (as defined below).

10.      "**Receiver Account**" means any bank account held by or for the benefit of the Receiver in connection with the Receivership.

11.      "**Receiver Order**" means the order appointing the Receiver, entered by the Supreme Court of the State of New York, County of New York, dated February 21, 2020, in the mortgage foreclosure action captioned *Benefit Street Partners Operating Partnership, L.P. v. 96 Wythe Acquisition LLC, et al.* (Index No. 653396/2019), a copy of which was filed in the above-captioned bankruptcy as ECF No. 29-4.

12.      "**Receivership**" means any of the Receiver's actions, duties, or obligations relating to or arising from in any way his appointment under the Receiver Order.

13.    **"SBA"** means the United States Small Business Administration, including its predecessors or successors, assignees, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

14.    **"Treasury"** means the United States Department of the Treasury, including its predecessors or successors, assignees, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

<u>INSTRUCTIONS</u>

1.    Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Hotel Manager shall designate one or more knowledgeable persons to appear and testify on the Hotel Manager's behalf concerning the Matters for Examination.

2.    The individual(s) so designated shall testify as to matters known or reasonably available to the Hotel Manager.

3.    The Hotel Manager shall set forth at a reasonable time prior to the deposition(s), for each individual it designates, the Matters for Examination on which the individual will testify.

4.    The Hotel Manager has a duty to confer with the counsel for the party serving this Subpoena.

5.    The following rules of construction shall apply to this Subpoena:

(a)    The terms "any" and "all" mean "any and all" or "each and every" where the effect of such construction is to broaden the scope of the Matters for Examination.

(b)    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Matters for

Examination all matters that might otherwise be construed to be outside the
scope.

(c)    The term "including" means including, but not limited to, and is intended
to provide examples of information that is subject to examination under the
Matters for Examination. Such examples are not intended to be exhaustive
of the information sought and shall not, in any way, be read to limit the
scope of the Matters of Examination.

(d)    The singular includes the plural and vice versa.

(e)    The present tense shall be construed to include the past tense, and the past
tense shall be construed to include the present tense as necessary to bring
within the scope of these Matters for Examination any information that
might otherwise be construed to be outside the scope.

## **MATTERS FOR EXAMINATION**

1.    The Hotel Manager's officers, members, and employees, including positions,
responsibilities and salaries/compensation.

2.    The Hotel Manager's payroll, mortgage/lease, and utilities expenses.

3.    The Hotel Manager's operations, including the nature and extent of the Hotel
Manager's engagement with or services provided to (a) the Hotel, (b) the Debtor, or (c) other hotels
or entities, including the names of all such other hotels or entities.

4.    The Hotel Manager's interactions and relationship with the Debtor or the Receiver,
including any communications, interactions, or transfers of money between the Hotel Manager
and the Debtor or the Receiver.

4

5.      The nature, reason, basis, complete supporting documentation for, and purpose of the Hotel Manager's application for or receipt of Government Assistance, including with respect to any PPP or EIDL loans.

6.      The Hotel Manager's use of proceeds from any Government Assistance loan, including from any PPP or EIDL loan.

7.      Communications between the Hotel Manager and the Debtor or the Receiver about Government Assistance, and the nature of said communications.

8.      The Hotel Manager's repayment or complete application for forgiveness of any Government Assistance.

9.      The treatment, transfer, and use of the $1,438,000 deposit on April 21, 2020 from Live Oak Bank into the Hotel Manager's Bank of America account ending in 2855, including the backup for and approval of the April 23, 2020 transfer of $1,438,000 out of the 2855 account.

10.      The treatment, transfer, and use of the $149,900 deposit on July 29, 2020 into the Hotel Manager's Bank of America account ending in 4831, including the backup for and approval of the July 29, 2020 transfer of $149,000 out of the 4831 account.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

In re: :

96 WYTHE ACQUISITION LLC, :

                     Debtor. :

:    Chapter 11

:    Case No. 21-22108 (RDD)

----------------------------------------------------------- X

## ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND 9016
## AUTHORIZING DISCOVERY OF THE HOTEL MANAGER AND LIVE OAK BANK

Upon the motion, dated July 28, 2021 ("**Motion**"), of Benefit Street Partners Realty

Operating Partnership, L.P.[1] ("**Benefit Street**"), for an order pursuant to the Federal Rules of

Bankruptcy Procedure 2004 and 9016 directing document production by and an examination of

the Hotel Manager and document production by Live Oak Bank related to the PPP and EIDL

Loans; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and

1334(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the

Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and no additional notice being

required except as provided herein; and, after due deliberation the Motion having established good

and sufficient cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1.      Benefit Street is authorized pursuant to Fed. R. Bankr. P. 2004 to conduct

examinations of and compel document production by the Hotel Manager and Live Oak Bank

("**Rule 2004 Parties**"), relating to Benefit Street's investigation of the PPP and EIDL Loans,

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries, operates as Franklin Templeton.

including the Rule 2004 Topics,[2] in each case with document production to be limited to a period reasonably related to the PPP and EIDL Loans;

2.    Benefit Street is authorized, pursuant to Fed. R. Bankr. P. 2004(c) and 9016, to serve (a) document and deposition subpoenas to the Hotel Manager and (b) document subpoenas to Live Oak Bank (each, a "**Rule 2004 Examination Request**"), in the forms annexed hereto as Exhibits 1, 2, and 3;

3.    Not later than fourteen (14) days after the service of a Rule 2004 Examination Request for documents, the corresponding Rule 2004 Parties shall produce the documents (including electronically stored information) in their possession, custody or control referenced in such Rule 2004 Examination Request, to be delivered to the offices of Benefit Street's counsel, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036;

4.    Not later than fourteen (14) days after the service of a Rule 2004 Examination Request for oral examination under oath, the Hotel Manager shall designate and produce a company representative for oral examination under oath by counsel for Benefit Street on such date and time, and means, and at such location (including over remote means such as Zoom) as may be designated in writing by counsel to Benefit Street;

5.    Benefit Street's rights are reserved to request additional examinations or documents under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the discovery obtained under this Order;

6.    The production and examination required are subject to any applicable privilege; provided, that if production of a document required to be produced is withheld under an asserted

---

[2] Capitalized terms stated herein shall have the definitions set forth in the Motion, unless otherwise indicated.

privilege, the party asserting privilege with respect to such document shall provide a proper privilege log to the Benefit Street's counsel at the time of document production hereunder; and

7.    This Court retains jurisdiction over all matters arising from or related to implementing this Order.

Dated: White Plains, New York
    July 30, 2021

    /s/Robert D. Drain
    THE HONORABLE ROBERT D. DRAIN
    UNITED STATES BANKRUPTCY JUDGE