KRAMER LEVIN NAFTALIS & FRANKEL LLP
Adam C. Rogoff
P. Bradley O'Neill
Priya K. Baranpuria
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Benefit Street Partners
Realty Operating Partnership, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X
                                                :
In re:                                          :   Chapter 11
                                                :
96 WYTHE ACQUISITION LLC,                       :   Case No. 21-22108 (RDD)
                                                :
                          Debtor.               :
                                                :
------------------------------------------------------------------ X

**LENDER'S LIMITED OBJECTION CONCERNING DEBTOR'S**
**APPLICATION TO RETAIN MAYER BROWN LLP**

Benefit Street Partners Realty Operating Partnership, L.P.[1] ("Benefit Street") submits this limited objection to the Application of 96 Wythe Acquisition LLC (the "Debtor") to Retain Mayer Brown LLP as co-counsel [ECF No. 89] (the "Motion").

1.  The Debtor's Motion seeks to retain Mayer Brown LLP to act as its co-counsel in this Chapter 11 case. While Benefit Street does not oppose that relief in general, it files this limited objection to express its concerns about the proposed retention.

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries, operates as Franklin Templeton.

2. At a cash collateral hearing on June 2, 2021, the Debtor told the Court that it was interviewing financial professionals concerning potential exit transactions. *See* June 2, 2021 Hr'g Tr. at 34:11-14. A week before that, a new proposed litigation counsel appeared, claiming it had been retained to investigate Benefit Street and scurrilous allegations of fraud on the state appellate court. Shortly thereafter, the proposed counsel withdrew from the assignment.

3. Almost three months later – and two months into the four month extension of its exclusive periods – the Debtor still has not moved to retain any financial professional. Instead, it has asked to retain a *third* active set of counsel (and fourth overall to appear) in this relatively modest case. While more cleverly camouflaged than the earlier proposed special litigation counsel, the retention application once again reflects that the proposed new counsel intends to investigate Benefit Street. Among other things, the tasks it is being retained to perform include:

- "preparing certain pleadings in connection with this Chapter 11 Case to address the issues raised in the Debtor's pre-petition state court litigation with the Lender;"

- "advising the Debtor with respect to certain issues relating to the Lender, which, if not consensually resolved, will require litigation and related discovery;" and

- "advising and consulting on the conduct of this Chapter 11 Case as it relates to the issues raised by the Lender and the prompt exit from Chapter 11."

Motion ¶ 15. To the extent the application describes other proposed services, they appear to duplicate the duties of existing bankruptcy counsel.

4. First, if Mayer Brown intends to investigate whether Benefit Street had committed fraud on the court in connection with the Appellate Division's February decision granting it a summary judgment of foreclosure and dismissing all of the Debtor's defenses to Benefit Street's loan, there is no basis for the retention. The Debtor has never offered a factual basis to support these allegations, which are facially baseless. Appellate courts make decisions

based upon a record established in the lower court. Because the facts in the appellate record had been established in the lower court and were equally available to the Court and the parties, Benefit Street cannot have misled the appellate court or anyone else about them. If the Debtor thought some aspect of the record required supplementation or modification, there were standard procedures for doing so. In addition, the suggestion that Benefit Street, a publicly filing REIT and subsidiary of Franklin Templeton, would need to defraud a court to foreclose after a run of the mill maturity default defies credulity.

5. Second, any such investigation would directly contradict the Debtor's representation to the Court at the first day hearing that the Debtor planned to "honor" the Appellate Division's decision and would not seek to "challenge" it in the bankruptcy. *See* Mar. 2, 2021 Hr'g Tr. at 20-21.

6. Third, it is now six months into the case, and the Debtor has inexplicably failed to retain a financial professional to organize an exit transaction. At this stage, retaining new litigation counsel to fight with the lender suggests that this case may be headed in the wrong direction. The Debtor should not be allowed to obscure its failure to make any material progress towards reorganization by seeking to revisit issues already fully litigated and resolved in the state courts. Such a path would be wasteful of estate assets and produce nothing of value for stakeholders. Nor should the Court miss the irony that this Debtor – who claims that complying with even minimal discovery obligations somehow cripples its attempts to reorganize – is now seeking to begin a quixotic litigation to escape a binding appellate decision. At a minimum, the Debtor should not be heard to claim that the process of retaining yet another set of counsel excuses its failure to make material progress towards an exit.

7. Fourth, the current cash collateral budget does not contain any line item for counsel fees, and Benefit Street objects to the use of its cash collateral to investigate claims or pursue litigation against it.

8. Finally, the Motion indicates that the Debtor's corporate parent is paying a significant portion of Mayer Brown's fees and backstopping the remainder. The Debtor should clarify that the parent's payments to Mayer Brown are equity contributions and will not provide the parent with any claim (administrative or otherwise) against the estate. In addition, the parent, and the insiders who control it, the Debtor and the hotel manager (Toby Moskovits and Michael Lichtenstein) may be subject to claims by the estate. Mayer Brown obviously should not participate in the investigation or litigation of any such claims.

Dated: August 26, 2021
New York, New York

KRAMER LEVIN NAFTALIS &FRANKEL LLP

/s/ P. Bradley O'Neill
Adam C. Rogoff
P. Bradley O'Neill
Priya K. Baranpuria
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile:  (212) 715-8000
Email: arogoff@kramerlevin.com
           boneill@kramerlevin.com
           pbaranpuria@kramerlevin.com

*Attorneys for Benefit Street Partners Realty Operating Partnership, L.P.*