**MAYER BROWN LLP**
Douglas Spelfogel
Leah Eisenberg
Jason I. Kirschner
Dabin Chung
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Facsimile: (212) 506-1910

*Proposed Co-Counsel to the Debtor
and Debtor in Possession*

**BACKENROTH FRANKEL &
KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544

*Co-Counsel to the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.: 21-22108 (RDD) |

**RESPONSE AND RESERVATION OF RIGHTS TO
MOTION FOR MODIFICATION OF AUTOMATIC STAY**

TO:   THE HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:

96 Wythe Acquisition LLC, the above-captioned debtor and debtor-in-possession (the

"Debtor"), by its undersigned attorneys, Mayer Brown LLP and Backenroth Frankel & Krinsky,

LLP, submits this Response and Reservation of Rights (the "Response") to Juan Ramirez's Motion

743702999

for Modification of Automatic Stay (the "Stay Relief Motion"), and in support thereof, respectfully states as follows:

## BACKGROUND

1. On February 23, 2021, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. On June 7, 2021, Juan Ramirez (the "Plaintiff"), by and through its attorney, filed the Stay Relief Motion, pursuant to which the Plaintiff seeks relief from the automatic stay in order to permit the Plaintiff to proceed with the state action for personal injuries it had initiated in the Supreme Court of the State of New York, Kings County, under index #514500/2017 (the "State Court Action") against the Debtor and Dimyon Development Corp., to which the automatic stay extends.

3. In the affirmation attached to the Stay Relief Motion (the "Affirmation"), the Plaintiff's attorney states that the Plaintiff in the State Court Action agrees to limit its claims to the Debtor's available insurance coverage. *See* Affirmation ¶ 9.

4. The Debtor and its attorneys made continued attempts to contact the Plaintiff's attorney and will continue to engage in conversations as necessary to reach a consensual resolution of the Stay Relief Motion.

## RESPONSE AND RESERVATION OF RIGHTS

5. The Debtor does not object to the relief requested by the Plaintiff, provided that any order entered by this Court granting the Stay Relief Motion expressly limits the relief granted to the Plaintiff's pursuit of the State Court Action to the extent of available insurance coverage, and

2

743702999

subject to the Plaintiff's agreement to not assert a claim against the Debtor in the above-captioned bankruptcy case. To the extent the Plaintiff seeks any amount in excess of the available insurance coverage, or otherwise seeks compensation directly from the Debtor, the Stay Relief Motion should be denied to preclude the diminution of the Debtor's bankruptcy estate and prevent the Debtor from having to defend itself in the State Court Action at this time, consistent with the purpose of the automatic stay.

6. Additionally, the Stay Relief Motion does not purport to be filed on behalf of Carmen Nina Ramirez, the other plaintiff in the State Court Action, nor does it include a representation that Mrs. Ramirez agrees to pursue the State Court Action as to the Debtor only to the extent of available insurance coverage. The Debtor therefore respectfully requests that any order granting the Stay Relief Motion indicates that no relief is granted as to plaintiff Carmen Nina Ramirez unless and until she files a proper stay relief motion that is granted by this Court.

7. The Debtor reserves all rights to amend or supplement this Response, including to raise any new objections to the Stay Relief Motion. The Debtor also reserves all rights to object to any modification of the automatic stay, with respect to the Plaintiff or otherwise, except as *solely related* to the Plaintiff's claims in the State Court Action that do not exceed the available insurance coverage.

8. By this Response, the Debtor is not and shall not be deemed to be taking any positions or making any assertions regarding the State Court Action or any legal or factual assertions made therein. Further, this Response is not, and may not be deemed or construed to be, a waiver of any of the Debtor's substantive or procedural rights, including, without limitation, in relation to the above-captioned bankruptcy case or stay proceedings related to the State Court Action.

743702999

| | |
|---|---|
| Dated: September 3, 2021<br>New York, New York | Respectfully submitted,<br><br>By: */s/ Douglas Spelfogel*<br>Douglas Spelfogel<br>Leah Eisenberg<br>Jason I. Kirschner<br>Dabin Chung<br>**MAYER BROWN LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 506-2500<br>Facsimile: (212) 506-1910<br>Email: dspelfogel@mayerbrown.com<br>     leisenberg@mayerbrown.com<br>     jkirschner@mayerbrown.com<br>     dchung@mayerbrown.com<br><br>*Proposed Co-Counsel to the Debtor and Debtor in Possession*<br><br>Mark Frankel<br>**BACKENROTH FRANKEL & KRINSKY, LLP**<br>800 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 593-1100<br>Facsimile: (212) 644-0544<br>Email: mfrankel@bfklaw.com<br><br>*Co-Counsel to the Debtor and Debtor-in-Possession* |

4

743702999