KRAMER LEVIN NAFTALIS & FRANKEL LLP
Adam C. Rogoff
P. Bradley O'Neill
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Benefit Street Partners*
*Realty Operating Partnership, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
                                            :
In re:                                      :    Chapter 11
                                            :
96 WYTHE ACQUISITION LLC,                   :    Case No. 21-22108 (RDD)
                                            :
                        Debtor.             :
                                            :
----------------------------------------------------------------- X

**LENDER'S OBJECTION TO MOTION TO**
**QUASH RULE 2004 SUBPOENAS [ECF NO. 90]**

Benefit Street Partners Realty Operating Partnership, L.P.[1] ("**Benefit Street**" or "**Lender**")

objects to The Williamsburg Hotel BK LLC's ("**Hotel Manager**") motion to quash Benefit

Street's Rule 2004 subpoenas [ECF No. 90] ("**Motion**").

**PRELIMINARY STATEMENT**

1.      The Court is already familiar with Benefit Street's efforts to take discovery

relating to the PPP loan.  It has seen the Debtor's efforts, at every stage, to resist producing

responsive documents.  At first, the Debtor sought to quash all discovery relating to the

receivership *in toto*.  In a series of discovery conferences, the Court ordered the Debtor to produce

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries,
operates as Franklin Templeton.

bank statements.  When those revealed suspicious transfers, the Court required the Debtor to explain them.  When the Debtor provided only partial explanations, the Court required the loan applications be produced.  When the Debtor claimed it could not provide a list of the employees on which the PPP loan application had been based, the Court authorized Rule 2004 discovery of the Hotel Manager.

2.    Now, the Hotel Manager – which is controlled by the very same people who control the Debtor – objects to that Rule 2004 discovery *in toto*.  Trying to continue the runaround that the Debtor began, the Hotel Manager argues that Benefit Street's Rule 2004 subpoenas (one for documents and one for a 30(b)(6) deposition), should be quashed because (i) the Debtor has already produced information not sought by the subpoenas in this case and the foreclosure action, (ii) the PPP and EIDL loans are obligations of the Hotel Manager, not the Debtor, and therefore have no bearing on this case, and (iii) Rule 2004 is limited to discovery related to the Debtor, not third parties such as the Hotel Manager.  Like those before them, these arguments have no merit.

3.    The subpoenas seek discovery that directly relates the operations and conduct of the *Hotel Manager*, not the *Debtor*.  They were authorized by the Court specifically because the Debtor claimed it had produced all the documents it had.  It is irrelevant that the PPP loan was made to the Hotel Manager and is not a direct liability of the estate.  The Hotel Manager's conduct in connection with the PPP loan bears directly on its fitness to continue as the Hotel's manager and to collect and hold Hotel revenues (and Benefit Street's cash collateral) outside the estate.

4.    More importantly, Live Oak Bank has actually responded to Benefit Street's subpoena and the documents it has produced underscore the relevance of the discovery.  Live Oak's production includes documents reflecting that the Hotel Manager (through the Debtor's

principals) made material misrepresentations to the bank in the PPP loan application, submitted

tax returns in which the Hotel Manager appears to have claimed the Hotel's revenues as its own,

diverted the PPP loan proceeds from the Hotel's operating accounts, and obtained forgiveness of

the loan based on payroll and utility payments funded largely from the revenues of the Hotel rather

than the PPP loan proceeds.

5.    These materials demonstrate that it is high time that the Hotel Manager was

required to make a full production as well.  The motion to quash should be denied.

## BACKGROUND

6.    The Court has conducted multiple discovery conferences on Benefit Street's

attempts to obtain discovery from the Debtor concerning the PPP and EIDL loans and is familiar

with the issues.  After the Debtor claimed that it had no access to certain loan documentation, the

Court invited Benefit Street to investigate these issues through Rule 2004 discovery of the Hotel

Manager.   Benefit Street then served two subpoenas for Rule 2004 discovery on the Hotel

Manager, which are attached as Exhibit A and Exhibit B.

7.    Given its fiduciary role as an agent of the Debtor, one might expect that if

the Hotel Manager's conduct was blameless, it would voluntarily produce information to

demonstrate that.  It has, instead, done the opposite, and attempted to shut down all discovery.

Live Oak Bank, however, has responded to Benefit Street's subpoena.  What follows is a

description of those documents as well as others the Debtor has produced.

### The Hotel Manager Obtains a PPP Loan

8.    More than seven weeks after the appointment of the Receiver, on April 14,

2020, the Hotel Manager applied to Live Oak Bank for a PPP loan of over $1.26 million.  The

application was signed by Toby Moskovits, as CEO of the Hotel Manager.  *See* PPP Loan

Application by The Williamsburg Hotel BK LLC ("Exhibit C").  Ms. Moskovits certified that the proceeds of the loan would be used "to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments," each of which are also identified on the first page of the application as the "purpose of the loan."  *Id.* at 1, 2.  The Hotel Manager represented that it had 130 employees, *see id.* at 1, and in support of its application submitted a payroll report listing *members of the Hotel staff*, including the staff of the Hotel's restaurant.  The report identified these workers as employees of the Hotel Manager, not the Debtor.  *See* Paychex Paycheck Protection Program Data for 1/1/2019 – 12/31/19 ("Exhibit D").

9.     The PPP loan application was made by the Hotel Manager, but expressly indicates that entity's "DBA or Tradename" is "The Williamsburg Hotel."  *See* Ex. C at 1.  The application required the Hotel Manager to attach an addendum identifying any business owned by, or under common management with, it or its owners.  Addendum A to the application identifies three affiliates, but does not identify the Debtor.  *See id.* at 5.  In the application, Ms. Moskovits, who owns 50% of both the Debtor and the Hotel Manager, falsely certified that this addendum was "true and accurate in all material respects," and acknowledged the potential for criminal liability if this statement was incorrect.  *Id*. at 2.

10.    The omission of the Debtor from the application was obviously material.  The Debtor was the owner of the Hotel, had borrowed $68 million to complete it and assigned all of its rents and revenues to the lender.  At the time of the application, it was a defendant in a foreclosure action in which a receiver had been appointed for the Hotel.  Ms. Moskovits was a defendant in the same action and obviously knew these facts.  Had the Hotel Manager disclosed the existence of 96 Wythe Acquisition LLC to the PPP lender, however, the PPP lender might have discovered the foreclosure and not have made the PPP loan.

11.     In fact, this is precisely what happened when the Hotel Manager applied for

a *second* PPP loan in the amount of $2 million in February 2021.  There, the Hotel Manager *again*

submitted an addendum of affiliates that omitted the Debtor.  The loan was initially approved, but

at the last minute, the Debtor sought to change the account into which the loan proceeds would be

deposited (perhaps because it knew the Master Account used in this bankruptcy).  That change

triggered a risk review in which the bank discovered a news article describing the Debtor's filing

of this bankruptcy case.  On February 25, 2021 – two days after the Petition Date in this case – the

bank wrote to the Hotel Manager declining to make the loan.  In support of this decision, it stated:

> It has come to our attention that the Borrower's beneficial owners – Toby
> Moskovits and Yechial Michael Lichtenstein – are also co-owners of 96 Wythe
> Acquisition, LLC, an entity that recently filed bankruptcy on February 23, 2021 in
> connection with the Williamsburg Hotel property.  This entity is not disclosed on
> the SBA Form 2483 [the PPP loan application] or Live Oak Bank's Addendum A
> for the first draw PPP loan, nor was it disclosed on the application for the Proposed
> Loan.  Upon further investigation of the beneficial owners, there were significant
> outstanding liens and judgment indicated against Ms. Moskovits and Mr.
> Lichtenstein.
>
> Based on the foregoing, this letter is to notify you that Lender declines to issue the
> Proposed Loan.

*See* Letter from Live Oak Bank to The Williamsburg Hotel BK LLC, dated Feb. 25, 2021

("Exhibit E").

**The Hotel Manager Diverts the PPP Loan Proceeds**

12.     In April 2020, however, the Debtor's existence (and Ms. Moskovits' false

statements) were not discovered and the first PPP loan was approved.  On April 18, 2020, the Hotel

Manager entered into a loan agreement with Live Oak Bank under which Live Oak Bank agreed

to provide the Hotel Manager with $1,438,000 in PPP funds ("**PPP Loan Agreement**")

("Exhibit F").  As part of this agreement, the Hotel Manager expressly represented and warranted

that:

all information provided to Lender, including, without limitation, all financial information regarding the Borrower's and the Operating Company's, if any, financial condition, is accurate to the best of its knowledge and that *Borrower and Operating Company, if any, has not withheld any material information.*[2]

*See* Ex. F at § 3.2 & Exhibit A ¶ E (emphasis added).

13.     The state court receiver order was entered seven weeks before the PPP loan application and provided that "all Defendants and those acting through them be enjoined and restrained from . . . entering into any management, brokerage or leasing agreement, franchise agreement or any other contract or agreement . . . whether written or oral, that is not terminable on thirty days' notice, absent consent of [Benefit Street]." *See* Order Appointing a Receiver in a Non-Residential Mortgage Foreclosure Action at 5 ("**Receiver Order**") ("Exhibit G").  Ms. Moskovits was a defendant in the state foreclosure action and the Hotel Manager was a contractual agent of the Debtor.  The terms of the PPP Loan Agreement do not allow for termination on thirty days' notice.  The Hotel Manager's entry of the PPP Loan Agreement thus violates the injunction in the Receiver Order.  *See id.*  Despite this, there is no evidence that the Hotel Manager ever informed the Receiver (or the lender) about the PPP loan, let alone sought or received authority to obtain it. Indeed, when asked by the Court at the June 28 hearing, the Receiver was unaware that any PPP loan (or other loan) had been obtained.  6/28/21 Hr'g Tr. at 13:20-22.  To this day, it is unclear how the Hotel Manager, acting in good faith, could have failed to inform the Receiver (who stood in the shoes of the Debtor) of the potential to obtain a PPP loan or chosen to seek such a loan in its own name, rather than as agent for the Debtor – especially when that loan was premised upon the Hotel's operations.

---

[2] Without further discovery, it is not clear what is meant by the reference to an Operating Company.  On its face, however, this language suggests that the PPP bank was contracting with the owner of the Hotel and not a hotel management company.  If accurate, this would make the Hotel Manager's misrepresentations all the more material.

14.     On April 21, 2020, Live Oak Bank wired $1,438,000 in PPP loan proceeds

to account number ending in -2855 at Bank of America ("**Hotel Master Account**").  *See* Bank of

America Business Advantage Checking Preferred Rewards statement for account ending in -2855,

for April 1, 2020 to April 30, 2020, at 3 ("Exhibit H").  This account was denominated the "Master

Account" for "The Williamsburg Hotel BK LLC DBA The Williamsburg Hotel."   Although the

Hotel Master Account appears to have been used to collect revenues of the Hotel and pay Hotel

operating expenses, two days later, the Hotel Manager removed the full amount of the loan

proceeds from that account and transferred them to a checking account number ending in -0102 at

Bank of America ("**Unidentified Account**"). *Id.* at 6.  These transactions are reflected below:

<u>Figure A</u>



*See id* at 3, 6.  Despite Benefit Street's requests, neither the Debtor nor the Hotel Manager have

identified the holder or the purpose of the Unidentified Account.  This uncertainty leaves open the

possibility that the account is not held by either entity, but by another, as yet unidentified, affiliate

of the Debtor.

15.     In both the PPP loan application and in the PPP Loan Agreement, the Hotel

Manager represented and agreed that

> The funds will be used to retain workers and maintain payroll or make mortgage
> interest payments, lease payments and utility payments as specified in the Paycheck
> Protection Program Rule.  If the funds are knowingly used for unauthorized

purposes, the federal government may hold borrower and loan applicant legally liable, such as charges for fraud.

Ex. C at 2; Ex. F at 8, Exhibit A to the PPP Loan Agreement.  The Hotel Manager appears to have used a payroll administration service, Paychex, to pay the employees.  Payments to Paychex, which include amounts dedicated to payroll (as well as taxes, garnishments and other payroll-associated items), were made from account number -2703 at Bank of America ("**Hotel Payroll Account**"), which was formally denominated as the Hotel Manager's "payroll account."  *See* Bank of America Business Advantage Checking Preferred Rewards statements for account ending in -2703, for the periods from April 1, 2020 through October 31, 2020 ("Exhibit I").  Between April and October of 2020, the Hotel Manager deposited almost $2 million in the Hotel Payroll Account to fund payments to Paychex and small ad hoc payments directly to individuals.  *See id.*  The great majority of these deposits were transferred directly from the Hotel Master Account – an account in which the Hotel Manager received Hotel revenues and paid operating expenses.  As reflected in the following chart, during the same period, $357,624.53, or less than a quarter of the total payroll funding, was funded into the Hotel Payroll Account from the Unidentified Account in 33 separate transfers:

Figure B



16.     There is no evidence that any transfers were made from the Unidentified Account into the Hotel Master Account to support the payment of other operating expenses of the Hotel.  Based on the available evidence, therefore over $1.08 million in PPP loan proceeds were not used to pay the Hotel's payroll or other operating expenses.[3]  It is unknown whether any of that amount remains which could be used to defray appropriate Hotel operating expenses today.

**The Hotel Manager Obtains Forgiveness of the PPP Loan**

17.     On February 28, 2021 – five days after this case was filed – Ms. Moskovits, on behalf of the Hotel Manager – signed an application for forgiveness of the PPP loan.  *See* PPP Loan Forgiveness Application, dated Feb. 28, 2021 ("Exhibit J").  The application asserted that the Hotel Manager had made payroll payments of $1,474,497.33 and business utility payments of $94,071.69.  On the basis of these payments, it sought forgiveness of the entire PPP loan balance.

18.     In support of the application, the Hotel Manager appears to have submitted account statements from the Payroll Account for the period from April through October 2020. *See* Ex. I.  As explained above, less than a quarter of these of the amounts funded to the Payroll Account even arguably came from proceeds of the PPP loan.

19.     Similarly, to support its claim of utility payments, the Hotel Manager submitted evidence of wire transfers *from the Hotel Master Account* to Con Edison and National Grid.  *See* Bank of America Transaction Details for Payments to Consolidated Edison Energy ("Exhibit K"); Bank of America Transaction Details for Payments to National Grid ("Exhibit L").  These payments are reflected in the following chart, and there is no evidence these payments were funded from the Unidentified Account:

---

[3] The Hotel Manager bank account statements produced to date do not reveal transfers from the 0102 to other of the Hotel Manager's accounts, including the 2855 Master Account.



Figure C

20.     As part of the application for forgiveness of the PPP loan, Ms. Moskovits

certified, on behalf of the Hotel Manager, that:

- "the dollar amount for which forgiveness is requested . . . was used to pay costs that are eligible for forgiveness (payroll costs to employees, business mortgage interest payments, business rent or lease payments, or business utility payments);"

- "The [Hotel Manager] has accurately verified the payments for eligible payroll and nonpayroll costs for which the [Hotel Manager] is requesting forgiveness;" and

- "The information provided in this application and the information provided in all supporting documents and forms is true and correct in all materials respects."

Ex. J at 2.

21.     There is no evidence that the Hotel Manager submitted information to the

bank in connection with its forgiveness application that the Hotel Manager had:

- removed the full $1,438,000 in PPP loan proceeds from the Hotel Master Account almost immediately after its receipt and transferred to an unidentified account;

10

- transferred only $357,624.53 to the Hotel Manager's Hotel Payroll Account to fund payroll expenses;

- transferred no money from the Unidentified Account to the Hotel Master Account to pay the claimed utility expenses or any other expenses; and

- offered no evidence that it had used the remaining $1.08 million of the PPP loan proceeds transferred to the Unidentified Account for a purpose mandated by the PPP and CARES Act.

22.    Based on the application and materials submitted, on March 11, 2021, Live Oak Bank forgave the PPP loan.

**The Hotel Manager's Subsequent PPP Loan Application**

23.    In early 2021, the Hotel Manager applied for a second draw PPP loan, this time in the amount of $2 million.  As explained earlier, after Live Oak Bank discovered the Hotel Manager's deceptions concerning the Debtor's existence and bankruptcy, it declined to make the loan.  Before that, on February 24, 2021 – the day after this case was filed – the bank emailed Ms. Moskovits and Mr. Lichtenstein a detailed list of questions concerning, among other things, their involvement in the bankruptcy, the nature of the Hotel Manager's business, the Hotel Manager's relationship to the Debtor, and whether there was a Hotel management arrangement in place. *See* Email Chain between Live Oak Bank and Toby Moskovits and Yechial Michael Lichtenstein, dated Feb. 24, 2021, at 2-3 ("Exhibit M").

24.    Ms. Moskovits responded two hours later, stating that the Hotel Manager was a "management company that has employed during the past 4 years between 90 and at some times 200 people."  *Id.* at 2.  She was at pains to claim that the Hotel Manager "is a stand alone business that has no connection to the ownership of the building at 96 Wythe Avenue."  *Id.*  Instead, she claimed that the Hotel Manager was "a hotel brand" that planned to open a second hotel and was "in talks with other hotel owners about managing their hotels."  *Id.*  While acknowledging the entities' common ownership, she portrayed the Debtor as merely owning the Hotel building.  "The

[Hotel Manager] has not declared bankruptcy and it's [sic] operations remain unaffected by the filing of 96 Wythe Acquisition." *Id.*

25.     A few hours after that, Mr. Lichtenstein also responded to emphasize that "[i]f you look at the first PPP Loan that the [Hotel Manager] received, all of it went to pay people's salaries and to cover payroll.  None of it went for other purposes." *Id*. at 1. "The legal proceedings of an unrelated entity, [the Debtor], which has no connection to the management nor to the 90 employees [sic] living wages in any way at all, should not influence whether the [Hotel Manager] employees will continue to have employment and earn a living." *Id.* These statements are hard to square with the Debtor's representations in the first day affidavit [ECF No. 8] and cash collateral motion [ECF No. 4], both filed within a week of these comments, that *it* operated the Hotel and *it* employed the Hotel's staff.  *See* ECF No. 8 ¶ 3; ECF No. 4 ¶ 2.

26.     At the bank's request, the Hotel Manager submitted what purported to be copies of the Hotel Manager's 2019 and 2018 Form 1065 partnership income tax returns.  These returns state that the Hotel Manager claimed gross revenues and receipts of $20,034,954 in 2019 and $15,117,101 in 2018.  *See* 2019 Form 1065 U.S. Return of Partnership Income for The Williamsburg Hotel BK LLC at 1 ("Exhibit N"); 2018 Form 1065 U.S. Return of Partnership Income for The Williamsburg Hotel BK LLC at 1 ("Exhibit O").[4]  Strangely, these amounts precisely equal the revenue that the Debtor's schedules indicate the Debtor collected in 2019 and virtually equal the revenue it earned in 2018.[5] ECF No. 31, at 24.  Although it is easy to understand why the Hotel Manager might want to demonstrate to the bank that it had substantial revenues not

---

[4] It is unclear whether these tax documents are authentic.  The returns purport to have been prepared by an accounting firm, but are not signed by the firm, only by Ms. Moskovits.  Both are also dated the same day they were submitted to the bank, which seems oddly coincidental.  Benefit Street has subpoenaed the returns directly from the accounting firm to assess this possibility.

[5] The Form 1065 for 2018 shows total revenues and receipts for the Hotel Manager of $15,117,101.  In 2018, the Debtor claims it had gross revenues of 15,117,524, or $423 more than the Hotel Manager claimed.

implicated by the Debtor's bankruptcy, it is less clear how the Hotel Manager, which managed

only a single hotel and was entitled to a maximum fee of 3% of gross revenues could have had

revenues precisely equal to 100% of the revenue of the Debtor's Hotel.  *See* Assignment of Hotel

Management Agreement and Subordination of Hotel Management Fees, dated December 13, 2017,

at § 6(c) ("Exhibit P") (capping Hotel Manager's fees to 3% of gross rents collected).  Nor is it

clear how the Hotel Manager could have claimed *any* fee revenues in 2019 when Benefit Street's

Loan was in default throughout the year and the Hotel Manager's right to any fees was expressly

subordinated.  *See id.* § 6(a) (subordinating Hotel Manager's fees after event of default).

## **ARGUMENT**

27.     The Hotel Manager – which has never sought to meet or confer with Benefit

Street about the subpoenas except to ask for an extension of time – now seeks a blanket order

quashing all subpoenas *in toto* and relieving it of any obligation to provide discovery.  Such relief

is warranted, it claims because (i) the Debtor has already produced information not sought by the

subpoenas in this case and the foreclosure action, (ii) the PPP and EIDL loans are obligations of

the Hotel Manager, not the Debtor, and therefore have no bearing on this case, and (iii) Rule 2004

is limited to discovery related to the Debtor, not third parties such as the Hotel Manager.  None of

these contentions has merit.

28.     First, contrary to the Hotel Manager's suggestion, Benefit Street's

subpoenas do not seek information already produced by the Debtor.  Rather, they expressly seek

information about loans obtained by the Hotel Manager (Document Requests 1-3; 30(b)(6) Topics

5-8); the Hotel Manager's use of proceeds from those loans (Document Request 4; 30(b)(6) Topics

6, 9-10); the Hotel Manager's operations and employees (Document Requests 5-7; 30(b)(6) Topics

1-4), and the Hotel Manager's bank accounts (Requests 8-9; 30(b)(6) Topics 9-10).  *See* Exs. A

and B.  Indeed, Benefit Street served the subpoenas only after the Debtor claimed that it had produced all of the materials in its possession concerning the PPP and EIDL loans. 7/20/21 Hr'g Tr. at 8:25-9:6.  In addition, as Benefit Street would have informed the Hotel Manager, had it bothered to meet and confer before filing its Motion, Benefit Street will agree that the Hotel Manager need not produce documents already produced by the Debtor.

29.    Second, while the PPP and EIDL loans may be obligations of a non-debtor affiliate, that does not render those topics irrelevant to the estate.  The Hotel Manager currently manages the operations of the Debtor and its conduct in that role is therefore of great concern to the stakeholders of the estate.  For example, the Debtor has only recently requested that the Court authorize the Hotel Manager to continue to collect Hotel revenues and hold them in non-debtor accounts in its own name.  Obviously, if the Hotel Manager has previously obtained PPP or EIDL loans or forgiveness of such loans based upon misrepresentations, or misused or diverted PPP loan proceeds for purposes other than those for which they were borrowed, that is directly relevant to its fitness to manage the Hotel's operations.  The subpoenas served by Benefit Street seek documents and testimony concerning precisely these issues.

30.    As explained above, moreover, the documents previously produced by the Debtor and Live Oak Bank provide a sound basis to investigate these matters.  These documents indicate that the Hotel Manager made misrepresentations to Live Oak Bank in two separate PPP loan applications (the second of which the Debtor never disclosed).  Indeed, they suggest that the Hotel Manager may have continued to seek a PPP loan even after this case was filed.  *See* Ex. M. They further indicate that the Hotel Manager sought these loans to pay payroll and utility obligations of the Hotel, not some other business.  Despite this, the Hotel Manager removed $1.438 million in PPP loan proceeds from its master account and moved them to an unidentified account.

It subsequently sought forgiveness of the PPP loan based on payments largely made or funded from the bank accounts it managed for the Hotel, *not* the account into which it had transferred the PPP loan proceeds.

31.     Finally, contrary to the Hotel Manager's suggestion, Benefit Street's subpoenas aim to address significant questions about the Hotel Manager's behavior which are directly relevant to the estate.  Among these are:

- Did the Hotel Manager use the PPP and EIDL loan proceeds for the purposes intended or improper purposes?

- Did the Hotel Manager withhold PPP loan proceeds, causing the Receiver to use Hotel revenues to fund payroll and utility expenses, leaving insufficient funds to pay almost $2 million in real property taxes?

- Did the Hotel Manager transfer PPP or EIDL loan proceeds to affiliates or its equity holders in violation of PPP rules?

- Did the Hotel Manager, in claiming Debtor's revenues on its tax returns, misappropriate Hotel revenues or any tax benefits that should have accrued to the debtor?

32.     If the Hotel Manager has misused the proceeds of government loans or improperly transferred government loan proceeds to affiliates or equity holder, that bears directly on the continued fitness to manage the Hotel.  Given that the Hotel Manager is controlled by the same insiders who control the Debtor and their direct involvement in the PPP loan process, moreover, these issues also bear directly on the management of the estate itself.  Of course, depending on what the investigation shows, the estate may have claims against the Hotel Manager or others for mismanagement or other breach of duty.

## <u>CONCLUSION</u>

33.     For the foregoing reasons, the Court should deny the Hotel Manager's

Motion and grant Benefit Street such other and further relief as may be just and proper.

Dated: September 3, 2021
        New York, New York

KRAMER LEVIN NAFTALIS &FRANKEL LLP

/s/ P. Bradley O'Neill
Adam C. Rogoff
P. Bradley O'Neill
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile:  (212) 715-8000
Email: arogoff@kramerlevin.com
        boneill@kramerlevin.com

*Attorneys for Benefit Street Partners Realty*
*Operating Partnership, L.P.*

# EXHIBIT A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of New York _____

In re 96 Wythe Acquisition LLC _____

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. 21-22108 (RDD) _____

Chapter 11 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: The Williamsburg Hotel BK LLC _____

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attached Schedule A and accompanying court order authorizing this Subpoena.**

| PLACE<br>Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 | DATE AND TIME<br>August 16, 2021 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 2, 2021 _____

CLERK OF COURT

OR

_____     /s/ P. Bradley O'Neill
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Benefit Street Partners Realty Operating Partnership, L.P. , who issues or requests this subpoena, are:

P. Bradley O'Neill, 1177 Avenue of the Americas, New York, NY 10036, boneill@kramerlevin.com, 212.715.7583

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

Benefit Street Partners Realty Operating Partnership, L.P.[1], by and through its undersigned counsel, hereby submits this Schedule A to the subpoena directed to The Williamsburg Hotel BK LLC, dated August 2, 2021 ("Subpoena"):

## DEFINITIONS

The uniform definitions referenced in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), as incorporated by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules"), apply to this Subpoena. The following additional definitions apply and shall be construed in the broadest sense permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the Local Bankruptcy Rules.

1.      **"Debtor"** means 96 Wythe Acquisition LLC, including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

2.      "**Debtor Account**" means any bank account held by or for the benefit of the Debtor. For the avoidance of doubt: (a) a bank account held by the Debtor for the benefit of the Hotel Manager is both a Debtor Account and a Hotel Manager Account; and (b) a bank account in which Hotel revenues were collected or out of which Hotel expenses were paid is a Debtor Account.

3.      **"EIDL"** refers to the SBA's Economic Injury Disaster Loan program.

4.      **"EIDL Loan"** refers to the loan of approximately $150,000 received by the Hotel Manager in July 2020 under the EIDL.

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries operates as Franklin Templeton.

5.      **"Hotel"** means The Williamsburg Hotel, located at 96 Wythe Avenue, Brooklyn, New York 11249.

6.      **"Hotel Manager"** means The Williamsburg Hotel BK LLC, including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

7.      "**Hotel Manager Account**" means any bank account held by or for the benefit of the Hotel Manager. For the avoidance of doubt: (a) a bank account held by the Hotel Manager for the benefit of the Debtor is both a Hotel Manager Account and a Debtor Account; and (b) a bank account in which Hotel revenues were collected or out of which Hotel expenses were paid, by or on behalf of the Hotel Manager, is a Hotel Manager Account.

8.      "**Live Oak Bank**" means Live Oak Banking Company, including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

9.      **"PPP"** refers to the SBA's Paycheck Protection Program.

10.      **"PPP Loan"** refers to the loan of approximately $1,438,000 received by the Hotel Manager in April 2020 under the PPP.

11.      **"SBA"** means the United States Small Business Administration, including its predecessors or successors, assignees, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

12.     "**Treasury**" means the United States Department of the Treasury, including its predecessors or successors, assignees, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

13.     "**You**" or "**Your**" means the Hotel Manager.

## INSTRUCTIONS

1.     You are requested to produce all responsive Documents in Your possession, custody, or control, wherever located, including without limitation, those in the custody of You and Your affiliates.

2.     If any part of the following requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have relating to the portion to which You do not respond.

3.     If there are no Documents responsive to any particular request, please state so in writing.

4.     Where any copy of any Document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

5.     If any Document requested was previously in Your possession, custody, or control and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a written statement (i) describing in detail the nature of the Document and its contents, (ii) identifying the person(s) who prepared or authored the Document and, if applicable, the person(s) to whom the Document was sent, (iii) specifying the date on which the Document

was prepared or transmitted, and (iv) specifying the date on which the Document was lost or destroyed, and if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

6.      All Documents shall be produced in TIFF format with OCR images. All Documents shall be produced with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, and bcc-blind copies. Benefit Street reserves the right to request that Documents be produced in their native format.

7.      A request for any Document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to such Document, in addition to the Document in its full and unexpurgated form.

8.      Documents should be produced in the manner they are kept in the ordinary course of business. Documents attached to each other should not be separated.

9.      If any Document is withheld or not produced under a claim of privilege, immunity, or otherwise, identify in writing the basis upon which the asserted privilege, immunity, or other reason for non-disclosure is claimed, in accordance with terms and conditions to be agreed upon by the parties or ordered by the Bankruptcy Court.

10.     If only a part of a Document is protected by any privilege or immunity, the Document shall be produced with only the privileged matter redacted.

11.     The following document requests are to be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following document requests, such additional information is to be promptly produced.

12.     Unless otherwise indicated, the relevant time period for each request is January 2020 through the date of production.

## **DOCUMENTS TO BE PRODUCED**

1.      All Documents concerning the PPP Loan or the EIDL Loan.

2.      All Documents concerning the Hotel Manager's applications for or receipt of the PPP Loan and the EIDL Loan, including all documents submitted to Live Oak Bank or the SBA in connection with such applications.

3.      All Documents concerning the repayment or forgiveness of the PPP Loan or the EIDL Loan, including all documents submitted to Live Oak Bank or the SBA in connection with such repayment or forgiveness.

4.      Documents sufficient to show the use of proceeds from the PPP Loan and the EIDL Loan.

5.      Documents sufficient to show the Hotel Manager's officers, members, equity holders, and employees, including their positions, responsibilities and compensation.

6.      Documents sufficient to show the Hotel Manager's operating expenses, including payroll, mortgage/lease, and utilities expenses.

7.      Documents sufficient to show the nature and extent of the services the Hotel Manager provided to parties other than the Hotel and the Debtor.

8.      Documents sufficient to identify all Hotel Manager Accounts.

9.      All statements for each account into which the proceeds of the PPP Loan or the EIDL Loan were transferred or deposited.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                             :
*In re:*                                                     :
                                                             :    Chapter 11
96 WYTHE ACQUISITION LLC,                                    :
                                                             :    Case No. 21-22108 (RDD)
                      Debtor.                                :
                                                             :
------------------------------------------------------------ X

### ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND 9016
### AUTHORIZING DISCOVERY OF THE HOTEL MANAGER AND LIVE OAK BANK

Upon the motion, dated July 28, 2021 ("**Motion**"), of Benefit Street Partners Realty

Operating Partnership, L.P.[1] ("**Benefit Street**"), for an order pursuant to the Federal Rules of

Bankruptcy Procedure 2004 and 9016 directing document production by and an examination of

the Hotel Manager and document production by Live Oak Bank related to the PPP and EIDL

Loans; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and

1334(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the

Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and no additional notice being

required except as provided herein; and, after due deliberation the Motion having established good

and sufficient cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1.      Benefit Street is authorized pursuant to Fed. R. Bankr. P. 2004 to conduct

examinations of and compel document production by the Hotel Manager and Live Oak Bank

("**Rule 2004 Parties**"), relating to Benefit Street's investigation of the PPP and EIDL Loans,

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries, operates as Franklin Templeton.

including the Rule 2004 Topics,[2] in each case with document production to be limited to a period
reasonably related to the PPP and EIDL Loans;

2.      Benefit Street is authorized, pursuant to Fed. R. Bankr. P. 2004(c) and 9016, to
serve (a) document and deposition subpoenas to the Hotel Manager and (b) document subpoenas
to Live Oak Bank (each, a "**Rule 2004 Examination Request**"), in the forms annexed hereto as
Exhibits 1, 2, and 3;

3.      Not later than fourteen (14) days after the service of a Rule 2004 Examination
Request for documents, the corresponding Rule 2004 Parties shall produce the documents
(including electronically stored information) in their possession, custody or control referenced in
such Rule 2004 Examination Request, to be delivered to the offices of Benefit Street's counsel,
Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036;

4.      Not later than fourteen (14) days after the service of a Rule 2004 Examination
Request for oral examination under oath, the Hotel Manager shall designate and produce a
company representative for oral examination under oath by counsel for Benefit Street on such date
and time, and means, and at such location (including over remote means such as Zoom) as may be
designated in writing by counsel to Benefit Street;

5.      Benefit Street's rights are reserved to request additional examinations or documents
under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the
discovery obtained under this Order;

6.      The production and examination required are subject to any applicable privilege;
provided, that if production of a document required to be produced is withheld under an asserted

---

[2] Capitalized terms stated herein shall have the definitions set forth in the Motion, unless otherwise indicated.

privilege, the party asserting privilege with respect to such document shall provide a proper privilege log to the Benefit Street's counsel at the time of document production hereunder; and

7.      This Court retains jurisdiction over all matters arising from or related to implementing this Order.

Dated: White Plains, New York
       July 30, 2021


                                    /s/Robert D. Drain
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of ____New York____

In re _96 Wythe Acquisition, LLC_____
 Debtor

Case No. ___21-22108 (RDD)_____

Chapter _11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **The Williamsburg Hotel BK LLC**
_____
*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached**.**

| PLACE | DATE AND TIME |
|---|---|
| Zoom video conference hosted by Veritext 601 Lexington Ave., Floor 55, New York, NY 10022 | August 24, 2021 at 10:00 A.M. (EDT) |

See attached Schedule A and accompanying court order authorizing this Subpoena.

The examination will be recorded by this method: ___Video, audio, and stenographic means by court reporter over Zoom video conference.___

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents,

electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 9, 2021

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ P. Bradley O'Neill_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* ___Benefit Street Realty Operating Partnership, L. P.___, who issues or requests this subpoena, are:

 P. Bradley O'Neill, 1177 Avenue of the Americas, New York, NY 10036, boneill@kramerlevin.com, 212.715.7583

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

Benefit Street Partners Realty Operating Partnership, L.P.[1], by and through its undersigned counsel, hereby submits this Schedule A to the subpoena directed to The Williamsburg Hotel BK LLC, dated August 9, 2021 ("Subpoena"):

DEFINITIONS

The uniform definitions referenced in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), as incorporated by Rule 7026-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules"), apply to this Subpoena. The following additional definitions apply and shall be construed in the broadest sense permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the Local Bankruptcy Rules.

1.      "**Debtor**" means 96 Wythe Acquisition LLC, including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, and attorneys.

2.      "**Debtor Account**" means any bank account held by or for the benefit of the Debtor. For the avoidance of doubt: (a) a bank account held by the Debtor for the benefit of the Hotel Manager is both a Debtor Account and a Hotel Manager Account; and (b) a bank account in which Hotel revenues were collected or out of which Hotel expenses were paid is a Debtor Account.

3.      "**Government Assistance**" means any money, loans, investment capital, disaster assistance, surety bonds, grants, COVID-19 relief, or other assistance provided by the SBA or Treasury, including but not limited to PPP loans or EIDL loans.

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries, operates as Franklin Templeton.

4.        "**EIDL**" refers to the SBA's Economic Injury Disaster Loan program.

5.        "**Hotel**" means The Williamsburg Hotel, 96 Wythe Avenue, Brooklyn, New York 11249.

6.        "**Hotel Manager**" means The Williamsburg Hotel BK LLC.

7.        "**Hotel Manager Account**" means any bank account held by or for the benefit of the Hotel Manager. For the avoidance of doubt: (a) a bank account held by the Hotel Manager for the benefit of the Debtor is both a Hotel Manager Account and a Debtor Account; and (b) a bank account in which Hotel revenues were collected or out of which Hotel expenses were paid, by or on behalf of the Hotel Manager, is a Hotel Manager Account.

8.        "**PPP**" refers to the SBA's Paycheck Protection Program.

9.        "**Receiver**" means Constantino Sagonas, who was appointed as temporary receiver of the Debtor by the Receiver Order (as defined below).

10.        "**Receiver Account**" means any bank account held by or for the benefit of the Receiver in connection with the Receivership.

11.        "**Receiver Order**" means the order appointing the Receiver, entered by the Supreme Court of the State of New York, County of New York, dated February 21, 2020, in the mortgage foreclosure action captioned *Benefit Street Partners Operating Partnership, L.P. v. 96 Wythe Acquisition LLC, et al.* (Index No. 653396/2019), a copy of which was filed in the above-captioned bankruptcy as ECF No. 29-4.

12.        "**Receivership**" means any of the Receiver's actions, duties, or obligations relating to or arising from in any way his appointment under the Receiver Order.

13.    **"SBA"** means the United States Small Business Administration, including its predecessors or successors, assignees, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

14.    **"Treasury"** means the United States Department of the Treasury, including its predecessors or successors, assignees, and each of their prior or current officers, directors, employees, agents, advisors, attorneys, or other parties purporting to act on its behalf.

## INSTRUCTIONS

1.    Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Hotel Manager shall designate one or more knowledgeable persons to appear and testify on the Hotel Manager's behalf concerning the Matters for Examination.

2.    The individual(s) so designated shall testify as to matters known or reasonably available to the Hotel Manager.

3.    The Hotel Manager shall set forth at a reasonable time prior to the deposition(s), for each individual it designates, the Matters for Examination on which the individual will testify.

4.    The Hotel Manager has a duty to confer with the counsel for the party serving this Subpoena.

5.    The following rules of construction shall apply to this Subpoena:

(a)    The terms "any" and "all" mean "any and all" or "each and every" where the effect of such construction is to broaden the scope of the Matters for Examination.

(b)    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Matters for

Examination all matters that might otherwise be construed to be outside the scope.

(c) The term "including" means including, but not limited to, and is intended to provide examples of information that is subject to examination under the Matters for Examination. Such examples are not intended to be exhaustive of the information sought and shall not, in any way, be read to limit the scope of the Matters of Examination.

(d) The singular includes the plural and vice versa.

(e) The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense as necessary to bring within the scope of these Matters for Examination any information that might otherwise be construed to be outside the scope.

## <u>MATTERS FOR EXAMINATION</u>

1. The Hotel Manager's officers, members, and employees, including positions, responsibilities and salaries/compensation.

2. The Hotel Manager's payroll, mortgage/lease, and utilities expenses.

3. The Hotel Manager's operations, including the nature and extent of the Hotel Manager's engagement with or services provided to (a) the Hotel, (b) the Debtor, or (c) other hotels or entities, including the names of all such other hotels or entities.

4. The Hotel Manager's interactions and relationship with the Debtor or the Receiver, including any communications, interactions, or transfers of money between the Hotel Manager and the Debtor or the Receiver.

4

5.      The nature, reason, basis, complete supporting documentation for, and purpose of the Hotel Manager's application for or receipt of Government Assistance, including with respect to any PPP or EIDL loans.

6.      The Hotel Manager's use of proceeds from any Government Assistance loan, including from any PPP or EIDL loan.

7.      Communications between the Hotel Manager and the Debtor or the Receiver about Government Assistance, and the nature of said communications.

8.      The Hotel Manager's repayment or complete application for forgiveness of any Government Assistance.

9.      The treatment, transfer, and use of the $1,438,000 deposit on April 21, 2020 from Live Oak Bank into the Hotel Manager's Bank of America account ending in 2855, including the backup for and approval of the April 23, 2020 transfer of $1,438,000 out of the 2855 account.

10.     The treatment, transfer, and use of the $149,900 deposit on July 29, 2020 into the Hotel Manager's Bank of America account ending in 4831, including the backup for and approval of the July 29, 2020 transfer of $149,000 out of the 4831 account.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                    :
*In re:*                                            :
                                                    :   Chapter 11
96 WYTHE ACQUISITION LLC,                            :
                                                    :   Case No. 21-22108 (RDD)
                            Debtor.                  :
                                                    :
----------------------------------------------------------- X

## ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND 9016
## AUTHORIZING DISCOVERY OF THE HOTEL MANAGER AND LIVE OAK BANK

Upon the motion, dated July 28, 2021 ("**Motion**"), of Benefit Street Partners Realty

Operating Partnership, L.P.[1] ("**Benefit Street**"), for an order pursuant to the Federal Rules of

Bankruptcy Procedure 2004 and 9016 directing document production by and an examination of

the Hotel Manager and document production by Live Oak Bank related to the PPP and EIDL

Loans; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and

1334(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the

Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and no additional notice being

required except as provided herein; and, after due deliberation the Motion having established good

and sufficient cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1.      Benefit Street is authorized pursuant to Fed. R. Bankr. P. 2004 to conduct

examinations of and compel document production by the Hotel Manager and Live Oak Bank

("**Rule 2004 Parties**"), relating to Benefit Street's investigation of the PPP and EIDL Loans,

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries, operates as Franklin Templeton.

including the Rule 2004 Topics,[2] in each case with document production to be limited to a period reasonably related to the PPP and EIDL Loans;

2.     Benefit Street is authorized, pursuant to Fed. R. Bankr. P. 2004(c) and 9016, to serve (a) document and deposition subpoenas to the Hotel Manager and (b) document subpoenas to Live Oak Bank (each, a "**Rule 2004 Examination Request**"), in the forms annexed hereto as Exhibits 1, 2, and 3;

3.     Not later than fourteen (14) days after the service of a Rule 2004 Examination Request for documents, the corresponding Rule 2004 Parties shall produce the documents (including electronically stored information) in their possession, custody or control referenced in such Rule 2004 Examination Request, to be delivered to the offices of Benefit Street's counsel, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036;

4.     Not later than fourteen (14) days after the service of a Rule 2004 Examination Request for oral examination under oath, the Hotel Manager shall designate and produce a company representative for oral examination under oath by counsel for Benefit Street on such date and time, and means, and at such location (including over remote means such as Zoom) as may be designated in writing by counsel to Benefit Street;

5.     Benefit Street's rights are reserved to request additional examinations or documents under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the discovery obtained under this Order;

6.     The production and examination required are subject to any applicable privilege; provided, that if production of a document required to be produced is withheld under an asserted

---

[2] Capitalized terms stated herein shall have the definitions set forth in the Motion, unless otherwise indicated.

privilege, the party asserting privilege with respect to such document shall provide a proper privilege log to the Benefit Street's counsel at the time of document production hereunder; and

7.      This Court retains jurisdiction over all matters arising from or related to implementing this Order.

Dated: White Plains, New York
       July 30, 2021

                                        /s/Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C



**Paycheck Protection Program**
**Borrower Application Form**

OMB Control No.: 3245-0407
Expiration Date: 09/30/2020

| Check One: | ☐ Sole proprietor  ☐ Partnership  ☐ C-Corp  ☐ S-Corp  ☒ LLC ☐ Independent contractor  ☐ Eligible self-employed individual ☐ 501(c)(3) nonprofit  ☐ 501(c)(19) veterans organization ☐ Tribal business (sec. 31(b)(2)(C) of Small Business Act)  ☐ Other | **DBA or Tradename if Applicable** The Williamsburg Hotel |
|---|---|---|

| **Business Legal Name** | | |
|---|---|---|
| The Williamsburg Hotel BK LLC | | |
| **Business Address** | **Business TIN (EIN, SSN)** | **Business Phone** |
| 679 Driggs Avenue, Brooklyn, NY 11211 | 81-2152485 | |
| | **Primary Contact** | **Email Address** |

| Average Monthly Payroll: | $ 504,336.00 | x 2.5 + EIDL, Net of Advance (if Applicable) Equals Loan Request: | $ 1,260,840.01 | Number of Employees: | 130 |
|---|---|---|---|---|---|
| Purpose of the loan (select more than one): | ☒Payroll  ☒Lease / Mortgage Interest  ☒Utilities  ☐Other (explain):_____ | | | | |

**Applicant Ownership**

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| Toby Moskovits | CEO | | | |
| Michael Lichtenstein | President | | | |

*If questions (1) or (2) below are answered "Yes," the loan will not be approved.*

| | Question | Yes | No |
|---|---|---|---|
| 1. | Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | ☐ | ☒ |
| 2. | Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government? | ☐ | ☒ |
| 3. | Is the Applicant or any owner of the Applicant an owner of any other business, or have common management with, any other business? If yes, list all such businesses and describe the relationship on a separate sheet identified as addendum A. | ☒ | ☐ |
| 4. | Has the Applicant received an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020? If yes, provide details on a separate sheet identified as addendum B. | ☐ | ☒ |

*If questions (5) or (6) are answered "Yes," the loan will not be approved.*

| | Question | Yes | No |
|---|---|---|---|
| 5. | Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole? | ☐ | ☒ |
| | Initial here to confirm your response to question 5 →  TM | | |
| 6. | Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment)? | ☐ | ☒ |
| | Initial here to confirm your response to question 6 →  TM | | |
| 7. | Is the United States the principal place of residence for all employees of the Applicant included in the Applicant's payroll calculation above? | ☒ | ☐ |
| 8. | Is the Applicant a franchise that is listed in the SBA's Franchise Directory? | ☐ | ☒ |

SBA Form 2483 (04/20)

1



**Paycheck Protection Program**
**Borrower Application Form**

<u>**By Signing Below, You Make the Following Representations, Authorizations, and Certifications**</u>

<u>CERTIFICATIONS AND AUTHORIZATIONS</u>

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).
- The Applicant (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.
- I will comply, whenever applicable, with the civil rights and other limitations in this form.
- All SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule.
- To the extent feasible, I will purchase only American-made equipment and products.
- The Applicant is not engaged in any activity that is illegal under federal, state or local law.
- Any loan received by the Applicant under Section 7(b)(2) of the Small Business Act between January 31, 2020 and April 3, 2020 was for a purpose other than paying payroll costs and other allowable uses loans under the Paycheck Protection Program Rule.

For Applicants who are individuals:  I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

<u>CERTIFICATIONS</u>

The authorized representative of the Applicant must certify in good faith to all of the below by initialing next to each one:

__TM__    The Applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

__TM__    Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

__TM__    The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

__TM__    The Applicant will provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following this loan.

__TM__    I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities, and not more than 25% of the forgiven amount may be for non-payroll costs.

__TM__    During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program.

__TM__    I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

__TM__    I acknowledge that the lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.

_____        04/14/2020
Signature of Authorized Representative of Applicant        Date

**Toby Moskovits**        **CEO**
_____        _____
Print Name        Title

2



**Paycheck Protection Program**
Borrower Application Form

**Purpose of this form:**

This form is to be completed by the authorized representative of the Applicant and *submitted to your SBA Participating Lender*. Submission of the requested information is required to make a determination regarding eligibility for financial assistance. Failure to submit the information would affect that determination.

**Instructions for completing this form:**

With respect to "purpose of the loan," payroll costs consist of compensation to employees (whose principal place of residence is the United States) in the form of salary, wages, commissions, or similar compensation; cash tips or the equivalent (based on employer records of past tips or, in the absence of such records, a reasonable, good-faith employer estimate of such tips); payment for vacation, parental, family, medical, or sick leave; allowance for separation or dismissal; payment for the provision of employee benefits consisting of group health care coverage, including insurance premiums, and retirement; payment of state and local taxes assessed on compensation of employees; and for an independent contractor or sole proprietor, wage, commissions, income, or net earnings from self-employment or similar compensation.

For purposes of calculating "Average Monthly Payroll," most Applicants will use the average monthly payroll for 2019, excluding costs over $100,000 on an annualized basis for each employee. For seasonal businesses, the Applicant may elect to instead use average monthly payroll for the time period between February 15, 2019 and June 30, 2019, excluding costs over $100,000 on an annualized basis for each employee. For new businesses, average monthly payroll may be calculated using the time period from January 1, 2020 to February 29, 2020, excluding costs over $100,000 on an annualized basis for each employee.

If Applicant is refinancing an Economic Injury Disaster Loan (EIDL): Add the outstanding amount of an EIDL made between January 31, 2020 and April 3, 2020, less the amount of any "advance" under an EIDL COVID-19 loan, to Loan Request as indicated on the form.

All parties listed below are considered owners of the Applicant as defined in 13 CFR § 120.10, as well as "principals":

* For a sole proprietorship, the sole proprietor;

* For a partnership, all general partners, and all limited partners owning 20% or more of the equity of the firm;

* For a corporation, all owners of 20% or more of the corporation;

* For limited liability companies, all members owning 20% or more of the company; and

* Any Trustor (if the Applicant is owned by a trust).

**Paperwork Reduction Act** – You are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated time for completing this application, including gathering data needed, is 8 minutes. Comments about this time or the information requested should be sent to : Small Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416., and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Washington DC 20503.

**Privacy Act (5 U.S.C. 552a)** – Under the provisions of the Privacy Act, you are not required to provide your social security number. Failure to provide your social security number may not affect any right, benefit or privilege to which you are entitled. (But see Debt Collection Notice regarding taxpayer identification number below.) Disclosures of name and personal identifiers are required to provide SBA with sufficient information to make a character determination. When evaluating character, SBA considers the person's integrity, candor, and disposition toward criminal actions. Additionally, SBA is specifically authorized to verify your criminal history, or lack thereof, pursuant to section 7(a)(1)(B), 15 USC Section 636(a)(1)(B) of the Small Business Act (the Act).

**Disclosure of Information** – Requests for information about another party may be denied unless SBA has the written permission of the individual to release the information to the requestor or unless the information is subject to disclosure under the Freedom of Information Act. The Privacy Act authorizes SBA to make certain "routine uses" of information protected by that Act. One such routine use is the disclosure of information maintained in SBA's system of records when this information indicates a violation or potential violation of law, whether civil, criminal, or administrative in nature. Specifically, SBA may refer the information to the appropriate agency, whether Federal, State, local or foreign, charged with responsibility for, or otherwise involved in investigation, prosecution, enforcement or prevention of such violations. Another routine use is disclosure to other Federal agencies conducting background checks but only to the extent the information is relevant to the requesting agencies' function. See, 74 F.R. 14890 (2009), and as amended from time to time for additional background and other routine uses. In addition, the CARES Act, requires SBA to register every loan made under the Paycheck Protection Act using the Taxpayer Identification Number (TIN) assigned to the borrower.

**Debt Collection Act of 1982, Deficit Reduction Act of 1984 (31 U.S.C. 3701 et seq. and other titles)** – SBA must obtain your taxpayer identification number when you apply for a loan. If you receive a loan, and do not make payments as they come due, SBA may: (1) report the status of your loan(s) to credit bureaus, (2) hire a collection agency to collect your loan, (3) offset your income tax refund or other amounts due to you from the Federal Government, (4) suspend or debar you or your company from doing business with the Federal Government, (5) refer your loan to the Department of Justice, or (6) foreclose on collateral or take other action permitted in the loan instruments.

**Right to Financial Privacy Act of 1978 (12 U.S.C. 3401)** – The Right to Financial Privacy Act of 1978, grants SBA access rights to financial records held by financial institutions that are or have been doing business with you or your business including any financial

3

SBA Form 2483 (04/20)



### Paycheck Protection Program
### Borrower Application Form

institutions participating in a loan or loan guaranty. SBA is only required provide a certificate of its compliance with the Act to a financial institution in connection with its first request for access to your financial records. SBA's access rights continue for the term of any approved loan guaranty agreement. SBA is also authorized to transfer to another Government authority any financial records concerning an approved loan or loan guarantee, as necessary to process, service or foreclose on a loan guaranty or collect on a defaulted loan guaranty.

**Freedom of Information Act (5 U.S.C. 552)** – Subject to certain exceptions, SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that will be automatically released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers (and their officers, directors, stockholders or partners), the collateral pledged to secure the loan, the amount of the loan, its purpose in general terms and the maturity. Proprietary data on a borrower would not routinely be made available to third parties. All requests under this Act are to be addressed to the nearest SBA office and be identified as a Freedom of Information request.

**Occupational Safety and Health Act (15 U.S.C. 651 et seq.)** – The Occupational Safety and Health Administration (OSHA) can require businesses to modify facilities and procedures to protect employees. Businesses that do not comply may be fined, forced to cease operations, or prevented from starting operations. Signing this form is certification that the applicant, to the best of its knowledge, is in compliance with the applicable OSHA requirements, and will remain in compliance during the life of the loan.

**Civil Rights (13 C.F.R. 112, 113, 117)** – All businesses receiving SBA financial assistance must agree not to discriminate in any business practice, including employment practices and services to the public on the basis of categories cited in 13 C.F.R., Parts 112, 113, and 117 of SBA Regulations. All borrowers must display the "Equal Employment Opportunity Poster" prescribed by SBA.

**Equal Credit Opportunity Act (15 U.S.C. 1691)** – Creditors are prohibited from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

**Debarment and Suspension Executive Order 12549; (2 CFR Part 180 and Part 2700)** – By submitting this loan application, you certify that neither the Applicant or any owner of the Applicant have certification within the past three years been: (a) debarred, suspended, declared ineligible or voluntarily excluded from participation in a transaction by any Federal Agency; (b) formally proposed for debarment, with a final determination still pending; (c) indicted, convicted, or had a civil judgment rendered against you for any of the offenses listed in the regulations or (d) delinquent on any amounts owed to the U.S. Government or its instrumentalities as of the date of execution of this certification.

4



## ADDENDUM A: AFFILIATE INFORMATION

*This form is incorporated into SBA Form 2483: Paycheck Protection Program Application Form.*

**Business Legal Name ("Business"):**

The Williamsburg Hotel BK, LLC

Is the Business or any owner an owner of any other business or have common management with any other business?  If so, please list the businesses below and describe the relationships.

| Other Business Name | Number of Employees |
|---|---|
| Mint Development Corp. - Common Ownership | 7 |
| Northside Development Holdings, LLC - Common Ownership | 10 |
| Grand Living, LLC - Common Ownership | 1 |
| | |
| | |
| | |
| | |
| | |
| | |

**Any Additional Notes:**



## ADDENDUM B: SBA ECONOMIC INJURY DISASTER LOAN INFORMATION

*This form is incorporated into SBA Form 2483: Paycheck Protection Program Application Form.*

Business Legal Name ("Business"):

**The Williamsburg Hotel BK, LLC**

If the Business received an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020, please provide details here:

CEO

1741 Tiburon Drive, Wilmington, NC 28403    |    Tel 910.790.5867    Fax 910.790.5868    |    www.liveoakbank.com
©2020 Live Oak Banking Company. All rights reserved. Member FDIC. Equal Housing Lender.

# EXHIBIT D

**PPP Forgiveness Data**
**Paychex, Inc.**
**Time Run:** 01/13/2021 03:59:34 PM
**User ID:** 00471R9MIUIFSLVNV6QA
**Period Dates:** 04/20/2020 - 10/04/2020



| Company ID | Company Name | Employees Name | Employee Identifier | Cash Compensation | Employer State / Local Taxes Assessed | Employer Retirement Benefit Costs | Employer Health Benefit Costs | Employee Pay Type | Employee Full-time/ Part-time Status | Avg. Payroll Hours Per Week Entered in Payroll | FTEs based on payroll hours INFORMATIONAL | Avg. FTEs Simplified Method | Over 100K for any 2019 Pay Period | Wage Reduction -8 Weeks | Wage Reduction - 24 Weeks | Q1 2020 Wages | Covered Period Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14058224 | The Williamsburg | Adamowicz, Anna | *****2637 | $7,171.88 | $238.70 | $0.00 | $0.00 | Hourly | | 17.51 | 0.4 | 0.5 | No | | $0.00 | $0.00 | $7,089.00 |
| 14058224 | The Williamsburg | Alcantara, Julio Cesar | *****0354 | $9,212.09 | $306.96 | $0.00 | $0.00 | Hourly | | 15.41 | 0.4 | 0.5 | No | | $0.00 | $0.00 | $3,713.75 |
| 14058224 | The Williamsburg | Alija, Agon | *****8599 | $4,738.30 | $157.76 | $0.00 | $0.00 | Hourly | | 6.23 | 0.2 | 0.5 | No | $0.00 | $0.00 | $778.57 | $1,495.00 |
| 14058224 | The Williamsburg | Alim, Mohammad | *****0279 | $6,432.47 | $8.49 | $0.00 | $0.00 | Hourly | Full Time | 11.07 | 0.3 | 0.5 | No | $0.00 | $0.00 | $5,665.68 | $3,416.25 |
| 14058224 | The Williamsburg | Almazan, Juan | *****3055 | $23,170.27 | $205.25 | $0.00 | $0.00 | Hourly | | 26.42 | 0.7 | 0.5 | Yes | | $1,940.00 | $6,275.00 |
| 14058224 | The Williamsburg | Almonte, Dania | *****5859 | $11,958.75 | $154.88 | $0.00 | $0.00 | Hourly | | 26.93 | 0.7 | 0.5 | No | $0.00 | $0.00 | $6,524.95 | $11,572.00 |
| 14058224 | The Williamsburg Hotel BK LLC | Alvarez Palacios, Ernesto | *****7983 | $6,764.76 | $110.02 | $0.00 | $0.00 | Hourly | | 15.49 | 0.4 | 0.5 | No | $0.00 | $0.00 | $6,822.05 | $6,691.50 |
| 14058224 | The Williamsburg | Arias, Alicia | *****7147 | $5,151.00 | $177.06 | $0.00 | $0.00 | Hourly | Full Time | 12.58 | 0.3 | 0.5 | No | $0.00 | $0.00 | $0.00 | $5,100.00 |
| 14058224 | The Williamsburg | Assanova, Aktoty | *****3888 | $16,092.91 | $38.37 | $0.00 | $0.00 | Hourly | Full Time | 33.50 | 0.8 | 0.5 | No | $0.00 | $0.00 | $8,860.19 | $14,763.01 |
| 14058224 | The Williamsburg | Bacarri, Daniel | *****7304 | $1,440.00 | $48.99 | $0.00 | $0.00 | Hourly | Full Time | 3.33 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $1,440.00 |
| 14058224 | The Williamsburg | Bacchus, Kennedy | *****6844 | $23,843.75 | $49.96 | $0.00 | $0.00 | Hourly | Full Time | 37.99 | 0.9 | 0.5 | No | $0.00 | $0.00 | $12,041.65 | $22,356.25 |
| 14058224 | The Williamsburg | Bacich, Lori | *****8368 | $1,071.64 | $35.46 | $0.00 | $0.00 | Hourly | | 1.23 | 0.0 | 0.5 | No | | $0.00 | $0.00 | $295.00 |
| 14058224 | The Williamsburg | Bance, Lucien | *****8387 | $26,743.20 | $54.11 | $0.00 | $0.00 | Salary | Full Time | 40.00 | 1.0 | 1.0 | No | $0.00 | $0.00 | $14,329.34 | $25,888.39 |
| 14058224 | The Williamsburg | Barker, Nicholas | *****7274 | $3,780.00 | $126.27 | $0.00 | $0.00 | Hourly | Full Time | 7.50 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $3,780.00 |
| 14058224 | The Williamsburg Hotel BK LLC | Barron de Dominguez, Maricela | *****7637 | $4,856.00 | $162.20 | $0.00 | $0.00 | Hourly | | 12.63 | 0.3 | 0.5 | No | $0.00 | $0.00 | $408.34 | $4,832.00 |
| 14058224 | The Williamsburg | Bergman, Boruch | *****3161 | $31,858.07 | $335.85 | $0.00 | $0.00 | Salary | | 37.67 | 0.9 | 0.5 | No | $0.00 | $0.00 | $0.00 | $31,858.07 |
| 14058224 | The Williamsburg | Bernal, Jonathan | *****2654 | $7,111.14 | $236.88 | $0.00 | $0.00 | Hourly | Part Time | 12.55 | 0.3 | 0.5 | No | | $0.00 | $0.00 | $3,082.50 |
| 14058224 | The Williamsburg | Bettencourt, Cyndal | *****2292 | $1,552.16 | $51.37 | $0.00 | $0.00 | Hourly | | 1.95 | 0.0 | 0.5 | Yes | | $0.00 | $2,889.91 | $467.50 |
| 14058224 | The Williamsburg | Bhutia, Phuntsok Paljor | *****4791 | $9,422.25 | $106.53 | $0.00 | $0.00 | Hourly | | 23.06 | 0.6 | 0.5 | No | $0.00 | $0.00 | $7,256.57 | $9,384.00 |
| 14058224 | The Williamsburg | Born, Sophia | *****3678 | $6,772.50 | $17.98 | $0.00 | $0.00 | Salary | | 14.33 | 0.4 | 0.5 | No | $1,889.64 | $3,007.79 | $11,260.47 | $6,457.50 |
| 14058224 | The Williamsburg | Brady, Jessica | *****2344 | $1,725.50 | $57.12 | $0.00 | $0.00 | Hourly | Part Time | 4.23 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $1,725.50 |
| 14058224 | The Williamsburg | Bros, Matilda | *****6763 | $877.09 | $29.02 | $0.00 | $0.00 | Hourly | Part Time | 0.96 | 0.0 | 0.5 | No | | $0.00 | $1,464.29 | $230.00 |
| 14058224 | The Williamsburg | Burenjargal, Anir | *****4257 | $271.65 | $8.99 | $0.00 | $0.00 | Hourly | Part Time | 0.31 | 0.0 | 0.5 | No | | $0.00 | $0.00 | $75.00 |
| 14058224 | The Williamsburg | Bustamante, Andrea | *****7315 | $6,440.91 | $136.66 | $0.00 | $0.00 | Hourly | Full Time | 12.47 | 0.3 | 0.5 | No | $0.00 | $0.00 | $3,942.66 | $3,865.55 |
| 14058224 | The Williamsburg | Camilo, Milton | *****7670 | $15,046.25 | $28.81 | $0.00 | $0.00 | Hourly | | 31.99 | 0.8 | 0.5 | No | $0.00 | $0.00 | $10,288.06 | $14,549.25 |
| 14058224 | The Williamsburg | Cazares, Enrique | *****6409 | $16,730.80 | $24.79 | $0.00 | $0.00 | Other | | 26.67 | 0.7 | 1.0 | Yes | | $10,425.44 | $16,730.80 |
| 14058224 | The Williamsburg Hotel BK LLC | Chimborazo Yupa, Lourdes | *****1464 | $8,971.75 | $298.79 | $0.00 | $0.00 | Hourly | Full Time | 21.76 | 0.5 | 0.5 | No | | $0.00 | $0.00 | $8,691.25 |
| 14058224 | The Williamsburg | Chodon, Wangdu | *****8049 | | $0.00 | $0.00 | $0.00 | Hourly | | 0.33 | 0.0 | 0.5 | No | $0.00 | $0.00 | $6,946.99 | $0.00 |
| 14058224 | The Williamsburg | Chu, Vanessa | *****7048 | $8,307.70 | $11.28 | $0.00 | $0.00 | Salary | Full Time | 10.00 | 0.3 | 1.0 | No | $0.00 | $12,062.12 | $14,711.54 | $8,307.70 |
| 14058224 | The Williamsburg | Clemente, Joseph | *****9224 | $11,069.14 | $15.28 | $0.00 | $0.00 | Hourly | | 13.15 | 0.3 | 0.5 | Yes | | $4,442.14 | $3,155.00 |
| 14058224 | The Williamsburg | Cohen, Evan | *****3569 | $14,580.78 | $304.05 | $0.00 | $0.00 | Salary | | 8.33 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $14,580.78 |
| 14058224 | The Williamsburg | Contreras, Miguel | *****6263 | $3,439.00 | $25.49 | $0.00 | $0.00 | Hourly | | 7.54 | 0.2 | 0.5 | No | $0.00 | $0.00 | $8,381.88 | $3,439.00 |
| 14058224 | The Williamsburg | Cruz Quintero, Adriana | *****8454 | $1,224.00 | $43.33 | $0.00 | $0.00 | Hourly | Full Time | 3.00 | 0.1 | 0.5 | No | $0.00 | $0.00 | $0.00 | $1,224.00 |
| 14058224 | The Williamsburg | Cuapio, Alfredo | *****1987 | $7,158.19 | $170.13 | $0.00 | $0.00 | Hourly | | 17.23 | 0.4 | 0.5 | No | $0.00 | $0.00 | $5,653.66 | $7,029.50 |
| 14058224 | The Williamsburg | Cuartianguiz, Cesar | *****8834 | $5,206.60 | $7.27 | $0.00 | $0.00 | Hourly | | 10.49 | 0.3 | 0.5 | No | $0.00 | $0.00 | $9,266.39 | $5,033.40 |
| 14058224 | The Williamsburg | Defiore, Matthew | *****6459 | $9,871.72 | $16.49 | $0.00 | $0.00 | Salary | Full Time | 16.17 | 0.4 | 0.5 | No | $3,939.22 | $16,404.12 | $16,404.12 | $9,298.26 |
| 14058224 | The Williamsburg | DeGirolamo, Brittany | *****3132 | $8,529.57 | $47.27 | $0.00 | $0.00 | Salary | Full Time | 9.17 | 0.2 | 0.5 | No | $5,963.47 | $7,723.53 | $10,739.64 | $8,529.57 |
| 14058224 | The Williamsburg | Deridovich, Nataliia | *****7213 | $2,723.09 | $92.75 | $0.00 | $0.00 | Salary | Full Time | 4.00 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $2,723.09 |
| 14058224 | The Williamsburg | Diaz Pantaleon, Juan | *****7577 | $7,744.85 | $259.02 | $0.00 | $0.00 | Hourly | | 16.11 | 0.4 | 0.5 | No | | $0.00 | $0.00 | $5,473.05 |
| 14058224 | The Williamsburg | Dordevic, Tamara | *****3260 | $5,098.85 | $168.78 | $0.00 | $0.00 | Hourly | | 8.07 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $1,970.00 |
| 14058224 | The Williamsburg | Dorjee, Tseten | *****3402 | $5,973.38 | $199.30 | $0.00 | $0.00 | Hourly | | 14.64 | 0.4 | 0.5 | No | | $0.00 | $0.00 | $5,967.00 |
| 14058224 | The Williamsburg | Duarte, Arsenio | *****2822 | $5,871.60 | $8.73 | $0.00 | $0.00 | Hourly | | 11.23 | 0.3 | 0.5 | No | $0.00 | $0.00 | $9,871.50 | $5,661.60 |
| 14058224 | The Williamsburg | Dun, Sangmo | *****2001 | $1,496.00 | $50.77 | $0.00 | $0.00 | Hourly | Part Time | 3.67 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $1,496.00 |
| 14058224 | The Williamsburg | El Arabi, Karamallah | *****5827 | $4,680.50 | $155.41 | $0.00 | $0.00 | Hourly | Part Time | 8.48 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $4,680.50 |

**PPP Forgiveness Data**
**Paychex, Inc.**
Time Run: 01/13/2021 03:59:34 PM
User ID: 00471R9MIUIFSLVNV6QA
Period Dates: 04/20/2020 - 10/04/2020

**PAYCHEX**

| Company ID | Company | Employee | SSN | Amount 1 | Amount 2 | Amount 3 | Pay Type | Status | Hrs | Rate | Frac | Flag | Col A | Col B | Col C | Col D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14058224 | The Williamsburg Hotel BK LLC | Elsaid Abdelwahab, Hamdy Mustafa | *****0098 | $3,530.00 | $116.88 | $0.00 | Hourly | | 7.35 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $3,530.00 |
| 14058224 | The Williamsburg | Ervin, Ralph | *****1253 | $6,192.29 | $208.06 | $0.00 | Salary | Full Time | 7.67 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $6,192.29 |
| 14058224 | The Williamsburg | Ferreira, Vaughan | *****4042 | $3,015.36 | $4.30 | $0.00 | Salary | Full Time | 4.08 | 0.1 | 1.0 | No | $0.00 | $18,316.79 | $15,406.55 | $3,015.36 |
| 14058224 | The Williamsburg | Figueroa, Miguel | *****3378 | $1,728.00 | $58.52 | $0.00 | Hourly | Full Time | 4.00 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $1,728.00 |
| 14058224 | The Williamsburg | Fischer, Jessica | *****5887 | $6,605.50 | $219.92 | $0.00 | Hourly | | 11.60 | 0.3 | 0.5 | No | | $0.00 | $0.00 | $6,605.50 |
| 14058224 | The Williamsburg | Garcia Lazaro, Dandy | *****1853 | $4,662.00 | $155.40 | $0.00 | Hourly | Full Time | 10.79 | 0.3 | 0.5 | No | | $0.00 | $0.00 | $4,662.00 |
| 14058224 | The Williamsburg | Garcia, Jorge | *****4671 | $483.87 | $16.01 | $0.00 | Hourly | | 0.83 | 0.0 | 0.5 | No | | $0.00 | $0.00 | $200.00 |
| 14058224 | The Williamsburg | Garcia, Samuel | *****2776 | $4,748.44 | $146.70 | $0.00 | Hourly | | 11.32 | 0.3 | 0.5 | No | $0.00 | $0.00 | $6,151.47 | $4,619.75 |
| 14058224 | The Williamsburg | Gomez, Alberto | *****0473 | $23,888.24 | $36.61 | $0.00 | Salary | | 29.00 | 0.7 | 1.0 | No | $7,316.93 | $2,746.60 | $19,236.27 | $23,888.24 |
| 14058224 | The Williamsburg | Gonzalez, Jose | *****2781 | $2,253.40 | $75.35 | $0.00 | Hourly | | 4.69 | 0.1 | 0.5 | No | $0.00 | $0.00 | $2,860.20 | $2,253.40 |
| 14058224 | The Williamsburg | Gonzalez, Karla | *****7862 | $13,348.88 | $132.89 | $0.00 | Hourly | Full Time | 26.67 | 0.7 | 0.5 | No | $0.00 | $0.00 | $6,911.71 | $12,578.25 |
| 14058224 | The Williamsburg | Gonzalez, Steven | *****1897 | $1,224.00 | $41.77 | $0.00 | Hourly | Full Time | 3.00 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $1,224.00 |
| 14058224 | The Williamsburg | Granger, Jamal | *****3331 | $3,996.33 | $133.85 | $0.00 | Hourly | | 4.43 | 0.1 | 0.5 | No | $0.00 | $0.00 | $1,440.00 | $1,062.50 |
| 14058224 | The Williamsburg | Grichanik, Yelena | *****0601 | $7,788.47 | $257.80 | $0.00 | Salary | | 9.00 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $7,788.47 |
| 14058224 | The Williamsburg | Gross, Miriam | *****8980 | $46,154.64 | $105.29 | $0.00 | Salary | Full Time | 39.33 | 1.0 | 1.0 | Yes | | | $23,866.87 | $49,076.50 |
| 14058224 | The Williamsburg | Grznar, Josef | *****3362 | $10,230.74 | $341.74 | $0.00 | Salary | | 12.67 | 0.3 | 0.5 | No | | $0.00 | $0.00 | $10,230.74 |
| 14058224 | The Williamsburg | Guemah, Farrouk | *****3168 | $12,000.04 | $387.12 | $0.00 | Salary | | 17.33 | 0.4 | 0.5 | No | | $0.00 | $0.00 | $12,000.04 |
| 14058224 | The Williamsburg | Guerpillon, Oceane | *****9453 | $1,242.00 | $41.12 | $0.00 | Hourly | Part Time | 4.63 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $1,242.00 |
| 14058224 | The Williamsburg | Gurung, Karma | *****9896 | $10,089.50 | $266.91 | $0.00 | Hourly | Full Time | 24.71 | 0.6 | 0.5 | No | $0.00 | $0.00 | $3,663.50 | $10,064.00 |
| 14058224 | The Williamsburg | Hassan, Avrohom | *****2040 | $31,711.52 | $395.16 | $0.00 | Salary | Full Time | 40.00 | 1.0 | 0.5 | No | $0.00 | $0.00 | $0.00 | $31,711.52 |
| 14058224 | The Williamsburg | Heinkel, Rachel | *****6452 | $8,203.96 | $273.53 | $0.00 | Hourly | | 18.40 | 0.5 | 0.5 | No | | $0.00 | $0.00 | $7,102.50 |
| 14058224 | The Williamsburg | Hendricks, Desiree | *****8754 | $25,330.74 | $52.74 | $0.00 | Salary | | 41.67 | 1.0 | 1.0 | No | $420.68 | $0.00 | $16,019.81 | $24,619.20 |
| 14058224 | The Williamsburg Hotel BK LLC | Hernandez Portillo, Maria | *****3854 | $2,649.54 | $87.69 | $0.00 | Hourly | Part Time | 6.48 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $2,630.41 |
| 14058224 | The Williamsburg | Hernandez, Mayco | *****4640 | $9,922.50 | $257.27 | $0.00 | Hourly | Full Time | 22.67 | 0.6 | 0.5 | No | $0.00 | $0.00 | $3,875.94 | $9,531.00 |
| 14058224 | The Williamsburg | Herubin, Stanislawa | *****1668 | $2,286.00 | $80.93 | $0.00 | Hourly | Full Time | 5.29 | 0.1 | 0.5 | No | $0.00 | $0.00 | $0.00 | $2,286.00 |
| 14058224 | The Williamsburg | Hubbard, Ellis | *****2326 | $4,463.47 | $148.72 | $0.00 | Hourly | Full Time | 8.20 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $2,340.00 |
| 14058224 | The Williamsburg | Huerfano, Daniela | *****9973 | $11,038.43 | $368.47 | $0.00 | Salary | Full Time | 13.67 | 0.3 | 0.5 | No | | $0.00 | $0.00 | $11,038.43 |
| 14058224 | The Williamsburg | Huerta, Veronica | *****9446 | $2,282.25 | $76.53 | $0.00 | Hourly | Part Time | 5.59 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $2,282.25 |
| 14058224 | The Williamsburg | Infante, Juan | *****8236 | $4,344.30 | $5.36 | $0.00 | Hourly | | 7.35 | 0.2 | 0.5 | No | $0.00 | $0.00 | $3,417.45 | $1,765.00 |
| 14058224 | The Williamsburg | Jackson, Tywanna | *****8409 | $2,450.00 | $2.71 | $0.00 | Salary | | 4.67 | 0.1 | 1.0 | No | $0.00 | $17,270.88 | $14,242.86 | $2,450.00 |
| 14058224 | The Williamsburg | Johnson, Kimberly | *****3632 | $12,124.86 | $387.28 | $0.00 | Hourly | Part Time | 14.80 | 0.4 | 0.5 | No | | $0.00 | $0.00 | $3,552.50 |
| 14058224 | The Williamsburg | Kalyasev, Igor | *****7199 | $5,712.00 | $189.04 | $0.00 | Hourly | Full Time | 11.32 | 0.3 | 0.5 | No | | $0.00 | $0.00 | $5,696.25 |
| 14058224 | The Williamsburg | Karp, Julia | *****8522 | $6,268.59 | $209.31 | $0.00 | Hourly | Part Time | 6.77 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $1,625.00 |
| 14058224 | The Williamsburg | Khan, Iman | *****6297 | $2,745.00 | $91.97 | $0.00 | Hourly | Full Time | 7.63 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $2,745.00 |
| 14058224 | The Williamsburg | Kim, Sehee | *****8752 | $9,300.02 | $310.54 | $0.00 | Salary | Full Time | 13.00 | 0.3 | 0.5 | No | | $0.00 | $0.00 | $9,300.02 |
| 14058224 | The Williamsburg | Kirschner, Mark | *****7032 | $46,154.64 | $112.07 | $0.00 | Salary | | 38.00 | 1.0 | 1.0 | Yes | | | $27,725.24 | $50,230.76 |
| 14058224 | The Williamsburg | Kogut, Angelika | *****6251 | $1,946.50 | $64.44 | $0.00 | Hourly | Full Time | 4.77 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $1,946.50 |
| 14058224 | The Williamsburg | Kotsovska, Iryna | *****7328 | $5,414.50 | $182.04 | $0.00 | Hourly | | 13.27 | 0.3 | 0.5 | No | $0.00 | $0.00 | $0.00 | $5,414.50 |
| 14058224 | The Williamsburg | Krasniqi, Gentil | *****1500 | $6,945.23 | $10.42 | $0.00 | Hourly | | 8.73 | 0.2 | 0.5 | Yes | | | $6,331.35 | $3,573.00 |
| 14058224 | The Williamsburg | Kropiwnicki, Julita | *****8263 | $46,154.64 | $122.34 | $0.00 | Salary | Full Time | 40.00 | 1.0 | 1.0 | Yes | | | $33,501.35 | $59,254.77 |
| 14058224 | The Williamsburg | Kumpulainien, Corey | *****3687 | $18,400.00 | $370.68 | $0.00 | Salary | | 15.83 | 0.4 | 0.5 | No | | $0.00 | $0.00 | $18,400.00 |
| 14058224 | The Williamsburg | Larrea Gamboa, Maria | *****8487 | $2,401.40 | $81.27 | $0.00 | Hourly | Part Time | 2.79 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $670.00 |
| 14058224 | The Williamsburg | Lee, Brianna | *****3370 | $680.00 | $22.77 | $0.00 | Hourly | | 1.67 | 0.0 | 0.5 | No | $0.00 | $0.00 | $2,188.75 | $680.00 |
| 14058224 | The Williamsburg | Lengani, Ibrahim | *****9401 | $4,326.50 | $144.42 | $0.00 | Hourly | Full Time | 10.56 | 0.3 | 0.5 | No | | $0.00 | $0.00 | $4,275.50 |
| 14058224 | The Williamsburg | Lewis, Nyeelah | *****4113 | $7,870.00 | $262.85 | $0.00 | Hourly | Full Time | 16.40 | 0.4 | 0.5 | No | | $0.00 | $0.00 | $7,870.00 |
| 14058224 | The Williamsburg | Lisker, Daniella | *****1070 | $38,336.56 | $453.12 | $0.00 | Salary | | 43.33 | 1.0 | 0.5 | No | $0.00 | $0.00 | $0.00 | $38,336.56 |
| 14058224 | The Williamsburg | Magtzul Tuy, Felix Mario | *****7443 | $16,920.88 | $396.67 | $0.00 | Hourly | Part Time | 22.58 | 0.6 | 0.5 | No | | $0.00 | $0.00 | $5,345.00 |
| 14058224 | The Williamsburg | Mahamed, Muna | *****4846 | $7,493.73 | $249.38 | $0.00 | Hourly | | 11.09 | 0.3 | 0.5 | No | | $0.00 | $0.00 | $3,973.25 |
| 14058224 | The Williamsburg | Mahmud, Ashif | *****8037 | $1,118.11 | $37.01 | $0.00 | Hourly | | 1.85 | 0.0 | 0.5 | No | $0.00 | $0.00 | $3,870.09 | $445.00 |
| 14058224 | The Williamsburg | Makayan, Kevin | *****4847 | $1,361.50 | $45.05 | $0.00 | Hourly | | 1.52 | 0.0 | 0.5 | Yes | | | $0.00 | $365.00 |
| 14058224 | The Williamsburg | Manfredo, Joseph | *****4753 | $13,730.73 | $389.41 | $0.00 | Salary | | 18.00 | 0.5 | 0.5 | No | | $0.00 | $0.00 | $13,730.73 |
| 14058224 | The Williamsburg | Mantilla, Concepcion | *****7629 | $6,086.88 | $106.29 | $0.00 | Hourly | Full Time | 14.55 | 0.4 | 0.5 | No | $0.00 | $0.00 | $7,239.57 | $5,814.00 |

**PPP Forgiveness Data**
**Paychex, Inc.**
Time Run: 01/13/2021 03:59:34 PM
User ID: 00471R9MIUIFSLVNV6QA
Period Dates: 04/20/2020 - 10/04/2020

**PAYCHEX**

| Loan ID | Business | Name | SSN | Amt1 | Amt2 | Amt3 | Type | FT/PT | Hours | D1 | D2 | Y/N | Amt4 | Amt5 | Amt6 | Amt7 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14058224 | The Williamsburg | Manuel, Grant | *****5699 | $10,875.04 | $14.63 | $0.00 | Salary | | 15.67 | 0.4 | 1.0 | No | $0.00 | $11,320.68 | $16,030.24 | $10,875.04 |
| 14058224 | The Williamsburg | Martinez, Nelson | *****7883 | $15,363.75 | $394.88 | $0.00 | Salary | | 24.54 | 0.6 | 0.5 | No | $0.00 | $0.00 | $0.00 | $15,363.75 |
| 14058224 | The Williamsburg | Martinez, Nicholas | *****5292 | $1,372.75 | $45.75 | $0.00 | Hourly | | 3.36 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $1,372.75 |
| 14058224 | The Williamsburg | Martinez, Valentin | *****9127 | $3,310.87 | $110.65 | $0.00 | Hourly | Full Time | 7.88 | 0.2 | 0.5 | No | | $0.00 | $4,622.01 | $3,213.00 |
| 14058224 | The Williamsburg | Matera, Ewa | *****5914 | $11,861.76 | $392.30 | $0.00 | Hourly | Full Time | 28.86 | 0.7 | 0.5 | No | | $0.00 | $0.00 | $11,606.75 |
| 14058224 | The Williamsburg Hotel BK LLC | Matias Ruiz, Jose Rodolfo | *****9598 | $6,480.18 | $102.18 | $0.00 | Hourly | | 14.65 | 0.4 | 0.5 | No | | $0.00 | $7,367.64 | $6,328.44 |
| 14058224 | The Williamsburg | Mccarthy, Kerrel | *****6353 | $2,133.69 | $70.63 | $0.00 | Hourly | | 4.52 | 0.1 | 0.5 | No | $0.00 | $0.00 | $3,798.71 | $1,085.00 |
| 14058224 | The Williamsburg | Meckl, Jesse | *****9933 | $1,262.25 | $41.78 | $0.00 | Hourly | Part Time | 3.09 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $1,262.25 |
| 14058224 | The Williamsburg Hotel BK LLC | Medrano Barzola, Serafina | *****5689 | $4,365.00 | $145.51 | $0.00 | Hourly | Part Time | 10.10 | 0.3 | 0.5 | No | | $0.00 | $0.00 | $4,365.00 |
| 14058224 | The Williamsburg | Melendres, Dennis | *****9629 | $18,415.63 | $44.30 | $0.00 | Hourly | Full Time | 36.16 | 0.9 | 0.5 | No | $0.00 | $0.00 | $8,549.83 | $16,002.00 |
| 14058224 | The Williamsburg | Metok, Tenzin | *****2616 | $10,004.50 | $92.29 | $0.00 | Hourly | | 24.46 | 0.6 | 0.5 | No | $0.00 | $0.00 | $7,282.82 | $9,928.00 |
| 14058224 | The Williamsburg | Monroy, Jose Raul | *****3427 | $27,587.51 | $424.97 | $0.00 | Hourly | | 54.02 | 1.0 | 1.0 | No | $0.00 | $0.00 | $0.00 | $20,536.75 |
| 14058224 | The Williamsburg | Moussa, Traore | *****5208 | $9,400.88 | $134.91 | $0.00 | Hourly | | 23.61 | 0.6 | 0.5 | No | $0.00 | $0.00 | $6,928.94 | $9,252.38 |
| 14058224 | The Williamsburg | Murphy, Shanon | *****8705 | $745.22 | $24.67 | $0.00 | Hourly | Part Time | 1.41 | 0.0 | 0.5 | No | | $0.00 | $0.00 | $377.50 |
| 14058224 | The Williamsburg | Natuzzi, Olivia | *****4664 | $13,349.50 | $109.35 | $0.00 | Hourly | Full Time | 23.60 | 0.6 | 0.5 | No | | $0.00 | $7,970.11 | $13,029.50 |
| 14058224 | The Williamsburg | Nguyen, Pierre | *****9348 | $9,064.63 | $302.35 | $0.00 | Hourly | | 19.51 | 0.5 | 0.5 | No | $0.00 | $0.00 | $703.00 | $8,854.00 |
| 14058224 | The Williamsburg | Nuding, Natalie | *****0344 | $1,013.46 | $33.54 | $0.00 | Hourly | Part Time | 1.19 | 0.0 | 0.5 | No | | $0.00 | $0.00 | $285.00 |
| 14058224 | The Williamsburg Hotel BK LLC | Pahukoa-Mirafuentes, Lawrence | *****3124 | $2,436.18 | $81.45 | $0.00 | Hourly | Full Time | 5.34 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $2,436.18 |
| 14058224 | The Williamsburg | Paul, Jean | *****8467 | $13,340.00 | $46.76 | $0.00 | Hourly | | 26.76 | 0.7 | 0.5 | No | $0.00 | $0.00 | $8,744.23 | $12,815.00 |
| 14058224 | The Williamsburg | Perez, Jesus | *****7953 | $5,888.01 | $20.00 | $0.00 | Hourly | | 10.30 | 0.3 | 0.5 | No | $0.00 | $0.00 | $10,057.43 | $5,068.01 |
| 14058224 | The Williamsburg | Perez, Nathalia | *****8037 | $4,850.00 | $160.56 | $0.00 | Hourly | | 12.48 | 0.3 | 0.5 | No | | $0.00 | $0.00 | $4,676.00 |
| 14058224 | The Williamsburg | Phuntsok, Tenzing | *****7770 | $10,372.50 | $174.20 | $0.00 | Hourly | | 23.97 | 0.6 | 0.5 | No | $0.00 | $0.00 | $5,451.43 | $10,318.50 |
| 14058224 | The Williamsburg | Posner, Eliezer | *****0312 | $20,730.78 | $434.81 | $0.00 | Salary | | 23.33 | 0.6 | 0.5 | No | $0.00 | $0.00 | $0.00 | $20,730.78 |
| 14058224 | The Williamsburg | Quintero, Paul | *****9949 | $14,180.97 | $0.00 | $0.00 | Hourly | Full Time | 23.29 | 0.6 | 0.5 | No | $0.00 | $0.00 | $11,517.46 | $13,536.36 |
| 14058224 | The Williamsburg | Qurashi, Mudassir | *****2242 | $32,283.62 | $0.00 | $0.00 | Salary | | 40.00 | 1.0 | 1.0 | Yes | | $19,638.78 | $31,139.39 |
| 14058224 | The Williamsburg | Ramirez, Daniel | *****2171 | $5,936.63 | $197.82 | $0.00 | Hourly | | 12.34 | 0.3 | 0.5 | No | | $0.00 | $0.00 | $3,275.00 |
| 14058224 | The Williamsburg | Ramirez, Raul | *****5744 | $12,036.50 | $33.95 | $0.00 | Hourly | | 22.33 | 0.6 | 0.5 | No | $0.00 | $0.00 | $12,707.41 | $11,296.12 |
| 14058224 | The Williamsburg | Rauch, Jeremy | *****6336 | $46,154.64 | $107.08 | $0.00 | Salary | Full Time | 40.00 | 1.0 | 1.0 | Yes | | $0.00 | $27,725.24 | $46,153.84 |
| 14058224 | The Williamsburg | Redondo Ferrell, Juliana | *****7590 | $2,635.91 | $88.69 | $0.00 | Hourly | Part Time | 3.06 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $735.00 |
| 14058224 | The Williamsburg | Reedy, Dax | *****8433 | $1,669.50 | $55.29 | $0.00 | Hourly | Part Time | 3.86 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $1,669.50 |
| 14058224 | The Williamsburg | Rooney, Claire | *****0605 | $3,589.13 | $118.78 | $0.00 | Hourly | | 10.16 | 0.3 | 0.5 | No | | $0.00 | $0.00 | $3,531.75 |
| 14058224 | The Williamsburg | Rosario, Giovanni | *****2975 | $691.42 | $23.03 | $0.00 | Hourly | | 1.23 | 0.0 | 0.5 | No | $0.00 | $0.00 | $1,967.82 | $295.00 |
| 14058224 | The Williamsburg | Rosenbloom, Hannah | *****3666 | $7,753.00 | $258.39 | $0.00 | Hourly | Full Time | 18.47 | 0.5 | 0.5 | No | | $0.00 | $0.00 | $6,229.00 |
| 14058224 | The Williamsburg | Ruiz, Ricardo | *****7915 | $700.18 | $23.18 | $0.00 | Hourly | Full Time | 2.02 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $470.00 |
| 14058224 | The Williamsburg Hotel BK LLC | Saldana Quito, Carolina Estefania | *****4568 | $14,207.15 | $176.23 | $0.00 | Hourly | | 33.99 | 0.8 | 0.5 | No | | $0.00 | $6,521.28 | $13,734.40 |
| 14058224 | The Williamsburg | Sanchez, Rafael | *****4389 | $5,926.88 | $197.34 | $0.00 | Hourly | | 15.03 | 0.4 | 0.5 | No | $0.00 | $0.00 | $4,064.52 | $5,676.00 |
| 14058224 | The Williamsburg | Santos, Misael | *****0983 | $3,797.38 | $127.13 | $0.00 | Hourly | Part Time | 9.28 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $3,765.50 |
| 14058224 | The Williamsburg | Sart, Alexandre | *****4918 | $9,000.00 | $297.96 | $0.00 | Salary | Full Time | 6.67 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $9,000.00 |
| 14058224 | The Williamsburg | Sassen, Brian | *****0975 | $744.69 | $24.65 | $0.00 | Hourly | | 0.88 | 0.0 | 0.5 | No | | $0.00 | $0.00 | $210.00 |
| 14058224 | The Williamsburg | Schepansky, Moshe | *****8282 | $46,154.64 | $392.11 | $0.00 | Salary | | 39.33 | 1.0 | 0.5 | No | $0.00 | $0.00 | $0.00 | $72,273.77 |
| 14058224 | The Williamsburg | Shepperd, Jennifer | *****7040 | $2,983.31 | $100.18 | $0.00 | Hourly | Part Time | 3.51 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $842.50 |
| 14058224 | The Williamsburg | Sherpa, Gelbu | *****0418 | $4,021.83 | $133.90 | $0.00 | Hourly | | 7.17 | 0.2 | 0.5 | No | $0.00 | $0.00 | $3,485.23 | $2,427.50 |
| 14058224 | The Williamsburg | Sheynkman, Jonathan | *****8573 | $32,461.52 | $435.62 | $0.00 | Salary | | 43.33 | 1.0 | 0.5 | No | $0.00 | $0.00 | $0.00 | $32,461.52 |
| 14058224 | The Williamsburg | Smith, Jade | *****3735 | $2,297.34 | $77.59 | $0.00 | Hourly | | 3.90 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $935.00 |
| 14058224 | The Williamsburg | Sozanska, Ewa | *****4856 | $6,863.00 | $89.26 | $0.00 | Hourly | | 14.20 | 0.4 | 0.5 | No | $0.00 | $0.00 | $7,425.88 | $6,623.00 |
| 14058224 | The Williamsburg | Stong, Emily | *****9192 | $912.00 | $31.77 | $0.00 | Hourly | Part Time | 2.00 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $912.00 |
| 14058224 | The Williamsburg | Stroud, Tatyianna | *****1890 | $3,767.20 | $125.40 | $0.00 | Hourly | | 9.81 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $3,767.20 |
| 14058224 | The Williamsburg | Tarrats, Fernando | *****6026 | $15,490.00 | $33.94 | $0.00 | Hourly | | 31.27 | 0.8 | 0.5 | No | $0.00 | $0.00 | $10,101.60 | $15,010.00 |
| 14058224 | The Williamsburg | Tenzin Dawa, FNU | *****5435 | $816.00 | $27.01 | $0.00 | Hourly | | 2.00 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $816.00 |
| 14058224 | The Williamsburg | Tenzin Tsering, FNU | *****9872 | $12,962.50 | $395.48 | $0.00 | Hourly | Full Time | 31.63 | 0.8 | 0.5 | No | $0.00 | $0.00 | $0.00 | $12,784.00 |

**PPP Forgiveness Data**
**Paychex, Inc.**
Time Run: 01/13/2021 03:59:34 PM
User ID: 00471R9MIUIFSLVNV6QA
Period Dates: 04/20/2020 - 10/04/2020

**PAYCHEX**

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14058224 | The Williamsburg | Tenzin, Sherub | *****5787 | $10,282.88 | $116.39 | $0.00 | Hourly | | 25.14 | 0.6 | 0.5 | No | $0.00 | $0.00 | $7,324.01 | $10,200.00 |
| 14058224 | The Williamsburg | Thomas, Belmary | *****8567 | $1,089.74 | $36.82 | $0.00 | Hourly | Full Time | 1.39 | 0.0 | 0.5 | No | $0.00 | $0.00 | $9,046.46 | $764.75 |
| 14058224 | The Williamsburg | Thomas, Lorraine | *****3551 | $9,076.94 | $302.60 | $0.00 | Other | Full Time | 14.00 | 0.4 | 0.5 | No | | $0.00 | $0.00 | $9,076.94 |
| 14058224 | The Williamsburg | Toribio Torres, Dany | *****3672 | $1,823.98 | $60.36 | $0.00 | Hourly | | 3.43 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $1,233.75 |
| 14058224 | The Williamsburg | Trzaska, Batrosz | *****5623 | $1,145.80 | $40.57 | $0.00 | Hourly | | 2.81 | 0.1 | 0.5 | No | $0.00 | $0.00 | $0.00 | $1,145.80 |
| 14058224 | The Williamsburg | Tseten, Dawa | *****8462 | $6,596.00 | $219.90 | $0.00 | Hourly | | 16.07 | 0.4 | 0.5 | No | | $0.00 | $0.00 | $6,481.25 |
| 14058224 | The Williamsburg | Tsirlin, Jonathan | *****6631 | $2,423.08 | $82.43 | $0.00 | Salary | Full Time | 5.00 | 0.1 | 0.5 | No | | $0.00 | $0.00 | $2,423.08 |
| 14058224 | The Williamsburg | Urbina, Joseph | *****1202 | $1,826.99 | $3.16 | $0.00 | Hourly | | 3.40 | 0.1 | 0.5 | Yes | | | $4,095.12 | $815.00 |
| 14058224 | The Williamsburg | Van Dette, Taylor | *****2888 | $699.24 | $23.14 | $0.00 | Hourly | | 1.42 | 0.0 | 0.5 | No | | $0.00 | $0.00 | $367.50 |
| 14058224 | The Williamsburg | Wakkary, Frederick | *****8074 | $7,097.54 | $162.48 | $0.00 | Hourly | | 13.18 | 0.3 | 0.5 | No | $0.00 | $0.00 | $2,605.00 | $3,162.50 |
| 14058224 | The Williamsburg | Walter, Amber | *****2451 | $842.38 | $28.41 | $0.00 | Hourly | Part Time | 1.41 | 0.0 | 0.5 | No | | $0.00 | $0.00 | $337.50 |
| 14058224 | The Williamsburg | Wanpen, Chackapong | *****9422 | $537.12 | $1.83 | $0.00 | Salary | Full Time | 1.00 | 0.0 | 0.5 | No | $4,370.90 | $4,370.90 | $13,855.42 | $537.12 |
| 14058224 | The Williamsburg | Williams, Steven | *****2579 | $9,409.42 | $12.30 | $0.00 | Hourly | Full Time | 11.85 | 0.3 | 0.5 | Yes | | | $6,111.41 | $5,121.00 |
| 14058224 | The Williamsburg | Yan, Louis | *****7088 | $7,442.28 | $8.97 | $0.00 | Salary | | 8.00 | 0.2 | 1.0 | Yes | | | $23,571.42 | $7,442.28 |
| 14058224 | The Williamsburg | Yanez, Ariana | *****5576 | $4,754.88 | $160.08 | $0.00 | Hourly | Full Time | 8.36 | 0.2 | 0.5 | No | | $0.00 | $0.00 | $2,365.75 |
| 14058224 | The Williamsburg | YongDrung Gurmey, Fnu | *****8011 | $1,360.00 | $48.14 | $0.00 | Hourly | | 3.33 | 0.1 | 0.5 | No | $0.00 | $0.00 | $6,970.61 | $1,360.00 |
| 14058224 | The Williamsburg | Zhumi Dutan, Luis | *****4065 | $475.17 | $15.73 | $0.00 | Hourly | Part Time | 1.09 | 0.0 | 0.5 | No | | $0.00 | $0.00 | $262.50 |
| 14058224 | | Subtotal | | $1,452,683.43 | $21,813.90 | $0.00 | | | | 89.0 | | | $23,900.84 | $81,442.45 | $655,506.07 | $1,349,600.86 |
| | | Total | | $1,452,683.43 | $21,813.90 | $0.00 | | | | 89.0 | | | $23,900.84 | $81,442.45 | $655,506.07 | $1,349,600.86 |

**Legal Disclaimer**

The Loan Forgiveness Estimator (Estimator), Loan Forgiveness Report (Report), and any loan forgiveness application forms generated from Paychex Flex are based solely on information you provided. You are solely responsible for reviewing the Estimator, the Report, and their underlying assumptions and making any required changes prior to generating your loan forgiveness application form. We are not responsible for any errors resulting from incorrect information or assumptions. The Estimator and Report are based on the CARES Act, PPP Flexibility Act of 2020, the SBA Interim Final Rules, the loan forgiveness applications, and related guidance as of the date listed below and are subject to change. If further law, regulation, or guidance requires updating either the Estimator, the Report, or the loan forgiveness application forms, you are solely responsible for obtaining an updated report. We are not responsible for the accuracy of the Estimator, the Report, or any loan application forms generated from Paychex Flex and are not responsible for any errors or omissions contained in the Estimator, the Report, or the loan application forms. You are solely responsible for seeking loan forgiveness and reviewing and certifying the correctness of the information contained in your loan forgiveness application. The Estimator, the Report, and any loan applications generated from Paychex Flex are included in your payroll services and provided subject to the terms and conditions of your service agreement with us. The information in these materials should not be considered legal, accounting, investment, or fiduciary advice. If you require legal or investment advice or need other professional assistance, you should always consult your attorney or other professional advisor to discuss your particular facts and circumstances.

Rev. 10/14/2020

# EXHIBIT E

 LiveOak Bank.

February 25, 2021

**VIA Electronic Mail**

The Williamsburg Hotel BK LLC
Attn: Toby Moskovits: toby@heritage-equity.com

Re:     Proposed second draw PPP loan ("Proposed Loan") from Live Oak Banking Company ("Lender")
        to The Williamsburg Hotel BK LLC (the "Borrower") in the amount of $2,000,000.00

Dear Ms. Moskovits:

I am writing on behalf of the Lender in connection with the Proposed Loan (as defined above).  It has come to our attention that the Borrower's beneficial owners – Toby Moskovits and Yechial Michael Lichtenstein – are also co-owners of 96 Wythe Acquisition, LLC, an entity that recently filed bankruptcy on February 23, 2021 in connection with the Williamsburg Hotel property.  This entity was not disclosed on the SBA Form 2483 or Live Oak Bank's Addendum A for the first draw PPP loan, nor was it disclosed on the application for the Proposed Loan.  Upon further investigation of the beneficial owners, there were significant outstanding liens and judgments indicated against Ms. Moskovits and Mr. Lichtenstein.

Based on the forgoing, this letter is to notify you that Lender declines to issue the Proposed Loan.  As you know, no proposal letter or commitment letter was ever issued regarding the Proposed Loan.

Please forward all future correspondence relating to this matter to my attention at the address stated herein.

Very truly yours,

Edward T. Shipley, III
SVP - Managing Counsel



DEDICATED
TO THE
DOERS.

1741 Tiburon Dr
Wilmington, NC 28403
liveoakbank.com

©2020 Live Oak Banking Company. All rights reserved. Member FDIC. Equal Housing Lender. ⌂

# EXHIBIT F

DocuSign Envelope ID: AB9B8EC6-7461-4B0C-8EDF-D52EE0F8AE45

# LOAN AGREEMENT

THIS LOAN AGREEMENT, made and entered into this 18 day of April_____, 2020, by and between The Williamsburg Hotel BK LLC_____ (collectively, "Borrower") and Live Oak Banking Company ("Lender").

## W I T N E S S E T H

WHEREAS, of even date herewith, Lender and Borrower have entered into that certain U.S. Small Business Administration ("SBA") loan wherein the Lender agreed to provide a loan (the "Loan") to Borrower for up

ONE MILLION, FOUR HUNDRED THIRTY EIGHT THOUSAND_____ and 00 /100 DOLLARS ($1,438,000.00_____) under the Paycheck Protection Program offered by the SBA under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), section 7(a)(36) of the Small Business Act; and

WHEREAS, in order to loan funds to Borrower, Lender enters into this Loan Agreement with Borrower for the purposes herein contained; and

NOW, THEREFORE, for and in consideration of the premises, the sum of Ten ($10.00) Dollars and other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

## ARTICLE I
## AMOUNT AND TERMS OF LOAN

1.1     RECITALS. Each of the above recitals are hereby incorporated into and made a part of this Agreement by this reference.

1.2     LOAN AND NOTE. The term "Loan" herein shall refer to the indebtedness of Borrower to Lender evidenced by a Note in the original principal amount of

ONE MILLION, FOUR HUNDRED THIRTY EIGHT THOUSAND_____ and 00/100 DOLLARS ($1,438,000.00_____) in form satisfactory to Lender (the "Note").

DocuSign Envelope ID: AB9B8EC5-7461-4B0C-8EDF-D52EE0FBAE45

1.3    FORGIVENESS.  The Note is subject to partial or full forgiveness, the terms of which are dictated by the SBA, the CARES Act, section 7(a)(36) of the Small Business Act, all rules and regulations promulgated thereunder including, without limitation, Interim Final Rule RIN 3245-AH34, subsequent SBA guidance, and the Code of Federal Regulations (the "Forgiveness").  The Loan can be forgiven up to the full principal amount of the Loan in the event that Borrower (i) uses all proceeds for eligible purposes; (ii) maintains certain employment levels; and (iii) maintains certain compensation levels, in each case in accordance with and subject to the CARES Act and the rules, regulations and guidance promulgated thereunder.  Borrower acknowledges that the calculation methodology for the amount of Forgiveness (the "Forgiveness Amount") is solely dictated by SBA and federal rules, regulations, and laws, and is not dictated by the policies, procedures, or guidelines of Lender.  Therefore, Borrower agrees to hold Lender and its respective affiliates, subsidiaries, directors, officers and employees ("Lender Parties") harmless against, and releases Lender Parties from, all losses, claims, and damages which Borrower and its affiliates, subsidiaries, directors, officers and employees incur arising out of or relating to the Forgiveness and the calculation of the Forgiveness Amount. In connection with and at any and all times following the Forgiveness, Borrower agrees to execute and deliver any and all documents that may be required by the Lender to evidence the Forgiveness Amount, the revised outstanding balance and amortization of the Loan, and the monthly principal and interest payments due under the Note for the remainder of its term.

1.4    FORGIVENESS DOCUMENTATION.  As a part of the application for the Loan, Borrower has provided Lender certain documentation verifying the number of full-time equivalent employees on the Borrower's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, covered utilities for the Loan, and other supporting documentation ("Documentation").  Any request for Forgiveness must be accompanied with supporting documentation similar in form and fashion to the Documentation, as well as any other tax filings, cancelled checks and additional information Lender or SBA may request.

1.5    USE OF PROCEEDS.  Borrower shall only use the proceeds of the Loan for purposes authorized under the CARES Act and the rules, regulations and guidance promulgated thereunder.  Borrower shall not use any proceeds of the Loan for (i) personal, family or household purposes; (ii) payments, distributions or loans to Borrower or any associate or principal of Borrower, except for compensation actually rendered at a fair and reasonable rate; (iii) payments of delinquent Internal Revenue Service withholding/payroll taxes; or (iv) payments towards personal debt.

## ARTICLE II
## CONDITION OF LENDING

2.1    CONDITIONS PRECEDENT TO THE LOAN. As a condition precedent to Lender making the Loan, the Borrower shall deliver to Lender on or before the date of the Loan closing, the following, in form and substance satisfactory to Lender:

a.    Note; and

DocuSign Envelope ID: AB9B5EC5-7461-4B0C-8EDF-D52EE0F9AE15

        b.      Such other documents as reasonably may be required by the Lender or Lender's counsel.

The Loan documents as provided above (collectively, the "Loan Documents"), when prepared, shall set forth the matters contained in the Loan Agreement and contain such other provisions as are deemed necessary or desirable by Lender. The form and substance of all such documents must be satisfactory to Lender prior to disbursement by Lender of any of the proceeds of the Loan.

## ARTICLE III
## REPRESENTATIONS AND WARRANTIES OF BORROWER

The Borrower represents and warrants to, and agrees with the Lender as follows:

3.1     POWER AND AUTHORIZATION.

        a.      The Borrower has authorized the execution and delivery of the Note and all other documents contemplated by this Loan Agreement, and such execution and delivery will not violate any law, or any other agreement to which Borrower is a party.

        b.      This Loan Agreement constitutes, and upon execution and delivery thereof, the Note, and the Loan Documents will constitute, legal, valid and binding obligations of the Borrower enforceable against the Borrower.

3.2     BORROWER AND OPERATING COMPANY CERTIFICATIONS.  The Borrower, for itself and its operating company, affirm that the SBA representations and certifications stated in **Exhibit A** are true and correct and are incorporated by reference.

3.3     FINANCIAL CONDITION. The reports and financial statements of Borrower submitted to Lender in connection with the Loan have been prepared from Borrower's records in accordance with generally accepted accounting principles and practices, consistently applies, fairly reflect the financial condition of Borrower for the periods therein defined. No material adverse changes have since occurred.

## ARTICLE IV
## COVENANTS BY BORROWER

Until all the obligations of Borrower under this Agreement have been performed and paid in full, Borrower covenants and agrees as follows:

4.1     MAINTENANCE OF BUSINESS AND CORPORATE EXISTENCE. Borrower shall comply with all valid and applicable statutes, ordinances, rules and regulations and shall keep in force and effect all licenses, permits, bonds and franchises necessary for the proper conduct of its business.

DocuSign Envelope ID: AB9B8FC6-7461-4B0C-9EDF-D52EE0EBAE45

4.2     MANAGEMENT AND OWNERSHIP. No material change shall be made without the prior written consent of Lender in the management or ownership of Borrower, or in the manner in which its business is conducted. Said consent shall not be unreasonably withheld by Lender.

4.3     TAXES. Borrower shall pay promptly, when due, all taxes, assessments and governmental charges or levies imposed upon the Borrower or upon the income or any property of the Borrower.

4.4     EXAMINATION OF RECORDS. Borrower shall permit any representative of Lender to examine and to audit any or all of Borrower's books and records and to copy portions thereof upon receipt of reasonable notification and request.

4.5     USA PATRIOT ACT VERIFICATION INFORMATION. Borrower shall provide evidence of its legal name, tax identification number, and street address, and a driver's license and date of birth (if the Borrower is an individual), satisfactory to and sufficient for the Bank to verify the identity of the Borrower, as required under the USA Patriot Act. Borrower shall notify Bank promptly of any change in such information.

## ARTICLE V
## EVENTS OF DEFAULT

5.1     The occurrence of any one or more of the following shall constitute an "Event of Default":

a.      Nonpayment, when due, of any principal, accrued interest, premium, fee or other charge due under the Note.

b.      Default by Borrower in the due observance or performance of any term, covenant, condition or agreement on its part to be performed under this Loan Agreement, the Note, or under any other document contemplated by this Loan Agreement.

c.      If Borrower shall:

1)      Make a general assignment for the benefit of its creditors;
2)      File a voluntary petition in bankruptcy;
3)      Be adjudicated as bankrupt or insolvent;
4)      File any petition or answer seeking, consenting to, or acquiescing in, reorganization, arrangement, composition, liquidation, dissolution or similar relief, under any present or future statute, law or regulation;
5)      File an answer admitting or failing to deny the material allegations of the petition against it for any such relief;
6)      Admit in writing its inability to pay its debts as they mature;
7)      Discontinue business; or
8)      Be unable to pay debts as they become due.

DocuSign Envelope ID: AB9B8EC5-7461-4B0C-8EDF-D82EE0FBAE15

d.      Borrower fails to have vacated or set aside within thirty (30) days of its entry any court order appointing a receiver or trustee for all or a substantial portion of the Borrower's property.

e.      Any warranty, representation or statements made or furnished to Lender by Borrower in connection with the Loan or in connection with this Agreement (including any warranty, representation or statement in the application of Borrower for the Loan or in any accompanying financial statements) or to induce Lender to make the Loan, proves to be untrue, misleading or false in any material respect.

f.      Borrower defaults in the payment of any principal or interest on any obligation to Lender or to any other creditor.

## ARTICLE VI
## REMEDIES ON EVENT OF DEFAULT

6.1      DECLARE NOTE DUE. Upon the occurrence of any Event of Default as defined in this Agreement, the Note, or any other document contemplated by this Agreement, then in any such event, Lender at its option, may declare the entire unpaid balance of the Note to be forthwith due and payable, and thereupon such balance shall become so due and payable without presentment, protest or further demand or notice of any kind, all of which are hereby expressly waived, and Borrower will forthwith pay to Lender the entire principal of and interest accrued on the Note.

6.2      OTHER REMEDIES. Upon the occurrence or discovery of an Event of Default the Lender shall, in addition to its option to declare the entire unpaid amount of the Note due and payable, at its option exercise any and all rights of setoff which Lender may have against any account, fund or property of any kind, tangible or intangible, belonging to Borrower and which shall be in Lender's possession or under Lender's control.

## ARTICLE VII
## MISCELLANEOUS

7.1      CLOSING. The Lender shall not be obligated to make the Loan or advance any funds until Borrower has fully met all requirements herein set forth to be met by Borrower, and until Borrower has paid to Lender and any other parties entitled thereto, all fees and other charges due in connection with the Loan.

7.2      AMENDMENTS. No amendment of any provisions of this Loan Agreement, nor consent to any departure of Borrower therefrom, shall in any event be effective unless the same shall be in writing and signed by Lender and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

DocuSign Envelope ID: AB9B8EC6-7461-4B0C-8EDF-D52EE0FBAE45

7.3    NOTICES. All notices and other communications provided for hereunder shall be in writing and mailed or telegraphed or delivered. If to Borrower, the address noted in the Note. If to Lender, 1741 Tiburon Drive, Wilmington, North Carolina 28403, Attn: PPP Processing.

7.4    GOVERNING LAW AND PARTIES BOUND. This Agreement and the Note shall be governed by and construed in accordance with the laws of the State of North Carolina and shall be binding upon and shall inure to the benefit of the parties hereto, their successors and assigns.

7.5    ATTORNEY'S FEES AND EXPENSES. If Lender shall incur any cost or expense, including, without limitation, reasonable attorney's fees, in connection with enforcing this Agreement, the Note or the Loan, in any manner whatsoever, direct or indirect, whether with regard to the collection of amounts due, defense of Lender or otherwise, upon demand by Lender, Borrower shall pay the same or shall reimburse Lender therefor in full.

7.6    ASSIGNMENT BY BORROWER. No commitment issued by Lender to Borrower for the Loan nor any of Borrower's rights hereunder shall be assignable by Borrower without the prior written consent of Lender.

7.7    NO WAIVER: REMEDIES. No failure on the part of the Lender, and no delay in exercising any right under this Loan Agreement, shall operate as a waiver thereof; nor shall any single or partial exercise of any right under this Loan Agreement preclude any other or further exercise thereof or the exercise of any other right.

7.8    SEVERABILITY. In the event that any clause or provisions of this Loan Agreement or any document instrument contemplated by this Agreement shall be held to be invalid by any court of competent jurisdiction, the invalidity of such clause or provision shall not affect any of the remaining portions or provisions of this Loan Agreement.

7.9    TIME. Time is the essence of this Agreement.

7.10    CONSENT TO SHARE INFORMATION. Borrower understands and acknowledges that Lender the other "Receiving Parties," as hereafter defined, are authorized to obtain, use and share the undersigned's tax information, financial information, and Loan information for purposes of (i) originating, maintaining, managing, monitoring, servicing, selling, insuring, participating, or securitizing the Loan; (ii) marketing purposes, or (iii) as otherwise permitted by applicable laws, including state and federal privacy and data security laws. This includes Lender's affiliates, agents, and any aforementioned parties' respective successors and assigns. The term "Receiving Parties," as used above, includes (i) any actual owners of the Loan, (ii) any potential purchasers of the Loan, or (iii) any acquirers of any beneficial or other interest in the Loan (including, but not limited to, the United States Small Business Administration, any investor or participant to whom the Bank may sell or participate all or any portion of the loan, any mortgage/title insurer, guarantor, any servicers or service providers for the forgoing parties and any of aforementioned parties' respective successors and assigns).

[SEPARATE SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the parties have executed this Loan Agreement as of the date first above written.

BORROWER:

The Williamsburg Hotel BK LLC

By: _*Toby Moskovits*_____
        5DE30B38F22B41G...
Name: Toby Moskovits
Title: CEO
Date: 4/18/2020 | 8:38 PM PDT


LENDER:

LIVE OAK BANKING COMPANY

By: _*Alexandra Umstead-Wrenn*_____
Name: Alexandra Umstead-Wrenn
Title: VP - Closing
Date: 4/19/2020 | 7:42 AM EDT

DocuSign Envelope ID: AB9B8EC5-7461-4B0C-9EDF-D52EF0FBAF15

## EXHIBIT A

### Borrower and Operating Company Certifications

**In order to induce Lender to make an SBA guaranteed Loan to Borrower:**

A.  Borrower affirms the representations in the SBA Form 2483 application and states that:

It was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Borrower.  The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule.  If the funds are knowingly used for unauthorized purposes, the federal government may hold Borrower and Loan applicant legally liable, such as for charges of fraud.

The Borrower will provide to the Lender documentation verifying the number of full-time equivalent employees on the Borrower's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following the Loan.

That Loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities, and not more than 25% of the forgiven amount may be for non-payroll costs.

During the period beginning on February 15, 2020 and ending on December 31, 2020, the Borrower has not and will not receive another loan under the Paycheck Protection Program.

B.  Borrower and its operating company ("Operating Company") certify that:

**Adverse Change -** That there has been no adverse change in Borrower's (and Operating Company's) financial condition, organization, operations or fixed assets since the date the Loan application was signed.

**Child Support -**  No principal who owns at least 50% of the ownership or voting interest of the company is delinquent more than 60 days under the terms of any (1) administrative order, (2) court order, or (3) repayment agreement requiring payment of child support.

**Current Taxes -** Borrower and Operating Company are current (or will be current with any loan proceeds specified for eligible tax payments) on all federal, state, and local taxes, including but not limited to income taxes, payroll taxes, real estate taxes, and sales taxes.

C.  Borrower and Operating Company certify that they will:

**Books, Records, and Reports**- Keep proper books of account in a manner satisfactory to Lender; furnish financial statements or reports whenever Lender requests them; allow Lender or SBA, at Borrower's or Operating Company's expense, to: (1) inspect and audit books, records and papers

relating to Borrower's and Operating Company's financial or business condition; and (2) inspect and appraise any of Borrower's and Operating Company's assets; and (3) allow all government authorities to furnish reports of examinations, or any records pertaining to Borrower and Operating Company, upon request by Lender or SBA.

**Equal Opportunity -** Post SBA Form 722, Equal Opportunity Poster, where it is clearly visible to employees, applicants for employment and the general public.

**American-made Products -** To the extent practicable, purchase only American-made equipment and products with the proceeds of the Loan.

**Taxes** - Pay all federal, state, and local taxes, including income, payroll, real estate and sales taxes of the business when they come due.

    D.  Borrower and Operating Company certify that they will not, without Lender's prior written consent:

**Distributions** - Make any distribution of company assets that will adversely affect the financial condition of Borrower and/or Operating Company.

**Ownership Changes** - Change the ownership structure or interests in the business during the term of the Loan.

    E.  Borrower and Operating Company, if any, warrants and represents that all information provided  to Lender, including without limitation, all information regarding the Borrower's and Operating Company's, if any, financial condition, is accurate to the best of its knowledge and that Borrower and Operating Company, if any, has not withheld any material information. Borrower and Operating Company, if any, acknowledges that for the purpose of this transaction, Lender is acting on behalf of SBA, an agency of the United States Government, except that SBA accepts no liability or responsibility for any wrongful act or omission by Lender. Borrower and Operating Company, if any, further acknowledges that any false statements to Lender can be considered a false statement to the federal government under 18 U.S.C. § 1001, and may subject the Borrower and Operating Company, if any, to criminal penalties and that Lender and SBA are relying upon the information submitted by the Borrower and Operating Company, if any.

    IN WITNESS WHEREOF, the Borrower, on behalf of itself and the Operating Company, acknowledges having read this exhibit and certifies as to the above statements.

BORROWER:
The Williamsburg Hotel BK LLC


By: _Toby Moskovits_
Name: Toby Moskovits
Title: CEO
Date: 4/18/2020 | 8:38 PM PDT

# EXHIBIT G

FILED: NEW YORK COUNTY CLERK 02/21/2020 12:38 PM
NYSCEF DOC. NO. 155

INDEX NO. 653396/2019
RECEIVED NYSCEF: 02/21/2020

21-2228-mc-dd Doc 1029-4 Filed 06/03/21 Entered 06/03/21 18:40:03 Main Document
Order appointing Recener Pg 66 of 189    Pg 1 of 10

At the Commercial Division Part 61 of the
Supreme Court of the State of New York in and
for the County of New York, located at 60 Centre
Street, New York, New York, on the 21st day of
February, 2020

PRESENT:

    Hon. Barry R. Ostrager,
        Justice.

------------------------------ x
                            :

BSPRT 2018-FL3 ISSUER, LTD.,       :    Index No. 653396/2019

             Plaintiff,     :

     - against -          :    ORDER APPOINTING A RECEIVER
                            :    IN A NON-RESIDENTIAL
96 WYTHE ACQUISITION LLC, TOBY   :    MORTGAGE FORECLOSURE
MOSKOVITS, YECHIEL MICHAEL      :    ACTION
LICHTENSTEIN, RENT A UNIT NY INC., :
ADVANCED PLUMBING MECHANICAL & :    Motion Seq. # 1
SPRINKLERS CORP., MA2 FLAGS      :
CONTRACTING CORP., ROCK GROUP NY :
CORP., CRIMINAL COURT OF THE CITY OF :
NEW YORK, NEW YORK STATE       :
DEPARTMENT OF TAXATION AND FINANCE, :
ENVIRONMENTAL CONTROL BOARD OF THE :
CITY OF NEW YORK, and JOHN DOE #1   :
THROUGH JOHN DOE #50,         :
                            :
            Defendants.    :
------------------------------ x

     Upon the Summons, Verified Foreclosure Complaint, and Order to Show Cause

(Motion Seq. #1) filed in New York County and signed June 17, 2019, and the Notice of

Pendency of Action filed in Kings County, the reading and filing of the Affidavit of Micah

Goodman, an authorized signatory at BSPRT 2018-FL3 ISSUER, LTD. and officer of Plaintiff

USA\601525393.2

Benefit Street Partners Operating Partnership, L.P.'s, as successor in interest to BSPRT 2018-FL3 Issuer, Ltd. ("Plaintiff"), sworn to the 11th day of June 2019 with Exhibits, the Affidavit in Opposition to Application For Appointment of a Temporary Receiver of Toby Moskovits, sworn to June 24, 2019 with Exhibits (Doc. # 15); the Affidavit in Opposition to Application For Appointment of A Temporary Receiver of Robert Schecter sworn to June 26, 2019 (Doc. # 19); the Court Notice dated June 27, 2019 (Doc. # 21), the Reply Affidavit in Further Support of Application for Appointment of a Temporary Receiver in A Mortgage Foreclosure Action of Steven Fischler, sworn to July 11, 2019 (Doc. # 23), the Memorandum of Law in Further Support of its Application for Appointment of a Temporary Receiver (Doc. # 24), the Letter to the Court of Katsky Korins LLP, former counsel for 96 Wythe Acquisition LLC ("Borrower"), dated July 15, 2019 (Doc. #25), the Letter to the Court from Plaintiff's counsel, dated July 15, 2019 in opposition to Defendants' request for leave to file a sur-reply (Doc. # 26), Plaintiff's Response to Defendants' Statement of Material Facts (Doc. # 56), Plaintiff's Proposed Findings of Fact in Support of its Application for the Appointment of a Temporary Receiver (Doc. # 57), the Rebuttal Affidavit of Tanya Mollova, sworn to October 16, 2019 (Doc. # 58), the Rebuttal Affidavit of Steven Fischler, sworn to October 16, 2019 (Doc # 59), Defendants' Statement of Material Facts (Doc. # 60), Defendants' Response to Plaintiff's Proposed Findings of Fact (Doc. # 61), the Notice of Rejection of Plaintiff's Rebuttal Affidavits (Doc. # 62) together with its exhibits (Doc. #s 63-65), the Letter to the Court from counsel for Defendants, dated October 17, 2019 (Doc. # 66), the decision and order dated October 18, 2019 granting plaintiff's motion to appoint a Temporary Receiver (Doc. # 69), the Affidavit if Plaintiff filed October 29, 2018 with proposed order (Docs. #70 and 71), the Affidavit of Defendants with exhibits filed October 31, 2019 (Docs. No. 72 -74); the letter from Defendants' counsel filed November 21, 2019 with

USA\601525393.2

exhibit (Docs. # 77 and 78), the Letters to the Court from Plaintiff's counsel dated November 22,

2019 (with attachments) (Docs. # 79-81), and the Letters in response to the Court from

Defendants' counsel dated November 22, 2019 and November 25, 2019 (Docs # 82 and 83), the

order dated November 27, 2019 and transcript of proceedings held November 26, 2019, the

proceedings held on December 17, 2019; and upon all pleadings and proceedings heretofore had

herein;

And the Court having heard testimony and oral argument on July 18, 2019, it is

hereby

**ORDERED**, that Constantino Sagonas, 240-51 68th Avenue, Douglaston, New

York 11362, Fiduciary # 560967, be and hereby is appointed Temporary Receiver with the usual

powers and directions, for the benefit of Plaintiff, as its interests may appear, of all the rents and

profits now due and unpaid or to become due during the pendency of the Temporary Receiver's

appointment and issuing out of the mortgaged premises, more fully described in the Verified

Complaint and commonly known as The Williamsburg Hotel, 96 Wythe Avenue, Brooklyn, New

York 11249 (the "Premises"); and it is further

**ORDERED**, that before entering upon his/her duties, the Temporary Receiver

shall execute to the People of the State of New York and file with the Clerk of this Court an

undertaking in the sum of $ 4,500,000.00, conditioned on the faithful discharge of his/her duties

as such Temporary Receiver; and it is further

**ORDERED**, that upon the execution of such undertaking, the Temporary

Receiver is authorized forthwith to take charge and enter into possession of the Premises; and it

is further

USA\601525393.2

3

**ORDERED**, that the Temporary Receiver be and hereby is directed to demand, collect and receive from all occupants, tenants, licensees or other persons in possession of the Premises, or other persons liable therefore, inclusive of the mortgagor, all revenue and other income of the Premises, cash collateral (whether consisting of cash on hand, cash in any and all bank accounts or other accounts and all other cash equivalents), all the rents and fees, food and beverage revenue, credit card transactions, reservation deposits, capital reserves and any accounts utilized by hotel personnel including desk clerks, credit card receipts, demand deposits, reimbursement rights, bank deposits, security deposits and all other forms of accounts, accounts receivable, payment rights, cash and cash equivalents thereof now due and unpaid or hereafter to become fixed or due; and that the Temporary Receiver be and hereby is authorized to compel the hotel manager(s) and occupants to attorn to the Temporary Receiver or his/her designee; and it is further directed that the Temporary Receiver may institute and prosecute suits for the collection of rents, license fees, and other charges now due or hereafter to become due or fixed and summary proceedings for the removal of any manager, tenant or licensee or any other persons therefrom, and to employ counsel, provided however that the terms and conditions of said retention are approved by further order of this Court upon notice to all parties that have appeared in this action; and it is further

**ORDERED**, that all occupants, tenants, licensees or other persons in possession of the Premises, or other persons liable therefore, inclusive of the mortgagor, attorn to the Temporary Receiver and pay over to the Temporary Receiver all revenue and other income of the Premises, cash collateral (whether consisting of cash on hand, cash in any and all bank accounts or other accounts and all other cash equivalents), rents, guest charges and fees, license fees, food and beverage revenue, and other charges or fees generated at or in connection in with

4

USA\601525393.2

Premises now due and unpaid, or that may hereafter become due ("Premise Revenue"); and after

entry of this Order that all Defendants and those acting through them be enjoined and restrained

from (i) collecting such Premise Revenue, (ii) entering into any management, brokerage or

leasing agreement, franchise agreement or any other contract or agreement (other than to pay off

the mortgage loan that is the subject of this action), whether written or oral, that is not terminable

on thirty days' notice, absent consent of the Plaintiff, and (iii) transferring, removing or in any

way disturbing any of the occupants, tenants, patrons, licensees, guests, or employees; and that

all occupants, tenants, patrons, licensees, guests, or employees of the Premises and other persons

liable for Premise Revenue be and hereby are enjoined and restrained from paying any Premise

Revenue to Defendants, their agent or servant; and it is further

**ORDERED**, that no provision of this Order shall be construed to prevent the

Borrower from entering into any agreements made in connection with a full payoff to Plaintiff, in

an amount determined by the Court, including a refinancing of the mortgage loan that is the

subject of this foreclosure action; and

**ORDERED**, that the Temporary Receiver shall, promptly after the end of each

month, provide a report to counsel for the parties, as to the occupancy rate, and the hotel and

food and beverage revenues and expenses and other pertinent management issues in standard

hotel history format with appropriate backup for the preceding month period and shall provide a

quarterly report to the Court under seal setting forth such information; and it is further

**ORDERED**, that pursuant to the provisions of General Obligations Law § 7-105,

any defendant or agent of any defendant holding any deposits or advances of rental as security

under any lease or license agreement affecting space at the Premises shall turn same over to the

Temporary Receiver within five (5) days after the Temporary Receiver shall have qualified; and

5

USA\601525393.2

thereupon the Temporary Receiver shall hold such security subject to such disposition thereof as

shall be provided in an order of this Court to be made and entered in this action; and it is further

**ORDERED**, that anybody in possession of same shall turn over to the Temporary

Receiver (i) all books and records concerning any revenue and other income of the Premises,

cash collateral (whether consisting of cash on hand, cash in any and all bank accounts or other

accounts and all other cash equivalents); (ii) all deposits, tax escrow deposits, keys, books,

records, checkbooks, ledgers, accounts payable records, accounts receivable records, leases, rent

rolls, passwords, combinations, insurance policies and certificates, any and all contracts and or

agreements, plans, specifications and drawings, a current list of the guests and tenants, if any,

including the complete tenant ledgers, tenant files and tenant histories, all records pertaining to

occupancy (including all guest ledgers, reservation reports, credit card billings, and cash receipts

journals); (iii) all books, records and accounts reflecting all of the financial affairs related to the

Premises and all items of income and expense in connection with the operation of the

Premises; (iv) all financial statements related to the Premises or operation of the Premises,

including any statements of profit and loss, any balance sheet, any record concerning the

financial condition and the results of operations for the Premises; (v) all books and records

concerning the annual net operating income, net cash flow, gross income, operating expenses and

occupancy statistics for the Premises (including an average daily room rate); (vi) all guest or

occupant ledgers; (vii) all books and records concerning rent rolls, occupancy reports, or

expenditures for furniture, fixtures and equipment ("FF&E") at, or in, or used in connection with

the use, occupancy, operation and maintenance of all or any part of, the Premises; (viii) all Smith

Travel Research Reports; (ix) all operating statements (including expenditures for FF&E); (x) all

ARGUS (or similar) cash flow projections models; (xi) all budgets related to the Premises,

6

USA\601525393.2

including any Annual Budget; all bank statements and records relating to any accounts

associated with the Premises; (xii) all operating statements and records relating to any operating

accounts associated with the Premises; (xiii) all records relating to pending or current litigation

(excluding the captioned action); (xiv) all payroll records, employee files, applications and other

materials relevant to those persons employed at the Premises; (xv) all books, records, or

documents related to the management or operation of the Premises; and (xvi) all other documents

whatsoever related to the Premises, its management or operation or that are reasonably requested

by Temporary Receiver; and it is further

**ORDERED**, that the Temporary Receiver be and hereby is authorized to deliver

to Plaintiff the (i) materials required to be provided in accordance with Section 4.12 of the Loan

Agreement, dated as of December 13, 2017 by and between Borrower and Plaintiff (the "Loan

Agreement"); and (ii) materials on which the findings and conclusions of any Receiver report or

recommendation are based, including the quarterly report to the Court; and (iii) such other

materials as agreed by the parties or directed by the Court upon application of any party or the

Receiver.

**ORDERED**, that the Temporary Receiver be and hereby is authorized to make

any reasonable and necessary ordinary repairs to the Premises, subject, however, to the

qualification that the Temporary Receiver shall not expend in excess of $5,000 for any repair

without the written consent of Plaintiff or the prior approval of this Court; and it is further

**ORDERED**, that the Temporary Receiver shall forthwith deposit all monies

received by him as Temporary Receiver, at the time he receives the same, into an account at any

federally insured banking institution or savings association with offices in the state of New York

(the "Temporary Receiver Account"), and no withdrawals shall be made therefrom except to pay

7

the hotel payroll and current valid third-party vendor invoices and other ordinary and necessary

operating expenses of the Premises pursuant to a quarterly budget approved in advance by the

parties or as directed by the Court; payments may be made by wire initiated by the Temporary

Receiver or on a draft or check signed by the Temporary Receiver or the hotel manager or

management hereafter appointed, upon instruction of the Temporary Receiver; the Temporary

Receiver shall furnish the parties' attorneys with monthly statements of the receipts and

expenditures of the Receivership and the Premises, together with a copy of the monthly

statement received from the Temporary Receiver Account; and it is further

     **ORDERED**, that the Temporary Receiver be and hereby is authorized to keep the

Premises insured against loss or damage by fire or other causes and against liability; to pay the

taxes, assessments, water rates, sewer rents, vault rents, salaries and benefits of employees,

supplies and other charges; to comply with all lawful requirements of any municipal department

or other governmental authority having jurisdiction; and to procure such fire, plate glass, liability

and other insurance as may be reasonably necessary; and it is further

     **ORDERED**, that if it is necessary to the fulfillment of the Temporary Receiver's

duties, Plaintiff may, but shall not be required to, advance funds to the Temporary Receiver for

the payment of repairs, maintenance, insurance, taxes, the curing of violations or any other

expenses which may be reasonably necessary for the preservation and protection of the Premises

by the Temporary Receiver and to the extent that the rents, issue and profits collected by the

Temporary Receiver and remaining in the Temporary Receiver's account are insufficient to

reimburse the advancing party for such advances, all such advances made by said party shall be

secured by its mortgages and shall be added to and included in the debt thereupon due and in the

Judgment of Foreclosure and Sale; and it is further

8

USA\601525393.2

**ORDERED**, that all persons now or hereafter in possession of the Premises, or any part thereof, and not holding such possession under valid and existing leases or tenancies do forthwith surrender such possession to the Temporary Receiver, subject to emergency laws, if any; and it is further

**ORDERED**, that except as directed by the Court and after paying the expenses for care of the Premises as above provided, the Temporary Receiver shall retain the balance of the monies that may come into his hands in the Temporary Receiver Account until the sale of the Premises under the Judgment to be entered in this action and/or until further Order of the Court, and such amounts shall be deemed held in trust for the benefit of the parties as their interests may appear; and it is further

**ORDERED**, that the Temporary Receiver or any party hereto may at any time, upon notice to all parties who may have appeared in this action, apply to this Court for further or other instructions or powers necessary to enable the Temporary Receiver properly to fulfill their duties, and it is further

**ORDERED,** that upon request by Borrower's counsel, the Temporary Receiver shall provide to Borrower's counsel all of the information, reports and categories of documents previously identified in this order and thereafter created in connection with the Receivership; and it is further

**ORDERED,** that any information or documents created by the Temporary Receiver and provided to Plaintiff shall be concurrently provided to Borrower; and it is further

**ORDERED,** that Borrower shall cooperate with the Temporary Receiver and execute any and all documentation required by the New York State Liquor Authority to add the

9

USA\601525393.2

Temporary Receiver appointed herein to the existing liquor license for the Premises; and it is

further

**ORDERED,** that the appointee named as Temporary Receiver shall comply with

the provisions of NYCRR Part 36, Section 35-a of the Judiciary Law, Sections 6401-6405 of the

Civil Practice Law and Rules, and Article 13 of the Real Property Actions and Proceedings Law.

ENTER:

_____
J. S. C.

**BARRY R. OSTRAGER**
JSC

# EXHIBIT H



P.O. Box 15284
Wilmington, DE 19850

Business Advantage
Relationship Rewards

**Customer service information**

THE WILLIAMSBURG HOTEL BK LLC
DBA THE WILLIAMSBURG HOTEL
MASTER ACCOUNT
679 DRIGGS AVE
BROOKLYN, NY  11211-4023

📱 1.888.BUSINESS (1.888.287.4637)

✉ bankofamerica.com

✉ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

# Your Business Advantage Checking
# Preferred Rewards for Bus Platinum Honors

for April 1, 2020 to April 30, 2020                                    Account number: 4830 7648 2855

**THE WILLIAMSBURG HOTEL BK LLC      DBA THE WILLIAMSBURG HOTEL      MASTER ACCOUNT**

## Account summary

| | | |
|---|---|---|
| Beginning balance on April 1, 2020 | $20.05 | # of deposits/credits: 36 |
| Deposits and other credits | 1,696,381.84 | # of withdrawals/debits: 118 |
| Withdrawals and other debits | -1,685,218.68 | # of items-previous cycle[1]: 0 |
| Checks | -0.00 | # of days in cycle: 30 |
| Service fees | -300.00 | Average ledger balance: $103,779.48 |
| **Ending balance on April 30, 2020** | **$10,883.21** | [1]*Includes checks paid,deposited items&other debits* |

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2851   |   April 1, 2020 to April 30, 2020

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2020 Bank of America Corporation



Bank of America, N.A. Member FDIC and   Equal Housing Lender



## Your checking account

THE WILLIAMSBURG HOTEL BK LLC  |  Account # 4830 7648 2855  |  April 1, 2020 to April 30, 2020

## Deposits and other credits

| Date | Description | Amount |
|---|---|---|
| 04/01/20 | Online Banking transfer from CHK 4831 Confirmation# 3477402927 | 13,321.61 |
| 04/03/20 | Online Banking transfer from CHK 9206 Confirmation# 1589057482 | 13,799.89 |
| 04/03/20 | Online Banking transfer from CHK 9206 Confirmation# 2588506435 | 10,596.30 |
| 04/03/20 | Online Banking transfer from CHK 4102 Confirmation# 6293545306 | 6,000.00 |
| 04/03/20 | Online Banking transfer from CHK 4102 Confirmation# 6594885704 | 1,000.00 |
| 04/08/20 | Online Banking transfer from CHK 4102 Confirmation# 1338341236 | 17,523.29 |
| 04/08/20 | Online Banking transfer from CHK 9206 Confirmation# 3438347667 | 9,225.44 |
| 04/08/20 | Online Banking transfer from CHK 4831 Confirmation# 1337551508 | 8,150.44 |
| 04/14/20 | Online Banking transfer from CHK 4102 Confirmation# 2190426260 | 17,000.00 |
| 04/14/20 | Online Banking transfer from CHK 4831 Confirmation# 1287577063 | 2,779.73 |
| 04/14/20 | Online Banking transfer from CHK 2703 Confirmation# 2290488525 | 2,500.00 |
| 04/14/20 | Online Banking transfer from CHK 9206 Confirmation# 2190505735 | 2,322.80 |
| 04/16/20 | Online Banking transfer from CHK 4831 Confirmation# 3508488453 | 2,470.84 |
| 04/20/20 | BKOFAMERICA MOBILE 04/20 3662830393 DEPOSIT          *MOBILE        NY | 16,369.51 |
| 04/20/20 | Online Banking transfer from CHK 9206 Confirmation# 5441532089 | 2,496.42 |
| 04/20/20 | Online Banking transfer from CHK 4102 Confirmation# 7441618900 | 20.00 |
| 04/21/20 | LIVE OAK BANK    DES:PROCEEDS   ID:  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXX CCD | 1,438,000.00 |
| 04/21/20 | Online Banking transfer from CHK 4102 Confirmation# 7449032769 | 20,093.50 |
| 04/21/20 | BKOFAMERICA MOBILE 04/21 3663275483 DEPOSIT          *MOBILE        NY | 4,000.00 |
| 04/23/20 | Online Banking transfer from CHK 9206 Confirmation# 6369437449 | 13,869.41 |
| 04/23/20 | BOFA MERCH SVCS  DES:DEPOSIT    ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXXB CCD | 7,115.69 |
| 04/23/20 | Online Banking transfer from CHK 9206 Confirmation# 6569426023 | 2,500.00 |

*continued on the next page*



BANK OF AMERICA BUSINESS ADVANTAGE

## Your Digital Tip

# Dreading the shredding?

Go paperless — you'll have security without the hassle of storing and shredding old statements. View your statements online any time.

You can enroll today by logging in to Online Banking at **bankofamerica.com/SmallBusiness** and clicking on **Profiles & Settings** (in the upper right, next to Sign Out).

ARWY4MJB | SSM-04-19-0138.B

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2855 |   April 1, 2020 to April 30, 2020

# Deposits and other credits - continued

| Date | Description | Amount |
|---|---|---|
| 04/24/20 | BOFA MERCH SVCS  DES:DEPOSIT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | 24,990.07 |
| 04/24/20 | Online Banking transfer from CHK 9206 Confirmation# 6475106405 | 10,000.00 |
| 04/24/20 | Online Banking transfer from CHK 9206 Confirmation# 6373941868 | 7,115.69 |
| 04/27/20 | BOFA MERCH SVCS  DES:DEPOSIT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | 3,812.09 |
| 04/27/20 | BOFA MERCH SVCS  DES:DEPOSIT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | 3,330.44 |
| 04/27/20 | BOFA MERCH SVCS  DES:DEPOSIT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | 1,463.94 |
| 04/28/20 | SBAD TREAS 310   DES: MISC PAY ID:EIDG:3301714870  INDN:THE WILLIAMSBURGH HOTE  CO ID:9101036151 CCD  PMT INFO:NTE*PMT*EIDG:3301714870\ | 10,000.00 |
| 04/28/20 | BOFA MERCH SVCS  DES:DEPOSIT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | 5,061.41 |
| 04/28/20 | JPMorgan Chase  DES:Auth Crdt  ID:9515367398  INDN:Auth         CO ID:9200502233 CCD | 0.39 |
| 04/28/20 | JPMorgan Chase  DES:Auth Crdt  ID:9515367394  INDN:Auth         CO ID:9200502233 CCD | 0.21 |
| 04/29/20 | BOFA MERCH SVCS  DES:DEPOSIT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | 4,274.86 |
| 04/30/20 | Online Banking transfer from CHK 9206 Confirmation# 3426757365 | 13,870.23 |
| 04/30/20 | BOFA MERCH SVCS  DES:DEPOSIT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | 1,090.31 |
| 04/30/20 | Online Banking transfer from CHK 9206 Confirmation# 1428771126 | 217.33 |
| **Total deposits and other credits** | | **$1,696,381.84** |

# Withdrawals and other debits

| Date | Description | Amount |
|---|---|---|
| 04/01/20 | Zelle Transfer Conf# b896830ca; Hendricks, Desiree | -715.12 |
| 04/03/20 | Online Banking transfer to CHK 9206 Confirmation# 3388615832 | -13,799.89 |
| 04/03/20 | Online Banking transfer to CHK 2703 Confirmation# 2189074313 | -19,000.00 |
| 04/03/20 | Online Banking Transfer Conf# de7abd491; Moreno | -1,250.00 |
| 04/03/20 | WIRE TYPE:WIRE OUT DATE:200403 TIME:1340 ET TRN:2020040300472504 SERVICE REF:009475 BNF:THE WINTHROP GROUP, LLC ID:4341094607 BNF BK:T D BANK, NA ID:026013673 PMT DET:294181786 THE WILL IAMSBURG HOTEL | -5,000.00 |
| 04/03/20 | Online Banking Transfer Conf# cd053dc29; Hassan | -3,269.24 |
| 04/06/20 | Online Banking transfer to CHK 2703 Confirmation# 2119629505 | -200.00 |
| 04/06/20 | PAYPAL         DES:INST XFER ID:JORDIIVEN  INDN:JEREMY RAUCH         CO ID:PAYPALSI77 WEB | -350.00 |
| 04/06/20 | PAYPAL         DES:INST XFER  ID:CRISTIAN12R  INDN:JEREMY RAUCH         CO ID:PAYPALSI77 WEB | -325.00 |
| 04/08/20 | Zelle Transfer Conf# 7b04821bb; Ishak, Robert | -400.00 |

*continued on the next page*



**Your checking account**

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2855   |   April 1, 2020 to April 30, 2020

## Withdrawals and other debits - continued

| Date | Description | Amount |
|---|---|---|
| 04/08/20 | WIRE TYPE:WIRE OUT DATE:200408 TIME:1654 ET TRN:2020040800536514 SERVICE REF:012979 BNF:SORBIS CORPORATION ID:2000018769085 BNF BK:WEL LS FARGO BANK, N.A. ID:121000248 PMT DET:294618828  THE WILLIAMSBURG HOTEL | -1,967.92 |
| 04/08/20 | Online Banking Transfer Conf# 5943b0338; Hassan | -1,634.62 |
| 04/08/20 | Zelle Transfer Conf# b967f9926; Ilijic, Milos | -417.37 |
| 04/08/20 | Online Banking transfer to CHK 9206 Confirmation# 3338345087 | -9,225.44 |
| 04/08/20 | Online Banking transfer to CHK 2703 Confirmation# 2138350805 | -20,500.00 |
| 04/09/20 | PAYPAL          DES:INST XFER  ID:VINQ4  INDN:JEREMY RAUCH          CO ID:PAYPALSI77 WEB | -400.00 |
| 04/10/20 | CHEFSWAREHOUSEWE DES:PURCHASE   ID:THE WILLIAMSBUR  INDN:THE WILLIAMSBURG HOTEL  CO ID:3383693141 CCD | -344.66 |
| 04/14/20 | Online Banking Transfer Conf# a5dbbb5a3; Moreno | -1,250.00 |
| 04/14/20 | Online Banking transfer to CHK 2703 Confirmation# 2290440630 | -17,800.00 |
| 04/14/20 | Online Banking Transfer Conf# 3c2970f9f; Hassan | -1,144.23 |
| 04/14/20 | Online Banking transfer to CHK 9206 Confirmation# 3290491000 | -2,322.80 |
| 04/14/20 | Online Banking transfer to CHK 2703 Confirmation# 1490508481 | -2,500.00 |
| 04/15/20 | PAYPAL          DES:INST XFER  ID:GUANABACOAR  INDN:JEREMY RAUCH          CO ID:PAYPALSI77 WEB | -250.00 |
| 04/17/20 | Online Banking transfer to CHK 2703 Confirmation# 2413459409 | -50.00 |
| 04/17/20 | Online Banking transfer to CHK 4831 Confirmation# 1113681565 | -63.50 |
| 04/20/20 | Online Banking transfer to CHK 9206 Confirmation# 6341528719 | -2,496.42 |
| 04/20/20 | WIRE TYPE:WIRE OUT DATE:200420 TIME:1700 ET TRN:2020042000649310 SERVICE REF:014413 BNF:THE WINTHROP GROUP, LLC ID:4341094607 BNF BK:T D BANK, NA ID:026013673 PMT DET:295701100 THE WILL IAMSBURG HOTEL | -2,500.00 |
| 04/21/20 | WIRE TYPE:WIRE OUT DATE:200421 TIME:1338 ET TRN:2020042100426646 SERVICE REF:008944 BNF:THE WINTHROP GROUP, LLC ID:4341094607 BNF BK:T D BANK, NA ID:026013673 PMT DET:295788038 THE WILL IAMSBURG HOTEL | -2,500.00 |
| 04/21/20 | WIRE TYPE:WIRE OUT DATE:200421 TIME:1350 ET TRN:2020042100431493 SERVICE REF:008933 BNF:PUREHD LLC ID:8250422496 BNF BK:TD BANK, NA ID:211370545 PMT DET:295789746 THE WILLIAMSBURG HO TEL INV 24952 | -2,294.72 |
| 04/21/20 | Bank of America Business Card Bill Payment | -2,400.00 |
| 04/22/20 | Zelle Transfer Conf# 886dafebf; Ishak, Robert | -300.00 |
| 04/22/20 | Online Banking transfer to CHK 4831 Confirmation# 6558454706 | -150.00 |
| 04/22/20 | Online Banking transfer to CHK 2703 Confirmation# 7358460430 | -30.00 |
| 04/22/20 | Agent Assisted transfer to CHK 0102 Confirmation# 0658784673 | -100.00 |
| 04/22/20 | Online Banking Transfer Conf# 3982af222; The Williamsburg Hotel BK LLC | -100.00 |
| 04/22/20 | BOFA MERCH SVCS  DES:FEE          ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -0.62 |

*continued on the next page*

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2855 |   April 1, 2020 to April 30, 2020

# Withdrawals and other debits - continued

| Date | Description | Amount |
|------|-------------|-------:|
| 04/22/20 | BOFA MERCH SVCS  DES:INTERCHNG  ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -0.21 |
| 04/23/20 | Online Banking transfer to CHK 0102 Confirmation# 6367947068 | -1,438,000.00 |
| 04/23/20 | Online Banking transfer to CHK 9206 Confirmation# 6469420381 | -2,500.00 |
| 04/23/20 | Online Banking transfer to CHK 9206 Confirmation# 6369431537 | -13,869.41 |
| 04/23/20 | Online Banking transfer to CHK 9206 Confirmation# 6369442646 | -7,115.69 |
| 04/23/20 | NYS DTF BILL PYT DES:Tax Paymnt ID:000000055619465  INDN:M62143204660420          CO ID:EXXXXXXXXX CCD | -20,093.50 |
| 04/23/20 | CRATEBARREL CC  DES:CRATE EPAY ID:33111462  INDN:      6045882002745128  CO ID:9069872103 WEB | -600.00 |
| 04/23/20 | BOFA MERCH SVCS  DES:INTERCHNG  ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -131.04 |
| 04/23/20 | BOFA MERCH SVCS  DES:DISCOUNT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -12.51 |
| 04/23/20 | BOFA MERCH SVCS  DES:FEE        ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -2.89 |
| 04/24/20 | Online Banking transfer to CHK 9206 Confirmation# 6473951852 | -24,990.07 |
| 04/24/20 | Zelle Transfer Conf# 8d6f48d04; Ilijic, Milos | -220.86 |
| 04/24/20 | Online Banking transfer to CHK 2703 Confirmation# 7574261956 | -2,500.00 |
| 04/24/20 | WIRE TYPE:WIRE OUT DATE:1200 ET TRN:2020042400411219 SERVICE REF:007631 BNF:NEXT GEN ENTERPRISES, INC ID:9299090663 BNF BK:WELLS FARGO BANK, N.A. ID:121000248 PMT DET:296133970 THE WILLIAMSBURG HOTEL INV 177 | -3,401.10 |
| 04/24/20 | Zelle Transfer Conf# e35f17aa0; Hernandez, Jose | -405.62 |
| 04/24/20 | Zelle Transfer Conf# 5412ea50a; Van Dette, Taylor | -298.05 |
| 04/24/20 | Online Banking Transfer Conf# d6ae542d7; Moreno | -1,250.00 |
| 04/24/20 | Online Banking Transfer Conf# b9dca3acd; Hassan | -2,288.46 |
| 04/24/20 | WIRE TYPE:WIRE OUT DATE:200424 TIME:1411 ET TRN:2020042400478024 SERVICE REF:010248 BNF:ROYAL WASTE SERVICES INC. ID:42023785 BNF BK:V ALLEY NATIONAL BANK ID:021201383 PMT DET:296151532  THE WILLIAMSBURG HOTEL | -3,628.76 |
| 04/24/20 | Zelle Transfer Conf# ed72f1bd0; Miller, Alexandria | -428.06 |
| 04/24/20 | Zelle Transfer Conf# 1473f864c; Darr, Ella | -500.00 |
| 04/24/20 | WIRE TYPE:WIRE OUT DATE:200424 TIME:1453 ET TRN:2020042400502803 SERVICE REF:417187 BNF:GUANABACOA RECORDS INC. ID:286670861 BNF BK:JP MORGAN CHASE BANK, N. ID:0002 PMT DET:296157364 TH E WILLIAMSBURG HOTEL | -500.00 |
| 04/24/20 | WIRE TYPE:WIRE OUT DATE:200424 TIME:1545 ET TRN:2020042400531857 SERVICE REF:012415 BNF:MASTERS LAUNDRY EQUIPMENT ID:4315119671 BNF BK:TD BANK, NA ID:026013673 PMT DET:296164386 THE WILLIAMSBURG HOTEL 119 141 | -625.00 |
| 04/24/20 | Online Banking transfer to CHK 4102 Confirmation# 6475802896 | -640.00 |
| 04/24/20 | BOFA MERCH SVCS  DES:INTERCHNG  ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -720.24 |
| 04/24/20 | CRATEBARREL CC  DES:CRATE EPAY ID:33286471  INDN:      6045882002615388  CO ID:9069872103 WEB | -600.00 |

*continued on the next page*



**Your checking account**

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2855   |   April 1, 2020 to April 30, 2020

## Withdrawals and other debits - continued

| Date | Description | Amount |
|------|-------------|--------|
| 04/24/20 | BOFA MERCH SVCS  DES:DISCOUNT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXXB CCD | -43.79 |
| 04/24/20 | BOFA MERCH SVCS  DES:FEE        ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXXB CCD | -5.29 |
| 04/27/20 | Online Banking transfer to CHK 4102 Confirmation# 1500723599 | -2,000.00 |
| 04/27/20 | WIRE TYPE:WIRE OUT DATE:200427 TIME:1314 ET TRN:2020042700536789 SERVICE REF:431077 BNF:ACCESS DISPLAY GROUP, INC. ID:952465060 BNF BK:JPMORGAN CHASE BANK, N. ID:0002 PMT DET:296 333052 WILLIAMSBURG HOTEL INV 566466 | -312.00 |
| 04/27/20 | AMERICAN EXPRESS DES:ACH PMT    ID:W8492  INDN:The Williamsburg Hotel  CO ID:1133133497 CCD | -2,000.00 |
| 04/27/20 | PAYPAL         DES:INST XFER  ID:CRISTIAN12R  INDN:JEREMY RAUCH          CO ID:PAYPALSI77 WEB | -975.00 |
| 04/27/20 | PAYPAL         DES:INST XFER  ID:DJELLEDEE  INDN:JEREMY RAUCH          CO ID:PAYPALSI77 WEB | -500.00 |
| 04/27/20 | PAYPAL         DES:INST XFER  ID:KESSLERMARK  INDN:JEREMY RAUCH          CO ID:PAYPALSI77 WEB | -500.00 |
| 04/27/20 | PAYPAL         DES:INST XFER  ID:FRANNYMATAS  INDN:JEREMY RAUCH          CO ID:PAYPALSI77 WEB | -412.45 |
| 04/27/20 | PAYPAL         DES:INST XFER  ID:MISSSABADOP  INDN:JEREMY RAUCH          CO ID:PAYPALSI77 WEB | -400.00 |
| 04/27/20 | PAYPAL         DES:INST XFER  ID:JORDIIVEN  INDN:JEREMY RAUCH          CO ID:PAYPALSI77 WEB | -350.00 |
| 04/27/20 | PAYPAL         DES:INST XFER  ID:DJBOO  INDN:JEREMY RAUCH          CO ID:PAYPALSI77 WEB | -300.00 |
| 04/27/20 | BOFA MERCH SVCS  DES:INTERCHNG  ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXXB CCD | -76.83 |
| 04/27/20 | BOFA MERCH SVCS  DES:INTERCHNG  ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXXB CCD | -52.10 |
| 04/27/20 | BOFA MERCH SVCS  DES:INTERCHNG  ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXXB CCD | -41.67 |
| 04/27/20 | BOFA MERCH SVCS  DES:DISCOUNT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXXB CCD | -6.63 |
| 04/27/20 | BOFA MERCH SVCS  DES:DISCOUNT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXXB CCD | -5.81 |
| 04/27/20 | BOFA MERCH SVCS  DES:FEE        ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXXB CCD | -4.43 |
| 04/27/20 | BOFA MERCH SVCS  DES:FEE        ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXXB CCD | -3.88 |
| 04/27/20 | BOFA MERCH SVCS  DES:FEE        ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXXB CCD | -3.82 |
| 04/27/20 | BOFA MERCH SVCS  DES:DISCOUNT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXXB CCD | -3.59 |

*continued on the next page*

THE WILLIAMSBURG HOTEL BK LLC    |    Account # 4830 7648 2855 |    April 1, 2020 to April 30, 2020

# Withdrawals and other debits - continued

| Date | Description | Amount |
|------|-------------|--------|
| 04/28/20 | Phase Three Capi DES:SIGONFILE  ID:RX709D  INDN:TWH Secondary 2855       CO ID:9000360078 CCD | -535.93 |
| 04/28/20 | BOFA MERCH SVCS  DES:INTERCHNG  ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -98.50 |
| 04/28/20 | BOFA MERCH SVCS  DES:DISCOUNT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -8.87 |
| 04/28/20 | BOFA MERCH SVCS  DES:FEE        ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -3.59 |
| 04/28/20 | JPMorgan Chase  DES:Auth Debit ID:9515367402  INDN:Auth              CO ID:9200502233 CCD | -0.60 |
| 04/29/20 | Online Banking transfer to CHK 9206 Confirmation# 5320100392 | -8,606.47 |
| 04/29/20 | Online Banking transfer to CHK 9206 Confirmation# 6420104427 | -5,061.41 |
| 04/29/20 | CHASE CREDIT CRD DES:EPAY       ID:4658558840  INDN:TOBY S MOSKOVITS       CO ID:5760039224 WEB | -2,000.00 |
| 04/29/20 | BOFA MERCH SVCS  DES:INTERCHNG  ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -104.61 |
| 04/29/20 | BOFA MERCH SVCS  DES:FEE        ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -13.39 |
| 04/29/20 | BOFA MERCH SVCS  DES:DISCOUNT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -7.38 |
| 04/30/20 | WIRE TYPE:WIRE OUT DATE:200430 TIME:1330 ET TRN:2020043000602025 SERVICE REF:493793 BNF:SABRE GLBL INC. ID:40788357 BNF BK:CITIBANK, N .A. ID:0008 PMT DET:296716732 WILLIAMSBURG HOTEL I NV 94832921 | -5,375.08 |
| 04/30/20 | WIRE TYPE:WIRE OUT DATE:200430 TIME:1333 ET TRN:2020043000604635 SERVICE REF:020035 BNF:PUREHD LLC ID:8250422496 BNF BK:TD BANK, NA ID:211370545 PMT DET:296717266 WILLIAMSBURG HOTEL INV 25490 | -2,294.72 |
| 04/30/20 | WIRE TYPE:WIRE OUT DATE:200430 TIME:1426 ET TRN:2020043000607029 SERVICE REF:022313 BNF:NEXT GEN ENTERPRISES, INC ID:9299090663 BNF BK:WELLS FARGO BANK, N.A. ID:121000248 PMT DET:296717920 WILLIAMSBURG HOTEL HALF INV 185 | -1,291.91 |
| 04/30/20 | Zelle Transfer Conf# 7bddf9450; RMAC Supplies | -1,848.62 |
| 04/30/20 | Online Banking Transfer Conf# b168b92ac; Hassan | -1,144.23 |
| 04/30/20 | WIRE TYPE:WIRE OUT DATE:200430 TIME:1621 ET TRN:2020043000737461 SERVICE REF:552895 BNF:CLEAN CITY LAUNDRY INC. ID:672788960 BNF BK:JP MORGAN CHASE BANK, N. ID:0002 PMT DET:296745286 WI LLIAMSBURG HOTEL INV 3777 | -2,149.90 |
| 04/30/20 | Online Banking transfer to CHK 9206 Confirmation# 3128782758 | -4,274.86 |
| 04/30/20 | BOFA MERCH SVCS  DES:INTERCHNG  ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -22.46 |
| 04/30/20 | BOFA MERCH SVCS  DES:FEE        ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -3.92 |
| 04/30/20 | BOFA MERCH SVCS  DES:DISCOUNT   ID:737301938889  INDN:THE WILLIAMSBURG HOTEL  CO ID:XXXXXXXXB CCD | -1.92 |

**Total withdrawals and other debits**     **-$1,685,218.68**



# Your checking account

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2855   |   April 1, 2020 to April 30, 2020

## Service fees

The Monthly Fee on your Business Advantage Checking account was waived for the statement period ending 03/31/20. A check mark below indicates the requirement(s) you have met to qualify for the Monthly Fee waiver on the account.

- ○ $2,500+ in new net purchases on a linked Business credit card
- ○ $15,000+ average monthly balance in primary checking account
- ○ $35,000+ combined average monthly balance in linked business accounts
- ○ active use of Bank of America Merchant Services
- ○ active use of Payroll Services
- ✓ enrolled in Business Advantage Relationship Rewards

For information on how to open a new product, link an existing service to your account, or about Business Advantage Relationship Rewards please call 1.888.BUSINESS or visit bankofamerica.com/smallbusiness.

| Date | Transaction description | Amount |
|------|------------------------|--------|
| 04/03/20 | Prfd Rwds for Bus-Wire Fee Waiver of $30 | -0.00 |
| 04/08/20 | Prfd Rwds for Bus-Wire Fee Waiver of $30 | -0.00 |
| 04/20/20 | Prfd Rwds for Bus-Wire Fee Waiver of $30 | -0.00 |
| 04/21/20 | Wire Transfer Fee | -30.00 |
| 04/21/20 | Prfd Rwds for Bus-Wire Fee Waiver of $30 | -0.00 |
| 04/24/20 | Wire Transfer Fee | -30.00 |
| 04/24/20 | Wire Transfer Fee | -30.00 |
| 04/24/20 | Wire Transfer Fee | -30.00 |
| 04/24/20 | Wire Transfer Fee | -30.00 |
| 04/27/20 | Wire Transfer Fee | -30.00 |
| 04/30/20 | Wire Transfer Fee | -30.00 |
| 04/30/20 | Wire Transfer Fee | -30.00 |
| 04/30/20 | Wire Transfer Fee | -30.00 |
| 04/30/20 | Wire Transfer Fee | -30.00 |
| **Total service fees** | | **-$300.00** |

*Note your Ending Balance already reflects the subtraction of Service Fees.*

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2855 9  |  April 1, 2020 to April 30, 2020

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) | Date | Balance ($) |
|------|-------------|------|------------|------|-------------|
| 04/01 | 12,626.54 | 04/15 | 173.26 | 04/23 | 11,768.12 |
| 04/03 | 1,703.60 | 04/16 | 2,644.10 | 04/24 | 10,708.58 |
| 04/06 | 828.60 | 04/17 | 2,530.60 | 04/27 | 11,336.84 |
| 04/08 | 1,582.42 | 04/20 | 16,420.11 | 04/28 | 25,751.36 |
| 04/09 | 1,182.42 | 04/21 | 1,471,288.89 | 04/29 | 14,232.96 |
| 04/10 | 837.76 | 04/22 | 1,470,608.06 | 04/30 | 10,883.21 |
| 04/14 | 423.26 | | | | |

# EXHIBIT I



P.O. Box 15284
Wilmington, DE 19850

Business Advantage
Relationship Rewards

THE WILLIAMSBURG HOTEL BK LLC
DBA THE WILLIAMSBURG HOTEL
PAYROLL ACCOUNT
679 DRIGGS AVE
BROOKLYN, NY  11211-4023

**Customer service information**

📱 1.888.BUSINESS (1.888.287.4637)

✍️ bankofamerica.com

✉️ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

# Your Business Advantage Checking
# Preferred Rewards for Bus Platinum Honors

for April 1, 2020 to April 30, 2020                              Account number: 4830 7648 2703

**THE WILLIAMSBURG HOTEL BK LLC      DBA THE WILLIAMSBURG HOTEL      PAYROLL ACCOUNT**

## Account summary

| | | |
|---|---|---|
| Beginning balance on April 1, 2020 | $26.52 | # of deposits/credits: 15 |
| Deposits and other credits | 131,277.34 | # of withdrawals/debits: 35 |
| Withdrawals and other debits | -101,522.49 | # of items-previous cycle[1]: 0 |
| Checks | -0.00 | # of days in cycle: 30 |
| Service fees | -165.00 | Average ledger balance: $4,055.66 |
| **Ending balance on April 30, 2020** | **$29,616.37** | [1]Includes checks paid,deposited items&other debits |

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2706 | April 1, 2020 to April 30, 2020

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

–   Tell us your name and account number.
–   Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
–   Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2020 Bank of America Corporation



Bank of America, N.A. Member FDIC and   Equal Housing Lender



**Your checking account**

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   April 1, 2020 to April 30, 2020

## Deposits and other credits

| Date | Description | Amount |
|------|-------------|--------|
| 04/01/20 | PAYCHEX-RCX    DES:PAYROLL    ID:86582300000045X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 21.98 |
| 04/03/20 | Online Banking transfer from CHK 2855 Confirmation# 2189074313 | 19,000.00 |
| 04/06/20 | Online Banking transfer from CHK 2855 Confirmation# 2119629505 | 200.00 |
| 04/08/20 | Online Banking transfer from CHK 2855 Confirmation# 2138350805 | 20,500.00 |
| 04/14/20 | Online Banking transfer from CHK 2855 Confirmation# 2290440630 | 17,800.00 |
| 04/14/20 | Online Banking transfer from CHK 2855 Confirmation# 1490508481 | 2,500.00 |
| 04/17/20 | Online Banking transfer from CHK 2855 Confirmation# 2413459409 | 50.00 |
| 04/21/20 | RETURN OF POSTED CHECK / ITEM (RECEIVED ON 04-20) | 2,295.10 |
| 04/22/20 | Online Banking transfer from CHK 2855 Confirmation# 7358460430 | 30.00 |
| 04/23/20 | Online Banking transfer from CHK 0102 Confirmation# 5267964907 | 29,170.66 |
| 04/24/20 | Online Banking transfer from CHK 2855 Confirmation# 7574261956 | 2,500.00 |
| 04/24/20 | Online Banking transfer from CHK 0102 Confirmation# 7376183801 | 2,169.79 |
| 04/24/20 | Online Banking transfer from CHK 0102 Confirmation# 6576233082 | 791.93 |
| 04/27/20 | Online Banking transfer from CHK 0102 Confirmation# 3401725454 | 4,701.84 |
| 04/30/20 | Online Banking transfer from CHK 0102 Confirmation# 3329340432 | 29,546.04 |
| **Total deposits and other credits** | | **$131,277.34** |

## Withdrawals and other debits

| Date | Description | Amount |
|------|-------------|--------|
| 04/03/20 | PAYCHEX-RCX    DES:PAYROLL    ID:86623700000220X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -12,974.59 |
| 04/03/20 | PAYCHEX TPS    DES:TAXES    ID:86623900002373X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -5,831.47 |
| 04/03/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0091368958  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -142.00 |

*continued on the next page*



Your Digital Tip

BANK OF AMERICA BUSINESS ADVANTAGE

## Dreading the shredding?

Go paperless — you'll have security without the hassle of storing and shredding old statements. View your statements online any time.

You can enroll today by logging in to Online Banking at **bankofamerica.com/SmallBusiness** and clicking on **Profiles & Settings** (in the upper right, next to Sign Out).

ARWY4MJB | SSM-04-19-0138.B

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703 |   April 1, 2020 to April 30, 2020

# Withdrawals and other debits - continued

| Date | Description | Amount |
|------|-------------|--------|
| 04/06/20 | PAYCHEX EIB      DES:INVOICE    ID:X86629000004509  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -300.19 |
| 04/09/20 | PAYCHEX-RCX      DES:PAYROLL    ID:86711000001294X  INDN:WILLIAMSBURG HOTEL BK  CO ID:1161124166 CCD | -14,066.69 |
| 04/09/20 | PAYCHEX CGS      DES:GARNISH    ID:COL0091469251  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -142.00 |
| 04/10/20 | PAYCHEX TPS      DES:TAXES    ID:86709400005285X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -5,580.78 |
| 04/10/20 | PAYCHEX-HRS      DES:HRS PMT    ID:33986461  INDN:THE WILLIAMSBURG HOTE   CO ID:2555124166 CCD | -1,558.90 |
| 04/10/20 | PAYCHEX EIB      DES:INVOICE    ID:X86711900031335  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -303.24 |
| 04/14/20 | Online Banking transfer to CHK 2855 Confirmation# 2290488525 | -2,500.00 |
| 04/16/20 | PAYCHEX - RCX   DES:PAYROLL    ID:86788100001520X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -12,194.40 |
| 04/16/20 | PAYCHEX CGS      DES:GARNISH    ID:COL0091561157  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -142.00 |
| 04/17/20 | PAYCHEX TPS      DES:TAXES    ID:86787700006398X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -4,040.27 |
| 04/17/20 | PAYCHEX EIB      DES:INVOICE    ID:X86791000024812  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -244.80 |
| 04/20/20 | PAYCHEX TPS      DES:TAXES    ID:86838900151794X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -2,295.10 |
| 04/24/20 | WIRE TYPE:WIRE OUT DATE:200424 TIME:1147 ET TRN:2020042400404862 SERVICE REF:372322 BNF:PAYCHEX OF NEW YORK ID:512068399 BNF BK:JPMORG AN CHASE BANK, N. ID:0002 PMT DET:296132122 THE WI LLIAMSBURG HOTEL 1Q20 TAX | -2,295.10 |
| 04/24/20 | WIRE TYPE:WIRE OUT DATE:200424 TIME:1700 ET TRN:2020042400573459 SERVICE REF:013541 BNF:ELIEZER POSNER ID:998398069 BNF BK:JPMORGAN CH ASE BANK, NA ID:021000021 PMT DET:296174406 | -2,169.79 |
| 04/24/20 | PAYCHEX      DES:PAYROLL    ID:86942100000431X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -21,051.25 |
| 04/24/20 | PAYCHEX TPS      DES:TAXES    ID:86939700001612X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -7,977.41 |
| 04/24/20 | PAYCHEX CGS      DES:GARNISH    ID:COL0091686014  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -142.00 |
| 04/27/20 | WIRE TYPE:WIRE OUT DATE:200427 TIME:0517 ET TRN:2020042400578479 SERVICE REF:003440 BNF:JOSE RAUL BRIONES ID:36058506379 BNF BK:CAPITA L ONE, NA ID:031176110 PMT DET:296175400 | -791.93 |
| 04/27/20 | WIRE TYPE:WIRE OUT DATE:200427 TIME:1626 ET TRN:2020042700641142 SERVICE REF:471494 BNF:DANIELLA LISKER ID:636808516 BNF BK:JPMORGAN C HASE BANK, N. ID:0002 PMT DET:296363310 | -1,868.20 |
| 04/27/20 | WIRE TYPE:WIRE OUT DATE:200427 TIME:1628 ET TRN:2020042700641938 SERVICE REF:471681 BNF:DANIELLA LISKER ID:636808516 BNF BK:JPMORGAN C HASE BANK, N. ID:0002 PMT DET:296363496 | -500.00 |
| 04/27/20 | Online Banking Transfer Conf# 7f8e1642e; Martinez | -1,099.64 |

*continued on the next page*



<span style="color:red">**Your checking account**</span>

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   April 1, 2020 to April 30, 2020

## Withdrawals and other debits - continued

| Date | Description | Amount |
|---|---|---|
| 04/27/20 | WIRE TYPE:WIRE OUT DATE:200427 TIME:1634 ET TRN:2020042700646345 SERVICE REF:013743 BNF:JONATHAN SHEYNKMAN ID:3014942621 BNF BK:FIRST FIDILITY ID:021200025 PMT DET:296364496 | -1,234.00 |
| 04/27/20 | PAYCHEX EIB     DES:INVOICE     ID:X86943300010077  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -76.74 |

**Total withdrawals and other debits**                                                          **-$101,522.49**

## Service fees

**Your Overdraft and NSF: Returned Item fees for this statement period and year to date are shown below.**

| | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft fees | $70.00 | $70.00 |
| Total NSF: Returned Item fees | $35.00 | $35.00 |

**We want to help you avoid overdraft and returned item fees.  Here are a few ways to manage your account and stay on top of your balance:**

- Set up Overdraft Protection in Online Banking to avoid declined transactions and save on overdraft fees
- Sign up for Alerts (footnote 1) to get an email or text message when your balance becomes low

Please call us or visit us if you have any questions or to discuss your options.

(footnote 1) You may elect to receive alerts via text or email. Bank of America does not charge for this service but your mobile carrier's message and data rates may apply. Delivery of alerts may be affected or delayed by your mobile carrier's coverage.

| Date | Transaction description | Amount |
|---|---|---|
| 04/10/20 | OVERDRAFT ITEM FEE FOR ACTIVITY OF 04-10 | -35.00 |
| 04/10/20 | OVERDRAFT ITEM FEE FOR ACTIVITY OF 04-10 | -35.00 |
| 04/20/20 | NSF: RETURNED ITEM FEE FOR ACTIVITY OF 04-20 | -35.00 |
| 04/24/20 | Prfd Rwds for Bus-Wire Fee Waiver of $30 | -0.00 |
| 04/24/20 | Prfd Rwds for Bus-Wire Fee Waiver of $30 | -0.00 |
| 04/27/20 | Wire Transfer Fee | -30.00 |
| 04/27/20 | Wire Transfer Fee | -30.00 |
| 04/27/20 | Prfd Rwds for Bus-Wire Fee Waiver of $30 | -0.00 |
| 04/27/20 | Prfd Rwds for Bus-Wire Fee Waiver of $30 | -0.00 |

**Total service fees**                                                                          **-$165.00**

*Note your Ending Balance already reflects the subtraction of Service Fees.*

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703 9   |   April 1, 2020 to April 30, 2020

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) | Date | Balance ($) |
|------|------------|------|-----------|------|------------|
| 04/01 | 48.50 | 04/14 | 16,578.64 | 04/22 | 2.17 |
| 04/03 | 100.44 | 04/16 | 4,242.24 | 04/23 | 29,172.83 |
| 04/06 | 0.25 | 04/17 | 7.17 | 04/24 | 999.00 |
| 04/08 | 20,500.25 | 04/20 | -2,322.93 | 04/27 | 70.33 |
| 04/09 | 6,291.56 | 04/21 | -27.83 | 04/30 | 29,616.37 |
| 04/10 | -1,221.36 | | | | |



P.O. Box 15284
Wilmington, DE 19850

Business Advantage
Relationship Rewards

**Customer service information**

THE WILLIAMSBURG HOTEL BK LLC
DBA THE WILLIAMSBURG HOTEL
PAYROLL ACCOUNT
679 DRIGGS AVE
BROOKLYN, NY  11211-4023

📱  1.888.BUSINESS (1.888.287.4637)

🖥  bankofamerica.com

✉  Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

🔔 | Please see the **Important Messages – Please Read** section of your statement for important details that could impact you.

# Your Business Advantage Checking
# Preferred Rewards for Bus Platinum Honors

for May 1, 2020 to May 31, 2020                    Account number: 4830 7648 2703

**THE WILLIAMSBURG HOTEL BK LLC      DBA THE WILLIAMSBURG HOTEL      PAYROLL ACCOUNT**

## Account summary

| | | |
|---|---|---|
| Beginning balance on May 1, 2020 | $29,616.37 | # of deposits/credits: 9 |
| Deposits and other credits | 153,317.54 | # of withdrawals/debits: 23 |
| Withdrawals and other debits | -182,591.67 | # of items-previous cycle[1]: 0 |
| Checks | -0.00 | # of days in cycle: 31 |
| Service fees | -0.00 | Average ledger balance: $7,636.82 |
| **Ending balance on May 31, 2020** | **$342.24** | [1]*Includes checks paid,deposited items&other debits* |

BUSINESS ADVANTAGE

## Get a 360° view of your business finances

Business Advantage 360 gives you the power to manage your business finances from
a single dashboard. Available through Online and Mobile Banking[1] at no cost to you.

**To learn more, visit bankofamerica.com/BusinessAdvantage360.**

[1] You must be enrolled in Online Banking or Mobile Banking to use the Business Advantage 360 tool and have an eligible Bank of America® small business deposit account. Mobile Banking requires that you download the Mobile Banking app and is only available for select mobile devices. Message and data rates may apply.    SSM-01-20-2732.B | 2924763

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2705   |   May 1, 2020 to May 31, 2020

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

**How to Contact Us** - You may call us at the telephone number listed on the front of this statement.

**Updating your contact information** - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

**Deposit agreement** - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

**Electronic transfers: In case of errors or questions about your electronic transfers** - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

**Reporting other problems** - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

**Direct deposits** - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2020 Bank of America Corporation



Bank of America, N.A. Member FDIC and     Equal Housing Lender

 **BANK OF AMERICA**

<span style="color:red">**Your checking account**</span>

THE WILLIAMSBURG HOTEL BK LLC  |  Account # 4830 7648 2703  |  May 1, 2020 to May 31, 2020

## Deposits and other credits

| Date | Description | Amount |
|------|-------------|-------:|
| 05/01/20 | PAYCHEX SEC DEP  DES:MANACH PAY ID:1689995  INDN:094014058224          CO<br>ID:9046409001 CCD  PMT INFO:PAYCHEX ADJUSTMENT | 2,032.34 |
| 05/07/20 | Online Banking transfer from CHK 0102 Confirmation# 1389067945 | 27,339.56 |
| 05/07/20 | Online Banking transfer from CHK 0102 Confirmation# 1288865942 | 25,674.52 |
| 05/13/20 | Online Banking transfer from CHK 0102 Confirmation# 3138207616 | 9,180.35 |
| 05/14/20 | Online Banking transfer from CHK 0102 Confirmation# 3149746929 | 25,878.36 |
| 05/14/20 | PAYCHEX-RCX    DES:PAYROLL    ID:87304800000012X INDN:WILLIAMSBURG HOTEL BK   CO<br>ID:1161124166 CCD | 43.97 |
| 05/15/20 | Online Banking transfer from CHK 0102 Confirmation# 1456127610 | 690.23 |
| 05/22/20 | Online Banking transfer from CHK 0102 Confirmation# 7316136249 | 30,150.44 |
| 05/28/20 | Online Banking transfer from CHK 0102 Confirmation# 3170106714 | 32,327.77 |
| **Total deposits and other credits** | | **$153,317.54** |

## Withdrawals and other debits

| Date | Description | Amount |
|------|-------------|-------:|
| 05/01/20 | PAYCHEX-RCX    DES:PAYROLL    ID:87072000000305X INDN:WILLIAMSBURG HOTEL BK  CO<br>ID:1161124166 CCD | -20,310.13 |
| 05/01/20 | PAYCHEX TPS    DES:TAXES    ID:87069600002542X INDN:WILLIAMSBURG HOTEL BK   CO<br>ID:1161124166 CCD | -9,083.88 |
| 05/01/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0091787248 INDN:WILLIAMSBURG HOTEL BK   CO<br>ID:1161124166 CCD | -152.03 |
| 05/04/20 | PAYCHEX EIB    DES:INVOICE    ID:X87080900000617 INDN:THE WILLIAMSBURG HOTEL  CO<br>ID:1161124166 CCD | -895.26 |
| 05/08/20 | PAYCHEX - RCX   DES:PAYROLL    ID:87213100000312X INDN:WILLIAMSBURG HOTEL BK   CO<br>ID:1161124166 CCD | -19,332.49 |
| 05/08/20 | PAYCHEX TPS    DES:TAXES    ID:87209300005379X INDN:WILLIAMSBURG HOTEL BK   CO<br>ID:1161124166 CCD | -6,199.66 |

*continued on the next page*



BUSINESS ADVANTAGE

**Your Digital Tip**



## Need bills and coins? Get the latest app update.

Order all the denominations you need using our Mobile Banking app.[1] Get the latest updates and access your accounts wherever you have a mobile connection.

Download the app today from your app store or visit **bankofamerica.com/GoMobile**.

[1] Mobile Banking requires that you download the Mobile Banking app and is only available for select mobile devices.
Message and data rates may apply.

SSM-11-19-0030.B | 2846838

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703 0  |  May 1, 2020 to May 31, 2020

## Withdrawals and other debits - continued

| Date | Description | Amount |
|------|-------------|-------:|
| 05/08/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0091894112  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -142.00 |
| 05/11/20 | PAYCHEX    DES:PAYROLL    ID:87245800000132X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -27,319.50 |
| 05/11/20 | PAYCHEX EIB    DES:INVOICE    ID:X87218400014334  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -476.33 |
| 05/11/20 | PAYCHEX EIB    DES:INVOICE    ID:X87218400019447  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -251.21 |
| 05/15/20 | Zelle Transfer Conf# 6996d7c1d; Bergman, Ben | -690.23 |
| 05/15/20 | PAYCHEX-RCX    DES:PAYROLL    ID:87326100000471X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -19,534.53 |
| 05/15/20 | PAYCHEX TPS    DES:TAXES    ID:87317800005534X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -6,949.83 |
| 05/15/20 | PAYCHEX TPS    DES:TAXES    ID:87326000002968X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -6,275.80 |
| 05/15/20 | PAYCHEX-HRS    DES:HRS PMT    ID:34235950  INDN:THE WILLIAMSBURG HOTE   CO ID:2555124166 CCD | -1,593.30 |
| 05/15/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0091998824  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -68.03 |
| 05/18/20 | PAYCHEX EIB    DES:INVOICE    ID:X87328600015064  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -839.25 |
| 05/22/20 | PAYCHEX-RCX    DES:PAYROLL    ID:87444500000604X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -22,555.47 |
| 05/22/20 | PAYCHEX TPS    DES:TAXES    ID:87444200002197X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -7,368.97 |
| 05/22/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0092108627  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -226.00 |
| 05/29/20 | PAYCHEX-RCX    DES:PAYROLL    ID:87558900000889X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -24,525.40 |
| 05/29/20 | PAYCHEX TPS    DES:TAXES    ID:87556700003563X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -7,718.37 |
| 05/29/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0092218374  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |

**Total withdrawals and other debits**  **-$182,591.67**



**Your checking account**

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   May 1, 2020 to May 31, 2020

## Service fees

**Your Overdraft and NSF: Returned Item fees for this statement period and year to date are shown below.**

|  | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft fees | $0.00 | $70.00 |
| Total NSF: Returned Item fees | $0.00 | $35.00 |

**We want to help you avoid overdraft and returned item fees.  Here are a few ways to manage your account and stay on top of your balance:**

- Set up Overdraft Protection in Online Banking to avoid declined transactions and save on overdraft fees
- Sign up for Alerts (footnote 1) to get an email or text message when your balance becomes low

Please call us or visit us if you have any questions or to discuss your options.

(footnote 1) You may elect to receive alerts via text or email. Bank of America does not charge for this service but your mobile carrier's message and data rates may apply. Delivery of alerts may be affected or delayed by your mobile carrier's coverage.

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703 9   |   May 1, 2020 to May 31, 2020

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) | Date | Balance ($) |
|------|------------|------|-----------|------|------------|
| 05/01 | 2,102.67 | 05/11 | 500.30 | 05/18 | 342.24 |
| 05/04 | 1,207.41 | 05/13 | 9,680.65 | 05/28 | 32,670.01 |
| 05/07 | 54,221.49 | 05/14 | 35,602.98 | 05/29 | 342.24 |
| 05/08 | 28,547.34 | 05/15 | 1,181.49 | | |

## Important Messages - Please Read

We want to make sure you stay up-to-date on changes, reminders, and other important details that could impact you.

To help support your needs, we are temporarily increasing small business Zelle® limits. As a small business client, you will now be able to send up to $15,000 or 20 transactions during any 24-hour period, $45,000 or 60 transactions during any 7-day period and $60,000 or 120 transactions in any 30-day period. Please note, these limits may change at any time. Visit bankofamerica.com/online-banking/zelle-transfer-limits/ for details.

Zelle and the Zelle related marks are wholly owned by Early Warning Services, LLC, and are used herein under license.

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2756 1 May 1, 2020 to May 31, 2020

This page intentionally left blank



P.O. Box 15284
Wilmington, DE 19850

Business Advantage
Relationship Rewards

**Customer service information**

THE WILLIAMSBURG HOTEL BK LLC
DBA THE WILLIAMSBURG HOTEL
PAYROLL ACCOUNT
679 DRIGGS AVE
BROOKLYN, NY 11211-4023

📱 1.888.BUSINESS (1.888.287.4637)

✏️ bankofamerica.com

✉️ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

# Your Business Advantage Checking
# Preferred Rewards for Bus Platinum Honors

for June 1, 2020 to June 30, 2020                      Account number: 4830 7648 2703

**THE WILLIAMSBURG HOTEL BK LLC     DBA THE WILLIAMSBURG HOTEL     PAYROLL ACCOUNT**

## Account summary

| | | |
|---|---|---|
| Beginning balance on June 1, 2020 | $342.24 | # of deposits/credits: 15 |
| Deposits and other credits | 144,549.84 | # of withdrawals/debits: 16 |
| Withdrawals and other debits | -142,173.42 | # of items-previous cycle[1]: 0 |
| Checks | -0.00 | # of days in cycle: 30 |
| Service fees | -0.00 | Average ledger balance: $5,304.30 |
| **Ending balance on June 30, 2020** | **$2,718.66** | [1]Includes checks paid,deposited items&other debits |

---

**BANK OF AMERICA BUSINESS ADVANTAGE**

## What's on your mind?

Business owners like you can join the Bank of America® Advisory Panel to help us understand what you like and don't like.
Enter code **SBDD** at **bankofamerica.com/AdvisoryPanel** to learn more and join.

Inclusion on the Advisory Panel subject to qualifications.                      SSM-09-19-0761.D1 | ARG5T4RM

THE WILLIAMSBURG HOTEL BK LLC  |  Account # 4830 7648 2787  |  June 1, 2020 to June 30, 2020

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

–   Tell us your name and account number.
–   Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
–   Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2020 Bank of America Corporation



Bank of America, N.A. Member FDIC and ⌂ Equal Housing Lender



**<span style="color:red">Your checking account</span>**

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   June 1, 2020 to June 30, 2020

## Deposits and other credits

| Date | Description | Amount |
|------|-------------|-------:|
| 06/02/20 | PAYCHEX-RCX    DES:PAYROLL    ID:87432100000598X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 921.67 |
| 06/02/20 | PAYCHEX-RCX    DES:PAYROLL    ID:87432100000596X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 702.38 |
| 06/02/20 | PAYCHEX-RCX    DES:PAYROLL    ID:87432100000597X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 487.58 |
| 06/02/20 | PAYCHEX-RCX    DES:PAYROLL    ID:87432100000595X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 388.59 |
| 06/04/20 | Online Banking transfer from CHK 0102 Confirmation# 6330486024 | 32,385.70 |
| 06/12/20 | Online Banking transfer from CHK 0102 Confirmation# 3493220912 | 34,760.34 |
| 06/12/20 | Online Banking transfer from CHK 0102 Confirmation# 3199022019 | 229.97 |
| 06/18/20 | Online Banking transfer from CHK 0102 Confirmation# 2453190950 | 24,152.32 |
| 06/18/20 | Online Banking transfer from CHK 2855 Confirmation# 1353186588 | 10,000.00 |
| 06/25/20 | Online Banking transfer from CHK 2855 Confirmation# 1112853723 | 29,155.86 |
| 06/25/20 | Online Banking transfer from CHK 0102 Confirmation# 1512846629 | 9,417.04 |
| 06/29/20 | PAYCHEX    DES:PAYROLL    ID:87870600003890X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 636.56 |
| 06/29/20 | PAYCHEX    DES:PAYROLL    ID:87870600003889X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 599.08 |
| 06/29/20 | PAYCHEX    DES:PAYROLL    ID:87870600003888X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 443.00 |
| 06/29/20 | PAYCHEX    DES:PAYROLL    ID:87870600003887X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 269.75 |

**Total deposits and other credits** **$144,549.84**



Your Digital Tip

BANK OF AMERICA BUSINESS ADVANTAGE

Stay on top of your accounts

Start receiving online alerts[1] today to know when transactions have posted and when payments are due.
Sign in or enroll at **bankofamerica.com/SmallBusiness** and click on **Alerts** in the Activity Center.

[1] You may elect to receive alerts via text or email. Bank of America does not charge for this service but your mobile carrier's message and data rates may apply. Delivery of alerts may be affected or delayed by your mobile carrier's coverage. You must be enrolled in Online Banking.

SSM-01-20-2763.B | 2924790

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   June 01, 2020 to June 30, 2020

# Withdrawals and other debits

| Date | Description | Amount |
|---|---|---|
| 06/05/20 | PAYCHEX        DES:PAYROLL    ID:87678900000242X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -24,543.44 |
| 06/05/20 | PAYCHEX TPS        DES:TAXES     ID:87676200005829X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -7,700.26 |
| 06/05/20 | PAYCHEX CGS        DES:GARNISH    ID:COL0092330861  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -142.00 |
| 06/12/20 | Zelle Transfer Conf# 51486faaa; Hendricks, Desiree | -229.97 |
| 06/12/20 | PAYCHEX        DES:PAYROLL    ID:87801200000173X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -26,356.57 |
| 06/12/20 | PAYCHEX TPS        DES:TAXES     ID:87802000001729X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -8,261.77 |
| 06/12/20 | PAYCHEX-HRS        DES:HRS PMT    ID:34500127  INDN:THE WILLIAMSBURG HOTE   CO ID:2555124166 CCD | -1,604.00 |
| 06/12/20 | PAYCHEX CGS        DES:GARNISH    ID:COL0092442663  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -142.00 |
| 06/19/20 | PAYCHEX-RCX        DES:PAYROLL     ID:87899700000409X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -25,838.81 |
| 06/19/20 | PAYCHEX TPS        DES:TAXES     ID:87899600002218X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -8,171.51 |
| 06/19/20 | PAYCHEX CGS        DES:GARNISH    ID:COL0092557948  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -142.00 |
| 06/22/20 | PAYCHEX EIB        DES:INVOICE    ID:X87904400002023  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -177.12 |
| 06/26/20 | PAYCHEX-RCX        DES:PAYROLL     ID:87996600000112X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -29,283.56 |
| 06/26/20 | PAYCHEX TPS        DES:TAXES     ID:87998500002017X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -9,147.34 |
| 06/26/20 | PAYCHEX CGS        DES:GARNISH    ID:COL0092669217  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -142.00 |
| 06/29/20 | PAYCHEX EIB        DES:INVOICE    ID:X88000000024424  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -291.07 |

**Total withdrawals and other debits**                                                                      **-$142,173.42**



**Your checking account**

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   June 1, 2020 to June 30, 2020

## Service fees

**Your Overdraft and NSF: Returned Item fees for this statement period and year to date are shown below.**

|  | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft fees | $0.00 | $70.00 |
| Total NSF: Returned Item fees | $0.00 | $35.00 |

**We want to help you avoid overdraft and returned item fees.  Here are a few ways to manage your account and stay on top of your balance:**

- Set up Overdraft Protection in Online Banking to avoid declined transactions and save on overdraft fees
- Sign up for Alerts (footnote 1) to get an email or text message when your balance becomes low

Please call us or visit us if you have any questions or to discuss your options.

(footnote 1) You may elect to receive alerts via text or email. Bank of America does not charge for this service but your mobile carrier's message and data rates may apply. Delivery of alerts may be affected or delayed by your mobile carrier's coverage.

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   June 01, 2020 to June 30, 2020

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) | Date | Balance ($) |
|------|------------|------|-----------|------|------------|
| 06/01 | 342.24 | 06/12 | 1,238.46 | 06/25 | 39,634.24 |
| 06/02 | 2,842.46 | 06/18 | 35,390.78 | 06/26 | 1,061.34 |
| 06/04 | 35,228.16 | 06/19 | 1,238.46 | 06/29 | 2,718.66 |
| 06/05 | 2,842.46 | 06/22 | 1,061.34 | | |


**BANK OF AMERICA**

P.O. Box 15284
Wilmington, DE 19850

Business Advantage
Relationship Rewards

**Customer service information**

📱  1.888.BUSINESS (1.888.287.4637)

🖥  bankofamerica.com

✉  Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

THE WILLIAMSBURG HOTEL BK LLC
DBA THE WILLIAMSBURG HOTEL
PAYROLL ACCOUNT
679 DRIGGS AVE
BROOKLYN, NY 11211-4023

# Your Business Advantage Checking
# Preferred Rewards for Bus Platinum Honors

for July 1, 2020 to July 31, 2020                                    Account number: 4830 7648 2703

**THE WILLIAMSBURG HOTEL BK LLC      DBA THE WILLIAMSBURG HOTEL      PAYROLL ACCOUNT**

## Account summary

| | | |
|---|---|---|
| Beginning balance on July 1, 2020 | $2,718.66 | # of deposits/credits: 13 |
| Deposits and other credits | 307,942.71 | # of withdrawals/debits: 26 |
| Withdrawals and other debits | -304,769.10 | # of items-previous cycle[1]: 0 |
| Checks | -0.00 | # of days in cycle: 31 |
| Service fees | -0.00 | Average ledger balance: $12,688.87 |
| **Ending balance on July 31, 2020** | **$5,892.27** | [1]Includes checks paid,deposited items&other debits |

---

BANK OF AMERICA BUSINESS ADVANTAGE

## Thanks. Your business means a lot to us.

When you're running a small business, a little personal attention can make a big difference. Our small business specialists will work with you to help strengthen your business and plan for the future.

Visit **bankofamerica.com/SmallBusiness** to learn more.

SSM-01-20-2149.B | 2875325

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2770   |   July 1, 2020 to July 31, 2020

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2020 Bank of America Corporation



Bank of America, N.A. Member FDIC and    Equal Housing Lender



**Your checking account**

THE WILLIAMSBURG HOTEL BK LLC  |  Account # 4830 7648 2703  |  July 1, 2020 to July 31, 2020

## Deposits and other credits

| Date | Description | Amount |
|---|---|---|
| 07/02/20 | Online Banking transfer from CHK 2855 Confirmation# 6573170329 | 43,507.56 |
| 07/02/20 | Online Banking transfer from CHK 0102 Confirmation# 6573167323 | 7,163.46 |
| 07/09/20 | Online Banking transfer from CHK 2855 Confirmation# 6234203372 | 59,740.53 |
| 07/09/20 | Online Banking transfer from CHK 0102 Confirmation# 5134206252 | 7,163.46 |
| 07/10/20 | Online Banking transfer from CHK 2855 Confirmation# 7239098931 | 1,646.80 |
| 07/16/20 | Online Banking transfer from CHK 2855 Confirmation# 2294477696 | 60,722.21 |
| 07/16/20 | Online Banking transfer from CHK 0102 Confirmation# 3294473615 | 2,788.46 |
| 07/21/20 | PAYCHEX-RCX    DES:PAYROLL    ID:88319800000098X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 89.29 |
| 07/23/20 | Online Banking transfer from CHK 2855 Confirmation# 7455635654 | 59,547.66 |
| 07/23/20 | Online Banking transfer from CHK 0102 Confirmation# 5555638706 | 3,019.23 |
| 07/28/20 | PAYCHEX-RCX    DES:PAYROLL    ID:88415600000077X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 543.72 |
| 07/30/20 | Online Banking transfer from CHK 2855 Confirmation# 5415166165 | 60,471.87 |
| 07/30/20 | Online Banking transfer from CHK 0102 Confirmation# 7215155120 | 1,538.46 |
| **Total deposits and other credits** | | **$307,942.71** |

## Withdrawals and other debits

| Date | Description | Amount |
|---|---|---|
| 07/03/20 | PAYCHEX        DES:PAYROLL    ID:88095800000420X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -37,858.29 |
| 07/03/20 | PAYCHEX TPS    DES:TAXES      ID:88096400001727X INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -12,245.50 |
| 07/03/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0092787558 INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -142.00 |
| 07/06/20 | PAYCHEX EIB    DES:INVOICE    ID:X88097600017353 INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -328.58 |

*continued on the next page*



BUSINESS ADVANTAGE

# Go paperless today!

Reduce the risk of lost or stolen mail. Plus, you can view your statements securely and easily — online or from our mobile app — 24/7 from virtually anywhere.[1]

You can enroll today by logging in to Online Banking at **bankofamerica.com/SmallBusiness** and clicking on **Profiles & Settings** (in the upper right, next to Sign Out).

[1]Mobile Banking requires that you download the Mobile Banking app and is only available for select mobile devices. Message and data rates may apply.    SSM-04-20-0031.B | 3012579

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2702   |   July 1, 2020 to July 31, 2020

## Withdrawals and other debits - continued

| Date | Description | Amount |
|------|-------------|--------|
| 07/10/20 | PAYCHEX        DES:PAYROLL      ID:88188000000354X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -49,783.94 |
| 07/10/20 | PAYCHEX TPS       DES:TAXES       ID:88185900001892X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -16,263.45 |
| 07/10/20 | PAYCHEX TPS       DES:TAXES        ID:88178300003354X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -2,230.52 |
| 07/10/20 | PAYCHEX-HRS       DES:HRS PMT    ID:34784397  INDN:THE WILLIAMSBURG HOTE   CO ID:2555124166 CCD | -1,646.80 |
| 07/10/20 | PAYCHEX CGS       DES:GARNISH    ID:COL0092897430  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 07/13/20 | PAYCHEX EIB       DES:INVOICE    ID:X88187500009371  INDN:THE WILLIAMSBURG HOTEL   CO ID:1161124166 CCD | -380.45 |
| 07/17/20 | WIRE TYPE:WIRE OUT DATE:200717 TIME:1220 ET TRN:2020071700445238 SERVICE REF:008377 BNF:JOSE RAUL BRIONES ID:36058506379 BNF BK:CAPITA L ONE, NA ID:031176110 PMT DET:304919338 | -441.29 |
| 07/17/20 | PAYCHEX-RCX       DES:PAYROLL     ID:88285800000399X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -46,790.91 |
| 07/17/20 | PAYCHEX TPS       DES:TAXES       ID:88285600002035X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -14,733.08 |
| 07/17/20 | PAYCHEX CGS       DES:GARNISH    ID:COL0093008970  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 07/20/20 | PAYCHEX EIB       DES:INVOICE    ID:X88286900010623  INDN:THE WILLIAMSBURG HOTEL   CO ID:1161124166 CCD | -377.83 |
| 07/20/20 | PAYCHEX TPS       DES:TAXES        ID:88291800038682X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -32.65 |
| 07/24/20 | WIRE TYPE:WIRE OUT DATE:200724 TIME:1520 ET TRN:2020072400596162 SERVICE REF:429914 BNF:DANIELLA LISKER ID:636808516 BNF BK:JPMORGAN C HASE BANK, N. ID:0002 PMT DET:305617614 | -418.71 |
| 07/24/20 | PAYCHEX - RCX   DES:PAYROLL     ID:88380100000168X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -45,565.94 |
| 07/24/20 | PAYCHEX TPS       DES:TAXES       ID:88378300006261X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -14,053.66 |
| 07/24/20 | PAYCHEX CGS       DES:GARNISH    ID:COL0093123092  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 07/27/20 | PAYCHEX EIB       DES:INVOICE    ID:X88381200014959  INDN:THE WILLIAMSBURG HOTEL   CO ID:1161124166 CCD | -391.90 |
| 07/31/20 | PAYCHEX-RCX       DES:PAYROLL     ID:88477500000791X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -45,993.23 |
| 07/31/20 | PAYCHEX TPS       DES:TAXES        ID:88477300002187X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -14,754.37 |
| 07/31/20 | PAYCHEX CGS       DES:GARNISH    ID:COL0093233274  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |

| Total withdrawals and other debits | -$304,769.10 |
|---|---|



<span style="color:red">**Your checking account**</span>

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   July 1, 2020 to July 31, 2020

## Service fees

**Your Overdraft and NSF: Returned Item fees for this statement period and year to date are shown below.**

|  | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft fees | $0.00 | $70.00 |
| Total NSF: Returned Item fees | $0.00 | $35.00 |

**We want to help you avoid overdraft and returned item fees.  Here are a few ways to manage your account and stay on top of your balance:**

- Set up Overdraft Protection in Online Banking to avoid declined transactions and save on overdraft fees
- Sign up for Alerts (footnote 1) to get an email or text message when your balance becomes low

Please call us or visit us if you have any questions or to discuss your options.

(footnote 1) You may elect to receive alerts via text or email. Bank of America does not charge for this service but your mobile carrier's message and data rates may apply. Delivery of alerts may be affected or delayed by your mobile carrier's coverage.

| Date | Transaction description | Amount |
|---|---|---|
| 07/17/20 | Prfd Rwds for Bus-Wire Fee Waiver of $30 | -0.00 |
| 07/24/20 | Prfd Rwds for Bus-Wire Fee Waiver of $30 | -0.00 |
| **Total service fees** | | **-$0.00** |

*Note your Ending Balance already reflects the subtraction of Service Fees.*

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   July 1, 2020 to July 31, 2020

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) | Date | Balance ($) |
|------|------------|------|-----------|------|------------|
| 07/01 | 2,718.66 | 07/13 | 976.94 | 07/24 | 4,561.72 |
| 07/02 | 53,389.68 | 07/16 | 64,487.61 | 07/27 | 4,169.82 |
| 07/03 | 3,143.89 | 07/17 | 2,438.33 | 07/28 | 4,713.54 |
| 07/06 | 2,815.31 | 07/20 | 2,027.85 | 07/30 | 66,723.87 |
| 07/09 | 69,719.30 | 07/21 | 2,117.14 | 07/31 | 5,892.27 |
| 07/10 | 1,357.39 | 07/23 | 64,684.03 | | |



P.O. Box 15284
Wilmington, DE 19850

Business Advantage
Relationship Rewards

**Customer service information**

THE WILLIAMSBURG HOTEL BK LLC
DBA THE WILLIAMSBURG HOTEL
PAYROLL ACCOUNT
679 DRIGGS AVE
BROOKLYN, NY 11211-4023

📱 1.888.BUSINESS (1.888.287.4637)

🖥 bankofamerica.com

✉ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

# Your Business Advantage Checking
# Preferred Rewards for Bus Platinum Honors

for August 1, 2020 to August 31, 2020                  Account number: 4830 7648 2703

**THE WILLIAMSBURG HOTEL BK LLC      DBA THE WILLIAMSBURG HOTEL      PAYROLL ACCOUNT**

## Account summary

| | | |
|---|---|---|
| Beginning balance on August 1, 2020 | $5,892.27 | # of deposits/credits: 19 |
| Deposits and other credits | 338,291.39 | # of withdrawals/debits: 23 |
| Withdrawals and other debits | -338,528.46 | # of items-previous cycle[1]: 0 |
| Checks | -0.00 | # of days in cycle: 31 |
| Service fees | -0.00 | Average ledger balance: $11,826.12 |
| **Ending balance on August 31, 2020** | **$5,655.20** | [1]Includes checks paid,deposited items&other debits |



BUSINESS ADVANTAGE



## Need bills and coins? Get the latest app update.

Order all the denominations you need using our Mobile Banking app.[1] Get the latest
updates and access your accounts wherever you have a mobile connection.

Download the app today from your app store or visit **bankofamerica.com/GoMobile**.

Your
Digital
Tip

[1]Mobile Banking requires that you download the Mobile Banking app and is only available for select mobile devices.
Message and data rates may apply.

SSM-11-19-0030.B | 2846838

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2794   |   August 1, 2020 to August 31, 2020

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2020 Bank of America Corporation



Bank of America, N.A. Member FDIC and     Equal Housing Lender



**Your checking account**

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   August 1, 2020 to August 31, 2020

## Deposits and other credits

| Date | Description | Amount |
|------|-------------|--------|
| 08/03/20 | PAYCHEX     DES:PAYROLL     ID:88350400001754X  INDN:WILLIAMSBURG HOTEL BK  CO ID:1161124166 CCD | 471.56 |
| 08/03/20 | PAYCHEX     DES:PAYROLL     ID:88350400001757X  INDN:WILLIAMSBURG HOTEL BK  CO ID:1161124166 CCD | 458.17 |
| 08/03/20 | PAYCHEX     DES:PAYROLL     ID:88350400001755X  INDN:WILLIAMSBURG HOTEL BK  CO ID:1161124166 CCD | 412.05 |
| 08/03/20 | PAYCHEX     DES:PAYROLL     ID:88350400001758X  INDN:WILLIAMSBURG HOTEL BK  CO ID:1161124166 CCD | 288.40 |
| 08/03/20 | PAYCHEX     DES:PAYROLL     ID:88350400001756X  INDN:WILLIAMSBURG HOTEL BK  CO ID:1161124166 CCD | 216.84 |
| 08/04/20 | PAYCHEX-RCX     DES:PAYROLL     ID:88516600000094X  INDN:WILLIAMSBURG HOTEL BK  CO ID:1161124166 CCD | 500.76 |
| 08/06/20 | Online Banking transfer from CHK 2855 Confirmation# 1276548943 | 67,051.29 |
| 08/06/20 | Online Banking transfer from CHK 0102 Confirmation# 1576542599 | 2,000.00 |
| 08/14/20 | Online Banking transfer from CHK 2855 Confirmation# 1437337139 | 78,966.60 |
| 08/14/20 | Online Banking transfer from CHK 0102 Confirmation# 2337326371 | 1,538.46 |
| 08/18/20 | Online Banking transfer from CHK 2855 Confirmation# 5576942123 | 1,776.35 |
| 08/20/20 | Online Banking transfer from CHK 2855 Confirmation# 3597037600 | 85,526.70 |
| 08/20/20 | Online Banking transfer from CHK 0102 Confirmation# 2197040598 | 1,538.46 |
| 08/20/20 | PAYCHEX - RCX     DES:PAYROLL     ID:88740600001807X  INDN:WILLIAMSBURG HOTEL BK  CO ID:1161124166 CCD | 502.29 |
| 08/27/20 | Online Banking transfer from CHK 2855 Confirmation# 3556961590 | 92,994.00 |
| 08/27/20 | Online Banking transfer from CHK 0102 Confirmation# 2356963721 | 1,538.46 |
| 08/31/20 | PAYCHEX-RCX     DES:PAYROLL     ID:88738700003546X  INDN:WILLIAMSBURG HOTEL BK  CO ID:1161124166 CCD | 1,423.61 |

*continued on the next page*

---



Your Digital Tip

BANK OF AMERICA BUSINESS ADVANTAGE

## Stay on top of your accounts

Start receiving online alerts[1] today to know when transactions have posted and when payments are due.
Sign in or enroll at **bankofamerica.com/SmallBusiness** and click on **Alerts** in the Activity Center.

[1] You may elect to receive alerts via text or email. Bank of America does not charge for this service but your mobile carrier's message and data rates may apply. Delivery of alerts may be affected or delayed by your mobile carrier's coverage. You must be enrolled in Online Banking.

SSM-01-20-2763.B | 2924790

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   August 1, 2020 to August 31, 2020

# Deposits and other credits - continued

| Date | Description | Amount |
|------|-------------|--------|
| 08/31/20 | PAYCHEX-RCX    DES:PAYROLL    ID:88738700003545X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 610.81 |
| 08/31/20 | PAYCHEX-RCX    DES:PAYROLL    ID:88738700003544X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 476.58 |
| **Total deposits and other credits** | | **$338,291.39** |

# Withdrawals and other debits

| Date | Description | Amount |
|------|-------------|--------|
| 08/03/20 | PAYCHEX EIB    DES:INVOICE    ID:X88482900056711  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -377.83 |
| 08/07/20 | PAYCHEX    DES:PAYROLL    ID:88572900000643X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -55,727.25 |
| 08/07/20 | PAYCHEX TPS    DES:TAXES    ID:88574000001852X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -17,731.96 |
| 08/07/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0093347775  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 08/10/20 | PAYCHEX EIB    DES:INVOICE    ID:X88576100007669  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -398.93 |
| 08/14/20 | Online Banking transfer to CHK 2855 Confirmation# 3337350913 | -2,464.78 |
| 08/14/20 | PAYCHEX - RCX  DES:PAYROLL    ID:88672000000841X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -58,376.48 |
| 08/14/20 | PAYCHEX TPS    DES:TAXES    ID:88669000002992X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -18,881.47 |
| 08/14/20 | PAYCHEX-HRS    DES:HRS PMT    ID:35065962  INDN:THE WILLIAMSBURG HOTE   CO ID:2555124166 CCD | -1,776.35 |
| 08/14/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0093461059  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 08/17/20 | Online Banking Transfer Conf# bb79be215; Dordevic | -89.29 |
| 08/17/20 | Online Banking Transfer Conf# af5246a4f; Dordevic | -543.72 |
| 08/17/20 | Online Banking Transfer Conf# 937a18914; Dordevic | -500.76 |
| 08/17/20 | PAYCHEX EIB    DES:INVOICE    ID:X88672500006448  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -420.04 |
| 08/21/20 | Online Banking transfer to CHK 2855 Confirmation# 1102923531 | -502.29 |
| 08/21/20 | PAYCHEX    DES:PAYROLL    ID:88768000000188X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -65,446.11 |
| 08/21/20 | PAYCHEX TPS    DES:TAXES    ID:88765600001701X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -20,253.03 |
| 08/21/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0093575724  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 08/24/20 | PAYCHEX EIB    DES:INVOICE    ID:X88767800012777  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -476.14 |

*continued on the next page*





**Your checking account**

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   August 1, 2020 to August 31, 2020

## Withdrawals and other debits - continued

| Date | Description | Amount |
|------|-------------|--------|
| 08/28/20 | PAYCHEX-RCX    DES:PAYROLL    ID:88861000000773X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -71,291.32 |
| 08/28/20 | PAYCHEX TPS    DES:TAXES      ID:88859800004899X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -22,470.12 |
| 08/28/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0093688986  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 08/31/20 | PAYCHEX EIB    DES:INVOICE    ID:X88865500054123  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -464.59 |

**Total withdrawals and other debits**　　　　　　　　　　　　　　　　　　　　　　　　**-$338,528.46**

## Service fees

**Your Overdraft and NSF: Returned Item fees for this statement period and year to date are shown below.**

| | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft fees | $0.00 | $70.00 |
| Total NSF: Returned Item fees | $0.00 | $35.00 |

**We want to help you avoid overdraft and returned item fees.  Here are a few ways to manage your account and stay on top of your balance:**

- Set up Overdraft Protection in Online Banking to avoid declined transactions and save on overdraft fees
- Sign up for Alerts (footnote 1) to get an email or text message when your balance becomes low

Please call us or visit us if you have any questions or to discuss your options.

(footnote 1) You may elect to receive alerts via text or email. Bank of America does not charge for this service but your mobile carrier's message and data rates may apply. Delivery of alerts may be affected or delayed by your mobile carrier's coverage.

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2705   |   August 1, 2020 to August 31, 2020

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) | Date | Balance ($) |
|------|------------|------|-----------|------|-------------|
| 08/01 | 5,892.27 | 08/10 | 2,971.37 | 08/21 | 3,397.91 |
| 08/03 | 7,361.46 | 08/14 | 1,893.35 | 08/24 | 2,921.77 |
| 08/04 | 7,862.22 | 08/17 | 339.54 | 08/27 | 97,454.23 |
| 08/06 | 76,913.51 | 08/18 | 2,115.89 | 08/28 | 3,608.79 |
| 08/07 | 3,370.30 | 08/20 | 89,683.34 | 08/31 | 5,655.20 |



P.O. Box 15284
Wilmington, DE 19850

Business Advantage
Relationship Rewards

**Customer service information**

📱 1.888.BUSINESS (1.888.287.4637)

✉️ bankofamerica.com

✉️ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

THE WILLIAMSBURG HOTEL BK LLC
DBA THE WILLIAMSBURG HOTEL
PAYROLL ACCOUNT
679 DRIGGS AVE
BROOKLYN, NY 11211-4023

🔔 | Please see the **Important Messages - Please Read** section of your statement for important details that could impact you.

# Your Business Advantage Checking
# Preferred Rewards for Bus Platinum Honors

for September 1, 2020 to September 30, 2020                    Account number: 4830 7648 2703

**THE WILLIAMSBURG HOTEL BK LLC      DBA THE WILLIAMSBURG HOTEL      PAYROLL ACCOUNT**

## Account summary

| | | |
|---|---|---|
| Beginning balance on September 1, 2020 | $5,655.20 | # of deposits/credits: 11 |
| Deposits and other credits | 413,594.24 | # of withdrawals/debits: 17 |
| Withdrawals and other debits | -413,552.69 | # of items-previous cycle[1]: 0 |
| Checks | -0.00 | # of days in cycle: 30 |
| Service fees | -0.00 | Average ledger balance: $15,966.77 |
| **Ending balance on September 30, 2020** | **$5,696.75** | [1]Includes checks paid,deposited items&other debits |

BUSINESS ADVANTAGE

When you're looking forward,
you've got Bank of America by your side.

In October, National Women's Small Business Month recognizes the contributions of more than
12 million women entrepreneurs. To read articles by experts and learn about our commitment
to women business owners, visit **bankofamerica.com/SBwomen**.

SSM-04-20-0384.B | 3057469

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 27   |   August 1, 2020 to September 30, 2020

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

-   Tell us your name and account number.
-   Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
-   Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2020 Bank of America Corporation



Bank of America, N.A. Member FDIC and    Equal Housing Lender



**Your checking account**

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   September 1, 2020 to September 30, 2020

## Deposits and other credits

| Date | Description | Amount |
|---|---|---|
| 09/01/20 | PAYCHEX-RCX    DES:PAYROLL    ID:88901400000081X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 199.36 |
| 09/03/20 | Online Banking transfer from CHK 2855 Confirmation# 6218011621 | 102,777.92 |
| 09/03/20 | Online Banking transfer from CHK 0102 Confirmation# 7518015056 | 1,538.46 |
| 09/10/20 | PAYCHEX-RCX    DES:PAYROLL    ID:89021700000054X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 227.73 |
| 09/11/20 | Online Banking transfer from CHK 2855 Confirmation# 1279447746 | 102,701.89 |
| 09/11/20 | Online Banking transfer from CHK 0102 Confirmation# 1479451018 | 1,538.46 |
| 09/17/20 | Online Banking transfer from CHK 2855 Confirmation# 5438242484 | 102,662.81 |
| 09/17/20 | Online Banking transfer from CHK 0102 Confirmation# 5538232675 | 1,538.46 |
| 09/24/20 | Online Banking transfer from CHK 2855 Confirmation# 7599799851 | 98,622.51 |
| 09/24/20 | Online Banking transfer from CHK 0102 Confirmation# 5299802875 | 1,538.46 |
| 09/30/20 | PAYCHEX-RCX    DES:PAYROLL    ID:89364200000049X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 248.18 |
| **Total deposits and other credits** | | **$413,594.24** |

## Withdrawals and other debits

| Date | Description | Amount |
|---|---|---|
| 09/04/20 | PAYCHEX    DES:PAYROLL    ID:88957400000703X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -78,988.78 |
| 09/04/20 | PAYCHEX TPS    DES:TAXES    ID:88958700005725X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -24,522.32 |
| 09/04/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0093805650  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 09/08/20 | PAYCHEX EIB    DES:INVOICE    ID:X88963600011904  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -518.43 |

*continued on the next page*

**BANK OF AMERICA BUSINESS ADVANTAGE**

## What's on your mind?

Business owners like you can join the Bank of America® Advisory Panel to help us understand what you like and don't like. Enter code **SBDD** at **bankofamerica.com/AdvisoryPanel** to learn more and join.

Inclusion on the Advisory Panel subject to qualifications.

SSM-09-19-0761.D1 | ARG5T4RM

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2702   |   September 1, 2020 to September 30, 2020

## Withdrawals and other debits - continued

| Date | Description | Amount |
|------|-------------|--------|
| 09/11/20 | PAYCHEX - RCX   DES:PAYROLL    ID:89043400000164X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -78,165.70 |
| 09/11/20 | PAYCHEX TPS    DES:TAXES     ID:89043000002771X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -25,201.21 |
| 09/11/20 | PAYCHEX-HRS    DES:HRS PMT    ID:35327449  INDN:THE WILLIAMSBURG HOTE   CO ID:2555124166 CCD | -1,670.15 |
| 09/11/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0093916267  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 09/14/20 | PAYCHEX EIB    DES:INVOICE    ID:X89048100002488  INDN:THE WILLIAMSBURG HOTEL   CO ID:1161124166 CCD | -503.60 |
| 09/18/20 | PAYCHEX-RCX    DES:PAYROLL    ID:89138800000161X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -78,101.30 |
| 09/18/20 | PAYCHEX TPS    DES:TAXES     ID:89137200002099X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -25,229.06 |
| 09/18/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0094034984  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 09/21/20 | PAYCHEX EIB    DES:INVOICE    ID:X89141200016459  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -512.87 |
| 09/25/20 | PAYCHEX - RCX   DES:PAYROLL    ID:89247700000387X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -75,566.50 |
| 09/25/20 | PAYCHEX TPS    DES:TAXES     ID:89247200001726X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -23,723.90 |
| 09/25/20 | PAYCHEX CGS    DES:GARNISH    ID:COL0094146636  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 09/28/20 | PAYCHEX EIB    DES:INVOICE    ID:X89249000014376  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -512.87 |

**Total withdrawals and other debits**                                                    **-$413,552.69**





**Your checking account**

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   September 1, 2020 to September 30, 2020

## Service fees

**Your Overdraft and NSF: Returned Item fees for this statement period and year to date are shown below.**

|  | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft fees | $0.00 | $70.00 |
| Total NSF: Returned Item fees | $0.00 | $35.00 |

**We want to help you avoid overdraft and returned item fees.  Here are a few ways to manage your account and stay on top of your balance:**

- Set up Overdraft Protection in Online Banking to avoid declined transactions and save on overdraft fees
- Sign up for Alerts (footnote 1) to get an email or text message when your balance becomes low

Please call us or visit us if you have any questions or to discuss your options.

(footnote 1) You may elect to receive alerts via text or email. Bank of America does not charge for this service but your mobile carrier's message and data rates may apply. Delivery of alerts may be affected or delayed by your mobile carrier's coverage.

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   September 1, 2020 to September 30, 2020

# Daily ledger balances

| Date | Balance ($) | Date | Balance($) | Date | Balance ($) |
|------|------------|------|-----------|------|------------|
| 09/01 | 5,854.56 | 09/11 | 5,404.43 | 09/24 | 105,335.84 |
| 09/03 | 110,170.94 | 09/14 | 4,900.83 | 09/25 | 5,961.44 |
| 09/04 | 6,575.84 | 09/17 | 109,102.10 | 09/28 | 5,448.57 |
| 09/08 | 6,057.41 | 09/18 | 5,687.74 | 09/30 | 5,696.75 |
| 09/10 | 6,285.14 | 09/21 | 5,174.87 | | |

## Important Messages - Please Read

We want to make sure you stay up-to-date on changes, reminders, and other important details that could impact you.

Our Deposit Agreement and Disclosures were updated to include recordkeeping requirements for Federal Deposit Insurance Corporation (FDIC) insurance coverage. These requirements apply to deposit accounts opened on behalf of beneficial owners (for example, as a trustee).

For more details, please review the "Special Provisions for Pass-Through Accounts" section of our Deposit Agreement at bankofamerica.com/depositagreement.

This page intentionally left blank



P.O. Box 15284
Wilmington, DE 19850

Business Advantage
Relationship Rewards

**Customer service information**

THE WILLIAMSBURG HOTEL BK LLC
DBA THE WILLIAMSBURG HOTEL
PAYROLL ACCOUNT
679 DRIGGS AVE
BROOKLYN, NY  11211-4023

📱  1.888.BUSINESS (1.888.287.4637)

🖥  bankofamerica.com

✉  Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

# Your Business Advantage Checking
# Preferred Rewards for Bus Platinum Honors

for October 1, 2020 to October 31, 2020                     Account number: 4830 7648 2703

**THE WILLIAMSBURG HOTEL BK LLC     DBA THE WILLIAMSBURG HOTEL     PAYROLL ACCOUNT**

## Account summary

| | | |
|---|---|---|
| Beginning balance on October 1, 2020 | $5,696.75 | # of deposits/credits: 13 |
| Deposits and other credits | 475,700.31 | # of withdrawals/debits: 23 |
| Withdrawals and other debits | -475,320.78 | # of items-previous cycle[1]: 0 |
| Checks | -0.00 | # of days in cycle: 31 |
| Service fees | -0.00 | Average ledger balance: $16,572.07 |
| **Ending balance on October 31, 2020** | **$6,076.28** | [1]Includes checks paid,deposited items&other debits |



BUSINESS ADVANTAGE

## Go paperless today!

Reduce the risk of lost or stolen mail. Plus, you can view your statements securely
and easily—online or from our mobile app—24/7 from virtually anywhere.[1]

You can enroll today by logging in to Online Banking at **bankofamerica.com/SmallBusiness**
and clicking on **Profiles & Settings** (in the upper right, next to Sign Out).

[1]Mobile Banking requires that you download the Mobile Banking app and is only available for select mobile devices. Message and data rates may apply.    SSM-04-20-0031.B | 3012579

THE WILLIAMSBURG HOTEL BK LLC  |  Account # 4830 7648 2752  |  October 1, 2020 to October 31, 2020

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

– Tell us your name and account number.
– Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
– Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2020 Bank of America Corporation


Bank of America, N.A. Member FDIC and    Equal Housing Lender



<span style="color:red">**Your checking account**</span>

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   October 1, 2020 to October 31, 2020

## Deposits and other credits

| Date | Description | Amount |
|------|-------------|-------:|
| 10/01/20 | Online Banking transfer from CHK 2855 Confirmation# 7259873840 | 103,381.07 |
| 10/01/20 | Online Banking transfer from CHK 0102 Confirmation# 6459861390 | 1,538.46 |
| 10/05/20 | PAYCHEX        DES:PAYROLL      ID:89214700004686X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 626.28 |
| 10/05/20 | PAYCHEX        DES:PAYROLL      ID:89214700004687X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 459.32 |
| 10/05/20 | PAYCHEX        DES:PAYROLL      ID:89214700004688X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 276.39 |
| 10/05/20 | PAYCHEX        DES:PAYROLL      ID:89214700004690X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 268.14 |
| 10/05/20 | PAYCHEX        DES:PAYROLL      ID:89214700004689X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | 105.03 |
| 10/09/20 | Online Banking transfer from CHK 2855 Confirmation# 3121613172 | 92,701.79 |
| 10/09/20 | Online Banking transfer from CHK 0102 Confirmation# 3521615995 | 1,538.46 |
| 10/15/20 | Online Banking transfer from CHK 2855 Confirmation# 1181442475 | 93,311.33 |
| 10/15/20 | Online Banking transfer from CHK 0102 Confirmation# 2181446708 | 1,538.46 |
| 10/22/20 | Online Banking transfer from CHK 2855 Confirmation# 1141554316 | 91,530.96 |
| 10/30/20 | Online Banking transfer from CHK 2855 Confirmation# 3203191604 | 88,424.62 |
| **Total deposits and other credits** | | **$475,700.31** |

## Withdrawals and other debits

| Date | Description | Amount |
|------|-------------|-------:|
| 10/02/20 | PAYCHEX        DES:PAYROLL      ID:89403900000970X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -78,206.41 |
| 10/02/20 | PAYCHEX TPS     DES:TAXES       ID:89401600001926X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -24,942.97 |

*continued on the next page*

BUSINESS ADVANTAGE

## Connect your business apps through Cash Flow Monitor

Manage your finances from a single dashboard. Simply sign in to Online or Mobile Banking[1] to access Cash Flow Monitor and Connected Apps.

**To learn more, visit bankofamerica.com/CashFlowMonitor.**

[1] You must be enrolled in Business Advantage 360, our small business online banking, or Mobile Banking to use Cash Flow Monitor and Connected Apps, and have an eligible Bank of America® small business deposit account. Mobile Banking requires that you download the Mobile Banking app and is only available for select mobile devices. Message and data rates may apply.

SSM-06-20-0720.B  |  3137334

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2705   |   October 1, 2020 to October 31, 2020

# Withdrawals and other debits - continued

| Date | Description | Amount |
|------|-------------|--------|
| 10/02/20 | PAYCHEX CGS      DES:GARNISH     ID:COL0094261592  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 10/05/20 | PAYCHEX EIB     DES:INVOICE     ID:X89407000044401  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -510.39 |
| 10/09/20 | Zelle Transfer Conf# f78dc96f5; Kirschner, Stephanie | -466.00 |
| 10/09/20 | PAYCHEX        DES:PAYROLL    ID:89502500000119X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -71,341.22 |
| 10/09/20 | PAYCHEX TPS     DES:TAXES     ID:89500700005227X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -21,724.27 |
| 10/09/20 | PAYCHEX CGS      DES:GARNISH     ID:COL0094378095  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 10/13/20 | PAYCHEX EIB     DES:INVOICE     ID:X89503900015634  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -608.16 |
| 10/16/20 | PAYCHEX        DES:PAYROLL    ID:89626300000347X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -72,613.12 |
| 10/16/20 | PAYCHEX TPS     DES:TAXES     ID:89626900002192X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -21,982.87 |
| 10/16/20 | PAYCHEX-HRS     DES:HRS PMT    ID:35643402  INDN:THE WILLIAMSBURG HOTE   CO ID:2555124166 CCD | -1,519.61 |
| 10/16/20 | PAYCHEX CGS      DES:GARNISH     ID:COL0094491441  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 10/19/20 | PAYCHEX EIB     DES:INVOICE     ID:X89628100016961  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -583.85 |
| 10/20/20 | PAYCHEX TPS     DES:TAXES     ID:89652600030502X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -2,167.13 |
| 10/23/20 | PAYCHEX        DES:PAYROLL    ID:89721700000052X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -67,408.02 |
| 10/23/20 | PAYCHEX TPS     DES:TAXES     ID:89719400004886X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -21,357.27 |
| 10/23/20 | PAYCHEX CGS      DES:GARNISH     ID:COL0094608730  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |
| 10/26/20 | Zelle Transfer Conf# 311680835; Shepansky, Moshe | -1,280.31 |
| 10/26/20 | PAYCHEX EIB     DES:INVOICE     ID:X89723900016415  INDN:THE WILLIAMSBURG HOTEL  CO ID:1161124166 CCD | -549.11 |
| 10/30/20 | PAYCHEX - RCX   DES:PAYROLL    ID:89820400000147X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -66,859.82 |
| 10/30/20 | PAYCHEX TPS     DES:TAXES     ID:89814500006778X  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -20,780.25 |
| 10/30/20 | PAYCHEX CGS      DES:GARNISH     ID:COL0094722499  INDN:WILLIAMSBURG HOTEL BK   CO ID:1161124166 CCD | -84.00 |

**Total withdrawals and other debits**                                          **-$475,320.78**

 **Your checking account**

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2703   |   October 1, 2020 to October 31, 2020

## Service fees

**Your Overdraft and NSF: Returned Item fees for this statement period and year to date are shown below.**

|  | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft fees | $0.00 | $70.00 |
| Total NSF: Returned Item fees | $0.00 | $35.00 |

**We want to help you avoid overdraft and returned item fees. Here are a few ways to manage your account and stay on top of your balance:**

- Set up Overdraft Protection in Online Banking to avoid declined transactions and save on overdraft fees
- Sign up for Alerts (footnote 1) to get an email or text message when your balance becomes low

Please call us or visit us if you have any questions or to discuss your options.

(footnote 1) You may elect to receive alerts via text or email. Bank of America does not charge for this service but your mobile carrier's message and data rates may apply. Delivery of alerts may be affected or delayed by your mobile carrier's coverage.

THE WILLIAMSBURG HOTEL BK LLC   |   Account # 4830 7648 2702   |   October 1, 2020 to October 31, 2020

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) | Date | Balance ($) |
|------|------------|------|-----------|------|------------|
| 10/01 | 110,616.28 | 10/15 | 103,474.06 | 10/22 | 96,054.44 |
| 10/02 | 7,382.90 | 10/16 | 7,274.46 | 10/23 | 7,205.15 |
| 10/05 | 8,607.67 | 10/19 | 6,690.61 | 10/26 | 5,375.73 |
| 10/09 | 9,232.43 | 10/20 | 4,523.48 | 10/30 | 6,076.28 |
| 10/13 | 8,624.27 | | | | |

# EXHIBIT J

Paycheck Protection Program
Loan Forgiveness Application Revised June 16, 2020

OMB Control Number 3245-0407
Expiration Date: 10/31/2020

## PPP Loan Forgiveness Calculation Form

| Business Legal Name ("Borrower") | DBA or Tradename, if applicable | |
|---|---|---|
| The Williamsburg Hotel BK LLC | | |
| **Business Address** | **Business TIN (EIN, SSN)** | **Business Phone** |
| 679 Driggs Ave | 81-2152485 | (917) 652 - 9292 |
| | **Primary Contact** | **E-mail Address** |
| Brooklyn                    NY    11211-4023 | Toby Moskovits | toby@heritage-equity.com |

**SBA PPP Loan Number:** 92179071-04

**Lender PPP Loan Number:** 102055402658

**PPP Loan Amount:** 1,438,000.00

**PPP Loan Disbursement Date:** 4/19/2020

**Employees at Time of Loan Application:** 130

**Employees at Time of Forgiveness Application:** 100

**EIDL Advance Amount:** 10,000.00

**EIDL Application Number:** 3301714870

**Payroll Schedule:** The frequency with which payroll is paid to employees is:

☒ **Weekly**    ☐ **Biweekly** (every other week)    ☐ **Twice a month**    ☐ **Monthly**    ☐ **Other** _____

**Covered Period:** 4/19/2020 _____ to 10/3/2020 _____

**Alternative Payroll Covered Period, if applicable:** 4/20/2020 _____ to 10/4/2020 _____

**If Borrower (together with affiliates, if applicable) received PPP loans in excess of $2 million, check here:** ☐

**Forgiveness Amount Calculation:**

Payroll and Nonpayroll Costs
Line 1. Payroll Costs (enter the amount from PPP Schedule A, line 10):                1,474,497.33

Line 2. Business Mortgage Interest Payments:                0.00

Line 3. Business Rent or Lease Payments:                0.00

Line 4. Business Utility Payments:                94,071.69

Adjustments for Full-Time Equivalency (FTE) and Salary/Hourly Wage Reductions
Line 5.   Total Salary/Hourly Wage Reduction (enter the amount from PPP Schedule A, line 3):                81,442.45

Line 6.   Add the amounts on lines 1, 2, 3, and 4, then subtract the amount entered in line 5:                1,487,126.57

Line 7.   FTE Reduction Quotient (enter the number from PPP Schedule A, line 13):                1.00

Potential Forgiveness Amounts
Line 8.   Modified Total (multiply line 6 by line 7):                1,487,126.57

Line 9. PPP Loan Amount:                1,438,000.00

Line 10. Payroll Cost 60% Requirement (divide line 1 by 0.60):                2,457,495.55

Forgiveness Amount
Line 11. Forgiveness Amount (enter the smallest of lines 8, 9, and 10):                1,438,000.00

DocuSign Envelope ID: 51D6D91C-267B-46BD-893B-A9AF8245C97C

### By Signing Below, You Make the Following Representations and Certifications on Behalf of the Borrower:



The authorized representative of the Borrower certifies to all of the below by **initialing** next to each one.

The dollar amount for which forgiveness is requested:

- was used to pay costs that are eligible for forgiveness (payroll costs to retain employees; business mortgage interest payments; business rent or lease payments; or business utility payments);
- includes all applicable reductions due to decreases in the number of full-time equivalent employees and salary/hourly wage reductions;
- includes payroll costs equal to at least 60% of the forgiveness amount;
- if a 24-week Covered Period applies, does not exceed 2.5 months' worth of 2019 compensation for any owner-employee or self-employed individual/general partner, capped at $20,833 per individual; and
- if the Borrower has elected an 8-week Covered Period, does not exceed 8 weeks' worth of 2019 compensation for any owner-employee or self-employed individual/general partner, capped at $15,385 per individual.



I understand that if the funds were knowingly used for unauthorized purposes, the federal government may pursue recovery of loan amounts and/or civil or criminal fraud charges.



The Borrower has accurately verified the payments for the eligible payroll and nonpayroll costs for which the Borrower is requesting forgiveness.



I have submitted to the Lender the required documentation verifying payroll costs, the existence of obligations and service (as applicable) prior to February 15, 2020, and eligible business mortgage interest payments, business rent or lease payments, and business utility payments.



The information provided in this application and the information provided in all supporting documents and forms is true and correct in all material respects. I understand that knowingly making a false statement to obtain forgiveness of an SBA-guaranteed loan is punishable under the law, including 18 U.S.C. 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 U.S.C. 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a Federally insured institution, under 18 U.S.C. 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.



The tax documents I have submitted to the Lender are consistent with those the Borrower has submitted/will submit to the IRS and/or state tax or workforce agency. I also understand, acknowledge, and agree that the Lender can share the tax information with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of ensuring compliance with PPP requirements and all SBA reviews.



I understand, acknowledge, and agree that SBA may request additional information for the purposes of evaluating the Borrower's eligibility for the PPP loan and for loan forgiveness, and that the Borrower's failure to provide information requested by SBA may result in a determination that the Borrower was ineligible for the PPP loan or a denial of the Borrower's loan forgiveness application.

If the Borrower has checked the box for FTE Reduction Safe Harbor 1 on PPP Schedule A, the Borrower was unable to operate between February 15, 2020 and the end of the Covered Period at the same level of business activity as before February 15, 2020 due to compliance with requirements established or guidance issued between March 1, 2020 and December 31, 2020, by the Secretary of Health and Human Services, the Director of the Centers for Disease Control and Prevention, or the Occupational Safety and Health Administration, related to the maintenance of standards of sanitation, social distancing, or any other work or customer safety requirement related to COVID-19.

The Borrower's eligibility for loan forgiveness will be evaluated in accordance with the PPP regulations and guidance issued by SBA through the date of this application. SBA may direct a lender to disapprove the Borrower's loan forgiveness application if SBA determines that the Borrower was ineligible for the PPP loan.

DocuSigned by:

Toby Moskovits

5DE30838F32B416...

_____
Signature of Authorized Representative of Borrower

2/28/2021 | 10:32 AM PST

_____
Date

Toby Moskovits
_____
Print Name

CEO
_____
Title

Paycheck Protection Program
Loan Forgiveness Application Revised June 16, 2020

OMB Control Number 3245-0407
Expiration Date: 10/31/2020

## PPP Schedule A

<u>PPP Schedule A Worksheet, Table 1 Totals</u>

Line 1.  Enter Cash Compensation (Box 1) from PPP Schedule A Worksheet, Table 1:          1,156,273.46

Line 2.  Enter Average FTE (Box 2) from PPP Schedule A Worksheet, Table 1:                78.50

Line 3.  Enter Salary/Hourly Wage Reduction (Box 3) from PPP Schedule A Worksheet, Table 1:    81,442.45
If the average annual salary or hourly wage for each employee listed on the PPP
Schedule A Worksheet, Table 1 during the Covered Period or the Alternative Payroll
Covered Period was at least 75% of such employee's average annual salary or hourly
wage between January 1, 2020 and March 31, 2020, check here ☐ and enter **0** on line 3.

<u>PPP Schedule A Worksheet, Table 2 Totals</u>

Line 4.  Enter Cash Compensation (Box 4) from PPP Schedule A Worksheet, Table 2:          296,409.97

Line 5.  Enter Average FTE (Box 5) from PPP Schedule A Worksheet, Table 2:                10.50

<u>Non-Cash Compensation Payroll Costs During the Covered Period or the Alternative Payroll Covered Period</u>

Line 6.  Total amount paid or incurred by Borrower for employer contributions for employee health insurance: 0.00

Line 7.  Total amount paid or incurred by Borrower for employer contributions to employee retirement plans: 0.00

Line 8. Total amount paid or incurred by Borrower for employer state and local taxes assessed on employee
compensation:                                                                            21,813.90

<u>Compensation to Owners</u>

Line 9.  Total amount paid to owner-employees/self-employed individual/general partners:     0.00
This amount may not be included in PPP Schedule A Worksheet, Table 1 or 2. If there is
more than one individual included, attach a separate table that lists the names of and
payments to each.

<u>Total Payroll Costs</u>

Line 10. Payroll Costs (add lines 1, 4, 6, 7, 8, and 9):                                   1,474,497.33

<u>Full-Time Equivalency (FTE) Reduction Calculation</u>
If you satisfy **any** of the following three criteria, check the appropriate box, skip lines 11 and 12, and enter **1.0** on line 13; otherwise,
complete lines 11, 12, and 13:

**No reduction in employees or average paid hours:** If you have not reduced the number of employees or the average paid hours of
your employees between January 1, 2020 and the end of the Covered Period, check here ☐.

**FTE Reduction Safe Harbor 1:** If you were unable to operate between February 15, 2020, and the end of the Covered Period at the
same level of business activity as before February 15, 2020 due to compliance with requirements established or guidance issued
between March 1, 2020 and December 31, 2020, by the Secretary of Health and Human Services, the Director of the Centers for Disease
Control and Prevention, or the Occupational Safety and Health Administration related to the maintenance of standards for sanitation,
social distancing, or any other worker or customer safety requirement related to COVID-19, check here ☒.

**FTE Reduction Safe Harbor 2:** If you satisfy FTE Reduction Safe Harbor 2 (see PPP Schedule A Worksheet), check here ☐.

Line 11. Average FTE during the Borrower's chosen reference period:

Line 12. Total Average FTE (add lines 2 and 5):

Line 13. FTE Reduction Quotient (divide line 12 by line 11) or enter 1.0 if any of the above criteria are met:    1.00

Paycheck Protection Program

**PPP Loan Forgiveness Application Form 3508EZ**

## PPP Borrower Demographic Information Form (Optional)

**Instructions**

1. **Purpose**.  Veteran/gender/race/ethnicity data is collected for program reporting purposes only.
2. **Description**.  This form requests information about each of the Borrower's Principals.  Add additional sheets if necessary.
3. **Definition of Principal**.  The term "Principal" means:
   - For a self-employed individual, independent contractor, or a sole proprietor, the self-employed individual, independent contractor, or sole proprietor.
   - For a partnership, all general partners and all limited partners owning 20% or more of the equity of the Borrower, or any partner that is involved in the management of the Borrower's business.
   - For a corporation, all owners of 20% or more of the Borrower, and each officer and director.
   - For a limited liability company, all members owning 20% or more of the Borrower, and each officer and director.
   - Any individual hired by the Borrower to manage the day-to-day operations of the Borrower ("key employee").
   - Any trustor (if the Borrower is owned by a trust).
   - For a nonprofit organization, the officers and directors of the Borrower.
4. **Principal Name**.  Insert the full name of the Principal.
5. **Position**.  Identify the Principal's position; for example, self-employed individual; independent contractor; sole proprietor; general partner; owner; officer; director; member; or key employee.

| Principal Name | | Position | |
|---|---|---|---|
| Toby Moskovits | | CEO | |
| Veteran | 1=Non-Veteran; 2=Veteran; 3=Service-Disabled Veteran; 4=Spouse of Veteran; X=Not Disclosed | | X |
| Gender | M=Male; F=Female; X=Not Disclosed | | X |
| Race (more than 1 may be selected) | 1=American Indian or Alaska Native; 2=Asian; 3=Black or African-American; 4=Native Hawaiian or Pacific Islander; 5=White; X=Not Disclosed | | X |
| Ethnicity | H=Hispanic or Latino; N=Not Hispanic or Latino; X=Not Disclosed | | X |

**Disclosure is voluntary and will have no bearing on the loan forgiveness decision**

**Paperwork Reduction Act** – You are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated time for completing this application, including gathering data needed, is 20 minutes.  Comments about this time or the information requested should be sent to Small Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416, and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Washington DC 20503.  **PLEASE DO NOT SEND FORMS TO THESE ADDRESSES.**

# EXHIBIT K

**Bank of America**  ═══  **Online Banking**

---

**TWH Secondary 2855: Account Activity Transaction Details**

---

|                        |                                                                                              |
| ---------------------: | -------------------------------------------------------------------------------------------- |
|         **Post date:** | 06/24/2020                                                                                   |
|            **Amount:** | -9,121.83                                                                                    |
|              **Type:** | Other payment                                                                                |
|       **Description:** | CON ED OF NY DES:INTELL CK ID:622010002602008 INDN:96 W DEVELOPMENT LLC CO ID:2462467002 PPD |
|     **Merchant name:** | CONSOLIDATED EDISON ENERGY                                                                    |
| **Transaction category:** | Home & Utilities: Utilities                                                              |

**Bank of America** 〰️

**TWH Secondary 2855: Account Activity Transaction Details**

|  |  |
|---:|:---|
| **Post date:** | 07/15/2020 |
| **Amount:** | -20,000.00 |
| **Type:** | Other payment |
| **Description:** | CON ED OF NY DES:INTELL CK ID:622010002602008 INDN:96 W DEVELOPMENT LLC CO ID:2462467002 PPD |
| **Merchant name:** | CONSOLIDATED EDISON ENERGY |
| **Transaction category:** | Home & Utilities: Utilities |

**Bank of America** ≡

**Online Banking**

---

**TWH Secondary 2855: Account Activity Transaction Details**

---

|  |  |
|---|---|
| **Post date:** | 07/28/2020 |
| **Amount:** | -16,544.76 |
| **Type:** | Other payment |
| **Description:** | CON ED OF NY DES:INTELL CK ID:622010002602008 INDN:96 W DEVELOPMENT LLC CO ID:2462467002 PPD |
| **Merchant name:** | CONSOLIDATED EDISON ENERGY |
| **Transaction category:** | Home & Utilities: Utilities |

**Bank of America** 

---

**TWH Secondary 2855: Account Activity Transaction Details**

---

| | |
|---:|:---|
| **Post date:** | 08/26/2020 |
| **Amount:** | -8,216.30 |
| **Type:** | Other payment |
| **Description:** | CON ED OF NY DES:INTELL CK ID:622010002602008 INDN:96 W DEVELOPMENT LLC CO ID:2462467002 PPD |
| **Merchant name:** | CONSOLIDATED EDISON ENERGY |
| **Transaction category:** | Home & Utilities: Utilities |

**Bank of America** 〰️

**Online Banking**

---

**TWH Secondary 2855: Account Activity Transaction Details**

---

|  |  |
|---:|:---|
| **Post date:** | 09/03/2020 |
| **Amount:** | -7,500.00 |
| **Type:** | Other payment |
| **Description:** | CON ED OF NY DES:INTELL CK ID:622010002602008 INDN:96 W DEVELOPMENT LLC CO ID:2462467002 PPD |
| **Merchant name:** [?] | CONSOLIDATED EDISON ENERGY |
| **Transaction category:** | Home & Utilities: Utilities |

**Bank of America** 🇺🇸

*Online Banking*

---

**TWH Secondary 2855: Account Activity Transaction Details**

---

|  |  |
|---:|:---|
| **Post date:** | 09/15/2020 |
| **Amount:** | -15,000.00 |
| **Type:** | Other payment |
| **Description:** | CON ED OF NY DES:INTELL CK ID:622010002602008 INDN:96 W DEVELOPMENT LLC CO ID:2462467002 PPD |
| **Merchant name:** ❓ | CONSOLIDATED EDISON ENERGY |
| **Transaction category:** | Home & Utilities: Utilities |

# EXHIBIT L

**Bank of America** ═══ **Online Banking**

---

**TWH Secondary 2855: Account Activity Transaction Details**

---

|  |  |
|---:|:---|
| **Post date:** | 06/26/2020 |
| **Amount:** | -8,328.52 |
| **Type:** | Other payment |
| **Description:** | NATIONAL GRID NY DES:UTILITYPAY ID:00021027370 INDN:The Williamsburg Hotel CO ID:9177976004 CCD |
| **Merchant name:** | NATIONAL GRID |
| **Transaction category:** | Home & Utilities: Utilities |

**Bank of America** 〓〓〓

## TWH Secondary 2855: Account Activity Transaction Details

|  |  |
|---:|:---|
| **Post date:** | 07/17/2020 |
| **Amount:** | -8,116.51 |
| **Type:** | Other payment |
| **Description:** | NATIONAL GRID NY DES:UTILITYPAY ID:00021027370 INDN:The Williamsburg Hotel CO ID:9177976004 CCD |
| **Merchant name:** | NATIONAL GRID |
| **Transaction category:** | Home & Utilities: Utilities |

**Bank of America** | Online Banking

**TWH Secondary 2855: Account Activity Transaction Details**

| | |
|---:|:---|
| **Post date:** | 09/08/2020 |
| **Amount:** | -1,243.77 |
| **Type:** | Other payment |
| **Description:** | NATIONAL GRID NY DES:UTILITYPAY ID:00021027370 INDN:The Williamsburg Hotel CO ID:9177976004 CCD |
| **Merchant name:** ? | NATIONAL GRID |
| **Transaction category:** | Home & Utilities: Utilities |

# EXHIBIT M

| | |
|---|---|
| **From:** | NYC DEV <nycdevmanager@gmail.com> |
| **Sent:** | Wednesday, February 24, 2021 8:25 PM |
| **To:** | Toby Moskovits; Matt Peeler |
| **Subject:** | Re: PPP Loan Clarification - The Williamsburg Hotel BK, LLC |
| **Attachments:** | Heritage Neighborhood Developer.pdf |

Matt,

As further clarification to what Toby wrote earlier, let me explain a bit more -

Both Toby and I are second and third generation local members of the local business community. We have dedicated ourselves to the local community and local employment, and have done a lot of good in the community. With the first round of PPP we kept our business running, and the hotel management business isn't yet out of the danger zone. As you know, the hotel industry in NYC has been decimated, but as a hotel management company we have worked hard to keep our team of employees intact, as much as possible, hoping for better days in the near future.

The Williamsburg Hotel BK LLC represents the small business entrepreneur that this program is intended to help, and it represents the 90 employees in housekeeping, front desk, restaurant cooks and servers and all departments who rely on us for their paycheck. COVID has not been easy for anyone, and has been particularly devastating to the NYC hospitality and restaurant business. The employees of The Williamsburg Hotel BK LLC need all the help they can get from the PPP program. The fact that the ownership entity of the building, 96 Wythe Acquisition LLC, has legal problems with their large corporate bank, has no meaning nor any bearing to the paychecks that provide food and sustenance to the 90 employees of The Williamsburg Hotel BK LLC.

We have faced extreme COVID challenges and continue to push forward with our business, keeping our employees at work and working hard to grow the hotel management business. We do not want to have to furlough or fire many of the 90 employees, but if we don't get the PPP loan now, we will have to let people go. The PPP loan came into being to prevent this type of situation. We were hoping to get this PPP funding, which would help us keep the core team of The Williamsburg Hotel BK LLC management company, and maybe even expand, until the hospitality market comes back and NYC revives. If you look at the first PPP loan that The Williamsburg Hotel BK LLC received, all of it went to pay people's salaries and to cover payroll. None of it went for other purposes.

The Williamsburg Hotel BK LLC needs this second round of PPP to keep its employees, to be able to pay their payroll, and to survive and help people pay their food and bills. The legal proceedings of an unrelated entity, 96 Wythe Acquisitions LLC, which has no connection to the management or to the 90 employees living wages in any way at all, should not influence whether The Williamsburg Hotel BK LLC employees will continue to have employment and earn a living.

I am attaching an overview of our work in the community and appreciate your help wrapping this up. Please see attached.

Thank you -
Yechial Michael Lichtenstein

On Wed, Feb 24, 2021 at 3:31 PM Toby Moskovits <toby@heritage-equity.com> wrote:

Dear Matt,

The Williamsburg Hotel BK is a hotel management company. It is a stand alone management company that has employed during the past 4 years between 90 and at some times 200 people.

The Williamsburg Hotel BK is a hotel brand known as The Williamsburg Hotel, which has a second planned hotel in Brooklyn, and the brand is also in talks with owners of property in Wynwood Miami about building a Williamsburg Hotel there. The Williamsburg Hotel BK LLC is engaged as well in talks with other hotel owners about managing their hotels under The Williamsburg Hotel brand, and is a stand alone business that has no connection to the ownership of the building at 96 Wythe Avenue.

The entity 96 Wythe Acquisition LLC, which owns the building at 96 Wythe Avenue in Brooklyn, has had a long running dispute with its lender Benefits Street. This dispute has been ongoing since 2018, and has no connection nor any bearing on the management of the hotel, which is done by the Williamsburg Hotel BK LLC.

The only nexus between these two very distinct companies is that the owners of The Williamsburg Hotel BK LLC, who own The Williamsburg Hotel brand, are also the owners of the 96 Wythe Acquisition LLC entity. Toby Moskovits and Yechial Michael Lichtenstein are owners of both of these unrelated entities.

The Williamsburg Hotel BK is a successful company that has managed to continue operations through the difficult COVID period and is looking forward to expanding during the next year or two. The Williamsburg Hotel BK has not declared bankruptcy and it's operations remain unaffected by this filing of 96 Wythe Acquisition.

I hope this clarifies this matter. We need the PPP funds in order to get through this difficult period and to help us pay the salaries of the 90 people that rely on us for their living wages.

We appreciate your help with this and look forward to closing the second draw loan.

Best,
Toby

On Feb 24, 2021, at 1:29 PM, Matt Peeler <matt.peeler@liveoak.bank> wrote:

Hi Toby,

After an internal review of your 2nd draw PPP loan request for the Williamsburg Hotel BK, LLC, our risk department discovered the following article that will require a formal written response:  https://commercialobserver.com/2021/02/heritage-equity-partners-williamsburg-hotel-files-for-bankruptcy/

Please review and respond to the following items:

1. Please explain the article recently posted by the Commercial Observer related to Heritage Equity Partners, Toby Moskovits and the Williamsburg Hotel.
2. Toby & Michael - Please explain your personal involvement in the bankruptcy, amount of planning time, and impact on the Williamsburg Hotel BK, LLC.
3. Please provide the ownership structure of 96 Wythe Acquisition LLC and Heritage Equity Partners LLC (or simply "Heritage Equity Partners").
4. What is the relationship between 96 Wythe Acquisition LLC and the Williamsburg Hotel BK, LLC?  Is there any common ownership or management?
5. What is the relationship between Heritage Equity Partners LLC (or Heritage Equity Partners) and the Williamsburg Hotel BK, LLC?  Is there any common ownership or management?
6. What is the relationship between 96 Wythe Acquisition LLC and Heritage Equity Partners LLC (or Heritage Equity Partners)?  Is there any common ownership or management?
7. Is there a hotel company-management company structure in place?
8. Is it true that Heritage Street Partners defaulted on a loan in 2019 with Benefit Street Partners that was tied to the Williamsburg Hotel?
9. Please provide a copy of the 2019 business tax return for the Williamsburg Hotel BK, LLC.
10. If possible, please also provide a copy of the 2020 business tax return for the Williamsburg Hotel BK, LLC.
11. Please provide a copy of the bankruptcy (chapter 11) filings.

This information will be provided back to our risk department for further consideration.  Let me know if you have any questions.

Thank you,

Matt

**Matt Peeler**

VP, Distributed Energy Finance

O. 910.338.3374

E. matt.peeler@liveoak.bank  |  liveoakbank.com

1741 Tiburon Drive  |  Wilmington, NC 28403

DISCLAIMER: This email and any files transmitted with it are confidential and/or proprietary to Live Oak Bank or its affiliates and are intended solely for the use of the individual or entity to whom they are addressed. This communication represents the originator's personal views and opinions, which do not necessarily reflect those of Live Oak Bank. If you are not the intended recipient, be advised that you have received this email in error, and that any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. If you received this email in error, please immediately notify postmaster@liveoakbank.com, permanently delete the e-mail and any attachments, and destroy all hard copies immediately.

# EXHIBIT N

| Form **1065** | | | | | OMB No. 1545-0123 |
|---|---|---|---|---|---|

**U.S. Return of Partnership Income**

Department of the Treasury
Internal Revenue Service

For calendar year 2019, or tax year beginning _____, 2019, ending _____, 20 ____.
▶ Go to *www.irs.gov/Form1065* for instructions and the latest information.

**2019**

| **A** Principal business activity | Name of partnership | **D** Employer Identification num. |
|---|---|---|
| HOTEL | THE WILLIAMSBURG HOTEL BK LLC | 81-2152485 |
| **B** Principal product or service | **Type** Number, street, and room or suite no. If a P.O. box, see instructions.   STE 184 | **E** Date business started |
| SERVICE | **or** 1274 49TH STREET | 02-08-2016 |
| **C** Business code number | **Print** City or town, state or province, country, and ZIP or foreign postal code | **F** Total assets (see instructions) |
| 721110 | BROOKLYN, NY 11219 | $ 976,879 |

**G** Check applicable boxes: **(1)** ☐ Initial return **(2)** ☐ Final return **(3)** ☐ Name change **(4)** ☐ Address change **(5)** ☐ Amended return

**H** Check accounting method: **(1)** ☐ Cash **(2)** ☐ Accrual **(3)** ☐ Other (specify) ▶

**I** Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year ▶ 2

**J** Check if Schedules C and M-3 are attached · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ▶ ☐

**K** Check if partnership: **(1)** ☐ Aggregated activities for section 465 at-risk purposes **(2)** ☐ Grouped activities for section 469 passive activity purposes

**Caution:** Include **only** trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.

| | | | | |
|---|---|---|---|---|
| **Income** | **1a** Gross receipts or sales · · · · · · · · · · · · · · · · · · · · · · · | **1a** | 20,034,954 | |
| | **b** Returns and allowances · · · · · · · · · · · · · · · · · · · · · · · | **1b** | | |
| | **c** Balance. Subtract line 1b from line 1a · · · · · · · · · · · · · · · · · · · · · | **1c** | | 20,034,954 |
| | **2** Cost of goods sold (attach Form 1125-A) · · · · · · · · · · · · · · · · · · | **2** | | 2,420,491 |
| | **3** Gross profit. Subtract line 2 from line 1c · · · · · · · · · · · · · · · · · · | **3** | | 17,614,463 |
| | **4** Ordinary income (loss) from other partnerships, estates, and trusts (attach statement) · · · · · · · · · · · · | **4** | | |
| | **5** Net farm profit (loss) (attach Schedule F (Form 1040 or 1040-SR)) · · · · · · · · · · · · | **5** | | |
| | **6** Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) · · · · · · · · · · · · · · | **6** | | |
| | **7** Other income (loss) (attach statement) · · · · · · · · · · · · · · · · · · · · | **7** | | |
| | **8** **Total income (loss).** Combine lines 3 through 7 · · · · · · · · · · · · · · · · · · · · · | **8** | | 17,614,463 |
| **Deductions** (see instructions for limitations) | **9** Salaries and wages (other than to partners) (less employment credits) · · · · · · · · · · · · · · | **9** | | |
| | **10** Guaranteed payments to partners · · · · · · · · · · · · · · · · · · · · · · · · · · | **10** | | |
| | **11** Repairs and maintenance · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | **11** | | |
| | **12** Bad debts · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | **12** | | |
| | **13** Rent · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | **13** | | |
| | **14** Taxes and licenses · · · · · · · · · · · · · · · · · · · · · · · · · Wks Tax/Lic · · | **14** | | 2,210,807 |
| | **15** Interest (see instructions) · · · · · · · · · · · · · · · · · · · · · · · · · · · · | **15** | | |
| | **16a** Depreciation (if required, attach Form 4562) · · · · · · | **16a** | | |
| | **b** Less depreciation reported on Form 1125-A and elsewhere on return · · · · · · · · · | **16b** | **16c** | |
| | **17** Depletion **(Do not deduct oil and gas depletion.)** · · · · · · · · · · · · · · · · · · · | **17** | | |
| | **18** Retirement plans, etc. · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | **18** | | |
| | **19** Employee benefit programs · · · · · · · · · · · · · · · · · · · · · · · · · · · | **19** | | |
| | **20** Other deductions (attach statement) · · · · · · · · · · · · · · · · · · · · Statement #4 · · | **20** | | 15,308,958 |
| | **21** **Total deductions.** Add the amounts shown in the far right column for lines 9 through 20 · · · · · · · · · · · · | **21** | | 17,519,765 |
| | **22** **Ordinary business income (loss).** Subtract line 21 from line 8 · · · · · · · · · · · · · · · · · · | **22** | | 94,698 |
| **Tax and Payment** | **23** Interest due under the look-back method - completed long-term contracts (attach Form 8697) · · · · · · · · · | **23** | | |
| | **24** Interest due under the look-back method - income forecast method (attach Form 8866) · · · · · · · · · · · · | **24** | | |
| | **25** BBA AAR imputed underpayment (see instructions) · · · · · · · · · · · · · · · · · · · · · · · · · | **25** | | |
| | **26** Other taxes (see instructions) · · · · · · · · · · · · · · · · · · · · · · · · · · · · | **26** | | |
| | **27** **Total balance due.** Add lines 23 through 26 · · · · · · · · · · · · · · · · · · · · · · · | **27** | | |
| | **28** Payment (see instructions) · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | **28** | | |
| | **29** **Amount owed.** If line 28 is smaller than line 27, enter amount owed · · · · · · · · · · · · · | **29** | | |
| | **30** **Overpayment.** If line 28 is larger than line 27, enter overpayment · · · · · · · · · · · · · · · · · · · | **30** | | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than partner or limited liability company member) is based on all information of which preparer has any knowledge.

▶ Signature of partner or limited liability company member            Date

May the IRS discuss this return with the preparer shown below? See instructions. ☒ Yes ☐ No

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| Daniel Norensberg | | 02-24-2021 | | P00285846 |
| Firm's name ▶ NORENSBERG & ASSOCIATES INC | | | Firm's EIN ▶ | |
| Firm's address ▶ 343 PAUL PLACE | | | | |
| West Hempstead, NY 11552 | | Phone no. (516) 314-7580 | | |

**For Paperwork Reduction Act Notice, see separate instructions.**

EEA

Form **1065** (2019)

Form 1065 (2019)      THE WILLIAMSBURG HOTEL BK LLC                                    81-2152485                Page **2**

## Schedule B    Other Information

| | | | | Yes | No |
|---|---|---|---|---|---|
| **1** | What type of entity is filing this return? Check the applicable box: | | | | |
| **a** | ☐ Domestic general partnership | **b** ☐ Domestic limited partnership | | | |
| **c** | ☐ Domestic limited liability company | **d** ☐ Domestic limited liability partnership | | | |
| **e** | ☐ Foreign partnership | **f** ☐ Other ▶ | | | |
| **2** | At the end of the tax year: | | | | |
| **a** | Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization, or any foreign government own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership | | | | X |
| **b** | Did any individual or estate own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership | | | | X |
| **3** | At the end of the tax year, did the partnership: | | | | |
| **a** | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv) below | | | | X |

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | | | | | |
|---|---|---|---|---|---|
| **b** | Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below | | | | X |

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | | Yes | No |
|---|---|---|---|
| **4** | Does the partnership satisfy **all four** of the following conditions? | | |
| **a** | The partnership's total receipts for the tax year were less than $250,000. | | |
| **b** | The partnership's total assets at the end of the tax year were less than $1 million. | | |
| **c** | Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return. | | |
| **d** | The partnership is not filing and is not required to file Schedule M-3 | | X |
| | If "Yes," the partnership is not required to complete Schedules L, M-1, and M-2; item F on page 1 of Form 1065; or item L on Schedule K-1. | | |
| **5** | Is this partnership a publicly traded partnership, as defined in section 469(k)(2)? | | |
| **6** | During the tax year, did the partnership have any debt that was canceled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt? | | |
| **7** | Has this partnership filed, or is it required to file, Form 8918, Material Advisor Disclosure Statement, to provide information on any reportable transaction? | | |
| **8** | At any time during calendar year 2019, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See instructions for exceptions and filing requirements for FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR). If "Yes," enter the name of the foreign country ▶ | | |
| **9** | At any time during the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the partnership may have to file Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts. See instructions | | |
| **10a** | Is the partnership making, or had it previously made (and not revoked), a section 754 election? See instructions for details regarding a section 754 election. | | |
| **b** | Did the partnership make for this tax year an optional basis adjustment under section 743(b) or 734(b)? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions | | |

EEA                                                                                        Form **1065** (2019)

Form 1065 (2019)    THE WILLIAMSBURG HOTEL BK LLC    81-2152485    Page 3

| Schedule B | Other Information *(continued)* | Yes | No |
|---|---|---|---|
| c | Is the partnership required to adjust the basis of partnership assets under section 743(b) or 734(b) because of a substantial built-in loss (as defined under section 743(d)) or substantial basis reduction (as defined under section 734(d))? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | | |
| 11 | Check this box if, during the current or prior tax year, the partnership distributed any property received in a like-kind exchange or contributed such property to another entity (other than disregarded entities wholly owned by the partnership throughout the tax year) · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ▶ ☐ | | |
| 12 | At any time during the tax year, did the partnership distribute to any partner a tenancy-in-common or other undivided interest in partnership property? | | |
| 13 | If the partnership is required to file Form 8858, Information Return of U.S. Persons With Respect To Foreign Disregarded Entities, (FDEs) and Foreign Branches (FBs), enter the number of Forms 8858 attached. See instructions · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ▶ | | |
| 14 | Does the partnership have any foreign partners? If "Yes," enter the number of Forms 8805, Foreign Partner's Information Statement of Section 1446 Withholding Tax, filed for this partnership · · · · · · · · · · · ▶ | | |
| 15 | Enter the number of Forms 8865, Return of U.S. Persons With Respect to Certain Foreign Partnerships, attached to this return · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ▶        0 | | |
| 16a | Did you make any payments in 2019 that would require you to file Form(s) 1099? See instructions · · · · · · · · · · · · · · | | |
| b | If "Yes," did you or will you file required Form(s) 1099? · · · · · · · · · · · · · · · · · · · · · · · · · · | | |
| 17 | Enter the number of Form(s) 5471, Information Return of U.S. Persons With Respect To Certain Foreign Corporations, attached to this return · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ▶ | | |
| 18 | Enter the number of partners that are foreign governments under section 892 · · · · · · · · · · · · · ▶ | | |
| 19 | During the partnership's tax year, did the partnership make any payments that would require it to file Form 1042 and 1042-S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474)? · · · · · · · · · · · · · · · | | |
| 20 | Was the partnership a specified domestic entity required to file Form 8938 for the tax year? See the Instructions for Form 8938 · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | | |
| 21 | Is the partnership a section 721(c) partnership, as defined in Regulations section 1.721(c)-1T(b)(14)? · · · · · · · · · · · · · · · | | |
| 22 | During the tax year, did the partnership pay or accrue any interest or royalty for which the deduction is not allowed under section 267A? See instructions · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | | x |
| | If "Yes," enter the total amount of the disallowed deductions · · · · · · · · · · · · · · · · · · · · ▶ $ | | |
| 23 | Did the partnership have an election under section 163(j) for any real property trade or business or any farming business in effect during the tax year? See instructions · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | | |
| 24 | Does the partnership satisfy one or more of the following? See instructions · · · · · · · · · · · · · · · · · · · · · · · · · · | | |
| a | The partnership owns a pass-through entity with current, or prior year carryover, excess business interest expense. | | |
| b | The partnership's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year are more than $26 million and the partnership has business interest. | | |
| c | The partnership is a tax shelter (see instructions) and the partnership has business interest expense. If "Yes" to any, complete and attach Form 8990. | | |
| 25 | Is this partnership electing out of the centralized partnership audit regime under section 6221(b)? See instructions · · · · · · · · · · · | | x |
| | If "Yes," the partnership must complete Schedule B-2 (Form 1065). Enter the total from Schedule B-2, Part III, line 3 · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ▶ _____ | | |
| | If "No," complete Designation of Partnership Representative below. | | |

**Designation of Partnership Representative** (see instructions)
Enter below the information for the partnership representative (PR) for the tax year covered by this return.

Name of PR ▶ TOBY MOSKOVITS

| U.S. address of PR | 137 55 71ST AVE<br>FLUSHING NY 11367 | U.S. phone number of PR |
|---|---|---|

If the PR is an entity, name of the designated individual for the PR    ▶

| U.S. address of designated individual | | U.S. phone number of designated individual |
|---|---|---|

| 26 | Is the partnership attaching Form 8996 to certify as a Qualified Opportunity Fund? · · · · · · · · · · · · · · · · · · · · · · · · · · · · | | x |
|---|---|---|---|
| | If "Yes," enter the amount from Form 8996, line 14 · · · · · · · · · · · · · · · · · · · · · · · · · ▶ $ | | |
| 27 | Enter the number of foreign partners subject to section 864(c)(8) as a result of transferring all or a portion of an interest in the partnership or of receiving a distribution from the partnership · · · · · · · · · · · · · · · ▶ | | |
| 28 | At any time during the tax year, were there any transfers between the partnership and its partners subject to the disclosure requirements of Regulations section 1.707-8? · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | | |

Form 1065 (2019)    THE WILLIAMSBURG HOTEL BK LLC    81-2152485    Page **4**

| Schedule K | | Partners' Distributive Share Items | | | Total amount |
|---|---|---|---|---|---|

| | | | | | Total amount |
|---|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary business income (loss) (page 1, line 22) | | 1 | 94,698 |
| | 2 | Net rental real estate income (loss) (attach Form 8825) | | 2 | |
| | 3 a | Other gross rental income (loss) | 3a | | |
| | b | Expenses from other rental activities (attach statement) | 3b | | |
| | c | Other net rental income (loss). Subtract line 3b from line 3a | | 3c | |
| | 4 | Guaranteed payments:    a Services | 4a    b Capital | 4b | |
| | | c Total. Add lines 4a and 4b | | 4c | |
| | 5 | Interest income | | 5 | |
| | 6 | Dividends and dividend equivalents:    a Ordinary dividends | | 6a | |
| | | b Qualified dividends | 6b    c Dividend equivalents | 6c | |
| | 7 | Royalties | | 7 | |
| | 8 | Net short-term capital gain (loss) (attach Schedule D (Form 1065)) | | 8 | |
| | 9 a | Net long-term capital gain (loss) (attach Schedule D (Form 1065)) | | 9a | |
| | b | Collectibles (28%) gain (loss) | 9b | | |
| | c | Unrecaptured section 1250 gain (attach statement) | 9c | | |
| | 10 | Net section 1231 gain (loss) (attach Form 4797) | | 10 | |
| | 11 | Other income (loss) (see instructions) Type ▶ | | 11 | |
| Deductions | 12 | Section 179 deduction (attach Form 4562) | | 12 | |
| | 13 a | Contributions | | 13a | |
| | b | Investment interest expense | | 13b | |
| | c | Section 59(e)(2) expenditures:    (1) Type ▶ | (2) Amount ▶ | 13c(2) | |
| | d | Other deductions (see instructions)    Type ▶ | | 13d | |
| Self-Employment | 14 a | Net earnings (loss) from self-employment | | 14a | 94,698 |
| | b | Gross farming or fishing income | | 14b | |
| | c | Gross nonfarm income | | 14c | 17,614,463 |
| Credits | 15 a | Low-income housing credit (section 42(j)(5)) | | 15a | |
| | b | Low-income housing credit (other) | | 15b | |
| | c | Qualified rehabilitation expenditures (rental real estate) (attach Form 3468, if applicable) | | 15c | |
| | d | Other rental real estate credits (see instructions)    Type ▶ | | 15d | |
| | e | Other rental credits (see instructions)    Type ▶ | | 15e | |
| | f | Other credits (see instructions)    Type ▶ | | 15f | |
| Foreign Transactions | 16 a | Name of country or U.S. possession    ▶ | | | |
| | b | Gross income from all sources | | 16b | |
| | c | Gross income sourced at partner level | | 16c | |
| | | Foreign gross income sourced at partnership level | | | |
| | d | Reserved for future use    ▶ | e Foreign branch category | 16e | |
| | f | Passive category ▶    g General category ▶    h Other (attach statement) ▶ | | 16h | |
| | | Deductions allocated and apportioned at partner level | | | |
| | i | Interest expense    ▶    j Other | | 16j | |
| | | Deductions allocated and apportioned at partnership level to foreign source income | | | |
| | k | Reserved for future use    ▶    l Foreign branch category | | 16l | |
| | m | Passive category ▶    n General category ▶    o Other (attach statement) ▶ | | 16o | |
| | p | Total foreign taxes (check one):    ▶    Paid ☐    Accrued ☐ | | 16p | |
| | q | Reduction in taxes available for credit (attach statement) | | 16q | |
| | r | Other foreign tax information (attach statement) | | | |
| Alternative Minimum Tax (AMT) Items | 17 a | Post-1986 depreciation adjustment | | 17a | |
| | b | Adjusted gain or loss | | 17b | |
| | c | Depletion (other than oil and gas) | | 17c | |
| | d | Oil, gas, and geothermal properties - gross income | | 17d | |
| | e | Oil, gas, and geothermal properties - deductions | | 17e | |
| | f | Other AMT items (attach statement) | | 17f | |
| Other Information | 18 a | Tax-exempt interest income | | 18a | |
| | b | Other tax-exempt income | | 18b | |
| | c | Nondeductible expenses | | 18c | |
| | 19 a | Distributions of cash and marketable securities | | 19a | |
| | b | Distributions of other property | | 19b | |
| | 20 a | Investment income | | 20a | |
| | b | Investment expenses | | 20b | |
| | c | Other items and amounts (attach statement) | | | |

EEA    Form **1065** (2019)

Form 1065 (2019)   THE WILLIAMSBURG HOTEL BK LLC   81-2152485   Page **5**

## Analysis of Net Income (Loss)

| | | | | | | |
|---|---|---|---|---|---|---|
| **1** | Net income (loss). Combine Schedule K, lines 1 through 11. From the result, subtract the sum of Schedule K, lines 12 through 13d, and 16p | | | | | **1** | 94,698 |

| **2** | Analysis by partner type: | (i) Corporate | (ii) Individual (active) | (iii) Individual (passive) | (iv) Partnership | (v) Exempt Organization | (vi) Nominee/Other |
|---|---|---|---|---|---|---|---|
| **a** | General partners · · · | | 94,698 | | | | |
| **b** | Limited partners · · · | | | | | | |

## Schedule L    Balance Sheets per Books

| | Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|---|
| **1** | Cash · · · · · · · · · · · · · | | 93,562 | | 62,528 |
| **2 a** | Trade notes and accounts receivable | 353,139 | | | |
| **b** | Less allowance for bad debts | | 353,139 | | |
| **3** | Inventories · · · · · · · · · | | 90,751 | | 97,758 |
| **4** | U.S. government obligations | | | | |
| **5** | Tax-exempt securities | | | | |
| **6** | Other current assets (attach statement) | | | | |
| **7 a** | Loans to partners (or persons related to partners) | | | | |
| **b** | Mortgage and real estate loans | | | | |
| **8** | Other investments (attach statement) | | | | |
| **9 a** | Buildings and other depreciable assets | 321,747 | | 719,059 | |
| **b** | Less accumulated depreciation | | 321,747 | | 719,059 |
| **10 a** | Depletable assets | | | | |
| **b** | Less accumulated depletion | | | | |
| **11** | Land (net of any amortization) | | | | |
| **12 a** | Intangible assets (amortizable only) | 10,500 | | 10,500 | |
| **b** | Less accumulated amortization | | 10,500 | | 10,500 |
| **13** | Other assets (attach statement) | Statement #29 | 480,178 | Statement #29 | 87,034 |
| **14** | Total assets | | 1,349,877 | | 976,879 |
| | **Liabilities and Capital** | | | | |
| **15** | Accounts payable | | 704,423 | | 967,171 |
| **16** | Mortgages, notes, bonds payable in less than 1 year | | | | |
| **17** | Other current liabilities (attach statement) · · · · · · | | | | |
| **18** | All nonrecourse loans · · · · · · · · | | | | |
| **19 a** | Loans from partners (or persons related to partners) | | | | |
| **b** | Mortgages, notes, bonds payable in 1 year or more · · | | | | |
| **20** | Other liabilities (attach statement) | Statement #32 | 669,994 | Statement #32 | 1,124,554 |
| **21** | Partners' capital accounts | | (24,540) | | (1,114,846) |
| **22** | Total liabilities and capital · · · · · · · · | | 1,349,877 | | 976,879 |

## Schedule M-1    Reconciliation of Income (Loss) per Books With Income (Loss) per Return

**Note:** The partnership may be required to file Schedule M-3. See instructions.

| | | | | | |
|---|---|---|---|---|---|
| **1** | Net income (loss) per books · · · · · · · · | 94,698 | **6** | Income recorded on books this year not included on Schedule K, lines 1 through 11 (itemize): | |
| **2** | Income included on Schedule K, lines 1, 2, 3c, 5, 6a, 7, 8, 9a, 10, and 11, not recorded on books this year (itemize): | | **a** | Tax-exempt interest $ _____ | |
| **3** | Guaranteed payments (other than health insurance) · · · · · · · · | | **7** | Deductions included on Schedule K, lines 1 through 13d, and 16p, not charged against book income this year (itemize): | |
| **4** | Expenses recorded on books this year not included on Schedule K, lines 1 through 13d, and 16p (itemize): | | **a** | Depreciation $ _____ | |
| **a** | Depreciation $ _____ | | **8** | Add lines 6 and 7 · · · · · · · · · · | |
| **b** | Travel and entertainment $ _____ | | **9** | Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 · · · | |
| **5** | Add lines 1 through 4 · · · · · · · · | 94,698 | | | 94,698 |

## Schedule M-2    Analysis of Partners' Capital Accounts

| | | | | | |
|---|---|---|---|---|---|
| **1** | Balance at beginning of year · · · · · | (5,316,781) | **6** | Distributions: **a** Cash | |
| **2** | Capital contributed:  **a** Cash · · · · · · · | | | **b** Property | |
| | **b** Property · · · · · | | **7** | Other decreases (itemize): _____ | |
| **3** | Net income (loss) per books · · · · · | 94,698 | | | |
| **4** | Other increases (itemize): _____ | | **8** | Add lines 6 and 7 · · · · · · · · · · | |
| **5** | Add lines 1 through 4 · · · · · · · · | (5,222,083) | **9** | Balance at end of year. Subtract line 8 from line 5 | (5,222,083) |

EEA   Form **1065** (2019)

Form **1125-A**

(Rev. November 2018)

Department of the Treasury
Internal Revenue Service

**Cost of Goods Sold**

▶ **Attach to Form 1120, 1120-C, 1120-F, 1120S, or 1065.**
▶ **Go to *www.irs.gov/Form1125A* for the latest information.**

OMB No. 1545-0123

| Name | Employer identification number |
|------|-------------------------------|
| THE WILLIAMSBURG HOTEL BK LLC | 81-2152485 |

| | | | |
|---|---|---|---:|
| 1 | Inventory at beginning of year | **1** | |
| 2 | Purchases | **2** | 2,420,491 |
| 3 | Cost of labor | **3** | |
| 4 | Additional section 263A costs (attach schedule) | **4** | |
| 5 | Other costs (attach schedule) | **5** | |
| 6 | **Total.** Add lines 1 through 5 | **6** | 2,420,491 |
| 7 | Inventory at end of year | **7** | |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on Form 1120, page 1, line 2 or the appropriate line of your tax return. See instructions | **8** | 2,420,491 |

9a   Check all methods used for valuing closing inventory:
   *(i)* ☐ Cost
   *(ii)* ☐ Lower of cost or market
   *(iii)* ☐ Other (Specify method used and attach explanation.) ▶ _____

b   Check if there was a writedown of subnormal goods ▶ ☐

c   Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) ▶ ☐

d   If the LIFO inventory method was used for this tax year, enter amount of closing inventory computed
   under LIFO | **9d** |

e   If property is produced or acquired for resale, do the rules of section 263A apply to the entity? See instructions ☐ Yes ☐ No

f   Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes,"
   attach explanation ☐ Yes ☐ No

**651119**

**Schedule K-1**
**(Form 1065)**
Department of the Treasury
Internal Revenue Service

**2019**

For calendar year 2019, or tax year

beginning _____ , 2019  ending _____ , 20 ____

**Partner's Share of Income, Deductions, Credits, etc.**  ► See page 2 of form and separate instructions.

| ☐ Final K-1 | ☐ Amended K-1 | OMB No. 1545-0123 |
|---|---|---|

**Part III   Partner's Share of Current Year Income, Deductions, Credits, and Other Items**

| Part I | Information About the Partnership |
|---|---|

**A** Partnership's employer identification number

81-2152485

**B** Partnership's name, address, city, state, and ZIP code

THE WILLIAMSBURG HOTEL BK LLC

1274 49TH STREET STE 184
BROOKLYN, NY 11219

**C** IRS Center where partnership filed return ► KANSAS CITY

**D** ☐ Check if this is a publicly traded partnership (PTP)

| Part II | Information About the Partner |
|---|---|

**E** Partner's SSN or TIN (Do not use TIN of a disregarded entity. See instr.)

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

**F** Name, address, city, state, and ZIP code for partner entered in E. See instr.

TOBY MOSKOVITS
137 55 71ST AVE
FLUSHING, NY 11367

**G** ☒ General partner or LLC member-manager    ☐ Limited partner or other LLC member

**H1** ☒ Domestic partner    ☐ Foreign partner

**H2** ☐ If the partner is a disregarded entity (DE), enter the partner's:
TIN _____  Name _____

**I1** What type of entity is this partner?    INDIVIDUAL

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 50.0000000 % | 50.0000000 % |
| Loss | 50.0000000 % | 50.0000000 % |
| Capital | 50.0000000 % | 50.0000000 % |

Check if decrease is due to sale or exchange of partnership interest · · · ☐

**K** Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse · · · · | $ | $ |
| Qualified nonrecourse financing · · · · · | $ | $ |
| Recourse · · · · · | $ | $ |

☐ Check this box if item K includes liability amounts from lower tier partnerships.

**L**          Partner's Capital Account Analysis

Capital method: Tax Basis

| | |
|---|---|
| Beginning capital account · · · · · $ | (2,658,390) |
| Capital contributed during the year · · · $ | |
| Current year net income (loss) · · · · $ | 47,349 |
| Other increase (decrease)(attach explanation) $ | |
| Withdrawals & distributions · · · · · · $ ( | ) |
| Ending capital account · · · · · · · $ | (2,611,041) |

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes  ☒ No   If "Yes," attach statement. See instructions.

**N** Partner's Share of Net Unrecognized Section 704(c) Gain or (Loss)
Beginning · · · · · · · · · · · · · $ _____
Ending · · · · · · · · · · · · · $ _____

| # | Description | Amount |
|---|---|---|
| 1 | Ordinary business income (loss) | 47,349 |
| 2 | Net rental real estate income (loss) | |
| 3 | Other net rental income (loss) | |
| 4a | Guaranteed payments for services | |
| 4b | Guaranteed payments for capital | |
| 4c | Total guaranteed payments | |
| 5 | Interest income | |
| 6a | Ordinary dividends | |
| 6b | Qualified dividends | |
| 6c | Dividend equivalents | |
| 7 | Royalties | |
| 8 | Net short-term capital gain (loss) | |
| 9a | Net long-term capital gain (loss) | |
| 9b | Collectibles (28%) gain (loss) | |
| 9c | Unrecaptured section 1250 gain | |
| 10 | Net section 1231 gain (loss) | |
| 11 | Other income (loss) | |
| 12 | Section 179 deduction | |
| 13 | Other deductions | |
| 14 | Self-employment earnings (loss) | |
| A | | 47,349 |
| C | | 8,807,232 |

| # | Description |
|---|---|
| 15 | Credits |
| 16 | Foreign transactions |
| 17 | Alternative minimum tax (AMT) items |
| 18 | Tax-exempt income and nondeductible expenses |
| 19 | Distributions |
| 20 | Other information |
| Z | * STMT |

**21** ☐ More than one activity for at-risk purposes*
**22** ☐ More than one activity for passive activity purposes*
*See attached statement for additional information.

For IRS Use Only

For Paperwork Reduction Act Notice, see Instructions for Form 1065.   www.irs.gov/Form1065   **Schedule K-1 (Form 1065) 2019**
EEA

# STATEMENT A - QBI Pass-Through Entity Reporting

Information Reported in Accordance with Section 199A-6

Schedule K-1, Line 20, Code Z

**2019**

| | |
|---|---|
| Name(s) as shown on return | Tax ID Number |
| THE WILLIAMSBURG HOTEL BK LLC | 81-2152485 |
| Name(s) as shown on K1 | Tax ID Number |
| TOBY MOSKOVITS | 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 |

| Line No. | Description of Trade or Business | Taxpayer Identification Number | PTP | Aggregated | SSTB |
|---|---|---|---|---|---|
| 1 | THE WILLIAMSBURG HOTEL BK LLC | 81-2152485 | | | No |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| LINE NUMBER | NO. 1 | NO. ___ | NO. ___ | NO. ___ | NO. ___ | NO. ___ |
|---|---|---|---|---|---|---|
| Ordinary Business Income (Loss) | 47,349 | | | | | |
| Rental Income (Loss) | | | | | | |
| Royalty Income (Loss) | | | | | | |
| Section 1231 Gain (Loss) | | | | | | |
| Other Income (Loss) | | | | | | |
| Section 179 | | | | | | |
| Charitable Contributions | | | | | | |
| Other Deductions | | | | | | |
| W-2 Wages | | | | | | |
| Unadjusted Basis Immediately After Acquisition | | | | | | |
| Section 199A Dividends | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

K1_QBIP~.LD

**2019**

651119

| Schedule K-1<br>(Form 1065)<br>Department of the Treasury<br>Internal Revenue Service | | ☐ Final K-1    ☐ Amended K-1    OMB No. 1545-0123 |
|---|---|---|

For calendar year 2019, or tax year

beginning _____ , 2019   ending _____ , 20 ____

**Part III   Partner's Share of Current Year Income, Deductions, Credits, and Other Items**

## Partner's Share of Income, Deductions, Credits, etc.
► See page 2 of form and separate instructions.

| Part I | Information About the Partnership |
|---|---|

**A**   Partnership's employer identification number

81-2152485

**B**   Partnership's name, address, city, state, and ZIP code

THE WILLIAMSBURG HOTEL BK LLC

1274 49TH STREET STE 184
BROOKLYN, NY 11219

**C**   IRS Center where partnership filed return ► KANSAS CITY

**D**   ☐ Check if this is a publicly traded partnership (PTP)

| Part II | Information About the Partner |
|---|---|

**E**   Partner's SSN or TIN (Do not use TIN of a disregarded entity. See instr.)

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

**F**   Name, address, city, state, and ZIP code for partner entered in E. See instr.

MICHAEL LICHTENSTEIN
929 EAST 5TH STREET
BROOKLYN, NY 11230

**G**   ☒ General partner or LLC member-manager    ☐ Limited partner or other LLC member

**H1**   ☒ Domestic partner    ☐ Foreign partner

**H2**   ☐ If the partner is a disregarded entity (DE), enter the partner's:
TIN _____ Name _____

**I1**   What type of entity is this partner?   INDIVIDUAL

**I2**   If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here   ☐

**J**   Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 50.0000000 % | 50.0000000 % |
| Loss | 50.0000000 % | 50.0000000 % |
| Capital | 50.0000000 % | 50.0000000 % |

Check if decrease is due to sale or exchange of partnership interest · · ·   ☐

**K**   Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse · · · · | $ | $ |
| Qualified nonrecourse financing · · · · · | $ | $ |
| Recourse · · · · · | $ | $ |

☐ Check this box if item K includes liability amounts from lower tier partnerships.

**L**   Partner's Capital Account Analysis

Capital method: Tax Basis

| | |
|---|---|
| Beginning capital account · · · · · $ | (2,658,391) |
| Capital contributed during the year · · · $ | |
| Current year net income (loss) · · · · $ | 47,349 |
| Other increase (decrease)(attach explanation) $ | |
| Withdrawals & distributions · · · · · · · $ ( | ) |
| Ending capital account · · · · · · · $ | (2,611,042) |

**M**   Did the partner contribute property with a built-in gain or loss?
☐ Yes  ☐ No   If "Yes," attach statement. See instructions.

**N**   Partner's Share of Net Unrecognized Section 704(c) Gain or (Loss)
Beginning · · · · · · · · · · · · · · $ _____
Ending   · · · · · · · · · · · · · $ _____

| # | Item | Amount | # | Item | Amount |
|---|---|---|---|---|---|
| 1 | Ordinary business income (loss) | 47,349 | 15 | Credits | |
| 2 | Net rental real estate income (loss) | | | | |
| 3 | Other net rental income (loss) | | 16 | Foreign transactions | |
| 4a | Guaranteed payments for services | | | | |
| 4b | Guaranteed payments for capital | | | | |
| 4c | Total guaranteed payments | | | | |
| 5 | Interest income | | | | |
| 6a | Ordinary dividends | | | | |
| 6b | Qualified dividends | | | | |
| 6c | Dividend equivalents | | 17 | Alternative minimum tax (AMT) items | |
| 7 | Royalties | | | | |
| 8 | Net short-term capital gain (loss) | | | | |
| 9a | Net long-term capital gain (loss) | | 18 | Tax-exempt income and nondeductible expenses | |
| 9b | Collectibles (28%) gain (loss) | | | | |
| 9c | Unrecaptured section 1250 gain | | | | |
| 10 | Net section 1231 gain (loss) | | 19 | Distributions | |
| 11 | Other income (loss) | | | | |
| | | | 20 | Other information | |
| 12 | Section 179 deduction | | | | |
| 13 | Other deductions | | | | |
| | | | Z | * STMT |
| 14 | Self-employment earnings (loss) | | | | |
| A | | 47,349 | | | |
| C | | 8,807,231 | | | |
| 21 | ☐ More than one activity for at-risk purposes* | | | | |
| 22 | ☐ More than one activity for passive activity purposes* | | | | |

*See attached statement for additional information.

For IRS Use Only

For Paperwork Reduction Act Notice, see Instructions for Form 1065.   www.irs.gov/Form1065   Schedule K-1 (Form 1065) 2019

EEA

# STATEMENT A - QBI Pass-Through Entity Reporting

Information Reported in Accordance with Section 199A-6

Schedule K-1, Line 20, Code Z

**2019**

| Name(s) as shown on return | Tax ID Number |
|---|---|
| THE WILLIAMSBURG HOTEL BK LLC | 81-2152485 |
| Name(s) as shown on K1 | Tax ID Number |
| MICHAEL LICHTENSTEIN | 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 |

| Line No. | **Description of Trade or Business** | Taxpayer Identification Number | PTP | Aggregated | SSTB |
|---|---|---|---|---|---|
| 1 | THE WILLIAMSBURG HOTEL BK LLC | 81-2152485 | | | No |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| LINE NUMBER | NO. 1 | NO. ___ | NO. ___ | NO. ___ | NO. ___ | NO. ___ |
|---|---|---|---|---|---|---|
| Ordinary Business Income (Loss) | 47,349 | | | | | |
| Rental Income (Loss) | | | | | | |
| Royalty Income (Loss) | | | | | | |
| Section 1231 Gain (Loss) | | | | | | |
| Other Income (Loss) | | | | | | |
| Section 179 | | | | | | |
| Charitable Contributions | | | | | | |
| Other Deductions | | | | | | |
| W-2 Wages | | | | | | |
| Unadjusted Basis Immediately After Acquisition | | | | | | |
| Section 199A Dividends | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

K1_QBIP~.LD

# EXHIBIT O

| Form **1065** | | **U.S. Return of Partnership Income** | OMB No. 1545-0123 | |
|---|---|---|---|---|
| Department of the Treasury<br>Internal Revenue Service | | For calendar year 2018, or tax year beginning _____ , 2018, ending _____ , 20 ____<br>▶ Go to *www.irs.gov/Form1065* for instructions and the latest information. | **2018** | |

| **A** Principal business activity | | Name of partnership | **D** Employer identification number |
|---|---|---|---|
| HOTEL | | THE WILLIAMSBURG HOTEL BK LLC | 81-2152485 |
| **B** Principal product or service | **Type or Print** | Number, street, and room or suite no. If a P.O. box, see instructions.   STE 184 | **E** Date business started |
| SERVICE | | 1274 49TH STREET | 02-08-2016 |
| **C** Business code number | | City or town, state or province, country, and ZIP or foreign postal code | **F** Total assets (see instructions) |
| 721110 | | BROOKLYN, NY 11219 | $ 1,349,877 |

**G** Check applicable boxes: **(1)** ☐ Initial return **(2)** ☐ Final return **(3)** ☐ Name change **(4)** ☐ Address change **(5)** ☐ Amended return

**H** Check accounting method: **(1)** ☐ Cash **(2)** ☐ Accrual **(3)** ☐ Other (specify) ▶ _____

**I** Number of Schedules K-1. Attach one for each person who was a partner at any time during the tax year. ▶ 2

**J** Check if Schedules C and M-3 are attached ☐

**Caution:** Include **only** trade or business income and expenses on lines 1a through 22 below. See the instructions for more information.

| | | | | |
|---|---|---|---|---|
| **Income** | **1a** Gross receipts or sales | **1a** | 15,117,101 | |
| | **b** Returns and allowances | **1b** | | |
| | **c** Balance. Subtract line 1b from line 1a | | **1c** | 15,117,101 |
| | **2** Cost of goods sold (attach Form 1125-A) | | **2** | 1,471,714 |
| | **3** Gross profit. Subtract line 2 from line 1c | | **3** | 13,645,387 |
| | **4** Ordinary income (loss) from other partnerships, estates, and trusts (attach statement) | | **4** | |
| | **5** Net farm profit (loss) (attach Schedule F (Form 1040)) | | **5** | |
| | **6** Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) | | **6** | |
| | **7** Other income (loss) (attach statement) | | **7** | |
| | **8** Total income (loss). Combine lines 3 through 7 | | **8** | 13,645,387 |
| **Deductions** (see the instructions for limitations) | **9** Salaries and wages (other than to partners) (less employment credits) | | **9** | 5,197,348 |
| | **10** Guaranteed payments to partners | | **10** | |
| | **11** Repairs and maintenance | | **11** | |
| | **12** Bad debts | | **12** | |
| | **13** Rent | | **13** | |
| | **14** Taxes and licenses ···· **Wks Tax/Lic** | | **14** | 2,050,440 |
| | **15** Interest (see instructions) | | **15** | 1,073,714 |
| | **16a** Depreciation (if required, attach Form 4562) | **16a** | | |
| | **b** Less depreciation reported on Form 1125-A and elsewhere on return | **16b** | **16c** | |
| | **17** Depletion (**Do not deduct oil and gas depletion.**) | | **17** | |
| | **18** Retirement plans, etc. | | **18** | |
| | **19** Employee benefit programs | | **19** | 105,444 |
| | **20** Other deductions (attach statement) ······ **Statement #4** | | **20** | 5,163,981 |
| | **21** Total deductions. Add the amounts shown in the far right column for lines 9 through 20 | | **21** | 13,590,927 |
| | **22** Ordinary business income (loss). Subtract line 21 from line 8 | | **22** | 54,460 |
| **Tax and Payment** | **23** Interest due under the look-back method - completed long-term contracts (attach Form 8697) | | **23** | |
| | **24** Interest due under the look-back method - income forecast method (attach Form 8866) | | **24** | |
| | **25** BBA AAR imputed underpayment (see instructions) | | **25** | |
| | **26** Other taxes (see instructions) | | **26** | |
| | **27** Total balance due. Add lines 23 through 27 | | **27** | |
| | **28** Payment (see instructions) | | **28** | |
| | **29** Amount owed. If line 28 is smaller than line 27, enter amount owed | | **29** | |
| | **30** Overpayment. If line 28 larger than line 27, enter overpayment | | **30** | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than partner or limited liability company member) is based on all information of which preparer has any knowledge.

_signature_   Signature of partner or limited liability company member       Date

May the IRS discuss this return with the preparer shown below? See instructions. ☒ Yes ☐ No

| **Paid Preparer Use Only** | Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|---|
| | Daniel Norensberg | | 02-24-2021 | | P00285846 |
| | Firm's name ▶ NORENSBERG & ASSOCIATES INC | | | Firm's EIN ▶ | |
| | Firm's address ▶ 343 PAUL PLACE | | | | |
| | West Hempstead, NY 11552 | | | Phone no. (516) 314-7580 | |

For Paperwork Reduction Act Notice, see separate instructions.

EEA

Form **1065** (2018)

Form 1065 (2018)    THE WILLIAMSBURG HOTEL BK LLC                                         81-2152485    Page **2**

| Schedule B | Other Information |
|---|---|

| | | Yes | No |
|---|---|---|---|
| **1** | What type of entity is filing this return? Check the applicable box: | | |
| a | ☐ Domestic general partnership    b ☐ Domestic limited partnership | | |
| c | ☐ Domestic limited liability company    d ☐ Domestic limited liability partnership | | |
| e | ☐ Foreign partnership    f ☐ Other ▶ | | |
| **2** | At the end of the tax year: | | |
| a | Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization, or any foreign government own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership | | X |
| b | Did any individual or estate own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital of the partnership? For rules of constructive ownership, see instructions. If "Yes," attach Schedule B-1, Information on Partners Owning 50% or More of the Partnership · · · · · · · · · · · · · · · · · · · · · · · · · · | | X |
| **3** | At the end of the tax year, did the partnership: | | |
| a | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (iv) below · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | | X |

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| | | Yes | No |
|---|---|---|---|
| b | Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below · · · · · · · · · · · | | X |

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | | Yes | No |
|---|---|---|---|
| **4** | Does the partnership satisfy **all four** of the following conditions? | | |
| a | The partnership's total receipts for the tax year were less than $250,000. | | |
| b | The partnership's total assets at the end of the tax year were less than $1 million. | | |
| c | Schedules K-1 are filed with the return and furnished to the partners on or before the due date (including extensions) for the partnership return. | | |
| d | The partnership is not filing and is not required to file Schedule M-3 · · · · · · · · · · · · · · · · · · · | | X |
| | If "Yes," the partnership is not required to complete Schedules L, M-1, and M-2; Item F on page 1 of Form 1065; or Item L on Schedule K-1. | | |
| **5** | Is this partnership a publicly traded partnership as defined in section 469(k)(2)? · · · · · · · · · · · · · · · · · · | | |
| **6** | During the tax year, did the partnership have any debt that was canceled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt?· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | | |
| **7** | Has this partnership filed, or is it required to file, Form 8918, Material Advisor Disclosure Statement, to provide information on any reportable transaction? · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | | |
| **8** | At any time during calendar year 2018, did the partnership have an interest in or a signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account)? See instructions for exceptions and filing requirements for FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR). If "Yes," enter the name of the foreign country.    ▶ | | |
| **9** | At any time during the tax year, did the partnership receive a distribution from, or was it the grantor of, or transferor to, a foreign trust? If "Yes," the partnership may have to file Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt or Certain Foreign Gifts. See instructions · · · · · · · · · · · · · · | | |
| **10a** | Is the partnership making, or had it previously made (and not revoked), a section 754 election? · · · · · · · · · | | |
| | See instructions for details regarding a section 754 election. | | |
| b | Did the partnership make for this tax year an optional basis adjustment under section 743(b) or 734(b)? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions · · · · · · · · | | |

EEA                                                                                         Form **1065** (2018)

Form 1065 (2018)    THE WILLIAMSBURG HOTEL BK LLC                                      81-2152485                Page **3**

| | **Schedule B** | **Other Information** (continued) | Yes | No |
|---|---|---|---|---|

| | | | Yes | No |
|---|---|---|---|---|
| c | Is the partnership required to adjust the basis of partnership assets under section 743(b) or 734(b) because of a substantial built-in loss (as defined under section 743(d)) or substantial basis reduction (as defined under section 734(d))? If "Yes," attach a statement showing the computation and allocation of the basis adjustment. See instructions . . . . . . . . . | | |
| 11 | Check this box if, during the current or prior tax year, the partnership distributed any property received in a like-kind exchange or contributed such property to another entity (other than disregarded entities wholly owned by the partnership throughout the tax year) · · · · · · · · · · · · · · · · · · · · · · · · · · · ▶ ☐ | | |
| 12 | At any time during the tax year, did the partnership distribute to any partner a tenancy-in-common or other undivided interest in partnership property? · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | | |
| 13 | If the partnership is required to file Form 8858, Information Return of U.S. Persons With Respect To Foreign Disregarded Entities, (FDEs) and Foreign Branches (FBs) enter the number of Forms 8858 attached. See instructions · · · · · · · · · · · · · · · · · · · · · · · · · · ▶ | | |
| 14 | Does the partnership have any foreign partners? If "Yes," enter the number of Forms 8805, Foreign Partner's Information Statement of Section 1446 Withholding Tax, filed for this partnership. ▶ | | |
| 15 | Enter the number of Form 8865, Return of U.S. Persons With Respect to Certain Foreign Partnerships, attached to this return. ▶          0 | | |
| 16a | Did you make any payments in 2018 that would require you to file Form(s) 1099? See instructions | | |
| b | If "Yes," did you or will you file required Form(s) 1099? | | |
| 17 | Enter the number of Form(s) 5471, Information Return of U.S. Persons With Respect To Certain Foreign Corporations, attached to this return. ▶ | | |
| 18 | Enter the number of partners that are foreign governments under section 892. ▶ | | |
| 19 | During the partnership's tax year, did the partnership make any payments that would require it to file Form 1042 and 1042-S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474)? · · · · · | | |
| 20 | Was the partnership a specified domestic entity required to file Form 8938 for the tax year? See the Instructions to Form 8938 · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · | | |
| 21 | Is the partnership a section 721(c) partnership, as defined in Treasury Regulations section 1.721(c)-1T(b)(14)? | | |
| 22 | During the tax year, did the partnership pay or accrue any interest or royalty for which the deduction is not allowed under section 267A? See instructions. If "Yes," enter the total amount of the disallowed deductions. ▶ $ | | |
| 23 | Did the partnership have an election under section 163(j) for any real property trade or business or any farming business in effect during the tax year? See instructions | | |
| 24 | Does the partnership satisfy one of the following conditions and the partnership does not own a pass-through entity with current year, or prior year, carryover excess business interest expense? See instructions | | |
| a | The partnership's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year do not exceed $25 million, and the partnership is not a tax shelter, or | | |
| b | The partnership only has business interest expense from (1) an electing real property trade or business, (2) an electing farming business, or (3) certain utility businesses under section 163(j)(7). If "No," complete and attach Form 8990. | | |
| 25 | Is this partnership electing out of the centralized partnership audit regime under section 6221(b)? See instructions · · · · · · · · · | | x |
| | If "Yes," the partnership must complete Schedule B-2 (Form 1065). Enter the total from Schedule B-2, Part III, line 3. ▶ | | |
| | If "No," complete Designation of Partnership Representative below. | | |

**Designation of Partnership Representative** (see instructions)
Enter below the information for the partnership representative (PR) for the tax year covered by this return.

| Name of PR ▶ | TOBY MOSKOVITS | U.S. taxpayer identification number of PR ▶ | 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 |
|---|---|---|---|
| U.S. address of PR ▶ | 137 55 71ST AVE FLUSHING NY 11367 | U.S. phone number of PR ▶ | |
| If the PR is an entity, name of the designated individual for the PR ▶ | | U.S. taxpayer identification number of the designated individual ▶ | |
| U.S. address of designated individual ▶ | | U.S phone number of designated individual ▶ | |

| 26 | Is the partnership attaching Form 8996 to certify as a Qualified Opportunity Fund? · · · · · · · · · · · · · · · · · · · | | x |
|---|---|---|---|
| | If "Yes," enter the amount from Form 8996, line 13. ▶ $ | | |

EEA                                                                                      Form **1065** (2018)

Form 1065 (2018)    THE WILLIAMSBURG HOTEL BK LLC          81-2152485    Page 4

## Schedule K    Partners' Distributive Share Items

| | | | | | Total amount |
|---|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary business income (loss) (page 1, line 22) | | 1 | 54,460 |
| | 2 | Net rental real estate income (loss) (attach Form 8825) | | 2 | |
| | 3 a | Other gross rental income (loss) | 3a | | |
| | b | Expenses from other rental activities (attach statement) | 3b | | |
| | c | Other net rental income (loss). Subtract line 3b from line 3a | | 3c | |
| | 4 | Guaranteed payments | | 4 | |
| | 5 | Interest income | | 5 | |
| | 6 | Dividends and dividend equivalents:   a   Ordinary dividends | | 6a | |
| | | b   Qualified dividends | 6b | | |
| | | c   Dividend equivalents | 6c | | |
| | 7 | Royalties | | 7 | |
| | 8 | Net short-term capital gain (loss) (attach Schedule D (Form 1065)) | | 8 | |
| | 9 a | Net long-term capital gain (loss) (attach Schedule D (Form 1065)) | | 9a | |
| | b | Collectibles (28%) gain (loss) | 9b | | |
| | c | Unrecaptured section 1250 gain (attach statement) | 9c | | |
| | 10 | Net section 1231 gain (loss) (attach Form 4797) | | 10 | |
| | 11 | Other income (loss) (see instructions) Type ▶ | | 11 | |
| Deductions | 12 | Section 179 deduction (attach Form 4562) | | 12 | |
| | 13 a | Contributions | | 13a | |
| | b | Investment interest expense | | 13b | |
| | c | Section 59(e)(2) expenditures:   (1) Type ▶ _____ (2) Amount ▶ | | 13c(2) | |
| | d | Other deductions (see instructions) Type ▶ | | 13d | |
| Self-Employ-ment | 14 a | Net earnings (loss) from self-employment | | 14a | 54,460 |
| | b | Gross farming or fishing income | | 14b | |
| | c | Gross nonfarm income | | 14c | 13,645,387 |
| Credits | 15 a | Low-income housing credit (section 42(j)(5)) | | 15a | |
| | b | Low-income housing credit (other) | | 15b | |
| | c | Qualified rehabilitation expenditures (rental real estate) (attach Form 3468, if applicable) | | 15c | |
| | d | Other rental real estate credits (see instructions)   Type ▶ | | 15d | |
| | e | Other rental credits (see instructions)   Type ▶ | | 15e | |
| | f | Other credits (see instructions)   Type ▶ | | 15f | |
| Foreign Transactions | 16 a | Name of country or U.S. possession ▶ | | | |
| | b | Gross income from all sources | | 16b | |
| | c | Gross income sourced at partner level | | 16c | |
| | | Foreign gross income sourced at partnership level | | | |
| | d | Section 951A category ▶ _____ e   Foreign branch category ▶ | | 16e | |
| | f | Passive category ▶ _____ g   General category ▶ _____ h   Other (attach statement) ▶ | | 16h | |
| | | Deductions allocated and apportioned at partner level | | | |
| | i | Interest expense ▶ _____ j   Other ▶ | | 16j | |
| | | Deductions allocated and apportioned at partnership level to foreign source income | | | |
| | k | Section 951A category ▶ _____ l   Foreign branch category ▶ | | 16l | |
| | m | Passive category ▶ _____ n   General category ▶ _____ o   Other (attach statement) ▶ | | 16o | |
| | p | Total foreign taxes (check one): ▶ Paid ☐   Accrued ☐ | | 16p | |
| | q | Reduction in taxes available for credit (attach statement) | | 16q | |
| | r | Other foreign tax information (attach statement) | | | |
| Alternative Minimum Tax (AMT) Items | 17 a | Post-1986 depreciation adjustment | | 17a | |
| | b | Adjusted gain or loss | | 17b | |
| | c | Depletion (other than oil and gas) | | 17c | |
| | d | Oil, gas, and geothermal properties - gross income | | 17d | |
| | e | Oil, gas, and geothermal properties - deductions | | 17e | |
| | f | Other AMT items (attach statement) | | 17f | |
| Other Information | 18 a | Tax-exempt interest income | | 18a | |
| | b | Other tax-exempt income | | 18b | |
| | c | Nondeductible expenses | | 18c | |
| | 19 a | Distributions of cash and marketable securities | | 19a | |
| | b | Distributions of other property | | 19b | |
| | 20 a | Investment income | | 20a | |
| | b | Investment expenses | | 20b | |
| | c | Other items and amounts (attach statement) | | | |

EEA          Form **1065** (2018)

Form 1065 (2018)    THE WILLIAMSBURG HOTEL BK LLC                                      81-2152485          Page **5**

## Analysis of Net Income (Loss)

| | | |
|---|---|---|
| 1 | Net income (loss). Combine Schedule K, lines 1 through 11. From the result, subtract the sum of Schedule K, lines 12 through 13d, and 16p · · · · · · · · · · · · · · · · · · · · · · · | **1** | 54,460 |

| 2 | Analysis by partner type: | (i) Corporate | (ii) Individual (active) | (iii) Individual (passive) | (iv) Partnership | (v) Exempt Organization | (vi) Nominee/Other |
|---|---|---|---|---|---|---|---|
| a | General partners · · · | | 54,460 | | | | |
| b | Limited partners · · · | | | | | | |

## Schedule L — Balance Sheets per Books

| | Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|---|
| 1 | Cash · · · · · · · · · · · · · | | 92,887 | | 93,562 |
| 2a | Trade notes and accounts receivable · · · · · · · | 156,619 | | 353,139 | |
| b | Less allowance for bad debts · · · · · · · | | 156,619 | | 353,139 |
| 3 | Inventories · · · · · · · · · · · | | 75,162 | | 90,751 |
| 4 | U.S. government obligations · · · · · · · | | | | |
| 5 | Tax-exempt securities · · · · · · · | | | | |
| 6 | Other current assets (attach statement) · · · · · · · | | | | |
| 7a | Loans to partners (or persons related to partners) · · · · · · · | | | | |
| b | Mortgage and real estate loans · · · · · · · | | | | |
| 8 | Other investments (attach statement) · · · · · · · | | | | |
| 9a | Buildings and other depreciable assets · · · · · · · | 100,907 | | 321,747 | |
| b | Less accumulated depreciation · · · · · · · | | 100,907 | | 321,747 |
| 10a | Depletable assets · · · · · · · | | | | |
| b | Less accumulated depletion · · · · · · · | | | | |
| 11 | Land (net of any amortization) · · · · · · · | | | | |
| 12a | Intangible assets (amortizable only) · · · · · · · | 8,750 | | 10,500 | |
| b | Less accumulated amortization · · · · · · · | | 8,750 | | 10,500 |
| 13 | Other assets (attach statement) · · · · · · · | Statement #29 | 279,344 | Statement #29 | 480,178 |
| 14 | Total assets · · · · · · · · · · · | | 713,669 | | 1,349,877 |
| | **Liabilities and Capital** | | | | |
| 15 | Accounts payable · · · · · · · | | 709,820 | | 704,423 |
| 16 | Mortgages, notes, bonds payable in less than 1 year · · · | | | | |
| 17 | Other current liabilities (attach statement) · · · · · · · | | | | |
| 18 | All nonrecourse loans · · · · · · · | | | | |
| 19a | Loans from partners (or persons related to partners) · · · | | | | |
| b | Mortgages, notes, bonds payable in 1 year or more · · · | | | | |
| 20 | Other liabilities (attach statement) · · · · · · · | Statement #32 | 425,865 | Statement #32 | 669,994 |
| 21 | Partners' capital accounts · · · · · · · | | (422,016) | | (24,540) |
| 22 | Total liabilities and capital · · · · · · · | | 713,669 | | 1,349,877 |

## Schedule M-1 — Reconciliation of Income (Loss) per Books With Income (Loss) per Return

**Note:** The partnership may be required to file Schedule M-3. See instructions.

| | | | | | |
|---|---|---|---|---|---|
| 1 | Net income (loss) per books · · · | 54,460 | 6 | Income recorded on books this year not included on Schedule K, lines 1 through 11 (itemize): | |
| 2 | Income included on Schedule K, lines 1, 2, 3c, 5, 6a, 7, 8, 9a, 10, and 11, not recorded on books this year (itemize): | | a | Tax-exempt interest $ | |
| 3 | Guaranteed payments (other than health insurance) · · · | | 7 | Deductions included on Schedule K, lines 1 through 13d, and 16p, not charged against book income this year (itemize): | |
| 4 | Expenses recorded on books this year not included on Schedule K, lines 1 through 13d, and 16p (itemize): | | a | Depreciation $ | |
| a | Depreciation $ | | | | |
| b | Travel and entertainment $ | | 8 | Add lines 6 and 7 · · · · · · · | |
| | | | 9 | Income (loss) (Analysis of Net Income (Loss), line 1). Subtract line 8 from line 5 · · · | |
| 5 | Add lines 1 through 4 · · · · · · · | 54,460 | | | 54,460 |

## Schedule M-2 — Analysis of Partners' Capital Accounts

| | | | | | |
|---|---|---|---|---|---|
| 1 | Balance at beginning of year · · · | (5,734,714) | 6 | Distributions: a Cash | |
| 2 | Capital contributed: a Cash · · · · · · · | | | b Property | |
| | b Property · · · · · · · | | 7 | Other decreases (itemize): | |
| 3 | Net income (loss) per books · · · | 54,460 | | | |
| 4 | Other increases (itemize): | | | | |
| | | | 8 | Add lines 6 and 7 · · · · · · · | |
| 5 | Add lines 1 through 4 · · · · · · · | (5,680,254) | 9 | Balance at end of year. Subtract line 8 from line 5 | (5,680,254) |

EEA                                                                      Form **1065** (2018)

Form **1125-A**

(Rev. November 2018)

Department of the Treasury
Internal Revenue Service

## Cost of Goods Sold

▶ Attach to Form 1120, 1120-C, 1120-F, 1120S, or 1065.

▶ Go to *www.irs.gov/Form1125A* for the latest information.

OMB No. 1545-0123

| Name | Employer identification number |
|---|---|
| THE WILLIAMSBURG HOTEL BK LLC | 81-2152485 |

| | | | |
|---|---|---|---:|
| 1 | Inventory at beginning of year | 1 | |
| 2 | Purchases | 2 | 1,471,714 |
| 3 | Cost of labor | 3 | |
| 4 | Additional section 263A costs (attach schedule) | 4 | |
| 5 | Other costs (attach schedule) | 5 | |
| 6 | **Total.** Add lines 1 through 5 | 6 | 1,471,714 |
| 7 | Inventory at end of year | 7 | |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on Form 1120, page 1, line 2 or the appropriate line of your tax return. See instructions | 8 | 1,471,714 |

9a Check all methods used for valuing closing inventory:

   *(i)* ☐ Cost

   *(ii)* ☐ Lower of cost or market

   *(iii)* ☐ Other (Specify method used and attach explanation.)  ▶ _____

  b Check if there was a writedown of subnormal goods · · · · · · · · · · · · · · · · · · · ▶ ☐

  c Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) · · · · · · · · · · · · · ▶ ☐

  d If the LIFO inventory method was used for this tax year, enter amount of closing inventory computed

    under LIFO · · · · · · · · · · · · · · · · · · · · · · · · · · · | 9d | |

  e If property is produced or acquired for resale, do the rules of section 263A apply to the entity? See instructions · · · · · ☐ Yes ☐ No

  f Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes,"

    attach explanation · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ☐ Yes ☐ No

651118

| | |
|---|---|
| **Schedule K-1**<br>**(Form 1065)**<br>Department of the Treasury<br>Internal Revenue Service | **2018** |

☐ Final K-1   ☐ Amended K-1   OMB No. 1545-0123

**Schedule K-1 (Form 1065)** — left column

For calendar year 2018, or tax year

beginning _____, 2018  ending _____, 20 ___

**Partner's Share of Income, Deductions,**
**Credits, etc.**    ▶ See page 2 of form and separate instructions.

**Part I    Information About the Partnership**

**A**  Partnership's employer identification number
81-2152485

**B**  Partnership's name, address, city, state, and ZIP code
THE WILLIAMSBURG HOTEL BK LLC

1274 49TH STREET STE 184
BROOKLYN, NY 11219

**C**  IRS Center where partnership filed return
KANSAS CITY

**D**  ☐ Check if this is a publicly traded partnership (PTP)

**Part II    Information About the Partner**

**E**  Partner's identifying number
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

**F**  Partner's name, address, city, state, and ZIP code
TOBY MOSKOVITS
137 55 71ST AVE
FLUSHING, NY 11367

**G**  ☒ General partner or LLC          ☐ Limited partner or other LLC
member-manager                              member

**H**  ☒ Domestic partner          ☐ Foreign partner

**I1**  What type of entity is this partner?          INDIVIDUAL

**I2**  If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here  ☐

**J**  Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 50.0000000 % | 50.0000000 % |
| Loss | 50.0000000 % | 50.0000000 % |
| Capital | 50.0000000 % | 50.0000000 % |

**K**  Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse | $ | $ |
| Qualified nonrecourse financing | $ | $ |
| Recourse | $ | $ |

**L**  Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | $ (2,867,357) |
| Capital contributed during the year | $ |
| Current year increase (decrease) | $ 27,230 |
| Withdrawals & distributions | $ ( ) |
| Ending capital account | $ (2,840,127) |

☐ Tax basis   ☐ GAAP   ☐ Section 704(b) book

☐ Other (explain)

**M**  Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No

If "Yes," attach statement (see instructions)

**Part III    Partner's Share of Current Year Income,**
**Deductions, Credits, and Other Items**

| | | | |
|---|---|---|---|
| 1 | Ordinary business income (loss)<br>27,230 | 15 | Credits |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | 16 | Foreign transactions |
| 4 | Guaranteed payments | | |
| 5 | Interest income | | |
| 6a | Ordinary dividends | | |
| 6b | Qualified dividends | | |
| 6c | Dividend equivalents | | |
| 7 | Royalties | | |
| 8 | Net short-term capital gain (loss) | 17 | Alternative minimum tax (AMT) items |
| 9a | Net long-term capital gain (loss) | | |
| 9b | Collectibles (28%) gain (loss) | | |
| 9c | Unrecaptured section 1250 gain | 18 | Tax-exempt income and nondeductible expenses |
| 10 | Net section 1231 gain (loss) | | |
| 11 | Other income (loss) | | |
| | | 19 | Distributions |
| 12 | Section 179 deduction | | |
| 13 | Other deductions | 20 | Other information |
| 14 | Self-employment earnings (loss)<br>A          27,230 | Z      * STMT |
| | C      6,822,694 | |

*See attached statement for additional information.

For IRS Use Only

For Paperwork Reduction Act Notice, see Instructions for Form 1065.    www.irs.gov/Form1065    **Schedule K-1 (Form 1065) 2018**

EEA

| QBI | | **Qualified Business Income Deduction** | | | | | | | | | 2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Information Reported in Accordance with Prop Reg 1.199A-6 | | | | | | | | | |
| | | Schedule K-1, Line 20, Codes Z-AD | | | | | | | | | |

Partnership Name: THE WILLIAMSBURG HOTEL BK LLC    EIN: 81-2152485

Partner Name: TOBY MOSKOVITS    SSN/EIN: 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

| Name of Trade or Business | Taxpayer Identification Number | Qualified Business Income(loss) (Z) | Section 1231 Gain (Loss) | Section 179 | W-2 Wages (AA) | Unadjusted Basis Immediately After Acquisition (AB) | Qualified REIT Dividends (AC) | Qualified PTP Income(Loss) (AD) | SSTB * |
|---|---|---|---|---|---|---|---|---|---|
| 1065: THE WILLIAMSBURG HOTEL BK LLC | 81-2152485 | 27,230 | – | – | 2,598,674 | – | – | – | No |

* Specified Service Trade or Business

WK_QBIP-LD

651118

| Schedule K-1 | **2018** | | | | | |
|---|---|---|---|---|---|---|

☐ Final K-1    ☐ Amended K-1    OMB No. 1545-0123

**Schedule K-1
(Form 1065)**
Department of the Treasury
Internal Revenue Service

For calendar year 2018, or tax year
beginning _____, 2018
ending _____, 20 ____

**Partner's Share of Income, Deductions,
Credits, etc.**

▶ See page 2 of form and separate instructions.

| **Part III** | **Partner's Share of Current Year Income, Deductions, Credits, and Other Items** |
|---|---|

| | | |
|---|---|---|
| **1** Ordinary business income (loss) | 27,230 | **15** Credits |
| **2** Net rental real estate income (loss) | | |
| **3** Other net rental income (loss) | | **16** Foreign transactions |
| **4** Guaranteed payments | | |
| **5** Interest income | | |
| **6a** Ordinary dividends | | |
| **6b** Qualified dividends | | |
| **6c** Dividend equivalents | | |
| **7** Royalties | | |
| **8** Net short-term capital gain (loss) | | **17** Alternative minimum tax (AMT) items |
| **9a** Net long-term capital gain (loss) | | |
| **9b** Collectibles (28%) gain (loss) | | |
| **9c** Unrecaptured section 1250 gain | | **18** Tax-exempt income and nondeductible expenses |
| **10** Net section 1231 gain (loss) | | |
| **11** Other income (loss) | | |
| | | **19** Distributions |
| **12** Section 179 deduction | | |
| **13** Other deductions | | **20** Other information |
| **14** Self-employment earnings (loss) A    27,230 | | Z    * STMT |
| C    6,822,693 | | |

*See attached statement for additional information.

**Part I    Information About the Partnership**

**A** Partnership's employer identification number
81-2152485

**B** Partnership's name, address, city, state, and ZIP code
THE WILLIAMSBURG HOTEL BK LLC

1274 49TH STREET STE 184
BROOKLYN, NY 11219

**C** IRS Center where partnership filed return
KANSAS CITY

**D** ☐ Check if this is a publicly traded partnership (PTP)

**Part II    Information About the Partner**

**E** Partner's identifying number
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

**F** Partner's name, address, city, state, and ZIP code
MICHAEL LICHTENSTEIN
929 EAST 5TH STREET
BROOKLYN, NY 11230

**G** ☒ General partner or LLC member-manager    ☐ Limited partner or other LLC member

**H** ☒ Domestic partner    ☐ Foreign partner

**I1** What type of entity is this partner?    INDIVIDUAL
**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ☐

**J** Partner's share of profit, loss, and capital (see instructions):

| | Beginning | Ending |
|---|---|---|
| Profit | 50.0000000 % | 50.0000000 % |
| Loss | 50.0000000 % | 50.0000000 % |
| Capital | 50.0000000 % | 50.0000000 % |

**K** Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse | $ | $ |
| Qualified nonrecourse financing | $ | $ |
| Recourse | $ | $ |

**L** Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | $ (2,867,357) |
| Capital contributed during the year | $ |
| Current year increase (decrease) | $ 27,230 |
| Withdrawals & distributions | $ ( ) |
| Ending capital account | $ (2,840,127) |

☐ Tax basis    ☐ GAAP    ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes    ☒ No
If "Yes," attach statement (see instructions)

For IRS Use Only

| QBI | Qualified Business Income Deduction<br>Information Reported in Accordance with Prop Reg 1.199A-6<br>Schedule K-1, Line 20, Codes Z-AD | 2018 |
|---|---|---|

Partnership Name
THE WILLIAMSBURG HOTEL BK LLC

EIN 81-2152485

Partner Name
MICHAEL LICHTENSTEIN

SSN/EIN 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

| Name of Trade or Business | Taxpayer Identification Number | Qualified Business Income/(loss) (Z) | Section 1231 Gain (Loss) | Section 179 | W-2 Wages (AA) | Unadjusted Basis Immediately After Acquisition (AB) | Qualified REIT Dividends (AC) | Qualified PTP Income/(Loss) (AD) | SSTB * |
|---|---|---|---|---|---|---|---|---|---|
| 1065: THE WILLIAMSBURG HOTEL BK LLC | 81-2152485 | 27,230 | - | - | 2,598,674 | - | - | - | No |

* Specified Service Trade or Business

WK_QBIP-.LD

| **Federal Supporting Statements** | **2018**  **PG01** |
|---|---|
| Name(s) as shown on return | Tax ID Number |
| THE WILLIAMSBURG HOTEL BK LLC | 81-2152485 |

### FORM 1065 - LINE 20 - OTHER DEDUCTIONS

Statement #4

| DESCRIPTION | AMOUNT |
|---|---|
| INSURANCE | 159,880 |
| INSURANCE - WORKERS COMP | 26,740 |
| MISCELLANEOUS | 62 |
| OUTSIDE SERVICES | 699,539 |
| UTILITIES | 472,728 |
| SYSTEMS EXPENSES | 67,245 |
| ALL DEPT 5605000 | 947,386 |
| ROOM 5610000 | 1,112,466 |
| F&B 5615000 | 459,470 |
| POM 5635000 | 281,459 |
| COST OF SERVICES 540000 | 54,088 |
| S&M 5630000 | 317,439 |
| A&G 5620000 | 565,479 |
| **TOTAL** | **5,163,981** |

### FORM 1065 - SCHEDULE L - LINE 13

PG01
Statement #29

OTHER ASSETS

| DESCRIPTION | BEG OF YEAR | END OF YEAR |
|---|---|---|
| PREPAID EXP | 54,862 | 106,530 |
| PREPAID PROP TAX | 224,482 | 349,824 |
| OTHER ASSET | | 23,824 |
| **TOTAL** | **279,344** | **480,178** |

STATMENT.LD

| | | |
|---|---|---|
| **Federal Supporting Statements** | **2018** | **PG01** |

Name(s) as shown on return

THE WILLIAMSBURG HOTEL BK LLC

Tax ID Number

81-2152485

## FORM 1065 - SCHEDULE L - LINE 20

Statement #32

**OTHER LIABILITIES**

| DESCRIPTION | BEG OF YEAR | END OF YEAR |
|---|---|---|
| ACCRUED PAYROLL | 113,214 | 169,310 |
| ACCRUED SALES TAX | 117,347 | 117,927 |
| ADVANCE DEPOSITS | 79,066 | 380,445 |
| OTHER CURRENT | 116,238 | 2,312 |
| **TOTAL** | **425,865** | **669,994** |

# EXHIBIT P

**Execution Copy**

## ASSIGNMENT OF HOTEL MANAGEMENT AGREEMENT AND SUBORDINATION OF HOTEL MANAGEMENT FEES

THIS **ASSIGNMENT OF HOTEL MANAGEMENT AGREEMENT AND SUBORDINATION OF HOTEL MANAGEMENT FEES** (as amended, restated, replaced, supplemented or otherwise modified from time to time, this "**Assignment**") is made as of the 13th day of December, 2017, by **96 WYTHE ACQUISITION LLC**, a New York limited liability company, having an address at 1274 49th Street, Suite 184, Brooklyn, New York 11219 (together with its successors and permitted assigns, "**Borrower**"), to **BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P.**, a Delaware limited partnership, having an address at 142 West 57th Street, Suite 1201, New York, New York 10019 (together with its successors and assigns, "**Lender**"), and is consented and agreed to by **WILLIAMSBURG HOTEL BK LLC**, a New York limited liability company, having its principal place of business at 1274 49th Street, Suite 184, Brooklyn, New York 11219 (together with its successors and permitted assigns, "**Manager**").

### RECITALS:

A.     Borrower, by its Consolidation, Extension and Restatement of Notes Agreement of even date herewith given to Lender (together with all extensions, renewals, modifications, substitutions and amendments thereof, the "**Note**"), is indebted to Lender in the principal sum of up to $68,000,000.00 advanced pursuant to that certain Loan Agreement, dated as of the date hereof, between Borrower and Lender (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the "**Loan Agreement**"), in lawful money of the United States of America, with interest from the date thereof at the rates set forth in the Loan Agreement and the Note (the indebtedness evidenced by the Loan Agreement and the Note, together with such interest accrued thereon, shall collectively be referred to as the "**Loan**"), principal and interest to be payable in accordance with the terms and conditions provided in the Loan Agreement and the Note.  Initially capitalized terms used but not defined herein shall have the meanings set forth in the Loan Agreement.

B.     The Loan is secured by, among other things, the Security Instrument, which grants Lender a first lien on the Property.

C.     Borrower and Manager have agreed that Manager will manage the Property on terms set forth on <u>Exhibit A</u> attached hereto (the "**Hotel Management Agreement**") and Manager is entitled to certain hotel management fees (the "**Hotel Management Fees**") thereunder.

D.     Lender requires as a condition to the making of the Loan that Borrower assign the Hotel Management Agreement to Lender and that Manager subordinate its interest in the Hotel Management Fees in lien and payment to the Security Instrument as set forth below.

### AGREEMENT

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

1.      <u>Assignment of Hotel Management Agreement</u>.  As additional collateral security for the Loan, Borrower hereby conditionally transfers, sets over and assigns to Lender all of Borrower's right, title and interest in and to the Hotel Management Agreement, said transfer and assignment to automatically become a present, unconditional assignment, at Lender's option, in the event of a default under the Loan Agreement or any of the other Loan Documents and the failure of Borrower to cure such default within any applicable grace period.

2.      <u>Subordination of Hotel Management Agreement</u>.  Manager hereby agrees that the Hotel Management Agreement, the Hotel Management Fees and any and all liens, rights, privileges and interests (whether choate or inchoate and including, without limitation, all mechanic's and materialmen's liens under applicable law) owed, claimed or held by Manager in and to the Property pursuant to the Hotel Management Agreement or otherwise, are and shall be in all respects subordinate and inferior in lien, payment and terms to the lien, payment and terms of the Security Instrument, the Note, the Loan Agreement and the other Loan Documents, and to any renewals, extensions, modifications, assignments, replacements or consolidations thereof, and to the rights, privileges and powers of Lender thereunder.

3.      <u>Estoppel</u>.  Each of Borrower and Manager represents and warrants that (a) the Hotel Management Agreement is in full force and effect and has not been modified, amended or assigned other than pursuant to this Assignment and constitutes the entire agreement between Manager and Borrower with respect to management of the Property, (b) neither Manager nor Borrower is in default under any of the terms, covenants or provisions of the Hotel Management Agreement and neither Borrower or Manager knows of any event which, but for the passage of time or the giving of notice or both, would constitute an event of default by either Borrower or Manager under the Hotel Management Agreement, (c) neither Manager nor Borrower has commenced any action or given or received any notice for the purpose of terminating the Hotel Management Agreement, (d) the Hotel Management Fees and all other sums due and payable to Manager under the Hotel Management Agreement have been paid in full, as of the date hereof, and (e) Manager is aware that the Leases and the Rents relating to the Property have been assigned to Lender pursuant to the Loan Documents.

4.      <u>Agreement by Borrower and Manager</u>.  Borrower and Manager hereby agree (a) not to materially amend, modify, replace, substitute, cancel or terminate the Hotel Management Agreement without Lender's prior written consent which will not be unreasonably withheld, delayed or conditioned and (b) that in the event of a default (continuing beyond any applicable grace or cure period) under the Note, the Security Instrument, the Loan Agreement or any of the other Loan Documents (each, an "**Event of Default**") during the term of this Assignment or upon the occurrence of any event which would entitle Lender to terminate, or cause the termination of, the Hotel Management Agreement in accordance with the Loan Agreement, Lender may require Borrower to terminate the Hotel Management Agreement and require Manager to transfer its responsibility for the management of the Property to a Qualified Manager in accordance with the terms of the Loan Agreement, effective as of the date set forth in Lender's notice to Manager.  In such event, Manager shall apply all rents, security deposits, issues, proceeds and profits of the Property in accordance with Lender's written directions to Manager.  Notwithstanding anything to the contrary contained herein or in any other Loan Document, so long as Manager is the initial Manager named herein, Lender shall not exercise its rights under this Section 4 or Section 5 hereinbelow unless either (i) a monetary Event of Default

2

(including failure to repay the Debt on the Maturity Date) has occurred and is continuing or (ii) a Default or an Event of Default attributable or relating to, or arising from, any acts, omissions, circumstances, conditions or events giving rise to liability under Article 12 of the Loan Agreement has occurred.

5.        Lender's Right to Replace Manager.  In addition to the foregoing, in the event that Lender, in Lender's reasonable discretion, at any time during the term of this Assignment, determines that the Property is not being managed in accordance with generally accepted management practices for properties similar in location, size, class, use, operation and value as the Property, Lender may deliver written notice thereof to Borrower and Manager, which notice shall specify with particularity the grounds for Lender's determination.  If Lender reasonably determines that the conditions specified in Lender's notice are not remedied to Lender's reasonable satisfaction by Borrower or Manager within thirty (30) days from receipt of such notice or that Borrower or Manager have failed to diligently undertake correcting such conditions within such thirty (30) day period, Lender may direct Borrower to terminate Manager as manager of the Property and terminate the Hotel Management Agreement and to replace Manager with a Qualified Manager in accordance with the terms of the Loan Agreement, in which event Manager shall apply all rents, security deposits, issues, proceeds and profits of the Property in accordance with Lender's written directions to Manager.

6.        Hotel Management Fees.

(a)        Borrower and Manager hereby agree that Manager shall not be entitled to receive any Hotel Management Fees or other fee, commission or other amount payable to Manager under the Hotel Management Agreement from and after the occurrence of an Event of Default; provided, however, that notwithstanding anything to the contrary contained herein, Manager shall not be obligated to return or refund to Lender any Hotel Management Fees or other fee, commission or other amount received by Manager prior to the occurrence of the Event of Default, and to which Manager was entitled under the Hotel Management Agreement and this Assignment.

(b)        Neither Manager nor any other Person shall be entitled to a termination fee, liquidated damages or any other fees or payments as a result of the replacement of Manager pursuant to the terms of this Assignment or the Loan Agreement.

(c)        Manager agrees that, notwithstanding anything to the contrary contained in the Hotel Management Agreement, Manager shall not be entitled to receive compensation for its services conducted in connection with the Property in excess of three percent (3.0%) of gross rent collected from the Property.

7.        Consent and Agreement by Manager.  Manager hereby acknowledges and consents to the terms and provisions of this Assignment and Article 8 and Section 4.20 of the Loan Agreement.  Manager agrees that it will act in conformity with the provisions of this Assignment, such provisions of the Loan Agreement and Lender's rights hereunder or otherwise related to the Hotel Management Agreement.  In the event that the responsibility for the management of the Property is transferred from Manager in accordance with the provisions hereof or otherwise, Manager shall fully cooperate in transferring its responsibility to a new

3

management company and effectuate such transfer no later than thirty (30) days from the date the Hotel Management Agreement is terminated.  Further, Manager shall (a) not contest or impede the exercise by Lender of any right it has under or in connection with this Assignment and (b) give at least thirty (30) days prior written notice to Lender of its intention to terminate the Hotel Management Agreement or otherwise discontinue its management of the Property.  After exercise of Lender's rights under Section 1 of this Assignment, (i) Manager shall, subject to the terms and conditions contained herein, continue to provide management services in accordance with, and to the extent provided for in, the Hotel Management Agreement (and, if applicable, shall continue to maintain the liquor licenses at the Property for and on behalf of Lender and shall cooperate with Lender in any application by Lender to obtain new liquor licenses) and shall take no further instruction from Borrower or any Person (other than Lender) in connection therewith and (ii) neither Lender nor any successor owner of the Property shall be responsible or liable for any representation or warranty made by Borrower under the Hotel Management Agreement or for any act, omission or default by Borrower under the Hotel Management Agreement which occurred prior to exercise of Lender's rights under Section 1.

8. <u>Termination</u>.  At such time as the Loan is paid in full and the Security Instrument is released or assigned of record, this Assignment and all of Lender's right, title and interest hereunder with respect to the Hotel Management Agreement shall terminate.

9. <u>Notices</u>.  All notices or other communications hereunder shall be in writing and shall be given in accordance with Section 15.5 of the Loan Agreement.  Any notice or other communication to Manager shall be addressed as follows (or at such other address and Person as shall be designated by Manager from time to time):

If to Manager:          Williamsburg Hotel BK, LLC
                        1274 49th Street, Suite 184,
                        Brooklyn, New York 11219

10. <u>No Verbal Change</u>.  This Assignment, and any provisions hereof, may not be modified, amended, waived, extended, changed, discharged or terminated verbally or by any act or failure to act on the part of Borrower, Lender or Manager, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

11. <u>Liability</u>.  This Assignment shall be binding upon and inure to the benefit of Borrower and Lender and their respective successors and permitted assigns forever.  Lender shall have the right to assign or transfer its rights under this Assignment in connection with any assignment of the Loan and the Loan Documents.  Any assignee or transferee of Lender shall be entitled to all the benefits afforded to Lender under this Assignment.  Neither Borrower nor Manager shall have the right to assign or transfer its rights or obligations under this Assignment without the prior written consent of Lender, as provided in the Loan Agreement, and any attempted assignment without such consent shall be null and void.

12. <u>Inapplicable Provisions</u>.  If any provision of this Assignment is held to be illegal, invalid or unenforceable under present or future laws effective during the term of this Assignment, such provision shall be fully severable and this Assignment shall be construed and

4

enforced as if such illegal, invalid or unenforceable provision had never comprised a part of this Assignment, and the remaining provisions of this Assignment shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance from this Assignment, unless such continued effectiveness of this Assignment, as modified, would be contrary to the basic understandings and intentions of the parties as expressed herein.

13.    <u>Governing Law; Submission to Jurisdiction</u>.    The governing law and related provisions set forth in Section 15.4 of the Loan Agreement are hereby incorporated by reference as if fully set forth herein (with Borrower and Manager substituted in all places where Borrower appears thereunder) and shall be deemed fully applicable to Borrower and Manager hereunder. Borrower and Manager hereby certify that they have received and reviewed the Loan Agreement (including, without limitation, Section 15.4 thereof).    In the event of any conflict or inconsistency between any of the other terms and conditions of this Agreement and this Section 13, this Section 13 shall control.

14.    <u>Headings, etc</u>.    The headings and captions of the various paragraphs of this Assignment are for convenience of reference only and are not to be construed as defining or limiting, in any way, the scope or intent of the provisions hereof.

15.    **<u>Waiver Of Trial By Jury</u>. BORROWER, MANAGER AND LENDER EACH HEREBY AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND WAIVES ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST WITH REGARD TO THIS ASSIGNMENT OR ANY OTHER LOAN DOCUMENT, OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH.    THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY BORROWER, MANAGER AND LENDER, AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE.    EACH PARTY IS HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER**.

16.    <u>Duplicate Originals, Counterparts</u>.    This Assignment may be executed in any number of duplicate originals and each duplicate original shall be deemed to be an original.    This Assignment may be executed in several counterparts, each of which counterparts shall be deemed an original instrument and all of which together shall constitute a single Assignment. The failure of any party hereto to execute this Assignment, or any counterpart hereof, shall not relieve the other signatories from their obligations hereunder.

17.    <u>Number and Gender</u>.    Whenever the context may require, any pronouns used herein shall include the corresponding masculine, feminine or neuter forms, and the singular form of nouns and pronouns shall include the plural and vice versa.

18.    <u>Secondary Market</u>.    Lender may sell, transfer and deliver the Note and assign the Security Instrument, this Assignment and the other Loan Documents to one or more investors in

MIA 31354908v7

the secondary mortgage market and, in connection with such sale, Lender may retain or assign responsibility for servicing the Loan, including the Note, the Security Instrument, this Assignment and the other Loan Documents, or may delegate some or all of such responsibility and/or obligations to a servicer including, but not limited to, any subservicer or master servicer. All references to Lender herein shall refer to and include any such servicer to the extent applicable.

19.    <u>Lender's Reliance on Representations</u>.  Manager has executed this Agreement in order to induce Lender to accept the Security Instrument and the Loan Documents and with full knowledge that Lender shall rely upon the representations, warranties and agreements herein contained, and that but for this Assignment and the representations, warranties and agreements herein contained, Lender would not take such actions.

20.    <u>Management</u>. Borrower and Manager hereby agree that Manager will perform the management services for the Property set forth in the Hotel Management Agreement.

21.    <u>Manager Not Entitled to Gross Revenues</u>. At all times during the term of the Loan, all portions of the Rents, security deposits, issues, proceeds, profits and other revenues of the Property collected by Manager, if any, shall be handled and applied in accordance with Article 8 of the Loan Agreement. Manager acknowledges and agrees that all portions of the Rents, security deposits, issues, proceeds, profits and other revenues of the Property collected by it shall be solely in it is capacity as the agent for the Borrower, such monies are the sole property of the Borrower, encumbered by the lien of the Security Instrument and other Loan Documents in favor of Lender and Manager has no right to, or title in, such monies except as provided in the Management Agreement, or at law or equity. In any bankruptcy, insolvency or similar proceeding the Manager, or any trustee acting on behalf of the Manager, waives any claim to such monies other than pursuant to the terms and conditions of the Management Agreement or at law or equity.

22.    <u>Miscellaneous</u>.

(a)    Wherever pursuant to this Assignment (i) Lender exercises any right given to it to approve or disapprove any matter, (ii) any arrangement or term is to be satisfactory to Lender, or (iii) any other decision or determination is to be made by Lender, the decision of Lender to approve or disapprove such matter, all decisions that arrangements or terms are satisfactory or not satisfactory to Lender and all other decisions and determinations made by Lender, shall be in the sole and absolute discretion of Lender and shall be final and conclusive, except as may be otherwise expressly and specifically provided herein.

(b)    Wherever pursuant to this Assignment it is provided that Borrower shall pay any costs and expenses, such costs and expenses shall include, but not be limited to, reasonable legal fees and disbursements of Lender.

(c)    If more than one Person has executed this Assignment as "Borrower" or as "Manager," the obligations of all such Persons hereunder shall be joint and several.

6

23.    <u>Inconsistencies</u>.    In the event of any inconsistency between the terms and conditions of this Assignment and the terms and conditions of the Hotel Management Agreement, the terms and conditions set forth in this Assignment shall govern.

**[NO FURTHER TEXT ON THIS PAGE]**

7

**IN WITNESS WHEREOF** the undersigned have executed this Assignment as of the date and year first above written.

BORROWER:

**96 WYTHE ACQUISITION LLC,**
a New York limited liability company

By: _____
Name: Toby Moskovits
Title:   Authorized Signatory

LENDER:

**BENEFIT STREET PARTNERS REALTY
OPERATING PARTNERSHIP, L.P.,**
a Delaware limited partnership

By: _____
Name: Micah Goodman
Title:   Authorized Signatory

MANAGER:

**WILLIAMSBURG HOTEL BK LLC,**
a New York limited liability company

By: _____
Name: _____
Title: _____

**IN WITNESS WHEREOF** the undersigned have executed this Assignment as of the date and year first above written.

**BORROWER:**

**96 WYTHE ACQUISITION LLC,**
a New York limited liability company

By:     _____
Name: Toby Moskovits
Title:   Authorized Signatory

**LENDER:**

**BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P.,**
a Delaware limited partnership

By:     _____
Name: Micah Goodman
Title:   Authorized Signatory

**MANAGER:**

**WILLIAMSBURG HOTEL BK LLC,**
a New York limited liability company

By:     _____
Name: _____
Title:   _____

Assignment of Management Agreement

## EXHIBIT A

## HOTEL MANAGEMENT AGREEMENT

Manager a real estate development and management firm, shall perform all work in connection with the on-site management of Property, including F&B operations. Manager will employ at its expense all personnel and facilities necessary and appropriate to enable it to perform the services required of it hereunder.

All accounting duties, including the keeping of proper and complete books of account for the Borrower shall be kept by or under the supervision of the Borrower. The Manager shall assist in providing any information in its possession necessary or helpful for the accounting function.

Manager shall receive a management fee in the amount of 3.0% of the gross rents as of January 1 of each year, payable on the first day of each month throughout the calendar year.

The term of the management services required hereunder shall be for one year, and shall automatically renew for an additional one-year term unless notice of termination is given by Borrower or Manager at least thirty (30) days prior to the expiration of the then current term. Thereafter, for successive one-year terms unless such notice of termination is given as provided above.

MIA 31354908v7