DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for The Williamsburg Hotel BK LLC*
120 Bloomingdale Road
White Plains, New York 10601
(914) 381-7400
JAMES B. GLUCKSMAN, ESQ.
jbg@dhclegal.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

96 WYTHE ACQUISITION LLC,                      Chapter 11
                                                Case No. 21-22108 (RDD)

                           Debtor.
-----------------------------------------------------------------X

### RESPONSE[1] TO OJBECTION OF BENEFIT STREET PARTNERS, L.P. TO MOTION OF WILLIAMSBURG HOTEL BK LLC TO QUASH DEPOSITION AND DOCUMENT SUPOENAS

The Williamsburg Hotel BK LLC ("Williamsburg"), by its undersigned attorneys, Davidoff Hutcher & Citron LLP, as and for its response to the Objection of Benefit Street Partners, L.P. (the "Objection")[2] and in further support of its Motion (the "Motion") for the entry of an Order: 1) pursuant to Fed.R.Civ.P. Rule 45(d)(3) as incorporated by Fed.R.Bankr.P. 9016, quashing the Document Production Subpoena, a copy of which is annexed to the declaration of Michael Lichtenstein (the "Lichtenstein Declaration", ECF Docket No. 90) as Exhibit "1"; and 2) pursuant to Fed.R.Civ.P. Rule 45(d)(2) as incorporated by Fed.R.Bankr.P. 9016, quashing the

---

[1] The Court adjourned the hearing on the Motion from September 10, 2021 to October 6, 2021. This response is being filed at this time out of an abundance of caution, since other matters in this Chapter 11 case remain pending on the September 10, 2021 calendar. Efforts by Williamsburg to resolve these objections are continuing notwithstanding the adjournment of the Motion.

[2] The Objection contains unredacted personal and banking information. These documents must be immediately redacted to remove offending information and to protect all parties from the risk of improper use of confidential data. Williamsburg and its principals reserve all rights with respect to the improper filing of confidential personal information.

1

Deposition Subpoena (ECF Docket No. 90), a copy of which is annexed to the Lichtenstein Declaration as Exhibit "2" (Exhibits "1" and "2" collectively, where appropriate, together with a non-party subpoena for production of documents directed to Live Oak Banking Company for documents related to Williamsburg, the "Rule 2004 Subpoenas") and 3) such other and further relief as may be just under the circumstances.

## ARGUMENT

1. The Objection contains much rhetoric regarding the alleged misuse of proceeds of two loans, the $1,438,000 Paycheck Protection Program ("PPP") loan that was funded in April 2020 and a $150,000 Economic Injury Disaster Loan ("EIDL") that was funded in July 2020. These are prepetition loans between non-debtor third parties. This, on its face, has no relationship to the proper use of a Fed.R.Bankr.P. Rule 2004 examination.

2. The Objection fails to respond to Williamsburg's statement that the proposed Rule 2004 examination is unduly burdensome, vexatious, oppressive or duplicative. In re Texaco Inc., 79 B.R. 551, 553, 556 (Bankr. D.N.Y. 1987) (denying Rule 2004 motion in part and reducing range of 2004 examination to a "good faith inquiry"); 9 Collier on Bankruptcy §2004.02[2] ("oppressive and burdensome" 2004 request is proper grounds to deny request) and a complete waste of the Debtor's resources.

3. Benefit Street has made no effort to show any cause for this examination. To the contrary, the Objection makes clear that Benefit Street is not aggrieved by the alleged misuse of the PPP and EIDL loan proceeds.

4. The PPP and EIDL loan proceeds are unquestionably not subject to Benefit Street's security interest in rents, profits and offspring of the Debtor's revenues, including room charges.

5. Benefit Street essentially makes the case that Live Oak Bank was defrauded. That is not Benefit Street's issue, and Benefit Street has no reason to "carry Live Oak's water" other than to obfuscate and confuse the issues in the Chapter 11 proceeding.

6. Indeed, at least on the PPP loan, Live Oak has been or will be paid by the U.S. Government. The cost of the forgiveness of the loan comes from the U.S. Treasury, not from the real estate or personal property collateral of the Debtor, and Benefit Street has no harm or benefit either way from the PPP Loan.

