```
UNITED STATES BANKRUPTCY COURT
SOURTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------------X
:
In re:                                              :    Chapter 11
                                                    :
96 WYTHE ACQUISITION LLC,                           :    Case No. 21-22108 (RDD)
                                                    :
                        Debtor.                     :
                                                    :
------------------------------------------------------------------ X


# ORDER DIRECTING APPOINTMENT OF AN
# EXAMINER PURSUANT TO 11 U.S.C. § 1104(c)

Upon the motion of Benefit Street Partners Realty Operating Partnership, L.P. ("**Benefit Street**") pursuant to 11 U.S.C. 1104(c) for the appointment of an examiner in this chapter 11 case [Docket No. 147] (the "**Motion**")[1]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and venue of the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and there being due and sufficient notice of the Motion, and no other notice is required; and upon the objection of the debtor and debtor in possession herein (the "**Debtor**") [Docket No. 151] and Benefit Street's reply [Docket No. 154]; and upon the record of the hearing held by the Court on the Motion on October 29, 2021 (the "**Hearing**"); and the Court having reviewed the proposed forms of this Order submitted by counsel for Benefit Street and by the Debtor; and, after due deliberation and

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

for the reasons stated by the Court in its bench ruling at the Hearing, including as to the Court's findings and conclusions as to the appropriateness of the scope of the appointment hereunder, and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. The Motion is granted solely to the extent provided herein, and the United States Trustee is directed to appoint an examiner ("**Examiner**") in this chapter 11 case pursuant to section 1104(c) of the Bankruptcy Code to conduct the examination solely as set forth herein and to prepare and file a report as described herein.

2. The Examiner is authorized to investigate and to file a Report on the following matters: those transactions, as determined by the Examiner in the Examiner's sole discretion, that might give rise to potential claims by the Debtor's estate, including, without limitation, actions under sections 544, 547, 548 of the Bankruptcy Code, against Ms. Toby Moskovits, Mr. Michael Lichtenstein and/or the Debtor's other insiders (as such terms is defined in the Bankruptcy Code) (collectively, the "**Examination Topics**"); provided, that the Examiner shall exercise discretion to narrow or limit the foregoing examination based on the Examiner's assessment of the benefit to the Debtors' creditors of pursuing any such cause of action.

3. Without expanding the scope of the Examination Topics, the Examination Topics expressly exclude the following matters:

   a. Potential claims belonging to the Debtor's estate based on the loans received by Williamsburg Hotel BK LLC (the "**Hotel Manager**") pursuant to the Paycheck Protection Program, and related settlement and stipulation; and

   b. Potential claims belonging to individual creditors, including as they may pertain to the management agreement between the Debtor and the Hotel Manager.

4.     Any dispute over whether something is an Examination Topic shall be resolved by a motion to the Court on at least five (5) days' notice to the Debtor, Benefit Street, and any other party in interest that has filed a notice of appearance and request for notice or would be directly affected by the outcome of the dispute.

5.     The Examiner shall be permitted to interview any party in interest, including, but not limited to, the Debtor, the Hotel Manager, Ms. Toby Moskovits, Mr. Michael Lichtenstein, and Benefit Street, and any of their advisors or professionals, to the extent the Examiner reasonably believes such persons have information relevant to the Examination Topics. Such persons shall make themselves available to the Examiner at such times and places as the Examiner may reasonably request and upon reasonable notice. The Debtor and the Examiner may enter into a common interest agreement concerning the work of the Examiner to allow for the efficient flow of information between and among those parties without prejudice and subject to any party's rights, including with respect to privilege. Any dispute as to what should properly be included in such agreement shall be resolved by a motion with the Court on at least five (5) days' notice to the Debtor, Benefit Street, and any other party in interest that has filed a notice of appearance and request for notice or would be directly affected by the outcome of the dispute.

6.     The Examiner shall prepare and file a report setting forth the result of the Examiner's investigation in respect of the Examination Topics (the "**Report**") as is required by section 1106(a)(4) of the Bankruptcy Code by no later than December 17, 2021. Until the Examiner has filed the Report, the Examiner shall not make any public disclosures concerning the Examination Topics or the performance of the Examiner's duties. The materials reviewed by the Examiner and any drafts of the Report shall not be subject to discovery in this chapter 11 case; nor shall the Examiner be subject to examination in this chapter 11 case. The time to file the Report

may be extended by Order of the Court upon application by the Examiner for cause shown.

7. The Examiner and any professionals retained by the Examiner shall be limited to an aggregate cap on compensation and reimbursement of $250,000, subject to further order of the Court modifying this amount for cause shown upon application by the Examiner explaining the basis for such request. The Examiner may retain professionals upon the Examiner's determination that such retention is necessary to discharge the Examiner's duties; provided, that if the Examiner determines that the services of counsel are required, the Examiner shall not employ more than one attorney; provided, further, that if the Examiner requires a paraprofessional for administrative matters, such as to file the Examiner's Report or a fee application, the Examiner may utilize the services of paraprofessionals retained by the Debtor for such purposes. Any such retention by the Examiner, excluding the Examiner's use of paraprofessionals retained by the Debtor, shall be subject to Court approval under standards equivalent to those set forth in section 327(a) of the Bankruptcy Code. Compensation and reimbursement of the Examiner and compensation and reimbursement of the Examiner's retained professionals shall be determined pursuant to section 330 of the Bankruptcy Code.

8. The Examiner will meet and confer with the advisors for the Debtor and Benefit Street to receive regular updates with respect to investigations of the Examination Topics and to assure that such investigations are progressing in an independent, expeditious, and cost-effective manner.

9. The Debtor, its professionals, the Hotel Manager, and all other parties from whom the Examiner seeks information shall mutually coordinate and cooperate in connection with the Examiner's duties.

10. The Examiner shall be disinterested as such term is defined under section 1104 of

the Bankruptcy Code.

11. The Examiner shall be a "party in interest" under section 1109(b) of the Bankruptcy Code with respect to matters that are within the scope of the duties delineated in this Order or as such duties may hereafter be modified by this Court and shall be entitled to appear at hearings and be heard with respect to such matters.

12. Nothing in this Order shall impede the right of the United States Trustee or any other party in interest to request any other lawful relief, not limited to a request to further modify the scope of the investigation, if during the investigation other relevant matters are revealed which the Examiner or other party believes should be brought to the attention of the Court.

Dated: White Plains, New York
    November 8, 2021

*/s/Robert D. Drain*
Honorable Robert D. Drain
United States Bankruptcy Judge