**Presentment Date and Time**: December 3, 2021 at 12:00 PM (ET)
**Objection Deadline**: December 2, 2021 at 4:00 PM (ET)

**LOCKE LORD LLP**
Stephanie Wickouski
Chelsey Rosenbloom
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone:    (212) 912-2824
Facsimile:    (212) 812-8394
*Proposed Attorneys for Examiner*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>     Debtor. | Chapter 11<br><br>Case No. 21-22108 (RDD) |

## NOTICE OF PRESENTMENT FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING EMPLOYMENT AND RETENTION OF LOCKE LORD LLP AS COUNSEL FOR EXAMINER *NUNC PRO TUNC* TO NOVEMBER 16, 2021

   PLEASE TAKE NOTICE that, under Bankruptcy Rule 1007 and the Local Rules of this Court, the undersigned will present the attached proposed order to the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601-5008, for signature on **December 3, 2021 at 12:00 PM (ET) (Prevailing Eastern Time)**.

   PLEASE TAKE FURTHER NOTICE that any responses or objections (the "Objections") to the proposed order must be made in writing and received in the Bankruptcy Judge's chambers and by the undersigned not later than **4:00 p.m. (Prevailing Eastern Time) on December 2, 2021** (the "Objection Deadline"). The ECF docket number to which the filing relates shall be included in the upper right hand corner of the caption of all Objections. Unless Objections are received by that time, the order may be signed.

Dated:   New York, New York          **LOCKE LORD LLP**
         November 23, 2021


                                   By:   */s/ Stephanie Wickouski*
                                   Stephanie Wickouski
                                   Chelsey Rosenbloom
                                   Brookfield Place
                                   200 Vesey Street, 20th Floor
                                   New York, NY 10281-2101
                                   *Proposed Attorneys for Examiner*

Acknowledgement of No Objection on Notice of
Presentment:

The Office of the United States Trustee has no
objection to the relief requested in the Application.

WILLIAM K. HARRINGTON
United States Trustee


By: */s/ Greg M. Zipes*
     Greg M. Zipes
     Trial Attorney
     33 Whitehall Street
     21st Floor
     New York, New York 10004
     (212) 510-0500
     Email: greg.zipes@usdoj.gov

**LOCKE LORD LLP**
Stephanie Wickouski
Chelsey Rosenbloom
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone:    (212) 912-2824
Facsimile:    (212) 812-8394
*Proposed Attorneys for Examiner*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 21-22108 (RDD) |

### EXAMINER'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LOCKE LORD LLP AS COUNSEL TO THE EXAMINER, *NUNC PRO TUNC* TO NOVEMBER 16, 2021 AND RELATED RELIEF

Eric M. Huebscher, as examiner pursuant to 11 U.S.C. § 1104(c) (the "Examiner") in the

above-captioned case (the "Chapter 11 Case") filed by the above-captioned debtor (the "Debtor")

hereby makes this application (this "Application" for entry of an order substantially in the form

attached hereto as **Exhibit A** (the "Proposed Order"), which Proposed Order provides relief

under standards equivalent to sections 327(a) and 328 of title 11 of the United States Code (the

"Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United

States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"),

as required by the *Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)*

[ECF # 178] (the "Original Examiner Appointment Order" and, as amended by the *Amended*

*Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 193], the

"Examiner Appointment Order") authorizing the employment and retention of Locke Lord LLP

("Locke Lord") as counsel for the Examiner in the Chapter 11 Case, effective *nunc pro tunc* to

November 16, 2021.

In support of this Application, the Examiner relies upon and incorporates by reference:

(1) the Declaration of Stephanie Wickouski, a bankruptcy partner at Locke Lord (the "Wickouski

Declaration"), a copy of which is attached hereto as **Exhibit B**; and (2) the Declaration of the

Examiner in support of this Application (the "Huebscher Declaration"), a copy of which is attached

hereto as **Exhibit C**.  In further support of this Application, the Examiner respectfully states as

follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference from the United States District Court for the

Southern District of New York,* dated January 31, 2012 (Preska, C.J.). This is a core proceeding

under 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicates for the relief requested herein are sections 105 of the

Bankruptcy Code, the Original Examiner Appointment Order, the Examiner Appointment Order

and the *Order Approving Appointment of Examiner* [ECF # 186] (the "Huebscher Appointment

Order"), sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and

Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

4.      On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition

under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern

District of New York (the "Court"). The Debtor continues to operate its business and manage its

property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No official committee of unsecured creditors, trustee, or examiner has been appointed in this

Chapter 11 Case.

5.    The Debtor owns and operates the Williamsburg Hotel, a 147-room hotel located

at 96 Wythe Avenue, Brooklyn, New York (the "Hotel"). As described more fully in the

*Declaration of David Goldwasser, Chief Restructuring Officer of the Debtor* [ECF # 8] (the "First

Day Declaration"), the filing was made, amongst other things, as a result of the COVID-19

pandemic, as well as the Debtor and its lender's (the "Lender") ongoing dispute with respect to

various asserted events of default and claims and counterclaims relating to the Hotel.

6.    On October 15, 2021, Benefit Street Partners Realty Operating Partnership, L.P.

filed its *Motion to Appoint an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 147], which

motion was granted by entry of the Examiner Appointment Order.

7.    The Examiner Appointment Order permits the Examiner to retain professionals so

long as certain parameters established by the Court are met.   Specifically, the Examiner

Appointment Order provides:

> The Examiner may retain professionals upon the Examiner's determination that
> such retention is necessary to discharge the Examiner's duties.  Any such retention
> by the Examiner shall be subject to Court approval under standards equivalent to
> those set forth in section 327(a) of the Bankruptcy Code.  Compensation and
> reimbursement of the Examiner and compensation and reimbursement of the
> Examiner's retained professionals shall be determined pursuant to section 330 of
> the Bankruptcy Code.

Examiner Appointment Order, ¶7.

