**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-22108 (RDD) |

### ORDER AUTHORIZING THE
### EMPLOYMENT AND RETENTION OF LOCKE LORD LLP
### AS COUNSEL TO THE EXAMINER, AS OF NOVEMBER 16, 2021

Upon the application, dated November 23, 2021 (the "Application")[1] of the Examiner for an order under section 327(a) of the Bankruptcy Code authorizing the employment and retention of Locke Lord as counsel to the Examiner as of November 16, 2021 pursuant to the terms set forth in the Application and the Examiner Appointment Order to provide the Services; and this Court having reviewed the accompanying Wickouski Declaration, and the Huebscher Declaration; and it appearing that due and sufficient notice of the Application and the opportunity for a hearing thereon has been given; and there being no objections to the requested relief; and no additional notice or a hearing being required; and this Court being satisfied with the representations made in the Wickouski Declaration and the Huebscher Declaration that Locke Lord neither holds nor represents an interest adverse to the Debtor or its estate, that it is "disinterested" as that term is defined under section 101(14) of the Bankruptcy Code, and that its employment is necessary; and after due deliberation, and sufficient cause appearing therefor, it is hereby

**ORDERED, that:**

1. The Application is granted as set forth herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2. The Examiner is authorized to employ and retain Locke Lord, effective as of November 16, 2021, to serve as the Examiner's counsel in this Chapter 11 Case, and Locke Lord is authorized to perform the Services described in the Application.

3. The retention of Locke Lord as counsel to the Examiner satisfies sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

4. To the extent that any additional tasks are identified that are not included as part of the Services, Locke Lord will file a supplemental declaration in a form consistent with Bankruptcy Rule 2014 and Part F of the Appendix B Guidelines, and provide notice of the filing sufficient to afford parties in interest an opportunity to object. The timeliness of a disclosure will be assessed based on the facts and circumstance of the situation, including whether earlier disclosure would reveal privileged information or compromise the Examiner's abilities to perform its statutory responsibilities under the Bankruptcy Code.

5. Locke Lord shall use its best efforts to avoid duplication of services provided by any of the Examiner's other retained professionals in this Chapter 11 Case.

6. Locke Lord shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Services in compliance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, the Local Bankruptcy Rules, and fee and expense guidelines and orders of the Court, including the Examiner Appointment Order, and on the terms set forth in the Application.

7. Locke Lord shall provide reasonable notice to the Debtor, the U.S. Trustee, and any statutory committee appointed in this Chapter 11 Case before implementing any increases in the rates set forth in the Application for professionals providing the Services.

8. In the event of any inconsistency between the Application and this Order, the terms of this Order shall govern.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: White Plains, New York
December 6, 2021

*/s/ Robert D. Drain*
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE