**LOCKE LORD LLP**
Stephanie Wickouski
Chelsey Rosenbloom
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone:    (212) 912-2824
Facsimile:    (212) 812-8394
*Attorneys for Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 21-22108 (RDD) |

**NOTICE OF FILING OF**
**PROPOSED AMENDED ORDER CONCERNING EXAMINER APPOINTMENT**

**PLEASE TAKE NOTICE** that On October 15, 2021, Benefit Street Partners Realty Operating Partnership, L.P. filed its *Motion to Appoint an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 147], which motion was granted by entry of the *Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 178] (the "Original Examiner Appointment Order").

**PLEASE TAKE NOTICE** that on November 16, 2021, the Court entered the *Order Approving Appointment of Examiner* [ECF # 186] (the "Huebscher Appointment Order") naming Eric Huebscher as the examiner in the above-captioned chapter 11 case.

**PLEASE TAKE NOTICE** that on November 23, 2021, the Court entered *Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 193] (the "Amended Examiner Appointment Order"), amending the Original Examiner Appointment Order.

**PLEASE TAKE NOTICE** that on December 7, 2021, counsel to the Examiner filed its *Letter dated December 7, 2021 to Hon. Robert D. Drain Requesting Status Conference* [ECF # 214] (the "Letter").

**PLEASE TAKE NOTICE** that on December 9, 2021, the Court held the status conference as requested by the Letter (the "Status Conference").

**PLEASE TAKE NOTICE** that in accordance with Your Honor's instructions at the Status Conference, counsel to the Examiner conferred with counsel to the Debtor, counsel to Benefit Street Partners Realty Operating Partnership L.P., and the Office of the United States Trustee regarding proposed modifications to the Amended Examiner Appointment Order.

**PLEASE TAKE NOTICE** that the parties were unable to agree on a proposed form of order. Accordingly, the Examiner hereby submits his proposed form of order in the form attached as Exhibit A along with a redline showing marked changes against the Amended Examiner Appointment Order attached as Exhibit B.

Dated:  New York, New York
        December 14, 2021

**LOCKE LORD LLP**

By:  */s/ Stephanie Wickouski*
Stephanie Wickouski
Chelsey Rosenbloom
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281-2101
*Attorneys for Examiner*

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
In re:                                                         :      Chapter 11
                                                               :
96 WYTHE ACQUISITION LLC,                                      :      Case No. 21-22108 (RDD)
                                                               :
                    Debtor.                                    :
                                                               :
------------------------------------------------------------------ X

## SECOND AMENDED ORDER DIRECTING APPOINTMENT OF AN EXAMINER PURSUANT TO 11 U.S.C. § 1104(c)

Upon the motion of Benefit Street Partners Realty Operating Partnership, L.P. ("**Benefit Street**") pursuant to 11 U.S.C. 1104(c) for the appointment of an examiner in this chapter 11 case [Docket No. 147] (the "**Motion**")[1]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and venue of the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and there being due and sufficient notice of the Motion, and no other notice is required; and upon the objection of the debtor and debtor in possession herein (the "**Debtor**") [Docket No. 151] and Benefit Street's reply [Docket No. 154]; and upon the record of the hearing held by the Court on the Motion on October 29, 2021 (the "**Hearing**"); and the Court having reviewed the proposed forms of this Order submitted by counsel for Benefit Street and by the Debtor; and, after due deliberation and

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

for the reasons stated by the Court in its bench ruling at the Hearing, including as to the Court's findings and conclusions as to the appropriateness of the scope of the appointment hereunder, and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. The Motion is granted solely to the extent provided herein and the United States Trustee is directed to appoint an examiner ("**Examiner**") in this chapter 11 case pursuant to section 1104(c) of the Bankruptcy Code to conduct the examination solely as set forth herein and to prepare and file a report as described herein.

