

Brookfield Place, 200 Vesey Street
20th Floor
New York, NY 10281-2101
Telephone:  212-415-8600
Fax:  212-303-2754
www.lockelord.com

Stephanie Wickouski
Direct Telephone:  212-912-2822
Direct Fax:  212-812-8366
swickouski@lockelord.com

December 21, 2021

<u>By Email and ECF Filing</u>

The Honorable Robert D. Drain
United States Bankruptcy Court for
The Southern District of New York
300 Quarropas Street
White Plains, New York 10601
(rdd.chambers@nysb.uscourts.gov)

Re:    *In re: 96 Wythe Acquisition LLC*, Case No. 21-22108 (RDD)

Dear Judge Drain,

I am writing on behalf of Eric Huebscher, in his capacity as examiner in the above-referenced case (the "<u>Examiner</u>")[1] in response to the letter [ECF # 239] (the "<u>Debtor's Letter</u>") filed by counsel to 96 Wythe Acquisition LLC (the "<u>Debtor</u>") last night and the related motion [ECF # 238].  As an initial matter, the Debtor's Letter seeks essentially to enjoin the Examiner's investigation and to eviscerate this Court's prior orders appointing the Examiner. Even if such relief were warranted – which it is not – such sweeping substantive relief would require notice to creditors and a hearing, and should not be sought via letter and status conference.

As we will further set forth in a motion to be filed, the Examiner has encountered extraordinary resistance on the part of the Debtor to the investigation, particularly as it pertains to transfers to related parties.  While the Examiner obviously serves at the direction of the Court, and at this time takes no position as to whether the scope of his appointment should be reduced, the Examiner is compelled to respond to several blatant misstatements in the Debtor's Letter, in particular, the suggestion that the Examiner has exceeded the scope directed by the Court. The Debtor's Letter takes issue with the Examiner's requests for (1) certain bank records and credit card statements, (2) documents and communications of the Debtor's Chief Restructuring Officer, and (3) tax returns

---

[1]    Eric Huebscher was named the Examiner pursuant to this Court's order dated November 16, 2021. [ECF # 186].

The Honorable Robert D. Drain
December 21, 2021
Page 2

of the management company. Each of these requests are squarely within the scope of the investigation, and are necessary and proper. These requests, and the Debtor's unprecedented efforts to thwart them, will be addressed more extensively in a motion to be filed by the Examiner to enforce the *Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 224] (the "Second Amended Examiner Appointment Order") and other relief.

(1) Bank Records and Credit Card Statements

The Motion and the Debtor's Letter omit the single most important fact – the bank accounts for which the Examiner seeks records were identified through information received *from the Debtor, the management company or the development company*. Each account for which bank records have been requested is either (1) an account of the Debtor, the management company, or the development company, or (2) an account which is linked online to such an account, and to which online banking transfers have been made or from which online banking transfers have been received, in each case, that are either substantial in amount or in number. The Examiner disagrees with any suggestion that he has not reviewed the information that the Debtor has already provided - the Examiner's review of that information is exactly why he made his other requests.

The Debtor's Letter is the first time that the Examiner has received any indication as to what some of the linked accounts purportedly are.[2] The Debtor suggests that these are "personal" or "unrelated" accounts. This is completely misleading, and distorts what the Examiner has actually requested – and why. The bank accounts for which records have been requested have received transfers from or provided transfers to the Debtor, the management company or the development company. The Examiner therefore *must* investigate the transactions to determine whether potential causes of action exist. The Debtor posits that if requested documents pertain to "non-debtor" accounts, they are by definition outside of the scope of the investigation. That is not the case. The Examiner's mandate is to "[i]nvestigate and to file a Report on the following matters: those transactions, as determined by the Examiner in the Examiner's sole discretion, that might give rise to potential claims by the Debtor's estate, including, without limitation, actions under

