UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

96 WYTHE ACQUISITION LLC,                    Case No.21-22108-RDD

                        Debtor.          **OBJECTION TO PLAN OF
                                                    REORGANIZATION**

-----------------------------------------------------------X
TO: THE HONORABLE ROBERT D. DRAIN
     UNITED STATES BANKRUPTCY JUDGE:

Gerson Mencia ("Mencia"), by his attorneys Kornfeld & Associates, P.C., hereby files the instant Objection to the Debtor's Plan of Reorganization and respectfully states as follows:

1. Mencia is described as one of the Debtor's unsecured creditors in its Second Amended Plan of Reorganization (the "Plan") that is scheduled for a Confirmation Hearing on February 15, 2022. Mencia is the plaintiff in a stayed State Court Action, *Mencia v. Wythe Acquisition, LLC and Dimyon Development Corp.*, Index No. 513214/2016 (Sup. Ct. Kings Co.) ("The State Court Action").

2. The State Court Action arises out of an incident that occurred on September 18, 2015, when plaintiff was caused to fall from an unsecured ladder while engaged in construction. Plaintiff commenced an action against the debtor, who was the owner of the premises and Dimyon Development Corp., ("Dimyon") who was the general contractor, alleging violations of the New York State Labor Law §§ 240 (1); 241(6) and 200. Thereafter, the debtor and Dimyon commenced third-party actions against two additional contractors C.I. Interiors, Inc., ("CI") and

1

Velocity Framers NY Inc., ("Velocity"). CI and Velocity failed to interpose answers and were adjudged in default by order of the Supreme Court dated October 18, 2017. Contrary to the debtor's representations there is no available insurance coverage for CI or Velocity.

3. As a result of the fall from the ladder, Mencia sustained extremely serious injuries to his right knee and ankle that required five surgeries and multiple injections as set forth below.

> PLAINTIFF UNDERWENT A LEFT KNEE ARTHROSCOPY, PARTIAL MEDIAL AND LATERAL MENISCECTOMY, CHONDROPLASTY OF THE PATELLA, ANTERIOR RELEASE, LOOSE BODY REMOVAL VIA THE ARTHROSCOPE, MAJOR SYNOVECTOMY AND PLASTIC SURGERY PORTAL CLOSURE ON MAY 2, 2016;
>
> PLAINTIFF UNDERWENT LEFT ANKLE ARTHROSCOPY, RESECTION OF HYPERTROPHIED SYNOVIUM, RESECTION OF SOFT TISSUE IMPINGEMENT, REPAIR OF OSTEOCHONDRAL LESION BY DEBRIDEMENT AND PRIMARY REPAIR OF THE ANTERIOR TALOFIBULAR LIGAMENT WITH AN ARTHOBROSTROM TECHNIQUE ON OCTOBER 28, 2016;
>
> PLAINTIFF UNDERWENT LEFT ANKLE ARTHROSCOPY WITH EXTENSIVE DEBRIDEMENT, SYNOVECTOMY, REMOVAL OF PREVIOUS ARTHROBROSTROM SUTURE AND REPLACEMENT WITH ARTHOBROSTROM SUTURE TO REPAIR THE ANTERIOR TALOFIBULAR LIGAMENT, REPAIR OF DELTOID LIGAMENT VIA DEBRIDEMENT AND ABLATION REPAIR, REPAIR OF OSTEOCHONDRAL LESION ON THE ANTERIOR PORTION OF THE TIBIA VIA CHONDROPLASTY ON AUGUST 25, 2017;
>
> PLAINTIFF UNDERWENT RIGHT KNEE ARTHROSCOPY, PARTIAL MEDIAL AND LATERAL MENISCECTOMY, CHONDROPLASTY OF MEDIAL TIBIAL PLATEAU, MAJOR SYNOVECTOMY AND PLASTIC SURGERY PARTIAL DISCLOSURE ON JANUARY 16, 2018.
>
> PLAINTIFF UNDERWENT LEFT ANKLE ARTHROSCOPY WITH EXTENSIVE DEBRIDEMENT, SYNOVECTOMY, REPAIR OF OSTEOCHONDRAL LESION TIBIAL PLAFOND BY MICRODEBRIDEMENT AND MICRO FRACTURE, REPAIR OF ANTERIOR TALOFIBULAR LIGAMENT AND CALCANEOFIBULAR LIGAMENT BY ARTHOBROSTROM TECHNIQUE WITH INTERNAL BRACING ON DECEMBER 28, 2018;

