**LOCKE LORD LLP**
Stephanie Wickouski
Chelsey Rosenbloom
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone:   (212) 912-2824
Facsimile:   (212) 812-8394
*Attorneys for Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 21-22108 (RDD) |

**NOTICE OF FIRST INTERIM APPLICATION OF LOCKE LORD LLP,
AS EXAMINER'S COUNSEL, FOR ALLOWANCE OF COMPENSATION
AND FOR REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM NOVEMBER 16, 2021 THROUGH DECEMBER 31, 2021**

**PLEASE TAKE NOTICE** that Eric M. Huebscher, the duly appointed examiner (the "Examiner") for the chapter 11 bankruptcy estate of 96 Wythe Acquisition LLC (the "Debtor"), by and through his undersigned counsel, will move before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, on **February 4, 2022 at 10:00 A.M. (ET)**, or as soon thereafter as counsel may be heard, for entry of an Order approving the *First Interim Application of Locke Lord LLP, as Examiner's Counsel, for Allowance of Compensation and for Reimbursement of Expenses for the Period from November 16, 2021 through December 31, 2021* (the "Application").

**PLEASE TAKE FURTHER NOTICE** that the hearing will be held via Zoom for Government only. To attend the hearing virtually, participants are required to register their

1

appearances by 4:00 p.m. the day before the hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Application, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court, together with a copy to the Chambers of Judge Drain, and served so as to be received no later than 4:00 p.m. prevailing Eastern Time on **January 28, 2022** (the "Objection Deadline"), upon (i) counsel for the Examiner, Locke Lord LLP, Brookfield Place, 200 Vesey Street, 20th Floor, New York, New York, 10281, Attn: Stephanie Wickouski and Chelsey Rosenbloom (swickouski@lockelord.com and chelsey.rosenbloom@lockelord.com); (ii) co-counsel to the Debtor, Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Douglas Spelfogel and Leah Eisenberg (dspelfogel@mayerbrown.com and leisenberg@mayerbrown.com); (iii) co-counsel to the Debtor, Backenroth Frankel & Krinsky, LLP, 800 Third Avenue, 11th Floor, New York, NY 10022, Attn: Mark A. Frankel (mfrankel@bfklaw.com); (iv) the Office of the U.S. Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Greg Zipes, Esq. (greg.zipes@usdoj.gov); and (v) any party that requests service pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if no responses or objections are received by the Objection Deadline, the relief may be granted as requested in the Application without further notice or a hearing.

| | |
|---|---|
| Dated: New York, New York<br>January 13, 2022 | **LOCKE LORD LLP**<br><br>By: */s/ Stephanie Wickouski*<br>Stephanie Wickouski<br>Chelsey Rosenbloom<br>Brookfield Place<br>200 Vesey Street, 20th Floor<br>New York, NY 10281-2101<br>*Attorneys for Examiner* |

**LOCKE LORD LLP**
Stephanie Wickouski
Chelsey Rosenbloom
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone:     (212) 912-2824
Facsimile:      (212) 812-8394
*Attorneys for Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 96 WYTHE ACQUISITION LLC, | Case No. 21-22108 (RDD) |
| Debtor. | |

**FIRST INTERIM APPLICATION OF LOCKE LORD LLP,
AS EXAMINER'S COUNSEL, FOR ALLOWANCE OF COMPENSATION
AND FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
<u>NOVEMBER 16, 2021 THROUGH DECEMBER 31, 2021</u>**

| | |
|---|---|
| Name of Applicant: | Locke Lord LLP ("<u>Locke</u>") |
| Authorized to Provide Professional Services to: | Eric M. Huebscher, Examiner |
| Effective Date of Retention: | November 16, 2021 |
| Period for Which Compensation and Reimbursement is Sought | November 16, 2021 through December 31, 2021 (the "<u>Compensation Period</u>") |
| Compensation Sought as Actual, Reasonable and Necessary for Compensation Period: | $157,117.50 |
| Reimbursement of Expenses Sought as Actual, Reasonable and Necessary for Compensation Period: | $1,131.53 |
| Total Fee Application Approval Requested | $158,249.03 |

