GEORGIA PESTANA  
Corporation Counsel of the City of New York  
Attorney for the City of New York  
  Department of Finance  
100 Church Street  
New York, New York 10007  
(212) 356-2138  
Hugh H. Shull  
hughs@law.nyc.gov

Hearing Date and Time:  
**February 15, 2022 at 10:00 am**

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**  
-----------------------------------------------------------------x  
In re                                                                 :  
                                                                     :        Chapter 11  
96 WYTHE ACQUISITION LLC,        :        Case No. 21-22108 (RD)  
                                                                     :  
                                                                     :  
                           Debtor.                     :  
-----------------------------------------------------------------x

**NYC DEPARTMENT OF FINANCE'S RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO PROOFS OF CLAIM NOS. 14 AND 18**

       The New York City Department of Finance ("DOF"), by its counsel GEORGIA PESTANA, Corporation Counsel of the City of New York, hereby submits its Response in Opposition to the Objections to DOF Claims No. 14 and 18 dated January 14, 2022 (the "Objections") filed by 96 Wythe Acquisition LLC (the "Debtor") and respectfully states:

       1.     As more fully set forth below, the Objections assert, in summary, that (i) the Debtor did not owe the business income tax portion of the claims and (ii) its management company was responsible for the hotel occupancy tax portions of the DOF Claim, that the management company has filed returns and was negotiating a payment plan with Finance for the

hotel occupancy taxes. However, the Debtor has not filed returns for the business taxes and its mere statement does not suffice to establish that it owes no taxes. It must file returns.

2. With respect to the hotel occupancy taxes, these are trust fund taxes, i.e., held in trust solely for the City's benefit. The Debtor as owner of the hotel premises is an operator responsible for the payment of the tax along with the manager. Officers and partners are also personally liable for any unpaid hotel tax. The Debtor must establish that hotel tax have been paid to the City regardless of any contractual agreement it has with the management company. Hotel occupancy tax returns were filed late, only after the DOF proofs of claim were filed  None of the hotel occupancy taxes going back to 2017 have been paid.

3. The statement in the Objections that the Debtor understands that the management company is negotiating a payment plan with DOF with respect to the hotel occupancy taxes is troubling, since the hotel occupancy tax is a trust fund tax and has to be paid quarterly when the return is due, regardless as to whether the return due has been filed. No alleged DOF contact has been identified by the Debtor. The DOF Claim, which with penalties and interest exceeds $6 million, was estimated, since neither the Debtor nor the management company had filed any returns for any of the taxes when the proofs of claim were prepared in December 2021. The hotel occupancy tax portion of the DOF Claim asserts over $2 million in hotel occupancy taxes. The Debtor must establish that returns have been filed for all relevant periods and all of the taxes paid. The hotel's customers have evidently been charged the hotel occupancy tax by the hotel for years and such taxes have not been paid to the City either pre-petition or post-petition. The trust fund taxes must immediately be put in a segregated account and paid on a timely basis.

**BACKGROUND**

4. On or about February 23, 2021 (the "Petition Date"), the Debtor filed a petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor owns the real property known as 96 Wythe Avenue, Brooklyn, New York, Block 2295 Lot 21 (the "Property"). The Debtor owns the hotel at the Property. See hotel management agreement at docket number 83.

5. On or about December 9, 2021, DOF filed proof of claim no. 14 in the amount of $6,520,449.01 ("Claim No. 14").

6. On or about December 14, 2021, DOF filed claim no. 18 in the amount of $6,520,449.01 ("Claim No. 18") (Collectively, Claim No 14 and Claim No. 18 will be referred to as the "DOF Claim").

7. DOF only seeks allowance of the taxes owed once and does not seek duplicate payment. The DOF Claim asserts claims for i) corporation tax ("CT") in the principal amount of $1,168,811.00 for the periods from calendar year 2017 through 2020, plus penalties and interest, ii) unincorporated business tax ("UBT") in the principal amount of $528,276.16 for the periods 2017 through 2020, plus penalties and interest, and hotel occupancy tax ("Hotel Tax") in the principal amount $2,667,547.75 for the tax years ending on February 28, 2017, 2018, 2019 and 2020, plus penalties and interest.

