**Hearing Date: March 8, 2022, at 10:00 a.m. (Eastern Time)**
**Response Deadline: March 1, 2022**

Attorneys for Secured Creditor NBE
Peretz Bronstein [PB8628]
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re

**96 Wythe Acquisition LLC,**

                      Debtor.
-----------------------------------------------------------X

Chapter 11

Case No. 21-22108

**NOTICE OF HEARING ON THE MOTION OF NBE PLUMBING CORP FOR AN ORDER FOR THE TEMPORARY ALLOWANCE OF ITS CLAIM FOR VOTING PURPOSES PURSUANT TO FED. R. BANKR. P. 3018(A).**

**PLEASE TAKE NOTICE** that upon the attached motion for an order (the "Order") for the temporary allowance of its claim for voting purposes pursuant to Fed. R. Bankr. P. 3018(a) (the "Motion"), NBE Plumbing Corp a/k/a NBE Plumbing ("NBE," or "Claimant"), by its attorneys, BRONSTEIN, GEWIRTZ & GROSSMAN, LLC, will move at a hearing before the Honorable Robert D. Drain of the United States Bankruptcy Court for the Southern District of New York (the "Court"), 300 Quarropas Street, White Plains, New York, 10601 on March 8, 2022 at 10:00 a.m. (Eastern Time) (the "Hearing"), or as soon thereafter as counsel can be heard, for the entry of the Order.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion or the relief requested therein must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Bankruptcy Court for the Southern District of New York

(the "Court"), must set forth the name of the objecting party, and the basis for the objection and the specific grounds therefor, and must be filed with the Court electronically, (with a hard copy delivered directly to Bankruptcy Judge Drain's chambers), and any objection must further be served upon:(i) BRONSTEIN, GEWIRTZ & GROSSMAN, LLC, 60 East 42nd Street, Suite 4600 New York, NY 10165, Attention: Peretz Bronstein and (ii) the United States Trustee's Office for the Southern District of New York U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attention: Shara Claire Cornell, so as to be received no later than seven days before the Hearing.

**PLEASE TAKE FURTHER NOTICE** the Participants are required to register their appearance by 4:00 PM the day before any scheduled Zoom® hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived and enter an order granting the relief requested in the Motion without further notice or hearing.

DATED: February 10, 2022
Brooklyn, New York

       <u>By:    /s/ Peretz Bronstein</u>
       Peretz Bronstein [PB8628]
       60 East 42nd Street, Suite 4600
       New York, New York 10165
       Tel. No.: (212) 697-6484
       Fax. No.: (212) 697-7296

               **Hearing Date: March 8, 2022, at 10:00 a.m. (Eastern Time)**
               **Response Deadline: March 1, 2022**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHER DISTRICT OF NEW YORK**
Attorneys for Secured Creditor NBE
Peretz Bronstein [PB8628]
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re

               **Chapter 11**

**96 Wythe Acquisition LLC,**

         Debtor.      **Case No. 21-22108**
-------------------------------------------------------------X

**MOTION OF NBE PLUMBING CORP FOR AN ORDER FOR THE TEMPORARY ALLOWANCE OF ITS CLAIM FOR VOTING PURPOSES PURSUANT TO FED. R. BANKR. P. 3018(A).**

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

    NBE Plumbing Corp a/k/a NBE Plumbing ("NBE," or "Claimant"), by and through its undersigned attorneys, hereby makes this motion (the "Motion") for an order[1] (the "Order") for the temporary allowance of its claim for voting purposes pursuant to Fed. R. Bankr. P. 3018(a), and in support thereof avers:

### THE CLAIM BACKGROUND

  1. On May 11, 2021, the Claimant filed its claim, Claim Number 4 (as amended, the

---
[1] Proposed order attached as exhibit A.

"Claim"), as secured claim in the amount of $103,157.16.

