**LOCKE LORD LLP**
Stephanie Wickouski
Chelsey Rosenbloom List
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone:     (212) 912-2824
Facsimile:      (212) 812-8394
*Attorneys for Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>Debtor. | Chapter 11-<br><br>Case No. 21-22108 (RDD) |

### STATUS REPORT REGARDING SUBMISSION OF EXAMINER'S REPORT

Eric M. Huebscher, the Court-appointed examiner in the above-captioned case (the "Examiner") respectfully submits this status report with respect to the filing of the Examiner's report and relating scheduling.

1. On November 8, 2021, the Court entered the Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c) [ECF # 178], which order was subsequently amended by the Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c) [ECF # 193] (the "Amended Examiner Appointment Order") and the Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c) [ECF # 224] (the "Second Amended Examiner Appointment Order").

2. On November 16, 2021, the Court entered the *Order Approving Appointment of Examiner* [ECF # 186] (the "Huebscher Appointment Order"), appointing Eric M. Huebscher as the Examiner in the above-captioned chapter 11 case.

3. On January 24, 2022, the Court so-ordered a stipulation and agreed order by and between 96 Wythe Acquisition LLC (the "Debtor"), Benefit Street Partners Realty Operating Partnership, L.P. ("BSP"), and the Examiner, which among other things, extended the Examiner's deadline to file his report through and including February 11, 2022 (the "Report Deadline"), subject to further extensions for cause shown. [ECF # 339].

4. On February 8, 2022, during a Court telephonic conference, counsel to the Examiner advised the Court that the Examiner was awaiting additional information from certain banks and that the receipt of this information would allow the Examiner to prepare a more complete report. The Court adjourned without date the deadline for public filing of the Examiner's report, and stated that prior to the filing of the report, the Examiner should provide the report in draft form to certain parties, including the Debtor, and, subject to any applicable confidentiality restrictions, to the Court appointed mediator in the case (the "Mediator") and BSP (BSP, the Mediator, and the Debtor are referred to collectively as the "Mediation Parties").

5. Under the confidentiality protocol dated December 1, 2021, a copy of which is attached as Exhibit 1, if the Examiner intends to include any information in the filed report which has been designated by any party as confidential or privileged, the Examiner will inform the providing party of his intent to do so such that the providing party will have the opportunity to seek a protective order. The Examiner believes that the report does not contain any privileged or confidential information of the Debtor. While the information reflected in the report utilized bank records designated by the Debtor as "confidential", many if not all of the bank records were also obtained directly from third parties (e.g., banks). Nevertheless, the Examiner recognizes that the Debtor might assert that certain information in the report is privileged or confidential. In order to ensure a fair process, the Examiner wishes to provide the Debtor the opportunity to review and

2

provide comments, prior to the public filing of the report.

6. At the same time, as noted by the Court at the telephonic conference on February 8, 2022, the other Mediation Parties (in addition to the Debtor) must also have the opportunity to review the report before the mediation. The Examiner has attempted to negotiate a stipulation with the Debtor and BSP providing for an orderly process for distribution of a draft report to the Debtor, Mediator, and BSP, including a timetable for the filing of a motion for a protective order, which respects the current schedule for mediation and the plan confirmation process. Unfortunately, despite the best efforts of the Examiner's counsel to negotiate a globally acceptable process, the Debtor and BSP have been unable to agree to a procedure or timetable.

7. In order to avoid unnecessary delay in disseminating the draft report and filing the final report, and to ensure openness and transparency, the Examiner submits this status report to set forth the timetable and process which Examiner intends to follow prior to filing the report. The Examiner believes that the process set forth below is consistent with the Court's orders and instructions, as well as the December 1, 2021 protocol, and accommodates and protects the interests of all parties in the case, including the Debtor, BSP, and other creditors, while ensuring openness and transparency.

8. On or before February 16, 2022, the Examiner will provide its draft examiner report (the "Draft Report") to (i) the Debtor by email to Debtor's counsel, (ii) Judge Shelly Chapman, U.S. Bankruptcy Court, S.D.N.Y., who is serving as the Court appointed mediator (the "Mediator") in this case and (iii) Greg Zipes, Office of United States Trustee. The protocol dated December 1, 2021 specifically allows the Examiner to communicate information received in the course of the Examination to Office of the United States Trustee.

9. The Examiner will also provide the Draft Report to BSP on or before February 16, 2022. BSP shall treat the Draft Report as "Confidential" under the terms of the Stipulated Confidentiality Agreement and Protective Order, so ordered by the Court on September 29, 2021 [ECF No. 128] pending the filing of the final report (the "Final Report").

10. The Draft Report will be provided to any creditor who agrees in writing to be bound by the terms set forth in this status report, and subject to an appropriate confidentiality order or agreement acceptable to the Debtor.

11. The inclusion of any privileged information in the Draft Report shall be deemed inadvertent and shall not waive any applicable privilege or protection from discovery in this case or any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

12. The Examiner requests that the Debtor provide any objections relating to confidentiality and/or privilege (the "Objections"), as well as advise of any other proposed corrections (the "Proposed Corrections") to the Draft Report by February 18, 2022, if possible. Each such Objection or Proposed Correction should indicate the specific text to which the Debtor objects, and be accompanied by specific reference to the document or other information that forms the basis for the Correction or Objection.

