# Exhibit A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

96 WYTHE ACQUISITION LLC,

            Debtor.

Chapter 11

Case No. 21-22108 (RDD)

### ORDER GRANTING NON-DEBTOR THIRD-PARTY MIRIAM GROSS' MOTION TO QUASH AND/OR MODIFY SUBPOENA DIRECTED TO AND SERVED UPON JPMORGAN CHASE BANK, N.A.

Upon the motion (the "**Motion**") of Non-Debtor Third-Party Miriam Gross ("**Ms. Gross**"), for entry of an order (this "**Order**"), pursuant to 11 U.S.C. §§ 105(a) and 1104(c) and Rules 7026, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), quashing and/or modifying the subpoena directed and served upon JPMorgan Chase Bank, N.A. ("**Chase**") demanding production of bank statements and checks from Ms. Gross' personal account ending in 3556 and others (the "**Chase Subpoena**"); and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and Ms. Gross having standing to pursue said relief pursuant to *Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y. 1990), *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002), and their progeny; and due and sufficient notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all objections to the Motion, if any, having been overruled or otherwise resolved; and the Court having found and determined that the legal and factual bases set forth in the Motion establish

just cause for therelief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

A.    The Motion is granted as provided herein.

B.    The Chase Subpoena is quashed and/or modified to the extent it seeks any information related to Ms. Gross' personal account ending in 3556 or any other.

C.    The Examiner may not investigate Ms. Gross absent further order of the Court.

D.    The subpoenas issued by the Examiner shall be limited to the Examination Topics, and the Examiner is directed to serve amended subpoenas consistent with the foregoing.

E.    This Order shall be effective and enforceable immediately upon entry hereof.

F.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:                , 2022
New York, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE