# Exhibit B

## Declaration of Miriam Gross

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>          Debtor. | Chapter 11<br><br>Case No. 21-22108 (RDD) |

**DECLARATION OF MIRIAM GROSS IN SUPPORT OF NON-DEBTOR THIRD-PARTY MIRIAM GROSS' MOTION TO QUASH AND/OR MODIFY SUBPOENA DIRECTED TO AND SERVED UPON JPMORGAN CHASE BANK, N.A.**

I, Miriam Gross, hereby submit this declaration (the "**Declaration**") under penalty of perjury:

1. I am the Operations Manager of the debtor and debtor-in-possession (the "**Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**").

2. I have reviewed and am familiar with the contents of the *Non-Debtor Third-Party Miriam Gross' Motion to Quash and/or Modify Subpoena Directed to and Served Upon JPMorgan Chase Bank, N.A.* (the "**Motion**").[1] I submit this Declaration in support of the Motion.

3. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of the matters set forth herein.

4. I am over eighteen (18) years of age, and I am authorized to submit the Declaration. If called upon to testify, I could and would competently testify to the facts set forth herein from my own personal knowledge, except as otherwise stated.

---

[1] Capitalized terms used in this Declaration but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

1

5.  I am neither an owner, nor an executive, nor an insider of the Debtor, nor a relative of any of the same nor of Ms. Toby Moskovits or Mr. Michael Lichtenstein. I am a salaried employee with no control over the Debtor or their operations.

6.  Between July 20, 2018 and August 10, 2018, I provided personal loans to the Debtor on six occasions:

    (a)  On July 20, 2018, I loaned $20,000.00 to 96 Wythe Acquisition, LLC from my personal account ending in 3556. The loan was repaid on July 24, 2018.

    (b)  On July 23, 2018, I loaned $53,000.00 to 96 Wythe Acquisition LLC from my personal account ending in 3556. $50,000 of principal was repaid on August 17, 2018 and $3,000.00 of principal was repaid on August 20, 2018.

    (c)  On October 24, 2018, I loaned $100,000.00 to 96 Wythe Acquisition, LLC from my personal account ending in 3556. The loan was repaid on October 24, 2018.

    (d)  On November 30, 2018, I loaned $125,000.00 to 96 Wythe Acquisition, LLC from my personal account ending in 3556. The loan was repaid on December 31, 2018.

    (e)  On January 25, 2019, I loaned $75,000.00 to 96 Wythe Acquisition, LLC from my personal account ending in 3556. The loan was repaid on May 29, 2019.

    (f)  On August 10, 2018, 96 Wythe Acquisition LLC reimbursed $2,250.00 to my personal account ending in 3556 for payment of two FDNY violations. The payments were due that day and the 96 Wythe Acquisition LLC credit cards were not working and so I paid the violations.

7.  On February 10, 2022, I became aware that several entities related to the Debtor or its insiders and affiliates received notice from JPMorgan Chase, N.A. ("**Chase**") that Chase had received subpoenas requesting release of information related to my personal bank account ending in 3556 and that Chase intended to timely comply therewith.

8.  I did not receive such notice directly at my home address.

9.  On February 11, 2022, my counsel contacted the Chase legal department who

informed them that an identical letter had been sent to my address on February 3, 2022. That representative, however, could not advise whether Chase had yet produced any material regarding my personal accounts but advised that she would escalate the request for information on an emergent basis and that counsel should expect a return call within two business days.

10. As of this filing, counsel has not received a return call from Chase.

11. On February 11, 2022, counsel faxed a letter to JPMorgan Chase's legal department, per instructions by the aforementioned Chase representative, notifying the bank that they intended to file a motion to quash and/or modify the Chase Subpoena on my behalf as soon as practicable.

12. My personal bank accounts are not linked to the Debtor's accounts nor are they linked to any affiliate of the Debtor's accounts; they are also not linked to the Debtor's affiliated Management Company's accounts nor are they linked to any affiliate of the affiliated Management Company's accounts.

13. Because I use my personal bank accounts as the primary operating account for my day-to-day expenses, statements reflecting that account activity and copies of the checks that I have written from that account reveal various personal details about my daily life and shine a bright light upon my most private affairs.

14. Producing said bank records for review by the Examiner would constitute an invasion of my personal privacy and such invasion would present an undue burden upon myself and my family.

15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct.

Executed on February 13, 2022.    By: _____

39657376.4