# **Exhibit C**

# **Chase Subpoena**

**LOCKE LORD LLP**
Stephanie Wickouski
Chelsey Rosenbloom
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone:   (212) 912-2824
Facsimile:    (212) 812-8394
*Attorneys for Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>               Debtor. | Chapter 11<br><br>Case No. 21-22108 (RDD) |

**NOTICE OF SUBPOENA DIRECTED TO AND SERVED UPON**
**JPMORGAN CHASE BANK, N.A.**

**PLEASE TAKE NOTICE** that on December 17, 2021, pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9016 of the Federal Rules of Bankruptcy Procedure, and in accordance with the *Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 224], Eric M Huebscher, in his capacity as examiner in the above-referenced case, by and through his attorneys, will serve a Subpoena to Produce Documents, Information, and Objects in the above-captioned case on JPMorgan Chase Bank, N.A., LA4-7200, 700 Kansas Lane, Monroe, LA, 71203 and JPMorgan Chase, National Subpoena Processing, 7610 W. Washington Street, Indianapolis, IN 46231.  A copy of the Subpoena is attached as Exhibit 1.

Dated: New York, New York  **LOCKE LORD LLP**
December 17, 2021

By: */s/ Stephanie Wickouski*
Stephanie Wickouski
Chelsey Rosenbloom
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281-2101
*Attorneys for Examiner*

2

# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN District of NEW YORK

In re 96 WYTHE ACQUISITION LLC
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. 21-22108 (RDD)

Chapter 11

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: JPMORGAN CHASE BANK, N.A.
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

| PLACE | DATE AND TIME |
|---|---|
| Locke Lord LLP, Brookfield Place, 200 Vesey Street, 20th Floor, New York, NY 10281 Attn: Stephanie Wickouski | December 31, 2021 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 17, 2021

_____     /s/ Stephanie Wickouski
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

CLERK OF COURT    OR

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Eric Huebscher, Examiner , who issues or requests this subpoena, are:

Stephanie Wickouski, Locke Lord LLP, Brookfield Place, 200 Vesey Street, 20th Floor, New York, NY 10281-2101, (212) 912-2822, swickouski@lockelord.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

21-22108-rdd    Doc 393-4    Filed 02/16/22    Entered 02/16/22 16:37:33    Exhibit C - Chase Subpoena    Pg 6 of 14

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

21-22108-rdd    Doc 393-4    Filed 02/16/22    Entered 02/16/22 16:37:33    Exhibit C - Chase Subpoena    Pg 7 of 14

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A

LOCKE LORD LLP
Stephanie Wickouski
Chelsey Rosenbloom
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone:     (212) 912-2824
Facsimile:     (212) 812-8394
*Attorneys for Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 21-22108 (RDD) |
|---|---|

### EXAMINER'S DOCUMENT REQUESTS TO JPMORGAN CHASE BANK, N.A.

Pursuant to rule 26, 34, and 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable herein by rules 7026, 7034, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 7026-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), Eric M Huebscher, in his capacity as examiner in the above-referenced case (the "Examiner"), by and through his undersigned counsel, hereby requests that "You" (as defined below) produce on a rolling basis "Documents" (as defined below) and things requested herein for inspection and copying at the offices of Locke Lord LLP, Brookfield Place, 200 Vesey Street, 20th Floor, New York, New York 10281 by December 31, 2021 (the "Request").

### DEFINITIONS

Pursuant to Local Rule 7026-1, Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules")

1

applies to discovery requests made in cases under the Bankruptcy Code. Accordingly, the terms "communication," "concerning," and "document" are synonymous with the same terms in Local Civil Rule 26.3 but are set forth below as well for ease of reference. Additional terms not defined in the Local Civil Rules or elsewhere in this document but used in this document are ascribed the following meanings:

1. **"Communication(s)"** is defined as the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. **"Concerning"** is defined as relating to, referring to, describing, evidencing, or constituting.

3. **"Document(s)"** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. Federal Rule 34(a)(1)(A) provides:

> Any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. . . .

Fed. R. Civ. P. 34(a)(1)(A).

4. **"You"** or **"Your"** refers to JPMorgan Chase Bank, N.A., and any of its parents, subsidiaries, affiliates, or any predecessor entities, and any other Persons acting on behalf of the foregoing.

