Presentment Date and Time: February 24, 2022 at 10:00 a.m (Eastern Time)
Response Deadline: February 23, 2022 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed): March 8, 2022 at 10:00 a.m. (Eastern Time)

**MAYER BROWN LLP**
Douglas Spelfogel
Leah Eisenberg
Dabin Chung
1221 Avenue of the Americas
New York, New York  10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

*-and-*

**BACKENROTH FRANKEL & KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York  10022
Telephone:  (212) 593-1100
Facsimile:  (212) 644-0544

*Co-Counsel to the Debtor
and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.: 21-22108 (RDD) |

## NOTICE OF PRESENTMENT OF STIPULATION AND ORDER

**PLEASE TAKE NOTICE** that, 96 Wythe Acquisition LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), will present the *Stipulation and Order by and between the Debtor and the Town of Islip*, substantially in the form attached hereto as **Exhibit A** (the "Stipulation and Order"), for signature to the Honorable Robert D. Drain, United States Bankruptcy Judge, of the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "Court") for signature on **February**

**24, 2022 at 10:00 a.m. (Eastern Time)**.  The Debtor also submits the *Declaration of Michael Lichtenstein In Support of Debtor's Stipulation and Order Resolving Proof of Claim No. 13* attached hereto as **Exhibit B** in support of the Stipulation and Order.

**PLEASE TAKE FURTHER NOTICE** that any response or objection (each, a "Response") must be in writing, shall conform to and comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Court:  (a) by registered users of the Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (b) by all other parties in interest, in text-searchable portable document format (PDF) (with a hard copy delivered directly to chambers), under the customary practices of the Court and General Order M-399, to the extent applicable, and served on (i) the attorneys for the Debtor, Mayer Brown LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Douglas Spelfogel, Leah Eisenberg) and Backenroth Frankel & Krinsky, LLP, 800 Third Avenue, New York, New York 10022 (Attn: Mark Frankel), and (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Greg M. Zipes), so as to be received no later than **February 23, 2022 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that, if no written Response is timely filed and served, the Debtor may, on or after the Response Deadline, submit to the Court the Stipulation and Order, which may be entered with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that if one or more response are received by the Response Deadline and not resolved, a hearing will be held before the Court on **March 8, 2022 at 10:00 a.m. (Eastern Time)** (the "Hearing").  Participants are required to register their appearance

2

by 4:00 p.m. the day before any scheduled Zoom® hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  In the event a Hearing is held, failure to appear at the Hearing may result in the Court granting the Stipulation and Order without further notice or hearing.

Dated:  February 16, 2022
New York, New York

Respectfully submitted,

By: */s/ Douglas Spelfogel*
Douglas Spelfogel
Leah Eisenberg
Dabin Chung
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York  10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910
Email:  dspelfogel@mayerbrown.com
        leisenberg@mayerbrown.com
        dchung@mayerbrown.com

*-and-*

Mark Frankel
**BACKENROTH FRANKEL & KRINSKY, LLP**
800 Third Avenue
New York, New York  10022
Telephone:  (212) 593-1100
Facsimile:  (212) 644-0544
Email:  mfrankel@bfklaw.com

*Co-Counsel to the Debtor and Debtor-in-Possession*

# EXHIBIT A

**Stipulation and Order**

*Execution Version*

**MAYER BROWN LLP**
Douglas Spelfogel
Leah Eisenberg
Dabin Chung
1221 Avenue of the Americas
New York, New York  10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

*-and-*

**BACKENROTH FRANKEL & KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York  10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544

*Co-Counsel to the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 96 WYTHE ACQUISITION LLC, | Case No.: 21-22108 (RDD) |
| Debtor. | Related Docket No. 259 |

**STIPULATION AND ORDER BY AND BETWEEN
THE DEBTOR AND THE TOWN OF ISLIP**

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof by and among 96 Wythe Acquisition LLC (the "Debtor"), and the Town of Islip ("Islip" and together with the Debtor, the "Parties") with respect to the proof of claim filed by Islip, by and their respective undersigned counsel.

**Recitals**

  A. On April 29, 2016, Islip filed a complaint against several defendants alleging that the defendants engaged in illegal disposal of hazardous waste materials on Roberto Clemente Park in Islip, New York, in violation of federal, New York state, and common law.  Thereafter, by amended complaint dated May, 24, 2019, the Debtor was named as an additional defendant.  This litigation is pending in the District Court for the Eastern District of New York, under the caption *Town of Islip v. Thomas Datre Jr., et. al.*, Case No. 2:16-cv-02156 (the "District Court Action").  The Debtor denies it engaged in any illegal activity.

  B. As of the date of this Stipulation and Order, no judgment has been entered against the Debtor, and any claims held by Islip against the Debtor relating to the District Court Action are stayed and unliquidated.

