**Date and Time of Hearing: March 8, 2022 @ 10:00 a.m. (Eastern Standard Time)**
**Objection Deadline: March 1, 2022 @ 4:00 p.m. (Eastern Standard Time)**

MAYER BROWN LLP
Douglas Spelfogel
Leah Eisenberg
Jason L. Kirschner
Dabin Chung
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

*Co-Counsel to the Debtor*
*and Debtor in Possession*

BACKENROTH FRANKEL & KRINSKY, LLP
Mark Frankel
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544

*Co-Counsel to the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>　　　　　　　　　Debtor. | Chapter 11<br><br>Case No.: 21-22108 (RDD) |

### NOTICE OF HEARING

PLEASE TAKE NOTICE, that a telephonic hearing will be held on March 8, 2022, at 10:00 a.m. (the "Hearing") before the Honorable Robert D. Drain, through via Zoom® hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl to consider the annexed application ("Application") of the above captioned debtor (the "Debtor") for the entry of an order extending its 180-day period to solicit acceptances to a plan of reorganization under section 1121(d) of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE, that objections, if any, must be in writing, served upon the undersigned proposed Debtor's counsel, and filed with the Clerk of the Bankruptcy

Court, with a courtesy copy to the Honorable Robert D. Drain's chambers, so as to be received at least seven (7) days before the Hearing date.

Dated: February 21, 2022
      New York, New York

Respectfully submitted,

By: */s/ Douglas Spelfogel*
Douglas Spelfogel
Leah Eisenberg
Jason I. Kirschner
Dabin Chung
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
Email: dspelfogel@mayerbrown.com
      leisenberg@mayerbrown.com
      jkirschner@mayerbrown.com
      dchung@mayerbrown.com

*Co-Counsel to the Debtor
and Debtor in Possession*

Mark Frankel
**BACKENROTH FRANKEL & KRINSKY, LLP**
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544
Email: mfrankel@bfklaw.com

*Co-Counsel to the Debtor and
Debtor in Possession*

2

**Date and Time of Hearing: March 8, 2022 @ 10:00 a.m. (Eastern Standard Time)**
**Objection Deadline: March 1, 2022 @ 4:00 p.m. (Eastern Standard Time)**

MAYER BROWN LLP
Douglas Spelfogel
Leah Eisenberg
Jason L. Kirschner
Dabin Chung
1221 Avenue of the Americas
New York, New York  10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

BACKENROTH FRANKEL &
KRINSKY, LLP
Mark Frankel
800 Third Avenue
New York, New York  10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544

*Co-Counsels to the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 96 WYTHE ACQUISITION LLC, | Case No.: 21-22108 (RDD) |
| Debtor. | |

### THE DEBTOR'S MOTION TO EXTEND EXCLUSIVITY

96 Wythe Acquisition LLC (the "Debtor"), as and for its motion for an order extending its 180-day exclusivity period to solicit acceptances to a plan of reorganization (the "Exclusivity Period") for approximately 55 days to April 18, 2022, to facilitate the Court-directed mediation, and respectfully states:

## BACKGROUND

1.       The Debtor owns and operates the Williamsburg Hotel (the "Hotel") located at 96 Wythe Avenue, Brooklyn, New York (the "Property"). The Property is a 13-story, 160-room hotel with a rooftop pool, a bar and restaurant and a separate, elevated and enclosed bar that sits above the pool referred to as the Water Tower Bar. The Debtor has approximately 80-120 employees (adjusted seasonally).

2.       On February 23, 2021, the Debtor filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

3.       On September 20, 2021, the Debtor filed its initial *Plan of Reorganization* [Docket No. 115], the plan, which as amended, and as may be further amended, modified, or supplemented (the "Plan"), and its initial *Disclosure Statement for Plan of Reorganization* pursuant to Chapter 11 of the Bankruptcy Code. [Docket No. 116].[1]

4.       The Plan provides for the preservation of the Hotel as a going concern, infusion of $10 million in cash[2], and payment to all creditors, including mechanics and materialman and general unsecured creditors, in full over time with interest, as well as preservation of tens of millions of dollars in equity.

