**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Adam C. Rogoff
P. Bradley O'Neill
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
Lee B. Hart, Esq.
201 17th Street, Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

Gary M. Freedman, Esq.
2 South Biscayne Blvd., 21st Floor
Miami, Florida 33131
Telephone: (305) 373-9400
Facsimile: (305) 373-9443

*Co-Counsel for Benefit Street Partners*
*Realty Operating Partnership, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
                                                                 :
In re:                                                           :   Chapter 11
                                                                 :
96 WYTHE ACQUISITION LLC,                                        :   Case No. 21-22108 (RDD)
                                                                 :
                        Debtor.                                  :
                                                                 :
----------------------------------------------------------------- X

**LENDER'S OBJECTION TO DEBTOR'S MOTION TO CLARIFY
PROTOCOL FOR RELEASE OF EXAMINER REPORT; CONFIRM
DEADLINES, RESPONSE TO STATUS REPORT; AND RELATED RELIEF**

1

Benefit Street Partners Realty Operating Partnership, L.P.[1] ("**Benefit Street**") submits this objection (the "**Objection**") in response to the *Motion to Clarify Protocol for Release of Examiner Report; Confirm Deadlines, Response to Status Report; and Related Relief* [Dkt. No. 397] (the "**Protocol Motion**") filed by 96 Wythe Acquisition LLC (the "**Debtor**").

## OBJECTION

1.  The Examiner provided copies of his draft report (the "**Draft Report**") to the Debtor, the mediator and Benefit Street at midday on Thursday, February 17, 2020.[2] Less than five hours later, professing not to have reviewed the Draft Report, the Debtor filed the Protocol Motion, seeking, among other things, the creation of a "protocol" to govern its review of the draft. In particular, the Debtor seeks to review the Draft Report to identify privileged or confidential information requiring redaction, as well as supposed substantive "errors" in the Examiner's findings or conclusions. If the Examiner does not agree to redact information the Debtor claims is privileged or confidential or declines to "correct" what the Debtor argues are "errors," the Debtor also seeks the right to contest those determinations before this Court. The Debtor supports its motion with two declarations leveling numerous charges against the Examiner, including that he has created a "misleading narrative" and "an adverse work environment." Protocol Motion ¶ 17.

2.  The filing of the Examiner's final report will be a central event in the case. Not only do sections 1106(b) and (a)(4) of the Bankruptcy Code require the Examiner to file a

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries, operates as Franklin Templeton. Franklin BSP Realty Trust is a publicly traded entity on the New York Stock Exchange under the ticker symbol FBRT.

[2] At the Examiner's request, before receiving the Draft Report, Benefit Street agreed that (i) it would treat the draft report as "Confidential Information" under the terms of the Stipulated Confidentiality Agreement and Protective Order, so ordered by the Court on September 29, 2021 [Dkt. No. 128] pending the filing of the Examiner's final report and (ii) the inclusion of any privileged information in the draft report would be deemed inadvertent and would not waive any applicable privilege or protection from discovery in this case or any other federal or state proceeding.

2

"statement of his investigation" "as soon as practicable," but prompt resolution of the Protocol Motion is necessary to facilitate the ongoing confirmation litigation. The filing of the Examiner's final report will trigger additional briefing by both sides and its substance will likely be a topic of the upcoming discovery and evidence at the confirmation hearing.[3] Parties in interest should also have access to the conclusions of the Examiner as an independent estate fiduciary.

3.    The Draft Report is just over 30 pages long. The Debtor has now had it for over four days. That is ample time to perform the largely ministerial task of identifying any purportedly privileged or confidential information and presenting particularized claims on those topics to the Examiner for his review. If the Debtor and the Examiner cannot reach agreement on proposed redactions, these straightforward issues should be presented to the Court and resolved by the end of this week.

4.    The Debtor's request for the right to litigate over purported "corrections" to the Draft Report is overreaching and should be rejected. The Draft Report describes the *Examiner's* investigation and the conclusions that the *Examiner* reached as a result of that investigation. While the Debtor may attempt to persuade the Examiner that certain of his findings or conclusions are erroneous, it has no right to force the Examiner to modify them. Any such changes based on substantive "corrections" lie exclusively in the discretion of the Examiner himself.

5.    While there is no basis to allow the Debtor to contest the Examiner's substantive conclusions before his report is filed, the Debtor remains free to criticize his report after that occurs, if the Debtor concludes that course is advisable. *See* October 29, 2021 Hr'g Tr. 34:15-18 [Dkt. No. 176] ("So if after an examiner issues a report either side spends an unusual amount of

---

[3] The Debtor asks the Court to deem the Draft Report subject to the mediation privilege. Benefit Street's agreement to treat the draft as confidential under the Court's protective order renders application of the mediation privilege unnecessary. Moreover, it would needlessly limit the parties' ability to address the issues raised by the Examiner in ongoing discovery.

3

time challenging it, I'll take that into account as far as their credibility is concerned; and that's on either side. ").

## CONCLUSION

For the foregoing reasons, Benefit Street respectfully requests that the Court (i) set an expedited hearing date for the Protocol Motion; (ii) require the prompt presentation and resolution of any disputes concerning alleged privileged or confidential information contained in the Draft Report; and (iii) deny the Protocol Motion to the extent the Debtor seeks the right to challenge the findings or conclusions contained in the Draft Report before this Court before the filing of the Examiner's final report.

Dated: February 22, 2022
      New York, New York

**KRAMER LEVIN NAFTALIS &FRANKEL LLP**

/s/  P. Bradley O'Neill
Adam C. Rogoff
P. Bradley O'Neill
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile:  (212) 715-8000
Email: arogoff@kramerlevin.com
       boneill@kramerlevin.com

*Co-Counsel for Benefit Street Partners Realty Operating Partnership, L.P.*

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
Lee B. Hart, Esq.
201 17th Street, Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

Gary M. Freedman, Esq.
2 South Biscayne Blvd., 21st Floor
Miami, Florida 33131

Telephone: (305) 373-9400
Facsimile: (305) 373-9443

*Co-counsel for Benefit Street Partners
Realty Operating Partnership, L.P.*