**LOCKE LORD LLP**
Stephanie Wickouski
Chelsey Rosenbloom List
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone:    (212) 912-2824
Facsimile:    (212) 812-8394
*Attorneys for Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>               Debtor. | Chapter 11<br><br>Case No. 21-22108 (RDD) |

**NOTICE OF MOTION TO MODIFY AGGREGATE CAP ON COMPENSATION
AND REIMBURSEMENT OF EXAMINER'S FEES AND EXPENSES**

    **PLEASE TAKE NOTICE** that Eric M. Huebscher, the duly appointed examiner (the "Examiner") for the chapter 11 bankruptcy estate of 96 Wythe Acquisition LLC (the "Debtor"), by and through his undersigned counsel, will move before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, on **March 8, 2022 at 10:00 A.M. (ET)**, or as soon thereafter as counsel may be heard, for entry of an Order modifying the aggregate cap on compensation and reimbursement of Examiner's fees and expenses (the "Motion").

    **PLEASE TAKE FURTHER NOTICE** that the hearing will be held via Zoom for Government only. To attend the hearing virtually, participants are required to register their appearances by 4:00 p.m. the day before the hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl

1

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court, together with a copy to the Chambers of Judge Drain, and served so as to be received no later than 4:00 p.m. prevailing Eastern Time on **March 1, 2022** (the "Objection Deadline"), upon (i) counsel for the Examiner, Locke Lord LLP, Brookfield Place, 200 Vesey Street, 20th Floor, New York, New York, 10281, Attn: Stephanie Wickouski and Chelsey Rosenbloom List (swickouski@lockelord.com and chelsey.list@lockelord.com); (ii) counsel for Benefit Street, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Adam C. Rogoff and P. Bradley O'Neill (arogoff@kramerlevin.com and boneill@kramerlevin.com); (iii) co-counsel to the Debtor, Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Douglas Spelfogel and Leah Eisenberg (dspelfogel@mayerbrown.com and leisenberg@mayerbrown.com); (iv) co-counsel to the Debtor, Backenroth Frankel & Krinsky, LLP, 800 Third Avenue, 11th Floor, New York, NY 10022, Attn: Mark A. Frankel (mfrankel@bfklaw.com); (v) the Office of the U.S. Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, NY 10014, Attn: Greg Zipes, Esq. (greg.zipes@usdoj.gov); and (vi) any party that requests service pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if no responses or objections are received by the Objection Deadline, the relief may be granted as requested in the Motion without further notice or a hearing.

| | |
|---|---|
| Dated: New York, New York<br>February 22, 2022 | **LOCKE LORD LLP**<br><br>By:  */s/ Stephanie Wickouski*<br>Stephanie Wickouski<br>Chelsey Rosenbloom List<br>Brookfield Place<br>200 Vesey Street, 20th Floor<br>New York, NY 10281-2101<br>Telephone: (212) 415-8600<br>Facsimile: (212) 812-8394<br>swickouski@lockelord.com<br>chelsey.list@lockelord.com<br>*Attorneys for Examiner* |

**Hearing Date: March 8, 2022 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: March 1, 2022 at 4:00 p.m. (Eastern Time)**

**LOCKE LORD LLP**
Stephanie Wickouski
Chelsey Rosenbloom List
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone:    (212) 415-8600
Facsimile:    (212) 812-8394
swickouski@lockelord.com
chelsey.list@lockelord.com
*Attorneys for Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-22108 (RDD) |

**MOTION TO MODIFY AGGREGATE CAP ON COMPENSATION**
**AND REIMBURSEMENT OF EXAMINER'S FEES AND EXPENSES**

Eric M. Huebscher, the duly appointed examiner (the "Examiner") for the chapter 11 bankruptcy estate of 96 Wythe Acquisition LLC (the "Debtor"), by and through his undersigned counsel, hereby submits this motion (the "Motion") seeking entry of an order modifying the aggregate cap on compensation and reimbursement of the fees and expenses of the Examiner from $350,000 to $850,000. In support of the Motion, the Examiner respectfully states as follows:

**PRELIMINARY STATEMENT**

1.    Since the Examiner's appointment on November 16, 2021, the Examiner and his professionals have focused their efforts on a single urgent objective – to conduct the independent investigation ordered by the Court and to submit a report which would provide the Court and all parties in the case with full transparency as to the Debtor's potential causes of action against,

among others, the Debtor's principals Michael Lichtenstein and Toby Moskovits. The Examiner has been diligent and persistent in this investigation. As an experienced forensic accountant who has served in many roles in restructuring cases, the Examiner followed best practices for the fact investigation and analysis of potentially avoidable transactions, focusing primarily on bank accounts and financial information. The Examiner's assignment, however, has been complicated by a series of matters.

