**LOCKE LORD LLP**
Stephanie Wickouski
Chelsey Rosenbloom List
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone:    (212) 415-8600
Facsimile:     (212) 812-8394
swickouski@lockelord.com
chelsey.list@lockelord.com
*Attorneys for Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-22108 (RDD) |

**EXAMINER'S RESPONSE TO DEBTOR'S MOTION
TO CLARIFY PROTOCOL FOR RELEASE OF EXAMINER REPORT; CONFIRM
DEADLINES, RESPONSE TO STATUS REPORT; AND RELATED RELIEF**

Eric M. Huebscher, the Court-appointed examiner (the "Examiner"), by his undersigned counsel, respectfully submits this response (the "Response"), in response to the Debtor's *Motion to Clarify Protocol for Release of Examiner Report; Confirm Deadlines, Response to Status Report; and Related Relief* [ECF # 397] (the "Motion"). The Examiner respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      Through its unusual Motion, the Debtor seeks editorial control over the Examiner's report — preventing further distribution of the report until all of the Debtor's putative objections and comments have been addressed. *See* Proposed Order Granting Debtor's Motion to Clarify Protocol for Release of Examiner Report and Confirm Deadlines, ¶¶ 3-4 (attached to the Motion

as Exhibit A)(the "Proposed Order").  The Debtor's proposed "protocol" for handling the Examiner's report is unnecessary and inappropriate.

2. The Examiner's singular objective in this case is to conduct an independent investigation into potential causes of action of the estate and to prepare and file a report as directed by this Court's orders.  The Examiner has consistently pursued his investigation in a manner that respects the Court's directives and instructions, and that fully protects the legitimate privilege and confidentiality expectations of the parties.  Notably, since receiving the Examiner's report on February 17, 2022 at 12:06 P.M. (ET), the Debtor has provided the Examiner **no** comments whatsoever based on privilege or otherwise.

## ARGUMENT

### A. *The Debtor's "Concerns" are Red Herrings*

3. In urging adoption of its protocol, the Debtor expresses "concern with the *potential* release of the examiner's report without protecting against the release of information that may be subject to privilege, work product, confidentiality, and/or includes errors, without any guardrails." *Id*. (emphasis added).  The Debtor speculates that "the Examiner *may* have a different (and erroneous) view as to what constitutes privileged documents, work product, and confidential information, and there *may* be errors (inadvertent or otherwise) in the report."  *Id.* (emphasis added).  Piling further speculation on speculation, the Debtor notes that "[t]his may in turn result in the inadvertent or intentional release of information that should be protected."  *Id*. (emphasis added).  If any such errors or erroneous disclosures actually existed, the Debtor has failed to identify them to the Examiner – despite having the draft report for over five days.

4. During the parties' prior privilege dispute, the Examiner scrupulously protected the privileged and confidential treatment of the document at issue.  The Examiner sought judicial relief

on this subject precisely for the purpose of ascertaining the necessary protection for the document. The Debtor has no basis for any legitimate concern with respect to privilege. This Court should deny the Motion for that reason alone.

**B.** *The "Protocol" Proposed by the Debtor is Bad Process and Would Vitiate the Investigation*

5.      The Debtor previously sought to re-litigate and narrow the scope of the examination. Now, through the Motion, the Debtor seeks to exercise control over the investigation by dictating the content and dissemination of the report. While couched as a "motion to clarify", the Motion in fact seeks to impose a procedure whereby the Debtor could control, censor and litigate the contents of the Examiner's report before other parties can even view it. The Proposed Order permits the Debtor to litigate not only disputes as to privilege or confidentiality, but also "proposed corrections" prior to filing of the report. *See* Proposed Order ¶¶ 1-2. Indeed, the Motion seeks to put up "guardrails" to prevent the release of the report. *See* Motion, ¶16.

6.      Prior to the completion of the report, the Examiner's counsel met and conferred with counsel for the Debtor and Benefit Street Partners Realty Operating Partnership, L.P. ("BSP"), in the interest of designing a process for distribution of the Examiner's report prior to its filing of the report. *See* Motion, ¶ 10; *Status Report Regarding Submission of Examiner's Report* (the "Status Report")¶ 6. While not required by the orders entered in the case, the Court indicated that the Examiner should make the draft report available to the Debtor, the other mediation party (BSP) and the mediator prior to filing the report. Despite the best efforts of the Examiner's counsel to negotiate a process for doing so, the Debtor and BSP were unable to agree to a procedure or timetable for distribution of the report. In the face of this impasse, and to avoid unnecessary delay in disseminating the draft report and filing the final report, the Examiner filed the Status Report to

3

set forth the timetable and process which the Examiner intended to follow prior to filing the report. The process proposed in the Status Report was consistent with the Court's prior orders and instructions, as well as the December 1, 2021 protocol governing confidentiality for matters concerning the Examiner's report. No objections to the Status Report were filed.

