Presentment Date and Time: March 2, 2022 at 10:00 a.m  (Eastern Time)
Response Deadline: March 1, 2022 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed): March 8, 2022 at 10:00 a.m. (Eastern Time)

**MAYER BROWN LLP**
Douglas Spelfogel
Leah Eisenberg
Dabin Chung
1221 Avenue of the Americas
New York, New York  10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

*-and-*

**BACKENROTH FRANKEL &
KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York  10022
Telephone:  (212) 593-1100
Facsimile:  (212) 644-0544

*Co-Counsel to the Debtor
and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| 96 WYTHE ACQUISITION LLC, | Case No.: 21-22108 (RDD) |
| Debtor. | |

## NOTICE OF PRESENTMENT OF STIPULATION AND ORDER

**PLEASE TAKE NOTICE** that, 96 Wythe Acquisition LLC, the above-captioned debtor

and debtor-in-possession (the "Debtor"), will present the *Stipulation and Order by and between*

*the Debtor and Fair Harbor Capital, LLC, as Assignee of Top Shelf Staffing*, substantially in the

form attached hereto as **Exhibit A** (the "Stipulation and Order"), for signature to the Honorable

Robert D. Drain, United States Bankruptcy Judge, of the United States Bankruptcy Court for the

Southern District of New York, 300 Quarropas Street, White Plains, New York 10601

(the "Court") for signature on **March 2, 2022 at 10:00 a.m. (Eastern Time)**.  The Debtor also

submits the *Declaration of Michael Lichtenstein In Support of Debtor's Stipulation and Order

Resolving Proof of Claim No. 17* attached hereto as **Exhibit B** in support of the Stipulation and

Order.

     **PLEASE TAKE FURTHER NOTICE** that any response or objection (each,

a "Response") must be in writing, shall conform to and comply with the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and

shall be filed with the Court:  (a) by registered users of the Court's case filing system, electronically

in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and

(b) by all other parties in interest, in text-searchable portable document format (PDF) (with a hard

copy delivered directly to chambers), under the customary practices of the Court and General

Order M-399, to the extent applicable, and served on (i) the attorneys for the Debtor, Mayer Brown

LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Douglas Spelfogel, Leah

Eisenberg) and Backenroth Frankel & Krinsky, LLP, 800 Third Avenue, New York, New York

10022 (Attn: Mark Frankel), and (ii) the Office of the United States Trustee, U.S. Federal Office

Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Greg M. Zipes), so

as to be received no later than **March 1, 2022 at 4:00 p.m. (Eastern Time)** (the "Response

Deadline").

     **PLEASE TAKE FURTHER NOTICE** that, if no written Response is timely filed and

served, the Debtor may, on or after the Response Deadline, submit to the Court the Stipulation and

Order, which may be entered with no further notice or opportunity to be heard.

     **PLEASE TAKE FURTHER NOTICE** that if one or more response are received by the

Response Deadline and not resolved, a hearing will be held before the Court on **March 8, 2022 at**

**10:00 a.m. (Eastern Time)** (the "Hearing").  Participants are required to register their appearance by 4:00 p.m. the day before any scheduled Zoom® hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  In the event a Hearing is held, failure to appear at the Hearing may result in the Court granting the Stipulation and Order without further notice or hearing.

Dated:  February 22, 2022
        New York, New York

Respectfully submitted,

By: */s/ Douglas Spelfogel*
Douglas Spelfogel
Leah Eisenberg
Dabin Chung
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York  10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910
Email:  dspelfogel@mayerbrown.com
       leisenberg@mayerbrown.com
       dchung@mayerbrown.com

*-and-*

Mark Frankel
**BACKENROTH FRANKEL & KRINSKY, LLP**
800 Third Avenue
New York, New York  10022
Telephone:  (212) 593-1100
Facsimile:  (212) 644-0544
Email:  mfrankel@bfklaw.com

*Co-Counsel to the Debtor and Debtor-in-Possession*

## <u>EXHIBIT A</u>

**Stipulation and Order**

*Execution Version*

**MAYER BROWN LLP**
Douglas Spelfogel
Leah Eisenberg
Dabin Chung
1221 Avenue of the Americas
New York, New York  10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

*-and-*

**BACKENROTH FRANKEL &
KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York  10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544

*Co-Counsel to the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 96 WYTHE ACQUISITION LLC, | Case No.: 21-22108 (RDD) |
| Debtor. | Related Docket No. 252 |

**STIPULATION AND ORDER BY AND BETWEEN
THE DEBTOR AND FAIR HARBOR CAPITAL, LLC, AS ASSIGNEE OF TOP SHELF
STAFFING**

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof

by and among 96 Wythe Acquisition LLC (the "Debtor"), and Fair Harbor Capital LLC, as

assignee of Top Shelf Staffing ("Fair Harbor" and together with the Debtor, the "Parties") with

respect to the proof of claim filed by Fair Harbor, by and through their respective undersigned

counsel.

