**Presentment Date and Time: March 2, 2022 at 10:00 a.m (Eastern Time)**
**Response Deadline: March 1, 2022 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed): March 8, 2022 at 10:00 a.m. (Eastern Time)**

**MAYER BROWN LLP**
Douglas Spelfogel
Leah Eisenberg
Dabin Chung
1221 Avenue of the Americas
New York, New York  10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

*-and-*

**BACKENROTH FRANKEL &
KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York  10022
Telephone:  (212) 593-1100
Facsimile:  (212) 644-0544

*Co-Counsel to the Debtor
and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>　　　　　　　　　Debtor. | Chapter 11<br><br>Case No.: 21-22108 (RDD) |

## NOTICE OF PRESENTMENT OF STIPULATION AND ORDER

**PLEASE TAKE NOTICE** that, 96 Wythe Acquisition LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), will present the *Stipulation and Order by and between the Debtor and National Grid*, substantially in the form attached hereto as **Exhibit A** (the "Stipulation and Order"), for signature to the Honorable Robert D. Drain, United States Bankruptcy Judge, of the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "Court") for signature on **March 2,**

**2022 at 10:00 a.m. (Eastern Time)**.  The Debtor also submits the *Declaration of Michael Lichtenstein In Support of Debtor's Stipulation and Order Resolving Proof of Claim No. 16* attached hereto as **Exhibit B** in support of the Stipulation and Order.

**PLEASE TAKE FURTHER NOTICE** that any response or objection (each, a "Response") must be in writing, shall conform to and comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Court:  (a) by registered users of the Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (b) by all other parties in interest, in text-searchable portable document format (PDF) (with a hard copy delivered directly to chambers), under the customary practices of the Court and General Order M-399, to the extent applicable, and served on (i) the attorneys for the Debtor, Mayer Brown LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Douglas Spelfogel, Leah Eisenberg) and Backenroth Frankel & Krinsky, LLP, 800 Third Avenue, New York, New York 10022 (Attn: Mark Frankel), and (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Greg M. Zipes), so as to be received no later than **March 1, 2022 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that, if no written Response is timely filed and served, the Debtor may, on or after the Response Deadline, submit to the Court the Stipulation and Order, which may be entered with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that if one or more response are received by the Response Deadline and not resolved, a hearing will be held before the Court on **March 8, 2022 at 10:00 a.m. (Eastern Time)** (the "Hearing").  Participants are required to register their appearance

2

by 4:00 p.m. the day before any scheduled Zoom® hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  In the event a Hearing is held, failure to appear at the Hearing may result in the Court granting the Stipulation and Order without further notice or hearing.

| | |
|---|---|
| Dated:  February 22, 2022<br>New York, New York | Respectfully submitted,<br><br>By: */s/ Douglas Spelfogel*<br>Douglas Spelfogel<br>Leah Eisenberg<br>Dabin Chung<br>**MAYER BROWN LLP**<br>1221 Avenue of the Americas<br>New York, New York  10020<br>Telephone:  (212) 506-2500<br>Facsimile:  (212) 262-1910<br>Email:  dspelfogel@mayerbrown.com<br>            leisenberg@mayerbrown.com<br>            dchung@mayerbrown.com<br><br>*-and-*<br><br>Mark Frankel<br>**BACKENROTH FRANKEL & KRINSKY, LLP**<br>800 Third Avenue<br>New York, New York  10022<br>Telephone:  (212) 593-1100<br>Facsimile:  (212) 644-0544<br>Email:  mfrankel@bfklaw.com<br><br>*Co-Counsel to the Debtor and Debtor-in-Possession* |

# EXHIBIT A

**Stipulation and Order**

*Execution Version*

**MAYER BROWN LLP**
Douglas Spelfogel
Leah Eisenberg
Dabin Chung
1221 Avenue of the Americas
New York, New York  10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

*-and-*

**BACKENROTH FRANKEL & KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York  10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544

*Co-Counsel to the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 96 WYTHE ACQUISITION LLC, | Case No.: 21-22108 (RDD) |
| Debtor. | Related Docket No. 252 |

**STIPULATION AND ORDER BY AND BETWEEN
THE DEBTOR AND NATIONAL GRID**

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof by and among 96 Wythe Acquisition LLC (the "Debtor"), and The Brooklyn Union Gas Company d/b/a National Grid ("National Grid" and together with the Debtor, the "Parties") with respect to the proof of claim filed by National Grid, by and through their respective undersigned counsel.

