*Execution Version*

**MAYER BROWN LLP**
Douglas Spelfogel
Leah Eisenberg
Dabin Chung
1221 Avenue of the Americas
New York, New York  10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

-and-

**BACKENROTH FRANKEL &
KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York  10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544

*Co-Counsel to the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>                        Debtor. | Chapter 11<br><br>Case No.: 21-22108 (RDD)<br><br>Related Docket No. 259 |

**STIPULATION AND ORDER BY AND BETWEEN
THE DEBTOR AND THE TOWN OF ISLIP**

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof by and among 96 Wythe Acquisition LLC (the "Debtor"), and the Town of Islip ("Islip" and together with the Debtor, the "Parties") with respect to the proof of claim filed by Islip, by and their respective undersigned counsel.

**Recitals**

A. On April 29, 2016, Islip filed a complaint against several defendants alleging that the defendants engaged in illegal disposal of hazardous waste materials on Roberto Clemente Park in Islip, New York, in violation of federal, New York state, and common law. Thereafter, by amended complaint dated May, 24, 2019, the Debtor was named as an additional defendant. This litigation is pending in the District Court for the Eastern District of New York, under the caption *Town of Islip v. Thomas Datre Jr., et. al.*, Case No. 2:16-cv-02156 (the "District Court Action"). The Debtor denies it engaged in any illegal activity.

B. As of the date of this Stipulation and Order, no judgment has been entered against the Debtor, and any claims held by Islip against the Debtor relating to the District Court Action are stayed and unliquidated.

C. On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

D. On June 2, 2021, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 41] (the "Bar Date Order"), establishing certain dates and deadlines for filing proofs of claim in this chapter 11 case. Among other things, the Bar Date Order established July 15, 2021, at 5:00 p.m. (prevailing Eastern) as the last date and time for all persons and entities that assert a claim against the Debtor which arose on or prior to the Petition Date to file a proof of claim. On November 5, 2021, the Court entered the *Supplemental Order Establishing the Deadline For Filing Proofs of Claims and*

*Approving the Form and Manner of Notice Thereof* [Docket No. 177], amending the deadline for filing proofs of claim to December 15, 2021, at 5:00 p.m. (prevailing Eastern).

E. On November 23, 2021, Islip filed a proof of claim represented on the Debtor's claim registry as claim no. 13 (the "Filed Claim"), asserting that it is entitled to an unsecured claim in the amount of $4,000,000.00 due to property damage by the Debtor, as more fully set forth in the amended complaint in the District Court Action. The Debtor also scheduled the claim represented on the Debtor's Amended Schedules [Docket No. 205] (the "Amended Schedule") as number 3.64 (the "Scheduled Claim" and together with the Filed Claim, the "Claim"). On December 27, 2021, the Debtor filed the *Debtor's (I) Objection to Claim No. 13 Filed by Town of Islip and (II) Motion to Estimate Claim No. 13 Pursuant to Sections 105 and 502 of the Bankruptcy Code* [Docket No. 259] (the "Claim Objection").

F. Subsequent to the filing of the Claim Objection, the Parties have engaged in good faith discussions concerning the appropriate amount of liability (if any) of the Debtor relating to the claims and defenses asserted in the District Court Action. To fully resolve the Debtor's issues and defenses concerning the Claim and to avoid further motion practice, the Parties have agreed to enter into and now jointly submit this Stipulation and Order.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED:**

1. The above recitals are incorporated herein in their entirety.

2. The Claim held by Islip represented by proof of claim number 13 is allowed, as a prepetition, general unsecured claim against the Debtor in the amount of $100,000.00. To the extent the Debtor's proposed Chapter 11 plan [Docket No. 196] (the "Plan") is confirmed by the Court, the Claim shall be paid under and in accordance with Article 4 of the Plan. If the Court

3

declines to confirm the Plan, the Claim shall be paid under any alternative Chapter 11 plan that may be confirmed.

3. The resolution described in Paragraph 2 shall incorporate and result in the full and final release of all claims by Islip against the Debtor relating to the District Court Action upon which the Filed Claim or the Scheduled Claims (or any portion of them) are based. Except for the resolution described in Paragraph 2, and except for the preceding sentence, nothing in this Stipulation and Order shall be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and Order regarding any claim or right that such Party may have against any other Party with respect to the District Court Action.

4. The terms of this Stipulation shall be deemed to fully resolve any and all claims (as defined in section 101(5) of the Bankruptcy Code) that Islip asserts or may have against the Debtor and its estate. Islip hereby agrees not to assert any additional claims in connection with this Chapter 11 case.

5. Except as provided for above, the Parties shall and do release each other and any other parties, including their respective officers, directors, affiliates, agents, managers, attorneys, and anyone acting on behalf of such Parties from anything relating to the Claim and the District Court Action.

6. Within 7 business days after this Stipulation and Order is approved by the Court, counsel for the Debtor will file a notice of appearance in the District Court Action and Islip will file the Parties' necessary joint settlement motion in the District Court Action.

7. This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original. A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original.

8. This Stipulation and Order may not be modified, amended, altered, changed or waived, except in a writing signed by all Parties.

9. Each of the undersigned counsel represent that he or she is authorized to execute this Stipulation and Order on behalf of his or her respective client.

10. Each of the Parties to this Stipulation and Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Order, that they have full knowledge of and have consented to this Stipulation and Order. For the avoidance of doubt, nothing herein shall constitute an assumption of any contract or agreement between the Parties.

11. The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

12. This Stipulation and Order is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained.

13. This Stipulation and Order shall become binding and enforceable upon being "So Ordered" by the Court.

Dated: February 16, 2022
      New York, New York

Respectfully submitted,

By: */s/ Douglas Spelfogel*
Douglas Spelfogel
Leah Eisenberg
Dabin Chung
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
Email: dspelfogel@mayerbrown.com
      leisenberg@mayerbrown.com
      dchung@mayerbrown.com

*-and-*

Mark Frankel
**BACKENROTH FRANKEL & KRINSKY, LLP**
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544
Email: mfrankel@bfklaw.com

*Co-Counsel to the Debtor and Debtor in Possession*

By: */s/ Edward J. LoBello*
Edward J. LoBello
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
1350 Broadway, Suite 1420
New York, New York 10018
Telephone: (212) 763-7030
Facsimile: (212) 239-1311
Email: elobello@msek.com

*-and-*

6

Michael J. Cahill
**GERMANO & CAHILL, P.C.**
4250 Veterans Memorial Highway
Holbrook, New York 11741
Telephone: (631) 588-8778
Facsimile: (631) 588-2550
Email: mjc@germanocahill.com

*Co-Counsel to Town of Islip*

**SO ORDERED**

Dated : February 24, 2022
    White Plains, New York

*/s/Robert D. Drain*
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE