**Presentment Date and Time: March 8, 2022 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: March 7, 2022 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objections Filed): March 8, 2022**

**MAYER BROWN LLP**
Douglas Spelfogel
Leah Eisenberg
Jason I. Kirschner
Dabin Chung
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

*-and-*

**BACKENROTH FRANKEL & KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544

*Co-Counsel to the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 Wythe Acquisition LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No.: 21-22108 (RDD) |

**NOTICE OF DEBTOR'S APPLICATION FOR AN ORDER PURSUANT**
**TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF FERN**
**FLOMENHAFT, PLLC AS INSURANCE COUNSEL**
**TO THE DEBTOR AND DEBTOR IN  POSSESSION, NUNC PRO TUNC**
**TO SEPTEMBER 15, 2021**

**PLEASE TAKE NOTICE** that on December 28, 2021, 96 Wythe Acquisition LLC, debtor and debtor in possession ("Debtor") in the above-captioned chapter 11 case, by and through their undersigned co-counsel, filed the Debtor's *Application for an Order Pursuant to Sections 327(a)*

746432921

*and 328 of the Bankruptcy Code Authorizing the Employment and Retention of Fern Flomenhaft, PLLC as Insurance Counsel to the Debtor and Debtor in Possession, Nunc Pro Tunc to September 15, 2021* (the "Application") [Dkt. No. 261], annexed hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** under Bankruptcy Rules 1007 and the Local Rules of this Court, the undersigned will present the attached proposed order to the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601−5008 for signature on March 8, 2022 at 10:00 a.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application shall: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, be filed with the Court electronically on the docket of *In re 96 Wythe Acquisition LLC*, No. 21-22108 (RDD) by registered users of the Court's electronic filing system and in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) with a hard copy delivered directly to the Court's chambers or (ii) by all other parties in interest in accordance with the customary practices of the Bankruptcy Court and General Order M-399; and (d) be served so as to be actually received no later than March 7, 2022 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline"), by the following parties or their respective counsel: (i) co-counsel to the Debtor, Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY 10020 (Attn.: Douglas Spelfogel and Leah Eisenberg), email: dspelfogel@mayerbrown.com and leisenberg@mayerbrown.com (ii) co-counsel to Debtor, Backenroth Frankel & Krinsky, LLP, 800 Third Avenue, New York, New York 10022, email: mfrankel@bfklaw.com (iii) Office of the United States Trustee for the Southern District of New

2

York, 201 Varick Street, Rm 1006, New York, NY 10014 (Attn.: Shara Claire Cornell), email: shara.cornell@usdoj.gov; (iv) Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, email: greg.zipes@usdoj.gov; and (vi) any other party who files a Notice of Appearance and a request for service pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Application, the Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Application, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, due to the COVID-19 pandemic, the Hearing, if held, will be conducted using Zoom for Government. Parties should not appear in person and those wishing to appear or participate at the Hearing (whether "live" or "listen only") must make an electronic appearance by 4:00 PM the day before any scheduled Zoom® hearing at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

Dated: February 24, 2022
    New York, New York

**MAYER BROWN LLP**

By:   */s/ Douglas Spelfogel*
Douglas Spelfogel
Leah Eisenberg
Dabin Chung
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910
Email: dspelfogel@mayerbrown.com
      leisenberg@mayerbrown.com
      dchung@mayerbrown.com

-and-

3

**BACKENROTH FRANKEL & KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544
Email: mfrankel@bfklaw.com

*Co-Counsel to the Debtor*
*and Debtor in Possession*

# EXHIBIT 1

**Flomenhaft Retention Application**

**MAYER BROWN LLP**
Douglas Spelfogel
Leah Eisenberg
Dabin Chung
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Facsimile: (212) 506-1910

*Co-Counsel to the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.: 21-22108 (RDD)- |

**DEBTOR'S APPLICATION FOR AN ORDER PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FERN FLOMENHAFT, PLLC AS INSURANCE COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, *NUNC PRO TUNC* TO SEPTEMBER 15, 2021**

96 Wythe Acquisition LLC (the "Debtor") hereby makes this application (this "Application") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") under sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), and in accordance with the terms and conditions set forth in the engagement letter dated as of September 15, 2021 (the "Engagement Letter") between Fern Flomenhaft, PLLC ("Flomenhaft") and the Debtor, authorizing the employment and retention of Flomenhaft as

745004103

insurance counsel for the Debtor in the above-captioned chapter 11 case (the "Chapter 11 Case"), effective *nunc pro tunc* to September 15, 2021.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## RELIEF REQUESTED

4. By this Application, under sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to employ and retain Flomenhaft consistent with Part F of the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Appendix B Guidelines") as the Debtor's insurance counsel in this Chapter 11 Case, *nunc pro tunc* to September 15, 2021, to handle matters relating to insurance coverage by State National Insurance Company and RLI Insurance Company in connection with four claims regarding the Debtor's property at 96 Wythe Avenue, Brooklyn, New York 11249.

