**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-22108 (RDD) |

### ORDER DENYING DEBTOR'S MOTION FOR AN ORDER CLARIFYING PROTOCOL FOR RELEASE OF EXAMINER'S REPORTAND GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of 96 Wythe Acquisition LLC, the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order clarifying/establishing a protocol for release of the report (the "Examiner's Report") of the Court-appointed examiner in this case (the "Examiner") and for related relief; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) as a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and upon the filed objections to the Motion and all of the proceedings herein and having determined that no hearing on the Motion is required; and after due deliberation and sufficient cause appearing, the Court having determined that (a) neither the Debtor nor any other party in interest has the right to delay the filing of the Examiner's Report except on the basis of a claimed privilege[2] or right under an applicable confidentiality agreement and (b) the Examiner is, in the exercise of his discretion, able to delay the filing of the Examiner's

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.
[2] The Court has been informed, however, that no one has identified an applicable privilege implicated by the draft Examiner's Report.

1

Report for a reasonable time to consider timely comments on the draft of the Report; now, therefore it is hereby

**ORDERED**, that:

1. The Motion is denied except as set forth herein.

2. The Debtor may provide the Examiner with comments on the draft Examiner's based on errors or omissions, if any, therein on or before the close of business (5:00 P.M. Eastern Time) on February 28, 2022.

3. The Examiner shall file the Examiner's Report forthwith after the earlier of the receipt of the Debtor's comments or close of business on February 28, 2022; provided, however, that the Examiner shall be permitted to file the Report on such later date as is reasonably necessary to address, in the Examiner's discretion, any comments to the Report that the Examiner has timely received from the Debtor.

4. Subject to the preceding paragraph, the Examiner's Report shall be filed in unredacted form, unless, on or before February 28, 2022, the Debtor has obtained an order from the Court directing any portion of the Report to be filed under seal.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
    February 28, 2022                                  /s/Robert D. Drain
                                                         Honorable Robert D. Drain
                                                         United States Bankruptcy Judge