**MAYER BROWN LLP**
Douglas Spelfogel
Leah Eisenberg
Dabin Chung
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910
Email: dspelfogel@mayerbrown.com
     leisenberg@mayerbrown.com
     dchung@mayerbrown.com

*Co-Counsel to the Debtor*
*and Debtor in Possession*

**BACKENROTH FRANKEL &**
**KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544
Email: mfrankel@bfklaw.com

*Co-Counsel to the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 96 WYTHE ACQUISITION LLC, | Case No.: 21-22108 (RDD) |
| Debtor. | |

**MOTION FOR ORDER SHORTENING NOTICE ON DEBTOR'S CROSS MOTION TO ENFORCE FEE CAP AND LIMIT EXAMINER FEES; AUTHORIZE LIMITED DISCOVERY AGAINST EXAMINER; ENFORCE CONFIDENTIALITY; <u>AND GRANT RELATED RELIEF</u>**

96 Wythe Acquisition LLC, the above-captioned debtor and debtor in possession

(the "<u>Debtor</u>") hereby submits this motion (the "<u>Motion to Shorten Time</u>"), pursuant to

Bankruptcy Rule 9006(c), for entry of an Order Shortening Notice on the Debtor's *Cross Motion to Enforce Fee Cap and Limit Examiner Fees; Authorize Limited Discovery Against the Examiner; Enforce Confidentiality; and Grant Related Relief*, concurrently filed herewith (the "Examiner Motion")[1] and in support thereof state as follows:

## PRELIMINARY STATEMENT

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court is statutorily and constitutionally authorized to enter final orders with respect to the relief requested herein.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(c).

2.      Bankruptcy Rule 9006(c) provides that, when an act is required to be done within a specified time by the Bankruptcy Rules, "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).  Pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and matter in which, notice shall is provided.  Fed. R. Bankr. P. 9007.  Similarly, Local Rule 9006-1(b) allows the Court to order shortened notice of motions.

3.      On February 28, 2022, the Examiner filed the Motion to Increase, which seeks an increase of cap on compensation from $350,000 to $850,000.  Scheduled to be heard on the same date, March 8, 2022, are the two Fee Application by the Examiner and his counsel, which show that the Examiner and his counsel together have accrued approximately $246,000 for the first six

---

[1] Capitalized terms used but not defined herein have the meanings given in the Examiner Motion.

weeks of the appointment.  The Examiner further represents that he and his counsel billed more than $500,000 in fees and expenses during the next seven weeks.  *See* Motion to Increase at ¶ 36.

4.     By the Examiner Motion, the Debtor contests approval of the Fee Applications and the Motion to Increase, and seeks by its Examiner Motion to enforce the cap imposed with respect to Examiner, limit and/or bar further expenditure of costs by the Examiner, opposes his fees, authorize limited discovery in connection with conflicts of interest, and mark parts of the Examiner's report confidential pending further review.  The Debtor brings the instant motion, amongst other things, given the appearance of bias and potential conflict of interest demonstrated by the Examiner's papers themselves.

5.     *First*, as detailed in the Examiner Moton, the Fee Applications reveal that the Examiner has maintained close, sometimes daily, communications with the Lender and the Office of the United States Trustee (both of which remain most active adversarial in this chapter 11 case) undertaken his investigation in coordinated fashion with them, in spite of the confidentiality protocol, seriously calling into question the independence and neutrality of the Examiner.  *Second*, the information presented in the Draft Report is intentionally misleading and in many cases fraudulent, in spite and in the face of facts that provide such claims to be false, such that the Debtor can only conclude that the Examiner has intentionally spun a false narrative, with compromised loyalty, and in order to justify further examination and greater fees (as evidenced by the Motion to Increase).  The foregoing, is presented ***without any attempt at justification or factual support***, that, if published without protection or seal, will cause damage to the reputation and restructuring efforts of the Debtor and at least one employee of the Debtor[2].  *Third*, the contents of the Draft

---

[2] The Draft Report includes the salary of an ordinary employee of the Debtor, Marion Gross.  This information should be redacted or omitted on personal privacy grounds

Report contains information plainly outside the scope of the Examiner's investigation, and includes personal salary information with respect to an employee.

