# Kramer Levin

| | |
|---|---|
| **P. Bradley O'Neill** | 1177 Avenue of the Americas |
| Partner | New York, NY 10036 |
| **T** 212.715.7583 | **T** 212.715.9100 |
| **F** 212.715.8382 | **F** 212.715.8000 |
| boneill@kramerlevin.com | |

March 9, 2022

<u>BY ECF AND EMAIL</u>

The Honorable Robert D. Drain
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Re:     <u>*In re 96 Wythe Acquisition LLC*</u>, No. 21-22108—Request for Discovery Conference

Dear Judge Drain,

      As counsel to Benefit Street Partners Realty Operating Partnership, L.P. ("<u>Benefit Street</u>") in this chapter 11 case,  I write under the Court's Chambers Rules to request a telephonic discovery conference with the Court concerning Benefit Street's March 4, 2022 deposition of Toby Moskovits and 96 Wythe Acquisition LLC's ("<u>Debtor</u>") Rule 30(b)(6) witness designations.

      Counsel for the Debtor agreed to produce Ms. Moskovits last Friday for a combined deposition in both her individual capacity and in her capacity as a Rule 30(b)(6) representative witness for the Debtor.  Following the same approach she took in response to the Examiner's questions, Ms. Moskovits was evasive, uncooperative, and unprepared.[1]  Her repeated attempts to impede discovery are prejudicial to Benefit Street, particularly given that she is a sponsor of the Debtor's plan and one of two individuals contemplated to be in ultimate control of the reorganized debtor.  Specifically, Ms. Moskovits' misconduct includes, but is not limited to, the following:

- At the outset of the deposition, Ms. Moskovits repeatedly insisted that she did not understand in what capacity she was providing testimony and claimed that whether her answers were given in her individual capacity, in her capacity as a Rule 30(b)(6) witness for the Debtor, or in both capacities was a "legal conclusion" that she was not equipped to address.  *See* Transcript of March 4, 2022 Deposition of Toby Moskovits ("Tr."), attached hereto as Exhibit A, at 14:23-31:15.  After forcing extended questioning on a basic preliminary matter, a few hours later she agreed that she had given testimony in both her individual and representative capacities (*see, e.g.*, Tr. 180:23-181:15).

- Despite being presented as a Rule 30(b)(6) witness, Ms. Moskovits was unprepared to answer even basic questions on behalf of the Debtor. She claimed at least 45 times that she

---

[1] The Examiner found in his investigation that Ms. Moskovits was so "combative, hostile, and uncooperative" that he concluded "it would not be a good use of time to consider a second interview." [ECF No. 418 at 31.]

March 9, 2022
Hon. Robert D. Drain

could not answer without consulting "records" that she had apparently failed to review in preparation for her deposition. *See, e.g.*, Tr. 106:14-24; 148:14-16.

- On at least 13 occasions, Ms. Moskovits, who is not a lawyer, refused to answer questions that she claimed called for "legal conclusions," often in the absence of any objection from her counsel. *See, e.g.*, 22:17-25, 253:2-16.

- Over the course of the deposition, Ms. Moskovits claimed that she could not give a yes or no answer to a question at least 13 times. For instance, she repeatedly refused to provide a clear yes or no answer when asked such basic issues as whether the Debtor had any income or whether it had an interest in revenues collected from hotel guests. *See* Tr. 135:3-136:24; 235:13-236:9.

- When Ms. Moskovits answered questions, her answers were often entirely non-responsive. For instance, when asked about the impact of COVID mandates on the New York hotel market, Ms. Moskovits responded by instead discussing the ongoing war in Ukraine. *See* Tr. 154:6-154:21. On at least 22 occasions, Ms. Moskovits gave extended non-responsive answers each spanning more than a half-page of the transcript. *See, e.g.*, Tr. 155:25-157:20.

- On approximately 25 occasions, Benefit Street's counsel either asked her to stop non-responsive answers or moved to strike them.

- As a result of Ms. Moskovits' non-responsiveness throughout the deposition, Benefit Street's counsel had to repeat questions or ask the witness to answer a pending question more than 150 times. *See, e.g.*, Tr. 133:10-136:24.

- Ms. Moskovits was also highly evasive throughout the deposition. For instance, when asked whether Heritage Equity Partners—an entity owned and controlled by Ms. Moskovits—had a "team" or whether it ever represented that it had a "team," she repeatedly declined to answer and suggested that she did not understand the question or what the word "team" meant. When presented with a page from Heritage Equity Partner's own website with the language "Meet the Team," she insisted that none of the individuals listed were actually employed by Heritage Equity Partners and that its website was just "marketing." *See* Tr. 65:22-72:23. Despite her earlier evasions, she later used the word "team" to describe the managerial staff of the Management Company. Tr. 315:9.

- Benefit Street's counsel implored Debtor's counsel on three separate occasions to address and remedy Ms. Moskovits' evasiveness and failure to provide responsive answers. *See* Tr. 81:22-82:14, 127:7-128:25, 175:22-179:10. Despite these requests, Debtor's counsel was either unable or unwilling to cure Ms. Moskovits' misconduct.

Not only are the deficiencies in Ms. Moskovits' testimony prejudicial in their own right, but they also serve to illustrate why the Debtor has adopted an unworkable approach to its Rule

March 9, 2022
Hon. Robert D. Drain

30(b)(6) witness designations.[2]  For each of the topics listed in the Rule 30(b)(6) deposition notice Benefit Street served on the Debtor, the Debtor has designated multiple Rule 30(b)(6) witnesses without identifying the portions of each topic the designated witness is prepared to address.[3]  While Benefit Street's counsel has explained to Debtor's counsel that such vague and overlapping witness designations are confusing and prejudicial, these discussions have failed to resolve this conflict. Debtor's counsel has also specifically disclaimed any duty to educate the Debtor's Rule 30(b)(6) witnesses on any topics.[4]  Moreover, Debtor's counsel insists that each of its witnesses will appear only once for a combined deposition in their capacities as an individual witness, as a Rule 30(b)(6) witness for the Debtor, and/or as a Rule 30(b)(6) witness for hotel management company, as applicable,[5] which runs contrary to the Debtor's assertions in this bankruptcy case that the management company should be viewed as a separate entity.

These problems were further compounded when, late in the afternoon the day before Ms. Moskovits' deposition, the Debtor served a last-minute objection to Benefit Street's deposition notice.  Rather than clarifying the topics on which the Ms. Moskovits and the other Rule 30(b)(6) witnesses would testify, however, the Debtor raised belated general objections to the noticed deposition topics and provided vague and overlapping examples of the types of testimony each witness would provide.[6]  For example, for the fifth deposition topic concerning "the Plan, including its terms, conditions, negotiation, and approval by the Debtor," the Debtor stated that it would produce Mr. Lichtenstein, in part, to testify generally about the bankruptcy-related issues as they pertain to submission of the plan; Ms. Moskovits, in part, to testify generally about plan formation and the rationale behind the plan to the extent not otherwise addressed by Mr. Lichtenstein; and Mr. Goldwasser, in part, to testify generally about the plan's terms, conditions, and approval. These vague and overlapping designations undermine the purpose of Rule 30(b)(6), which is to obtain clear statements of the party's positions, without having to depose an excessive number of witnesses.   They will prevent Benefit Street from obtaining clear and binding testimony on its designated topics, instead forcing it to accept muddled and potentially conflicting testimony from multiple witnesses all of whom may possess some relevant knowledge.

While Rule 30(d)(1) creates a presumption that a deposition should last one day of seven hours, it is not an inflexible rule.  On the contrary, this "7 hour time limit is merely a guide." *Condit v. Dunne*, 225 F.R.D. 100, 112 (S.D.N.Y. 2004).  Indeed, Rule 30(d)(1) states that "[t]he court *must* allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed R. Civ. Pr. 30(d)(1) (emphasis added).   In light of Ms. Moskovits' attempts to impede discovery—and her counsel's failure to remedy her misconduct despite repeated pleas—she should

---

[2] On the morning of Ms. Moskovits' deposition, the Debtor also produced numerous documents in response to Benefit Street's discovery requests.  This last-minute production rendered Benefit Street unable to meaningfully review the documents for use at Ms. Moskovits' deposition.
[3] A copy of the Debtor's witness designations is attached hereto as Exhibit B.
[4] A highlighted copy of the relevant email correspondence is attached hereto as Exhibit C.
[5] A highlighted copy of the relevant email correspondence is attached hereto as Exhibit D.
[6] A copy of the Debtor's objection is attached hereto as Exhibit E.

March 9, 2022
Hon. Robert D. Drain

be directed to appear for a continuation of her deposition and to provide responsive answers to Benefit Street's questions. *See, e.g.*, *Robinson v. De Niro*, No. 19-CV-9156 (KHP), 2022 WL 274677, at *3-4 (S.D.N.Y. Jan. 26, 2022) (ordering plaintiff deponent to appear for continuation of deposition and to "answer questions directly and succinctly" where "[t]oo often during the deposition, defense counsel had to direct Plaintiff to provide a 'yes or no' answer or cutoff testimony that was not responsive to counsel's question and reroute Plaintiff back to the original question that was asked"); *Casilla v. New York State Dep't of Lab.*, No. 04 CIV. 6694 (NRB), 2005 WL 3502050 (S.D.N.Y. Dec. 21, 2005) (ordering plaintiff deponent to appear for a continued deposition where deponent was "evasive and non-responsive" throughout his deposition); *LaPlante v. Estano*, 226 F.R.D. 439 (D. Conn. 2005) (ordering continuation of deposition beyond seven hours where "plaintiff, and his attorney, were recalcitrant and uncooperative in their refusal to answer questions that seek information which is clearly relevant, not privileged, not overly broad, and not unduly burdensome"), *clarified on denial of reconsideration*, No. 3:04CV322(CFD)(TPS), 2005 WL 8167587 (D. Conn. Mar. 30, 2005).

