# Kramer Levin

**P. Bradley O'Neill**
Partner
**T** 212.715.7583
**F** 212.715.8382
boneill@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036
**T** 212.715.9100
**F** 212.715.8000

March 11, 2022

<u>BY ECF AND EMAIL</u>

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Re:     <u>*In re 96 Wythe Acquisition LLC*, Case No. 21-22108 – Supplement to Request for
Discovery Conference</u>

Dear Judge Drain:

On March 9, 2022, I wrote to Your Honor to request a telephonic discovery conference with the Court to address certain issues regarding the deposition of Toby Moskovits and 96 Wythe Acquisition LLC's (the "<u>Debtor</u>") Rule 30(b)(6) witness designations [Docket No. 450] (the "<u>Discovery Conference Request</u>").  That conference has been scheduled for Monday, March 14 at 3:00 pm.

On March 10, 2022, my client, Benefit Street Partners Realty Operating Partnership, L.P. ("<u>Benefit Street</u>"), commenced the deposition of Michael Lichtenstein, who is a principal of the Debtor (together with Ms. Moskovits), in both his individual capacity and as a Rule 30(b)(6) representative of the Debtor. We were compelled to prematurely adjourn this deposition because, among other things, the Debtor refused to allow us to proceed with the duly noticed deposition of Mr. Lichtenstein as a corporate representative for the Debtor, and sought to force us to simultaneously take the unnoticed (for that day)[1] deposition of the Debtor's management company, Williamsburg Hotel BK LLC (the "<u>Management Company</u>").  As Benefit Street has consistently maintained, the distinct roles of the Debtor, the Management Company and Mr. Lichtenstein, as pre- and proposed post-petition equity, debtor, plan sponsor, executory contract counterparty, and potential target under estate causes of action, are all critical and separate roles fundamental to the proposal of the pending contested chapter 11 plan proposed by the Debtor and its insiders.

The Debtor's refusal to provide separate depositions is contrary to the deposition notice issued by Benefit Street and consistent positions it has taken with respect to its notice.  When initially Benefit Street sought witness designations for the Management Company's Rule 30(b)(6) representative from Debtor's counsel, counsel refused, stating "Given the obligations and consequence of testimony under FRCP 30(b)(6), I would suggest that having any witness cover separate legal entities in one deposition, as implied by your email, is not workable."  *See* email

---

[1] Benefit Street separately noticed the deposition of the Management Company for a different day.

March 11, 2022
Hon. Robert D. Drain

dated February 24, 2022 at 12:14 pm, attached hereto as Exhibit A. From that point forward, Benefit Street has insisted on separate depositions from the corporate representatives of the Debtor and the Management Company – consistent with the Debtor's own prior position.

At least as early as March 1, Benefit Street advised the Debtor in writing and during discovery conferences that Benefit Street seeks to depose corporate representatives of the Debtor and Management Company separately. *See* Discovery Conference Request, Ex. C, emails dated March 1, 2022 at 8:07 am, March 2, 2022 at 6:52 am and March 3, 2022 at 9:26 am. On March 3, 2022, Benefit Street issued a *Notice of Oral Video Deposition Pursuant to Federal Rule of Bankruptcy Rule 7030 and 7030(b)(6)*, a copy of which is attached hereto as Exhibit B (the "Deposition Notice"). The Deposition Notice is clear that Mr. Lichtenstein would be deposed solely in his individual and Debtor corporate representative capacities, and not on behalf of the Management Company.

On March 3, 2022, the evening before the deposition of Ms. Moskovits, the Debtor served its *Objections to Benefit Street Partners Realty Operating Partnership, L.P.'s Notice of Deposition of the Debtor*, further objecting to Benefit Street's Rule 30(b)(6) designations, a copy of which is attached hereto as Exhibit C. In response to Topic Number 10, which goes to certain information relating to the Management Company and related agreements, the Debtor responded and objected as follows:

> Debtor objects to Matter No. 10 to the extent it requires Debtor to respond on behalf of Hotel Manager because the Hotel Manager is a distinct legal entity, separate from Debtor, and represented by its own counsel. Debtor is not in possession of the same information, knowledge, or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce any information or documents in the care, custody, or control of Hotel Manager. Any outstanding requests to Hotel Manager should be directed to that party's attorneys.

The Debtor has either lost track of its own position or is intentionally seeking to "whipsaw" Benefit Street in order to conflate the record between the Debtor and Management Company. What is clear in any event is that the Debtor has ignored Benefit Street's long-taken position that it will depose the Debtor and Management Company separately.[2] Indeed, the consolidated deposition format that the Debtor desires, coupled with Mr. Lichtenstein's general combativeness, evasiveness and lack of preparation, resulted in approximately three hours of deposition testimony yielding practically no useful information and a conflated record. *See* Exhibit D (the "Transcript").

Despite Benefit Street's instruction to the contrary, Mr. Lichtenstein insisted that his appearance was in capacity as a representative of both the Debtor and Management Company. *See* Transcript, pp. 15:19 – 16:6; 19:12 – 20:7. Due to his refusal to comply with the Deposition

---

[2] On March 3, 2022, Debtor's counsel again opposed providing Mr. Lichtenstein for a second deposition on behalf of the Management Company and indicated it would seek Court intervention if Benefit Street did not agree. *See* Discovery Conference Request, Ex. C., email dated March 3, 2020 at 3:57 pm, fourth paragraph. The Debtor failed to seek this Court's intervention, opting instead to unilaterally force Benefit Street to depose Mr. Lichtenstein in multiple corporate capacities at the same time against Benefit Street's specific instructions. The Debtor or Management Company's failure to seek this Court's protection at the appropriate time waives that objection.

March 11, 2022
Hon. Robert D. Drain

Notice, it is unclear whether answers rendered by Mr. Lichtenstein are, in all cases, for the Debtor or Management Company, or both, and in any event forces Benefit Street to take one deposition of a single person at the same time in that person's diverging capacities as the pre- and proposed post-petition equity, debtor, plan proponent, executory contract counter-party, and potential target of estate causes of action. The distinction between Debtor and Management Company is material and important given the distinct role of the Debtor, the Management Company and the insiders under the proposed plan and the prior and potentially future conflicts of interest between those entities as it affects creditors of the Debtor's estate.

To illustrate this point, when asked specifically as a representative of the Debtor (and not the Management Company) whose responsibility it was to ensure the filing of the previously unpaid hotel room occupancy tax returns, Mr. Lichtenstein demurred, offering instead his answer as a representative of the Management Company. *See* Transcript, 82:5-13. Mr. Lichtenstein in fact refused to answer as a representative of the Debtor, despite Benefit Street's instruction. *Id.*

Consistent with the position long taken by the Debtor in the case when issues arose regarding the Management Company, the Debtor's counsel has repeatedly advised that it does not represent the Management Company. Indeed, the Management Company is separately represented by James B. Glucksman of Davidoff Hutcher & Citron LLP, *see* Notice of Appearance and Request for Service of Documents filed August 9, 2021 [Docket No. 82]. Mr. Glucksman has been active in this case on behalf of the Management Company. *See* Motion to Quash filed on August 22, 2021 and related filings [Docket Nos. 90, 97,101, and 123]. For this purpose, Benefit Street, kept Mr. Glucksman copied on correspondence regarding Mr. Lichtenstein's deposition. *See* Discovery Conference Request, Ex. C, email dated March 1, 2022 at 8:07 am ("But in abundance of caution, I am also copying Mr. Glucksman here.")

