

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

March 14, 2022

<u>BY ECF AND EMAIL</u>

The Honorable Robert D. Drain
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 106014140

Re: ***In re 96 Wythe Acquisition, LLC No. 21-22108***
<u>***Debtor's Response to Benefit Street Partners Realty Operating Partnership, L.P.***</u>

Dear Judge Drain,

On behalf of 96 Wythe Acquisition LLC (the "Debtor"), we write in response to Benefit Street Partner's ("BSP") second letter [ECF No. 458] to the Court from Mr. P. Bradley O'Neill regarding discovery disputes, dated March 11, 2022, to address the status of communications between the parties and correct the misleading nature of quotes and use of emails out of context.  As discussed in the Debtor's March 11, 2022 response letter to BSP's earlier correspondence [ECF No. 459], BSP's second letter ignores that both parties reached specific agreement to combine FRCP 30(b)(6) testimony by designated individuals along with their individual sworn testimony in the same deposition, as part of the initial agreement before ever commencing efforts to schedule depositions.

Notwithstanding, in its letter, BSB points to an isolated email long since clarified to support its claim that it wants to conduct multiple, duplicative and vexatious depositions, see for example emails attached to the Debtor's original letter, at Exhibits "B" and "F".  Indeed, even the email trail BSP references and attaches to its second letter, Mr. O'Neil acknowledges that multiple depositions are a wasteful game.  Subsequent to that email, Debtor clarified that Mr. Lichtenstein would appear only once to cover the Management Company and the Debtor consistent with the parties agreement, alongside his individual testimony, in one deposition.  The schedule for fact and expert discovery was confirmed by the parties prior to the start of any of the depositions, which

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

The Honorable Robert D. Drain
March 14, 2022
Page **2** of **6**

included one deposition per witness. The subject matter was also the subject of a meet and confer on March 5, 2022, which was not concluded.[1]

Here, as noted in our initial letter, the Debtor is a small closely held entity, with no employees, while the Hotel Manager, penultimately owned or controlled by the members of the Debtor, has limited number of employees resulting in the factual reality that all relevant information on those topics designated by BSP in their Rule 30(b)(6) deposition topics resides entirely within the personal knowledge of Mr. Lichtenstein and Ms. Moskowits, with some part relevant to the bankruptcy process in the mind of Mr. Goldwasser (as CRO). The Rule 30(b)(6) categories were therefore identified as topics for which those three witnesses both possess the actual personal knowledge and would speak to them on behalf of the Debtor and, where relevant, the Management Company. In fact, the topics identified for each entity in BSP's designation were virtually the same, with many of the topics addressed to the Debtor covering information relating to the Management Company.

Following the parties agreement as noted, the Debtor did briefly have concerns that it might be unworkable, until after further discussion with the client, and consultation with the Management Company (and its counsel), it became evident the scope of topics selected by BSP, which are virtually identical to those which BSP now seek a separate deposition on behalf of the Hotel Manager, all fell within personal knowledge of the three designees. Counsel for Debtor then promptly confirmed that the Debtor and Management Company would produce such parties for both entities and in their individual capacity combined. Debtor's position would never waiver, though, that information in Ms. Moscowits and Mr. Liechtenstein's mind, would be binding on Debtor and Management Company, who have stipulated to such before any transcript was prepared or deposition taken. (Debtors did formally object to the designations in the Rule 30(b)(6) notice, well after noting in writing these individuals would be designated, to the extent such notice sought to create an obligation to affirmatively produce Hotel Management information, in preservation as to their separate corporate entity status, but that is raised here as a red herring given the open communications between the parties on their positions.)

In sum, Debtor's position to proceed with coordinated examinations of Mr. Lichtenstein and Ms. Moskovits as testifying on behalf of the Debtor and/or Management Company as noted in the responsive designations is not a "strategic" choice to give Debtor some mysterious advantage, but simply because these witnesses possess the breadth of information sought by BSP's designation topics, and to honor the parties' agreement about consolidating the 30(b)(6) topics with individual depositions, when those persons possess the direct personal knowledge involved.

BSP's letter, however, gives a glimpse of their motivation to raise hyper-technical issues for the sake of delay, when the Debtor is trying to facilitate discovery to enable BSP to get the necessary information related to confirmation directly from the persons most knowledgeable. To suggest that Mr. Lichtenstein and/or Ms. Moskovits would have to sit for 21 hours each as BSP states towards the end of its second letter reveals Debtor's precise concern, discovery is not sought to ensure an accurate understanding of the facts by BSP, rather its position is to harass and burden

---

[1] A further meet and confer is scheduled for today, March 14, 2022.

