**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Adam C. Rogoff, Esq.
P. Bradley O'Neill, Esq.
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Co-Counsel for Benefit Street Partners Realty*
*Operating Partnership, L.P.*

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
Lee B. Hart, Esq.
201 17th Street, Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

Gary M. Freedman, Esq.
2 South Biscayne Blvd., 21st Floor
Miami, Florida 33131
Telephone: (305) 373-9400
Facsimile: (305) 373-9443
*Co-Counsel for Benefit Street Partners*
*Realty Operating Partnership, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 96 Wythe Acquisition, LLC | |
| Debtor. | Case No. 21-22108-RDD |

## LENDER'S MOTION TO SHORTEN NOTICE PERIOD FOR LENDER'S RENEWED MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE BASED ON CONTINUING MALFEASANCE

Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street"), secured

lender of the above-referenced Debtor, respectfully submits this motion (the "Motion") for an entry

of an order, substantially in the form attached hereto as Exhibit 1 (the "Order"), shortening the

notice period for *Lender's Renewed Motion for the Appointment of a Chapter 11 Trustee Based On Continuing Malfeasance* (the "Trustee Motion") [1] filed contemporaneously herewith.

Benefit Street requests that the Court hear the Trustee Motion on April 7, 2022, together with confirmation of the Debtor's pending Chapter 11 plan (and on that date even if the confirmation hearing on Debtor's plan does not proceed on that date). Benefit Street was prepared to file the Trustee Motion on March 24, 2022, which was 14 days prior to the requested hearing date, as required by Local Rule 9006-1(b). However, Judge Chapman, the Court-appointed mediator, specifically requested that Benefit Street not do so until after the mediation scheduled for March 28.

Benefit Street agreed with Judge Chapman's request in order to participate in the mediation in good faith, hoping for a positive result. Benefit Street has had a number of calls with Judge Chapman and Debtor's counsel the since March 24, including over the weekend, in effort to reach settlement. Throughout these calls, Benefit Street has made clear to Debtor's counsel that the Trustee Motion is ready and forthcoming, but not yet filed as requested of it. Unfortunately, the mediation has not produced a consensual resolution, necessitating Benefit Street's filing of the Trustee Motion and this request to shorten the time period to file and have it heard on April 7. In support thereof, Benefit Street respectfully states as follows:

## Background Facts

1.      The Debtor has set its request for confirmation of its proposed Chapter 11 plan of reorganization for April 7, 2022. Benefit Street has filed objections. *See, e.g., Lender's Objection to Confirmation of Debtor's Second Amended Chapter 11 Plan of Reorganization* [Docket No. 307] (the "Plan Objection"), and related papers. On January 6, 2022, the Debtor filed Adversary

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Stay and Transfer Motion.

4854-2690-4856 v.4 049636/01510

Proceeding No. 22-07002 against Benefit Street (the "<u>Adversary Proceeding</u>").  Benefit Street's

motion to dismiss the Adversary Proceeding is also set for hearing on April 7.

2.      Pursuant to order of the Court, Benefit Street and the Debtor planned to mediate

the Plan Objection and Adversary Proceeding on March 28, 2022.  In connection therewith, on

March 23, 24 and 25, 2022, Benefit Street and Judge Chapman held various pre-mediation calls,

during which Benefit Street expressed to Judge Chapman its need to file the Trustee Motion

promptly to secure an April 7 hearing date.  To give the mediation the best chance of succeeding,

Judge Chapman requested that Benefit Street refrain from filing the Trustee Motion until the

conclusion of the mediation.  Benefit Street, intending to participate in good faith with the

mediation process and hoping for a positive outcome, agreed.  Judge Chapman stated that, if the

mediation did not succeed, Benefit Street should file a motion with the Court to shorten the notice

period, and specifically authorized Benefit Street to inform the Court that she had requested that

Benefit Street refrain from filing its motion until after the March 28 mediation.

3.      On March 26 and 28, 2022, Benefit Street, Judge Chapman and Debtor's counsel

held various calls held various calls to discuss potential consensual settlement structures, during

which calls Benefit Street was clear with Debtor's counsel that it had prepared the Trustee Motion

and intended to request hearing thereon on April 7, but was refraining from doing so upon Judge

Chapman's request in order to facilitate the mediation process.

4.      Despite Benefit Street's good faith attempt to come to a consensual resolution of

this case, the mediation has been unsuccessful.  As a result, Benefit Street filed the Trustee Motion

contemporaneously herewith and hereby requests the Court shorten the notice period in order that

the Trustee Motion may be heard by the Court on April 7, contemporaneously with (or in lieu of)

plan confirmation (although Benefit Street does not believe that the Debtor will be able to proceed

with the hearing to confirm its plan given its recent last-minute filings directed at $16 million of unsecured claims, among other reasons).

5.      Benefit Street's Plan Objection lays out the reasons why the Debtor's plan cannot not be confirmed because, among other things, the Debtor has abused the bankruptcy process by proposing the plan in bad faith to serve the interests of its controlling insiders, rather than those of the creditors, which is supported by various bad acts of its principals already of record and learned of in discovery.

