# HECHT, KLEEGER & DAMASHEK, P.C.

19 WEST 44TH STREET, SUITE 1500
NEW YORK, N.Y. 10036
TEL (212) 490-5700 • FAX (212) 490-4800
WWW.LAWYER1.COM

JONATHAN S. DAMASHEK *
JORDAN D. HECHT * •
JUDD F. KLEEGER * •
IRA S. PINTEL (OF COUNSEL)

\* ADMITTED IN NEW YORK
• ADMITTED IN NEW JERSEY

April 26, 2021

*Via e-mail*
*mfrankel@bfklaw.com*

**Backenroth Frankel
& Krinsky LLP**
800 Third Avenue
New York, New York 10022

Re:   96 Wythe Acquisition LLC
      Mencia v. 96 Wythe Acquisition LLC
      Index: 513214/16

Dear Mr. Frankel:

I write this letter is a follow up to our telephone conversation regarding this matter. As I explained, we represent Gerson Mencia in an action against 96 Wythe Acquisitions LLC alleging violations of Labor Law §§ 200, 240 and 241. The case is currently pending in the Supreme Court, County of Kings (Mencia action), the note of issue has been filed and there is a file motion for summary judgment on the issue of liability. At the present time, the action is stayed due to the bankruptcy filing.

The underlying incident occurred at a construction project owned by defendant 96 Wythe Acquisitions LLC (96 Wythe). As a result of the accident, Mr. Mencia sustained very serious injuries to his left ankle and left knee that required five surgeries. Mr. Mencia has been unable to return to work as a construction worker and will require a significant amount of future care. We have alleged total special damages of nearly $3,000,000.00.

At the time of the accident, 96 Wythe was covered by a general liability insurance policy issued State National Insurance Company (SNIC) with limits of $1,000,000 and an excess insurance policy issued RLI Insurance Company (RLI) with limits of $10,000,000. Both carriers have recently sent letters indicating they are disclaiming and/or declining coverage for 96 Wythe Acquisitions LLC for Mr. Mencia's bodily injury action.

We believe the disclaimers are improper and intend to commence a declaratory judgment action against SNIC and RLI seeking an order directing both carriers to defend and indemnify 96 Wythe for any judgment or settlement obtained against them in the Mencia action. Under New York State's Insurance Law only the insured, 96 Wythe, has standing to bring such an action before

a judgment has been entered. In light of same, we hereby request that 96 Wythe agree to assign its rights to commence an action seeking a declaratory judgment determining that the insurance policies at issue cover the Mencia action. Clearly this agreement would benefit both of our clients as well as the other creditors of the bankruptcy estate. There is also another personal injury action against 96 Wythe arising from the same project and the agreement would also benefit the debtor with regards to that claim.

Because the debtor's interest in the insurance policy is technically property of the estate, an assignment of the debtor's rights with regards to the policy would be subject to bankruptcy court approval and upon notice to all creditors and other parties in interest. This assignment is a rather normal occurrence and as set forth above would benefit all parties herein. All legal fees and costs for commencing the declaratory judgment action will be borne by my client. All legal work, discovery, motions, court appearances and other related matters will be handled by the attorneys for Mr. Mencia.

If we are successful in the declaratory judgment action and receive a determination that Mr. Mencia's claim is covered by the aforementioned policies, my client will agree to limit his claims solely to the insurance proceeds. This will reduce the general unsecured claims that the debtor will need to pay through the bankruptcy plan. Without my client's claim, a larger distribution may be made to the general unsecured creditors and the debtor may be more likely to show that the plan is feasible. I believe that we can achieve the assignment through a stipulation of settlement that is noticed for approval by the bankruptcy court and served on all creditors.

Please contact the undersigned to further discuss this matter. I thank you for your time and consideration of this matter.

Very Truly Yours,

JORDAN HECHT

# Jordan Hecht

**From:** Jordan Hecht
**Sent:** Monday, April 26, 2021 4:34 PM
**To:** 'mfrankel@bfklaw.com'
**Subject:** 96 Wythe Acquisition LLC
**Attachments:** Letter to BFK 1.pdf

Mr. Frankel

Please see the attached letter.

Jordan Hecht
Hecht, Kleeger & Damashek
19 West 44th Street – Suite 1500
New York, New York 10036
Tel – (212) 490-5700
Fax-(212) 490-4800
Direct – (646) 365-0342
hecht@lawyer1.com
www.lawyer1.com
www.heridos.com

| DISCLAIMER FOR ELECTRONIC COMMUNICATIONS |
| --- |
| |
| **NOTICE TO RECIPIENTS:** Pursuant to CPLR Article 21, I do not consent and rescind any consent, implied or given, to the service of process or service of papers by electronic means or facsimile. E mails are not read outside business hours. The information contained in (and attached to) this e-mail is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney/client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you received this communication in error, please notify us immediately by reply e-mail, and delete the original message (including attachments). |

1