

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Douglas E. Spelfogel**
Partner
T: +1 212 506 2151
DSpelfogel@mayerbrown.com

April 7, 2022

BY ECF & EMAIL

The Honorable Robert D. Drain
United States Bankruptcy Court,
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:  *In re 96 Wythe Acquisition LLC*
      Case No. 21-22108 (RDD)

Dear Judge Drain:

We are writing as counsel for 96 Wythe Acquisition LLC (the "Debtor"), in response to the letter by counsel to Gerson Mencia ("Mr. Mencia") dated April 4, 2022 and Your Honor's request for a response and clarification with respect to the pending contested matter wherein the Debtor has objected to Mr. Mencia's claim (the "Mencia Claim") and sought estimation of the Mencia Claim for purposes of voting, reserve and distributions under the Debtor's proposed Chapter 11 Plan.

This letter is to confirm that the Debtor intends to prosecute its objection/estimation motion relating to the disputed Mencia Claim based on the existence of sufficient insurance coverage, as well as on a factual basis that the Mencia Claim is without merit on issues of both liability and damages. With respect to the issue of insurance coverage, as Your Honor is aware, the Debtor filed and served an adversary proceeding complaint against the Debtor's primary and secondary insurers, seeking, among other things, a declaration that there is sufficient coverage under the applicable insurance policies to cover the Mencia Claim and other claims, including the property damage claim alleged and asserted by Grandfield Realty (the "Grandfield Claim"), which is also subject to an objection/estimation motion filed by the Debtor. The Debtor had a settlement conference with counsel for the primary and excess insurance carriers earlier today and is currently working with the insurers to see if a consensual resolution can be reached.

With respect to the Debtor's factual basis for its objections/estimations relating to both the disputed Mencia Claim and the disputed Grandfield Claim on the issues of both liability and damages, the Debtor intends to (i) file supplements each to its objections/estimations relating to the Mencia Claim and the Grandfield Claim, (ii) submit appropriate declarations and/or affidavits with direct testimony, with such affiants to be available for cross-examination at the applicable evidentiary hearing, (ii) engage in appropriate meet and confers with counsel to Mr. Mencia and Grandfield Realty to discuss issues related to expedited discovery, the admissibility of exhibits, other evidentiary matters for the evidentiary hearings, (iii) submit to the Court proposed estimation procedures at least three (3) weeks before the scheduled evidentiary hearings and (iv) submit to the Court an appropriate revised remote procedures order.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

747196917

The Honorable Robert D. Drain
April 7, 2022
Page 2

With respect to counsel to Mr. Mencia's assertions of the need to cross-examine five (5) experts, the Debtor respectfully disagrees and believes no more than one or two experts will be needed on the issues of liability and damages.

This Court has wide latitude to estimate claims and approve related procedures. Recognizing that "[n]either the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure provide guidelines for the estimation of claims", bankruptcy courts in this District have estimated "the expected value of a claim based on the probability of success of various potential outcomes if decided on the merits.'" *In re AMR Corp.*, 2021 WL 2954824, at *4 (Bankr. S.D.N.Y. July 14, 2021) (citing *In re Chemtura Corp.*, 448 B.R. 650 (Bankr. S.D.N.Y. 2011)). In addition, claim estimations can include the likelihood of findings on disputed facts, legal arguments, and, in some circumstances, the possibility of appellate reversal. *See Chemtura*, 448 B.R. at 650-51.

Applying these concepts here, the Debtor disputes Mr. Mencia's counsel's statements that suggest this Court is required to hold full-blown trials on the objections/estimations. If such were required, which the Debtor contests, a bankruptcy case could be brought to a standstill while the Court conducted full-blown trials on every pending contested claim. Rather, the Debtor submits the above-referenced approach is reasonable, facilitates the reorganization for the benefit of all stakeholders, and addresses any concerns the Court may have on the pending contested matters relating to the objections/estimations of the Mencia Claim and the Grandfield Claim.

The Debtor is available to answer any questions.

Thank you for Your Honor's courtesies.


Respectfully submitted,

*/s/ Douglas Spelfogel*

Douglas E. Spelfogel


cc: Randy Kornfield, Esq.
    Jordan Hecht, Esq.
    Barry D. Haberman, Esq.

747196917