

**U.S. Department of Justice**

Office of the United States Trustee
*Southern District of New York*

*201 Varick Street*  *Office:(212) 510-0500*
*Room 1006*  *Fax: (212) 668-2255*
*New York, New York 10014*

April 13, 2022

<u>VIA ECF & EMAIL</u>

Honorable Robert D. Drain
United States Bankruptcy Court for the
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Re: **<u>96 Wythe Acquisition LLC,</u>**
**<u>Case No. 21-22108 (RDD)</u>**

Dear Judge Drain:

On April 12, 2022, 96 Wythe Acquisition LLC (the "Debtor") submitted a letter (the "April 12 Letter") [ECF No. 503] to the Court ostensibly responding to the letter filed by Benefit Street Partners Realty Operating Partnership, L.P. ("BSP") [ECF No. 500] and to certain email communications between BSP and the Chambers, but in essence litigating critical evidentiary issues in connection with the U.S. Trustee's motion to appoint a Chapter 11 trustee (the "U.S. Trustee Motion").

The U.S. Trustee respectfully submits that such "litigation by letter" practice is not permitted by the Bankruptcy Code, Bankruptcy Rules, or Local Rules.

In substance, the April 12 Letter is a motion *in limine*, without the Debtor following the proper procedures governing motion practice. Such practice is prejudicial to the U.S. Trustee and other parties in interest and the Court should not consider the letter to be a motion.

The Debtor filed the April 12 Letter without a meet-and-confer with the U.S. Trustee and other parties. The parties should try to resolve admissibility issues in good faith before bringing them to the Court's attention. <u>See</u> Local Rule 7007-1(b) (parties can request a court conference if they were unsuccessful in resolving discovery issues).

Honorable Robert D. Drain
April 13, 2022                                                                                                                    Page 2

The parties are meeting tomorrow, April 14, 2022, and the U.S. Trustee is hopeful that the parties can address the Debtor's discovery concerns relating to the Examiner.

If the Court believes a status conference is useful to address these or any other issues, the United States Trustee has no objection.

                        Respectfully,

                        WILLIAM K. HARRINGTON
                        UNITED STATES TRUSTEE

          By:    */s/ Greg M. Zipes*
                Greg M. Zipes
                Trial Attorney

cc:    Douglas Spelfogel, Esq.
        Gary Freedman, Esq.
        Lee Hart, Esq.
        P. Bradley O'Neil, Esq.