# HECHT, KLEEGER & DAMASHEK, P.C.

19 WEST 44TH STREET, SUITE 1500
NEW YORK, N.Y. 10036
TEL (212) 490-5700 • FAX (212) 490-4800
WWW.LAWYER1.COM

JONATHAN S. DAMASHEK *
JORDAN D. HECHT * •
JUDD F. KLEEGER * •
IRA S. PINTEL (OF COUNSEL)

* ADMITTED IN NEW YORK
• ADMITTED IN NEW JERSEY

April 20, 2022

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

        Re:       96 Wythe Acquisition LLC
        Case No:  21-22108 (RDD)

Honorable Judge Drain:

      This firm is co-counsel to Gerson Mencia (hereinafter "Mr. Mencia"), an unsecured creditor in the above referenced matter. We are also counsel to Mr. Mencia in a related New York State Court Action, *Mencia v. 96 Wythe Acquisition, LLC and Dimyon Development Corp.*, Index No. 513214/2016 (Sup. Ct. Kings Co.) ("The State Court Action"). I write to request a conference regarding the proposed hearing to estimate the value of Mr. Mencia's claim (hereinafter "the Mencia Claim") and several issues concerning same.

      The Mencia Claim was filed on May 25, 2021. The Debtor herein, 96 Wythe Acquisition LLC, (hereinafter "the Debtor") failed to request any additional supporting documentation regarding same or demand discovery regarding same.

      On December 23, 2021, seven months after the Mencia Claim was filed, the Debtor filed an Objection to the Mencia Claim and Motion to Estimate the Mencia Claim. (*Dkt No. 248*) In the motion the Debtor sought the following relief (1) to disallow and expunge the claim or (2) to estimate the claim at $0. In so moving the Debtor <u>failed to request any additional discovery</u> from Mencia.

      In sum and substance, the Debtor's sole argument in support of the motion was that there was insurance coverage for this claim and thus it should be expunged. The only document submitted by the Debtor was the declaration of Michael Lichtenstein who had no direct knowledge of (1) how the accident occurred (2) the viability of the claims pursuant to Labor Law §§ 240 and 241 (3) Mr. Mencia's injuries or (4) the claims for lost earnings and future medicals. The declaration was nothing more than hearsay and had no evidentiary import.

On January 19, 2022, Mr. Mencia filed opposition to the Debtor's Objection raising various arguments including those set forth above. (*Dkt No. 320*) Most significantly, Mencia argued that the Debtor failed to rebut the prima facie validity of the claim by failing to submit a single shred of evidence contesting the liability and/or damages portion of the claim. By contrast, Mencia laid out in great detail, the merits of the liability and damages claims in the underlying State Court Action. Mencia annexed the motion for summary judgment with a sworn affidavit from Mr. Mencia, pleadings served in the State Court Action as well as expert exchanges. (*Dkt No. 320 - Exhibits A, B, C and D*). The Debtor failed to submit a reply-affirmation or supplemental papers in connection with its objection.

On March 31, 2022, a hearing was held in this matter. (*Dkt No. 494*) On Page 21 of the hearing transcript, the Court recognized the complete lack of substantive objection to the Mencia Claim and stated as follows:

> ...you're asking me to estimate a personal injury claim from Mr. Mencia <u>when the only objection is really based on the fact that we have insurance for it</u>...I'm not quite sure how that's going to get resolved unless you resolve the insurance point. <u>I didn't see the debtor even raising any other objection except for Mr. Liechtenstein's statement that he doesn't believe the money's owed in his declaration</u>...

The Court continued on pages 24-25 wherein the Court directed the Debtor to submit a supplemental claim objection with substantive facts objecting to the Mencia Claim and discussed the scheduling of a hearing to estimate the value of the Mencia Claim.

