# Kramer Levin

**P. Bradley O'Neill**
Partner
**T** 212.715.7583
**F** 212.715.8382
boneill@kramerlevin.com

1177 Avenue of the Americas
New York, NY 10036
**T** 212.715.9100
**F** 212.715.8000

April 22, 2022

BY ECF AND EMAIL

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Re:     *In re 96 Wythe Acquisition LLC*, No. 21-22108—Request for Discovery Conference

Dear Judge Drain,

As the Court knows, we represent Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street") in this chapter 11 case.  I write to request a telephonic discovery conference with the Court concerning Benefit Street's subpoenas (the "Subpoenas") to JPMorgan Chase Bank, N.A. ("JPM") and Bank of America ("BofA," and together with JPM, the "Banks") seeking production of certain bank account statements reviewed and analyzed by the Examiner in his two reports.  [ECF Nos. 418, 465].   Copies of the Subpoenas are attached as Exhibits A and B.

A hearing on motions (the "Trustee Motions") by Benefit Street and the United States Trustee (the "UST") for the appointment of a Chapter 11 Trustee is scheduled for May 17, 2022. Both Benefit Street and the UST expect to offer various portions of the Examiner's reports into evidence at that hearing.   Although the issue has yet to be briefed, the Court has expressed its general familiarity with certain issues concerning the admissibility of the report, and suggested that the parties might consider offering the documents underlying the report into evidence. 3/31/22 Tr. at 43:18-20.   Consistent with this suggestion, Benefit Street issued the Subpoenas to the Banks seeking the account statements upon which the Examiner relied and which were listed in the account matrix attached as Exhibit G to his Report.  [ECF No. 418, at 80-81].

The Debtor has informed Benefit Street that it does not object to the production of bank statements from the Debtor's accounts, and has not sought to quash the Subpoenas.  This position was likely informed by the Court's earlier denial of the Debtor's motion to quash similar subpoenas served by the Examiner during his investigation.  [ECF No. 287].  On Tuesday, April 19, 2022, however, several non-debtor affiliates of the Debtor (the "Non-Debtor Affiliates") – that are owned and controlled by the same people who own and control the Debtor and whose accounts were also

April 22, 2022
Hon. Robert D. Drain

subject to the Subpoenas – wrote to the Banks, stating that they intended to move to quash the Subpoenas and requesting the Banks not comply with them in the interim.  Copies of these letters are attached as Exhibit C.

The following morning, Benefit Street wrote to the Non-Debtor Affiliates, explaining the relevance of the Subpoenas and the Court's earlier refusal to quash subpoenas issued by the Examiner for the same documents.  In addition, although Benefit Street did not believe the account statements sought by the Subpoenas would disclose "a trade secret or other confidential research, development, or commercial information" within the meaning of Fed. R. Civ. P. 45(d)(3)(B)(i), to expedite matters, it offered to treat them as "confidential" under the terms of the protective order in place in the case.  [ECF No. 125]  A copy of Benefit Street's email is attached as Exhibit D.

The parties met and conferred the following day, but were unable to reach agreement on the propriety of the Non-Debtor Affiliates' threatened motions to quash.  Although they could articulate no basis for their motion to quash under Rule 45, the Non-Debtor Affiliates reaffirmed their intention to move to quash the Subpoenas.

The Trustee Motions are premised in part on the conclusions reached by the Examiner.  Benefit Street's Subpoenas seek the bank statements he reviewed and analyzed and that support the conclusion reached in his report.  As such, they are obviously relevant to the Trustee Motion and Benefit Street intends to offer them in evidence at the hearing of that motion.  The Non-Debtor Affiliates, however, have articulated no basis why the Subpoenas are improper or why a motion to quash is authorized under Rule 45.

