**HEARING DATE: TBD**
**HEARING TIME: TBD**

**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Robert A. Wolf, Esq.
Jill Makower, Esq.
rwolf@tarterkrinsky.com
jmakower@tarterkrinsky.com

*Attorneys for Non-Debtor Third-Parties 96 W Development LLC; 232 Seigel Acquisition LLC; 232 Seigel Development LLC; Mint Development Corp.;564 St John's Acquisition LLC; Northside Acquisition Partners LLC; 215 Moore St Development LLC; 875 4th Ave Acquisition LLC; 286 Rider Ave Acquisition LLC; Heritage GC Walton Acquisition LLC; Northside Development Holdings LLC; 564 St John's Partners LLC; 564 St Johns Partner LLC; 562 St John's Partner's LLC; Brooklyn Bread Lab; FAI Capital Partners LLC; 215 Moore St. Acquisition LLC; Building Development Corp; Northside Management LLC; 564 St Johns Holding LLC; and 564 St Johns St Holdings LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
In re:

96 WYTHE ACQUISITION LLC,

                                                        Debtor.

Chapter 11

Case No. 21-22108 (RDD)

**NOTICE OF MOTION OF CERTAIN NON-DEBTOR THIRD-PARTIES TO QUASH AND/OR MODIFY BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P.'S SUBPOENAS DIRECTED TO AND SERVED UPON JPMORGAN CHASE BANK, N.A. AND BANK OF AMERICA, N.A.**

**PLEASE TAKE NOTICE** that upon the motion dated April 25, 2022 (the "Motion"),

Non-Debtor Third-Parties 96 W Development LLC; 232 Seigel Acquisition LLC; 232 Seigel

Development LLC; Mint Development Corp.; 564 St John's Acquisition LLC; Northside

Acquisition Partners LLC; 215 Moore St Development LLC; 875 4th Ave Acquisition LLC; 286

Rider Ave Acquisition LLC; Heritage GC Walton Acquisition LLC; Northside Development Holdings LLC; 564 St John's Partners LLC; 564 St Johns Partner LLC; 562 St John's Partner's LLC; Brooklyn Bread Lab; FAI Capital Partners LLC; 215 Moore St. Acquisition LLC; Building Development Corp; Northside Management LLC; 564 St Johns Holding LLC; and 564 St Johns St Holdings LLC (collectively, the "Movants"), by their undersigned counsel, Tarter Krinsky & Drogin LLP, will move before the Honorable Robert D. Drain of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York **on a date and time to be determined by the Court** (the "**Hearing,**" said Hearing to be conducted remotely via Zoom by Government), for an order pursuant to Rules 7026, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, quashing in part and modifying in part the subpoenas served by Benefit Street Partners Realty Operating Partnership, L.P. ("BSP") upon JPMorgan Chase Bank, N.A. ("Chase") and Bank of America, N.A. ("BOA") demanding production of certain account statements relating to Movants' bank accounts.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the Motion:

(1)    shall be set forth in a writing describing the basis therefor, and conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York; and

(2)    shall be filed and served as follows, so as to be received no later than seven (7) days prior to the date of the Hearing.

(i)    shall be filed with the United States Bankruptcy Court for the Southern District of New York (a) in accordance with General Order M-399, electronically, by registered users of the Bankruptcy Court's case filing system, or (b) in accordance with Local Bankruptcy

Rules 5005-1 and 9004-1, submitted to the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; and

(ii)     shall be served upon: (a) Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018 (Attn: Robert A. Wolf, Esq.), counsel to Movants; (b) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn:  P. Bradley O'Neill, Esq.), counsel to BSP; (c) Nelson Mullins Riley & Scarborough, LLP, 2 South Biscayne Boulevard, 21st Floor, Miami, Florida 33131 (Attn:  Gary M. Freedman, Esq.), counsel to BSP; (d) Mayer Brown LLP, 1221 Avenue of the Americas, New York NY 10020 (Attn: Douglas E. Spelfogel, Esq.), counsel to the Debtor;  (e) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, (Attn: Greg Zipes); (f) Chase; and (g) BOA.

**PLEASE TAKE FURTHER NOTICE** that the Hearing before Judge Drain on the Motion will be conducted remotely via Zoom for Government.  Parties that wish to appear at the Zoom Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an eCourtAppearance through the Court's website at 4:00 p.m. on the day before the Hearing. Provided you make your eCourtAppearance by that deadline, the Court will send to your email address an invitation to attend the Hearing through Outlook.  If on an emergency basis an eCourtAppearance request is made after 4:00 p.m. on the day before the Hearing, please email the chambers email address at rdd.chambers@nysb.uscourts.gov to request that an Outlook link be sent.  The Hearing may be adjourned, from time to time, pursuant to announcement by

the Court, without any further or other notice thereof.


Dated:  New York, New York
   April 25, 2022

<strong>TARTER KRINSKY & DROGIN LLP</strong>


By: _/s/ Robert A. Wolf_____
   Robert A. Wolf, Esq.
   Jill Makower, Esq.
   1350 Broadway, 11th Floor
   New York, New York 10018
   Telephone: (212) 216-8000
   rwolf@tarterkrinsky.com
   jmakower@tarterkrinsky.com

   *Attorneys for Non-Debtor Third-Parties: 96 W Development LLC; 232 Seigel Acquisition LLC; 232 Seigel Development LLC; Mint Development Corp.; 564 St John's Acquisition LLC; Northside Acquisition Partners LLC; 215 Moore St Development LLC; 875 4th Ave Acquisition LLC; 286 Rider Ave Acquisition LLC; Heritage GC Walton Acquisition LLC; Northside Development Holdings LLC; 564 St John's Partners LLC; 564 St Johns Partner LLC; 562 St John's Partner's LLC; Brooklyn Bread Lab; FAI Capital Partners LLC; 215 Moore St. Acquisition LLC; Building Development Corp; Northside Management LLC; 564 St Johns Holding LLC;* and *564 St Johns St Holdings LLC*

