**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 Wythe Acquisition, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 21-22108-RDD |

## SCHEDULING ORDER ON MOTIONS TO APPOINT CHAPTER 11 TRUSTEE

This matter is before the Court upon the *Motion for Entry of Scheduling Order on Motions to Appoint Chapter 11 Trustee* filed by Benefit Street Partners Realty Operating Partnership, L.P. on April 21, 2022 (the "Motion").[1] Upon due consideration of the Motion and the response thereto by the debtor and debtor in possession herein (the "Debtor") and all other matters properly of record, the Court finds good cause to grant the relief requested herein. Accordingly, it is hereby ORDERED as follows:

1.  On or before 5:00 p.m. EDT on May 3, 2022, the Parties shall exchange respective written lists of (a) all factual witnesses such Party expects to call to testify at the Hearing that had not previously been listed and/or deposed in preparation for the Plan Hearing (the "New Witnesses"), (b) all exhibits expected to be used at the Hearing (the "Exhibit Lists"), and (c) any such Exhibit List may be supplemented with any new information obtained on or after May 3, 2022, if such information was requested in discovery to be produced prior to such date and production was not made due to any objection, motion to quash, motion for protective order or other court proceeding commenced by or due to the behavior of any other party or third party.

2.  On or before 5:00 p.m. EDT on May 3, 2022, the Parties shall exchange respective pre-marked copies of exhibits to be used at the Hearing, in conjunction with their production of the Exhibit Lists, to allow each Party to evaluate any objections they may have in respect thereto.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3. On or before 5:00 p.m. EDT on May 6, 2022, the Parties shall exchange their objections, if any, to the exhibits listed on the counter-Party's Exhibit List (a "Exhibit Objection").

4. On or before 5:00 p.m. on EDT on May 13, 2022, and without waiving any party's rights, any depositions to the extent otherwise authorized, with respect to any New Witnesses not previously taken shall be completed, with it being the understanding of the Parties that any witnesses previously deposed shall not be redeposed.

5. The Parties shall meet and confer regarding any Exhibit Objections on or before May 8, 2022 at a mutually convenient time to be agreed upon (the "Evidentiary Conference") and attempt, in good faith, to resolve any such objections.

6. On or before May 6, 2022, Debtor shall file any brief in opposition to the Trustee Motions.

7. On or before 5:00 p.m. EDT on May 9, 2022, the Parties shall exchange reports prepared by any new expert witness (other than experts who have already been deposed in respect of Plan Hearing) (the "New Expert's Report"), if any (provided, for avoidance of doubt, such reports exclude and do not encompass any report by the Examiner). Any such New Expert Report may be supplemented with any new information obtained on or after May 3, 2022, if such information was requested in discovery to be produced prior to such date and production was not made due to any objection, motion to quash, motion for protective order or other court proceeding commenced by or due to the behavior of any other party or third party.

8. On or before May 13, 2022, all newly identified experts shall be deposed.

9. On or before May 13, 2022, the UST and Benefit Street may file a reply in support of their respective Trustee Motion.

10. On or before 5:00 PM EDT, May 14, 2022, the Parties shall file any motions *in limine*.

11. On or before 5:00 PM EDT, May 16, 2022, the Parties shall file any response to a motion in limine.

12. On or before May 12, 2022, the Parties shall submit to the Court a joint exhibit book containing all exhibits that the Parties have agreed are admissible in connection with the Hearing.

13. The Debtor informed the Parties that it opposes the introduction of (i) any testimony of or from, (ii) any report (including any supplement or response) prepared by, or (iii) any documents or work papers generated by Eric M. Huebscher (the "Examiner") (collectively, the "Examiner Materials") in respect of the Hearing and that it is the Debtor's position that the present status of the Court's orders and the law do not permit any such use. Benefit Street and the UST believe that the Court has indicated otherwise in its emails to the parties of April 11 and 13, 2022, subject to "objections to the specific aspects of the examiner's written direct testimony." (Court's April 11, 2022 email). Consequently, the Parties do not have an agreement regarding the admissibility of the Examiner Materials. BSP and/or the Trustee may seek to introduce the Examiner as a witness, including through submission of a declaration, and the Examiner's Materials as evidence, and the Court will resolve any objections thereto regardless of whether any motion *in limine* was filed, having previously instructed the Parties to brief the issues pertaining to the admissibility of the Examiner Materials, having received no response, and having done its own research.

14. On or before May 12, 2022, affidavits or declarations under penalty of perjury of each witness to be offered by a Party in its case-in-chief shall be exchanged by the Parties and submitted to the Court. If a Party is calling an adverse Party's controlled witness in its case-in-chief (an "Adverse Witness"), such Party shall identify which witness it is calling on or by May 12, 2022, and such Party may call that witness live (without submitting an advance declaration for such witness). Each Party may take the direct examination of any such Adverse Witness live (except where otherwise

permitted by designations of deposition media in accordance with applicable rules), and any Party may follow such testimony with any re-direct or re-cross of such Adverse Witness, as the case may be, through live testimony as well.

15.    The Court will not take opening statements at the Hearing. It will expect the parties to be prepared to make closing arguments in the light of the evidence admitted, after the closing of the factual record, at the Hearing.

16.    Evidence presented by Benefit Street and the UST at the Hearing concerning the Trustee Motions, and evidence presented by Debtor in response thereto, shall be deemed by the Court, to the extent such evidence is admitted, also as evidence presented for and against confirmation of the Debtor's Chapter 11 plan of reorganization, such that the same evidence will not need to be provided again before the Court at the Plan Hearing. The dual-purpose of the evidence presented at the Hearing shall not prejudice any party from presenting additional evidence in connection with the Plan Hearing or Benefit Street or the UST from later objecting to Debtor's Plan on grounds unrelated to the Trustee Motion and the Debtor's right to respond to such. For avoidance of doubt, the Parties are not required to introduce Plan-related evidence through any witnesses called at the Hearing, and each Party may still call any such witnesses at the Plan Hearing for Plan-related evidence.

17.    The Parties shall promptly contact Mr. Andino of the Clerk's Office for a form or remote proceeding order and conform it for the Hearing.

Dated:  White Plains, New York
       April 25, 2022                       /s/Robert D. Drain
                                                United States Bankruptcy Judge