# HECHT, KLEEGER & DAMASHEK, P.C.

19 WEST 44TH STREET, SUITE 1500
NEW YORK, N.Y. 10036
TEL (212) 490•5700 • FAX (212) 490-4800
www.LAWYER1.COM

JONATHAN S. DAMASHEK *                  * ADMITTED IN NEW YORK
JORDAN D. HECHT * •                                           • ADMITTED IN NEW JERSEY
JUDD F. KLEEGER * •

April 30, 2022

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

            Re:         96 Wythe Acquisition LLC
            <u>Case No:</u>     21-22108 (RDD)

Honorable Judge Drain:

       This firm is co-counsel to Gerson Mencia (hereinafter "Mencia") in the above referenced matter. I write in response to the letter dated April 29, 2022 submitted by the Debtor this past Friday at 6:23 PM requesting various items of discovery. It is respectfully submitted that the Debtor is not entitled to any additional discovery with regards to the claim filed by Mencia (hereinafter the "Mencia Claim") on the grounds that the Debtor has already conducted discovery in the underlying State Court Action and the Debtors unconscionable delay in seeking discovery constitutes a waiver of same.

       The Debtor filed an objection to the Mencia Claim and motion to estimate the claim at $0 on December 23, 2022. At that time, the Debtor had engaged in extensive discovery in the related State Court Action and was in possession of (1) all of Mencia's medical records; (2) the deposition transcript of Mencia (3) authorizations for Mencia's medical, employment, tax and earnings records (4) the deposition transcripts of Dimyon Development Corp. (the general contractor on the project); (5) detailed expert exchanges and narrative reports for all of plaintiff's treating doctors and (6) the expert report of Andrew Bazos, MD, an orthopedist retained by the Debtor to examine Mencia. In addition, as Mencia had filed his motion for summary judgment on the issue of Labor Law § 240, the Debtor was fully on notice of Mencia's factual and legal arguments in support of the claim.

       Despite being in possession of the aforementioned information, the Debtor, in its objection and motion to estimate the claim, failed to challenge Mencia's allegations of how the accident occurred, his injuries or claims for special damages. Most significantly, the <u>Debtor failed to seek additional discovery</u> in order to ascertain additional facts concerning its objection.

On January 19, 2022, Mencia served opposition to the motion wherein Mencia argued that the Debtor had failed to interpose any substantive objection to the liability and/or factual allegations of the Mencia Claim. (Dkt No. 320) In addition, Mencia, once again, annexed much of the discovery previously exchanged in the State Court Action including a detailed expert exchange from a forensic economist setting for the specific nature of the claims for economic loss. Thereafter, the Debtor (1) failed submit a reply-affirmation; (2) failed to supplement its objection and (3) <u>failed to request additional discovery</u>.

On January 26, 2022, the Debtor served a notice adjourning the hearing on the motion from January 27, 2022 to March 7, 2022. (Dkt. No. 351) The Debtor failed to seek discovery from Mencia or raise the issue with the Court.

On March 7, 2022, one day before the scheduled hearing on the Debtor's motion regarding the Mencia Claim, the Debtor filed a notice adjourning the hearing to April 7, 2022. (Dkt. No. 436) The Debtor failed to seek any discovery from Mencia or raise the issue with the Court.

On March 23, 2022, the Debtor filed a motion seeking an expedited hearing on insurance issues as it related to the Mencia Claim. (Dkt. No. 469) The motion was not considered by the Court but significantly the Debtor failed to raise the issue of additional discovery from Mencia.

On March 31, 2022, a hearing was held with the Court. At the hearing the Court directed the Debtor to "focus" on whether it has a "factual basis" to object to the claim and directed the Debtor to supplement its objection to the Mencia Claim. At no time during the hearing did the Debtor argue additional discovery was required to supplement the objection or proceed with the hearing.

On April 14, 2022, the Debtor sent an e-mail requesting a myriad of discovery from Mencia to prepare for the estimation hearing. This was the <u>first time</u> any such request had been made. (Dkt. No. 515, Exhibit B) Mencia objected to the request by letter dated April 20, 2022 on the grounds that the Debtor has already conducted discovery regarding the Mencia Claim and the undue delay in seeking discovery amounted to a waiver of same.[1] In response, the Debtor filed a letter dated April 22, 2022, claiming the Debtor has "diligently" pursued discovery with regards to the Mencia Claim. This statement is belied by the record as the Debtor had waited four (4) months from the filing of the objection and motion to estimate the claim to seek additional discovery.

