*Law Offices of*
**BARRY D. HABERMAN**
254 South Main Street, Suite 404
New City, New York 10956
845-638-4294
Fax 845-638-6080
Email – bdhlaw@aol.com

May 2, 2022                                                                                                 **transmitted via ECF**

Honorable Robert D. Drain
300 Quarropas Street
White Plains, Ny 10601

Our File No.:  BH 21-120

      Re:    **In re:  96 Wythe Acquisition, LLC**
                **Case No. 21-22108(RDD)**

Dear Honorable Drain:

This office represents the interest of Grandfield Realty Corp. ("Grandfield") as concerns the above referenced Bankruptcy Case. This correspondence is provided to the Court as Grandfield's position as concerns developments since the telephone Court Conference of Wednesday afternoon, April 27, 2022. The Court is advised that the undersigned is transmitting the correspondence as I am preparing to fly back to New York this morning after a weekend wedding celebration in California. The Court is further advised that I have not been able to have substantive conversations as concerns matters raised by respective Counsel late on Friday afternoon. I will endeavor to participate in today's Court Conference, but in advance I apologize for not appearing in a shirt and tie.

After the Court Conference of April 27, 2022 it appeared that the parties all agreed that the Debtor would hold off filing its summary judgment motion as State National Insurance Company ("SNI") was acknowledging its duty to indemnify the Debtor (pursuant to limits of the policy) and RLI was willing to participate in Mediation (upon review of files maintained on behalf of the Debtor). Discovery in the Claims dispute was not ordered or even discussed substantively as the Court indicated is strong desire that the parties (Grandfield, Mencia, the Debtor and the insurance carriers expend their efforts in bringing about complete resolution of the underlying Claims (and if the Claims were settled with payment coming from the Insurers, the Claims (against the Estate of the Debtor) would not be an impediment to confirmation of a Plan.

On Friday, April 29, 2022 RLI agreed to Mediation. Based upon emails received by the undersigned late on Friday (as I was travelling to California on Friday) it appeared that the parties were (1) working on available dates for Mediation and (2) reviewing names for Mediators. As I was travelling, I did not participate in these emails and I would have been addressing dates and Mediators early this week. I note for the record that all Counsel participating in these matters

1

knew that I would be out of town travelling on Friday, April 29, 2022 and on May 2, 2022.  Later on Friday, April 29, 2022, Counsel for SNI represented that SNI would want other parties (named in Grainfield's underlying State Court action to participate in the Mediation.  These other parties were never brought into the Bankruptcy Case by the Debtor (through an Adversary Proceeding or other direct action)  As a matter of record all proceedings in the underlying State Court action were stayed as a result of the Debtor's Bankruptcy action.  It does not appear that RLI has (yet) requested participation in Mediation from the other State Court parties.  As the other parties are not (as of yet) subject to the jurisdiction of this Court and as the State Court action was stayed, it does not appear that other parties can be compelled to Mediate.

Grandfield opposes conditioning Mediation upon participation of other parties.  Grandfield's Claim against the Debtor is based upon the Debtor's inherently dangerous construction (*inter alia* excavation and underpinning.  In denying the Debtor's motion to dismiss, State Court held (based upon well settled law) that such inherently dangerous construction is based upon strict liability.

