

# NELSON MULLINS

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Lee B. Hart
T: 404.322.6349
lee.hart@nelsonmullins.com

201 17th Street NW, Suite 1700
Atlanta, GA 30363
T: 404.322.6000  F: 404.322.6050
nelsonmullins.com

May 10, 2022

BY ECF AND EMAIL
The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Re:    *In re 96 Wythe Acquisition LLC*, No. *21-22108*—Request for Pre-Trial Conference

Dear Judge Drain:

    The undersigned and this law firm, together with Kramer Levin Naftalis & Frankel, LLP, are co-counsel to Benefit Street Partners Realty Operating Partnership, L.P. ("BSP") in the above-referenced Chapter 11 case.

    Set for hearing before the Court on May 17, 2022 at 10:00 a.m. (the "Hearing") is BSP's renewed motion for the appointment of a Chapter 11 trustee (Docket No. 476) as well as the United States Trustee's ("UST") motion for the appointment of a Chapter 11 trustee (Docket No. 491) (collectively, the "Trustee Motions").

    The foregoing Trustee Motions are evidentiary, have been thoroughly briefed, and are highly contested. BSP has designated 13 fact witnesses it may call, 2 expert witnesses, and may utilize roughly 165 exhibits over the course of its presentations to the Court. The Debtor expects to call 3 fact witnesses, 2 expert witnesses, and utilize roughly 131 exhibits over the course of its arguments. The UST will also separately present evidence at the Hearing and has designated 7 fact witnesses it may call and identified roughly 25 exhibits it may utilize. Many of the same individuals will testify as fact witnesses for all three parties, but in any event, there could be as many as 17 people testifying, and the amount of live testimony and cross examination will be voluminous. The parties may also file motions in limine regarding the admissibility of the examiner's testimony as well as other motions as the parties may deem appropriate.

    So as to facilitate an orderly presentation of evidence and otherwise manage the Hearing in a manner that is effective for the Court, BSP respectfully requests a pre-trial conference with the Court to establish a procedure for the presentation of evidence and arguments. BSP believes

May 10, 2022
Page 2

that such a procedure will be helpful prior to the Hearing. For example, it may make sense to schedule evidence for presentation on May 17th and schedule closing arguments for a later date shortly following the May 17th Hearing. Alternatively, the Court may prefer the parties split the presentation of evidence and arguments across multiple days in equal part and, if so, it will be helpful to schedule the subsequent hearing dates in advance to ensure the availability of the witnesses. BSP believes that an orderly procedure will greatly assist the Court in hearing and evaluating the Trustee Motions.

BSP has reached out to the Debtor and the UST to join in a pre-trial conference.

Counsel for BSP will make themselves available at the Court's convenience for a pre-trail conference, with the exception of Thursday, May 12th, on which date lead trial counsel for BSP in this proceeding has a pre-existing hearing in another matter. We thank the Court in advance for its consideration of this matter.

Respectfully,

Lee B. Hart

cc:    Douglas Spelfogel, Esq.
       Greg Zipes, Esq.
       All parties registered to receive electronic notice in the Chapter 11 Case