

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

May 23, 2022

**Douglas Spelfogel**
Partner
dspelfogel@mayerbrown.com

BY EMAIL

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Re:   96 Wythe Acquisition LLC;
      Case No. 21-22108 (RDD)

Dear Honorable Judge Drain:

We write on behalf of Wythe Acquisition LLC (the "Debtor"), to update the Court on the status of the claims asserted by Gerson Mencia ("Mencia") and Grandfield Realty LLC ("Grandfield") and in response to Grandfield's May 20, 2022 letter. As the Court knows, the parties have been attempting to resolve both claims, as well as the insurance coverage issues associated therewith, in order to obviate the need for any further action by the Court with respect to either claim.

To that end, the current status of the claims and coverage disputes is as follows:

(1)   The Mencia claim has been settled, subject to formal documentation and court approval, drafting settlement agreement is in progress.

(2)   The coverage issue with the primary carrier ("SNIC") has been resolved for all claims. While SNIC still asserts certain contractual rights associated with the occurrence issues in the Grandfield claim, it does not deny or disclaim coverage. A stipulation to that effect is being finalized and will be promptly filed.

(3)   Despite agreeing to fund a portion of the Mencia settlement, the excess carrier ("RLI") continues to dispute and disclaim coverage for the Grandfield claim. Consequently, the Debtor intends to move forward with the hearing on the coverage summary judgment motion on June 2 as set down at the last conference. While Grandfield's counsel has been unwilling to limit its claim to insurance coverage while the summary judgment is pending, if the Court finds that there is coverage, Grandfield has indicated that it will do so, and no estimation or objection hearing will be necessary.

(4)   If summary judgment in favor of coverage is not granted on June 2, the Debtor seeks to move forward with the estimation of the Grandfield claim, as scheduled on June 2. However, other than arranging an inspection of the property, which took place on May 18, Grandfield has thus far refused to participate in the estimation

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

747875435

Honorable Robert D. Drain
May 23, 2022
Page 2

        process. Despite Grandfield's assertions, it is Grandfield who has not yet produced the supplemental documents ordered by the Court, nor has Grandfield been willing to agree to a procedural order or deadlines for the preparation of the estimation hearing. Nonetheless, ample time remains for the preparation and presentation of the Grandfield claim on June 2, provided that Grandfield is ordered to do so without further delay. Despite Grandfield's assertions, which are contested, the Debtor submits that given the settlement of Mencia, the remaining estimation hearing for Grandfield will involve a number of discrete issues that should take approximately half a day or less to be presented to the Court, based on declarations and limited live cross examinations.

(5) RLI has moved to withdraw the reference of this adversary proceeding to the District Court. That motion should not impact the Bankruptcy Court's current scheduling. Pursuant to Bankruptcy Rule 5011, "the filing of a motion for withdrawal of a case or proceeding . . . shall not stay the administration of the case or any proceeding therein before the bankruptcy judge" unless the Bankruptcy Court grants a stay. No party has requested such a stay, and such a stay would be wholly inappropriate and inequitable in light of the critical timing issues leading up to the confirmation hearing on the Debtor's Chapter 11 Reorganization Plan.

(6) In sum,, while Grandfield has been unwilling to dismiss its claim against the estate, it is the Debtor's understanding that Grandfield will do so if the Court determines there is excess insurance coverage for its claims under RLI's policy. Again, the primary carrier, SNIC, has already withdrawn its disclaimer of coverage. SNIC continues to assert a limitation of coverage based on the occurrences language in the policy, but that issue only relates to the amount at which RLI's coverage is engaged, and not whether or not coverage exists at all. As a result, the Court's adjudication of the existence of excess coverage should resolve all issues associated with the Grandfield claim, from a Plan confirmation perspective, and will eliminate the need for further immediate (if any) proceedings on the Grandfield matter in this Court.

While the Debtor is confident that summary judgment will be resolved in favor of coverage, and thereby eliminate the need for further proceedings in Grandfield, unless and until that happens the parties must continue to prepare for the estimation hearing on June 2. To that end, the Debtor respectfully requests that Grandfield be directed to comply with production of the court directed discovery and that the hearing on estimation proceed on June 2, 2022 (or if necessary, a date shortly thereafter).

Honorable Robert D. Drain
May 23, 2022
Page 3

Respectfully submitted,


*/s/ Douglas E. Spelfogel*

Douglas E. Spelfogel



cc:
Jordan Hecht
**HECT, KLEEGER DAMASHEK, P.C.**
19 West 44th Street – Suite 1500
New York, New York 10036
Email: hecht@lawyer1.com
*Co-Counsel to Plaintiff Gerson Mencia*

Randy Kornfeld
**KORNFELD & ASSOCIATES, P.C.**
240 Madison Avenue
New York, New York 10016
Email: rkornfeld@kornfeldassociates.com
*Co-Counsel to Plaintiff Gerson Mencia*

Kenneth Fiorella
**RUBIN, FIORELLA, FRIEDMAN & MERCANTE LLP**
630 Third Avenue, 3rd Floor
New York, New York 10017
Email: kfiorella@rubinfiorella.com
*Counsel to State National Insurance Company*

Timothy E. Delahunt
**DELAHUNT LAW PLLC**
295 Main Street, Suite 836
Buffalo, New York 14203
Email: tdelahunt@delahuntpllc.com
*Counsel to RLI Insurance Company*

Barry D. Haberman, Esq.
**Law Offices of Barry D. Haberman**
254 South Main Street, #404
New City, New York 10956
Email: bdhlaw@aol.com
*Counsel to Grandfield*