**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 Wythe Acquisition, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 21-22108-RDD |

### ORDER GRANTING MOTIONS TO APPOINT A CHAPTER 11 TRUSTEE

Upon the *Lender's Renewed Motion for the Appointment of a Chapter11 Trustee Based on Continuing Malfeasance* (Docket Nos. 476, 477, 533 and 561) filed by Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street") on March 28, 2022, and *the Motion for Appointment of a Chapter 11 Trustee* (Docket No. 491) filed by the United States Trustee ("UST") on March 31, 2022, as amended by the Notice of Withdrawal of Certain Requested Relief in Trustee Motion (Docket No. 540) (together, the "Trustee Motions"); and upon the objection to the Trustee Motions filed by the debtor and debtor in possession herein (the "Debtor") and all other pleadings filed in connection with the Trustee Motions; and the Court having held an evidentiary hearing on the Trustee Motions on May 17 and 25, 2022 and post-hearing oral argument on May 26, 2022; and upon all the proceedings had before this Court and all matters properly of record; and after due deliberation and for the reasons stated by the Court in its bench ruling at the May 26, 2022, the Court having determined that the UST and Benefit Street have carried their burden of establishing sufficient cause for the appointment of a Chapter 11 trustee and the entry of this Order, it is hereby

**ORDERED** that:

1. The Trustee Motions are granted pursuant to 11 U.S.C. § 1104(a)(1).

2. The UST is directed to appoint Chapter 11 trustee with all the rights, powers and duties authorized under 11 U.S.C. § 1106, including, but not limited to, operating the Debtor's

1

hotel in the ordinary course of its business in connection with carrying out a Chapter 11 trustee's duties under the Bankruptcy Code.

3. As a condition to the continued use of cash collateral of Benefit Street, (1) no transfer, removal or other disposition of any asset of the Debtor's bankruptcy estate, including but not limited to personal property, equipment and books and records, located at, or otherwise used in connection with, the Debtor's hotel, may be made outside the ordinary course of the Debtor's business, and (2) no transfer, removal or other disposition of any asset of the estate (or in which the estate has any interest), including, but not limited to any cash held by the Debtor and by The Williamsburg Hotel BK LLC (the "Management Company"), shall be made to Toby Moskovits, Michael Lichtenstein, or any of their respective family members or affiliated entities, or any other insiders of the Debtor (the "Insiders"). Subject to the foregoing, cash collateral of Benefit Street may be used solely in accordance with the Tenth Interim Order for Use of Cash Collateral entered by the Court on March 8, 2022 [Docket No. 449] to pay ordinary course third-party expenses relating to the operation of the Debtor's hotel, and no payments or other transfers shall be made to the Insiders. Without limiting the foregoing, all payments made using cash collateral shall be supervised and approved by Mark Podgainy and David Goldwasser as the Debtor's financial advisor.

4. For an absence of doubt, pending a new agreement on the use of cash collateral to be negotiated with Benefit Street or ordered by the Court, the Chapter 11 trustee may use the cash collateral of Benefit Street consistent with cash collateral orders entered by this Court, including the Tenth Interim Order for Use of Cash Collateral entered by the Court on March 8, 2022 [Docket No. 449], subject to restrictions on non-ordinary-course transfers and transfers to Insiders otherwise set forth in this Order.

5. No person or entity, including the Debtor, Management Company, Toby Moskovits, Michael Lichtenstein, any professional retained by the Debtor's estate or employee of the Debtor or Management Company, or any other person or entity with notice of this Order, shall dispose of any of the approximately $252,000 in cash currently held in trust or escrow representing hotel occupancy taxes collected by the Debtor and transferred out of Debtor and/or Management Company accounts postpetition.

6. Benefit Street shall be entitled to engage and post reasonable security at the Debtor's hotel to ensure the preservation of estate assets and Benefit Street's collateral.

7. Until modified by a Chapter 11 trustee for the Debtor or further order of the Court: (a) no cash proceeds or revenues of the Debtor's hotel may be directed, withdrawn, transferred, encumbered or otherwise disposed of in any way by any person or entity other than David Goldwasser or Mark Podgainy, in their capacities as professionals retained by the Debtor's estate; and (b) all books and records of the Debtor and Management Company (to the extent in possession of or dealing with Debtor revenue) shall be immediately delivered to and secured by David Goldwasser and Mark Podgainy.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: May 27, 2022

*/s/Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE