TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger
Griffin Quist

*Proposed Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re:                                          :    Chapter 11
:
96 WYTHE ACQUISITION LLC,                       :    Case No. 21-22108 (RDD)
:
Debtor.                            :
:
---------------------------------------------------------------x

**AFFIDAVIT OF ALBERT TOGUT IN SUPPORT OF**
**THE APPLICATION OF THE CHAPTER 11 TRUSTEE FOR AN**
**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF TOGUT,**
**SEGAL & SEGAL LLP AS ATTORNEYS FOR THE CHAPTER 11 TRUSTEE, *NUNC***
**_PRO TUNC_, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE**

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK    )

ALBERT TOGUT, being duly sworn, deposes and says:

1.  I am an attorney duly admitted to practice before this Court, and the senior member of Togut, Segal & Segal LLP (the "Togut Firm"), and submit this affidavit in support of the application (the "Application")[1] of Stephen S. Gray, not individually but solely in the capacity as Chapter 11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor"), to approve the Trustee's retention of the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Togut Firm as his attorneys in the above-captioned Chapter 11 case (the "Chapter 11 Case") on the terms and conditions set forth in the Application and herein, and in compliance with section 327 of title 11 of the United States Code (the "Bankruptcy Code"), and to provide disclosure required under Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of this Court.  Unless otherwise stated in this affidavit, I have personal knowledge of the facts set forth herein.

2. The Togut Firm maintains its law offices at One Penn Plaza, New York, New York 10119.  The Togut Firm's practice is highly specialized and is limited, almost exclusively, to matters pending in this Court.  The Togut Firm has had considerable experience in matters of this nature, and has acted in a professional capacity in numerous Chapter 11 cases, representing the interests of debtors, creditors' committees, trustees, and individual secured and general creditors.

3. The Togut Firm's representation of bankruptcy trustees in Chapter 7 and Chapter 11 cases is well known, including its representation of the trustee in *In re Refco, LLC,* Case No. 05-60134 (RDD), the largest Chapter 7 case filed up to that date, which involved a registered commodities broker that had an estate of $4 billion; and *In re Anthracite Capital, Inc.,* Case No. 10-11319 (CGM) where the debtor was a New York Stock Exchange-traded REIT with a market capitalization of approximately $800 million and, together with its subsidiaries, had assets exceeding $1 billion.  Additionally, the Togut Firm has represented the Trustee as the Chapter 11 trustee in other cases in this Court, including *In re Eljamal*, Case No. 15-22872 (RDD) and *In re Wonderwork, Inc.*, Case No. 16-13607 (MKV).  The Togut Firm currently represents me in my capacity as the Chapter 7 trustee in the case of *In re Kossoff PLLC*, Case No. 21-10699 (DSJ).  Recently, the Kossoff PLLC principal, Mitchell Kossoff, entered in a guilty plea with the District

2

Attorney for Manhattan related to his conversion of client funds for which he has been sentenced to more than four years in jail. He is currently serving his sentence. The Trustee also serves as my financial advisor in my capacity as the Chapter 7 trustee in the case of *In re Kossoff PLLC*.

        4.      In addition to the above-mentioned cases, for more than 40 years, the Togut Firm has been actively involved in numerous major chapter 7 and 11 cases, and has represented trustees, debtors and committees in many cases including, without limitation: *In re Pareteum Corp.*, Case No. 22-10615 (LGB); *In re Greensill Capital Inc.*, Case No. 21-10561 (MEW); *In re LATAM Airlines Group S.A.*, Case No. 20-11254 (JLG); *In re Zuca Properties LLC*, Case No. 21-10982 (MG); *In re The McClatchy Co.*, Case No. 20-10418 (MEW); *In re Aurora Commercial Corp.,* Case No. 19-10843 (SCC); *Trident Holding Co., LLC*, Case No. 19-10384 (SHL); *In re Synergy Pharmaceuticals Inc.*, Case No. 18-14010 (JLG); *In re Pacific Drilling S.A.*, Case No. 17-13193 (MEW); *In re Westinghouse Electric Company LLC, et al.*, Case No. 17-10751 (MEW); *In re Avaya Inc., et al.*, Case No. 17-10089 (SMB); *In re Toisa Ltd., et al.*, Case No. 17-10184 (SCC); *In re SunEdison, Inc., et al.*, Case No. 16-10992 (SMB); *In re Aéropostale, Inc., et al.*, Case No. 16-11275 (SHL); *In re Motors Liquidation Co., et al., f/k/a General Motors Corp., et al.*, Case No. 09-50026 (REG); *In re Old Carco LLC (f/k/a Chrysler LLC), et al.*, Case No. 09-50002 (SMB); and *In re AMR Corp., et al.*, Case No. 11-15463 (SHL).

