**Presentment Date:    July 5, 2022 at 12:00 p.m. (Eastern Time)**
**Objection Deadline:    July 5, 2022 at 11:00 a.m. (Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
Proposed Attorneys for Stephen S. Gray,
Not Individually But Solely in His
Capacity as Chapter 11 Trustee of
96 Wythe Acquisition LLC
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X
                                                                :
In re:                                                          :       Chapter 11
                                                                :       Case No. 21-22108 (RDD)
96 WYTHE ACQUISITION LLC,                                        :
                                                                :
                                    Debtor.                      :
                                                                :
--------------------------------------------------------------- X

## NOTICE OF PRESENTMENT OF PROPSED ORDER
## <u>APPROVING SETTLEMENT OF PERSONAL INJURY CLAIM</u>
### (PROOF OF CLAIM NO. 6 FILED BY GERSON MENCIA)

**PLEASE TAKE NOTICE** that upon the annexed application

(the "<u>Application</u>") of Stephen S. Gray, not individually but solely in his capacity as the

Chapter 11 trustee (the "<u>Trustee</u>") of the estate of 96 Wythe Acquisition LLC (the

"<u>Debtor</u>"), the undersigned will present the attached proposed order (the "<u>Proposed</u>

<u>Order</u>") approving the proposed *Stipulation and Order by and Among the Chapter 11*

*Trustee, the Debtor's Insurers and Claimant Gerson Mencia* (the "<u>Stipulation</u>") to the

Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy

Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), in his Chambers

at 300 Quarropas Street, White Plains, New York 10601-4140 on **July 5, 2022 at 12:00**

**p.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that responses and objections, if any,

to the Proposed Order and the Application must be in writing, conform to the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the

Bankruptcy Court for the Southern District of New York (the "Local Rules"), must set

forth the name and address of the objecting party, the nature of the claim or interest of

such party, the basis for the objection and the specific grounds thereof and include,

where appropriate, proposed language to be inserted in the Proposed Order to resolve

any such objection.

PLEASE TAKE FURTHER NOTICE that responses or objections, if any,

must also be filed with the Bankruptcy Court electronically in accordance with General

Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the

Bankruptcy Court's case filing system and by all other parties in interest, preferably in

Portable Document Format (PDF), Microsoft Word, or any other Windows-based word

processing format, with a hard copy delivered directly to the Chambers of the

Honorable Robert D. Drain, with copies served by email upon:  (i) Togut, Segal & Segal

LLP, proposed attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, New

York 10119, Attn: Frank A. Oswald (frankoswald@teamtogut.com) and Neil Berger, Esq.

(neilberger@teamtogut.com);  (ii) the United States Trustee for the Southern District of

New York, 201 Varick Street, Suite 10006, New York, New York 10014, Attn:  Greg M.

Zipes, Trial Attorney (Greg.Zipes@usdoj.gov),  (iii) Hecht, Kleeger & Samashek, co-

counsel to Plaintiff Gerson Mencia, 19 West 44th Street, Suite 1500, New York, New York

10036, Attn:  Jordan Hecht (hecht@lawyer1.com);  (iv) Rubin, Fiorella, Friedman &

Mercante LLP, counsel to State National Insurance Company, 630 Third Avenue, 3rd

Floor, New York, New York 10017, Attn: Kenneth Fiorella (kfiorella@rubinfiorella.com);

(v) Delahunt Law PLLC, counsel to RLI Insurance Company, 295 Main Street, Suite 836,

Buffalo, New York 14203, Attn: Timothy E. Delahunt (tdelahunt@delahuntpllc.com);

and (vi) parties required to be served under any applicable Bankruptcy Rule or Local

Rule, so as to be actually received by all of the foregoing parties no later than **11:00 a.m.,**

**on July 5, 2022 (Eastern Time)** (the "Objection Deadline").

          **PLEASE TAKE FURTHER NOTICE** that if no objections to the entry of

the Proposed Order are timely filed and served on or before the Objection Deadline, the

Proposed Order may be entered by the Court.

