**Hearing Date: August 2, 2022, at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: July 26, 2022, at 4:00 p.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| 96 Wythe Acquisition, LLC, | : | |
| | : | Case No. 21-22108 (SHL) |
| Debtor. | : | |
| | : | |

-------------------------------------------------------------x

### NOTICE OF ZOOM HEARING ON
### TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER
### AUTHORIZING REJECTION OF MANAGEMENT AGREEEMEENTS

**PLEASE TAKE NOTICE** that a hearing will be held on **August 2, 2022, at 10:00 a.m. (ET)** (the "Hearing Date"), before the Honorable Sean H. Lane, United States Bankruptcy Judge, to consider the annexed Motion[1] of Stephen S. Gray, not individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor"), for entry of an order (the "Order"), a true and complete copy of which is annexed to the Motion as Exhibit A, authorizing the Trustee to reject the Management Agreements.

**PLEASE TAKE FURTHER NOTICE THAT** in light of the COVID-19 pandemic, the Hearing will take place via Zoom for Government. Those wishing to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

appear before the Court at the Hearing, must register their appearance utilizing the

Electronic Appearance portal located on the Court's website:

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Appearances must be

entered no later than <u>4:00 p.m. (Prevailing Eastern Time) one business day before the</u>

<u>hearing.</u>

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Order must be

made in writing and conform with the requirements of the Bankruptcy Code, the

Bankruptcy Rules, and the Local Bankruptcy Rules, and be filed with the Clerk of the

Bankruptcy Court at the address set forth above, with a copy delivered directly to

Bankruptcy Judge Lane's Chambers, and served upon the undersigned proposed

attorneys for the Trustee, so as to be filed and actually received by all of them not later

than July 26, 2022 at 4:00 p.m. (the "<u>Objection Deadline</u>").

**PLEASE TAKE FURTHER NOTICE THAT** if no objections to the entry of

the Proposed Order are timely filed and served on or before the Objection Deadline, the

Proposed Order may be entered by the Court.

*[remainder of page intentionally left blank]*

**PLEASE TAKE FURTHER NOTICE** that, you may also obtain copies of any

pleadings by visiting the Court's website at https://www.nysb.uscourts.gov in

accordance with the procedures and fees set forth therein.

DATED:   July 15, 2022
         New York, New York

                                        STEPHEN S. GRAY
                                        Not Individually But Solely in His
                                        Capacity as Chapter 11 Trustee
                                        By His Attorneys,
                                        TOGUT, SEGAL & SEGAL LLP
                                        By:

                                        */s/ Neil Berger*
                                        ALBERT TOGUT
                                        FRANK A. OSWALD
                                        NEIL BERGER
                                        One Penn Plaza, Suite 3335
                                        New York, New York 10119
                                        (212) 594-5000

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| 96 WYTHE ACQUISITION LLC, | : | Case No. 21-22108 (SHL) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

------------------------------------------------------------------x

### CHAPTER 11 TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING REJECTION OF MANAGEMENT AGREEMENTS

# **TABLE OF CONTENTS**

JURISDICTION AND VENUE ................................................................................................ 1

BACKGROUND .................................................................................................................... 2

THE MANAGEMENT AGREEMENTS ................................................................................ 3

RELIEF REQUESTED ........................................................................................................... 5

BASIS FOR RELIEF ............................................................................................................. 5

NOTICE ............................................................................................................................... 10

RESERVATION OF RIGHTS .............................................................................................. 10

NO PRIOR REQUEST ........................................................................................................ 10

CONCLUSION .................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*BP Energy Co. v. Bethlehem Steel Corp.*, Case No. 02-6419, 2002 WL 31548723
(S.D.N.Y. Nov. 15, 2002) ........................................................................................... 9

*In re Ames Dep't Stores, Inc.*, 306 B.R. 43 (Bankr. S.D.N.Y. 2004) ............................... 6

*In re At Home Corp.*, 392 F.3d 1064 (9th Cir. 2004) ...................................................... 10

