TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger
Griffin Quist

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             :
In re:                                                       :        Chapter 11
                                                             :
96 WYTHE ACQUISITION LLC,                                    :        Case No. 21-22108 (SHL)
                                                             :
                                    Debtor.                  :
                                                             :
-------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF AN
## ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF A&G REAL ESTATE PARTNERS, LLC AND EASTDIL SECURED, LLC
## AS REAL ESTATE CO-BROKERS FOR THE CHAPTER 11 TRUSTEE

**PLEASE TAKE NOTICE** that upon the annexed Application of Stephen S.

Gray, not individually but solely in his capacity as the Chapter 11 trustee (the

"Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor"), by and through his

attorneys, Togut, Segal & Segal LLP, the undersigned will present for signature an

Order (the "Order"), a true and complete copy of which is annexed to the Application

as Exhibit B, authorizing the employment and retention of A&G Real Estate Partners,

LLC and Eastdil Secured, LLC as real estate co-brokers to Trustee, to the Honorable

Sean H. Lane, United States Bankruptcy Judge, in his Chambers, United States

Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White

Plains, New York, at **12:00 p.m. (prevailing Eastern Time) on August 10, 2022** (the

"**Presentment Date**").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Order must be made in writing and conform with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and be filed with the Clerk of the Bankruptcy Court at the address set forth above, with a copy delivered directly to Bankruptcy Judge Lane's Chambers, and served upon (i) the undersigned attorneys for the Trustee and (ii) the Office of the United States Trustee, Attn: Greg M. Zipes, Trial Attorney (Greg.Zipes@usdoj.gov), so as **to be filed and actually received by all of them not later than 11:00 a.m. (prevailing Eastern Time) on August 10, 2022**. If no timely written objections are filed and received in accordance with the foregoing, the Order may be signed by the Court.

DATED:  New York, New York
July 26, 2022

> STEPHEN S. GRAY
> Not Individually But Solely in His
> Capacity as Chapter 11 Trustee
> By His Attorneys,
> TOGUT, SEGAL & SEGAL LLP
> By:
>
> /s/Frank A. Oswald
> FRANK A. OSWALD
> A Member of the Firm
> One Penn Plaza, Suite 3335
> New York, New York 10119
> (212) 594-5000
> frankoswald@teamtogut.com

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger
Griffin Quist

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                     :

In re:                            :        Chapter 11
                                     :

96 WYTHE ACQUISITION LLC,     :        Case No. 21-22108 (SHL)
                                     :

                  Debtor.      :
                                     :
------------------------------------------------------------------x

### CHAPTER 11 TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF A&G REAL ESTATE PARTNERS, LLC AND EASTDIL SECURED, LLC AS REAL ESTATE CO-BROKERS

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

          Stephen S. Gray, not individually but solely in his capacity as the Chapter

11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC, ("Debtor") in the

above-captioned chapter 11 case (the "Chapter 11 Case") hereby makes this application

(the "Application"), by and through his attorneys, Togut, Segal & Segal LLP, for entry

of an order in the form annexed hereto as **Exhibit A** (the "Proposed Order"), in

accordance with the terms and conditions set forth in the engagement letter between the

Trustee, A&G Real Estate Partners, LLC ("A&G"), and Eastdil Secured, LLC ("Eastdil"

and together with A&G, the "Co-Brokers") dated July 25, 2022 (the Engagement Letter")

(a copy of which is annexed hereto as **Exhibit B**), under sections 327(a) and 328(a) of

title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule

2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York

(the "Local Rules"), authorizing the retention and employment of A&G and Eastdil to

serve as co-brokers to the Trustee to assist in the marketing and sale of the Debtor's

property located at 96 Wythe Avenue, Brooklyn, New York (the "Property").  In

support of the relief requested in this Application, the Trustee submits the declarations

of Emilio Amendola, a co-President at A&G, (the "Amendola Declaration"), attached

hereto as **Exhibit C**, and Andy Wimsatt, a Managing Director at Eastdil (the "Wimsatt

Declaration" and together with the Amendola Declaration, the "Broker Declarations")

attached hereto as **Exhibit D**, which are incorporated herein by reference, and

respectfully state:

### JURISDICTION

1.     This Court has jurisdiction to consider this matter pursuant to

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

United States District Court for the  Southern District of New York, dated as of

January 31, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter

is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.     The statutory predicates for the relief requested herein are sections

327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule

2014-1.

3.     The Trustee consents to the entry of a final order by this Court in

connection with this Application to the extent that it is later determined that this Court,

absent consent of the parties, cannot enter final orders or judgments in connection with

this Application consistent with Article III of the United States Constitution.

## BACKGROUND

4.    On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5.    No official committee of unsecured creditors has been appointed in this Chapter 11 Case.

6.    On October 15, 2021, Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street" or "Secured Lender") filed its *Motion to Appoint an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 147], which was granted by the Court on November 8, 2021 by entry of the *Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 178], which order was subsequently amended on November 23, 2021 by entry of the *Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 193] and on December 14, 2021 by entry of the *Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 224].

7.    On November 16, 2021, the Court entered the *Order Approving Appointment of Examiner* [Docket No. 186], and Eric M. Huebscher was appointed as the examiner (the "Examiner") in this Chapter 11 Case.

8.    On February 28, 2022, the Examiner issued his report (the "Examiner Report") [Docket. No. 418] wherein the Examiner found that there were sufficient grounds to appoint a trustee.  On March 21, 2022, the Examiner issued a supplemental report [Docket. No. 465].

9.    On March 28, 2022, Benefit Street filed its *Renewed Motion for the Appointment of a Chapter 11 Trustee Based on Continuing Malfeasance* [Docket. No. 476],

raising concerns of potential impropriety on behalf of the Debtor's management and requesting the appointment of a Chapter 11 trustee.

10.     On March 31, 2022, the Office of the United States Trustee (the "U.S. Trustee") filed the Motion to Appoint Trustee [Docket No. 491]

11.     Following evidentiary hearings conducted on May 17 and 25, and post-hearing oral argument on May 26, on May 27, 2022, the Court entered its *Order Granting Motions to Appoint a Chapter 11 Trustee* [Docket. No. 591].

12.     On May 31, 2022, the U.S. Trustee filed his *Notice of Appointment of Chapter 11 Trustee* [Docket. No. 592] and filed an application for Steven S. Gray's appointment as Chapter 11 trustee [Docket. No. 593], subject to Court approval.

13.     On May 31, 2022, the Court entered its Order Granting the Application for Appointment of Chapter 11 Trustee [Docket No. 594] approving the U.S. Trustee's appointment of the Trustee.  The Trustee has duly qualified and is acting as the Chapter 11 Trustee.

## FACTS SPECIFIC TO RELIEF REQUESTED

### I.     The Trustee's Selection of A&G and Eastdil as his Real Estate Co-Brokers

14.     Following the Trustee's interviews with a number of nationally known brokers in the hotel and hospitality sector, he selected A&G and Eastdil to act as his co-brokers.  The Trustee considered:  (i) A&G and Eastdil's extensive experience regarding hotel and hospitality assets along with their experience in chapter 11 cases.  (ii) the estimated time required to sell the Property;  (iii) A&G and Eastdil's familiarity with marketing of properties similar to the Debtor's;  (iv) the estimated valuation of the Property;  and (v) A&G and Eastdil's favorable market-based fee structures.  The Trustee also considered the respective expertise of A&G and Eastdil to complement

each other well, to the point that a co-broker arrangement with A&G and Eastdil Trustee would benefit the Debtor's estate and its creditors.  Namely, A&G has extensive experience in section 363 sales, while Eastdil has a sizable team of professionals with vast experience in hotel and hospitality-related real property sales.  Accordingly, the Trustee submits that A&G and Eastdil are particularly well-suited to act as the Trustee's real estate co-brokers.

## II.     A&G's Qualifications

15.     A&G is a well-known, reputable and diversified real estate consulting and advisory firm.  The principals of A&G, combined, have over 50 years of experience in all facets of the commercial real estate industry.  A&G evaluates, restructures, facilitates the acquisition of, and disposes of all types of commercial real estate.

16.     A&G has regularly represents chapter 11 debtors, trustees and receivers in the marketing and disposition of real estate pursuant to section 363 of the Bankruptcy Code.  A&G has extensive experience marketing and selling various types of real estate in and out of bankruptcy, including hotels and hospitality assets.

17.     Moreover, A&G maintains an office in close proximity to the Property, allowing A&G to efficiently and responsively show the Property to prospective buyers.

18.     Based on the foregoing, the Trustee believes that A&G is well-qualified and able to efficiently provide the requested brokerage services with respect to the Property.

## III.     Eastdil's Qualifications

19.     Eastdil, which has been in the real estate business since 1967, is well regarded in the commercial real estate capital markets.  Eastdil has a well-qualified

hospitality deal team.  Eastdil is the largest independent commercial real estate investment bank in the world by transaction volume and has completed more than $2.7 trillion in transactions within the last 15 years.

20.    Mr. Wimsatt, who will lead this engagement for Eastdil, has been involved with the hospitality industry for over 35 years, including 20 years with Marriot International in a variety of executive-level positions in hotel development.  He has been with Eastdil in the role of Managing Director for three years and has successfully advised institutional clients in the acquisition and disposition of hotel assets in the United States and Europe.

**IV.    Services to be Provided by the Co-Brokers**

21.    Pursuant to the terms of the Engagement Letter, the Co-Brokers shall render the following professional services, which include but are not limited to:

i.    Prepare and implement a marketing plan to sell the Property;

ii.    Conduct a sale process of the Property;

iii.    Represent the Trustee in, and along with the Trustee's counsel, negotiate, the sale terms for the Property;

iv.    Assist the Trustee and his counsel in the documentation of a sale transaction involving the Property; and

v.    Report weekly to the Trustee regarding the status of the project or as otherwise agreed to by the Trustee.

22.    The Co-Brokers will provide the services described above on an exclusive basis for a term of one year, beginning on the date of the Engagement Letter (the "Co-Broker Period").

### V.    Compensation

23.    Compensation to the Co-Brokers will be based upon a percentage of the gross sales price[1] of the Property (the "Fee").  The Fee will be shared equally between A&G and Eastdil.  The Co-Brokers shall be reimbursed for their reasonable out-of-pocket expenses, provided that the expenses shall not exceed $50,000.

24.    The Fee will be equal to:  (a) 1.25% of the first $103.4 million of gross sales price of the property;  plus (b) 3% of the portion of the gross sales price of the Property that exceeds $103.4 million.

25.    Notwithstanding the foregoing, in the event that the Secured Lender is the successful purchaser of the Property pursuant to a credit bid of $96 million (or less), the Co-Brokers will receive compensation in an amount equal to 50% of the Fee that the Co-Brokers would otherwise receive as set forth above.

26.    The services provided by the Co-Brokers are transactional by nature, and therefore the Co-Brokers will not bill the Trustee by the hour, nor will they maintain time records

27.    The Trustee submits, having interviewed several other well regarded brokerage firms, that the Fee comports with the applicable market rate for commercial real estate transactions and is in line with commissions generally charged by brokers of similar stature for comparable engagements.

---

[1] The Engagement Letter defines "gross sales price" as "Gross Sales Price" shall be defined as the amount of consideration paid or payable, or otherwise to be received by the Trustee in connection with the sale of the Property including all (i) cash, securities or other property, (ii) any debt assumed, satisfied or paid by a purchaser or which remains outstanding at closing (including, without limitation, the amount of any indebtedness "credit bid" at any sale), and (iii) amounts placed in escrow and deferred, contingent payments and installment payments.

## VI.   A&G's Disinterestedness

28.    To the best of the Trustee's knowledge, and as described in the
Amendola Declaration, A&G:  (a) is a "disinterested person" within the meaning of
section 101(14) of the Bankruptcy Code;  (b) does not represent any person or entity
having an interest adverse to the Debtor in connection with this Chapter 11 Case;
(c) does not hold or represent an interest adverse to the Debtor's estate with respect to
matters on which A&G is employed;  and (d) has no connection to the Debtor, its
creditors, the U.S. Trustee or any persons employed by that office, or any other party-in-
interest, except as disclosed in the Amendola Declaration.

