**Presentment Date: August 10, 2022 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: August 10, 2022 at 11:00 a.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger
Amanda C. Glaubach

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 96 Wythe Acquisition, LLC, | : | Case No. 21-22108 (SHL) |
| | : | |
| Debtor. | : | |
| | : | |

---------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF ORDER**
**AUTHORIZING THE RETENTION AND**
**EMPLOYMENT OF VERDOLINO & LOWEY, P.C. AS TAX**
**ACCOUNTANT FOR THE CHAPTER 11 TRUSTEE**

**PLEASE TAKE NOTICE** that, upon the annexed Application[1] of Stephen S.

Gray, not individually but solely in his capacity as the Chapter 11 trustee

(the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor"), the

undersigned will present for signature a proposed order (the "Order"), a true and

complete copy of which is annexed to the Application as Exhibit A, authorizing the

employment and retention of Verdolino & Lowey, P.C. as tax accountant for the

Trustee, to the Honorable Sean H. Lane, United States Bankruptcy Judge, in his

Chambers, United States Bankruptcy Court for the Southern District of New York, 300

Quarropas Street, White Plains, New York 10602-5008, on August 10, 2022 (the

"Presentment Date") at 12:00 p.m. (**prevailing Eastern Time**).

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Order must be made in writing and conform with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and be filed with the Clerk of the Bankruptcy Court at the address set forth above, with a copy delivered directly to Bankruptcy Judge Lane's Chambers, and served upon the undersigned attorneys for the Trustee, so as to be filed and actually received by all of them not later than August 10, 2022 at 11:00 a.m. (**prevailing Eastern Time**).  If no timely written objections are filed and received in accordance with the foregoing, the Order may be signed by the Court.

**PLEASE TAKE FURTHER NOTICE** that, you may also obtain copies of any pleadings by visiting the Court's website at https://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

DATED:   July 26, 2022
         New York, New York

                    STEPHEN S. GRAY
                    Not Individually But Solely in His
                    Capacity as Chapter 11 Trustee
                    By His Attorneys,
                    TOGUT, SEGAL & SEGAL LLP
                    By:

                    */s/ Neil Berger*
                    ALBERT TOGUT
                    FRANK A. OSWALD
                    NEIL BERGER
                    AMANDA C. GLAUBACH
                    One Penn Plaza, Suite 3335
                    New York, New York 10119
                    (212) 594-5000

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger
Amanda C. Glaubach

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 96 Wythe Acquisition, LLC, | : | |
| | : | Case No. 21-22108 (SHL) |
| Debtor. | : | |
| | : | |

---------------------------------------------------------------x

**APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING  THE RETENTION AND**
**EMPLOYMENT OF VERDOLINO & LOWEY, P.C.**
**AS TAX ACCOUNTANT FOR THE CHAPTER 11 TRUSTEE**

TO THE HONORABLE SEAN L. LANE
UNITED STATES BANKRUPTCY JUDGE:

Stephen S. Gray, not individually but solely in his capacity as the Chapter 11

trustee (the "Trustee"), of the estate of 96 Wythe Acquisition, LLC, (the "Debtor") in the

above-captioned Chapter 11 Case (the "Chapter 11 Case"), hereby makes this

application (the "Application"), by and through his attorneys, Togut, Segal & Segal LLP,

for entry of an order substantially in the form annexed hereto as Exhibit A (the

"Order"), under sections 327, 328, and 330 of title 11 of the United States Code (the

"Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules

for the Southern District of New York (the "Local Rules") authorizing Verdolino &

Lowey P.C. ("V&L") to provide tax accounting services to the Trustee.  In support of the

relief requested in this Application, the Trustee submits the declaration of Craig R. Jalbert (the "Jalbert Declaration"), annexed hereto as Exhibit B, and respectfully states:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated as of January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 327, 328 and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

3.      The Trustee consents to the entry of a final order by this Court in connection with this Application to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection with this Application consistent with Article III of the United States Constitution.

## BACKGROUND

4.      On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5.      No official committee of unsecured creditors has been appointed in this Chapter 11 Case.

6.      On October 15, 2021, Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street" or "Secured Lender") filed its *Motion to Appoint an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 147], which was granted by the

Court on November 8, 2021 by entry of the *Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 178], which order was subsequently amended on November 23, 2021 by entry of the *Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 193] and on December 14, 2021 by entry of the *Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 224].

7.      On November 16, 2021, the Court entered the *Order Approving Appointment of Examiner* [Docket No. 186], and Eric M. Huebscher was appointed as the examiner (the "Examiner") in this Chapter 11 Case.

8.      On February 28, 2022, the Examiner issued his report [Docket No. 418] (as may be supplemented, the "Examiner Report") wherein the Examiner found that there were sufficient grounds to appoint a trustee.  On March 21, 2022, the Examiner issued a supplemental report [Docket No. 465].  Among other findings, the Examiner found that tax returns were not prepared by or on behalf of the Debtor for certain years prior to the Petition Date.

9.      On March 28, 2022, Benefit Street filed its *Renewed Motion for the Appointment of a Chapter 11 Trustee Based on Continuing Malfeasance* [Docket No. 476] (the "Benefit Street Trustee Motion"), raising concerns of potential impropriety on behalf of the Debtor's management and requesting the appointment of a Chapter 11 trustee.

10.      On March 31, 2022, the Office of the United States Trustee (the "United States Trustee") filed the *Motion to Appoint Trustee* [Docket No. 491] (the "United States Trustee Motion" and, together with the Benefit Street Trustee Motion, the "Trustee Motions").

11.      Following evidentiary hearings conducted on May 17 and 25 and post-hearing oral argument on May 26, on May 27, 2022 the Court entered its *Order Granting*

*Motions to Appoint a Chapter 11 Trustee* [Docket No. 591].

12.     On May 31, 2022, the United States Trustee filed his *Notice of Appointment of Chapter 11 Trustee* [Docket No. 592] and filed an application for an order approving the Trustee's appointment [Docket No. 593].

13.     On May 31, 2022, the Court entered its *Order Granting the Application for Appointment of Chapter 11 Trustee* [Docket No. 594].  The Trustee has duly qualified and is acting as the Chapter 11 Trustee.

## RELIEF REQUESTED

14.     By this Application, the Trustee seeks entry of the Order, pursuant to sections 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the Trustee to retain and employ V&L to perform tax accounting services requested by the Trustee during this Chapter 11 Case.

## V&L'S QUALIFICATIONS

15.     As detailed in the Jalbert Declaration, V&L has extensive experience working in bankruptcy and distressed business situations.  V&L is a certified public accounting ("CPA") firm that routinely provides accounting and tax related professional services to clients in and out of bankruptcy in numerous jurisdictions.  V&L regularly provides tax planning and compliance and other accounting and advisory services to debtors, trustees, and committees.

16.     V&L's personnel to be staffed on this engagement are professionals who have varied backgrounds and credentials and significant experience in bankruptcy and tax services.  V&L has a very substantial and wide-ranging tax practice including personnel who are CPAs, and hold masters degrees in taxation.

17.     The Trustee seeks to retain and employ V&L as his tax accountant because

4

of, among other reasons, the firm's diverse and extensive knowledge in the fields of

bankruptcy and taxation.  V&L will be able to provide services to the Trustee efficiently,

without interruption to the Debtor's Chapter 11 Case, and without duplication of the services

being provided by the Trustee's other retained professionals.

