UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                                   :
In re:                                                       :         Chapter 11
                                                       :
96 WYTHE ACQUISITION LLC,           :         Case No. 21-22108 (SHL)
                                                       :
                            Debtor.                 :
                                                       :
-------------------------------------------------------------x

## ORDER REGARDING HOTEL OPERATING ASSETS AND INTELLECTUAL PROPERTY

Upon the Notice of Presentment of Stephen S. Gray, not individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor") in the above-captioned chapter 11 case for entry of an order (this "Order") enforcing the automatic stay and for injunctive relief; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and that notice of presentment of this Order and the opportunity for hearing was appropriate and no further notice need be given; and the Court having heard the statements regarding the relief requested in this Order at a hearing before the Court; and it appearing that the relief requested is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; and the Court having determined there is just cause for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED:**

1. Except as to motions or adversary proceedings, if any, initiated in this Court, The Williamsburg Hotel BK, LLC (the "Manager"), Heritage Equity Partners ("Heritage"), Toby Moskovits ("Moskovits"), Michael Lichtenstein ("Lichtenstein"), and any and all of their affiliates, agents, attorneys, representatives, and employees, (the Manager, Heritage, Moskovitz, Lichtenstein, and the foregoing additional entities, collectively, the "Heritage Group") shall not commence or continue any act, or any judicial, administrative, or other action or proceeding against the Debtor related to the Debtor's property and/or the continued operation of the Williamsburg Hotel (the "Hotel"), including, without limitation, (i) in connection with the ownership and use of "The Williamsburg Hotel" name/trademark and all other intellectual property (whether registered or unregistered, or arising at common law, by statute or otherwise) utilized in the operation of the Hotel, including without limitation, electronic and other digital assets and information related to the Hotel's operation, online presence and related marketing, such as the Hotel's website domain and social media platforms (collectively, the "IP Assets"), and (ii) any other assets used in connection with the operation of the Hotel (the "Hotel Operating Assets"), including without limitation, the Hotel's online reservation management system (the "Reservation System"), bookings by any person or entity at the Hotel, guest and customer information, and any other aspect of the IP Assets and/or operation of the Hotel.

2. The Heritage Group shall not undertake any act or actions (or fail to undertake any action) to disrupt or otherwise interfere with any aspect of the Trustee's operation and management of the Hotel.

3. The Heritage Group shall (a) by no later than one (1) business day following entry of this Order, provide the Trustee and his retained professionals direct

2

and unlimited access to assets used in connection with the operation of the Hotel, including the Reservation System, and the IP Assets, including by providing any username, identification number, password, license or security key, security token, PIN or other security code used, alone or in combination, to verify an individual's identity and authorization to access and use the Reservation System, the IP Assets or any other online resource or service used in connection with any aspect of the Hotel's operations and management; and (b) otherwise preserve any and all such assets under their control.

4. Except as set forth in this Order, the Trustee's, the Heritage Group's, and all parties-in-interest's rights, claims and defenses are reserved as to the ownership and use of the IP Assets and the Hotel Operating Assets, including the Reservation System. Nothing in this Order shall in anyway be construed or deemed to decide the issues as to the ultimate ownership of the IP Assets and the Hotel Operating Assets, including the Reservation System. For the avoidance of doubt, if the Trustee and the Heritage Group are unable to reach a consensual resolution regarding the ownership of the IP Assets and the Hotel Operating Assets, including the Reservation System, the Court will address such issues upon the filing of an appropriate motion or adversary proceeding, which may be heard on an expedited basis (subject to the Court's calendar).

5. This Order is without prejudice to the rights of the Trustee (or any other party-in-interest) to seek additional relief under applicable provisions of the Bankruptcy Code.

6. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, this Order shall be immediately effective and enforceable upon its entry.

8. The Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Order or any other actions to implement, interpret or enforce the terms and provisions of this Order.

DATED: White Plains, New York
_____, 2022

_____
**HONORABLE SEAN H. LANE,**
 **UNITED STATES BANKRUPTCY JUDGE**