Presentment Date: August 31, 2022 at 12:00 p.m.
Objection Deadline: August 30, 2022 at 4:00 p.m.

TOGUT, SEGAL & SEGAL LLP
Proposed Attorneys for Stephen S. Gray,
Not Individually But Solely in His
Capacity as Chapter 11 Trustee of
96 Wythe Acquisition LLC
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger
Amanda C. Glaubach

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
            In re:                                          :   Chapter 11
                                                            :   Case No. 21-22108 (SHL)
96 WYTHE ACQUISITION LLC,                                   :
                                                            :
                            Debtor.                         :
                                                            :
----------------------------------------------------------- X

## NOTICE OF PRESENTMENT OF STIPULATION AND PROPOSED ORDER BY AND BETWEEN THE CHAPTER 11 TRUSTEE AND THE NYC DEPARTMENT OF FINANCE REGARDING PROOF OF CLAIM NUMBERS 2, 10-1, 10-2, 11-1, 11-2, 14, 18, 19, 21-1

**PLEASE TAKE NOTICE** that upon the annexed application (the "Application") of Stephen S. Gray, not individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor"), the undersigned will present the attached proposed order (the "Proposed Order") approving the proposed *Stipulation and Order by and Between the Chapter 11 Trustee and The NYC Department of Finance* (the "Stipulation") to the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in his Chambers at 300 Quarropas Street, White Plains, New York 10601-4140, at **12:00 p.m. (prevailing Eastern Time)** on **August 31, 2022 (the "Presentment Date").**

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Order must be made in writing and conform with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and be filed with the Clerk of the Bankruptcy Court at the address set forth above, with a copy delivered directly to Bankruptcy Judge Lane's Chambers, and served upon (i) the undersigned attorneys for the Trustee and (ii) the Office of the United States Trustee, Attn: Greg M. Zipes, Trial Attorney (Greg.Zipes@usdoj.gov), so as **to be filed and actually received by all of them not later than 4:00 p.m. (prevailing Eastern Time) on August 30, 2022 (the "Objection Deadline")**. If no timely written objections are filed and received in accordance with the foregoing, the Order may be signed by the Court.

DATED:  New York, New York
August 23, 2022

        Stephen S. Gray, not individually but solely in
        his capacity as Chapter 11 Trustee,
        By His Attorneys,
        TOGUT, SEGAL & SEGAL LLP
        By:

        */s/ Frank A. Oswald*
        ALBERT TOGUT
        FRANK A. OSWALD
        NEIL BERGER
        AMANDA GLAUBACH
        One Penn Plaza, Suite 3335
        New York, New York 10119
        (212) 594-5000

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger
Amanda C. Glaubach

*Attorneys for Stephen S. Gray,*
*Not Individually but Solely in his Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
In re:                                                         :    Chapter 11
                                                               :
                                                               :    Case No. 21-22108 (SHL)
96 WYTHE ACQUISITION LLC,                                      :
                                                               :    Related Docket Nos. 253, 254, 302,
                                                               :    306, 328, & 329
                                        Debtor.                :
                                                               :
-------------------------------------------------------------- X

**STIPULATION AND ORDER BY AND BETWEEN THE**
**CHAPTER 11 TRUSTEE AND THE NYC DEPARTMENT OF FINANCE**
<u>**REGARDING PROOF OF CLAIM NUMBERS 2, 10-1, 10-2, 11-1, 11-2, 14, 18, 19, 21-1**</u>

This Stipulation and Order (the "<u>Stipulation and Order</u>") is entered into on the date hereof by and among Stephen S. Gray, not individually but solely in his capacity as the Chapter 11 trustee (the "<u>Trustee</u>") of 96 Wythe Acquisition LLC (the "<u>Debtor</u>") in the above captioned case (the "<u>Chapter 11 Case</u>"), and the New York City Department of Finance (the "<u>NYC DOF</u>" and, together with the Trustee, the "<u>Parties</u>") with respect to certain proofs of claim filed by the NYC DOF in the Chapter 11 Case, by and through their respective undersigned counsel:

1

**RECITALS**

**The Chapter 11 Case**

A. On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtor owns a hotel.

B. No official committee of unsecured creditors has been appointed in this Chapter 11 Case.

C. On October 15, 2021, Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street" or "Secured Lender") filed its *Motion to Appoint an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 147], which was granted by the Court on November 8, 2021 by entry of the *Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 178], which order was subsequently amended on November 23, 2021 by entry of the *Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 193] and on December 14, 2021 by entry of the *Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Docket No. 224].

