Notice Presentment Date: August 31, 2022 at 12:00 p.m.
Objection Deadline:       August 30, 2022 at 4:00 p.m.

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for The Williamsburg Hotel BK LLC,*
*Toby Moskovits and Michael Lichtenstein*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Robert A. Wolf, Esq.
smarkowitz@tarterkrinsky.com
rwolf@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**In re:**

**96 WYTHE ACQUISITION LLC,**

**Debtor.**

**Chapter 11**

**Case No. 21-22108 (SHL)**

**LIMITED OBJECTION OF THE WILLIAMSBURG HOTEL BK LLC, TOBY MOSKOVITS AND MICHAEL LICHTENSTEIN TO STIPULATION AND PROPOSED ORDER BETWEEN THE CHAPTER 11 TRUSTEE AND THE NYC DEPARTMENT OF FINANCE REGARDING PROOF OF CLAIM NUMBERS
2, 10-1, 10-2, 11-1, 11-2, 14, 18, 19, 21-1**

TO:    THE HONORABLE SEAN H. LANE
       UNITED STATES BANKRUPTCY JUDGE:

The Williamsburg Hotel BK LLC ("Manager") and its principals Toby Moskovits ("Moskovits") and Michael Lichtenstein ("Lichtenstein" and, together with the Manager and Moskovits, the "Objectors"), by their attorneys, Tarter Krinsky & Drogin LLP, submit this Limited Objection to the Stipulation and Proposed Order Between the Chapter 11 Trustee and the

1

NYC Department of Finance Regarding Proof of Claim Numbers 2, 10-1, 102, 11-1, 11-2, 14, 18, 19, 21-1 (the "Stipulation") and respectfully represent:

## PRELIMINARY STATEMENT

1.  The Stipulation resolves the various tax claims of the New York City Department of Finance (the "**NYC DOF**") filed against the Debtor's estate and to provide for the manner and timing of the Trustee's payments of the agreed to amounts of those claims. Notwithstanding the foregoing, Paragraph 15 of the Stipulation states the Trustee and the NYC DOF are not releasing the Objectors with respect to any claims pertaining to those resolved tax claims. For the reasons discussed below, the Objectors: (a) object to the inclusion of Paragraph 15 in the Stipulation; and accordingly (b) object to this Court's So Ordering of the Stipulation in its present form on the noticed presentment date of August 31, 2022 at 12:00 p.m. and (c) request a hearing on their instant limited objection.

## DISCUSSION

2.  The Stipulation resolves the various proofs of claim filed by the NYC DOF against the Debtor's estate with respect to outstanding taxes. Those tax claims are defined in the Stipulation as the Real Estate Claims, the Water Board Claim and the Hotel Tax Claims.

3.  Paragraphs 4, 5 and 6 of the Stipulation provide for allowance of the Real Estate Claims and of the Water Board Claim (Claim Nos. 10-2, 11-2 and 2, respectively) in the respective amounts stipulated therein and Paragraph 9 thereof provides for the Trustee's payments of those amounts to the NYC DOF within two (2) business days of the Court's entry of an Approval Order.

4.  Notwithstanding the fact the NYC DOF will thus receive full and prompt payment of the agreed to amounts of the Real Estate Claims and the Water Board Claim, Paragraph 15 of

the Stipulation states both the NYC DOF and the Trustee will not be releasing any claims they may have against any of the Objectors with respect to, among the other tax claims, the Real Estate Claims and the Water Board Claim. Given the Stipulation provides for payment of the entirety of agreed to amounts of the Real Estate Claims and the Water Board Claim, coupled with the fact none of the Objectors have any personal liability for those Claims (the liability therefor is that of the Debtor's estate), there is no reason for the NYC DOF or the Trustee to have any remaining claims against any of the Objectors for those items.

5. The NYC DOF's Claim No. 18 is for the outstanding Hotel Tax Claims. Paragraph 8 of the Stipulation provides for the allowance of the Hotel Tax Claims, and sets forth how the respective components of those Claims are to be treated under a confirmed plan of reorganization.

6. Although the Objectors may otherwise be potentially liable for some of the hotel occupancy taxes comprising the Hotel Tax Claims, counsel for the NYC DOF has informed undersigned counsel for the Objectors the NYC DOF does not intend to pursue any of the Objectors for payment of any hotel occupancy taxes, but rather will look to recover same solely from the Debtor's estate pursuant to a confirmed plan.

7. Moreover, the Objectors, by their undersigned counsel, have indicated to the Trustee's attorneys they are prepared to turn over to the Trustee the amount of $252,100.00, which they have been maintaining in reserve to be applied to payment of outstanding hotel occupancy taxes once an agreement on the amount of same were reached. Given the NYC DOF's expressed position not to pursue any of the Objectors for payment of any outstanding hotel occupancy taxes, then upon the Objectors' remittance of the $252,100.00 to the Trustee, the Objectors should be deemed released by both the NYC DOF and the Trustee for any claims arising out of and/or in connection with the Hotel Tax Claims.

**WHEREFORE**, for all of the foregoing reasons, Paragraph 15 of the Stipulation should be stricken and a provision should be inserted therein providing for the Trustee's and the NYC DOF's release of the Objectors from any and all liabilities and claims relating to and/or arising out of and/or in connection with the Hotel Tax Claims upon the Objectors' remittance of the aforesaid amount of $252,100.00 to the Trustee.

Dated: New York, New York
August 30, 2022

                              **TARTER KRINSKY & DROGIN LLP**
                              *Attorneys for The Williamsburg Hotel BK LLC,*
                               *Toby Moskovits and Michael Lichtenstein*

                By:   /s/ Scott S. Markowitz
                      Scott S. Markowitz, Esq.
                      Robert A. Wolf, Esq.
                      1350 Broadway, 11th Floor
                      New York, New York 10018
                      Telephone: (212) 216-8000
                      smarkowitz@tarterkrinsky.com
                      rwolf@tarterkrinsky.com