**Hearing Date: October 19, 2022 at 2:00 p.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| 96 Wythe Acquisition, LLC, | : | |
| | : | Case No. 21-22108 (SHL) |
| Debtor. | : | |
| | : | **Related Docket No. 679** |
| | : | |

-------------------------------------------------------------x

**NOTICE OF FILING OF REVISED SETTLEMENT AGREEMENT WITH BENEFIT**
**STREET PARTNERS OPERATING PARTNERSHIP, L.P.**

**PLEASE TAKE NOTICE** that on September 13, 2022, Stephen S. Gray, not

individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the

estate of 96 Wythe Acquisition, LLC, by and through his undersigned counsel, filed and

served the *Chapter 11 Trustee's Application to Approve Settlement Agreement with Benefit*

*Street Partners Operating Partnership, L.P.* [Docket No. 679] (the "Motion").[1]

**PLEASE TAKE FURTHER NOTICE** that on October 14, 2022, the Trustee filed

the *Notice of Filing of Revised Order Approving Chapter 11 Trustee's Application to Approve*

*Settlement Agreement with Benefit Street Partners Operating Partnership L.P.* [Docket

No. 740] (the "Notice of Filing of Revised Order").  Attached as Exhibit A to the Notice

of Filing of Revised Order was a copy of a revised proposed order approving the

Motion (the "Revised Proposed Order"), and attached as Exhibit 1 to the Revised

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

Proposed Order was a copy of the Settlement Agreement (the "Original Settlement Agreement").

**PLEASE TAKE FURTHER NOTICE** that, the Trustee hereby files a copy of revised Settlement Agreement, a copy of which is attached hereto as **Exhibit A** (the "Revised Settlement Agreement").  A redline showing the changes to the Original Settlement Agreement as set forth in the Revised Settlement is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Motion will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, via Zoom for Government, **on October 19, 2022 (the "Hearing Date") at 2:00 p.m. (prevailing Eastern Time).**  Those wishing to appear before the Court at the Hearing, must register their appearance utilizing the Electronic Appearance portal located on the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Appearances must be entered no later than 4:00 p.m. (Prevailing Eastern Time) one business day before the hearing.

**PLEASE TAKE FURTHER NOTICE** that, you may also obtain copies of any pleadings by visiting the Court's website at https://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page left blank intentionally]*

DATED:  October 19, 2022
        New York, New York

                STEPHEN S. GRAY
                Not Individually But Solely in His
                Capacity as Chapter 11 Trustee
                By His Attorneys,
                TOGUT, SEGAL & SEGAL LLP
                By:

                */s/ Frank A. Oswald*
                ALBERT TOGUT
                FRANK A. OSWALD
                NEIL BERGER
                One Penn Plaza, Suite 3335
                New York, New York 10119
                (212) 594-5000

**EXHIBIT A**

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Agreement") is made as of September 12, 2022, by and between BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P., a Delaware limited partnership ("BSP"), and STEPHEN S. GRAY, solely in his capacity as the Chapter 11 Trustee for the Chapter 11 bankruptcy estate of 96 Wythe Acquisition LLC (the "Trustee", and together with BSP, collectively, the "Parties").

## RECITALS

**WHEREAS**, on December 13, 2017, BSP made a loan to 96 Wythe Acquisition LLC, a New York limited liability company (the "Debtor"), in the face principal amount of $68,000,000.00 (the "Loan"), secured by first priority liens and security interests in The Williamsburg Hotel, a boutique hotel located at 96 Wythe Avenue, Brooklyn, New York 11249 (the "Hotel") and all other assets described in the mortgage and other loan documents evidencing and governing the Loan (collectively, and including such additional collateral as granted to BSP pursuant to orders of the Bankruptcy Court, the "Collateral");

**WHEREAS**, on June 11, 2019, BSP commenced a foreclosure action in the Supreme Court of the State of New York, New York County, Index No. 653396/2019 (the "Foreclosure Action"), in which the court denied BSP's motion for summary judgment. BSP appealed such denial, which was docketed in the First Department of the Appellate Division as Appellate Case No. 2020-03532, and in a ruling on February 16, 2021, the entered an order partially reversing the trial court and granting summary judgment in favor of BSP (the "Appellate Decision");

**WHEREAS**, shortly following entry of the Appellate Decision, on February 23, 2021, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing Case No. 21-22108 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

**WHEREAS**, BSP filed a proof of claim in the Bankruptcy Case in the amount of $89,543,755.49 as of July 14, 2021, which specified, among other things, that interest and expenses would continue to accrue thereafter pursuant to the parties' loan documents [Proof of Claim 8-1 and 8-2] (collectively, the "Proof of Claim");

**WHEREAS**, on January 6, 2022, the Debtor filed a Complaint against BSP commencing Adversary Proceeding No. 22-07002 associated with the Bankruptcy Case (the "Adversary Proceeding"), asserting various claims against BSP and objecting to BSP's Proof of Claim;

**WHEREAS**, BSP vigorously disputes the merits of the claims asserted by the Debtor in the Adversary Proceeding;

**WHEREAS**, on February 7, 2022, BSP filed a Partial Motion to Dismiss in the Adversary Proceeding [Adv. Proc. Docket Nos. 4, 5, and 19], arguing, among other things, that bulk of the Debtor's claims in the Adversary Proceeding were precluded by the Appellate Decision under doctrines of *res judicata,* collateral estoppel and/or *Rooker-Feldman*, which the Debtor disputed [Adv. Proc. Docket No. 12];

