**Hearing Date: November 10, 2022 at 2:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  November 3, 2022 at 4:00 p.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger
John McClain

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                                      :
                                                            :          Chapter 11
96 Wythe Acquisition, LLC,                                  :
                                                            :          Case No. 21-22108 (SHL)
                            Debtor.                         :
                                                            :
-------------------------------------------------------------x

## NOTICE OF HEARING TO CONSIDER
## TRUSTEE'S APPLICATION FOR ENTRY OF AN
## ORDER COMPELLING NORENSBERG & ASSOCIATES INC.
## TO COMPLY WITH COURT'S RULE 2004 ORDER AND SUBPOENAS

**PLEASE TAKE NOTICE** that a hearing will be held on November 10, 2022**,** at

2:00 p.m. (ET) (the "Hearing Date"), before the Honorable Sean H. Lane, United States

Bankruptcy Judge, to consider the annexed Motion[1] of Stephen S. Gray, not individually

but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the estate of 96

Wythe Acquisition LLC (the "Debtor"), for entry of an order (the "Order"), a true and

complete copy of which is annexed to the Motion as Exhibit A, compelling Norensberg

& Associates Inc. to comply with the Court's Rule 2004 order and the Trustee's

subpoena.

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the
       Motion.

**PLEASE TAKE FURTHER NOTICE THAT** the Hearing will take place via Zoom for Government.  Those wishing to appear before the Court at the Hearing, must register their appearance utilizing the Electronic Appearance portal located on the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Appearances must be entered no later than <u>4:00 p.m. (Prevailing Eastern Time) one business day before the hearing.</u>

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Order must be made in writing and conform with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and be filed with the Clerk of the Bankruptcy Court at the address set forth above, with a copy delivered directly to Bankruptcy Judge Lane's Chambers, and served upon the undersigned proposed attorneys for the Trustee, so as to be filed and actually received by all of them not later than November 3, 2022 at 4:00 p.m. (the "<u>Objection Deadline</u>").

**PLEASE TAKE FURTHER NOTICE THAT** if no objections to the entry of the Proposed Order are timely filed and served on or before the Objection Deadline, the Proposed Order may be entered by the Court.

*[remainder of page intentionally left blank]*

**PLEASE TAKE FURTHER NOTICE** that, you may also obtain copies of any

pleadings by visiting the Court's website at https://www.nysb.uscourts.gov in

accordance with the procedures and fees set forth therein.

DATED:   October 26, 2022
        New York, New York

                        STEPHEN S. GRAY
                        Not Individually But Solely in His
                        Capacity as Chapter 11 Trustee
                        By His Attorneys,
                        TOGUT, SEGAL & SEGAL LLP
                        By:

                        */s/ Neil Berger*
                        ALBERT TOGUT
                        FRANK A. OSWALD
                        NEIL BERGER
                        One Penn Plaza, Suite 3335
                        New York, New York 10119
                        (212) 594-5000

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger
John McClain

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
|   |   |   |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| 96 WYTHE ACQUISITION LLC, | : | Case No. 21-22108 (SHL) |
| | : | |
| Debtor. | : | |
| | : | |

-----------------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S MOTION FOR AN
ORDER COMPELLING NORENSBERG & ASSOCIATES INC. TO
<u>COMPLY WITH THE COURT'S RULE 2004 ORDER AND SUBPOENA</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................................1

JURISDICTION ..................................................................................................................2

FACTUAL BACKGROUND ..................................................................................................2

I.      The Debtor's Bankruptcy Case ..............................................................................2

II.     The Trustee's Rule 2004 Motion and Related Order ...................................................5

III.    The Trustee's Attempts to Obtain Discovery from Norensberg..............................5

RELIEF REQUESTED...........................................................................................................7

BASIS FOR RELIEF ............................................................................................................7

I.      An Order Compelling Compliance Is Necessary
        for the Trustee to Perform His Investigatory Duties.................................................7

II.     Norensberg Has Failed to Comply with the Rule 2004
        Order and the Subpoena Without Any Legal Justification ......................................8

III.    An Order Compelling Norensberg's Compliance
        Is Appropriate Under the Circumstances ................................................................9

NOTICE...........................................................................................................................12

CONCLUSION...................................................................................................................12

## TABLE OF AUTHORITIES

**CASES**

*Fatsis v. Braunstein (In re Fatsis),* 405 B.R. 1 (B.A.P. 1st Cir. 2009) .........................................11

*Goya Foods, Inc. v. Wallack Mgmt. Co.,* 344 F.3d 16 (1st Cir. 2003)..........................................11

*In re Butler Innovative Solutions, Inc.,* No. 08-00065,
2008 WL 5076980 (Bankr. D. Dist. Col. Sept. 29, 2008)..................................................11, 13

*In re Consolidated Meridian Funds,* No. 10-17952,
2013 WL 1501636 (Bankr. W.D. Wash. Apr. 5, 2013) ........................................................12

*In re Corso,* 328 B.R. 375 (Bankr. E.D.N.Y. 2005) ......................................................................12

*In re Dickerson,* No. 08-33071, 2009 WL 4666457 (Bankr. N.D.N.Y. Dec. 8 2009) ...............11

*In re Nosek,* 544 F.3d 34 (1st Cir. 2008)......................................................................................11

*In re Parikh,* 397 B.R. 518 (Bankr. E.D.N.Y. 2008) ....................................................................11

*In re River Ctr. Holdings, LLC,* 394 B.R. 704 (Bankr. S.D.N.Y. 2008).......................................10

*In re Thompson,* No. 06-32622, 2007 WL 2406886 (Bankr. N.D.N.Y. Aug. 21, 2007)...........11

*NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dept. Stores, Inc.),*
317 B.R. 260 (Bankr. S.D.N.Y. 2004)...............................................................................10

*U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McLean Indus.),*
68 B.R. 690 (Bankr. S.D.N.Y. 1986).................................................................................10

**STATUTES**

11 U.S.C. § 105(a) ........................................................................................................................1, 2

11 U.S.C. § 542(a) ...........................................................................................................................9

11 U.S.C. § 704(a)(4)......................................................................................................................7

28 U.S.C. § 1334 .............................................................................................................................2

28 U.S.C. § 1408 .............................................................................................................................2

28 U.S.C. § 1409 .............................................................................................................................2

28 U.S.C. § 157 ...............................................................................................................................2

28 U.S.C. § 157(b)(2)(A).................................................................................................................2

28 U.S.C. § 157(b)(2)(E).................................................................................................................2

28 U.S.C. § 157(b)(2)(O)............................................................................................................2

**RULES**

Fed. R. Bankr. P. 2004.............................................................................................1, 2, 10, 11

Fed. R. Bankr. P. 45.................................................................................................................10

Fed. R. Bankr. P. 9016.....................................................................................................1, 2, 10

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Stephen S. Gray, not individually, but solely in his capacity as the Chapter

11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor") in

the above-captioned case, by and through his attorneys, Togut, Segal & Segal LLP (the

"Togut Firm"), respectfully submits this application (the "Motion") for entry of an

order, substantially in the form attached hereto as **Exhibit "A"** (the "Proposed Order"),

pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")

and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"):  (i) compelling Norensberg & Associates Inc. ("Norensberg") to

comply with this Court's *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal*

*Rules of Bankruptcy Procedure* [Dkt. No. 647] (the "Rule 2004 Order") by fully responding

to the Subpoena (as that term is defined below) and to abide its turnover obligations

under the Bankruptcy Code by producing to the Trustee all documents and

communications that are responsive to the Subpoena;  and (ii) providing that in the

event that Norensberg fails to fully and timely comply with the Proposed Order, the

Trustee will be authorized to submit a proposed order to show cause scheduling a

hearing to consider entry of a further order holding Norensberg in civil contempt and

imposing coercive civil sanctions.  In support of the Motion, the Trustee submits the

Declaration of Neil Berger of the Togut Firm, attached hereto as **Exhibit "B"** (the

"Berger Declaration"), and respectfully represents:

## PRELIMINARY STATEMENT

Norensberg was an accountant for the Debtor and the Williamsburg Hotel

BK LLC (the "Manager"), the Debtor's former managing agent.  Norensberg was

responsible for preparing the Debtor's and the Manager's tax returns for the period of

2017-2020, and provided accounting services for the Debtor and the Manager extending into early 2022.

Norensberg is in possession and control of documents and information concerning the Debtor, its assets, and its affairs which the Trustee needs to perform his duties.  However, Norensberg has failed to produce any materials to the Trustee in response to repeated demands and despite having been served with the subpoena issued by the Trustee to it on September 20, 2022 pursuant to the Rule 2004 Order (the "Subpoena"), a copy of which is jointly annexed hereto as **Exhibit "C."**  Norensberg's failure to produce materials is impeding the Trustee's work.

For the reasons set forth herein, the Trustee respectfully requests entry of an order, substantially in the form of the Proposed Order, compelling Norensberg to comply with the Rule 2004 Order and fully respond to the Subpoena.

## JURISDICTION

1.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Chapter 11 case (the "Chapter 11 Case") and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The predicates for this Motion are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016.

## FACTUAL BACKGROUND

### I.     The Debtor's Bankruptcy Case

3.     On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

4.      No official committee of unsecured creditors has been appointed in this Chapter 11 Case.

5.      The Debtor owns the hotel known as The Williamsburg Hotel located at 96 Wythe Street, Brooklyn, New York (the "Hotel").

6.      On October 15, 2021, Benefit Street filed its *Motion to Appoint an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Dkt. No. 147], which was granted by the Court on November 8, 2021 by entry of the *Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Dkt. No. 178], which order was subsequently amended on November 23, 2021 by entry of the *Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Dkt. No. 193] and on December 14, 2021 by entry of the *Second Amended Order Directing Appointment of an Examiner Pursuant to 11 U.S.C. § 1104(c)* [Dkt. No. 224].

7.      On November 16, 2021, the Court entered the *Order Approving of Examiner* [Dkt. No. 186], and Eric M. Huebscher was appointed as the examiner (the "Examiner") in this Chapter 11 Case.

8.      On February 28, 2022, the Examiner issued his report (the "Examiner Report") [Dkt. No. 418], wherein the Examiner found that there were sufficient grounds to appoint a trustee in this Chapter 11 Case.  On March 21, 2022, the Examiner issued a supplemental report [Dkt. No. 465].

9.      In his reports, the Examiner advised the Court that Michael Lichtenstein ("Lichtenstein") and Toby Moskovits ("Moskovits"), the principals and insiders of the Debtor and the Manager, as well as the Manager itself, repeatedly sought to impede the Examiner's Court-ordered investigation by, among other things, refusing to produce documents and information in response to Rule 2004 subpoenas issued to

3

them by the Examiner and by causing other subpoenaed parties to refuse to comply

with subpoenas issued by the Examiner. *See* Examiner Report at 3.

10.    In his report, the Examiner also advised the Court:

"Both the Debtor 2020 and Manager 2019 returns were
unsigned.  The accountant was subpoenaed for the same
documents and did not respond.  The Examiner's counsel
filed a notice of non-compliance with the Court.

*See* Examiner Report at 28, fn. 40.

11.    On March 28, 2022, Benefit Street filed its *Renewed Motion for the
Appointment of a Chapter 11 Trustee Based on Continuing Malfeasance* (the "Motion for the
Appointment of a Chapter 11 Trustee") [Dkt. No. 476] and on March 31, 2022 the United
States Trustee filed his *Motion for an Order Directing the Appointment of a Chapter 11
Trustee* [Dkt. No. 491], and raised concerns of impropriety by Lichtenstein, Moskovits
and the Manager, and requested the appointment of a Chapter 11 trustee.

12.    Following evidentiary hearings conducted on May 17 and 25, and
post-hearing oral argument on May 26, 2022 (the "May 26 Hearing") [Dkt. No. 598], on
May 27, 2022 the Court entered its *Order Granting Motions to Appoint a Chapter 11 Trustee*
[Dkt. No. 591].  In its May 26 ruling, the Court cited, among other things, Lichtenstein
and Moskovits' "series of concealments of relevant information from the Court and
Creditors . . . ."  May 26 Hearing Tr. at 16.

13.    On May 31, 2022, the United States Trustee filed his *Notice of
Appointment of Chapter 11 Trustee* [Dkt. No. 592] and filed an application for the
appointment of a Chapter 11 trustee [Dkt. No. 593], subject to Court approval.

14.    The Court entered its *Order Granting the Application for Appointment
of Chapter 11 Trustee* [Dkt. No. 594] approving the appointment of the Trustee on May
31, 2022, and the Trustee has been operating and managing the Debtor since that time.

## II.      The Trustee's Rule 2004 Motion and Related Order

15.      On July 15, 2022, the Trustee filed the *Chapter 11 Trustee's Application Pursuant to Bankruptcy Rule 2004 for an Order Authorizing the Issuance of Subpoenas for the Production of Documents and Deposition Testimony* [Dkt. No. 622] (the "Rule 2004 Motion").

