TOGUT, SEGAL & SEGAL LLP
ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119

———

(212) 594-5000

NEIL BERGER
NEILBERGER@TEAMTOGUT.COM

November 2, 2022

**VIA EMAIL and ECF**

Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

        Re: *In re 96 Wythe Acquisition LLC*
           Bankr. Case No. 21-22108 (SHL)

Dear Judge Lane:

    We represent Stephen S. Gray, not individually, but solely in his capacity as the Chapter 11 Trustee (the "Trustee") of 96 Wythe Acquisition LLC (the "Debtor") in the above-referenced case.

    On October 21, 2022, the Trustee filed the *Chapter 11 Trustee's Motion for an Order Compelling Michael Lichtenstein, Toby Moskovits and Williamsburg Hotel BK LLC To Comply with the Court's Rule 2004 Order and Subpoenas* [Dkt. No. 751] (the "Motion to Compel"), which is scheduled to be considered by this Court on November 10, 2022 (the "November 10 Hearing").

    On October 31, 2022, Michael Lichtenstein ("Lichtenstein"), Toby Moskovits ("Moskovits" and, together with Lichtenstein, the "Principals"), and Williamsburg Hotel BK LLC (the "Manager" and, collectively with the Principals, the "Insiders")[1] filed a letter dated October 28, 2022 addressed to the Court [Dkt. No. 758] requesting an indefinite adjournment of the November 10 Hearing and a two-to-three week extension of the Insiders' deadlines to respond to the Motion Compel (with a

---

[1] On October 28, 2022, Counsel confirmed to the Trustee that, in addition to the Insiders, they also represent Miriam Gross; 215 Moore Street Acquisition LLC; 215 Moore Street Development LLC; 232 Seigel Acquisition LLC; 286 Rider Ave Acquisition LLC; 564 St. Johns Acquisition LLC; 564 St. Johns Holdings, LLC; 564 St. Johns LLC; 875 4th Avenue Acquisition LLC; 96 W Development LLC; Brooklyn Bread Lab; Building Development Corp.; Bushwick Bread Lab LLC; Heritage Equity Holdings LLC; Heritage GC Walton Acquisition LLC; Mint Development Corporation; Northside Acquisition Partners LLC; Northside Development Corp.; Northside Kent Partners LLC; Northside Management LLC; Northside Management NY LLC; Northside Seigel LLC; and Northside St Johns LLC in connection with the Trustee's Rule 2004 Subpoenas served to those entities *six weeks earlier,* on September 14, 2022. While the Trustee has not yet moved the Court to compel those parties to produce the documents and communications sought from them by the Trustee, those parties have also not timely or in any way meaningfully responded to the Trustee's subpoenas to them.

TOGUT, SEGAL & SEGAL LLP

Honorable Sean H. Lane
United States Bankruptcy Court
November 2, 2022
Page 2

conference thereafter), to accommodate counsel's two-week vacation. We respectfully submit this letter in response.

The Trustee's efforts to obtain documents and communications from the Insiders has been unreasonably difficult. The Trustee first confirmed with counsel that the Insiders intended to respond to the Trustee's subpoenas well after the Insiders' deadlines for production had passed, on a telephone call late on a Friday afternoon just before extended religious holidays that the Principals observed would delay the production of many documents by an additional two weeks. On that initial call, the Insiders' co-counsel advised the Trustee that they would be taking multiple extended vacations in the weeks following those holidays, but reassured the Trustee that their collective representation would be continuous and uninterrupted. Following that initial call, and as set forth in the Motion to Compel, the Insiders have failed to meaningfully respond to the Trustee's subpoenas, and Insiders' counsel's letter effectively seeks to delay resolution of the parties' dispute for at least another month and makes clear that they do not intend to honor their reassurances that their representation would be continuous and uninterrupted.

While the Trustee does not begrudge counsel taking planned vacations, he is actively marketing the Hotel for sale by as soon as the end of this year, and he requires information in the Insiders' possession to be able to meaningfully analyze how to respond to certain offers. As set forth in the Motion to Compel, and as reiterated to the Insiders' counsel during a number of meet-and-confer telephone calls, while the Trustee has requested a number of documents and communications that are important to his investigation, the most time-sensitive requests concern, and he requested that they prioritize the production of documents concerning: (1) the intellectual property associated with the Debtor's hotel (the "Hotel"), including Moskovits' attempts to register a trademark for Hotel's name; and (2) certain financial transactions between the Manager and the federal government arising out of the Manager's operation of the Hotel, including a loan obtained by the Manager pursuant to the Economic Injury Disaster Loan ("EIDL") program and Employee Retention Credits ("ERTC").

Materials produced to the Trustee by the Insiders concerning these time-sensitive topics have been extremely limited, patently incomplete, and duplicative. Indeed, hundreds of pages of documents produced by the Insiders were already produced to the Examiner and had already been produced by the Insiders to the Trustee. Moreover, hundreds of pages that have been produced by the Insiders to the Trustee are publicly available documents that the Trustee already obtained. The productions of duplicative and publicly available documents seek to mask the Insiders' production deficiencies and they materially increase the burden, time and costs to the Trustee and the estate. These documents have not been helpful in analyzing the scope of the Debtor's rights regarding these time-sensitive topics. However, it is precisely the analysis of these issues that the Insiders now seek a further, open-ended delay.

TOGUT, SEGAL & SEGAL LLP

Honorable Sean H. Lane
United States Bankruptcy Court
November 2, 2022
Page 3

      The Trustee does not oppose a short adjournment of the hearing to consider the Motion to Compel, but he respectfully requests that the November 10 Hearing remain on the Court's calendar so that the parties can provide a status report to the Court concerning this matter. The Trustee also respectfully requests that the Court schedule a telephonic conference during the week following the November 10 Hearing, and he proposes to provide a further written status report to the Court during the week before that conference.

      In the interim, the Trustee will continue to confer with the Insiders to try to narrow the issues raised in the Motion to Compel.

                        Respectfully submitted,

                        TOGUT, SEGAL & SEGAL LLP
                        By:

                        */s/ Neil Berger*

cc:    Stephen S. Gray (via electronic mail)
       Fern Flomenhaft, Esq. (via electronic mail)
       Robert Wolf, Esq. (via electronic mail)
       Gregory Zipes, Esq. (via electronic mail)