**HEARING DATE: NOVEMBER 10, 2022**
**HEARING TIME:  2:00 P.M.**

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Toby Moskovits and Michael Lichtenstein.*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Robert A. Wolf, Esq.
smarkowitz@tarterkrinsky.com
rwolf@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re:

96 WYTHE ACQUISITION LLC,

Debtor.

---

Chapter 11

Case No. 21-22108 (SHL)

**TOBY MOSKOVITS' AND MICHAEL LICHTENSTEIN'S  LIMITED OBJECTION TO**
**CHAPTER 11 TRUSTEE'S SALE PROCEDURES MOTION**

TO:    THE HONORABLE SEAN H. LANE
        UNITED STATES BANKRUPTCY JUDGE:

Toby Moskovits and Michael Lichtenstein, the Debtor's indirect equity interest holders,

(the "Limited Objectors"), by their attorneys, Tarter Krinsky & Drogin LLP, submit this limited

objection (the "Limited Objection") in response to the Chapter 11 trustee Stephen S. Gray's (the

"Trustee") motion (the "Motion") for approval of bid procedures and related relief with respect to

the Trustee's proposed sale of substantially all of the Debtor's assets, including the Debtor's hotel

property in Brooklyn known as The Williamsburg Hotel,[1] and respectfully represent as follows:

---

[1] The Motion is Document No. 752 on the ECF docket.

1

1.      The Limited Objectors' primary objection to the Trustee's Motion is the excessively short period of time within which prospective bidders are expected to complete their due diligence and then submit a qualifying bid which requires a ten (10%) percent cash deposit.  The Motion was first filed on the evening of October 21, 2022. The Motion has been noticed to be heard on November 10, 2022 and the Trustee's proposed Bid Deadline is less than three weeks later, December 2, 2022, with the traditional 4-day Thanksgiving holiday falling in the midst of that very brief period.

2.      Given the principal asset to be sold is a fully operating 147 room boutique hotel located in the Williamsburg area in Brooklyn (the "Hotel"), it is highly likely any prospective bidder will require more than this extremely short period within which not only to inspect the Hotel but to review the myriad of vendor contracts, equipment leases, and other contractual arrangements to which the Hotel is party and which the Trustee in his Motion proposes to assume and assign to the successful bidder.

3.      The Limited Objectors submit that if the Bid Deadline is not pushed back to a date at least sixty (60) days subsequent to entry of an order approving the bid procedures, it is virtually certain the only Qualified Bidder will be the mortgagee Benefit Street Partners Realty Operating Partnership, L.P.

4.      As the United States Trustee argued and Judge Drain agreed with, in his May 26, 2022 ruling appointing an operating trustee, the Trustee was appointed not to effectuate a fire sale of the Hotel. On page 123 commencing on line 20 of Judge Drain's oral decision granting the trustee motion, Judge Drain stated the following:

> So I will grant the motions, and appoint an operating Chapter 11 trustee. I strongly agree with Mr. Zipes' comment that this does not mean that this Debtor will go into sale mode. The U.S. Trustee knows the number of people who can serve as an operating trustee for this hotel.

See May 26, 2022 Transcript, page 123, lines 20-24 (**Exhibit A**).

5.      The Limited Objectors submit that a bid deadline of January 15, 2023 is more appropriate with a closing deadline of forty-five (45) days thereafter. Based upon the Hotel's operations, there is no "melting ice cube" in this case. Quite to the contrary, the Hotel has generated substantial positive cash flow. In fact, the Hotel's operations are so profitable, there is sufficient cash to pay the Trustee's professionals approximately $1 million in fees for June and July 2022.

6.      The Limited Objectors' counsel has personally been involved in numerous real estate and hotel chapter 11 cases. The bid procedures, although fairly customary for bankruptcy attorneys, are somewhat complex for business people who may have an interest in purchasing a hotel in New York City in the hundred million dollar range. Three weeks time during the Thanksgiving Holiday season is simply not enough time for potential bidders to complete due diligence and submit a qualifying bid. It is hornbook law that a Chapter 11 trustee is tasked with maximizing the recovery for creditors other than the senior first mortgagee.

7.      The Limited Objectors understand the fact this Chapter 11 case has been pending since February 23, 2021 and this case has been contentious with millions of dollars in professional fees having been asserted by various professionals. However, the Limited Objectors respectfully submit extending the Bid Deadline and the closing deadline for a reasonable period of time will not prejudice any party in interest and may in fact lead to a greater sale price for the Hotel.

3

**WHEREFORE**, the Limited Objectors request the Court extend the Bid Deadline as well as the deadline to close the sale and grant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
         November 3, 2022

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Toby Moskovits and Michael Lichtenstein.*

By:＿＿＿/s/ Scott S. Markowitz＿＿＿＿＿＿＿＿＿＿＿
　　　Scott S. Markowitz, Esq.
　　　Robert A. Wolf, Esq.
　　　1350 Broadway, 11th Floor
　　　New York, New York 10018
　　　Telephone: (212) 216-8000
　　　smarkowitz@tarterkrinsky.com
　　　rwolf@tarterkrinsky.com

4

**EXHIBIT A**

1  existed on the petition date that would be scheduled in the

2  schedules, and it wasn't.

3          It appeared when it was convenient for the Debtors to

4  show it in connection with ostensible cash management

5  responsibilities; and frankly, other aspects to my mind that

6  would be favorable to the Debtor's insiders in an even at that

7  point highly contested bankruptcy case.  Namely, highlighting

8  the management company's rights in the event of the transfer of

9  the hotel and a higher-than-average management fee.

10         Again, it does little good to say that we've now

11  altered those provisions and have a revised management

12  agreement.  The point is, I believe the evidence is clear and

13  convincing one cannot trust the Debtor's principals to deal

14  like fiduciaries with this Debtor.  In multiple ways, they have

15  not done so.  I believe they've created documents after the

16  fact to increase their leverage or to make their legal position

17  stronger.  And that's cause for appointment of a trustee just

18  as the other aspects of cause that I've detailed here are as

19  well.

20         So I will grant the motions, and appoint an operating

21  Chapter 11 trustee.  I strongly agree with Mr. Zipes' comment

22  that this does not mean that this Debtor will go into sale

23  mode.  The U.S. Trustee knows a number of people who can serve

24  as an operating trustee for this hotel.

25         The fact that a trustee appoint -- is appointed,

*American Legal Transcription*