UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                           :

In re:                                                        :          Chapter 11

96 WYTHE ACQUISITION LLC,              :          Case No. 21-22108 (SHL)

                                Debtor.          :

---------------------------------------------------------------x

**DECLARATION OF NEIL BERGER IN FURTHER
SUPPORT OF REQUEST FOR ENTRY OF AN ORDER IMPOSING
<u>COERCIVE CIVIL SANCTIONS - NORENSBERG & ASSOCIATES INC.</u>**

Neil Berger, Esq. declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am a Partner with the law firm of Togut, Segal & Segal LLP (the "<u>Togut Firm</u>"), counsel to the Chapter 11 trustee (the "<u>Trustee</u>") in the above-captioned case (the "<u>Chapter 11 Case</u>").

2. I submit this Declaration in further support of entry of an order imposing coercive civil sanctions on Norensberg & Associates Inc. ("<u>Norensberg</u>") for failing to comply with the Court's *Order Compelling Norensberg & Associates Inc. to Comply with the Court's Rule 2004 Order and the Trustee's Subpoena* [Dkt. No. 783] (the "<u>Norensberg Compliance Order</u>").

3. The statements set forth herein are based upon my personal knowledge and belief, my privileged communications with the Trustee and his retained professionals, my review of the documents filed on the docket that is maintained for the Chapter 11 Case, and related documents and information obtained by the Trustee during his investigation of the Debtor's affairs and its estate.

4.	On September 20, 2022, the Trustee served a subpoena (the "Subpoena") to Norensberg,[1] a former accountant for the Debtor, which, among other things, requested the production of all documents and communications concerning, reflecting, or evidencing the Debtor, its affairs, assets, liabilities, and transfers. *See generally* Subpoena.

5.	The Subpoena also seeks, among other things, the production of workpapers, notes, memoranda, and research concerning the preparation of tax returns, audits, reviews, compilations, special projects, agreed-upon procedures, write-up work, and/or any other service provided by Norensberg concerning the Debtor's and/or the Manager's finances. *Id.*

6.	The deadline for responses or objections to the Subpoena was October 4, 2022, which passed without any compliance or objection.

7.	On October 6, 2022, the Trustee served a demand letter (the "Demand Letter"), via FedEx, to Norensberg demanding its compliance with the Subpoena by October 14, 2022. The Trustee received no response to the Demand Letter.

8.	On October 26, 2022, the Trustee filed the *Chapter 11 Trustee's Motion for an Order Compelling Norensberg & Associates Inc. to Comply with the Court's Rule 2004 Order and Subpoena* [Dkt. No. 757].

9.	On November 15, 2022, the Court entered the Norensberg Compliance Order.

10.	The Trustee caused the Norensberg Compliance Order to be served on Norensberg in compliance with the Norensberg Compliance Order.[2]

---

[1]    The Trustee filed two Affidavits of Service of the Subpoena [Dkt. Nos. 710-711].

[2]    The Trustee filed an Affidavit of Service of the Norensberg Compliance Order [Dkt. No. 782].

2

11. On November 16, 2022, the Togut Firm received an email from Daniel Norensberg indicating that he was willing to comply with the Subpoena and the Norensberg Compliance Order. On the same date, Norensberg was provided with access to a ShareFile server folder established by the Trustee and to which Norensberg could upload all documents responsive to the Subpoena.

12. On November 28, 2022, the Togut Firm sent Norensberg an email requesting a status update concerning Norensberg's compliance with the Subpoena because Norensberg had not yet uploaded any documents to the ShareFile server. Norensberg did not respond to that email.

13. On November 30, 2022, the Togut Firm sent Norensberg another email requesting a status update on Norensberg's compliance. Norensberg has not responded to that email or uploaded any documents to the ShareFile server.

14. As of the date hereof, Norensberg has failed to comply with the Subpoena and the Norensberg Compliance Order.

15. Norensberg's refusal to comply with the Subpoena has and continues to cause prejudice to the Trustee and the Debtor's estate: Norensberg's failure to comply slows and impedes the Trustee's investigation of the Debtor's affairs, assets, liabilities, and transfers, and it materially increases the costs of that investigation and impairs estate value.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on December 6, 2022 in New York, New York.

/s/ Neil Berger
NEIL BERGER

3