7. Neither the Debtor, nor Benefit Street are entitled to any of these PPP Loan funds, or the EIDL funds, as these were loans made to Williamsburg to provide assistance to its business. As such, Benefit Street has failed to show any cause or connection and should not be entitled to any discovery on the matter of the PPP Loan funds, or the EIDL funds. The manner, method or way that Williamsburg disposed of these funds have no connection to the Debtor or to Benefit Street, and Benefit Street has failed in its objection to show how it would benefit from these funds that were lent to a non-debtor entity that has no connection to Benefit Street.

8. A party seeking Rule 2004 discovery bears "the burden to show good cause for the examination it seeks, and relief lies within the sound discretion of the Bankruptcy Court." *In re SunEdison, Inc.*, 562 B.R. at 249; see also *In re AOG Entm't, Inc.*, 558 B.R. 98, 108 (Bankr. S.D.N.Y. 2016); *Picard v. Marshall* (*In re Bernard L. Madoff Inv. Secs. LLC*), No. 09-11893, 2014 WL 5486279, at *2 (Bankr. S.D.N.Y. Oct. 30, 2014). Accordingly, on this Motion, Benefit Street "bears the burden of proving that good cause exists for taking the requested discovery." *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985); see also *In re Eagle-Picher Indus., Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994) (holding that the party requesting Rule 2004 examination "has the burden of showing good cause for the examination which it seeks").

3

"Generally, this requires the proposed examiner to show that the examination is necessary to establish a claim or that the denial of such a request would cause the examiner undue hardship or injustice." *In re Underwood*, 457 B.R. 635, 643 (Bankr. S.D. Ohio 2011).

9. Benefit Street has failed to meet its burden, and accordingly, the motion should be denied.

10. The purpose of Fed.R.Bankr.P. Rule 2004 is not to allow a free-ranging assault upon entities related to the Debtor.

11. Benefit Street is seeking, at most, to vindicate the rights of Live Oak or the IRS with regard to the use of PPP loan proceeds. The Objection is silent as to the issue of standing raised by Williamsburg in the Motion. See, e.g. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992) (discussed in Motion); Spokeo, Inc. v. Robins, 578 U.S. 856, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016) (discussed in Motion).

12. The Objection is silent as to the request that Benefit Street and not Williamsburg or the Debtor bear of the costs involved in the requested production. See, Walt Disney, 2019 N.Y. Slip Op. 30181(U) at *12 (quoting Tener v. Cremer, 89 A.D. 3d 75, 82 (1st Dep't 2011)) (holding that requesting party "shall be responsible for all reasonable production expenses incurred by [responding party] in responding to the subpoena, which may include attorneys' fees and/or data-vendor costs."); see also, Finkelman v. Klaus, 2007 N.Y. Slip Op. 52331(U) *5 (Sup. Ct. Nassau Co. Nov. 28, 2007) (directing payment of costs and finding "that a 'non-party can demand reimbursement of reasonable production expenses, mirroring CPLR 3111, and may withhold such production until the expenses are paid or the issue is otherwise resolved by the Court.'").

4

13. Contrary to the assertions in the Objection, Williamsburg did seek to meet and confer. These efforts were stymied by the extremely short adjournment of Williamsburg's time to respond to the Rule 2004 Subpoenas without taking the risk of waiver of objections or contempt. Counsel's assertions to the contrary are belied by their failure to make their own efforts, as the party seeking discovery, to meet and confer.

14. Indeed the Motion asserts that the Debtor is willing to produce documents relating to its transactions with the Debtor and not those involving unrelated businesses, including but not limited to the Bushwick Hotel. Williamsburg is objecting to the production of documents that bear no relation to the Chapter 11 proceeding.

## **CONCLUSION**

15. For the reasons set forth above, the Motion should be denied or appropriately limited.

Dated: September 6, 2021
White Plains, New York

*/s/ James B. Glucksman*
James B. Glucksman
DAVIDOFF HUTCHER & CITRON LLP
*Attorney for The Williamsburg Hotel BK LLC*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381 7400