8.    The Examiner Appointment Order also established an aggregate cap on

compensation and reimbursement of fees and expenses for the Examiner and any professional

retained by the Examiner in the amount of $250,000, which amount may be modified by further order of the Court.  *Id.*

9.      The Examiner Appointment Order further provides that the Examiner shall issue his report setting forth the result of his investigation in respect of the Examination Topics (as defined below) by December 31, 2021.  Examiner Appointment Order, ¶6.

10.      Following entry of the Original Examiner Appointment Order, on November 16, 2021, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee") filed its *Application for Order Approving Appointment of Examiner* [ECF # 185] seeking entry of an order appointing Eric M. Huebscher as examiner pursuant to 11 U.S.C. § 1104(c), which application was granted on November 16, 2021 by entry of the Huebscher Appointment Order.

11.      On November 23, 2021, the Court entered the Examiner Appointment Order, which modified the date that the Examiner's report is due and clarified the Examiner's ability to retain professionals.  Examiner Appointment Order, ¶ ¶6-7.

## **RELIEF REQUESTED**

12.      Consistent with paragraph 7 of the Examiner Appointment Order, by this Application, the Examiner seeks relief under standards equivalent to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Examiner to employ and retain Locke Lord consistent with Part F of the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Appendix B Guidelines") as the Examiner's counsel in this Chapter 11 Case, *nunc pro tunc* to November 16, 2021, to provide the Services further described herein.

4

13.     The Examiner seeks to employ Stephanie Wickouski, a partner at Locke Lord, and to permit Stephanie Wickouski to obtain assistance from Chelsey Rosenbloom, an associate at Locke Lord pursuant to the work plan described below.  The Examiner submits that permitting the retention of Stephanie Wickouski, with the assistance of Chelsey Rosenbloom will allow for economy and efficiency while providing proper representation to the Examiner.

**BASIS FOR RELIEF**

14.     The Examiner Appointment Order, in connection with the Huebscher Appointment Order, permit the Examiner to retain professionals he believes to be necessary, subject to approval by this Court.  The Examiner believes that the retention of counsel is necessary to enable the Examiner to most effectively discharge his duties.  The Examiner has selected Locke Lord, and specifically, Stephanie Wickouski as counsel due to her extensive specialized expertise in advising various clients in complex bankruptcy and litigation issues, including providing advice to trustees and examiners.  The professionals at Locke Lord are well-positioned to provide any necessary legal services in an efficient manner.

15.     As further described in the Wickouski Declaration, Locke Lord acknowledges and is committed to abiding by the Court's directives as to the scope, timing and costs pertaining to advice provided to the Examiner as set forth in the Examiner Appointment Order.  As set forth in the Wickouski Declaration, in order to best provide the services that may be needed by the Examiner, Stephanie Wickouski, a bankruptcy partner at Locke Lord, requests the assistance and support of a Locke Lord bankruptcy associate, Chelsey Rosenbloom.  Locke Lord has established a work plan pursuant to which Chelsey Rosenbloom would review and prepare documents as needed or requested by the Examiner.  Stephanie Wickouski will review drafts of documents and provide oversight, handle communications with parties' counsel and communications with the Examiner, and handle court appearances as requested by Examiner.  Engagement of Locke Lord,

and specifically, the work plan outlined in this paragraph will permit Locke Lord to work quickly, economically and within the mandate of the Court.

16.     The professionals of Locke Lord who will be employed in this Chapter 11 Case are members in good standing of the Bar of the State of New York and the United States District Court for the Southern District of New York.

17.     As previewed above, the Examiner has selected Locke Lord because of the firm's experience in complex bankruptcy and restructuring matters, including in the real estate industry as well as its experience representing trustees and examiners.   Locke Lord has worked on a significant number of real estate-related matters representing clients in complex transactions and a significant number of matters reviewing, analyzing and investigating acquisitions, financings, restructurings, asset acquisitions and dispositions, and the like.   Locke Lord has also worked on analysis of, prosecution and defense of litigation relating to restructurings, financings and related matters.   As such, Locke Lord is very familiar with how to provide legal advice to the Examiner as he investigates the Examination Topics from all angles.

18.     As set forth in the Wickouski Declaration, Locke Lord is willing to act as counsel to the Examiner in this case, and to render the necessary professional services described herein.

19.     In addition to this Application, the Examiner has submitted contemporaneously herewith a separate application to retain Huebscher & Company as consultant to assist with the analysis of the Examination Topics and report to be submitted by the Examiner.

## SERVICES TO BE RENDERED

20.     As set forth in the Huebscher Declaration, the Examiner seeks to retain Locke Lord for its experience in complex restructuring and bankruptcy matters.

21.     Specifically, Locke Lord has provided and will continue to provide the following services, as assigned to Locke Lord by the Examiner during this Chapter 11 Case (collectively, the "Services"):

(a)     advising the Examiner with respect to those transactions, as determined by the Examiner in the Examiner's sole discretion, that might give rise to potential claims by the Debtor's estate, including, without limitation, actions under sections 544, 547, 548 of the Bankruptcy Code, against Ms. Toby Moskovits, Mr. Michael Lichtenstein and/or the Debtor's other insiders (as such terms is defined in the Bankruptcy Code) (collectively, the "Examination Topics")[1];

(b)     advising and consulting on the conduct of this Chapter 11 Case as it relates to the issues raised in connection with the Examination Topics;

(c)     attending meetings and communicating with representatives of the Debtor, Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street"), the Hotel Manager and other parties in interest as needed;

(d)     assistance with preparing for and attending interviews of any parties in interest the Examiner reasonably believes to have information relevant to the Examination Topics;

(e)     appearing before the Court in connection with any hearings;

(f)     assistance in review and providing advice in connection with the preparation of the report setting forth the result of the Examiner's investigation in respect of the Examination Topics (the "Report"); and

(g)     performing all other necessary and non-duplicative legal services for the Examiner assigned to Locke Lord in connection with this Chapter 11 Case.