2. The Examiner is authorized to investigate and to file a Report on the following matters: those transactions, as determined by the Examiner in the Examiner's sole discretion, that might give rise to potential claims by the Debtor's estate, including, without limitation, actions under sections 544, 547, 548 of the Bankruptcy Code, against Ms. Toby Moskovits, Mr. Michael Lichtenstein and/or the Debtor's other insiders (as such terms is defined in the Bankruptcy Code) (collectively, the "**Examination Topics**"); provided, that the Examiner shall exercise discretion to narrow or limit the foregoing examination based on the Examiner's assessment of the benefit to the Debtors' creditors of pursuing any such cause of action.

3. Without expanding the scope of the Examination Topics, the Examination Topics expressly exclude the following matters:

   a. Potential claims belonging to the Debtor's estate based on the loans received by Williamsburg Hotel BK LLC (the "**Hotel Manager**") pursuant to the Paycheck Protection Program, and related settlement and stipulation; and

   b. Potential claims belonging to individual creditors, including as they may pertain to the management agreement between the Debtor and the Hotel Manager.

4.     Any dispute over whether something is an Examination Topic shall be resolved by a motion to the Court on at least five (5) days' notice to the Debtor, Benefit Street, and any other party in interest that has filed a notice of appearance and request for notice or would be directly affected by the outcome of the dispute.

5.     The Examiner shall be permitted to interview any party in interest, including, but not limited to, the Debtor, the Hotel Manager, Ms. Toby Moskovits, Mr. Michael Lichtenstein, and Benefit Street, and any of their advisors or professionals, to the extent the Examiner reasonably believes such persons have information relevant to the Examination Topics. Such persons shall make themselves available to the Examiner at such times and places as the Examiner may reasonably request and upon reasonable notice. The Debtor and the Examiner may enter into a common interest agreement concerning the work of the Examiner to allow for the efficient flow of information between and among those parties without prejudice and subject to any party's rights, including with respect to privilege. Any dispute as to what should properly be included in such agreement shall be resolved by a motion with the Court on at least five (5) days' notice to the Debtor, Benefit Street, and any other party in interest that has filed a notice of appearance and request for notice or would be directly affected by the outcome of the dispute.

6.     No motions or further orders pursuant to Bankruptcy Rule 2004 shall be required for the production of any information or documents within the possession, custody or control of the Debtor or Hotel Manager. The Examiner is permitted to issue subpoenas pursuant to Federal Rule of Civil Procedure 45 (made applicable by Bankruptcy Rule 9016) without further order of the Court, subject to any parties right(s) to object or move to quash such under the Bankruptcy Rules.

7.     The Examiner shall prepare and file a report setting forth the result of the

Examiner's investigation in respect of the Examination Topics (the "**Report**") as is required by section 1106(a)(4) of the Bankruptcy Code by no later than January 14, 2022. Until the Examiner has filed the Report, the Examiner shall not make any public disclosures concerning the Examination Topics or the performance of the Examiner's duties. The materials reviewed by the Examiner and any drafts of the Report shall not be subject to discovery in this chapter 11 case; nor shall the Examiner be subject to examination in this chapter 11 case. The time to file the Report may be extended by Order of the Court upon application by the Examiner for cause shown.

8. The Examiner and any professionals retained by the Examiner shall be limited to an aggregate cap on compensation and reimbursement of $250,000, subject to further order of the Court modifying this amount for cause shown upon application by the Examiner explaining the basis for such request, including in any application for compensation or reimbursement filed by the Examiner and/or his retained professionals, and without prejudice to any party's right to object to such applications on any grounds, including on the basis of the cap. The Examiner may retain professionals upon the Examiner's determination that such retention is necessary to discharge the Examiner's duties. Any such retention by the Examiner shall be subject to Court approval under standards equivalent to those set forth in section 327(a) of the Bankruptcy Code. Compensation and reimbursement of the Examiner and compensation and reimbursement of the Examiner's retained professionals shall be determined pursuant to section 330 of the Bankruptcy Code.

9. The Examiner will meet and confer with the advisors for the Debtor and Benefit Street to receive regular updates with respect to investigations of the Examination Topics and to assure that such investigations are progressing in an independent, expeditious, and cost-effective manner.