---

[2] The Debtor's Letter indicates a meet and confer was held yesterday afternoon, but it does not accurately convey what occurred. The Examiner and his counsel participated on a call with Debtor's counsel yesterday afternoon to review the Examiner's outstanding requests. On the call, I reiterated my request that the Debtor provide us with a list of (1) what documents would be provided and when (2) what documents would not be provided and why not (e.g., was document not available, did the document not exist, or is the Debtor simply refusing to provide it). Not only did I get no response to this request, Mr. Spelfogel would not tell me if or when he would provide us a list. The Examiner and his counsel were surprised to see the Debtor's Letter and the Motion, as well as their content. Instead, the first time the Examiner's counsel heard or saw of much of the content of the Debtor's Letter was when it was filed on the docket. Debtor's counsel indicated on the Monday afternoon call that additional documents were received by Mayer Brown and would be produced to the Examiner as soon as they were able to review those documents. As of the time of this letter, no subsequent production has been received. Instead of producing these additional bank records (which have admittedly already been provided to Mayer Brown), the Debtor was instead filing the Motion and the Debtor's Letter. Notably, even the Debtor's Letter does not say when any additional documents would be provided, much less explain why they were not already produced.

The Honorable Robert D. Drain
December 21, 2021
Page 3

sections 544, 547, 548 of the Bankruptcy Code, against Ms. Toby Moskovits, Mr. Michael Lichtenstein and/or the Debtor's other insiders (as such terms is defined in the Bankruptcy Code) (collectively, the "Examination Topics"). . . ." Second Amended Examiner Appointment Order, ¶ 2.

The Debtor's Letter confirms the Debtor's outright refusal to provide a significant number of documents requested in the Examiner's investigation. Other requests have been met with unreasonable, several-week-long delays. The Examiner has been forced to resort to seeking production directly from third parties by serving subpoenas upon T.D. Bank, N.A, Bank of America, N.A., JPMorgan Chase Bank, N.A., and Norensberg & Associates. The Debtor's Letter points out that many of the requests made through these third party subpoenas are duplicative of requests sent to the Debtor. If the Debtor had complied, the third party subpoenas would have been unnecessary.

(2) Documents and Communications of the Debtor's Chief Restructuring Officer

The Debtor refused to provide documents and information from the Chief Restructuring Officer relating to his work on behalf of the Debtor and related communications. This information may include information pertinent to causes of action of the Debtor and the Examiner's request for this information is proper. The refusal to provide information from the Chief Restructuring Officer is a violation of the Second Amended Examiner Appointment Order. Second Amended Examiner Appointment Order, footnote 2.

(3) Tax Returns of Management Company

The Debtor has indicated (without providing written confirmation or communications with the IRS as requested by the Trustee) that the Debtor filed a tax return only for 2020.[3] The Examiner has learned that 100% of the revenues from the Debtor are paid to the management company and the income of the management company appears to reflect that of the Debtor. The tax returns of the management company *are the very* tax returns most relevant to the Examiner's investigation and must be produced.

It is not the Debtor's role to police the Examiner's investigation, prevent his access to documents, or shield third parties from the investigation and tracing of avoidable transfers. Through the Motion and Debtor's Letter, the Debtor seeks to halt production of records by third parties (T.D. Bank, Bank of America, JPMorgan Chase Bank, Norensberg & Associates), for bank accounts that have been linked to accounts of the Debtor, the management company or the development company – accounts which were identified as transferees of funds in the Examiner's initial review. The Debtor's Letter and Motion is in direct conflict with the estate's and creditors' interests in a full and complete investigation of potential causes of action.

The Examiner will file a motion seeking to enforce the Second Amended Examiner Appointment Order and other relief, which the Debtor's Motion and Letter were apparently intended to preempt.

---

[3]    The Examiner has only received the Debtor's federal 2020 tax return and has not received any other tax returns.

The Honorable Robert D. Drain
December 21, 2021
Page 4

The Examiner should be provided with the opportunity to present the testimony of the Examiner at a hearing especially given the numerous factual allegations in the Debtor's Letter and Motion. We request that the Examiner's motion, which will be filed this week, be scheduled for hearing in the first week of January, if the Court's calendar permits.

We appreciate the Court's time and consideration in this matter.

Respectfully,

*Stephanie Wickouski*

Stephanie Wickouski

SW:nm

cc:    Chelsey Rosenbloom (by email chelsey.rosenbloom@lockelord.com)
       Eric Huebscher (by email ehuebscher@huebscherconsulting.com)
       Leah Eisenberg (by email leisenberg@mayerbrown.com)
       Douglas Spelfogel (by email dspelfogel@mayerbrown.com)
       Greg Zipes (by email greg.zipes@usdoj.gov)
       Bradley O'Neill (by email BOneill@KRAMERLEVIN.com)