- PLAINTIFF UNDERWENT A LEFT ANKLE INJECTION OF 4 CC OF 1%

LIDOCAINE AND 10 MG OF KENALOG ON FEBRUARY 23, 2017;

- PLAINTIFF UNDERWENT LEFT KNEE STEROID INJECTION WITH ULTRASOUND GUIDANCE ON OCTOBER 5, 2017; FUTURE NECESSITY FOR LEFT KNEE INJECTIONS;

4. Mencia is still treating for these injuries and has been unable to return to work. In addition to his physical injuries Mencia will incur inflation adjusted future medical costs of approximately $2,120,000.00 and future lost earnings in the amount of $2,887,675. The value of Mencia's claim of $8,000,000.00 as set forth in the proof of claim is clearly supported by both the physical injuries and special damages.

5. Under Labor Law § 240 (1), an owner and/or general contractor are strictly liable to an injured worker if they fail to provide a ladder that is properly secured. Mencia has filed a motion for summary judgment pursuant to Labor Law § 240 seeking to hold the debtor and Dimyon liable for the accident and Mencia's damages. The motion was filed on March 12, 2021 but has not yet been opposed or argued due to the instant bankruptcy proceedings.

6. As discussed in Mencia's earlier motion (Dkt. 163) there is currently no insurance coverage for Mencia' claim in the amount 8 million dollars (Claim No. 6). In total there are more than 20 million dollars in unsecured claims acknowledged by the debtor, many of which have been objected to, including Mencia's. None of the objections have been resolved but all are scheduled to be heard by the Court on January 27, 2022.

7. However, the debtor's Plan makes no provision for the payment of these claims and only discusses a cash pot to pay the claims it does not dispute which is woefully deficient to deal with Mencia's claim, that of Grandfield Realty Corp. and the rest of the unsecured claims.

8. Pursuant to 11 U.S.C. 1129(a)(11), the Court is required to find that "confirmation is not likely to be followed by the liquidation or need for further financial reorganization of the

3

debtor..." The widely accepted application of this section as stated within the Second Circuit decision of *Bayview Manhattan Mortgage and Realty Trust v. Berman (In re Bergman)*, 585 F.2d 1171, 1179 (2nd Cir. 1978), wherein the Court stated: under the test of feasibility, the court "used the probability of actual performance of the provisions of the plan. Sincerity, honesty, and willingness are not sufficient to make a plan feasible, and neither are visionary promises. The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts."

9. "The bankruptcy court has an obligation to scrutinize the plan carefully to determine whether it offers a reasonable prospect of success and is workable." *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985). To establish feasibility, the plan proponent must demonstrate concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under the Plan. *S&P, Inc. v. Pfeifer*, 189 B.R. 173, 183 (N.D. 1995) (quoting *In re SM 104 Ltd.*, 160 B.R. 202, 234 (Bankr. S.D. Fla. 1993)).

10. Title 11 U.S.C. 1123(a) states that a Plan shall provide adequate means for its implementation. The absence of adequate means of implementation demonstrates a lack of good faith under section 1129(a)(3), thereby precluding confirmation of a Chapter 11 Plan. *In re Walker*, 165 B.R. 994, 1003 (Bankr. E.D. Va. 1994). Debtor must have more than visionary promises and willingness. It must demonstrate concrete evidence of a sufficient cash flow to fund and maintain its operations and Plan obligations. *See S&P, Inc., supra*.

11. Here the success of the debtor's reorganization is contingent on the debtor prevailing on its claim objections in order for it to have an amount sufficient to pay its unsecured claims in full with the funds in the unsecured pot. Based upon the debtor's filings to date, particularly where they pertain to Mencia, (Dkt. 248), this seems improbable. The debtor's

4

Objection proffered only conclusory allegations regarding its lack of liability, no documents or expert to refute Mencia's economic losses and its claim that Mencia didn't attach sufficient documentation is belied by the fact that the debtor was fully involved in the State Court Action for over 5 years. The debtor freely admits that if Mencia's claim is upheld it will not have sufficient cash to pay it according to its promise to pay 100% of the unsecured claims. (see pages 60-61 of debtor's Third Amended Disclosure Statement).

**WHEREFORE**, for the reasons set forth herein Mencia respectfully requests that the Court deny confirmation of the debtor's Plan, together with such other and further relief as this Court deems just and proper.

Dated: January 13, 2022

KORNFELD & ASSOCIATES, P.C.

By: _____
Randy M. Kornfeld
240 Madison Avenue
New York, New York 10016
(212) 759-6767
*Attorneys for Gerson Mencia*

5