This is a(n):   X   interim/monthly _____ final application

1

**TIME SUMMARY BY BILLING CATEGORY**
For the Period of November 16, 2021 through December 31, 2021

| Billing Category | Total Hours | Total Compensation |
|---|---:|---:|
| Case Administration (B110) | 2.50 | $2,167.65 |
| Meetings of and Communications with Creditors (B150) | 12.00 | $12,150.00 |
| Fee/ Employment Applications (B160) | 28.40 | $17,741.70 |
| Fact Investigation/Development (L110) | 14.00 | $12,856.95 |
| Analysis/Strategy (L120) | 8.40 | $6,959.70 |
| Other Case Assessment, Development and Administration (L190) | 5.80 | $4,736.25 |
| Court Mandated Conferences (L230) | 10.50 | $8,009.55 |
| Other Written Motions and Submissions (L250) | 100.10 | $70,483.05 |
| Written Discovery (L310) | 21.00 | $12,073.05 |
| Document Production (L320) | 12.60 | $9,939.60 |
| **Total** | **215.0** | **$157,117.50** |

2

## TIME SUMMARY BY PROFESSIONAL
For the Period of November 16, 2021 through December 31, 2021

| Name | Position; Experience | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Mary Stephanie Wickouski | Partner; admitted in 1979 | $1,012.50 | 84.70 | $85,758.75 |
| Chelsey Rosenbloom | Associate; admitted in 2015 | $558.00 | 118.90 | $66,346.20 |
| Donald Hom | Paralegal | $441.00 | 11.30 | $4,983.30 |
| James Simonelli | Research Assistant | $292.50 | 0.10 | $29.25 |
| **Total** | | Blended Hourly Rate $747.08[1] | | **$157,117.50** |

---

[1] Blended hourly rate excludes paralegal or other paraprofessional time in accordance with the Local Guidelines. If paralegal and other paraprofessional time were included, the blended hourly rate would be $730.78.

3

**EXPENSE SUMMARY**
For the Period of November 16, 2021 through December 31, 2021

| Disbursements | Amount |
|---|---|
| FedEx Shipments | $15.58 |
| Postage | $167.47 |
| PACER Online Research | $29.40 |
| Lexis Research | $919.08 |
| **Total Expenses** | **$1,131.53** |

4

Locke Lord, counsel to the court-appointed examiner Eric M. Huebscher (the "Examiner"), hereby submits this first interim fee application (the "Fee Application") pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases, Administrative Order M-447, effective February 5, 2013 (the "Local Guidelines"), and Part F of the Appendix B Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "U.S. Trustee Guidelines", and together with the Local Rules, the Local Guidelines and the U.S. Trustee Guidelines, the "Guidelines") for interim allowance of compensation in the aggregate amount of **$157,117.50** for professional services performed and **$1,131.53** in expenses for the period from November 16, 2021 through December 31, 2021 (the "Compensation Period"). In support of this Fee Application, Locke submits the certification of Stephanie Wickouski, which is attached hereto as **Exhibit A.** In further support of this Fee Application, Locke respectfully states as follows:

## JURISDICTION

1.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.  On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtor continues to operate its business and manage its

5

property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committee of unsecured creditors or trustee has been appointed in this Chapter 11 Case.

3. On October 15, 2021, Benefit Street Partners Realty Operating Partnership, L.P. filed its *Motion to Appoint an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 147], which motion was granted on November 8, 2021 by entry of the *Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 178] (the "Original Examiner Appointment Order"), which order was subsequently amended on November 23, 2021 by entry of the *Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 193] (the "Amended Examiner Appointment Order") and on December 14, 2021 by entry of the *Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 224] (the "Second Amended Examiner Appointment Order").