8. On January 14, 2022 the Debtor filed the Objections to the DOF Claim. In general the Debtor asserts it does not owe any CT or UBT because it did not have taxable income during the claim periods, and it does not owe Hotel Tax because it is not the Debtor's obligation but is the obligation of its management company, Washington Hotel BK LLC (the "Management Company"). In support of its assertion the Debtor attaches the declaration of Daniel

3

Norensberg, an accountant for the Debtor and Management Company, that the Debtor had no taxable income during the periods in question for the CT and UBT portions of the DOF Claim, and that the Management has filed Hotel Tax returns for all of the periods in question, that Management "is making payments for these taxes," and that he is in contacts with representatives from DOF to ensure that they are aware that these payments "are forthcoming". . .

9. Since no returns were filed by the Debtor or the Management Company when the proofs of claim were prepared, the taxes were estimated. DOF does not seek both UBT and CT. The Debtor as a limited liability company and must make an election or otherwise assert its tax status. It must file returns. Upon review DOF will assert either UBT or CT, but in the interim estimated for each to reserve its rights.

10. As for the Hotel Tax, while Management Company is also liable as an operator, the Debtor cannot contract away its own liability as an operator since it is the owner of the hotel premises. Further, Hotel Taxes are trust fund taxes, collected by as trustee for the City. The tax is due when the quarterly returns are due, even if returns have not been filed. Returns were only filed, late, after the proofs of claim were filed, according to DOF records. There is no indication to whom Debtor or its representatives are communicating with at Finance regarding an alleged payment plan and all payments for pre-petition and post-petition taxes are due.

**ARGUMENT**

11. The DOF Claim is *prima facie* valid.[1] See Fed. R. Bankr. P. 3001(f). Rule 3001(f) "commands that a properly filed proof of claim constitutes *prima facie* evidence of the claim's validity." In re St. Johnsbury Trucking Co., 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997) (emphasis added); see also In re Irons, 343 B.R. 32, 39 (Bankr. N.D.N.Y. 2006); In re Pinnacle

---

[1] The City only seeks allowance of the amounts set forth in the proofs of claim once, and the filed proofs of claim appear to be duplicates. Claim No. 14 is on Form 410.

4

Brands, Inc., 259 B.R. 46, 49-50 (Bankr. D. Del. 2001).  Supporting documentation is not required since the DOF Claim is based upon statutory obligations for taxes.  In re Los Angeles Int'l Airport Hotel Assocs., 196 B.R. 134 (B.A.P. 9th Cir. 1996) (failure to attach documentation to support a claim based on a statute does not deprive the claim of *prima facie* validity), aff'd, 106 F.3d 1479 (9th Cir. 1997); In re Pan, 209 B.R. 152, 156-57 (D. Mass. 1997) (a properly filed proof of claim constitutes *prima facie* evidence of the government's claim even though no documentary evidence of the claim is provided).

12. The DOF Claim are governmental tax claims based on state and local statute, and are therefore *prima facie* valid.  Schedules annexed to the proofs of claim clearly show the type of tax and periods for which they are due.  Since the Debtor didn't file any returns when the proofs of claim were prepared, and still hasn't filed business income tax returns, estimation is permitted of the tax by DOF is permitted.  DOF has established its *prima facie* case, the burden is on Debtor to overcome the claims' *prima facie* validity by providing evidence disproving at least one of the claim's essential elements.  See Carey v. Ernst, 333 B.R. 666, 672 (S.D.N.Y. 2005) (citing In re Reilly, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) ("[a] properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim.  To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.")); see also In re Make Meat Corp, 1999 U.S. Dist. LEXIS 3974 (S.D.N.Y. 1999); Johnsbury, 206 B.R. at 323; In re Waterman Steamship Corp., 200 B.R. 770 (Bankr. S.D.N.Y. 1996).

13. A mere statement that taxes aren't due is insufficient.  Arguments of this type have been rejected by courts as insufficient to rebut the presumption of a claim's validity.  See In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992) (objector must produce

5

evidence equal in force to the *prima facie* case); In re King Street Investments, Inc., 219 B.R. 848 (B.A.P 9th Cir. 1998) (objector must produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves); see also Johnsbury, 206 B.R. at 323 (despite a similar assertion made by the debtors, the trial proved the correctness of the taxing authority's deficiency claim ).

14. Moreover, the specific burden of proof applicable in a bankruptcy tax case has been settled with the landmark Supreme Court case of Raleigh v. Illinois. Dep't of Revenue, 530 U.S. 15 (2000). In Raleigh, the Supreme Court held that bankruptcy does not alter the burden imposed by the substantive state law creating the tax obligation which puts the burden on the taxpayer. It stated:

> Creditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code . . . . "Unless some federal interest requires a different result, there is no reason why [the state] interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." [citing Butner v. United States, 440 U.S. 48, 55 (1979)].