2. On or about December 23, 2021, the Debtor objected to NBE's Claim. Dkt. No. 251.

3. The objection prevented NBE from voting and "opting out."

4. On or about January 20, 2022, NBE responded to the Objection (the "Response"). Dkt. No. 325.

5. The principals of the Debtor, Toby Moskovitz Yechiel Michael Lichtenstein each executed a personal promissory note. Additionally, Mr. Lichtenstein entered into a confession which was reduced to a judgment. See the Declaration ("Guttman Declaration") of JOEL GUTTMAN and Exhibits in Support to the Response of NBE Plumbing to Debtor's Objection to Claim No. 4 Dkt. No. 327.

6. The promissory notes issued by the Debtor, and by the Debtor's principals, Mr. Yechiel Michael Lichtenstein ("Lichtenstein") and Mrs. Toby Moskovitz ("Moskovitz") and Lichtenstein's confession of judgment, conclusively demonstrate the Debtor's obligations to Claimant. See Guttman Declaration, Exhibits A-D. Additionally, the Debtor has attached numerous invoices that demonstrate the work done by the NBE for the benefit of the Debtor. See Guttman Declaration Exhibits E-F.

7. The Guttman Declaration and attached Exhibits, including but not limited to, the Promissory Notes signed by the Debtor and the Debtor's principals, along with 27 detailed invoices, further proves that the money asserted in the Claim is owed to the Debtor and, certainly, cures any alleged infirmities that the Debtor alleges are present in the Claim and supporting documentation.

8. The hearing on the Objection was initially scheduled for January 27, 2022 ("January 27 Hearing"). On January 26, 2022, the Court adjourned the hearing to March 8, 2022 (the "January 26 Adjournment").

9. The Debtor never replied to the Response prior to January 26, 2022.

## THE THIRD-PARTY RELEASE

10. The Third-party release provision (the "Third Party Release") in the of the Debtor's Second Amended Chapter 11 Plan of Reorganization of the Debtor (the "Plan") provides:

> … any Persons and holders of any Claims or Interests that received actual or constructive notice of this Plan shall be and are permanently enjoined and precluded from asserting, commencing, or continuing in any manner any actions or from asserting any lien against the Debtor, the Released Parties, and against any of such parties' respective assets or properties, with respect to any debt, Claim, or interest, including any guarantee by any of the Released Parties based upon any document, instrument or act, omission, transaction, or other activity of any kind or nature arising out of, based upon, or in any way related to, the conduct, actions, and transactions of the Debtor or the Released Parties through the Confirmation Date, except for any act or omission that constitutes fraud, gross negligence, or willful misconduct as determined by a final order of a court of competent jurisdiction (the "Release") ….

Plan §5.10.

11. The Plan defines Released Parties "[as] the Debtor and the Management Company and each of their respective agents, managers, members, officers, directors, shareholders, advisors, attorneys, and representatives." Plan §1.66.

12. The proposed Plan appears to only allow parties that are allowed to vote to opt out.

> If a holder of a Claim eligible to vote on the Plan votes to accept the Plan, such holder will be deemed to provide the Release. If such holder votes to accept the Plan, such holder cannot opt out of giving such Release.
>
> If a holder of a Claim eligible to vote on the Plan votes to reject the Plan and wishes to opt out of giving the Release, such holder must submit its Ballot to the Debtor by the Voting Deadline and check the opt out box in the Ballot.
>
> If a holder of a Claim eligible to vote on the Plan does not vote on the Plan, but wishes to opt out of giving the Release, such holder must submit its Ballot to the Debtor by the Voting Deadline and check the opt out box in the Ballot.

Disclosure Statement at 56-57.

13. NBE joined the Objection of the United States Trustee in its objection (the "Objection") Dkt. No. 318 to confirmation of the Debtor's Second Amended Chapter 11 Plan of Reorganization of the Debtor (the "Plan") attached to the Third Amended Disclosure Statement (the "Disclosure Statement") Dkt. No. 196 to the extent that it would not permit creditors who were not permitted to vote to opt out and are forced to be subject to the third-party releases. Dkt. No. 345.

14. NBE desires to opt-out of any releases contained in the Plan. NBE has already stated its Response that "To the extent that that NBE would be barred by the Plan from seeking payment from the Lichtenstein Note, Lichtenstein Judgment or Moskovitz Note, NBE objects to such treatment." Response¶ 15, fn 6.