13. Unless a motion or other request concerning the Objections is filed with the Court on or before February 24, 2022, the Examiner will file the Final Report on February 25, 2022 or on such other date as ordered by the Court.

[*Signature page follows*]

21-22108-rdd    Doc 385    Filed 02/15/22    Entered 02/15/22 10:31:07    Main Document
Pg 5 of 9

                                                                **Respectfully Submitted,**

Dated:   New York, New York         **LOCKE LORD LLP**

           February 15, 2022

                                               By:   <u>*/s/ Stephanie Wickouski*</u>
                                                        Stephanie Wickouski
                                                        Chelsey Rosenbloom List
                                                        Brookfield Place
                                                        200 Vesey Street, 20th Floor
                                                       New York, NY 10281-2101

                                                        *Attorneys for Examiner*

# **EXHIBIT 1**



Brookfield Place, 200 Vesey Street
20th Floor
New York, NY 10281-2101
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Stephanie Wickouski
Direct Telephone: 212-912-2822
Direct Fax: 212-812-8366
swickouski@lockelord.com

December 1, 2021

<u>By Email</u>

Douglas Spelfogel
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
(dspelfogel@mayerbrown.com)

Re: *In re: 96 Wythe Acquisition LLC*, Case No. 21-22108 (RDD)

Dear Mr. Spelfogel,

As you are aware, this firm is the proposed counsel to Eric Huebscher, in his capacity as examiner in the above-referenced case (the "<u>Examiner</u>").[1] In accordance with the guidance provided by Judge Drain at today's status conference, subject to the parameters described herein, this letter serves as confirmation of the Examiner's agreement to maintain the confidentiality of documents and information provided to him during the scope of his investigation in the above-referenced matter.

The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has approved the appointment of the Examiner. *See Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 178] (the "<u>Original Examiner Appointment Order</u>" and, as amended by the *Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 193], the "<u>Examiner Appointment Order</u>"). The Court has also approved the appointment of Eric Huebscher as Examiner. *See Order Approving Appointment of Examiner* [ECF # 186].

In the course of his investigation (the "<u>Examination</u>"), the Examiner is entitled to receive and review documents and information. Information sought or obtained in the conduct of the Examination shall be subject to a confidentiality protocol, as set forth in this letter.

The provision of confidential information to the Examiner is subject to the right of any party to (i) challenge in the Court the Examiner's right to obtain information that is claimed to be privileged

---

[1]    Eric Huebscher was named the Examiner pursuant to this Court's order dated November 16, 2021. [ECF # 186].

and (ii) seek a protective order or similar protection from the Court with respect to privileged or confidential information sought or proposed to be disclosed by the Examiner.

Once the Examiner has determined which documents or information he intends to use in his report (the "<u>Proposed Public Information</u>"), to the extent any Proposed Public Information has been designated as confidential or privileged by the party that provided it to the Examiner (the "<u>Providing Party</u>"), the Examiner will inform such Providing Party of his intent to disclose the Proposed Public Information to permit the Providing Party that shared such Proposed Public Information to seek a protective order or similar protection from the Court, subject to any objections the Examiner or other parties may assert to the Providing Party's request that the Proposed Public Information be treated as confidential or privileged.

For the avoidance of doubt, regardless of any designation of confidentiality provided by a Providing Party, the Examiner shall be permitted to make available or communicate information received in the course of his Examination to the following:

1. Counsel (and staff working under the direction of counsel) for the Examiner and any other professionals employed or retained by the Examiner,

2. Persons who have prepared or assisted in the preparation or delivery of the documents containing the information at issue, or to whom the documents or copies thereof were originally addressed or delivered;

3. Any person that the Examiner interviews, questions, and/or deposes, if any, in connection with the Examiner Appointment Order, provided that such information concerns the person being interviewed, questioned and/or deposed, or is necessary in order to properly interview, question and/or depose such person;

4. Court personnel and/or court reporters who are actively engaged in connection with the above-referenced chapter 11 case;

5. The Office of the United States Trustee; or

6. Any person who otherwise would be entitled to review the information as a result of federal or state laws.

Based on the foregoing representations, and in accordance with Judge Drain's instructions at the December 1, 2021 status conference, please confirm that you will provide access to all documents and information requested by the Examiner by close of business on December 2, 2021.

Very truly yours,

*Stephanie Wickouski*

Stephanie Wickouski

SW:nm

Mr. Douglas Spelfogel
December 1, 2021
Page 3

cc: Chelsey Rosenbloom (by email chelsey.rosenbloom@lockelord.com)
Eric Huebscher (by email ehuebscher@huebscherconsulting.com)
Leah Eisenberg (by email leisenberg@mayerbrown.com)
Greg Zipes (by email greg.zipes@usdoj.gov)
Bradley O'Neill (by email BOneill@KRAMERLEVIN.com)