Additionally, as used herein, "**Accounts**" means any or all of the following bank accounts with You: 96 Wythe Acquisition LLC account ending in -2297, 96 Wythe Acquisition LLC account ending in -3906, 96 W Development LLC account ending in -9022, The Williamsburg Hotel BK

LLC account ending in -8317, The Williamsburg Hotel BK LLC account ending in -8662, The Williamsburg Hotel BK LLC account ending in -9637, Unknown Bank Account Chase account ending in -3138, Unknown Bank Account Chase account ending in -7387, Unknown Bank Account Chase ending in -8878, Unknown Bank Account Chase ending in -7255, Unknown Bank Account Chase ending in -2128, Unknown Bank Account Chase ending in -7071, Unknown Bank Account Chase ending in -1798, Unknown Bank Account Chase ending in -1379, Unknown Bank Account Chase ending in -3556, Unknown Bank Account Chase ending in – 1195, Unknown Bank Account Chase ending in – 8898, Unknown Bank Account Chase ending in – 1798, Unknown Bank Account Chase ending in – 3509, any other accounts with You in the name of 96 Wythe Acquisition LLC, 96 W Development LLC, The Williamsburg Hotel BK LLC or Northside Acquisition, and any other account that is or has been linked to any of the foregoing accounts.

As used herein "**Unknown Bank Account**" refers to an account that is or has been linked to one or more of the following accounts: 96 Wythe Acquisition LLC Ending 2297, 96 Wythe Acquisition LLC Ending 3906, 96 W Development LLC Ending 9022, The Williamsburg Hotel BK LLC Ending in 8317, The Williamsburg Hotel BK LLC Ending in 8662, The Williamsburg Hotel BK LLC Ending in 9637.

### INSTRUCTIONS

1. **Bates Stamping:** Bates-stamp all Documents and native file names with consecutive numbers. Each individual page should be separately stamped.

2. **Diligent Inquiry:** Persons answering this Request on Your behalf are directed to make a diligent search of all records within Your possession, custody, or control including Your files and electronic mail.

3. **Forms of Response:** In responding to the Request, set forth the Request in full before providing the response and specify the particular Bates range responsive to each individual request.

3

21-22108-pbt Doc 303-4 Filed 02/16/22 Entered 02/16/22 16:31:33 Exhibit C - Chase Subpoena Pg 11 of 14

4. **Documents Generally:** You are required to produce the originals or legible exact copies of all Documents described in the Request in Your actual or constructive possession, custody, or control. Documents in the possession or custody of Your employees, agents, and contractors are considered to be within Your control. If there are no Documents in Your possession, custody, or control that are responsive to this Request, so state in writing.

5. **Claim of Privilege**: Where a claim of privilege is asserted in response to any of the following Requests and any information is not provided on the basis of such assertion, provide the following information:

(a) the nature of the privilege being claimed;

(b) the Request to which it is responsive;

(c) the nature of information or the subject matter of the Document; and

(d) all other Persons to whom the information or copies of the Document, or any portions thereof, have been disclosed.

6. **Lost, Removed, Destroyed, or Altered Documents**: If any Document responsive to this Request has been lost, removed, destroyed, or altered prior to the service of this Request, produce for each such Document: (1) a description of the Document to the extent known, and the last time and location that the Document is known or believed to have existed; (2) the date, sender, recipient and other Person(s) to whom copies were sent, subject matter, present location, and location of any copies; and (3) the identity of any Person authorizing or participating in any removal, destruction, or alteration of the Document and the method and circumstances of such removal, destruction, or alteration.

7. **Ongoing Duty:** Should You determine that any response to these requests contains omissions or inaccuracies, You have an ongoing duty to supplement or correct Your response.

8. **Duty to Preserve**: You are required to preserve and maintain any Documents that are related to the subject matter of this Request, regardless of whether You deem them responsive to the Requests herein. You shall instruct Your employees, contractors, and agents to do the same and shall take steps to ensure that they fulfill these obligations.

9. **Construction of Terms:** Pursuant to Local Civil Rule 26.3(d), the following rules of construction apply:

(a) All/Any/Each. The Terms "all," "any," and "each" shall each be construed as encompassing any and all.

(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c) Number. The use of the single form of any word includes the plural and vice versa.

## DOCUMENTS TO BE PRODUCED

**YOU ARE TO PRODUCE:**

1. All bank statements and cancelled checks for the Accounts from January 1, 2017 to present.

2. Documents sufficient to identify any accounts that have been closed with You in the name of 96 Wythe Acquisition LLC, 96 W Development LLC, Northside Acquisition, or The Williamsburg Hotel BK LLC at any time from January 1, 2017 to present.

Dated: New York, New York  
December 17, 2021

**LOCKE LORD LLP**

By: */s/ Stephanie Wickouski*
Stephanie Wickouski
Chelsey Rosenbloom
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281-2101
*Attorneys for Examiner*