  C. On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

  D. On June 2, 2021, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 41] (the "Bar Date Order"), establishing certain dates and deadlines for filing proofs of claim in this chapter 11 case.  Among other things, the Bar Date Order established July 15, 2021, at 5:00 p.m. (prevailing Eastern) as the last date and time for all persons and entities that assert a claim against the Debtor which arose on or prior to the Petition Date to file a proof of claim.  On November 5, 2021, the Court entered the *Supplemental Order Establishing the Deadline For Filing Proofs of Claims and*

*Approving the Form and Manner of Notice Thereof* [Docket No. 177], amending the deadline for filing proofs of claim to December 15, 2021, at 5:00 p.m. (prevailing Eastern).

E.  On November 23, 2021, Islip filed a proof of claim represented on the Debtor's claim registry as claim no. 13 (the "Filed Claim"), asserting that it is entitled to an unsecured claim in the amount of $4,000,000.00 due to property damage by the Debtor, as more fully set forth in the amended complaint in the District Court Action. The Debtor also scheduled the claim represented on the Debtor's Amended Schedules [Docket No. 205] (the "Amended Schedule") as number 3.64 (the "Scheduled Claim" and together with the Filed Claim, the "Claim"). On December 27, 2021, the Debtor filed the *Debtor's (I) Objection to Claim No. 13 Filed by Town of Islip and (II) Motion to Estimate Claim No. 13 Pursuant to Sections 105 and 502 of the Bankruptcy Code* [Docket No. 259] (the "Claim Objection").

F.  Subsequent to the filing of the Claim Objection, the Parties have engaged in good faith discussions concerning the appropriate amount of liability (if any) of the Debtor relating to the claims and defenses asserted in the District Court Action. To fully resolve the Debtor's issues and defenses concerning the Claim and to avoid further motion practice, the Parties have agreed to enter into and now jointly submit this Stipulation and Order.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED:**

1.  The above recitals are incorporated herein in their entirety.

2.  The Claim held by Islip represented by proof of claim number 13 is allowed, as a prepetition, general unsecured claim against the Debtor in the amount of $100,000.00. To the extent the Debtor's proposed Chapter 11 plan [Docket No. 196] (the "Plan") is confirmed by the Court, the Claim shall be paid under and in accordance with Article 4 of the Plan. If the Court

3

declines to confirm the Plan, the Claim shall be paid under any alternative Chapter 11 plan that may be confirmed.

3. The resolution described in Paragraph 2 shall incorporate and result in the full and final release of all claims by Islip against the Debtor relating to the District Court Action upon which the Filed Claim or the Scheduled Claims (or any portion of them) are based. Except for the resolution described in Paragraph 2, and except for the preceding sentence, nothing in this Stipulation and Order shall be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and Order regarding any claim or right that such Party may have against any other Party with respect to the District Court Action.

4. The terms of this Stipulation shall be deemed to fully resolve any and all claims (as defined in section 101(5) of the Bankruptcy Code) that Islip asserts or may have against the Debtor and its estate. Islip hereby agrees not to assert any additional claims in connection with this Chapter 11 case.

5. Except as provided for above, the Parties shall and do release each other and any other parties, including their respective officers, directors, affiliates, agents, managers, attorneys, and anyone acting on behalf of such Parties from anything relating to the Claim and the District Court Action.

6. Within 7 business days after this Stipulation and Order is approved by the Court, counsel for the Debtor will file a notice of appearance in the District Court Action and Islip will file the Parties' necessary joint settlement motion in the District Court Action.

7. This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original. A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original.

8. This Stipulation and Order may not be modified, amended, altered, changed or waived, except in a writing signed by all Parties.

9. Each of the undersigned counsel represent that he or she is authorized to execute this Stipulation and Order on behalf of his or her respective client.

10. Each of the Parties to this Stipulation and Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Order, that they have full knowledge of and have consented to this Stipulation and Order. For the avoidance of doubt, nothing herein shall constitute an assumption of any contract or agreement between the Parties.

11. The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

12. This Stipulation and Order is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained.

13. This Stipulation and Order shall become binding and enforceable upon being "So Ordered" by the Court.

| | |
|---|---|
| Dated:  February 16, 2022<br>           New York, New York | Respectfully submitted,<br><br>By:  */s/ Douglas Spelfogel*<br>Douglas Spelfogel<br>Leah Eisenberg<br>Dabin Chung<br>**MAYER BROWN LLP**<br>1221 Avenue of the Americas<br>New York, New York  10020<br>Telephone:  (212) 506-2500<br>Facsimile:  (212) 262-1910<br>Email: dspelfogel@mayerbrown.com<br>           leisenberg@mayerbrown.com<br>           dchung@mayerbrown.com<br><br>*-and-*<br><br>Mark Frankel<br>**BACKENROTH FRANKEL & KRINSKY, LLP**<br>800 Third Avenue<br>New York, New York  10022<br>Telephone: (212) 593-1100<br>Facsimile: (212) 644-0544<br>Email: mfrankel@bfklaw.com<br><br>*Co-Counsel to the Debtor and Debtor in Possession*<br><br>By:  */s/ Edward J. LoBello*<br>Edward J. LoBello<br>**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**<br>1350 Broadway, Suite 1420<br>New York, New York 10018<br>Telephone:  (212) 763-7030<br>Facsimile:  (212) 239-1311<br>Email: elobello@msek.com<br><br>*-and-* |