5.       The Debtor has continuously worked closely with all interested parties throughout the plan formulation process. As the Debtor has incorporated multiple rounds of feedback from

---

[1] The Debtor subsequently filed a *First Amended Disclosure Statement for Plan of Reorganization* on October 15, 2021 [Docket No. 148], a *Second Amended Disclosure Statement for Plan of Reorganization* (the "Second Amended Disclosure Statement") on November 3, 2021 [Docket No. 167], and then a *Third Amended Disclosure Statement* (the "Third Amended Disclosure Statement") on November 25, 2021 [Docket No, 196]. As part of its Second Amended Disclosure Statement, the Debtor filed an Amended Plan of Reorganization, and then as concurrently with its Third Amended Disclosure Statement, filed a Second Amended Plan of Reorganization (defined above, including, as may be amended, modified, or supplemented, the "Plan").

[2] The Debtor is in the process of finalizing a further amended plan that includes, amongst other things, a cash infusion of $10 million.

the parties, the United States Trustee, and the Court, it has crafted a plan of reorganization that has been distributed to the parties for solicitation and for confirmation scheduled for April 7, 2022.[3]

6. Despite the Debtor's progress in the chapter 11 case, the Debtor's secured lender, Benefit Street Operating Partnership, L.P. ("BSP") has continued to maintain an aggressive stance against the Debtor's reorganization endeavors. In an effort to resolve this conflict and reduce open issues, BSP and the Debtor agreed to enter into a mediation to resolve their lingering issues and hopefully to reach a comprehensive framework for the Debtor's restructuring; mediation was set to commence in January 2022 with client sessions, with a formal mediation set for February 2022. Judge Shelley C. Chapman of the U.S. Bankruptcy Court of the Southern District of New York will serve as mediator. However, Judge Chapman requested that the mediation schedule be adjusted given certain unrelated scheduling issues with her calendar. To facilitate such, the confirmation hearing was continued to April 7, 2022. Although the Debtor still remains optimistic that the mediation can resolve many of the outstanding disputes with BSP before confirmation, given the rescheduled date for confirmation of the Plan, the Debtor seeks to extend the Exclusivity Period to maintain the status quo consistent with the rescheduled hearing on confirmation of the Plan.[4]

7. The Debtor's Exclusivity Period pursuant to Bankruptcy Code section 1121 expires on February 22, 2022, [Docket No. 364], but the Confirmation Hearing is scheduled for April 7,

---

[3] As further detailed below, the Confirmation Hearing was adjourned from February 15, 2022, to March 8, 2022 [Docket No. 358], and thereafter, ultimately to April 7, 2022, to facilitate a Court-ordered mediation. The Debtor anticipates submission of an updated scheduling order in the near future.

[4] The Parties also anticipate mediating issues raised by the examiner as part of the pending mediation. A draft report issued by the examiner which raises a number of questions regarding transfers is contested, and remains under review. Irrespective, as noted, the Parties have agreed that any issues raised by such would be included as initial mater through the mediation process.

3

2022. [Docket No. 358]. A prior application by BSP to terminate exclusivity was denied by the Court. [Docket No. 190].

**RELIEF REQUESTED HEREIN**

8.      By this application, the Debtor seeks to extend the Exclusivity Period so that it is extended to April 18, 2022, in order to accommodate updated schedules and the Confirmation Hearing now being held on April 7, 2022. Extending the Exclusivity Period to April 18, 2022, would provide the Debtor adequate time to conduct solicitation and secure confirmation of the Plan. The extension of the Exclusivity Period will ensure that the Debtor is able to run the solicitation and confirmation process for the Plan without unnecessary risk of disruption and confusion that would be created by multiple proposed plans of reorganization.

9.      The statutory bases for the relief requested herein are sections 105(a) and 1121(d) of the Bankruptcy Code, together with Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2.

10.     The exclusivity period established by section 1121 of the Bankruptcy Code allows a debtor and debtor in possession to formulate and propose a plan of reorganization and to solicit acceptances of such plan without the deterioration and disruption to restructuring its businesses that might be caused by competing plans by non-debtor parties. If, as here, a debtor is proceeding in good faith, but the Exclusivity Period will run before the debtor can solicit votes to the plan and confirm its plan, section 1121(d) of the Bankruptcy Code allows the court to extend the periods for "cause."

11.     Specifically, section 1121(d) of the Bankruptcy Code provides that, on request of a party in interest made within the respective periods specified in subsections (b) and (c) of section 1121 and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in section 1121. The 120-day period for the debtor to exclusively formulate and propose a plan may not be extended beyond a date that is 18 months after the date

4

of the order for relief under this chapter. The 180-day period for the debtor to have the exclusive right to solicit acceptances of its plan of reorganization may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter. 11 U.S.C. § 1121(d).