2. *First*, the scope of the investigation proved to be much more complex than initially anticipated. Unlike a typical single asset case with a few bank accounts, the Debtor and its manager controlled a labyrinth of accounts far larger and more complex than would be expected for a single hotel. While such a business would normally only have a handful of accounts, the investigation uncovered approximately 50 bank accounts, and required analysis of tens of thousands of transactions.

3. *Second*, the Examiner faced persistent and determined resistance and non-compliance by the Debtor and its principals in response to the investigation. The Debtor and its principals engaged in numerous tactics to obstruct the investigation. Such tactics included refusing to provide basic financial records causing the Examiner to issue third party subpoenas, subsequently interfering with those third party subpoenas,[1] withholding and delaying production of documents, and even heavily redacting or altering certain documents.[2]

---

[1] The Debtor's efforts to resist the discovery requested through third party subpoenas included the filing of the *Debtor's Motion to Clarify and Amend Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c); Limit and/or Quash Subpoenas that Exceed Scope of Examination, and Related Relief* [ECF # 238] (the "Debtor's Motion"), followed by Debtor's counsel's direction to third parties not to comply with the subpoenas.

[2] *See, e.g.*, *Examiner's Motion to Enforce and Further Amend Second Amended Order Directing the Appointment of an Examiner* [ECF # 243] ("Examiner's Motion"); *Examiner's Motion for an Order Extending Time to File Report and Related Relief* [ECF # 315] (the "Motion to Extend Time"); *Examiner's Objection to Debtor's Motion to Clarify and Amend Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c); Limit and/or Quash Subpoenas that Exceed Scope of Examination, and Related Relief* [ECF # 265] In addition to formal pleadings, numerous letters to the Court from the Examiner's counsel were necessary to compel

2

4.  *Third,* the Debtor's actions and inactions resulted in the Examiner's need to seek assistance from the Court on multiple occasions, requiring increased involvement from the Examiner's counsel.

5.  *Fourth,* in light of the litigation before this Court and the Debtor's interference with the third party subpoenas served by the Examiner, the Examiner did not timely receive the information necessary for the Examiner to complete his report, and, the Examiner was forced to file the Motion to Extend Time.

6.  *Fifth,* the Examiner received a document over which the Debtor asserted privilege, which triggered a number of concerns on the part of the Examiner, including possible reporting requirements. The Examiner required immediate advice, analysis, and action on the part of his counsel in connection with this document. Ultimately, the Examiner directed his counsel to seek an *in camera* review, which was necessary to discretely elevate a highly sensitive matter for the Court's review.

7.  Notwithstanding these obstacles, the Examiner has made substantial progress on his investigation, and has generated the initial report requested and directed by the Court. The Examiner is now prepared to distribute the report in accordance with the Court's requirements. As set forth in detail in the report, the Examiner has identified a number of transfers and ledger entries that warrant further investigation. If appropriate, the Examiner will supplement his report as and when additional information and documentation is obtained.

8.  The Examiner and his counsel have made every effort to handle the investigation efficiently. However, given the unique circumstances in this case – which have been well

---

compliance with the Court's orders and permit the Examiner to accomplish his mandate. *See Letter to Hon Robert D. Drain Dated January 24, 2022 Regarding Privilege Dispute* [ECF # 340]; *Letter dated December 9, 2021 to Hon. Robert D. Drain* [ECF # 218]; *Letter dated December 7, 2021 to Hon. Robert D. Drain Requesting Status Conference* [ECF #214]; *Letter dated December 1, 2021 to Hon. Robert D. Drain* [ECF # 202].

documented in the record – it was simply impossible for the Examiner to carry out the investigation and discharge his obligations without significantly exceeding the cap. In an effort to complete the work within a compressed timeline, rather than compromise the investigation by going "pens down" at a critical juncture, the Examiner and his professionals continued to work to complete the investigation and report to meet the case timetable, even after the costs exceeded the fee cap.