7. Following the filing of the Status Report and at the request of Debtor's counsel, the Examiner's counsel, Debtor's counsel, and BSP's counsel had a further meet and confer during the afternoon of February 15, 2022. The Examiner's counsel believed an understanding had been reached as to the distribution of the draft report. However, in the evening of the next day, on February 16, 2022, Debtor's counsel sent a draft stipulation to counsel to the Examiner and counsel to BSP that did not reflect the discussion during the February 15 meet and confer. In fact, parts of the Debtor's stipulation were directly contrary to what had been discussed.

8. Debtor's counsel's proposed stipulation gave the Debtor (and in effect, the Debtor's principals) considerable control over the content of the Examiner's report and would foreseeably delay the review of the report by anyone other than the Debtor for weeks. It would be improper for the Debtor's principals — who were specifically named as potential targets of the investigation in the order directing the appointment of an examiner — to control, influence, delay, or suppress the Examiner's report. Indeed, a "protocol" along these lines would make a mockery of the requirement that the investigation be independent. It is also contrary to the overarching chapter 11 objectives of openness and transparency. The Examiner did not agree to the stipulation. The Motion now seeks to present that same, improper process to the Court.

9. As stated in the Status Report, the Examiner's report contains no privileged or confidential information. For the Debtor to suggest that, based on prior disputes, it must check the Examiner's work to prevent the Examiner from revealing privileged information, blatantly distorts

the record. *See* Motion, ¶ 11, 16. The Examiner took pains to respect claims of privilege, even to the point of filing a motion *in camera* to ensure information over which privilege had been asserted would not be disclosed without the Court's review. The Examiner took this careful and painstaking approach to ensure that privilege was not violated. The record demonstrates that the Examiner handled the Debtor's asserted privilege exceedingly carefully. The Examiner's treatment of documents over which privilege has been asserted has been exemplary and could not give rise to any legitimate concern on the part of the Debtor.

10. While the Motion states that the Debtor has not yet reviewed the Examiner's report, much of the substance is a preemptive attack, based on the Debtor's anticipated "errors". *See* Motion, ¶¶ 16, 17, 19, 20. The Motion contains a multitude of conclusory, false and/or misleading statements. These statements offer no basis or support for the Debtor and its principals to insert themselves into the finalization and dissemination of the Examiner's report.

11. The Motion is accompanied by two declarations of Michael Lichtenstein, who is named in the order directing the appointment of the examiner as a subject of potential claims to be investigated. As a preliminary matter, the Examiner notes that Mr. Lichtenstein is a target of the investigation who has not yet been required to sit for deposition, and has not yet been subjected to cross-examination. As a target of the investigation, Mr. Lichtenstein has a substantial interest in the outcome of the investigation and the contents of the report. He certainly does not qualify as a disinterested fact witness in this matter.

12. Putting aside his limitations as a witness, Mr. Lichtenstein's declarations offer nothing in the way of substance regarding the proposed protocol. The first declaration was filed weeks ago, in response to a motion that had already been consented to. The Lichtenstein

declarations merely criticize and complain about the Examiner, making outrageous and factually insupportable statements accusing the Examiner, among other things, of bias and greed.

13. One glaring example of deceptiveness in Lichtenstein's declarations is his attempt to distinguish the alleged compliance of the "Debtor" with the admitted non-compliance of the "non-debtors" – a dubious distinction, since he controls both the Debtor and the non-debtors in question, and since the transfers among and between the Debtor and its affiliates are at the heart of the investigation and the Examiner's mandate. *See Declaration of Michael Lichtenstein With Respect to Motion to Clarify Protocol*, ¶ 4. In a pointed exchange after the Court's ruling at the January 10, 2022 hearing, the Court rejected Lichtenstein's argument that non-debtor affiliates are shielded from the Examiner's review and that the Examiner's review should be limited because of the Debtor's own conclusions regarding the transfers   Hr'g Tr. 34:5-9, Jan. 10, 2022 (responding to Lichtenstein, "[THE COURT:] He just can't take your word for it; it's that simple.  That's why I appointed him. I wasn't gonna take your word for it . . . that's why I appointed an Examiner.") Ironically, Lichtenstein states concern that the Examiner is (allegedly) dragging out the investigation, while at the same time Lichtenstein seeks to delay the Examiner's filing of the now-complete report. *See Declaration of Michael Lichtenstein*, ¶ 4. This inconsistency can only be explained by the conclusion that Lichtenstein, a target, believes the report may be damaging to him individually.

14. The Examiner reserves the right to supplement this Response as necessary or appropriate to further correct the record.

WHEREFORE, the Examiner requests that the Motion be denied and that the Court grant such other and further relief as may be just and proper.

                                              Respectfully Submitted,

Dated:  New York, New York              **LOCKE LORD LLP**
           February 22, 2022

                                        By:  */s/ Stephanie Wickouski* _____
                                                Stephanie Wickouski
                                                Chelsey Rosenbloom List
                                                Brookfield Place
                                                200 Vesey Street, 20th Floor
                                                New York, NY 10281-2101
                                                Telephone:  (212) 415-8600
                                                Facsimile:   (212) 812-8394
                                                swickouski@lockelord.com
                                                chelsey.list@lockelord.com

                                                *Attorneys for Examiner*