## **Recitals**

A.      On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.      On June 2, 2021, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 41] (the "Bar Date Order"), establishing certain dates and deadlines for filing proofs of claim in this chapter 11 case.  Among other things, the Bar Date Order established July 15, 2021, at 5:00 p.m. (prevailing Eastern) as the last date and time for all persons and entities that assert a claim against the Debtor which arose on or prior to the Petition Date to file a proof of claim.  On November 5, 2021, the Court entered the *Supplemental Order Establishing the Deadline For Filing Proofs of Claims and Approving the Form and Manner of Notice Thereof* [Docket No. 177], amending the deadline for filing proofs of claim to December 15, 2021, at 5:00 p.m. (prevailing Eastern).

C.      On December 16, 2021, Fair Harbor filed a proof of claim represented on the Debtor's claim registry as claim no. 17 (the "Filed Claim"), asserting that it is entitled to an unsecured claim in the amount of $4,477.75 for services rendered by Top Shelf Staffing to the Debtor.  The Debtor also scheduled the claim represented on the Debtor's Amended Schedules [Docket No. 205] (the "Amended Schedules") as number 3.63 (the "Scheduled Claim" and together with the Filed Claim, the "Claim").  After reviewing its books and records and determining the Claim Amount was inconsistent with the Debtor's outstanding accounts payable, on January 14, 2022, the Debtor objected to the Claim and filed the *Debtor's Objection to Claim*

2

*No. 17 Filed by Fair Harbor Capital, LLC, as Assignee of Top Shelf Staffing* [Docket No. 305] (the "Claim Objection").

D.      Subsequent to the filing of the Claim Objection, the Parties have engaged in good faith discussions concerning the appropriate amount of liability of the Debtor relating to the agreed-upon pre-petition services rendered by Top Shelf Staffing to the Debtor.  After reviewing additional information and consulting with its professionals, the Debtor determined the best course of action to fully resolve the Debtor's issues concerning the Claim and to avoid further motion practice, unnecessary expense and delay, the Parties have agreed to enter into and now jointly submit this Stipulation and Order.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED:**

1.      The above recitals are incorporated herein in their entirety.

2.      The Filed Claim held by Fair Harbor represented by proof of claim number 17 is allowed, as a prepetition, general unsecured claim against the Debtor in the amount of $4,477.75.

3.      The Scheduled Claim shall be deemed duplicative of the Filed Claim and therefore fully and finally satisfied upon entry of this Stipulation and Order.

4.      The resolution described in Paragraphs 2 and 3 shall incorporate and result in the full and final release of all claims by Fair Harbor and Top Shelf against the Debtor relating to the services upon which the Filed Claim or the Scheduled Claim (or any portion of them) are based. Except for the resolution described in Paragraphs 2 and 3, and except for the preceding sentence, nothing in this Stipulation and Order shall be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and Order regarding any claim or right that such Party may have against any other Party.

5.      The terms of this Stipulation shall be deemed to fully resolve any and all claims

(as defined in section 101(5) of the Bankruptcy Code) that Fair Harbor or Top Shelf assert or

may have against the Debtor and its estate to date relating to the Claim.  Fair Harbor hereby

agrees not to assert any additional claims relating to this Claim accruing up and to the date of the

Parties' execution of this Stipulation and Order in connection with this Chapter 11 case.

6.      Except as provided for above, the Parties shall and do release each other and any

other parties, including their respective officers, directors, affiliates, agents, managers, attorneys,

and anyone acting on behalf of such Parties from anything relating to the Claim.

7.      This Stipulation and Order may be signed in counterpart originals and delivered by

facsimile or email, which, when fully executed, shall constitute a single original.  A facsimile or

email signature delivered by portable data format (.pdf) shall be deemed an original.

8.      This Stipulation and Order may not be modified, amended, altered, changed or

waived, except in a writing signed by all Parties.

9.      Each of the Parties to this Stipulation and Order represents and warrants it is duly

authorized to enter into and be bound by this Stipulation and Order, and that they have full

knowledge of and have consented to this Stipulation and Order.

10.     The Bankruptcy Court shall retain exclusive jurisdiction with respect to any

matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other

actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

11.     This Stipulation and Order is subject to the approval of the Court and shall be of no

force and effect unless and until such approval is obtained.

12.     This Stipulation and Order shall become binding and enforceable upon being "So

Ordered" by the Court.