**Recitals**

A.    On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.    On June 2, 2021, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 41] (the "Bar Date Order"), establishing certain dates and deadlines for filing proofs of claim in this chapter 11 case. Among other things, the Bar Date Order established July 15, 2021, at 5:00 p.m. (prevailing Eastern) as the last date and time for all persons and entities that assert a claim against the Debtor which arose on or prior to the Petition Date to file a proof of claim. On November 5, 2021, the Court entered the *Supplemental Order Establishing the Deadline For Filing Proofs of Claims and Approving the Form and Manner of Notice Thereof* [Docket No. 177], amending the deadline for filing proofs of claim to December 15, 2021, at 5:00 p.m. (prevailing Eastern).

C.    On December 14, 2021, National Grid filed a proof of claim represented on the Debtor's claim registry as claim no. 16 (the "Filed Claim"), asserting that it is entitled to an unsecured claim in the amount of $46,014.57 for natural gas utilities rendered to the Debtor. The Debtor also scheduled the claim represented on the Debtor's Amended Schedules [Docket No. 205] (the "Amended Schedules") as number 3.44 (the "Scheduled Claim" and together with the Filed Claim, the "Claim"). After reviewing its books and records and determining the Claim Amount was inconsistent with the Debtor's outstanding accounts payable, on January 14, 2022, the Debtor objected to the Claim and filed the *Debtor's (I) Objection to Claim No. 16 Filed by*

2

*National Grid and (II) Motion to Estimate Claim No. 16 Pursuant to Sections 105 and 502 of the Bankruptcy Code* [Docket No. 304] (the "Claim Objection").

D.      Subsequent to the filing of the Claim Objection, the Parties have engaged in good faith discussions concerning the appropriate amount of liability of the Debtor relating to the agreed-upon pre-petition services rendered by National Grid to the Debtor. After reviewing additional information and consulting with its professionals, the Debtor determined the best course of action to fully resolve the Debtor's issues concerning the Claim and to avoid further motion practice, unnecessary expense and delay, the Parties have agreed to enter into and now jointly submit this Stipulation and Order.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED:**

1.      The above recitals are incorporated herein in their entirety.

2.      The Filed Claim held by National Grid represented by proof of claim number 16 is allowed, as a prepetition, general unsecured claim against the Debtor in the amount of $46,014.57

3.      The Scheduled Claim shall be deemed duplicative of the Filed Claim and therefore fully and finally satisfied upon entry of this Stipulation and Order.

4.      The resolution described in Paragraphs 2 and 3 shall incorporate and result in the full and final release of all claims by National Grid against the Debtor relating to the services upon which the Filed Claim or the Scheduled Claim (or any portion of them) are based. Except for the resolution described in Paragraphs 2 and 3, and except for the preceding sentence, nothing in this Stipulation and Order shall be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and Order regarding any claim or right that such Party may have against any other Party.

5. The terms of this Stipulation shall be deemed to fully resolve any and all claims (as defined in section 101(5) of the Bankruptcy Code) that National Grid asserts or may have against the Debtor and its estate to date. National Grid hereby agrees not to assert any additional claims accruing up and to the date of the Parties' execution of this Stipulation and Order in connection with this Chapter 11 case.

6. Except as provided for above, the Parties shall and do release each other and any other parties, including their respective officers, directors, affiliates, agents, managers, attorneys, and anyone acting on behalf of such Parties from anything relating to the Claim.

7. This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original. A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original.

8. This Stipulation and Order may not be modified, amended, altered, changed or waived, except in a writing signed by all Parties.

9. Each of the Parties to this Stipulation and Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Order, and that they have full knowledge of and have consented to this Stipulation and Order.

10. The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

11. This Stipulation and Order is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained.

12. This Stipulation and Order shall become binding and enforceable upon being "So Ordered" by the Court.

| | |
|---|---|
| Dated: February 22, 2022<br>New York, New York | Respectfully submitted,<br><br>By: */s/ Douglas Spelfogel*<br>Douglas Spelfogel<br>Leah Eisenberg<br>Dabin Chung<br>**MAYER BROWN LLP**<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 506-2500<br>Facsimile: (212) 262-1910<br>Email: dspelfogel@mayerbrown.com<br>          leisenberg@mayerbrown.com<br>          dchung@mayerbrown.com<br><br>*-and-*<br><br>Mark Frankel<br>**BACKENROTH FRANKEL &<br>KRINSKY, LLP**<br>800 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 593-1100<br>Facsimile: (212) 644-0544<br>Email: mfrankel@bfklaw.com<br><br><br>*Co-Counsel to the Debtor and Debtor in Possession*<br><br>By: */s/ Christopher Aronson*<br>Christopher Aronson<br>Assistant General Counsel—Commercial Litigation<br>**THE BROOKLYN UNION GAS COMPANY D/B/A NATIONAL GRID**<br>40 Sylvan Road<br>Waltham, Massachusetts 02451<br>Telephone: (781) 907-1854<br>Email: Christopher.Aronson@NationalGrid.com<br><br>*Counsel to National Grid* |