5. The United States Trustee for Region 2 (the "U.S. Trustee") encourages debtors to retain counsel to perform such services under the Appendix B Guidelines. Flomenhaft is well-

2

745004103

positioned to serve as insurance counsel in a manner that best serves the interests of the Debtor and its estate.

6. The Debtor and Flomenhaft are mindful of the need to avoid duplication of services, and appropriate procedures will be implemented to ensure that there is no unnecessary duplication of effort.

## BASIS FOR RELIEF

7. Flomenhaft has extensive specialized expertise in the work of insurance counsel in cases such as this. The professionals at Flomenhaft are well-acquainted with the Debtor and are well-positioned to provide any necessary legal services in a complementary, non-duplicative, and efficient manner.

8. The professionals of Flomenhaft who will be employed in this Chapter 11 Case are members in good standing of the Bar of the State of New York and the United States District Court for the Southern District of New York.

9. The Debtor has selected Flomenhaft because of the firm's experience handling insurance coverage and litigation matters, including first-party property matters.

10. Flomenhaft will work closely with the other professionals retained by the Debtor to coordinate, in conjunction with the Debtor's management, its efforts in the Chapter 11 Case and to delineate its respective duties to prevent duplication of services whenever possible.

## SERVICES TO BE RENDERED

11. The Debtor seeks to retain Flomenhaft for its experience in insurance matters.

12. Specifically, Flomenhaft has provided and will continue to provide the Debtor services with respect to certain legal issues relating to the insurance coverage by State National Insurance Company and RLI Insurance Company in connection with four claims regarding the

3

property at 96 Wythe Avenue, Brooklyn, New York 11249 during this Chapter 11 Case (collectively, the "Services").

13.     As this Chapter 11 Case unfolds, there may be other tasks that will be best suited to Flomenhaft's skills.  As matters are identified that are not generally described herein, Flomenhaft will file a supplemental declaration in accordance with Bankruptcy Rule 2014 and Part F of the Appendix B Guidelines and provide notice of the filing sufficient to afford parties in interest an opportunity to object.  The timeliness of a disclosure will be assessed based on the facts and circumstances of the situation, including whether earlier disclosure would reveal privileged information or compromise the Debtor's abilities to perform its statutory responsibilities under the Bankruptcy Code.

14.     Under section 137 of the Rules of Court of New York State, the Debtor may be entitled to arbitration with respect to any disputes arising between the Debtor and Flomenhaft in connection with the payment of legal fees.

## NO DUPLICATION OF SERVICES

15.     The Debtor and Flomenhaft each will coordinate with the other to ensure no duplication of services or waste of estate resources.  The Debtor believes and intends that the Services will complement, and not be duplicative of, any other retained professionals.  Flomenhaft understands that the Debtor has retained and may retain additional professionals during the term of its engagement and agrees to work cooperatively with such professionals to avoid any duplication of services.

## FLOMENHAFT'S DISINTERESTEDNESS

16.     To the best of the Debtor's knowledge, Flomenhaft does not represent or hold any interest adverse to the Debtor or its estate with respect to the matters on which the firm is to be employed.  Further, to the best of the Debtor's knowledge, Flomenhaft does not have any

4

connection with any creditors or other parties in interest, or their respective attorneys or accountants, or the U.S. Trustee or any of its employees.

17.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [e]xcept as otherwise provided in this section, the trustee, with the Court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

18.     For the reasons stated herein, the Debtor seeks to employ and retain Flomenhaft as insurance counsel pursuant to section 327(a) of the Bankruptcy Code. As discussed herein, the Debtor believes that the retention of Flomenhaft as insurance counsel is necessary and in the best interests of the Debtor's estate and that Flomenhaft neither holds nor represents interests adverse to the Debtor or its estate.

## **PROFESSIONAL COMPENSATION**

19.     The Debtor engaged Flomenhaft subject to Flomenhaft's standard hourly rate schedule. The Debtor understands that the current attorney hourly billing rate for Flomenhaft's professionals is $300.00.[1] The current paralegal hourly billing rate is $75.00.

20.     In addition to the hourly billing rates set forth herein, Flomenhaft will charge the Debtor for certain expenses and disbursements incurred in the rendition of the Services. These include out-of-pocket costs and disbursements. The Debtor believes that the compensation

---

[1] Flomenhaft's hourly rates are subject to periodic increase in the normal course of Flomenhaft's business.

5

structure and other terms and conditions are reasonable terms and conditions of employment and should be approved.

21. On September 15, 2021, an initial retainer was paid to Flomenhaft in the amount of $5,000.00 (the "Retainer"). Flomenhaft has not received any funds from the Debtor (or any other party) in connection with this Chapter 11 Case other than the Retainer. Flomenhaft has not shared or agreed to share compensation received in connection with its representation of the Debtor with any other person or entity.

22. The Debtor understands that Flomenhaft will apply to the Court for the allowance of compensation and reimbursement of expenses for all professional services performed and expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders of the Court. The Debtor also understands that Flomenhaft will also seek compensation for all time and expenses associated with its retention as a professional under section 327(e) of the Bankruptcy Code, including the preparation of this Application and related documents, as well as any monthly fee statements and/or interim and final fee applications.