6.      Based on the foregoing, and given that the matters implicated in the Motion to Increase and Fee Application are directly related to the Examiner Motion, cause exists to shorten the notice period and hold an expedited hearing for all of the related matters concurrently.  In addition, as discussed in the Examiner Motion and above, the Examiner's Draft Report is replete with numerous factual falsehoods and baselessly draws incendiary conclusions without factual support in an apparent effort to aid the Lender's  campaign to undermine the Debtor's restructuring. In addition, the Examiner's Draft Report includes confidential financial information concerning the salary for at least one employee, Marion Gross.

7.      Accordingly, to ensure that this Court and other interested parties may consider the relief requested in the Examiner Motion, the Debtor respectfully requests that the notice period for the Examiner Motion be shortened such that the Examiner Motion can be heard together with other matters related to the Examiner's Increase Motion and the Examiner's fees in the above-captioned bankruptcy case during the already-scheduled March 8, 2022 hearing, with any objections to the Examiner Motion being filed and received by the Debtor's counsel no later than 12:00 p.m. (prevailing Eastern time) on March 7, 2022 (or such other date as the Court directs).

8.      Moreover, considering the potential destructive consequence of the publication of the Draft Report, as outlined above and more detailed in the Examiner Motion, the Debtor respectfully requests that the Court order that the report be kept confidential for the short period until the Debtor has an opportunity to be heard in front of the Court on March 8, 2022.  Such period is limited, and will not result in prejudice to any party.   Absent such relief, the Debtor and its estate will be irreparably harmed.

WHEREFORE the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A** shortening notice on the Examiner Motion, setting the hearing on the Examiner Motion and deadline to object on an expedited basis as provided for herein, and granting the Debtor such other and further relief as it deems just and proper.

Dated:  February 28, 2022
        New York, New York

Respectfully submitted,

By:   */s/ Douglas E. Spelfogel*
Douglas Spelfogel
Leah Eisenberg
Dabin Chung
Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910
Email: dspelfogel@mayerbrown.com
        leisenberg@mayerbrown.com
        dchung@mayerbrown.com

*Co-Counsel to the Debtor*
*and Debtor in Possession*

Mark Frankel
**BACKENROTH FRANKEL &
KRINSKY, LLP**
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544
Email: mfrankel@bfklaw.com

*Co-Counsel to the Debtor*
*and Debtor in* Possession

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 96 WYTHE ACQUISITION LLC, | Case No.: 21-22108 (RDD) |
| Debtor. | |

### ORDER SHORTENING NOTICE ON DEBTOR'S CROSS MOTION TO ENFORCE FEE CAP AND LIMIT EXAMINER FEES; AUTHORIZE LIMITED DISCOVERY AGAINST EXAMINER; ENFORCE CONFIDENTIALITY; AND GRANT RELATED RELIEF

Upon the Motion, dated February 28, 2022 (the "Motion"),[1] of the Debtor, for an order pursuant Rule 9006(c) of the Federal Rules of Bankruptcy Procedure for entry of an order shortening the notice period for scheduling a hearing on the *Cross Motion to Enforce Fee Cap and Limit Examiner Fees; Authorize Limited Discovery Against the Examiner; Enforce Confidentiality; and Grant Related Relief* (the "Examiner Motion"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to all interested parties, including the Debtor, the Examiner, the Lender, the Office of the United States Trustee, and all other parties receiving notice in this chapter 11 case (the "Notice Parties"); and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and due and proper notice of the Hearing having been provided; and the appearances of all interested parties having been noted in

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

the record of the Hearing, if any; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors, and all parties in interest; and that the legal and factual bases set forth in the Motion establish cause pursuant to Bankruptcy Rule 9006(c)(1) for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1.      The Motion is granted to the extent set forth herein.

2.      The hearing on the Examiner Motion shall be held on March 8, 2022, at 10 a.m. ET.  Objections, if any to the Examiner Motion shall be filed on or before March ____, 2022, at 12 p.m. E.T.

3.      The Examiner shall not publish the report containing his investigation, until the Court has considered the relief requested in the Motion on March 8, 2022 or at any later time as may be ordered by the Court.

4.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5.      The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation and/or enforcement of this Order and any other

order of this Court entered in this chapter 11 case.


Dated: _____, 2022
        White Plains, New York


_____
Hon. Robert D. Drain
United States Bankruptcy Judge