Benefit Street should also be awarded its attorneys' fees and costs incurred in connection with re-deposing Ms. Moskovits and in seeking this relief. *See, e.g.*, *Bush v. Element Fin. Corp.*, No. 16-CV-1007 (RJS), 2016 WL 8814347 (S.D.N.Y. Dec. 13, 2016) (awarding costs and fees incurred in taking additional depositions and seeking relief from court after party produced inadequately prepared Rule 30(b)(6) witness).

Moreover, it is well settled that "[p]ursuant to Rule 30(b)(6), the deponent must make a conscientious good-faith endeavor to designate the persons having knowledge on the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, and unevasively, the questions posed as to the relevant subject matters." *Bank of New York v. Meridien BIOA Bank Tanzania Ltd.*, 171 F.E.D. 135, 151 (S.D.N.Y. 1997) (quotations omitted). In order to comply with its obligations under Rule 30(b)(6), the Debtor must take steps to affirmatively prepare its representative witnesses. *See Bush*, 2016 WL 8814347, at *2 ("Producing an unprepared witness is tantamount to a failure to appear.") (citations and quotations omitted). The Court should order the Debtor to designate a single witness for each topic (or a specifically defined subset of each topic) and to prepare them appropriately so as to leave no doubt that the Debtor is bound by that witness's testimony. Each witness should also be required to state whether their answers are given in their Rule 30(b)(6) or individual capacity.

Any other result would be profoundly prejudicial to Benefit Street and reward both the Debtor and Ms. Moskovits for their (continuing) attempts to impede discovery in this proceeding. We are available for a conference at the Court's convenience, and we thank the Court in advance for its consideration of these issues.

Respectfully submitted,
/s/ P. Bradley O'Neill
P. Bradley O'Neill

# EXHIBIT A

Page 1

1

2   UNITED STATES BANKRUPTCY COURT

3    SOUTHERN DISTRICT OF NEW YORK

4   --------------------x
    IN RE:

5                              Chapter 11
    96 WYTHE ACQUISITION,

6   LLC,                       Case No. 21-22108(RDD)
     Debtor.

7   --------------------x

8

9                 9:00 a.m.
                  March 4, 2021

10

11

12        VIDEOTAPED VIRTUAL DEPOSITION of TOBY

13   MOSKOVITS, a Witness in the above entitled matter,

14   pursuant to Rule 30(b)(6) and in her individual

15   capacity, before Stephen J. Moore, a Registered

16   Professional Reporter, Certified Realtime Reporter

17   and Notary Public of the State of New York.

18

19

20

21

22

23

24

25

**REDACTED**

# EXHIBIT B

**MAYER BROWN LLP**
Douglas Spelfogel
Gina M. Parlovecchio
Charles S. Kelley (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 506-1910

*-and-*

**BACKENROTH FRANKEL &
KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544

*Co-Counsel to the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>                         Debtor. | Chapter 11<br><br>Case No.: 21-22108 (RDD) |

**DEBTOR'S WITNESS DESIGNATIONS IN RESPONSE TO BENEFIT STREET
PARTNERS REALTY OPERATING PARTNERSHIP, L.P.'S
<u>NOTICE OF DEPOSITION OF THE DEBTOR</u>**

To:    Benefit Street Partners Realty Operating Partnership, L.P., by and through its counsel, P. Bradley O'Neill, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036.

     96 Wythe Acquisition, LLC (the "<u>Debtor</u>") submits the following designations

("<u>Designations</u>") to Benefit Street Partners Realty Operating Partnership, L.P.'s ("<u>BSP</u>")

Notice of Deposition of the Debtor under Rules 26, 30(b)(6), and 34 of the Federal Rules of

Civil Procedure.  Debtor reserves all rights with respect to its Designations.

1

**DESIGNATIONS**

1. The Debtor's officers, members, and employees, including positions, responsibilities, and salaries/compensation. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

2. The experience, operations, capabilities, staff, locations, assets and liabilities, and resources of the Management Company. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

3. The Plan, including its terms, conditions, negotiation and approval by the Debtor. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

4. The Debtor's communications with the Management Company, the Debtor's Stakeholders, or the Management Company's Stakeholders regarding the Plan. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

5. Testimony and evidence expected to be offered by the Debtor in support of the Plan at the confirmation hearing. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

6. All documents and communications concerning the Debtor's valuation or marketing for sale of the Hotel as part of the Bankruptcy Case. **Leitner Berman; B Riley; Getzler/Hilco; CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

7. Any filed or anticipated amendments or modifications to the Plan. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

8. All documents and evidence concerning whether the Plan was filed in good faith. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

9. The Debtor's objections to the claims filed in the Bankruptcy Case. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

10. The terms, negotiation, preparation, approval, execution, assignment of and obligations and performance under the (a) Purported Management Agreement, (b) Management Agreement, and (c) Assignment of Management Agreement, including the Debtor's communications with the Management Company, Benefit Street, and any third party about those agreements. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

11. The Debtor's disclosure of the Purported Management Agreement to Benefit Street or any third party. **Toby Moskovits in part; Michael Lichtenstein in part**

12. The Debtor's or Management Company's federal, state income, and local income, real property, business and hotel occupancy tax returns, including the reporting and calculations of income, revenue, expenses, and distributions reflected in the returns. **Toby Moskovits in part; Michael Lichtenstein in part**

13. The Debtor's communications with the Management Company and any third party concerning the preparation of the Debtor's or the Management Company's tax returns. **Toby Moskovits in part; Michael Lichtenstein in part**

2

14. The payment or non-payment of taxes relating to the Hotel, including income, real estate taxes, corporate taxes, unincorporated business taxes, hotel occupancy taxes, or any other tax relating to the Hotel. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

15. The negotiation, approval, analysis, preparation, and execution of the PPP Stipulation. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

16. The $613,758.93 in transactions purportedly "reinvested" in the Debtor, as described in paragraph 8 of the 9019 Motion or identified in Exhibit B, including the accounting records, contracts, invoices, receipts, or other documentation relating to each transaction. **Toby Moskovits in part; Michael Lichtenstein in part**

17. The $824,241.07 in transactions purportedly disbursed to "pay for the costs and expenses of other business activities" of the Management Company as stated in Paragraph 8 of the 9019 Motion and as identified in Exhibit B. **Toby Moskovits in part; Michael Lichtenstein in part**

18. The Management Company's assets, liabilities, sources of income, and financial wherewithal to make the monthly payments contemplated to be made by it under the PPP Stipulation and the Debtor's investigation thereof. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

19. Any litigation involving the Debtor, including any claims, findings of liability, judgments, or liens, in favor of or against the Debtor or its principals. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

20. Bankruptcy proceedings in respect of any affiliate of the Debtor, including the proceedings in such bankruptcies. **Toby Moskovits in part; Michael Lichtenstein in part**

21. The Examiner's Report and all facts or transactions it describes. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

Dated:  February 24, 2022
New York, New York

Respectfully submitted,

By: */s/ Douglas Spelfogel*
Douglas Spelfogel
Gina M. Parlovecchio
Charles S. Kelley (admitted *pro hac vice*)
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 506-1910
Email: dspelfogel@mayerbrown.com
gparlovecchio@mayerbrown.com
leisenberg@mayerbrown.com
ckelley@mayerbrown.com

*-and-*

Mark Frankel
**BACKENROTH FRANKEL &
KRINSKY, LLP**
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544
Email: mfrankel@bfklaw.com

*Co-Counsel to the Debtor and Debtor in
Possession*

# EXHIBIT C

**From:** Kelley, Charles S.
**Sent:** Thu, 3 Mar 2022 15:57:45
**To:** Gary Freedman; Spelfogel, Douglas; O'Neill, P. Bradley
**Cc:** Parlovecchio, Gina; Lee Hart; Rogoff, Adam C.; Alkadri, Susan; jbg@dhclegal.com; Francis Santelices
**Subject:** RE: Deposition Dates [MB-AME.FID5901193]
**Sensitivity:** Normal

Gary

Thank you for your email, but I am currently defending Joel Leitner's deposition by your team, without any knowledge as to how long this deposition may last in regards to your proposed timeframe for a meet and confer. I assume others on behalf of Debtor can cover the meet and confer on behalf of Debtor, as until I learn otherwise from Mr. Bentley who is taking the deposition on behalf of BSP, I am going to assume I will be tied up at 3:30 ET.

I have perhaps a biased view, but in my view there is entirely too much email jousting that seems to pervade your side's approach to dealing with discovery, and as you notice I generally do not engage in that game. We are producing the key witnesses, they will cover the topics you want to cover in a deposition in the length permitted by the local rules, period.

Relying on designation of topics under Rule 30(b)(6) to examine the witnesses on information contained within their personal knowledge does not give you the right to demand multiple depositions or exceed the deposition lengths permitted by the rules. We are not "educating" these witnesses on corporate knowledge, in the sense that other witnesses do not possess the information we believe you seek to question the witnesses; thus, we are not producing Toby, Michael and David in lieu of other witnesses, they simply already possess the information you seek to mine in a deposition. There is no game here.

To be clear, we are opposed, and will not be producing Mr. Lichtenstein on March 17 as a second attempt to gather his sworn testimony under oath, we believe our position is reasonable. If you disagree and we need Court intervention on this issue, so be it.

We have an agreement on producing the witnesses only once, and as noted, we intend to honor it – as we fully expect you to hold us to that same agreement.

If your point is you feel jammed because we are providing our objections today, both sides have accommodated reasonable requests wherever possible on scheduling, that may be a topic to discuss in a meet and confer.