Despite the repeated positions taken in this case about the separateness of counsel for the related parties, counsel for the Management Company was conspicuously absent at Mr. Lichtenstein's deposition. Instead, Debtor's counsel cryptically indicated it was now representing the Management Company as well as the Debtor, *see* Transcript, 89:2 – 7 ("I am here on behalf of Mr. Lichtenstein and each of the entities for which he is here today testifying for the purposes of the deposition."). This position is particularly troublesome given the conflict of interest for the Debtor's counsel, the potential divergence of interests between the Debtor and Management Company and the Debtor's consistent reminders that they are separate entities with distinct counsel. *See, e.g.*, the pending motion to approve settlement between the Debtor and Management Company relating to the proceeds of certain prepetition PPP loans*, see* Docket No. 153 and associated papers. Absent counsel to defend, a deposition of the corporate representative of the Management Company could not go forward.

As addressed in its Discovery Conference Request, the Debtor has an obligation under Rule 30(b)(6) to endeavor to designate persons with appropriate knowledge and "prepare those persons in order that they can answer fully, completely, and unevasively, the questions posed as to the relevant subject matters." *Bank of New York v. Meridian BIOA Bank Tanzania Ltd.,* 171 F.E.D. 135, 151 (S.D.N.Y. 1997), and Discovery Conference Request, p. 4. The same goes for designating the appropriate representatives for the appropriate entities and maintaining those entities separately: the Debtor cannot simply designate a representative to testify as to a

March 11, 2022
Hon. Robert D. Drain

"mishmash" of topics, mixing the Debtor and other separate entities and producing a convoluted and unclear record, because it is inconvenient for them to designate and properly educate a corporate representative to testify. If it indeed is so difficult for the Debtor and Management Company to give separate depositions, the same should call into question the genuineness of the Debtor's assertions that the Management Company is its own entity to begin with.

Mr. Lichtenstein may not truncate Benefit Street's entitlement to seven (7) hours of deposition from himself, the Debtor and the Management Company simply by being designated as a corporate representative. The Rule 30(b)(6) corporate representative deposition of a witness "is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit." *Sabre v. First Dominion Capital, LLC*, 2001 WL 1590544 at *2 (S.D.N.Y. 2001). The same reasoning should apply for separate corporate representative depositions, even if the individual designee is the same person. It is true that the inquiring party does not have free rein to take multiple identical depositions of the same person where the testimony would be entirely overlapping, and depositions could be collapsed to the extent a witness could simply adopt prior testimony for the subsequent deposition. *Id.* But, in this instance where the Debtor and Management Company have gone to great lengths to preserve their separate identities and may have diverging rights and claims against each other, a wholesale adoption of the same testimony for both entities is not possible.

Benefit Street has always agreed to narrow the scope of the Rule 30(b)(6) matters for the Management Company's deposition after completing the Debtor's deposition (*see* email dated March 8, 2022 at 8:09 am, at point 4, attached to Discovery Conference Request as Ex. D) in order not to unduly burden the individual representatives or the estate. That offer stands. But under the circumstances, Benefit Street simply cannot combine two corporate depositions of two separate and competing entities whose distinct and independent existence and rights are so fundamental to the ultimate disposition of the Debtor's plan and this case.

Adding to the confusion, Mr. Lichtenstein arrived at the deposition wholly unprepared to answer questions on the designated topics. Despite being so designated by the Debtor, Mr. Lichtenstein admitted to "not much" preparation. *See* Transcript, 63:5 – 12. This lack of preparation showed. Among other things, Mr. Lichtenstein lacked knowledge regarding the Debtor's efforts to sell its hotel, *id.* at 58:21 – 63:4 and refused or was unable to testify regarding the status of the Debtor's negotiations and documentation for its exit financing needed to confirm the pending plan set for hearing on April 7 (even despite the Debtor's counsel's encouragement to answer the question), *id.* at 71:23 – 75:1.

Counsel for the Debtor has openly admitted in writing to its abandonment of its Rule 30(b)(6) obligations to educate a witness on the identified topics. *See* Discovery Conference Request, Ex. C, email dated March 3, 2022 at 3:57 pm ("We are not 'educating' these witnesses on corporate knowledge, in the sense that other witnesses do not possess the information we believe you seek to question the witnesses; thus, we are not producing Toby, Michael and David in lieu of other witnesses, they simply already possess the information you seek to mine in a deposition.") This abdication of the Debtor's Rule 30(b)(6) obligations to properly educate a witness over designated topics is now contained within a deposition transcript, too. *See* Transcript, 89:21 – 90:4 ("His testimony, we have offered a stipulation, would apply to all management

March 11, 2022
Hon. Robert D. Drain

company and the debtor and Mr. Lichtenstein because of the closely held nature.  We are unable to change what is in his grey matter in his head, and so our view is we're ready able to proceed.")

Under Fed. R. Civ. P. 30(d)(1), Benefit Street is entitled to a deposition of one day of seven hours for each witness, unless the Court allows additional time consistent with the rules.  Strictly speaking, Benefit Street is entitled to a separate deposition as to Mr. Lichtenstein personally (including as a plan sponsor), a corporate representative of the Debtor, and a corporate representative of the Management Company – all distinct capacities relating to the case and the pending chapter 11 plan proposed by the Debtor and its insiders (who are also the principals of the Management Company).  In order to streamline this process and not unduly burden the parties' time, Benefit Street has agreed to consolidate individual and corporate representative depositions where possible (which is the subject of the Discovery Conference Request).  However, Benefit Street has not agreed – and is not required to agree – to consolidate the depositions of two separate legal entities with two distinct sets of roles and material interests in this Chapter 11 case because it is more convenient, and perhaps beneficial, for the Debtor and its controlling insiders to do so. The governing rules still stand.

Benefit Street respectfully requests that the Court order the tender of a corporate representative of the Debtor and Management Company for separate depositions so Benefit Street may make a clear record as to the knowledge, rights and obligations of each such entity separately. Further, it requests that the Court direct the Debtor to prepare its witnesses to give complete responses to questions on the notice examination topics.  Benefit Street thanks the Court for its consideration of these issues and stands ready to supplement the record if helpful for the Court.

Respectfully submitted,

/s/ P. Bradley O'Neill
P. Bradley O'Neill

Cc:    Douglas Spelfogel, Esq.
       Charles Kelley, Esq.
       Mark Frankel, Esq.
       James Glucksman, Esq.