The Honorable Robert D. Drain
March 14, 2022
Page **3** of **6**

the Debtor, unnecessarily increase fees and costs that BSP asserts should be borne by the Debtor, and seek to delay confirmation, which is severely prejudicial to the Debtor and all other stakeholders.

Debtor and its counsel recognize Bankruptcy should be about enabling objecting parties to obtain the discovery of the facts needed, not about excessive depositions to ask the same questions of all three parties for 21 hours. But BSP's behavior continues to indicate reasonable control of costs and fees and efficiencies in time are the furthest from their priorities. Rather burdening the Debtor and its legal team with these form over substance issues appears to be the objective, in particular, given the Debtor and Management Company's agreement to stipulate that answers shall be binding on both entities, and reservation that if after conducting the examination of the Mr. Lichtenstein, there is need to proceed further, the parties have provided that such can be reviewed following the deposition.

Regarding representation of the Debtor, as acknowledged by the BSP, the Debtor simply agreed as BSB requested, that it would help coordinate with the Management Company's counsel regarding production and discovery, and we have done so. That doesn't make the undersigned counsel for the Management Company, nor does the fact that two entities are owned by the same people make them one and the same. We continually pointed out that Management Company has separate counsel. Our statement that appearing for the witness in the limited capacity of his providing deposition testimony on behalf of those legal entities at such deposition, does not mean we represent Management Company or Mr. Lichtenstein individually, they have their own counsel, who has the right to attend, we are simply taking lead on defending such individual's deposition to save costs and preserve privileged communications associated with the witness' preparation, the decision not to have individual and management counsel present was the choice of such, and to save costs simply put.[2]

Regarding the deposition of Mr. Lichtenstein, as with their other assertions, BSP's submission mischaracterizes Mr. Lichtenstein's deposition testimony in numerous critical respects. Mr. Lichtenstein was ready, able, and willing to provide testimony both in his individual capacity and on behalf of the Debtor and Management Company and wanted to go forward. It was BSP who refused to proceed (after cutting off Mr. Lichtenstein often) and terminated the deposition over the Debtor's objection despite that he was fully familiar with the case and prepared for such.[3]

---

[2] Regarding BSB's other statements, the Debtor submits that there was no "cryptic" statements, Debtors made it clear in the meet and confers, including the last meet and confer four days before Mr. Lichtenstein's deposition, that the witness was presented to testify on all of these topics, for the Debtor and Management Company. That for the limited purpose, to facilitate presentation of the witness, Debtor's counsel would represent Mr Lichtenstein for purposes of such deposition only, where his personal knowledge on behalf of himself and as binding on the Debtor and Management Company, does not give rise to a conflict. But if delay and increase of costs are the goal, one understands why BSP would complain of this efficiency and suggest, presumptively, three separate legal counsel should have defended this deposition.

[3] Mr. Lichtenstein submits that he has knowledge of the topics identified by BSP, and if not cut off would have made clear that he did not need to prepare much (although he did so) given his historic knowledge of the facts and circumstances surround the case, the BSP relationship, and the plan.

The Honorable Robert D. Drain
March 14, 2022
Page **4** of **6**

To date, Mr. Lichtenstein provided testimony, amongst other things, regarding revenues, loans, the state of the hospitality market (or lack of market) and lack of any ability to proceed with a sale/refinance given the state of the market. BSP's counsel didn't like Mr. Lichtenstein's answers, however, this is not the standard, the testimony was provided to the best of Mr. Lichtenstein's knowledge.