6.      The presentations surrounding the Trustee Motion and Benefit Street's Plan Objection are largely similar: while the Code sections and legal standards are somewhat different, the thrust of Benefit Street's argument in both instances is that the Debtor's insiders have abused the bankruptcy process, committed fraud on Benefit Street and the Court and have potential criminal liability, and simply cannot  be permitted to benefit under a plan or remain in control of the Debtor.  The Debtor will not be prejudiced by shortening this time period.  Indeed, the Debtor's presentation already includes a rebuttal of these concepts by virtue of litigation and discovery over the Plan Objection, which Benefit Street filed over two months ago on January 17, 2022, and with respect to which the parties have been zealously litigating ever since.  Moreover, Benefit Street has made Debtor's counsel aware of the existence and imminent filing of the Trustee Motion, and since the grounds for the relief sought therein are predicated on facts of record or learned from the Debtor in discovery, nothing therein will take the Debtor by surprise.  There is simply nothing new or surprising about the Trustee Motion that should leave the Debtor flatfooted at this juncture.

**Jurisdiction**

7.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

4854-2690-4856 v.4 049636/01510

*Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012.

8.      The statutory bases for the relief requested herein are Bankruptcy Rules 9006(c), and 9007, and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

### Basis for Relief

9.      Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or within motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1).

10.     Cause exists for the Court to consider the Trustee Motion on an expedited basis. It will also not prejudice the Debtor due to the substantial overlap with the Plan Objection, which the Debtor and Benefit Street have been litigating for over two months. Moreover, Benefit Street is requesting to shorten notice by just four days – providing 10 days' notice rather than 14 days' notice – and upon the specific request of Judge Chapman prior to the termination of the mediation after her discussions with the Debtor and its insiders.

11.     Cause exists to shorten the notice period to permit the Trustee Motion to be heard on April 7, 2022.

### Notice

12.     Benefit Street shall provide notice of this Motion to: (a) the Debtor and its counsel of record in this case; (b) the Office of the United States Trustee; and (c) any other entities entitled to receive notice in this case. Benefit Street submits that no other or further notice is necessary.

4854-2690-4856 v.4 049636/01510

### No Prior Request

13.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Benefit Street respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems just, equitable and proper.

Respectfully submitted, this 28th day of March, 2022.

NELSON MULLINS RILEY &
SCARBOROUGH, LLP

_____/s/ Lee B. Hart_____
Lee B. Hart, Esq.
201 17th Street, Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

Gary M. Freedman, Esq.
2 South Biscayne Blvd., 21st Floor
Miami, Florida 33131
Telephone: (305) 373-9400
Facsimile: (305) 373-9443

Adam C. Rogoff, Esq.
P. Bradley O'Neill, Esq.
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Co-Counsel for Benefit Street Partners
Realty Operating Partnership, L.P.*

**<u>Exhibit 1</u>**
Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 96 Wythe Acquisition, LLC | Case No. 21-22108-RDD |
| Debtor. | |

### ORDER GRANTING LENDER'S MOTION TO SHORTEN NOTICE PERIOD FOR LENDER'S RENEWED MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE BASED ON CONTINUING MALFEASANCE

Upon the motion (the "Motion") of Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street") for entry of an order (this "Order") scheduling an expedited hearing and shortening the notice period with respect to *Lender's Motion to Shorten Notice Period for Lender's Renewed Motion for the Appointment of a Chapter 11 Trustee Based on Continuing Malfeasance* (the "Trustee Motion"), all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that Benefit Street's notice of the Motion was appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

- 1 -

2.      A hearing (the "Hearing") to consider the relief requested in the Trustee Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, through Zoom for Government (https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl) on **April 7, 2022 at 10:00 a.m.** (prevailing Eastern Time).

3.      Responses or objections to the Motion to Transfer shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with General Order M–399 (which can be found at http://www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), in accordance with the customary practices of the Court and General Order M–399, to the extent applicable, and served so as to be actually received no later than **April ____, 2022, at 5:00 p.m.** (prevailing Eastern Time) – by (a) the Office of the United States Trustee; (b) co-counsel to Benefit Street Partners, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Bradley O'Neill, and Adam Rogoff, and Nelson Mullins Riley & Scarborough, LLP, 201 17th Street, Suite 1700, Atlanta, Georgia 30363, Attn: Lee B. Hart and Gary M. Freedman, and (c) any other entities entitled to receive notice in this case.

4.      Notice of the Hearing shall be provided by sending a copy of this Order and the Trustee Motion via first class United States mail within one day of entry of this Order.  Service of the Motion to Transfer and this Order to (a) the Debtor and counsel; (b) the Office of the United States Trustee; and (c) any other entities entitled to receive notice in this case.  This manner of notice shall be deemed sufficient under the circumstances.

4.      Benefit Street is authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Motion.

5.      This Court retains exclusive jurisdiction with respect to all matters arising from

or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated:  _____ , 2022

                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE


                                        _____

4854-2690-4856 v.4 049636/01510