> And for the Mencia and Grandfield claim objections, I really want the debtor to focus on <u>whether it has a factual basis to object to Mr. Mencia's claim</u>, as opposed to say that it's covered by insurance. If it does have such a factual basis, I think you need to <u>supplement the claim objection to say so</u>. And, again, if we're going to have an estimation trial on this one, I want testimony by declaration with the -- with the declarant or affiants present remotely for cross.

At no time during the hearing did the Court issue an order permitting additional discovery nor did the Debtor request same.

On April 4, 2022, Mencia filed a letter with the Court asking for a clarification of the procedures to be employed at the estimation hearing and also seeking guidance on what evidence will be submitted. (*Dkt No. 495*) On April 5, 2022, the Court issued an e-mail, in accordance with its prior directive at the March 31, 2022 hearing, directing the Debtor to "promptly" supplement the substantive objections to the Mencia Claim. A copy of the Court's e-mail is annexed hereto as **Exhibit "A"**. On April 7, 2022, the Debtor sent a letter claiming it intends to "file supplements to

the claim objections" and submit declarations or affidavits with direct testimony. (*Dkt. No. 498*) As of this date the Debtor has failed to do either.

On Thursday April 14, 2022 at 5:25 PM, the night before the Passover Holiday, we received an e-mail from an Brandon Renken, an attorney from the Houston office of Mayer Brown.[1] A copy of the e-mail is annexed hereto as **Exhibit "B"**. In the e-mail Mr. Renken, without permission from the Court, demanded various items of discovery including documents and interrogatories as follows:

> Updated medical and treatment records for Mr. Mencia, if any, other than what has already been produced in the underlying matter;
>
> Updated tax returns or other method of showing earnings for Mr. Mencia (and his wife or any of their entities) other than what has already been produced;
>
> Any documents showing Mr. Mencia's efforts to perform or obtain work at any time since September of 2015, documents of his earnings for any work so performed, or an admission that no such efforts to obtain gainful employment have been made and the reasons therefor;

In addition, Mr. Renken, demanded Mr. Mencia be produced for deposition and a medical examination. Counsel also demanded the deposition of the experts Mencia intends to produce at the hearing. Mr. Renken then stated:

> While these are initial steps on discovery, it is almost certainly not the complete scope of what we intend to get done to properly present and defend the estimation motion in June. Obviously, I will take all necessary formal steps to ensure that all of this happens, but I wanted to get you a heads up as promptly as possible so that we can avoid any and all unnecessary delays

It is most respectfully submitted that the Debtor is not entitled to any additional discovery regarding the Mencia Claim. The Debtor filed a motion regarding to expunge the Mencia Claim or estimate the value at $0. The Debtor failed to seek discovery in connection with the motion and none of the items in the e-mail by Mr. Renken has been authorized by the Court.

The Court should also be aware that Mencia previously appeared for deposition in the State Court Action on June 12, 2019 and was questioned for four hours about his work history; the happening of the accident; his injuries and medical treatment. A copy of the deposition transcript is annexed hereto as **Exhibit "C"**.

---

[1] Upon information and belief, Mr. Renken is not admitted in the Southern District of New York and we are not aware of any applications for admission Pro Hac Vice.

On December 22, 2019, Mencia also appeared for a medical exam with Andrew Bazos, MD an orthopedist chosen by the Debtor and the Debtor has exchanged a report regarding Dr. Bazos' findings. A copy of the report is annexed hereto as **Exhibit "D"**. In addition, Mencia has provided a plethora of discovery concerning his medical treatment and claims for special damages including authorizations for employment and wage records.[2] The Debtor is not entitled to repeat this discovery and the Court has not authorized same.

It stretches the limits of credulity that the Debtor would request "expedited" discovery when the Debtor has failed to make any efforts to conduct same before now. Mencia has provided all of the discovery the Debtor requires with regards to this matter and respectfully requests the Court deny any requests for additional discovery. Mencia has no objection to providing updated medical records to the Debtor but objects to all other document demands, interrogatories and/or notices for deposition.