As troublingly, the Debtor and the Non-Debtor Affiliates – which are all controlled by Toby Moskovits and Michael Lichtenstein – appear to be talking out of both sides of their mouths.  On April 12, 2022, the Debtor wrote to the Court objecting to admissibility of the Examiner's report, indicating that Benefit Street should seek the underlying bank statements to tender directly into evidence.  [ECF No. 503 ("[T]here is simply no reason for the Court, in its gatekeeping functions, to… authorize[ ] the Examiner to offer fact testimony…when the information sought to be introduced by BSP…*is readily available through other means*")].  Despite this position, during the parties' attempts to meet and confer, the Debtor refused to consent to allow Benefit Street to obtain the underlying bank statements from the Examiner and or to stipulate to their admissibility.  Now that Benefit Street has sought to obtain the same materials directly from the Banks, the Non-Debtor Affiliates plan to object and have asked the Banks not to comply with the Subpoenas in the interim.  In short, the Debtor and Non-Debtor Affiliates are trying to wholly block Benefit Street's discovery efforts, disingenuously pointing to various discovery doors that they subsequently seek to close.   Their overall goal, it appears, is to deny Benefit Street relevant evidence supporting the Trustee Motions that is necessary for the May 17 hearing.

To assure that these issues are timely presented to the Court and resolved, Benefit Street requests a discovery conference to address the issues raised by the threatened motion to quash.

April 22, 2022

Hon. Robert D. Drain

Respectfully submitted,

/s/ P. Bradley O'Neill

P. Bradley O'Neill

Cc:    Robert Wolf, Esq.
       Jill Makower, Esq.
       Greg Zipes, Esq.
       Douglas Spelfogel, Esq.
       James Glucksman, Esq.

# EXHIBIT A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ New York _____

In re    96 Wythe Acquisition LLC
_____
                    Debtor

_(Complete if issued in an adversary proceeding)_

_____
                    Plaintiff
                        v.
_____
                    Defendant

Case No. ___ 21-22108 (RDD) ___

Chapter ___ 11 ___

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    JPMorgan Chase Bank, N.A.
_____
_(Name of person to whom the subpoena is directed)_

[x] _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attached Schedule A.**

| PLACE | DATE AND TIME |
|---|---|
| Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 | April 26, 2022 |

[ ] _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _ April 15, 2022 _____

                    CLERK OF COURT

                              OR

_____          /s/ P. Bradley O'Neill
_Signature of Clerk or Deputy Clerk_          _____
                                                _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
Benefit Street Partners Realty Operating Partnership, L.P.  , who issues or requests this subpoena, are:
P. Bradley O'Neill, 1177 Avenue of the Americas, New York, NY 10036, boneill@kramerlevin.com, 212.715.7583

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

■ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

Benefit Street Partners Realty Operating Partnership, L.P.[1], by and through its undersigned counsel, hereby submits this Schedule A to the subpoena directed to JPMorgan Chase Bank, N.A., dated April 15, 2022 ("Subpoena"):

## DEFINITIONS

The uniform definitions referenced in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), as incorporated by Rules 7026-1 and 9014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules"), apply to the document requests contained herein. The following additional definitions apply and shall be construed in the broadest sense permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the Local Bankruptcy Rules. For purposes of this Subpoena, the following definitions will apply, regardless of whether the defined word is capitalized:

1.      "**Accounts**" means the following Chase Bank accounts ending in the following numbers:

- 96 Wythe Acquisition LLC ending -2297

- 96 Wythe Acquisition LLC ending -3906

- The Williamsburg Hotel BK LLC ending -8317

- The Williamsburg Hotel BK LLC ending -8662

- The Williamsburg Hotel BK LLC ending -9637

- Northside Development Holdings LLC ending -7255

- Northside Acquisition Partners LLC ending -7387

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries operates as Franklin Templeton.

- Northside Acquisition Partners LLC ending -8878

- Northside Management LLC ending -2699

- Mint Development Corp ending -2128

- 564 St John's Partners LLC ending -7071

- 564 St John's Partners LLC ending -8898

- 564 St John's Partners LLC ending -1798

- 564 St Johns Partner LLC ending -3138

- 562 St John's Partner's LLC ending -0092

- Brooklyn Bread Lab ending -3509

- Building Development Corp ending -1379

- Miriam Gross ending -3556

- FAI Capital Partners LLC ending -1195

- 215 Moore St. Acquisition LLC ending -0988

- 96 W Development LLC ending -9022

2.      "**Chase Bank**" means JPMorgan Chase Bank, N.A., including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, and attorneys.