4

**HEARING DATE: TBD**
**HEARING TIME: TBD**

**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Robert A. Wolf, Esq.
Jill Makower, Esq.
rwolf@tarterkrinsky.com
jmakower@tarterkrinsky.com

*Attorneys for Non-Debtor Third-Parties 96 W Development LLC; 232 Seigel Acquisition LLC; 232 Seigel Development LLC; Mint Development Corp.;564 St John's Acquisition LLC; Northside Acquisition Partners LLC; 215 Moore St Development LLC; 875 4th Ave Acquisition LLC; 286 Rider Ave Acquisition LLC; Heritage GC Walton Acquisition LLC; Northside Development Holdings LLC; 564 St John's Partners LLC; 564 St Johns Partner LLC; 562 St John's Partner's LLC; Brooklyn Bread Lab; FAI Capital Partners LLC; 215 Moore St. Acquisition LLC; Building Development Corp; Northside Management LLC; 564 St Johns Holding LLC;* and *564 St Johns St Holdings LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

96 WYTHE ACQUISITION LLC,

Debtor.

Chapter 11

Case No. 21-22108 (RDD)

**MOTION OF CERTAIN NON-DEBTOR THIRD-PARTIES TO QUASH IN PART AND MODIFY IN PART BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P.'S SUBPOENAS DIRECTED TO AND SERVED UPON JPMORGAN CHASE BANK, N.A. AND BANK OF AMERICA, N.A.**

Non-Debtor Third-Parties 96 W Development LLC ("96 Development"); 232 Seigel Acquisition LLC; 232 Seigel Development LLC; Mint Development Corp. ("Mint"); 564 St John's Acquisition LLC; Northside Acquisition Partners LLC ("Northside Acquisition"); 215 Moore St Development LLC; 875 4th Ave Acquisition LLC; 286 Rider Ave Acquisition LLC ("286 Rider"); Heritage GC Walton Acquisition LLC; Northside Development Holdings LLC; 564 St John's

Partners LLC ("564 Partners"); 564 St Johns Partner LLC; 562 St John's Partner's LLC; Brooklyn

Bread Lab; FAI Capital Partners LLC; 215 Moore St. Acquisition LLC; Building Development

Corp; Northside Management LLC ("Northside Management"); 564 St Johns Holding LLC; and

564 St Johns St Holdings LLC (collectively, the "Movants"), by and through their undersigned

counsel, Tarter Krinsky & Drogin LLP, hereby submit this motion for an order pursuant to Rules

7026, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"),

quashing in part and modifying in part the subpoenas (the "Subpoenas")[1] served by Benefit Street

Partners Realty Operating Partnership, L.P. ("BSP") upon JPMorgan Chase Bank, N.A. ("Chase")

and Bank of America, N.A. ("BOA") demanding production of the bank account statements for

the period January 1, 2016 through the present for Movants' bank accounts listed on Schedule A

to each of the Subpoenas.  In support of this motion, the Movants respectfully state as follows:


### INTRODUCTION

1.      BSP, secured lender of 96 Wythe Acquisition LLC (the "Debtor"), has subpoenaed

from Chase and BOA over six (6) years of bank records of each of the twenty-one (21) Movants.

BSP makes these blunderbuss requests allegedly to obtain evidence for purposes of its pending

motion to appoint a Chapter 11 trustee.

2.      The Subpoenas are extremely overbroad, unduly burdensome and absolutely out of

proportion to the needs of this case.  The Subpoenas seek to obtain private confidential banking

information of fifteen of the twenty-one Movants without any justification whatsoever.  The

business operations and assets of those fifteen Movants are entirely distinct from those of the

Debtor.

---

[1] Copies of the Subpoenas are annexed hereto as **Exhibit 1**.

3.      Indeed, the prepetition and postpetition transfers made by the Debtor and the Debtor's management company, Williamsburg Hotel BK, LLC (the "Management Company"), that are listed in the Examiner's Report do not include any transfers to any of those fifteen entities, other than four of that group, each of whom shown as having received an aggregate of $25,000 or less. Given the foregoing, and further given that BSP already has all of the Debtor's bank statements and the statements from the Debtor-related accounts of the Management Company, the Subpoenas only serve the purpose of harassing those entities and constitute an invasion of their privacy, with no benefit or relevance to the Debtor, the Debtor's estate, or the Debtor's creditors.

4.      As to each of those fifteen Movants which are not listed in the Examiner's report as having received any transfers from the Debtor or the Management Company aggregating in excess of $25,000 ("Movant Group A"), the Subpoenas should be quashed.

5.      Only six of the Movants are listed in the Examiner's Report as transferees of any prepetition or postpetition transfers by the Debtor or the Management Company exceeding $25,000 in the aggregate ("Movant Group B"), i.e. 96 Development, Northside Acquisition, Northside Management, 564 Partners, 286 Rider and Mint, and as to those, three of the six are listed as having received relatively small amounts of transfers,[2] and they received same over a limited period of time.

6.      As to the six Movant Group B entities, the scope of the Subpoenas should be modified to limit them to require Chase and BOA to produce the bank statements of the respective Movant Group B entities for only those months in which the Management Company's bank statements and records and/or the bank statements of the Debtor show there were such transfers to the respective Movant Group B entities.

_____
[2] See Examiner's Report [ECF No. 418] at pp. 1-2, 3, 13, 15, 21 and 24.

## JURISDICTION AND VENUE

7.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012.

8.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Bankruptcy Rule 7008, the Movants do not consent to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

9.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10.     The bases for the relief requested herein include sections 105(a) and 1104(c) of title 11, United States Code (the "Bankruptcy Code"), and Bankruptcy Rules 7026, 9014, and 9016.