It is undisputed that the Debtor conducted sufficient discovery in the State Court Action and has failed to demonstrate how the discovery already provided is insufficient. The Debtor herein is fully aware of the manner in which Mencia alleges the accident occurred; the testimony of the witnesses who came to the scene after the incident; the nature and scope of injuries and medical treatment; the opinions of Mencia's experts as well as Mencia's claims for special damages and economic losses.

In the most recent submission the Debtor seeks to (1) conduct the deposition of Mencia (2) conduct the depositions of Mencia's treating physicians (3) conduct a physical exam of Mencia and (4) obtain updated documentary discovery. It is undisputed that the Debtor has previously

---

[1] To date, the Debtor has requested discovery via e-mail and has failed to serve any formal notices for discovery. In light of the conferences scheduled by the Court, Mencia has not yet filed any motion with regards to same.

deposed and conducted a physical exam of Mencia in the State Court Action. In addition, Mencia has provided authorizations and documents to support the claims for lost earnings and future medical care. The Debtor has failed to set forth how this discovery is insufficient or why additional discovery is "necessary and appropriate". *See, F.R.Civ.P. 26*

With regards to Mencia's treating physicians, Mencia has satisfied the requirements of *B. Rule 7026 and F.R.Civ.P. 26(b)(4)* by providing detailed narrative reports and expert exchanges setting forth the "facts known and opinions held" for each of the respective experts. The Debtor has failed to allege how the prior exchanges are in anyway insufficient for the purpose of estimating the value of the claim or why additional discovery is "necessary and appropriate". See, *F.R.Civ.P. 26(b)(4)(A)*. Mencia has agreed to provide updated medical records that can be forwarded to the Debtor's expert orthopedist for review and comment and thus no additional discovery is warranted.

Assuming *arguendo* that the Court is inclined to permit expert depositions, it would be an absolute impossibility to complete this type of extensive discovery prior to June 2, 2022. All of plaintiff's medical witnesses are practicing physicians with office hours and busy surgical schedules. These physicians cannot drop everything to appear for deposition on such short notice. In addition, the Debtor is responsible for paying the reasonable fees of each expert as per FRCP 26 (b)(4)(E) and there has been no discussion of agreement regarding same.

Lastly, as previously set forth in my letter to the Court dated April 20, 2022, I am not available to proceed with a hearing on June 2, 2022. I am starting a jury trial in the Supreme Court, Bronx County in the case of Clemente v. 205 West 103 Owners Corp starting May 18, 2022. This trial was scheduled by virtue of an order dated February 22, 2022 issued by the Honorable Doris Gonzlaez, the Administrative Judge of Bronx County. A copy of the order is annexed hereto. The order expressly states there can be no adjournments. The current hearing date of June 2, 2022 was selected unilaterally by the Debtor with no input from myself or Randy Kornfeld.

There can be no dispute that the exigent circumstances as alleged by the Debtor have been created by the Debtor's own inactions. The Debtor failed to seek discovery in a timely manner and now wish to engage in a shot-gun discovery schedule that is neither fair or feasible. For these and the other reasons set forth herein, the Debtor's request for discovery should be denied and the hearing adjourned to a date agreed upon by all parties.

If the Court has any additional questions, please feel free to reach out to the undersigned.

Very Truly Yours

*[signature]*

JORDAN HECHT

FILED: BRONX COUNTY CLERK 02/22/2022 02:03 PM
NYSCEF DOC. NO. 58
21-22108-rdd  Doc 535  Filed 05/01/22  Entered 05/01/22 19:35:22  Main Document
Pg 4 of 4
INDEX NO. 301074/2013E
RECEIVED NYSCEF: 02/22/2022

SUPREME COURT OF THE STATE OF NEW YORK
Bronx ~~NEW YORK~~ COUNTY

PRESENT: DORIS M. GONZALEZ                PART _____STP_____
                                    Justice
-----------------------------------------------------------X
Clemente v.
                                      INDEX NO. 301074/2013E
                    Plaintiff,

205 West 103 Owners
                    Defendants.
-----------------------------------------------------------X

It is hereby

ORDERED that this matter will be assigned to a judge the day before jury selection; and it is further

ORDERED that the court will schedule a pre-trial conference at which counsel are directed to appear virtually. The court will send a Microsoft Teams invitation to counsel; and it is further

ORDERED that counsel shall not accept any assignment that may conflict with the ability to proceed to trial on this matter on __5/18/2022__; and it is further

ORDERED that counsel shall present this order, if necessary, in order to prevent a potential conflict; and it is further

ORDERED that there shall be no adjournment of the conference or trial absent court approval.

DATE: 2/16/2022                          Doris M. Gonzalez, JSC

Check One:            ☐ Case Disposed        ☒ Non-Final Disposition

Check if Appropriate: ☐ Other (Specify _____)

## OTHER ORDER – NON-MOTION