> "'[i]t is well settled that, absent inherently dangerous activity, the responsibility of an owner or general contractor does not include responsibility for injuries which arise as a result of the negligent performance of work by subcontractors' (Old Oaks Country Club v Stale University Constr. Fund, 66 AD2d 815, 816 [1978], citing Scavone v State Univ. Constr. Fund., 46 AD2d 895 [1974]; Horn v State of New York, 31 AD2d 364 [1969]).  Thus, 'where the work performed is inherently dangerous, there is an exception to the general rule that a party who retains an independent contractor is not liable for the independent contractor's negligence' (Klein v Beta I, LLC, 10 AD3d 509, 510 [2004], rearg denied, lv denied 2004 NY App Div LEXIS 15412 [2004], citing Rosenberg v Equitable Life Assw. Socy., 79 NY2d 663,670 [1992]; Ty/ell v Battery Beer Distrib., 202 AD2d 226 [1994]). **Excavation work adjacent to an existing building has been found to be inherently dangerous as a matter of law** (Klein, 10 AD3d at 510; accord Hixon v Congregation Beit Yaakov, 57 AD3d 328,328 [2008]). (Emphasis added)"
>
> "It has also been held that '[t]he imposition of absolute liability on parties whose excavation work damages an adjoining property places the burden of protecting adjoining property onto those undertaking the excavation work, and the risks thereof, rather than those whose interest in adjoining property is harmed by the work' (Madison 96th Assoc., LLC v 17 E. 96th Owners 121 AD3d 605, 608 [2014], citing Yenem Corp v 281 Broadway Holdings, 18 NY3d 481,489 [2012])."
>
> "Further, "'[t]he words "the person or persons causing such excavation to be made" apply to the owner of the property who employs a third person to make such an excavation ...."' (Victor A. Harder Realty & Constr. Co., 64 NYS2d at 317-318, quoting Rosenstockv Laue, 140 App Div 467,470,471 [1910])…More recently, the Appellate Division, Second Department, has held that "Administrative Code § 28-3309.4, like its predecessor Administrative Code §27-103 l(b)(l ), does impose absolute liability upon the 'person who causes' an excavation to be made" (American Sec. Ins. Co. v Church of God of St. Albans, 131 AD3d 903, 905 [2015], citing 492 Kings Realty, LLC v 506 Kings, LLC, 105 AD3d 991, 995 [2013]).

2

> Thus, applying the above provisions of law to the facts of this case, **the court finds that here is a basis to hold 96 Wythe, as the owner of the Property upon which the excavation was being performed…strictly liable for the damage that was caused to plaintiffs building in violation of the provisions of the Building Code** Decision and Order of Hon. Bernard J. Graham, J.S.C. dated January 12, 2016 (emphasis added) <u>Grandfield Realty Corp. v. 96 W Development LLC, 96 Wythe Acquisition LLC, et al.</u>, Index No.: 507323/2014 (the "**State Court Action**")

As the Debtor is strictly liable for the damages suffered by Grandfield, there is no legal basis for the insurance providers to defer participation in the Mediation. To the extent that the Debtor believes that others are responsible to indemnify the Debtor, the Debtor should bring an appropriate action against the offending parties. But as to Grandfield, based upon the Debtor's strict liability, coverage is required and Mediation should proceed forthwith.

Notwithstanding the Court's expressed desire that the parties Mediate and defer trying the Claim on an evidentiary basis, the Debtor, after having taken no action to resolve the Claim (other than filing a boiler plate objection 7 months after the Claim was filed and adjourning hearing the Claim objection several times) the Debtor desires to impose an expedited discovery schedule, which together with the Court's procedures for conducting an evidentiary hearing on June 3, 2022 would require the undersigned to devote substantially all working hours over the next four (4) weeks to this one case. As I am a solo practitioner, to perform all discovery requested, participate in Mediation and bring the Claim to trial ready status in four (4) weeks is a "bridge too far" (and if Mediation is moving forward, additional discovery and trial preparation would constitute a waste of time and financial resources).

The Debtor delayed bringing the adversary proceeding against the insurance carriers (first filing an action in State Court in February 2022 even though the Debtor knew from the onset of the filing of the Bankruptcy Case that RLI denied coverage in March 2020). And the Debtor opposed a motion to permit Mencia to seek a declaratory judgment against the insurance carriers. And the Debtor still has yet to bring an action against other parties who might be liable to the Debtor for the damages sustained by Grandfield.

Permitting the Debtor to impose an overly burdensome schedule, dual and competing litigation tracks with resultant exorbitant costs to all litigants (including the Debtor's Estate) should not be countenanced by the Court.

As referenced above, I will do my utmost to participate in today's Court Conference. To the extent necessary, I can schedule a Court Conference later this week.

Please contact respective Counsel as the Court deems necessary.

Respectfully yours,

/s/ Barry D. Haberman
Barry D. Haberman, Esq.
BDH:hd