## DISINTERESTEDNESS

        5.      Based on the conflicts search conducted by the Togut Firm and described herein, to the best of my knowledge, neither the Togut Firm, nor any partner, including myself, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors or any other parties-in-interest, or its respective attorneys and accountants, nor with the United States Trustee for the

3

Southern District of New York (the "United States Trustee") or any person employed by the United States Trustee.

   6. The Togut Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that the Togut Firm, its partners, counsel and associates, except as disclosed herein:

   (a) are not creditors or insiders of the Debtor;

   (b) are not and were not, within two years before the Petition Date, trustees or employees of the Debtor; and

   (c) do not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

   7. I am not related, and to the best of my knowledge, no attorney at the Togut Firm is related, to any United States Bankruptcy Judge in the Southern District of New York or to the United States Trustee or any employee thereof.

   8. Pursuant to section 327(c) of the Bankruptcy Code, the Togut Firm is not disqualified from acting as the Trustee's counsel merely because it represents creditors, equity holders and/or other parties-in-interest in matters unrelated to this Chapter 11 Case.

   9. The Togut Firm will periodically review its files during the pendency of this Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Togut Firm will use its reasonable efforts to identify any such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014(a).

### THE TOGUT FIRM'S CONNECTIONS WITH PARTIES-IN-INTEREST IN MATTERS UNRELATED TO THIS CHAPTER 11 CASE

10. The Togut Firm and certain of its partners, counsel and associates may have represented in the past, and may likely represent in the future, parties-in-interest of the Debtor in connection with matters unrelated to the Debtor and this Chapter 11 Case. The Togut Firm has reviewed the lists of interested parties in this Chapter 11 Case as identified in the Debtor's Schedules, Amended Schedules, and Statement of Financial Affairs and those that have filed a notice of appearance, which includes: unsecured creditors; secured creditors; professionals; parties to litigation; and certain other parties-in-interest, for any connection it may have to those parties and has found none except as specifically disclosed herein, and as follows:

- The Togut Firm served as counsel to Stephen S. Gray, not individually, but solely in his capacity as Chapter 11 trustee of Sammy Eljamal, in *In re Sammy Eljamal*, Case No. 15-22872 (RDD); and

- The Togut Firm served as counsel to Stephen S. Gray, not individually, but solely in his capacity as Chapter 11 trustee of WonderWork, Inc., in *In re Wonderwork, Inc.*, Case No. 16-13607 (MKV); and

- Gray & Company, LLC, of which Stephen S. Gray is the sole Managing Member and employee, serves as my financial advisor, not individually but solely in my capacity as Chapter 7 trustee of Kossoff PLLC in *In Kossoff PLLC*, Case No. 21-10699 (DSJ).

11. In the event any new facts or relationships subsequently are discovered during the pendency of this Chapter 11 Case, the Togut Firm will supplement this affidavit and file the same with the Court.