DATED:  New York, New York
         June 14, 2022

                    Stephen S. Gray, not individually but solely in
                    his capacity as Chapter 11 Trustee,
                    By His Attorneys,
                    TOGUT, SEGAL & SEGAL LLP
                    By:

                          */s/ Neil Berger*
                    ALBERT TOGUT
                    FRANK A. OSWALD
                    NEIL BERGER
                    One Penn Plaza, Suite 3335
                    New York, New York 10119
                    (212) 594-5000

TOGUT, SEGAL & SEGAL LLP
Proposed Attorneys for Stephen S. Gray,
Not Individually But Solely in His
Capacity as Chapter 11 Trustee of
96 Wythe Acquisition LLC
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                            :

In re:                            :        Chapter 11
                                          :        Case No. 21-22108 (RDD)

96 WYTHE ACQUISITION LLC,         :
                                          :

                     Debtor.      :
                                          :
------------------------------------------------------------- X

**CHAPTER 11 TRUSTEE'S MOTION
FOR AN ORDER PURSUANT TO RULES 3006 AND 9019
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
APPROVING SETTLEMENT OF PERSONAL INJURY CLAIM
(PROOF OF CLAIM NO. 6 FILED BY GERSON MENCIA)**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

         Stephen S. Gray, not individually but solely in his capacity as the Chapter

11 Trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor"), by

his proposed attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), hereby submits

this application (the "Application") for an Order approving the proposed *Stipulation and*

*Order by and Among the Chapter 11 Trustee, the Debtor's Insurers and Claimant Gerson*

*Mencia*  (the "Stipulation"), a copy of which is annexed hereto as Exhibit "1," which

resolves (a) a prepetition state court personal injury action for the recovery of damages

(the "Mencia Action") asserted by claimant Gerson Mencia ("Claimant") against the

Debtor and (b) the Debtor's objection to Proof of Claim No. 6 ("Claim No. 6") filed in

the Debtor's Chapter 11 case in the amount of $8 million.  The Trustee's declaration (the

"Trustee's Declaration") in support of the proposed settlement is annexed hereto as

Exhibit "2."

**PRELIMINARY STATEMENT**

The Trustee seeks entry of an order approving the Stipulation, the terms

of which represent a mediated settlement achieved under the supervision of the

Honorable Allen Hurken-Torres (Ret.) of JAMS (f/k/a/ Judicial Arbitration and

Mediation Services) (the "Mediator").

Under the terms of the Stipulation:  Claimant will accept $1.75 million (the

"Settlement Amount") in full and final satisfaction of Claim No. 6;  the Settlement

Amount will be paid by the Debtor's insurers, State National Insurance Company

("SNIC") and RLI Insurance Company ("RLI" and together with SNIC, the "Insurers")

at no cost to the Debtor's estate;  and Claim No. 6 will be withdrawn.

The Trustee has reviewed the terms of the Stipulation and has concluded

that they are in the best interests of the Debtor's estate.  He requests that the Stipulation

be approved by this Court.

**A.     The Personal Injury Claim and Available Insurance**

1.      Prior to the Petition Date (defined below), on or about July 29, 2016,

Claimant commenced the Mencia Action to recover personal injury damages and

related relief against the Debtor and Dimyon Development Corp. ("Dimyon") in the

Supreme Court of the State of New York, Kings County, under Index No. 513214/2016.

Dimyon was alleged to have owned or had an interest in the real property where the

Debtor's hotel is located (the "Real Property") when Claimant was injured.  Claimant

has asserted that while he was performing construction work at the Real Property, he suffered serious personal injuries, and he asserted that his injuries and damages were proximately caused by the negligence of the Debtor and Dimyon.