*In re CCI Wireless, LLC*, 297 B.R. 133 (D. Colo. 2003) ................................................ 10

*In re Jamesway Corp.*, 179 B.R. 33 (S.D.N.Y. 1995) ....................................................... 9

*In re Jamesway Corp.*, 179 B.R. at 33 ............................................................................. 10

*In re Klein Sleep Prods., Inc.*, 78 F.3d 18 (2d Cir. 1996) ................................................. 6

*In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993). .................................................. 6

*In re Riodizio, Inc.*, 204 B.R. 417 (Bankr. S.D.N.Y. 1997) (SMB) ................................. 7

*In re Rupari Holding Corp.*, Case No. 17-10793, 2017 WL 5903498
(Bankr. D. Del. Nov. 28, 2017) .................................................................................... 9

*In re Stable Mews Assoc., Inc.*, 41 B.R. 594 (Bankr. S.D.N.Y. 1984) (HCB) .................. 7

*In re Summit Land Co.*, 13 B.R. 310 (Bankr. D. Utah 1981) ............................................ 7

*In re The Great Atlantic & Pacific Tea Company, Inc.*, 544 B.R. 43
(Bankr. S.D.N.Y. 2016) ................................................................................................ 6

*In re Thinking Machs. Corp.*, 67 F.3d 1021 (1st. Cir. 1995) ............................................ 9

*In re Trans World Airlines, Inc.*, 261 B.R. 103 (Bankr. D. Del. 2001) ............................ 7

*NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984) .......................................................... 6

*Westbury Real Estate Ventures v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*,
194 B.R. 555 (Bankr. S.D.N.Y. 1996) ......................................................................... 7

**Statutes**

*11 U.S.C. § 1104* .............................................................................................................. 2

11 U.S.C. § 365 ................................................................................................................. 6

28 U.S.C. § 1334 ............................................................................................................... 1

28 U.S.C. § 1409 ............................................................................................................... 1

28 U.S.C. § 157 ................................................................................................................. 1

28 U.S.C. §§1408 ............................................................................................................. 1

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

      Stephen S. Gray, not individually but solely in his capacity as the Chapter

11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor"), by

his attorneys, Togut, Segal & Segal LLP, hereby submits this application (the "Motion")

for entry of an order, substantially in the form annexed hereto as **Exhibit A**

(the "Proposed Order"), pursuant to section 365(a) of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 6006-1(a) of the Local Bankruptcy Rules for the Southern

District of New York (the "Local Rules"), authorizing the Trustee to reject the

Management Agreements (as defined below).  In support of this Motion, the Trustee

submits his declaration, a copy of which is annexed hereto as **Exhibit B** (the

"Declaration"), which is incorporated herein by reference.  In further support of this

Motion, the Trustee, by and through his counsel, respectfully represents:

### JURISDICTION AND VENUE

      1.    This United States Bankruptcy Court for the Southern District of

New York (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31,

2012 (Preska, C.J.) (the "Amended Standing Order").  This is a core proceeding under

28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and

1409.

      2.    The Trustee confirms his consent, pursuant to Bankruptcy

Rule 7008, to the entry of a final order by the Court in connection with the Motion to

the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.    The predicates for the relief requested herein are section 365(a) of the Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 6006-1(a).

## BACKGROUND

4.    On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5.    No official committee of unsecured creditors has been appointed in this Chapter 11 case (the "Chapter 11 Case").

6.    On October 15, 2021, Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street" or "Secured Lender") filed its *Motion to Appoint an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Dkt. No. 147], which was granted by the Court on November 8, 2021 by entry of the *Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Dkt. No. 178], which order was subsequently amended on November 23, 2021 by entry of the *Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Dkt. No. 193] and on December 14, 2021 by entry of the *Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Dkt. No. 224].

7.    On November 16, 2021, the Court entered the *Order Approving Appointment of Examiner* [Dkt. No. 186], and Eric M. Huebscher was appointed as the examiner (the "Examiner") in this Chapter 11 Case.