29.    A&G will promptly review its files against any updated list of
Interested Parties (as defined in the Amendola Declaration) received from the Debtor
from time to time during the pendency of this Chapter 11 Case pursuant to the
procedures described in the Amendola Declaration.  To the extent any new relevant
facts or relationships are discovered or arise in the course of such review, A&G will
promptly make additional disclosures to the Bankruptcy Court as required by
Bankruptcy Rule 2014(a).

## VII.   Eastdil's Disinterestedness

30.    To the best of the Trustee's knowledge, and as described in the
Wimsatt Declaration, Eastdil:  (a) is a " disinterested person" within the meaning of
section 101(14) of the Bankruptcy Code;  (b) does not represent any person or entity
having an interest adverse to the Debtor in connection with this Chapter 11 Case;
(c) does not hold or represent an interest adverse to the Debtor's estate with respect to
matters on which Eastdil is employed;  and (d) has no connection to the Debtor, its
creditors, the United States Trustee for the Southern District of New York 2 or any

persons employed by the U.S Trustee or any persons employed by the U.S. Trustee, or any other party-in-interest, except as disclosed in the Wimsatt Declaration.

31.     Eastdil will promptly review its files against any updated list of Interested Parties (as defined in the Wimsatt Declaration) received from the Debtor from time to time during the pendency of this Chapter 11 Case pursuant to the procedures described in the Wimsatt Declaration.  To the extent any new relevant facts or relationships are discovered or arise in the course of such review, Eastdil will promptly make additional disclosures to the Bankruptcy Court as required by Bankruptcy Rule 2014(a).

## RELIEF REQUESTED

32.     By this Application, the Trustee requests entry of the Proposed Order, pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Trustee to retain and employ A&G and Eastdil as his real estate co-brokers in this Chapter 11 Case.

## BASIS FOR RELIEF

33.     The Trustee seeks to retain A&G and Eastdil as his real estate co-brokers pursuant to section 327(a) of the Bankruptcy Code, which provides that, subject to Court approval:

> except as otherwise provided in this section, the trustee, with the Court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

34.     Section 328 of the Bankruptcy Code provides, in pertinent part, that under section 327 of the Bankruptcy Code, a professional may be employed "on any reasonable terms and conditions of employment, including . . . on a contingent fee basis."  11 U.S.C. § 328(a).

35.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

36.     The retention of real estate brokers pursuant to the standard of review in section 328(a) of the Bankruptcy Code has been approved in other cases in this District and others.  *See, e.g.*, *In re Zuca Properties LLC,* No. 21-11082 (MG) (Bankr. S.D.N.Y. July 21, 2021);  *In re Weintraub,* No. 11-15499 (JLG) (Bankr. S.D.N.Y. March 13, 2015); *In re FL 6801 Spirits LLC, et al.,* No. 14-11691 (SCC) (Bankr. S.D.N.Y. June 25, 2014); *In re 313 W. 77th St. Tenants Corp.*, No. 03-15522 (SCC) (Bankr. S.D.N.Y. Oct. 5, 2011); *In re Gen. Growth Props., Inc.,* Case No. 09-11977 (ALG) (Bankr. S.D.N.Y. Apr. 16, 2009); *In re The Brooklyn Hospital Ctr., et al.,* No. 05-26990 (Bankr. E.D.N.Y. January 5, 2007) (CEC); *In re Harrow Stores, Inc.,* No. 06-72860 (Bankr. E.D.N.Y. December 15, 2006) (DTE); *In re TSIC, Inc., f/k/a Sharper Image Corp.,* No. 08-10322 (Bankr. D. Del. July 28, 2008) (KG).

10

37.     Based on the facts and for the reasons stated herein and in the
Broker Declarations, the retention of A&G and Eastdil as real estate co-brokers for the
Trustee pursuant to this Application is reasonable, necessary, and appropriate, and
satisfies the requirements of sections 327 and 328 of the Bankruptcy Code and
Bankruptcy Rule 2014(a).

38.     The Trustee respectfully submits that for all of the reasons stated
above and in the Broker Declarations, the retention of A&G and Eastdil as real estate co-
brokers to the Trustee should be approved.

## NOTICE

39.     The Trustee, by and through its attorneys, Togut, Segal & Segal LLP,
will provide notice of this Application to:   (i) the U.S. Trustee;  (ii) counsel for the
Debtor;  (iii) counsel for Benefit Street.;  and (iv) all parties who have filed a Notice of
Appearance in this case.  Notice of this Application and any order  entered hereon will
be served in accordance with Bankruptcy Rule 9013 and Local Rule 9013-1(b).   In light of
the nature of the relief requested herein, the Trustee respectfully submits that no other
or further notice is necessary.

## NO PRIOR REQUEST

40.     No prior application for the relief sought herein has been made to
this or any other court.

*[Concluded on the following page]*

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of the Proposed

Order, authorizing the retention and employment of A&G and Eastdil as real estate co-

brokers to the Trustee, together with such other and further relief as is just and proper.

DATED:   New York, New York
            July 26, 2022

                              STEPHEN S. GRAY
                              Not Individually But Solely in His
                              Capacity as Chapter 11 Trustee
                              By His Attorneys,
                              TOGUT, SEGAL & SEGAL LLP
                              By:

                              */s/Frank A. Oswald*
                              FRANK A. OSWALD
                              A Member of the Firm
                              One Penn Plaza, Suite 3335
                              New York, New York 10119
                              (212) 594-5000
                              frank@oswald@teamtogut.com

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                   :
In re:                            :        Chapter 11
                                     :
96 WYTHE ACQUISITION LLC,     :        Case No. 21-22108 (SHL)
                                   :
              Debtor.     :        **Re: Docket No. [     ]**
                                   :
------------------------------------------------------------------x

### ORDER AUTHORIZING THE
### RETENTION AND EMPLOYMENT OF
### A&G REAL ESTATE PARTNERS, LLC AND EASTDIL SECURED, LLC
### <u>AS REAL ESTATE CO-BROKERS FOR THE CHAPTER 11 TRUSTEE</u>

Upon the application (the "<u>Application</u>")[1] of Stephen S. Gray, not individually but solely in his capacity as the chapter 11 trustee (the "Trustee") in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), by his attorneys, Togut, Segal & Segal LLP, for entry of an order (this "<u>Order</u>") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>") authorizing the Trustee to retain and employ A&G Real Estate Partners, LLC ("<u>A&G</u>") and Eastdil Secured, LLC ("<u>Eastdil</u>") as his real estate co-brokers;  and this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and venue of this Chapter 11 Case and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409;  and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b);  and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

accordance with the Bankruptcy Rules, Local Rules, and any applicable orders entered in this Chapter 11 Case, and no other or further notice is necessary; and any objections to the Application having been withdrawn or overruled on the merits;  and upon consideration of the Amendola Declaration and the Wimsatt Declaration; and this Court being satisfied based on the representations made in the Application and the Amendola Declaration and Wimsatt Declaration that (i) A&G and Eastdil do not hold or represent any interest adverse to the Trustee or the Debtor's estate, (ii) A&G and Eastdil are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, and (iii) A&G and Eastdil's employment is necessary and is in the best interests of the Debtor's estate and its creditors;  and after due deliberation and sufficient cause appearing therefor;

<strong>IT IS HEREBY ORDERED THAT</strong>:

1. The Application is **GRANTED** as set forth herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Trustee is hereby authorized to retain and employ A&G and Eastdil as its real estate co-brokers, effective as of the date of the filing of the Application July 26, 2022, on the terms set forth in the Engagement Letter attached to the Application as [Exhibit B]

3. A&G and Eastdil shall be compensated in the manner described in the Application and Engagement Letter..

4. A&G and Eastdil shall not be required to maintain time records.

5. To the extent the Application or Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

6. The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

2

7.      The requirements set forth in Local Rule 9013-1(b) are satisfied.

8.      This Court shall retain exclusive jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Application, the Engagement Letter, or the implementation of this Order.

DATED:  White Plains, New York
                _____, 2022

                                        _____
                                        HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**



# REAL ESTATE SERVICES AGREEMENT
# AMONG A&G REALTY PARTNERS, LLC, EASTDIL SECURED, L.L.C., AND STEPHEN S. GRAY, CHAPTER 11 TRUSTEE OF 96 WYTHE ACQUISITION, LLC,

This Real Estate Services Agreement including the Schedules attached hereto (collectively the "Agreement") is made as of July 25, 2022 (the "Agreement Date"), by and among **A&G REALTY PARTNERS**, **LLC**, a New York limited liability company, with its principal place of business at 445 Broadhollow Road, Suite 410, Melville, New York 11797 ("A&G"), **Eastdil Secured, L.L.C.**, a Delaware limited liability company with its principal place of business at 40 West 57th St., New York, NY 10019("Eastdil" and, together with A&G, the "RE Advisors"), and **STEPHEN S. GRAY**, not individually, but solely in his capacity as the **Chapter 11 Trustee of 96 Wythe Acquisition, LLC**, with an address of Gray & Company LLC, 207 Union Wharf, Boston MA 02109 10119 (the "Trustee" and, together with the RE Advisors, collectively, the "Parties" and, individually, a "Party").

WITNESSETH:

**WHEREAS**, on February 23, 2021, 96 Wythe Acquisition, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") bearing Case No. 21-22108;

**WHEREAS**, the Debtor owns certain property known as The Williamsburg Hotel which is located at 96 Wythe Avenue, Brooklyn, New York (the "Property");

**WHEREAS**, the Trustee is the duly appointed Chapter 11 trustee of the Debtor; and

**WHEREAS**, under the terms and conditions contained in this Agreement, and subject to Bankruptcy Court approval, the Trustee desires to retain RE Advisors and the RE Advisors are willing to provide the Services (as defined below).

**NOW THEREFORE**, in consideration of the mutual covenants and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.  In accordance with the terms and conditions of this Agreement, and subject to Bankruptcy Court approval pursuant to Sections 327 and 328 of the Bankruptcy Code, the RE Advisors will provide the Trustee with the following services (collectively, the "Services"):

    a.  Ascertain the Trustee's goals, objectives and financial parameters with respect to the sale of the Property;

    b.  Prepare and implement a marketing plan to sell the Property;

    c.  Conduct a sale process for the Property;

    d.  Represent the Trustee in, and negotiate, the sale of the Property;

2

    e.  Assist the Trustee and his counsel in the documentation of a sale transaction involving the Property; and

    f.  Report weekly to the Trustee regarding the status of the project or as otherwise agreed to by the Trustee.

2.    <u>Term of Agreement</u>.  Subject to Section 12 herein, this Agreement shall be for a term of one (1) year following the Agreement Date (the "<u>Term</u>") or until the Services are completed. The Term may be extended or renewed by written agreement of the Parties.

3.    <u>Compensation</u>.   Compensation to the RE Advisors shall be based on a percentage of the gross sales price of the Property (the "<u>Fee</u>").  Specifically, upon a sale of the Property, the RE Advisors shall be deemed to have earned, and shall be paid, a Fee equal to (a) 1.25% of the first $103,400,000 of gross sales price of the Property (the "<u>Minimum Fee</u>"), plus (b) 3% of that portion of the gross sales price that exceeds $103,400,000; <u>provided</u>, <u>however</u>, in the event Benefit Street Partners Realty Operating Partnership, L.P. or its designee is the successful purchaser of the Property pursuant to a credit bid of $96,000,000 or less, the Minimum Fee shall be reduced by fifty percent (50%).  "Gross Sales Price" shall be defined as the amount of consideration paid or payable, or otherwise to be received by the Trustee in connection with the sale of the Property including all (i) cash, securities or other property, (ii) any debt assumed, satisfied or paid by a purchaser or which remains outstanding at closing (including, without limitation, the amount of any indebtedness "credit bid" at any sale), and (iii) amounts placed in escrow and deferred, contingent payments and installment payments. The Fee shall be paid at the closing on the sale of the Property.  To the extent required by an order of the Bankruptcy Court approving this Agreement, the RE Advisors shall file a final fee application under Section 328 of the Bankruptcy Code in connection with the Fee and any Marketing Expenses. The Fee shall be shared equally between the RE Advisors.