## SERVICES TO BE PROVIDED

18.     The Trustee has requested that V&L render the following services

(collectively, the "Services") to the Trustee in this Chapter 11 Case:

> (a)     Assist the Trustee and the Trustee's professionals in analyzing
>         and evaluating tax issues and strategies;
>
> (b)     Assist the Trustee in federal, state and local tax compliance and
>         tax return preparation;  and
>
> (c)     Assistance with obtaining and retaining necessary records to the
>         Trustee related to tax planning and preparation.

19.     V&L is willing to serve as the Trustee's tax accountant and perform the

above-described Services at the Trustee's direction.  V&L will work with the Trustee

and his other professionals to ensure that the Services performed by V&L are not

duplicative of any of the services provided by the Trustee's other professionals.

## PROFESSIONAL COMPENSATION

20.     During this Chapter 11 Case, V&L intends to apply for compensation

for the Services, subject to this Court's approval and in compliance with applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and

guidelines established by the United States Trustee (the "U.S. Trustee Guidelines"), and

for reimbursement of actual and necessary expenses and other charges that V&L incurs.

21.     Pursuant to section 328(a) of the Bankruptcy Code, the Trustee may

retain V&L on any reasonable terms and conditions.  The hourly rates charged by V&L

to the Trustee are the same charged to other clients on a daily basis in a competitive

market for accounting and tax compliance services and are reasonable. Therefore, subject to Court approval, the Trustee and V&L have agreed that V&L will be paid its customary hourly rates for the Services, and that V&L will be reimbursed according to V&L's customary reimbursement policies.

22.     Pursuant to section 330(a)(1)(A) of the Bankruptcy Code, the Court may award reasonable compensation for actual and necessary expenses and services rendered in conjunction with this Chapter 11 Case. V&L's current hourly rates and reimbursement policies are what the general marketplace pays V&L for accounting and tax compliance services in other matters and are reasonable. The current normal and customary rates for services rendered by V&L and applicable herein are:

| Professional | Hourly Rate |
| --- | --- |
| Principals | $515 |
| Managers | $275 – $425 |
| Staff | $225 – $395 |
| Bookkeepers | $225 – $245 |

23.     It is V&L's policy to charge its clients for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying, travel expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized research services, expenses for "working meals" and telecopier charges. V&L will charge the Trustee, in his capacity as Trustee in this Chapter 11 Case, and the Debtor's estate for these expenses in a manner and at rates consistent with those it generally charges its other clients and in accordance with the Local Rules and U.S. Trustee Guidelines. V&L charges these expenses to the particular client on whose behalf they are incurred rather than increasing its hourly rates and spreading these expenses among all its clients.

24.      Prior to implementing any increases in V&L's rates from those described herein and in the Jalbert Declaration, V&L shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtor, the United States Trustee, Benefit Street, and any party that files a Notice of Appearance in this Chapter 11 Case, which supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Trustee has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

25.      The Trustee believes that V&L's fee and expense structure is consistent with and typical of compensation arrangements entered into by V&L and other comparable firms in connection with the rendering of similar services under similar circumstances.  The Trustee believes the fee structure requested by V&L as compensation for the Services is ordinary, fair, and reasonable.

### V&L's DISINTERESTEDNESS

26.      V&L has reviewed its electronic database (the "Database") to determine whether it has any relationships with the creditors and parties in interest, the list of which was provided by the Debtor and/or its representatives.  To the best of the Trustee's knowledge, information and belief, and except as disclosed in the Jalbert Declaration, V&L is a "disinterested person," as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b) and as required by Bankruptcy Code section 327(a) and does not hold or represent an interest materially adverse to the Debtor's estate.

27.      V&L is a "disinterested person" as that term is defined in Bankruptcy

Code section 101(14) in that said firm:

> (a)    is not a creditor, an equity security holder, or an insider of the debtor;

> (b)    is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

> (c)    does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

*See* 11 U.S.C. § 101(14).

28.    As set forth further in the Jalbert Declaration, V&L believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. To the extent that any new relevant facts or relationships bearing on the matters described herein are discovered or arise during the period of V&L's retention, V&L will use reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

29.    Except as may be set forth in the Jalbert Declaration, V&L has not provided and will not provide any professional services to the Debtor, creditors, other parties in interest, or their respective attorneys or accountants with regard to any matter related to this Chapter 11 Case.

**BASIS FOR RELIEF**

30.    The Trustee seeks to retain V&L as tax accountants pursuant to Bankruptcy Code section 327, which provides that, subject to court approval:

> except as otherwise provided in this section, the trustee, with the Court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

8

11 U.S.C. § 327(a).

31.     Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014(a).

32.     The Trustee submits that, for all the reasons stated above and in the Jalbert Declaration, the retention of V&L as tax accountant to the Trustee is warranted.

33.     Accordingly, for all the foregoing reasons, the Trustee believes the terms and conditions of V&L's employment are fair, reasonable and market-based under the standards set forth in the Bankruptcy Code.  Further, the Trustee respectfully submits that the Services to be provided by V&L are critical, and accordingly requests that the Court approve V&L's employment and retention.

## DUPLICATION OF SERVICES

34.     As noted above, V&L's services will be limited to assisting the Trustee and his professionals in providing the Services and will not be duplicative of any services that are being provided by any of the Trustee's other retained professionals. The Trustee and V&L will work with the Trustee's other professionals to ensure a clear delineation of their respective roles to prevent duplication of services and ensure that this Chapter 11 Case is administered as efficiently as possible.

## NOTICE

35.     The Trustee, by and though his attorneys, Togut Segal & Segal LLP, will

provide notice of this Application to: (a) the United States Trustee; (b) Benefit Street; (c) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (d) all parties entitled to notice pursuant to Local Rule 9013-1(b). Notice of this Application and any order entered hereon will be served in accordance with Bankruptcy Rule 9013 and Local Rule 9013-1(b). In light of the nature of the relief requested herein, the Trustee respectfully submits that no other or further notice is necessary.

## NO PRIOR REQUEST

36.      No prior application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of an Order, in substantially the form annexed hereto as Exhibit A, authorizing the employment and retention of V&L as tax accountants to the Trustee, together with such other and further relief as is just and proper.