D. On November 16, 2021, the Court entered the *Order Approving Appointment of Examiner* [Docket No. 186], and Eric M. Huebscher was appointed as the examiner (the "Examiner") in this Chapter 11 Case.

E. On February 28, 2022, the Examiner issued his report [Docket No. 418] (as may be supplemented, the "Examiner Report") wherein the Examiner found that there were sufficient grounds to appoint a trustee, including, but not limited to the failure to pay the Debtor's taxes, in whole or in part, including taxes owed to the NYC DOF. On March 21, 2022, the Examiner issued a supplemental report [Docket No. 465].

2

F. On March 28, 2022, Benefit Street filed its *Renewed Motion for the Appointment of a Chapter 11 Trustee Based on Continuing Malfeasance* [Docket No. 476] (the "<u>Benefit Street Trustee Motion</u>"), raising concerns of potential impropriety on behalf of the Debtor's management and requesting the appointment of a Chapter 11 trustee.

G. On March 31, 2022, the Office of the United States Trustee (the "<u>United States Trustee</u>") filed the *Motion to Appoint Trustee* [Docket No. 491] (the "<u>United States Trustee Motion</u>" and, together with the Benefit Street Trustee Motion, the "<u>Trustee Motions</u>").

H. Following evidentiary hearings conducted on May 17 and 25 and post-hearing oral argument on May 26, on May 27, 2022 the Court entered its *Order Granting Motions to Appoint a Chapter 11 Trustee* [Docket No. 591].

I. On May 31, 2022, the United States Trustee filed his *Notice of Appointment of Chapter 11 Trustee* [Docket No. 592] and filed an application for an order approving the Trustee's appointment [Docket No. 593].

**The Real Estate Claims**

J. On June 2, 2021, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 41] (the "<u>Bar Date Order</u>"). Among other things, the Bar Date Order established July 15, 2021, at 5:00 p.m. (prevailing Eastern Time) as the last date and time for all persons and entities that assert a claim against the Debtor which arose on or prior to the Petition Date to file a proof of claim. On November 5, 2021, the Court entered the *Supplemental Order Establishing the Deadline For Filing Proofs of Claims and Approving the Form and Manner of Notice Thereof* [Docket No. 177], amending the deadline for filing proofs of claim to December 15, 2021, at 5:00 p.m. (prevailing Eastern Time).

3

K.  On July 26 and 28, 2021, respectively, the NYC DOF timely filed two proofs of claim represented on the Debtor's claim register as claim nos. 10 and 11 ("Claim No. 10-1" and "Claim No. 11-1", respectively). Claim No. 10-1 asserted a secured claim of $606,749.04 for certain post-petition real property taxes, charges and interest, but was filed as a pre-petition claim. Specifically, Claim No. 10-1 is for $600,056.96 of principal, $6,447.08 in interest, and $175 in fees. Claim No. 11-1 asserts that the NYC DOF was entitled to a secured claim in the amount of $3,378,218.12 for certain pre-petition real property taxes, charges and interest, but was filed as an administrative claim. Specifically, Claim No. 11-1 is for $2,787,749.67 in principal, $589,993.45 in interest, and $175 in fees.

L.  On December 23, 2021, the Debtor filed the *Debtor's (I) Objection to Claim No. 10 Filed by NYC Department of Finance and (II) Motion to Estimate Claim No. 10 Pursuant to Sections 105 and 502 of the Bankruptcy Code* [Docket No. 253] and the *Debtor's (I) Objection to Claim No. 11 Filed by NYC Department of Finance and (II) Motion to Estimate Claim No. 11 Pursuant to Sections 105 and 502 of the Bankruptcy Code* [Docket No. 254] (together, the "Claim Objections").