**WHEREAS**, on March 28, 2022, BSP filed Lender's Renewed Motion for the Appointment of a Chapter 11 Trustee Based on Continuing Malfeasance [Docket Nos. 476, 477, 533 and 561], and on March 31, 2022, the United States Trustee filed its Motion for the Appointment of a Chapter 11 Trustee [Docket No. 491] (collectively, the "Chapter 11 Trustee Motions");

**WHEREAS**, the Bankruptcy Court heard evidence on the Trustee Motions on May 17 and 25, 2022 and post-hearing oral argument on May 26, 2022;

**WHEREAS**, on May 26, 2022, the Bankruptcy Court announced its ruling on the record and granted the Chapter 11 Trustee Motions, upon which the Bankruptcy Court entered the Order Granting Motions to Appoint a Chapter 11 Trustee on May 27, 2022 [Docket No. 591];

**WHEREAS**, on May 31, 2022, the Court entered the Order Approving the Appointment of Chapter 11 Trustee [Docket No. 594], which appointed Stephen S. Gray as the Chapter 11 Trustee of the Debtor's estate pursuant to 11 U.S.C. § 1104(a)(2) of the Bankruptcy Code (the "Chapter 11 Trustee Order"); and

**WHEREAS**, since entry of the Chapter 11 Trustee Order, the Trustee and BSP have been negotiating regarding the allowance of BSP's Proof of Claim and resolution of the Adversary Proceeding, which negotiations have yielded the resolutions set forth herein.

**NOW THEREFORE**, for good and valuable consideration, it is hereby stipulated, consented to and agreed by and between the Parties as follows:

1.      **No Admission of Wrongdoing.** Nothing in this Agreement shall be deemed an admission of any liability by BSP regarding any of the allegations in the Adversary Proceeding.

2.      **Allowance of Proof of Claim.** BSP's Proof of Claim shall be allowed in its entirety as a secured claim secured by the Collateral, provided that any amounts of such claim in excess of BSP's collateral for the Loan shall constitute an allowed unsecured claim, each pursuant to Section 506 of the Bankruptcy Code. BSP reserves all rights with respect to the Proof of Claim, including any rights under Section 1111(b) of the Bankruptcy Code and otherwise. BSP shall be entitled to credit bid up to the Senior Secured Amount (defined below) for the Collateral at a sale thereof, either under a confirmed Chapter 11 plan or in a sale outside a plan pursuant to Section 363(k) of the Bankruptcy Code. Payment of the full amount of BSP's Proof of Claim shall be made at closing of the sale of its Collateral, subject to an agreed carveout for the Trustee's professionals provided in any pending cash collateral order, and subject further to the provisions of a confirmed Qualified Chapter 11 Plan, if any, governed by Section 3 hereof. The component parts of BSP's claim shall be the following, as of August 14, 2022, with contract interest and default interest, expenses, legal fees and other amounts continuing to accrue thereafter as provided under the Loan Documents:

| Description | Amount |
|---|---|
| Outstanding Principal Balance | $68,000,000.00 |
| All Legal Fees and Expenses (through 8/14/22) | $11,745,182.00 |
| Contract Interest (through 8/14/22) | $16,706,948.85 |
| Exit Fee (0.50% of the Note) | $340,000.00 |
| Protective Advances Interest (through 8/14/22) | $408,289.09 |
| Default Interest (through 8/14/22) | $11,242,810.21 |
| Late Fees | $245,556.60 |
| **Total Due (8/14/22)** | **$108,688,786.76** |

Notwithstanding the foregoing in this Section 2, but subject to BSP's right to credit bid as set forth herein (which shall not be reduced), BSP's allowed claim shall be reduced dollar for dollar by any amount that such claim exceeds the amount permitted by Section 506(b) of the Bankruptcy Code, which shall be determined based upon a valuation of BSP's Collateral established by a sale thereof that is approved by the Bankruptcy Court or other recoveries on account of such Collateral.

3. **Bifurcation of Proof of Claim in connection with a Qualified Chapter 11 Plan.** Upon confirmation of (and subject to the occurrence of the effective date under) a Qualified Chapter 11 Plan, BSP will agree to bifurcate its Proof of Claim into the following parts, allowed and paid as follows:

(a) Allowed Senior Secured Claim. BSP shall have an allowed secured claim, secured by the Collateral, to be paid by the Trustee and Debtor's estate at closing of a sale of the Hotel without further order of the Court, in the following amounts as of August 14, 2022, with contract interest, expenses and legal fees continuing to accrue thereafter at the non-default rate as provided under the Loan Documents (the "Senior Secured Amount"):

| Description | Amount |
|---|---|
| Outstanding Principal Balance | $68,000,000.00 |
| Legal Fees and Expenses (through 8/14/22) | $11,245,182.00 |
| Contract Interest (through 8/14/22) | $16,706,948.85 |
| **Total Due (8/14/22)** | **$95,952,130.85** |