16.      On August 8, 2022, the Court entered the Rule 2004 Order authorizing the Trustee, *inter alia*, "to issue subpoenas for the production of documents and for deposition testimony . . . concerning any asset, liability, duty, obligation, contract, transaction, or any other issue related in any way to the Debtor."  Rule 2004 Order at 2.

17.      Pursuant to the terms of the Rule 2004 Order, documents and communications sought from subpoenaed persons "may not be withheld or refused based upon any applicable privilege in favor of the Debtor."  *Id*.

## III.      The Trustee's Attempts to Obtain Discovery from Norensberg

18.      Norensberg is a former accountant for the Debtor and the Manager. Norensberg was responsible for preparing the Debtor's and the Manager's tax returns for the period of 2017-2020, and provided accounting services for the Debtor and the Manager extending into early 2022.  *See* May 10, 2022 Deposition of Norensberg & Associates Inc. (the "Norensberg Deposition") at 50:21-51:10 & ex. 3-16.

19.      Consequently, discovery of documents and communications from Norensberg is an important part of the Trustee's investigation of the Debtor's affairs.

20.      On September 20, 2022, the Trustee served the Subpoena to Norensberg, which, among other things, seeks the production of all documents and communications concerning, reflecting, or evidencing the Debtor's affairs, assets, liabilities, and transfers.  *See generally* Subpoena.

21.    The Subpoena also seeks, among other things, the production of workpapers, notes, memoranda, and research concerning the preparation of tax returns, audits, reviews, compilations, special projects, agreed-upon procedures, write-up work, and/or any other service provided by Norensberg concerning the Debtor's and/or the Manager's finances. *Id.*

22.    The deadline for responses or objections to the Subpoena was October 4, 2022, which passed without any compliance or objection. Berger Decl. at ¶ 8.

23.    On October 6, 2022, the Trustee served a demand letter (the "Demand Letter"), via FedEx, to Norensberg demanding its compliance with the Subpoena by October 14, 2022. Berger Decl. at ¶ 9. The Trustee received no response to the Demand Letter. *Id.*

24.    Norensberg's sworn testimony provided during the Norensberg Deposition, along with the tax-return documents themselves, demonstrates that Norensberg was responsible for preparing the Debtor's and Manager's tax returns for the period of 2017-2020. Norensberg Deposition at 50:21-25, 51:2-10 & ex. 3-16.

25.    Norensberg has failed to timely comply with the Subpoena, and its non-compliance prejudices the Trustee and the Debtor's estate and impedes the Trustee's efforts to create value for the benefit of the Debtor's creditors. *See* Berger Decl. ¶ 11.

26.    It is apparent that the Trustee's efforts to seek Norensberg's voluntary compliance with the Subpoena are insufficient to compel Norensberg to act, and that an order of the Court compelling Norensberg's timely compliance with the Rule 2004 Order and Subpoena is necessary.

## RELIEF REQUESTED

27.     The Trustee seeks entry of the Proposed Order: (i) compelling Norensberg to fully comply with the Rule 2004 Order, fully respond to the Subpoena, and abide its turnover obligations under the Bankruptcy Code by producing to the Trustee all documents and communications that are responsive to the Subpoena; and (ii) providing that in the event that Norensberg fails to fully comply with the Proposed Order, the Trustee will be authorized to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding Norensberg in civil contempt and imposing coercive civil sanctions.

## BASIS FOR RELIEF

### I.     An Order Compelling Compliance Is Necessary for the Trustee to Perform His Investigatory Duties

28.     Among the Trustee's duties is the duty to investigate the financial affairs of the Debtor. 11 U.S.C. § 1106(a)(3). To facilitate the Trustee's investigation, the Court entered the Rule 2004 Order and authorized the Trustee to issue subpoenas for, among other things, the production of documents and sworn testimony. *See* Dkt. No. 647 (Rule 2004 Order) at 2.

29.     By operation of the Rule 2004 Order and the Subpoena, Norensberg is obligated to provide the Trustee with responsive documents. However, Norensberg has failed to provide the Trustee with any documents in response to the Subpoena.

30.     Further, the Subpoena directed Norensberg to produce electronically stored information. The Trustee's right to command the production of electronically stored information, such as emails, is supported by Federal Rule of Civil Procedure 45, which provides that "[a] subpoena may command [the] production of . . . electronically stored information" and "specify the form or forms in which

7

electronically stored information is to be produced." Fed. R. Civ. P. 45(a)(1)(C),

(c)(2)(A).[1] To the extent that the receiving party objects to producing electronically

stored information in the form or forms requested, it must serve an objection "before

the earlier of the time specified for compliance or 14 days after the subpoena is served."

Fed. R. Civ. P. 45(d)(2)(B).

31.     The requirement for the production of electronically stored

information is particularly important as it applies to Norensberg.  As an accounting

firm, Norensberg must be presumed to be in possession of such records and the

provision of such documents and information[2] in any other format will substantially

increase the cost and burden of the Trustee's examination of them.

32.     However, no such objection was served by Norensberg, and

Norensberg has failed to comply with its obligation under the Rule 2004 Order and the

Subpoena to produce electronically stored information.

**II.     Norensberg Has Failed to Comply with the Rule 2004
        Order and the Subpoena Without Any Legal Justification**

33.     Norensberg has provided no explanation for its failure to respond

to the Subpoena.  Norensberg has not sought relief from the Subpoena and its time to

do so has expired.

34.     Norensberg has made no meaningful attempt to comply with the

Subpoena in a timely manner.

---

[1]     Federal Rule of Civil Procedure 45 is applicable here pursuant to Bankruptcy Rules 2004(c) and 9016.

[2]     The Examiner's Report demonstrates that thousands of transactions concerning the Debtor, the
Manager, Lichtenstein, Moskovits and their affiliates are recorded in numerous documents and
statements throughout numerous bank accounts.

35.     Norensberg's violations of the Rule 2004 Order and the Subpoena are continuing, clear, and unequivocal.  An order compelling Norensberg's compliance is necessary because Norensberg has failed to comply with its obligations under this Court's Rule 2004 Order, the Subpoena issued pursuant thereto, and its turnover obligations under Bankruptcy Code section 542.[3]

36.     Moreover, Norensberg has given no indication that it will comply absent an order compelling compliance, and the record in this case indicates that it will not do so voluntarily.  The Trustee respectfully submits that the Court should enter the Proposed Order to compel compliance.

## III.     An Order Compelling Norensberg's Compliance Is Appropriate Under the Circumstances

37.     This Court has the express authority to compel compliance with its orders.  *In re River Ctr. Holdings, LLC*, 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008) ("[S]ection 105(a) plainly may be used 'to enforce and implement' earlier orders.");  *see also NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dept. Stores, Inc.)*, 317 B.R. 260, 273-74 (Bankr. S.D.N.Y. 2004) (recognizing that "it is manifestly proper . . . to invoke section 105(a) 'to enforce or implement'" earlier orders);  *U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McLean Indus.)*, 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order.").

---

[3]     Section 542(a) provides, in pertinent part: that "an entity…in possession, custody, or control, during the case, of property that the trustee may use, sell or lease…shall deliver to the trustee, and account for, such property …" 11 U.S.C. § 542(a).  Norensberg is also required to turn over to the Trustee responsive documents pursuant to Section 542(e), which authorizes the Court to "order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee." 11 U.S.C. § 542(e).

38.     Further, Bankruptcy Rule 2004 provides a separate and independent basis for compelling compliance.  Bankruptcy Rule 2004(c) states that the production of documents "may be compelled as provided in Rule 9016." Bankruptcy Rule 9016 provides that Federal Rule of Civil Procedure 45 applies in cases under the Bankruptcy Code.

39.     Both section 105(a) of the Bankruptcy Code and Federal Rule of Civil Procedure 45 also provide independent bases for a finding of contempt and the imposition of sanctions.

40.     Pursuant to section 105(a) of the Bankruptcy Code, the Court has the authority to hold a party in contempt, which "inherently include[s] the ability to sanction a party."  *In re Dickerson*, No. 08-33071, 2009 WL 4666457, at *9 (Bankr. N.D.N.Y. Dec. 8, 2009) (internal quotations omitted) (quoting *Ameriquest Mortgage Co. v. Nosek (In re Nosek)*, 544 F.3d 34, 43-44 (1st Cir. 2008));  *see also Fatsis v. Braunstein (In re Fatsis),* 405 B.R. 1, 11 (B.A.P. 1st Cir. 2009) (upholding bankruptcy court's imposition of sanctions).[4]

41.     Alternatively, Federal Rule of Civil Procedure 45(g) provides that the "court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  In determining whether a contempt finding is warranted, courts consider whether "the subpoena was clear and unambiguous, there is a clear and convincing proof of non-compliance, the

---

[4]   "Sanctions stem, in part, from a need to regulate [the] conduct" of persons before the court.  *Fatsis*, 405 B.R. at 10 (quoting *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 344 F.3d 16, 19 (1st Cir. 2003)).  "Thus, setting the amount of an effective sanction may include punitive concerns as well as considerations of deterrence."  *Fatsis*, 405 B.R. at 10-11.  "When fashioning a civil contempt sanction . . . [the] court 'has broad discretion to design a remedy that will bring about compliance.'"  *In re Butler Innovative Solutions, Inc.*, No. 08-00065, 2008 WL 5076980, at *1 (Bankr. D.D.C. Sept. 29, 2008) (citation omitted).

recipient did not attempt to comply with reasonable diligence, and . . . the recipient is given the notice and opportunity to be heard." *In re Parikh*, 397 B.R. 518, 527 (Bankr. E.D.N.Y. 2008) (holding subpoenaed party in contempt for failing to comply with subpoena issued pursuant to Bankruptcy Rule 2004); *see In re Corso*, 328 B.R. 375, 385 (Bankr. E.D.N.Y. 2005) (same); *In re Consol. Meridian Funds*, No. 10-17952, 2013 WL 1501636, at *13-14 (Bankr. W.D. Wash. Apr. 5, 2013) (same).

42.     In this case, the Court approved the issuance of the Subpoena and retained jurisdiction for all matters regarding the implementation of the Rule 2004 Order. *See* Rule 2004 Order at 4. Despite this unequivocal mandate, Norensberg, a sophisticated entity with actual knowledge of this Court's orders, has knowingly disregarded the unambiguous terms of the Subpoena and elected to disregard its discovery obligations. Norensberg has not, and cannot, advance any claim of ambiguity.

43.     Norensberg has failed to fully comply with the Subpoena, and is now time-barred from seeking relief from the Rule 2004 Order and the Subpoena. By failing to comply with the Subpoena, Norensberg has knowingly defied the Rule 2004 Order and this Court's authority. Moreover, Norensberg's unexplained failure and refusal to fully comply has and continues to cause prejudice to the Trustee and the Debtor's estate: its failure to comply slows and impedes the Trustee's investigation of the Debtor's affairs, assets and liabilities, and it also materially increases the costs of that investigation while impairing estate value.

44.     Based upon all of the foregoing, the Trustee respectfully requests that the Court enter the Proposed Order compelling Norensberg to comply with the Rule 2004 Order and the Subpoena.

45.     Finally, in the event that Norensberg fails to fully comply with the Proposed Order, the Trustee requests that the Court permit the Trustee to submit a proposed order to show cause seeking a further order holding Norensberg in contempt and imposing sanctions as "a remedial device intended to achieve full compliance with [the] court's order." *In re Butler*, No. 08-00065, 2008 WL 5076980, at *1.

## NOTICE

46.     Notice of this Motion has been given to:  (i) Norensberg;  (ii) the United States Trustee;  and (iii) all of the parties that filed a notice of appearance pursuant to Rule 9010(b) in this case.  Local Bankruptcy Rule 9006-1(a) provides that, "*[u]nless the Court orders otherwise,* all [discovery-related motions] shall be served at least seven (7) days before the return date."  Local Bankr. R. 9006-1(a) (emphasis added).  The Trustee respectfully requests that the Court find that such notice is sufficient and that no other or further notice of the relief requested herein is necessary or appropriate.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Trustee respectfully requests that the Court enter the Proposed Order:  (i) compelling Norensberg to comply with the Rule 2004 Order, fully respond to the Subpoena, and abide its turnover obligations under the Bankruptcy Code by producing to the Trustee all documents and communications that are responsive to the Subpoena;  (ii) providing that in the event that Norensberg fails to fully comply with the Proposed Order, the Trustee will be authorized to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding Norensberg in civil contempt and imposing coercive civil sanctions;  and (iii) providing such other and further relief as this Court deems just

and proper.