22.     If matters are identified that are not generally described herein, Locke Lord will file a supplemental declaration and provide notice of the filing sufficient to afford parties in interest an opportunity to object. The timeliness of a disclosure will be assessed based on the facts and circumstance of the situation, including whether earlier disclosure would reveal privileged

---

[1] As set forth in the Examiner Appointment Order, the Examination Topics expressly exclude, "(a) Potential claims belonging to the Debtor's estate based on the loans received by Williamsburg Hotel BK LLC (the "Hotel Manager") pursuant to the Paycheck Protection Program, and related settlement and stipulation; and (b) Potential claims belonging to individual creditors, including as they may pertain to the management agreement between the Debtor and the Hotel Manager."

information or compromise the Examiner's abilities to perform its statutory responsibilities under the Bankruptcy Code.

## NO DUPLICATION OF SERVICES

23.    The Examiner, Huebscher & Co., and Locke Lord each will coordinate with the other to ensure no duplication of services or waste of resources. The Examiner believes and intends that the Services will complement, and not be duplicative of, the services being rendered by Huebscher & Co. or any other retained professionals. Locke Lord understands that the Examiner may retain additional professionals during the term of its engagement and agrees to work cooperatively with such professionals to avoid any duplication of services.

## LOCKE LORD'S DISINTERESTEDNESS

24.    To the best of the Examiner's knowledge, and as more fully set forth in the Wickouski Declaration, Locke Lord does not represent or hold any interest adverse to the Debtor or its estate with respect to the matters on which the firm is to be employed. Further, to the best of the Examiner's knowledge and based on the Wickouski Declaration, Locke Lord does not have any connection with the Debtor, any creditors or other parties in interest, or their respective attorneys or accountants, or the U.S. Trustee or any of its employees, except as set forth in the Wickouski Declaration.

25.    Section 327(a) of the Bankruptcy Code provides that a trustee, subject to Court approval:

> [e]xcept as otherwise provided in this section, the trustee, with the Court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

26.     As required by the Examiner Appointment Order, the Examiner seeks to employ

and retain Locke Lord as counsel, based on a standard equivalent to that set forth in section 327(a)

of the Bankruptcy Code. As discussed herein, the Examiner believes that the retention of Locke

Lord as counsel is necessary, will enable the Examiner to more effectively and efficiently

accomplish his mandate as Examiner, and that Locke Lord neither holds nor represents interests

adverse to the Debtor or its estate.

## PROFESSIONAL COMPENSATION

27.     The Examiner engaged Locke Lord subject to Locke Lord's standard hourly rate

schedule. The Examiner understands that the current hourly billing rate for Stephanie Wickouski

is $1,125.00 and for Chelsey Rosenbloom is $620.00.[2]  As an accommodation for this Chapter 11

Case, Locke Lord has agreed to a 10% reduction of Stephanie Wickouski and Chelsey

Rosenbloom's hourly rates, which will be $1,012.50 and $558, respectively.

28.     In addition to the hourly billing rates set forth herein, Locke Lord will charge the

Examiner for certain expenses and disbursements incurred in the rendition of the Services. These

charges and disbursements include costs for photocopying, travel, business meals, computerized

research, messengers, couriers, postage, and other fees related to trials and hearings. The Examiner

believes that the compensation structure and other terms and conditions are reasonable terms and

conditions of employment and should be approved.

29.     Locke Lord has agreed to an initial budget in the amount of $35,000 (the "Budget"),

and has agreed not to materially exceed the Budget without approval from the Examiner.

---

[2] Locke Lord's hourly rates are subject to periodic increase in the normal course of Locke Lord's business. Additional
Locke Lord attorneys and professionals may be used as necessary, and, if used, a 10% reduction to their hourly rates
will be applied.

30.     Locke Lord has not shared or agreed to share compensation received in connection with its representation of the Debtor with any other person or entity, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) with respect to sharing of compensation among Locke Lord's partners.

31.     The Examiner understands that Locke Lord will apply to the Court for allowance of compensation and reimbursement of expenses for all professional services performs and expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders of the Court. The Examiner also understands that Locke Lord will also seek compensation for all time and expenses, including the preparation of this Application, the Wickouski Declaration, and related documents, as well as any monthly fee statements and/or interim and final fee applications.

### *NUNC PRO TUNC* RETENTION

32.     The Examiner respectfully represents that employment of Locke Lord effective *nunc pro tunc* to November 16, 2021 is warranted under the circumstances of this Chapter 11 Case, so that Locke Lord may be compensated for its services rendered prior to entry of an order approving Locke Lord's retention. Further, the Examiner believes that no interested party will be prejudiced by the granting of the *nunc pro tunc* employment because Locke Lord has provided, and will continue to provide, valuable services to the Examiner in the interim period.

### STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

33.     Locke Lord shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules and Local Bankruptcy Rules. The Examiner and Locke Lord also intend to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth

in the Appendix B Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Locke Lord during the course of its engagement during this Chapter 11 Case.

34.     The applicant statement referenced in Part D.1 of the Appendix B Guidelines is addressed in the Wickouski Declaration, annexed as **Exhibit B** in support of this Application. The verified client statement referenced in Part D.2 of the Appendix B Guidelines is addressed in the Huebscher Declaration, annexed as **Exhibit C** in support of this Application.

35.     Locke Lord has formulated a budget and staffing plan for this proposed engagement, which it has reviewed with the Examiner as contemplated by Part E of the Appendix B Guidelines (which budget and staffing plan may be amended as necessary to reflect changed circumstances or unanticipated developments). Any disclosure of such budget and staffing plan will be retrospective only in conjunction with the filing of fee applications by Locke Lord.

36.     It is the Examiner's and Locke Lord's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the Executive Office for United States Trustees ("EOUST") to adopt the Appendix B Guidelines.