10. The Debtor, its professionals, the Hotel Manager, and all other parties from whom

the Examiner seeks information shall mutually coordinate and cooperate in connection with the Examiner's duties.

11. The Examiner shall be disinterested as such term is defined under section 1104 of the Bankruptcy Code.

12. The Examiner shall be a "party in interest" under section 1109(b) of the Bankruptcy Code with respect to matters that are within the scope of the duties delineated in this Order or as such duties may hereafter be modified by this Court and shall be entitled to appear at hearings and be heard with respect to such matters.

13. Nothing in this Order shall impede the right of the United States Trustee or any other party in interest to request any other lawful relief, not limited to a request to further modify the scope of the investigation, if during the investigation other relevant matters are revealed which the Examiner or other party believes should be brought to the attention of the Court.

Dated: White Plains, New York
          December __, 2021

                                                    _____
                                                    Honorable Robert D. Drain
                                                    United States Bankruptcy Judge

# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
96 WYTHE ACQUISITION LLC,                                        :    Case No. 21-22108 (RDD)
                                                                 :
            Debtor.                                              :
                                                                 :
----------------------------------------------------------------- X

## SECOND AMENDED ORDER DIRECTING APPOINTMENT OF AN EXAMINER PURSUANT TO 11 U.S.C. § 1104(c)

Upon the motion of Benefit Street Partners Realty Operating Partnership, L.P. ("**Benefit Street**") pursuant to 11 U.S.C. 1104(c) for the appointment of an examiner in this chapter 11 case [Docket No. 147] (the "**Motion**")[1]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) that this Court may decide by a final order consistent with Article III of the United States Constitution; and venue of the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and there being due and sufficient notice of the Motion, and no other notice is required; and upon the objection of the debtor and debtor in possession herein (the "**Debtor**") [Docket No. 151] and Benefit Street's reply [Docket No. 154]; and upon the record of the hearing held by the Court on the Motion on October 29, 2021 (the "**Hearing**"); and the Court having reviewed the proposed forms of this Order submitted by counsel for Benefit Street and by

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

the Debtor; and, after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, including as to the Court's findings and conclusions as to the appropriateness of the scope of the appointment hereunder, and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. The Motion is granted solely to the extent provided herein and the United States Trustee is directed to appoint an examiner ("**Examiner**") in this chapter 11 case pursuant to section 1104(c) of the Bankruptcy Code to conduct the examination solely as set forth herein and to prepare and file a report as described herein.

2. The Examiner is authorized to investigate and to file a Report on the following matters: those transactions, as determined by the Examiner in the Examiner's sole discretion, that might give rise to potential claims by the Debtor's estate, including, without limitation, actions under sections 544, 547, 548 of the Bankruptcy Code, against Ms. Toby Moskovits, Mr. Michael Lichtenstein and/or the Debtor's other insiders (as such terms is defined in the Bankruptcy Code) (collectively, the "**Examination Topics**"); provided, that the Examiner shall exercise discretion to narrow or limit the foregoing examination based on the Examiner's assessment of the benefit to the Debtors' creditors of pursuing any such cause of action.

3. Without expanding the scope of the Examination Topics, the Examination Topics expressly exclude the following matters:

   a. Potential claims belonging to the Debtor's estate based on the loans received by Williamsburg Hotel BK LLC (the "**Hotel Manager**") pursuant to the Paycheck Protection Program, and related settlement and stipulation; and

   b. Potential claims belonging to individual creditors, including as they may

pertain to the management agreement between the Debtor and the Hotel Manager.

4.  Any dispute over whether something is an Examination Topic shall be resolved by a motion to the Court on at least five (5) days' notice to the Debtor, Benefit Street, and any other party in interest that has filed a notice of appearance and request for notice or would be directly affected by the outcome of the dispute.