4. On November 16, 2021, the Court entered the *Order Approving Appointment of Examiner* [ECF # 186] (the "Huebscher Appointment Order"), appointing Eric M. Huebscher as the Examiner in the above-captioned chapter 11 case.

5. On December 6, 2021, the Court entered the *Order Authorizing the Employment and Retention of Locke Lord LLP as counsel to the Examiner, as of November 16, 2021* [ECF # 210].

6. The Second Amended Examiner Appointment Order provides that, "The Examiner and any professionals retained by the Examiner shall be limited to an aggregate cap on compensation and reimbursement of $250,000, subject to further order of the Court modifying this amount for cause shown upon application by the Examiner explaining the basis for such request." Second Amended Examiner Appointment Order, ¶ 8.

6

7. At a hearing on January 10, 2022, the Court increased the cap on compensation and reimbursement of the Examiner and any professionals retained by the Examiner to $350,000, subject to further order of the Court modifying this amount for cause shown.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

8. During the Compensation Period, Locke attorneys and paraprofessionals expended a total of 215.0 hours for which compensation is sought. Locke seeks allowance of compensation for the professional services rendered during the Compensation Period in the amount of $157,117.50 and reimbursement of expenses incurred in connection with the provision of such services in the amount of $1,131.53. Locke reserves the right to request additional compensation for the Compensation Period to the extent that time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period.

9. There is no agreement or understanding between Locke and any other person, other than the members of Locke, for the sharing of compensation to be received for services rendered in these cases. During the Compensation Period, Locke received no payment or promises of payment from any source for services rendered to or to be rendered in any capacity whatsoever in connection with the matters covered during the Compensation Period and addressed by this Fee Application.

10. The fees charged by Locke for professional services rendered in these cases reflect a 10% discount from Locke's existing billing rates in effect during the Compensation Period. The rates Locke charges for services rendered by its professionals and paraprofessionals in this chapter 11 case are 10% less than the charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable and based

7

on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

11. Locke maintains computerized records of all time spent by Locke attorneys and paraprofessionals in connection with its representation of the Examiner. Locke has provided itemized time records for professionals and paraprofessionals performing services during the Compensation Period, including out of pocket expenses, which are attached hereto as **Exhibit B**. All entries itemized in Locke's time records comply with the requirements set forth in the Guidelines. Further, all entries itemized in Locke's expense records comply with the requirements set forth in the Guidelines.

12. Pursuant to, and consistent with, the relevant requirements of the Guidelines, as applicable, attached hereto as **Exhibit A** is a certification by Stephanie Wickouski, a partner with Locke, regarding compliance with the Guidelines.

13. The Examiner has been given the opportunity to review this Fee Application and has approved the requested amount.

14. Attached hereto as **Exhibit C** is Locke's staffing plan, which has been approved by the Examiner.

### SUMMARY OF SERVICES PERFORMED BY LOCKE DURING THE COMPENSATION PERIOD

15. The following is a summary of some of the significant professional services rendered by Locke during the Compensation Period, organized in accordance with Locke's internal system of task codes. Certain services performed overlap between task code categories, and appropriately could be allocated to more than one task code:

8

A.  **Case Administration (B110)**

**Hours: 2.50; Fees: $2,167.65**

Matters included within Case Administration include matters regarding general case status discussions, review of case filings and initial discussions regarding confidentiality matters applicable to the Examiner's investigation. As matters concerning confidentiality parameters of the Examiner's investigation ultimately developed into a matter requiring substantive analysis and development, later time entries concerning confidentiality-related discussions and communications are reflected under the project category for Other Case Assessment, Development and Administration (L190). Written submissions to the Court concerning the confidentiality disputes, however, are reflected in the category Other Written Motions and Submissions (L250).