Id. at 20-21. Since applicable New York law places the burden of proof on the taxpayer when contesting tax liability, here objecting Debtor has the burden of providing evidence that tends to negate DOF's presumptively valid claim. See N.Y.C. Administrative Code §§ 11-680, 11-703.

15. The Raleigh Court recognized that the burden of proof is "critical" in tax cases (whether or not in the bankruptcy context) and that there are "powerful justifications" for leaving the burden on the taxpayer, where the state law places it. See Id. at 21. Justice Souter stated as follows:

6

> [T]he burden of proof is an essential element of the claim itself; one who asserts a claim is entitled to the burden of proof that normally comes with it.
>
> Tax law is no candidate for exception from this general rule, for the very fact that the burden of proof has often been placed on the taxpayer indicates how critical the burden rule is, and reflects several compelling rationales: <u>the vital interest of the government in acquiring its lifeblood, revenue; the taxpayer's readier access to the relevant information; and the importance of encouraging voluntary compliance by giving taxpayers incentives to self-report and to keep adequate records in case of dispute</u> . . . . These are powerful justifications not to be taken lightly.

<u>Id</u>. (Internal citations omitted, emphasis added.)

16. Post-<u>Raleigh</u> decisions in bankruptcy tax cases have all placed the burden on the debtor/taxpayer to disprove the validity of the governmental tax claims. See, e.g., <u>Neilson as Ch. 7 Trustee v. United States of America (In re Olshan)</u>, 356 F.3d 1078 (9th Cir. 2004) (holding that the bankruptcy court erred in shifting the burden of proof and rejecting the IRS's claims, which should have been presumed correct if supported by a minimal factual foundation); <u>Moser v. United States of America (In re Moser)</u>, 2002 U.S. App. Lexis 463, 2002-1 U.S. Tax Cas. (CCH) P50,170 (4th Cir. 2002) (affirming the bankruptcy court's finding that the debtors had failed to produce sufficient evidence to rebut the presumption of correctness that attached to the IRS's proof of claim for deficiencies); <u>Industrial Commercial Electrical, Inc. v. Official Committee of Unsecured Creditors (In re Industrial Commercial Electrical, Inc.)</u>, 319 B.R. 35 (D. Mass. 2004) (reversing the bankruptcy court's decision and remanding with direction that the court allow the IRS's administrative claim in the full amount and noting, *inter alia*, that the debtors' tactical choice of placing primary reliance on their argument that the burden of proof rested with the IRS proved incorrect); <u>In re Dayton Seaside Assocs. #2, L.P.</u>, 257 B.R. 123 (Bankr. S.D.N.Y. 2000).

17. Accordingly, Debtor as the objecting party must provide legal and factual support for the Objections in order to overcome the *prima facie* validity of the DOF Claim.

**The Hotel Tax is the Debtor's Obligation**

18. There is a tax on occupancy of hotel rooms in the City. 11-2501 et seq of the New York City Administrative Code (the "Admin Code").

19. An Operator of a hotel includes any person operating a hotel in the City of New York, including, but not limited to, the owner or proprietor of such premises…". Admin. Code 11-2501-2. The Hotel Tax imposed on occupancy "shall be paid by the occupant to the operator as trustee for and on account of the City, and the operator shall be liable for the collection thereof and for the tax. The operator and any officer of any corporate operator shall be liable for the tax collected or required to be collected under this chapter…" Admin Code 11-2502(f). See City of New York v. Vaknin 2014 NY Misc. LEXIS 2609 (2010)(operator and any of its officers liable for hotel tax). A hotel operator is supposed to file a registration certificate with DOF under Admin Code 11-2514 to receive authority to collect the tax. According to DOF records no such certification has been filed. The hotel tax is to be held in trust and is not an asset of the estate. To the extent unpaid (and evidently absconded with), it is a priority under 11 USC 507(a)(8)(C) as "a tax required to be collected or withheld and for which the Debtor is liable in whatever capacity."

20. Under 11-2504 of the Admin Code tax returns are due quarterly, and under 11-2505 the tax is payable to DOF and due when the return is due, without regard to whether the return is filed and without regard to whether the return filed correctly shows the amount due. Admin Code 11-2505.