## BANKRUPTCY RULE 3018(A)

15. Only holders of allowed claims or interests are permitted to vote to accept or reject a chapter 11 plan. 11 U.S.C. § 1126. A claim represented by a timely and properly filed proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Thus, once a party in interest objects to a filed claim, the holder of that claim is not entitled to vote on a chapter 11 plan while the objection is pending. See 11 U.S.C. § 1126.

16. Where a claim is not yet allowed due to a pending objection, a court "may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Bankruptcy Rule 3018(a). The policy behind Bankruptcy Rule 3018(a) is "to prevent possible abuse by plan proponents" who attempt to ensure acceptance of a plan by strategically objecting to the claims of dissenting creditors. *In re Armstrong*, 292 B.R. 678, 686 (10th Cir. B.A.P. 2003). Claims litigation can also be lengthy and may not be resolved before voting on a plan. Bankruptcy Rule 3018(a) "was designed to give all creditors, even those holding disputed claims, the opportunity to vote." *In re Century Glove, Inc.*, 88 B.R. 45, 46 (Bankr. D. Del. 1988).

The court's discretion to allow a claim temporarily for voting purposes is flexible. *See In re Ralph Lauren Womenswear, Inc.,* 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996). Although the Bankruptcy Code and the Bankruptcy Rules provide no guidance as to how a court should calculate a claim for voting purposes, courts have held that the calculation "should ensure that the voting power is commensurate with the creditor's economic interests in the case." *In re Quigley Co.*, 346 B.R. 647, 654 (Bankr. S.D.N.Y. 2006).

17. Under the circumstances present here, the Court should exercise its discretion to temporarily allow the NBE Claim solely for the purpose of voting on the Plan in order to allow NBE to opt out. "[T]o allow [the disputed claims] to vote on the plans, even though some may be eventually disallowed for purposes of distribution, is more in keeping with the spirit of Chapter 11 which encourages creditor vote and participation in the reorganization process." *In re Amarex, Inc.,* 61 B.R. 301, 303 (Bankr. W.D. Okla. 1985).

18. Importantly, NBE believes that it has provided more than sufficient documentation to substantiate its claim in the Supporting Documentation to the Claim and the Response. The Debtor never responded to the documentary evidence in the Response prior to the January 27 Hearing or prior to the January 26 Adjournment. NBE believes that if the hearing took place as scheduled it would have an allowed claim.

19. To the extent that the Motion is past the deadline, the relief sought will not affect the Voting on confirmation because NBE is simply seeking to opt out and not cast a vote for or against confirmation of the Plan.

20. NBE initially thought it would not be required to be involved in the confirmation process as it has a secured claim.

21. Furthermore, NBE is uncertain of the basis for tying the opt-out provision to the right to vote on the Plan when pursuant to the Plan, if a holder of a Claim eligible to vote on the Plan does not vote on the Plan, but wishes to opt out of giving the Release, such holder must submit its Ballot to the Debtor by the Voting Deadline and check the opt out box in the Ballot.

DATED: February 10, 2022
Brooklyn, New York

        By:    */s/ Peretz Bronstein*
        Peretz Bronstein [PB8628]
        60 East 42nd Street, Suite 4600
        New York, New York 10165
        Tel. No.: (212) 697-6484
        Fax. No.: (212) 697-7296

# EXHIBIT A: PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re

**96 Wythe Acquisition LLC,**

                              Debtor.

**Chapter 11**

**Case No. 21-22108**

-------------------------------------------------------------X

## ORDER FOR THE TEMPORARY ALLOWANCE OF NBE PLUMBING CORP'S CLAIM FOR VOTING PURPOSES PURSUANT TO FED. R. BANKR. P. 3018(A).

Upon consideration of the Motion (the "Motion") [2] of NBE Plumbing Corp a/k/a NBE Plumbing ("NBE," or "Claimant"), for Temporary Allowance of Its Claim for Voting Purposes Pursuant to Fed. R. Bankr. P. 3018(a), and it is appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. NBE Plumbing Corp a/k/a NBE Plumbing is hereby permitted to vote its Claim to the extent necessary to opt out of the Third-Party Release contained in the Plan.

---

[2] All undefined terms shall have the meaning ascribed to them in the Motion.

3. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.