Michael J. Cahill
**GERMANO & CAHILL, P.C.**
4250 Veterans Memorial Highway
Holbrook, New York 11741
Telephone: (631) 588-8778
Facsimile: (631) 588-2550
Email: mjc@germanocahill.com

*Co-Counsel to Town of Islip*

**SO ORDERED**

Dated : February __, 2022
      White Plains, New York

                                              HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**Lichtenstein Declaration**

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.:  21-22108 (RDD) |

**DECLARATION OF MICHAEL LICHTENSTEIN IN SUPPORT OF DEBTOR'S STIPULATION AND ORDER RESOLVING PROOF OF CLAIM NO. 13**

1. My name is Michael Lichtenstein. I am the Manager of the above-captioned debtor and debtor-in-possession, 96 Wythe Acquisition LLC (the "Debtor") along with Toby Moskovits. Ms. Moskovits and I also own and operate Heritage Equity Partners located at 679 Driggs Avenue, Brooklyn, New York, NY 11211. I am authorized to make this declaration on behalf of the Debtor

2. I submit this declaration on behalf of the Debtors in support of the *Stipulation and Order By and Between the Debtor and the Town of Islip* (the "Stipulation"), submitted concurrently herewith. Except as otherwise indicated, all facts set forth in this declaration are based on my personal knowledge, my discussions with the Debtor's management team and advisors, my review of relevant documents and information provided to me or verified by other executives, management, employees, or advisors of the Debtor, or my opinion based on my experience and knowledge of the Debtor's operations and financial condition, and, if called upon to testify, I could and would testify competently to the facts set forth herein.

3. On November 23, 2021, the Town of Islip (the "Claimant") filed proof of claim no. 13 (the "Claim") totaling $4,00,000.00 (the "Claim Amount") due to property damage by the Debtor.

4. After reviewing its books and records and determining the Claim Amount was inconsistent with the debtor's outstanding accounts payable, on December 27, 2021, the Debtor

objected to this claim, filing the *Debtor's (I) Objection to Claim No. 13 Filed by Town of Islip and (II) Motion to Estimate Claim No. 13 Pursuant to Sections 105 and 502 of the Bankruptcy Code* [Docket No. 259] (the "Claim Objection"). In the Claim Objection, the Debtor sought to expunge the Claim based upon its books and records.

5. Subsequent to the filing of the Claim Objection, the Debtor and the Claimant have engaged in good-faith, arm's-length discussions concerning the total liability of the Debtor relating to the liability to the Claimant by the Debtor. In furtherance of these discussions, the Debtor requested from the Claimant additional information and documentation to further ascertain that portion of the Claim Amount that was disputed by the Debtor. After reviewing this information and consulting with its professionals, the Debtor determined the best course of action was to fully resolve the Debtor's issues concerning the Claim and to avoid further motion practice, unnecessary expense and delay, the Debtor and the Claimant agreed to enter into the Stipulation.

6. Though the Debtor does not agree with the assertions contained in the Claim, failure to modify the Claim could result in the allowance of the Claim in full, which would yield an excess recovery to the Claimant to the detriment of the other creditors in this case. Reducing the Claim will also enable the Debtor to maintain an accurate claims register. I therefore believe it is entirely reasonable that the Debtor settles with the Claimant and enters into the Stipulation, avoiding the unnecessary expense, uncertainty, and other negative consequence that could arise if the claim dispute further lingered.

7. Specifically, the Stipulation resolves the Claim with the payment set at the amount of $100,000.00 (the "Payment"). With the Payment, the Debtor is able to eliminate uncertainty surrounding the Claim, avoiding further litigation and thereby minimizing further administrative costs. I believe that the sum of $100,000.00 is a reasonable settlement value, given the nature of

the services provided and the expected costs and delay to the estate to litigate the Claim. The settlement of the Claim and the proposed Payment to the Claimant reasonably accounts for the disputed amounts and for the additional information provided by the Claimant.

8.  Accordingly, based upon consideration of the relevant facts and positions asserted by the Debtor and the Claimant, the Debtor believes that the settlement and compromise embodied in the Stipulation is fair and equitable and rises well above the lowest range of reasonableness and should be approved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed on the 16th day of February, 2022.

                                            */s/ Michael Lichtenstein*
                                            Michael Lichtenstein