12.     It is well established that a finding of "cause" to extend the exclusivity period is left to the sound discretion of the bankruptcy court, and should be based upon the facts and circumstances of a particular case. *See In re Borders Group, Inc.*, 460 B.R. 818, 821 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity.") (citation omitted); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006) ("A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact-specific."). Although the Bankruptcy Code does not define "cause" for an extension of the debtor's exclusivity period, courts have looked to the legislative history of section 1121(d) of the Bankruptcy Code for guidance. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Courts have found that Congress did not intend that the 120- and 180-day periods be a hard and fast rule. *See Amko Plastics*, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity). Rather, Congress intended that the exclusivity period be of an adequate length, given the circumstances, for a debtor to formulate, negotiate, draft, and confirm a viable plan of reorganization, without the disruption to its business that would occur with competing plans. *See Geriatrics Nursing Home, Inc. v. First Fidelity Bank, N.A.* (*In re Geriatrics Nursing Home, Inc.*), 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition . . . is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business.").

13.     When determining whether cause exists for an extension of the exclusivity period, courts have relied on a variety of factors, each of which may provide sufficient grounds for granting such extension. Factors considered by the courts in making such a determination have included: (a) the size and complexity of the case; (b) the necessity of sufficient time to negotiate and prepare adequate information; (c) the existence of good-faith progress toward reorganization; (d) whether the debtor is paying its debts as they come due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiating with creditors; (g) the time the case has been pending; (h) whether the debtor is seeking the extension to pressure creditors; and (i) whether unresolved contingencies exist. *See, e.g., Adelphia*, 352 B.R. at 587; *In re Borders Group, Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011); *In re 221-06 Merrick Blvd. Assocs. LLC*, 2010 WL 5018265, at *4 (Bankr. E.D.N.Y. Dec. 3, 2010); *Continental Casualty Co. v. Burns & Roe Enters., Inc.* (*In re Burns & Roe Enters., Inc.*), 2005 U.S. Dist. LEXIS 26247, at *11-12 (D.N.J. 2005); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. at 409-10. Not all of the above-mentioned *Adelphia* factors "are relevant in every case . . . . It is within the discretion of the bankruptcy court to decide which factors are relevant and give appropriate weight to each." *In re Hoffinger Industries, Inc.*, 292 B.R. 639, 644 (8th Cir BAP 2003).

14.     Applying these factors to the facts and circumstances demonstrates that the requested extensions are appropriate, as an overwhelming majority of the *Adelphia* factors, which weighed in favor of the Court's prior extension of exclusivity until February 22, continue to weigh in favor of further extending exclusivity to April 18, 2022.

15.     As to the first factor, the Debtor submits that it has been working towards confirmation of the Plan during a difficult winter season due to the Omicron variant, attempting

6

to, among others, administer its claims (filing claim objections and commencing an adversary proceeding against BSP), solicit votes from creditors, and respond to the Examiner's production requests and other inquiries, and coordinating with the non-Debtors to streamline the production process. While this is not a 'mega' chapter 11, the Hotel has been valued at approximately $113 million, with a significant creditor body, including a secured lender, taxing authority, mechanics and materialman, and general unsecured creditors, and the case trajectory has proven this chapter 11 case to be a particularly contentious and complex one. As such, the Debtor submits that the first factor weighs in favor of extension of exclusivity.

16. As to the second factor, many of the Debtor's professionals have been retained post-petition and over the past period since the approval of the disclosure statement have been working diligently, negotiating with various creditors, prosecuting claims' objections, responding to objections raised by BSP, and working with experts and advisors in furtherance of confirmation of the proposed plan of reorganization. The second element supports an extension.

17. As to the third factor, the Debtor respectfully submits that the Debtor is making good-faith progress toward reorganization. The Debtor has distributed its solicitation package to all the interested parties while preparing for a mediation with BSP as well as negotiating settlements with various significant creditors. The third element supports an extension.

18. As to the fourth factor, with the exception of a pending dispute with New York City Department of Finance ("NY City"), which the Debtor contests, the Debtor is not currently delinquent on any of its bills, and has operated profitably during the chapter 11 case, with approximately $3 million in cash held in its bank accounts.[5] The fourth factor supports an extension.