9.      Accordingly, through this Motion, the Examiner seeks approval of a revised fee cap, in the amount of $850,000—an amount that will reflect the substantial work performed to date by the Examiner and his professionals, as well as the additional work necessary to complete the investigation.

## JURISDICTION & VENUE

10.     The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b) in which the Court may constitutionally enter a final order.

11.     Venue is proper under 28 U.S.C. §§ 1408 and 1409.

12.     This Motion is made pursuant to 11 U.S.C. 105(a).

## RELIEF REQUESTED

13.     By this Motion, pursuant to 105(a) of the Bankruptcy Code, the Examiner respectfully requests that the Court enter the proposed order attached hereto as Exhibit 1.

## BACKGROUND

**A.      General Case Background**

14.     On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtor continues to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committee of unsecured creditors or trustee has been appointed in this Chapter 11 Case.

15. The Debtor owns and operates the Williamsburg Hotel, a 147-room hotel located at 96 Wythe Avenue, Brooklyn, New York. As described more fully in the *Declaration of David Goldwasser, Chief Restructuring Officer of the Debtor* [ECF # 8], the filing was made, amongst other things, as a result of the COVID-19 pandemic, as well as the Debtor and its lender's ongoing dispute with respect to various asserted events of default and claims and counterclaims relating to the Hotel.

16. On October 15, 2021, Benefit Street Partners Realty Operating Partnership, L.P. filed its *Motion to Appoint an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 147], which was granted on November 8, 2021 by entry of the *Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 178] (the "Original Examiner Appointment Order").

17. On November 16, 2021, the Court entered the *Order Approving Appointment of Examiner* [ECF # 186] (the "Huebscher Appointment Order"), appointing Eric M. Huebscher as the Examiner in the above-captioned chapter 11 case.

18. The Original Examiner Appointment Order was subsequently amended on November 23, 2021 by entry of the *Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 193] and on December 14, 2021 by entry of the *Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [ECF # 224] (the "Second Amended Examiner Appointment Order").

19. Based on representations made to the Court that information was readily available which the Examiner would be able to access for his investigation, the Court initially established a fee cap in the amount of $250,000, subject to the Examiner's ability to increase the cap upon notice to the requisite parties. Second Amended Examiner Appointment Order, ¶ 7; Hr'g Tr. 47:12-20, Oct. 29, 2021 ([THE COURT:] "I also think that the examination should have a monetary limit to

5

it, again, subject to the examiner coming back, on notice to the parties, to the Court and saying, your assumptions, Judge, behind the dollar cap that you put on my examination has proven not to be borne out by my examination.").

20. On December 22, 2021, the Examiner filed the Examiner's Motion which sought, among other things, to compel performance with the Examiner's outstanding information and documentation requests and to modify the $250,000 fee cap. The Court granted the Examiner's Motion, increasing to $350,000 the aggregate cap on compensation and reimbursement of the Examiner's fees and expenses, "subject to further order of the Court modifying this amount for cause shown upon application by the Examiner explaining the basis for such request." *Order Granting Examiner's Motion to Enforce and Further Amend Second Amended Order Directing Appointment of an Examiner* [ECF # 288] ("Order Granting Examiner's Motion"), ¶ 4. By this Motion and consistent with the Order Granting Examiner's Motion, the Examiner is applying for a further increase of the fee/expense cap.

**B.    Background Concerning Examiner's Investigation**

21. Contrary to the Debtor's representations and assurances at the outset of this process, the Examiner has faced substantial and ongoing obstacles and challenges in conducting his investigation. *See, e.g.*, Examiner's Motion.

22. In an effort to understand and evaluate the transfers at issue in this investigation, and consistent with industry standards and good practice, the Examiner sought to assemble, review and analyze bank records for approximately 50 bank accounts, implicating tens of thousands of transfers and transactions. The banking and cash management structure utilized by the Debtor and its management company was extraordinarily complex and unusual for a business of the hotel's size. The Examiner needed to navigate this structure to assemble the information and documentation required for the investigation.