Dated:  February 22, 2022
      New York, New York

Respectfully submitted,

By: _/s/ Douglas Spelfogel_____

Douglas Spelfogel
Leah Eisenberg
Dabin Chung
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York  10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910
Email: dspelfogel@mayerbrown.com
      leisenberg@mayerbrown.com
      dchung@mayerbrown.com

*-and-*

Mark Frankel
**BACKENROTH FRANKEL &
KRINSKY, LLP**
800 Third Avenue
New York, New York  10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544
Email: mfrankel@bfklaw.com

*Co-Counsel to the Debtor and Debtor in
Possession*

By: _/s/ Fred Glass_____

Fred Glass
**FAIR HARBOR CAPITAL, LLC**
130 West 57th Street
New York, New York  10019
Telephone:  (212) 967-4024
Email: fred.glass@fairharborcapital.com

*Fair Harbor Capital, LLC as Assignee of Top
Shelf Staffing*

**SO ORDERED**

Dated : March__, 2022
White Plains, New York

_____

HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **<u>EXHIBIT B</u>**

**Lichtenstein Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

96 WYTHE ACQUISITION LLC,

Debtor.

Chapter 11

Case No.:  21-22108 (RDD)

**DECLARATION OF MICHAEL LICHTENSTEIN IN SUPPORT OF DEBTOR'S**
**STIPULATION AND ORDER RESOLVING PROOF OF CLAIM NO. 17**

1.      My name is Michael Lichtenstein.  I am the Manager of the above-captioned debtor

and debtor-in-possession, 96 Wythe Acquisition LLC (the "Debtor")  along with Toby Moskovits.

Ms. Moskovits and I also own and operate Heritage Equity Partners located at 679 Driggs Avenue,

Brooklyn, New York, NY 11211.  I am authorized to make this declaration on behalf of the Debtor

2.      I submit this declaration on behalf of the Debtors in support of the *Stipulation and*

*Order By and Between the Debtor and Fair Harbor Capital, LLC, as Assignee of Top Shelf Staffing*

(the "Stipulation"), submitted concurrently herewith.  Except as otherwise indicated, all facts set

forth in this declaration are based on my personal knowledge, my discussions with the Debtor's

management team and advisors, my review of relevant documents and information provided to me

or verified by other executives, management, employees, or advisors of the Debtor, or my opinion

based on my experience and knowledge of the Debtor's operations and financial condition, and, if

called upon to testify, I could and would testify competently to the facts set forth herein.

3.      On December 16, 2021, Fair Harbor Capital LLC (the "Claimant") filed proof of

claim no. 17 (the "Claim") totaling $4,477.75 (the "Claim Amount") for services rendered.

4.      After reviewing its books and records and determining the Claim Amount was

inconsistent with the debtor's outstanding accounts payable, on January 14, 2022, the Debtor

objected to this claim, filing the *Debtor's Objection to Claim No. 17 Filed by Fair Harbor Capital,*

*LLC, as Assignee of Top Shelf* [Docket No. 305] (the "Claim Objection").  In the Claim Objection, the Debtor sought to expunge the Claim based upon its books and records.

5.       Subsequent to the filing of the Claim Objection, the Debtor and the Claimant have engaged in good-faith, arm's-length discussions concerning the total liability of the Debtor relating to the services rendered by the Claimant to the Debtor. In furtherance of these discussions, the Debtor requested from the Claimant additional information and documentation to further ascertain that portion of the Claim Amount that was disputed by the Debtor. After reviewing this information and consulting with its professionals, the Debtor determined the best course of action was to fully resolve the Debtor's issues concerning the Claim and to avoid further motion practice, unnecessary expense and delay, the Debtor and the Claimant agreed to enter into the Stipulation.

6.       Though the Debtor does not agree with the assertions contained in the Claim, failure to modify the Claim could result in further motion practice which could burden the estate with legal fees that could be avoided by consensual resolution.  Resolving the dispute surrounding  the Claim will also enable the Debtor to maintain an accurate claims register. I therefore believe it is entirely reasonable that the Debtor settles with the Claimant and enters into the Stipulation, avoiding the unnecessary expense, uncertainty, and other negative consequence that could arise if the claim dispute further lingered.

7.       Specifically, the Stipulation resolves the Claim with the payment set at the amount of $4,477.75 (the "Payment").  With the Payment, the Debtor is able to eliminate uncertainty surrounding the Claim, avoiding further litigation and thereby minimizing further administrative costs.  I believe that the sum of $4,477.75 is a reasonable settlement value, given the nature of the services provided and the expected costs and delay to the estate to litigate the Claim. The

settlement of the Claim and the proposed Payment to the Claimant reasonably accounts for the disputed amounts and for the additional information provided by the Claimant.

8.      Accordingly, based upon consideration of the relevant facts and positions asserted by the Debtor and the Claimant, the Debtor believes that the settlement and compromise embodied in the Stipulation is fair and equitable and rises well above the lowest range of reasonableness and should be approved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed on the 22nd day of February, 2022.

                                                    */s/ Michael Lichtenstein*
                                                    Michael Lichtenstein