**SO ORDERED**

Dated : March__, 2022
White Plains, New York

                                                    _____
                                                    HONORABLE ROBERT D. DRAIN
                                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**Lichtenstein Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.: 21-22108 (RDD) |

**DECLARATION OF MICHAEL LICHTENSTEIN IN SUPPORT OF DEBTOR'S STIPULATION AND ORDER RESOLVING PROOF OF CLAIM NO. 16**

1. My name is Michael Lichtenstein. I am the Manager of the above-captioned debtor and debtor-in-possession, 96 Wythe Acquisition LLC (the "Debtor") along with Toby Moskovits. Ms. Moskovits and I also own and operate Heritage Equity Partners located at 679 Driggs Avenue, Brooklyn, New York, NY 11211. I am authorized to make this declaration on behalf of the Debtor

2. I submit this declaration on behalf of the Debtors in support of the *Stipulation and Order By and Between the Debtor and National Grid* (the "Stipulation"), submitted concurrently herewith. Except as otherwise indicated, all facts set forth in this declaration are based on my personal knowledge, my discussions with the Debtor's management team and advisors, my review of relevant documents and information provided to me or verified by other executives, management, employees, or advisors of the Debtor, or my opinion based on my experience and knowledge of the Debtor's operations and financial condition, and, if called upon to testify, I could and would testify competently to the facts set forth herein.

3. On December 14, 2021, National Grid (the "Claimant") filed proof of claim no. 16 (the "Claim") totaling $46,014.57 (the "Claim Amount") for natural gas utilities provided.

4. After reviewing its books and records and determining the Claim Amount was inconsistent with the debtor's outstanding accounts payable, on January 14, 2022, the Debtor objected to this claim, filing the *Debtor's (I) Objection to Claim No. 16 Filed by National Grid*

*and (II) Motion to Estimate Claim No. 16 Pursuant to Sections 105 and 502 of the Bankruptcy Code* [Docket No. 304] (the "Claim Objection"). In the Claim Objection, the Debtor sought to reduce the Claim Amount to $39,123.06 based upon its books and records.

5. Subsequent to the filing of the Claim Objection, the Debtor and the Claimant have engaged in good-faith, arm's-length discussions concerning the total liability of the Debtor relating to the natural gas utilities rendered by the Claimant to the Debtor. In furtherance of these discussions, the Debtor requested from the Claimant additional information and documentation to further ascertain that portion of the Claim Amount that was disputed by the Debtor. After reviewing this information and consulting with its professionals, the Debtor determined the best course of action was to fully resolve the Debtor's issues concerning the Claim and to avoid further motion practice, unnecessary expense and delay, the Debtor and the Claimant agreed to enter into the Stipulation.

6. Though the Debtor does not agree with the assertions contained in the Claim, failure to modify the Claim could result in further motion practice which could burden the estate with legal fees that could be avoided by consensual resolution. Resolving the dispute surrounding the Claim will also enable the Debtor to maintain an accurate claims register. I therefore believe it is entirely reasonable that the Debtor settles with the Claimant and enters into the Stipulation, avoiding the unnecessary expense, uncertainty, and other negative consequence that could arise if the claim dispute further lingered.

7. Specifically, the Stipulation resolves the Claim with the payment set at the amount of $46,014.57 (the "Payment"). With the Payment, the Debtor is able to eliminate uncertainty surrounding the Claim, avoiding further litigation and thereby minimizing further administrative costs. I believe that the sum of $46,014.57 is a reasonable settlement value, given the nature of

the gas utilities provided and the expected costs and delay to the estate to litigate the Claim. The settlement of the Claim and the proposed Payment to the Claimant reasonably accounts for the disputed amounts and for the additional information provided by the Claimant.

8. Accordingly, based upon consideration of the relevant facts and positions asserted by the Debtor and the Claimant, the Debtor believes that the settlement and compromise embodied in the Stipulation is fair and equitable and rises well above the lowest range of reasonableness and should be approved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed on the 22nd day of February, 2022.

*/s/ Michael Lichtenstein*
Michael Lichtenstein