### *NUNC PRO TUNC* RETENTION

23. The Debtor respectfully represents that employment of Flomenhaft effective *nunc pro tunc* to September 15, 2021 is warranted under the circumstances of this Chapter 11 Case so that Flomenhaft may be compensated for its services rendered prior to entry of an order approving Flomenhaft's retention. Further, the Debtor believes that no interested party will be prejudiced by the granting of the *nunc pro tunc* employment because Flomenhaft has provided and will continue to provide valuable services to the Debtor's estate in the interim period.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

24. Flomenhaft shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules and Local Bankruptcy Rules.  The Debtor and Flomenhaft also intend to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Appendix B Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Flomenhaft during the course of its engagement during this Chapter 11 Case.

25. It is the Debtor's and Flomenhaft's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the Executive Office for United States Trustees ("EOUST") to adopt the Appendix B Guidelines.

## NOTICE

26. Notice of this Application will be provided to: (a) the U.S. Trustee; (b) any official committee appointed by the U.S. Trustee; (c) Benefit Street Operating Partnership, L.P.; (d) the United States Attorney's Office for the Southern District of New York; (e) any party that requests service pursuant to Bankruptcy Rule 2002; and (f) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b) ((a) through (f), collectively, the "Notice Parties").  The Debtor respectfully submits that no other or further notice need be provided.

## NO PRIOR REQUEST

27. No previous request for the relief sought herein has been made to this Court or any other court.

7

**CONCLUSION**

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Application and such other and further relief as may be just and proper.

Dated: New York, New York
      December 28, 2021

**96 Wythe Acquisition LLC**
(for itself as Debtor and Debtor-in-Possession)

By: */s/ David Goldwasser*
David Goldwasser
Chief Restructuring Officer
*96 Wythe Acquisition LLC*

**MAYER BROWN LLP**

By: */s/ Douglas Spelfogel*
Douglas Spelfogel
Leah Eisenberg
Jason I. Kirschner
Dabin Chung
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Facsimile: (212) 506-1910

*Co-Counsel to the Debtor*
*and Debtor in Possession*

## Exhibit A

## Proposed Order

745004103

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

96 WYTHE ACQUISITION LLC,

Debtor.

Chapter 11

Case No.: 21-22108 (RDD)

**ORDER PURSUANT TO SECTIONS 327(a) AND 328 OF THE
BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND
RETENTION OF FERN FLOMENHAFT, PLLC
AS INSURANCE COUNSEL TO THE DEBTOR AND DEBTOR IN
POSSESSION, *NUNC PRO TUNC* TO SEPTEMBER 15, 2021**

Upon the application (the "Application")[1] of the Debtor for an Order pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1 authorizing the employment and retention of Fern Flomenhaft, PLLC ("Flomenhaft") as insurance counsel to the Debtor, *nunc pro tunc* to September 15, 2021, pursuant to the terms set forth in the Application to provide the Services; and this Court being satisfied with the representations made in the Application that Flomenhaft represents no interest adverse to the Debtor or its estate, that it is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, and that its employment is necessary and due; and it appearing that due and sufficient notice of the Application has been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Application is in the best interests of the Debtor, its estate, its creditors, its stakeholders, and other parties in interest; and after due deliberation, and sufficient cause appearing therefor, it is hereby

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application, where applicable.

745004103

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor, as debtor and debtor in possession, is authorized to employ and retain Flomenhaft, effective *nunc pro tunc* to September 15, 2021, to serve as insurance counsel in this Chapter 11 Case, and Flomenhaft is authorized to perform the Services described in the Application.

3. To the extent that any additional tasks are identified that are not included as part of the Services, Flomenhaft will file a supplemental declaration in accordance with Bankruptcy Rule 2014 and Part F of the Appendix B Guidelines, and provide notice of the filing sufficient to afford parties in interest an opportunity to object. The timeliness of a disclosure will be assessed based on the facts and circumstance of the situation, including whether earlier disclosure would reveal privileged information or compromise the Debtor's abilities to perform its statutory responsibilities under the Bankruptcy Code.

4. Flomenhaft shall use its best efforts to avoid duplication of services provided by any of the Debtor's other retained professionals in this Chapter 11 Case.

5. Flomenhaft shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Services in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court.

6. Flomenhaft shall be compensated in accordance with, and shall file interim and final fee applications for allowance of its compensation and expenses and shall be subject to,

sections 330 and 331 of the Bankruptcy Code, as well as the Bankruptcy Rules, Local Bankruptcy Rules, and any further orders of this Court.

7. Flomenhaft shall provide reasonable notice to the Debtor, the U.S. Trustee, and any statutory committee appointed in this Chapter 11 Case before implementing any increases in the rates set forth in the Application for professionals providing the Services.

8. Notice of the Application as provided therein is good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(h) and the Local Bankruptcy Rules are satisfied by such notice.

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms and conditions of this Order are effective and enforceable immediately upon its entry.

10. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Application.

11. In the event of any inconsistency between the Application and this Order, the terms of this Order shall govern.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: New York, New York

_____, 2021

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

745004103