---

**From:** Gary Freedman <Gary.Freedman@nelsonmullins.com>
**Sent:** Thursday, March 3, 2022 9:26 AM
**To:** Kelley, Charles S. <CKelley@mayerbrown.com>; Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; O'Neill, P. Bradley <BOneill@kramerlevin.com>
**Cc:** Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Lee Hart <lee.hart@nelsonmullins.com>; Rogoff, Adam C. <ARogoff@kramerlevin.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>; jbg@dhclegal.com; Francis Santelices <francis.santelices@nelsonmullins.com>
**Subject:** RE: Deposition Dates [MB-AME.FID5901193]

**\*\*EXTERNAL SENDER\*\***

Charles,

With Toby's deposition scheduled for tomorrow, I do not have time to continue to joust with you on your side's discovery games. Hopefully, whatever you provide, whenever you provide it, will advance with your side's compliance with Rule 30(b)(6).

But we are unpleasantly surprised that after having received our Rule 30(b)(6) matters almost a month ago, on February 9, you plan of providing us objections less than 21 hours (and counting) from the start of the deposition of the first 30(b)(6) designated representative. We suggest that we get on a meet and confer call this afternoon in an effort to work through these last minute objections. Does 3:00 EST work for you?

Finally, attached is the deposition notice for Mr. Lichtenstein in his individual and corporate capacity for the agreed upon March 10 date. We will be proceeding with the Hotel Manager deposition on March 17 as noticed. Other than an issue with respect to availability, which I would expect to hear about today, any issue regarding Benefit Street's intention to take separate Rule 30(b)(6) depositions of the Debtor and the Hotel Manager should immediately be raised with the Court.

All rights reserved.

Best,
Gary

**GARY M. FREEDMAN**  PARTNER AND CHAIR, BANKRUPTCY AND
FINANCIAL RESTRUCTURING PRACTICE GROUP
gary.freedman@nelsonmullins.com

2 SOUTH BISCAYNE BLVD. | 21ST FLOOR
MIAMI, FL 33131
T 305.373.9449  F 305.373.9443

NELSONMULLINS.COM    VCARD    VIEW BIO

---

**From:** Kelley, Charles S. <CKelley@mayerbrown.com>
**Sent:** Wednesday, March 2, 2022 7:11 PM
**To:** Gary Freedman <Gary.Freedman@nelsonmullins.com>; Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; O'Neill, P. Bradley <BOneill@kramerlevin.com>
**Cc:** Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Lee Hart <lee.hart@nelsonmullins.com>; Rogoff, Adam C. <ARogoff@kramerlevin.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>; jbg@dhclegal.com; Francis Santelices <francis.santelices@nelsonmullins.com>
**Subject:** RE: Deposition Dates [MB-AME.FID5901193]

Gary

The parties have agreed that 30(b)(6) witnesses will be produced along with their testimony in their individual capacity, and each will only sit once.  Debtors will honor that agreement and expect BSP to do the same.

This issue you are raising about multiple witness designations on each of BSP's very broad Rule 30(b)(6) categories is simply form over substance.  There are aspects of each of BSP's broad topics that, generally, each of Mr. Goldwasser, Mr. Lichtenstien, and Ms Moskovits are able to speak to under oath, competently.  We have made that clear by designating them under the categories where they possess knowledge of the entities.  Your demand to name one person for each very broad topic purportedly because you would not need to cover each topic with all of the witnesses – notwithstanding each witness' ability to answer questions within the topics noted – is disingenuous.  You do not appear to be suggesting you are willing to limit your examination of the other two (should we designate only one person) by not asking questions on such topics.  Given we do not expect you to so limit yourself, we provided candor on which topic each witness designated can speak.  As I strongly suspect you already intend already to cover the factual knowledge in the deposition of each witness competent to provide testimony on these areas, it is simply false to assert our designations have "added additional" questions to your examinations.  To be clear, we will vigorously oppose any attempt to re-depose any such witness in either individual or 30(b)(6) capacity given the parties' agreement.

If I have misunderstood your intent, and your email is intended actually to propose that we designate one such person per topic, and BSP is agreeing not to examine the other witnesses on that same topic, please make that proposal clear.  Otherwise, this comes across as pure posturing.  Given each of their respective titles and roles within the relevant entities, BSP does not gain anything by requiring individual designations for Rule 30(b)(6) purposes, **when you fully intend to inquire of each witness their existing factual knowledge on these topics**.

Without waiving any of Debtors' objections, we have been able to secure the consent of counsel for the management company, and Mr. Lichtenstien will be the person capable of testifying in regards to management company designations on which you wish to examine a witness on the date he is currently scheduled to appear – we will only produce him once to cover all questions you wish to ask him personally or as a Rule 30(b)(6) witness for either Debtor or Management Company.

Notwithstanding my comments above, Debtor will file, by tomorrow, Debtor's objections to your Rule 30(b)(6) designations, in which, among other items, we will attempt to provide guidance of the general area within each of the BSP topics you can expect each designated person will have ability to cover each of BSP's broad Rule 30(b)(6) topics.

Regards,

Charles S. Kelley
ckelley@mayerbrown.com

**Mayer Brown LLP**
700 Louisiana St., Suite 3400
Houston, Texas 77002

Direct 713.238.2634
Mobile 281.300.5455

---

**From:** Gary Freedman <Gary.Freedman@nelsonmullins.com>
**Sent:** Wednesday, March 2, 2022 6:52 AM
**To:** Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Kelley, Charles S. <CKelley@mayerbrown.com>; O'Neill, P. Bradley <BOneill@kramerlevin.com>
**Cc:** Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Lee Hart <lee.hart@nelsonmullins.com>; Rogoff, Adam C. <ARogoff@kramerlevin.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>; jbg@dhclegal.com; Francis Santelices <francis.santelices@nelsonmullins.com>
**Subject:** RE: Deposition Dates [MB-AME.FID5901193]

**\*\*EXTERNAL SENDER\*\***

Doug,

Good morning. We are heeding your directive to "be guided accordingly" as follows.

Since there has been no cooperation in setting the management company for deposition, our notice setting that deposition for March 17 will be going out this morning. We will not take three witnesses simultaneously. And as you know, there is much to cover with the management company.

And we will need to discuss dates for the continued deposition of Ms. Moskovits, Mr. Lichtenstien and the debtor since, notwithstanding our numerous requests to designate a specific corporate representative for each matter, you all have failed to do so. As a result, we will have to inquire of each designated representative as to each matter, including Ms. Moskovits and Mr. Lichetenstien who have each been designated as a the debtor's corporate representative for each and every matter. *See In Acorn Semi, LLC v. Samsung Electronics Co., Ltd*., No. 2:19-cv-00347-JRG, 2022 WL 489947 (E.D. Tex. Feb. 17, 2022). If you fail to willingly cooperate in this regard, we will have no choice but to unilaterally set the continued depositions.

Best,
Gary

_____

**GARY M. FREEDMAN**   PARTNER AND CHAIR, BANKRUPTCY AND
FINANCIAL RESTRUCTURING PRACTICE GROUP
gary.freedman@nelsonmullins.com

2 SOUTH BISCAYNE BLVD. | 21ST FLOOR
MIAMI, FL 33131

T 305.373.9449   F 305.373.9443

NELSONMULLINS.COM   VCARD   VIEW BIO

---

**From:** Spelfogel, Douglas <DSpelfogel@mayerbrown.com>
**Sent:** Wednesday, March 2, 2022 1:13 AM
**To:** Gary Freedman <Gary.Freedman@nelsonmullins.com>; Kelley, Charles S. <CKelley@mayerbrown.com>; O'Neill, P. Bradley <BOneill@kramerlevin.com>
**Cc:** Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Lee Hart <lee.hart@nelsonmullins.com>; Rogoff, Adam C. <ARogoff@kramerlevin.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>; jbg@dhclegal.com
**Subject:** RE: Deposition Dates [MB-AME.FID5901193]

Gary, your emails are not helpful, and misstate the discussions.  For clarity, we have confirmed that Mr. Lichtenstein will be appearing once as designee for the management company and individually.  The date has already been confirmed for such, as you are aware.  We have conferred with the parties, and we do not intend to produce witnesses twice.

Please be guided accordingly,

Thank you,

Doug

Douglas Spelfogel
Partner
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
T +1212-506-2151
dspelfogel@mayerbrown.com
LinkedIn|Twitter
mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

---

**From:** Gary Freedman <Gary.Freedman@nelsonmullins.com>
**Sent:** Tuesday, March 1, 2022 8:07 AM
**To:** Kelley, Charles S. <CKelley@mayerbrown.com>; O'Neill, P. Bradley <BOneill@kramerlevin.com>
**Cc:** Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Lee Hart <lee.hart@nelsonmullins.com>; Rogoff, Adam C. <ARogoff@kramerlevin.com>;

Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>; jbg@dhclegal.com
**Subject:** RE: Deposition Dates [MB-AME.FID5901193]

**\*\*EXTERNAL SENDER\*\***

Charles and Doug,

We ask you again to provide us proposed dates for the Management Company's 30(b)(6) witness. Until we received your email February 24, we were led to believe that you would be assisting with this. Per the below email, we understood that you would also be coordinating the designations for the Management Company's 30(b)(6) topics. Given that your client's principals are the principals of the Management Company, we thought we had an agreement that this all would be done collaboratively. But in an abundance of caution, I am also copying Mr. Glucksman here.

Please be advised that Benefit Street Partners reserves all rights with respect to this failure of cooperation on discovery, including the right to seek to continue confirmation or preclude any representative of the Management Company from testifying at confirmation. I find these discovery games to be so wasteful.