# EXHIBIT A

**From:** O'Neill, P. Bradley
**Sent:** Fri, 11 Mar 2022 13:17:07
**To:** Lee Hart; Gary Freedman; Rogoff, Adam C.
**Subject:** FW: 96 Wythe - Debtor's 30(b)(6) Designations [MB-AME.FID5901193]
**Sensitivity:** Normal

---

\u9668 ?External Email\u9658 ? - From: boneill@kramerlevin.com

P. Bradley  O'Neill
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.7583  **M** 646.808.7953  **F** 212.715.8382

This communication (including any attachments) is intended solely for the recipient (s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Kelley, Charles S. <CKelley@mayerbrown.com>
**Sent:** Thursday, February 24, 2022 1:22 PM
**To:** O'Neill, P. Bradley <BOneill@KRAMERLEVIN.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>; Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Lee Hart <lee.hart@nelsonmullins.com>; Gary Freedman <Gary.Freedman@nelsonmullins.com>; Rogoff, Adam C. <ARogoff@KRAMERLEVIN.com>; Bentley, Philip <PBentley@KRAMERLEVIN.com>
**Subject:** [EXTERNAL] RE: 96 Wythe - Debtor's 30(b)(6) Designations [MB-AME.FID5901193]

Given the obligations and consequence of testimony under FRCP 30(b)(6), I would suggest that having any witnesses cover separate legal entities in one deposition, as implied by your email, is not workable.

**From:** O'Neill, P. Bradley <BOneill@KRAMERLEVIN.com>
**Sent:** Thursday, February 24, 2022 12:14 PM
**To:** Kelley, Charles S. <CKelley@mayerbrown.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>; Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Lee Hart <lee.hart@nelsonmullins.com>; Gary Freedman <Gary.Freedman@nelsonmullins.com>; Rogoff, Adam C. <ARogoff@KRAMERLEVIN.com>; Bentley, Philip <PBentley@KRAMERLEVIN.com>
**Subject:** RE: 96 Wythe - Debtor's 30(b)(6) Designations [MB-AME.FID5901193]

**\*\*EXTERNAL SENDER\*\***

A silly, wasteful position, and one that Doug did not take in our discussions.

If you want to produce the same witnesses a second time on behalf of Hotel Manager, however, so be it.

P. Bradley  O'Neill
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.7583  **M** 646.808.7953  **F** 212.715.8382

**This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.**

**From:** Kelley, Charles S. <CKelley@mayerbrown.com>
**Sent:** Thursday, February 24, 2022 1:10 PM
**To:** O'Neill, P. Bradley <BOneill@KRAMERLEVIN.com>; Alkadri, Susan <SAlkadri@mayerbrown.com>; Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Lee Hart <lee.hart@nelsonmullins.com>; Gary Freedman <Gary.Freedman@nelsonmullins.com>; Rogoff, Adam C. <ARogoff@KRAMERLEVIN.com>; Bentley, Philip <PBentley@KRAMERLEVIN.com>
**Subject:** [EXTERNAL] RE: 96 Wythe - Debtor's 30(b)(6) Designations [MB-AME.FID5901193]

I will defer to Doug, but I understand the manager has separate counsel and are not a Debtor.

Have you contacted their counsel?

CSK

**From:** O'Neill, P. Bradley <BOneill@KRAMERLEVIN.com>
**Sent:** Thursday, February 24, 2022 12:04 PM
**To:** Alkadri, Susan <SAlkadri@mayerbrown.com>; Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Lee Hart <lee.hart@nelsonmullins.com>; Gary Freedman <Gary.Freedman@nelsonmullins.com>; Rogoff, Adam C. <ARogoff@KRAMERLEVIN.com>; Bentley, Philip <PBentley@KRAMERLEVIN.com>
**Cc:** Kelley, Charles S. <CKelley@mayerbrown.com>
**Subject:** RE: 96 Wythe - Debtor's 30(b)(6) Designations [MB-AME.FID5901193]

**EXTERNAL SENDER**

When will we receive the Hotel Manager's designations?


P. Bradley  O'Neill
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T 212.715.7583  M 646.808.7953  F 212.715.8382**

**This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.**

**From:** Alkadri, Susan <SAlkadri@mayerbrown.com>
**Sent:** Thursday, February 24, 2022 12:59 PM
**To:** O'Neill, P. Bradley <BOneill@KRAMERLEVIN.com>; Spelfogel, Douglas <DSpelfogel@mayerbrown.com>; Parlovecchio, Gina <GParlovecchio@mayerbrown.com>; Lee Hart <lee.hart@nelsonmullins.com>; Gary Freedman <Gary.Freedman@nelsonmullins.com>; Rogoff, Adam C. <ARogoff@KRAMERLEVIN.com>; Bentley, Philip <PBentley@KRAMERLEVIN.com>
**Cc:** Kelley, Charles S. <CKelley@mayerbrown.com>
**Subject:** [EXTERNAL] 96 Wythe - Debtor's 30(b)(6) Designations [MB-AME.FID5901193]

All,

Please see attached Debtor's 30(b)(6) designations in response to BSP's Deposition notice on the same. We will circulate our expert documents via document share under separate cover momentarily.

Susan

_____

**Susan Alkadri**
*Associate*

Mayer Brown LLP
700 Louisiana Street Suite 3400
Houston, TX 77002-2730 United States of America
T +1 713 238 2682
C +1 713 561 1844

LinkedIn | mayerbrown.com
Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information is available in our Privacy Notice.

# EXHIBIT B

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Adam C. Rogoff, Esq.
P. Bradley O'Neill, Esq.
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Co-Counsel for Benefit Street Partners Realty
Operating Partnership, L.P.*

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
Lee B. Hart, Esq.
201 17th Street, Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

Gary M. Freedman, Esq.
2 South Biscayne Blvd., 21st Floor
Miami, Florida 33131
Telephone: (305) 373-9400
Facsimile: (305) 373-9443

*Co-Counsel for Benefit Street Partners
Realty Operating Partnership, L.P.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

In re:                                                   Case No. 21-22108 (RDD)

96 WYTHE ACQUISITION LLC,

                                                         Chapter 11

          Debtor.

_____/

**NOTICE OF ORAL VIDEO DEPOSITION PURSUANT
TO FEDERAL BANKRUPTCY RULE 7030 and 7030(b)(6)**

**PLEASE TAKE NOTICE** that pursuant to Rules 26, 30(b)(6), and 34 of the Federal

Rules of Civil Procedure, made applicable by Rules 7026, 7030, 7034 and 9014 of the

Case No. 21-22108 (RDD)

Federal Rules of Bankruptcy Procedure, Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street"),[1] by the undersigned attorney, will conduct the oral video deposition of the following person under oath at the date, time and place set forth below, in connection with the contested Plan:

| Deponent | Date and Time | Location |
|---|---|---|
| Michael Lichtenstein, Individually and as designated corporate representative of the Debtor[2] | March 10, 2022 9:00 a.m. | VIA VIRTUAL APPEARANCE[3]<br><br>LINK TO BE PROVIDED BY COURT REPORTER UPON SCHEDULING |

The deposition will be conducted upon oral deposition, before a Court Reporter from Veritext Court Reporting Agency, Notary Public, or some other officer duly authorized by law to take administer oaths by the laws of the State of New York, and before a videographer that will record Deponent's live testimony. The oral examination will continue from day to day until completed.  The deposition is being taken for the purpose of discovery, for use at trial, or both, or for use as evidence or impeachment at the time of trial or for such other purposes as are permitted under the Federal Rules of Bankruptcy Procedure.