Regarding preparation, BSP's comments are disingenuous. If the information resided in another employee's personal knowledge, the Debtor does not dispute there is duty to educate the designee on such topic. And merely because the witness can answer the question but can't get as granular as the questioner seeks on particular facts because of inability to recall such granular details, especially when these are within the witness' personal knowledge is not any failure within tendering a 30(b)(6) witness. And when Mr. Lichtenstein believed Ms. Moskowits had better personal knowledge on a particular issue, he acknowledged same and informed BSP for purposes of where their knowledge boundaries exist.[4]

In sum, the issue BSP is raising about multiple witness designations on each of BSP's very broad Rule 30(b)(6) categories is simply form over substance. There are aspects of each of BSP's broad topics. which as noted above, are nearly identical for the Debtor and Management Company, that, generally, each of Mr. Goldwasser, Mr. Lichtenstein, and Ms Moskovits are able to speak to under oath, competently. We have made that clear by designating them under the categories where they possess knowledge of the entities, and designating them both where they have overlapping knowledge on the topics. In addition, the email trail relating to preparing witnesses simply notes that all of the information sought is within the knowledge of Mr. Lichtenstein, Ms. Moscovitz, and Mr. Goldwasser already, and that we are unaware of other witnesses that contain corporate knowledge that we are presenting the noted parties in lieu of -- they already possess the information sought. Similar, given the foregoing overlapping requests, the Debtor submits that the information is readily gleaned in an efficiently conducted seven (7) hour deposition, but as Debtor offered in the meet and confer on March 7th, BSP should take the deposition making every effort to cover the topics with the witnesses, and if certain topics were not reached despite diligent efforts, the parties could revisit then what further was required. That proposal and suggested path to proceed was rejected out of hand.

Instead, BSP's insistence that it is entitled to potentially 14 or 21 hours' worth of depositions per witness is not only contrary to the exchanged schedule and explicit agreement of the parties, but appears to be destined to burden the estate, the principles who wish to focus on the business operations, as well as plan confirmation preparation efforts. Such tactics are, in fact, designed for delay, including efforts to improperly push out the confirmation hearing, to the detriment of the

---

[4] In addition, because the Hotel Manager was responsible for filing room occupancy tax returns, Mr. Lichtenstein tried to make that clear that, as between those parties, he knows that information from his role on behalf of the Management Company and stated it was the Management Company's responsibility, but before completing his response, BSP interrupted the witness and shut down the deposition. Again, that exchange proves BSP was making an issue that was simply form over substance. Had this effort in the deposition genuinely been about learning who was responsible for submitting those returns, BSP would have allowed a fulsome response so they could learn the facts. Their actions prove this is about an effort to raise technical arguments rather than the substance of the discovery Debtors are trying to facilitate.

The Honorable Robert D. Drain
March 14, 2022
Page **5** of **6**

Debtor and all other stakeholders, and to run up costs which Benefit Street seeks to impose on Debtor.

For all of the foregoing reasons, the Debtor objects to the unnecessary expansion of depositions as unnecessary, premature, vexatious, and duplicative.  Further, the Debtor submits that BSP should proceed to complete the remaining roughly four and one-half hours of the noticed deposition of the Debtor, the Management Company and Mr. Lichtenstein, without further delay, at the soonest mutually convenient date.  To try and now extend the period of time at which BSP has Mr. Lichtenstein under oath to answer questions for as much as 14 or 21 hours on mere technicality when he presently possesses responsive, relevant information is highly prejudicial to the Debtor, and all other stakeholders.

The Debtor remains available to answer any questions for the Court, and Debtor respectfully requests that BSP's request to take multiple depositions of up to twenty-one hours from the same individual to cover the same topics be rejected as wasteful, harassing and burdensome to the estate And, in respect of the apparent contention that Debtor must "prepare" its witness concerning information that witness already possesses from his personal knowledge should similarly be rejected as it is the questioner's obligation, where needed, to present the appropriate documents to refresh a witness' recollection not the Debtor's obligation to make a witness recall during preparation all information that witness once knew from first-hand personal knowledge.  In short, BSP's objectives should be seen for the litigation tactic they are, and the requests from its two letters to the Court should be rejected.


Respectfully submitted,

*/s/ Douglas E. Spelfogel*

Douglas E. Spelfogel



cc: Charles Kelley
    Gina Parlovecchio
    **Mayer Brown LLP**

cc:  James Glucksman
     **Davidoff Hutcher & Citron, LLP**
        Attorneys for Williamsburg Hotel BK, LLC

cc: P. Bradley O'Neill
    Adam C. Rogoff
    **Kramer Levin Naftalis & Frankel LLP**

The Honorable Robert D. Drain
March 14, 2022
Page **6** of **6**

    Lee B. Hart
    Gary Freedman
    **Nelson Mullins Riley & Scarborough LLP**

    *Attorneys for Benefit Street Partners Realty*
    *Operating Partnership, L.P.*