Lastly, as previously set forth in prior filings, this case involves claims made pursuant to Labor Law §§ 240, 241 (6) and 200. Mencia has previously submitted a copy of the motion for summary judgment currently pending in the State Court Action along with an affidavit from Mencia. As the attorney who handled the State Court Action since 2015, I can state with absolute certainty that there are no eyewitnesses to the accident and none of the witnesses who appeared for deposition had direct knowledge of what happened except Mr. Mencia. The Debtor has failed to produce a single witness in the State Court Action who could refute Mr. Mencia's version of events and to date have failed to do so in these proceedings. This is likely the reason the Debtor's motion to expunge and/or estimate the claim at $0 failed to include any admissible proof challenging the validity of the Mencia Claim.

Additionally, Mencia sustained serious injuries to his lower extremities as a result of this accident requiring five (5) surgeries. The injuries impact Mr. Mencia's ability to return to work and will necessitate a myriad of future treatment. Contrary to the statements made by counsel in the letter dated April 7, 2022, Mencia intends to submit declarations or direct testimony from his treating orthopedic surgeon, Randall Ehrlich, MD; treating foot and ankle specialist, Steven Yager, DPM and treating pain management physician, Chaim Mandelbaum, MD. Mencia will also offer the testimony of forensic economist Mark Zaporowski Ph.D. who will explain the future cost of medical care and past and future lost earnings totaling in excess of $4,000,000.00. All of the witnesses were exchanged with the Debtor in the State Court Action as well as in the Bankruptcy proceedings and the Debtor failed to request any discovery regarding these witnesses.

Even assuming arguendo that the Court was inclined to permit discovery, to which is something that Mr. Mencia vehemently objects, the Debtors actions in failing to seek discovery regarding this matter until now has placed an undue burden on both Mencia and the Court. It would be next to impossible to schedule expert witness depositions of the aforementioned witnesses before the June 3, 2022 date proposed for the hearing. Moreover, would is going to pay for these depositions of the expert witnesses? Further, as the Debtor has failed to exchange the name of any liability or damages witnesses they intend to call, Mr. Mencia is at a distinct disadvantage should the Debtor be permitted to conduct discovery.

---

[2] There are far too many exhibits to annex to this letter but any such exchange can be produced upon request.

As for the hearing, date, on April 20, 2022, we recently received the Debtor's notice of hearing unilaterally scheduling the estimation hearing for June 3, 2022. We did not consent to this date and are not available as I will be commencing jury selection in the Supreme Court, Bronx County in the case of Clemente v. 205 W 103 Owners Corp et. al. starting May 18, 2022 and expect the case to last 3-4 weeks to try. It should also be noted that there are seven different claim objections scheduled for June 3, 2022 and it seems unlikely that all of those issues could be resolved in one day.

The Debtor has created the circumstances in which the Court and Mr. Mencia now find ourselves. The Debtor filed a baseless objection to the Mencia Claim and motion to estimate the claim at $0 with no factual or legal support. The Debtor failed to supplement its objection as directed by the Court and Mr. Mencia has not been given any notice as to the substantive nature of the objection or how the Debtor intends to challenge the Mencia Claim. What witnesses to the Debtor intend to call on liability? What witnesses does the Debtor intend to call on damages? What are the defenses to the liability and damages? What documents do they seek to admit?

We would also like to remined the Court that Mr. Mencia's motion pursuant to FRBP § 3018 that was filed on January 20, 2022 has yet to be decided.

In light of the aforementioned, the Debtor's evidence for the hearing should be limited to what was submitted in its motion. The Debtor is not entitled to any additional discovery and in light of the extraordinary circumstances surrounding this hearing, Mr. Mencia respectfully requests permission to file a formal motion in limine or in the alternative requests a further conference to discuss the issues raised herein.

If the Court has any additional questions, please feel free to reach out to the undersigned.

Very Truly Yours

*Jordan Hecht*

JORDAN HECHT