3.      "**Bankruptcy Court**" means the United States Bankruptcy Court for the Southern District of New York.

4.      "**Including**," whether capitalized or not, means "including but not limited to."

5.      "**Request**" or "**Requests**" refers generally to the document requests set forth herein.

6.      "**You**" / "**Your**," whether capitalized or not, means Chase Bank.

## **INSTRUCTIONS**

1.      You are requested to produce all responsive documents in Your possession, custody, or control, wherever located, including, without limitation, those in the custody of You and Your affiliates.

2.      If any part of the following requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have relating to the portion to which You do not respond.

3.      If there are no documents responsive to any particular request, please state so in writing.

4.      Where any copy of any document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

5.      If any document requested herein was previously in Your possession, custody, or control and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such document a written statement (i) describing in detail the nature of the document and its contents, (ii) identifying the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent, (iii) specifying the date on which the document was prepared or transmitted, and (iv) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

6.      All documents shall be produced in TIFF format with OCR images. All documents shall be produced with metadata, including but not limited to the date created/sent, author,

recipients, cc-copies, and bcc-blind copies. Benefit Street reserves the right to request that documents be produced in their native format.

7.      A request for any document shall be deemed to include a request for any and all transmittal sheets, cover letters (including emails), exhibits, enclosures, or attachments to such document, in addition to the document in its full and unexpurgated form.

8.      Documents should be produced in the manner they are kept in the ordinary course of business. documents attached to each other should not be separated.

9.      If any document is withheld or not produced under a claim of privilege, immunity, or otherwise, identify in writing the basis upon which the asserted privilege, immunity, or other reason for non-disclosure is claimed, in accordance with terms and conditions to be agreed upon by the parties or ordered by the Bankruptcy Court.

10.     If only a part of a document is protected by any privilege or immunity, the document shall be produced with only the privileged matter redacted.

11.     The following document requests are to be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following document requests, such additional information is to be promptly produced.

12.     The Requests seek documents from January 1, 2016 through the date of production.

## **DOCUMENTS TO BE PRODUCED**

1.      All account statements concerning each of the Accounts.

# EXHIBIT B

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ New York _____

In re    96 Wythe Acquisition LLC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____

_____
Plaintiff

v.

_____
Defendant

Case No. ___ 21-22108 (RDD) ___

Chapter ___ 11 ___

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Bank of America, N.A.
_____
*(Name of person to whom the subpoena is directed)*

[X] *Production*:   **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attached Schedule A.**

| PLACE | DATE AND TIME |
|---|---|
| Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 | April 26, 2022 |

[ ] *Inspection of Premises*:   **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _ April 15, 2022 _____

CLERK OF COURT

OR

_____          /s/ P. Bradley O'Neill
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Benefit Street Partners Realty Operating Partnership, L.P.  , who issues or requests this subpoena, are:
P. Bradley O'Neill, 1177 Avenue of the Americas, New York, NY 10036, boneill@kramerlevin.com, 212.715.7583

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

Benefit Street Partners Realty Operating Partnership, L.P.[1], by and through its undersigned counsel, hereby submits this Schedule A to the subpoena directed to Bank of America N.A., dated April 15, 2022 ("Subpoena"):

## DEFINITIONS

The uniform definitions referenced in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), as incorporated by Rules 7026-1 and 9014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules"), apply to the document requests contained herein. The following additional definitions apply and shall be construed in the broadest sense permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the Local Bankruptcy Rules. For purposes of this Subpoena, the following definitions will apply, regardless of whether the defined word is capitalized:

1.    "**Accounts**" means the following Bank of America accounts ending in the following numbers:

- 96 Wythe Acquisition LLC ending -9206

- 96 Wythe Acquisition LLC ending -7358

- The Williamsburg Hotel BK LLC ending -4831

- The Williamsburg Hotel BK LLC Title ending -4440

- The Williamsburg Hotel BK LLC Title ending -3162

- The Williamsburg Hotel BK LLC Payroll Account ending -2703

- The Williamsburg Hotel BK LLC Master Account ending -2855

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries operates as Franklin Templeton.