## BACKGROUND

A.  Recent Procedural Background

11.     On November 8, 2021, this Court entered an Order Directing Appointment of an Examiner pursuant to 11 U.S.C. § 1104(c) [ECF No. 178], and on November 16, 2021, this Court appointed Eric M. Huebscher as Examiner (the "Examiner") pursuant thereto [ECF No. 186]. The Examiner was directed to investigate and issue a report concerning various defined Examination Topics.

12.    On February 28, 2022, the Examiner filed the Examiner's Report [ECF No. 418] and the Debtor filed *Debtor's Counter Report and Response To Examiner Report* [ECF No. 420] (the "Debtor's Counter Report").

13.    On March 21, 2022, the Examiner filed his Supplemental Report and Rebuttal [ECF No. 465].

14.    On March 28, 2022, BSP filed a Renewed Motion for the Appointment of a Chapter 11 trustee (the "BSP Trustee Motion") [ECF No. 476], and a motion to shorten the notice period in connection therewith [ECF No. 478].

15.    On March 31, 2022, the Office of the United States Trustee ("UST") filed a Motion to Appoint a Chapter 11 trustee (the "UST Motion") [ECF No. 491].

16.    The hearing on both the BSP Trustee Motion and the UST Motion is scheduled for May 17, 2022.

B.    The Subpoenas

17.    On or about April 14, 2022, BSP served an Amended Notice of Subpoena indicating BSP's intention to serve a subpoena upon Chase mandating production of bank statements of the Movants from January 1, 2016 through the date of production (the "Chase Subpoena"). The return date identified in the Chase Subpoena was April 26, 2022.

18.    On or about April 14, 2022, BSP served an Amended Notice of Subpoena indicating its intention to serve a subpoena upon BOA mandating production of bank statements of the Movants from January 1, 2016 through the date of production (the "BOA Subpoena"). The return date identified in the BOA Subpoena is April 26, 2022.

C.  The Prepetition Transfers Identified By The Examiner

19.    The Examiner, in connection with his Examiner's Report and Supplemental Report, reviewed the bank statements of the Debtor and the Management Company.

20.    BSP claims it is entitled to each of the twenty-one Movants' private bank records for the entirety of a period in excess of six (6) years, commencing on January 1, 2016 and continuing through the present, allegedly based on the Examiner's findings.  However, as stated above, the Examiner did not identify any prepetition or postpetition transfers made by the Debtor or the Management Company to any of the fifteen Movant Group A entities aggregating more than $25,000, and the Examiner only identified transfers by the Debtor and Management Company aggregating over $25,000 to the six nondebtor Movants in Movant Group B.[3]

21.    As to Movant Group B, one of the entities in that group, Northside Management, is not listed in the Examiner's Report as a recipient of any prepetition transfers, and two others in that group, 564 Partners and 286 Rider, received comparatively smaller amounts than the others in the group and over a limited period of time.

D.  The Postpetition Transfers Identified By The Examiner

22.    The Examiner's Report identified only two potentially avoidable postpetition transfers, consisting of a $350,000 transfer from the Management Company to Northside Acquisition, and a $252,100 transfer from the Management Company to Northside Management (See Examiner's Report at  pp. 3, 24).

23.    In summary, the Examiner, who reviewed the Debtor's and the Management Company's bank records, identified no transfers from the Debtor or the Management Company to any of the fifteen Movant Group A entities, other than the nominal amounts (i.e., $25,000 or less)

---

[3] See Examiner's Report at pp. 1-2, 3, 21, 24.

transferred to four of them.[4]  Nor, it is submitted, has BSP, which has the Debtor's and the related

Management Company's bank accounts, pointed to any such transfers.  This alone demonstrates

the impropriety of the Subpoenas insofar as they seek production of any bank records of the

Movant Group A entities without any justifiable basis.

24.     Only six Movants (the Movant Group B entities) were listed in the Examiner's

Report as receiving prepetition or postpetition transfers from the Management Company or the

Debtor aggregating $25,000 or more. With respect to Movant Group B, the Subpoenas, requiring

over six (6) years of bank statements, are extremely overbroad, unduly burdensome and

disproportionate to the needs of the case.  The production for Movant Group B should be confined

to only those months in which the bank statements and records of the Management Company

and/or the bank statements of the Debtor show transfers identified in the Examiner's Report as

having been made to the respective Movant Group B entities.

25.     For these reasons, and based on the authorities cited below, the Subpoenas should

be quashed with respect to the Movant Group A entities, and limited as requested herein with

respect to the Movant Group B entities.

26.     Additionally, any documents to be produced by Chase and BOA to BSP should be

treated as confidential under the terms of the protective order in place in this case [ECF No. 125].


## ARGUMENT

27.     Federal Rule of Civil Procedure 45, made applicable to this proceeding by

Bankruptcy Rule 9016, provides that "[o]n timely motion, the court for the district where

compliance is required *must* quash or modify a subpoena that…subjects a person to undue burden."

---

[4]     Those four entities are:  85 4th Ave Acquisition LLC, Brooklyn Bread Lab, 215 Moore St. Acquisition LLC, and 232 Siegel Development LLC.

Fed. R. Civ. P. 45(d)(3)(A)(iv) (emphasis added); <u>see also</u> <u>Fappiano v. City of N.Y.</u>, 640 Fed.

Appx. 115, 121 (2d Cir. 2016) (stating that a court must quash a subpoena that subjects a person

to an undue burden). The Court may also "quash or modify the subpoena if it requires…disclosing

a trade secret or other confidential research, development, or commercial information." Fed. R.