### SERVICES TO BE RENDERED

12. The Trustee seeks Court approval, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, to employ and retain the Togut Firm as his counsel in connection with the Chapter 11 Case, *nunc pro tunc*, to June 1, 2022, the

5

date immediately following the day the United States Trustee appointed the Trustee. Pursuant to section 328(a) of the Bankruptcy Code, the Trustee requests that the Court approve the retention of the Togut Firm as his attorneys to perform services that will be necessary during this Chapter 11 Case in accordance with the Togut Firm's normal hourly rates and policies in effect when the Togut Firm renders the services or incurs the expenses.

13. The Togut Firm will render legal services relating to the duties of the Trustee pursuant to section 1106 of the Bankruptcy Code, and the administration and prosecution of this Chapter 11 Case, and perform, among other things, the following tasks:

- assist and advise the Trustee with respect to his powers and duties as a trustee under section 1106 of the Bankruptcy Code;

- assist in obtaining control over property of the Debtor's estate;

- assist in any sale of property of the estate;

- assist in the retention of other professionals needed by the Trustee;

- assist in the Trustee's investigation regarding the Debtor's transactions and transfers to third parties, including, but not limited to, insiders and affiliates of the Debtor;

- take all necessary actions to protect and preserve the interests of the Trustee and the estate, including, without limitation, the commencement and prosecution of actions deemed necessary by the Trustee, negotiations concerning litigation in which the Trustee or Debtor's estate are involved, and review and analyze all claims filed against the Debtor's estate;

- propose and seek confirmation of a Chapter 11 Plan, if appropriate;

6

- review and prosecute objections to claims, as necessary or appropriate;

- prepare on behalf of the Trustee all necessary motions, applications, answers, orders, reports, and papers necessary to the administration of the Debtor's estate;

- appear before this Court or any other court on matters concerning the interests of the Trustee and the Debtor's estate; and

- perform such other tasks as requested by the Trustee in the performance of his duties with respect to the Debtor's estate.

## **PROFESSIONAL COMPENSATION**

14. The rates to be charged by the Togut Firm from the *nunc pro tunc* date (*i.e.*, June 1, 2022) for services to be rendered to the Trustee, which are the same rates charged to other clients, range from $915 to $1300 per hour for partners, $810 to $990 per hour for counsel to the Firm, $320 to $830 per hour for associates, and $195 to $410 per hour for paralegals and law clerks.

15. Prior to any increases in the Togut Firm's rates, the Togut Firm shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtor, counsel to the United States Trustee, Benefit Street, and any party that files a Notice of Appearance in these cases, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rates increases are subject to review by the Court.

16. The Togut Firm intends to apply for compensation for professional services rendered in connection with this Chapter 11 Case, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Bankruptcy Rules of this Court, further Orders of this Court, and guidelines established by the United States Trustee on an hourly basis, plus reimbursement of actual and necessary expenses and other charges that the Togut Firm incurs. The Togut Firm will charge its hourly rates consistent with the rates it charges in other matters of this type.

17. It is the Togut Firm's policy to charge its clients for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, certain necessary secretarial and other overtime expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals" and telecopier charges. The Togut Firm will charge the Debtor's estate for these expenses in a manner and at rates consistent with those it generally charges its other clients and in accordance with the Local Rules and United States Trustee guidelines.

18. No promises have been received by the Togut Firm nor by any partner, counsel or associate thereof as to compensation in connection with the Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code. The Togut Firm has no agreement with any other entity to share with such entity any compensation received by the Togut Firm in connection with this Chapter 11 Case.

19. The Togut Firm further states pursuant to Bankruptcy Rule 2016(b) that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and

8

associates of the Togut Firm, or (b) any compensation another person or party has received or may receive.

20.   My partner, Frank A. Oswald, and I will be the partners primarily responsible for the representation of the Trustee, and we have read, and are fully familiar with:  (a) the Bankruptcy Code, and the current amendments thereto;  (b) the Bankruptcy Rules;  and (c) the Local Rules of this Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


                                           /s/ Albert Togut
                                            ALBERT TOGUT

Subscribed and sworn to before me
on this 13th day of June, 2022
in New York, New York

  /s/ Cynthia Juliano
      Notary Public

9