2.    At the time of the Accident, the Debtor maintained two insurance policies (collectively, the "Insurance Policies"):  (i) a primary insurance policy issued by SNIC, policy number PUG1200249 (the "Primary Policy");  and (ii) an excess policy issued by RLI, policy number RXL0261775 (the "Excess Policy").  For the policy period applicable to the Mencia Action, the Primary Policy has a limit of liability of $1 million per occurrence and $2 million in the aggregate for bodily injury and property damage claims, and the Excess Policy has a combined single limit of liability of $10,000,000.

**B.    The Debtor's Bankruptcy Case**

3.    On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  The commencement of the Debtor's Chapter 11 case stayed the Mencia Action pursuant to section 362(a) of the Bankruptcy Code.

4.    On May 25, 2021, Claimant filed Claim No. 6, and asserted an unsecured claim in the amount of $8 million based upon his claims in the Mencia Action.  On December 27, 2021, the Debtor objected to Claim No. 6 and sought to estimate it [Dkt. No. 248] (the "Claim Objection").  On January 19, 2022, Claimant filed an opposition to the Claim Objection [Dkt. No. 320], and on January 20, 2022, Claimant filed a motion for an order estimating Claim No. 6 and temporarily allowing it pursuant to Bankruptcy Rule 3018 [Dkt. No. 324].

**C.    The Debtor's Disputes with the Insurers**

5.    Prior to the Petition Date, the Debtor submitted claims for
insurance coverage to SNIC for the Mencia Action.  In response, SNIC issued several
coverage letters, ultimately providing a defense for the Debtor, but subject to certain
reservations of rights, including, but not limited to, SNIC's defenses relating to
Endorsement 17[1] of the Primary Policy, the aggregate limits of liability under the
Primary Policy, and the per-occurrence limit of the Primary Policy.  By letter dated July
22, 2020, RLI disclaimed coverage of the Mencia Action.

6.    On March 23, 2022, the Debtor commenced Adv. Pro. No.
22-07023 (RDD) (the "Insurance Adversary Proceeding") against SNIC and RLI,
seeking, among other things, a declaration that it is entitled to coverage under the
Insurance Policies for the claims asserted in the Mencia Action, and for other unrelated
claims.

7.    After the commencement of the Adversary Proceeding, the Debtor,
SNIC, RLI and Claimant (collectively, the "Parties") agreed to proceed with a non-
binding, supervised mediation (the "Mediation") to resolve, among other things:  (i) the
existence and extent of insurance coverage for the claim in the Mencia Action;  and
(ii) the value of Claim No. 6.

8.    During the Mediation held on May 16, 2022, and under the
supervision of the Mediator, the Parties engaged in negotiations concerning the
existence and extent of insurance coverage for the claims asserted in the Mencia Action,

---

[1]    Endorsement 17 described the construction project as "[the demolition of one (1) vacant commercial
building and the ground up construction of a seven (7) story, one hundred fifty-five (155) room hotel,
90,000 SQ FT located at:  96 Wythe Avenue Brooklyn, NY 11211."  According to a July 29, 2020
reservation of rights letter from SNIC, "[d]iscovery…revealed the project located at 96 Wythe Avenue
in Brooklyn was for the construction of a 10-story building."

4

and the value of Claim No. 6.  Following those negotiations, the Parties entered into a

stipulation to avoid further motion practice, delay and expense to the Debtor's estate.

**D.**     **Appointment of the Trustee**

9.     On May 27, 2022, the Bankruptcy Court entered the *Order Granting*

*Motion to Appoint a Chapter 11 Trustee* [Dkt. No. 591], and on May 31, 2022, the

Bankruptcy Court entered the *Order Approving the Appointment of Chapter 11 Trustee*,

which approved the Trustee's appointment [Dkt. No. 594].  The Trustee accepted his

appointment, duly qualified and he is acting as Trustee herein.