8.    On February 28, 2022, the Examiner issued his report (the "Examiner Report") [Dkt. No. 418] wherein the Examiner found that there were

2

sufficient grounds to appoint a trustee.  On March 21, 2022, the Examiner issued a

supplemental report [Dkt. No. 465].

9.    On March 28, 2022, Benefit Street filed its *Renewed Motion for the

*Appointment of a Chapter 11 Trustee Based on Continuing Malfeasance* [Dkt. No. 476] and

on March 31, 2022 the United States Trustee filed its *Motion for an Order Directing the*

*Appointment of a Chapter 11 Trustee* [Dkt. No. 491], raising concerns of potential

impropriety on behalf of the Debtor's management and requesting the appointment of

a Chapter 11 trustee.

10.    Following evidentiary hearings conducted on May 17 and 25, 2022

and post-hearing oral argument on May 26, 2022 (the "May 26 Hearing Transcript")

[Dkt. No. 598], on May 27, 2022 the Court entered its *Order Granting Motions to Appoint*

*a Chapter 11 Trustee* [Dkt. No. 591].

11.    On May 31, 2022, the United States Trustee filed his *Notice of*

*Appointment of Chapter 11 Trustee* [Dkt. No. 592] and filed an application for the

appointment of a Chapter 11 trustee [Dkt. No. 593], subject to Court approval.

12.    The Court entered its *Order Granting the Application for Appointment*

*of Chapter 11 Trustee* [Dkt. No. 594] approving the appointment of the Trustee on May

31, 2022.

## THE MANAGEMENT AGREEMENTS

13.    There are two (2) so-called management agreements at issue in this

case – one of which is disputed (and invalid):  (i) the *purported* Hotel Management

Service Agreement, dated November 21, 2017 (the "Purported November

Agreement") between the Debtor and Williamsburg Hotel BK LLC (the "Manager")

and (ii) the Hotel Management Agreement, dated December 13, 2017 (the "December

3

Agreement," together with the Purported November Agreement, the "Management Agreements") among the Debtor, Benefit Street, and the Manager.[1] *See* Examiner Report Exhibits 3 and 4.

14.    The Management Agreements purport to govern the management of the Williamsburg Hotel (the "Hotel") and the corresponding relationship between the Debtor, the Manager, and Benefit Street and provide that the Manager would manage and operate the Hotel pursuant to the corresponding fee arrangements.

15.    Toby Moskovits and Michael Lichtenstein, the Debtor's principals (the "Principals"), are the indirect owners of both the Debtor and the Manager.  *See* Examiner Report at 4.  Toby Moskovits is the signatory of the Management Agreements on behalf of the Debtor and Michael Lichtenstein is the signatory for the Management Agreements on behalf of the Manager.  *See* Examiner Report Exhibits 3 and 4.

16.    The Debtor did not disclose the Management Agreements in its schedules of assets and liabilities [Dkt. No. 31] or in its amended schedules [Dkt. Nos. 205 & 411].

17.    In the Examiner Report, the Examiner concluded that, while the December Agreement appears to be the operative agreement governing the management of the Hotel, there is no evidence that the fee arrangements

---

[1]    The December Agreement was attached as Exhibit A to the Assignment of Hotel Management Agreement and Subordination of Hotel Management Fees, signed by the Debtor, Manager and Benefit Street (the "Assignment Agreement").  Pursuant to the Assignment Agreement, the Debtor assigned the December Management Agreement to Benefit Street in connection with the closing of the 2017 prepetition loan transaction between Debtor and Benefit Street.  Under the Assignment Agreement, the Manager subordinated its interest to the Hotel Management Fees (as defined in the Assignment Agreement) to repayment of Benefit Street.  For avoidance of doubt, the Trustee does not hereby seek to reject the Assignment Agreement or any of Benefit Street's rights thereunder, as may be modified by or subject to the Bankruptcy Code.

contemplated in the Management Agreements "[were] ever implemented." Examiner Report at 18. Rather, the Manager "simply obtained all of the hotel's revenues and determined their disposition." *Id.*

18.    In holding that sufficient cause existed to appoint a Chapter 11 trustee, the Court held that the Principals attempted to mislead the Court by "creating documents after the fact" and cast doubt on the legitimacy of the Purported November Agreement, which was only presented by the Debtor at the time of a cash management dispute in this case. *See* May 26 Hearing Transcript at 122:15-20.