4.    <u>Additional Services.</u>  The RE Advisors may provide additional services requested by the Trustee that are not otherwise specifically provided for in this Agreement. Any additional services will be mutually agreed upon by the Parties and documented in a separate written agreement.

5.    <u>Recordkeeping</u>.  The Services to be provided by the RE Advisors pursuant to this Agreement are, in general, transactional in nature. Accordingly, the RE Advisors will not bill the Trustee by the hour or maintain time records.

6.    <u>Expenses and Disbursements</u>. The Trustee shall reimburse the RE Advisors for their reasonable, documented out-of-pocket expenses (including, but not limited to, marketing and travel) incurred in connection with its retention and provision of Services (the "<u>Marketing Expenses</u>"), provided, the Marketing Expenses shall be approved in advance by the Trustee and shall not exceed $50,000.  In the event the Trustee does not have sufficient funds on hand to pay the Marketing Expenses at

the time an invoice therefor is presented to him by the RE Advisors, the Marketing Expenses shall be paid from the first gross proceeds of the Property received by the Trustee and be in addition to the Fee. Additionally, any legal fees and expenses incurred by the RE Advisors as a result of responding to any litigation or other type of inquiry, deposition or otherwise relating to the Services or this Agreement shall be reimbursed by the Trustee to the RE Advisors. Any reimbursable expenses other than the Marketing Expenses shall be paid to the RE Advisors within five (10) business days of receipt of an invoice therefor.

7.      Exclusive. During the Term of this Agreement, the RE Advisors shall have the sole and exclusive authority to perform the Services. All relevant inquiries regarding the Property made to the Trustee, his representatives or related parties (including the Debtor) shall be directed to the RE Advisors.  In the event the Trustee enters into an agreement for the sale of the Property during the term of this Agreement, then regardless of the identity of the purchaser or the person who introduced such purchaser to the Trustee, or the date of closing thereunder, the RE Advisors shall be entitled to the Fee pursuant to the terms of Section 3 of this Agreement payable upon the closing of the transaction.

8.      Information. The Trustee shall make available to the RE Advisors such documents and other information which in the reasonable judgment of the RE Advisors are necessary or appropriate for the fulfillment of their assignment hereunder and the proper marketing of the Property. All documents and information supplied to the RE Advisors by the Trustee shall, to the best of the Trustee's knowledge, be complete and accurate and the Trustee shall correct any information which he learns is incomplete or inaccurate. The Trustee understands that the information provided to the RE Advisors may be used in the preparation of marketing materials that will be distributed to prospective purchasers. The Trustee will be asked to approve all marketing materials in advance of their use. The Trustee acknowledges and agrees that, as between the RE Advisors and the Trustee, the Trustee is responsible for the accuracy and completeness of all information regarding the Property that is provided by or at the direction of the Trustee to third parties.  Additionally, the Trustee agrees to provide to the RE Advisors a copy of the final form of the closing or settlement statement(s) prepared in connection with the closing and settlement of the sale transaction(s).

9.      Analysis. To the extent that the RE Advisors prepare any analysis, valuation, appraisal or other report ("Analysis") regarding the economic value of the Property, the Trustee acknowledges and agrees that any such Analysis will be an estimate only and will not constitute a representation, warranty, covenant or guaranty, either expressed or implied, regarding future events or performance.  The Trustee further acknowledges and agrees that the Analysis will be used for his internal purposes only, and will not be disseminated to any third party without the written consent of the RE Advisors.

10.     Use of Trustee Name.  The RE Advisors may use the Trustee and/or Debtor's name and logo to identify the Trustee as one of the RE Advisors' clients, including on

4

any "tombstone" or other advertisement announcing the successful consummation of any transaction contemplated herein.

11.   <u>No Authority to Execute Agreements.</u>  The RE Advisors shall have no right or power to enter into any agreement in the name of or on behalf of the Trustee or to otherwise obligate the Trustee in any manner without the prior written consent or approval of Trustee, which approval may be withheld in Trustee's sole discretion.

12.   <u>Assignment</u>.  Neither Party may delegate or assign its rights and obligations under this Agreement in whole or in part to an unaffiliated third party without the prior written consent of the other Party.

13.   <u>Notices.</u>  Unless otherwise expressly provided herein or waived in writing by the Party to whom notice is given, any notice or other communication required or permitted hereunder will be effective if given in writing (i) when delivered by hand; (ii) three days after sent by certified mail, return receipt requested; (iii) when delivered by electronic email communication to the email address set forth below and verified by confirmed receipt; or (iv) one day after delivery to a commercial overnight courier, and addressed to the Parties as follows:

|  |  |
|---|---|
| To the Trustee: | Stephen S. Gray, Chapter 11 Trustee of 96 Wythe Acquisition, LLC<br>Gray & Company LLC<br>207 Union Wharf<br>Boston MA 02109<br>(617) 875-6404<br>Email: Ssg@grayandcompanyllc.com |
| With a copy to: | Togut, Segal & Segal LLP<br>One Penn Plaza<br>New York, New York 10119<br>Attn: Frank A. Oswald, Esq.<br>Tel: (212) 594-5000<br>Email: frankoswald@teamtogut.com |
| To A&G: | A&G Realty Partners, LLC<br>445 Broadhollow Road, Suite 410<br>Melville, New York 11747<br>Attn:  Emilio Amendola<br>Tel: (631) 465-9507<br>Email:  emilio@agrep.com |
| To Eastdil: | Eastdil Secured, L.L.C.<br> 2000 K Street NW, Suite 300<br>Washington, D.C. 20006<br>Attn:  Andy Wimsatt |

Tel: (202) 688-4017
Email:  awimsatt@eastdilsecured.com

14.    <u>Representations, Warranties and Covenants</u>.  Each Party, severally not jointly,
represents that it has all requisite power and authority, subject to Court approval, to
enter into this Agreement. This Agreement has been validly authorized by all
necessary corporate action and constitutes a legal, valid and binding agreement of
the Trustee and the RE Advisors.  Each Party, severally not jointly,  represents that
this Agreement does not and will not violate any applicable law or conflict with
any agreement, instrument, judgment, order or decree to which it is a party or by
which it is bound.  Furthermore, each Party, severally not jointly, represents and
agrees that it will comply with all applicable laws, rules, regulations, orders or
decrees during the term of this Agreement in performing its obligations hereunder.
Each Party, severally not jointly, agrees to deal with the other fairly and in good
faith so as to allow each Party to perform their duties and earn the benefit of this
Agreement.  The RE Advisors agree to utilize commercially reasonable efforts and
diligence to achieve the purpose of this Agreement.

15.    <u>Survival of Fee</u>.  In the event the RE Advisors have had, and have documented,
substantive discussions regarding a sale of the Property with a third party prior to
the termination or expiration of the term of this Agreement and a sale of the
Property by the Trustee to said third party is consummated within one hundred
eighty (180) days after the termination or expiration of this Agreement, the RE
Advisors shall be entitled to the Fee pursuant to the terms of Section 3 of this
Agreement.

16.    <u>Indemnification</u>.  The Trustee, solely on behalf of the Debtor's estate, and not in
his individual capacity, agrees to indemnify the RE Advisors and their respective
affiliates, officers, directors, employees, agents and independent contractors, and
hold each of them harmless from and against all third party claims, demands,
penalties, losses, liability or damage, including, without limitation, reasonable
attorneys' fees and expenses, asserted against, resulting from (directly or
indirectly), or related to the Services or actions or omissions of the RE Advisors or
the Trustee taken pursuant to this Agreement, (including, but not limited to, any
covenants, representations or warranties contained herein) or in any written
agreement entered into in connection herewith except to the extent that such claims
or liabilities arise as a direct result of the RE Advisors' fraud, gross negligence, or
willful misconduct.

17.    <u>Limitation on Liability</u>.  Neither Party shall be responsible for any indirect,
incidental, consequential, exemplary, punitive or other special damages (including,
but not limited to, loss of profits and damage to reputation or business) arising under
or by reason of this Agreement, the Services or any act or omission hereunder
except to the extent of actual fraud, gross negligence, or willful misconduct.
Neither Party shall be liable if it is unable to perform its responsibilities hereunder
as a result of events beyond its control.  Furthermore, in no event shall the RE

6

Advisors/ liability for a default or breach of this Agreement exceed the amount of fees paid to the RE Advisors hereunder.

18.  <u>Binding Effect. No Third-Party Beneficiaries</u>.  This Agreement binds and inures to the benefit of the Parties hereto and their respective successors and permitted assigns and except as expressly provided herein, is not intended to confer any rights or remedies upon any person not a party to this Agreement.

19.  <u>Waivers and Amendments</u>.  Waiver by either Party of any default by the other Party shall not be deemed a waiver of any other default. This Agreement (including the Schedule (s) attached hereto) may not be waived, amended, or modified by either Party unless in writing and signed by the Parties hereto.

20.  <u>Severability</u>.  If any provision, or any portion of any provision, contained in this Agreement is held to be invalid or unenforceable by a court of competent jurisdiction, then it is the intent of the Parties to modify or limit such provision or portion thereof so as to be valid and enforceable to the extent permitted under applicable law. In the event that such provision or portion thereof cannot be modified, then such provision or portion thereof shall be deemed omitted and this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein.

21.  <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof. All prior agreements, representations, statements, negotiations, understandings, and undertakings are superseded by this Agreement.

22.  <u>Counterpart Execution/Facsimile and Electronic Signatures</u>.  This Agreement may be executed in multiple counterparts, each of which shall be deemed to be an original and all of which together shall constitute one document.  Facsimile and electronic signatures on this Agreement and any document contemplated hereby shall be deemed to be original signatures.

23.  <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of New York without reference to its conflict of laws rules. Any dispute arising or resulting from this Agreement shall be resolved exclusively by the Bankruptcy Court.

24.  <u>Waiver of Jury Trial</u>.  Each of the Parties unconditionally waives, to the extent legally permissible, the right to a jury trial in connection with any claim arising out of or related to this Agreement.

25.  <u>Headings</u>.  The section headings and use of defined terms in the singular or plural tenses in this Agreement are solely for the convenience of the Parties.

26.  <u>No Presumptions</u>.  This Agreement by shall be deemed drafted by both Parties and there shall be no presumption for or against either Party in the interpretation of this Agreement.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their respective duly authorized representatives effective as of the Agreement Date.

STEPHEN S. GRAY, SOLELY IN HIS
CAPACITY AS THE CHAPTER 11 TRUSTEE OF
96 WYTHE ACQUISITION, LLC

By: _____

Name:

Title:

A&G REALTY PARTNERS, LLC

By: _____

Name: EMILIO AMENDOLA

Title: Co-President

EASTDIL SECURED, L.L.C.

By: _____

Name:  Andy Wimsatt

Title: Managing Director

8

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                            :
In re:                                                      :           Chapter 11
                                                            :
96 WYTHE ACQUISITION LLC,                                   :           Case No. 21-22108 (SHL)
                                                            :
                                Debtor.                     :
                                                            :
-----------------------------------------------------------------x

### DECLARATION OF EMILIO AMENDOLA IN SUPPORT OF THE CHAPTER 11 TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF A&G REAL ESTATE PARTNERS, LLC AND EASTDIL SECURED, LLC AS REAL ESTATE CO-BROKERS

I, Emilio Amendola, under penalty of perjury, declare as follows:

1.      I am a co-President at A&G Real Estate Partners, LLC ("A&G").  I am authorized to make this declaration (the "Declaration") on behalf of A&G in support of the *Chapter 11 Trustee's Application for an Order Authorizing the Retention and Employment of A&G Real Estate Partners, LLC and Eastdil Secured, LLC as Real Estate Co-Brokers* (the "Application"),[1] to assist Stephen S. Gray, not individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC, ("Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") in the marketing and sale of the Debtor's property located at 96 Wythe Avenue, Brooklyn, New York (the "Property").  Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

2.      I have been in the commercial real estate business for almost 40 years.  In 2012, I co-founded A&G.  I am the head of A&G's real estate disposition and

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

due diligence groups.  My key areas of expertise include real estate sales, lease

renegotiations and terminations, portfolio optimization, due diligence, and valuation.

During my career, I have worked with more than 750 clients and generated successful

outcomes for individual asset and portfolio sales, as well as lease mitigation projects,

valued at more than $10 billion.