DATED:  New York, New York
             July 26, 2022

> STEPHEN S. GRAY
> Not Individually But Solely in His
> Capacity as Chapter 11 Trustee
> By His Attorneys,
> TOGUT, SEGAL & SEGAL LLP
> By:
>
> /s/ Neil Berger
> ALBERT TOGUT
> FRANK A. OSWALD
> NEIL BERGER
> AMANDA C. GLAUBACH
> One Penn Plaza, Suite 3335
> New York, New York 10119
> (212) 594-5000

## EXHIBIT A

**Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 96 Wythe Acquisition, LLC, | : | Case No. 21-22108 (SHL) |
| | : | |
| Debtor. | : | **Re: Docket No. [       ]** |
| | : | |

-------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION AND
### EMPLOYMENT OF VERDOLINO & LOWEY, P.C. AS TAX
### ACCOUNTANT FOR THE CHAPTER 11 TRUSTEE

Upon the application (the "Application")[1] of Stephen S. Gray, not individually
but solely in his capacity as Chapter 11 trustee (the "Trustee") in the above-captioned
chapter 11 case (the "Chapter 11 Case"), by his attorneys Togut, Segal & Segal LLP, for
entry of an order (this "Order"), pursuant to sections 327, 328, and 330 of title 11 of the
United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules
of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the
Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"),
authorizing the Trustee to retain and employ Verdolino & Lowey P.C. ("V&L") to
provide tax accounting services for the Trustee, pursuant to the terms and conditions
set forth in the Application, and upon the declaration of Craig R. Jalbert (the "Jalbert
Declaration"), annexed to the Application as Exhibit B;  and it appearing that the Court
has jurisdiction to consider the Application;  and the Court being satisfied, based upon
the representations made in the Application and the Jalbert Declaration, that V&L
represents no interest adverse to the Debtor's estate or its creditors with respect to the
matters upon which it is to be engaged, and that V&L is a "disinterested person" as
defined in Bankruptcy Code section 101(14) and as required by Bankruptcy Code
section 327(a);  and that its employment is necessary and in the best interests of the

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such
terms in the Application.

Debtor's estate and its creditors;  and it appearing that no other or further notice need
be provided;  and good and sufficient cause appearing therefor, it is

      **ORDERED**, that the Application is granted to the extent provided herein;
and it is further

      **ORDERED**, that in accordance with sections 327(a) and 328 of the
Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Trustee is hereby
authorized to retain and employ V&L as his tax accountant, in accordance with the
terms set forth in the Application and in the Jalbert Declaration, except as may be
expressly limited or modified herein;  and it is further

      **ORDERED**, that V&L is authorized to apply to the Court for allowance of
compensation and reimbursement of actual and necessary expenses in accordance with
the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local
Rules, the United States Trustee Guidelines, and any orders of this Court for all services
performed and expenses incurred;  and it is further

      **ORDERED**, that prior to implementing any increases in V&L's rates from
those described in the Application and the Jalbert Declaration, V&L shall file a
supplemental declaration with this Court and provide ten (10) business days' notice to
the Debtor, the United States Trustee, Benefit Street, and any party that files a Notice of
Appearance in this Chapter 11 Case, which supplemental declaration shall explain the
basis for the requested rate increases in accordance with Bankruptcy Code section
330(a)(3)(F) and state whether the Trustee has consented to the rate increase.  The
United States Trustee retains all rights to object to any rate increase on all grounds
including, but not limited to, the reasonableness standard provided for in the

Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

ORDERED, that the Trustee and V&L are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order;  and it is further

ORDERED, that to the extent the Application or the Jalbert Declaration is inconsistent with this Order, the terms of this Order shall govern;  and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry;  and it is further

ORDERED, that notwithstanding anything in the Application to the contrary, during the pendency of this Chapter 11 Case, the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

DATED:  New York, New York
_____, 2022

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

### Jalbert Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                               :
                                                     :        Chapter 11
96 Wythe Acquisition, LLC,                           :
                                                     :        Case No. 21-22108 (SHL)
                          Debtor.                    :
                                                     :
-----------------------------------------------------------------x

## DECLARATION OF CRAIG R. JALBERT IN
## SUPPORT OF APPLICATION FOR ENTRY OF AN
## ORDER AUTHORIZING THE RETENTION AND
## EMPLOYMENT OF VERDOLINO & LOWEY, P.C.
## AS TAX ACCOUNTANT FOR THE CHAPTER 11 TRUSTEE

STATE OF MASSACHUSETTS     )
                           ) ss:
COUNTY OF NORFOLK          )

      Craig R. Jalbert, being duly sworn, states the following under penalty of perjury

pursuant to 28 U.S.C. § 1746:

      1.      I am a Certified Insolvency and Restructuring Advisor, and I am

presently employed by the firm of Verdolino & Lowey, P.C. ("V&L" or the "Firm"),

which maintains an office at 124 Washington Street, Foxborough, Massachusetts.

      2.      I am authorized to make this declaration (the "Declaration") on behalf

of V&L in support of the *Application for Entry of an Order Authorizing the Retention and*

*Employment of Verdolino & Lowey, P.C. as Tax Accountant for the Chapter 11 Trustee* (the

"Application")[1], to assist Stephen S. Gray, not individually but solely in his capacity as

the Chapter 11 trustee (the "Trustee") in the above-captioned Chapter 11 case (the

"Chapter 11 Case") to be retained as the Trustee's tax accountants and preparers firm,

including tax planning, preparation and compliance, and assisting the Trustee in

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such
terms in the application.

obtaining records as is necessary for tax related work.  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

## V&L'S QUALIFICATIONS

3.      V&L has extensive experience working in bankruptcy and distressed business situations.  V&L is a certified public accounting ("CPA") firm that routinely provides accounting and tax related professional services to clients in and out of bankruptcy in numerous jurisdictions.  V&L regularly provides tax planning and compliance and other accounting and advisory services to debtors, trustees and committees.

4.      V&L's personnel to be staffed on this engagement are professionals who have varied backgrounds and credentials and significant experience in bankruptcy and tax services. V&L has a very substantial and wide-ranging tax practice including personnel who are CPAs, and who hold masters degrees in taxation, and an attorney whose expertise may be brought to bear in this matter, as needed.

5.      I believe that V&L will be able to provide services to the Trustee efficiently, without interruption to the Debtor's Chapter 11 Case, and without duplication of the services being provided by the Trustee's other retained professionals.

## SERVICES TO BE PROVIDED

6.      The Trustee has requested that V&L render the following services (collectively, the "Services") to the Trustee in this Chapter 11 Case:

(a)      Assist the Trustee and the Trustee's professionals in analyzing and evaluating tax issues and strategies;

(b)      Assist the Trustee in federal, state and local tax compliance and tax return preparation;  and

(c)      Assistance with obtaining and retaining necessary records to the Trustee related to tax planning and preparation.

7.     I believe that V&L is willing to serve as the Trustee's tax accountant and perform the above-described Services at the Trustee's direction. V&L will work with the Trustee and his other professionals to ensure that the Services performed by V&L are not duplicative of any of the services provided by the Trustee's other professionals.

## PROFESSIONAL COMPENSATION

8.     During this Chapter 11 Case, V&L intends to apply for compensation for the Services, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and guidelines established by the United States Trustee (the "U.S. Trustee Guidelines"), and for reimbursement of actual and necessary expenses and other charges that V&L incurs.

9.     The hourly rates charged by V&L to the Trustee are the same charged to other clients on a daily basis in a competitive market for accounting and tax compliance services and are reasonable. Therefore, subject to Court approval, the Trustee and V&L have agreed that V&L will be paid its customary hourly rates for the Services, and that V&L will be reimbursed according to V&L's customary reimbursement policies.