M.  On January 20, 2022, the NYC DOF filed the *NYC Department of Finance's Response in Opposition to Debtor's Objection to Proofs of Claim Nos. 10 and 11*[Docket No. 328] (the "Response"). The Response provides that the NYC DOF inadvertently "asserted [Claim No. 10-1] as a pre-petition secured claim and [Claim No. 11-1] as an administrative claim, while in fact [Claim No. 10-1] covers post-petition taxes during the administrative period and [Claim No. 11-1] asserts taxes for the pre-petition period." Response, at ¶5.

N.  On March 2, 2022, the NYC DOF filed an amendment to Claim No. 10-1 asserting $3,125,061.56 for pre-petition real property taxes and charges, with statutory

4

interest through the Petition Date, as secured by a lien on the real property known as 96 Wythe Avenue, Brooklyn, New York, Block 2295, Lot 21 on the tax map for the Borough of Brooklyn, Kings County (the "Property") ("Claim No. 10-2").  Specifically, Claim No. 10-2 is for $2,788,0499.67 of principal, $336,836.89 in interest, and $350 in fees.

      O.      On March 9, 2022, the NYC DOF filed an amendment to Claim No. 11-1 asserting a claim of $687,104.18 for certain real property taxes and charges that accrued after the Petition Date through December 31, 2021, with statutory interest through February 25, 2022, as an administrative claim secured by a lien against the Property ("Claim No. 11-2").  Specifically, Claim No. 11-2 is for $600,126.96 of principal, $86,802.22 in interest, and $175 in fees.

      P.      On March 2, 2022, the NYC DOF inadvertently filed Claim No. 19 which was intended to amend Claim No. 10-1, but is a duplicate of Claim No. 10-2.

      Q.      Prior to filing the Claim Objections, the Debtor and the NYC DOF entered into that certain *Property Collection Installment Agreement between the Debtor and New York City Department of Finance* (the "Property Payment Plan") dated as of June 23, 2021, fixing the NYC DOF claim(s) at $3,928,923.57 as of the date the Property Payment Plan was executed, which consisted of all real property taxes, assessments and related charges through the real property taxes due on July 1, 2021 and outstanding statutory interest as of the date of the Property Payment Plan (the "Property Payment Plan Amount").  The Property Payment Plan provides for, among other things, an agreed-upon payment schedule of outstanding real property taxes, assessments and related charges to be paid in semi-annual installments of $443,201.41 (the "Installment

5

Amount") over ten (10) years, with a first installment date of January 1, 2022.[1] The Property Pament Plan was not submitted to the Bankruptcy Court for approval as required by, *inter alia*, Bankruptcy Rule 9019.

R. Since the Petition Date, the Debtor made some payments to the NYC DOF on account for the real property taxes.

S. The Debtor owed $606,599.16 in principal for the second half of the tax year of 2021-2022, which was due on January 1, 2022 (the "January 2022 Taxes"). On December 21, 2021, the NYC DOF applied a payment made by the Debtor of $412,143.26 (the "December 21, 2021 Payment") to the January 2022 Taxes, leaving a balance of $194,455.90 on the January 2022 Taxes.

T. On February 8, 2022, the NYC DOF applied a payment made by the Debtor of $31,067.15 (the "February 8, 2022 Payment") to the January 2022 Taxes, leaving a balance of $169,150.48 on the January 2022 Taxes.

U. On March 9, 2022, the NYC DOF filed a proof of claim asserting an administrative secured claim of $169,150.48 on account of the January 2022 Taxes, with statutory interest through February 25, 2022, which is Claim No. 21-1 on the claims register ("Claim No. 21-1", and together with Claim No. 10-1, Claim No. 10-2, Claim No. 11-1, Claim No. 11-2, and Claim No. 19, the "Real Estate Claims"). Specifically, Claim No. 21-1 is for $163,815.31 in principal and $5,335.17 in interest.