(b) Allowed Subordinated Secured Claim. BSP shall have an allowed secured claim, which shall be subordinated to all allowed unsecured claims but senior to all equity interests and any claims held by (i) Heritage Equity Partners, (ii) Toby Moskovits, (iii) Michael Lichtenstein, (iv) The Williamsburg Hotel BK LLC, and/or any of their respective family members or affiliated entities of any of the foregoing subsections (i) through (iv) (collectively, the "Insiders"), which shall be secured by all remaining assets of the Debtor's estate (whether acquired pre-petition or post-petition), and shall paid pursuant to the provisions of a Chapter 11 Plan, in the following amounts as of August 14, 2022, with default interest, fees and other expenses continuing to accrue thereafter at the default rate as provided under the Loan Documents (the "Subordinated Secured Amount"):

| Description | Amount |
|---|---|
| Exit Fee (0.50% of the Note) | $340,000.00 |

| | |
|---|---|
| Protective Advances Interest (through 8/14/22) | $408,289.09 |
| Deferred Legal Fees (through 8/14/22) | $500,000.00 |
| Default Interest (through 8/14/22) | $11,242,810.21 |
| Late Fees | $245,556.60 |
| **Total Due (8/14/22)** | **$12,736,655.90** |

Notwithstanding the foregoing in this Section 3(b), the Subordinated Secured Amount shall be reduced dollar for dollar by any amount that the sum of the Senior Secured Amount and Subordinated Secured Amount exceeds the amount permitted by Section 506(b) of the Bankruptcy Code, which shall be determined based upon a valuation of BSP's Collateral established by a sale thereof that is approved by the Bankruptcy Court or other recoveries on account of such Collateral.

4.    **Qualified Chapter 11 Plan.**   The term "Qualified Chapter 11 Plan" shall mean a Chapter 11 Plan confirmed by an order in the Bankruptcy Case by the Bankruptcy Court containing the following provisions, which may become effective notwithstanding any stay or appeal period (which the parties shall request, and the Bankruptcy Court may agree, to waive), any of which may be waived or modified by the Trustee and BSP in writing in each of their respective sole and absolute discretion without further order of the Bankruptcy Court:

(a)    a sale of the Hotel and related assets approved by the Bankruptcy Court on or before December 23, 2022 (subject to the Bankruptcy Court's calendar) providing for a closing date (inclusive of the effective date of a Qualified Chapter 11 Plan (the "Effective Date")) of no later than December 31, 2022, which permits BSP to "credit bid" its Senior Secured Amount and otherwise participate in the auction;

(b)    Payment to BSP of all proceeds of the sale of the Hotel and related assets, net of the agreed carve-outs set forth in any orders approving use of cash collateral (the "Cash Collateral Order Carve-Outs") and post-Effective Date litigation in an amount of $750,000.00, provided that BSP is paid an amount equal to the Senior Secured Amount at closing without further order of the Bankruptcy Court (it being understood that, for the avoidance of doubt, in a sale of the Hotel and related assets closed outside of a confirmed Chapter 11 plan, any outstanding Cash Collateral Order Carveouts not paid in the ordinary course in accordance with the applicable cash collateral order(s) shall be paid in full and in cash, *first*, from the proceeds of such sale in excess of BSP's Senior Secured Amount, and, if such excess should be insufficient, *second*, from proceeds netted out of the Senior Secured Amount to be paid to BSP to the extent of any deficiency);

(c)    Pursuit of post-Effective Date litigation by the Trustee or pursuant to the creation of a litigation trust managed by a trustee acceptable to BSP in its reasonable discretion, which will administer, liquidate, pursue and settle all claims of the Debtor and its estate for the benefit of holders of allowed claims and interests and make distributions of the proceeds thereof pursuant to a confirmed plan; and

(d)     Releases of BSP and its affiliates, shareholders, members, managers, partners, officers, directors, employees, agents and professionals and releases and exculpation for the Trustee and his professionals.

5.      **Dismissal of Adversary Proceeding.** Upon entry of an order by the Bankruptcy Court approving this Agreement, BSP and the Trustee shall be deemed to have stipulated to the dismissal of the Adversary Proceeding, with prejudice, pursuant to Fed. R. Bankr. P. 7041 and Fed. R. Civ. P. 41(a)(1)(A)(2). Within five (5) business days after entry of an order approving this Agreement, the Trustee and BSP shall jointly file a notice of dismissal dismissing the Adversary Proceeding with prejudice reflecting this stipulation.

6.      **Assignment of Rights to Claim under Bond.** On February 26, 2020, Constantino Sagonas, as receiver (in such capacity, the "Receiver"), and SureTec Insurance Company, posted a Bond of Temporary Receiver filed on February 26, 2020 in the case styled *BSPRT 2018-FL3 Issuer, Ltd. v. 96 Wythe Acquisition, LLC, et al.*, Index No. 653396/2019, Supreme Court of New York for the State of New York, County of New York, in the amount of Four Million Five Hundred Thousand and No/100 Dollars ($4,500,000.00) (the "Receiver's Bond"). BSP hereby assigns, transfers and conveys to the Trustee and Debtor's estate all of BSP's right, title and interest in and to the Receiver's Bond and any claims or causes of action against the Receiver and its rights to pursue or file a claim upon the Receiver's Bond for the purposes of pursuing or filing a claim upon the Receiver's Bond; provided, however, that BSP shall retain its rights to receive any distribution of proceeds of the Receiver's Bond to the extent made to BSP by the Debtor's estate or successor thereto. Notwithstanding the foregoing, (a) BSP shall retain the right to participate in and consult with the Trustee upon pursuit of and claims made under the Receiver's Bond, and (b) if the Trustee fails to commence a claim upon the Receiver's Bond by the Effective Date, BSP shall have the right, upon no less than ten (10) days' notice to the Trustee, to revoke the assignment of rights under this Section 6, in which case such assignment of rights shall become null and void *ab initio*, and all rights to pursue and file a claim under the Receiver's Bond shall immediately revert back to BSP.