Dated:   New York, New York
             October 26, 2022

                                        Respectfully submitted,

                                        STEPHEN S. GRAY, not individually but
                                        solely in his capacity as Chapter 11 Trustee
                                        By His Attorneys,
                                        TOGUT, SEGAL & SEGAL LLP
                                        By:

                                        _/s/ Neil Berger_____
                                        NEIL BERGER
                                        A Member of the Firm
                                        One Penn Plaza, Suite 3335
                                        New York, New York 10119
                                        (212) 594-5000

13

## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                 :
In re:                                           :          Chapter 11
                                                 :
96 WYTHE ACQUISITION LLC,                        :          Case No. 21-22108 (SHL)
                                                 :
                              Debtor.            :
                                                 :
-----------------------------------------------------------------x

## ORDER COMPELLING NORENSBERG & ASSOCIATES INC. TO COMPLY WITH THE COURT'S RULE 2004 ORDER AND THE TRUSTEE'S SUBPOENA

Upon the application (the "Motion")[1] of Stephen S. Gray, not individually, but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor") in the above-captioned case, by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), compelling Norensberg & Associates Inc. ("Norensberg") to comply with this Court's *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 647] (the "Rule 2004 Order"), the Subpoena served by the Trustee on Norensberg, and Norensberg's turnover obligations contained in Bankruptcy Code section 542(a) and (e); and upon the Berger Declaration filed as an exhibit to the Motion; and the Court having considered the Motion and Berger Declaration and having heard the Trustee, by his attorneys, the Togut Firm during the [____] [__], 2022 hearing (the "Hearing") to consider the Motion; and it appearing that good and sufficient notice of the Motion and the Hearing were given by the Trustee and that no

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

other or further notice is required; and upon the record made during the Hearing and all of the prior pleadings and proceedings had herein; and it further appearing that the legal and factual bases set forth in the Motion and at the Hearing establish sufficient cause for the relief granted herein; and after due deliberation thereupon,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    **Jurisdiction and Venue.**  This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  Venue of this Chapter 11 Case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.    **Statutory Predicates.**  The predicates for the relief sought in the Motion are sections 105(a) and 542(a) and (e) of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016.

C.    **Notice.**  As evidenced by the affidavits of service filed with this Court and based upon the representations of counsel at the Hearing:  (i) under the circumstances of this case, proper, timely, adequate, and sufficient notice of the Motion and Hearing has been provided;  and (ii) no other or further notice need be provided.

D.    **Opportunity to Object.**  A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein was given by the Trustee.

E.    **The Rule 2004 Order.**  On August 8, 2022, this Court entered the Rule 2004 Order which, among other things, requires the recipients of subpoenas to produce responsive documents to the Trustee.

F.    **The Subpoena.**  On September 20, 2022, the Trustee served the Subpoena on Norensberg and demanded that Norensberg produce responsive

documents on or before October 4, 2022.  The Rule 2004 Order and the Subpoena are clear and unambiguous.

G.  **Noncompliance with the Rule 2004 Order and the Subpoena.**  The Berger Declaration and the record made at the Hearing demonstrate that Norensberg has failed to fully comply with the Rule 2004 Order and the Subpoena, and Norensberg has failed to articulate a permissible basis for its failure to fully comply with the Rule 2004 Order and the Subpoena.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

A.  The Motion is GRANTED as set forth herein.

B.  All objections and responses to the Motion which are not otherwise expressly resolved herein are overruled.

C.  The Trustee shall serve a copy of this Order upon Norensberg by first-class mail and email (where available) within two (2) business days after the date that this order is entered on the docket in the Chapter 11 Case.

D.  Norensberg is directed to fully and timely comply with the Rule 2004 Order and the terms of the Subpoena by, not later than ten (10) days from date that this Order is entered on the docket in the Case, producing to the Trustee all documents and communications that are responsive to the Subpoena.

E.  In the event that Norensberg fails to fully and timely comply with the terms of this Order, the Trustee may submit a proposed order to show cause to the Court to schedule a hearing to determine why Norensberg should not be held in contempt and why the Court should not impose sanctions to compel Norensberg's compliance with the Rule 2004 Order and the Subpoena.

F.      The Court shall conduct a status conference concerning Norensberg's compliance with this Order (the "Status Conference") on **[_____] [__], 2022 at [__]:00 [_].m**. (Prevailing Eastern Time).

G.      The Status Conference shall take place via Zoom for Government. Those wishing to appear for before the Court at the Hearing must register for appearance utilizing the Electronic Appearance portal located at the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Appearances must be entered no later than 4:00 p.m. (Prevailing Eastern Time) on the day prior to the Status Conference.

H.      Entry of this Order is without prejudice to the Trustee's rights to seek other or different documents from Norensberg or from any other person.