## **NOTICE**

37.     Notice of this Application will be provided to: (a) the Debtor; (b) the U.S. Trustee; (c) any official committee appointed by the U.S. Trustee; (d) Benefit Street Operating Partnership, L.P.; (e) the United States Attorney's Office for the Southern District of New York; (f) any party that requests service pursuant to Bankruptcy Rule 2002; and (g) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b) ((a) through (g) collectively, the "Notice Parties"). The Examiner respectfully submits that no other or further notice need be provided.

## **NO PRIOR REQUEST**

38.     No previous request for the relief sought herein has been made to this Court or any

other court.


*Remainder of page intentionally left blank.*

## <u>CONCLUSION</u>

**WHEREFORE,** the Examiner respectfully requests that the Court enter an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested in this Application and such other and further relief as may be just and proper.

Dated:   New York, New York          **ERIC M. HUEBSCHER, AS EXAMINER**
         November 23, 2021


                                        By:    */s/ Eric M. Huebscher*
                                              Eric M. Huebscher
                                            Examiner Pursuant to 11 U.S.C. §
                                            1104(c)


                                        **LOCKE LORD LLP**


                                        By:    */s/ Stephanie Wickouski*
                                        Stephanie Wickouski
                                        Chelsey Rosenbloom
                                        Brookfield Place
                                        200 Vesey Street, 20th Floor
                                        New York, NY 10281-2101
                                        *Proposed Attorneys for Examiner*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 96 WYTHE ACQUISITION LLC, | Case No. 21-22108 (RDD) |
| Debtor. | |

## ORDER AUTHORIZING THE
## EMPLOYMENT AND RETENTION OF LOCKE LORD LLP
## AS COUNSEL TO THE EXAMINER, *NUNC PRO TUNC* TO NOVEMBER 16, 2021

Upon the application (the "Application")[1] of the Examiner for an Order authorizing the

employment and retention of Locke Lord as counsel to the Examiner, *nunc pro tunc* to November

16, 2021 pursuant to the terms set forth in the Application to provide the Services; and this Court

having reviewed the Wickouski Declaration, and the Huebscher Declaration; and this Court being

satisfied with the representations made in the Wickouski Declaration and the Huebscher

Declaration that Locke Lord represents no interest adverse to the Debtor or its estate, that it is a

"disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, and

that its employment is necessary and due; and it appearing that due and sufficient notice of the

Application has been given under the particular circumstances; and it appearing that no other or

further notice need be provided; and it appearing that the relief requested by the Application is in

the best interests of the Debtor, its estate, its creditors, its stakeholders, and other parties in interest;

and after due deliberation, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Application is GRANTED as set forth herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2.      The Examiner, is authorized to employ and retain Locke Lord, effective *nunc pro tunc* to November 16, 2021, to serve as the Examiner's counsel in this Chapter 11 Case, and Locke Lord is authorized to perform the Services described in the Application.

3.      The retention of Locke Lord as counsel to the Examiner meets standards consistent equivalent to those set forth in sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

4.      To the extent that any additional tasks are identified that are not included as part of the Services, Locke Lord will file a supplemental declaration in a form consistent with Bankruptcy Rule 2014 and Part F of the Appendix B Guidelines, and provide notice of the filing sufficient to afford parties in interest an opportunity to object. The timeliness of a disclosure will be assessed based on the facts and circumstance of the situation, including whether earlier disclosure would reveal privileged information or compromise the Examiner's abilities to perform its statutory responsibilities under the Bankruptcy Code.

5.      Locke Lord shall use its best efforts to avoid duplication of services provided by any of the Examiner's other retained professionals in this Chapter 11 Case.

6.      Locke Lord shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Services in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court.

7.      Locke Lord shall be compensated in accordance with, and shall file interim and final fee applications for allowance of its compensation and expenses and shall be subject to, sections 330 and 331 of the Bankruptcy Code, as well as the Bankruptcy Rules, Local Bankruptcy Rules, and any further orders of this Court.

8.      Locke Lord shall provide reasonable notice to the Debtor, the U.S. Trustee, and any statutory committee appointed in this Chapter 11 Case before implementing any increases in the rates set forth in the Application for professionals providing the Services.

9.      Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Bankruptcy Rules are satisfied by such notice.

10.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are effective and enforceable immediately upon its entry.

11.     The Examiner is authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Application.

12.     In the event of any inconsistency between the Application and this Order, the terms of this Order shall govern.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Dated:   New York, New York
         _____, 2021


                                        _____
                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:                                                              Chapter 11

96 WYTHE ACQUISITION LLC,

                Debtor.                              Case No. 21-22108 (RDD)

**DECLARATION OF STEPHANIE WICKOUSKI**
**IN SUPPORT OF EXAMINER'S APPLICATION FOR ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF LOCKE LORD LLP AS**
**COUNSEL TO THE EXAMINER, *NUNC PRO TUNC* TO NOVEMBER 16, 2021**

I, Stephanie Wickouski, being duly sworn, declare the following under penalty of perjury:

1.      I am a partner at Locke Lord LLP ("Locke Lord"), proposed counsel to Eric M.

Huebscher, as examiner pursuant to 11 U.S.C. § 1104(c) (the "Examiner") in the above-captioned

case (the "Chapter 11 Case") filed by the above-captioned debtor (the "Debtor").

2.      Locke Lord maintains an office at Brookfield Place, 200 Vesey Street, 20th Floor,

New York, New York 10281.

3.      I am a member in good standing of the Bar of New York, and am admitted to

practice before this Court.

4.      I am in all respects competent to make this declaration (this "Declaration") in

support of the application (the "Application")[1] to retain Locke Lord as counsel to the Examiner.