5.  The Examiner shall be permitted to interview any party in interest, including, but not limited to, the Debtor, the Hotel Manager, Ms. Toby Moskovits, Mr. Michael Lichtenstein, and Benefit Street, and any of their advisors or professionals, to the extent the Examiner reasonably believes such persons have information relevant to the Examination Topics. Such persons shall make themselves available to the Examiner at such times and places as the Examiner may reasonably request and upon reasonable notice. The Debtor and the Examiner may enter into a common interest agreement concerning the work of the Examiner to allow for the efficient flow of information between and among those parties without prejudice and subject to any party's rights, including with respect to privilege. Any dispute as to what should properly be included in such agreement shall be resolved by a motion with the Court on at least five (5) days' notice to the Debtor, Benefit Street, and any other party in interest that has filed a notice of appearance and request for notice or would be directly affected by the outcome of the dispute.

6.  No motions or further orders pursuant to Bankruptcy Rule 2004 shall be required for the production of any information or documents within the possession, custody or control of the Debtor or Hotel Manager. The Examiner is permitted to issue subpoenas pursuant to Federal Rule of Civil Procedure 45 (made applicable by Bankruptcy Rule 9016) without further order of the Court, subject to any parties right(s) to object or move to quash such under the Bankruptcy

Rules.

7.    6. The Examiner shall prepare and file a report setting forth the result of the Examiner's investigation in respect of the Examination Topics (the "**Report**") as is required by section 1106(a)(4) of the Bankruptcy Code by no later than ~~December 31~~January 14, ~~2021~~2022. Until the Examiner has filed the Report, the Examiner shall not make any public disclosures concerning the Examination Topics or the performance of the Examiner's duties. The materials reviewed by the Examiner and any drafts of the Report shall not be subject to discovery in this chapter 11 case; nor shall the Examiner be subject to examination in this chapter 11 case. The time to file the Report may be extended by Order of the Court upon application by the Examiner for cause shown.

8.    ~~7.~~ The Examiner and any professionals retained by the Examiner shall be limited to an aggregate cap on compensation and reimbursement of $250,000, subject to further order of the Court modifying this amount for cause shown upon application by the Examiner explaining the basis for such request, including in any application for compensation or reimbursement filed by the Examiner and/or his retained professionals, and without prejudice to any party's right to object to such applications on any grounds, including on the basis of the cap. The Examiner may retain professionals upon the Examiner's determination that such retention is necessary to discharge the Examiner's duties. Any such retention by the Examiner shall be subject to Court approval under standards equivalent to those set forth in section 327(a) of the Bankruptcy Code. Compensation and reimbursement of the Examiner and compensation and reimbursement of the Examiner's retained professionals shall be determined pursuant to section 330 of the Bankruptcy Code.

9.    ~~8.~~ The Examiner will meet and confer with the advisors for the Debtor and

- 4 -

Benefit Street to receive regular updates with respect to investigations of the Examination Topics and to assure that such investigations are progressing in an independent, expeditious, and cost-effective manner.

10.  ~~9.~~ The Debtor, its professionals, the Hotel Manager, and all other parties from whom the Examiner seeks information shall mutually coordinate and cooperate in connection with the Examiner's duties.

11.  ~~10.~~ The Examiner shall be disinterested as such term is defined under section 1104 of the Bankruptcy Code.

12.  ~~11.~~ The Examiner shall be a "party in interest" under section 1109(b) of the Bankruptcy Code with respect to matters that are within the scope of the duties delineated in this Order or as such duties may hereafter be modified by this Court and shall be entitled to appear at hearings and be heard with respect to such matters.

13.  ~~12.~~ Nothing in this Order shall impede the right of the United States Trustee or any other party in interest to request any other lawful relief, not limited to a request to further modify the scope of the investigation, if during the investigation other relevant matters are revealed which the Examiner or other party believes should be brought to the attention of the Court.

Dated: White Plains, New York
       ~~November~~December __, 2021

                                                   _____
                                                   Honorable Robert D. Drain
                                                   United States Bankruptcy Judge