B.  **Meetings of and Communications with Creditors (B150)**

**Hours 12.00; Fees $12,150.00**

The Second Amended Examiner Appointment Order requires the Examiner to meet and confer with advisors to Benefit Street Partners Realty Operating Partnership. Second Amended Examiner Appointment Order, ¶ 9. During the Compensation Period, Locke participated in calls with counsel to Benefit Street Partners Realty Operating Partnership regarding various case matters and filings. These communications are reflected under task code B150, Meetings of and Communications with Creditors.

C.  **Fee/ Employment Applications (B160)**

**Hours 28.40; Fees $17,741.70**

Locke prepared and submitted documents relating to the employment and scope of services for Locke and assisted in the preparation of documents relating to the employment and scope of services of Huebscher & Co., professionals retained by the Examiner. Time relating to preparation

9

of these applications and related documents is included within the time code for Fee/Employment Applications (B160).

    **D.**    **Fact Investigation/ Development (L110)**
          **Hours 14.00; Fees: $12,856.95**

Locke engaged in discussions and communications with the Examiner, counsel to the Debtor and the Office of the United States Trustee regarding factual development in the investigation, including relating to witness interviews. Locke also participated in the interview of Jeremy Rauch. Time relating to these matters is reflected in the time code for Fact Investigation/ Development (L110).

    **E.**    **Analysis/ Strategy (L120)**
          **Hours 8.40; Fees: $6,959.70**

Locke engaged in analysis of case strategy, including related discussions with the Examiner and related review of case filings in connection with determination as to Examiner's next steps in conducting the investigation. Related time is reflected in the task code Analysis/Strategy (L120).

    **F.**    **Other Case Assessment, Development and Administration**
          **Hours 5.80; Fees $4,736.25**

Issues concerning the scope of confidentiality relating to the Examiner's investigation and related review of documents developed into a dispute ultimately culminating in a status conference before the Court. Prior to the status conference, there were numerous communications between Locke, the Examiner and counsel to the Debtor. As these confidentiality issues informed the administration of the case and the Examiner's ability to progress the investigation, Locke has separately categorized these confidentiality-related discussions in the Other Case Assessment, Development and Administration category.

    **G.**    <u>**Court Mandated Conferences (L230)**</u>

    **Hours 10.20; Fees $8,009.55**

Locke prepared for and participated in two (2) status conferences during the Compensation Period. Matters pertaining to preparation for, participation in, and follow up from such conferences are included within the Court Mandated Conferences (L230) task code.

    **H.**    <u>**Other Written Motions and Submissions (L250)**</u>

    **Hours 100.10; Fees $70,483.05**

In light of the Debtor's failure to provide access to documents and information requested by the Examiner in the scope of his review, during the Compensation Period, Locke prepared and filed five (5) letters to the Court (three of which were in response to letters submitted by Debtor's counsel), one motion, and one declaration on behalf of the Examiner. During the Compensation Period, Locke has also reviewed and analyzed numerous filings by the Debtor and other parties in the chapter 11 case, and prepared and submitted revisions to the order appointing the Examiner. Time for services rendered in connection with the preparation, submission, and review and revisions to these documents is categorized in the category Other Written Motions and Submissions (L250).

    **I.**    <u>**Written Discovery (L310)**</u>

    **Hours 21.00; Fees $12,073.05**

Because the Examiner did not receive certain information requested from the Debtor, the Examiner was forced to request from third parties (banks and an accountant) certain information previously-requested from the Debtor. Locke's time related to preparation, service, research of process and related matters in connection with those third party subpoenas is included within the category Written Discovery (L310).

11

### J.     Document Production (L320)

**Hours 12.60; Fees $9,939.60**

During the Compensation Period, Locke assisted the Examiner in his review of the documents produced by the Debtor, assisted with the analysis of deficiencies in the Debtor's document productions and assisted with considerations regarding follow up requests resulting from those deficiencies, including related calls and correspondence. Time relating to review and follow up concerning the Debtor's document productions, including its deficiencies, is included within the time code Document Productions (L320).