8

21.     When a return is not filed, or a return is incorrect or insufficient, DOF can estimate the tax due.  Admin Code 11-2506.  The Management Company only filed returns after the proofs of claim were filed in December of 2021.  DOF estimated the claim for the hotel tax since the Debtor is the owner of the hotel and no returns had been filed or taxes paid.  None of the Hotel Tax, even as indicated by the late returns filed by the Management Company, has been paid.  DOF based its estimate of the hotel tax on public information regarding the number of rooms, the rates being charged, and an estimate of the occupancy rate, to give room revenue, taxed at the hotel tax rate of $5.875%, along with a flat rate of $2 a day per room.

22.     "Officers of a corporate operator and partners in a partnership which is an operator shall be personally liable for the tax collected or required to be collected by such corporation or partnership under this chapter, and subject to the penalties and interest imposed by this section."  Admin Code 11-2515(h)(1).

23.     The City submits that the Debtor is liable for the Hotel Tax to the extent not paid by the Management Company, and none of the Hotel Tax has been paid for the amounts in the DOF Claim or otherwise, including post-petition taxes.  The Hotel Tax should be allowed and/or estimated in the amount filed unless paid.  DOF needs time to review the filed returns and adjust the Hotel Tax portion if appropriate.

**The Business Income Taxes Should Be Allowed as Filed**

24.     The Debtor did not file any business income tax returns for UBT or CT with DOF.  Ordinarily an LLC can make an election to be treated as a corporation or defaults to a partnership if it doesn't elect to be treated as a corporation at the federal level.  The business tax portion are priority as income taxes under 11 USC 507(a)(8)(a).

25. Section 11-514 of the Admin. Code requires that an unincorporated business tax return must be made and filed by all unincorporated businesses having gross income, determined without any deduction for costs of goods sold or services provided, of more than $95,000.00. Admin. Code 11-514(a)(4).

26. If it elects treatment as a corporation than an income report (i.e. return) must be filed and tax paid under 11-651 et seq. of the Admin. Code.

27. The Debtor's objection said it owed no tax for the period set forth in the proofs of claim filed by DOF, but it has filed no returns. The Debtor's operating report for August 2021 filed on September 30, 2021 (doc no. 130) shows gross income of $2,185,058 for the month. Even after deduction of costs of goods sold and general and administrative expenses the Debtor had income of $466,283. For the month. Based on the foregoing, the Debtor had to file an UBT return under Admin Code 11-514(a)(4), since it's clear that its monthly gross income alone far exceeds the threshold requiring a filing. If the Debtor elected treatment as a corporation (for which the business tax rate is higher), then it had to file a CT return.

28. Under 11-521 of the Admin Code DOF can estimate the tax from any information in DOF's possession. A taxpayer can be assessed within 3 years of a return being filed, or can be assessed at any time if no return is filed. See 11-523(a) and (c) of the Admin Code.

29. Since no return was filed, DOF estimated the DOF Claim against the Debtor. DOF based its estimate of the UBT tax on (i) public information regarding the number of rooms, the rates being charged, and an estimate of the occupancy rate, to give room revenue and (ii) restaurant and bar revenue based on sales tax information, deducting an estimate of costs, with the resulting profit taxed at the UBT tax rate of 4%. For the CT tax estimate, DOF utilized the same profit estimate and utilized the CT tax rate of 8.85%.

30.     Based on the foregoing, the DOF Claim should be allowed.  The business tax portion of the claim can be allowed at the higher CT rate unless the Debtor establishes it is subject to UBT and not CT. The penalty portion of the business income taxes in the DOF Claim is allowable as a general unsecured claim, the principal tax and interest as priority

31.     The mere statement that the Debtor does not owe tax is insufficient to defeat the DOF Claim.  The Debtor must file an appropriate return for each of the years in question, and DOF given sufficient time to review the returns, failing which the DOF Claim should be allowed.

32.     Further, the DOF Claim should be estimated as filed for purposes of confirmation, with respect to the business tax portion at the higher CT rate absent proof that the Debtor has chosen to be taxed as a partnership or unincorporated business.

Dated:     New York, New York
           February 8, 2022

                              GEORGIA PESTANA
                              Corporation Counsel of the City of New York
                              Attorney for the City of New York
                                   Department of Finance


                        By:    /s/ Hugh H. Shull
                              Hugh H. Shull
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2138