---

[5] There is a pending dispute with the NY City with respect to certain real estate and use taxes asserted by NY City. The Debtor filed an objection to the claims filed by NY City with respect to real property taxes (which are controlled

19. As to the fifth element, the Debtor has in fact already filed a viable plan of reorganization and currently soliciting for creditor votes. The Debtor has also retained financial advisors to advise on the valuation aspects of plan confirmation. As such, the fifth element factor supports an extension.

20. On the sixth factor, the Debtor has maintained active dialogue with all of the interested parties and made significant process in negotiating with most of its creditors. The Debtor has consensually resolved some of its claim objections and will be filing stipulations with the Court in due course. In this regard, while objections to claims remain open with respect to certain claims, the Debtor has resolved over $16 million in disputed claims, and anticipated settlements or adjudicating the remaining open claims' objections concurrently with the plan confirmation process as contemplated under the scheduling order entered in the case. Further, as noted above, a Court-ordered mediation has been set to address the most contentious issues, with the hearing on confirmation of the Plan having been rescheduled to accommodate such mediation schedule. As such, the sixth factor supports an extension.

21. The seventh factor, *i.e.*, consideration of how long the chapter 11 case has been pending and how many extensions of the exclusivity period the Debtors have had, weighs in favor of an extension. The Debtor has been in a chapter 11 for a little over a year (well within the statutorily prescribed outside date) and the extension is being sought given the parties' agreement (and in particular with BSP) to move out confirmation to facilitate the rescheduling of the mediation.

---

by a certain settlement agreement entered between the Debtor and NY City subject to approval pursuant to the Plan), and to certain use taxes, which the Debtor asserts are the obligations of the Management Company. There is also a pending dispute with NY City with respect to the allocation of payments made by the Debtor to NY City, and with respect to payment of real estate taxes going forward. The Debtor anticipates that the foregoing will be resolved by agreement in the near term, and to the extent that any taxes remain open beyond such, the Debtor is holding over $3 million in cash that is more than sufficient to cover any such amounts due, if any.

22. The eighth factor also weighs in favor of extension of exclusivity. Here, the Debtor is not requesting an extension to pressure creditors to submit to the Debtor's demands. The Debtor is on track to getting its proposed plan of reorganization confirmed by the Court and simply submits this request to ensure that it still retains exclusivity in the unlikely event that the confirmation is further delayed. The eighth factor supports an extension.

23. The ninth and final factor, *i.e.*, the existence of an unresolved contingency, is not applicable, as there are no contingencies that need to be resolved to confirm the Debtor's Plan.

24. In summary, all of the *Adelphia* factors support the Debtor's request for an extension of exclusivity, and, as such, the Debtor respectfully submits that cause exists to extend the Exclusivity Period as requested herein.

## RESERVATION OF RIGHTS

25. The Debtor expressly reserves all rights to amend, modify, or withdraw this request and to seek a further extension if necessary.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court order extending the Exclusivity Period through and including April 18, 2022, without prejudice, and granting such other, further, and different relief as this Court may deem just and proper.

Dated: February 21, 2022
   New York, New York

Respectfully submitted,

By: */s/ Douglas E. Spelfogel*
Douglas Spelfogel
Leah Eisenberg
Jason I. Kirschner
Dabin Chung
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Facsimile: (212) 506-1910
Email: dspelfogel@mayerbrown.com
   leisenberg@mayerbrown.com
   jkirschner@mayerbrown.com
   dchung@mayerbrown.com

*Co-Counsel to the Debtor
and Debtor-in-Possession*

Mark Frankel
**BACKENROTH FRANKEL
& KRINSKY, LLP**
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544
Email: mfrankel@bfklaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.: 21-22108 (RDD) |

## **ORDER**

Upon the application of 96 Wythe Acquisition LLC (the "Debtor") for an order extending the Debtor's 180-day exclusivity period (the "180 Day Period") to solicit acceptances to a plan of reorganization by approximately 55 days and upon the hearing held before this Court on March 8, 2022; it is

ORDERED, that the 180 Day Period is extended through and including April 18, 2022; and it is further

ORDERED, that this Order is without prejudice to the rights of the Debtor and/or other parties.

Dated:_____, 2022
       White Plains, New York

                                                                HONORABLE ROBERT D. DRAIN
                                                                UNITED STATES BANKRUPTCY JUDGE