23. The Examiner believes that, contrary to their representations and statements to the Court, the Debtor's principals have failed to provide complete and satisfactory cooperation with the investigation. Indeed, on several occasions, the Debtor's principals have actively sought to impede and frustrate the investigation. At the apparent direction of its principals, the Debtor regularly failed to produce requested information, and, at times, even produced documents in such heavily redacted form such that they could not be reviewed. *Declaration of Eric M. Huebscher in Support of Examiner's Motion to Enforce and Further Amend Second Amended Order Directing Appointment of an Examiner* [ECF # 244] (the "Huebscher Dec. 22 Decl.") ¶¶ 8, 14, 16; *See Declaration of Eric M. Huebscher in Support of Examiner's Reply in Further Support of Examiner's Motion to Enforce and Further Amend Second Amended Order Directing Appointment of an Examiner* [ECF # 277] (the "Huebscher Jan. 7 Decl.") ¶¶ 8, 9; *See Declaration of Eric M. Huebscher in Support of Examiners Motion for an Order Extending Time to File Report and Related Relief* [ECF # 316] (the "Huebscher Jan. 19 Decl."), ¶ 13.

24. The Debtor also attempted to advance its own report to preempt the Examiner's investigation, which came in the form of the Declaration of Mark Podgainy, a managing director of Getzler Henrich & Associates LLC, which was attached to the unredacted version of *Debtor's Objection to Examiner's Motion to Enforce and Further Amended Order Directing the Appointment of an Examiner* [ECF # 268]. The Court rejected the Debtor's attempt to advance its own report to limit the Examiner's investigation. As will be detailed in the Examiner's report, this summary impeded the Examiner's work — not only because it was incomplete and inaccurate, but also because it was proffered as a justification to excuse or avoid the Debtor's compliance with the balance of the Examiner's requests for information and documentation.

7

25. Following the Debtor's inability and/or refusal to produce the full measure of requested bank records, the Examiner (i) issued third party subpoenas on December 16, 2021 and December 17, 2021, (a) requesting documents from banks holding records of accounts in the name of the Debtor, the Manager or accounts linked to the Debtor or Manager accounts and (b) seeking tax returns prepared or filed on behalf of the Debtor, the Manager, 96 W Development LLC or Northside, *see* Huebscher Dec. 22 Decl., ¶ 31, and (ii) filed the Examiner's Motion on December 22, 2021 to both enforce and further amend the second order directing the appointment of the Examiner. At substantially the same time, the Debtor filed the Debtor's Motion.

26. The Debtor's Motion was denied and the Examiner's Motion was granted by the Court during a hearing on January 10, 2022. *See* Order Granting Examiner's Motion; *Order Denying Debtor's Motion to Clarify and Amend Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c); Limit and/or Quash Subpoenas that Exceed Scope of Examination, and Related Relief* [ECF # 287].

27. On January 14, 2022, the last day by which full compliance was expected by the Court, the Examiner received two productions: (1) from the Chief Restructuring Officer and (2) from the Debtor. Huebscher Jan. 19 Decl., ¶¶ 8, 9.

28. In addition to the significant omissions in the Debtor's January 14 production, which the Examiner highlighted to the Debtor, the Examiner discovered that records for certain accounts in the name of the management company included in the January 14 production were not previously disclosed. Huebscher Jan. 19 Decl. ¶ 16.

29. Notwithstanding having been ordered to do so, (*see* Order Granting Examiner's Motion), the Debtor still did not provide complete responses to the Examiner's requests. The Debtor continued to withhold documents and information, forcing the Examiner to seek this

8

material directly from the third party banks.  Faced with substantial delays in assembling the information and documentation needed to complete his report, the Examiner sought an extension of the deadline to file his report.  While the extension was largely necessitated by the actions and inaction of the Debtor and its principals, the Debtor nonetheless refused to agree to an adequate extension. Thus, on January 19, 2022, the Examiner had no choice but to file the *Examiner's Motion for an Order Extending Time to File Report and Related Relief* [ECF # 315].[3]

30. On January 20, 2022, the Examiner received a document production from Ms. Bonnie Pollack, counsel to the Chief Restructuring Officer, responsive to the Examiner's pending document requests.  In the course of his review of that production, the Examiner found a document which gave rise to a number of concerns and disagreements with the Debtor, including but not limited to the Debtor's claim of privilege with respect to this document (the "*In Camera* Dispute"). The *In Camera* Dispute required careful and discrete escalation to the Court.  *See generally Letter to Hon. Robert D. Drain dated Jan. 24, 2022* [ECF # 340]; *Stipulation and Agreed Order Establishing Procedures for Submission of Briefs and Documentation in Connection with Resolution of Privilege Dispute* [ECF # 359].