Best,
Gary

_____

**GARY M. FREEDMAN**  PARTNER AND CHAIR, BANKRUPTCY AND
FINANCIAL RESTRUCTURING PRACTICE GROUP
gary.freedman@nelsonmullins.com

2 SOUTH BISCAYNE BLVD. | 21ST FLOOR
MIAMI, FL 33131
T 305.373.9449  F 305.373.9443

NELSONMULLINS.COM    VCARD    VIEW BIO

_____

**From:** Kelley, Charles S. <CKelley@mayerbrown.com>
**Sent:** Monday, February 21, 2022 3:57 PM
**To:** O'Neill, P. Bradley <BONeill@kramerlevin.com>
**Cc:** Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Lee Hart <lee.hart@nelsonmullins.com>; Gary Freedman <Gary.Freedman@nelsonmullins.com>; Rogoff, Adam C. <ARogoff@kramerlevin.com>; Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>
**Subject:** Re: Deposition Dates [MB-AME.FID5901193]

\u9668 ?External Email\u9658 ? - From: CKelley@mayerbrown.com

Brad
Per our call of this afternoon, Debtor's experts' availability for deposition are as follows:

LeitnerBetman/Leitner
Wk of Feb 28 = March 2, 3 and 4th
(Understand we are targeting appraisers the week of 28th)

BRiley/Howard
Wk of Feb 28 = 2, and 3rd
Wk March 7 =7, 9, 10, 11
Wk March 21= 23, 24, and 25

Hilco/Zimmerman
Wk of Feb 28th= nothing
Wk of March 7th = 7, 9, 10, 11
Wk of March 21= 22, 23, 24, and 25.

Hilco/Podgainy
Wk of Feb 28th= 4th
Wk of March 7th= 7, 9, 10, and 11
Wk of March 21st= 22, 24, 24, and 25.

Please send me your experts' dates of availability for those three weeks, 28th, 7th and 21st. As noted in our prior calls, I'm unavailable week of 14th for personal reasons.

Ball is in your court to let us know when you get your remaining experts' docs so we can set a date and exchange those docs.  As I have mentioned, we have ours and have been ready to exchange.

Similarly, please let us know when you are able to exchange list of designated witnesses on the 30(B)6 topics each party exchanged. Suggest tomorrow but someone yesterday on your side wanted to review some docs and was uncertain when you would be ready   Let us know when you are ready, both sides should have something on writing from the other as who is covering which topics.

Pls advise if you have questions or don't understand my shorthand.  Once I receive your dates and digest, let's hop on a call to quickly exchange views on dates to wrap that up and get a confirming email out on scheduling experts. Don't think we need the whole crew on that call.

Not trying to leave anyone off but simply responded to your last email. Circulate to those on your side to whom this should have been sent.

Let's get this finalized.

Regards,
CSK

Sent from my iPhone

On Feb 20, 2022, at 2:09 PM, O'Neill, P. Bradley <BOneill@kramerlevin.com> wrote:

\u-257 ?

**EXTERNAL SENDER**

This is not constructive.  We spent the better part of an hour on the phone this morning, but you have not responded to anything we said, only repeated your unsupported asks.   Negotiation requires some concession.  I urge you to reconsider this proposal.

P. Bradley  O'Neill
*Partner*

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.7583 **M** 646.808.7953 **F** 212.715.8382

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Parlovecchio, Gina <GParlovecchio@mayerbrown.com>
**Sent:** Sunday, February 20, 2022 12:20 PM
**To:** Lee Hart <lee.hart@nelsonmullins.com>; Gary Freedman <gary.freedman@nelsonmullins.com>; O'Neill, P. Bradley <BOneill@KRAMERLEVIN.com>; Rogoff, Adam C. <ARogoff@KRAMERLEVIN.com>
**Cc:** Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Kelley, Charles S. <CKelley@mayerbrown.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>
**Subject:** [EXTERNAL] Deposition Dates [MB-AME.FID5901193]

All,

Following up on our earlier conversation, we propose the weeks of March 7 and March 14 for all fact/30(b)(6) witnesses, including Michael Comparato.  We are in the process of confirming our clients' availability these weeks.

We can schedule the experts on the call at 4 p.m. EST today, but we propose the weeks of February 28 and March 7.

We suggest Tuesday (2/22) at noon for exchange of expert witnesses reliance materials, and COB Tuesday (2/22) for designation of 30(b)(6) witnesses.

Best regards,
Gina

Gina M. Parlovecchio
*Partner*
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
T +1 212 506 2522 | M +1 929 343 8470

gparlovecchio@mayerbrown.com
mayerbrown.com



Named to *Global Investigations Review's* list of the World's Top 30 Investigations Practices for the 6th consecutive year.

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our Privacy Notice.

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

# EXHIBIT D

**From:** Kelley, Charles S.
**Sent:** Wed, 9 Mar 2022 17:47:01
**To:** Gary Freedman; Parlovecchio, Gina; Campos, Jocelyn; O'Neill, P. Bradley; Rogoff, Adam C.; Watson, Reyhan; Kane, Wendy; Lee Hart
**Cc:** Spelfogel, Douglas; Eisenberg, Leah; Alkadri, Susan; Francis Santelices
**Subject:** RE: 96 Wythe Acquisition LLC, Case No. 21-22108 [MB-AME.FID5901193]
**Sensitivity:** Normal

Gary
At present, Gina is in the deposition of Mr. Comparato, your client, I believe.

In order to facilitate communications and because you specifically request feedback to avoid unilateral setting of depositions, which we appreciate, I want to get you a response.  Let me set out where I believe we are and then address your question:

I believe you understand we are not in agreement at the moment that a separate deposition for a corporate rep of the management company is necessary, for the reasons we have previously discussed.  We have offered a stipulation that the Management Company, Debtor and, obviously, Mr. Lichtenstein will be bound by his testimony on these issues, especially given the substantial overlap between the designations under 30(b)(6).  We understand he will be deposed tomorrow and is being tendered for all of the topics (for both Management Company and Debtor under the 30(b)(6) categories) by Debtors.  We believe these topics can be addressed within the seven hours, you may not agree.

Where we have left it is you will proceed with the deposition, and you will let us know your view of what, if anything in your view, was not adequately addressed by the witness, and I understand we will meet and confer thereafter to try and resolve any issues.

Our concern with your email is that it appears you are asking us to somehow agree beforehand that the corporate rep of the Management company is not going forward tomorrow or must be separated.  I believe you realize the parties do not have agreement on that point, at least not yet.

You have said you and your client want separate delineation of entities, notwithstanding the closely held status of the entities involved and despite our stipulation as to effect of Mr. Lichtenstein's testimony, which reflects we do not believe the delineation is needed or appropriate.  As long as you appreciate we do not have agreement on the foregoing issues between the parties and it is our view Mr. Lichtenstein is being tendered for all topics tomorrow, I believe we can answer your email below in that context.

Given yesterday's, today's and tomorrow's depositions, our team has not yet had opportunity to get on a call with the client to address these issues and schedule.  We understand you are looking for six weeks to identify dates.

Nevertheless, I attempted to explore availability on calendars through our outlook system and I believe neither the 18th nor the 21st work at present for Debtors' counsel, but I reserve the right to change that response in respect of the 21st upon further internal conversations with my colleagues regarding their schedules and the client as well.

Please understand we appreciate the effort to avoid unilateral setting, and we do not mind trying to identify dates so long as it is without prejudice to the pending disagreements.  Thank you.

Regards,
CSK

---

**From:** Gary Freedman <Gary.Freedman@nelsonmullins.com>
**Sent:** Wednesday, March 9, 2022 11:03 AM
**To:** Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Campos, Jocelyn <JTCampos@mayerbrown.com>; boneill@kramerlevin.com; arogoff@kramerlevin.com; Watson, Reyhan <RWatson@KRAMERLEVIN.com>; Kane, Wendy <WKane@KRAMERLEVIN.com>; Lee Hart <lee.hart@nelsonmullins.com>
**Cc:** Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Eisenberg, Leah <LEisenberg@mayerbrown.com>; Kelley, Charles S. <CKelley@mayerbrown.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>; Francis Santelices <francis.santelices@nelsonmullins.com>
**Subject:** RE: 96 Wythe Acquisition LLC, Case No. 21-22108 [MB-AME.FID5901193]

**\*\*EXTERNAL SENDER\*\***

Gina,

Can you confirm dates please? I want to avoid unilateral settings.

Thanks,
Gary

**GARY M. FREEDMAN**  PARTNER AND CHAIR, BANKRUPTCY AND
FINANCIAL RESTRUCTURING PRACTICE GROUP
gary.freedman@nelsonmullins.com

2 SOUTH BISCAYNE BLVD. | 21ST FLOOR
MIAMI, FL 33131
T 305.373.9449  F 305.373.9443

NELSONMULLINS.COM   VCARD   VIEW BIO

---

**From:** Gary Freedman <Gary.Freedman@nelsonmullins.com>
**Sent:** Tuesday, March 8, 2022 1:18 PM
**To:** Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Campos, Jocelyn <JTCampos@mayerbrown.com>; boneill@kramerlevin.com; arogoff@kramerlevin.com; Watson, Reyhan <RWatson@KRAMERLEVIN.com>; Kane, Wendy <WKane@KRAMERLEVIN.com>; Lee Hart <lee.hart@nelsonmullins.com>
**Cc:** Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Eisenberg, Leah <LEisenberg@mayerbrown.com>; Kelley, Charles S. <CKelley@mayerbrown.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>; Francis Santelices <francis.santelices@nelsonmullins.com>
**Subject:** RE: 96 Wythe Acquisition LLC, Case No. 21-22108 [MB-AME.FID5901193]

Gina,

Thanks for your response. While I appreciate your ask on number 3 below, as I indicated at least 4 times yesterday during our meet and confer, the debtor and management company are two separate legal entities with two separate rolls. We need to understand the specific testimony from each witness. Kindly let us know if March 18 or 21 works for the management company.