The deposition may continue from day to day until completed.  The deposition is pursuant to Bankruptcy Rules 7030 and 9014 and will be recorded by video and

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries, operates as Franklin Templeton.

[2] Debtor has designated Michael Lichtenstein as one of its corporate representatives with respect to those matters identified in *Debtor's Witness Designations in Response to Benefit Street Partners Realty Operating Partnership, L.P.'s Notice of Deposition of the Debtor*, attached as Exhibit A.

[3] The examination will be conducted via virtual deposition, which requires all participants to have access to a phone line, a computer or tablet with webcam and an internet connection and to provide at least 5 days prior to the deposition, their telephone number and email address to Gary Freedman via email to gary.freedman@nelsonmullins.com.

stenographic means or by utilizing digital audio recording equipment or any other alternative methods of capture. The scope of the deposition shall be as described in Bankruptcy Rules 7030 and 7026.

PLEASE TAKE FURTHER NOTICE that, in the context of a remote deposition, there shall be no communication with the Deponent while on-the-record, except such communication that is audible to all parties and recorded/transcribed. In particular, there shall be no communications with the witness through non-verbal means, such as text message, chat applications, written notes, or otherwise. Benefit Street reserves the right to place a second camera that captures, while on the record, what the Deponent is observing (e.g. capturing the Deponent's hands, key strokes and computer monitor).

Dated: March 3, 2022                                 Respectfully submitted,

                                                     NELSON MULLINS RILEY & SCARBOROUGH, LLP

                                                     /s/ Gary M. Freedman
                                                     Gary M. Freedman
                                                     2 South Biscayne Blvd., 21st Floor
                                                     Miami, Florida 33131
                                                     Telephone: (305) 373-9400
                                                     Facsimile: (305) 373-9443
                                                     Gary.Freedman@nelsonmullins.com

                                                     Lee B. Hart
                                                     201 17th Street, Suite 1700
                                                     Atlanta, Georgia 30363
                                                     Telephone: (404) 322-6000
                                                     Facsimile: (404) 322-6050
                                                     Lee.Hart@nelsonmullins.com

                                                     and

Case No. 21-22108 (RDD)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Adam C. Rogoff, Esq.
P. Bradley O'Neill, Esq.
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
arogoff@kramerlevin.com
boneill@kramerlevin.com

*Co-Counsel for Benefit Street Partners
Realty Operating Partnership, L.P.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on

this 3rd day of March, 2022 via e-mail upon:

Douglas E. Spelfogel, Esq.
MAYER BROWN LLP
1211 Avenue of the Americas
New York, New York  10020
Telephone: (212) 506-2265
dspelfogel@mayerbrown.com

and

Mark A. Frankel, Esq.
BACKENROTH GRANKEL & KRINSKY, LLP
800 Third Avenue, 11th Floor
New York, NY  10022
Telephone: (212) 593-1100
mfrankel@bfklaw.com

*Co-Counsel for the Debtor and
Debtor in Possession*

/s/ Gary M. Freedman
Gary M. Freedman

4891-3884-6737

# EXHIBIT A

**MAYER BROWN LLP**
Douglas Spelfogel
Gina M. Parlovecchio
Charles S. Kelley (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 506-1910

*-and-*

**BACKENROTH FRANKEL &
KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544

*Co-Counsel to the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| 96 WYTHE ACQUISITION LLC, | Case No.: 21-22108 (RDD) |
| Debtor. | |

**DEBTOR'S WITNESS DESIGNATIONS IN RESPONSE TO BENEFIT STREET
PARTNERS REALTY OPERATING PARTNERSHIP, L.P.'S
NOTICE OF DEPOSITION OF THE DEBTOR**

To:    Benefit Street Partners Realty Operating Partnership, L.P., by and through its counsel,
P. Bradley O'Neill, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the
Americas, New York, NY 10036.

96 Wythe Acquisition, LLC (the "Debtor") submits the following designations

("Designations") to Benefit Street Partners Realty Operating Partnership, L.P.'s ("BSP")

Notice of Deposition of the Debtor under Rules 26, 30(b)(6), and 34 of the Federal Rules of

Civil Procedure.  Debtor reserves all rights with respect to its Designations.

1

## DESIGNATIONS

1. The Debtor's officers, members, and employees, including positions, responsibilities, and salaries/compensation. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

2. The experience, operations, capabilities, staff, locations, assets and liabilities, and resources of the Management Company. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

3. The Plan, including its terms, conditions, negotiation and approval by the Debtor. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

4. The Debtor's communications with the Management Company, the Debtor's Stakeholders, or the Management Company's Stakeholders regarding the Plan. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

5. Testimony and evidence expected to be offered by the Debtor in support of the Plan at the confirmation hearing. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

6. All documents and communications concerning the Debtor's valuation or marketing for sale of the Hotel as part of the Bankruptcy Case. **Leitner Berman; B Riley; Getzler/Hilco; CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

7. Any filed or anticipated amendments or modifications to the Plan. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

8. All documents and evidence concerning whether the Plan was filed in good faith. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

9. The Debtor's objections to the claims filed in the Bankruptcy Case. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

10. The terms, negotiation, preparation, approval, execution, assignment of and obligations and performance under the (a) Purported Management Agreement, (b) Management Agreement, and (c) Assignment of Management Agreement, including the Debtor's communications with the Management Company, Benefit Street, and any third party about those agreements. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

11. The Debtor's disclosure of the Purported Management Agreement to Benefit Street or any third party. **Toby Moskovits in part; Michael Lichtenstein in part**

12. The Debtor's or Management Company's federal, state income, and local income, real property, business and hotel occupancy tax returns, including the reporting and calculations of income, revenue, expenses, and distributions reflected in the returns. **Toby Moskovits in part; Michael Lichtenstein in part**

13. The Debtor's communications with the Management Company and any third party concerning the preparation of the Debtor's or the Management Company's tax returns. **Toby Moskovits in part; Michael Lichtenstein in part**

2

14. The payment or non-payment of taxes relating to the Hotel, including income, real estate taxes, corporate taxes, unincorporated business taxes, hotel occupancy taxes, or any other tax relating to the Hotel. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

15. The negotiation, approval, analysis, preparation, and execution of the PPP Stipulation. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

16. The $613,758.93 in transactions purportedly "reinvested" in the Debtor, as described in paragraph 8 of the 9019 Motion or identified in Exhibit B, including the accounting records, contracts, invoices, receipts, or other documentation relating to each transaction. **Toby Moskovits in part; Michael Lichtenstein in part**

17. The $824,241.07 in transactions purportedly disbursed to "pay for the costs and expenses of other business activities" of the Management Company as stated in Paragraph 8 of the 9019 Motion and as identified in Exhibit B. **Toby Moskovits in part; Michael Lichtenstein in part**

18. The Management Company's assets, liabilities, sources of income, and financial wherewithal to make the monthly payments contemplated to be made by it under the PPP Stipulation and the Debtor's investigation thereof. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