- The Williamsburg Hotel BK LLC ending -0102

- 96 W Development LLC ending -9398

- 232 Seigel Acquisition LLC ending -5051

- 232 Seigel Development LLC ending -4421

- Mint Development Corp ending -0696

- Mint Development Corp ending -5758

- 564 St Johns Acquisition LLC ending -4562

- 564 St Johns Holdings LLC ending -9625

- 564 St Johns St Holdings LLC ending -9641

- Northside Development Holdings LLC ending -5246

- Northside Acquisition Partners LLC ending -4102

- Northside Acquisition Partners LLC ending -4076

- 215 Moore St Acquisition LLC ending -0588

- 215 Moore St Development LLC ending -3283

- 215 Moore St Acquisition LLC ending -9138

- 875 4th Ave Acquisition LLC ending -4483

- 875 4th Ave Acquisition LLC ending -4470

- 286 Rider Ave Acquisition LLC ending -2536

- Heritage GC Walton Acquisition LLC ending -6729

2.    "**Bank of America**" means Bank of America, N.A., including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, and attorneys.

3.      "**Bankruptcy Court**" means the United States Bankruptcy Court for the Southern District of New York.

4.      "**Including**," whether capitalized or not, means "including but not limited to."

5.      "**Request**" or "**Requests**" refers generally to the document requests set forth herein.

6.      "**You" / "Your**," whether capitalized or not, means Bank of America.

## INSTRUCTIONS

1.      You are requested to produce all responsive documents in Your possession, custody, or control, wherever located, including, without limitation, those in the custody of You and Your affiliates.

2.      If any part of the following requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have relating to the portion to which You do not respond.

3.      If there are no documents responsive to any particular request, please state so in writing.

4.      Where any copy of any document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

5.      If any document requested herein was previously in Your possession, custody, or control and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such document a written statement (i) describing in detail the nature of the document and its contents, (ii) identifying the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent, (iii) specifying the date on which the

document was prepared or transmitted, and (iv) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

6.      All documents shall be produced in TIFF format with OCR images. All documents shall be produced with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, and bcc-blind copies. Benefit Street reserves the right to request that documents be produced in their native format.

7.      A request for any document shall be deemed to include a request for any and all transmittal sheets, cover letters (including emails), exhibits, enclosures, or attachments to such document, in addition to the document in its full and unexpurgated form.

8.      Documents should be produced in the manner they are kept in the ordinary course of business. documents attached to each other should not be separated.

9.      If any document is withheld or not produced under a claim of privilege, immunity, or otherwise, identify in writing the basis upon which the asserted privilege, immunity, or other reason for non-disclosure is claimed, in accordance with terms and conditions to be agreed upon by the parties or ordered by the Bankruptcy Court.

10.     If only a part of a document is protected by any privilege or immunity, the document shall be produced with only the privileged matter redacted.

11.     The following document requests are to be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following document requests, such additional information is to be promptly produced.

12.     The Requests seek documents from January 1, 2016 through the date of production.

## DOCUMENTS TO BE PRODUCED

1.      All account statements concerning each of the Accounts.

4

# EXHIBIT C



Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Robert A. Wolf, Partner
Email: rwolf@tarterkrinsky.com
Phone: (212) 216-1159

April 19, 2022

**BY FEDEX & FACSIMILE - (866-859-8592)**

J.P. Morgan Chase Bank, N.A.
National Subpoena Processing
700 Kansas Lane
Monroe, LA 71203

Re: In re 96 Wythe Acquisition LLC, Debtor – Case No. 21-22108 (RDD) (US Bankruptcy
    Court for the Southern District of New York)

To the National Subpoena Processing Department:

Reference is made to the Subpoena to Produce Documents, Information, Or Objects to Permit Inspection of Premises in a Bankruptcy Case (the "**Subpoena**") dated April 15, 2022 issued to JPMorgan Chase Bank, N.A. by attorneys for Benefit Street Partners Realty Operating Partnership, L.P. in the above-referenced bankruptcy case. For your reference, a copy of the Subpoena is attached hereto.