Civ. P. 45(d)(3)(B)(i). The determination of both issues is "committed to the sound discretion of

the trial court." <u>Concord Boat Corp. v. Brunswick Corp.</u>, 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

28.     Under Federal Rule of Civil Procedure 26(b), made applicable to this proceeding

by Bankruptcy Rules 7026 and 9014, a party may only obtain discovery that is "relevant to any

party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). A

court must limit discovery if "the proposed discovery is outside the scope permitted by Rule

26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). "The burden of demonstrating relevance is on the party

seeking discovery." <u>Perkins v. Chelsea Piers Mgmt.</u>, No. 11 Civ. 8998(ALC)(JCF), 2012 WL

4832814, at *1 (S.D.N.Y. Oct. 10, 2012); <u>see also</u> <u>Musicland Holding Corp. v. Best Buy Co. (In</u>

<u>re Musicland Holding Corp.)</u>, 424 B.R. 95, 100 (Bankr. S.D.N.Y. 2010) ("The burden is on the

party seeking discovery to explain how or why the discovery would be relevant to her claims.")

(internal citation omitted).

29.     Upon information and belief, BSP has issued these overreaching Subpoenas in

connection with its pending BSP Trustee Motion, which seeks appointment of a Chapter 11 Trustee

for the Debtor.     However, as already set forth in the Debtor's Counter Report, the Group A

Movants have no ownership or other interest in the Debtor or in the Management Company.  Their

respective assets and respective business operations are entirely distinct from those of the Debtor

and of the Management Company. To permit BSP to have *carte blanche* access to six years-plus

of the bank records of each of the unrelated fifteen Movant Group A entities is clearly unwarranted,

as BSP cannot meet its burden of demonstrating that the documents sought by the Subpoenas are relevant to the BSP Trustee Motion. See Solow, 2008 WL 190340, at *4-5 (quashing third party subpoena where documents sought had little relevance to claims and defenses at issue).

30.    In addition, the Subpoenas seek commercially sensitive documents of the Movants. As stated above, Federal Rule 45 allows a Court to quash a subpoena if such subpoena requests disclosure of confidential commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i); see also Arias–Zaballos v. Tan, No. 06 Civ. 1268(GEL)(KNF), 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) (quashing third party subpoena seeking confidential financial information); See also Solow v. Conseco, Inc., No. 06 Civ. 5998(BSJ)(THK), 2008 WL 190340, at *4 (S.D.N.Y. Jan. 18, 2008) (third party subpoena quashed where competitor sought proprietary information relating to the terms of financing in connection with purchase of real estate); In re Glitner banki hf., No. 08-14757 (SMB), 2011 WL 3652764, at *5 (Bankr. S.D.N.Y. Aug. 19, 2011) (quashing subpoena on third party financial institution seeking confidential commercial information); TYR Tactical LLC v. Protective Products Enterprises, LLC, 2016 WL 10647314, at *2 (S.D. Fl 2016) (granting a motion to quash subpoena because plaintiff had "not shown a substantial need for [party's] confidential and proprietary information."); Verinata Health, Inc. v. Sequenom, Inc., No. C 12-00865 SI, 2014 WL 2582097, at *1-3 (N.D. Cal. June 4, 2014) (granting motion to quash subpoena seeking highly sensitive confidential information, including information related to company's sales, marketing, pricing strategy, and views of the market).  As to the bank accounts of the Movant Group A entities, said portion of the Subpoenas should be quashed as they demand commercially sensitive information of those unrelated entities.

31.    A nonsubpoenaed party has standing to quash a subpoena directed at a nonparty "if it has a privilege, privacy or proprietary interest in the documents sought." Universitas Educ.,

LLC v. Nova Grp., Inc., 11 Civ. 1590(LTS)(HBP), 2013 WL 57892 at *5 (S.D.N.Y. Jan. 4, 2013); Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P., 2014 WL 5420225, *4 (S.D.N.Y. 2014)(nonparty corporation had standing to move to quash subpoena issued to the auditor for a planned IPO by the nonparty movant).  "Information regarding a party's financial records may give rise to a privacy interest." KGK Jewelry LLC v. ESDNetwork, 11 Civ. 9236(LTS)(RLE), 2014 WL 1199326 at *3 (S.D.N.Y. Mar. 21, 2014) (Ellis, M.J.) (collecting cases); Refco Group Ltd., 2014 WL 5420225, at *4.  Courts in this Circuit "have found that individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution." Arias–Zeballos, 2007 WL 210112 at *1 (collecting cases); see also In re Flag Telecom Holdings, Ltd. Secs. Litig., 02 Civ. 3400(WCC), 2006 WL 2642192 at *2 (S.D.N.Y. Sept. 13, 2006) (Conner, D.J.) (concluding that party had standing to object to a subpoena served on party's accounting firm based on party's privacy interest in his financial records); Reserve Solutions, Inc. v. Vernaglia, 05 Civ. 8622(VM)(RLE), 2006 WL 1788299 at *1 (S.D.N.Y. June 26, 2006) (Ellis, M.J.) (party had standing to challenge subpoena of American Express for his credit card records). Courts have also afforded the same protection to corporations and limited liability companies. Refco Group Ltd., LLC, 2014 WL 5420225, *4. See also Benistar Admin. Servs., Inc. v. United States, No. 6:11– MC–62 (LEK)(GHL), 2011 WL 7267867 at *1 (N.D.N.Y. Dec. 13, 2011), aff'd sub nom. Benistar Admin Servs ., Inc. v. United States, No. 1:11– MC–00062 (LEK)(GHL), 2012 WL 96569 (N.D.N.Y. Jan. 12, 2012); SEC v. Verdiramo, 10 Civ. 1888(RMB), 2013 WL 5882918 at *2 (S.D.N.Y. Oct. 29, 2013) (Berman, D.J.); Trump v. Hyatt Corp., 93 Civ. 5242(CSH), 1994 WL 168021 (S.D.N.Y. Apr. 29, 1994) (Haight, D.J.).