10.     The Trustee reviewed the Parties' stipulation and revised and

updated it to reflect, among other things, that the Trustee is now the party with

authority to enter into it on behalf of the Debtor and its estate.

**E.**     **The Proposed Settlement**

11.     As set forth above, the Parties reached the terms of the Stipulation

under the supervision of the Mediator.  The material terms of the proposed settlement

are:

> (i)     Claimant will accept payment of the Settlement
> Amount ($1.75 million) in full and final satisfaction of
> all of his claims in the Mencia Action and Claim No.
> 6;
>
> (ii)    the Settlement Amount will be paid by the Insurers:
> SNIC will pay $1 million, and RLI will pay $750,000;
>
> (iii)   Claim No. 6 will be withdrawn;
>
> (iv)    the Mencia Action will be discontinued;  and
>
> (v)     the Parties will exchange releases.

## BASIS FOR RELIEF REQUESTED
## AUTHORIZING APPROVAL OF SETTLEMENT

12.     Bankruptcy Rule 3006 provides, in pertinent part, that "[i]f after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding . . . the creditor may not withdraw the claim except on order of the court . . ." Fed R. Bankr. P. 3006.

13.     Bankruptcy Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is both (i) fair and equitable, and (ii) in the best interests of the debtor's estate.  *See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (applying the "fair and equitable" standard to settlements pursuant to Bankruptcy Rule 9019); *In re Enron Corp.*, Case No. 02 Civ. 8489 (AKH), 2003 WL 230838, at *2 (S.D.N.Y. Jan. 31, 2003) ("A bankruptcy court may approve a settlement where the proposed settlement is both fair and equitable and in the best interests of the estate.") (internal quotations and citations omitted).

14.     The Second Circuit has identified the following factors for a bankruptcy court's consideration in determining whether a proposed compromise and settlement is "fair and equitable":

> (1) the balance between the litigation's possibility of success and the settlement's future benefits;  (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment;  (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;  (4) whether other parties in

6

interest support the settlement;  (5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement;  (6) the nature and breadth of releases to be obtained by officers and directors;  and (7) the extent to which the settlement is the product of arm's length bargaining.

*In re Iridium Operating LLC*, 478 F.3d at 462 (internal quotations and citations omitted). Not all of these factors are relevant to all cases.  *See Plaza Equities LLC v. Pauker (In re Copperfield Invs., LLC)*, 401 B.R. 87, 96 (Bankr. E.D.N.Y. 2009).

15.     In addition, the bankruptcy court may exercise its discretion in determining whether to approve a settlement "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998);  *see Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) ("[T]he general rule [is] that settlements are favored and, in fact, encouraged . . . .").

16.     Based on the foregoing principles, bankruptcy courts within the Second Circuit will approve a proposed compromise or settlement if it does not fall "below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (internal quotations and citations omitted); *see Nisselson v. Carrol (In re Altman)*, 302 B.R. 424, 425 (Bankr. D. Conn. 2003).

17.     The Trustee respectfully submits that the relevant factors set forth above support a finding that the proposed settlement of the Mencia Action based upon the terms set forth in the Stipulation is fair and equitable, and in the best interests of the Debtor's estate and should be approved.

18.     Without making any admission or waiver of any claim or defense in favor of the Debtor and its estate, the Trustee observes that there is a risk a jury could find in favor of the Claimant in an amount in excess of the Settlement Amount and the

limits of insurance contained in the Insurance Policies, making the outcome of a trial in the Mencia Action uncertain.  Moreover, trials of the Mencia Action and the Insurance Adversary Proceeding would increase costs of this estate, distract the Trustee and current employees of the Debtor as they focus on a path to resolve this Chapter 11 case, and delay recoveries to the Debtor and its creditors.