19.    Now that the Trustee has taken over management of the Debtor's operations and affairs, the estate has no need for the Management Agreements from and after the date of the Trustee's appointment. Indeed, following the Trustee's appointment, the Manager is not authorized to exercise any management activities on behalf of, or for, the Debtor.

## RELIEF REQUESTED

20.    The Trustee seeks entry of the Proposed Order pursuant to section 365(a) of the Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 6006-1(a), authorizing the Trustee to reject the Management Agreements effective as of the date of my appointment as Trustee (i.e. May 31, 2022).

## BASIS FOR RELIEF

**A.    The Trustee Should Be Authorized to Reject the Management
Agreements Pursuant to Section 365(a) of the Bankruptcy Code**

21.    Section 365(a) of the Bankruptcy Code provides that a "trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The purpose of rejection of executory contracts is to permit the trustee or the debtor-in-possession to renounce

title to and abandon burdensome property. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993).

22.    A trustee's determination to reject an executory contract is governed by the "business judgment" standard. *See In re The Great Atlantic & Pacific Tea Company, Inc.*, 544 B.R. 43, 48 (Bankr. S.D.N.Y. 2016); *Orion Pictures*, 4 F.3d at 1098–99; *In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51 (Bankr. S.D.N.Y. 2004); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *In re Klein Sleep Prods., Inc.*, 78 F.3d 18, 25 (2d Cir. 1996) (same). The business judgment standard requires a court to approve a decision to reject an executory contact unless that decision is the product of bad faith, whim, or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *Westbury Real Estate Ventures v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997).

23.    Rejection of an unexpired lease or executory contract is appropriate where, in a trustee's business judgment, such rejection would benefit the estate. *See Orion Pictures*, 4 F.3d at 1098-99; *In re Stable Mews Assoc., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984) (HCB); *In re Riodizio, Inc.*, 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) (SMB) (proponent "must demonstrate whether assumption or rejection confers a net benefit on the estate").

24.    Upon finding that a trustee has exercised sound business judgment in determining that rejection of contracts or leases is in the best interests of a debtor's estate and all stakeholders, a court should approve the rejection pursuant to section 365(a) of the Bankruptcy Code. *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a

debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

25.    The Trustee has ample justification to reject the Management Agreements.  The May 26 Hearing Transcript, the Examiner Report, and the Debtor's books and records all demonstrate that the terms of the Management Agreements were never fully implemented by the Debtor, and that the Purported November Agreement may have been fraudulently prepared and produced by the Debtor's prior management.[2]  Furthermore, the Trustee has no need for the Management Agreements now that he has taken over management of the Debtor's operations and business affairs.

26.    As a result of the foregoing, the Management Agreements provide no tangible benefit and are unnecessary for the Trustee's administration of the Debtor's estate.  Further, any uncertainty concerning the opportunity for the Debtor's prior management to exercise any managerial control of the Debtor's estate or to assert administrative expense claims on account of the Management Agreements should be eliminated.  Termination of the Management Agreements is consistent with the Trustee's attempts to preserve the Debtor's assets for the benefit of its estate and is a proper exercise of the Trustee's business judgment.

27.    For all of the foregoing reasons, the Trustee requests that he be authorized to reject the Management Agreements.

---

[2]    By seeking to reject the Purported November Agreement, nothing herein constitutes an admission by the Trustee or the Debtor's estate as to the validity of such agreement.  Rejection is sought solely in the exercise of caution and not as a concession of the legitimacy of this alleged agreement.