## A&G's QUALIFICATIONS

3.      A&G is a well-known, reputable and diversified real estate

consulting and advisory firm. The principals of A&G, combined, have over 50 years of

experience in all facets of the commercial real estate industry.  A&G evaluates,

restructures, facilitates the acquisition of, and disposes of all types of commercial real

estate.

4.      A&G regularly represents chapter 11 debtors, trustees, and

receivers in the marketing and disposition of real estate pursuant to section 363 of the

Bankruptcy Code.  A&G has extensive experience marketing and selling various types

of real estate in and out of bankruptcy, including hotels and hospitality assets.

5.      Based on the foregoing, I believe that A&G is well-qualified and

able to efficiently provide the requested brokerage services with respect to the Property.

## SERVICES TO BE PROVIDED BY A&G

6.      The Trustee has selected A&G and Eastdil Secured, LLC

("Eastdil"), as his proposed co-brokers (the "Co-Brokers") to market and sell the

Property.  Pursuant to the terms of the engagement letter between the Trustee, A&G,

and Eastdil, dated July 25, 2022 (the "Engagement Letter"), a copy of which is annexed

to the Application as Exhibit B, the Co-Brokers shall render the following professional

services, which include but are not limited to:

i.    Prepare and implement a marketing plan to sell the Property;

2

     ii.    Conduct a sale process of the Property;

     iii.    Represent the Trustee in, and along with the Trustee's counsel, negotiate, the sale terms for the Property;

     iv.    Assist the Trustee and his counsel in the documentation of a sale transaction involving the Property; and

     v.    Report weekly to the Trustee regarding the status of the engagement or as otherwise agreed to by the Trustee.

7.    The Co-Brokers will provide the services described above on an exclusive basis for term of one year beginning on the date of the Engagement Letter (the "Co-Broker Period").

## PROFESSIONAL COMPENSATION

8.    Subject to Bankruptcy Court approval, compensation to the Co-Brokers will be based upon a percentage of the gross sales price[2] of the Property (the "Fee"). The Fee will be shared equally between A&G and Eastdil.

9.    The Fee will be equal to: (a) 1.25% of the first $103.4 million of gross sales price of the Property; plus (b) 3% of the portion of the gross sales price of the Property that exceeds $103.4 million.

10.    Notwithstanding the foregoing, in the event that the Secured Lender is the successful purchaser of the Property pursuant to a credit bid of $96 million (or less), the Co-Brokers will receive compensation in a reduced amount equal to 50% of the Fee that the Co-Brokers would otherwise receive as set forth above.

---

[2] The Engagement Letter defines "gross sales price" as "Gross Sales Price" shall be defined as the amount of consideration paid or payable, or otherwise to be received by the Trustee in connection with the sale of the Property including all (i) cash, securities or other property, (ii) any debt assumed, satisfied or paid by a purchaser or which remains outstanding at closing (including, without limitation, the amount of any indebtedness "credit bid" at any sale), and (iii) amounts placed in escrow and deferred, contingent payments and installment payments.

11.    The services provided by the Co-Brokers are transactional by nature, and therefore the Co-Brokers will not bill the Trustee by the hour, nor will they maintain time records.

12.    I believe that the Fee comports with the applicable market rate for commercial real estate transactions and is in line with commissions generally charged by brokers of similar stature for comparable engagements.

13.    Subject to the approval of the Court, in accordance with the provisions of section 328(a) of the Bankruptcy Code, the Bankruptcy Rules, and the applicable Local Rules and orders of this Court, the Co-Brokers intend to apply for compensation for professional services rendered and reimbursement for related costs pursuant to the Engagement Letter.

## PROCEDURES TO IDENTIFY CONFLICTS;  DISCLOSURE OF CONFLICTS

14.    A&G has had commercial or professional relationships, may currently have commercial or professional relationships, and may in the future have commercial or professional relationships directly or indirectly with the Trustee, the Debtor's creditors and equity security holders, and other interested parties (collectively, the "Interested Parties")," a list of which is attached hereto as Exhibit 1.  As described below, however, A&G has undertaken a detailed search to determine and to disclose any relationships with the Interested Parties, and whether it is performing or has performed services for any Interested Parties.

15.    A&G researched its client database to determine whether it has any relationships with any Interested Parties.  To the best of my knowledge, A&G's research did not reveal any fact or situation that would represent a conflict of interest for A&G with regard to the Debtor.  It should be noted that A&G uses the law firm of McGrail & Bensinger LLP ("M&B") for outside legal services.  M&B is representing A&G in this

4

matter to draft/negotiate the real estate services agreement, review/comment on the retention application and file a final fee application for A&G to the extent required by the Court. On or about May 21, 2021, the Debtor retained M&B as special counsel. The Debtor had not yet filed retention papers when certain disagreements arose between the Debtor and M&B. Accordingly, M&B terminated the Debtor as a client on or about May 27, 2021. The docket in this case incorrectly lists M&B as counsel for the DIP lender. Furthermore, in the interest of full disclosure, the prior firm of A&G's principals (DJM Asset Management, a division of Gordon Brothers) has been retained in past Chapter 11 bankruptcy proceedings in which the Trustee served in various capacities, including in The Wiz, Inc., Pier 1 Imports, Inc., CompUSA, Inc., and Pivot Health Solutions, LLC, among others.

16.    Despite the efforts described above to identify and disclose A&G's connections with any Interested Parties in the Chapter 11 Case, A&G is unable to state with certainty that every client representation or other connection has been disclosed. If A&G discovers additional information that requires disclosure, A&G will file supplemental disclosures with the Court as promptly as possible.

17.    To the best of my knowledge, A&G has not been retained to assist any entity or person other than the Trustee on matters relating to, or in connection with, the Chapter 11 Case. If this Court approves the proposed employment of A&G by the Trustee, A&G will not accept any engagement or perform any service in the Chapter 11 Case for any other entity or person other than the Trustee. A&G may, however, continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that may be creditors of the Debtor or any Interested Parties in the Chapter 11 Case; *provided*, *however*, those services do not and will not relate to, or have any connection with, the Chapter 11 Case.

18.     To the best of my knowledge, information, and belief, A&G does not hold or represent any interest adverse to the interests of the Debtor, or of any class of creditors or equity security holders of the Debtor, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor based on the information provided to A&G to date.

19.     To the extent that any information disclosed herein requires amendment or modification upon A&G's completion of further analysis, or as additional information becomes available to it, a supplemental affidavit will be submitted to the Court.

## A&G's DISINTERESTEDNESS

20.     To the best of my knowledge, A&G:  (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code;  (b) does not represent any person or entity having an interest adverse to the Debtor's estate in connection with this Chapter 11 Case;  (c) does not hold or represent an interest adverse to the Debtor's estate;  and (d) has no connection to the Debtor, its creditors, or any other party-in-interest, except as disclosed herein.

21.     Neither I nor any other professional of A&G who will work on this engagement, to the best of my knowledge after reasonable inquiry, is related or connected to the United States Bankruptcy Judge assigned to this Chapter 11 Case, the United States Trustee for the Southern District of New York (the "U.S. Trustee") or any persons employed by the U.S. Trustee.

22.     A&G will promptly review its files against any updated list of Interested Parties received from the Debtor from time to time during the pendency of this Chapter 11 Case.  To the extent any new relevant facts or relationships are

discovered or arise in the course of such review, A&G will promptly make additional

disclosures to the Court as required by Bankruptcy Rule 2014(a).

    23.  Based on the facts and for the reasons stated herein, the retention of

A&G as real estate co-broker for the Trustee is reasonable and appropriate.

DATED: New York, New York
     July 26, 2022

           */s/Emilio Amendola*
           Emilio Amendola
           A&G Realty Partners, LLC
           445 Broadhollow Rd. Ste. 410
           Melville, NY 11747
           (631) 420-0044
           emilio@agrep.com

**EXHIBIT 1**

| Party and Address |
|---|
| Kellner Herlihy Getty & Friedman, LLP<br>470 Park Avenue South, 7th Floor<br>New York, NY 10016-6819<br>Attn: Douglas A. Kellner<br>Attorneys for Temporary Receiver Constantino Sagonas |
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attn:  Adam C. Rogoff<br>P. Bradley O'Neill<br>David Braun<br>Attorneys for Benefit Street Partners Realty Operating Partnership, L.P. |
| Barry D. Haberman, Esq.<br>254 South Main Street, #404<br>New City, New York 10956<br>Attorney for Grandfield Realty Corp. |
| Davidoff Hutcher & Citron LLP<br>Attn:  Jonathan S. Pasternak, Esq.<br>Robert L. Rattet, Esq.<br>120 Bloomingdale Road<br>White Plains, NY 10601<br>Attorneys for The Williamsburg Hotel BK LLC |
| Davidoff Hutcher & Citron LLP<br>Attn:  James B. Glucksman, Esq.<br>Robert L. Rattet, Esq.<br>120 Bloomingdale Road<br>White Plains, NY 10601<br>Attorneys for The Williamsburg Hotel BK LLC |
| Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Attn: Douglas Spelfolgel<br>Leah Eisenberg<br>Jason I. Kirschner<br>Dabin Chung<br>Proposed Co-Counsel to the Debtor and Debtor in Possession |
| Jason A. Nagi<br>Offit Kurman, P.A.<br>590 Madison Avenue, 6th Floor<br>New York, NY 10022<br>Proposed Co-Counsel to the Debtor and Debtor in Possession |

Paul B. O'Neill
Kramer Levin Naftalis & FrankelLLP
1177 Avenue of the Americas
New York, NY 10036
Proposed Co-Counsel to the Debtor and Debtor in Possession

Pearl Shah
McGrail & Bensigner LLP
888-C 8th Avenue, #107
New York, NY 10019
Proposed Co-Counsel to the Debtor and Debtor in Possession

Blackenroth Frankel & Krinksky, LLP
Attn: Mark A. Frankel
800 Third Avenue, 11th Floor
New York, NY 10022
Proposed Co-Counsel to the Debtor and Debtor in Possession

Edward J. LoBello, Esq.
Meyer, Suozzi, English & Klein, P.C.
1350 Broadway, Suite 1420
New York, New York 10018-0026
Attorneys for Town of Islip

Jordan Hecht
Hecht, Kleeger & Damashek, P.C.
Co-Counsel for Gerson Mencia
19 West 44th Street - Suite 1500
New York, NY 10036

Stephen B. Ravin, Esq.
Saul Ewing Arnstein & Lehr LLP
1270 Avenue of the Americas
Suite 2005
New York, NY 10020
Attorneys for Non-Debtor Third-Party Miriam Gross

A. Mayer Kohn
Saul Ewing Arnstein & Lehr LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Attorneys for Non-Debtor Third-Party Miriam Gross

Daniel H. Tabak
Cohen & Gresser LLP
800 Third Avenue
New York, NY 10022
Attorneys for Creditor Cohen & Gresser LLP

| |
|---|
| Michael P. Berkley, Esq.<br>The Law Offices of Michael P. Berkley, P.C.<br>100 Garden City Plaza, Suite 518<br>Garden City, New York 11530<br>Co-counsel for Grandfield Realty Corp. |
| United States Trustee<br>Office of the United States Trustee<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attn: Shara Clair Cornell |
| United States Trustee<br>Office of the United States Trustee<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004<br>Attn: Greg M. Zipes |
| Robert A. Wolf<br>Tarter Krinsky & Drogin LLP<br>1350 Broadway, 11th Floor<br>New York, NY 10018<br>Attorneys for 96 W Development LLC, et al. |
| Gary M. Freedman<br>Nelson Mullins Broad and Cassel<br>2 S. Bescayne Blvd., Ste 2100<br>Miami, FL 33131<br>Attorneys for Benefit Street Partners Realty Operating Partnership, L.P. |
| Lee Hart<br>Nelson Mullins Riley & Scarborough LLP<br>201 17th Street NW<br>Ste 1700<br>Atlanta, GA 30363<br>Attorneys for Benefit Street Partners Realty Operating Partnership, L.P. |
| Hugh H. Shull, III<br>NYC Law Department<br>100 Church Street<br>Room 5-233<br>New York, NY 10007<br>Attorneys for City of New York Department of Finance |
| David Goldwasser<br>3284 N 29th Ct, Suite 203<br>Hollywood, FL 33020<br>Attorneys for Fair Harbor Capital, LLC and GC Realty Advisors LLC |

Bonnie Lynn Pollack
Cullen and Dykman, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
Attorneys for Fair Harbor Capital, LLC and GC Realty Advisors LLC

Barry D. Haberman, Esq.
254 South Main Street, #401
New City, New York 10956
Attorney for Grandfield Realty Corp.