10.     V&L's current hourly rates and reimbursement policies are what the general marketplace pays V&L for accounting and tax compliance services in other matters and are reasonable. The current normal and customary rates for services rendered by V&L and applicable herein are:

| Professional | Hourly Rate |
|---|---|
| Principals | $515 |
| Managers | $275 – $425 |
| Staff | $225 – $395 |
| Bookkeepers | $225 – $245 |

11.     It is V&L's policy to charge its clients for all other expenses incurred in

connection with the client's case.  The expenses charged to clients include, among other things, photocopying, travel expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized research services, expenses for "working meals" and telecopier charges.  V&L will charge the Trustee, in his capacity as Trustee in this Chapter 11 Case, and the Debtor's estate for these expenses in a manner and at rates consistent with those it generally charges its other clients and in accordance with the Local Rules and U.S. Trustee Guidelines. V&L charges these expenses to the particular client on whose behalf they are incurred rather than increasing its hourly rates and spreading these expenses among all its clients.

12.      Prior to implementing any increases in V&L's rates from those described herein and in the Jalbert Declaration, V&L shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtor, the United States Trustee, Benefit Street, and any party that files a Notice of Appearance in this Chapter 11 Case, which supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Trustee has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

13.      No promises have been received by V&L as to compensation in connection with this Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code.

14.      V&L further states that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with professionals of V&L or (b) any compensation another person or party has received

4

or may receive in this Chapter 11 Case.

15.      V&L will work with the Trustee and his other professionals to ensure a clear delineation of their respective roles to prevent duplication of services and ensure this case is administered in the most efficient fashion as is possible.

## V&L's DISINTERESTEDNESS

16.      V&L has reviewed its electronic database (the "Database") to determine whether it has any relationships with the creditors and parties in interest (the "Interested Parties"), the list of which was provided by the Trustee and/or his representatives, and is attached hereto as Exhibit 1.  To the best of the Trustee's knowledge, information and belief, and except as disclosed herein, V&L is a "disinterested person," as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b) and as required by Bankruptcy Code section 327(a) and does not hold or represent an interest materially adverse to the Debtor's estate.

17.      V&L is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) in that said firm:

(a)      is not a creditor, an equity security holder, or an insider of the debtor;

(b)      is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor;  and

(c)      does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

See 11 U.S.C. § 101(14).

18.      I am not related, and to the best of my knowledge, no professional at V&L is related to any judge of the United States Bankruptcy Court for the Southern District of New York.

5

19.     I am not related, and to the best of my knowledge, no professional at V&L is related to the United States Trustee or any employee thereof.

20.     Pursuant to section 327(c) of the Bankruptcy Code, V&L is not disqualified from acting as tax accountant to the Trustee merely because it has been involved in matters unrelated to this Chapter 11 Case on behalf of parties in interest in this Chapter 11 Case.

21.     To the extent that any new relevant facts or relationships bearing on the matters described herein are discovered or arise during the period of V&L's retention, V&L will use reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

22.     Except as may be set forth herein, V&L has not provided and will not provide any professional services to the Debtor, creditors, other parties in interest, or their respective attorneys or accountants with regard to any matter related to this Chapter 11 Case.

**V&L's CONNECTIONS WITH PARTIES IN INTEREST IN
MATTERS UNRELATED TO THIS CHAPTER 11 CASE**

23.     Based on the conflicts and connections search conducted to date by V&L, to the best of my knowledge, V&L, nor any professional thereof, including myself, insofar as I have been able to ascertain, has any connection with the Trustee, the Debtor, their creditors or any other Interested Parties, or their respective attorneys and accountants, nor with the United States Trustee or any person employed by the United States Trustee, except as disclosed herein.

24.     V&L and certain of its professionals may have in the past represented and may likely in the future provide professional services to Interested Parties in connection with matters unrelated to the Debtor and this Chapter 11 Case.  Senior V&L

personnel have reviewed the list of Interested Parties.

25.    As part of its practice, V&L appears in many cases, proceedings and transactions involving many different law firms, financial consultants, and investment bankers in matters unrelated to this Chapter 11 Case.  V&L has not identified any material relationships or connections with any law firm or financial consultant involved in this Chapter 11 Case that would cause it to be adverse to the Debtor, the Debtor's estate, any creditor or any other Interested Party, or that would otherwise affect's V&L's judgment or ability to perform the Services.

26.    V&L's research confirmed that V&L has no materially adverse interest to the Trustee, the Debtor's estate, or the creditors in this Chapter 11 Case.  V&L's research of its relationships with Interested Parties covered the past five (5) years.  During that period V&L has provided or is providing services or has a financial relationship or other connection to certain entities in matters unrelated to this case, and V&L has so indicated are as follows:

a)  My firm represents the Trustee, not individually but solely in his capacity as the chapter 7 and chapter 11 trustee in other unrelated matters, including but not limited to: *In re Eljamal*, Case No. 15-22872 (RDD); *In re Wonderwork Inc.*, Case No. 16-13607 (MKV);  and *FIAC, Inc.*, Case No. 16-12238 (BLS).

b)  The Trustee represents various parties of interest in many unrelated bankruptcy cases in which the Firm and its employees are employed including, but not limited to: *In re HMH Media, Inc. et al.*, Case No. 17-12881 (LSS), where the Trustee was an independent director and I was the post-confirmation fiduciary;  *In re Pier 1 Imports, Inc.*, Case No. 20-30805 (KRH), where the Trustee is the post-confirmation fiduciary and the Firm is his tax preparer; and, Old CFP, LLC, C.A. No. 2019-0881 (JTL) where the Trustee was an independent director and I am the assignee in an assignment for the benefit of creditors.

c)  Togut, Segal & Segal LLP (the "Togut Firm") is counsel to the Trustee in this Chapter 11 Case.  The Firm represents Albert Togut, Esq., not individually but solely in his capacity as the Chapter 7 trustee in *In re Kossoff PLLC*, Case No. 21-10699 (DSJ), where the Firm is the forensic investigator and tax preparer.

d) Mayer Brown LLP ("Mayer") represents the Debtor in this Chapter 11
Case. Mayer represents various parties in interest in other unrelated
bankruptcy cases in which the Firm and its employees are employed
including, but not limited to: *The Paper Store, LLC*, Case No. 20-40743,
(CJP), where Mayer represented a creditor and the Firm was the
debtor's accountant. The Firm does not represent Mayer, its
attorneys or its client in this case.

e) Mr. Togut is the founding partner of the Togut Firm. Mr. Togut and
the Togut Firm represent various parties in interest in other unrelated
bankruptcy cases in which the Firm and its employees are employed
including, but not limited to: *In re Eljamal*, Case No. 15-22872 (RDD),
where the Togut Firm was counsel to the Trustee and the Firm was
the Trustee's tax accountant; *In re Wonderwork Inc.*, Case No. 16-13607
(MKV), where the Togut Firm was counsel to the Trustee and the
Firm was the Trustee's accountant; *In re Greensill Capital Inc.* and
*Greensill U.S. Liquidation Trust*, Case No. 21-10561 (MEW), where the
Togut Firm represented the debtor and I am the post-confirmation
fiduciary.

f) Nelson Mullins Riley & Scarborough LLP ("NMR&S") represents
Benefit Street, the Debtor's secured lender. NMR&S represents
various parties of interest in other wholly unrelated bankruptcy cases
in which the Firm and its employees are employed including, but not
limited to: *In re Micha Avramovich*, Case No. 11-17887 (FJB), where
NMR&S represents a creditor and the Firm is the trustee's
accountant; *In re Mark Lepler*, Case No. 16-10070 (FJB), where
NMR&S represents a creditor and the Firm is the trustee's
accountant; *In re LP&D, Inc.*, Case No. 12-14894 (FJB), where NMR&S
represents an interested party and the Firm is the trustee's
accountant; *In re Tri-Wire Engineering Solutions, Inc.*, Case No. 21-
11322 (CJP), where NMR&S represents a creditor and the Firm is the
debtor's tax preparer and I am the proposed post-petition fiduciary.
The Firm does not represent NMR&S, its attorneys or its clients in
this case.