V. On March 23, 2022, the Debtor paid the NYC DOF $612,351.89, of which (i) $169,150.48 was applied to the balance of the January 2022 Taxes, thereby satisfying

---

[1] The Trustee does not intend to assume the Property Payment Plan, but it is relevant to this Stipulation and Order because the Debtor made some payments to the NYC DOF under the Property Payment Plan.

6

Claim No. 21-1, and (ii) $443,201.41 representing the initial installment amount under the Property Payment Plan.

W.   As of the date hereof, the total pre-petition unpaid real property taxes is $3,603,879.84, which includes statutory interest through August 17, 2022 and this is captured by Claim No. 10-2.[2]

X.   The total post-petition unpaid real property taxes with statutory interest as of August 17, 2022, is $735,468.13, and this is captured by Claim No. 11-2.

**The Hotel Tax Claims**

Y.   The NYC DOF also filed proofs of claim numbers 14 and 18 in the amount of $6,520,449.01 each ("Claim No. 14" and "Claim No. 18", together the "Hotel Tax Claims") for estimated outstanding Partnership Taxes, estimated Unincorporated Business Taxes and estimated Hotel Occupancy Taxes. Claim No. 14 is for $4,364,634.91 in principal, $1,086,985.47 in interest, and $1,068,828.63 in penalty. Claim No. 18 is a duplicate of Claim No. 14 and is for $4,364,634.91 in principal, $1,086,985.47 in interest, and $1,068,828.63 in penalty. The Hotel Tax Claims are accruing interest at the statutory rate, which is currently eight (8) percent compounded monthly.

Z.   On January 14, 2022, the Debtor filed the *Debtor's (I) Objection to Claim No. 14 Filed by NYC Department of Finance and (II) Motion to Estimate Claim No. 14 Pursuant to Sections 105 and 502 of the Bankruptcy Code* [Docket No. 302] (the "Claim Objection to Claim No. 14") and the *Debtor's (I) Objection to Claim No. 18 Filed by NYC Department of Finance and (II) Motion to Estimate Claim No. 18 Pursuant to Sections 105 and 502 of the Bankruptcy Code* [Docket No. 306] (the "Claim Objection to Claim No. 18" and together

---

[2]   Claim No. 10-2 is a secured claim for pre-petition real property taxes in the amount of $3,125,061.56. The current amount owed on account of Claim No. 10-2 as of August 17, 2022 amounts to $3,603,879.84 because statutory interest continued to accrue on Claim No. 10-2 from the Petition Date through the present.

7

with the Claim Objection to Claim No. 14, the "Hotel Tax Claim Objections"). On February 8, 2022, the NYC DOF filed a response to the Hotel Tax Claim Objections. *See* Docket No. 367.

AA.    Claim No. 14 and Claim No. 18 include hotel occupancy taxes, unincorporated business tax ("UBT"), and corporate tax, but only UBT or corporate tax was owed, not both. The NYC DOF included both estimated UBT and estimated corporate tax on Claim No. 14 and Claim No. 18 because the Debtor had not elected how to be treated for tax purposes. Subsequently, the Debtor filed business tax returns electing to be treated as a partnership.[3] Similarly, the Debtor's management company (the "Management Company") filed hotel occupancy tax returns. After the relevant tax returns were filed the outstanding amount due for the pre-petition hotel occupancy taxes, as of the Petition Date is $2,497,908.61. Of that amount $1,638,397.41 is principal, $310,919.74 is interest, and $548,591.46 is penalties. With interest and penalties through August 17, 2022, the total pre-petition hotel occupancy tax claim is $2,868,722.42, with principal remaining $1,638,397.41, penalties of $692,617.22, and interest of $537,707.79. Additionally, $40,063.83 in post-petition hotel occupancy tax, interest and penalties was due as of August 17, 2022.