7.      **Release of BSP**. In consideration of the agreements with and value provided herein by BSP to the Trustee and the Debtor's estate and other good and valuable consideration, the Trustee, on behalf of himself (in his capacity as Chapter 11 trustee for the Debtor's estate), the Debtor and the Debtor's estate (collectively, the "Releasors"), each hereby waives, remises, releases and forever discharges BSP, its predecessors, successors, assigns, affiliates, shareholders, partners, members, managers, directors, officers, accountants, attorneys, employees, agents, representatives and servants of, from and against any and all claims, actions, causes of action, suits, proceedings, defenses, counterclaims, contracts, judgments, damages, accounts, reckonings, executions, and liabilities whatsoever of every name and nature, whether known or unknown, whether or not well founded in fact or in law, and whether in law, at equity or otherwise, which any of the Releasors ever had or now has for or by reason of any matter, cause or anything whatsoever to this date relating to or arising out of any of the Adversary Proceeding, the Loan, the Hotel, the Bankruptcy Case, the Collateral, the Foreclosure Proceeding, the Appeal, and/or any actual or alleged acts or omissions of BSP with respect thereto, or the enforcement of any of BSP's rights or remedies with respect to the Lender, the Insiders or any other person or entity with respect to the Loan.

8.      **Release of Trustee**. In consideration of the agreements with and value provided herein and other good and valuable consideration, BSP, on behalf of itself its predecessors, successors, assigns, affiliates, shareholders, partners, members, managers, directors, officers, accountants, attorneys, employees, agents, representatives and servants (collectively, the "BSP Releasors"), each

hereby waives, remises, releases and forever discharges the Trustee, his accountants, attorneys, agents, representatives and servants (for avoidance of doubt, such persons and entities released hereunder shall not include the Debtor, the Debtor's estate, Toby Moskovits, Michael Lichtenstein or any of the Debtor's other insiders (as such term is defined in 11 U.S.C. § 101(31), the Debtor's bankruptcy professionals, including Meyer Brown LLP and David Goldwasser and his affiliated entities, and the Debtor's prepetition receiver, Constantino Segonas, and his affiliated entities) (collectively, the "Trustee Related Parties") of, from and against any and all claims, actions, causes of action, suits, proceedings, defenses, counterclaims, contracts, judgments, damages, accounts, reckonings, executions, and liabilities whatsoever of every name and nature, whether known or unknown, whether or not well founded in fact or in law, and whether in law, at equity or otherwise, which any of the BSP Releasors ever had or now has for or by reason of any matter, cause or anything whatsoever to this date relating to or arising out of any of the Adversary Proceeding, the Loan, the Hotel, the Bankruptcy Case, the Collateral, the Foreclosure Proceeding, the Appeal, and/or any actual or alleged acts or omissions of the Trustee or the Trustee Related Parties with respect thereto, and, in all cases, solely to the extent that the same first occurred on or after the appointment of the Trustee as the Chapter 11 Trustee for the Debtor's estate (with any such liabilities arising prior to such appointment expressly preserved against all persons and entities); provided, however, that this Section 8 shall not extend to the Trustee's obligations under this Agreement.

9. **Counterparts.** This Agreement may be executed in counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same.

10. **Transmittal.** This Agreement may be signed and transmitted electronically or by facsimile, which shall be deemed to have the full force and effect of original ink signatures.

11. **Representation of Authority.** The undersigned represent and warrant that they have full authority to execute this Agreement on behalf of their respective party or client and have obtained all necessary approvals. This Agreement constitutes a valid and binding agreement against the parties' signatory hereto.

12. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties' respective assigns and successors, including trustees and receivers.

13. **Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the subject matter of this Agreement to resolve all disputes relating thereto and to enforce the settlement and releases set forth herein.

14. **Not Construed Against Drafter.** In the event of any ambiguity or question of intent or interpretation of this Agreement, this Agreement shall be construed as if drafted jointly by the Parties, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.

15. **Severability.** The terms of this Agreement, including paragraph subparts, are severable, and if any part or subpart is found to be unenforceable, the other terms shall remain in full force and effect and are valid and enforceable.

16. **Titles of Paragraphs.** The titles of paragraphs in this Agreement are intended solely for convenience of reference, and are not intended and shall not be deemed for any purpose

whatsoever to modify, explain or place a construction upon any of the provisions of this Agreement and shall not affect the meaning or interpretation of this Agreement.

17.      **Entire Agreement**. The parties acknowledge that this Agreement represents the entire understanding between the parties.