I.      This Court retains exclusive jurisdiction regarding the implementation and interpretation of this Order.


Dated:  White Plains, New York
        _____, 2022      _____
                                       HONORABLE SEAN H. LANE
                                       UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Berger Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                          :
In re:                                    :        Chapter 11
                                          :
96 WYTHE ACQUISITION LLC,                 :        Case No. 21-22108 (SHL)
                                          :
                       Debtor.            :
                                          :
------------------------------------------------------------x
```

**DECLARATION OF NEIL BERGER IN SUPPORT OF THE CHAPTER 11 TRUSTEE'S
MOTION FOR AN ORDER COMPELLING NORENSBERG & ASSOCIATES INC. TO
COMPLY WITH THE COURT'S RULE 2004 ORDER, THE TRUSTEE'S SUBPOENA,
AND TURNOVER OBLIGATIONS PRESCRIBED BY THE BANKRUPTCY CODE**

Neil Berger, Esq. declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.      I am a Partner with the law firm of Togut, Segal & Segal LLP,
counsel to the Chapter 11 trustee (the "Trustee") in the above-captioned case (the
"Chapter 11 Case").

2.      I submit this Declaration in support of the *Chapter 11 Trustee's
Motion for an Order Compelling Norensberg & Associates Inc. to Comply with the Court's Rule
2004 Order and Subpoena* (the "Motion"), which is filed contemporaneously herewith.[1]

3.      The statements set forth herein are based upon my personal
knowledge and belief, my privileged communications with the Trustee and his retained
professionals, my review of the documents filed on the docket that is maintained for the
Chapter 11 Case, and related documents and information obtained by the Trustee
during his investigation of the Debtor's affairs and estate.

4.      Information that the Trustee has recovered during his investigation
to date including, but not limited to, the reports filed by the Examiner, the proceedings

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

leading to the appointment of the Trustee, other pleadings in the Chapter 11 Case, the prepetition state-court litigation concerning the Debtor and its insiders, and available books and records discloses irregularities concerning the Debtor's management and affairs, and potential affirmative estate claims that require further investigation. That investigation may lead to the discovery of property of the Debtor's estate, including saleable assets and causes of action that may be asserted by the Trustee, and the discovery of other information that may enhance the value of the Debtor's estate.

5.      It has become apparent to the Trustee that many documents and other materials that are needed by the Trustee are not in the Debtor's records and are in the possession of third parties. As a result, the Trustee has served dozens of subpoenas to individuals and entities that are believed to have relevant information concerning the Debtor, including Norensberg & Associates Inc. (the "Norensberg").

6.      On September 20, 2022, the Trustee served the Subpoena to Norensberg,[2] which, among other things, requested the production of all documents and communications concerning, reflecting, or evidencing the Debtor, its affairs, assets, liabilities, and transfers. *See generally* Subpoena.

7.      The Subpoena also seeks, among other things, the production of workpapers, notes, memoranda, and research concerning the preparation of tax returns, audits, reviews, compilations, special projects, agreed-upon procedures, write-up work, and/or any other service provided by Norensberg concerning the Debtor's and/or the Manager's finances. *Id.*

8.      The deadline for responses or objections to the Subpoena was October 4, 2022, which passed without any compliance or objection.

---

[2]    The Trustee has filed two Affidavits of Service of the Subpoena [Dkt Nos. 710-711].

9.      On October 6, 2022, the Trustee served a demand letter (the "Demand Letter"), via FedEx, to Norensberg demanding its compliance with the Subpoena by October 14, 2022.  The Trustee received no response to the Demand Letter.

10.      Norensberg's failure to comply with the Subpoena by the October 4, 2022 production deadline and the Trustee's subsequent demands for compliance is nothing short of indifference to this Court's Rule 2004 Order specifically and the Court's authority generally.

11.      Consequently, Norensberg has failed to timely comply with the Subpoena, and the resulting non-compliance prejudices the Trustee and the Debtor's estate.

12.      Norensberg's unexplained failure and refusal to fully comply has and continues to cause prejudice to the Trustee and the Debtor's estate:  its failure to comply slows and impedes the Trustee's investigation of the Debtor's affairs, assets, liabilities, and transfers, and it materially increases the costs of that investigation and impairs estate value.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.


Executed on October 26, 2022 in New York, New York.


*/s/ Neil Berger*
NEIL BERGER

# EXHIBIT C

**Subpoena**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| 96 Wythe Acquisition, LLC, | : | Case No. 21-22108 (SHL) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

-------------------------------------------------------------x

## AFFIDAVIT OF SERVICE OF SUBPOENA FOR RULE 2004 EXAMINATION

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NEW YORK )

      Jonathan Cohen, being duly sworn, deposes and says:  deponent is not a party to the action, is over 18 years of age and resides in Caldwell, New Jersey.

      On September 1, 2022, deponent served a copy of the attached Subpoena For Rule 2004 Examination directed to Norensberg and Associates Inc., together with its Exhibit "A", a copy of the August 8, 2022 Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure [Docket No. 647], a copy of which is annexed hereto, upon the following party by FedEx standard overnight delivery:

Norensberg and Associates Inc.
29 Frost Lane
Lawrence, NY 11550

*[Remainder of page intentionally left blank]*

Norensberg and Associates Inc.
60 Hempstead Avenue
West Hempstead, NY 11552
Attn: Daniel Norensberg

*/s/ Jonathan Cohen*
JONATHAN COHEN

Sworn to before me this
6th day of October, 2022

*/s/ Cynthia Sotomayor*
NOTARY PUBLIC

# TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW

ONE PENN PLAZA

NEW YORK, NEW YORK 10119

(212) 594-5000

FACSIMILE
(212) 967-4258

EMAIL
jmcclain@teamtogut.com

September 1, 2022

**VIA FEDEX**
Norensberg and Associates Inc.
29 Frost Lane
Lawrence, NY 11550
Attn: Daniel Norensberg

Re:    In re 96 Wythe Acquisition LLC,
       Chapter 11 Case No. 21-22108 (SHL)

Dear Mr. Norensberg:

We are the attorneys for Stephen S. Gray, not individually but solely in his capacity as Chapter 11 trustee of the above-referenced debtor.

Enclosed please find a subpoena requiring the production of documents no later than 14 days after the date of this letter and the Bankruptcy Court's *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedures,* entered on August 8, 2022 [Docket No. 647] authorizing service of the subpoena by FedEx. Please contact me with any questions.

Very truly yours,

TOGUT, SEGAL & SEGAL LLP
By:
     /s/ John S. McClain

     John McClain

Enclosures

TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119
(212) 594-5000

FACSIMILE
(212) 967-4258

EMAIL
jmcclain@teamtogut.com

September 1, 2022

**VIA FEDEX**
Norensberg and Associates Inc.
60 Hempstead Avenue
West Hempstead, NY 11552
Attn: Daniel Norensberg

Re:    In re 96 Wythe Acquisition LLC,
Chapter 11 Case No. 21-22108 (SHL)

Dear Mr. Norensberg:

We are the attorneys for Stephen S. Gray, not individually but solely in his capacity as Chapter 11 trustee of the above-referenced debtor.

Enclosed please find a subpoena requiring the production of documents no later than 14 days after the date of this letter and the Bankruptcy Court's *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedures,* entered on August 8, 2022 [Docket No. 647] authorizing service of the subpoena by FedEx. Please contact me with any questions.

Very truly yours,

TOGUT, SEGAL & SEGAL LLP
By:
*/s/ John S. McClain*

John McClain

Enclosures

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of New York _____

In re 96 Wythe Acquisition LLC _____    Case No. 21-22108 (SHL) _____
               Debtor

                                        Chapter 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Daniel Norensberg _____

*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Togut, Segal & Segal LLP<br>One Penn Plaza, Suite 3335<br>New York, NY 10119 | TBD |

The examination will be recorded by this method: _____

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A; documents to be produced by September 15, 2022 at Togut, Segal & Segal LLP at the address above.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/1/22 _____

           CLERK OF COURT

                               OR

_____     /s/ John McClain
  *Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Stephen S. Gray, as Chapter 11 Trustee , who issues or requests this subpoena, are:

Neil Berger, Esq., Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, neilberger@teamtogut.com, (212) 594-5000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____ __

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit A

## DEFINITIONS

Unless otherwise defined below, the definitions and instructions set forth in the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the Federal Rules of Civil Procedure (the "Federal Rules"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shall apply to the requests for production (the "Requests") listed below.

1.    **Affiliate**.  The term "Affiliate" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(2) of the Bankruptcy Code.

2.    **Adversary Proceedings**.  The term "Adversary Proceedings" means *96 Wythe Acquisition, LLC v. Benefit Street Partners Realty Operating Partnership, L.P.* (Adv. Proc. No. 22-07002) (Bankr. S.D.N.Y.) and *96 Wythe Acquisition LLC v. Commissioner of Fin. of the City of New York* (Adv. Prov. No. 22-07027) (Bankr. S.D.N.Y.).

3.    **Bankruptcy Code**.  The term "Bankruptcy Code" means title 11 of the United States Code.

4.    **Chapter 11 Case**.  The term "Chapter 11 Case" means the Debtor's bankruptcy case, *In re 96 Wythe Acquisition LLC,* Case No. 21-22108 (SHL) (Bankr. S.D.N.Y.).

5.    **Communication**.  The term "Communication" or "Communications" means any transmission and/or receipt of information (in the form of facts, ideas, inquiries, or otherwise), whether oral or written, and whether chance, prearranged, formal, or informal.  The term "Communication" includes any letters, memoranda, statements, media releases, press conferences, magazine articles, newspaper articles, testimony given before a governmental body, in-person statements

1

and conversations, telephone statements and conversations, voicemail messages, video

transmissions, audio transmissions, and electronic messages, including electronic mail,

instant messages, text messages, and messages sent over mobile-device chat services,

including Instant Bloomberg, Bloomberg messages, BlackBerry Messenger, Google

Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, Slack,

WeChat, and Snapchat.

6.      **Concerning.**  The term "concerning" means analyzing, arising out

of, collaborating, comprising, concerning, considering, constituting, containing,

contradicting, controverting, demonstrating, describing, discussing, disputing,

embodying, evaluating, evidencing, identifying, indicating, made in connection with or

by reason of or arising from, memorializing, mentioning, providing, rebutting,

referencing, referring to, reflecting, refuting, relating to, showing, supporting, or

otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

7.      **Court.**  The term "Court" means the United States Bankruptcy

Court for the Southern District of New York.

8.      **CRO.**  The term "CRO" means David Goldwasser and/or G.C.

Realty Advisors LLC, any of their current and former accountants, Affiliates, agents,

assignees, attorneys, auditors, counsel, directors, divisions, employees, financial

advisors, Insiders, investment bankers, managers, members, officers, officials, owners,

direct or indirect Parents, partners, predecessors-in-interest, principals, representatives,

direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons

and entities acting or purporting to act on their behalf, individually and/or collectively.

9.      **Debtor.**  The term "Debtor" means 96 Wythe Acquisition LLC and

any of its current and former accountants, Affiliates, agents, assignees, attorneys,

auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

2

investment bankers, managers, members, officers, officials, owners, direct or indirect

Parents, partners, predecessors-in-interest, principals, representatives, direct and

indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities

acting or purporting to act on its behalf, individually and/or collectively, including,

without limitation, the Receiver.

      10.    **Debtor's Counsel**. The term "Debtor's Counsel" means, but shall

not be limited to: Mayer Brown LLP; and Backenroth Frankel & Krinsky, LLP; and any

of their current and former accountants, Affiliates, agents, assignees, attorneys,

auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

investment bankers, managers, members, officers, officials, owners, direct or indirect

Parents, partners, predecessors-in-interest, principals, representatives, direct and

indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities

acting or purporting to act on their behalf, individually and/or collectively.

      11.    **Debtor's Professionals**. The term "Debtor's Professionals" means,

but shall not be limited to: G.C. Realty Advisors LLC; Getzler Henrich & Associates

LLC; Hilco Real Estate, LLC; B. Riley Advisory Services; and Leitner Berman, and any

of their current and former accountants, Affiliates, agents, assignees, attorneys,

auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

investment bankers, managers, members, officers, officials, owners, direct or indirect

Parents, partners, predecessors-in-interest, principals, representatives, direct and

indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities

acting or purporting to act on their behalf, individually and/or collectively.

      12.    **Disclosure Statement**. The term "Disclosure Statement" means all

disclosure statements prepared by or on behalf of the Debtor in connection with the

Chapter 11 Case, including, without limitation, the *Third Amended Disclosure Statement* [Docket No. 196].

13.    **Document**.  The term "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), *i.e.*, "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." A draft or non-identical copy is a separate Document within the meaning of this term. For the avoidance of doubt, the term "Document" shall include any and all forms of recorded communication.

14.    **EIDL Loan.**  The term "EIDL Loan" means the Amended Loan Authorization and Agreement entered into between the Manager and the Small Business Administration pursuant to the Economic Injury and Disaster Loan program with an effective date of July 20, 2021, the proceeds of which the Manager received in the amount of $350,000.00; as well as any other loan that may have been sought and/or obtained pursuant to any Economic Injury and Disaster Loan program by You, the Manager, Heritage, the Debtor, and/or any Affiliate of You, the Manager, Heritage, and/or the Debtor.

15.    **EDNY Litigation**.  The term "EDNY Litigation" means *Tenenbaum v. Heritage Equity Holdings LLC, et al.*, Case No. 21-cv-5781 (E.D.N.Y.).

16.    **ERTC Credits.**  The term "ERTC Credits" means, without limitation, the Employment Retention Tax Credits issued to the Manager in the amount of $408,263.92 for Q1 2021 and $673,385 for Q2 2021, as well as any other Employment Retention Tax Credit that may have been sought or obtained by You, the Manager,

Heritage, the Debtor, and/or any Affiliate of You, the Manager, Heritage, and/or the Debtor.

17.    **Examiner**. The term "Examiner" means Eric M. Huebscher, who was appointed by the Court as the Examiner in the Chapter 11 Case on November 16, 2021 [Docket No. 186], and any person and/or entities acting or purporting to act on his behalf, individually and/or collectively.

18.    **FIA**. The term "FIA" means FIA Capital Partners and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

19.    **Heritage**. The term "Heritage" means Heritage Equity Holdings, LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

20.    **Hotel.** The term "Hotel" means The Williamsburg Hotel, located at 96 Wythe Avenue, Brooklyn, New York 11249.

21.    **Insider**. The term "Insider" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(31) of the Bankruptcy Code.

22.    **Intellectual Property.**  The term "<u>Intellectual Property</u>" is defined to be consistent in scope with this term as it is defined in section 101(35A) of the Bankruptcy Code, including, without limitation:

- "The Williamsburg Hotel" name and trademark;

- Electronic and other digital assets and information related to the Hotel's and/or the Debtor's operations;

- Online presence and related marketing related to the Hotel's and/or the Debtor's operations, such as the Hotel's website domain and social media platforms; and