5.      Pursuant to paragraph 7 of the *Order Directing Appointment of an Examiner*

*Pursuant to 11 U.S.C. § 1104(c)* [ECF # 178] (the "Original Examiner Appointment Order" and,

as amended by the *Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C.*

*§ 1104(c)* [ECF # 193], the "Examiner Appointment Order"), the Application to provide the

Services (as defined and more fully described in the Application) is required to meet a standard

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

analogous to that set forth in section 327(a) of the Bankruptcy Code. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

## QUALIFICATIONS AND DISINTERESTEDNESS

6.      The Examiner seeks to retain Locke Lord as counsel because of Locke Lord's recognized expertise and extensive experience with regard to complex restructurings and litigation in cases under chapter 11 of the Bankruptcy Code.

7.      Locke Lord has, and I personally have, considerable experience in complex litigation, bankruptcy and restructuring matters, including in the real estate industry as well as its experience representing trustees and examiners. I have represented trustees, examiners, lenders and other parties in interest in chapter 11 cases and have worked on a significant number of real estate-related matters representing clients in complex transactions, as well as a significant number of matters reviewing, analyzing and investigating acquisitions, financings, restructurings, asset acquisitions and dispositions, and the like. As such, Locke Lord is, and I personally am, very familiar with how to provide legal advice to the Examiner as he investigates the Examination Topics (as defined in the Application).

8.      To prepare for its representation of the Examiner in this Chapter 11 Case, I have reviewed numerous pleadings and became familiar with the Debtor's business and many of the potential legal issues that may arise in the context of this Chapter 11 Case. I believe that Locke Lord and I are well-qualified and uniquely able to represent the Examiner in this Chapter 11 Case in an efficient and timely manner.

## LOCKE LORD'S CONNECTIONS IN THESE CASES

9.      In connection with the Examiner's proposed retention of Locke Lord, an extensive review (the "Connections Check") of Locke Lord's connections (as such term is used in Bankruptcy Rule 2014(a)) with the Debtor, its creditors, any other party-in-interest or their

respective attorneys or accountants (collectively, the "Case Parties") was conducted.  For the purpose of compiling the list of Case Parties, Locke Lord utilized the list of potential interested parties searched by Mayer Brown, counsel to the Debtor in this Chapter 11 Case, as well as the list of potential interested parties provided to the Examiner for him to search in connection with his appointment.  Locke Lord then made the following additions to the existing lists of Case Parties based on certain filings in the Chapter 11 Case:  (1) Offit Kurman, P.A., (2) Kramer Levin Naftalis & Frankel LLP, (3) Mayer Brown LLP, (4) Kellner Herhlihy Getty & Friedman, LLP, (5) Douglas Kellner, (6) Davidoff Hutcher & Citron LLP, (7) Williamsburg Hotel BK LLC, and (8) certain individuals employed by the office of the United States Trustee.

10.     Attached hereto as **Schedule 1** is a list of the Case Parties that were checked against a database containing Locke Lord's connections.  These connections were then reviewed to identify any relationship that would need to be disclosed in accordance with Bankruptcy Rule 2014.

11.     The Connections Check performed by Locke Lord included identification of any connections with the Case Parties. As part of this review, any connections to the U.S. Trustee were also performed.

12.     A summary of the results of the Connections Check is annexed hereto as **Schedule 2**.  Locke Lord has represented, currently represents, and may represent in the future the entities as described in **Schedule 2** as clients (or their affiliates), in matters unrelated to the Debtor.  The matters listed on Schedule 2 have no connection to the instant matter.

13.     I understand that Benefit Street Partners Realty Operating Partnership, L.P.  is affiliated with or connected to Franklin Templeton, as reflected on the  Franklin Templeton website at https://www.franklintempleton.com/.  To the best of my knowledge, neither I, nor any member

3

of my firm, has any known connections or representations with any Franklin Templeton related
entity that would constitute a conflict in this Chapter 11 Case now or in the future.

14.    To the best of my knowledge, information, and belief, with respect to the Debtor's
Chapter 11 Case, except as set forth herein, neither I nor any member, attorney, or employee of
Locke Lord has any current connection with:

- the directors and officers of the Debtor;

- the Debtor's lenders and lienholders; or

- the Debtor's twenty largest unsecured creditors.

15.    Other than as set forth herein, neither I nor any member, attorney, or employee of
Locke Lord has ever been a member, officer, or employee of the Debtor or had an interest
materially adverse to the interests of the Debtor's estate or any class of creditors or equity security
holders by reason of any direct or indirect relationship to, connection with, or interest in, the
Debtor, or for any other reason.

16.    Locke Lord is a "disinterested person" as that term is defined in section 101(14) of
the Bankruptcy Code, in that Locke Lord, its partners, counsel, and associates, except as disclosed
herein:

a.    are not creditors, equity holders, or insiders of the Debtor;

b.    are not and were not, within two years before the Petition Date, directors,
officers, or employees of the Debtor; and

c.    do not have an interest materially adverse to the interest of the Debtor's
estate or of any class of creditors or equity holders, by reason of any direct
or indirect relationship to, connection with, or interest in, the Debtor, or for
any other reason.

17.    To confirm this information, Locke Lord sent out a survey to determine whether
any attorney employed by Locke Lord or any member of his or her household (i) owns any debt
or equity securities of the Debtor; (ii) holds a claim against or interest adverse to the Debtor; (iii)

is or was an officer, director, or employee of the Debtor; (iv) is related to or has any connections to Bankruptcy Judges in the Southern District of New York; or (v) is related to or has any connections to anyone working in the Office of the United States Trustee for Region 2 which includes the Office of the United States Trustee for the Southern District of New York.

18.     Based on its survey, Locke Lord determined that one of the partners at Locke Lord was a partner at Shearman & Sterling while Judge Garrity was a partner there.

19.     I am not related, and to the best of my knowledge, no attorney at Locke Lord is related, to any United States Bankruptcy Judge in the Southern District of New York or to the U.S. Trustee or any employee thereof.