### ACTUAL AND NECESSARY DISBURSEMENTS

16.     During the Compensation Period, Locke incurred expenses in connection with providing professional services in the aggregate amount of $1,131.53. Of the $1,131.53, $15.58 is for FedEx Shipments, $167.47 was for postage, $29.40 was for PACER research charges and $919.08 was for Lexis research charges. Locke submits that these expenses are reasonable.

### THE REQUESTED COMPENSATION SHOULD BE ALLOWED

17.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to …[a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
> —

12

(A) the time spent on such services;
(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addresses;
(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C § 330(a)(3).

18.  Locke respectfully submits that the services for which it seeks compensation in this Fee Application were necessary and appropriate for the orderly administration of the estate. In light of the nature, extent, and value of such services, Locke submits that the compensation request herein is reasonable under the applicable standards.

19.  Locke respectfully requests that the Court approve the compensation for professional services sought in this Fee Application.

20.  In accordance with the U.S. Trustee Guidelines, Locke responds to the questions identified therein as follows:

**Question 1:** Did Locke agree to any variations from, or alternatives to, Locke's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Compensation Period? If so, please explain.

**Answer:** Yes. Locke has agreed to reduce its hourly billing rates by 10% for this chapter 11 case.

**Question 2:** Are the fees sought in the Fee Application higher by 10% or more as compared to the fees budgeted for the Compensation Period? If so, did Locke discuss the reasons for the variation with the client?

**Answer:** Yes, Additional time was incurred for the reasons described in the application. The variation was discussed with and approved by the Examiner.

13

**Question 3**: Have any of the professionals included in the Fee Application varied their hourly rate based on geographic location of the bankruptcy case?

**Answer**: No.

**Question 4**: Does the Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

**Answer**: No.

**Question 5**: Does the Fee Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

**Answer**: No.

**Question 6**: Does the Fee Application include any rate increases since Locke's retention in these cases? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

**Answer**: No. However, as disclosed in the *Examiner's Application for an Order Authorizing the Employment and Retention of Locke Lord LLP as Counsel to the Examiner, Nunc Pro Tunc to November 16, 2021 and Related Relief* [ECF # 194], Locke increases its billing rates annually effective on January 1 of each year and such rates will be reflected in a future fee application.

## NOTICE

21.Notice of this Fee Application will be provided to (i) co-counsel to the Debtor, Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Douglas Spelfogel and Leah Eisenberg (dspelfogel@mayerbrown.com and leisenberg@mayerbrown.com); (ii) co-counsel to the Debtor, Backenroth Frankel & Krinsky, LLP, 800 Third Avenue, 11th Floor, New York, NY 10022, Attn: Mark A. Frankel (mfrankel@bfklaw.com); (iii) the Office of the U.S. Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Greg Zipes, Esq. (greg.zipes@usdoj.gov); and (iv) any party that requested service pursuant to Bankruptcy Rule 2002.

14

## RESERVATION OF RIGHTS

22. Locke reserves the right to amend the fees and expense reimbursement sought herein in the event that a subsequent review of Locke's records reveals that additional professional services were rendered or expenses incurred which were not processed in advance of this Fee Application. In the event such amendments are required, Locke reserves the right to seek such additional fees or expenses in any subsequent fee applications.

## NO PRIOR REQUEST

23. No prior request for the relief requested herein has been made by Locke to this or any other court.

## CONCLUSION

WHEREFORE, Locke respectfully requests that the Court enter an order: (i) approving the interim allowance of **$157,117.50** for compensation and professional services rendered by Locke and reimbursement of expenses in the amount of **$1,131.53** during the Compensation period; (ii) directing payment by the Debtor of all allowed amounts that remain unpaid; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:   New York, New York          **LOCKE LORD LLP**
        January 13, 2022

By:   */s/ Stephanie Wickouski*
Stephanie Wickouski
Chelsey Rosenbloom
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281-2101
*Attorneys for Examiner*