31. Notwithstanding these extreme challenges, the Examiner completed his report on February 14, 2022.  Even though the Debtor had not seen the report, the Debtor was singularly focused on the report not being filed, or even seen by anyone else.  The Debtor attempted to pressure the Examiner to allow the Debtor a private review and objection process.  In the same vein, the Debtor sought to bar the Examiner from filing or disseminating the report unless and until the Debtor's changes were adopted *in toto*. By this remarkable request, the Debtor sought to

---

[3] Ultimately, the Debtor agreed to the requested extension, which was memorialized in the *Stipulation and Agreed Order between Debtor, Examiner and Benefit Street Extending Deadline to File Examiner's Report* [ECF # 339].

9

arrogate to itself full editorial control over the Examiner's report. In effect, the Debtor sought to be both the author (or, at the very least, the editor) of an investigation into its own conduct (as well as the acts and omissions of its principals).

32. The Examiner attempted to negotiate a stipulation with the Debtor and Benefit Street Partners Realty Operating Partnership, L.P. ("BSP") providing an orderly process for distribution of a draft report to the Debtor, the court-appointed mediator, and BSP, including a timetable for the filing of a motion for a protective order, which respects the current schedule for mediation and the plan confirmation process. Unfortunately, despite the best efforts of the Examiner's counsel to negotiate a globally acceptable process, the Debtor and BSP were unable to agree to a procedure or timetable.

33. In order to avoid unnecessary delay in disseminating the draft report and filing the final report, and to ensure openness and transparency, the Examiner filed the Examiner's *Status Report Regarding Submission of Examiner's Report* [ECF # 385], putting all parties on notice of the Examiner's proposed plan to disseminate the report in a manner consistent with the Court's prior orders. No objections or responses to the Status Report were filed. However, after the Examiner provided the draft report to the Debtor, the mediator and Benefit Street as indicated in the Status Report, the Debtor filed the *Motion to Clarify Protocol for Release of Examiner Report; Confirm Deadlines, Response to Status Report; and Related Relief* [ECF # 397]. The motion not only criticizes the Examiner for his actions, but also seeks to implement a process which would give the Debtor control over, and the ability to litigate the contents of, the report, before any other party would be allowed to see it. While the motion has not yet been heard, it reflects the degree to which the Examiner's assignment has faced unusual challenges and resistance from the Debtor and/or its controlling principals. In short, nothing about this investigation has been usual or

customary, and the Debtor continues to re-litigate the scope and terms of the Examiner's appointment at every juncture.

34. Throughout this case, the Examiner has continued to perform its duties with a laser beam focus on completing the investigation and preparing the report, even in the absence of a sufficient fee cap. Through this Motion, the Examiner seeks a modification of the fee cap to an amount commensurate with the work performed by the Examiner and his professionals in this case, and as well as the remaining tasks to be done to complete the investigation.

## ARGUMENT

35. The Court has the authority to modify and enforce its prior orders. Section 105 of the Bankruptcy Code allows courts to "enforce or implement" their earlier lawful orders – i.e., to "vindicate[] the interests of the court." *See NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.)*, 317 B.R. 260, 274 (Bankr. S.D.N.Y. 2004). "Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out the specific provisions of the Bankruptcy Code." *Gillman v. Cont'l Airlines (In re Cont'l Airlines)*, 203 F.3d 203, 211 (3rd Cir. 2000). The Order Granting Examiner's Motion permits an increase to the cap on the Examiner's fees and expenses for cause shown. *See* Order Granting Examiner's Motion ¶ 4. The Examiner respectfully requests that the Court modify the fee cap to $850,000 in light of the extraordinary efforts required by the Examiner and his professionals in this case, and the remaining work required to complete the investigation. In the face of the Debtor's resistance to the investigation, the Examiner was forced to prepare several court submissions and briefs, and to seek the Court's guidance on multiple occasions. Further the unexpectedly complex banking structure of the Debtor and the management company, which the Examiner needed to review to identify transactions and potential claims, significantly