Best,
Gary

---

**GARY M. FREEDMAN**  PARTNER AND CHAIR, BANKRUPTCY AND
FINANCIAL RESTRUCTURING PRACTICE GROUP
gary.freedman@nelsonmullins.com

2 SOUTH BISCAYNE BLVD. | 21ST FLOOR
MIAMI, FL 33131
T 305.373.9449  F 305.373.9443

NELSONMULLINS.COM   VCARD   VIEW BIO

---

**From:** Parlovecchio, Gina <GParlovecchio@mayerbrown.com>
**Sent:** Tuesday, March 8, 2022 12:46 PM
**To:** Gary Freedman <Gary.Freedman@nelsonmullins.com>; Campos, Jocelyn <JTCampos@mayerbrown.com>; boneill@kramerlevin.com; Watson, Reyhan <RWatson@KRAMERLEVIN.com>; Kane, Wendy <WKane@KRAMERLEVIN.com>; Lee Hart <lee.hart@nelsonmullins.com>
**Cc:** Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Eisenberg, Leah <LEisenberg@mayerbrown.com>; Kelley, Charles S. <CKelley@mayerbrown.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>
**Subject:** RE: 96 Wythe Acquisition LLC, Case No. 21-22108 [MB-AME.FID5901193]

Gary,

We write to further memorialize the parties' discussion from yesterday's 1 p.m. meet-and-confer:

1. Yes – we stipulated that Ms. Moskovits' testimony (both past and potential future) concerning the 30(b)(6) topics noticed by BSP will bind the Debtor.

2. We would appreciate it if you could provide us with a more precise estimate for a potential future deposition of Ms. Moskovits once you have had an opportunity to review your notes. In the meantime, however, we will take these estimates under advisement, consult with our client and inform you of our position.

3. Thank you for agreeing to reschedule the March 17 deposition date, which we had previously advised you is Purim. We prefer not to schedule the second Michael Lichtenstein date until BSP has had a chance to take its first deposition. We maintain the position that BSP should endeavor to cover its management company 30(b)(6) topics in the first seven-hour timeframe to obviate the need for a second deposition. But we remain open to discussing the need for a second 30(b)(6) deposition on the management company topics once the deposition scheduled for March 10 is complete.

4. Thank you for agreeing to endeavor to narrow the management company topics once you have had an opportunity to depose Mr. Lichtenstein in his individual

and Debtor 30(b)(6) capacity.

5. Yes, so stipulated in regard to Mr. Lichtenstein with regard to both the Debtor and Management Company.

The foregoing is without prejudice to all rights.

Best regards,
Gina

---

**From:** Gary Freedman <Gary.Freedman@nelsonmullins.com>
**Sent:** Tuesday, March 8, 2022 8:09 AM
**To:** Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Campos, Jocelyn <JTCampos@mayerbrown.com>; boneill@kramerlevin.com; arogoff@kramerlevin.com; Watson, Reyhan <RWatson@KRAMERLEVIN.com>; Kane, Wendy <WKane@KRAMERLEVIN.com>; Lee Hart <lee.hart@nelsonmullins.com>
**Cc:** Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Eisenberg, Leah <LEisenberg@mayerbrown.com>; Kelley, Charles S. <CKelley@mayerbrown.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>
**Subject:** RE: 96 Wythe Acquisition LLC, Case No. 21-22108 [MB-AME.FID5901193]

**\*\*EXTERNAL SENDER\*\***

Gina,

Good morning. I write to attempt to confirm the agreements/status form our 1:00 meet and confer yesterday.

1. The debtor has stipulated that for those debtor 30(b)(6) matters designated by BSP, Ms. Moskovits' testimony provided on March 4 (and in the future) bound the debtor.
2. We have asked that you provide another day so that we may complete Ms. Moksovits' deposition. In this regard, you have asked us to provide an approximation of the time we think we would need to complete her deposition. I still need to review my notes and documents, but my sense is that if she is responsive to the questions, 4 hours, and if she continues in the same manner as she did on March 4, 7 hours.
3. On March 2 we emailed indicating our intention of setting the Management Company's deposition for March 17, and when you did not object to the date we went ahead and noticed the deposition accordingly. You have reminded us that Mr. Lichtenstein is not available on that date and as he has subsequently been designated as the Management Company's corporate representative, we are willing to reschedule. Let us know if March 18 works, or alternatively, March 21.
4. I have agreed that once we take Mr. Lichtenstein's deposition on March 10 in his individual and debtor corporate representative capacities, I will endeavor to narrow the Management Company's 30(b)(6) matters.
5. You have also agreed to the same stipulation in respect to Mr. Lichtenstein, in that in respect to those designated 30(b)(6) matters, his testimony will bind the debtor and the Management Company, respectively.

We look forward to hearing from you.

Best,
Gary

---

**GARY M. FREEDMAN**  PARTNER AND CHAIR, BANKRUPTCY AND FINANCIAL RESTRUCTURING PRACTICE GROUP
gary.freedman@nelsonmullins.com
2 SOUTH BISCAYNE BLVD. | 21ST FLOOR
MIAMI, FL 33131
T 305.373.9449  F 305.373.9443
NELSONMULLINS.COM    VCARD    VIEW BIO

---

**From:** Parlovecchio, Gina <GParlovecchio@mayerbrown.com>
**Sent:** Sunday, March 6, 2022 1:56 PM
**To:** Gary Freedman <Gary.Freedman@nelsonmullins.com>; Campos, Jocelyn <JTCampos@mayerbrown.com>; boneill@kramerlevin.com; arogoff@kramerlevin.com; Watson, Reyhan <RWatson@KRAMERLEVIN.com>; Kane, Wendy <WKane@KRAMERLEVIN.com>; Lee Hart <lee.hart@nelsonmullins.com>
**Cc:** Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Eisenberg, Leah <LEisenberg@mayerbrown.com>; Kelley, Charles S. <CKelley@mayerbrown.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>

**Subject:** RE: 96 Wythe Acquisition LLC, Case No. 21-22108 [MB-AME.FID5901193]

Gary,

The parties' agreement was one deposition per witness, which you insisted upon for your witnesses. Notably, in keeping with that agreement we have already deposed Ms. Mollova in her individual and corporate capacity in one deposition, and we intend to adhere to our agreement and depose Mr. Comparato in his individual and corporate capacities in one deposition.

As we have advised you repeatedly, including as recently as during Ms. Moskovits' deposition, the Debtor is a small, closely-held company. It is an LLC for which there are only two members – Toby Moskovits and Michael Lichtenstein – and the Debtor currently has no employees. Given these facts, we are willing to stipulate that the answers given during Michael Lichtenstein's deposition in his individual capacity in regard to the 30(b)(6) topics BSP noticed, and for which he has been designated, will be binding on the Debtor and the management company. This should obviate the need for a second – or third – repetitive, vexatious deposition, that will inevitably result in the same answers that you would elicit from Mr. Lichtenstein in his individual capacity. We are prepared to make the same stipulations as to Ms. Moskovits where applicable. The principle that discovery cannot be used to harass, and basic common sense, should govern here.

Regarding the splitting of designations per 30(b)(6) topic, given the breath of your categories, more than one of the Debtor's witnesses will have knowledge in regard to certain topics. We advised you several times that this was the case. Your refusal to provide a more specific designation created the issues of which you complain—not our witnesses. So, we reject your assertion that Ms. Moskovits had no knowledge. She answered your questions to the extent she had knowledge on your extraordinarily broad topics.

Finally, your notice to Mr. Lichtenstein for a second deposition, in addition to being contrary to our agreement, is noticed on Purim, which was one of the days we had advised our client was not available.

Your continued strong arm tactics, which appear designed to run up staggering costs that you will undoubtedly attempt to add to your claim, are rejected. We hope that you will reconsider your approach here, and proceed in a reasonable and professional fashion.

We are available to meet-and-confer to discuss further tomorrow at 1 p.m.

All rights reserved.

Thank you,
Gina

---

**From:** Gary Freedman <Gary.Freedman@nelsonmullins.com>
**Sent:** Saturday, March 5, 2022 10:37 AM
**To:** Campos, Jocelyn <JTCampos@mayerbrown.com>; boneill@kramerlevin.com; arogoff@kramerlevin.com; Watson, Reyhan <RWatson@KRAMERLEVIN.COM>; Kane, Wendy <WKane@KRAMERLEVIN.COM>; Lee Hart <lee.hart@nelsonmullins.com>
**Cc:** Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Eisenberg, Leah <LEisenberg@mayerbrown.com>; Kelley, Charles S. <CKelley@mayerbrown.com>; Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>
**Subject:** RE: 96 Wythe Acquisition LLC, Case No. 21-22108 [MB-AME.FID5901193]

**\*\*EXTERNAL SENDER\*\***

Gina,

Good morning.

I am writing to inform you that we will not be proceeding with taking joint depositions of individual and corporate representative depositions. We have continuously expressed our concerns over your side's instance on identifying multiple witnesses on our 21 30(b)(6) matters. The new witness designations sent late in the afternoon on Thursday did nothing to alleviate our concerns but, rather, just made your designations more confusing. Nevertheless, as you all had requested, yesterday we attempted to take the joint deposition of Ms. Moskovits, both in her individual and debtor corporate capacities. We spent over 15 minutes just trying to agree on a process with your client on how to distinguish in what capacity she would be responding to questions, which when applied during the balance of the deposition became unworkable. In fact, even matters for which she was designated as the debtor's corporate representative (after parsing through your 17 pages of new designations), she claimed to have no knowledge.

This case is a significant matter for both of our clients. We cannot allow confusion to overwhelm the determination over in which capacity a witness is providing testimony. Accordingly, we will be proceeding with Mr. Lichtenstein's deposition in his capacity as a debtor's corporate representative on March 10. We have been informed that he will also be designated as the Management Company's corporate representative, and will be proceeding with that deposition as noticed on March 17. Please provide us with a couple of proposed dates for Mr. Lichtenstein's individual deposition on a date after March 17. If we decide that his individual deposition is not needed after we complete the Management Company's deposition, we will let you know and release the date.