19. Any litigation involving the Debtor, including any claims, findings of liability, judgments, or liens, in favor of or against the Debtor or its principals. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

20. Bankruptcy proceedings in respect of any affiliate of the Debtor, including the proceedings in such bankruptcies. **Toby Moskovits in part; Michael Lichtenstein in part**

21. The Examiner's Report and all facts or transactions it describes. **CRO, David Goldwasser in part; Toby Moskovits in part; Michael Lichtenstein in part**

Dated:  February 24, 2022
New York, New York

Respectfully submitted,

By: */s/ Douglas Spelfogel*
Douglas Spelfogel
Gina M. Parlovecchio
Charles S. Kelley (admitted *pro hac vice*)
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 506-1910
Email: dspelfogel@mayerbrown.com
gparlovecchio@mayerbrown.com
leisenberg@mayerbrown.com
ckelley@mayerbrown.com

*-and-*

Mark Frankel
**BACKENROTH FRANKEL &
KRINSKY, LLP**
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544
Email: mfrankel@bfklaw.com

*Co-Counsel to the Debtor and Debtor in
Possession*

4

# EXHIBIT C

**MAYER BROWN LLP**
Douglas Spelfogel
Gina M. Parlovecchio
Charles S. Kelley (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 506-1910

*-and-*

**BACKENROTH FRANKEL &
KRINSKY, LLP**
Mark Frankel
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544

*Co-Counsel to the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11- |
| 96 WYTHE ACQUISITION LLC, | Case No.: 21-22108 (RDD) |
| Debtor. |  |

**DEBTOR'S OBJECTIONS TO BENEFIT STREET PARTNERS REALTY OPERATING
PARTNERSHIP, L.P.'S NOTICE OF DEPOSITION OF THE DEBTOR**

To:    Benefit Street Partners Realty Operating Partnership, L.P., by and through its counsel, P.
Bradley O'Neill, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas,
New York, NY 10036.

96 Wythe Acquisition, LLC (the "Debtor") submits the following objections

("Objections") to Benefit Street Partners Realty Operating Partnership, L.P.'s ("BSP") Notice of

Deposition of the Debtor under Rules 26, 30(b)(6), and 34 of the Federal Rules of Civil Procedure.

Debtor reserves all rights with respect to its Objections.

## <u>GENERAL OBJECTIONS</u>

Debtor asserts the following General Objections to BSP's deposition notice:

1.      Debtor objects to any Definition, Instruction, or Matter for Examination to the extent they request information not in Debtor's possession, care, custody, or control.

2.      Debtor objects to any Definition, Instruction, or Matter for Examination to the extent they seek information that is subject to the attorney/client privilege, the work-product doctrine, the common interest privilege, and/or any other applicable privilege or doctrine. All claims of privilege are expressly reserved, and any inadvertent production of privileged information is not intended as, and shall not be deemed or construed to be, a waiver of any applicable privilege or immunity from disclosure, except when such waiver is expressly communicated in writing.

3.      Debtor objects to any Matter for Examination to the extent it is unnecessarily burdensome or is duplicative of information already in BSP's possession.

4.      Debtor objects to any Matter for Examination to the extent it requires Debtor to respond on behalf of the Williamsburg Hotel BK LLC ("Hotel Manager") because the Hotel Manager is a distinct legal entity, separate from Debtor, and represented by its own counsel. Though Debtor has produced some documents and communications in conjunction with Hotel Manager in this case, this was done to facilitate discovery where appropriate.  Debtor is not in possession of the same information, knowledge, or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce any information or documents in the care, custody, or control of Hotel Manager.  Any outstanding requests to Hotel Manager should be directed to that party's attorneys.

## **SPECIFIC OBJECTIONS**

Debtor objects to each of the following Matters for Examination:

**MATTER NO. 1**  The Debtor's officers, members, and employees, including positions, responsibilities, and salaries/compensation.

**OBJECTION**:  Debtor objects to Matter No. 1 as overly broad and unduly burdensome given the scope and potential breadth of inquiry.  Moreover, it is not limited to time, and given the bankruptcy plan and issues related thereto, Debtor assumes such inquiry relates to these issues and employees going forward, as proposed under the Plan, and seeks only the information as it relates to the proposed operation of reorganized Debtor.  Such inquiry into members may go beyond Debtor's knowledge or ability to provide knowledge on behalf of the corporate entity. Subject to and without waiving the foregoing objections, Debtor will produce Toby Moskovits in part to generally address and respond in respect of employees and officers of the Debtor upon emergence, as well as their responsibilities; and Mr. Goldwasser, in part to generally address any inquiry about such information contained in the scope of Matter No 1 as it may relate to disclosures or information about such personnel or officers in respect of Section 1128 or1129 under the Bankruptcy Code.

**MATTER NO. 2:**  The experience, operations, capabilities, staff, locations, assets and liabilities, and resources of the Management Company.

**OBJECTION**: Debtor objects to Matter No. 2 as overly broad and unduly burdensome to inquire about assets and liabilities of the Management Company, including as it relates to the vaguely referred to "resources."  Subject to and without waiving the foregoing objections, Debtor will produce Ms. Moskovits to testify generally about operations and capabilities of Management Company in respect of Debtor's property; Mr. Lichtenstein, in part, to testify generally in regards

to the Management Company to the extent not otherwise addressed by Ms. Moskovits; and Mr. Goldwasser, in part, to testify generally in respect of performance of the Management Company during the pendency of the Bankruptcy Case.

**MATTER NO. 3:**  The Plan, including its terms, conditions, negotiation and approval by the Debtor.

**OBJECTION**:  Debtor's objects to Matter No. 3 as vague and ambiguous in its use of the term "negotiation" to the extent this inquiry seeks any communications otherwise protected from disclosure under the attorney-client or work-product privileges.  Subject to and without waiving the foregoing objections, Debtor will produce Mr. Lichtenstein, in part, to testify generally about the bankruptcy-related issues as they pertain to submission of the Plan; Ms. Moskovits, in part, to testify generally about Plan formation, judgment and rationale behind the Plan, to the extent not otherwise addressed by Mr. Lichtenstein; and Mr. Goldwasser, in part, to testify generally about the Plan's terms, conditions and approval.

**MATTER NO. 4:** The Debtor's communications with the Management Company, the Debtor's Stakeholders, or the Management Company's Stakeholders regarding the Plan.

**OBJECTION:** Debtor objects to Matter No. 4 as overbroad, unduly burdensome, and seeking documents and communications outside of its care, custody, possession, and/or control. Debtor objects to Matter No. 4 to the extent it requires Debtor to respond on behalf of Hotel Manager because the Hotel Manager is a distinct legal entity, separate from Debtor, and represented by its own counsel.  Debtor is not in possession of the same information, knowledge, or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce any information or documents in the care, custody, or control of Hotel Manager.  Any outstanding requests to Hotel Manager should be directed to that party's attorneys.   Debtor also objects to

Matter No. 4 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the joint defense privilege.  Subject to and without waiving the foregoing objections, Debtor will produce Mr. Goldwasser, in part, to generally testify as to Plan structure; Mr. Lichtenstein, in part, to generally testify relating to interplay with the Management Company relating to the Plan; and Ms. Moskovits, in part, to generally testify in respect of the Plan as it relates to the hotel operations, to the extent not otherwise addressed by Mr. Lichtenstein.  To the extent this seeks information regarding the Plan and legal advice or communications in respect thereto as set forth above, Debtors will not provide a witness to testify to otherwise privileged information which appears to apply to the bulk of such inquiry.  In any event, the above witnesses will testify solely as to non-privileged, non-confidential, relevant communications regarding the Plan.[1]

**MATTER NO. 5:** Testimony and evidence expected to be offered by the Debtor in support of the Plan at the confirmation hearing.