Our firm are the attorneys for each of the entities on the attached list denoted as Exhibit 1 (the "**Exhibit 1 Entities**"). The Subpoena seeks production from JPMorgan Chase Bank, N.A. of each of the Exhibit 1 Entities' bank account statements (the ending account numbers are also listed) for the six-plus year period January 1, 2016 through the date of production.

**Please be advised that we intend, within the next five (5) business days, to file in the bankruptcy case on behalf of the Exhibit 1 Entities a motion to quash the Subpoena. Accordingly, we request that JPMorgan Chase Bank, N.A. refrain from producing any of the account statements that are the subject of the Subpoena pending the Bankruptcy Court's ruling on said motion to quash.**

April 19, 2022
Page 2

Thank you for your time and attention concerning this matter.

Sincerely,

/s/ Robert A. Wolf

Robert A. Wolf

cc:  Kramer Levin Naftalis & Frankel LLP
    *Attorneys for Benefit Street Partners Realty Operating Partnership, L.P.*
    Attn:  Adam C. Rogoff, Esq. (by email)
        P. Bradley O'Neill, Esq. (by email)

# EXHIBIT 1 ENTITIES

- Northside Development Holdings LLC ending – 7255
- Northside Acquisition Partners LLC ending – 7387
- Northside Acquisition Partners LLC ending – 8878
- Northside Management LLC ending – 2699
- Mint Development Corp ending – 2128
- 564 St John's Partners LLC ending – 7071
- 564 St John's Partners LLC ending – 8898
- 564 St John's Partners LLC ending – 1798
- 564 St John's Partner LLC ending – 3138
- 562 St John's Partner's LLC ending – 0092
- Brooklyn Bread Lab ending – 3509
- Building Development Corp ending – 1379
- Miriam Gross ending – 3556
- FAI Capital Partners LLC ending – 1195
- 215 Moore St. Acquisition LLC ending – 0988
- 96  W Development LLC ending - 0922



Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Robert A. Wolf, Partner
Email: rwolf@tarterkrinsky.com
Phone: (212) 216-1159

April 19, 2022

**BY FEDEX & FACSIMILE - (302-525-3078)**

Bank of America, N. A.
Legal Order & Case Resolution Operations
800 Samoset Drive
Newark, DE 19713

Re: In re 96 Wythe Acquisition LLC, Debtor – Case No. 21-22108 (RDD) (US Bankruptcy
Court for the Southern District of New York)

To the Legal Order & Case Resolution Operations:

Reference is made to the Subpoena to Produce Documents, Information, Or Objects to Permit Inspection of Premises in a Bankruptcy Case (the "**Subpoena**") dated April 15, 2022 issued to Bank of America by attorneys for Benefit Street Partners Realty Operating Partnership, L.P. in the above-referenced bankruptcy case. For your reference, a copy of the Subpoena is attached hereto.

Our firm are the attorneys for each of the entities on the attached list denoted as Exhibit 1 (the "**Exhibit 1 Entities**"). The Subpoena seeks production from Bank of America of each of the Exhibit 1 Entities' bank account statements (the ending account numbers are also listed) for the six-plus year period January 1, 2016 through the date of production.

**Please be advised that we intend, within the next five (5) business days, to file in the bankruptcy case on behalf of the Exhibit 1 Entities a motion to quash the Subpoena. Accordingly, we request that Bank of America refrain from producing any of the account statements that are the subject of the Subpoena pending the Bankruptcy Court's ruling on said motion to quash.**

April 19, 2022
Page 2

Thank you for your time and attention concerning this matter.