32.     Accordingly, as the Movant Group A's bank records contain private, commercially sensitive information pertaining to the distinct assets and operations of those entities, the Movant Group A nondebtor parties have standing to move to quash the Subpoenas.

33.     In assessing whether a Rule 45 subpoena imposes an undue burden, courts balance that burden imposed by the subpoena against the relative importance of the information sought and the needs of the case. In re Glitnir banki hf., No. 08-14757 SMB, 2011 WL 3652764, at *5 (Bankr. S.D.N.Y. Aug. 19, 2011). When a subpoena requests documents relating to a non-party, such balancing necessarily favors that non-party to the extent a non-party's information is necessarily less relevant. In re Cty. of Orange, 208 B.R. 117, 121 (Bankr. S.D.N.Y. 1997) ("[W]eight should be given to nonparty status in assessing the burden of compliance with a discovery request."); see also In re Madison Williams & Co., LLC, No. 1115896, 2014 WL 56070, at *4 (Bankr. S.D.N.Y. Jan. 7, 2014) (noting that discovery in bankruptcy cases "cannot be used for 'purposes of abuse or harassment' and it 'cannot stray into matters which are not relevant to the basic inquiry'").

34.     Although the concept of "undue burden" is not defined in the Federal Rules of Civil Procedure, courts have defined such term expansively, and have concluded that a subpoena that unduly invades a party's privacy interest should be quashed and/or modified. See, e.g., Fappiano, 640 F. App'x at 121 (concluding that a subpoenaed party's privacy interest warranted quashing and/or modifying a subpoena); In re Mod. Plastics Corp., 890 F.3d 244, 251 (6th Cir. 2018) (noting that a subpoena that implicates "significant concerns about customer privacy" imposes an undue burden under Rule 45); In re Missouri Dep't of Corr., 839 F.3d 732, 736–37 (8th Cir. 2016) (finding that identification of personal information could impose an undue burden under Rule 45).

35.     Each of the Movants maintains a privacy interest in its bank accounts. Those account statements set forth numerous financial transactions pertaining to the private, confidential business operations of those respective nondebtor entities that are of no relevance to Debtor's case or the pending motions.  Other than the particular bank statements of the Movant Group B entities which show the aforesaid transfers from the Management Company listed in the Examiner's Report, of what relevance to this case are the multitude of banking transactions of any of the Movants, each of which have ownership interests in, and/or business operations regarding, real property and other assets unrelated to the ownership and operation of the subject Williamsburg Hotel of this case?

36.     Furthermore, information sought by BSP that fails to meet the proportionality requirement of Federal Rule 26 is not discoverable. See North Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc., No. CV 12-1633(JMA)(AKT), 2018 WL 1515711, at *11 (E.D.N.Y. Mar. 28, 2018) (holding that documents requested by party that are over-inclusive and not proportional to the needs of the case were not discoverable under Federal Rule 26(b)(1)); Royal Park Invs. SA/NV v. HSBC USA Nat'l Assoc., No. 14-CV-08175 (LGS)(SN), 2017 WL 945099, at *3 (S.D.N.Y. Mar. 10, 2017) ("Rule 26(b)(1) is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information.") (internal citation and quotation omitted). In asking for the banking records of each of the Movants for more than a six year period, including those from the fifteen Movant Group A entities which have had no relationship to the business of the Debtor and the Management Company, the Subpoenas are clearly disproportionate to the needs of this case.

37.     For the reasons detailed above, the portions of the Subpoenas seeking the bank records of the fifteen Movant Group A entities should be quashed.   As to the six Movant Group B entities (96 Development, Northside Acquisition, Northside Management, 564 Partners, 286 Rider and Mint), the scope of the Subpoenas should be modified to limit them to require Chase and BOA to produce only the bank statements for those months in which the bank statements and/or records of the Management Company and/or the Debtor show the transfers to those entities listed in the Examiner's Report.  Moreover, said bank statements of the Movant Group B entities should be treated as "Confidential" material pursuant to the terms of the protective order entered in this case [ECF No. 125].

## NOTICE

38.     Notice of this Motion will be provided to: (a) BSP's attorneys; (b) the Debtor's attorneys; (c) Eric Huebscher, as Examiner, and the Examiner's attorneys; (d) the U.S. Trustee; (e) Chase; (f) BOA; and (g) any other party that has appeared and/or requested notices in this case pursuant to Bankruptcy Rule 2002.  The Movants respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

39.     Movants have not requested the relief sought in this Motion in this or any other court.

**WHEREFORE**, Movants respectfully request that this Court enter an order granting the relief requested herein and such other relief as this Court deems appropriate under the circumstances.

Dated:  New York, New York
      April 25, 2022

**TARTER KRINSKY & DROGIN LLP**

By: /s/ Robert A. Wolf
    Robert A. Wolf, Esq.
    Jill Makower, Esq.
    1350 Broadway, 11th Floor
    New York, New York 10018
    Telephone: (212) 216-8000
    rwolf@tarterkrinsky.com
    jmakower@tarterkrinsky.com

*Attorneys for Non-Debtor Third-Parties 96 W Development LLC; 232 Seigel Acquisition LLC; 232 Seigel Development LLC; Mint Development Corp.; 564 St John's Acquisition LLC; Northside Acquisition Partners LLC; 215 Moore St Development LLC; 875 4th Ave Acquisition LLC; 286 Rider Ave Acquisition LLC; Heritage GC Walton Acquisition LLC; Northside Development Holdings LLC; 564 St John's Partners LLC; 564 St Johns Partner LLC; 562 St John's Partner's LLC; Brooklyn Bread Lab; FAI Capital Partners LLC; 215 Moore St. Acquisition LLC; Building Development Corp; Northside Management LLC; 564 St Johns Holding LLC;* and *564 St Johns St Holdings LLC*