19.    The proposed settlement:  (i) obviates the risk of further litigation in both the Mencia Action and the Insurance Adversary Proceeding;  (ii) avoids the cost and expense associated with a trial and/or evidentiary hearing;  and (iii) facilitates the withdrawal of an $8 million claim against the Debtor's estate.[2]

20.    Based upon the foregoing, the Trustee respectfully submits that the "paramount" interests of creditors are served by this proposed settlement and approval of same.  *See In re Purofied Down Products Corp.*, 150 B.R. 519, 522 (Bankr. S.D.N.Y. 1993).

21.    Based upon the factors described above, the Trustee, in the exercise of his business judgment, has concluded that the proposed settlement set forth in the Stipulation is in the best interests of the Debtor's estate.

## NOTICE

22.    Notice of this Application and the proposed Order has been given by first-class regular mail to:  (i) bankruptcy co-counsel for the Debtor;  (ii) all of the Debtor's known creditors;  (iii) Claimant;  (iv) the Insurers;  (v) the United States Trustee;  and (vi) all parties which have filed a notice of appearance in this case.  The Trustee submits that no other or further notice need be given.

---

[2]    General unsecured claims filed in the Debtor's case as of the date hereof total approximately $27 million.  Consequently, this proposed settlement will result in a material reduction of the amount of general debt asserted in this case.

23.    No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court grant the relief sought herein, enter an Order approving the Stipulation, and grant such other and further relief as the Court may deem to be just and proper.

DATED:    New York, New York
          June 13, 2022

STEPHEN S. GRAY, not individually but
solely in his capacity as Chapter 11 Trustee,
By his Proposed Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
A Member of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000

**EXHIBIT 1**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Proposed Counsel for the*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No.: 21-22108 (RDD)<br><br>Related Dkt. No. 252 |

**STIPULATION AND ORDER BY AND AMONG THE CHAPTER 11**
**TRUSTEE, THE DEBTOR'S INSURERS AND CLAIMANT GERSON MENCIA**

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof by and among Stephen S. Gray, the Chapter 11 Trustee (the "Trustee") of 96 Wythe Acquisition LLC (the "Debtor"), State National Insurance Company ("SNIC"), RLI Insurance Company ("RLI"), and claimant Gerson Mencia ("Mencia"), by and through their respective undersigned counsel (the Trustee, Mencia, SNIC and RLI, together, the "Parties"):

**Recitals**

A.    On or about July 29, 2016, Mencia commenced an action to recover personal injury and related claims against the Debtor and Dimyon Development Corp. ("Dimyon") in the Supreme Court of the State of New York, Kings County, under Index No. 513214/2016 (the "Mencia Action") and Mencia filed Proof of Claim No. 6 (the "Claim") to evidence his claims in the Mencia Action.

B.      The Debtor maintained two insurance policies (collectively, the "Insurance Policies"): (i) a primary insurance policy with SNIC, policy number PUG1200249 (the "Primary Policy") and (ii) an excess policy with RLI, policy number RXL0261775 (the "Excess Policy"). For the policy period applicable to the Mencia Action, the Primary Policy has a limit of liability of $1 million per occurrence and $2 million in the aggregate for bodily injury and property damage claims, and the Excess Policy has a combined single limit of liability of $10,000,000.

C.      On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Mencia Action was stayed by operation of section 362(a) of the Bankruptcy Code.

D.      On May 25, 2021, Mencia filed the Claim, asserting that it is entitled to an unsecured claim in the amount of $8,000,000 relating to the claims asserted in the Mencia Action. On December 27, 2021, the Debtor objected to the Claim and sought to estimate the Claim [Dkt. No. 248] (the "Claim Objection"). On January 19, 2022, Mencia filed an opposition to the Claim Objection [Dkt. No. 320] and on January 20, 2022 filed a motion for an order pursuant to Bankruptcy Rule 3018 [Dkt. No. 324].

E.      Before the Petition Date, the Debtor submitted claims for insurance coverage to SNIC for the Mencia Action, as well as for other claims.