**B.    The Trustee Should Be Authorized to Reject the Management
Agreements *Nunc Pro Tunc* to the Date the Trustee was Appointed**

28.    The Proposed Order provides that the rejection of the Management

Agreements will be effective *nunc pro tunc* to May 31, 2022, the date that the United

States Trustee appointed the Trustee.

29.    Many courts have held that they may authorize contract rejections

retroactively when the balance of equities favor such relief.  *See BP Energy Co. v.

Bethlehem Steel Corp.*, Case No. 02-6419, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15,

2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive

rejection date falls outside of its authority when the balance of the equities favors this

solution.");  *In re Rupari Holding Corp.*, Case No. 17-10793, 2017 WL 5903498, at *6

(Bankr. D. Del. Nov. 28, 2017) (authorizing rejection *nunc pro tunc* to the closing date

of the Debtors' sale);  *In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028 (1st. Cir. 1995)

("[B]ankruptcy courts may enter retroactive orders of approval, and should do so

when the balance of equities preponderates in favor of such remediation.");  *see also, In

re Jamesway Corp.*, 179 B.R. 33, 36–37 (S.D.N.Y. 1995) (stating that section 365 does not

include "restrictions as to the manner in which the court can approve rejection");  *see

also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365

"does not prohibit the bankruptcy court from allowing the rejection of leases to apply

retroactively").

30.    In considering whether to approve retroactive rejection, courts

examine a number of factors, including (i) the costs that a delayed rejection date

would otherwise impose on a debtor, *In re Jamesway Corp.*, 179 B.R. at 33, (ii) the

absence of delay on the part of the debtor in moving for rejection, *In re At Home Corp.*,

392 F.3d 1064, 1073 (9th Cir. 2004), (iii) the date when the property was vacated or

8

surrendered by the debtor, *Id.* at 1074, and (iv) any other factors of equity that are applicable to the facts, *Thinking Machs.*, 67 F.3d at 1029 n. 9 ("we eschew any attempt to spell out the range of circumstances that might justify the use of a bankruptcy court's equitable powers in this fashion").[3]

31.    The Trustee respectfully submits that approval of *nunc pro tunc* relief is warranted here based on a balancing of the equities regarding the Management Agreements.  The Trustee has promptly sought the rejection of the Management Agreements following his efforts to understand and take control of the Debtor's operations and affairs.  He has concluded that the Management Agreements provide no benefit to the Debtor's estate.  Absent *nunc pro tunc* relief, there could remain uncertainty concerning the opportunity for the Debtor's prior management, which the Court has deemed untrustworthy as fiduciaries to the Debtor, to exercise managerial control over the Debtor and its estate, and to attempt to assert administrative expense claims on account of the Management Agreements.  Under those scenarios, the Debtor and its estate would be inequitably disadvantaged.

32.    Based upon all of the foregoing, the Trustee, in the exercise of his considered business judgment, has concluded that rejection of the Management Agreements, *nunc pro tunc* to May 31, 2022, is in the best interests of the Debtor and its estate.

---

[3]    The Trustee is aware of the recent United States Supreme Court decision *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696 (2020) that discussed, among other things, the appropriateness of certain *nunc pro tunc* relief in the unique context of competing forums and unclear jurisdiction.  Viewed in this light, *Acevedo* should not be read to affect *nunc pro tunc* orders where, as here, the court plainly has jurisdiction over this Chapter 11 Case as of the Petition Date.  Moreover, courts have continued to routinely approve *nunc pro tunc* relief following *Acevedo*.  *See, e.g.*, In re *LATAM Airlines Grp. S.A.*, Case No. 11254 (JLG) (Bankr. S.D.N.Y. June 28, 2020) [Docket No. 391]; *In re Craftworks Parent, LLC*, Case No. 20-10475 (BLS) (Bankr. D. Del. Apr. 2, 2020) [Docket No. 246]; *In re Art Van Furniture, LLC*, Case No. 20-10553 (CSS) (Bankr. D. Del Apr. 3, 2020) [Docket No. 243]; *In re Astria Health*, Case No. 19-01189-11 (WLH) (Bankr. E.D. Wash. Mar. 27, 2020) [Docket No. 1146].