Locke Lord LLP
Attn: Chelsey Rosenbloom List
Stephanie Wickouski
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281
Attorneys for Eric M. Huebscher

Randy M. Kornfeld
Kornfeld & Associates, P.C.
240 Madison Avenue, 8th Floor
New York, NY 10016
Attorneys for Gerson Mencia

Edward N. Gerwirtz
Bronstein, Gewirtz & Grossman, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Attorneys for NBE Plumbing Corp

James K. Greenberg
James K. Greenberg, PC
240 Kent Avenue, Ste B13
Brooklyn, NY 11249
Attorneys for Juan Ramirez

Kellner Herlihy Getty & Friedman, LLP
470 Park Avenue South, 7th Floor
New York, NY 10016-6819
Attn: Derrick Ng
Attorneys for Temporary Receiver Constantino Sagonas

Fair Harbor Capital, LLC
P.O. Box 237037
New York, NY 10023-0028

White Plains Division
300 Quarropas Street
White Plains, NY 10601-4140

| |
|---|
| Advanced Flameproofing Corp.<br>855 E. 7th Street<br>Brooklyn, NY 11230-2246 |
| Altour International Travel Leaders Group<br>1633 Broadway<br>35th Floor<br>New York, NY 10019-6770 |
| Atlantis Cleaners, Inc.<br>873 Bedrod Avenue<br>Brooklyn, NY. 11205-3927 |
| Benefit Street Partners<br>c/o Micah Goodman<br>1345 Avenue of the Americas<br>Suites 32A<br>New York, NY 10105-3107 |
| COD Services Corp<br>c/o Christopher Vatter<br>Jaspan, Schlesinger & Hoffman, LLP<br>300 Garden City Plaza<br>Garden City, NY 11530-3333 |
| Centennial Elevator Industries, Inc.<br>24-35 47th Street<br>Astoria, NY 11103-1009 |
| 96 W Development LLC, et al.<br>c/o Tarter Krinsky & Drogin LLP<br>1350 Broadway<br>11th Floor<br>New York, NY 10018-0947 |
| Grandfield Realty Corp.<br>114 Bowery,<br>Suite 204<br>New York, NY 10013-4997 |
| A&L Cesspool Servic Corp.<br>3788 Review Ave.<br>Long Island City, NY 11101-2052 |
| Agri Exotic Trading, Inc.<br>700 Route 46 West<br>Ste 5<br>Clifton, NJ 07013-1501 |
| Amadeus Hospitality Americas, Inc.<br>29618 Network Place<br>Chicago, IL 60673-1296 |

| |
|---|
| B In Power<br>199 Lee Ave<br>Suite 214<br>Brooklyn, NY 11211-8919 |
| Benefit Street Partners Realty Operating Partnership L.P.<br>142 W. 57th Street<br>Suite 1201<br>New York, NY 10019-3300 |
| Berry's Cooling & Heating<br>15 Meadow Street<br>Brooklyn, NY. 11206-1710 |
| Conslidated Edison Company of New York Inc.<br>4 Irving Place<br>9th Floor<br>New York, NY 10003-3502 |
| 96 Wythe Acquisition LLC<br>679 Driggs Ave<br>Brooklyn, NY. 11211-4023 |
| The Williamsburg Hotel BK LLC<br>c/o Davidoff Hutcher & Citron LLP<br>120 Bloomingdale Road<br>Suite 100<br>White Plains, NY 10605-1519 |
| A. Mayer Kohn<br>Saul Ewing Arnstein & Lehr LLP<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>Attorneys for Non-Debtor Third-Party Miriam Gross |
| Alboro National East Tremont Avenue<br>Suite 203<br>Bronx, NY 10465 |
| Amanda Rose Disken<br>The Disken Law Firm, P.C.<br>1941 Wantagh Avenue<br>Ste 203<br>Wantagh, NY 11793-3950 |
| Backenroth Frankel & Krinsky<br>800 Third Avenue<br>11th Floor<br>New York, NY 10022-7651 |

| |
|---|
| Chau Mui<br>1638-72nd Street<br>Brooklyn, NY 11204-5120 |
| Centennial Elevator Industries, Inc.<br>24-35 47th Street<br>Astoria, NY 11103-1009 |
| City of New York<br>NYC Law Department<br>100 Church St.<br>New York, NY 10007-2668 |
| Realty Operating Par<br>JPMORGAN CHASE BANK |
| Cohen & Gresser LLP<br>800 3rd Ave<br>21st Floor<br>New York, NY. 10022-7611 |
| Commtrak<br>17493 Nassau Commons<br>Lewes, DE 19958 |
| Cvent Inc.<br>P.O. Box 822699<br>Philadelphia, PA 19182-2699 |
| Dynamic Electric<br>1046 Winthrop Street<br>Brooklyn, NY 11212-2027 |
| Fair Harbor Capital, LLC<br>P.O. Box 237037<br>New York, NY 10023-0028 |
| Fivepals, Inc.<br>P.O. Box 21529<br>New York, NY 10087-1529 |
| Gerson Mencia<br>c/o Hecht Kleeger & Damashek<br>19 W 44 St.<br>Ste 1500<br>New York, NY 10036-0120 |
| Grandfield Realty Corp.<br>54 North 11th Street<br>Brookly, NY 11249-1912 |

| |
|---|
| Grandfield Realty, Corp.<br>Michael P. Berkley, Esq.<br>100 Garden City Plaza<br>Suite 518<br>Garden City, New York 11530-3224 |
| Hudson Hotel & Hospitality Maintenance<br>P.O. Box 3336<br>Annapolis, MD 21403-0336 |
| Cohen & Gresser LLP<br>800 3rd Ave<br>21st Floor<br>New York, NY. 10022-7611 |
| Con Edison<br>Cooper Station<br>PO Box 138<br>New York, NY 10276-0138 |
| Dairyland USA Corp<br>PO Box 30943<br>New York, NY 10087-0943 |
| Edison Parker & Associates LLC<br>P.O. Box 190037<br>Brooklyn, NY 11219-0028 |
| Garson Augustine Mencia Maldonado<br>8919 171st Street<br>Apartment 6B<br>Jamaica, NY 11432-7216 |
| Global Travel Solutions Group, Inc.<br>137 W. 25th Street<br>Floor 11<br>New York, NY 10001-7216 |
| Grandfield Realty Corp.<br>c/o Barry D. Haberman, Esq.<br>254 South Main Street, #404<br>New City, NY 10956-3363 |
| Hall PR LLC<br>161 West 23rd Street<br>New York, NY 10011-2422 |

| |
|---|
| IEV Trucking Corp<br>c/o Michael Cassell<br>Hogan & Cassell LLP<br>500 N. Broadway<br>Ste 153<br>Jericho, NY. 11753-2128 |
| Constantino Sagonas<br>240-51 68th Avenue<br>Douglaston, New York 11362-1876 |
| Decorative Home NY Inc.<br>944 McDonald Avenue<br>Brooklyn, NY 11218-5612 |
| FIA Heritage Holdings, LLC<br>7280 West Palmetto Park Road<br>Boca Raton, FL 33433-3422 |
| First In Service<br>130 West 42nd Street Suite 401<br>New York, NY 10036-7802 |
| Gerson Mencia<br>Jordan Hecht<br>19 West 44th Street, Suite 1500<br>New York, NY 10036-0120 |
| Grandfield Realty Corp.<br>2675 East 66th Street<br>Brooklyn,m NY 11234-6848 |
| Hecht, Kleeger & Damashek<br>19 West 44th Street, Suite 1500<br>New York, NY 10036-0120 |
| ISSM Protective Services<br>45 Forshay Road<br>Monsey, NY 10952-1535 |
| ISSM Protective Services<br>c/o Garson, Segal Steinmetz Fladgate LLP<br>164 W 25 St.<br>Suite 11R<br>New York, NY 10001-7423 |
| International Tile<br>703 Myrtle Ave<br>Brooklyn, NY 11205-3903 |
| Jay Brodsky<br>240 East Shore Road<br>Apt. 444<br>Great Neck, NY  11023-2448 |

| |
|---|
| KJ Artistic Inc<br>105 Sanford St.<br>Suite 101<br>Brooklyn, NY 11205-3441 |
| Lightning Mechanical<br>65 Newark Way<br>Maplewood, NJ 07040-3309 |
| Michael Berkley<br>585 Steward Ave<br>Garden City, NY. 11530-4701 |
| NYC Department of Finance<br>66 John Street<br>New York, NY 10038-3728 |
| NYC Dept. of Environmental Protection<br>59-17 Junction Blvd.<br>13th Floor<br>Elmhurst, NY. 11373-5108 |
| NYC Water Board<br>Anrew Rettig<br>Assistant Counsel<br>59-17 Junction Blvd.<br>13th Floor<br>Elmhurst, NY. 11373-5188 |
| National Grid<br>300 Erie Boulevard<br>West Syracuse, NY. 13202-4250 |
| In-Room Plus Inc.<br>2495 Main Street<br>Suite 217<br>Buffalo, NY 14214-2154 |
| Juan Ramirez<br>James Greenberg PC<br>240 Kent Avenue<br>Suite B-13<br>Brooklyn, NY. 11249-4121 |
| Juan Ramirez<br>3419 110th Street<br>1st Floor<br>Corona, NY. 11368-1333 |

| |
|---|
| Keenan Witherspoon<br>c/o Hang & Associates, PLLC<br>136-20 38th Ave.<br>Suite 10G<br>Flushing, NY. 11354-4263 |
| MPI Plumbing Corp / NBE Plumbing<br>c/o Bronstein, Gewirtz & Grossman LLC<br>60 E 42nd St., #4600<br>New York, NY 10165-0022 |
| Michael Lichtenshtein<br>679 Driggs Ave.<br>Brooklyn, NY 11211-4023 |
| NYC Department of Finance<br>Legal Affairs<br>Collection Unit-Real Property Taxes<br>375 Pearl Street<br>30th Fl.<br>New York, NY 10038-1442 |
| NYC Dept. of Finance<br>Office of Legal Affiars<br>Collection Unit<br>375 Pearl Street<br>30th Floor<br>New York, NY. 10038-1442 |
| NYC Water Board<br>P.O. Box 11863<br>Newark, NJ 07101-8163 |
| National Grid<br>P.O. Box 11737<br>Newark, NJ 07101-4737 |
| Internal Revenue Service<br>c/o US Attorney Claims Unit<br>One Saint Andrews Plaza<br>Rm 417<br>New York, NY 10007-1701 |
| James K. Greenberg<br>233 Broadway<br>Suite 900<br>New York, NY 10279-0999 |
| Juan and Carmen Ramirez<br>105 Foley St.<br>Elmhurst, NY. 11373 |

| |
|---|
| Kevin O'Neill<br>11 Broadway<br>Suite 910<br>New York, NY 10004-1340 |
| Mackenzie Sletten<br>c/o Linton Robinson & Higgins, LLP<br>39 Broadway, Suite 1701<br>New York, NY. 10006-3076 |
| NBE Plumbing<br>5 Kosnitz Dr.<br>Monroe, NY 10038-1444 |
| NYC Dept. of Finance<br>P.O. Box 680<br>Newark, NJ 07101-0680 |
| NYS Dept of Tax & Finance Bankruptcy Unit<br>PO Box 5300<br>Albany, NY 12205-0300 |
| OES - Williamsburg Hotel LLC<br>160 Water Street<br>Brooklyn, NY 11201-1017 |
| OES - Williamsburg Hotel LLC<br>c/o Eric J. Snyder, Esq.<br>Wilk Auslander LLP<br>825 Eighth Avenue<br>Suite 2900<br>New York, NY 10019-7574 |
| Office of the United States Trustee<br>U.S. Federal Office Building<br>201 Varick Street<br>Suite 1006<br>New York, NY 10014-4811 |
| Park Pro Systems<br>1461 1st Avenue<br>Suite 132<br>New York, NY 10075-2201 |
| Philip Guarino<br>Harmon, Linder & Rogowsky, Esqs.<br>3 Park Avenue<br>Suite 2300<br>New York, NY 10016-5908 |