g) Saul Ewing Arnstein & Lehr, LLP ("SEA&L"). SEA&L represents an
employee of the Debtor in this Chapter 11 Case. SEA&L represents
various parties of interest in other wholly unrelated bankruptcy cases
in which the Firm and its employees are employed including, but not
limited to: *In re Reed and Barton Corporation*, Case No. 15-10534 (HJB),
where SEA&L represented a creditor and the Firm was the debtor's
accountant & financial advisor and I was the post-petition fiduciary;
*In re Brookstone Holdings Corp.*, Case No. 14-10752 (BLS), where
SEA&L represented a creditor and I was the post-confirmation
fiduciary; *In re Lyondell Chemical Company*, Case No. 09-10023 (REG),
where SEA&L represents an interested party and the Firm is the plan
administrator; *In re Clark-Cutler-McDermott Company*, Case No. 16-
41188 (CJP), where SEA&L represents a creditor, and I am the post-

8

petition fiduciary and the Firm is my accountant and financial advisor; *In re Sunset Partners, Inc.,* Case No. 17-12178 (JNF), where SEA&L represented a creditor and the Firm was the trustee's accountant; *In re Bema Restaurant Corporation*, Case No. 17-12434 (JNF), where SEA&L represents a creditor and the Firm is the trustee's accountant; *In re FIAC, Inc.,* Case No. 16-12238 (BLS), where SEA&L represents an another professional and the Firm is the accountant and financial advisor to the Trustee; *In re New England Confectionery Company, Inc.,* Case No. 18-11217 (MSH), where SEA&L represents a creditor and the Firm is the trustee's financial advisor and accountant; *In re Vitamin World, Inc.,* Case No. 17-11933 (KJC), where SEA&L represents a creditor and the debtor and the Firm is the debtor's accountant; *In re F-Squared Investment Management, LLC,* Case No. 15-11469 (LSS), where SEA&L represents a creditor and an Interested Party and I am the post-confirmation fiduciary and the Firm is my financial advisor and accountant; *In re Exide Technologies,* Case No. 13-11482 (KLS), where SEA&L represents a creditor and I am the post-confirmation trustee and the Firm is my accountant and financial advisor; *In re HMH Media, Inc.,* Case No. 17-12881 (LSS), where SEA&L represented a creditor and the I was the post-petition fiduciary and the Firm is my accountant and financial advisor; *In re Big Hearted Books and Clothing LLC,* Case No. 18-10950 (JEB), where SEA&L represents a creditor and the Firm is the trustee's accountant; *In re The Paper Store, LLC,* Case No. 20-40743 (CJP), where SEA&L represents a creditor and the Firm is the debtor's accountant; *In re Bodies In Motion, Inc.,* Case No. 20-41015 (EDK), where SEA&L represents a creditor and the Firm is the trustee's accountant; *In re La Casa de Pedro, Inc.,* Case No. 18-11916 (JEB), where SEA&L represents a creditor and the Firm is the trustee's accountant; an out of court matter where SEA&L represents the debtor and the Firm is the consultant and forensic investigator. The Firm does not represent SEA&L, its attorneys or its clients in this case.

h)   Meyer, Suozzi, English & Klein, P.C. ("MSE&K") represents a creditor in the Debtor's Chapter 11 Case. MSE&K represents various parties of interest in other wholly unrelated bankruptcy cases in which the Firm and its employees are employed including, but not limited to: *In re Vitamin World, Inc.,* Case No. 17-11933 (KJC), where MSE&K represents a creditor and the Firm is the debtor's accountant. The Firm does not represent MSE&K, its attorneys or its clients in this case.

i)   Offit Kurman, P.A. ("OKPA") represents the Debtor in this case. OKPA represents various parties of interest in other wholly unrelated bankruptcy cases in which the Firm and its employees are employed including, but not limited to: *In re Cosi, Inc. et al.,* Case No. 16-13704 (MSH), where OKPA represented a creditor and I was the post-confirmation liquidating trustee and the Firm was my accountant. The Firm does not represent OKPA, its attorneys or its clients in this

case.

j) Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") represents Benefit Street, the Debtor's secured lender in this Chapter 11 Case. Kramer Levin represents various parties of interest in other wholly unrelated bankruptcy cases in which the Firm and its employees are employed including, but not limited to: *In re ServiCom LLC and ServiCom Canada Limited,* Case No. 18-31722 (AMN), where Kramer Levin represents an Interested Party and the Firm is the trustee's accountant. The Firm does not represent Kramer Levin, its attorneys or its clients in this case.

k) Locke Lord LLP ("LL") represents the Examiner in this case. LL represents various parties of interest in other wholly unrelated bankruptcy cases in which the Firm and its employees are employed including, but not limited to: *In re Genesys Research Institute, Inc.,* Case No. 15-12794 (JNF), where LL represents an Interested Party and the Firm is the trustee's accountant; *In re Margaret M. Morrissey,* Case No. 14-11019 (JNF), where LL represents an Interested Party and the Firm is the trustee's accountant; *In re Donghia, Inc.,* Case No. 20-30487 (AMN), where LL represents the debtor and the Firm is the trustee's accountant; *In re Carla's Pasta, Inc. and Suri Realty, LLC,* Case No. 21-20111 (JJT), where LL represented the debtor and the Firm was the debtor's tax preparer and I am the post-confirmation fiduciary and the Firm is my financial advisor. The Firm does not represent LL, its attorneys or its clients in this case.

27.    In the ordinary course of its business, V&L will work for or engage counsel or other professionals in unrelated matters that now represent, or in the future may represent, creditors or other interested parties in this Chapter 11 Case.

28.    V&L has many clients, past and present, who are located throughout the United States and abroad, in a variety of industries. While V&L has not advised any of these parties in connection with this Chapter 11 Case, it is possible that certain of these parties, their creditors and the related professionals may have some relationship to Interested Parties in this Chapter 11 Case.

29.    V&L and its affiliates have employees, some of whom may have personal investments in Interested Parties.

30.    V&L may use the regular commercial products and services that may be

made available by Interested Parties.

31.      V&L has previously received appointments from Bankruptcy Judges in the Southern District of New York and the United States Trustee in unrelated matters.

32.      In the event any new facts or relationships subsequently are discovered during the pendency of this Chapter 11 Case, V&L will supplement this Declaration and file the same with the Court.