**The Water Board Claim**

BB.    On March 30, 2021, the New York City Water Board filed a proof of claim represented on the Debtor's claim register as claim no. 2 ("Claim No. 2" or the "Water Board Claim"). Claim No. 2 asserts a pre-petition secured claim against the Debtor in the amount of $100,522.64 for water services provided to Debtor. Interest has been accruing and compounding daily at the current rate of fourteen (14) percent

---

[3]    Once the Debtor filed returns electing to be treated a partnership, the corporate tax portion of Claim No. 18 was no longer applicable, because only UBT or corporate tax was owed not both.

8

compounded daily on Claim No. 2. As August 12, 2022, the total amount owed on account of Claim No. 2 is $113,257.56, and an additional $236.39 in post-petition water charges is also due.

**The Adversary Proceeding**

CC.   On April 18, 2022, the Debtor commenced an adversary proceeding (the "Adversary Proceeding") against Jacques Jiha, Ph.D., in his capacity as the Commissioner of Finance of the City of New York in the Bankruptcy Court. *See 96 Wythe Acquisition LLC, v. Jacques Jiha, Ph.D., in his capacity as the Commissioner of Finance of the City of New York (In re 96 Wythe Acquisition LLC),* Adv. Pro. 22-07027 (SHL) (Bankr. S.D.N.Y. Apr. 18, 2022). In the complaint commencing the Adversary Proceeding, the Debtor sought, among other things, a declaration that Debtor was entitled to a tax abatement in connection with the Debtor's construction of the Property. *See* Adv. Pro. Docket No. 1. On May 20, 2022, the NYC DOF filed the *Defendant's Motion for an Order: (I) Dismissing the Adversary Proceeding, or, Alternatively, (II) Abstaining* [Adv. Pro. Docket No. 3] (the "Motion to Dismiss").

**The Resolution**

DD.   The Real Estate Claims, the Hotel Tax Claims, and the Water Board Claim are listed in the schedule attached hereto as Exhibit A. Exhibit A also contains the payments made on account of the applicable claim, if any, and the outstanding amount on each of the Real Estate Claims, the Hotel Tax Claims, and the Water Board Claim.

EE.   Since the Trustee's appointment on May 31, 2022, the Parties have engaged in good faith discussions concerning the Debtor's liability relating to the Real Estate Claims, the Hotel Tax Claims, and the Water Board Claim. Interest has been accruing and compounding daily at the current rate of fourteen (14) percent compounded daily on the Real Estate Claims and the Water Board Claim, and eight (8)

9

percent compounded monthly on the Hotel Tax Claims. Interest will continue to accrue until the Real Estate Claims, the Hotel Tax Claims, and the Water Board Claim are paid in full.

FF. The Debtor's estate has sufficient funds to pay the Real Estate Claims and the Water Board Claim, and accordingly, the Trustee, in the exercise of his business judgment, and in consultation with the Secured Lender, has determined that the Real Estate Claims and the Water Board Claim should be paid promptly to discontinue the accrual of the excessive statutory interest charges which claims primes all other creditor claims, and the terms of this Stipulation and Order are in the best interest of the Debtor and its estate. The Trustee, in the exercise of his business judgment, and in consultation with the Secured Lender, has also determined that the Hotel Tax Claims should be fixed and liquidated in an amount, and the Adversary Proceeding should be dismissed consistent with the treatment of the Real Estate Claims provided for herein.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED:**

1. The above recitals are incorporated herein in their entirety.

2. This Stipulation and Order shall become effective when an order of the Court (the "Approval Order") becomes final (the "Effective Date").

3. Claim No. 10-1 and Claim No. 11-1 are disallowed and superseded by Claim No. 10-2 and Claim No. 11-2.

4. Claim No. 10-2 will be allowed as a pre-petition secured claim in the amount of $3,603,879.84.

5. Claim No. 11-2 will be allowed as an administrative claim for post-petition taxes under Bankruptcy Code section 503(b)(1) in the amount of $735,468.13.