18.      **Attorney's Fees and Costs**. Each Party shall be responsible for its own costs, expenses and attorney's fees incurred in connection with the Adversary Proceeding and negotiation of this Agreement.   If any legal action, arbitration, or other proceedings are commenced for enforcement of this Agreement, or because of an alleged dispute, breach, default, or misrepresentation in connection with any of the provisions of this Agreement brought by one of the Parties against the other, the successful or prevailing party or parties shall be entitled to recover reasonable attorney's fees and other costs incurred in that action or proceeding, in addition to any other relief to which it or they may be entitled.

**IN WITNESS THEREOF,** each party to this Agreement has caused it to be executed on the date indicated in the opening paragraph above, intending it to be legally bound by the terms and conditions hereof.

**IN WITNESS THEREOF,** each party to this Agreement has caused it to be executed on the date indicated in the opening paragraph above, intending it to be legally bound by the terms and conditions hereof.

**STEPHEN S. GRAY,** in individually, but solely in his capacity as Chapter 11 Trustee for 96 Wythe Acquisition, LLC, a New York limited liability company

_____
STEPHEN S. GRAY, as Chapter 11 Trustee

**[SIGNATURES CONTINUE ON THE FOLLOWING PAGE]**

**[SIGNATURE CONTINUED FROM PRIOR PAGE]**

**BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P.**, a Delaware limited partnership

By: _____
Name:  Micah Goodman
Title:    Authorized Signatory

**EXHIBIT B**

<u>**SETTLEMENT AGREEMENT**</u>

**THIS SETTLEMENT AGREEMENT** (this "<u>Agreement</u>") is made as of September 12, 2022, by and between BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P., a Delaware limited partnership ("<u>BSP</u>"), and STEPHEN S. GRAY, solely in his capacity as the Chapter 11 Trustee for the Chapter 11 bankruptcy estate of 96 Wythe Acquisition LLC (the "<u>Trustee</u>", and together with BSP, collectively, the "<u>Parties</u>").

**RECITALS**

**WHEREAS**, on December 13, 2017, BSP made a loan to 96 Wythe Acquisition LLC, a New York limited liability company (the "<u>Debtor</u>"), in the face principal amount of $68,000,000.00 (the "<u>Loan</u>"), secured by first priority liens and security interests in The Williamsburg Hotel, a boutique hotel located at 96 Wythe Avenue, Brooklyn, New York 11249 (the "<u>Hotel</u>") and all other assets described in the mortgage and other loan documents evidencing and governing the Loan (collectively, <u>and including such additional collateral as granted to BSP pursuant to orders of the Bankruptcy Court,</u> the "<u>Collateral</u>");

**WHEREAS**, on June 11, 2019, BSP commenced a foreclosure action in the Supreme Court of the State of New York, New York County, Index No. 653396/2019 (the "<u>Foreclosure Action</u>"), in which the court denied BSP's motion for summary judgment.  BSP appealed such denial, which was docketed in the First Department of the Appellate Division as Appellate Case No. 2020-03532, and in a ruling on February 16, 2021, the entered an order partially reversing the trial court and granting summary judgment in favor of BSP (the "<u>Appellate Decision</u>");

**WHEREAS**, shortly following entry of the Appellate Decision, on February 23, 2021, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing Case No. 21-22108 (the "<u>Bankruptcy Case</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>");

**WHEREAS**, BSP filed a proof of claim in the Bankruptcy Case in the amount of $89,543,755.49 as of July 14, 2021, which specified, among other things, that interest and expenses would continue to accrue thereafter pursuant to the parties' loan documents [Proof of Claim 8-1 and 8-2] (collectively, the "<u>Proof of Claim</u>");

**WHEREAS**, on January 6, 2022, the Debtor filed a Complaint against BSP commencing Adversary Proceeding No. 22-07002 associated with the Bankruptcy Case (the "<u>Adversary Proceeding</u>"), asserting various claims against BSP and objecting to BSP's Proof of Claim;

**WHEREAS**, BSP vigorously disputes the merits of the claims asserted by the Debtor in the Adversary Proceeding;

**WHEREAS**, on February 7, 2022, BSP filed a Partial Motion to Dismiss in the Adversary Proceeding [Adv. Proc. Docket Nos. 4, 5, and 19], arguing, among other things, that bulk of the Debtor's claims in the Adversary Proceeding were precluded by the Appellate Decision under doctrines of *res judicata,* collateral estoppel and/or *Rooker-Feldman*, which the Debtor disputed [Adv. Proc. Docket No. 12];

**WHEREAS**, on March 28, 2022, BSP filed Lender's Renewed Motion for the Appointment of a Chapter 11 Trustee Based on Continuing Malfeasance [Docket Nos. 476, 477, 533 and 561], and on March 31, 2022, the United States Trustee filed its Motion for the Appointment of a Chapter 11 Trustee [Docket No. 491] (collectively, the "Chapter 11 Trustee Motions");

**WHEREAS**, the Bankruptcy Court heard evidence on the Trustee Motions on May 17 and 25, 2022 and post-hearing oral argument on May 26, 2022;

**WHEREAS**, on May 26, 2022, the Bankruptcy Court announced its ruling on the record and granted the Chapter 11 Trustee Motions, upon which the Bankruptcy Court entered the Order Granting Motions to Appoint a Chapter 11 Trustee on May 27, 2022 [Docket No. 591];

**WHEREAS**, on May 31, 2022, the Court entered the Order Approving the Appointment of Chapter 11 Trustee [Docket No. 594], which appointed Stephen S. Gray as the Chapter 11 Trustee of the Debtor's estate pursuant to 11 U.S.C. § 1104(a)(2) of the Bankruptcy Code (the "Chapter 11 Trustee Order"); and

**WHEREAS**, since entry of the Chapter 11 Trustee Order, the Trustee and BSP have been negotiating regarding the allowance of BSP's Proof of Claim and resolution of the Adversary Proceeding, which negotiations have yielded the resolutions set forth herein.