- Any other intellectual property owned, developed, used, leased, and/or licensed by You, the Debtor, the Manager, and/or Heritage in connection with the Hotel's and/or the Debtor's operations.

23.    **Lender.**  The term ("<u>Lender</u>") means Benefit Street Partners Realty Operating Partnership, L.P and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

24.    **Loans**.  The term "<u>Loans</u>" means the PPP Loan, the EIDL Loan, and any other loan concerning the Hotel, the Debtor, and/or the Manager that was sought and/or applied for and/or received by You, the Manager, Heritage, the Debtor, and/or any Affiliate of You, the Manager, Heritage, and/or the Debtor.

25.    **Manager.**  The term "<u>Manager</u>" means The Williamsburg Hotel BK, LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect

6

Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

26.   **Northside.** The term "Northside" means Northside Acquisition Partners, LLC;  Northside Development Holdings, LLC;  Northside Kent Partners LLC;  Northside Management LLC;  Northside Management NY LLC;  Northside Seigel LLC; and Northside St Johns LLC, individually and collectively, any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively, including, without limitation, Mark Kirschner.

27.   **Petition Date.** The term "Petition Date" means February 23, 2021.

28.   **Parent.** The term "Parent" means any entity that directly or indirectly controls the management of a second entity, including but not limited to any entity who owns the stock or other ownership interests of a second entity in such quantity that the entity possesses the ordinary voting power to elect a majority of the board of directors or managers of the second entity.

29.   **Plan.** The term "Plan" means all plans prepared by or on behalf of the Debtor, including, without limitation, the *Third Amended Chapter 11 Plan of Reorganization* [Docket No. 551] filed by the Debtor's Counsel in the Chapter 11 Case.

30.   **Principals.** The term "Principals" means Michael Lichtenstein and Toby Moskovits, individually and/or collectively, and any of their current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, employees,

7

financial advisors, Insiders, investment bankers, partners, predecessors-in-interest, representatives, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively, including, without limitation, the Principal Affiliates.

31.    **Principal Affiliates**. The term "Principal Affiliates" means: 232 Seigel Acquisition, LLC; Seigel Development, LLC; Mint Development Corporation; 564 St. Johns Acquisition, LLC; 564 St. Johns Holdings, LLC; 564 St. Johns LLC; Northside; 215 Moore Street Acquisition LLC; 215 Moore Street Development LLC; 875 4th Avenue Acquisition LLC; 286 Rider Ave Acquisition, LLC; Heritage GC Walton Acquisition LLC; Brooklyn Bread Lab; Building Development Corp; Bushwick Bread Lab, LLC; and 96 W Development, LLC; and any other entity that is owned, directly or indirectly, by the Principals, individually and/or collectively, and any of their current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively.

32.    **PPP Loan**. The term "PPP Loan" means the loan agreement entered into between the Manager and the Small Business Administration pursuant to the Paycheck Protection Program, the proceeds of which the Manager received in April 2020 in the amount of $1,438,000.00, as well as any other loan that may have been sought and/or obtained by the Debtor, the Manager, the Principals, or any Affiliate of the Debtor, the Manager, or the Principals pursuant to the Paycheck Protection Program.

8

33.    **Receiver**. The term "Receiver" means Constantino Sagonas, who was appointed as the Hotel's temporary receiver on February 21, 2020 by the New York State Supreme Court in the mortgage-foreclosure action captioned *BSPRT 2018-Fl3 Issuer, Ltd. v. 96 Wythe Acquisition LLC, et al.* (Index No. 653396 / 2019) [NYSCEF Doc. No. 155], as well as any of his current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, employees, financial advisors, Insiders, investment bankers, partners, predecessors-in-interest, representatives, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on his behalf, individually and/or collectively.

34.    **Subsidiary**. The term "Subsidiary" means any entity whose management is controlled, directly or indirectly, by a second entity, including but not limited to any entity whose stock or other ownership interests are owned by a second entity in such quantity that the second entity possesses the ordinary voting power to elect a majority of the board of directors or managers of the entity.

35.    **Taxes**. The term "Taxes" means any and all taxes concerning the Hotel, the Debtor, and/or the Manager currently or previously owed by the Debtor, the Manager, Heritage, the Principals, and/or any Affiliate of the Debtor, the Manager, Heritage, and/or the Principals.

36.    **Transfer**. The term "Transfer" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(54) of the Bankruptcy Code.

37.    **Trustee**. The term "Trustee" means Stephen S. Gray, who was appointed as the Chapter 11 Trustee of the Debtor's estate by the Court on May 31, 2022 in the Chapter 11 case [Docket No. 593].

38.     **2004 Order**.  The term "2004 Order" means the *Order Authorizing*
*Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* entered on
August 8, 2022 in the Chapter 11 Case [Docket No. 647].

39.     **Valuation**.  The term "Valuation" means the attribution of a
qualitative or quantitative value, to or a change in value of, a particular asset, liability,
or category of either whether based on book value, market value, or any other valuation
metric utilized under any reporting standard.

40.     **You**.  The terms "Daniel Norensberg," "You," or "Your" mean or
refer to Daniel Norensberg and/or Norensberg & Associates, Inc., and any of their
current and former accountants, Affiliates, agents, assignees, attorneys, auditors,
bankers, counsel, directors, divisions, employees, financial advisors, managers,
members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-
interest, principals, representatives, direct and indirect Subsidiaries, successors-in-
interest, trustees, and any other persons and entities acting or purporting to act on their
behalf, individually and/or collectively.

## INSTRUCTIONS

1.     Unless otherwise indicated, You shall produce all responsive
Documents that are in your possession, custody, or control.  A Document is in your
possession, custody, or control if you have actual possession or custody or the right to
obtain the Document or a copy thereof upon request or demand from any entity or
person.  This includes any Documents contained on or in any computer, mobile device,
server, mainframe, or other storage device (including:  (i) Documents on or in computer
memory;  (ii) Documents on or in computer or network backup files;  and
(iii) Documents that have been "deleted" or "erased" but are recoverable) whether
located on-site or at an off-site facility, within your possession, custody, or control.  For

10

the avoidance of doubt, this also includes any Documents contained on any personal computer, mobile device, server, mainframe, or other storage device within your possession, regardless of whether you own such device.

2.    The term "possession" relates to all Documents, including email, text messages, mobile-device chats, or other messaging services, and any other electronically-stored information.  The term "possession" also includes Documents contained in email, cloud-based, and mobile-device directories, including:  (a) "deleted" Documents that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories;  (b) "sent" Documents, including all subdirectories irrespective of the title of such subdirectories;  and  (c) "received" Documents, including all subdirectories irrespective of the title of such subdirectories.

3.    The Documents produced pursuant to these Requests shall be either:  (a) segregated and identified by the number of the request below to which they are responsive;  or (b) produced as they are maintained in the ordinary course of business.

4.    Documents shall be produced with sufficient information to identify the files or repositories in which such responsive Documents are maintained in the normal course of business, including, for example, an index, key, code, or other means of ascertaining the source of the produced Documents.

5.    Electronically stored information must be produced in both native and a searchable format, unless the Trustee agrees otherwise.

6.    All Documents that are produced in electronic format shall be provided with: (i) Group W "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries;  (iii) full text OCR, with OCR text files provided on a document level;  and (iv) all metadata fields associated with each

11

electronic Document. The Trustee also requests that all spreadsheets created in

Microsoft Excel or a similar spreadsheet program be produced in their native format.

The Trustee reserves his rights to request that other Documents be produced in their

native format if necessary. The following metadata fields shall also be produced with

all Documents produced in electronic format:

| Field Name | Description |
|---|---|
| BEGDOC | An automatically-generated number assigned to first page of the Document |
| ENDDOC | An automatically-generated number assigned to last page of the Document |
| BEGATTACH | An automatically-generated number assigned to the first page of the parent Document in a family |
| ENDATTACH | An automatically-generated number assigned to the last page of an attachment in a Document family |
| PARENT_ID | The beginning DOCID for a parent Document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (*e.g.*, Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | A vendor-populated field where "P" denotes a parent Document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual Document |
| FROM | The name of the sender of an email, from the "From" field |
| TO | The recipient(s) of an email, from the "To" field |
| CC | The name(s) of any Person(s) to whom a copy of an email was sent, from the "CC" field |
| BCC | The name(s) of any Person(s) that were blind copied on an email, from the "BCC" field |

| Field Name | Description |
|---|---|
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |
| CUSTODIAN | The name(s) of the Person(s) from which a collection of email- or application files originate |
| AUTHOR | The name of the author or the creator of an application file, from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_ CREATED | The time at which an email or application was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "Last Author" field for an application file |
| LAST_SAVED | The date in the "Last Saved" field for an application file |
| LAST_PRINTED | The date in the "Last Printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The filename extension of each email, attachment, or application file |
| FILENAME | The name of an application file, including its extension |
| FILESIZE | The size of a Document in bytes |
| SOURCEFOLDER | The full path information for email, attachments, and application files beginning with the original source-folder name |
| HASHVALUE | The output of an algorithm-generated value for each individual file |

| Field Name | Description |
|---|---|
| | |
| SEARCH_HIT | The search term or terms that "hit" on a Document |
| NATIVE_FILE | A hyperlink to the native file |

7.    Each page of every Document produced in response to a Request must be marked with a unique Bates number to allow for accurate identification.

8.    Any Documents attached to each other shall not be separated.

9.    Any Document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

10.    Each requested Document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other Documents at any time affixed thereto.  If a Document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11.    To the extent that any responsive Document is withheld from production:  (a) because the Document is no longer in Your possession, custody or control;  or (b) based upon a claim of attorney-client privilege, the work-product doctrine, or any other privilege or protection, You are required to provide, upon the completion of the production of non-privileged Documents, a list (the "Withheld Document List") setting forth as to each such withheld Document the following information to the extent known:

    i.    the title, date and type of Document (*e.g.*, memorandum, report, chart);

14

ii. its subject matter (without revealing the information as to which privilege or statutory authority is claimed);

iii. the name of each author, writer and/or sender of the Document;

iv. the name of each recipient, addressee, or other party to whom the Document or a copy was sent or directed;

v. the specific request(s) to which the Document is responsive; and

vi. to the extent the Document is withheld based on a claim of lack of possession pursuant to subparagraph (a) above, (A) when the Document was most recently in Your possession, custody or control, (B) the disposition of the Document and (C) the identity of any Person who has possession, custody or control of the Document;[1] or

vii. to the extent the Document is withheld based on a claim of privilege pursuant to subparagraph (b) above, (Y) the specific privilege claimed and (Z) the factual and legal basis for the privilege claimed or the specific statutory or other authority that provides the claimed ground for non-production.

12.  If you maintain that any responsive Document has been destroyed, you shall set forth the contents of the Document, the date of its destruction, and the name of the Person(s) who authorized its destruction upon the Withheld Document List.

13.  If a portion of an otherwise-responsive Document contains information subject to a claim of privilege or protection pursuant to paragraph 11(b) above, those portions of the Document subject to the claim of privilege or protection may be redacted from the Document, but the instructions in the preceding paragraph 11 shall be applicable and the redacted Document shall be produced.

14.  If a Request is only partly objectionable, You shall respond to the remainder of the Request that is not objectionable.

---

[1]  If a Document has been destroyed, the Withheld Document List shall also include: (a) the reason for its destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

15

15.     If an objection or request for relief is made with respect to any Request or portion thereof, the objection or request for relief shall state all grounds on which it is based with specificity.  Any ground not stated in the objection or request for relief within the time provided by the 2004 Order, or any extensions thereof, shall be deemed waived.

16.     If any requested Document or other Document potentially relevant to this action is subject to destruction under any document-retention or -destruction program, such Document shall be exempted from any scheduled destruction and shall not be destroyed until the conclusion of this action or unless otherwise permitted by the Bankruptcy Court.

17.     If you previously but no longer possess items responsive to a particular Request, you shall specify why you no longer possess such items and the name and address of any Person(s) known or believed by you to have possession, custody, or control of such items.

18.     Terms not specifically defined herein shall be given their ordinary meanings as you understand them to be used in the trade or pursuant to ordinary usage.

19.     The singular form of any word shall be construed as including the plural form and vice versa, and the masculine form of any word shall be construed as including the feminine form and vice versa, wherever necessary to bring within the scope of a Request all Documents that might otherwise be construed to be outside of its scope.

20.     The terms "all," "any," and "each" shall be construed as encompassing any and all.

16

21.    The terms "include," "includes," and "including" shall be construed in each instance as being followed by the words "without limitation." A list following any of these terms shall be interpreted to contain illustrative examples of the types of Documents responsive to the request, but does not constitute an exclusive, all-encompassing or exhaustive listing of every type of Document responsive to the request and shall not be construed in any way to qualify, limit, or restrict the scope of the request.

22.    The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary, in each case, to bring within the scope of these requests all responsive Documents that might otherwise be construed to be outside their scope.

23.    Any ambiguity in a request shall be construed to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

## RELEVANT TIME PERIOD

24.    The relevant time period for each request is February 23, 2015 through the date of production (the "Relevant Time Period"), unless otherwise specifically indicated. Each request shall be interpreted to include all Documents that concern the Relevant Time Period or otherwise-specified period, even if such Documents were prepared or published outside of the Relevant Time Period or otherwise-specified period. If any Document that was prepared or published before or after the Relevant Time Period or otherwise-specified period is necessary for a correct or complete understanding of any Document that is responsive to a Request, You shall produce these Documents as well. If any Document is undated and the date of its