20.     Prior to joining Locke Lord, I was a partner at Bryan Cave Leighton Paisner LLP ("Bryan Cave").  Prior to the Debtor's bankruptcy filing, Bryan Cave represented Benefit Street Operating Partnership, L.P. in connection with a foreclosure action against the Debtor.  In May or June of 2019, I was one of a group of litigation partners initially contacted by Bryan Cave's Real Estate Group regarding the potential representation.  However, after it was determined that the matter involved foreclosure rather than a bankruptcy filing, I was not part of the representation team.

21.     Moreover, Locke Lord is not disqualified from acting as the Examiner's counsel merely because it may represent creditors, equity holders, or other parties in interest in matters unrelated to this Chapter 11 Case.

22.     Locke Lord will periodically review its files during the pendency of this Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Locke Lord will use its reasonable efforts to identify any such further developments and will promptly file a supplemental affidavit.

## PROFESSIONAL COMPENSATION

23.     Locke Lord acknowledges and is committed to abiding by the Court's directives as to the scope, timing and costs pertaining to advice provided to the Examiner as set forth in the Examiner Appointment Order.  In order to best provide the services that may be needed by the Examiner, I, a bankruptcy partner at Locke Lord, request the assistance and support of a Locke Lord bankruptcy associate, Chelsey Rosenbloom.  Locke Lord has established a work plan pursuant to which Chelsey Rosenbloom would review and prepare documents as needed or requested by the Examiner.  I will review drafts of documents and provide oversight, handle communications with parties' counsel and communications with the Examiner, and handle court appearances as requested by Examiner.  Engagement of Locke Lord, and specifically, the work plan outlined in this paragraph, will permit Locke Lord to work quickly, economically and within the mandate of the Court.

24.     Subject to annual adjustment, in accordance with the firm's billing practices, the rates to be charged by Locke Lord for services rendered to the Examiner shall be the same rates charged to other clients. My current hourly billing rate is $1,125.00.  The current hourly billing rate for Chelsey Rosenbloom is $620.00.[2]  As an accommodation for this Chapter 11 Case, Locke Lord has agreed to a 10% reduction of my hourly rate and Chelsey Rosenbloom's hourly rates which will be $1,012.50 and $558, respectively for this Chapter 11 Case. Prior to applying any increases in its hourly rates beyond the rates set forth herein, Locke Lord shall provide ten (10) days' notice of any such increases to the Examiner, the Debtor, the U.S. Trustee, and any official committee appointed in this Chapter 11 Case.

---

[2] Locke Lord's hourly rates are subject to periodic increase in the normal course of Locke Lord's business. Additional Locke Lord attorneys and professionals may be used as necessary.

25.     Additionally, Locke Lord has agreed to an initial budget in the amount of $35,000 (the "Budget"), and has agreed not to materially exceed the Budget without approval from the Examiner.

26.     As required by the Examiner Appointment Order, Locke Lord intends to apply for compensation for professional services rendered in connection with this Chapter 11 Case, subject to this Court's approval and in a manner akin to applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Appendix B Guidelines which apply to professionals of the Debtor, among others. Locke Lord will charge the Debtor's estate hourly rates consistent with the rates it charges in other matters of this type, plus reimbursement of actual and necessary expenses and other charges that Locke Lord incurs.

27.     Locke Lord has not shared or agreed to share compensation received in connection with its representation of the Debtor with any other person or entity, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) with respect to sharing of compensation among Locke Lord's partners.

28.     It is Locke Lord's policy to charge its clients for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, photocopying, witness fees, business travel expenses, certain necessary secretarial and other overtime expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. Locke Lord will charge the Debtor's estate for these expenses in a manner and at rates consistent with those it generally charges its other clients and in a manner consistent with the Local Bankruptcy Rules and Appendix B Guidelines.

29.     No promises have been received by Locke Lord nor by any partner, counsel, or associate thereof as to compensation in connection with this Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code. Locke Lord has no agreement with any other entity to share with such entity any compensation received by Locke Lord in connection with this Chapter 11 Case.

## **STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

30.     In accordance with the Examiner Appointment Order, Locke Lord shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. Locke Lord also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Appendix B Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Locke Lord in the course of its engagement.

## **ATTORNEY STATEMENT PURSUANT TO APPENDIX B GUIDELINES**

31.     The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Appendix B Guidelines.

Question:     Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:     Locke Lord has agreed to reduce its hourly billing rates by 10% for this Chapter 11 Case.

Question:     Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response:     No.

8

Question:    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months pre-petition. If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference.

Response:    Locke Lord represents Eric Huebscher, in his capacity as post-confirmation litigation trustee in *In re Michael Maidan,* Case. No. 19-77027 (LAS) (Bankr. E.D.N.Y.). Locke Lord's standard billing rates are being charged, except for my rate which has been adjusted to $950.00 for that case as an accommodation.

Question:    Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response:    The Examiner, in connection with Locke Lord, have developed a specific prospective budget and staffing plan, and will, as needed, be able to comply with the U.S. Trustee's requests for information and additional disclosures, and any orders of this Court. Locke Lord has established a work plan (which budget and staffing plan may be amended as necessary to reflect changed circumstances or unanticipated developments) pursuant to which Chelsey Rosenbloom would review and prepare documents as needed or requested by the Examiner. Stephanie Wickouski will review drafts of document and provide oversight, and handle communications with parties' counsel, communications with the Examiner, and court appearances as requested by Examiner.  As noted, Locke Lord has agreed not to exceed the Budget without approval of the Examiner.  Engagement of Locke Lord, and specifically, the work plan outlined in this paragraph will permit Locke Lord to work quickly, economically and within the mandate of the court. Bankruptcy lawyers often work in two person teams, a senior and a junior lawyer, which allows for economy and efficiency while providing proper representation. Any disclosure of such

budget and staffing plan will be retrospective only in conjunction with the filing of fee applications by Locke Lord.