11

increased the time that needed to be spent by the Examiner and his retained firm, Huebscher and Company. Either of these factors standing alone would constitute sufficient cause for an increase.[4]

36. The Examiner's fees and expenses incurred to date total approximately $775,000. As the Examiner's report will be filed in the coming days, the Examiner anticipates that his work in connection with this case is largely complete. As such, the Examiner submits that modifying the cap is warranted to permit the Examiner to request approval of reasonable fees and expenses already incurred and provide a sufficient cushion to permit the Examiner to complete his work in the case, including filing final fee applications and finalizing a process for dissemination of the report.

37. Increasing the cap on the Examiner's aggregate fees and expenses, of course, does not constitute allowance of such amounts, which will be subject to review in accordance with 11 U.S.C. §§ 330, 331 upon the submission of the Examiner's fee applications. In light of the requirement in the Order Granting Examiner's Motion that the Examiner seek an increase of the cap amount for cause, this Motion requests such increase, with the allowance of such fees and expenses to be determined in accordance with the fee applications submitted.[5]

WHEREFORE, the Examiner respectfully requests that the Court grant the Motion in its entirety, and such other and further relief as the Court deems just and proper.

---

[4] As noted, the *In Camera* Dispute required time and effort on the part of Examiner and his counsel.
[5] Reasonableness of professionals' fees is routinely viewed in the context of a specific case. *See e.g., In re Frontier Commc'ns Corp.*, 623 B.R. 358, 361 (Bankr. S.D.N.Y. 2020) (noting "the court has a record of what the professional achieved and the context in which the professional worked to help it decide what a reasonable fee would be under Section 330"). Here, the Examiner's fees are only a fraction of the fees in the case. *See e.g., Interim Fee Application of Mayer Brown LLC as Co-Counsel to the Debtor and Debtor in Possession, for the Period from August 4, 2021 through and including December 31, 2021* [ECF # 374], requesting approval of fees in the amount of $2,250,239.90 and expenses in the amount of $13,178.99 for the period of August 4, 2021 through and including December 31, 2021. Moreover, no official committee of unsecured creditors in this case, and thus there was no committee with an investigative role other than the Examiner, and no other party which conducted any independent review or analysis of claims which the Examiner could utilize.

                                        Respectfully Submitted,

Dated: New York, New York       **LOCKE LORD LLP**
       February 22, 2022

By: */s/ Stephanie Wickouski*
Stephanie Wickouski
Chelsey Rosenbloom List
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281-2101
Telephone: (212) 415-8600
Facsimile: (212) 812-8394
swickouski@lockelord.com
chelsey.list@lockelord.com
*Attorneys for Examiner*

# EXHIBIT 1

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-22108 (RDD) |

**ORDER GRANTING MOTION TO MODIFY AGGREGATE CAP ON COMPENSATION AND REIMBURSEMENT OF EXAMINER'S FEES AND EXPENSES**

Upon consideration of the motion (the "Motion")[1] for an order modifying the aggregate cap on compensation and reimbursement of Examiner's fees and expenses; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and upon the record of the hearing held by the Court on the Motion on March __, 2022; and, after due deliberation and for the reasons stated by the Court at the hearing, the Court having determined to grant the Motion to the extent set forth herein; and good and sufficient cause appearing, it is hereby

**ORDERED**, that:

1. The Motion is granted as set forth herein.

2. The $350,000 cap upon fees and expenses of the Examiner included in the Order Granting Examiner's Motion, is increased to $850,000, subject to further order of the Court

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

modifying this amount for cause shown upon application by the Examiner explaining the basis for such request.  Within the foregoing cap, the compensation and reimbursement of the Examiner and his professionals shall remain subject to 11 U.S.C. § 330 and 11 U.S.C. § 331.

3. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
       March __, 2022

_____
Honorable Robert D. Drain
United States Bankruptcy Judge