Finally, please let us know if we may complete Ms. Moskovits deposition on March 22 or 23. We will be bifurcating that continued deposition between her individual and corporate capacities.

Thank you for your anticipated cooperation and enjoy your weekend.

Best,
Gary

---

**GARY M. FREEDMAN**  **PARTNER AND CHAIR, BANKRUPTCY AND FINANCIAL RESTRUCTURING PRACTICE GROUP**
gary.freedman@nelsonmullins.com
2 SOUTH BISCAYNE BLVD. | 21ST FLOOR
MIAMI, FL 33131
T 305.373.9449  F 305.373.9443
NELSONMULLINS.COM    VCARD    VIEW BIO

---

**From:** Gary Freedman
**Sent:** Friday, March 4, 2022 7:57 AM
**To:** 'Campos, Jocelyn' <JTCampos@mayerbrown.com>; boneill@kramerlevin.com; arogoff@kramerlevin.com; Watson, Reyhan <RWatson@KRAMERLEVIN.com>; Kane, Wendy <WKane@KRAMERLEVIN.com>; Lee Hart <lee.hart@nelsonmullins.com>
**Cc:** Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Eisenberg, Leah <LEisenberg@mayerbrown.com>; Kelley, Charles S. <CKelley@mayerbrown.com>; Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>
**Subject:** RE: 96 Wythe Acquisition LLC, Case No. 21-22108 [MB-AME.FID5901193]

And we reserve all rights to continue today's depositions given this last minute production.

---

**GARY M. FREEDMAN**  **PARTNER AND CHAIR, BANKRUPTCY AND FINANCIAL RESTRUCTURING PRACTICE GROUP**
gary.freedman@nelsonmullins.com
2 SOUTH BISCAYNE BLVD. | 21ST FLOOR
MIAMI, FL 33131
T 305.373.9449  F 305.373.9443
NELSONMULLINS.COM    VCARD    VIEW BIO

---

**From:** Campos, Jocelyn <JTCampos@mayerbrown.com>
**Sent:** Thursday, March 3, 2022 8:39 PM
**To:** boneill@kramerlevin.com; arogoff@kramerlevin.com; Watson, Reyhan <RWatson@KRAMERLEVIN.com>; Kane, Wendy <WKane@KRAMERLEVIN.com>; Lee Hart <lee.hart@nelsonmullins.com>; Gary Freedman <Gary.Freedman@nelsonmullins.com>
**Cc:** Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Eisenberg, Leah <LEisenberg@mayerbrown.com>; Kelley, Charles S. <CKelley@mayerbrown.com>; Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>; Campos, Jocelyn <JTCampos@mayerbrown.com>
**Subject:** 96 Wythe Acquisition LLC, Case No. 21-22108 [MB-AME.FID5901193]

\u9668 ?External Email\u9658 ? - From: JTCampos@mayerbrown.com

Further to our earlier email exchange, and without prejudice to all rights, the Debtor is hereby posting its supplemental document production (the "Production"), which includes additional tax information for the Debtor and as provided by the Management Company; advance booking report; projections, loan transfer report; and bank letter re bonafides. We will provide a response to your last document production request under separate cover.

The Production and any further productions shall be subject to (i) the Stipulated Confidentiality and Protective Order agreed to by and among the Debtor, Benefit Street and the Management Company dated September 27, 2021 and (ii) the Debtor's Responses and Objections to the Request dated December 6, 2021.

All rights are hereby preserved.

You will be receiving a *box* invitation from Jocelyn Campos shortly. Please contact her at 212-365-4745 if you need assistance in accessing the production.

Douglas Spelfogel
Partner
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
T +1212-506-2151
dspelfogel@mayerbrown.com
LinkedIn|Twitter
mayerbrown.com

---

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our Privacy Notice.

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.

# EXHIBIT E

**MAYER BROWN LLP**
Douglas Spelfogel
Gina M. Parlovecchio
Charles S. Kelley (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 506-1910

*-and-*

**BACKENROTH FRANKEL &
KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544

*Co-Counsel to the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>     Debtor. | Chapter 11-<br><br>Case No.: 21-22108 (RDD) |

**DEBTOR'S OBJECTIONS TO BENEFIT STREET PARTNERS REALTY OPERATING
PARTNERSHIP, L.P.'S NOTICE OF DEPOSITION OF THE DEBTOR**

To: Benefit Street Partners Realty Operating Partnership, L.P., by and through its counsel, P.
  Bradley O'Neill, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas,
  New York, NY 10036.

  96 Wythe Acquisition, LLC (the "Debtor") submits the following objections

("Objections") to Benefit Street Partners Realty Operating Partnership, L.P.'s ("BSP") Notice of

Deposition of the Debtor under Rules 26, 30(b)(6), and 34 of the Federal Rules of Civil Procedure.

Debtor reserves all rights with respect to its Objections.

## **GENERAL OBJECTIONS**

Debtor asserts the following General Objections to BSP's deposition notice:

1.      Debtor objects to any Definition, Instruction, or Matter for Examination to the extent they request information not in Debtor's possession, care, custody, or control.

2.      Debtor objects to any Definition, Instruction, or Matter for Examination to the extent they seek information that is subject to the attorney/client privilege, the work-product doctrine, the common interest privilege, and/or any other applicable privilege or doctrine. All claims of privilege are expressly reserved, and any inadvertent production of privileged information is not intended as, and shall not be deemed or construed to be, a waiver of any applicable privilege or immunity from disclosure, except when such waiver is expressly communicated in writing.

3.      Debtor objects to any Matter for Examination to the extent it is unnecessarily burdensome or is duplicative of information already in BSP's possession.

4.      Debtor objects to any Matter for Examination to the extent it requires Debtor to respond on behalf of the Williamsburg Hotel BK LLC ("Hotel Manager") because the Hotel Manager is a distinct legal entity, separate from Debtor, and represented by its own counsel. Though Debtor has produced some documents and communications in conjunction with Hotel Manager in this case, this was done to facilitate discovery where appropriate.  Debtor is not in possession of the same information, knowledge, or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce any information or documents in the care, custody, or control of Hotel Manager.  Any outstanding requests to Hotel Manager should be directed to that party's attorneys.

## **SPECIFIC OBJECTIONS**

Debtor objects to each of the following Matters for Examination:

**MATTER NO. 1**  The Debtor's officers, members, and employees, including positions, responsibilities, and salaries/compensation.

**OBJECTION**:  Debtor objects to Matter No. 1 as overly broad and unduly burdensome given the scope and potential breadth of inquiry.  Moreover, it is not limited to time, and given the bankruptcy plan and issues related thereto, Debtor assumes such inquiry relates to these issues and employees going forward, as proposed under the Plan, and seeks only the information as it relates to the proposed operation of reorganized Debtor.  Such inquiry into members may go beyond Debtor's knowledge or ability to provide knowledge on behalf of the corporate entity. Subject to and without waiving the foregoing objections, Debtor will produce Toby Moskovits in part to generally address and respond in respect of employees and officers of the Debtor upon emergence, as well as their responsibilities; and Mr. Goldwasser, in part to generally address any inquiry about such information contained in the scope of Matter No 1 as it may relate to disclosures or information about such personnel or officers in respect of Section 1128 or1129 under the Bankruptcy Code.

**MATTER NO. 2:**  The experience, operations, capabilities, staff, locations, assets and liabilities, and resources of the Management Company.

**OBJECTION**: Debtor objects to Matter No. 2 as overly broad and unduly burdensome to inquire about assets and liabilities of the Management Company, including as it relates to the vaguely referred to "resources."  Subject to and without waiving the foregoing objections, Debtor will produce Ms. Moskovits to testify generally about operations and capabilities of Management Company in respect of Debtor's property; Mr. Lichtenstein, in part, to testify generally in regards

to the Management Company to the extent not otherwise addressed by Ms. Moskovits; and Mr. Goldwasser, in part, to testify generally in respect of performance of the Management Company during the pendency of the Bankruptcy Case.

**MATTER NO. 3:**  The Plan, including its terms, conditions, negotiation and approval by the Debtor.

**OBJECTION**:  Debtor's objects to Matter No. 3 as vague and ambiguous in its use of the term "negotiation" to the extent this inquiry seeks any communications otherwise protected from disclosure under the attorney-client or work-product privileges.  Subject to and without waiving the foregoing objections, Debtor will produce Mr. Lichtenstein, in part, to testify generally about the bankruptcy-related issues as they pertain to submission of the Plan; Ms. Moskovits, in part, to testify generally about Plan formation, judgment and rationale behind the Plan, to the extent not otherwise addressed by Mr. Lichtenstein; and Mr. Goldwasser, in part, to testify generally about the Plan's terms, conditions and approval.

**MATTER NO. 4:** The Debtor's communications with the Management Company, the Debtor's Stakeholders, or the Management Company's Stakeholders regarding the Plan.

**OBJECTION:** Debtor objects to Matter No. 4 as overbroad, unduly burdensome, and seeking documents and communications outside of its care, custody, possession, and/or control. Debtor objects to Matter No. 4 to the extent it requires Debtor to respond on behalf of Hotel Manager because the Hotel Manager is a distinct legal entity, separate from Debtor, and represented by its own counsel.  Debtor is not in possession of the same information, knowledge, or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce any information or documents in the care, custody, or control of Hotel Manager.  Any outstanding requests to Hotel Manager should be directed to that party's attorneys.   Debtor also objects to

Matter No. 4 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the joint defense privilege. Subject to and without waiving the foregoing objections, Debtor will produce Mr. Goldwasser, in part, to generally testify as to Plan structure; Mr. Lichtenstein, in part, to generally testify relating to interplay with the Management Company relating to the Plan; and Ms. Moskovits, in part, to generally testify in respect of the Plan as it relates to the hotel operations, to the extent not otherwise addressed by Mr. Lichtenstein. To the extent this seeks information regarding the Plan and legal advice or communications in respect thereto as set forth above, Debtors will not provide a witness to testify to otherwise privileged information which appears to apply to the bulk of such inquiry. In any event, the above witnesses will testify solely as to non-privileged, non-confidential, relevant communications regarding the Plan.[1]

**MATTER NO. 5:** Testimony and evidence expected to be offered by the Debtor in support of the Plan at the confirmation hearing.