**OBJECTION:** Debtor objects to Matter No. 5 as premature, irrelevant, overly broad, unduly burdensome, and exceeding the scope of permissible topics in a deposition governed by Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Debtor also objects to Matter No. 5 to the extent it seeks information protected from disclosure by the attorney-client or work-product privileges.   Further, Debtor objects to the extent this Matter seeks to impose a burden inappropriately to marshal evidence.  Subject to and without waiving the foregoing objections, Debtor states that discovery is ongoing, and it has not yet completed discovery or preparation for the confirmation hearing.  Also subject to and without waiving the foregoing objections, Debtor will disclose any testifying witnesses, together with witness statements and evidence it expects to

---

[1] By agreement Mr. Lichtenstein will be appearing once as designee for the Management Company and individually.

offer in support of the Plan in accordance with the Federal Rules of Bankruptcy Procedure and any applicable Court Orders if and when the Court orders such testimony and evidence to be disclosed. Accordingly, to the extent BSP intends to ask questions about the Plan, such witnesses produced or designated will answer or respond to factual inquires in association with the Plan scheduled for the confirmation hearing, but will not reveal or testify regarding trial strategy, privileged information or other issues protected from disclosure under any applicable privilege or immunity. As Debtor presently intends to call each of Mr. Goldwasser, Mr. Lichtenstein, and Ms. Moskovits to testify at the Confirmation Hearing, they are being presented as witnesses in their individual capacity, but will not testify in their corporate capacity under Rule 30(b)(6) to reveal privileged information as to how and what are Debtor's plans and strategy in respect of its Confirmation Hearing.

**MATTER NO. 6:** All documents and communications concerning the Debtor's valuation or marketing for sale of the Hotel as part of the Bankruptcy Case.

**OBJECTION:** Debtor objects to Matter No. 6 as overbroad, unduly burdensome, and protected from disclosure by the attorney-client privilege. Debtor has already provided BSP with the Leitner Berman Appraisal Report and Rebuttal Report in support thereof to BSP. In addition, B Riley, Getzler Henrich, and Hilco Realty have provided Expert Reports and Rebuttal Reports including with respect to the lack of efficient and functioning market, amongst other things. BSP is not entitled to Debtor's privileged communications with the experts, nor is it entitled to any draft expert reports or attorney work product. Subject to and without waiving the foregoing objections, Debtor has not marketed the Hotel for sale. To the extent BSP seeks to inquire about any marketing of the hotel, Debtor will designate both Mr. Goldwasser and Ms. Moskovits to testify generally regarding marketing of the Hotel during the course of the case. As Debtor has

tasked and is presenting an appraiser expert who has rendered an opinion on value, Debtor will not present any designee to respond on valuation, and objects that any attempt to seek such testimony is cumulative, harassing and unduly burdensome.

**MATTER NO. 7:** Any filed or anticipated amendments or modifications to the Plan.

**OBJECTION**: Debtor objects to Matter No. 7 to the extent it seeks to require Debtor to disclose plans and possible changes before they are finalized and disclosed, as such necessarily requires invading Debtor's attorney-client and work product privileges. Subject to and without waiving the foregoing objections, Debtor will designate Mr. Lichtenstein, in part, to testify generally about any agreed or in place modifications impacting the Management Company, to the extent such modifications exist; Ms. Moskovits, in part, to testify generally about any agreed or in place modifications impacting Hotel operations, to the extent such modifications exist; and Mr. Goldwasser, in part, to testify generally about any agreed or in place Plan modifications impacting Section 1129 or 1128 of the Bankruptcy Code, to the extent such modifications exist. Debtor's designations on this Matter are made without prejudice and Debtor reserves all rights to amend or supplement its designations, as any amendments and modifications to the Plan are still in process.

**MATTER NO. 8:** All documents and evidence concerning whether the Plan was filed in good faith.

**OBJECTION**: Debtor objects to this Matter No. 8 as overly broad and unduly burdensome regarding inquiry into documents and evidence of good faith as outlined in Section 1129(a)(3) of the Code, a requirement of proof at the confirmation hearing under the Plan. Debtor further objects that it has already provided its legal arguments and authorities in support thereof with respect to Debtor's position that the Plan easily meets the "good faith" requirements of

Section 1129(a)(3) of the Code in *Debtor's Response to the Lender's Objection to Confirmation of Debtor's Second Amended Chapter 11 Plan of Reorganization* [D.I. 383].  Subject to and without waiving the foregoing objections, Debtor responds that to the extent Debtors seek to explore the understanding of Debtors' business judgment in advancing the Plan, Debtors designate Mr. Goldwasser, in part, to testify generally about the threshold issues of good faith in regards to Debtor's proposal of the Plan; Mr. Lichtenstein, in part, to testify generally about Debtor's support for the Plan and rationale; and Mr. Moskovits, in part, to testify generally about Debtor's business judgment to advance the Plan.

**MATTER NO. 9:**  The Debtor's objections to the claims filed in the Bankruptcy Case.

**OBJECTION**:   Debtor objects to this Matter No. 9 as overly broad and unduly burdensome in that it is not limited in scope.  Debtor also objects to Matter No. 9 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the joint defense privilege.  Debtor further objects that the claims filed in this Bankruptcy Case are currently being analyzed and evaluated by Debtor and counsel, and Debtor's objections to such claims have not yet been finalized.  Subject to and without waiving the foregoing objections, Debtor will produce Ms. Moskovitz to testify generally about Debtor's objections to pending claims, to the extent such claims still exist, and to the extent such testimony does not implicate the attorney-client, work product, common-interest, and/or joint defense privileges.  Debtor will also produce Mr. Goldwasser, in part, to testify generally about Debtor's objections to pending claims, to the extent such claims still exist, and to the extent such testimony does not implicate the attorney-client, work product, common-interest, and/or joint defense privileges, to the extent not otherwise addressed by Ms. Moskovits.

**MATTER NO. 10:**  The terms, negotiation, preparation, approval, execution, assignment of and obligations and performance under the (a) Purported Management Agreement, (b) Management Agreement, and (c) Assignment of Management Agreement, including the Debtor's communications with the Management Company, Benefit Street, and any third party about those agreements.