Sincerely,

/s/ Robert A. Wolf

Robert A. Wolf

cc:  Kramer Levin Naftalis & Frankel LLP
     *Attorneys for Benefit Street Partners Realty Operating Partnership, L.P.*
     Attn:  Adam C. Rogoff, Esq. (by email)
             P. Bradley O'Neill, Esq. (by email)

**EXHIBIT 1 ENTITIES**

- 96 W Development LLC  ending – 9398
- 232 Seigel Acquisition LLC  ending – 5051
- 232 Seigel Development LLC  ending – 4421
- Mint Development Corp  ending – 0696
- Mint Development Corp  ending – 5758
- 564 St Johns Acquisition LLC  ending – 4562
- 564 St Johns Holdings LLC  ending – 9625
- 564 St Johns St Holdings LLC  ending – 9641
- Northside Development Holdings LLC  ending – 5246
- Northside Acquisition Partners LLC  ending – 4102
- Northside Acquisition Partners LLC  ending – 4076
- 215 Moore St Acquisition LLC  ending – 0588
- 215 Moore St Development LLC  ending – 3283
- 215 Moore St Acquisition LLC  ending – 9138
- 875 4th Ave Acquisition LLC  ending – 4483
- 875 4th Ave Acquisition LLC  ending - 4470
- 286 Rider Ave Acquisition LLC  ending – 2536
- Heritage GC Walton Acquisition LLC  ending - 6729

**EXHIBIT D**

**From:** O'Neill, P. Bradley
**Sent:** Wed, 20 Apr 2022 13:58:34
**To:** Robert A. Wolf
**Cc:** Gary Freedman; Lee Hart; Rogoff, Adam C.
**Subject:** RE: In re 96 Wythe Acquisition LLC, Debtor, Case No. 21-22108 (RDD)
**Sensitivity:** Normal

---

\u9668 ?External Email\u9658 ? - From: boneill@kramerlevin.com

Bob:

We do not understand the basis on which your clients plan to move to quash.  The documents we seek are the basis of significant portions of the Examiner's report and are therefore obviously relevant to the upcoming hearings on the trustee motion and confirmation.  Indeed, the Court itself suggested this discovery.   Furthermore, the Court previously rejected a motion to quash the Examiner's subpoenas seeking the same documents.

While we do not believe the documents we seek disclose "a trade secret or other confidential research, development, or commercial information" within the meaning of Rule 45, to expedite matters, we are prepared to treat them as "confidential" under the terms of the protective order in place in the case.  [ECF No. 125]

We request a prompt meet and confer to address the bases on which your motion to compel will be made.  Please let me know when you are available this afternoon or tomorrow morning.

Brad



P. Bradley  O'Neill
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.7583  **M** 646.808.7953  **F** 212.715.8382

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** Robert A. Wolf <rwolf@tarterkrinsky.com>
**Sent:** Tuesday, April 19, 2022 2:53 PM
**To:** Rogoff, Adam C. <ARogoff@KRAMERLEVIN.com>; O'Neill, P. Bradley <BOneill@KRAMERLEVIN.com>
**Subject:** [EXTERNAL] In re 96 Wythe Acquisition LLC, Debtor, Case No. 21-22108 (RDD)


Adam and Brad:  Hope you're both doing well.   I'm attaching copies of two letters we have sent out today, one to Bank of America and the other to JPMorgan Chase, regarding the Subpoenas you have issued to them.    Bob Wolf



**Robert A. Wolf  |Partner**
T: 212-216-1159|F: 212-216-8001
rwolf@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn
COVID-19 RESOURCE CENTER
Crain's 2021 best places to work in NYC

Tarter Krinsky & Drogin is fully operational. All attorneys and staff have been and will continue to be working remotely and TKD has put measures in place to ensure our services continue uninterrupted. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically, until further notice. Please contact Katrinia Soares at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies during these unprecedented times.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.