**EXHIBIT 1**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Adam C. Rogoff
P. Bradley O'Neill
Ryan Gander
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Benefit Street Partners*
*Realty Operating Partnership, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
|   |   :   |   |
| In re: | : | Chapter 11 |
|   | : |   |
| 96 WYTHE ACQUISITION LLC, | : | Case No. 21-22108 (RDD) |
|   | : |   |
| Debtor. | : |   |
|   | : |   |
----------------------------------------------------------------- X

## <u>AMENDED NOTICE OF SUBPOENA</u>

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26, 34, and 45, as made applicable herein by Federal Rules of Bankruptcy Procedure 7026, 7034, 9014, and 9016, Benefit Street Partners Realty Operating Partnership, L.P. ("**Benefit Street**"), by and through its undersigned counsel, will serve the attached subpoena to produce documents on Bank of America, N.A.  Such documents shall be produced to Benefit Street's counsel, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: P. Bradley O'Neill, by no later than April 26, 2022.

Dated:    New York, New York
          April 14, 2022

                                        KRAMER LEVIN NAFTALIS &FRANKEL LLP

                                        /s/ P. Bradley O'Neill
                                        Adam C. Rogoff
                                        P. Bradley O'Neill
                                        Kramer Levin Naftalis & Frankel LLP
                                        1177 Avenue of the Americas
                                        New York, New York 10036
                                        Telephone: (212) 715-9100
                                        Facsimile:  (212) 715-8000
                                        Email: arogoff@kramerlevin.com
                                               boneill@kramerlevin.com
                                               rgander@kramerlevin.com

                                        *Attorneys for Benefit Street Partners Realty
                                        Operating Partnership, L.P.*

To:    Douglas Spelfogel, Esq.
       Leah Eisenberg, Esq.
       Jason I. Kirschner, Esq.
       Dabin Chung, Esq.
       Mayer Brown LLP
       1221 Avenue of the Americas
       New York, NY 10020
       *Attorneys for the Debtor*

       Mark Frankel, Esq.
       Backenroth Frankel & Krinsky, LLP
       800 Third Avenue
       New York, New York 10022
       *Attorneys for the Debtor*

       Jason A. Nagi, Esq.
       Offit Kurman
       590 Madison Avenue, 6th floor
       New York, NY 10022
       *Attorneys for the Debtor*

       James B. Glucksman, Esq.
       Jonathan S. Pasternak, Esq.
       Robert L. Rattet, Esq.
       Davidoff Hutcher & Citron LLP
       120 Bloomingdale Road

KL2 3278697.1

White Plains, New York 10605
*Attorneys for The Williamsburg Hotel BK LLC*

Douglas A. Kellner, Esq.
Stephanie Lim, Esq.
Kellner Herlihy Getty & Friedman, LLP
470 Park Avenue South, 7th Floor
New York, NY 10016-6819
*Attorneys for Constantino Sagonas*

Greg Zipes, Esq.
Office of the United States Trustee
201 Varick Street
New York, NY 10014

Barry D. Haberman, Esq.
Law Office of Barry D. Haberman
254 South Main Street, #404
New City, NY 10956
*Attorney for Grandfield Realty Corp.*

Edward J. LoBello, Esq.
Meyer, Suozzi, English & Klein, P.C.
1350 Broadway, Suite 1420
New York, NY 10018-0026
*Attorneys for Town of Islip*

Jordan Hecht, Esq.
Hecht, Kleeger & Damashek, P.C.
19 West 44th Street – Suite 1500
New York, NY 10036
*Attorneys for Gerson Mencia*

Stephen B. Ravin, Esq.
Saul Ewing Arnstein & Lehr LLP
1270 Avenue of the Americas, Suite 2005
New York, NY 10020

A. Mayer Kohn, Esq.
Saul Ewing Arnstein & Lehr LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
*Attorneys for Miriam Gross*

KL2 3278697.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ New York _____

In re    96 Wythe Acquisition LLC
_____
                    Debtor

*(Complete if issued in an adversary proceeding)*

_____
                    Plaintiff
                        v.
_____
                    Defendant

Case No. ___ 21-22108 (RDD) ___

Chapter ___ 11 ___

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Bank of America, N.A.
_____
*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attached Schedule A.**

| PLACE | DATE AND TIME |
|---|---|
| Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 | April 26, 2022 |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _ April 15, 2022 _____

                    CLERK OF COURT

                                OR

_____         /s/ P. Bradley O'Neill
*Signature of Clerk or Deputy Clerk*         _____
                                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Benefit Street Partners Realty Operating Partnership, L.P.  , who issues or requests this subpoena, are:
P. Bradley O'Neill, 1177 Avenue of the Americas, New York, NY 10036, boneill@kramerlevin.com, 212.715.7583

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

   My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____


_____
                                        *Server's signature*


_____
                                        *Printed name and title*


_____
                                        *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

Benefit Street Partners Realty Operating Partnership, L.P.[1], by and through its undersigned counsel, hereby submits this Schedule A to the subpoena directed to Bank of America N.A., dated April 15, 2022 ("Subpoena"):

## DEFINITIONS

The uniform definitions referenced in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), as incorporated by Rules 7026-1 and 9014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules"), apply to the document requests contained herein. The following additional definitions apply and shall be construed in the broadest sense permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the Local Bankruptcy Rules. For purposes of this Subpoena, the following definitions will apply, regardless of whether the defined word is capitalized:

1.    "**Accounts**" means the following Bank of America accounts ending in the following numbers:

- 96 Wythe Acquisition LLC ending -9206

- 96 Wythe Acquisition LLC ending -7358

- The Williamsburg Hotel BK LLC ending -4831

- The Williamsburg Hotel BK LLC Title ending -4440

- The Williamsburg Hotel BK LLC Title ending -3162

- The Williamsburg Hotel BK LLC Payroll Account ending -2703

- The Williamsburg Hotel BK LLC Master Account ending -2855

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries operates as Franklin Templeton.