F.      In response to the Debtor's claims for insurance coverage for the Mencia Action and other unrelated actions, SNIC issued several coverage letters, ultimately providing defenses to the Debtor subject to certain reservations of rights, including, but not limited to, SNIC's defenses relating to Endorsement 17 of the Primary Policy, the aggregate limits of liability under the

2

Primary Policy, and the per-occurrence limit of the Primary Policy.  By letter dated July 22, 2020, RLI disclaimed coverage of the Mencia Action and other unrelated actions.

G.    On March 23, 2022, the Debtor filed an adversary proceeding, Adv. Pro. No.: 22-07023-RDD (the "Adversary Proceeding"), against, among others, SNIC and RLI, seeking, among other things, a declaration that it is entitled to insurance coverage under the Insurance Policies for the claims asserted in the Mencia Action, as well as for other unrelated claims.

H.    Subsequent to the filing of the Adversary Proceeding, the Debtor, SNIC, RLI and Mencia (collectively, the "Adversary Proceeding Parties") agreed to proceed with a non-binding mediation process (the "Mediation") to resolve, among other things (i) the existence and extent of insurance coverage for the claim at issue in the Mencia Action , and (ii) the value of the Claim.

I.    During the Mediation held on May 16, 2022, the Adversary Proceeding Parties engaged in extensive good faith discussions concerning the existence and extent of insurance coverage for the claim at issue in the Mencia Action  and the value of the Claim, and thereafter agreed to enter into this Stipulation and Order as set forth below in order to avoid further motion practice, unnecessary expense and delay.  As such, the Adversary Proceeding Parties have agreed to enter into and now jointly submit this Stipulation and Order, together with the Trustee.

J.    On May 27, 2022, the Bankruptcy Court entered the *Order Granting Motion to Appoint a Chapter 11 Trustee* [Dkt. No. 591], and on May 31, 2022, the Bankruptcy Court entered the *Order Approving the Appointment of Chapter 11 Trustee*, which approved the Trustee's appointment herein [Dkt. No. 594].

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED:**

1.    The above recitals are incorporated herein in their entirety.

2.      This Stipulation shall become effective when an order of the Bankruptcy Court (the "Approval Order") becomes final (the "Effective Date").  The Trustee will promptly seek entry of the Approval Order.  Between the date when the Parties hereto sign this Stipulation and the Effective Date, they agree that they are bound by the terms contained herein and that they shall not do anything contrary to the terms set forth herein and they shall support entry of the Approval Order.

3.      The Claim held by Mencia represented by proof of claim number 6 is deemed withdrawn with prejudice.

4.      In full and final satisfaction and release of all claims that were asserted or could have been asserted in the Mencia Action, the Claim and/or with respect to or arising out of the injury at issue in the Mencia Action,  Mencia shall receive a settlement payment in the total amount of One Million, Seven Hundred Fifty Thousand Dollars and No Cents ($1,750,000.00) (the "Settlement Amount") to be paid as follows: (i) SNIC shall pay Mencia the amount of One Million Dollars and No Cents ($1,000,000.00) on behalf of the Debtor and Dimyon and (ii) RLI shall pay Mencia the amount of Seven Hundred Fifty Thousand Dollars and No Cents ($750,000.00) on behalf of the Debtor and Dimyon.  Mencia agrees to accept the Settlement Amount in full and final satisfaction and release of all claims asserted against the Debtor and Dimyon and of all claims asserted in the Mencia Action and the Claim.

5.      The resolution described in Paragraphs 2 through 4 hereof shall incorporate and result in the full and final release of all claims by Mencia against the Debtor, SNIC and RLI relating to the Claim, the Mencia Action and the Adversary Proceeding (solely as such Adversary Proceeding relates to insurance coverage for the Claim and the Mencia Action).