## NOTICE

33.    Notice of this Motion and its exhibits have been given to (the "Notice Parties"):  (i) the United States Trustee for the Southern District of New York;  (ii) counsel for the Debtor;  (iii) counsel for the Examiner;  (iv) Benefit Street Operating Partnership, L.P.;  (v) Williamsburg Hotel BK LLC;  (vi) all parties and signatories to the Management Agreements;  and (vii) all parties who have filed a Notice of Appearance in this Chapter 11 Case.  The Trustee respectfully submits that, under the circumstances, no other or further notice is required.

## RESERVATION OF RIGHTS

34.    While the Trustee has concluded that the Management Agreements should be rejected, such rejection is without prejudice to all claims, defenses and interests that the Trustee may assert on behalf of the Debtor's estate, all of which are expressly preserved.

## NO PRIOR REQUEST

35.    No previous request for the relief sought herein has been made to this Court or any other court.

**<u>CONCLUSION</u>**

**WHEREFORE,** the Trustee respectfully requests that the Court enter the

Proposed Order granting the relief requested in this Motion and such other and further

relief as may be just and proper.

DATED:  July 15, 2022
   New York, New York

         STEPHEN S. GRAY
         Not Individually But Solely in His
         Capacity as Chapter 11 Trustee
         By His Attorneys,
         TOGUT, SEGAL & SEGAL LLP
         By:

         */s/ Neil Berger*
         ALBERT TOGUT
         FRANK A. OSWALD
         NEIL BERGER
         One Penn Plaza, Suite 3335
         New York, New York 10119
         (212) 594-5000

11

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                     :

In re:                           :        Chapter 11

                                       :

96 WYTHE ACQUISITION LLC,      :        Case No. 21-22108 (SHL)

                                       :

                    Debtor.       :

                                       :
---------------------------------------------------------------x

## ORDER GRANTING CHAPTER 11 TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING REJECTION OF MANAGEMENT AGREEMENTS

Upon the application (the "Motion")[1] of the Trustee, by his attorneys, Togut, Segal & Segal LLP, for entry of an order (this "Order") pursuant to section 365(a) of the Bankruptcy Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the rejection of the Management Agreements, all as more fully set forth in the Motion and the Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 the Amended Standing Order; and the Court having found that this is a core proceeding pursuant to 28 U.S. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having reviewed the Motion and the Declaration in support thereof; and the Court being satisfied that due and sufficient notice of the Motion has been given under the particular circumstances; and it appearing that no other or further notice of the Motion need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtor, its estate, its creditors, its stakeholders, and other parties in interest; and that the legal

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and factual bases set forth in the Motion establish just cause for the relief granted

herein; and the Court having considered the Motion at a hearing, if any (the

"Hearing"); and upon the record of the Hearing, after due deliberation, and sufficient

cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      Pursuant to section 365(a) of the Bankruptcy Code, the

Management Agreements are rejected, effective as of May 31, 2022 (the "Rejection

Date").

3.      For the avoidance of doubt, the rejection of the Management

Agreements does not include the rejection of the Assignment Agreement.

4.      The Debtor shall not be liable for any administrative expenses

arising from or in connection with the Management Agreements after the Rejection

Date.  As of the Rejection Date, the Debtor is relieved from any and all payments or

performance due under such Management Agreements; *provided*, *however*, that nothing

herein shall constitute a determination of any claims arising from or related to the

Management Agreements or the rejection of them, and the Trustee's rights are expressly

preserved in full and not waived.

5.      The Trustee shall serve a copy of this order upon the Notice Parties

by email not later than two (2) business days after the date of entry of this Order.

6.      This Order is effective immediately notwithstanding the possible

applicability of Bankruptcy Rule 6004(h) or otherwise.

7.      The Trustee is authorized and empowered to take all actions

necessary to implement the relief granted in this Order.