| |
|---|
| Protek<br>202 Terminal Drive<br>Plainview, NY 11803-2318 |
| ScentAir Technologies<br>P.O. Box 978754<br>Dallas, TX 75397-8754 |
| Stephen B. Ravin, Esq.<br>Saul Ewing Arnstein & Lehr LLP<br>1270 Avenue of the Americas<br>Suite 2005<br>New York, NY 10020<br>Attorneys for Non-Debtor Third-Party Miriam Gross |
| Target Exterminating Inc.<br>79-11 69th Drive<br>Middle Village, NY. 11379-2904 |
| Toby Moskovits<br>679 Driggs Ave.<br>Broklyn, NY. 11211-4023 |
| Town of Islip<br>c/o Meyer, Suozzi, English & Klein, P.C.<br>1350 Broadway<br>Suite 1420<br>New York, New York 10018-7714<br>Attn: Edward J. LoBello, Esq. |
| Travel Leaders Group (Tzell)<br>1633 Broadway<br>35th Floor<br>New York, NY. 10019-6770 |
| Onyx CenterSource<br>2 Lincoln Center<br>5420 LBJ Freeway<br>Suite 90<br>Dallas, TX 75240-6222 |
| Pat LaFrieda Meat Purveyors<br>3701 Tonnelle Avenue<br>North Bergen, NJ 07047-2421 |
| Power House Generators<br>1072 Madison Avenue<br>Lakewood, NJ 08701-2650 |
| R.A. Travel Inc.<br>39 W. 14th Street<br>Ste 306<br>New York, NY 10011-7405 |

| |
|---|
| Srinivas Thimmappa<br>76 Forest Row<br>Great Neck, NY 11024-1939 |
| Sunbelt Rentals Inc.<br>522 Grand Blvd.<br>Westbury, NY 11590-4742 |
| The BMF Media Group LLC<br>50 West 23rd Street<br>7th Floor<br>New York, NY 10010-5205 |
| Top Shelf Staffing<br>68 West 39th Street<br>Suite 3W<br>New York, NY 10018-3802 |
| Ultramar<br>14 East 47th Street<br>New York, NY 10017-1922 |
| Ovation Travel Group<br>Attn: Stephanie Titone<br>666 Third Avenue<br>4th Floor<br>New York, NY 10017-4160 |
| INC |
| Peter O'Dowd<br>675 Monmouth Street<br>Apt. #405<br>Jersey City, NJ 07310-1324 |
| Prestige Services Inc.<br>21214 Schofield Drive<br>Gretna, NE 68028-3977 |
| Sabre Hospitality Solutions<br>7285 Collection Center Drive<br>Chicago, IL 60693-0001 |
| State of New York Attorney General's Office<br>120 Broadway<br>New York, NY. 10271-0002 |
| Tambourine<br>100 W. Cypress Creek Blvd.<br>Suite 550<br>Fort Lauderdale, FL 33309-2181 |
| The Winthrop Group, LLC<br>240-51 68th Ave.<br>Little Neck, NY. 11362-1876 |

| |
|---|
| Town of Islip<br>c/o Germano & Cahill PC<br>4250 Veterans Memorial Highway<br>Suite 275<br>Attn: Michael J. Cahill, Esq.<br>Holbrook, NY 11741-4013 |
| Travel Leaders Group (TL Corporate)<br>1633 Broadway<br>35th Floor<br>New York, NY. 10019-6770 |
| Vertical Systems Analysis Inc.<br>Midtown Station<br>P.O. Box 716<br>New York, NY 10018-0025 |
| William Lewis<br>c/o Silberstein, Awad & Assocs.<br>600 Old Country Road<br>Suite 412<br>Garden City, NY. 11530-2009 |
| Gerson Mencia<br>c/o Kornfeld & Associates, P.C.<br>240 Madison Avenue<br>8th Flr.<br>New York, NY 10016-2878 |
| Mark A. Frankel<br>Backenroth Frankel & Krinsky, LLP<br>800 Third Avenue<br>11th Floor<br>New York, NY 10022-7651 |
| Chase Paymentech<br>8181 Communications Pkwy<br>Plano, TX 75024 |
| Ovation Travel Group, Inc.<br>71 Fifth Avenue<br>11th Floor<br>New York, NY 10003 |
| United States of America<br>c/o U.S. Attorney<br>86 Chambers Street<br>New York, NY 10007-1825 |

| |
|---|
| William Carillo<br>c/o Joseph Kilada<br>100 Quentin Roosevelt Blvd<br>Suite 208<br>Garden City, NY 11530-4844 |
| Y&T Enterprises of Rockland Inc.<br>600 Chestnut Ridge, Rd.<br>Unit F<br>Spring Valley, NY 10977-5661 |
| Dabin Chung<br>Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, NY 10020-1001 |
| Paul B. O'Neill<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036-2714 |
| Velocity Framers<br>5014 16th Avenue<br>Suite 468<br>Brooklyn, NY 11204-1404 |
| William Lewis<br>2200 Powell Avenue<br>Apartment D-21<br>Bronx, NY 10462-5124 |
| Zurich American Insurance Co.<br>PO Box 68549<br>Schaumburg, IL 60168-0549 |
| Douglas E. Spelfogel<br>Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, NY 10020-1001 |
| Jason A. Nagi<br>Offit Kurman, P.A.<br>590 Madison Avenue, 6th Floor<br>New York, NY 10022<br>Proposed Co-Counsel to the Debtor and Debtor in Possession |
| Daytree Custom Builders Inc.<br>c/o Andrew Campanelli<br>Campanelli & Associates, P.C.<br>1757 Merrick Avenue<br>Ste. 204ß |

**EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                :
In re:                                          :        Chapter 11
                                                :
96 WYTHE ACQUISITION LLC,                       :        Case No. 21-22108 (SHL)
                                                :
                          Debtor.               :
                                                :
------------------------------------------------------------------x

### DECLARATION OF ANDY WIMSATT IN SUPPORT
### OF THE CHAPTER 11 TRUSTEE'S APPLICATION FOR AN
### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
### OF A&G REAL ESTATE PARTNERS, LLC AND EASTDIL
### SECURED, LLC AS REAL ESTATE CO-BROKERS

I, Andy Wimsatt, under penalty of perjury, declare as follows:

1.       I am a Managing Director at Eastdil Secured, LLC ("Eastdil").  I am
authorized to make this declaration (the "Declaration") on behalf of Eastdil in support
of the *Chapter 11 Trustee's Application for an Order Authorizing the Retention and
Employment of A&G Real Estate Partners, LLC and Eastdil Secured, LLC as Real Estate Co-
Brokers* (the "Application"),[1] to assist Stephen S. Gray, not individually but solely in his
capacity as the Chapter 11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition
LLC, ("Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") in the
marketing and sale of the Debtor's property located at 96 Wythe Avenue, Brooklyn,
New York (the "Property").  Except as otherwise indicated, I have personal knowledge
of the matters set forth herein and, if called as a witness, would testify competently
thereto.

2.       I have been involved with the hospitality industry for over 35
years, including 20 years with Marriott International in a variety of executive-level

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such
terms in the Application.

positions in hotel development.  I have been with Eastdil Secured in the role of

Managing Director for three years and have successfully advised institutional clients in

the acquisition and disposition of hotel assets in the US and Europe.

### EASTDIL'S QUALIFICATIONS

3.      Eastdil has been in the real estate business since 1967, and is well

regarded in the commercial real estate capital markets. Eastdil has a well-qualified

hospitality deal team.  Eastdil is the largest independent commercial real estate

investment bank in the world by transaction volume and has completed more than $2.7

trillion in transactions within the last 15 years.

### SERVICES TO BE PROVIDED BY EASTDIL

4.      The Trustee has selected A&G Real Estate Partners, LLC ("A&G")

and Eastdil, as his proposed co-brokers (the "Co-Brokers") to market and sell the

Property.  Pursuant to the terms of the engagement letter between the Trustee, A&G,

and Eastdil, dated July 25, 2022 (the "Engagement Letter"), a copy of which is annexed

to the Application as Exhibit B, the Co-Brokers shall render the following professional

services, which include but are not limited to:

    i.   Prepare and implement a marketing plan to sell the Property;

    ii.  Conduct a sale process of the Property;

    iii. Represent the Trustee in, and along with the Trustee's counsel, negotiate, the sale terms for the Property;

    iv.  Assist the Trustee and his counsel in the documentation of a sale transaction involving the Property; and

    v.   Report weekly to the Trustee regarding the status of the engagement or as otherwise agreed to by the Trustee.

5.       The Co-Brokers will provide the services described above on an exclusive basis for term of one year beginning on the date of the Engagement Letter (the "Co-Broker Period").

## PROFESSIONAL COMPENSATION

6.       Subject to Bankruptcy Court approval, compensation to the Co-Brokers will be based upon a percentage of the gross sales price[2] of the Property (the "Fee").  The Fee will be shared equally between A&G and Eastdil.

7.       The Fee will be equal to:  (a) 1.25% of the first $103.4 million of gross sales price of the property;  plus (b) 3% of the portion of the gross sales price of the Property that exceeds $103.4 million.

8.       Notwithstanding the foregoing, in the event that:  (1) the gross sales price of the Property is in an amount greater than or equal to $96 million;  and (2) the Secured Lender successfully credit bids the balance of its claim, the Co-Brokers will receive compensation in a reduced amount equal to 50% of the gross sales price.

9.       The services provided by the Co-Brokers are transactional by nature, and therefore the Co-Brokers will not bill the Trustee by the hour, nor will they maintain time records.

10.      I believe that the Fee comports with the applicable market rate for commercial real estate transactions and is in line with commissions generally charged by brokers of similar stature for comparable engagements.

---

[2]     The Engagement Letter defines "gross sales price" as "Gross Sales Price" shall be defined as the amount of consideration paid or payable, or otherwise to be received by the Trustee in connection with the sale of the Property including all (i) cash, securities or other property, (ii) any debt assumed, satisfied or paid by a purchaser or which remains outstanding at closing (including, without limitation, the amount of any indebtedness "credit bid" at any sale), and (iii) amounts placed in escrow and deferred, contingent payments and installment payments.

11.     Subject to the approval of the Court, in accordance with the provisions of section 328(a) of the Bankruptcy Code, the Bankruptcy Rules, and the applicable Local Rules and orders of this Court, the Co-Brokers intend to apply for compensation for professional services rendered and reimbursement for related costs pursuant to the Engagement Letter.

## PROCEDURES TO IDENTIFY CONFLICTS;  DISCLOSURE OF CONFLICTS

12.     Eastdil has had commercial or professional relationships, may currently have commercial or professional relationships, and may in the future have commercial or professional relationships directly or indirectly with the Debtor, its creditors, its equity security holders, and other interested parties (collectively, the "Interested Parties")," a list of which is attached hereto as Exhibit 1.  As described below, however, Eastdil has undertaken a detailed search to determine and to disclose any relationships with the Interested Parties, and whether it is performing or has performed services for any Interested Parties.

13.     Eastdil researched its client database to determine whether it has any relationships with any Interested Parties.  To the best of my knowledge, Eastdil's research did not reveal any fact or situation that would represent a conflict of interest for Eastdil with regard to the Debtor.

14.     Despite the efforts described above to identify and disclose Eastdil's connections with any Interested Parties in the Chapter 11 Case, Eastdil is unable to state with certainty that every client representation or other connection has been disclosed.  If Eastdil discovers additional information that requires disclosure, Eastdil will file supplemental disclosures with the Court as promptly as possible.

15.     To the best of my knowledge, Eastdil has not been retained to assist any entity or person other than the Debtor on matters relating to, or in connection with

4

the Chapter 11 Case. If this Court approves the proposed employment of Eastdil by the Trustee, Eastdil will not accept any engagement or perform any service in the Chapter 11 Case for any other entity or person other than the Debtor. Eastdil may, however, continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that may be creditors of the Debtor or any Interested Parties in the Chapter 11 Case; *provided*, *however*, those services do not and will not relate to, or have any connection with, the Chapter 11 Case.