33.      I hereby declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

DATED:   Foxboro Massachusetts
              July 26, 2022

                                             */s/ Craig R. Jalbert*
                                             CRAIG R. JALBERT
                                             Verdolino & Lowey, P.C.
                                             124 Washington Street
                                             Foxboro, MA 02035
                                             (508) 543-1720

**<u>EXHIBIT 1</u>**

**Interested Parties List**

| Party and Address |
|---|
| Kellner Herlihy Getty & Friedman, LLP<br>470 Park Avenue South, 7th Floor<br>New York, NY 10016-6819<br>Attn: Douglas A. Kellner<br>Attorneys for Temporary Receiver Constantino Sagonas |
| Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attn:  Adam C. Rogoff<br>P. Bradley O'Neill<br>David Braun<br>Attorneys for Benefit Street Partners Realty Operating Partnership, L.P. |
| Barry D. Haberman, Esq.<br>254 South Main Street, #404<br>New City, New York 10956<br>Attorney for Grandfield Realty Corp. |
| Davidoff Hutcher & Citron LLP<br>Attn:  Jonathan S. Pasternak, Esq.<br>Robert L. Rattet, Esq.<br>120 Bloomingdale Road<br>White Plains, NY 10601<br>Attorneys for The Williamsburg Hotel BK LLC |
| Davidoff Hutcher & Citron LLP<br>Attn:  James B. Glucksman, Esq.<br>Robert L. Rattet, Esq.<br>120 Bloomingdale Road<br>White Plains, NY 10601<br>Attorneys for The Williamsburg Hotel BK LLC |
| Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Attn: Douglas Spelfogel<br>Leah Eisenberg<br>Jason I. Kirschner<br>Dabin Chung<br>Proposed Co-Counsel to the Debtor and Debtor in Possession |
| Jason A. Nagi<br>Offit Kurman, P.A.<br>590 Madison Avenue, 6th Floor<br>New York, NY 10022<br>Proposed Co-Counsel to the Debtor and Debtor in Possession |

Paul B. O'Neill
Kramer Levin Naftalis & FrankelLLP
1177 Avenue of the Americas
New York, NY 10036
Proposed Co-Counsel to the Debtor and Debtor in Possession

Pearl Shah
McGrail & Bensigner LLP
888-C 8th Avenue, #107
New York, NY 10019
Proposed Co-Counsel to the Debtor and Debtor in Possession

Blackenroth Frankel & Krinksky, LLP
Attn: Mark A. Frankel
800 Third Avenue, 11th Floor
New York, NY 10022
Proposed Co-Counsel to the Debtor and Debtor in Possession

Edward J. LoBello, Esq.
Meyer, Suozzi, English & Klein, P.C.
1350 Broadway, Suite 1420
New York, New York 10018-0026
Attorneys for Town of Islip

Jordan Hecht
Hecht, Kleeger & Damashek, P.C.
Co-Counsel for Gerson Mencia
19 West 44th Street - Suite 1500
New York, NY 10036

Stephen B. Ravin, Esq.
Saul Ewing Arnstein & Lehr LLP
1270 Avenue of the Americas
Suite 2005
New York, NY 10020
Attorneys for Non-Debtor Third-Party Miriam Gross

A. Mayer Kohn
Saul Ewing Arnstein & Lehr LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Attorneys for Non-Debtor Third-Party Miriam Gross

Daniel H. Tabak
Cohen & Gresser LLP
800 Third Avenue
New York, NY 10022
Attorneys for Creditor Cohen & Gresser LLP

Michael P. Berkley, Esq.
The Law Offices of Michael P. Berkley, P.C.
100 Garden City Plaza, Suite 518
Garden City, New York 11530
Co-counsel for Grandfield Realty Corp.

United States Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
Attn: Shara Clair Cornell

United States Trustee
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn: Greg M. Zipes

Robert A. Wolf
Tarter Krinsky & Drogin LLP
1350 Broadway, 11th Floor
New York, NY 10018
Attorneys for 96 W Development LLC, et al.

Gary M. Freedman
Nelson Mullins Broad and Cassel
2 S. Bescayne Blvd., Ste 2100
Miami, FL 33131
Attorneys for Benefit Street Partners Realty Operating Partnership, L.P.

Lee Hart
Nelson Mullins Riley & Scarborough LLP
201 17th Street NW
Ste 1700
Atlanta, GA 30363
Attorneys for Benefit Street Partners Realty Operating Partnership, L.P.

Hugh H. Shull, III
NYC Law Department
100 Church Street
Room 5-233
New York, NY 10007
Attorneys for City of New York Department of Finance

David Goldwasser
3284 N 29th Ct, Suite 203
Hollywood, FL 33020
Attorneys for Fair Harbor Capital, LLC and GC Realty Advisors LLC

Bonnie Lynn Pollack
Cullen and Dykman, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
Attorneys for Fair Harbor Capital, LLC and GC Realty Advisors LLC

Barry D. Haberman, Esq.
254 South Main Street, #401
New City, New York 10956
Attorney for Grandfield Realty Corp.

Locke Lord LLP
Attn: Chelsey Rosenbloom List
Stephanie Wickouski
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281
Attorneys for Eric M. Huebscher

Randy M. Kornfeld
Kornfeld & Associates, P.C.
240 Madison Avenue, 8th Floor
New York, NY 10016
Attorneys for Gerson Mencia

Edward N. Gerwirtz
Bronstein, Gewirtz & Grossman, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Attorneys for NBE Plumbing Corp

James K. Greenberg
James K. Greenberg, PC
240 Kent Avenue, Ste B13
Brooklyn, NY 11249
Attorneys for Juan Ramirez

Kellner Herlihy Getty & Friedman, LLP
470 Park Avenue South, 7th Floor
New York, NY 10016-6819
Attn: Derrick Ng
Attorneys for Temporary Receiver Constantino Sagonas

Fair Harbor Capital, LLC
P.O. Box 237037
New York, NY 10023-0028

White Plains Division
300 Quarropas Street
White Plains, NY 10601-4140

Advanced Flameproofing Corp.
855 E. 7th Street
Brooklyn, NY 11230-2246

Altour International Travel Leaders Group
1633 Broadway
35th Floor
New York, NY 10019-6770

Atlantis Cleaners, Inc.
873 Bedrod Avenue
Brooklyn, NY. 11205-3927

Benefit Street Partners
c/o Micah Goodman
1345 Avenue of the Americas
Suites 32A
New York, NY 10105-3107

COD Services Corp
c/o Christopher Vatter
Jaspan, Schlesinger & Hoffman, LLP
300 Garden City Plaza
Garden City, NY 11530-3333

Centennial Elevator Industries, Inc.
24-35 47th Street
Astoria, NY 11103-1009

96 W Development LLC, et al.
c/o Tarter Krinsky & Drogin LLP
1350 Broadway
11th Floor
New York, NY 10018-0947

Grandfield Realty Corp.
114 Bowery,
Suite 204
New York, NY 10013-4997

A&L Cesspool Servic Corp.
3788 Review Ave.
Long Island City, NY 11101-2052

Agri Exotic Trading, Inc.
700 Route 46 West
Ste 5
Clifton, NJ 07013-1501

Amadeus Hospitality Americas, Inc.
29618 Network Place
Chicago, IL 60673-1296

| |
|---|
| B In Power<br>199 Lee Ave<br>Suite 214<br>Brooklyn, NY 11211-8919 |
| Benefit Street Partners Realty Operating Partnership L.P.<br>142 W. 57th Street<br>Suite 1201<br>New York, NY 10019-3300 |
| Berry's Cooling & Heating<br>15 Meadow Street<br>Brooklyn, NY. 11206-1710 |
| Conslidated Edison Company of New York Inc.<br>4 Irving Place<br>9th Floor<br>New York, NY 10003-3502 |
| 96 Wythe Acquisition LLC<br>679 Driggs Ave<br>Brooklyn, NY. 11211-4023 |
| The Williamsburg Hotel BK LLC<br>c/o Davidoff Hutcher & Citron LLP<br>120 Bloomingdale Road<br>Suite 100<br>White Plains, NY 10605-1519 |
| A. Mayer Kohn<br>Saul Ewing Arnstein & Lehr LLP<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>Attorneys for Non-Debtor Third-Party Miriam Gross |
| Alboro National East Tremont Avenue<br>Suite 203<br>Bronx, NY 10465 |
| Amanda Rose Disken<br>The Disken Law Firm, P.C.<br>1941 Wantagh Avenue<br>Ste 203<br>Wantagh, NY 11793-3950 |
| Backenroth Frankel & Krinsky<br>800 Third Avenue<br>11th Floor<br>New York, NY 10022-7651 |