10

6. Claim No. 2 will be allowed as a pre-petition secured claim in the amount of $113,285.83.

7. Claim No. 14 is disallowed and superseded by Claim No. 18.

8. The principal and interest portion of Claim No. 18 that amount to $2,175,105.20 will be allowed as a pre-petition claim and will be paid according to its priority under the Bankruptcy Code pursuant to a confirmed chapter 11 plan of reorganization, with interest as provided in 11 U.S.C. 1128(a)(9)(C) if applicable, however, it being the intent of the parties that the priority portion of Claim No. 18 will be paid on the effective date of any confirmed plan, and will not need to be paid in installments. The remaining penalty portion of Claim No. 18 in the amount of $692,117.22 will be allowed as a general unsecured claim, and will be subordinated to all other allowed general unsecured claims, to the extent that priority portion of the claim is satisfied under any such plan.

9. The Trustee shall remit the following payments within two (2) business days after the Court enters the Approval Order:

    i. Payment on Claim No. 10-2 in the amount of $3,603,879.84, plus interest through the date of payment;

    ii. Payment on Claim No. 11-2 in the amount of $735,468.13, plus interest through the date of payment; and

    iii. Payment on Claim No. 2 in the amount of $113,285.83, plus interest through the date of payment, and payment of any additional post-petition water and sewer charges.

10. Claim No. 19 shall be deemed withdrawn.

11. Claim No. 21-1 shall be allowed as filed in the amount of $169,150.48 and shall be deemed satisfied in full by the Debtor's payment on March 23, 2022.

11

12.  Upon payment of the Real Estate Claims and the Water Board Claim, the Trustee shall take the necessary steps to dismiss the Adversary Proceeding with prejudice.

13.  This Stipulation and Order shall result in the full and final release of the Real Estate Claims and the Water Board Claim immediately upon Claim No. 10-2, Claim No. 11-2, and Claim No. 2 being paid in accordance herewith.

14.  The Parties, including the Trustee on behalf of himself and the Debtor's estate, release each other, and anyone acting on behalf of such Parties from any and all claims, demands, rights, liabilities or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, that are solely based upon, related to or arise out of or in connection with the Real Estate Claims, the Water Board Claim, and the Hotel Tax Claims, to the extent the Real Estate Claims, the Water Board Claim, and the Hotel Tax Claims are satisfied in accordance herewith.

15.  Notwithstanding anything to the contrary in the foregoing, the Parties do not release any claims against the Management Company, anyone acting on behalf of the Management Company, or any non-Debtor third parties (including without limitation Toby Moskovits or Michael Lichtenstein) for any liability for or relating to taxes, including without limitation, the Real Estate Claims, the Water Board Claim, and the Hotel Tax Claims, including, but not limited to, claims for which the Debtor's estate is or may be subrogated, or claims for contribution or indemnity or associated breach of fiduciary duty claims.  Nothing in this Stipulation and Order, nor any action taken pursuant hereto, shall affect the rights of the Parties to assert any claims against the Management Company, anyone acting on behalf of the Management Company, or any non-Debtor third parties for any liability for or relating to taxes, including without limitation, the Real Estate Claims, the Water Board Claim, and the Hotel Tax Claims.

12

16. This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original. A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original.

17. This Stipulation and Order may not be modified, amended, altered, changed or waived, except in a writing signed by both Parties.

18. Each of the Parties to this Stipulation and Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Order, and that it has full knowledge of and has consented to this Stipulation and Order.

19. The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

20. This Stipulation and Order is subject to approval of the Court and shall be of no force and effect unless and until such approval is obtained.