**NOW THEREFORE**, for good and valuable consideration, it is hereby stipulated, consented to and agreed by and between the Parties as follows:

1.    **No Admission of Wrongdoing.** Nothing in this Agreement shall be deemed an admission of any liability by BSP regarding any of the allegations in the Adversary Proceeding.

2.    **Allowance of Proof of Claim.** BSP's Proof of Claim shall be allowed in its entirety as a secured claim secured by the Collateral, provided that any amounts of such claim in excess of BSP's collateral for the Loan shall constitute an allowed unsecured claim, each pursuant to Section 506 of the Bankruptcy Code. BSP reserves all rights with respect to the Proof of Claim, including any rights under Section 1111(b) of the Bankruptcy Code and otherwise. BSP shall be entitled to credit bid up to the Senior Secured Amount (defined below) for the Collateral at a sale thereof, either under a confirmed Chapter 11 plan or in a sale outside a plan pursuant to Section 363(k) of the Bankruptcy Code. Payment of the full amount of BSP's Proof of Claim shall be made at closing of the sale of its Collateral, subject to an agreed carveout for the Trustee's professionals provided in any pending cash collateral order, and subject further to the provisions of a confirmed Qualified Chapter 11 Plan, if any, governed by Section 3 hereof. The component parts of BSP's claim shall be the following, as of August 14, 2022, with contract interest and default interest, expenses, legal fees and other amounts continuing to accrue thereafter as provided under the Loan Documents:

| Description | Amount |
|---|---|
| Outstanding Principal Balance | $68,000,000.00 |
| All Legal Fees and Expenses (through 8/14/22) | $11,745,182.00 |
| Contract Interest (through 8/14/22) | $16,706,948.85 |
| Exit Fee (0.50% of the Note) | $340,000.00 |
| Protective Advances Interest (through 8/14/22) | $408,289.09 |
| Default Interest (through 8/14/22) | $11,242,810.21 |
| Late Fees | $245,556.60 |
| **Total Due (8/14/22)** | **$108,688,786.76** |

Notwithstanding the foregoing in this Section 2, but subject to BSP's right to credit bid as set forth herein (which shall not be reduced), BSP's allowed claim shall be reduced dollar for dollar by any amount that such claim exceeds the amount permitted by Section 506(b) of the Bankruptcy Code, which shall be determined based upon a valuation of BSP's Collateral established by a sale thereof that is approved by the Bankruptcy Court or other recoveries on account of such Collateral.

3.    **Bifurcation of Proof of Claim in connection with a Qualified Chapter 11 Plan.** Upon confirmation of (and subject to the occurrence of the effective date under) a Qualified Chapter 11 Plan, BSP will agree to bifurcate its Proof of Claim into the following parts, allowed and paid as follows:

(a)    Allowed Senior Secured Claim.  BSP shall have an allowed secured claim, secured by the Collateral, to be paid by the Trustee and Debtor's estate at closing of a sale of the Hotel without further order of the Court, in the following amounts as of August 14, 2022, with contract interest, expenses and legal fees continuing to accrue thereafter at the non-default rate as provided under the Loan Documents (the "Senior Secured Amount"):

| Description | Amount |
|---|---|
| Outstanding Principal Balance | $68,000,000.00 |
| Legal Fees and Expenses (through 8/14/22) | $11,245,182.00 |
| Contract Interest (through 8/14/22) | $16,706,948.85 |
| **Total Due (8/14/22)** | **$95,952,130.85** |

(b)    Allowed Subordinated Secured Claim. BSP shall have an allowed secured claim, which shall be subordinated to all allowed unsecured claims but senior to all equity interests and any claims held by (i) Heritage Equity Partners, (ii) Toby Moskovits, (iii) Michael Lichtenstein, (iv) The Williamsburg Hotel BK LLC, and/or any of their respective family members or affiliated entities of any of the foregoing subsections (i) through (iv) (collectively, the "Insiders"), which shall be secured by all remaining assets of the Debtor's estate (whether acquired pre-petition or post-petition), and shall paid pursuant to the provisions of a Chapter 11 Plan, in the following amounts as of August 14, 2022, with default interest, fees and other expenses continuing to accrue thereafter at the default rate as provided under the Loan Documents (the "Subordinated Secured Amount"):

| Description | Amount |
|---|---|
| Exit Fee (0.50% of the Note) | $340,000.00 |

| | |
|---|---|
| Protective Advances Interest (through 8/14/22) | $408,289.09 |
| Deferred Legal Fees (through 8/14/22) | $500,000.00 |
| Default Interest (through 8/14/22) | $11,242,810.21 |
| Late Fees | $245,556.60 |
| **Total Due (8/14/22)** | **$12,736,655.90** |

Notwithstanding the foregoing in this Section 3(b), the Subordinated Secured Amount shall be reduced dollar for dollar by any amount that the sum of the Senior Secured Amount and Subordinated Secured Amount exceeds the amount permitted by Section 506(b) of the Bankruptcy Code, which shall be determined based upon a valuation of BSP's Collateral established by a sale thereof that is approved by the Bankruptcy Court or other recoveries on account of such Collateral.