17

preparation cannot be determined, You shall produce the Document if otherwise

responsive to a request for production.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All Documents and Communications concerning the Debtor.

### REQUEST NO. 2:

All Documents and Communications between You and the Principals concerning the Debtor.

### REQUEST NO. 3:

All Documents and Communications between You and the Manager concerning the Debtor.

### REQUEST NO. 4:

All Documents and Communications between You and Heritage concerning the Debtor.

### REQUEST NO. 5:

All Documents and Communications between You and the Debtor's Counsel and/or the Debtor's Professionals.

### REQUEST NO. 6:

All Documents and Communications concerning the Debtor's and/or the Manager's finances, including, without limitation, the following:

- All tax returns;

- All records of payroll taxes, sales taxes, income taxes, excise taxes, property taxes, motel taxes, and any other taxes;

- All Documents, Communications, workpapers, notes, memoranda, and research concerning the preparation of tax returns, audits, reviews, compilations, special projects, agreed-upon procedures, write-up work, and/or any other service, including, without limitation;

    o All audited financial statements and checklists;

    o All summary memoranda describing results and any issues;

18

o   All legal letters and letters of representation;

o   All trial balances and general ledgers;

o   All systems documentation;

o   All permanent files;

o   All footnote disclosures;

o   All analytical review procedures;

o   All workpapers for each account including, without limitation, cash, accounts receivable, inventory, fixed assets, investments, other assets, accounts payable, debt, equity, revenue, expenses, and any other account and partner, shareholder, member, and beneficiary basis;

o   All Documents concerning employee benefit plans;

o   All canceled checks and wire-transfer advances;

o   All check registers;

o   All engagement letters;

o   All billing files, including all bills and correspondence;

o   All vendor invoices, journals, books, records, workpapers or ledgers wherein there are statements or recordings regarding the affairs of the relevant parties including, without limitation, debt information, cash receipts information, cash disbursement information, asset information, and liability information;

o   All electronic and computer files, backup disks, tapes, or hard drives that contain records of financial information that pertain to any electronic accounting software package;

o   All contracts between the Debtor and/or the Manager and any vendor, lessee, lessor, employee, agents, officer, director, shareholder, customer, lender, or investor;

o   All Documents and Communications concerning any loan, including, without limitation, all loan applications, all Documents and Communications concerning loan proceeds, and all Documents and Communications concerning the repayment of any loan to any financial institution or individual;

o   All Documents and Communications with any actual or potential lender, including, without limitation, all financial statements and applications given to such lenders;

19

      o  Documents sufficient to show all individuals and/or entities that received financial statements and/or loan applications;

      o  Copies of all year-end Form W-2s provided to employees and the associated Form W-3s; and

      o  Copies of all payroll records, including, without limitation, time sheets.

- All Documents and Communications concerning any financial obligation owed by the Debtor to any person or entity other than the Lender;

- All Documents and Communications concerning the PPP Loan, EIDL Loan, or ERTC Credits, including, without limitation, all bank statements for accounts into which proceeds of the PPP Loan, EIDL Loan, and/or ERTC Credits were received.

**REQUEST NO. 7:**

      All time records for Debtor-related work, including all drafts and revisions.

**REQUEST NO. 8:**

      All internal memoranda related to the Debtor.

      At a future date, the Trustee may request the production of additional Documents or testimony.  These Requests are made without waiver of the Trustee's right to seek additional information from You or any other third party in the future.

## APPENDIX 1

7shifts Inc.
AbsoluteGuard
Accubar by BirchStreet Systems
Adobe Systems, Inc.
Advanced Flameproofing and Cleaning Corp.
Allbridge, LLC
Alliance Laundry Systems, LLC
Alternative Business Suppliers, Inc. (Ecopier)
Amadeus Hospitality Americas, Inc.
Amadeus IT Group, S.A.
Ascentium Capital LLC
AutoTap Corporation
BlueTriton Brands, Inc.
Champion Combustion Corp
Champion Elevator Corp
Charter Linen & Laundry Services
ChuteMaster Environmental Inc.
Coffee Afficionado, LLC
Control 4 by Snap One, LLC
County Fire Inc.
Croker Fire Drill Corporation
Cvent Inc.
Delphi Technologies, Inc
Done Right Hood & Fire Safety
DTP Security & Hospitality Company, LLC
Elavon Inc.
Eventbrite Inc.
Fiserv, Inc.
FivePals, Inc.
Grey Matter Networks
Group Management Services, Inc.
Hoodz International
Icesurance, Inc.
Integrated Decisions and Systems, Inc. ("IDeaS")
Intelity Inc.
Intuit Inc.
John Mini Distinctive Landscapes
Lightning Mechanical LLC
Mann Sales Co.
Metro Group Inc
Micros Retail Systems, Inc.
Moviebeam by Valuable Technologies Inc.
MustHaveMenus Inc.
Open Table Inc.
Oracle Corporation
OTA Insight Inc.

1

Paychex, Inc.
PHG Power House Generators
PianoLand Movers and Storage (Where Dreams Come True)
Pro Pump Corp.
Pro-Tek of New York Inc.
Purple
Quality Plus Cleaning
Resort Pass Inc.
Royal Waste Services Inc.
Safety Fire Sprinkler Corp.
Santec Inc.
Scent Air Technologies LLC
Screening One Inc.
Shift4 Payments Corp.
Sorbis Corp.
Spark Fire Solutions
Spectrum Enterprise
Spotify USA Inc.
STR, Inc.
Summit Facility Solutions, Inc.
Target Exterminating Inc.
The Dry Cleaners
TIAA Commercial Finance, Inc.
Top Team Window Cleaning
Tour Connection, Inc.
TravelClick, Inc.
Trip Advisor, Inc.
Triple Seat Software LLC
White Plains Linen

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| 96 WYTHE ACQUISITION LLC, | : | Case No. 21-22108 (SHL) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

------------------------------------------------------------x

## ORDER AUTHORIZING DISCOVERY PURSUANT TO
## RULE 2004 OF THE FEDEREAL RULES OF BANKRUPTCY PROCEDURE

Upon the application dated July 15, 2022 (the "Application")[1] of Stephen S.

Gray, not individually but solely in his capacity as the Chapter 11 Trustee of the debtor

in the above-captioned case (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP,

for entry of an order (this "Order") pursuant to sections 105 and 704 of the Bankruptcy

Code and Bankruptcy Rule 2004, authorizing the issuance of subpoenas for the

production of documents and information and deposition testimony;  and the Court

having jurisdiction to consider the Application and relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334;  and the Trustee having provided sufficient notice to the

Notice Parties pursuant to Local Bankruptcy Rule 9074-1, none of whom have objected

to the Application;  and the relief requested therein raising a core proceeding under 28

U.S.C. § 157(b);  and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

1

and 1409;  and the relief sought being in the best interests of the Debtor's estate, their

creditors, and other parties in interest;  and it appearing that good and sufficient cause

for the relief sought in the Application exists, it is hereby:

**ORDERED**, that the Application is granted to the extent provided herein;

and it is further

**ORDERED**, that the Trustee is authorized to issue subpoenas for the

production of documents and for deposition testimony consistent with Bankruptcy

Rules 2004 and 9016, concerning any asset, liability, duty, obligation, contract,

transaction, or other issue related in any way to the Debtor, upon:  any current or former

principal, affiliate, employee, agent, or representative of the Debtor;  any entity or

person that has conducted business or engaged in a transaction with the Debtor, in any

manner, and any current or former employee, principal, agent, officer, shareholder,

affiliate, or owner thereof;  any accountant or financial advisor for the Debtor, and any

current or former employee, principal, agent, officer, or owner thereof;  and it is further

**ORDERED**, that the production and examination required pursuant to this

Order may not be withheld or refused based upon any applicable privilege in favor of

the Debtor which, for cause shown in the Application, the Trustee, in his sole discretion,

may waive to facilitate the turnover of any documents, communications, examinations

or other forms of information to the Trustee;  and it is further

**ORDERED**, that subpoenas authorized by this Order may be served by FedEx or any other method of service permitted under Bankruptcy Rule 9016 or by other means agreed to by the subpoenaed entities or persons; and it is further

**ORDERED**, that the Trustee shall serve a copy of this Order with any subpoena that he serves pursuant to this Order; and it is further

**ORDERED**, that any subpoena issued pursuant to this Order shall provide at least fourteen days' notice to the recipient to provide the recipient an opportunity to object in writing to the subpoena or to file any written motion with the Court; and it is further

**ORDERED**, that if any entity or person who receives a subpoena for the production of documents pursuant to this Order withholds any documents on the basis of an asserted privilege, that entity is directed to provide a privilege log in accordance with Bankruptcy Rule 7026 to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com) and John N. McClain, Esq. (jmcclain@teamtogut.com), so as to be received with the document production required by the subpoena, or at such time as may be mutually agreed to by the Trustee and the subpoenaed entity or person; and it is further

**ORDERED**, that within one business day after entry of this Order, the Trustee shall serve a copy of the Application and this Order by electronic mail to the Notice Parties; and it is further

3

ORDERED, that entry of this Order is without prejudice to the rights of the

Trustee to apply for any other or further relief, including but not limited to further relief

under Bankruptcy Rule 2004;  and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine

any and all matters arising from the interpretation and/or implementation of this Order.

Dated:  White Plains, New York
       August 8, 2022

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re:                                             :
                                                   :
96 Wythe Acquisition, LLC,                         :
                                                   :
                            Debtor.                :
                                                   :
--------------------------------------------------------------x

Chapter 11

Case No. 21-22108 (SHL)

## <u>AFFIDAVIT OF SERVICE OF SUBPOENA FOR RULE 2004 EXAMINATION</u>

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NEW YORK )

        Jonathan Cohen, being duly sworn, deposes and says:  deponent is not a party to the action, is over 18 years of age and resides in Caldwell, New Jersey.

        On September 20, 2022, deponent served a copy of the attached Subpoena For Rule 2004 Examination directed to Norensberg and Associates Inc., together with its Exhibit "A", a copy of the August 8, 2022 Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure [Docket No. 647], a copy of which is annexed hereto, upon the following party by FedEx standard overnight delivery:

Norensberg and Associates Inc.
29 Frost Lane
Lawrence, NY 11550

*[Remainder of page intentionally left blank]*

Norensberg and Associates Inc.
343 Paul Pl
West Hempstead, NY 11552
Attn: Daniel Norensberg


_/s/ Jonathan Cohen_
JONATHAN COHEN

Sworn to before me this
6th day of October, 2022

_/s/ Cynthia Sotomayor_
NOTARY PUBLIC

# TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119
(212) 594-5000

FACSIMILE
(212) 967-4258

EMAIL
jmcclain@teamtogut.com

September 20, 2022

**VIA FEDEX**
Norensberg and Associates Inc.
29 Frost Lane
Lawrence, NY 11550
Attn: Daniel Norensberg

Re:    In re 96 Wythe Acquisition LLC,
       Chapter 11 Case No. 21-22108 (SHL)

Dear Mr. Norensberg:

We are the attorneys for Stephen S. Gray, not individually but solely in his capacity as Chapter 11 trustee of the above-referenced debtor.

Enclosed please find a subpoena requiring the production of documents no later than 14 days after the date of this letter and the Bankruptcy Court's *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedures,* entered on August 8, 2022 [Docket No. 647] authorizing service of the subpoena by FedEx. Please contact me with any questions.

Very truly yours,

TOGUT, SEGAL & SEGAL LLP
By:

/s/ John McClain

John McClain

Enclosures

### TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119
(212) 594-5000

FACSIMILE
(212) 967-4258

EMAIL
jmcclain@teamtogut.com

September 20, 2022

**VIA FEDEX**
Norensberg and Associates Inc.
343 Paul Pl
West Hempstead, NY 11552
Attn: Daniel Norensberg

Re:   In re 96 Wythe Acquisition LLC,
      Chapter 11 Case No. 21-22108 (SHL)

Dear Mr. Norensberg:

We are the attorneys for Stephen S. Gray, not individually but solely in his capacity as Chapter 11 trustee of the above-referenced debtor.

Enclosed please find a subpoena requiring the production of documents no later than 14 days after the date of this letter and the Bankruptcy Court's *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedures*, entered on August 8, 2022 [Docket No. 647] authorizing service of the subpoena by FedEx. Please contact me with any questions.

Very truly yours,

TOGUT, SEGAL & SEGAL LLP
By:

*/s/ John McClain*

John McClain

Enclosures

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of New York _____

In re 96 Wythe Acquisition LLC _____     Case No. 21-22108 (SHL) _____

Debtor

Chapter 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Daniel Norensberg _____

*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Togut, Segal & Segal LLP<br>One Penn Plaza, Suite 3335<br>New York, NY 10119 | TBD |

The examination will be recorded by this method: _____

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A; documents to be produced by October 4, 2022 at Togut, Segal & Segal LLP at the address above.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/20/22 _____

CLERK OF COURT

OR

_____          /s/ John McClain

*Signature of Clerk or Deputy Clerk*          _____

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Stephen S. Gray, as Chapter 11 Trustee , who issues or requests this subpoena, are:

Neil Berger, Esq., Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, neilberger@teamtogut.com, (212) 594-5000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit A

## DEFINITIONS

Unless otherwise defined below, the definitions and instructions set forth in the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the Federal Rules of Civil Procedure (the "Federal Rules"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shall apply to the requests for production (the "Requests") listed below.

1.      **Affiliate**.  The term "Affiliate" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(2) of the Bankruptcy Code.

2.      **Adversary Proceedings**.  The term "Adversary Proceedings" means *96 Wythe Acquisition, LLC v. Benefit Street Partners Realty Operating Partnership, L.P.* (Adv. Proc. No. 22-07002) (Bankr. S.D.N.Y.) and *96 Wythe Acquisition LLC v. Commissioner of Fin. of the City of New York* (Adv. Prov. No. 22-07027) (Bankr. S.D.N.Y.).

3.      **Bankruptcy Code**.  The term "Bankruptcy Code" means title 11 of the United States Code.

4.      **Chapter 11 Case**.  The term "Chapter 11 Case" means the Debtor's bankruptcy case, *In re 96 Wythe Acquisition LLC,* Case No. 21-22108 (SHL) (Bankr. S.D.N.Y.).

5.      **Communication**.  The term "Communication" or "Communications" means any transmission and/or receipt of information (in the form of facts, ideas, inquiries, or otherwise), whether oral or written, and whether chance, prearranged, formal, or informal.  The term "Communication" includes any letters, memoranda, statements, media releases, press conferences, magazine articles, newspaper articles, testimony given before a governmental body, in-person statements

1

and conversations, telephone statements and conversations, voicemail messages, video transmissions, audio transmissions, and electronic messages, including electronic mail, instant messages, text messages, and messages sent over mobile-device chat services, including Instant Bloomberg, Bloomberg messages, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, Slack, WeChat, and Snapchat.

6.    **Concerning.** The term "concerning" means analyzing, arising out of, collaborating, comprising, concerning, considering, constituting, containing, contradicting, controverting, demonstrating, describing, discussing, disputing, embodying, evaluating, evidencing, identifying, indicating, made in connection with or by reason of or arising from, memorializing, mentioning, providing, rebutting, referencing, referring to, reflecting, refuting, relating to, showing, supporting, or otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