32.     Locke Lord is willing to act as counsel to the Examiner in this case, and to render the necessary professional services described in the Application. As additional tasks are identified that are not generally described in the Application, Locke Lord will file a supplemental declaration in a manner that is consistent with the requirements set forth in Bankruptcy Rule 2014 and Part F of the Appendix B Guidelines and provide notice of the filing sufficient to afford parties in interest an opportunity to object. The timeliness of a disclosure will be assessed based on the facts and circumstance of the situation, including whether earlier disclosure would reveal privileged information or compromise the Examiner's abilities to perform their statutory responsibilities under the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United

States, that the foregoing statements are true and correct.

Dated:   New York, New York
         November 23, 2021                                 _Stephanie Wickouski_____
                                                           Stephanie Wickouski

## **Schedule 1**

**Case Parties**

96 Wythe Acquisition LLC

96 Wythe Borrower DE LLC

96 Wythe Mezz DE LLC

A&L Cesspool Service Corp.

Advanced Flameproofing Corp.

Agri Exotic Trading, Inc.

Alaba Ogunleye

Alboro National

Altour International

Amadeus Hospitality Americas, Inc.

Amanda Rose Disken

Andrea B. Schwartz

Andy Velez-Rivera

Annie Wells

Atlantis Cleaners, Inc.

B In Power Mechanical Inc.

Backenroth Frankel & Krinsky

Backenroth Frankel & Krinsky, LLP

Benefit Street Partners Realty Operating Partnership, LP

Benefit Street Partners

Benjamin J. Higgins

B In Power Inc.

Berry's Cooling & Heating

Brian S. Masumoto

Centennial Elevator Industries, Inc.

Centenial Elevator Industries

Chase Paymentech

CHAU MUI

COD Services Corp

Cohen & Gresser LLP

Commtrak

Con Edison

Cvent Inc.

Dairyland USA Corp

David Goldwasser

Davidoff Hutcher & Citron LLP

Daytree Custom Builders Inc.

Decorative Home NY Inc.

Douglas Kellner

Dynamic Electric

Edison Parker & Associates LLC

Ercilia A. Mendoza

FIA HERITAGE HOLDINGS, LLC

First In Service

Fivepals, Inc.

Franklin Templeton

Gerson Augustine

Gerson Mencia

Global Travel Solutions Group, Inc.

Grandfield Realty Corp

Greg M. Zipes

Hall PR LLC

Heritage Equity Partners

Hudson Hotel & Hospitality Maintenance

IEV Trucking Corp.

Ilusion Rodriguez

In-Room Plus Inc.

International Tile

ISSM Protective Services

James Gannone

James K Greenberg

Jay Brodsky

Jeremy Rauch

Jordan Hect

Juan and Carmen Ramirez

Juan Ramirez

Linda A. Riffkin

Keenan Witherspoon

Kellner Herhlihy Getty & Friedman, LLP

Kevin O'Neill

KJ Artistic Inc.

Kramer Levin Naftalis & Frankel LLP

Lightning Mechanical

Mackenzie Sletten

Madeleine Vescovacci

Maria Catapano

Mark Bruh

Mary V. Moroney

Mayer Brown LLP

Mencia Maldonado

Michael Berkley

Michael Lichtenshtein

MPI Plumbing

Nadkarni Joseph

National Grid

NBE Plumbing

NYC Dept. of Finance

NYC Water Board

Offit Kurman, P.A.

OES - Williamsburg Hotel LLC

Onyx CenterSource

Ovation Travel Group, Inc.

Park Pro Systems

Pat LaFrieda Meat Purveyors

Paul K. Schwartzberg

Peter O'Dowd

Philip Guarino

Power House Generators

Prestige Services Inc.

Protek

R.A. Travel Inc.

Richard C. Morrissey

Sabre Hospitality Solutions

ScentAir Technologies

Shannon Scott

Shara Cornell

Srinivas Thimmappa

Sunbelt Rentals Inc.

Susan Arbeit

Sylvester Sharp

Tambourine

Tara Tiantian

Target Exterminating Inc.

The BMF Media Group, LLC

The Winthrop Group, LLC

Toby Moskovits

Top Shelf Staffing

Town of Islip

Travel Leaders Group (TL Corporate)

Travel Leaders Group

Ultramar

Velocity Framers

Vertical Systems Analysis Inc.

Victor Abriano

William Carillo

William Lewis

Williamsburg Hotel BK LLC

William K. Harrington

Y&T Enterprises of Rockland Inc.

Zurich American Insurance Co.

## **Schedule 2**

**Connections**

**Schedule 2**
**Interested Parties (and Affiliates) Represented by Locke Lord LLP in Matters Unrelated to Chapter 11 Case**

| Name of Entity | Relationship to Locke Lord LLP |
|---|---|
| Benefit Street Partners | Former Client; Benefit Street Partners affiliate is one of several funders for litigation being pursued by a current client |
| Chase Paymentech | Former Client; Subsidary of JP Morgan Chase, which is a Current Client |
| Con Edison | Current Client |
| Franklin Templeton | Former Client |
| Juan Ramirez | Juan Ramirez, Jr. and Juan Carlos Ramirez match names of former clients. |
| Kramer Levin Naftalis & Frankel LLP | Current Client |
| Michael Berkley | Michael Berkley matches the name of a former client. |
| National Grid | Current Client |
| Sunbelt Rentals Inc. | Former Client |
| Tambourine | Tambourine Direct, LLC matches name of a former client. |
| Ultramar | Former Client |
| Vertical Systems Analysis Inc. | Former Client |
| William Lewis | William Lewis matches name of current and former client. |
| William Harrington | William and Joan Harrington matches the name of an affiliate of a former client. |
| Zurich American Insurance Co. | Current Client |

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 96 WYTHE ACQUISITION LLC, | Case No. 21-22108 (RDD)- |
| Debtor. | |

### DECLARATION OF ERIC M. HUEBSCHER IN SUPPORT OF DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LOCKE LORD AS COUNSEL TO THE EXAMINER, *NUNC PRO TUNC* TO NOVEMBER 16, 2021

I, Eric M. Huebscher, being duly sworn, declare the following under penalty of perjury:

1.      I am the President of Huebscher & Co., a firm providing financial advisory, forensic and business advisory services.