**OBJECTION:** Debtor objects to Matter No. 5 as premature, irrelevant, overly broad, unduly burdensome, and exceeding the scope of permissible topics in a deposition governed by Rule 30(b)(6) of the Federal Rules of Civil Procedure. Debtor also objects to Matter No. 5 to the extent it seeks information protected from disclosure by the attorney-client or work-product privileges. Further, Debtor objects to the extent this Matter seeks to impose a burden inappropriately to marshal evidence. Subject to and without waiving the foregoing objections, Debtor states that discovery is ongoing, and it has not yet completed discovery or preparation for the confirmation hearing. Also subject to and without waiving the foregoing objections, Debtor will disclose any testifying witnesses, together with witness statements and evidence it expects to

---

[1] By agreement Mr. Lichtenstein will be appearing once as designee for the Management Company and individually.

offer in support of the Plan in accordance with the Federal Rules of Bankruptcy Procedure and any applicable Court Orders if and when the Court orders such testimony and evidence to be disclosed. Accordingly, to the extent BSP intends to ask questions about the Plan, such witnesses produced or designated will answer or respond to factual inquires in association with the Plan scheduled for the confirmation hearing, but will not reveal or testify regarding trial strategy, privileged information or other issues protected from disclosure under any applicable privilege or immunity. As Debtor presently intends to call each of Mr. Goldwasser, Mr. Lichtenstein, and Ms. Moskovits to testify at the Confirmation Hearing, they are being presented as witnesses in their individual capacity, but will not testify in their corporate capacity under Rule 30(b)(6) to reveal privileged information as to how and what are Debtor's plans and strategy in respect of its Confirmation Hearing.

**MATTER NO. 6:** All documents and communications concerning the Debtor's valuation or marketing for sale of the Hotel as part of the Bankruptcy Case.

**OBJECTION:** Debtor objects to Matter No. 6 as overbroad, unduly burdensome, and protected from disclosure by the attorney-client privilege. Debtor has already provided BSP with the Leitner Berman Appraisal Report and Rebuttal Report in support thereof to BSP. In addition, B Riley, Getzler Henrich, and Hilco Realty have provided Expert Reports and Rebuttal Reports including with respect to the lack of efficient and functioning market, amongst other things. BSP is not entitled to Debtor's privileged communications with the experts, nor is it entitled to any draft expert reports or attorney work product. Subject to and without waiving the foregoing objections, Debtor has not marketed the Hotel for sale. To the extent BSP seeks to inquire about any marketing of the hotel, Debtor will designate both Mr. Goldwasser and Ms. Moskovits to testify generally regarding marketing of the Hotel during the course of the case. As Debtor has

tasked and is presenting an appraiser expert who has rendered an opinion on value, Debtor will not present any designee to respond on valuation, and objects that any attempt to seek such testimony is cumulative, harassing and unduly burdensome.

**MATTER NO. 7:** Any filed or anticipated amendments or modifications to the Plan.

**OBJECTION**: Debtor objects to Matter No. 7 to the extent it seeks to require Debtor to disclose plans and possible changes before they are finalized and disclosed, as such necessarily requires invading Debtor's attorney-client and work product privileges. Subject to and without waiving the foregoing objections, Debtor will designate Mr. Lichtenstein, in part, to testify generally about any agreed or in place modifications impacting the Management Company, to the extent such modifications exist; Ms. Moskovits, in part, to testify generally about any agreed or in place modifications impacting Hotel operations, to the extent such modifications exist; and Mr. Goldwasser, in part, to testify generally about any agreed or in place Plan modifications impacting Section 1129 or 1128 of the Bankruptcy Code, to the extent such modifications exist. Debtor's designations on this Matter are made without prejudice and Debtor reserves all rights to amend or supplement its designations, as any amendments and modifications to the Plan are still in process.

**MATTER NO. 8:** All documents and evidence concerning whether the Plan was filed in good faith.

**OBJECTION**: Debtor objects to this Matter No. 8 as overly broad and unduly burdensome regarding inquiry into documents and evidence of good faith as outlined in Section 1129(a)(3) of the Code, a requirement of proof at the confirmation hearing under the Plan. Debtor further objects that it has already provided its legal arguments and authorities in support thereof with respect to Debtor's position that the Plan easily meets the "good faith" requirements of

Section 1129(a)(3) of the Code in *Debtor's Response to the Lender's Objection to Confirmation of Debtor's Second Amended Chapter 11 Plan of Reorganization* [D.I. 383].  Subject to and without waiving the foregoing objections, Debtor responds that to the extent Debtors seek to explore the understanding of Debtors' business judgment in advancing the Plan, Debtors designate Mr. Goldwasser, in part, to testify generally about the threshold issues of good faith in regards to Debtor's proposal of the Plan; Mr. Lichtenstein, in part, to testify generally about Debtor's support for the Plan and rationale; and Mr. Moskovits, in part, to testify generally about Debtor's business judgment to advance the Plan.

**MATTER NO. 9:**  The Debtor's objections to the claims filed in the Bankruptcy Case.

**OBJECTION**:   Debtor objects to this Matter No. 9 as overly broad and unduly burdensome in that it is not limited in scope.  Debtor also objects to Matter No. 9 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the joint defense privilege.  Debtor further objects that the claims filed in this Bankruptcy Case are currently being analyzed and evaluated by Debtor and counsel, and Debtor's objections to such claims have not yet been finalized.  Subject to and without waiving the foregoing objections, Debtor will produce Ms. Moskovitz to testify generally about Debtor's objections to pending claims, to the extent such claims still exist, and to the extent such testimony does not implicate the attorney-client, work product, common-interest, and/or joint defense privileges.  Debtor will also produce Mr. Goldwasser, in part, to testify generally about Debtor's objections to pending claims, to the extent such claims still exist, and to the extent such testimony does not implicate the attorney-client, work product, common-interest, and/or joint defense privileges, to the extent not otherwise addressed by Ms. Moskovits.

-8-

**MATTER NO. 10:**  The terms, negotiation, preparation, approval, execution, assignment of and obligations and performance under the (a) Purported Management Agreement, (b) Management Agreement, and (c) Assignment of Management Agreement, including the Debtor's communications with the Management Company, Benefit Street, and any third party about those agreements.

**OBJECTION**:  Debtor objects to this Matter No. 10 as overly broad and unduly burdensome in that it is not limited in scope.  Debtor also objects to Matter No. 10 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the joint defense privilege.  Debtor objects to Matter No. 10 to the extent it requires Debtor to respond on behalf of Hotel Manager because the Hotel Manager is a distinct legal entity, separate from Debtor, and represented by its own counsel.  Debtor is not in possession of the same information, knowledge, or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce any information or documents in the care, custody, or control of Hotel Manager.  Any outstanding requests to Hotel Manager should be directed to that party's attorneys.  Debtor also objects to Matter No. 10 as duplicative and cumulative to the extent it seeks information already in BSP's care, custody, or control.  Subject to and without waiving the foregoing objections, Debtor will designate Ms. Moskovitz to testify about the terms and conditions of the relevant Management Agreement, to the extent such testimony is not protected by any applicable privileges.

**MATTER NO. 11:**  The Debtor's disclosure of the Purported Management Agreement to Benefit Street or any third party.

**OBJECTION**:  Debtor objects to this Matter No. 11 as overly broad, unduly burdensome, and ambiguous in its use of the term "disclosure."  Debtor also objects to this Matter No. 11 as

irrelevant to Plan confirmation. Debtor also objects to Matter No. 11 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the joint defense privilege. Debtor also objects to Matter No. 11 as duplicative and cumulative to the extent it seeks information already in BSP's care, custody, or control. Subject to and without waiving the foregoing objections, Debtor will designate Ms. Moskovitz to testify about any relevant, non-privileged communications thereof.

**MATTER NO. 12:** The Debtor's or Management Company's federal, state income, and local income, real property, business and hotel occupancy tax returns, including the reporting and calculations of income, revenue, expenses, and distributions reflected in the returns.

**OBJECTION:** Debtor objects to Matter No. 12 as overbroad, unduly burdensome, and seeking documents and communications outside of its care, custody, possession, and/or control. Debtor also objects to Matter No. 12 to the extent it requires Debtor to respond on behalf of Hotel Manager because the Hotel Manager is a distinct legal entity, separate from Debtor, and represented by its own counsel. Debtor is not in possession of the same information, knowledge, or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce any information or documents in the care, custody, or control of Hotel Manager. Any outstanding requests to Hotel Manager should be directed to that party's attorneys. Debtor also objects to Matter No. 12 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the joint defense privilege. Subject to and without waiving the foregoing objections, Debtor will designate Ms. Moskovitz and Mr. Lichtenstein to testify generally on Debtor's own federal, state income, and local income, real property, business and hotel occupancy tax returns, and on any non-privileged, non-confidential tax matters, to the extent such matters of Debtor that are relevant to confirmation of the Plan.

-10-

**MATTER NO. 13:** The Debtor's communications with the Management Company and any third party concerning the preparation of the Debtor's or the Management Company's tax returns.