**OBJECTION**:  Debtor objects to this Matter No. 10 as overly broad and unduly burdensome in that it is not limited in scope.  Debtor also objects to Matter No. 10 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the joint defense privilege.  Debtor objects to Matter No. 10 to the extent it requires Debtor to respond on behalf of Hotel Manager because the Hotel Manager is a distinct legal entity, separate from Debtor, and represented by its own counsel.  Debtor is not in possession of the same information, knowledge, or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce any information or documents in the care, custody, or control of Hotel Manager.  Any outstanding requests to Hotel Manager should be directed to that party's attorneys.  Debtor also objects to Matter No. 10 as duplicative and cumulative to the extent it seeks information already in BSP's care, custody, or control.  Subject to and without waiving the foregoing objections, Debtor will designate Ms. Moskovitz to testify about the terms and conditions of the relevant Management Agreement, to the extent such testimony is not protected by any applicable privileges.

**MATTER NO. 11:**  The Debtor's disclosure of the Purported Management Agreement to Benefit Street or any third party.

**OBJECTION**:  Debtor objects to this Matter No. 11 as overly broad, unduly burdensome, and ambiguous in its use of the term "disclosure."  Debtor also objects to this Matter No. 11 as

-9-

irrelevant to Plan confirmation. Debtor also objects to Matter No. 11 as seeking information

protected from disclosure by the attorney-client privilege, the common interest privilege, and/or

the joint defense privilege. Debtor also objects to Matter No. 11 as duplicative and cumulative to

the extent it seeks information already in BSP's care, custody, or control. Subject to and without

waiving the foregoing objections, Debtor will designate Ms. Moskovitz to testify about any

relevant, non-privileged communications thereof.

**MATTER NO. 12:** The Debtor's or Management Company's federal, state income, and

local income, real property, business and hotel occupancy tax returns, including the reporting and

calculations of income, revenue, expenses, and distributions reflected in the returns.

**OBJECTION:** Debtor objects to Matter No. 12 as overbroad, unduly burdensome, and

seeking documents and communications outside of its care, custody, possession, and/or control.

Debtor also objects to Matter No. 12 to the extent it requires Debtor to respond on behalf of Hotel

Manager because the Hotel Manager is a distinct legal entity, separate from Debtor, and

represented by its own counsel. Debtor is not in possession of the same information, knowledge,

or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce

any information or documents in the care, custody, or control of Hotel Manager. Any outstanding

requests to Hotel Manager should be directed to that party's attorneys. Debtor also objects to

Matter No. 12 as seeking information protected from disclosure by the attorney-client privilege,

the common interest privilege, and/or the joint defense privilege. Subject to and without waiving

the foregoing objections, Debtor will designate Ms. Moskovitz and Mr. Lichtenstein to testify

generally on Debtor's own federal, state income, and local income, real property, business and

hotel occupancy tax returns, and on any non-privileged, non-confidential tax matters, to the extent

such matters of Debtor that are relevant to confirmation of the Plan.

-10-

**MATTER NO. 13:** The Debtor's communications with the Management Company and any third party concerning the preparation of the Debtor's or the Management Company's tax returns.

**OBJECTION:** Debtor objects to Matter No. 13 as overbroad, unduly burdensome, and seeking documents and communications outside of its care, custody, possession, and/or control. Debtor also objects to Matter No. 13 to the extent it requires Debtor to respond on behalf of Hotel Manager because the Hotel Manager is a distinct legal entity, separate from Debtor, and represented by its own counsel. Though Debtor has produced some documents and communications in conjunction with Hotel Manager in this case, this was done to facilitate discovery where appropriate. Debtor is not in possession of the same information, knowledge, or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce any information or documents in the care, custody, or control of Hotel Manager. Any outstanding requests to Hotel Manager should be directed to that party's attorneys. Debtor also objects to Matter No. 13 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the joint defense privilege. Subject to and without waiving the foregoing objections, Debtor designates Mr. Lichtenstein to testify generally on any non-privileged, non-confidential tax matters of Debtor, to the extent such matters of Debtor are relevant to confirmation of the Plan.

**MATTER NO. 14:** The payment or non-payment of taxes relating to the Hotel, including income, real estate taxes, corporate taxes, unincorporated business taxes, hotel occupancy taxes, or any other tax relating to the Hotel.

**OBJECTION**: Debtor objects to Matter No. 14 as overbroad, unduly burdensome, and seeking documents and communications outside of its care, custody, possession, and/or control.

Debtor also objects to Matter No. 14 to the extent it requires Debtor to respond on behalf of Hotel Manager because the Hotel Manager is a distinct legal entity, separate from Debtor, and represented by its own counsel. Though Debtor has produced some documents and communications in conjunction with Hotel Manager in this case, this was done to facilitate discovery where appropriate. Debtor is not in possession of the same information, knowledge, or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce any information or documents in the care, custody, or control of Hotel Manager. Any outstanding requests to Hotel Manager should be directed to that party's attorneys. Debtor also objects to Matter No. 14 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, and/or the joint defense privilege. Subject to and without waiving the foregoing objections, Debtor designates Ms. Moskovitz to testify generally on any non-privileged, non-confidential tax matters of Debtor, including the payment of relevant taxes, to the extent such matters of Debtor are relevant to confirmation of the Plan.

**MATTER NO. 15:** The negotiation, approval, analysis, preparation, and execution of the PPP Stipulation.

**OBJECTION:** Debtor objects to Matter No. 15 as overbroad, unduly burdensome, and seeking documents and communications protected by the attorney-client privilege, the work-product doctrine, and the settlement privilege. All negotiations, approvals, analysis, preparation, and execution of the PPP Stipulation were conducted with, by, and/or under the guidance and advice of counsel. To the extent any negotiations, approvals, analysis, preparation, or execution of the PPP Stipulation was not conducted with, by, and/or under the guidance and advice of counsel, this information is confidential and protected from disclosure pursuant to the settlement privilege between Debtor and Hotel Manager. Subject to and without waiving the foregoing

objections, Debtor designates Mr. Goldwasser to address generally the settlement with respect to Debtor, and Mr. Lichtenstein to testify generally as to the settlement terms with respect to the interplay with the Management Company.

**MATTER NO. 16:** The $613,758.93 in transactions purportedly "reinvested" in the Debtor, as described in paragraph 8 of the 9019 Motion or identified in Exhibit B, including the accounting records, contracts, invoices, receipts, or other documentation relating to each transaction.

**OBJECTION:** Debtor objects to Matter No. 16 as improper and exceeding the scope of permissible topics in a deposition governed by Rule 30(b)(6) of the Federal Rules of Civil Procedure. To the extent BSP seeks any documents, accounting records, contracts, invoices, receipts, or other documentation relating to each transaction described in paragraph 8 of the 9019 Motion or identified in Exhibit B of BSP's Notice of Deposition, Debtor objects that the proper avenue for such discovery is a formal Request for Production.[2]  Subject to and without waiving the foregoing objections, Debtor designates Mr. Lichtenstein to testify generally about the $613,758.93 in transactions relating to the PPP funds reinvested in Debtor.

**MATTER NO. 17:** The $824,241.07 in transactions purportedly disbursed to "pay for the costs and expenses of other business activities" of the Management Company as stated in Paragraph 8 of the 9019 Motion and as identified in Exhibit B.