- The Williamsburg Hotel BK LLC ending -0102

- 96 W Development LLC ending -9398

- 232 Seigel Acquisition LLC ending -5051

- 232 Seigel Development LLC ending -4421

- Mint Development Corp ending -0696

- Mint Development Corp ending -5758

- 564 St Johns Acquisition LLC ending -4562

- 564 St Johns Holdings LLC ending -9625

- 564 St Johns St Holdings LLC ending -9641

- Northside Development Holdings LLC ending -5246

- Northside Acquisition Partners LLC ending -4102

- Northside Acquisition Partners LLC ending -4076

- 215 Moore St Acquisition LLC ending -0588

- 215 Moore St Development LLC ending -3283

- 215 Moore St Acquisition LLC ending -9138

- 875 4th Ave Acquisition LLC ending -4483

- 875 4th Ave Acquisition LLC ending -4470

- 286 Rider Ave Acquisition LLC ending -2536

- Heritage GC Walton Acquisition LLC ending -6729

2.      "**Bank of America**" means Bank of America, N.A., including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, and attorneys.

3.      "**Bankruptcy Court**" means the United States Bankruptcy Court for the Southern District of New York.

4.      "**Including**," whether capitalized or not, means "including but not limited to."

5.      "**Request**" or "**Requests**" refers generally to the document requests set forth herein.

6.      "**You**" / "**Your**," whether capitalized or not, means Bank of America.

## <u>INSTRUCTIONS</u>

1.      You are requested to produce all responsive documents in Your possession, custody, or control, wherever located, including, without limitation, those in the custody of You and Your affiliates.

2.      If any part of the following requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have relating to the portion to which You do not respond.

3.      If there are no documents responsive to any particular request, please state so in writing.

4.      Where any copy of any document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

5.      If any document requested herein was previously in Your possession, custody, or control and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such document a written statement (i) describing in detail the nature of the document and its contents, (ii) identifying the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent, (iii) specifying the date on which the

document was prepared or transmitted, and (iv) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

6.      All documents shall be produced in TIFF format with OCR images. All documents shall be produced with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, and bcc-blind copies. Benefit Street reserves the right to request that documents be produced in their native format.

7.      A request for any document shall be deemed to include a request for any and all transmittal sheets, cover letters (including emails), exhibits, enclosures, or attachments to such document, in addition to the document in its full and unexpurgated form.

8.      Documents should be produced in the manner they are kept in the ordinary course of business. documents attached to each other should not be separated.

9.      If any document is withheld or not produced under a claim of privilege, immunity, or otherwise, identify in writing the basis upon which the asserted privilege, immunity, or other reason for non-disclosure is claimed, in accordance with terms and conditions to be agreed upon by the parties or ordered by the Bankruptcy Court.

10.     If only a part of a document is protected by any privilege or immunity, the document shall be produced with only the privileged matter redacted.

11.     The following document requests are to be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following document requests, such additional information is to be promptly produced.

12.     The Requests seek documents from January 1, 2016 through the date of production.

## **DOCUMENTS TO BE PRODUCED**

1.      All account statements concerning each of the Accounts.

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Adam C. Rogoff
P. Bradley O'Neill
Ryan Gander
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Benefit Street Partners*
*Realty Operating Partnership, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| 96 WYTHE ACQUISITION LLC, | : | Case No. 21-22108 (RDD) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
---------------------------------------------------------------- X

## AMENDED NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26, 34, and 45, as made applicable herein by Federal Rules of Bankruptcy Procedure 7026, 7034, 9014, and 9016, Benefit Street Partners Realty Operating Partnership, L.P. ("**Benefit Street**"), by and through its undersigned counsel, will serve the attached subpoena to produce documents on JPMorgan Chase Bank, N.A.  Such documents shall be produced to Benefit Street's counsel, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: P. Bradley O'Neill, by no later than April 26, 2022.

Dated:    New York, New York
             April 14, 2022

KRAMER LEVIN NAFTALIS &FRANKEL LLP

/s/ P. Bradley O'Neill
Adam C. Rogoff
P. Bradley O'Neill
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile:  (212) 715-8000
Email: arogoff@kramerlevin.com
            boneill@kramerlevin.com
            rgander@kramerlevin.com

*Attorneys for Benefit Street Partners Realty
Operating Partnership, L.P.*

To:    Douglas Spelfogel, Esq.
         Leah Eisenberg, Esq.
         Jason I. Kirschner, Esq.
         Dabin Chung, Esq.
         Mayer Brown LLP
         1221 Avenue of the Americas
         New York, NY 10020
         *Attorneys for the Debtor*

         Mark Frankel, Esq.
         Backenroth Frankel & Krinsky, LLP
         800 Third Avenue
         New York, New York 10022
         *Attorneys for the Debtor*

         Jason A. Nagi, Esq.
         Offit Kurman
         590 Madison Avenue, 6th floor
         New York, NY 10022
         *Attorneys for the Debtor*

         James B. Glucksman, Esq.
         Jonathan S. Pasternak, Esq.
         Robert L. Rattet, Esq.
         Davidoff Hutcher & Citron LLP
         120 Bloomingdale Road

KL2 3278702.1

White Plains, New York 10605
*Attorneys for The Williamsburg Hotel BK LLC*

Douglas A. Kellner, Esq.
Stephanie Lim, Esq.
Kellner Herlihy Getty & Friedman, LLP
470 Park Avenue South, 7th Floor
New York, NY 10016-6819
*Attorneys for Constantino Sagonas*

Greg Zipes, Esq.
Office of the United States Trustee
201 Varick Street
New York, NY 10014

Barry D. Haberman, Esq.
Law Office of Barry D. Haberman
254 South Main Street, #404
New City, NY 10956
*Attorney for Grandfield Realty Corp.*