6.      The terms of this Stipulation and Order shall be deemed to fully resolve any and all claims (as defined in section 101(5) of the Bankruptcy Code) that Mencia asserts or may have against the Debtor and its estate, SNIC and RLI.   Mencia hereby agrees not to assert any additional claims in connection with this Chapter 11 case or against SNIC or RLI, and any such additional claims filed by or on behalf of Mencia shall be deemed immediately expunged without any further order of the Bankruptcy Court.

7.      The Parties, including the Trustee on behalf of himself and the Debtor's estate, release each other and their respective officers, directors, subsidiaries, divisions, parent corporations, predecessors, successors, affiliates, agents, managers, attorneys, and anyone acting on behalf of such Parties from any and all claims, demands, rights, liabilities or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, that are based upon, related to or arise out of or in connection with the Claim, the Mencia Action and the Adversary Proceeding (solely as such Adversary Proceeding relates to insurance coverage for the Claim and the Mencia Action), including, without limitation,  any claim relating to or arising in connection with the handling and determination of the Debtor's claims for insurance coverage, and/or any act, fact, transaction, occurrence, statement, or omission in connection with, or alleged or that could have been alleged in connection with, the Claim, the Mencia Action and the Adversary Proceeding (solely as such Adversary Proceeding relates to insurance coverage for the Claim and the Mencia Action).

7.      Within seven (7) business days after the Effective Date, counsel for Mencia shall provide the Parties a general release, a standard hold-harmless agreement, W-9 and stipulation of discontinuance with prejudice for the State Court Action with respect to the Mencia Action,

5

without costs or disbursements to any Party, and the Settlement Amount shall be paid pursuant to Section 5003-a of the Civil Practice Law & Rules ("CPLR").

8.      The Parties acknowledge and agree that the settlement constitutes the compromise of a disputed claim, made without any admission of liability by the Debtor, SNIC or RLI.  The Parties acknowledge and agree that the settlement of the coverage claims in connection with the Mencia Action does not constitute, and is not to be construed as, an admission of coverage for the Mencia Action or any other matters.  Neither this Stipulation and Order, nor any actions taken pursuant hereto, shall affect the rights of the Debtor, SNIC or RLI to assert any claims or defenses under the Insurance Policies with respect to claims other than the Claim and the Mencia Action.

9.      This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.  A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original.

10.     This Stipulation and Order may not be modified, amended, altered, changed or waived, except in a writing signed by all Parties.

11.     Each of the Parties to this Stipulation and Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Order, and that it has  full knowledge of and has consented to this Stipulation and Order.

12.     The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

13.     This Stipulation and Order is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained.

14.     In the event that this Stipulation and Order is not approved by the Court, this

Stipulation and Order shall not be binding on any Party and the Parties shall be restored to their

respective pre-settlement postures with regards to the Chapter 11 proceeding and the State Court

Action.

Dated:  June 10, 2022
New York, New York

Respectfully submitted,

By:  _/s/ Neil Berger_____
Albert Togut
Frank A. Oswald
Neil Berger
**TOGUT, SEGAL & SEGAL LLP**
One Penn Plaza, Suite 3335
New York, New York  10119
Telephone:  (212) 594-500
Facsimile:  (212)
Email: altogut@teamtogut.com
         frankoswald@teamtogut.com
         neilberger@teamtogut.com

*Proposed Counsel for the Trustee*

By:  _/s/ Jordan Hecht_____
Jordan Hecht
**HECHT, KLEEGER & DAMASHEK**
19 West 44th Street – Suite 1500
New York, New York 10036
Telephone: (212) 490-5700
Email: hecht@lawyer1.com

*Co-Counsel to Plaintiff Gerson Mencia*

By:  _/s/ Kenneth Fiorella_____
Kenneth Fiorella
**RUBIN, FIORELLA, FRIEDMAN &
MERCANTE LLP**
630 Third Avenue, 3rd Floor
New York, New York 10017
Telephone:  (212) 953-2381
Facsimile:  (212) 953-2462
Email: kfiorella@rubinfiorella.com