8.      This Court shall retain jurisdiction with respect to all matters

arising from or related to the implementation, interpretation, or enforcement of this

Order.

Dated:  New York, New York
        _____, 2022

                                                _____

                                                HONORABLE SEAN H. LANE
                                                UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
|  |  |
|---|---|
| In re: | : |
|  | : |
| 96 Wythe Acquisition, LLC, | : |
|  | : |
| Debtor. | : |
|  | : |

----------------------------------------------------------------x

Chapter 11

Case No. 21-22108 (SHL)

### DECLARATION OF STEPHEN S. GRAY IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING REJECTION OF MANAGEMENT AGREEMENTS

Stephen S. Gray, pursuant to section 1746 of title 28 of the United States

Code, hereby declares as follows:

1.      I am the chapter 11 trustee (the "Trustee") of the estate of 96 Wythe

Acquisition LLC (the "Debtor") in the above-captioned Chapter 11 case (the "Chapter

11 Case"), and I am duly authorized to make this declaration (the "Declaration").

2.      I have more than forty (40) years of experience in developing and

implementing restructuring and crisis management plans for public and private

companies, creditors, and judicial bodies.  As an officer, restructuring advisor,

fiduciary, and turnaround consultant, I have led the successful operational and/or

financial restructuring of hundreds of companies.  Moreover, I have served in a

fiduciary capacity in the bankruptcy context in hundreds of cases, including as chapter

11 trustee in more than twenty (20) cases.  I am also a fellow in the American College of

Bankruptcy.

3.       I respectfully submit this Declaration in support of the *Chapter 11 Trustee's Application for an Order Authorizing Rejection of Management Agreements* (the "Motion"),[1] filed contemporaneously herewith.

4.       Unless otherwise stated, all facts set forth in this Declaration are based upon:  (a) my personal knowledge;  (b) my role as Trustee in this Chapter 11 Case during the past five (6) weeks;  (c) information provided to me by, and discussions with, my professionals.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

5.       I seek the entry of the Proposed Order for authorization to reject the Management Agreements effective as of the date of my appointment (i.e., May 31, 2022).

6.       The Management Agreements purport to govern the management of the Hotel and the corresponding relationship between the Debtor, the Manager, and Benefit Street and provide that the Manager would manage the Hotel pursuant to the corresponding fee arrangements.

7.       Although the December Agreement appears to be the operative agreement governing the management of the Hotel, there is no evidence that the fee arrangements contemplated in the Management Agreements "[were] ever implemented."  Examiner Report at 18.  Rather, the Manager "simply obtained all of the hotel's revenues and determined their disposition."  *Id.*

8.       I understand from my review of the May 26 Hearing Transcript, the Examiner Report, and from the Debtor's books and records, that the terms of the

---

[1]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

Management Agreements were never fully implemented by the Debtor and that the Purported November Agreement may have been fraudulently prepared and produced by the Debtor's prior management.[2]  Furthermore, I have no need for the Management Agreements now that I have taken over management of the Debtor's operations and business affairs.

9.      The Management Agreements provide no benefit and are unnecessary for my administration of the Debtor's estate.  Further, any uncertainty concerning the opportunity for the Debtor's prior management to exercise any managerial control of the Debtor's estate or to assert claims on account of the Management Agreements should be eliminated.  Termination of the Management Agreements is consistent with my attempts to preserve the Debtor's assets for the benefit of its estate and is a proper exercise of my considered business judgment.

10.      I believe, therefore, it is in the best interest of the estate for the Court to grant the Motion.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         July 15, 2022

                                      /s/ Stephen S. Gray
                                      STEPHEN S. GRAY
                                      Not Individually But Solely in His
                                      Capacity as Chapter 11 Trustee

---

[2]   By seeking to reject the Purported November Agreement, nothing herein constitutes an admission by myself or the Debtor's estate as to the validity of such agreement.  Rejection is sought solely in the exercise of caution and not as a concession of the legitimacy of this alleged agreement.