16.     To the best of my knowledge, information, and belief, Eastdil does not have or represent any interest materially adverse to the interests of the Debtor, or of any class of creditors or equity security holders of the Debtor, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor based on the information provided to Eastdil to date.

17.     To the extent that any information disclosed herein requires amendment or modification upon Eastdil's completion of further analysis, or as additional information becomes available to it, a supplemental affidavit will be submitted to the Court.

## EASTDIL'S DISINTERESTEDNESS

18.     To the best of my knowledge, Eastdil: (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) does not represent any person or entity having an interest adverse to the Debtor in connection with this Chapter 11 Case; (c) does not hold or represent an interest adverse to the Debtor's estate with respect to matters on which Eastdil is employed; and (d) has no connection to the Debtor, its creditors, or any other party-in-interest, except as disclosed herein.

19.     Eastdil will promptly review its files against any updated list of Interested Parties received from the Debtor from time to time during the pendency of this Chapter 11 Case.  To the extent any new relevant facts or relationships are discovered or arise in the course of such review, Eastdil will promptly make additional disclosures to the Court as required by Bankruptcy Rule 2014(a).

20.     Based on the facts and for the reasons stated herein, the retention of Eastdil as real estate co-broker for the Trustee pursuant is reasonable, necessary, and appropriate.  I respectfully submit that for all of the reasons stated above, the retention of Eastdil as real estate co-broker to the Trustee is warranted.

DATED:   New York, New York
         July 26, 2022

                              /s/ Andy Wimsatt
                              Andy Wimsatt
                              Eastdil Secured, LLC
                              2000 K St NW Suite 300,
                              Washington, DC 20006
                              (202) 688-4017

**EXHIBIT 1**

| Party and Address |
|---|
| Kellner Herlihy Getty & Friedman, LLP<br>470 Park Avenue South, 7th Floor<br>New York, NY 10016-6819<br>Attn: Douglas A. Kellner<br>Attorneys for Temporary Receiver Constantino Sagonas |
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attn:  Adam C. Rogoff<br>P. Bradley O'Neill<br>David Braun<br>Attorneys for Benefit Street Partners Realty Operating Partnership, L.P. |
| Barry D. Haberman, Esq.<br>254 South Main Street, #404<br>New City, New York 10956<br>Attorney for Grandfield Realty Corp. |
| Davidoff Hutcher & Citron LLP<br>Attn:  Jonathan S. Pasternak, Esq.<br>Robert L. Rattet, Esq.<br>120 Bloomingdale Road<br>White Plains, NY 10601<br>Attorneys for The Williamsburg Hotel BK LLC |
| Davidoff Hutcher & Citron LLP<br>Attn:  James B. Glucksman, Esq.<br>Robert L. Rattet, Esq.<br>120 Bloomingdale Road<br>White Plains, NY 10601<br>Attorneys for The Williamsburg Hotel BK LLC |
| Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Attn: Douglas Spelfolgel<br>Leah Eisenberg<br>Jason I. Kirschner<br>Dabin Chung<br>Proposed Co-Counsel to the Debtor and Debtor in Possession |
| Jason A. Nagi<br>Offit Kurman, P.A.<br>590 Madison Avenue, 6th Floor<br>New York, NY 10022<br>Proposed Co-Counsel to the Debtor and Debtor in Possession |

Paul B. O'Neill
Kramer Levin Naftalis & FrankelLLP
1177 Avenue of the Americas
New York, NY 10036
Proposed Co-Counsel to the Debtor and Debtor in Possession

Pearl Shah
McGrail & Bensigner LLP
888-C 8th Avenue, #107
New York, NY 10019
Proposed Co-Counsel to the Debtor and Debtor in Possession

Blackenroth Frankel & Krinksky, LLP
Attn: Mark A. Frankel
800 Third Avenue, 11th Floor
New York, NY 10022
Proposed Co-Counsel to the Debtor and Debtor in Possession

Edward J. LoBello, Esq.
Meyer, Suozzi, English & Klein, P.C.
1350 Broadway, Suite 1420
New York, New York 10018-0026
Attorneys for Town of Islip

Jordan Hecht
Hecht, Kleeger & Damashek, P.C.
Co-Counsel for Gerson Mencia
19 West 44th Street - Suite 1500
New York, NY 10036

Stephen B. Ravin, Esq.
Saul Ewing Arnstein & Lehr LLP
1270 Avenue of the Americas
Suite 2005
New York, NY 10020
Attorneys for Non-Debtor Third-Party Miriam Gross

A. Mayer Kohn
Saul Ewing Arnstein & Lehr LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Attorneys for Non-Debtor Third-Party Miriam Gross

Daniel H. Tabak
Cohen & Gresser LLP
800 Third Avenue
New York, NY 10022
Attorneys for Creditor Cohen & Gresser LLP

| |
|---|
| Michael P. Berkley, Esq.<br>The Law Offices of Michael P. Berkley, P.C.<br>100 Garden City Plaza, Suite 518<br>Garden City, New York 11530<br>Co-counsel for Grandfield Realty Corp. |
| United States Trustee<br>Office of the United States Trustee<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attn: Shara Clair Cornell |
| United States Trustee<br>Office of the United States Trustee<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004<br>Attn: Greg M. Zipes |
| Robert A. Wolf<br>Tarter Krinsky & Drogin LLP<br>1350 Broadway, 11th Floor<br>New York, NY 10018<br>Attorneys for 96 W Development LLC, et al. |
| Gary M. Freedman<br>Nelson Mullins Broad and Cassel<br>2 S. Bescayne Blvd., Ste 2100<br>Miami, FL 33131<br>Attorneys for Benefit Street Partners Realty Operating Partnership, L.P. |
| Lee Hart<br>Nelson Mullins Riley & Scarborough LLP<br>201 17th Street NW<br>Ste 1700<br>Atlanta, GA 30363<br>Attorneys for Benefit Street Partners Realty Operating Partnership, L.P. |
| Hugh H. Shull, III<br>NYC Law Department<br>100 Church Street<br>Room 5-233<br>New York, NY 10007<br>Attorneys for City of New York Department of Finance |
| David Goldwasser<br>3284 N 29th Ct, Suite 203<br>Hollywood, FL 33020<br>Attorneys for Fair Harbor Capital, LLC and GC Realty Advisors LLC |

| |
|---|
| Bonnie Lynn Pollack<br>Cullen and Dykman, LLP<br>100 Quentin Roosevelt Boulevard<br>Garden City, NY 11530<br>Attorneys for Fair Harbor Capital, LLC and GC Realty Advisors LLC |
| Barry D. Haberman, Esq.<br>254 South Main Street, #401<br>New City, New York 10956<br>Attorney for Grandfield Realty Corp. |
| Locke Lord LLP<br>Attn: Chelsey Rosenbloom List<br>Stephanie Wickouski<br>Brookfield Place<br>200 Vesey Street, 20th Floor<br>New York, NY 10281<br>Attorneys for Eric M. Huebscher |
| Randy M. Kornfeld<br>Kornfeld & Associates, P.C.<br>240 Madison Avenue, 8th Floor<br>New York, NY 10016<br>Attorneys for Gerson Mencia |
| Edward N. Gerwirtz<br>Bronstein, Gewirtz & Grossman, LLC<br>60 East 42nd Street, Suite 4600<br>New York, NY 10165<br>Attorneys for NBE Plumbing Corp |
| James K. Greenberg<br>James K. Greenberg, PC<br>240 Kent Avenue, Ste B13<br>Brooklyn, NY 11249<br>Attorneys for Juan Ramirez |
| Kellner Herlihy Getty & Friedman, LLP<br>470 Park Avenue South, 7th Floor<br>New York, NY 10016-6819<br>Attn: Derrick Ng<br>Attorneys for Temporary Receiver Constantino Sagonas |
| Fair Harbor Capital, LLC<br>P.O. Box 237037<br>New York, NY 10023-0028 |
| White Plains Division<br>300 Quarropas Street<br>White Plains, NY 10601-4140 |

Advanced Flameproofing Corp.
855 E. 7th Street
Brooklyn, NY 11230-2246

Altour International Travel Leaders Group
1633 Broadway
35th Floor
New York, NY 10019-6770

Atlantis Cleaners, Inc.
873 Bedrod Avenue
Brooklyn, NY. 11205-3927

Benefit Street Partners
c/o Micah Goodman
1345 Avenue of the Americas
Suites 32A
New York, NY 10105-3107

COD Services Corp
c/o Christopher Vatter
Jaspan, Schlesinger & Hoffman, LLP
300 Garden City Plaza
Garden City, NY 11530-3333

Centennial Elevator Industries, Inc.
24-35 47th Street
Astoria, NY 11103-1009

96 W Development LLC, et al.
c/o Tarter Krinsky & Drogin LLP
1350 Broadway
11th Floor
New York, NY 10018-0947

Grandfield Realty Corp.
114 Bowery,
Suite 204
New York, NY 10013-4997

A&L Cesspool Servic Corp.
3788 Review Ave.
Long Island City, NY 11101-2052

Agri Exotic Trading, Inc.
700 Route 46 West
Ste 5
Clifton, NJ 07013-1501

Amadeus Hospitality Americas, Inc.
29618 Network Place
Chicago, IL 60673-1296

| |
|---|
| B In Power<br>199 Lee Ave<br>Suite 214<br>Brooklyn, NY 11211-8919 |
| Benefit Street Partners Realty Operating Partnership L.P.<br>142 W. 57th Street<br>Suite 1201<br>New York, NY 10019-3300 |
| Berry's Cooling & Heating<br>15 Meadow Street<br>Brooklyn, NY. 11206-1710 |
| Conslidated Edison Company of New York Inc.<br>4 Irving Place<br>9th Floor<br>New York, NY 10003-3502 |
| 96 Wythe Acquisition LLC<br>679 Driggs Ave<br>Brooklyn, NY. 11211-4023 |
| The Williamsburg Hotel BK LLC<br>c/o Davidoff Hutcher & Citron LLP<br>120 Bloomingdale Road<br>Suite 100<br>White Plains, NY 10605-1519 |
| A. Mayer Kohn<br>Saul Ewing Arnstein & Lehr LLP<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>Attorneys for Non-Debtor Third-Party Miriam Gross |
| Alboro National East Tremont Avenue<br>Suite 203<br>Bronx, NY 10465 |
| Amanda Rose Disken<br>The Disken Law Firm, P.C.<br>1941 Wantagh Avenue<br>Ste 203<br>Wantagh, NY 11793-3950 |
| Backenroth Frankel & Krinsky<br>800 Third Avenue<br>11th Floor<br>New York, NY 10022-7651 |

| |
|---|
| Chau Mui<br>1638-72nd Street<br>Brooklyn, NY 11204-5120 |
| Centennial Elevator Industries, Inc.<br>24-35 47th Street<br>Astoria, NY 11103-1009 |
| City of New York<br>NYC Law Department<br>100 Church St.<br>New York, NY 10007-2668 |
| Realty Operating Par<br>JPMORGAN CHASE BANK |
| Cohen & Gresser LLP<br>800 3rd Ave<br>21st Floor<br>New York, NY. 10022-7611 |
| Commtrak<br>17493 Nassau Commons<br>Lewes, DE 19958 |
| Cvent Inc.<br>P.O. Box 822699<br>Philadelphia, PA 19182-2699 |
| Dynamic Electric<br>1046 Winthrop Street<br>Brooklyn, NY 11212-2027 |
| Fair Harbor Capital, LLC<br>P.O. Box 237037<br>New York, NY 10023-0028 |
| Fivepals, Inc.<br>P.O. Box 21529<br>New York, NY 10087-1529 |
| Gerson Mencia<br>c/o Hecht Kleeger & Damashek<br>19 W 44 St.<br>Ste 1500<br>New York, NY 10036-0120 |
| Grandfield Realty Corp.<br>54 North 11th Street<br>Brookly, NY 11249-1912 |