| |
|---|
| Chau Mui<br>1638-72nd Street<br>Brooklyn, NY 11204-5120 |
| Centennial Elevator Industries, Inc.<br>24-35 47th Street<br>Astoria, NY 11103-1009 |
| City of New York<br>NYC Law Department<br>100 Church St.<br>New York, NY 10007-2668 |
| Realty Operating Par<br>JPMORGAN CHASE BANK |
| Cohen & Gresser LLP<br>800 3rd Ave<br>21st Floor<br>New York, NY. 10022-7611 |
| Commtrak<br>17493 Nassau Commons<br>Lewes, DE 19958 |
| Cvent Inc.<br>P.O. Box 822699<br>Philadelphia, PA 19182-2699 |
| Dynamic Electric<br>1046 Winthrop Street<br>Brooklyn, NY 11212-2027 |
| Fair Harbor Capital, LLC<br>P.O. Box 237037<br>New York, NY 10023-0028 |
| Fivepals, Inc.<br>P.O. Box 21529<br>New York, NY 10087-1529 |
| Gerson Mencia<br>c/o Hecht Kleeger & Damashek<br>19 W 44 St.<br>Ste 1500<br>New York, NY 10036-0120 |
| Grandfield Realty Corp.<br>54 North 11th Street<br>Brookly, NY 11249-1912 |

Grandfield Realty, Corp.
Michael P. Berkley, Esq.
100 Garden City Plaza
Suite 518
Garden City, New York 11530-3224

Hudson Hotel & Hospitality Maintenance
P.O. Box 3336
Annapolis, MD 21403-0336

Cohen & Gresser LLP
800 3rd Ave
21st Floor
New York, NY. 10022-7611

Con Edison
Cooper Station
PO Box 138
New York, NY 10276-0138

Dairyland USA Corp
PO Box 30943
New York, NY 10087-0943

Edison Parker & Associates LLC
P.O. Box 190037
Brooklyn, NY 11219-0028

Garson Augustine Mencia Maldonado
8919 171st Street
Apartment 6B
Jamaica, NY 11432-7216

Global Travel Solutions Group, Inc.
137 W. 25th Street
Floor 11
New York, NY 10001-7216

Grandfield Realty Corp.
c/o Barry D. Haberman, Esq.
254 South Main Street, #404
New City, NY 10956-3363

Hall PR LLC
161 West 23rd Street
New York, NY 10011-2422

| |
|---|
| IEV Trucking Corp<br>c/o Michael Cassell<br>Hogan & Cassell LLP<br>500 N. Broadway<br>Ste 153<br>Jericho, NY. 11753-2128 |
| Constantino Sagonas<br>240-51 68th Avenue<br>Douglaston, New York 11362-1876 |
| Decorative Home NY Inc.<br>944 McDonald Avenue<br>Brooklyn, NY 11218-5612 |
| FIA Heritage Holdings, LLC<br>7280 West Palmetto Park Road<br>Boca Raton, FL 33433-3422 |
| First In Service<br>130 West 42nd Street Suite 401<br>New York, NY 10036-7802 |
| Gerson Mencia<br>Jordan Hecht<br>19 West 44th Street, Suite 1500<br>New York, NY 10036-0120 |
| Grandfield Realty Corp.<br>2675 East 66th Street<br>Brooklyn,m NY 11234-6848 |
| Hecht, Kleeger & Damashek<br>19 West 44th Street, Suite 1500<br>New York, NY 10036-0120 |
| ISSM Protective Services<br>45 Forshay Road<br>Monsey, NY 10952-1535 |
| ISSM Protective Services<br>c/o Garson, Segal Steinmetz Fladgate LLP<br>164 W 25 St.<br>Suite 11R<br>New York, NY 10001-7423 |
| International Tile<br>703 Myrtle Ave<br>Brooklyn, NY 11205-3903 |
| Jay Brodsky<br>240 East Shore Road<br>Apt. 444<br>Great Neck, NY  11023-2448 |

| |
|---|
| KJ Artistic Inc<br>105 Sanford St.<br>Suite 101<br>Brooklyn, NY 11205-3441 |
| Lightning Mechanical<br>65 Newark Way<br>Maplewood, NJ 07040-3309 |
| Michael Berkley<br>585 Steward Ave<br>Garden City, NY. 11530-4701 |
| NYC Department of Finance<br>66 John Street<br>New York, NY 10038-3728 |
| NYC Dept. of Environmental Protection<br>59-17 Junction Blvd.<br>13th Floor<br>Elmhurst, NY. 11373-5108 |
| NYC Water Board<br>Anrew Rettig<br>Assistant Counsel<br>59-17 Junction Blvd.<br>13th Floor<br>Elmhurst, NY. 11373-5188 |
| National Grid<br>300 Erie Boulevard<br>West Syracuse, NY. 13202-4250 |
| In-Room Plus Inc.<br>2495 Main Street<br>Suite 217<br>Buffalo, NY 14214-2154 |
| Juan Ramirez<br>James Greenberg PC<br>240 Kent Avenue<br>Suite B-13<br>Brooklyn, NY. 11249-4121 |
| Juan Ramirez<br>3419 110th Street<br>1st Floor<br>Corona, NY. 11368-1333 |

| |
|---|
| Keenan Witherspoon<br>c/o Hang & Associates, PLLC<br>136-20 38th Ave.<br>Suite 10G<br>Flushing, NY. 11354-4263 |
| MPI Plumbing Corp / NBE Plumbing<br>c/o Bronstein, Gewirtz & Grossman LLC<br>60 E 42nd St., #4600<br>New York, NY 10165-0022 |
| Michael Lichtenshtein<br>679 Driggs Ave.<br>Brooklyn, NY 11211-4023 |
| NYC Department of Finance<br>Legal Affairs<br>Collection Unit-Real Property Taxes<br>375 Pearl Street<br>30th Fl.<br>New York, NY 10038-1442 |
| NYC Dept. of Finance<br>Office of Legal Affiars<br>Collection Unit<br>375 Pearl Street<br>30th Floor<br>New York, NY. 10038-1442 |
| NYC Water Board<br>P.O. Box 11863<br>Newark, NJ 07101-8163 |
| National Grid<br>P.O. Box 11737<br>Newark, NJ 07101-4737 |
| Internal Revenue Service<br>c/o US Attorney Claims Unit<br>One Saint Andrews Plaza<br>Rm 417<br>New York, NY 10007-1701 |
| James K. Greenberg<br>233 Broadway<br>Suite 900<br>New York, NY 10279-0999 |
| Juan and Carmen Ramirez<br>105 Foley St.<br>Elmhurst, NY. 11373 |