[*Signature Page Follows*]

Dated: August 23, 2022
      New York, New York

Respectfully submitted,

By: */s/ Frank A. Oswald*
Frank A. Oswald
Amanda C. Glaubach
**TOGUT, SEGAL & SEGAL LLP**
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Email: frankoswald@teamtogut.com
      aglaubach@teamtogut.com

*Counsel to the Trustee*

By: */s/ Hugh Shull*
HON. SYLVIA HINDS-RADIX
Corporation Counsel for the City of New York
By: Hugh Shull
Senior Counsel
100 Church Street
New York, New York 10007
Telephone: (212) 356-2138
Email: Hughs@law.nyc.gov

*Counsel to NYC DOF*

**IT IS SO ORDERED**
on this ____ day of _____, 2022
White Plains, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

14

# EXHIBIT A

## Claims Chart

### NYC DOF Claims

| Claim No. | Claim Amount | Description of Claim | Payments Made on Account of Claim | Total Outstanding |
|---|---|---|---|---|
| Claim No. 2[1,] | $100,522.64 | The New York City Water Board filed Claim No. 2 on the claims register in the amount of $100,522.64. | N/A | $113,285.83 with interest to 8/12/22. An additional $236.39 in post-petition water charges is also due. |
| Claim No. 10-1 | $606,749.04 | Secured claim for post-petition real property taxes.<br><br>Claim No. 10-1 was amended by Claim No. 10-2. | N/A | N/A |
| Claim No. 10-2 | $3,125,061.56 | Secured claim for pre-petition real property taxes. | On 3/23/22, the Debtor made a payment under the Property Payment Plan in the amount of $443,201.41. | $3,603,879.84 with interest through 8/17/22. |
| Claim No. 11-1 | $3,378,218.12 | Secured claim for pre-petition real property taxes.<br><br>Claim No. 11-1 was amended by Claim No. 11-2. | N/A | N/A |
| Claim No. 11-2 | $687,104.18 | Secured claim for post-petition real property taxes. | On 12/21/21, the Debtor paid $412,134.26 to the NYC DOF for the January 2022 Taxes. | $735,468.13 with interest through 8/17/22. |

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulation and Order.

| Claim No. | Claim Amount | Description of Claim | Payments Made on Account of Claim | Total Outstanding |
|---|---|---|---|---|
| | | | On 2/8/22, the Debtor paid $31,067.15 to the NYC DOF for the January 2022 Taxes. | |
| Claim No. 14 | $6,520,449.01 | Estimated Partnership Taxes, estimated Unincorporated Business Taxes and estimated Hotel Occupancy Taxes. Claim No. 14 is disallowed as superseded by Claim No. 18. | N/A | N/A |
| Claim No. 18[2] | $6,520,449.01 | Estimated Partnership Taxes, estimated Unincorporated Business Taxes and estimated Hotel Occupancy Taxes. Claim No. 18 shall be allowed as a pre-petition claim to reflect the reconciled hotel tax amount. | N/A | $2,868,722.42 with interest and penalties through 8/17/22. |

---

[2] On December 20, 2021, the Management Company made the following payments to NYC DOF: (i) the amount of $88,262.72 for Hotel Occupancy Taxes for the quarter ending May 31, 2021; (ii) the amount of $150,264.69 for Hotel Occupancy Taxes for the quarter ending August 31, 2021; and (iii) the amount of $190,059.01 for Hotel Occupancy Taxes for the quarter ending November 30, 2021. On March 21, 2022, the Management Company made a payment to NYC DOF in the amount of $141,033.19 for Hotel Occupancy Taxes for the quarter ending February 28, 2022. As a result of these payments, all post-petition Hotel Occupancy Taxes have been paid, other than penalties and interest in the amount of $40,063.83 through August 17, 2022.

| **Claim No.** | **Claim Amount** | **Description of Claim** | **Payments Made on Account of Claim** | **Total Outstanding** |
|---|---|---|---|---|
| Claim No. 19 | $3,125,061.56 | Secured claim for pre-petition real property taxes. This claim is duplicative of Claim No. 10-2. | N/A | N/A |
| Claim No. 21-1 | $169,150.48 | Administrative secured claim for post-petition real property taxes. | On 3/23/22, the Debtor paid $612,351.89 to the NYC DOF, $169,150.48 of which was applied to satisfy the January 2022 taxes. [3] | $0.00 |

---

[3]   The remaining $443,201.41 that was paid represented the initial installment amount under the Property Payment Plan.