4.    **Qualified Chapter 11 Plan.**  The term "Qualified Chapter 11 Plan" shall mean a Chapter 11 Plan confirmed by an order in the Bankruptcy Case by the Bankruptcy Court containing the following provisions, which may become effective notwithstanding any stay or appeal period (which the parties shall request, and the Bankruptcy Court may agree, to waive), any of which may be waived or modified by the Trustee and BSP in writing in each of their respective sole and absolute discretion without further order of the Bankruptcy Court:

(a)    a sale of the Hotel and related assets approved by the Bankruptcy Court on or before December 23, 2022 (subject to the Bankruptcy Court's calendar) providing for a closing date (inclusive of the effective date of a Qualified Chapter 11 Plan (the "Effective Date")) of no later than December 31, 2022, which permits BSP to "credit bid" its Senior Secured Amount and otherwise participate in the auction;

(b)    Payment to BSP of all proceeds of the sale of the Hotel and related assets, net of the agreed carve-outs set forth in any orders approving use of cash collateral (the "Cash Collateral Order Carve-Outs") and post-Effective Date litigation in an amount of $750,000.00, provided that BSP is paid an amount equal to the Senior Secured Amount at closing without further order of the Bankruptcy Court (it being understood that, for the avoidance of doubt, in a sale of the Hotel and related assets closed outside of a confirmed Chapter 11 plan, any outstanding Cash Collateral Order Carveouts not paid in the ordinary course in accordance with the applicable cash collateral order(s) shall be paid in full and in cash, *first*, from the proceeds of such sale in excess of BSP's Senior Secured Amount, and, if such excess should be insufficient, *second*, from proceeds netted out of the Senior Secured Amount to be paid to BSP to the extent of any deficiency);

(c)    Pursuit of post-Effective Date litigation by the Trustee or pursuant to the creation of a litigation trust managed by a trustee acceptable to BSP in its reasonable discretion, which will administer, liquidate, pursue and settle all claims of the Debtor and its estate for the benefit of holders of allowed claims and interests and make distributions of the proceeds thereof pursuant to a confirmed plan; and

       (d)    Releases of BSP and its affiliates, shareholders, members, managers, partners, officers, directors, employees, agents and professionals and releases and exculpation for the Trustee and his professionals.

5.    **Dismissal of Adversary Proceeding.** Upon entry of an order by the Bankruptcy Court approving this Agreement, BSP and the Trustee shall be deemed to have stipulated to the dismissal of the Adversary Proceeding, with prejudice, pursuant to Fed. R. Bankr. P. 7041 and Fed. R. Civ. P. 41(a)(1)(A)(2). Within five (5) business days after entry of an order approving this Agreement, the Trustee and BSP shall jointly file a notice of dismissal dismissing the Adversary Proceeding with prejudice reflecting this stipulation.

6.    **Assignment of Rights to Claim under Bond.** On February 26, 2020, Constantino Sagonas, as receiver (in such capacity, the "Receiver"), and SureTec Insurance Company, posted a Bond of Temporary Receiver filed on February 26, 2020 in the case styled *BSPRT 2018-FL3 Issuer, Ltd. v. 96 Wythe Acquisition, LLC, et al.*, Index No. 653396/2019, Supreme Court of New York for the State of New York, County of New York, in the amount of Four Million Five Hundred Thousand and No/100 Dollars ($4,500,000.00) (the "Receiver's Bond"). BSP hereby assigns, transfers and conveys to the Trustee and Debtor's estate all of BSP's right, title and interest in and to the Receiver's Bond and any claims or causes of action against the Receiver and its rights to pursue or file a claim upon the Receiver's Bond for the purposes of pursuing or filing a claim upon the Receiver's Bond; provided, however, that BSP shall retain its rights to receive any distribution of proceeds of the Receiver's Bond to the extent made to BSP by the Debtor's estate or successor thereto. Notwithstanding the foregoing, (a) BSP shall retain the right to participate in and consult with the Trustee upon pursuit of and claims made under the Receiver's Bond, and (b) if the Trustee fails to commence a claim upon the Receiver's Bond by the Effective Date, BSP shall have the right, upon no less than ten (10) days' notice to the Trustee, to revoke the assignment of rights under this Section 6, in which case such assignment of rights shall become null and void *ab initio*, and all rights to pursue and file a claim under the Receiver's Bond shall immediately revert back to BSP.

7.    **Release of BSP**. In consideration of the agreements with and value provided herein by BSP to the Trustee and the Debtor's estate and other good and valuable consideration, the Trustee, on behalf of himself (in his capacity as Chapter 11 trustee for the Debtor's estate), the Debtor and the Debtor's estate (collectively, the "Releasors"), each hereby waives, remises, releases and forever discharges BSP, its predecessors, successors, assigns, affiliates, shareholders, partners, members, managers, directors, officers, accountants, attorneys, employees, agents, representatives and servants of, from and against any and all claims, actions, causes of action, suits, proceedings, defenses, counterclaims, contracts, judgments, damages, accounts, reckonings, executions, and liabilities whatsoever of every name and nature, whether known or unknown, whether or not well founded in fact or in law, and whether in law, at equity or otherwise, which any of the Releasors ever had or now has for or by reason of any matter, cause or anything whatsoever to this date relating to or arising out of any of the Adversary Proceeding, the Loan, the Hotel, the Bankruptcy Case, the Collateral, the Foreclosure Proceeding, the Appeal, and/or any actual or alleged acts or omissions of BSP with respect thereto, or the enforcement of any of BSP's rights or remedies with respect to the Lender, the Insiders or any other person or entity with respect to the Loan.