7.    **Court.** The term "Court" means the United States Bankruptcy Court for the Southern District of New York.

8.    **CRO.** The term "CRO" means David Goldwasser and/or G.C. Realty Advisors LLC, any of their current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively.

9.    **Debtor.** The term "Debtor" means 96 Wythe Acquisition LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

2

investment bankers, managers, members, officers, officials, owners, direct or indirect
Parents, partners, predecessors-in-interest, principals, representatives, direct and
indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities
acting or purporting to act on its behalf, individually and/or collectively, including,
without limitation, the Receiver.

10.    **Debtor's Counsel.** The term "Debtor's Counsel" means, but shall
not be limited to: Mayer Brown LLP; and Backenroth Frankel & Krinsky, LLP; and any
of their current and former accountants, Affiliates, agents, assignees, attorneys,
auditors, counsel, directors, divisions, employees, financial advisors, Insiders,
investment bankers, managers, members, officers, officials, owners, direct or indirect
Parents, partners, predecessors-in-interest, principals, representatives, direct and
indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities
acting or purporting to act on their behalf, individually and/or collectively.

11.    **Debtor's Professionals.** The term "Debtor's Professionals" means,
but shall not be limited to: G.C. Realty Advisors LLC; Getzler Henrich & Associates
LLC; Hilco Real Estate, LLC; B. Riley Advisory Services; and Leitner Berman, and any
of their current and former accountants, Affiliates, agents, assignees, attorneys,
auditors, counsel, directors, divisions, employees, financial advisors, Insiders,
investment bankers, managers, members, officers, officials, owners, direct or indirect
Parents, partners, predecessors-in-interest, principals, representatives, direct and
indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities
acting or purporting to act on their behalf, individually and/or collectively.

12.    **Disclosure Statement.** The term "Disclosure Statement" means all
disclosure statements prepared by or on behalf of the Debtor in connection with the

3

Chapter 11 Case, including, without limitation, the *Third Amended Disclosure Statement* [Docket No. 196].

13.    **Document**. The term "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), *i.e.*, "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." A draft or non-identical copy is a separate Document within the meaning of this term. For the avoidance of doubt, the term "Document" shall include any and all forms of recorded communication.

14.    **EIDL Loan.** The term "EIDL Loan" means the Amended Loan Authorization and Agreement entered into between the Manager and the Small Business Administration pursuant to the Economic Injury and Disaster Loan program with an effective date of July 20, 2021, the proceeds of which the Manager received in the amount of $350,000.00; as well as any other loan that may have been sought and/or obtained pursuant to any Economic Injury and Disaster Loan program by You, the Manager, Heritage, the Debtor, and/or any Affiliate of You, the Manager, Heritage, and/or the Debtor.

15.    **EDNY Litigation**. The term "EDNY Litigation" means *Tenenbaum v. Heritage Equity Holdings LLC, et al.*, Case No. 21-cv-5781 (E.D.N.Y.).

16.    **ERTC Credits.** The term "ERTC Credits" means, without limitation, the Employment Retention Tax Credits issued to the Manager in the amount of $408,263.92 for Q1 2021 and $673,385 for Q2 2021, as well as any other Employment Retention Tax Credit that may have been sought or obtained by You, the Manager,

4

Heritage, the Debtor, and/or any Affiliate of You, the Manager, Heritage, and/or the Debtor.

17.    **Examiner**. The term "Examiner" means Eric M. Huebscher, who was appointed by the Court as the Examiner in the Chapter 11 Case on November 16, 2021 [Docket No. 186], and any person and/or entities acting or purporting to act on his behalf, individually and/or collectively.

18.    **FIA.** The term "FIA" means FIA Capital Partners and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

19.    **Heritage.** The term "Heritage" means Heritage Equity Holdings, LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

20.    **Hotel.** The term "Hotel" means The Williamsburg Hotel, located at 96 Wythe Avenue, Brooklyn, New York 11249.

21.    **Insider**. The term "Insider" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(31) of the Bankruptcy Code.

5

22.    **Intellectual Property.**  The term "Intellectual Property" is defined

to be consistent in scope with this term as it is defined in section 101(35A) of the

Bankruptcy Code, including, without limitation:

- "The Williamsburg Hotel" name and trademark;

- Electronic and other digital assets and information related to the Hotel's and/or the Debtor's operations;

- Online presence and related marketing related to the Hotel's and/or the Debtor's operations, such as the Hotel's website domain and social media platforms; and

- Any other intellectual property owned, developed, used, leased, and/or licensed by You, the Debtor, the Manager, and/or Heritage in connection with the Hotel's and/or the Debtor's operations.

23.    **Lender.**  The term ("Lender") means Benefit Street Partners Realty

Operating Partnership, L.P and any of its current and former accountants, Affiliates,

agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial

advisors, Insiders, investment bankers, managers, members, officers, officials, owners,

direct or indirect Parents, partners, predecessors-in-interest, principals, representatives,

direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons

and entities acting or purporting to act on its behalf, individually and/or collectively.

24.    **Loans.**  The term "Loans" means the PPP Loan, the EIDL Loan, and

any other loan concerning the Hotel, the Debtor, and/or the Manager that was sought

and/or applied for and/or received by You, the Manager, Heritage, the Debtor, and/or

any Affiliate of You, the Manager, Heritage, and/or the Debtor.

25.    **Manager.**  The term "Manager" means The Williamsburg Hotel BK,

LLC and any of its current and former accountants, Affiliates, agents, assignees,

attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

investment bankers, managers, members, officers, officials, owners, direct or indirect

Parents, partners, predecessors-in-interest, principals, representatives, direct and

indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities

acting or purporting to act on its behalf, individually and/or collectively.

26.    **Northside.** The term "Northside" means Northside Acquisition

Partners, LLC;  Northside Development Holdings, LLC;  Northside Kent Partners LLC;

Northside Management LLC;  Northside Management NY LLC;  Northside Seigel LLC;

and Northside St Johns LLC, individually and collectively, any of its current and former

accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors,

divisions, employees, financial advisors, Insiders, investment bankers, managers,

members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-

interest, principals, representatives, direct and indirect Subsidiaries, successors-in-

interest, trustees, and any other persons and entities acting or purporting to act on its

behalf, individually and/or collectively, including, without limitation, Mark Kirschner.

27.    **Petition Date.** The term "Petition Date" means February 23, 2021.

28.    **Parent.** The term "Parent" means any entity that directly or

indirectly controls the management of a second entity, including but not limited to any

entity who owns the stock or other ownership interests of a second entity in such

quantity that the entity possesses the ordinary voting power to elect a majority of the

board of directors or managers of the second entity.

29.    **Plan.** The term "Plan" means all plans prepared by or on behalf of

the Debtor, including, without limitation, the *Third Amended Chapter 11 Plan of

Reorganization* [Docket No. 551] filed by the Debtor's Counsel in the Chapter 11 Case.

30.    **Principals.** The term "Principals" means Michael Lichtenstein and

Toby Moskovits, individually and/or collectively, and any of their current and former

accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, employees,

7

financial advisors, Insiders, investment bankers, partners, predecessors-in-interest,

representatives, successors-in-interest, trustees, and any other persons and entities

acting or purporting to act on their behalf, individually and/or collectively, including,

without limitation, the Principal Affiliates.

31.    **Principal Affiliates**. The term "Principal Affiliates" means: 232

Seigel Acquisition, LLC; Seigel Development, LLC; Mint Development Corporation;

564 St. Johns Acquisition, LLC; 564 St. Johns Holdings, LLC; 564 St. Johns LLC;

Northside; 215 Moore Street Acquisition LLC; 215 Moore Street Development LLC;

875 4th Avenue Acquisition LLC; 286 Rider Ave Acquisition, LLC; Heritage GC Walton

Acquisition LLC; Brooklyn Bread Lab; Building Development Corp; Bushwick Bread

Lab, LLC; and 96 W Development, LLC; and any other entity that is owned, directly or

indirectly, by the Principals, individually and/or collectively, and any of their current

and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel,

directors, divisions, employees, financial advisors, Insiders, investment bankers,

managers, members, officers, officials, owners, direct or indirect Parents, partners,

predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries,

successors-in-interest, trustees, and any other persons and entities acting or purporting

to act on their behalf, individually and/or collectively.

32.    **PPP Loan**. The term "PPP Loan" means the loan agreement

entered into between the Manager and the Small Business Administration pursuant to

the Paycheck Protection Program, the proceeds of which the Manager received in April

2020 in the amount of $1,438,000.00, as well as any other loan that may have been

sought and/or obtained by the Debtor, the Manager, the Principals, or any Affiliate of

the Debtor, the Manager, or the Principals pursuant to the Paycheck Protection

Program.

8

33.     **Receiver**. The term "Receiver" means Constantino Sagonas, who was appointed as the Hotel's temporary receiver on February 21, 2020 by the New York State Supreme Court in the mortgage-foreclosure action captioned *BSPRT 2018-Fl3 Issuer, Ltd. v. 96 Wythe Acquisition LLC, et al.* (Index No. 653396 / 2019) [NYSCEF Doc. No. 155], as well as any of his current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, employees, financial advisors, Insiders, investment bankers, partners, predecessors-in-interest, representatives, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on his behalf, individually and/or collectively.

34.     **Subsidiary**. The term "Subsidiary" means any entity whose management is controlled, directly or indirectly, by a second entity, including but not limited to any entity whose stock or other ownership interests are owned by a second entity in such quantity that the second entity possesses the ordinary voting power to elect a majority of the board of directors or managers of the entity.

35.     **Taxes.** The term "Taxes" means any and all taxes concerning the Hotel, the Debtor, and/or the Manager currently or previously owed by the Debtor, the Manager, Heritage, the Principals, and/or any Affiliate of the Debtor, the Manager, Heritage, and/or the Principals.

36.     **Transfer.** The term "Transfer" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(54) of the Bankruptcy Code.

37.     **Trustee.** The term "Trustee" means Stephen S. Gray, who was appointed as the Chapter 11 Trustee of the Debtor's estate by the Court on May 31, 2022 in the Chapter 11 case [Docket No. 593].

9

38.   **2004 Order**. The term "2004 Order" means the *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* entered on August 8, 2022 in the Chapter 11 Case [Docket No. 647].

39.   **Valuation**. The term "Valuation" means the attribution of a qualitative or quantitative value, to or a change in value of, a particular asset, liability, or category of either whether based on book value, market value, or any other valuation metric utilized under any reporting standard.

40.   **You**. The terms "Daniel Norensberg," "You," or "Your" mean or refer to Daniel Norensberg and/or Norensberg & Associates, Inc., and any of their current and former accountants, Affiliates, agents, assignees, attorneys, auditors, bankers, counsel, directors, divisions, employees, financial advisors, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively.

## INSTRUCTIONS

1.   Unless otherwise indicated, You shall produce all responsive Documents that are in your possession, custody, or control. A Document is in your possession, custody, or control if you have actual possession or custody or the right to obtain the Document or a copy thereof upon request or demand from any entity or person. This includes any Documents contained on or in any computer, mobile device, server, mainframe, or other storage device (including: (i) Documents on or in computer memory; (ii) Documents on or in computer or network backup files; and (iii) Documents that have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within your possession, custody, or control. For

10

the avoidance of doubt, this also includes any Documents contained on any personal computer, mobile device, server, mainframe, or other storage device within your possession, regardless of whether you own such device.

2.      The term "possession" relates to all Documents, including email, text messages, mobile-device chats, or other messaging services, and any other electronically-stored information.  The term "possession" also includes Documents contained in email, cloud-based, and mobile-device directories, including:  (a) "deleted" Documents that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories;  (b) "sent" Documents, including all subdirectories irrespective of the title of such subdirectories;  and  (c) "received" Documents, including all subdirectories irrespective of the title of such subdirectories.

3.      The Documents produced pursuant to these Requests shall be either:  (a) segregated and identified by the number of the request below to which they are responsive;  or (b) produced as they are maintained in the ordinary course of business.

4.      Documents shall be produced with sufficient information to identify the files or repositories in which such responsive Documents are maintained in the normal course of business, including, for example, an index, key, code, or other means of ascertaining the source of the produced Documents.

5.      Electronically stored information must be produced in both native and a searchable format, unless the Trustee agrees otherwise.

6.      All Documents that are produced in electronic format shall be provided with:  (i) Group W "tiff" images and IPRO-ready OPT files;  (ii) a Concordance DAT delimited file with boundaries;  (iii) full text OCR, with OCR text files provided on a document level;  and (iv) all metadata fields associated with each

11

electronic Document. The Trustee also requests that all spreadsheets created in
Microsoft Excel or a similar spreadsheet program be produced in their native format.
The Trustee reserves his rights to request that other Documents be produced in their
native format if necessary. The following metadata fields shall also be produced with
all Documents produced in electronic format:

| Field Name | Description |
|---|---|
| BEGDOC | An automatically-generated number assigned to first page of the Document |
| ENDDOC | An automatically-generated number assigned to last page of the Document |
| BEGATTACH | An automatically-generated number assigned to the first page of the parent Document in a family |
| ENDATTACH | An automatically-generated number assigned to the last page of an attachment in a Document family |
| PARENT_ID | The beginning DOCID for a parent Document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (e.g., Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | A vendor-populated field where "P" denotes a parent Document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual Document |
| FROM | The name of the sender of an email, from the "From" field |
| TO | The recipient(s) of an email, from the "To" field |
| CC | The name(s) of any Person(s) to whom a copy of an email was sent, from the "CC" field |
| BCC | The name(s) of any Person(s) that were blind copied on an email, from the "BCC" field |

12

| Field Name | Description |
|---|---|
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |
| CUSTODIAN | The name(s) of the Person(s) from which a collection of email- or application files originate |
| AUTHOR | The name of the author or the creator of an application file, from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_ CREATED | The time at which an email or application was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "Last Author" field for an application file |
| LAST_SAVED | The date in the "Last Saved" field for an application file |
| LAST_PRINTED | The date in the "Last Printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The filename extension of each email, attachment, or application file |