2.      I have an undergraduate degree in accounting and an MBA in finance. I am a Certified Public Accountant and Certified Fraud Examiner. I also hold a Certified Professional Compliance Officer in healthcare. Additionally, I have completed post graduate work in healthcare law and related matters.

3.      In February, 2020, I was appointed by the Office of the United States Trustee as a Subchapter V Trustee for the Eastern, Southern, Western and Northern Districts of New York and the District of Vermont. Since my appointment, I have overseen numerous Chapter 11/Subchapter V matters in several jurisdictions. Additionally, I have been appointed as Patient Care Ombudsman in 17 cases in 6 jurisdictions over the past 13 years. I have served as financial advisor to the Committee of Unsecured Creditors, Plan Administrator, Litigation Trustee and several matters in the Eastern and Southern Districts of New York. I lead the forensic investigation of a mortgage fraud scheme with the United States Attorney's Office in the Eastern District of New York.

Additionally, I have served as both a State and Federal receiver and assisted in numerous fraud and forensic investigations.

4.      I submit this declaration (this "Declaration") in support of the Examiner's application (the "Application")[1] to retain Locke Lord as counsel to the Examiner in accordance with the Court's *Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 178] (the "Original Examiner Appointment Order" and, as amended by the *Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 193], the "Examiner Appointment Order") in a manner consistent with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, as such rules are applied to, among others, counsel to the Debtor, filed concurrently herewith, to provide the Services described in the Application. Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein and information gathered from my review of relevant documents.

5.      Based on Locke Lord's qualifications as set forth in the Application and the Wickousi Declaration, the Examiner has selected Locke Lord to serve as the Examiner's counsel.

6.      This Declaration is provided pursuant to the Examiner Appointment Order, and, consistent with the Court's requirements mirrors the requirements set forth in Part D.2. of the Appendix B Guidelines, which were adopted by the OUST under 28 U.S.C. § 586(a)(3). I am informed by counsel that the Appendix B Guidelines request that any application for employment of an attorney under section 327 or 1103 of the Bankruptcy Code to be accompanied by a verified statement from the client that addresses the following:

(a)      The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

responsible for supervising outside counsel and monitoring and controlling legal costs.

(b)     The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

(c)     The number of firms the client interviewed.

(d)     If the billing rates are not comparable to the applicant's billing rates for other nonbankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

(e)     The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

## IDENTITY OF THE DECLARANT

7.      I have been appointed as the Examiner in this Chapter 11 case. In that role, I am directly responsible for, among other duties, supervising and coordinating with outside counsel. In that capacity, I was involved in and responsible for the Examiner's decision to retain Locke Lord to serve as the Examiner's counsel in this Chapter 11 Case, and in negotiating the terms of Locke Lord's employment on behalf of the Examiner.

## STEPS TAKEN TO ENSURE COMPARABILTY OF ENGAGEMENT TERMS

8.      I have confirmed with Locke Lord that while Locke Lord's billing rates vary from attorney-to-attorney based on such factors as the individual attorney's rank (i.e., partner, counsel, associate), years of experience, and the demand for services in the attorney's particular area of expertise; their billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

## CIRUMSTANCES WARRANTING RETENTION OF LOCKE LORD

9.      The Examiner seeks to engage Locke Lord as counsel given its expertise in complex bankruptcy litigation and restructuring matters, including, in the real estate industry. The Examiner selected Locke Lord, and specifically, Stephanie Wickouski due to her relevant case experience. As detailed in the annexed Wickouski Declaration, Locke Lord, and specifically Stephanie Wickouski, has represented trustees, examiners, lenders and other parties in interest in chapter 11 cases and has worked on a significant number of real estate-related matters representing clients in complex transactions and a significant number of matters reviewing, analyzing and investigating acquisitions, financings, restructurings, asset acquisitions and dispositions, and the like.  Locke Lord has also worked on analysis of, prosecution and defense of litigation relating to restructurings, financings and related matters.  As such, Locke Lord is very familiar with how best to provide legal advice to the Examiner as he investigates the Examination Topics from all angles..

10.     The professionals at Locke Lord are well-positioned to provide legal services in an efficient manner. Such services will be focused on advice and counsel as it relates to issues raised in connection with the Examiner's report and analysis, including, any discussion, analysis, review of materials any attendant litigation issues. The breadth of experience Locke Lord brings to the table are critical to assist the Examiner with the scope of his review and report.

## PROCEDURES ESTABLISHED TO
## SUPERVISE FEES AND EXPENSES AND MANAGE COSTS

11.     I understand Locke Lord's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the course of this Chapter 11 Case by the U.S. Trustee and parties in interest as well as by the Debtor.

12.     Additionally, in my roles in various other matters, I have monitored legal fees and expenses in order to ensure the reasonableness of such fees and expenses. During this Chapter 11

Case, I will monitor Locke Lord's invoices to ensure that the fees and expenses requested are reasonable in nature and correspond to necessary or beneficial services rendered on behalf of the Debtor and its estate.

13.     Nothing contained in the foregoing is intended to limit Locke Lord's ability to request allowance and payment of fees and expenses pursuant to sections 330 and 331 of the Bankruptcy Code, nor to restrict Locke Lord's right to contest any objection raised to the allowance or payment of such fees, nor to restrict the Debtor's right to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party in interest (e.g., the U.S. Trustee).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United

States, that the foregoing statements are true and correct.

Dated:    November 23, 2021                  Respectfully submitted,
New York, New York


By:    _____
       Eric M. Huebscher
       Examiner Pursuant to 11 U.S.C. §
       1104(c)