**OBJECTION:** Debtor objects to Matter No. 13 as overbroad, unduly burdensome, and seeking documents and communications outside of its care, custody, possession, and/or control. Debtor also objects to Matter No. 13 to the extent it requires Debtor to respond on behalf of Hotel Manager because the Hotel Manager is a distinct legal entity, separate from Debtor, and represented by its own counsel.   Though Debtor has produced some documents and communications in conjunction with Hotel Manager in this case, this was done to facilitate discovery where appropriate.  Debtor is not in possession of the same information, knowledge, or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce any information or documents in the care, custody, or control of Hotel Manager.  Any outstanding requests to Hotel Manager should be directed to that party's attorneys.   Debtor also objects to Matter No. 13 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the joint defense privilege.  Subject to and without waiving the foregoing objections, Debtor designates Mr. Lichtenstein to testify generally on any non-privileged, non-confidential tax matters of Debtor, to the extent such matters of Debtor are relevant to confirmation of the Plan.

**MATTER NO. 14:**  The payment or non-payment of taxes relating to the Hotel, including income, real estate taxes, corporate taxes, unincorporated business taxes, hotel occupancy taxes, or any other tax relating to the Hotel.

**OBJECTION**:  Debtor objects to Matter No. 14 as overbroad, unduly burdensome, and seeking documents and communications outside of its care, custody, possession, and/or control.

-11-

Debtor also objects to Matter No. 14 to the extent it requires Debtor to respond on behalf of Hotel Manager because the Hotel Manager is a distinct legal entity, separate from Debtor, and represented by its own counsel. Though Debtor has produced some documents and communications in conjunction with Hotel Manager in this case, this was done to facilitate discovery where appropriate. Debtor is not in possession of the same information, knowledge, or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce any information or documents in the care, custody, or control of Hotel Manager. Any outstanding requests to Hotel Manager should be directed to that party's attorneys. Debtor also objects to Matter No. 14 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the joint defense privilege. Subject to and without waiving the foregoing objections, Debtor designates Ms. Moskovitz to testify generally on any non-privileged, non-confidential tax matters of Debtor, including the payment of relevant taxes, to the extent such matters of Debtor are relevant to confirmation of the Plan.

**MATTER NO. 15:** The negotiation, approval, analysis, preparation, and execution of the PPP Stipulation.

**OBJECTION:** Debtor objects to Matter No. 15 as overbroad, unduly burdensome, and seeking documents and communications protected by the attorney-client privilege, the work-product doctrine, and the settlement privilege. All negotiations, approvals, analysis, preparation, and execution of the PPP Stipulation were conducted with, by, and/or under the guidance and advice of counsel. To the extent any negotiations, approvals, analysis, preparation, or execution of the PPP Stipulation was not conducted with, by, and/or under the guidance and advice of counsel, this information is confidential and protected from disclosure pursuant to the settlement privilege between Debtor and Hotel Manager. Subject to and without waiving the foregoing

-12-

objections, Debtor designates Mr. Goldwasser to address generally the settlement with respect to Debtor, and Mr. Lichtenstein to testify generally as to the settlement terms with respect to the interplay with the Management Company.

**MATTER NO. 16:** The $613,758.93 in transactions purportedly "reinvested" in the Debtor, as described in paragraph 8 of the 9019 Motion or identified in Exhibit B, including the accounting records, contracts, invoices, receipts, or other documentation relating to each transaction.

**OBJECTION:** Debtor objects to Matter No. 16 as improper and exceeding the scope of permissible topics in a deposition governed by Rule 30(b)(6) of the Federal Rules of Civil Procedure. To the extent BSP seeks any documents, accounting records, contracts, invoices, receipts, or other documentation relating to each transaction described in paragraph 8 of the 9019 Motion or identified in Exhibit B of BSP's Notice of Deposition, Debtor objects that the proper avenue for such discovery is a formal Request for Production.[2] Subject to and without waiving the foregoing objections, Debtor designates Mr. Lichtenstein to testify generally about the $613,758.93 in transactions relating to the PPP funds reinvested in Debtor.

**MATTER NO. 17:** The $824,241.07 in transactions purportedly disbursed to "pay for the costs and expenses of other business activities" of the Management Company as stated in Paragraph 8 of the 9019 Motion and as identified in Exhibit B.

**OBJECTION:** Debtor objects to Matter No. 17 as improper and exceeding the scope of permissible topics in a deposition governed by Rule 30(b)(6) of the Federal Rules of Civil Procedure. To the extent BSP seeks any documents or records relating to each transaction

---

[2] Responsive documents with respect to discovery relating to the PPP Statement were previously produced to BSP.

-13-

described in paragraph 8 of the 9019 Motion or identified in Exhibit B of BSP's Notice of

Deposition, Debtor objects that the proper avenue for such discovery is a formal Request for

Production.[3]  Debtor also objects to Matter No. 17 to the extent it requires Debtor to respond on

behalf of Hotel Manager because the Hotel Manager is a distinct legal entity, separate from

Debtor, and represented by its own counsel.  Though Debtor has produced some documents and

communications in conjunction with Hotel Manager in this case, this was done to facilitate

discovery where appropriate.  Debtor is not in possession of the same information, knowledge, or

documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce any

information or documents in the care, custody, or control of Hotel Manager.  Any outstanding

requests to Hotel Manager should be directed to that party's attorneys.  Subject to and without

waiving the foregoing objections, Debtor designates Mr. Lichtenstein to testify generally about

the $824,241.07 in transactions relating to the PPP funds disbursed to Management Company.

**MATTER NO. 18:** The Management Company's assets, liabilities, sources of income,

and financial wherewithal to make the monthly payments contemplated to be made by it under

the PPP Stipulation and the Debtor's investigation thereof.

**OBJECTION:** Debtor objects to Matter No. 18 as overbroad, unduly burdensome, and

seeking documents and communications outside of its care, custody, possession, and/or control.

Debtor objects to Matter No. 18 to the extent it requires Debtor to respond on behalf of Hotel

Manager because the Hotel Manager is a distinct legal entity, separate from Debtor, and

represented by its own counsel.  Debtor is not in possession of the same information, knowledge,

or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce

---

[3] Responsive documents with respect to discovery relating to the PPP Statement were previously produced to BSP.

any information or documents in the care, custody, or control of Hotel Manager.  Any outstanding requests to Hotel Manager should be directed to that party's attorneys.   Debtor also objects to Matter No. 18 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the joint defense privilege.  Subject to and without waiving the foregoing objections, the information sought by Matter No. 18 is not in the Debtor's care, custody, possession, or control, and this deposition topic is best directed at the Hotel Manager. Subject to and without waiving the foregoing objections, Debtor has received and plans to produce to BSP proof of funds correspondence in the form of a Bank Letter.  Subject to and without waiving the foregoing objections, Debtor designates Ms. Moskovitz to testify generally about the Bank Letter.

**MATTER NO. 19:**  Any litigation involving the Debtor, including any claims, findings of liability, judgments, or liens, in favor of or against the Debtor or its principals.

**OBJECTION**:  Debtor objects to Matter No. 19 as overbroad and unduly burdensome in time and scope.  Debtor further objects to Matter No. 19 as seeking information irrelevant to Plan confirmation.   Debtor also objects to Matter No. 19 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, the joint defense privilege, and/or any relevant settlement privileges.  Subject to and without waiving the foregoing objections, Debtor designates Ms. Moskovitz to testify generally about the underlying facts of any litigation involving the Debtor, including any claims, findings of liability, judgments, or liens, in favor of or against the Debtor or its principals, to the extent this testimony is not subject to any applicable privilege or confidentiality agreement, and to the extent this testimony is relevant for confirmation of the Plan.

**MATTER NO. 20:**  Bankruptcy proceedings in respect of any affiliate of the Debtor, including the proceedings in such bankruptcies.

**OBJECTION**:  Debtor objects to Matter No. 20 as overbroad and unduly burdensome in time and scope.  Debtor also objects to Matter No. 20 as seeking information outside its care, custody, and control.  Debtor further objects to Matter No. 20 as seeking information irrelevant to Plan confirmation.  Debtor also objects to Matter No. 20 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, the joint defense privilege, and/or any relevant settlement privileges.  Subject to and without waiving the foregoing objections, Debtor designates Ms. Moskovitz to testify generally about the underlying facts of any bankruptcy proceeding involving Debtor's affiliates, if any such proceedings exist, to the extent this testimony is not subject to any applicable privilege or confidentiality agreement, and to the extent this testimony is relevant for confirmation of the Plan.

**MATTER NO. 21:** The Examiner's Report and all facts or transactions it describes.

**OBJECTION:**  Debtor objects to Matter No. 21 as vague and overbroad, as the Examiner's Report does not necessarily explain facts that support or justify some conclusions including intentionally false and/or fraudulent statements, and infers transactions or events occurred to which it has no such facts or which are not factually accurate.  Moreover, the contents of the Examiner's Report is inserted by the Examiner, some of which infers facts and unspecified perspectives without specification of same, but which may require Debtors to speculate to understand the Examiner's conclusions or opinions, to which Debtor will therefore object.  Debtor thus also objects to the extent this Matter seeks to have Debtor speculate about some of the purported facts that Examiner contends may exist, when not articulated in the Report.  Subject to and without waiving the foregoing objections, Debtor designates Mr. Lichtenstein to testify

-16-

generally about the operations and facts related to some of the underlying events which appear to have been mischaracterized by the Examiner, and Mr. Goldwasser, in part, to testify generally about the alleged facts and transactions contained in the Examiner's Report, to the extent not otherwise addressed by Mr. Lichtenstein.

Dated:  March 3, 2022
New York, New York

Respectfully submitted,

By: */s/Douglas E. Spelfogel*
Douglas Spelfogel
Gina M. Parlovecchio
Charles S. Kelley (admitted *pro hac vice*)
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 506-1910
Email: dspelfogel@mayerbrown.com
gparlovecchio@mayerbrown.com
leisenberg@mayerbrown.com
ckelley@mayerbrown.com

-*and*-

Mark Frankel
**BACKENROTH FRANKEL &
KRINSKY, LLP**
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544
Email: mfrankel@bfklaw.com

*Co-Counsel to the Debtor and Debtor in
Possession*