**OBJECTION:** Debtor objects to Matter No. 17 as improper and exceeding the scope of permissible topics in a deposition governed by Rule 30(b)(6) of the Federal Rules of Civil Procedure. To the extent BSP seeks any documents or records relating to each transaction

---

[2] Responsive documents with respect to discovery relating to the PPP Statement were previously produced to BSP.

described in paragraph 8 of the 9019 Motion or identified in Exhibit B of BSP's Notice of Deposition, Debtor objects that the proper avenue for such discovery is a formal Request for Production.[3]  Debtor also objects to Matter No. 17 to the extent it requires Debtor to respond on behalf of Hotel Manager because the Hotel Manager is a distinct legal entity, separate from Debtor, and represented by its own counsel.  Though Debtor has produced some documents and communications in conjunction with Hotel Manager in this case, this was done to facilitate discovery where appropriate.  Debtor is not in possession of the same information, knowledge, or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce any information or documents in the care, custody, or control of Hotel Manager.  Any outstanding requests to Hotel Manager should be directed to that party's attorneys.  Subject to and without waiving the foregoing objections, Debtor designates Mr. Lichtenstein to testify generally about the $824,241.07 in transactions relating to the PPP funds disbursed to Management Company.

**MATTER NO. 18:** The Management Company's assets, liabilities, sources of income, and financial wherewithal to make the monthly payments contemplated to be made by it under the PPP Stipulation and the Debtor's investigation thereof.

**OBJECTION:** Debtor objects to Matter No. 18 as overbroad, unduly burdensome, and seeking documents and communications outside of its care, custody, possession, and/or control. Debtor objects to Matter No. 18 to the extent it requires Debtor to respond on behalf of Hotel Manager because the Hotel Manager is a distinct legal entity, separate from Debtor, and represented by its own counsel.  Debtor is not in possession of the same information, knowledge, or documents as Hotel Manager, nor is it Debtor's burden to identify, learn, locate, or produce

---

[3] Responsive documents with respect to discovery relating to the PPP Statement were previously produced to BSP.

any information or documents in the care, custody, or control of Hotel Manager.  Any outstanding

requests to Hotel Manager should be directed to that party's attorneys.    Debtor also objects to

Matter No. 18 as seeking information protected from disclosure by the attorney-client privilege,

the common interest privilege, and/or the joint defense privilege.  Subject to and without waiving

the foregoing objections, the information sought by Matter No. 18 is not in the Debtor's care,

custody, possession, or control, and this deposition topic is best directed at the Hotel Manager.

Subject to and without waiving the foregoing objections, Debtor has received and plans to

produce to BSP proof of funds correspondence in the form of a Bank Letter.  Subject to and

without waiving the foregoing objections, Debtor designates Ms. Moskovitz to testify generally

about the Bank Letter.

**MATTER NO. 19:**  Any litigation involving the Debtor, including any claims, findings

of liability, judgments, or liens, in favor of or against the Debtor or its principals.

**OBJECTION**:  Debtor objects to Matter No. 19 as overbroad and unduly burdensome in

time and scope.  Debtor further objects to Matter No. 19 as seeking information irrelevant to Plan

confirmation.  Debtor also objects to Matter No. 19 as seeking information protected from

disclosure by the attorney-client privilege, the common interest privilege, the joint defense

privilege, and/or any relevant settlement privileges.  Subject to and without waiving the foregoing

objections, Debtor designates Ms. Moskovitz to testify generally about the underlying facts of

any litigation involving the Debtor, including any claims, findings of liability, judgments, or liens,

in favor of or against the Debtor or its principals, to the extent this testimony is not subject to any

applicable privilege or confidentiality agreement, and to the extent this testimony is relevant for

confirmation of the Plan.

**MATTER NO. 20:**  Bankruptcy proceedings in respect of any affiliate of the Debtor, including the proceedings in such bankruptcies.

**OBJECTION**:  Debtor objects to Matter No. 20 as overbroad and unduly burdensome in time and scope.  Debtor also objects to Matter No. 20 as seeking information outside its care, custody, and control.  Debtor further objects to Matter No. 20 as seeking information irrelevant to Plan confirmation.  Debtor also objects to Matter No. 20 as seeking information protected from disclosure by the attorney-client privilege, the common interest privilege, the joint defense privilege, and/or any relevant settlement privileges.  Subject to and without waiving the foregoing objections, Debtor designates Ms. Moskovitz to testify generally about the underlying facts of any bankruptcy proceeding involving Debtor's affiliates, if any such proceedings exist, to the extent this testimony is not subject to any applicable privilege or confidentiality agreement, and to the extent this testimony is relevant for confirmation of the Plan.

**MATTER NO. 21:** The Examiner's Report and all facts or transactions it describes.

**OBJECTION:** Debtor objects to Matter No. 21 as vague and overbroad, as the Examiner's Report does not necessarily explain facts that support or justify some conclusions including intentionally false and/or fraudulent statements, and infers transactions or events occurred to which it has no such facts or which are not factually accurate.  Moreover, the contents of the Examiner's Report is inserted by the Examiner, some of which infers facts and unspecified perspectives without specification of same, but which may require Debtors to speculate to understand the Examiner's conclusions or opinions, to which Debtor will therefore object.  Debtor thus also objects to the extent this Matter seeks to have Debtor speculate about some of the purported facts that Examiner contends may exist, when not articulated in the Report.  Subject to and without waiving the foregoing objections, Debtor designates Mr. Lichtenstein to testify

generally about the operations and facts related to some of the underlying events which appear to have been mischaracterized by the Examiner, and Mr. Goldwasser, in part, to testify generally about the alleged facts and transactions contained in the Examiner's Report, to the extent not otherwise addressed by Mr. Lichtenstein.

Dated:  March 3, 2022
New York, New York

Respectfully submitted,

By: */s/Douglas E. Spelfogel*
Douglas Spelfogel
Gina M. Parlovecchio
Charles S. Kelley (admitted *pro hac vice*)
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 506-1910
Email: dspelfogel@mayerbrown.com
gparlovecchio@mayerbrown.com
leisenberg@mayerbrown.com
ckelley@mayerbrown.com

-*and*-

Mark Frankel
**BACKENROTH FRANKEL & KRINSKY, LLP**
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Facsimile: (212) 644-0544
Email: mfrankel@bfklaw.com

*Co-Counsel to the Debtor and Debtor in Possession*

# EXHIBIT D

Page 1

1

2   UNITED STATES BANKRUPTCY COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   ----------------------------------X

5   IN RE:

6   96 WYTHE ACQUISITION, LLC,            Chapter 11

7                           Debtor.

8   CASE NO.: 21-22108(RDD)

    ----------------------------------X

9

10                ZOOM VIDEOCONFERENCE

11

                      March 10, 2022

12                    9:43 a.m.

13

14        VIDEOTAPED DEPOSITION of MICHAEL

15   LICHTENSTEIN, individually and as designated

16   corporate representative of the debtor, before

17   Melissa Gilmore, a Stenographic Reporter and

18   Notary Public of the State of New York.

19

20

21

22

23

24

25

**REDACTED**