Edward J. LoBello, Esq.
Meyer, Suozzi, English & Klein, P.C.
1350 Broadway, Suite 1420
New York, NY 10018-0026
*Attorneys for Town of Islip*

Jordan Hecht, Esq.
Hecht, Kleeger & Damashek, P.C.
19 West 44th Street – Suite 1500
New York, NY 10036
*Attorneys for Gerson Mencia*

Stephen B. Ravin, Esq.
Saul Ewing Arnstein & Lehr LLP
1270 Avenue of the Americas, Suite 2005
New York, NY 10020

A. Mayer Kohn, Esq.
Saul Ewing Arnstein & Lehr LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
*Attorneys for Miriam Gross*

- 3 -

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ New York _____

In re ___ 96 Wythe Acquisition LLC _____
                            Debtor

*(Complete if issued in an adversary proceeding)*

_____
                            Plaintiff
                                v.
_____
                            Defendant

Case No. ___ 21-22108 (RDD) _____

Chapter ___ 11 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___ JPMorgan Chase Bank, N.A. _____
                *(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attached Schedule A.**

| PLACE | DATE AND TIME |
|---|---|
| Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 | April 26, 2022 |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _ April 15, 2022 _____

                    CLERK OF COURT

                                            OR

_____          /s/ P. Bradley O'Neill
*Signature of Clerk or Deputy Clerk*          _____
                                            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Benefit Street Partners Realty Operating Partnership, L.P. , who issues or requests this subpoena, are:
P. Bradley O'Neill, 1177 Avenue of the Americas, New York, NY 10036, boneill@kramerlevin.com, 212.715.7583

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

Benefit Street Partners Realty Operating Partnership, L.P.[1], by and through its undersigned counsel, hereby submits this Schedule A to the subpoena directed to JPMorgan Chase Bank, N.A., dated April 15, 2022 ("Subpoena"):

## DEFINITIONS

The uniform definitions referenced in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), as incorporated by Rules 7026-1 and 9014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules"), apply to the document requests contained herein. The following additional definitions apply and shall be construed in the broadest sense permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the Local Bankruptcy Rules. For purposes of this Subpoena, the following definitions will apply, regardless of whether the defined word is capitalized:

1.      "**Accounts**" means the following Chase Bank accounts ending in the following numbers:

- 96 Wythe Acquisition LLC ending -2297

- 96 Wythe Acquisition LLC ending -3906

- The Williamsburg Hotel BK LLC ending -8317

- The Williamsburg Hotel BK LLC ending -8662

- The Williamsburg Hotel BK LLC ending -9637

- Northside Development Holdings LLC ending -7255

- Northside Acquisition Partners LLC ending -7387

---

[1] Benefit Street is a wholly owned subsidiary of Franklin Resources, Inc. that, together with various subsidiaries operates as Franklin Templeton.

- Northside Acquisition Partners LLC ending -8878

- Northside Management LLC ending -2699

- Mint Development Corp ending -2128

- 564 St John's Partners LLC ending -7071

- 564 St John's Partners LLC ending -8898

- 564 St John's Partners LLC ending -1798

- 564 St Johns Partner LLC ending -3138

- 562 St John's Partner's LLC ending -0092

- Brooklyn Bread Lab ending -3509

- Building Development Corp ending -1379

- Miriam Gross ending -3556

- FAI Capital Partners LLC ending -1195

- 215 Moore St. Acquisition LLC ending -0988

- 96 W Development LLC ending -9022

2.      "**Chase Bank**" means JPMorgan Chase Bank, N.A., including its predecessors or successors, assignees, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their prior or current officers, directors, employees, agents, advisors, and attorneys.

3.      "**Bankruptcy Court**" means the United States Bankruptcy Court for the Southern District of New York.

4.      "**Including**," whether capitalized or not, means "including but not limited to."

5.      "**Request**" or "**Requests**" refers generally to the document requests set forth herein.

6.      "**You**" / "**Your**," whether capitalized or not, means Chase Bank.

## INSTRUCTIONS

1.      You are requested to produce all responsive documents in Your possession, custody, or control, wherever located, including, without limitation, those in the custody of You and Your affiliates.

2.      If any part of the following requests cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have relating to the portion to which You do not respond.

3.      If there are no documents responsive to any particular request, please state so in writing.

4.      Where any copy of any document whose production is sought herein, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

5.      If any document requested herein was previously in Your possession, custody, or control and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such document a written statement (i) describing in detail the nature of the document and its contents, (ii) identifying the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent, (iii) specifying the date on which the document was prepared or transmitted, and (iv) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

6.      All documents shall be produced in TIFF format with OCR images. All documents shall be produced with metadata, including but not limited to the date created/sent, author,

recipients, cc-copies, and bcc-blind copies. Benefit Street reserves the right to request that documents be produced in their native format.

7.    A request for any document shall be deemed to include a request for any and all transmittal sheets, cover letters (including emails), exhibits, enclosures, or attachments to such document, in addition to the document in its full and unexpurgated form.

8.    Documents should be produced in the manner they are kept in the ordinary course of business. documents attached to each other should not be separated.

9.    If any document is withheld or not produced under a claim of privilege, immunity, or otherwise, identify in writing the basis upon which the asserted privilege, immunity, or other reason for non-disclosure is claimed, in accordance with terms and conditions to be agreed upon by the parties or ordered by the Bankruptcy Court.

10.    If only a part of a document is protected by any privilege or immunity, the document shall be produced with only the privileged matter redacted.

11.    The following document requests are to be deemed continuing in nature. In the event You become aware of or acquire additional information relating or referring to any of the following document requests, such additional information is to be promptly produced.

12.    The Requests seek documents from January 1, 2016 through the date of production.

## **DOCUMENTS TO BE PRODUCED**

1.    All account statements concerning each of the Accounts.