*Counsel to State National Insurance
Company*

By:  _/s/ Timothy E. Delahunt_____
Timothy E. Delahunt
**DELAHUNT LAW PLLC**
295 Main Street, Suite 836
Buffalo, New York 14203
Telephone: (716) 878-9178
Facsimile: (716) 878-9179
Email: tdelahunt@delahuntpllc.com

*Counsel to RLI Insurance Company*

**IT IS SO ORDERED**
on this _____ day of _____, 2022
White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

TOGUT, SEGAL & SEGAL LLP
Proposed Attorneys for Stephen S. Gray,
Not Individually But Solely in His
Capacity as Chapter 11 Trustee of
96 Wythe Acquisition LLC
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                          :

In re:                              :         Chapter 11
                                         :         Case No. 21-22108 (RDD)

96 WYTHE ACQUISITION LLC,      :

                                         :

                          Debtor.      :

                                         :
------------------------------------------------------------ X

### DECLARATION OF STEPHEN S. GRAY
### IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION
### FOR AN ORDER PURSUANT TO RULES 3006 AND 9019 OF
### THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
### <u>APPROVING SETTLEMENT OF PERSONAL INJURY CLAIM</u>
### (PROOF OF CLAIM NO. 6 FILED BY GERSON MENCIA)

Pursuant to 28 U.S.C. § 1746, I, Stephen S. Gray, declare:

1.       I am the Chapter 11 Trustee of the Debtor.

2.       I submit this declaration (the "<u>Declaration</u>") in support of the

*Chapter 11 Trustee's Motion for an Order Pursuant to Rules 3006 and 9019 of the Federal*

*Rules of Bankruptcy Procedure Approving Settlement of Personal Injury Claim (Claim No. 6*

*Filed by Gerson Mencia)* (the "<u>Motion</u>"), filed contemporaneously herewith.[1]

3.       Except as otherwise set forth herein, all statements in this

Declaration are based on my personal knowledge, familiarity with the Debtor's

---

[1] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

business operations, my privileged communications with the Togut Firm, and/or my review of relevant documents.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.

4.      Following a review of, among other items, the pleadings in the Mencia Action, Claim No. 6, and the pleadings in the Insurance Adversary Proceeding by my attorneys and having conferred with them regarding those items, I believe that the proposed settlement set forth in the Stipulation is fair and equitable and in the best interests of the Debtor's estate.

5.      There is as risk a jury could find in favor of the Claimant in an amount in excess of the Settlement Amount and the coverage limits contained in the Insurance Policies in the Mencia Action, making the outcome of a trial uncertain. Moreover, success or a near term resolution of the Insurance Adversary proceeding as it relates to the Mencia Action and Claim No. 6 is also uncertain.  Moreover, continued litigation of the Mencia Action and the Insurance Adversary Proceeding would increase the duration and costs of this case and would distract efforts to find a path to resolve this Chapter 11 case.

6.      Importantly, the terms of the Stipulation are the product of the Parties' negotiations, which took place under the supervision of the Mediator.

7.      Based on my consideration of the facts and circumstances of this Chapter 11 Case, I have concluded, in the careful exercise of my business judgment, that the Stipulation is in the best interests of the Debtor's estate, because the Stipulation fully and finally satisfies Claim No. 6 at no cost to the bankruptcy estate, results in a material reduction of the amount of general claims asserted in this case, avoids costly motion practice, avoids delay of recoveries to the Debtor and its creditors, and allows my professionals and me to focus on a path to resolve this Chapter 11 case.

8.    Based upon the foregoing, I respectfully submit that the proposed settlement set forth in the Stipulation is fair and equitable, and in the best interests of the Debtor's estate.

Dated:    New York, New York
          June 13, 2022

                                        /s/ Stephen S. Gray
                                        STEPHEN S. GRAY
                                        Not Individually But Solely in His
                                        Capacity as Chapter 11 Trustee