| |
|---|
| Grandfield Realty, Corp.<br>Michael P. Berkley, Esq.<br>100 Garden City Plaza<br>Suite 518<br>Garden City, New York 11530-3224 |
| Hudson Hotel & Hospitality Maintenance<br>P.O. Box 3336<br>Annapolis, MD 21403-0336 |
| Cohen & Gresser LLP<br>800 3rd Ave<br>21st Floor<br>New York, NY. 10022-7611 |
| Con Edison<br>Cooper Station<br>PO Box 138<br>New York, NY 10276-0138 |
| Dairyland USA Corp<br>PO Box 30943<br>New York, NY 10087-0943 |
| Edison Parker & Associates LLC<br>P.O. Box 190037<br>Brooklyn, NY 11219-0028 |
| Garson Augustine Mencia Maldonado<br>8919 171st Street<br>Apartment 6B<br>Jamaica, NY 11432-7216 |
| Global Travel Solutions Group, Inc.<br>137 W. 25th Street<br>Floor 11<br>New York, NY 10001-7216 |
| Grandfield Realty Corp.<br>c/o Barry D. Haberman, Esq.<br>254 South Main Street, #404<br>New City, NY 10956-3363 |
| Hall PR LLC<br>161 West 23rd Street<br>New York, NY 10011-2422 |

| |
|---|
| IEV Trucking Corp<br>c/o Michael Cassell<br>Hogan & Cassell LLP<br>500 N. Broadway<br>Ste 153<br>Jericho, NY. 11753-2128 |
| Constantino Sagonas<br>240-51 68th Avenue<br>Douglaston, New York 11362-1876 |
| Decorative Home NY Inc.<br>944 McDonald Avenue<br>Brooklyn, NY 11218-5612 |
| FIA Heritage Holdings, LLC<br>7280 West Palmetto Park Road<br>Boca Raton, FL 33433-3422 |
| First In Service<br>130 West 42nd Street Suite 401<br>New York, NY 10036-7802 |
| Gerson Mencia<br>Jordan Hecht<br>19 West 44th Street, Suite 1500<br>New York, NY 10036-0120 |
| Grandfield Realty Corp.<br>2675 East 66th Street<br>Brooklyn,m NY 11234-6848 |
| Hecht, Kleeger & Damashek<br>19 West 44th Street, Suite 1500<br>New York, NY 10036-0120 |
| ISSM Protective Services<br>45 Forshay Road<br>Monsey, NY 10952-1535 |
| ISSM Protective Services<br>c/o Garson, Segal Steinmetz Fladgate LLP<br>164 W 25 St.<br>Suite 11R<br>New York, NY 10001-7423 |
| International Tile<br>703 Myrtle Ave<br>Brooklyn, NY 11205-3903 |
| Jay Brodsky<br>240 East Shore Road<br>Apt. 444<br>Great Neck, NY 11023-2448 |

| |
|---|
| KJ Artistic Inc<br>105 Sanford St.<br>Suite 101<br>Brooklyn, NY 11205-3441 |
| Lightning Mechanical<br>65 Newark Way<br>Maplewood, NJ 07040-3309 |
| Michael Berkley<br>585 Steward Ave<br>Garden City, NY. 11530-4701 |
| NYC Department of Finance<br>66 John Street<br>New York, NY 10038-3728 |
| NYC Dept. of Environmental Protection<br>59-17 Junction Blvd.<br>13th Floor<br>Elmhurst, NY. 11373-5108 |
| NYC Water Board<br>Anrew Rettig<br>Assistant Counsel<br>59-17 Junction Blvd.<br>13th Floor<br>Elmhurst, NY. 11373-5188 |
| National Grid<br>300 Erie Boulevard<br>West Syracuse, NY. 13202-4250 |
| In-Room Plus Inc.<br>2495 Main Street<br>Suite 217<br>Buffalo, NY 14214-2154 |
| Juan Ramirez<br>James Greenberg PC<br>240 Kent Avenue<br>Suite B-13<br>Brooklyn, NY. 11249-4121 |
| Juan Ramirez<br>3419 110th Street<br>1st Floor<br>Corona, NY. 11368-1333 |

| |
|---|
| Keenan Witherspoon<br>c/o Hang & Associates, PLLC<br>136-20 38th Ave.<br>Suite 10G<br>Flushing, NY. 11354-4263 |
| MPI Plumbing Corp / NBE Plumbing<br>c/o Bronstein, Gewirtz & Grossman LLC<br>60 E 42nd St., #4600<br>New York, NY 10165-0022 |
| Michael Lichtenshtein<br>679 Driggs Ave.<br>Brooklyn, NY 11211-4023 |
| NYC Department of Finance<br>Legal Affairs<br>Collection Unit-Real Property Taxes<br>375 Pearl Street<br>30th Fl.<br>New York, NY 10038-1442 |
| NYC Dept. of Finance<br>Office of Legal Affiars<br>Collection Unit<br>375 Pearl Street<br>30th Floor<br>New York, NY. 10038-1442 |
| NYC Water Board<br>P.O. Box 11863<br>Newark, NJ 07101-8163 |
| National Grid<br>P.O. Box 11737<br>Newark, NJ 07101-4737 |
| Internal Revenue Service<br>c/o US Attorney Claims Unit<br>One Saint Andrews Plaza<br>Rm 417<br>New York, NY 10007-1701 |
| James K. Greenberg<br>233 Broadway<br>Suite 900<br>New York, NY 10279-0999 |
| Juan and Carmen Ramirez<br>105 Foley St.<br>Elmhurst, NY. 11373 |

| |
|---|
| Kevin O'Neill<br>11 Broadway<br>Suite 910<br>New York, NY 10004-1340 |
| Mackenzie Sletten<br>c/o Linton Robinson & Higgins, LLP<br>39 Broadway, Suite 1701<br>New York, NY. 10006-3076 |
| NBE Plumbing<br>5 Kosnitz Dr.<br>Monroe, NY 10038-1444 |
| NYC Dept. of Finance<br>P.O. Box 680<br>Newark, NJ 07101-0680 |
| NYS Dept of Tax & Finance Bankruptcy Unit<br>PO Box 5300<br>Albany, NY 12205-0300 |
| OES - Williamsburg Hotel LLC<br>160 Water Street<br>Brooklyn, NY 11201-1017 |
| OES - Williamsburg Hotel LLC<br>c/o Eric J. Snyder, Esq.<br>Wilk Auslander LLP<br>825 Eighth Avenue<br>Suite 2900<br>New York, NY 10019-7574 |
| Office of the United States Trustee<br>U.S. Federal Office Building<br>201 Varick Street<br>Suite 1006<br>New York, NY 10014-4811 |
| Park Pro Systems<br>1461 1st Avenue<br>Suite 132<br>New York, NY 10075-2201 |
| Philip Guarino<br>Harmon, Linder & Rogowsky, Esqs.<br>3 Park Avenue<br>Suite 2300<br>New York, NY 10016-5908 |

| |
|---|
| Protek<br>202 Terminal Drive<br>Plainview, NY 11803-2318 |
| ScentAir Technologies<br>P.O. Box 978754<br>Dallas, TX 75397-8754 |
| Stephen B. Ravin, Esq.<br>Saul Ewing Arnstein & Lehr LLP<br>1270 Avenue of the Americas<br>Suite 2005<br>New York, NY 10020<br>Attorneys for Non-Debtor Third-Party Miriam Gross |
| Target Exterminating Inc.<br>79-11 69th Drive<br>Middle Village, NY. 11379-2904 |
| Toby Moskovits<br>679 Driggs Ave.<br>Broklyn, NY. 11211-4023 |
| Town of Islip<br>c/o Meyer, Suozzi, English & Klein, P.C.<br>1350 Broadway<br>Suite 1420<br>New York, New York 10018-7714<br>Attn: Edward J. LoBello, Esq. |
| Travel Leaders Group (Tzell)<br>1633 Broadway<br>35th Floor<br>New York, NY. 10019-6770 |
| Onyx CenterSource<br>2 Lincoln Center<br>5420 LBJ Freeway<br>Suite 90<br>Dallas, TX 75240-6222 |
| Pat LaFrieda Meat Purveyors<br>3701 Tonnelle Avenue<br>North Bergen, NJ 07047-2421 |
| Power House Generators<br>1072 Madison Avenue<br>Lakewood, NJ 08701-2650 |
| R.A. Travel Inc.<br>39 W. 14th Street<br>Ste 306<br>New York, NY 10011-7405 |

| |
|---|
| Srinivas Thimmappa<br>76 Forest Row<br>Great Neck, NY 11024-1939 |
| Sunbelt Rentals Inc.<br>522 Grand Blvd.<br>Westbury, NY 11590-4742 |
| The BMF Media Group LLC<br>50 West 23rd Street<br>7th Floor<br>New York, NY 10010-5205 |
| Top Shelf Staffing<br>68 West 39th Street<br>Suite 3W<br>New York, NY 10018-3802 |
| Ultramar<br>14 East 47th Street<br>New York, NY 10017-1922 |
| Ovation Travel Group<br>Attn: Stephanie Titone<br>666 Third Avenue<br>4th Floor<br>New York, NY 10017-4160 |
| INC |
| Peter O'Dowd<br>675 Monmouth Street<br>Apt. #405<br>Jersey City, NJ 07310-1324 |
| Prestige Services Inc.<br>21214 Schofield Drive<br>Gretna, NE 68028-3977 |
| Sabre Hospitality Solutions<br>7285 Collection Center Drive<br>Chicago, IL 60693-0001 |
| State of New York Attorney General's Office<br>120 Broadway<br>New York, NY. 10271-0002 |
| Tambourine<br>100 W. Cypress Creek Blvd.<br>Suite 550<br>Fort Lauderdale, FL 33309-2181 |
| The Winthrop Group, LLC<br>240-51 68th Ave.<br>Little Neck, NY. 11362-1876 |

| |
|---|
| Town of Islip<br>c/o Germano & Cahill PC<br>4250 Veterans Memorial Highway<br>Suite 275<br>Attn: Michael J. Cahill, Esq.<br>Holbrook, NY 11741-4013 |
| Travel Leaders Group (TL Corporate)<br>1633 Broadway<br>35th Floor<br>New York, NY. 10019-6770 |
| Vertical Systems Analysis Inc.<br>Midtown Station<br>P.O. Box 716<br>New York, NY 10018-0025 |
| William Lewis<br>c/o Silberstein, Awad & Assocs.<br>600 Old Country Road<br>Suite 412<br>Garden City, NY. 11530-2009 |
| Gerson Mencia<br>c/o Kornfeld & Associates, P.C.<br>240 Madison Avenue<br>8th Flr.<br>New York, NY 10016-2878 |
| Mark A. Frankel<br>Backenroth Frankel & Krinsky, LLP<br>800 Third Avenue<br>11th Floor<br>New York, NY 10022-7651 |
| Chase Paymentech<br>8181 Communications Pkwy<br>Plano, TX 75024 |
| Ovation Travel Group, Inc.<br>71 Fifth Avenue<br>11th Floor<br>New York, NY 10003 |
| United States of America<br>c/o U.S. Attorney<br>86 Chambers Street<br>New York, NY 10007-1825 |

| |
|---|
| William Carillo<br>c/o Joseph Kilada<br>100 Quentin Roosevelt Blvd<br>Suite 208<br>Garden City, NY 11530-4844 |
| Y&T Enterprises of Rockland Inc.<br>600 Chestnut Ridge, Rd.<br>Unit F<br>Spring Valley, NY 10977-5661 |
| Dabin Chung<br>Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, NY 10020-1001 |
| Paul B. O'Neill<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036-2714 |
| Velocity Framers<br>5014 16th Avenue<br>Suite 468<br>Brooklyn, NY 11204-1404 |
| William Lewis<br>2200 Powell Avenue<br>Apartment D-21<br>Bronx, NY 10462-5124 |
| Zurich American Insurance Co.<br>PO Box 68549<br>Schaumburg, IL 60168-0549 |
| Douglas E. Spelfogel<br>Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, NY 10020-1001 |
| Jason A. Nagi<br>Offit Kurman, P.A.<br>590 Madison Avenue, 6th Floor<br>New York, NY 10022<br>Proposed Co-Counsel to the Debtor and Debtor in Possession |
| Daytree Custom Builders Inc.<br>c/o Andrew Campanelli<br>Campanelli & Associates, P.C.<br>1757 Merrick Avenue<br>Ste. 204ß |