| |
|---|
| Kevin O'Neill<br>11 Broadway<br>Suite 910<br>New York, NY 10004-1340 |
| Mackenzie Sletten<br>c/o Linton Robinson & Higgins, LLP<br>39 Broadway, Suite 1701<br>New York, NY. 10006-3076 |
| NBE Plumbing<br>5 Kosnitz Dr.<br>Monroe, NY 10038-1444 |
| NYC Dept. of Finance<br>P.O. Box 680<br>Newark, NJ 07101-0680 |
| NYS Dept of Tax & Finance Bankruptcy Unit<br>PO Box 5300<br>Albany, NY 12205-0300 |
| OES - Williamsburg Hotel LLC<br>160 Water Street<br>Brooklyn, NY 11201-1017 |
| OES - Williamsburg Hotel LLC<br>c/o Eric J. Snyder, Esq.<br>Wilk Auslander LLP<br>825 Eighth Avenue<br>Suite 2900<br>New York, NY 10019-7574 |
| Office of the United States Trustee<br>U.S. Federal Office Building<br>201 Varick Street<br>Suite 1006<br>New York, NY 10014-4811 |
| Park Pro Systems<br>1461 1st Avenue<br>Suite 132<br>New York, NY 10075-2201 |
| Philip Guarino<br>Harmon, Linder & Rogowsky, Esqs.<br>3 Park Avenue<br>Suite 2300<br>New York, NY 10016-5908 |

| |
|---|
| Protek<br>202 Terminal Drive<br>Plainview, NY 11803-2318 |
| ScentAir Technologies<br>P.O. Box 978754<br>Dallas, TX 75397-8754 |
| Stephen B. Ravin, Esq.<br>Saul Ewing Arnstein & Lehr LLP<br>1270 Avenue of the Americas<br>Suite 2005<br>New York, NY 10020<br>Attorneys for Non-Debtor Third-Party Miriam Gross |
| Target Exterminating Inc.<br>79-11 69th Drive<br>Middle Village, NY. 11379-2904 |
| Toby Moskovits<br>679 Driggs Ave.<br>Broklyn, NY. 11211-4023 |
| Town of Islip<br>c/o Meyer, Suozzi, English & Klein, P.C.<br>1350 Broadway<br>Suite 1420<br>New York, New York 10018-7714<br>Attn: Edward J. LoBello, Esq. |
| Travel Leaders Group (Tzell)<br>1633 Broadway<br>35th Floor<br>New York, NY. 10019-6770 |
| Onyx CenterSource<br>2 Lincoln Center<br>5420 LBJ Freeway<br>Suite 90<br>Dallas, TX 75240-6222 |
| Pat LaFrieda Meat Purveyors<br>3701 Tonnelle Avenue<br>North Bergen, NJ 07047-2421 |
| Power House Generators<br>1072 Madison Avenue<br>Lakewood, NJ 08701-2650 |
| R.A. Travel Inc.<br>39 W. 14th Street<br>Ste 306<br>New York, NY 10011-7405 |

| |
|---|
| Srinivas Thimmappa<br>76 Forest Row<br>Great Neck, NY 11024-1939 |
| Sunbelt Rentals Inc.<br>522 Grand Blvd.<br>Westbury, NY 11590-4742 |
| The BMF Media Group LLC<br>50 West 23rd Street<br>7th Floor<br>New York, NY 10010-5205 |
| Top Shelf Staffing<br>68 West 39th Street<br>Suite 3W<br>New York, NY 10018-3802 |
| Ultramar<br>14 East 47th Street<br>New York, NY 10017-1922 |
| Ovation Travel Group<br>Attn: Stephanie Titone<br>666 Third Avenue<br>4th Floor<br>New York, NY 10017-4160 |
| INC |
| Peter O'Dowd<br>675 Monmouth Street<br>Apt. #405<br>Jersey City, NJ 07310-1324 |
| Prestige Services Inc.<br>21214 Schofield Drive<br>Gretna, NE 68028-3977 |
| Sabre Hospitality Solutions<br>7285 Collection Center Drive<br>Chicago, IL 60693-0001 |
| State of New York Attorney General's Office<br>120 Broadway<br>New York, NY. 10271-0002 |
| Tambourine<br>100 W. Cypress Creek Blvd.<br>Suite 550<br>Fort Lauderdale, FL 33309-2181 |
| The Winthrop Group, LLC<br>240-51 68th Ave.<br>Little Neck, NY. 11362-1876 |

| |
|---|
| Town of Islip<br>c/o Germano & Cahill PC<br>4250 Veterans Memorial Highway<br>Suite 275<br>Attn: Michael J. Cahill, Esq.<br>Holbrook, NY 11741-4013 |
| Travel Leaders Group (TL Corporate)<br>1633 Broadway<br>35th Floor<br>New York, NY. 10019-6770 |
| Vertical Systems Analysis Inc.<br>Midtown Station<br>P.O. Box 716<br>New York, NY 10018-0025 |
| William Lewis<br>c/o Silberstein, Awad & Assocs.<br>600 Old Country Road<br>Suite 412<br>Garden City, NY. 11530-2009 |
| Gerson Mencia<br>c/o Kornfeld & Associates, P.C.<br>240 Madison Avenue<br>8th Flr.<br>New York, NY 10016-2878 |
| Mark A. Frankel<br>Backenroth Frankel & Krinsky, LLP<br>800 Third Avenue<br>11th Floor<br>New York, NY 10022-7651 |
| Chase Paymentech<br>8181 Communications Pkwy<br>Plano, TX 75024 |
| Ovation Travel Group, Inc.<br>71 Fifth Avenue<br>11th Floor<br>New York, NY 10003 |
| United States of America<br>c/o U.S. Attorney<br>86 Chambers Street<br>New York, NY 10007-1825 |

| |
|---|
| William Carillo<br>c/o Joseph Kilada<br>100 Quentin Roosevelt Blvd<br>Suite 208<br>Garden City, NY 11530-4844 |
| Y&T Enterprises of Rockland Inc.<br>600 Chestnut Ridge, Rd.<br>Unit F<br>Spring Valley, NY 10977-5661 |
| Dabin Chung<br>Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, NY 10020-1001 |
| Paul B. O'Neill<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036-2714 |
| Velocity Framers<br>5014 16th Avenue<br>Suite 468<br>Brooklyn, NY 11204-1404 |
| William Lewis<br>2200 Powell Avenue<br>Apartment D-21<br>Bronx, NY 10462-5124 |
| Zurich American Insurance Co.<br>PO Box 68549<br>Schaumburg, IL 60168-0549 |
| Douglas E. Spelfogel<br>Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, NY 10020-1001 |
| Jason A. Nagi<br>Offit Kurman, P.A.<br>590 Madison Avenue, 6th Floor<br>New York, NY 10022<br>Proposed Co-Counsel to the Debtor and Debtor in Possession |
| Daytree Custom Builders Inc.<br>c/o Andrew Campanelli<br>Campanelli & Associates, P.C.<br>1757 Merrick Avenue<br>Ste. 204ß |