8.    **Release of Trustee**. In consideration of the agreements with and value provided herein and other good and valuable consideration, BSP, on behalf of itself its predecessors, successors, assigns, affiliates, shareholders, partners, members, managers, directors, officers, accountants, attorneys, employees, agents, representatives and servants (collectively, the "BSP Releasors"), each

hereby waives, remises, releases and forever discharges the Trustee, his accountants, attorneys, agents, representatives and servants (for avoidance of doubt, such persons and entities released hereunder shall not include the Debtor, the Debtor's estate, Toby Moskovits, Michael Lichtenstein or any of the Debtor's other insiders (as such term is defined in 11 U.S.C. § 101(31), the Debtor's bankruptcy professionals, including Meyer Brown LLP and David Goldwasser and his affiliated entities, and the Debtor's prepetition receiver, Constantino Segonas, and his affiliated entities) (collectively, the "Trustee Related Parties") of, from and against any and all claims, actions, causes of action, suits, proceedings, defenses, counterclaims, contracts, judgments, damages, accounts, reckonings, executions, and liabilities whatsoever of every name and nature, whether known or unknown, whether or not well founded in fact or in law, and whether in law, at equity or otherwise, which any of the BSP Releasors ever had or now has for or by reason of any matter, cause or anything whatsoever to this date relating to or arising out of any of the Adversary Proceeding, the Loan, the Hotel, the Bankruptcy Case, the Collateral, the Foreclosure Proceeding, the Appeal, and/or any actual or alleged acts or omissions of the Trustee or the Trustee Related Parties with respect thereto, and, in all cases, solely to the extent that the same first occurred on or after the appointment of the Trustee as the Chapter 11 Trustee for the Debtor's estate (with any such liabilities arising prior to such appointment expressly preserved against all persons and entities); provided, however, that this Section 8 shall not extend to the Trustee's obligations under this Agreement.

9. **Counterparts.** This Agreement may be executed in counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same.

10. **Transmittal.** This Agreement may be signed and transmitted electronically or by facsimile, which shall be deemed to have the full force and effect of original ink signatures.

11. **Representation of Authority.** The undersigned represent and warrant that they have full authority to execute this Agreement on behalf of their respective party or client and have obtained all necessary approvals. This Agreement constitutes a valid and binding agreement against the parties' signatory hereto.

12. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties' respective assigns and successors, including trustees and receivers.

13. **Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the subject matter of this Agreement to resolve all disputes relating thereto and to enforce the settlement and releases set forth herein.

14. **Not Construed Against Drafter.** In the event of any ambiguity or question of intent or interpretation of this Agreement, this Agreement shall be construed as if drafted jointly by the Parties, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.

15. **Severability.** The terms of this Agreement, including paragraph subparts, are severable, and if any part or subpart is found to be unenforceable, the other terms shall remain in full force and effect and are valid and enforceable.

16. **Titles of Paragraphs.** The titles of paragraphs in this Agreement are intended solely for convenience of reference, and are not intended and shall not be deemed for any purpose

whatsoever to modify, explain or place a construction upon any of the provisions of this Agreement and shall not affect the meaning or interpretation of this Agreement.

17.     **Entire Agreement**. The parties acknowledge that this Agreement represents the entire understanding between the parties.

18.     **Attorney's Fees and Costs**. Each Party shall be responsible for its own costs, expenses and attorney's fees incurred in connection with the Adversary Proceeding and negotiation of this Agreement.   If any legal action, arbitration, or other proceedings are commenced for enforcement of this Agreement, or because of an alleged dispute, breach, default, or misrepresentation in connection with any of the provisions of this Agreement brought by one of the Parties against the other, the successful or prevailing party or parties shall be entitled to recover reasonable attorney's fees and other costs incurred in that action or proceeding, in addition to any other relief to which it or they may be entitled.

**IN WITNESS THEREOF,** each party to this Agreement has caused it to be executed on the date indicated in the opening paragraph above, intending it to be legally bound by the terms and conditions hereof.

**IN WITNESS THEREOF,** each party to this Agreement has caused it to be executed on the date indicated in the opening paragraph above, intending it to be legally bound by the terms and conditions hereof.

**STEPHEN S. GRAY,** in individually, but solely in his capacity as Chapter 11 Trustee for 96 Wythe Acquisition, LLC, a New York limited liability company

_____
STEPHEN S. GRAY, as Chapter 11 Trustee

**[SIGNATURES CONTINUE ON THE FOLLOWING PAGE]**

**[SIGNATURE CONTINUED FROM PRIOR PAGE]**

**BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P.**, a Delaware limited partnership

By: _____

Name:  Micah Goodman

Title:    Authorized Signatory