| FILENAME | The name of an application file, including its extension |
| FILESIZE | The size of a Document in bytes |
| SOURCEFOLDER | The full path information for email, attachments, and application files beginning with the original source-folder name |
| HASHVALUE | The output of an algorithm-generated value for each individual file |

| Field Name | Description |
|------------|-------------|
| SEARCH_HIT | The search term or terms that "hit" on a Document |
| NATIVE_FILE | A hyperlink to the native file |

7.      Each page of every Document produced in response to a Request must be marked with a unique Bates number to allow for accurate identification.

8.      Any Documents attached to each other shall not be separated.

9.      Any Document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

10.     Each requested Document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other Documents at any time affixed thereto.  If a Document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11.     To the extent that any responsive Document is withheld from production:  (a) because the Document is no longer in Your possession, custody or control;  or (b) based upon a claim of attorney-client privilege, the work-product doctrine, or any other privilege or protection, You are required to provide, upon the completion of the production of non-privileged Documents, a list (the "Withheld Document List") setting forth as to each such withheld Document the following information to the extent known:

i.   the title, date and type of Document (*e.g.*, memorandum, report, chart);

14

    ii.   its subject matter (without revealing the information as to which privilege or statutory authority is claimed);

    iii.   the name of each author, writer and/or sender of the Document;

    iv.   the name of each recipient, addressee, or other party to whom the Document or a copy was sent or directed;

    v.   the specific request(s) to which the Document is responsive; and

    vi.   to the extent the Document is withheld based on a claim of lack of possession pursuant to subparagraph (a) above, (A) when the Document was most recently in Your possession, custody or control, (B) the disposition of the Document and (C) the identity of any Person who has possession, custody or control of the Document;[1] or

    vii.   to the extent the Document is withheld based on a claim of privilege pursuant to subparagraph (b) above, (Y) the specific privilege claimed and (Z) the factual and legal basis for the privilege claimed or the specific statutory or other authority that provides the claimed ground for non-production.

    12.   If you maintain that any responsive Document has been destroyed, you shall set forth the contents of the Document, the date of its destruction, and the name of the Person(s) who authorized its destruction upon the Withheld Document List.

    13.   If a portion of an otherwise-responsive Document contains information subject to a claim of privilege or protection pursuant to paragraph 11(b) above, those portions of the Document subject to the claim of privilege or protection may be redacted from the Document, but the instructions in the preceding paragraph 11 shall be applicable and the redacted Document shall be produced.

    14.   If a Request is only partly objectionable, You shall respond to the remainder of the Request that is not objectionable.

---

[1] If a Document has been destroyed, the Withheld Document List shall also include: (a) the reason for its destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

15

15.     If an objection or request for relief is made with respect to any Request or portion thereof, the objection or request for relief shall state all grounds on which it is based with specificity.  Any ground not stated in the objection or request for relief within the time provided by the 2004 Order, or any extensions thereof, shall be deemed waived.

16.     If any requested Document or other Document potentially relevant to this action is subject to destruction under any document-retention or -destruction program, such Document shall be exempted from any scheduled destruction and shall not be destroyed until the conclusion of this action or unless otherwise permitted by the Bankruptcy Court.

17.     If you previously but no longer possess items responsive to a particular Request, you shall specify why you no longer possess such items and the name and address of any Person(s) known or believed by you to have possession, custody, or control of such items.

18.     Terms not specifically defined herein shall be given their ordinary meanings as you understand them to be used in the trade or pursuant to ordinary usage.

19.     The singular form of any word shall be construed as including the plural form and vice versa, and the masculine form of any word shall be construed as including the feminine form and vice versa, wherever necessary to bring within the scope of a Request all Documents that might otherwise be construed to be outside of its scope.

20.     The terms "all," "any," and "each" shall be construed as encompassing any and all.

16

21.    The terms "include," "includes," and "including" shall be construed in each instance as being followed by the words "without limitation." A list following any of these terms shall be interpreted to contain illustrative examples of the types of Documents responsive to the request, but does not constitute an exclusive, all-encompassing or exhaustive listing of every type of Document responsive to the request and shall not be construed in any way to qualify, limit, or restrict the scope of the request.

22.    The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary, in each case, to bring within the scope of these requests all responsive Documents that might otherwise be construed to be outside their scope.

23.    Any ambiguity in a request shall be construed to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

## RELEVANT TIME PERIOD

24.    The relevant time period for each request is February 23, 2015 through the date of production (the "Relevant Time Period"), unless otherwise specifically indicated. Each request shall be interpreted to include all Documents that concern the Relevant Time Period or otherwise-specified period, even if such Documents were prepared or published outside of the Relevant Time Period or otherwise-specified period. If any Document that was prepared or published before or after the Relevant Time Period or otherwise-specified period is necessary for a correct or complete understanding of any Document that is responsive to a Request, You shall produce these Documents as well. If any Document is undated and the date of its

17

preparation cannot be determined, You shall produce the Document if otherwise

responsive to a request for production.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

    All Documents and Communications concerning the Debtor.

**REQUEST NO. 2:**

    All Documents and Communications between You and the Principals concerning the Debtor.

**REQUEST NO. 3:**

    All Documents and Communications between You and the Manager concerning the Debtor.

**REQUEST NO. 4:**

    All Documents and Communications between You and Heritage concerning the Debtor.

**REQUEST NO. 5:**

    All Documents and Communications between You and the Debtor's Counsel and/or the Debtor's Professionals.

**REQUEST NO. 6:**

    All Documents and Communications concerning the Debtor's and/or the Manager's finances, including, without limitation, the following:

- All tax returns;

- All records of payroll taxes, sales taxes, income taxes, excise taxes, property taxes, motel taxes, and any other taxes;

- All Documents, Communications, workpapers, notes, memoranda, and research concerning the preparation of tax returns, audits, reviews, compilations, special projects, agreed-upon procedures, write-up work, and/or any other service, including, without limitation;

  o All audited financial statements and checklists;

  o All summary memoranda describing results and any issues;

18

o   All legal letters and letters of representation;

o   All trial balances and general ledgers;

o   All systems documentation;

o   All permanent files;

o   All footnote disclosures;

o   All analytical review procedures;

o   All workpapers for each account including, without limitation, cash, accounts receivable, inventory, fixed assets, investments, other assets, accounts payable, debt, equity, revenue, expenses, and any other account and partner, shareholder, member, and beneficiary basis;

o   All Documents concerning employee benefit plans;

o   All canceled checks and wire-transfer advances;

o   All check registers;

o   All engagement letters;

o   All billing files, including all bills and correspondence;

o   All vendor invoices, journals, books, records, workpapers or ledgers wherein there are statements or recordings regarding the affairs of the relevant parties including, without limitation, debt information, cash receipts information, cash disbursement information, asset information, and liability information;

o   All electronic and computer files, backup disks, tapes, or hard drives that contain records of financial information that pertain to any electronic accounting software package;

o   All contracts between the Debtor and/or the Manager and any vendor, lessee, lessor, employee, agents, officer, director, shareholder, customer, lender, or investor;

o   All Documents and Communications concerning any loan, including, without limitation, all loan applications, all Documents and Communications concerning loan proceeds, and all Documents and Communications concerning the repayment of any loan to any financial institution or individual;

o   All Documents and Communications with any actual or potential lender, including, without limitation, all financial statements and applications given to such lenders;

19

○ Documents sufficient to show all individuals and/or entities that received financial statements and/or loan applications;

○ Copies of all year-end Form W-2s provided to employees and the associated Form W-3s; and

○ Copies of all payroll records, including, without limitation, time sheets.

• All Documents and Communications concerning any financial obligation owed by the Debtor to any person or entity other than the Lender;

• All Documents and Communications concerning the PPP Loan, EIDL Loan, or ERTC Credits, including, without limitation, all bank statements for accounts into which proceeds of the PPP Loan, EIDL Loan, and/or ERTC Credits were received.

## REQUEST NO. 7:

All time records for Debtor-related work, including all drafts and revisions.

## REQUEST NO. 8:

All internal memoranda related to the Debtor.

At a future date, the Trustee may request the production of additional Documents or testimony. These Requests are made without waiver of the Trustee's right to seek additional information from You or any other third party in the future.

## APPENDIX 1

7shifts Inc.
AbsoluteGuard
Accubar by BirchStreet Systems
Adobe Systems, Inc.
Advanced Flameproofing and Cleaning Corp.
Allbridge, LLC
Alliance Laundry Systems, LLC
Alternative Business Suppliers, Inc. (Ecopier)
Amadeus Hospitality Americas, Inc.
Amadeus IT Group, S.A.
Ascentium Capital LLC
AutoTap Corporation
BlueTriton Brands, Inc.
Champion Combustion Corp
Champion Elevator Corp
Charter Linen & Laundry Services
ChuteMaster Environmental Inc.
Coffee Afficionado, LLC
Control 4 by Snap One, LLC
County Fire Inc.
Croker Fire Drill Corporation
Cvent Inc.
Delphi Technologies, Inc
Done Right Hood & Fire Safety
DTP Security & Hospitality Company, LLC
Elavon Inc.
Eventbrite Inc.
Fiserv, Inc.
FivePals, Inc.
Grey Matter Networks
Group Management Services, Inc.
Hoodz International
Icesurance, Inc.
Integrated Decisions and Systems, Inc. ("IDeaS")
Intelity Inc.
Intuit Inc.
John Mini Distinctive Landscapes
Lightning Mechanical LLC
Mann Sales Co.
Metro Group Inc
Micros Retail Systems, Inc.
Moviebeam by Valuable Technologies Inc.
MustHaveMenus Inc.
Open Table Inc.
Oracle Corporation
OTA Insight Inc.

1

Paychex, Inc.
PHG Power House Generators
PianoLand Movers and Storage (Where Dreams Come True)
Pro Pump Corp.
Pro-Tek of New York Inc.
Purple
Quality Plus Cleaning
Resort Pass Inc.
Royal Waste Services Inc.
Safety Fire Sprinkler Corp.
Santec Inc.
Scent Air Technologies LLC
Screening One Inc.
Shift4 Payments Corp.
Sorbis Corp.
Spark Fire Solutions
Spectrum Enterprise
Spotify USA Inc.
STR, Inc.
Summit Facility Solutions, Inc.
Target Exterminating Inc.
The Dry Cleaners
TIAA Commercial Finance, Inc.
Top Team Window Cleaning
Tour Connection, Inc.
TravelClick, Inc.
Trip Advisor, Inc.
Triple Seat Software LLC
White Plains Linen

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:                                               :          Chapter 11
                                                     :
96 WYTHE ACQUISITION LLC,                            :          Case No. 21-22108 (SHL)
                                                     :
                              Debtor.                :
                                                     :
------------------------------------------------------------------x

## ORDER AUTHORIZING DISCOVERY PURSUANT TO
## RULE 2004 OF THE FEDEREAL RULES OF BANKRUPTCY PROCEDURE

Upon the application dated July 15, 2022 (the "Application")[1] of Stephen S.

Gray, not individually but solely in his capacity as the Chapter 11 Trustee of the debtor

in the above-captioned case (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP,

for entry of an order (this "Order") pursuant to sections 105 and 704 of the Bankruptcy

Code and Bankruptcy Rule 2004, authorizing the issuance of subpoenas for the

production of documents and information and deposition testimony;  and the Court

having jurisdiction to consider the Application and relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334;  and the Trustee having provided sufficient notice to the

Notice Parties pursuant to Local Bankruptcy Rule 9074-1, none of whom have objected

to the Application;  and the relief requested therein raising a core proceeding under 28

U.S.C. § 157(b);  and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

1

and 1409;  and the relief sought being in the best interests of the Debtor's estate, their

creditors, and other parties in interest;  and it appearing that good and sufficient cause

for the relief sought in the Application exists, it is hereby:

ORDERED, that the Application is granted to the extent provided herein;

and it is further

ORDERED, that the Trustee is authorized to issue subpoenas for the

production of documents and for deposition testimony consistent with Bankruptcy

Rules 2004 and 9016, concerning any asset, liability, duty, obligation, contract,

transaction, or other issue related in any way to the Debtor, upon:  any current or former

principal, affiliate, employee, agent, or representative of the Debtor;  any entity or

person that has conducted business or engaged in a transaction with the Debtor, in any

manner, and any current or former employee, principal, agent, officer, shareholder,

affiliate, or owner thereof;  any accountant or financial advisor for the Debtor, and any

current or former employee, principal, agent, officer, or owner thereof;  and it is further

ORDERED, that the production and examination required pursuant to this

Order may not be withheld or refused based upon any applicable privilege in favor of

the Debtor which, for cause shown in the Application, the Trustee, in his sole discretion,

may waive to facilitate the turnover of any documents, communications, examinations

or other forms of information to the Trustee;  and it is further

2

ORDERED, that subpoenas authorized by this Order may be served by FedEx or any other method of service permitted under Bankruptcy Rule 9016 or by other means agreed to by the subpoenaed entities or persons;  and it is further

ORDERED, that the Trustee shall serve a copy of this Order with any subpoena that he serves pursuant to this Order;  and it is further

ORDERED, that any subpoena issued pursuant to this Order shall provide at least fourteen days' notice to the recipient to provide the recipient an opportunity to object in writing to the subpoena or to file any written motion with the Court;  and it is further

ORDERED, that if any entity or person who receives a subpoena for the production of documents pursuant to this Order withholds any documents on the basis of an asserted privilege, that entity is directed to provide a privilege log in accordance with Bankruptcy Rule 7026 to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com) and John N. McClain, Esq. (jmcclain@teamtogut.com), so as to be received with the document production required by the subpoena, or at such time as may be mutually agreed to by the Trustee and the subpoenaed entity or person;  and it is further

ORDERED, that within one business day after entry of this Order, the Trustee shall serve a copy of the Application and this Order by electronic mail to the Notice Parties;  and it is further

3

ORDERED, that entry of this Order is without prejudice to the rights of the

Trustee to apply for any other or further relief, including but not limited to further relief

under Bankruptcy Rule 2004;  and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine

any and all matters arising from the interpretation and/or implementation of this Order.

Dated:  White Plains, New York
        August 8, 2022

/s/ Sean H. Lane
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

4