UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

In re:

96 WYTHE ACQUISITION LLC

           Debtor,

-------------------------------------------------------------------X

Chapter 11

Case No. 21-22108
(SHL)

### DECLARATION OF COMPLIANCE WITH THE TRUSTEE'S SUBPOENAS FOR RULE 2004 EXAMINATION OF MICHAEL LICHTENSTEIN AND WILLIAMSBURG HOTEL BK LLC

Michael Lichtenstein declares, under penalty of perjury, pursuant to 28 U.S.C., § 1746:

1.      I am the recipient of the Subpoena for Rule 2004 Examination to Michael Lichtenstein served by the Chapter 11 Trustee (the "Trustee's Subpoena"). **Exhibit "A."**

2.      I am also a principal of Williamsburg Hotel BK LLC, which is the Management Company for the Williamsburg Hotel, and I am therefore the recipient of the Trustee's Subpoena for Rule 2004 Examination to Williamsburg Hotel BK LLC.  **Exhibit "B."**

3.      I submit this Declaration of Compliance with the Trustee's Subpoenas for Rule 2004 Examination of Michael Lichtenstein and Williamsburg Hotel BK LLC ("the Responding Parties"). The Trustee's Subpoenas to Michael Lichtenstein and to Williamsburg Hotel BK LLC are jointly referred to herein as the "Subpoenas."

4.      I also submit this Declaration in reference to the Responding Parties' compliance with the Trustee's separate Subpoenas for Rule 2004 Examination of Northside Development Holdings LLC and 232 Seigel Development LLC ("Other Entities' Subpoenas"). **Exhibit "C."**

5.      The statements set forth herein are based on my personal knowledge, review of the Subpoenas, review of my files, and my privileged conversations with my counsel, including my

intellectual property counsel. We believe we have complied or substantially complied with the Trustee's Subpoenas.

6.      The Trustee's counsel indicated to my counsel that he has prioritized certain categories of documents sought within the Subpoenas. In particular, he asked that we give priority to the production of the requested Intellectual Property (Trademark) Information and certain Loan Documents, including ERTC documents. As addressed below, we did prioritize those requests and produced responsive documents.

7.      The Trustee's Subpoena Request numbers 15 through 40 seek the production of "Intellectual-Property-Related" documents and information, including documents concerning Trademarks ("Intellectual Property Information").

8.      In a good faith effort to comply with the Subpoenas, I and we conducted a thorough search for the requested Intellectual Property Information in all areas where such documents and/or information were likely to be found. I conducted searches for Intellectual Property Information, including use of the Trademarks, emails about the Trademarks, Trademark applications, and discussions with IP counsel.

9.      I, Toby Moskovits and my counsel also spoke with IP Counsel, Caroline Boehm and Milton Springut of Moses Singer, who advised my counsel that they conducted their own thorough search for the requested Intellectual Property Information, in all areas where such documents and/or information were likely to be found and provided their entire file, which my counsel produced on November 3, 2022, bates stamped document numbers BKTM0024211-024588. See **Exh. "F."**

10.     I understand that following that production, the Trustee requested "attachments" to certain correspondence in IP Counsel's file, that the Trustee thought were missing. Following the

Trustee's request, my counsel asked IP Counsel to provide any attachments that may have been missing from their production. See **Exhibit "G."**

11.      IP Counsel advised again that they believed they provided all materials in their file and asked what may be missing. **Exhibit "H."** My counsel replied to them with a list of e-mails contained in the production that referenced attachments. **Exhibit "I."**

12.      My counsel and I are following up with IP Counsel for a response and for any additional production from their files. If and when further documents are provided by IP Counsel, my counsel will produce them immediately to the Trustee.

13.      If IP Counsel does not have any additional documents, we will have provided a full and complete response to the Trustee's Subpoena requests for Intellectual Property Related Information. If IP Counsel provides additional documents, we will provide them to the Trustee's counsel immediately.

14.      I and the Responding Parties have complied in good faith with the Trustee's request for Intellectual Property Information by producing the following documents:

     **a.**   **Intellectual Property/Trademark Documents (responsive to Subpoena requests 15-40 and Subpoena requests to Williamsburg Hotel BK LLC 17-42):**

       i.   **BKTM000001-000231**: Trademark documents, produced on 10/11/22. **Exhibit "D."**

       ii.   **BKTM008365-008412**: Correspondence with Trademark Counsel, produced on 10/19/22. **Exhibit "E."**

       iii.   **BKTM0024211-024588**: Trademark Counsel's file, produced on 11/3/22. **Exhibit "F."**

**Loan Documents**

15.     We also prioritized and complied with the Trustee's request for Loan Documents, including documents relating to the PPP loan, EIDL Loan and ERTC Credits ("Loan Documents").

16.     We produced nearly 100 pages of SBA Loan Agreements and related documents, as well as EIDL Application materials as bates stamped document numbers: **BKTM022959-023003** and **BKTM024160-024210,** produced on 10/26/22. **See Exhibit "J."**

17.     We also produced documents responsive to the ERTC loan in response to the Trustee's requests for Loan Documents, as bates stamped document numbers: **BKTM025186-025202**, as well as seven Excel spreadsheets (not bates stamped) produced on 12/1/22. **Exhibit "K."**

18.     Further, in response to the Trustee's follow-up demand regarding Loan Documents, and the Trustee's request for any communications with accountants regarding Loan Documents, I conducted a thorough search for any communications with our accountants regarding the loan application and had my personnel conduct searches. No such communications were found.

19.     Parenthetically, we did not use the services of accountants to apply for the subject loans.

**General Requests**

20.     With respect to the Trustee's "General Requests" for "All Communications" concerning the Debtor ("Communications"), these requests are so broad and large in scale, unlimited in any way, and encompass so many years, as to be unreasonable, and compliance would require a very costly and burdensome search and review. While we do not object to producing communications that are responsive and relevant to this, in order to do so, we and our attorneys will propose a mutual agreement as to the parameters of the search and production.

21.     With respect to the remainder of the Trustee's "General Requests," we conducted a thorough search for the requested documents in all areas where such documents and/or information were likely to be found, and have substantially complied with the remainder of the General Requests (with the exception of the Communications, as addressed above) as follows, listed with accompanying bates stamp ranges and dates produced by my counsel:

a.  **Tax, Financial Obligation, Lender, Transfer and Examiner Documents (responsive to Subpoena requests 2-10 and 12-14 and Subpoena requests 15-16 to Williamsburg BK LLC):**

   i.  **BKTM000238-000410**: The Williamsburg Hotel BK LLC tax records between 2017-2020 and 96 Wythe's Equity Report, produced on 10/18/22. **Exhibit "L."**

   ii.  **BKTM000411-000437**: The Williamsburg Hotel BK LLC occupancy tax returns and payment records 2017-2022 produced on 10/18/22. **Exhibit "M."**

   iii.  **BKTM000438-003711**: Advance Bookings for The Williamsburg Hotel, Equity and Loans Reports, Owner's Loans, Owner's Loans Transfer Reports, Reports for transfers from hotel operations to 96 Wythe, Projections, 96 Wythe Acquisition LLC occupancy tax returns and filings and payment records 2019 and 2020, Williamsburg Hotel BK LLC tax filings 2019 and 2020, produced on 10/18/22. **Exhibit "N."**

   iv.  **BKTM003712-007636**: 96 Wythe Holding LLC, 96 Wythe Acquisition LLC and The Williamsburg Hotel credit card statements, transfer records, bookings, bank statements for 96 Wythe Acquisition LLC, 96 W Development LLC and The Williamsburg Hotel BK LLC, income reports, produced on 10/19/22. **Exhibit "O."**

v. **BKTM007637-007827**: Tax return records and filings for the Williamsburg Hotel BK LLC, loans and exchange reports, and equity reports for 96 Wythe LLC, produced on 10/19/22. **Exh. "O."**

vi. **BKTM007828-008014**: The Williamsburg Hotel's Forward Booking Reports, Bank Statements, Income Reports, Prepaid Revenue, Accounts Receivable, Accounts Payable, Payroll, STR Reports, Filed MOR, produced on 10/19/22. **Exh. "O."**

vii. **BKTM008015-008024**: Loans, Books and Records to 96 Wythe, Occupancy Tax Returns, produced on 10/19/22. **Exh. "O."**

viii. **BKTM008025-008329**: 96 Wythe Acquisition Tax Returns 2017-2020 and Occupancy Tax Returns, produced on 10/19/22. **Exh. "O."**

ix. **BKTM008330-008359**: Loans Transfer Bank Statements, produced on 10/19/22. **Exh. "O."**

x. **BKTM008360-008364**: The Williamsburg Hotel NYC Occupancy Tax Payments, produced on 10/19/22. **Exh. "O."**

xi. **BKTM008431-013118**: 96 Wythe bank statements for the Examiner, produced on 10/24/22. **Exhibit "P."**

xii. **BKTM013191-019317**: Bank statements for 96 Wythe Acquisition, 96 W Development, The Williamsburg Hotel BK LLC, payroll registers, Examiner Information Request, and Employee list for the Williamsburg Hotel BK LLC, produced on 12/5/22. **Exhibit "Q."** We also produced bank statements for numerous other accounts such as Seigel, Northside, and many others.

xiii. **BKTM019318-019453**: Returns for 96 Wythe Acquisition and The Williamsburg Hotel BK LLC, produced on 12/5/22. **Exh. "Q."**

xiv.    **BKTM019454-019494**: Statements for the Williamsburg Hotel BK LLC, produced on 12/5/22. **Exh. "Q."**

xv.    **BKTM019495-021829**: Statements, receiver period information, 96 Wythe real estate tax bills, payroll for the Williamsburg Hotel BK LLC, statements of payments, income statements, weekly reports, general ledgers, post-petition information, management company bank statements, contracts, claims and lawsuits, produced on 12/5/22. **Exh. "Q."**

xvi.    **BKTM-21830-022958**: Property information, historical financials, hotel management agreements, budget, guest ledger, STR reports, real estate tax bills, contracts and equipment leases, produced on 12/5/22. **Exh. "Q."**

xvii.    **BKTM023004-024159**: W-2s, check registers, wire logs, produced on 12/5/22. **Exh. "Q."**

xviii.    **BKTM024589-025185**: Financial reports, general ledger, statements, monthly financials, STR reports, forward booking report, income statements, accounts receivable, accounts payable, produced on 12/5/22. **Exh. "Q."**

22.    I understand that prior to the production of documents that was made on 12/5/22, my counsel separated out documents that were duplicative of other or previously provided discovery. We are aware that these duplicate items are preserved in a separate file maintained by my counsel and can be provided to the Trustee at their request.

23.    As mentioned above, we also produced an extensive amount of documents in response to the Trustee's separate, subsequent Other Entities' Subpoenas to Northside Development Holdings LLC, as bates stamped document numbers **BKTM008547-008580-008790, 011593-011744,**

**012191-012338, 025206-025209**, and to 232 Seigel Development LLC as bates stamped document numbers **BKTM009811-009920, 025203-025204, 025205**, produced on 12/5/22. **Exh. "Q."**

24.     Mand are in substantial compliance with these Subpoenas.

25.     If the Trustee has any additional follow-up demands, we will continue review our files for responsive documents in order to respond accordingly.

26.     Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on December 5, 2022 in New York, New York.

*Michael Lichtenstein*

_____
    MICHAEL LICHTENSTEIN

# EXHIBIT "A"

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 96 Wythe Acquisition, LLC, | : | Case No. 21-22108 (SHL) |
| | : | |
| Debtor. | : | |
| | : | |

-------------------------------------------------------------x

## **AFFIDAVIT OF SERVICE OF SUBPOENA FOR RULE 2004 EXAMINATION**

STATE OF NEW YORK   )
                       ) ss.:
COUNTY OF NEW YORK )

        Jonathan Cohen, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides in Caldwell, New Jersey.

        On September 1, 2022, deponent served a copy of the attached Subpoena For Rule 2004 Examination directed to Michael Lichtenstein, together with its Exhibit "A", a copy of the August 8, 2022 Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure [Docket No. 647], a copy of which is annexed hereto, upon the following party by FedEx standard overnight delivery:

Michael Lichtenstein
c/o Tarter Krinsky & Drogin
1350 Broadway, 11th Floor
New York, NY 10018
Attn: Robert A. Wolf, Esq.
Scott S. Markowitz, Esq.

*/s/ Jonathan Cohen*
JONATHAN COHEN

Sworn to before me this
6th day of October, 2022

*/s/ Cynthia Sotomayor*
NOTARY PUBLIC

# TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119
(212) 594-5000

FACSIMILE
(212) 967-4258

EMAIL
jmcclain@teamtogut.com

September 1, 2022

**<u>VIA FEDEX</u>**
Michael Lichtenstein
c/o Tarter Krinsky & Drogin
1350 Broadway, 11th Floor
New York, NY 10018
Attn: Robert A. Wolf, Esq.
Scott S. Markowitz, Esq.

Re:    In re 96 Wythe Acquisition LLC,
<u>Chapter 11 Case No. 21-22108 (SHL)</u>

Dear Messrs. Wolf and Markowitz:

We are the attorneys for Stephen S. Gray, not individually but solely in his capacity as Chapter 11 trustee of the above-referenced debtor.

Enclosed please find a subpoena requiring the production of documents no later than 14 days after the date of this letter and the Bankruptcy Court's *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedures,* entered on August 8, 2022 [Docket No. 647] authorizing service of the subpoena by FedEx. Please contact me with any questions.

Very truly yours,

TOGUT, SEGAL & SEGAL LLP
By:

/s/ John S. McClain

John McClain

Enclosures

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13)

# UNITED STATES BANKRUPTCY COURT

Southern _____    District of New York _____

In re 96 Wythe Acquisition LLC _____    Case No. 21-22108 (SHL) _____

_____ Debtor _____

Chapter 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Michael Lichtenstein _____

*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Togut, Segal & Segal LLP<br>One Penn Plaza, Suite 3335<br>New York, NY 10119 | TBD |

The examination will be recorded by this method: _____

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A; documents to be produced by September 15, 2022 at Togut, Segal & Segal LLP at the address above.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/1/22 _____

CLERK OF COURT

OR

_____    /s/ John McClain _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Stephen S. Gray, as Chapter 11 Trustee ___ , who issues or requests this subpoena, are:

Neil Berger, Esq., Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, neilberger@teamtogut.com, (212) 594-5000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit A

## DEFINITIONS

Unless otherwise defined below, the definitions and instructions set forth in the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the Federal Rules of Civil Procedure (the "Federal Rules"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shall apply to the requests for production (the "Requests") listed below.

1.     **Affiliate**. The term "Affiliate" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(2) of the Bankruptcy Code.

2.     **Adversary Proceedings**. The term "Adversary Proceedings" means *96 Wythe Acquisition, LLC v. Benefit Street Partners Realty Operating Partnership, L.P.* (Adv. Proc. No. 22-07002) (Bankr. S.D.N.Y.) and *96 Wythe Acquisition LLC v. Commissioner of Fin. of the City of New York* (Adv. Prov. No. 22-07027) (Bankr. S.D.N.Y.).

3.     **Bankruptcy Code**. The term "Bankruptcy Code" means title 11 of the United States Code.

4.     **Chapter 11 Case**. The term "Chapter 11 Case" means the Debtor's bankruptcy case, *In re 96 Wythe Acquisition LLC,* Case No. 21-22108 (SHL) (Bankr. S.D.N.Y.).

5.     **Communication**. The term "Communication" or "Communications" means any transmission and/or receipt of information (in the form of facts, ideas, inquiries, or otherwise), whether oral or written, and whether chance, prearranged, formal, or informal. The term "Communication" includes any letters, memoranda, statements, media releases, press conferences, magazine articles, newspaper articles, testimony given before a governmental body, in-person statements

1

and conversations, telephone statements and conversations, voicemail messages, video transmissions, audio transmissions, and electronic messages, including electronic mail, instant messages, text messages, and messages sent over mobile-device chat services, including Instant Bloomberg, Bloomberg messages, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, Slack, WeChat, and Snapchat.

6.      **Concerning**.  The term "concerning" means analyzing, arising out of, collaborating, comprising, concerning, considering, constituting, containing, contradicting, controverting, demonstrating, describing, discussing, disputing, embodying, evaluating, evidencing, identifying, indicating, made in connection with or by reason of or arising from, memorializing, mentioning, providing, rebutting, referencing, referring to, reflecting, refuting, relating to, showing, supporting, or otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

7.      **Court.**  The term "Court" means the United States Bankruptcy Court for the Southern District of New York.

8.      **CRO.**  The term "CRO" means David Goldwasser and/or G.C. Realty Advisors LLC, any of their current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively.

9.      **Debtor.**  The term "Debtor" means 96 Wythe Acquisition LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

2

investment bankers, managers, members, officers, officials, owners, direct or indirect

Parents, partners, predecessors-in-interest, principals, representatives, direct and

indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities

acting or purporting to act on its behalf, individually and/or collectively, including,

without limitation, the Receiver.

10.     **Debtor's Counsel.** The term "Debtor's Counsel" means, but shall

not be limited to: Mayer Brown LLP; and Backenroth Frankel & Krinsky, LLP; and any

of their current and former accountants, Affiliates, agents, assignees, attorneys,

auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

investment bankers, managers, members, officers, officials, owners, direct or indirect

Parents, partners, predecessors-in-interest, principals, representatives, direct and

indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities

acting or purporting to act on their behalf, individually and/or collectively.

11.     **Debtor's Professionals.** The term "Debtor's Professionals" means,

but shall not be limited to: G.C. Realty Advisors LLC; Getzler Henrich & Associates

LLC; Hilco Real Estate, LLC; B. Riley Advisory Services; and Leitner Berman, and any

of their current and former accountants, Affiliates, agents, assignees, attorneys,

auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

investment bankers, managers, members, officers, officials, owners, direct or indirect

Parents, partners, predecessors-in-interest, principals, representatives, direct and

indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities

acting or purporting to act on their behalf, individually and/or collectively.

12.     **Disclosure Statement.** The term "Disclosure Statement" means all

disclosure statements prepared by or on behalf of the Debtor in connection with the

3

Chapter 11 Case, including, without limitation, the *Third Amended Disclosure Statement*
[Docket No. 196].

13.    **Document.** The term "Document" or "Documents" is defined to be
synonymous in meaning and equal in scope to the usage of the term "documents or
electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), *i.e.*,
"writings, drawings, graphs, charts, photographs, sound recordings, images, and other
data or data compilations—stored in any medium from which information can be
obtained either directly or, if necessary, after translation by the responding party into a
reasonably usable form." A draft or non-identical copy is a separate Document within
the meaning of this term. For the avoidance of doubt, the term "Document" shall
include any and all forms of recorded communication.

14.    **EIDL Loan.** The term "EIDL Loan" means the Amended Loan
Authorization and Agreement entered into between the Manager and the Small
Business Administration pursuant to the Economic Injury and Disaster Loan program
with an effective date of July 20, 2021, the proceeds of which the Manager received in
the amount of $350,000.00;  as well as any other loan that may have been sought and/or
obtained pursuant to any Economic Injury and Disaster Loan program by You, the
Manager, Heritage, the Debtor, and/or any Affiliate of You, the Manager, Heritage,
and/or the Debtor.

15.    **EDNY Litigation.** The term "EDNY Litigation" means *Tenenbaum
v. Heritage Equity Holdings LLC, et al.*, Case No. 21-cv-5781 (E.D.N.Y.).

16.    **ERTC Credits.** The term "ERTC Credits" means, without
limitation, the Employment Retention Tax Credits issued to the Manager in the amount
of $408,263.92 for Q1 2021 and $673,385 for Q2 2021, as well as any other Employment
Retention Tax Credit that may have been sought or obtained by You, the Manager,

4

Heritage, the Debtor, and/or any Affiliate of You, the Manager, Heritage, and/or the Debtor.

17.    **Examiner**. The term "Examiner" means Eric M. Huebscher, who was appointed by the Court as the Examiner in the Chapter 11 Case on November 16, 2021 [Docket No. 186], and any person and/or entities acting or purporting to act on his behalf, individually and/or collectively.

18.    **FIA.** The term "FIA" means FIA Capital Partners and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

19.    **Heritage.** The term "Heritage" means Heritage Equity Holdings, LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

20.    **Hotel.** The term "Hotel" means The Williamsburg Hotel, located at 96 Wythe Avenue, Brooklyn, New York 11249.

21.    **Insider.** The term "Insider" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(31) of the Bankruptcy Code.

5

22.    **Intellectual Property.** The term "<u>Intellectual Property</u>" is defined to be consistent in scope with this term as it is defined in section 101(35A) of the Bankruptcy Code, including, without limitation:

- "The Williamsburg Hotel" name and trademark;

- Electronic and other digital assets and information related to the Hotel's and/or the Debtor's operations;

- Online presence and related marketing related to the Hotel's and/or the Debtor's operations, such as the Hotel's website domain and social media platforms; and

- Any other intellectual property owned, developed, used, leased, and/or licensed by You, the Debtor, the Manager, and/or Heritage in connection with the Hotel's and/or the Debtor's operations.

23.    **Lender.** The term ("<u>Lender</u>") means Benefit Street Partners Realty Operating Partnership, L.P and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

24.    **Loans.** The term "<u>Loans</u>" means the PPP Loan, the EIDL Loan, and any other loan concerning the Hotel, the Debtor, and/or the Manager that was sought and/or applied for and/or received by You, the Manager, Heritage, the Debtor, and/or any Affiliate of You, the Manager, Heritage, and/or the Debtor.

25.    **Manager.** The term "<u>Manager</u>" means The Williamsburg Hotel BK, LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect

6

Parents, partners, predecessors-in-interest, principals, representatives, direct and

indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities

acting or purporting to act on its behalf, individually and/or collectively.

26.    **Northside**. The term "Northside" means Northside Acquisition

Partners, LLC; Northside Development Holdings, LLC; Northside Kent Partners LLC;

Northside Management LLC; Northside Management NY LLC; Northside Seigel LLC;

and Northside St Johns LLC, individually and collectively, any of its current and former

accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors,

divisions, employees, financial advisors, Insiders, investment bankers, managers,

members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-

interest, principals, representatives, direct and indirect Subsidiaries, successors-in-

interest, trustees, and any other persons and entities acting or purporting to act on its

behalf, individually and/or collectively, including, without limitation, Mark Kirschner.

27.    **Petition Date**. The term "Petition Date" means February 23, 2021.

28.    **Parent**. The term "Parent" means any entity that directly or

indirectly controls the management of a second entity, including but not limited to any

entity who owns the stock or other ownership interests of a second entity in such

quantity that the entity possesses the ordinary voting power to elect a majority of the

board of directors or managers of the second entity.

29.    **Plan.** The term "Plan" means all plans prepared by or on behalf of

the Debtor, including, without limitation, the *Third Amended Chapter 11 Plan of*

*Reorganization* [Docket No. 551] filed by the Debtor's Counsel in the Chapter 11 Case.

30.    **Principals**. The term "Principals" means Michael Lichtenstein and

Toby Moskovits, individually and/or collectively, and any of their current and former

accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, employees,

7

financial advisors, Insiders, investment bankers, partners, predecessors-in-interest,
representatives, successors-in-interest, trustees, and any other persons and entities
acting or purporting to act on their behalf, individually and/or collectively, including,
without limitation, the Principal Affiliates.

31.    **Principal Affiliates**. The term "Principal Affiliates" means: 232
Seigel Acquisition, LLC; Seigel Development, LLC; Mint Development Corporation;
564 St. Johns Acquisition, LLC; 564 St. Johns Holdings, LLC; 564 St. Johns LLC;
Northside; 215 Moore Street Acquisition LLC; 215 Moore Street Development LLC;
875 4th Avenue Acquisition LLC; 286 Rider Ave Acquisition, LLC; Heritage GC Walton
Acquisition LLC; Brooklyn Bread Lab; Building Development Corp; Bushwick Bread
Lab, LLC; and 96 W Development, LLC; and any other entity that is owned, directly or
indirectly, by the Principals, individually and/or collectively, and any of their current
and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel,
directors, divisions, employees, financial advisors, Insiders, investment bankers,
managers, members, officers, officials, owners, direct or indirect Parents, partners,
predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries,
successors-in-interest, trustees, and any other persons and entities acting or purporting
to act on their behalf, individually and/or collectively.

32.    **PPP Loan**. The term "PPP Loan" means the loan agreement
entered into between the Manager and the Small Business Administration pursuant to
the Paycheck Protection Program, the proceeds of which the Manager received in April
2020 in the amount of $1,438,000.00, as well as any other loan that may have been
sought and/or obtained by the Debtor, the Manager, the Principals, or any Affiliate of
the Debtor, the Manager, or the Principals pursuant to the Paycheck Protection
Program.

8

33.     **Receiver.** The term "Receiver" means Constantino Sagonas, who was appointed as the Hotel's temporary receiver on February 21, 2020 by the New York State Supreme Court in the mortgage-foreclosure action captioned *BSPRT 2018-Fl3 Issuer, Ltd. v. 96 Wythe Acquisition LLC, et al.* (Index No. 653396 / 2019) [NYSCEF Doc. No. 155], as well as any of his current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, employees, financial advisors, Insiders, investment bankers, partners, predecessors-in-interest, representatives, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on his behalf, individually and/or collectively.

34.     **Subsidiary.** The term "Subsidiary" means any entity whose management is controlled, directly or indirectly, by a second entity, including but not limited to any entity whose stock or other ownership interests are owned by a second entity in such quantity that the second entity possesses the ordinary voting power to elect a majority of the board of directors or managers of the entity.

35.     **Taxes.** The term "Taxes" means any and all taxes concerning the Hotel, the Debtor, and/or the Manager currently or previously owed by the Debtor, the Manager, Heritage, the Principals, and/or any Affiliate of the Debtor, the Manager, Heritage, and/or the Principals.

36.     **Transfer.** The term "Transfer" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(54) of the Bankruptcy Code.

37.     **Trustee.** The term "Trustee" means Stephen S. Gray, who was appointed as the Chapter 11 Trustee of the Debtor's estate by the Court on May 31, 2022 in the Chapter 11 case [Docket No. 593].

9

38.    **2004 Order**.  The term "2004 Order" means the *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* entered on August 8, 2022 in the Chapter 11 Case [Docket No. 647].

39.    **Valuation**.  The term "Valuation" means the attribution of a qualitative or quantitative value, to or a change in value of, a particular asset, liability, or category of either whether based on book value, market value, or any other valuation metric utilized under any reporting standard.

40.    **You**.  The terms "Michael Lichtenstein," "You," or "Your" mean or refer to Michael Lichtenstein and any of his current and former accountants, Affiliates, agents, assignees, attorneys, auditors, bankers, counsel, employees, financial advisors, partners, predecessors-in-interest, representatives, successors-in-interest, and any other persons and entities acting or purporting to act on his behalf, individually and/or collectively, including, without limitation, Toby Moskovits.

## INSTRUCTIONS

1.    Unless otherwise indicated, You shall produce all responsive Documents that are in your possession, custody, or control.  A Document is in your possession, custody, or control if you have actual possession or custody or the right to obtain the Document or a copy thereof upon request or demand from any entity or person.  This includes any Documents contained on or in any computer, mobile device, server, mainframe, or other storage device (including:  (i) Documents on or in computer memory;  (ii) Documents on or in computer or network backup files;  and (iii) Documents that have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within your possession, custody, or control.  For the avoidance of doubt, this also includes any Documents contained on any personal

10

computer, mobile device, server, mainframe, or other storage device within your

possession, regardless of whether you own such device.

    2.    The term "<u>possession</u>" relates to all Documents, including email,

text messages, mobile-device chats, or other messaging services, and any other

electronically-stored information. The term "possession" also includes Documents

contained in email, cloud-based, and mobile-device directories, including: (a) "deleted"

Documents that have not been permanently deleted, including all subdirectories

irrespective of the title of such subdirectories; (b) "sent" Documents, including all

subdirectories irrespective of the title of such subdirectories; and (c) "received"

Documents, including all subdirectories irrespective of the title of such subdirectories.

    3.    The Documents produced pursuant to these Requests shall be

either: (a) segregated and identified by the number of the request below to which they

are responsive; or (b) produced as they are maintained in the ordinary course of

business.

    4.    Documents shall be produced with sufficient information to

identify the files or repositories in which such responsive Documents are maintained in

the normal course of business, including, for example, an index, key, code, or other

means of ascertaining the source of the produced Documents.

    5.    Electronically stored information must be produced in both native

and a searchable format, unless the Trustee agrees otherwise.

    6.    All Documents that are produced in electronic format shall be

provided with: (i) Group W "tiff" images and IPRO-ready OPT files; (ii) a

Concordance DAT delimited file with boundaries; (iii) full text OCR, with OCR text

files provided on a document level; and (iv) all metadata fields associated with each

electronic Document. The Trustee also requests that all spreadsheets created in

11

Microsoft Excel or a similar spreadsheet program be produced in their native format.
The Trustee reserves his rights to request that other Documents be produced in their
native format if necessary. The following metadata fields shall also be produced with
all Documents produced in electronic format:

| Field Name | Description |
|---|---|
| BEGDOC | An automatically-generated number assigned to first page of the Document |
| ENDDOC | An automatically-generated number assigned to last page of the Document |
| BEGATTACH | An automatically-generated number assigned to the first page of the parent Document in a family |
| ENDATTACH | An automatically-generated number assigned to the last page of an attachment in a Document family |
| PARENT_ID | The beginning DOCID for a parent Document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (*e.g.*, Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | A vendor-populated field where "P" denotes a parent Document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual Document |
| FROM | The name of the sender of an email, from the "From" field |
| TO | The recipient(s) of an email, from the "To" field |
| CC | The name(s) of any Person(s) to whom a copy of an email was sent, from the "CC" field |
| BCC | The name(s) of any Person(s) that were blind copied on an email, from the "BCC" field |
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |

12

| Field Name | Description |
|---|---|
| CUSTODIAN | The name(s) of the Person(s) from which a collection of email- or application files originate |
| AUTHOR | The name of the author or the creator of an application file, from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_ CREATED | The time at which an email or application was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "Last Author" field for an application file |
| LAST_SAVED | The date in the "Last Saved" field for an application file |
| LAST_PRINTED | The date in the "Last Printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The filename extension of each email, attachment, or application file |
| FILENAME | The name of an application file, including its extension |
| FILESIZE | The size of a Document in bytes |
| SOURCEFOLDER | The full path information for email, attachments, and application files beginning with the original source-folder name |
| HASHVALUE | The output of an algorithm-generated value for each individual file |
| SEARCH_HIT | The search term or terms that "hit" on a Document |

| Field Name | Description |
|:---:|:---:|
| NATIVE_FILE | A hyperlink to the native file |

7.      Each page of every Document produced in response to a Request must be marked with a unique Bates number to allow for accurate identification.

8.      Any Documents attached to each other shall not be separated.

9.      Any Document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

10.     Each requested Document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other Documents at any time affixed thereto.  If a Document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11.     To the extent that any responsive Document is withheld from production:  (a) because the Document is no longer in Your possession, custody or control;  or (b) based upon a claim of attorney-client privilege, the work-product doctrine, or any other privilege or protection, You are required to provide, upon the completion of the production of non-privileged Documents, a list (the "Withheld Document List") setting forth as to each such withheld Document the following information to the extent known:

   i.   the title, date and type of Document (*e.g.*, memorandum, report, chart);

   ii.  its subject matter (without revealing the information as to which privilege or statutory authority is claimed);

   iii. the name of each author, writer and/or sender of the Document;

14

    iv.  the name of each recipient, addressee, or other party to whom the Document or a copy was sent or directed;

    v.  the specific request(s) to which the Document is responsive; and

    vi.  to the extent the Document is withheld based on a claim of lack of possession pursuant to subparagraph (a) above, (A) when the Document was most recently in Your possession, custody or control, (B) the disposition of the Document and (C) the identity of any Person who has possession, custody or control of the Document;[1] or

    vii.  to the extent the Document is withheld based on a claim of privilege pursuant to subparagraph (b) above, (Y) the specific privilege claimed and (Z) the factual and legal basis for the privilege claimed or the specific statutory or other authority that provides the claimed ground for non-production.

12.    If you maintain that any responsive Document has been destroyed, you shall set forth the contents of the Document, the date of its destruction, and the name of the Person(s) who authorized its destruction upon the Withheld Document List.

13.    If a portion of an otherwise-responsive Document contains information subject to a claim of privilege or protection pursuant to paragraph 11(b) above, those portions of the Document subject to the claim of privilege or protection may be redacted from the Document, but the instructions in the preceding paragraph 11 shall be applicable and the redacted Document shall be produced.

14.    If a Request is only partly objectionable, You shall respond to the remainder of the Request that is not objectionable.

15.    If an objection or request for relief is made with respect to any Request or portion thereof, the objection or request for relief shall state all grounds on which it is based with specificity.  Any ground not stated in the objection or request for

---

[1]    If a Document has been destroyed, the Withheld Document List shall also include:  (a) the reason for its destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

15

relief within the time provided by the 2004 Order, or any extensions thereof, shall be deemed waived.

16.    If any requested Document or other Document potentially relevant to this action is subject to destruction under any document-retention or -destruction program, such Document shall be exempted from any scheduled destruction and shall not be destroyed until the conclusion of this action or unless otherwise permitted by the Bankruptcy Court.

17.    If you previously but no longer possess items responsive to a particular Request, you shall specify why you no longer possess such items and the name and address of any Person(s) known or believed by you to have possession, custody, or control of such items.

18.    Terms not specifically defined herein shall be given their ordinary meanings as you understand them to be used in the trade or pursuant to ordinary usage.

19.    The singular form of any word shall be construed as including the plural form and vice versa, and the masculine form of any word shall be construed as including the feminine form and vice versa, wherever necessary to bring within the scope of a Request all Documents that might otherwise be construed to be outside of its scope.

20.    The terms "all," "any," and "each" shall be construed as encompassing any and all.

21.    The terms "include," "includes," and "including" shall be construed in each instance as being followed by the words "without limitation." A list following any of these terms shall be interpreted to contain illustrative examples of the types of Documents responsive to the request, but does not constitute an exclusive, all-

16

encompassing or exhaustive listing of every type of Document responsive to the request and shall not be construed in any way to qualify, limit, or restrict the scope of the request.

22.    The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary, in each case, to bring within the scope of these requests all responsive Documents that might otherwise be construed to be outside their scope.

23.    Any ambiguity in a request shall be construed to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

## RELEVANT TIME PERIOD

24.    The relevant time period for each request is February 23, 2015 through the date of production (the "Relevant Time Period"), unless otherwise specifically indicated.  Each request shall be interpreted to include all Documents that concern the Relevant Time Period or otherwise-specified period, even if such Documents were prepared or published outside of the Relevant Time Period or otherwise-specified period.  If any Document that was prepared or published before or after the Relevant Time Period or otherwise-specified period is necessary for a correct or complete understanding of any Document that is responsive to a Request, You shall produce these Documents as well.  If any Document is undated and the date of its preparation cannot be determined, You shall produce the Document if otherwise responsive to a request for production.

17

## REQUESTS FOR PRODUCTION

### GENERAL REQUESTS

**REQUEST NO. 1:**

All Documents and Communications concerning the Debtor.

**REQUEST NO. 2:**

All Documents and Communications between You and any of the Debtor's creditors concerning the Debtor, including, without limitation, the Lender.

**REQUEST NO. 3:**

All Documents and Communications between You and the Manager concerning the Debtor.

**REQUEST NO. 4:**

All Documents and Communications between You and Heritage concerning the Debtor.

**REQUEST NO. 5:**

All Documents and Communications between You and the Examiner, including, without limitation, all Documents and Communications produced to the Examiner in connection with his investigation in the Chapter 11 Case.

**REQUEST NO. 6:**

All Documents and Communications between You and the Receiver.

**REQUEST NO. 7:**

All Documents and Communications concerning the Debtor between You and contractors of the Debtor, including, without limitation, those parties listed in **Appendix 1** hereto**.**

**REQUEST NO. 8:**

All Documents and Communications between You and the CRO concerning the Debtor.

**REQUEST NO. 9:**

All Documents and Communications between You and the Debtor's Professionals concerning the Debtor.

18

**REQUEST NO. 10:**

        All Documents and Communications between You and the Debtor's Counsel concerning the Debtor, including, without limitation:

- All Documents and Communications concerning contemplated or actual engagements with the Debtor, including, without limitation, all draft and executed engagement letters;

- All common-interest agreements to which You, the Debtor, the Manager, and/or Heritage is a party;

- All time records concerning Debtor-related work, including all drafts and revisions;

- All draft and final versions of Debtor-related work product; and

- All Documents and Communications concerning contemplated or actual compensation of the Debtor's Counsel from any source whatsoever.

**REQUEST NO. 11:**

        All Documents and Communications concerning the PPP Loan, EIDL Loan, or ERTC Credits, including, without limitation, all bank statements for accounts into which proceeds of the PPP Loan, EIDL Loan, and/or ERTC Credits were received.

**REQUEST NO. 12:**

        All Documents concerning any Transfer between and/or among You, the Debtor, the Manager, and/or Heritage.

**REQUEST NO. 13:**

        All Documents concerning the Debtor's finances, including, without limitation, all Documents concerning the Debtor's Taxes and all Documents concerning any financial obligation owed by the Debtor to any person or entity other than the Lender.

**REQUEST NO. 14:**

        Documents sufficient to show Your ownership interests, if any, in each of the Debtor, the Manager, Heritage, and the Principal Affiliates throughout the Relevant Time Period.

## INTELLECTUAL-PROPERTY-RELATED REQUESTS

**REQUEST NO. 15:**

All Documents and Communications concerning the adoption, selection, creation, first use, registration, and/or ownership of "The Williamsburg Hotel" name and trademark.

**REQUEST NO. 16:**

All Documents and Communications concerning the adoption, selection, creation, first use, registration, and/or ownership of other Intellectual Property concerning the Hotel.

**REQUEST NO. 17:**

All Documents and Communications concerning the acquisition and/or maintenance of the Intellectual Property by You, the Manager, Heritage, and/or the Debtor, including, without limitation, all Documents concerning the payment of any expenses associated therewith.

**REQUEST NO. 18:**

Documents sufficient to show:

- All trademarks, service marks, and/or trade names owned and/or used by You, the Manager, Heritage, and/or the Debtor, indicating, for each, the application or registration number, date registered or filed, and status;

- All unregistered trademarks and service marks related to the Debtor;

- All Internet domain names owned and/or used by the Principals, the Manager, Heritage, and/or the Debtor, indicating for each, where applicable, the record owner;

- All issued patents, applied-for patents, and invention disclosures owned and/or used by You, the Manager, Heritage, and/or the Debtor indicating for each, where applicable, the title of the invention, patent or application number, inventor, date issued or filed, country, subject matter, and record owner;

- All registered and applied-for copyrights owned and/or used by You, the Manager, Heritage, and/or the Debtor indicating, for each, title of work, registration or application number, date registered or filed, country, and record owner;

20

- All material software, databases, and systems owned, developed, used, leased, and/or licensed by You, the Manager, Heritage, and/or the Debtor, indicating, for each, which is owned, developed, used, leased and/or licensed, and from whom;

- All trade secrets and material unpatented technology of the Debtor or the Debtor's business;

- All websites used by You and/or any entity under Your control concerning the Hotel; and

- All outside intellectual-property counsel of the Debtor, indicating, for each, name, address, phone, email, and facsimile numbers.

**REQUEST NO. 19:**

Documents sufficient to show any existing or unreleased security interests, liens, or encumbrances on the the Intellectual Property owned by You, the Manager, Heritage, and/or the Debtor, whether or not recorded in any registry.

**REQUEST NO. 20:**

Documents sufficient to show all litigations, oppositions, cancellations, interferences, or other adversarial proceedings with respect to the Intellectual Property, threatened or pending in court or before any intellectual-property registry or any other governmental agency, indicating, for each, title of action, subject matter, parties, and date commenced; and copies of complaints and docket sheets in all pending proceedings brought by or against the Debtor.

**REQUEST NO. 21:**

All judgments, settlement agreements, nonassertion agreements, and co-existence agreements between and/or among You, the Debtor, the Manager, and/or Heritage and any other party concerning the Intellectual Property.

**REQUEST NO. 22:**

All legal opinions concerning the Intellectual Property that have been rendered during the past six (6) years.

**REQUEST NO. 23:**

All pending "cease and desist" letters or other correspondence alleging potential intellectual-property infringement or other violations concerning the Intellectual Property.

21

**REQUEST NO. 24:**

All license and/or franchise agreements (including concerning patent, copyright, trademark, technology, rights of publicity, software, systems and/or database licenses) where You, the Manager, Heritage, and/or the Debtor is either the licensor or the licensee, indicating, for each, title, parties, date executed, and subject matter.

**REQUEST NO. 25:**

All software service agreements, outsourcing agreements, third-party hardware-maintenance agreements, third-party software-maintenance agreements, and other similar agreements relating to electronic data processing and telecommunication hardware, software, and/or services used by or provided to You, the Manager, Heritage, and/or the Debtor in connection with the Hotel and/or the Debtor's operations.

**REQUEST NO. 26:**

All third-party computer software license agreements (other than commercially available off-the-shelf, "shrink-wrap," or "click-wrap" licenses for programs having a replacement cost of less than $5,000) to which You, the Manager, Heritage, and/or the Debtor is a party.

**REQUEST NO. 27:**

All software or technology escrow agreements to which You, the Manager, Heritage, and/or the Debtor is a party.

**REQUEST NO. 28:**

All confidentiality agreements related to the Intellectual Property.

**REQUEST NO. 29:**

All assignment agreements related to the Intellectual Property.

**REQUEST NO. 30:**

All research and development contracts, including those with individuals, private companies, universities, and government agencies to which You, the Manager, Heritage, and/or the Debtor is a party, and a description of all material planned research or development contracts.

**REQUEST NO. 31:**

Descriptions of all joint ventures between and/or among You, the Manager, Heritage, and/or the Debtor and any other party involving the developing or licensing of inventions, technology, patents, trademarks, software databases, or copyrights, and all contracts related to such joint ventures.

22

**REQUEST NO. 32:**

Documents sufficient to show all intra-corporate agreements relating to the ownership, development, use, lease, or license of the Intellectual Property, whether written or oral, and the terms of such agreements.

**REQUEST NO. 33:**

Representative forms of employee assignment-of-invention agreements and employee nondisclosure agreements (if separate forms) used by You, the Manager, Heritage, and/or the Debtor.

**REQUEST NO. 34:**

All consulting contracts relating to the creation of intellectual property by independent contractors used by You, the Manager, Heritage, and/or the Debtor.

**REQUEST NO. 35:**

All advertising agency agreements governing ownership of rights in all advertising prepared and used for the Debtor by a third-party agency.

**REQUEST NO. 36:**

All Internet agreements relating to rights in website content and operation, creation of websites, website-hosting agreements, and e-commerce-related agreements used by You, the Manager, Heritage, and/or the Debtor.

**REQUEST NO. 37:**

All memoranda, term sheets, presentation materials, and other Documents (whether prepared internally or by an outside advisor) that set forth any potential or actual transfer or license of the Intellectual Property used in the Debtor's business and operations on or prior to the completion of the proposed transaction.

**REQUEST NO. 38:**

Representative forms of purchase orders and other form customer contracts used by You or the Debtor that include language concerning infringement, warranties, or disclaimers concerning intellectual property.

**REQUEST NO. 39:**

Representative samples of current catalogs for material products or services used by You, the Manager, Heritage, and/or the Debtor.

**REQUEST NO. 40:**

Representative forms of consents from individuals with respect to the use of such person's name, image, or biographical information used by You, the Manager, Heritage, and/or the Debtor.


At a future date, the Trustee may request the production of additional Documents or testimony.  These Requests are made without waiver of the Trustee's right to seek additional information from You or any other third party in the future.

24

# APPENDIX 1

7shifts Inc.
AbsoluteGuard
Accubar by BirchStreet Systems
Adobe Systems, Inc.
Advanced Flameproofing and Cleaning Corp.
Allbridge, LLC
Alliance Laundry Systems, LLC
Alternative Business Suppliers, Inc. (Ecopier)
Amadeus Hospitality Americas, Inc.
Amadeus IT Group, S.A.
Ascentium Capital LLC
AutoTap Corporation
BlueTriton Brands, Inc.
Champion Combustion Corp
Champion Elevator Corp
Charter Linen & Laundry Services
ChuteMaster Environmental Inc.
Coffee Afficionado, LLC
Control 4 by Snap One, LLC
County Fire Inc.
Croker Fire Drill Corporation
Cvent Inc.
Delphi Technologies, Inc
Done Right Hood & Fire Safety
DTP Security & Hospitality Company, LLC
Elavon Inc.
Eventbrite Inc.
Fiserv, Inc.
FivePals, Inc.
Grey Matter Networks
Group Management Services, Inc.
Hoodz International
Icesurance, Inc.
Integrated Decisions and Systems, Inc. ("IDeaS")
Intelity Inc.
Intuit Inc.
John Mini Distinctive Landscapes
Lightning Mechanical LLC
Mann Sales Co.
Metro Group Inc
Micros Retail Systems, Inc.
Moviebeam by Valuable Technologies Inc.
MustHaveMenus Inc.
Open Table Inc.
Oracle Corporation
OTA Insight Inc.

1

Paychex, Inc.
PHG Power House Generators
PianoLand Movers and Storage (Where Dreams Come True)
Pro Pump Corp.
Pro-Tek of New York Inc.
Purple
Quality Plus Cleaning
Resort Pass Inc.
Royal Waste Services Inc.
Safety Fire Sprinkler Corp.
Santec Inc.
Scent Air Technologies LLC
Screening One Inc.
Shift4 Payments Corp.
Sorbis Corp.
Spark Fire Solutions
Spectrum Enterprise
Spotify USA Inc.
STR, Inc.
Summit Facility Solutions, Inc.
Target Exterminating Inc.
The Dry Cleaners
TIAA Commercial Finance, Inc.
Top Team Window Cleaning
Tour Connection, Inc.
TravelClick, Inc.
Trip Advisor, Inc.
Triple Seat Software LLC
White Plains Linen

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| 96 WYTHE ACQUISITION LLC, | : | Case No. 21-22108 (SHL) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

-----------------------------------------------------------------x

## ORDER AUTHORIZING DISCOVERY PURSUANT TO
## RULE 2004 OF THE FEDEREAL RULES OF BANKRUPTCY PROCEDURE

Upon the application dated July 15, 2022 (the "Application")[1] of Stephen S.

Gray, not individually but solely in his capacity as the Chapter 11 Trustee of the debtor

in the above-captioned case (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP,

for entry of an order (this "Order") pursuant to sections 105 and 704 of the Bankruptcy

Code and Bankruptcy Rule 2004, authorizing the issuance of subpoenas for the

production of documents and information and deposition testimony; and the Court

having jurisdiction to consider the Application and relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334; and the Trustee having provided sufficient notice to the

Notice Parties pursuant to Local Bankruptcy Rule 9074-1, none of whom have objected

to the Application; and the relief requested therein raising a core proceeding under 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

1

and 1409;  and the relief sought being in the best interests of the Debtor's estate, their

creditors, and other parties in interest;  and it appearing that good and sufficient cause

for the relief sought in the Application exists, it is hereby:

       **ORDERED**, that the Application is granted to the extent provided herein;

and it is further

       **ORDERED**, that the Trustee is authorized to issue subpoenas for the

production of documents and for deposition testimony consistent with Bankruptcy

Rules 2004 and 9016, concerning any asset, liability, duty, obligation, contract,

transaction, or other issue related in any way to the Debtor, upon:  any current or former

principal, affiliate, employee, agent, or representative of the Debtor;  any entity or

person that has conducted business or engaged in a transaction with the Debtor, in any

manner, and any current or former employee, principal, agent, officer, shareholder,

affiliate, or owner thereof;  any accountant or financial advisor for the Debtor, and any

current or former employee, principal, agent, officer, or owner thereof;  and it is further

       **ORDERED**, that the production and examination required pursuant to this

Order may not be withheld or refused based upon any applicable privilege in favor of

the Debtor which, for cause shown in the Application, the Trustee, in his sole discretion,

may waive to facilitate the turnover of any documents, communications, examinations

or other forms of information to the Trustee;  and it is further

2

**ORDERED**, that subpoenas authorized by this Order may be served by FedEx or any other method of service permitted under Bankruptcy Rule 9016 or by other means agreed to by the subpoenaed entities or persons; and it is further

**ORDERED**, that the Trustee shall serve a copy of this Order with any subpoena that he serves pursuant to this Order; and it is further

**ORDERED**, that any subpoena issued pursuant to this Order shall provide at least fourteen days' notice to the recipient to provide the recipient an opportunity to object in writing to the subpoena or to file any written motion with the Court; and it is further

**ORDERED**, that if any entity or person who receives a subpoena for the production of documents pursuant to this Order withholds any documents on the basis of an asserted privilege, that entity is directed to provide a privilege log in accordance with Bankruptcy Rule 7026 to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com) and John N. McClain, Esq. (jmcclain@teamtogut.com), so as to be received with the document production required by the subpoena, or at such time as may be mutually agreed to by the Trustee and the subpoenaed entity or person; and it is further

**ORDERED**, that within one business day after entry of this Order, the Trustee shall serve a copy of the Application and this Order by electronic mail to the Notice Parties; and it is further

3

ORDERED, that entry of this Order is without prejudice to the rights of the

Trustee to apply for any other or further relief, including but not limited to further relief

under Bankruptcy Rule 2004;  and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine

any and all matters arising from the interpretation and/or implementation of this Order.

Dated:  White Plains, New York
        August 8, 2022

                    */s/ Sean H. Lane*
                    HONORABLE SEAN H. LANE
                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "B"

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                          :
                                                :          Chapter 11
96 Wythe Acquisition, LLC,                      :
                                                :          Case No. 21-22108 (SHL)
                Debtor.                          :
                                                :
---------------------------------------------------------------x

## **AFFIDAVIT OF SERVICE OF SUBPOENA FOR RULE 2004 EXAMINATION**

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK )

       Jonathan Cohen, being duly sworn, deposes and says:  deponent is not a party to the action, is over 18 years of age and resides in Caldwell, New Jersey.

       On September 7, 2022, deponent served a copy of the attached Subpoena For Rule 2004 Examination directed to Williamsburg Hotel BK, LLC, together with its Exhibit "A", a copy of the August 8, 2022 Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure [Docket No. 647], a copy of which is annexed hereto, upon the following party by FedEx standard overnight delivery:

Williamsburg Hotel BK, LLC
c/o Tarter Krinsky & Drogin
1350 Broadway, 11th Floor
New York, NY 10018
Attn: Robert A. Wolf, Esq.
Scott S. Markowitz, Esq.

*/s/ Jonathan Cohen*
JONATHAN COHEN

Sworn to before me this
6th day of October, 2022

*/s/ Cynthia Sotomayor*
NOTARY PUBLIC

## TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119
(212) 594-5000

FACSIMILE
(212) 967-4258

EMAIL
jmcclain@teamtogut.com

September 7, 2022

**VIA FEDEX**
Williamsburg Hotel BK, LLC
c/o Tartner Krinsky & Drogin
1350 Broadway, 11th Floor
New York, New York 10018
Attn: Robert A. Wolf, Esq
Scott S. Markowitz, Eq.

Re:    In re 96 Wythe Acquisition LLC,
       Chapter 11 Case No. 21-22108 (SHL)

Dear Messrs. Wolf and Markowitz:

　　　We are the attorneys for Stephen S. Gray, not individually but solely in his capacity as Chapter 11 trustee of the above-referenced debtor.

　　　Enclosed please find a subpoena requiring the production of documents no later than 14 days after the date of this letter and the Bankruptcy Court's *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedures,* entered on August 8, 2022 [Docket No. 647] authorizing service of the subpoena by FedEx.  Please contact me with any questions.

Very truly yours,

TOGUT, SEGAL & SEGAL LLP
By:

/s/ John S. McClain

John McClain

Enclosures

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of New York _____

In re 96 Wythe Acquisition LLC _____    Case No. 21-22108 (SHL) _____
Debtor

Chapter 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Williamsburg Hotel, BK, LLC _____
*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Togut, Segal & Segal LLP<br>One Penn Plaza, Suite 3335<br>New York, NY 10119 | TBD |

The examination will be recorded by this method: _____

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A; documents to be produced by September 21, 2022 at Togut, Segal & Segal LLP at the address above.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/7/22 _____

CLERK OF COURT

OR

_____        /s/ John McClain
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Stephen S. Gray, as Chapter 11 Trustee , who issues or requests this subpoena, are:

Neil Berger, Esq., Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, neilberger@teamtogut.com, (212) 594-5000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit A

## DEFINITIONS

Unless otherwise defined below, the definitions and instructions set forth in the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the Federal Rules of Civil Procedure (the "Federal Rules"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shall apply to the requests for production (the "Requests") listed below.

1.     **Affiliate.** The term "Affiliate" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(2) of the Bankruptcy Code.

2.     **Adversary Proceedings.** The term "Adversary Proceedings" means *96 Wythe Acquisition, LLC v. Benefit Street Partners Realty Operating Partnership, L.P.* (Adv. Proc. No. 22-07002) (Bankr. S.D.N.Y.) and *96 Wythe Acquisition LLC v. Commissioner of Fin. of the City of New York* (Adv. Prov. No. 22-07027) (Bankr. S.D.N.Y.).

3.     **Bankruptcy Code.** The term "Bankruptcy Code" means title 11 of the United States Code.

4.     **Chapter 11 Case.** The term "Chapter 11 Case" means the Debtor's bankruptcy case, *In re 96 Wythe Acquisition LLC,* Case No. 21-22108 (SHL) (Bankr. S.D.N.Y.).

5.     **Communication.** The term "Communication" or "Communications" means any transmission and/or receipt of information (in the form of facts, ideas, inquiries, or otherwise), whether oral or written, and whether chance, prearranged, formal, or informal. The term "Communication" includes any letters, memoranda, statements, media releases, press conferences, magazine articles, newspaper articles, testimony given before a governmental body, in-person statements

1

and conversations, telephone statements and conversations, voicemail messages, video transmissions, audio transmissions, and electronic messages, including electronic mail, instant messages, text messages, and messages sent over mobile-device chat services, including Instant Bloomberg, Bloomberg messages, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, Slack, WeChat, and Snapchat.

6. **Concerning**. The term "concerning" means analyzing, arising out of, collaborating, comprising, concerning, considering, constituting, containing, contradicting, controverting, demonstrating, describing, discussing, disputing, embodying, evaluating, evidencing, identifying, indicating, made in connection with or by reason of or arising from, memorializing, mentioning, providing, rebutting, referencing, referring to, reflecting, refuting, relating to, showing, supporting, or otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

7. **Court.** The term "Court" means the United States Bankruptcy Court for the Southern District of New York.

8. **CRO**. The term "CRO" means David Goldwasser and/or G.C. Realty Advisors LLC, any of their current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively.

9. **Debtor**. The term "Debtor" means 96 Wythe Acquisition LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

2

investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively, including, without limitation, the Receiver.

10.    **Debtor's Counsel.** The term "Debtor's Counsel" means, but shall not be limited to:  Mayer Brown LLP;  and Backenroth Frankel & Krinsky, LLP;  and any of their current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively.

11.    **Debtor's Professionals.** The term "Debtor's Professionals" means, but shall not be limited to:  G.C. Realty Advisors LLC;  Getzler Heinrich & Associates LLC;  Hilco Real Estate, LLC;  B. Riley Advisory Services;  and Leitner Berman, and any of their current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively.

12.    **Disclosure Statement.** The term "Disclosure Statement" means all disclosure statements prepared by or on behalf of the Debtor in connection with the

3

Chapter 11 Case, including, without limitation, the *Third Amended Disclosure Statement*
[Docket No. 196].

13.     **Document.** The term "Document" or "Documents" is defined to be
synonymous in meaning and equal in scope to the usage of the term "documents or
electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), *i.e.*,
"writings, drawings, graphs, charts, photographs, sound recordings, images, and other
data or data compilations—stored in any medium from which information can be
obtained either directly or, if necessary, after translation by the responding party into a
reasonably usable form." A draft or non-identical copy is a separate Document within
the meaning of this term. For the avoidance of doubt, the term "Document" shall
include any and all forms of recorded communication.

14.     **EIDL Loan.** The term "EIDL Loan" means the Amended Loan
Authorization and Agreement entered into between the Manager and the Small
Business Administration pursuant to the Economic Injury and Disaster Loan program
with an effective date of July 20, 2021, the proceeds of which the Manager received in
the amount of $350,000; as well as any other loan that may have been sought and/or
obtained pursuant to any Economic Injury and Disaster Loan program by the
Principals, the Manager, Heritage, the Debtor, and/or any Affiliate of the Principals, the
Manager, Heritage, and/or the Debtor.

15.     **EDNY Litigation.** The term "EDNY Litigation" means *Tenenbaum
v. Heritage Equity Holdings LLC, et al.*, Case No. 21-cv-5781 (E.D.N.Y.).

16.     **ERTC Credits.** The term "ERTC Credits" means, without
limitation, the Employment Retention Tax Credits issued to the Manager in the amount
of $408,263.92 for Q1 2021 and $673,385 for Q2 2021, as well as any other Employment
Retention Tax Credit that may have been sought or obtained by the Principals, the

Manager, Heritage, the Debtor, and/or any Affiliate of the Principals, the Manager, Heritage, and/or the Debtor.

17.     **Examiner.**  The term "Examiner" means Eric M. Huebscher, who was appointed by the Court as the Examiner in the Chapter 11 Case on November 16, 2021 [Docket No. 186], and any person and/or entities acting or purporting to act on his behalf, individually and/or collectively.

18.     **FIA.**  The term "FIA" means FIA Capital Partners and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

19.     **Heritage.**  The term "Heritage" means Heritage Equity Holdings, LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

20.     **Hotel.**  The term "Hotel" means The Williamsburg Hotel, located at 96 Wythe Avenue, Brooklyn, New York 11249.

21.     **Insider.**  The term "Insider" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(31) of the Bankruptcy Code.

22.    **Intellectual Property.** The term "<u>Intellectual Property</u>" is defined to be consistent in scope with this term as it is defined in section 101(35A) of the Bankruptcy Code, including, without limitation:

- "The Williamsburg Hotel" name and trademark;

- Electronic and other digital assets and information related to the Hotel's and/or the Debtor's operation;

- Online presence and related marketing related to the Hotel's and/or the Debtor's operation, including, without limitation, the Hotel's website domain and social media platforms; and

- Any other intellectual property owned, developed, used, leased, and/or licensed by the Principals, the Debtor, the Manager, and/or Heritage in connection with the Hotel's and/or the Debtor's operations.

23.    **Lender.** The term ("<u>Lender</u>") means Benefit Street Partners Realty Operating Partnership, L.P and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

24.    **Loans.** The term "<u>Loans</u>" means the PPP Loan, the EIDL Loan, and any other loan concerning the Hotel, the Debtor, and/or the Manager that was sought and/or applied for and/or received by the Principals, the Manager, Heritage, the Debtor, and/or any Affiliate of the Principals, the Manager, Heritage, and/or the Debtor.

25.    **Manager.** The term "<u>Manager</u>" means The Williamsburg Hotel BK, LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

6

investment bankers, managers, members, officers, officials, owners, direct or indirect

Parents, partners, predecessors-in-interest, principals, representatives, direct and

indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities

acting or purporting to act on its behalf, individually and/or collectively.

26.    **Northside**. The term "Northside" means Northside Acquisition

Partners, LLC; Northside Development Holdings, LLC; Northside Kent Partners LLC;

Northside Management LLC; Northside Management NY LLC; Northside Seigel LLC;

and Northside St Johns LLC, individually and collectively, any of its current and former

accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors,

divisions, employees, financial advisors, Insiders, investment bankers, managers,

members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-

interest, principals, representatives, direct and indirect Subsidiaries, successors-in-

interest, trustees, and any other persons and entities acting or purporting to act on its

behalf, individually and/or collectively, including, without limitation, Mark Kirschner.

27.    **Petition Date**. The term "Petition Date" means February 23, 2021.

28.    **Parent**. The term "Parent" means any entity that directly or

indirectly controls the management of a second entity, including but not limited to any

entity who owns the stock or other ownership interests of a second entity in such

quantity that the entity possesses the ordinary voting power to elect a majority of the

board of directors or managers of the second entity.

29.    **Plan.** The term "Plan" means all plans prepared by or on behalf of

the Debtor, including, without limitation, the *Third Amended Chapter 11 Plan of

Reorganization* [Docket No. 551] filed by the Debtor's Counsel in the Chapter 11 Case.

30.    **Principals**. The term "Principals" means Michael Lichtenstein and

Toby Moskovits, individually and/or collectively, and any of their current and former

7

accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, employees,
financial advisors, Insiders, investment bankers, partners, predecessors-in-interest,
representatives, successors-in-interest, trustees, and any other persons and entities
acting or purporting to act on their behalf, individually and/or collectively, including,
without limitation, the Principal Affiliates.

31.    **Principal Affiliates**.  The term "Principal Affiliates" means: 232
Seigel Acquisition, LLC;  Seigel Development, LLC;  Mint Development Corporation;
564 St. Johns Acquisition, LLC;  564 St. Johns Holdings, LLC;  564 St. Johns LLC;
Northside;  215 Moore Street Acquisition LLC;  215 Moore Street Development LLC;
875 4th Avenue Acquisition LLC;  286 Rider Ave Acquisition, LLC;  Heritage GC Walton
Acquisition LLC;  Brooklyn Bread Lab;  Building Development Corp;  Bushwick Bread
Lab, LLC;  and 96 W Development, LLC;  and any other entity that is owned, directly or
indirectly, by the Principals, individually and/or collectively, and any of their current
and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel,
directors, divisions, employees, financial advisors, Insiders, investment bankers,
managers, members, officers, officials, owners, direct or indirect Parents, partners,
predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries,
successors-in-interest, trustees, and any other persons and entities acting or purporting
to act on their behalf, individually and/or collectively.

32.    **PPP Loan**.  The term "PPP Loan" means the loan agreement
entered into between the Manager and the Small Business Administration pursuant to
the Paycheck Protection Program, the proceeds of which the Manager received in April
2020 in the amount of $1,438,000, as well as any other loan that may have been sought
and/or obtained by the Debtor, the Manager, the Principals, or any Affiliate of the
Debtor, the Manager, or the Principals pursuant to the Paycheck Protection Program.

8

33.     **Receiver**. The term "Receiver" means Constantino Sagonas, who was appointed as the Hotel's temporary receiver on February 21, 2020 by the New York State Supreme Court in the mortgage-foreclosure action captioned *BSPRT 2018-FI3 Issuer, Ltd. v. 96 Wythe Acquisition LLC, et al.* (Index No. 653396 / 2019) [NYSCEF Doc. No. 155], as well as any of his current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, employees, financial advisors, Insiders, investment bankers, partners, predecessors-in-interest, representatives, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on his behalf, individually and/or collectively.

34.     **Subsidiary**. The term "Subsidiary" means any entity whose management is controlled, directly or indirectly, by a second entity, including but not limited to any entity whose stock or other ownership interests are owned by a second entity in such quantity that the second entity possesses the ordinary voting power to elect a majority of the board of directors or managers of the entity.

35.     **Taxes.** The term "Taxes" means any and all taxes concerning the Hotel, the Debtor, and/or the Manager currently or previously owed by the Debtor, the Manager, Heritage, the Principals, and/or any Affiliate of the Debtor, the Manager, Heritage, and/or the Principals.

36.     **Transfer.** The term "Transfer" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(54) of the Bankruptcy Code.

37.     **Trustee.** The term "Trustee" means Stephen S. Gray, who was appointed as the Chapter 11 Trustee of the Debtor's estate by the Court on May 31, 2022 in the Chapter 11 case [Docket No. 593].

9

38.    **2004 Order**. The term "2004 Order" means the *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* entered on August 8, 2022 in the Chapter 11 Case [Docket No. 647].

39.    **Valuation**. The term "Valuation" means the attribution of a qualitative or quantitative value, to or a change in value of, a particular asset, liability, or category of either whether based on book value, market value, or any other valuation metric utilized under any reporting standard.

40.    **You**. The terms "You" or "Your" mean or refer to The Williamsburg Hotel BK, LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively, including, without limitation, the Principals and Mark Kirschner.

## INSTRUCTIONS

1.    Unless otherwise indicated, You shall produce all responsive Documents that are in your possession, custody, or control. A Document is in your possession, custody, or control if you have actual possession or custody or the right to obtain the Document or a copy thereof upon request or demand from any entity or person. This includes any Documents contained on or in any computer, mobile device, server, mainframe, or other storage device (including: (i) Documents on or in computer memory; (ii) Documents on or in computer or network backup files; and (iii) Documents that have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within your possession, custody, or control. For

the avoidance of doubt, this also includes any Documents contained on any personal computer, mobile device, server, mainframe, or other storage device within your possession, regardless of whether you own such device.

2.   The term "<u>possession</u>" relates to all Documents, including email, text messages, mobile-device chats, or other messaging services, and any other electronically-stored information. The term "possession" also includes Documents contained in email, cloud-based, and mobile-device directories, including: (a) "deleted" Documents that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" Documents, including all subdirectories irrespective of the title of such subdirectories; and (c) "received" Documents, including all subdirectories irrespective of the title of such subdirectories.

3.   The Documents produced pursuant to these Requests shall be either: (a) segregated and identified by the number of the request below to which they are responsive; or (b) produced as they are maintained in the ordinary course of business.

4.   Documents shall be produced with sufficient information to identify the files or repositories in which such responsive Documents are maintained in the normal course of business, including, for example, an index, key, code, or other means of ascertaining the source of the produced Documents.

5.   Electronically stored information must be produced in both native and a searchable format, unless the Trustee agrees otherwise.

6.   All Documents that are produced in electronic format shall be provided with: (i) Group W "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries; (iii) full text OCR, with OCR text files provided on a document level; and (iv) all metadata fields associated with each

11

electronic Document. The Trustee also requests that all spreadsheets created in

Microsoft Excel or a similar spreadsheet program be produced in their native format.

The Trustee reserves his rights to request that other Documents be produced in their

native format if necessary. The following metadata fields shall also be produced with

all Documents produced in electronic format:

| Field Name | Description |
|---|---|
| BEGDOC | An automatically-generated number assigned to first page of the Document |
| ENDDOC | An automatically-generated number assigned to last page of the Document |
| BEGATTACH | An automatically-generated number assigned to the first page of the parent Document in a family |
| ENDATTACH | An automatically-generated number assigned to the last page of an attachment in a Document family |
| PARENT_ID | The beginning DOCID for a parent Document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (*e.g.*, Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | A vendor-populated field where "P" denotes a parent Document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual Document |
| FROM | The name of the sender of an email, from the "From" field |
| TO | The recipient(s) of an email, from the "To" field |
| CC | The name(s) of any Person(s) to whom a copy of an email was sent, from the "CC" field |
| BCC | The name(s) of any Person(s) that were blind copied on an email, from the "BCC" field |

12

| Field Name | Description |
|---|---|
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |
| CUSTODIAN | The name(s) of the Person(s) from which a collection of email- or application files originate |
| AUTHOR | The name of the author or the creator of an application file, from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_ CREATED | The time at which an email or application was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "Last Author" field for an application file |
| LAST_SAVED | The date in the "Last Saved" field for an application file |
| LAST_PRINTED | The date in the "Last Printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The filename extension of each email, attachment, or application file |
| FILENAME | The name of an application file, including its extension |
| FILESIZE | The size of a Document in bytes |
| SOURCEFOLDER | The full path information for email, attachments, and application files beginning with the original source-folder name |
| HASHVALUE | The output of an algorithm-generated value for each individual file |

13

| Field Name | Description |
|---|---|
| SEARCH_HIT | The search term or terms that "hit" on a Document |
| NATIVE_FILE | A hyperlink to the native file |

7.      Each page of every Document produced in response to a Request must be marked with a unique Bates number to allow for accurate identification.

8.      Any Documents attached to each other shall not be separated.

9.      Any Document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

10.     Each requested Document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other Documents at any time affixed thereto.  If a Document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11.     To the extent that any responsive Document is withheld from production:  (a) because the Document is no longer in Your possession, custody or control;  or (b) based upon a claim of attorney-client privilege, the work-product doctrine, or any other privilege or protection, You are required to provide, upon the completion of the production of non-privileged Documents, a list (the "Withheld Document List") setting forth as to each such withheld Document the following information to the extent known:

i.   the title, date and type of Document (*e.g.*, memorandum, report, chart);

14

    ii.   its subject matter (without revealing the information as to which privilege or statutory authority is claimed);

   iii.  the name of each author, writer and/or sender of the Document;

   iv.  the name of each recipient, addressee, or other party to whom the Document or a copy was sent or directed;

    v.   the specific request(s) to which the Document is responsive; and

   vi.  to the extent the Document is withheld based on a claim of lack of possession pursuant to subparagraph (a) above, (A) when the Document was most recently in Your possession, custody or control, (B) the disposition of the Document and (C) the identity of any Person who has possession, custody or control of the Document;[1] or

  vii.  to the extent the Document is withheld based on a claim of privilege pursuant to subparagraph (b) above, (Y) the specific privilege claimed and (Z) the factual and legal basis for the privilege claimed or the specific statutory or other authority that provides the claimed ground for non-production.

12.     If you maintain that any responsive Document has been destroyed, you shall set forth the contents of the Document, the date of its destruction, and the name of the Person(s) who authorized its destruction upon the Withheld Document List.

13.     If a portion of an otherwise-responsive Document contains information subject to a claim of privilege or protection pursuant to paragraph 11(b) above, those portions of the Document subject to the claim of privilege or protection may be redacted from the Document, but the instructions in the preceding paragraph 11 shall be applicable and the redacted Document shall be produced.

14.     If a Request is only partly objectionable, You shall respond to the remainder of the Request that is not objectionable.

---

[1]   If a Document has been destroyed, the Withheld Document List shall also include: (a) the reason for its destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

15

15.     If an objection or request for relief is made with respect to any Request or portion thereof, the objection or request for relief shall state all grounds on which it is based with specificity.  Any ground not stated in the objection or request for relief within the time provided by the 2004 Order, or any extensions thereof, shall be deemed waived.

16.     If any requested Document or other Document potentially relevant to this action is subject to destruction under any document-retention or -destruction program, such Document shall be exempted from any scheduled destruction and shall not be destroyed until the conclusion of this action or unless otherwise permitted by the Bankruptcy Court.

17.     If you previously but no longer possess items responsive to a particular Request, you shall specify why you no longer possess such items and the name and address of any Person(s) known or believed by you to have possession, custody, or control of such items.

18.     Terms not specifically defined herein shall be given their ordinary meanings as you understand them to be used in the trade or pursuant to ordinary usage.

19.     The singular form of any word shall be construed as including the plural form and vice versa, and the masculine form of any word shall be construed as including the feminine form and vice versa, wherever necessary to bring within the scope of a Request all Documents that might otherwise be construed to be outside of its scope.

20.     The terms "all," "any," and "each" shall be construed as encompassing any and all.

16

21.     The terms "include," "includes," and "including" shall be construed in each instance as being followed by the words "without limitation." A list following any of these terms shall be interpreted to contain illustrative examples of the types of Documents responsive to the request, but does not constitute an exclusive, all-encompassing or exhaustive listing of every type of Document responsive to the request and shall not be construed in any way to qualify, limit, or restrict the scope of the request.

22.     The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary, in each case, to bring within the scope of these requests all responsive Documents that might otherwise be construed to be outside their scope.

23.     Any ambiguity in a request shall be construed to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

## RELEVANT TIME PERIOD

24.     The relevant time period for each request is February 23, 2015 through the date of production (the "Relevant Time Period"), unless otherwise specifically indicated. Each request shall be interpreted to include all Documents that concern the Relevant Time Period or otherwise-specified period, even if such Documents were prepared or published outside of the Relevant Time Period or otherwise-specified period. If any Document that was prepared or published before or after the Relevant Time Period or otherwise-specified period is necessary for a correct or complete understanding of any Document that is responsive to a Request, You shall produce these Documents as well. If any Document is undated and the date of its

17

preparation cannot be determined, You shall produce the Document if otherwise

responsive to a request for production.

## REQUESTS FOR PRODUCTION

### GENERAL REQUESTS

**REQUEST NO. 1:**

All Documents and Communications concerning the Debtor.

**REQUEST NO. 2:**

All Documents and Communications between You and any of the Debtor's creditors concerning the Debtor, including, without limitation, the Lender.

**REQUEST NO. 3:**

All Documents and Communications between You and the Principals concerning the Debtor.

**REQUEST NO. 4:**

All Documents and Communications between You and Heritage concerning the Debtor.

**REQUEST NO. 5:**

All Documents and Communications between You and the Examiner, including, without limitation, all Documents and Communications produced to the Examiner in connection with his investigation in the Chapter 11 Case.

**REQUEST NO. 6:**

All Documents and Communications between You and the Receiver.

**REQUEST NO. 7:**

All Documents and Communications concerning the Debtor between You and contractors of the Debtor, including, without limitation, those parties listed in **Appendix 1** hereto.

**REQUEST NO. 8:**

All Documents and Communications between You and the CRO concerning the Debtor.

**REQUEST NO. 9:**

All Documents and Communications between You and the Debtor's Professionals concerning the Debtor.

**REQUEST NO. 10:**

All Documents and Communications between You and the Debtor's Counsel concerning the Debtor, including, without limitation:

- All Documents and Communications concerning contemplated or actual engagements with the Debtor, including, without limitation, all draft and executed engagement letters;

- All common-interest agreements to which You, the Debtor, the Principals, and/or Heritage is a party;

- All time records concerning Debtor-related work, including all drafts and revisions;

- All draft and final versions of Debtor-related work product; and

- All Documents and Communications concerning contemplated or actual compensation of the Debtor's Counsel from any source whatsoever.

**REQUEST NO. 11:**

All Documents and Communications concerning the PPP Loan, EIDL Loan, or ERTC Credits, including, without limitation, all bank statements for accounts into which proceeds of the PPP Loan, EIDL Loan, and/or ERTC Credits were received.

**REQUEST NO. 12:**

All Documents concerning any Transfer between and/or among You, the Debtor, the Principals, and/or Heritage.

**REQUEST NO. 13:**

All Documents concerning the Debtor's finances, including, without limitation, all Documents concerning the Debtor's Taxes and all Documents concerning any financial obligation owed by the Debtor to any person or entity other than the Lender.

**REQUEST NO. 14:**

All Documents concerning Your finances, including, without limitation: all bank statements and cancelled checks for all of Your bank accounts since Your inception, all Documents concerning Your Taxes, and all Documents concerning any financial obligation owed by You to any person or entity other than the Lender.

19

**REQUEST NO. 15:**

Documents sufficient to disclose and/or identify the persons (as defined in section 101(41) of the Bankruptcy Code) who owned an interest in You throughout the Relevant Time Period.

**REQUEST NO. 16:**

Documents sufficient to show Your ownership interests, if any, in each of the Debtor, Heritage, and the Principal Affiliates throughout the Relevant Time Period.

## INTELLECTUAL-PROPERTY-RELATED REQUESTS

**REQUEST NO. 17:**

All Documents and Communications concerning the adoption, selection, creation, first use, registration, and/or ownership of "The Williamsburg Hotel" name and trademark.

**REQUEST NO. 18:**

All Documents and Communications concerning the adoption, selection, creation, first use, registration, and/or ownership of other Intellectual Property concerning the Hotel.

**REQUEST NO. 19:**

All Documents and Communications concerning the acquisition and/or maintenance of the Intellectual Property by You, the Principals, Heritage, and/or the Debtor, including, without limitation, all Documents concerning the payment of any expenses associated therewith.

**REQUEST NO. 20:**

Documents sufficient to show:

- All trademarks, service marks, and/or trade names owned and/or used by You, the Principals, Heritage, and/or the Debtor, indicating, for each, the application or registration number, date registered or filed, and status;

- All unregistered trademarks and service marks related to the Debtor;

- All Internet domain names owned and/or used by You, the Principals, Heritage, and/or the Debtor, indicating for each, where applicable, the record owner;

- All issued patents, applied-for patents, and invention disclosures owned and/or used by You, the Principals,

20

Heritage, and/or the Debtor indicating for each, where applicable, the title of the invention, patent or application number, inventor, date issued or filed, country, subject matter, and record owner;

- All registered and applied-for copyrights owned and/or used by You, the Principals, Heritage, and/or the Debtor indicating, for each, title of work, registration or application number, date registered or filed, country, and record owner;

- All material software, databases, and systems owned, developed, used, leased, and/or licensed by You, the Principals, Heritage, and/or the Debtor, indicating, for each, which is owned, developed, used, leased and/or licensed, and from whom;

- All trade secrets and material unpatented technology of the Debtor or the Debtor's business;

- All websites used by You and/or any entity under Your control concerning the Hotel; and

- All outside intellectual property counsel of the Debtor, indicating, for each, name, address, phone, email, and facsimile numbers.

**REQUEST NO. 21:**

Documents sufficient to show any existing or unreleased security interests, liens, or encumbrances on the Intellectual Property owned by You, the Principals, Heritage, and/or the Debtor, whether or not recorded in any registry.

**REQUEST NO. 22:**

Documents sufficient to show all litigations, oppositions, cancellations, interferences, or other adversarial proceedings with respect to the Intellectual Property, threatened or pending in court or before any intellectual-property registry or any other governmental agency, indicating, for each, title of action, subject matter, parties, and date commenced; and copies of complaints and docket sheets in pending proceedings brought by or against the Debtor.

**REQUEST NO. 23:**

All judgments, settlement agreements, nonassertion agreements, and co-existence agreements between and/or among You, the Debtor, the Principals, and/or Heritage and any other party concerning the Intellectual Property.

21

**REQUEST NO. 24:**

All legal opinions concerning the Intellectual Property that have been rendered during the past six (6) years.

**REQUEST NO. 25:**

All pending "cease and desist" letters or other correspondence alleging potential intellectual-property infringement or other violations concerning the Intellectual Property.

**REQUEST NO. 26:**

All license and/or franchise agreements (including concerning patent, copyright, trademark, technology, rights of publicity, software, systems and/or database licenses) where You, the Principals, Heritage, and/or the Debtor is either the licensor or the licensee, indicating, for each, title, parties, date executed, and subject matter.

**REQUEST NO. 27:**

All software service agreements, outsourcing agreements, third-party hardware maintenance agreements, third-party software maintenance agreements, and other similar agreements relating to electronic data processing and telecommunication hardware, software, and/or services used by or provided to You, the Principals, Heritage, and/or the Debtor in connection with the Hotel and/or the Debtor's operations.

**REQUEST NO. 28:**

All third-party computer software license agreements (other than commercially available off-the-shelf, "shrink-wrap," or "click-wrap" licenses for programs having a replacement cost of less than $5,000) to which You, the Principals, Heritage, and/or the Debtor is a party.

**REQUEST NO. 29:**

All software or technology escrow agreements to which You, the Principals, Heritage, and/or the Debtor is a party.

**REQUEST NO. 30:**

All confidentiality agreements related to the Intellectual Property.

**REQUEST NO. 31:**

All assignment agreements related to the Intellectual Property.

**REQUEST NO. 32:**

All research and development contracts, including those with individuals, private companies, universities, and government agencies to which You, the Principals, Heritage, and/or the Debtor is a party, and a description of all material planned research or development contracts.

**REQUEST NO. 33:**

Descriptions of all joint ventures between and/or among You, the Principals, Heritage, and/or the Debtor and any other party involving the developing or licensing of inventions, technology, patents, trademarks, software databases, or copyrights, and all contracts related to such joint ventures.

**REQUEST NO. 34:**

Documents sufficient to show all intra-corporate agreements relating to the ownership, development, use, lease, or license of the Intellectual Property, whether written or oral, and the terms of such agreements.

**REQUEST NO. 35:**

Representative forms of employee assignment-of-invention agreements and employee nondisclosure agreements (if separate forms) used by You, the Principals, Heritage, and/or the Debtor.

**REQUEST NO. 36:**

All consulting contracts relating to the creation of intellectual property by independent contractors used by You, the Principals, Heritage, and/or the Debtor.

**REQUEST NO. 37:**

All advertising agency agreements governing ownership of rights in all advertising prepared and used for the Debtor by a third-party agency.

**REQUEST NO. 38:**

All Internet agreements relating to rights in website content and operation, creation of websites, website-hosting agreements, and e-commerce-related agreements used by You, the Principals, Heritage, and/or the Debtor.

**REQUEST NO. 39:**

All memoranda, term sheets, presentation materials, and other Documents (whether prepared internally or by an outside advisor) that set forth any potential or actual transfer or license of the Intellectual Property used in the Debtor's business and operations on or prior to the completion of the proposed transaction.

23

### REQUEST NO. 40:

Representative forms of purchase orders and other form customer contracts used by You or the Debtor that include language concerning infringement, warranties, or disclaimers concerning intellectual property.

### REQUEST NO. 41:

Representative samples of current catalogs for material products or services used by You, the Principals, Heritage, and/or the Debtor.

### REQUEST NO. 42:

Representative forms of consents from individuals with respect to the use of such person's name, image, or biographical information used by You, the Principals, Heritage, and/or the Debtor.


At a future date, the Trustee may request the production of additional Documents or testimony. These Requests are made without waiver of the Trustee's right to seek additional information from You or any other third party in the future.

24

# APPENDIX 1

7shifts Inc.
AbsoluteGuard
Accubar by BirchStreet Systems
Adobe Systems, Inc.
Advanced Flameproofing and Cleaning Corp.
Allbridge, LLC
Alliance Laundry Systems, LLC
Alternative Business Suppliers, Inc. (Ecopier)
Amadeus Hospitality Americas, Inc.
Amadeus IT Group, S.A.
Ascentium Capital LLC
AutoTap Corporation
BlueTriton Brands, Inc.
Champion Combustion Corp
Champion Elevator Corp
Charter Linen & Laundry Services
ChuteMaster Environmental Inc.
Coffee Afficionado, LLC
Control 4 by Snap One, LLC
County Fire Inc.
Croker Fire Drill Corporation
Cvent Inc.
Delphi Technologies, Inc
Done Right Hood & Fire Safety
DTP Security & Hospitality Company, LLC
Elavon Inc.
Eventbrite Inc.
Fiserv, Inc.
FivePals, Inc.
Grey Matter Networks
Group Management Services, Inc.
Hoodz International
Icesurance, Inc.
Integrated Decisions and Systems, Inc. ("IDeaS")
Intelity Inc.
Intuit Inc.
John Mini Distinctive Landscapes
Lightning Mechanical LLC
Mann Sales Co.
Metro Group Inc
Micros Retail Systems, Inc.
Moviebeam by Valuable Technologies Inc.
MustHaveMenus Inc.
Open Table Inc.
Oracle Corporation
OTA Insight Inc.

1

Paychex, Inc.
PHG Power House Generators
PianoLand Movers and Storage (Where Dreams Come True)
Pro Pump Corp.
Pro-Tek of New York Inc.
Purple
Quality Plus Cleaning
Resort Pass Inc.
Royal Waste Services Inc.
Safety Fire Sprinkler Corp.
Santec Inc.
Scent Air Technologies LLC
Screening One Inc.
Shift4 Payments Corp.
Sorbis Corp.
Spark Fire Solutions
Spectrum Enterprise
Spotify USA Inc.
STR, Inc.
Summit Facility Solutions, Inc.
Target Exterminating Inc.
The Dry Cleaners
TIAA Commercial Finance, Inc.
Top Team Window Cleaning
Tour Connection, Inc.
TravelClick, Inc.
Trip Advisor, Inc.
Triple Seat Software LLC
White Plains Linen

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| 96 WYTHE ACQUISITION LLC, | : | Case No. 21-22108 (SHL) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

---------------------------------------------------------------x

## ORDER AUTHORIZING DISCOVERY PURSUANT TO
## RULE 2004 OF THE FEDEREAL RULES OF BANKRUPTCY PROCEDURE

Upon the application dated July 15, 2022 (the "Application")[1] of Stephen S.

Gray, not individually but solely in his capacity as the Chapter 11 Trustee of the debtor

in the above-captioned case (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP,

for entry of an order (this "Order") pursuant to sections 105 and 704 of the Bankruptcy

Code and Bankruptcy Rule 2004, authorizing the issuance of subpoenas for the

production of documents and information and deposition testimony;  and the Court

having jurisdiction to consider the Application and relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334;  and the Trustee having provided sufficient notice to the

Notice Parties pursuant to Local Bankruptcy Rule 9074-1, none of whom have objected

to the Application;  and the relief requested therein raising a core proceeding under 28

U.S.C. § 157(b);  and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

and 1409;  and the relief sought being in the best interests of the Debtor's estate, their

creditors, and other parties in interest;  and it appearing that good and sufficient cause

for the relief sought in the Application exists, it is hereby:

ORDERED, that the Application is granted to the extent provided herein;

and it is further

ORDERED, that the Trustee is authorized to issue subpoenas for the

production of documents and for deposition testimony consistent with Bankruptcy

Rules 2004 and 9016, concerning any asset, liability, duty, obligation, contract,

transaction, or other issue related in any way to the Debtor, upon:  any current or former

principal, affiliate, employee, agent, or representative of the Debtor;  any entity or

person that has conducted business or engaged in a transaction with the Debtor, in any

manner, and any current or former employee, principal, agent, officer, shareholder,

affiliate, or owner thereof;  any accountant or financial advisor for the Debtor, and any

current or former employee, principal, agent, officer, or owner thereof;  and it is further

ORDERED, that the production and examination required pursuant to this

Order may not be withheld or refused based upon any applicable privilege in favor of

the Debtor which, for cause shown in the Application, the Trustee, in his sole discretion,

may waive to facilitate the turnover of any documents, communications, examinations

or other forms of information to the Trustee;  and it is further

2

**ORDERED**, that subpoenas authorized by this Order may be served by FedEx or any other method of service permitted under Bankruptcy Rule 9016 or by other means agreed to by the subpoenaed entities or persons; and it is further

**ORDERED**, that the Trustee shall serve a copy of this Order with any subpoena that he serves pursuant to this Order; and it is further

**ORDERED**, that any subpoena issued pursuant to this Order shall provide at least fourteen days' notice to the recipient to provide the recipient an opportunity to object in writing to the subpoena or to file any written motion with the Court; and it is further

**ORDERED**, that if any entity or person who receives a subpoena for the production of documents pursuant to this Order withholds any documents on the basis of an asserted privilege, that entity is directed to provide a privilege log in accordance with Bankruptcy Rule 7026 to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com) and John N. McClain, Esq. (jmcclain@teamtogut.com), so as to be received with the document production required by the subpoena, or at such time as may be mutually agreed to by the Trustee and the subpoenaed entity or person; and it is further

**ORDERED**, that within one business day after entry of this Order, the Trustee shall serve a copy of the Application and this Order by electronic mail to the Notice Parties; and it is further

3

ORDERED, that entry of this Order is without prejudice to the rights of the

Trustee to apply for any other or further relief, including but not limited to further relief

under Bankruptcy Rule 2004;  and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine

any and all matters arising from the interpretation and/or implementation of this Order.

Dated:  White Plains, New York
        August 8, 2022

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "C"

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | |
|---|---|
| In re:               : | Chapter 11 |
|               : | |
| 96 Wythe Acquisition, LLC,   : | Case No. 21-22108 (SHL) |
|               : | |
|        Debtor.   : | |
|               : | |

-------------------------------------------------------------x

## AFFIDAVIT OF SERVICE OF SUBPOENA FOR RULE 2004 EXAMINATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )

        Jonathan Cohen, being duly sworn, deposes and says:  deponent is not a party to the action, is over 18 years of age and resides in Caldwell, New Jersey.

        On September 14, 2022, deponent served a copy of the attached Subpoena For Rule 2004 Examination directed to 232 Seigel Development LLC, together with its Exhibit "A", a copy of the August 8, 2022 Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure [Docket No. 647], a copy of which is annexed hereto, upon the following party by FedEx standard overnight delivery:

232 Seigel Development LLC
1274 49th St., Ste 184
Brooklyn, NY 11319

*/s/ Jonathan Cohen*
JONATHAN COHEN

Sworn to before me this
6th day of October, 2022

*/s/ Cynthia Sotomayor*
NOTARY PUBLIC

TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119
(212) 594-5000

FACSIMILE
(212) 967-4258

EMAIL
jmcclain@teamtogut.com

September 14, 2022

**VIA FEDEX**
232 Seigel Development LLC
1274 49th St., Ste. 184
Brooklyn, NY 11319

    Re:  In re 96 Wythe Acquisition LLC,
       Chapter 11 Case No. 21-22108 (SHL)

To whom it may concern:

    We are the attorneys for Stephen S. Gray, not individually but solely in his capacity as Chapter 11 trustee of the above-referenced debtor.

    Enclosed please find a subpoena requiring the production of documents no later than 14 days after the date of this letter and the Bankruptcy Court's *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure*, entered on August 8, 2022 [Docket No. 647] authorizing service of the subpoena by FedEx. Please contact me with any questions.

        Very truly yours,

        TOGUT, SEGAL & SEGAL LLP
        By:
          /s/ John McClain

          John McClain

Enclosures

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of New York _____

In re 96 Wythe Acquisition LLC _____        Case No. 21-22108 (SHL)
                    Debtor

                                                        Chapter 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: 232 Seigel Development, LLC _____

                    *(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Togut, Segal & Segal LLP<br>One Penn Plaza, Suite 3335<br>New York, NY 10119 | TBD |

The examination will be recorded by this method: _____

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A; documents to be produced by September 28, 2022 at Togut, Segal & Segal LLP at the address above.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/14/22 _____

                    CLERK OF COURT

                                            OR        /s/ John McClain
        _____                  _____
        *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Stephen S. Gray, as Chapter 11 Trustee , who issues or requests this subpoena, are:

Neil Berger, Esq., Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, neilberger@teamtogut.com, (212) 594-5000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit A

## DEFINITIONS

Unless otherwise defined below, the definitions and instructions set forth in the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the Federal Rules of Civil Procedure (the "Federal Rules"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shall apply to the requests for production (the "Requests") listed below.

1. **Affiliate**. The term "Affiliate" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(2) of the Bankruptcy Code.

2. **Adversary Proceedings**. The term "Adversary Proceedings" means *96 Wythe Acquisition, LLC v. Benefit Street Partners Realty Operating Partnership, L.P.* (Adv. Proc. No. 22-07002) (Bankr. S.D.N.Y.) and *96 Wythe Acquisition LLC v. Commissioner of Fin. of the City of New York* (Adv. Prov. No. 22-07027) (Bankr. S.D.N.Y.).

3. **Bankruptcy Code**. The term "Bankruptcy Code" means title 11 of the United States Code.

4. **Chapter 11 Case**. The term "Chapter 11 Case" means the Debtor's bankruptcy case, *In re 96 Wythe Acquisition LLC*, Case No. 21-22108 (SHL) (Bankr. S.D.N.Y.).

5. **Communication**. The term "Communication" or "Communications" means any transmission and/or receipt of information (in the form of facts, ideas, inquiries, or otherwise), whether oral or written, and whether chance, prearranged, formal, or informal. The term "Communication" includes any letters, memoranda, statements, media releases, press conferences, magazine articles, newspaper articles, testimony given before a governmental body, in-person statements

1

and conversations, telephone statements and conversations, voicemail messages, video transmissions, audio transmissions, and electronic messages, including electronic mail, instant messages, text messages, and messages sent over mobile-device chat services, including Instant Bloomberg, Bloomberg messages, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, Slack, WeChat, and Snapchat.

6.    **Concerning.**  The term "concerning" means analyzing, arising out of, collaborating, comprising, concerning, considering, constituting, containing, contradicting, controverting, demonstrating, describing, discussing, disputing, embodying, evaluating, evidencing, identifying, indicating, made in connection with or by reason of or arising from, memorializing, mentioning, providing, rebutting, referencing, referring to, reflecting, refuting, relating to, showing, supporting, or otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

7.    **Court.**  The term "Court" means the United States Bankruptcy Court for the Southern District of New York.

8.    **CRO.**  The term "CRO" means David Goldwasser and/or G.C. Realty Advisors LLC, any of their current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively.

9.    **Debtor.**  The term "Debtor" means 96 Wythe Acquisition LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

2

investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively, including, without limitation, the Receiver.

10.    **Debtor's Counsel**.  The term "Debtor's Counsel" means, but shall not be limited to:  Mayer Brown LLP;  and Backenroth Frankel & Krinsky, LLP;  and any of their current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively.

11.    **Debtor's Professionals.**  The term "Debtor's Professionals" means, but shall not be limited to:  G.C. Realty Advisors LLC;  Getzler Heinrich & Associates LLC;  Hilco Real Estate, LLC;  B. Riley Advisory Services;  and Leitner Berman, and any of their current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively.

12.    **Disclosure Statement.**  The term "Disclosure Statement" means all disclosure statements prepared by or on behalf of the Debtor in connection with the

3

Chapter 11 Case, including, without limitation, the *Third Amended Disclosure Statement*
[Docket No. 196].

13.    **Document**.  The term "Document" or "Documents" is defined to be
synonymous in meaning and equal in scope to the usage of the term "documents or
electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), *i.e.*,
"writings, drawings, graphs, charts, photographs, sound recordings, images, and other
data or data compilations—stored in any medium from which information can be
obtained either directly or, if necessary, after translation by the responding party into a
reasonably usable form."  A draft or non-identical copy is a separate Document within
the meaning of this term.  For the avoidance of doubt, the term "Document" shall
include any and all forms of recorded communication.

14.    **EIDL Loan.**  The term "EIDL Loan" means the Amended Loan
Authorization and Agreement entered into between the Manager and the Small
Business Administration pursuant to the Economic Injury and Disaster Loan program
with an effective date of July 20, 2021, the proceeds of which the Manager received in
the amount of $350,000;  as well as any other loan that may have been sought and/or
obtained pursuant to any Economic Injury and Disaster Loan program by the
Principals, the Manager, Heritage, the Debtor, and/or any Affiliate of the Principals, the
Manager, Heritage, and/or the Debtor.

15.    **EDNY Litigation.**  The term "EDNY Litigation" means *Tenenbaum
v. Heritage Equity Holdings LLC, et al.*, Case No. 21-cv-5781 (E.D.N.Y.).

16.    **ERTC Credits.**  The term "ERTC Credits" means, without
limitation, the Employment Retention Tax Credits issued to the Manager in the amount
of $408,263.92 for Q1 2021 and $673,385 for Q2 2021, as well as any other Employment
Retention Tax Credit that may have been sought or obtained by the Principals, the

4

Manager, Heritage, the Debtor, and/or any Affiliate of the Principals, the Manager, Heritage, and/or the Debtor.

17. **Examiner.** The term "Examiner" means Eric M. Huebscher, who was appointed by the Court as the Examiner in the Chapter 11 Case on November 16, 2021 [Docket No. 186], and any person and/or entities acting or purporting to act on his behalf, individually and/or collectively.

18. **FIA.** The term "FIA" means FIA Capital Partners and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

19. **Heritage.** The term "Heritage" means Heritage Equity Holdings, LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

20. **Hotel.** The term "Hotel" means The Williamsburg Hotel, located at 96 Wythe Avenue, Brooklyn, New York 11249.

21. **Insider.** The term "Insider" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(31) of the Bankruptcy Code.

5

22.    **Intellectual Property.** The term "Intellectual Property" is defined to be consistent in scope with this term as it is defined in section 101(35A) of the Bankruptcy Code, including, without limitation:

- "The Williamsburg Hotel" name and trademark;

- Electronic and other digital assets and information related to the Hotel's and/or the Debtor's operation;

- Online presence and related marketing related to the Hotel's and/or the Debtor's operation, including, without limitation, the Hotel's website domain and social media platforms; and

- Any other intellectual property owned, developed, used, leased, and/or licensed by the Principals, the Debtor, the Manager, and/or Heritage in connection with the Hotel's and/or the Debtor's operations.

23.    **Lender.** The term ("Lender") means Benefit Street Partners Realty Operating Partnership, L.P and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

24.    **Loans.** The term "Loans" means the PPP Loan, the EIDL Loan, and any other loan concerning the Hotel, the Debtor, and/or the Manager that was sought and/or applied for and/or received by the Principals, the Manager, Heritage, the Debtor, and/or any Affiliate of the Principals, the Manager, Heritage, and/or the Debtor.

25.    **Manager.** The term "Manager" means The Williamsburg Hotel BK, LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

6

investment bankers, managers, members, officers, officials, owners, direct or indirect

Parents, partners, predecessors-in-interest, principals, representatives, direct and

indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities

acting or purporting to act on its behalf, individually and/or collectively.

26.     **Northside**.  The term "<u>Northside</u>" means Northside Acquisition

Partners, LLC;  Northside Development Holdings, LLC;  Northside Kent Partners LLC;

Northside Management LLC;  Northside Management NY LLC;  Northside Seigel LLC;

and Northside St Johns LLC, individually and collectively, any of its current and former

accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors,

divisions, employees, financial advisors, Insiders, investment bankers, managers,

members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-

interest, principals, representatives, direct and indirect Subsidiaries, successors-in-

interest, trustees, and any other persons and entities acting or purporting to act on its

behalf, individually and/or collectively, including, without limitation, Mark Kirschner.

27.     **Petition Date**.  The term "<u>Petition Date</u>" means February 23, 2021.

28.     **Parent**.  The term "<u>Parent</u>" means any entity that directly or

indirectly controls the management of a second entity, including but not limited to any

entity who owns the stock or other ownership interests of a second entity in such

quantity that the entity possesses the ordinary voting power to elect a majority of the

board of directors or managers of the second entity.

29.     **Plan.**  The term "<u>Plan</u>" means all plans prepared by or on behalf of

the Debtor, including, without limitation, the *Third Amended Chapter 11 Plan of

Reorganization* [Docket No. 551] filed by the Debtor's Counsel in the Chapter 11 Case.

30.     **Principals**.  The term "<u>Principals</u>" means Michael Lichtenstein and

Toby Moskovits, individually and/or collectively, and any of their current and former

7

accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, employees, financial advisors, Insiders, investment bankers, partners, predecessors-in-interest, representatives, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively, including, without limitation, the Principal Affiliates.

31.    **Principal Affiliates.** The term "Principal Affiliates" means: 232 Seigel Acquisition, LLC; Seigel Development, LLC; Mint Development Corporation; 564 St. Johns Acquisition, LLC; 564 St. Johns Holdings, LLC; 564 St. Johns LLC; Northside; 215 Moore Street Acquisition LLC; 215 Moore Street Development LLC; 875 4th Avenue Acquisition LLC; 286 Rider Ave Acquisition, LLC; Heritage GC Walton Acquisition LLC; Brooklyn Bread Lab; Building Development Corp; Bushwick Bread Lab, LLC; and 96 W Development, LLC; and any other entity that is owned, directly or indirectly, by the Principals, individually and/or collectively, and any of their current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively.

32.    **PPP Loan.** The term "PPP Loan" means the loan agreement entered into between the Manager and the Small Business Administration pursuant to the Paycheck Protection Program, the proceeds of which the Manager received in April 2020 in the amount of $1,438,000, as well as any other loan that may have been sought and/or obtained by the Debtor, the Manager, the Principals, or any Affiliate of the Debtor, the Manager, or the Principals pursuant to the Paycheck Protection Program.

8

33.    **Receiver**. The term "Receiver" means Constantino Sagonas, who was appointed as the Hotel's temporary receiver on February 21, 2020 by the New York State Supreme Court in the mortgage-foreclosure action captioned *BSPRT 2018-Fl3 Issuer, Ltd. v. 96 Wythe Acquisition LLC, et al.* (Index No. 653396 / 2019) [NYSCEF Doc. No. 155], as well as any of his current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, employees, financial advisors, Insiders, investment bankers, partners, predecessors-in-interest, representatives, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on his behalf, individually and/or collectively.

34.    **Subsidiary**. The term "Subsidiary" means any entity whose management is controlled, directly or indirectly, by a second entity, including but not limited to any entity whose stock or other ownership interests are owned by a second entity in such quantity that the second entity possesses the ordinary voting power to elect a majority of the board of directors or managers of the entity.

35.    **Taxes**. The term "Taxes" means any and all taxes concerning the Hotel, the Debtor, and/or the Manager currently or previously owed by the Debtor, the Manager, Heritage, the Principals, and/or any Affiliate of the Debtor, the Manager, Heritage, and/or the Principals.

36.    **Transfer.** The term "Transfer" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(54) of the Bankruptcy Code.

37.    **Trustee**. The term "Trustee" means Stephen S. Gray, who was appointed as the Chapter 11 Trustee of the Debtor's estate by the Court on May 31, 2022 in the Chapter 11 case [Docket No. 593].

38.    **2004 Order**. The term "2004 Order" means the *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* entered on August 8, 2022 in the Chapter 11 Case [Docket No. 647].

39.    **Valuation**. The term "Valuation" means the attribution of a qualitative or quantitative value, to or a change in value of, a particular asset, liability, or category of either whether based on book value, market value, or any other valuation metric utilized under any reporting standard.

40.    **You**. The terms "You" or "Your" mean or refer to 232 Seigel Development, LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

## INSTRUCTIONS

1.    Unless otherwise indicated, You shall produce all responsive Documents that are in your possession, custody, or control.  A Document is in your possession, custody, or control if you have actual possession or custody or the right to obtain the Document or a copy thereof upon request or demand from any entity or person.  This includes any Documents contained on or in any computer, mobile device, server, mainframe, or other storage device (including:  (i) Documents on or in computer memory;  (ii) Documents on or in computer or network backup files;  and (iii) Documents that have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within your possession, custody, or control.  For the avoidance of doubt, this also includes any Documents contained on any personal

computer, mobile device, server, mainframe, or other storage device within your possession, regardless of whether you own such device.

2.    The term "possession" relates to all Documents, including email, text messages, mobile-device chats, or other messaging services, and any other electronically-stored information. The term "possession" also includes Documents contained in email, cloud-based, and mobile-device directories, including: (a) "deleted" Documents that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories;  (b) "sent" Documents, including all subdirectories irrespective of the title of such subdirectories;  and  (c) "received" Documents, including all subdirectories irrespective of the title of such subdirectories.

3.    The Documents produced pursuant to these Requests shall be either:  (a) segregated and identified by the number of the request below to which they are responsive;  or (b) produced as they are maintained in the ordinary course of business.

4.    Documents shall be produced with sufficient information to identify the files or repositories in which such responsive Documents are maintained in the normal course of business, including, for example, an index, key, code, or other means of ascertaining the source of the produced Documents.

5.    Electronically stored information must be produced in both native and a searchable format, unless the Trustee agrees otherwise.

6.    All Documents that are produced in electronic format shall be provided with:  (i) Group W "tiff" images and IPRO-ready OPT files;  (ii) a Concordance DAT delimited file with boundaries;  (iii) full text OCR, with OCR text files provided on a document level;  and (iv) all metadata fields associated with each electronic Document. The Trustee also requests that all spreadsheets created in

11

Microsoft Excel or a similar spreadsheet program be produced in their native format.
The Trustee reserves his rights to request that other Documents be produced in their
native format if necessary.  The following metadata fields shall also be produced with
all Documents produced in electronic format:

| Field Name | Description |
|---|---|
| BEGDOC | An automatically-generated number assigned to first page of the Document |
| ENDDOC | An automatically-generated number assigned to last page of the Document |
| BEGATTACH | An automatically-generated number assigned to the first page of the parent Document in a family |
| ENDATTACH | An automatically-generated number assigned to the last page of an attachment in a Document family |
| PARENT_ID | The beginning DOCID for a parent Document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (*e.g.*, Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | A vendor-populated field where "P" denotes a parent Document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual Document |
| FROM | The name of the sender of an email, from the "From" field |
| TO | The recipient(s) of an email, from the "To" field |
| CC | The name(s) of any Person(s) to whom a copy of an email was sent, from the "CC" field |
| BCC | The name(s) of any Person(s) that were blind copied on an email, from the "BCC" field |
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |

| Field Name | Description |
|---|---|
| CUSTODIAN | The name(s) of the Person(s) from which a collection of email- or application files originate |
| AUTHOR | The name of the author or the creator of an application file, from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_ CREATED | The time at which an email or application was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "Last Author" field for an application file |
| LAST_SAVED | The date in the "Last Saved" field for an application file |
| LAST_PRINTED | The date in the "Last Printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The filename extension of each email, attachment, or application file |
| FILENAME | The name of an application file, including its extension |
| FILESIZE | The size of a Document in bytes |
| SOURCEFOLDER | The full path information for email, attachments, and application files beginning with the original source-folder name |
| HASHVALUE | The output of an algorithm-generated value for each individual file |
| SEARCH_HIT | The search term or terms that "hit" on a Document |

13

| Field Name | Description |
|---|---|
| NATIVE_FILE | A hyperlink to the native file |

7.      Each page of every Document produced in response to a Request must be marked with a unique Bates number to allow for accurate identification.

8.      Any Documents attached to each other shall not be separated.

9.      Any Document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

10.     Each requested Document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other Documents at any time affixed thereto.  If a Document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11.     To the extent that any responsive Document is withheld from production:  (a) because the Document is no longer in Your possession, custody or control;  or (b) based upon a claim of attorney-client privilege, the work-product doctrine, or any other privilege or protection, You are required to provide, upon the completion of the production of non-privileged Documents, a list (the "Withheld Document List") setting forth as to each such withheld Document the following information to the extent known:

    i.   the title, date and type of Document (*e.g.*, memorandum, report, chart);

    ii.  its subject matter (without revealing the information as to which privilege or statutory authority is claimed);

    iii. the name of each author, writer and/or sender of the Document;

14

iv. the name of each recipient, addressee, or other party to whom the Document or a copy was sent or directed;

v. the specific request(s) to which the Document is responsive; and

vi. to the extent the Document is withheld based on a claim of lack of possession pursuant to subparagraph (a) above, (A) when the Document was most recently in Your possession, custody or control, (B) the disposition of the Document and (C) the identity of any Person who has possession, custody or control of the Document;[1] or

vii. to the extent the Document is withheld based on a claim of privilege pursuant to subparagraph (b) above, (Y) the specific privilege claimed and (Z) the factual and legal basis for the privilege claimed or the specific statutory or other authority that provides the claimed ground for non-production.

12. If you maintain that any responsive Document has been destroyed, you shall set forth the contents of the Document, the date of its destruction, and the name of the Person(s) who authorized its destruction upon the Withheld Document List.

13. If a portion of an otherwise responsive Document contains information subject to a claim of privilege or protection pursuant to paragraph 11(b) above, those portions of the Document subject to the claim of privilege or protection may be redacted from the Document, but the instructions in the preceding paragraph 11 shall be applicable and the redacted Document shall be produced.

14. If a Request is only partly objectionable, You shall respond to the remainder of the Request that is not objectionable.

15. If an objection or request for relief is made with respect to any Request or portion thereof, the objection or request for relief shall state all grounds on which it is based with specificity. Any ground not stated in the objection or request for

---

[1] If a Document has been destroyed, the Withheld Document List shall also include: (a) the reason for its destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

relief within the time provided by the 2004 Order, or any extensions thereof, shall be deemed waived.

16.    If any requested Document or other Document potentially relevant to this action is subject to destruction under any document-retention or -destruction program, such Document shall be exempted from any scheduled destruction and shall not be destroyed until the conclusion of this action or unless otherwise permitted by the Bankruptcy Court.

17.    If you previously but no longer possess items responsive to a particular Request, you shall specify why you no longer possess such items and the name and address of any Person(s) known or believed by you to have possession, custody, or control of such items.

18.    Terms not specifically defined herein shall be given their ordinary meanings as you understand them to be used in the trade or pursuant to ordinary usage.

19.    The singular form of any word shall be construed as including the plural form and vice versa, and the masculine form of any word shall be construed as including the feminine form and vice versa, wherever necessary to bring within the scope of a Request all Documents that might otherwise be construed to be outside of its scope.

20.    The terms "all," "any," and "each" shall be construed as encompassing any and all.

21.    The terms "include," "includes," and "including" shall be construed in each instance as being followed by the words "without limitation." A list following any of these terms shall be interpreted to contain illustrative examples of the types of Documents responsive to the request, but does not constitute an exclusive, all-

16

encompassing or exhaustive listing of every type of Document responsive to the request and shall not be construed in any way to qualify, limit, or restrict the scope of the request.

22.    The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary, in each case, to bring within the scope of these requests all responsive Documents that might otherwise be construed to be outside their scope.

23.    Any ambiguity in a request shall be construed to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

## RELEVANT TIME PERIOD

24.    The relevant time period for each request is February 23, 2015 through the date of production (the "Relevant Time Period"), unless otherwise specifically indicated.  Each request shall be interpreted to include all Documents that concern the Relevant Time Period or otherwise-specified period, even if such Documents were prepared or published outside of the Relevant Time Period or otherwise-specified period.  If any Document that was prepared or published before or after the Relevant Time Period or otherwise-specified period is necessary for a correct or complete understanding of any Document that is responsive to a Request, You shall produce these Documents as well.  If any Document is undated and the date of its preparation cannot be determined, You shall produce the Document if otherwise responsive to a request for production.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All Documents and Communications concerning the Debtor.

17

**REQUEST NO. 2:**

All Documents and Communications between You and any of the Debtor's creditors concerning the Debtor, including, without limitation, the Lender.

**REQUEST NO. 3:**

All Documents and Communications between You and the Principals concerning the Debtor.

**REQUEST NO. 4:**

All Documents and Communications between You and the Manager concerning the Debtor.

**REQUEST NO. 5:**

All Documents and Communications between You and Heritage concerning the Debtor.

**REQUEST NO. 6:**

All Documents and Communications between You and the Examiner, including, without limitation, all Documents and Communications produced to the Examiner in connection with his investigation in the Chapter 11 Case.

**REQUEST NO. 7:**

All Documents and Communications between You and the Receiver.

**REQUEST NO. 8:**

All Documents and Communications between You and the CRO concerning the Debtor.

**REQUEST NO. 9:**

All Documents and Communications between You and the Debtor's Professionals and/or the Debtor's Counsel concerning the Debtor.

**REQUEST NO. 10:**

All Documents and Communications concerning the PPP Loan, EIDL Loan, or ERTC Credits, including, without limitation, all bank statements for accounts into which proceeds of the PPP Loan, EIDL Loan, and/or ERTC Credits were received.

**REQUEST NO. 11:**

All Documents concerning any Transfer between and/or among You and any of Your Affiliates and the Debtor, the Principals, the Manager, Heritage, and/or

18

any Affiliate of the Debtor, the Principals, the Manager, and/or Heritage, including, without limitation, documents sufficient to show all such Transfers.

**REQUEST NO. 12:**

Documents sufficient to disclose and/or identify the persons (as defined in section 101(41) of the Bankruptcy Code) who owned an interest in You throughout the Relevant Time Period.

**REQUEST NO. 13:**

All Documents concerning Your finances, including, without limitation, all bank statements and cancelled checks for all of Your bank accounts since Your inception, all Documents concerning Your Taxes, and all Documents concerning any financial obligation owed by You to any person or entity other than the Lender.

**REQUEST NO. 14:**

Documents sufficient to show Your ownership interests, if any, in each of the Debtor, the Manager, Heritage, and the Principal Affiliates throughout the Relevant Time Period.

At a future date, the Trustee may request the production of additional Documents or testimony. These Requests are made without waiver of the Trustee's right to seek additional information from You or any other third party in the future.

19

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| 96 WYTHE ACQUISITION LLC, | : | Case No. 21-22108 (SHL) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

------------------------------------------------------------x

## ORDER AUTHORIZING DISCOVERY PURSUANT TO
## RULE 2004 OF THE FEDEREAL RULES OF BANKRUPTCY PROCEDURE

Upon the application dated July 15, 2022 (the "Application")[1] of Stephen S.

Gray, not individually but solely in his capacity as the Chapter 11 Trustee of the debtor

in the above-captioned case (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP,

for entry of an order (this "Order") pursuant to sections 105 and 704 of the Bankruptcy

Code and Bankruptcy Rule 2004, authorizing the issuance of subpoenas for the

production of documents and information and deposition testimony;  and the Court

having jurisdiction to consider the Application and relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334;  and the Trustee having provided sufficient notice to the

Notice Parties pursuant to Local Bankruptcy Rule 9074-1, none of whom have objected

to the Application;  and the relief requested therein raising a core proceeding under 28

U.S.C. § 157(b);  and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

1

and 1409;  and the relief sought being in the best interests of the Debtor's estate, their

creditors, and other parties in interest;  and it appearing that good and sufficient cause

for the relief sought in the Application exists, it is hereby:

**ORDERED**, that the Application is granted to the extent provided herein;

and it is further

**ORDERED**, that the Trustee is authorized to issue subpoenas for the

production of documents and for deposition testimony consistent with Bankruptcy

Rules 2004 and 9016, concerning any asset, liability, duty, obligation, contract,

transaction, or other issue related in any way to the Debtor, upon:  any current or former

principal, affiliate, employee, agent, or representative of the Debtor;  any entity or

person that has conducted business or engaged in a transaction with the Debtor, in any

manner, and any current or former employee, principal, agent, officer, shareholder,

affiliate, or owner thereof;  any accountant or financial advisor for the Debtor, and any

current or former employee, principal, agent, officer, or owner thereof;  and it is further

**ORDERED**, that the production and examination required pursuant to this

Order may not be withheld or refused based upon any applicable privilege in favor of

the Debtor which, for cause shown in the Application, the Trustee, in his sole discretion,

may waive to facilitate the turnover of any documents, communications, examinations

or other forms of information to the Trustee;  and it is further

2

ORDERED, that subpoenas authorized by this Order may be served by

FedEx or any other method of service permitted under Bankruptcy Rule 9016 or by other

means agreed to by the subpoenaed entities or persons; and it is further

ORDERED, that the Trustee shall serve a copy of this Order with any

subpoena that he serves pursuant to this Order; and it is further

ORDERED, that any subpoena issued pursuant to this Order shall provide

at least fourteen days' notice to the recipient to provide the recipient an opportunity to

object in writing to the subpoena or to file any written motion with the Court; and it is

further

ORDERED, that if any entity or person who receives a subpoena for the

production of documents pursuant to this Order withholds any documents on the basis

of an asserted privilege, that entity is directed to provide a privilege log in accordance

with Bankruptcy Rule 7026 to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335,

New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com) and

John N. McClain, Esq. (jmcclain@teamtogut.com), so as to be received with the

document production required by the subpoena, or at such time as may be mutually

agreed to by the Trustee and the subpoenaed entity or person; and it is further

ORDERED, that within one business day after entry of this Order, the

Trustee shall serve a copy of the Application and this Order by electronic mail to the

Notice Parties; and it is further

**ORDERED**, that entry of this Order is without prejudice to the rights of the

Trustee to apply for any other or further relief, including but not limited to further relief

under Bankruptcy Rule 2004;  and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine

any and all matters arising from the interpretation and/or implementation of this Order.

Dated:  White Plains, New York
　　　 August 8, 2022

　　　　　　　　　　　　　 */s/ Sean H. Lane*
　　　　　　　　　　　　　 HONORABLE SEAN H. LANE
　　　　　　　　　　　　　 UNITED STATES BANKRUPTCY JUDGE

4

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 96 Wythe Acquisition, LLC, | : | Case No. 21-22108 (SHL) |
| | : | |
| Debtor. | : | |
| | : | |

------------------------------------------------------------x

## AFFIDAVIT OF SERVICE OF SUBPOENA FOR RULE 2004 EXAMINATION

STATE OF NEW YORK      )
                                        ) ss.:
COUNTY OF NEW YORK )

        Jonathan Cohen, being duly sworn, deposes and says:  deponent is not a party to the action, is over 18 years of age and resides in Caldwell, New Jersey.

        On September 14, 2022, deponent served a copy of the attached Subpoena For Rule 2004 Examination directed to Northside Development Holdings, LLC, together with its Exhibit "A", a copy of the August 8, 2022 Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure [Docket No. 647], a copy of which is annexed hereto, upon the following party by FedEx standard overnight delivery:

Northside Development Holdings, LLC
1274 49th St., Ste 184
Brooklyn, NY 11219

*/s/ Jonathan Cohen*
JONATHAN COHEN

Sworn to before me this
6th day of October, 2022

*/s/ Cynthia Sotomayor*
NOTARY PUBLIC

# TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119
(212) 594-5000

FACSIMILE
(212) 967-4258

EMAIL
jmcclain@teamtogut.com

September 14, 2022

**VIA FEDEX**
Northside Development Holdings, LLC
1274 49th St, Suite 184
Brooklyn, NY 11219

Re:    In re 96 Wythe Acquisition LLC,
Chapter 11 Case No. 21-22108 (SHL)

To Whom It May Concern:

We are the attorneys for Stephen S. Gray, not individually but solely in his capacity as Chapter 11 trustee of the above-referenced debtor.

Enclosed please find a subpoena requiring the production of documents no later than 14 days after the date of this letter and the Bankruptcy Court's *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedures*, entered on August 8, 2022 [Docket No. 647] authorizing service of the subpoena by FedEx.  Please contact me with any questions.

Very truly yours,

TOGUT, SEGAL & SEGAL LLP
By:

John McClain

Enclosures

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of New York _____

In re 96 Wythe Acquisition LLC _____
              Debtor

Case No. 21-22108 (SHL) _____

Chapter 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Northside Development Holdings, LLC _____

*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Togut, Segal & Segal LLP<br>One Penn Plaza, Suite 3335<br>New York, NY 10119 | TBD |

The examination will be recorded by this method: _____

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A; documents to be produced by September 28, 2022 at Togut, Segal & Segal LLP at the address above.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/14/22 _____

      CLERK OF COURT

                              OR

_____      /s/ John McClain
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Stephen S. Gray, as Chapter 11 Trustee , who issues or requests this subpoena, are:

Neil Berger, Esq., Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, neilberger@teamtogut.com, (212) 594-5000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

   I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

### Exhibit A

### DEFINITIONS

Unless otherwise defined below, the definitions and instructions set forth in the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the Federal Rules of Civil Procedure (the "Federal Rules"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shall apply to the requests for production (the "Requests") listed below.

1.     **Affiliate**.  The term "Affiliate" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(2) of the Bankruptcy Code.

2.     **Adversary Proceedings**.  The term "Adversary Proceedings" means *96 Wythe Acquisition, LLC v. Benefit Street Partners Realty Operating Partnership, L.P.* (Adv. Proc. No. 22-07002) (Bankr. S.D.N.Y.) and *96 Wythe Acquisition LLC v. Commissioner of Fin. of the City of New York* (Adv. Prov. No. 22-07027) (Bankr. S.D.N.Y.).

3.     **Bankruptcy Code**.  The term "Bankruptcy Code" means title 11 of the United States Code.

4.     **Chapter 11 Case**.  The term "Chapter 11 Case" means the Debtor's bankruptcy case, *In re 96 Wythe Acquisition LLC*, Case No. 21-22108 (SHL) (Bankr. S.D.N.Y.).

5.     **Communication**.  The term "Communication" or "Communications" means any transmission and/or receipt of information (in the form of facts, ideas, inquiries, or otherwise), whether oral or written, and whether chance, prearranged, formal, or informal.  The term "Communication" includes any letters, memoranda, statements, media releases, press conferences, magazine articles, newspaper articles, testimony given before a governmental body, in-person statements

1

and conversations, telephone statements and conversations, voicemail messages, video
transmissions, audio transmissions, and electronic messages, including electronic mail,
instant messages, text messages, and messages sent over mobile-device chat services,
including Instant Bloomberg, Bloomberg messages, BlackBerry Messenger, Google
Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, Slack,
WeChat, and Snapchat.

6.    **Concerning.** The term "concerning" means analyzing, arising out
of, collaborating, comprising, concerning, considering, constituting, containing,
contradicting, controverting, demonstrating, describing, discussing, disputing,
embodying, evaluating, evidencing, identifying, indicating, made in connection with or
by reason of or arising from, memorializing, mentioning, providing, rebutting,
referencing, referring to, reflecting, refuting, relating to, showing, supporting, or
otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

7.    **Court.** The term "Court" means the United States Bankruptcy
Court for the Southern District of New York.

8.    **CRO.** The term "CRO" means David Goldwasser and/or G.C.
Realty Advisors LLC, any of their current and former accountants, Affiliates, agents,
assignees, attorneys, auditors, counsel, directors, divisions, employees, financial
advisors, Insiders, investment bankers, managers, members, officers, officials, owners,
direct or indirect Parents, partners, predecessors-in-interest, principals, representatives,
direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons
and entities acting or purporting to act on their behalf, individually and/or collectively.

9.    **Debtor.** The term "Debtor" means 96 Wythe Acquisition LLC and
any of its current and former accountants, Affiliates, agents, assignees, attorneys,
auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

2

investment bankers, managers, members, officers, officials, owners, direct or indirect

Parents, partners, predecessors-in-interest, principals, representatives, direct and

indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities

acting or purporting to act on its behalf, individually and/or collectively, including,

without limitation, the Receiver.

10. **Debtor's Counsel**. The term "Debtor's Counsel" means, but shall

not be limited to: Mayer Brown LLP; and Backenroth Frankel & Krinsky, LLP; and any

of their current and former accountants, Affiliates, agents, assignees, attorneys,

auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

investment bankers, managers, members, officers, officials, owners, direct or indirect

Parents, partners, predecessors-in-interest, principals, representatives, direct and

indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities

acting or purporting to act on their behalf, individually and/or collectively.

11. **Debtor's Professionals.** The term "Debtor's Professionals" means,

but shall not be limited to: G.C. Realty Advisors LLC; Getzler Heinrich & Associates

LLC; Hilco Real Estate, LLC; B. Riley Advisory Services; and Leitner Berman, and any

of their current and former accountants, Affiliates, agents, assignees, attorneys,

auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

investment bankers, managers, members, officers, officials, owners, direct or indirect

Parents, partners, predecessors-in-interest, principals, representatives, direct and

indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities

acting or purporting to act on their behalf, individually and/or collectively.

12. **Disclosure Statement.** The term "Disclosure Statement" means all

disclosure statements prepared by or on behalf of the Debtor in connection with the

3

Chapter 11 Case, including, without limitation, the *Third Amended Disclosure Statement*
[Docket No. 196].

13.    **Document**. The term "<u>Document</u>" or "<u>Documents</u>" is defined to be
synonymous in meaning and equal in scope to the usage of the term "documents or
electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), *i.e.*,
"writings, drawings, graphs, charts, photographs, sound recordings, images, and other
data or data compilations—stored in any medium from which information can be
obtained either directly or, if necessary, after translation by the responding party into a
reasonably usable form." A draft or non-identical copy is a separate Document within
the meaning of this term. For the avoidance of doubt, the term "Document" shall
include any and all forms of recorded communication.

14.    **EIDL Loan.** The term "<u>EIDL Loan</u>" means the Amended Loan
Authorization and Agreement entered into between the Manager and the Small
Business Administration pursuant to the Economic Injury and Disaster Loan program
with an effective date of July 20, 2021, the proceeds of which the Manager received in
the amount of $350,000; as well as any other loan that may have been sought and/or
obtained pursuant to any Economic Injury and Disaster Loan program by the
Principals, the Manager, Heritage, the Debtor, and/or any Affiliate of the Principals, the
Manager, Heritage, and/or the Debtor.

15.    **EDNY Litigation**. The term "<u>EDNY Litigation</u>" means *Tenenbaum
v. Heritage Equity Holdings LLC, et al.*, Case No. 21-cv-5781 (E.D.N.Y.).

16.    **ERTC Credits.** The term "<u>ERTC Credits</u>" means, without
limitation, the Employment Retention Tax Credits issued to the Manager in the amount
of $408,263.92 for Q1 2021 and $673,385 for Q2 2021, as well as any other Employment
Retention Tax Credit that may have been sought or obtained by the Principals, the

4

Manager, Heritage, the Debtor, and/or any Affiliate of the Principals, the Manager, Heritage, and/or the Debtor.

17.    **Examiner**.  The term "Examiner" means Eric M. Huebscher, who was appointed by the Court as the Examiner in the Chapter 11 Case on November 16, 2021 [Docket No. 186], and any person and/or entities acting or purporting to act on his behalf, individually and/or collectively.

18.    **FIA.**  The term "FIA" means FIA Capital Partners and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

19.    **Heritage.**  The term "Heritage" means Heritage Equity Holdings, LLC and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

20.    **Hotel.**  The term "Hotel" means The Williamsburg Hotel, located at 96 Wythe Avenue, Brooklyn, New York 11249.

21.    **Insider**.  The term "Insider" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(31) of the Bankruptcy Code.

5

22.     **Intellectual Property.**  The term "Intellectual Property" is defined

to be consistent in scope with this term as it is defined in section 101(35A) of the

Bankruptcy Code, including, without limitation:

- "The Williamsburg Hotel" name and trademark;

- Electronic and other digital assets and information related to the Hotel's and/or the Debtor's operation;

- Online presence and related marketing related to the Hotel's and/or the Debtor's operation, including, without limitation, the Hotel's website domain and social media platforms; and

- Any other intellectual property owned, developed, used, leased, and/or licensed by the Principals, the Debtor, the Manager, and/or Heritage in connection with the Hotel's and/or the Debtor's operations.

23.     **Lender.**  The term ("Lender") means Benefit Street Partners Realty

Operating Partnership, L.P and any of its current and former accountants, Affiliates,

agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial

advisors, Insiders, investment bankers, managers, members, officers, officials, owners,

direct or indirect Parents, partners, predecessors-in-interest, principals, representatives,

direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons

and entities acting or purporting to act on its behalf, individually and/or collectively.

24.     **Loans.**  The term "Loans" means the PPP Loan, the EIDL Loan, and

any other loan concerning the Hotel, the Debtor, and/or the Manager that was sought

and/or applied for and/or received by the Principals, the Manager, Heritage,

the Debtor, and/or any Affiliate of the Principals, the Manager, Heritage, and/or the

Debtor.

25.     **Manager.**  The term "Manager" means The Williamsburg Hotel BK,

LLC and any of its current and former accountants, Affiliates, agents, assignees,

attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders,

6

investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively.

26.    **Northside.**  The term "Northside" means Northside Acquisition Partners, LLC;  Northside Development Holdings, LLC;  Northside Kent Partners LLC;  Northside Management LLC;  Northside Management NY LLC;  Northside Seigel LLC;  and Northside St Johns LLC, individually and collectively, any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively, including, without limitation, Mark Kirschner.

27.    **Petition Date**.  The term "Petition Date" means February 23, 2021.

28.    **Parent**.  The term "Parent" means any entity that directly or indirectly controls the management of a second entity, including but not limited to any entity who owns the stock or other ownership interests of a second entity in such quantity that the entity possesses the ordinary voting power to elect a majority of the board of directors or managers of the second entity.

29.    **Plan.**  The term "Plan" means all plans prepared by or on behalf of the Debtor, including, without limitation, the *Third Amended Chapter 11 Plan of Reorganization* [Docket No. 551] filed by the Debtor's Counsel in the Chapter 11 Case.

30.    **Principals**.  The term "Principals" means Michael Lichtenstein and Toby Moskovits, individually and/or collectively, and any of their current and former

7

accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, employees, financial advisors, Insiders, investment bankers, partners, predecessors-in-interest, representatives, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively, including, without limitation, the Principal Affiliates.

31.    **Principal Affiliates.**  The term "Principal Affiliates" means: 232 Seigel Acquisition, LLC;  Seigel Development, LLC;  Mint Development Corporation; 564 St. Johns Acquisition, LLC;  564 St. Johns Holdings, LLC;  564 St. Johns LLC; Northside; 215 Moore Street Acquisition LLC;  215 Moore Street Development LLC; 875 4th Avenue Acquisition LLC;  286 Rider Ave Acquisition, LLC;  Heritage GC Walton Acquisition LLC;  Brooklyn Bread Lab;  Building Development Corp;  Bushwick Bread Lab, LLC;  and 96 W Development, LLC;  and any other entity that is owned, directly or indirectly, by the Principals, individually and/or collectively, and any of their current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on their behalf, individually and/or collectively.

32.    **PPP Loan.**  The term "PPP Loan" means the loan agreement entered into between the Manager and the Small Business Administration pursuant to the Paycheck Protection Program, the proceeds of which the Manager received in April 2020 in the amount of $1,438,000, as well as any other loan that may have been sought and/or obtained by the Debtor, the Manager, the Principals, or any Affiliate of the Debtor, the Manager, or the Principals pursuant to the Paycheck Protection Program.

8

33.    **Receiver.** The term "Receiver" means Constantino Sagonas, who
was appointed as the Hotel's temporary receiver on February 21, 2020 by the New York
State Supreme Court in the mortgage-foreclosure action captioned *BSPRT 2018-Fl3
Issuer, Ltd. v. 96 Wythe Acquisition LLC, et al.* (Index No. 653396 / 2019) [NYSCEF Doc.
No. 155], as well as any of his current and former accountants, Affiliates, agents,
assignees, attorneys, auditors, counsel, directors, employees, financial advisors,
Insiders, investment bankers, partners, predecessors-in-interest, representatives,
successors-in-interest, trustees, and any other persons and entities acting or purporting
to act on his behalf, individually and/or collectively.

34.    **Subsidiary.** The term "Subsidiary" means any entity whose
management is controlled, directly or indirectly, by a second entity, including but not
limited to any entity whose stock or other ownership interests are owned by a second
entity in such quantity that the second entity possesses the ordinary voting power to
elect a majority of the board of directors or managers of the entity.

35.    **Taxes.** The term "Taxes" means any and all taxes concerning the
Hotel, the Debtor, and/or the Manager currently or previously owed by the Debtor, the
Manager, Heritage, the Principals, and/or any Affiliate of the Debtor, the Manager,
Heritage, and/or the Principals.

36.    **Transfer.** The term "Transfer" is defined to be synonymous in
meaning and equal in scope to the usage of this term as it is defined in section 101(54) of
the Bankruptcy Code.

37.    **Trustee.** The term "Trustee" means Stephen S. Gray, who was
appointed as the Chapter 11 Trustee of the Debtor's estate by the Court on May 31, 2022
in the Chapter 11 case [Docket No. 593].

9

38.    **2004 Order**.  The term "2004 Order" means the *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* entered on August 8, 2022 in the Chapter 11 Case [Docket No. 647].

39.    **Valuation**.  The term "Valuation" means the attribution of a qualitative or quantitative value, to or a change in value of, a particular asset, liability, or category of either whether based on book value, market value, or any other valuation metric utilized under any reporting standard.

40.    **You**.  The terms "You" or "Your" means or refers to Northside Development Holdings, LLC, and any of its current and former accountants, Affiliates, agents, assignees, attorneys, auditors, counsel, directors, divisions, employees, financial advisors, Insiders, investment bankers, managers, members, officers, officials, owners, direct or indirect Parents, partners, predecessors-in-interest, principals, representatives, direct and indirect Subsidiaries, successors-in-interest, trustees, and any other persons and entities acting or purporting to act on its behalf, individually and/or collectively, including, without limitation, Ben Bergman, Joey Greenberg, Marion Gross, Mark Kirschner, and Moshe Schepansky.

## INSTRUCTIONS

1.    Unless otherwise indicated, You shall produce all responsive Documents that are in your possession, custody, or control.  A Document is in your possession, custody, or control if you have actual possession or custody or the right to obtain the Document or a copy thereof upon request or demand from any entity or person.  This includes any Documents contained on or in any computer, mobile device, server, mainframe, or other storage device (including:  (i) Documents on or in computer memory;  (ii) Documents on or in computer or network backup files;  and (iii) Documents that have been "deleted" or "erased" but are recoverable) whether

10

located on-site or at an off-site facility, within your possession, custody, or control. For the avoidance of doubt, this also includes any Documents contained on any personal computer, mobile device, server, mainframe, or other storage device within your possession, regardless of whether you own such device.

2.      The term "possession" relates to all Documents, including email, text messages, mobile-device chats, or other messaging services, and any other electronically-stored information. The term "possession" also includes Documents contained in email, cloud-based, and mobile-device directories, including: (a) "deleted" Documents that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" Documents, including all subdirectories irrespective of the title of such subdirectories; and (c) "received" Documents, including all subdirectories irrespective of the title of such subdirectories.

3.      The Documents produced pursuant to these Requests shall be either: (a) segregated and identified by the number of the request below to which they are responsive; or (b) produced as they are maintained in the ordinary course of business.

4.      Documents shall be produced with sufficient information to identify the files or repositories in which such responsive Documents are maintained in the normal course of business, including, for example, an index, key, code, or other means of ascertaining the source of the produced Documents.

5.      Electronically stored information must be produced in both native and a searchable format, unless the Trustee agrees otherwise.

6.      All Documents that are produced in electronic format shall be provided with: (i) Group W "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries; (iii) full text OCR, with OCR text

11

files provided on a document level; and (iv) all metadata fields associated with each electronic Document. The Trustee also requests that all spreadsheets created in Microsoft Excel or a similar spreadsheet program be produced in their native format. The Trustee reserves his rights to request that other Documents be produced in their native format if necessary. The following metadata fields shall also be produced with all Documents produced in electronic format:

| Field Name | Description |
|---|---|
| BEGDOC | An automatically-generated number assigned to first page of the Document |
| ENDDOC | An automatically-generated number assigned to last page of the Document |
| BEGATTACH | An automatically-generated number assigned to the first page of the parent Document in a family |
| ENDATTACH | An automatically-generated number assigned to the last page of an attachment in a Document family |
| PARENT_ID | The beginning DOCID for a parent Document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (*e.g.*, Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | A vendor-populated field where "P" denotes a parent Document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual Document |
| FROM | The name of the sender of an email, from the "From" field |
| TO | The recipient(s) of an email, from the "To" field |
| CC | The name(s) of any Person(s) to whom a copy of an email was sent, from the "CC" field |
| BCC | The name(s) of any Person(s) that were blind copied on an email, from the "BCC" field |

| Field Name | Description |
|---|---|
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |
| CUSTODIAN | The name(s) of the Person(s) from which a collection of email- or application files originate |
| AUTHOR | The name of the author or the creator of an application file, from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_ CREATED | The time at which an email or application was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "Last Author" field for an application file |
| LAST_SAVED | The date in the "Last Saved" field for an application file |
| LAST_PRINTED | The date in the "Last Printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The filename extension of each email, attachment, or application file |
| FILENAME | The name of an application file, including its extension |
| FILESIZE | The size of a Document in bytes |
| SOURCEFOLDER | The full path information for email, attachments, and application files beginning with the original source-folder name |

13

| Field Name | Description |
|---|---|
| HASHVALUE | The output of an algorithm-generated value for each individual file |
| SEARCH_HIT | The search term or terms that "hit" on a Document |
| NATIVE_FILE | A hyperlink to the native file |

7.    Each page of every Document produced in response to a Request must be marked with a unique Bates number to allow for accurate identification.

8.    Any Documents attached to each other shall not be separated.

9.    Any Document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

10.    Each requested Document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other Documents at any time affixed thereto.  If a Document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11.    To the extent that any responsive Document is withheld from production:  (a) because the Document is no longer in Your possession, custody or control;  or (b) based upon a claim of attorney-client privilege, the work-product doctrine, or any other privilege or protection, You are required to provide, upon the completion of the production of non-privileged Documents, a list (the "Withheld Document List") setting forth as to each such withheld Document the following information to the extent known:

14

i. the title, date and type of Document (*e.g.*, memorandum, report, chart);

ii. its subject matter (without revealing the information as to which privilege or statutory authority is claimed);

iii. the name of each author, writer and/or sender of the Document;

iv. the name of each recipient, addressee, or other party to whom the Document or a copy was sent or directed;

v. the specific request(s) to which the Document is responsive; and

vi. to the extent the Document is withheld based on a claim of lack of possession pursuant to subparagraph (a) above, (A) when the Document was most recently in Your possession, custody or control, (B) the disposition of the Document and (C) the identity of any Person who has possession, custody or control of the Document;[1] or

vii. to the extent the Document is withheld based on a claim of privilege pursuant to subparagraph (b) above, (Y) the specific privilege claimed and (Z) the factual and legal basis for the privilege claimed or the specific statutory or other authority that provides the claimed ground for non-production.

12.    If you maintain that any responsive Document has been destroyed, you shall set forth the contents of the Document, the date of its destruction, and the name of the Person(s) who authorized its destruction upon the Withheld Document List.

13.    If a portion of an otherwise responsive Document contains information subject to a claim of privilege or protection pursuant to paragraph 11(b) above, those portions of the Document subject to the claim of privilege or protection may be redacted from the Document, but the instructions in the preceding paragraph 11 shall be applicable and the redacted Document shall be produced.

---

[1]    If a Document has been destroyed, the Withheld Document List shall also include: (a) the reason for its destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

14.     If a Request is only partly objectionable, You shall respond to the
remainder of the Request that is not objectionable.

15.     If an objection or request for relief is made with respect to any
Request or portion thereof, the objection or request for relief shall state all grounds on
which it is based with specificity.  Any ground not stated in the objection or request for
relief within the time provided by the 2004 Order, or any extensions thereof, shall be
deemed waived.

16.     If any requested Document or other Document potentially relevant
to this action is subject to destruction under any document-retention or -destruction
program, such Document shall be exempted from any scheduled destruction and shall
not be destroyed until the conclusion of this action or unless otherwise permitted by the
Bankruptcy Court.

17.     If you previously but no longer possess items responsive to a
particular Request, you shall specify why you no longer possess such items and the
name and address of any Person(s) known or believed by you to have possession,
custody, or control of such items.

18.     Terms not specifically defined herein shall be given their ordinary
meanings as you understand them to be used in the trade or pursuant to ordinary
usage.

19.     The singular form of any word shall be construed as including the
plural form and vice versa, and the masculine form of any word shall be construed as
including the feminine form and vice versa, wherever necessary to bring within the
scope of a Request all Documents that might otherwise be construed to be outside of its
scope.

16

20.    The terms "all," "any," and "each" shall be construed as encompassing any and all.

21.    The terms "include," "includes," and "including" shall be construed in each instance as being followed by the words "without limitation."  A list following any of these terms shall be interpreted to contain illustrative examples of the types of Documents responsive to the request, but does not constitute an exclusive, all-encompassing or exhaustive listing of every type of Document responsive to the request and shall not be construed in any way to qualify, limit, or restrict the scope of the request.

22.    The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary, in each case, to bring within the scope of these requests all responsive Documents that might otherwise be construed to be outside their scope.

23.    Any ambiguity in a request shall be construed to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

## RELEVANT TIME PERIOD

24.    The relevant time period for each request is February 23, 2015 through the date of production (the "Relevant Time Period"), unless otherwise specifically indicated.  Each request shall be interpreted to include all Documents that concern the Relevant Time Period or otherwise-specified period, even if such Documents were prepared or published outside of the Relevant Time Period or otherwise-specified period.  If any Document that was prepared or published before or after the Relevant Time Period or otherwise-specified period is necessary for a correct or complete understanding of any Document that is responsive to a Request, You shall

17

produce these Documents as well.  If any Document is undated and the date of its

preparation cannot be determined, You shall produce the Document if otherwise

responsive to a request for production.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All Documents and Communications concerning the Debtor.

**REQUEST NO. 2:**

All Documents and Communications between You and any of the
Debtor's creditors concerning the Debtor, including, without limitation, the Lender.

**REQUEST NO. 3:**

All Documents and Communications between You and the Principals
concerning the Debtor.

**REQUEST NO. 4:**

All Documents and Communications between You and the Manager
concerning the Debtor.

**REQUEST NO. 5:**

All Documents and Communications between You and Heritage
concerning the Debtor.

**REQUEST NO. 6:**

All Documents and Communications between You and the Examiner,
including, without limitation, all Documents and Communications produced to the
Examiner in connection with his investigation in the Chapter 11 Case.

**REQUEST NO. 7:**

All Documents and Communications between You and the Receiver.

**REQUEST NO. 8:**

All Documents and Communications between You and the CRO
concerning the Debtor.

**REQUEST NO. 9:**

All Documents and Communications between You and the Debtor's
Professionals and/or the Debtor's Counsel concerning the Debtor.

18

**REQUEST NO. 10:**

All Documents and Communications concerning the PPP Loan, EIDL Loan, or ERTC Credits, including, without limitation, all bank statements for accounts into which proceeds of the PPP Loan, EIDL Loan, and/or ERTC Credits were received.

**REQUEST NO. 11:**

All Documents concerning any Transfer between and/or among You and any of Your Affiliates and the Debtor, the Principals, the Manager, Heritage, and/or any Affiliate of the Debtor, the Principals, the Manager, and/or Heritage, including, without limitation, documents sufficient to show all such Transfers.

**REQUEST NO. 12:**

Documents sufficient to disclose and/or identify the persons (as defined in section 101(41) of the Bankruptcy Code) who owned an interest in You throughout the Relevant Time Period.

**REQUEST NO. 13:**

All Documents concerning Your finances, including, without limitation: all bank statements and cancelled checks for all of Your bank accounts since Your inception, all Documents concerning Your Taxes, and all Documents concerning any financial obligation owed by You to any person or entity other than the Lender.

**REQUEST NO. 14:**

Documents sufficient to show Your ownership interests, if any, in each of the Debtor, the Manager, Heritage, and the Principal Affiliates throughout the Relevant Time Period.


At a future date, the Trustee may request the production of additional Documents or testimony. These Requests are made without waiver of the Trustee's right to seek additional information from You or any other third party in the future.

19

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| 96 WYTHE ACQUISITION LLC, | : | Case No. 21-22108 (SHL) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

--------------------------------------------------------------x

## ORDER AUTHORIZING DISCOVERY PURSUANT TO
## RULE 2004 OF THE FEDEREAL RULES OF BANKRUPTCY PROCEDURE

Upon the application dated July 15, 2022 (the "Application")[1] of Stephen S.

Gray, not individually but solely in his capacity as the Chapter 11 Trustee of the debtor

in the above-captioned case (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP,

for entry of an order (this "Order") pursuant to sections 105 and 704 of the Bankruptcy

Code and Bankruptcy Rule 2004, authorizing the issuance of subpoenas for the

production of documents and information and deposition testimony; and the Court

having jurisdiction to consider the Application and relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334; and the Trustee having provided sufficient notice to the

Notice Parties pursuant to Local Bankruptcy Rule 9074-1, none of whom have objected

to the Application; and the relief requested therein raising a core proceeding under 28

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

and 1409;  and the relief sought being in the best interests of the Debtor's estate, their

creditors, and other parties in interest;  and it appearing that good and sufficient cause

for the relief sought in the Application exists, it is hereby:

**ORDERED**, that the Application is granted to the extent provided herein;

and it is further

**ORDERED**, that the Trustee is authorized to issue subpoenas for the

production of documents and for deposition testimony consistent with Bankruptcy

Rules 2004 and 9016, concerning any asset, liability, duty, obligation, contract,

transaction, or other issue related in any way to the Debtor, upon:  any current or former

principal, affiliate, employee, agent, or representative of the Debtor;  any entity or

person that has conducted business or engaged in a transaction with the Debtor, in any

manner, and any current or former employee, principal, agent, officer, shareholder,

affiliate, or owner thereof;  any accountant or financial advisor for the Debtor, and any

current or former employee, principal, agent, officer, or owner thereof;  and it is further

**ORDERED**, that the production and examination required pursuant to this

Order may not be withheld or refused based upon any applicable privilege in favor of

the Debtor which, for cause shown in the Application, the Trustee, in his sole discretion,

may waive to facilitate the turnover of any documents, communications, examinations

or other forms of information to the Trustee;  and it is further

2

ORDERED, that subpoenas authorized by this Order may be served by

FedEx or any other method of service permitted under Bankruptcy Rule 9016 or by other

means agreed to by the subpoenaed entities or persons;  and it is further

ORDERED, that the Trustee shall serve a copy of this Order with any

subpoena that he serves pursuant to this Order;  and it is further

ORDERED, that any subpoena issued pursuant to this Order shall provide

at least fourteen days' notice to the recipient to provide the recipient an opportunity to

object in writing to the subpoena or to file any written motion with the Court;  and it is

further

ORDERED, that if any entity or person who receives a subpoena for the

production of documents pursuant to this Order withholds any documents on the basis

of an asserted privilege, that entity is directed to provide a privilege log in accordance

with Bankruptcy Rule 7026 to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335,

New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com) and

John N. McClain, Esq. (jmcclain@teamtogut.com), so as to be received with the

document production required by the subpoena, or at such time as may be mutually

agreed to by the Trustee and the subpoenaed entity or person;  and it is further

ORDERED, that within one business day after entry of this Order, the

Trustee shall serve a copy of the Application and this Order by electronic mail to the

Notice Parties;  and it is further

3

ORDERED, that entry of this Order is without prejudice to the rights of the

Trustee to apply for any other or further relief, including but not limited to further relief

under Bankruptcy Rule 2004;  and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine

any and all matters arising from the interpretation and/or implementation of this Order.

Dated:  White Plains, New York
         August 8, 2022

                              */s/ Sean H. Lane*
                              HONORABLE SEAN H. LANE
                              UNITED STATES BANKRUPTCY JUDGE

4

# EXHIBIT "D"

**Angela Tam**

---

| | |
|---|---|
| **Subject:** | FW:  96 Wythe - Trademark Documents  - Sleep With a Local 000001 - 000031 |
| **Attachments:** | Application  Sleep(130265846.1) - Bates stamped.pdf; Certificate of Registration(130265874.1) - Bates stamped.pdf; Change Address or Representation Form 9.14.2021(130265875.1) - Bates stamped.pdf; Change Address or Representation Form 9.15.2021(130265876.1) - Bates stamped.pdf; Drawing 4.19.2019(130265863.1) - Bates stamped.pdf; Notice of Publication 7.17.2019(130265858.1) - Bates stamped.pdf; Notification of Notice of Publication 7.17.2019(130265872.1) - Bates stamped.pdf; Specimen 4.11.2019(130265862.1) - Bates stamped.pdf; Specimen 6.24.2019(130265860.1) - Bates stamp.pdf; TM Official Gazette Publication Confirmation(130265873.1) - Bates stamped.pdf; Trademark Snap Shot Publication Stylesheet(130265859.1) - Bates stamped.pdf; Voluntary Amendment 6.24.2019(130265861.1).pdf |

---

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 11, 2022 10:59 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** 96 Wythe - Trademark Documents - Sleep With a Local

Neil, John,
Attached please find documents pertaining to the Sleep With A Local Trademark, Bates Stamp Numbers BKTM 000001-000031, responsive to the Trustee's subpoenas to Toby Markovits, Michael Lichtenstein and Williamsburg Hotel BK LLC.

Additional production will follow.

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
fflomenhaft@fflomlaw.com |https://www.fflomlaw.com

_____
Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

# EXHIBIT "E"

**Angela Tam**

| | |
|---|---|
| **Subject:** | FW: 96 wythe  - these links is for documents 3712-7636, 7637-7827, 7828-8014, 8015-8024, 8025-8329 |

---

**From:** Fern Flomenhaft
**Sent:** Wednesday, October 19, 2022 4:58 PM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - these links is for documents 3712-7636, 7637-7827, 7828-8014, 8015-8024, 8025-8329

Neil, John,

The link below includes additional documents, responsive to the Trustee's requests for documents regarding financial obligations in the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC. Bates Stamp Numbers BKTM 003712-007636 consists of credit card and other financial records, including Transfers from Hotel to Northside.  BKTM007637-007827 includes Tax, Loans, Equity. BKTM007828-008014 includes Bookings, Bank Statements, Income Report, Prepaid Revenue, Accounts Receivable, Accounts Payable, Payroll, STR Reports, Filed MOR. BKTM008015-008024 includes Loans, Books, Records, Occupancy Tax Returns (copies).  BKTM008025-008329 includes Tax Returns (Acquisition), (Occupancy), Loan, Equity Reports (duplicates?). BKTM008330-8359 includes Loans Transfer Bank Statements.  BKTM008360-8364 includes NYC Occupancy Tax Payments.

BKTM008365-8412 contains additional emails pertaining to Trademark.  We are not aware of any other documents pertaining to Trademark, other than the Management Agreement, which you have.

Bate stamp 3712-7636

████████████████████████████████████████████████████████

Bate stamp 7637-7827

████████████████████████████████████████████████████████

Bate stamp 7828-8014

███████████████████████████████████████████████

Bate stamp 8015-8024

███████████████████████████████████████████████

Bate stamp 8025-8329

████████████████████████████████████████████████████████

Bate Stamp 8330-8359

████████████████████████████████████████████████████

Bate Stamp 8360-8364

█████████████████████████████████████████████████████████████

Bate Stamp 8365-8412

████████████████████████████████████████████████████████████

Additional production will follow.

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____
Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

---

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 3:19 PM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - this link is for documents 438-3711

Neil, John,

The link below includes additional documents, Bates Stamp Numbers BKTM 000438-003711, responsive to the Trustee's requests for documents regarding taxes and financial obligations in the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC., consisting of financial and bank records as well as Occupancy Tax Returns and payments.

The documents are confidential and should be treated as such. All rights are expressly reserved.

## Bate stamp 438-3711

████████████████████████████████████████████████████████████
████

Additional production will follow.

Fern

**Fern Flomenhaft**

**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
fflomenhaft@fflomlaw.com |https://www.fflomlaw.com

_____
Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

---

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 11:24 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - this link is for documents 411-437

Neil, John,

The link below includes documents, Bates Stamp Numbers BKTM 000411-000437, responsive to the Trustee's requests for documents regarding taxes and financial obligations in the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC., consisting of Occupancy Tax Returns and payments.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

## Batestamp 411-437

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
fflomenhaft@fflomlaw.com |https://www.fflomlaw.com

_____
Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

Fern

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 10:06 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com; Fern Flomenhaft <fflomenhaft@fflomlaw.com>
**Subject:** FW: 96 wythe - this link is for documents 238 - 410

Neil, John,

The link below includes documents pertaining to the The Williamsburg Hotel BK LLC taxes and 96 Wythe Equity report, Bates Stamp Numbers BKTM 000238-000410 (232-237 were intentionally left blank), responsive to the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

Bate stamp 238-410

███████████████████████████████████████████
██████████

Very truly yours,
Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____
Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

# EXHIBIT "F"

**Angela Tam**

| | |
|---|---|
| **From:** | Madeline Shapiro |
| **Sent:** | Thursday, November 3, 2022 4:28 PM |
| **To:** | neilberger@teamtogut.com; jmcclain@teamtogut.com |
| **Cc:** | rwolf@tarterkrinsky.com; Fern Flomenhaft; Angela Tam |
| **Subject:** | Re: 96 Wythe - Document Production - BKTM024211-024588 |

Counselors:

The Dropbox below contains the "Trademark Counsel's File," bates stamped documents BKTM024211-024588.

███████████████████████████████████████████████

Thank you,

**Madeline E. Shapiro, Esq.**
Fern Flomenhaft PLLC
26 Broadway, 26th Floor
New York, New York 10004
Tel.: (212) 796-7608
Fax: (212) 796-7615
mshapiro@fflomlaw.com
www.fflomlaw.com

**Our office is currently working remotely. To help us with this process, please refrain from sending paper mail, and instead direct all communications to me at this e-mail address. Thank you.**

# EXHIBIT "G"

## Angela Tam

| | |
|---|---|
| **From:** | Madeline Shapiro |
| **Sent:** | Tuesday, November 22, 2022 11:42 AM |
| **To:** | cboehm@mosessinger.com |
| **Cc:** | toby@heritage-equity.com; mspringut@mosessinger.com; trademarks@mosessinger.com; Fern Flomenhaft; Angela Tam |
| **Subject:** | RE: Dropbox link with Mokovits files |
| | |
| **Importance:** | High |

Ms. Boehm:

I am following up regarding this matter. Could you please double check your files and send us all attachments to the e-mails you previously provided?

Thank you,

**Madeline E. Shapiro, Esq.**
Fern Flomenhaft PLLC
26 Broadway, 26th Floor
New York, New York 10004
Tel.: (212) 796-7608
Fax: (212) 796-7615
mshapiro@fflomlaw.com
www.fflomlaw.com

---

**From:** Madeline Shapiro <mshapiro@fflomlaw.com>
**Sent:** Wednesday, November 9, 2022 8:12 AM
**To:** cboehm@mosessinger.com
**Cc:** Fern Flomenhaft <fflomenhaft@fflomlaw.com>; Angela Tam <atam@fflomlaw.com>; toby@heritage-equity.com; mspringut@mosessinger.com; trademarks@mosessinger.com
**Subject:** Re: Dropbox link with Mokovits files

Dear Ms. Boehm:

I am Fern Flomenhaft's associate assisting with this matter. It appears that some of the e-mails from your file may be missing attachments (i.e., retainer agreement, which was referenced as being attached to a 2/14/19 e-mail).

Could you please double check and provide us with any and all referenced attachments?

Thank you in advance.

**Madeline E. Shapiro, Esq.**

Fern Flomenhaft PLLC

26 Broadway, 26th Floor

New York, New York 10004

Tel.: (212) 796-7608

Fax: (212) 796-7615

[mshapiro@fflomlaw.com](mailto:mshapiro@fflomlaw.com)

[www.fflomlaw.com](http://www.fflomlaw.com)

**Our office is currently working remotely. To help us with this process, please refrain from sending paper mail, and instead direct all communications to me at this e-mail address. Thank you.**

**From:** Caroline Boehm <[cboehm@mosessinger.com](mailto:cboehm@mosessinger.com)>
**Date:** October 31, 2022 at 10:43:26 PM GMT+2
**To:** Fern Flomenhaft <[fflomenhaft@fflomlaw.com](mailto:fflomenhaft@fflomlaw.com)>, Toby Moskovits <[toby@heritage-equity.com](mailto:toby@heritage-equity.com)>
**Cc:** Milton Springut <[mspringut@mosessinger.com](mailto:mspringut@mosessinger.com)>, trademarks <[trademarks@mosessinger.com](mailto:trademarks@mosessinger.com)>
**Subject: Dropbox link with Mokovits files**

Dear Fern and Toby,

Please see below a link with all of the documents in our files.

████████████████████████

Kind regards,

Caroline

**Caroline Boehm  |  Of Counsel**
**MOSES SINGER**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554-7531 | c: 917.767.1365
cboehm@mosessinger.com
www.mosessinger.com

Visit our newly launched website

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy

# EXHIBIT "H"

**Angela Tam**

| | |
|---|---|
| **From:** | Caroline Boehm <cboehm@MOSESSINGER.COM> |
| **Sent:** | Wednesday, November 23, 2022 3:30 PM |
| **To:** | Madeline Shapiro |
| **Cc:** | toby@heritage-equity.com; Milton Springut; trademarks; Fern Flomenhaft; Angela Tam |
| **Subject:** | Re: Dropbox link with Mokovits files |

Hi Madeline,

We believe we sent you everything we have. If there is something in specific that you feel you are missing, please let us know.

Kind regards,

Caroline

**Caroline Boehm  |  Of Counsel**
**MOSES SINGER**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554-7531 | c: 917.767.1365
cboehm@mosessinger.com
www.mosessinger.com

Visit our newly launched website

On Nov 22, 2022, at 11:42 AM, Madeline Shapiro <mshapiro@fflomlaw.com> wrote:

Ms. Boehm:

I am following up regarding this matter. Could you please double check your files and send us all attachments to the e-mails you previously provided?

Thank you,

**Madeline E. Shapiro, Esq.**
Fern Flomenhaft PLLC
26 Broadway, 26th Floor
New York, New York 10004
Tel.: (212) 796-7608
Fax: (212) 796-7615
mshapiro@fflomlaw.com
www.fflomlaw.com

---

**From:** Madeline Shapiro <mshapiro@fflomlaw.com>
**Sent:** Wednesday, November 9, 2022 8:12 AM
**To:** cboehm@mosessinger.com

**Cc:** Fern Flomenhaft <fflomenhaft@fflomlaw.com>; Angela Tam <atam@fflomlaw.com>; toby@heritage-equity.com; mspringut@mosessinger.com; trademarks@mosessinger.com
**Subject:** Re: Dropbox link with Mokovits files

Dear Ms. Boehm:

I am Fern Flomenhaft's associate assisting with this matter. It appears that some of the e-mails from your file may be missing attachments (i.e., retainer agreement, which was referenced as being attached to a 2/14/19 e-mail).

Could you please double check and provide us with any and all referenced attachments?

Thank you in advance.


**Madeline E. Shapiro, Esq.**

Fern Flomenhaft PLLC

26 Broadway, 26th Floor

New York, New York 10004

Tel.: (212) 796-7608

Fax: (212) 796-7615

mshapiro@fflomlaw.com

www.fflomlaw.com


**Our office is currently working remotely. To help us with this process, please refrain from sending paper mail, and instead direct all communications to me at this e-mail address. Thank you.**



**From:** Caroline Boehm <cboehm@mosessinger.com>
**Date:** October 31, 2022 at 10:43:26 PM GMT+2
**To:** Fern Flomenhaft <fflomenhaft@fflomlaw.com>, Toby Moskovits <toby@heritage-equity.com>
**Cc:** Milton Springut <mspringut@mosessinger.com>, trademarks <trademarks@mosessinger.com>
**Subject: Dropbox link with Mokovits files**


Dear Fern and Toby,

Please see below a link with all of the documents in our files.

███████████████████████████████

Kind regards,

Caroline


**Caroline Boehm  |  Of Counsel**
**MOSES SINGER**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554-7531 | c: 917.767.1365
cboehm@mosessinger.com
www.mosessinger.com

Visit our newly launched website

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are
not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender
immediately by reply e-mail, and delete this message and attachments without retaining a copy

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended
recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and
delete this message and attachments without retaining a copy

# EXHIBIT "I"

**Angela Tam**

| | |
|---|---|
| **From:** | Madeline Shapiro |
| **Sent:** | Monday, November 28, 2022 10:11 AM |
| **To:** | Caroline Boehm |
| **Cc:** | Toby Moskovits; Milton Springut; trademarks; Fern Flomenhaft; Angela Tam |
| **Subject:** | Re: Dropbox link with Mokovits files |

Hi Caroline,

The following is a list of e-mail attachments which appear to be missing:

- 2/14/19 e-mail from Caroline attaching "**Retainer agreement and retainer invoice for trademark work for Heritage Equity Partners – Toby Moskovits.**"
- 2/21/19 e-mail from Daniella Lisker attaching "**signed retainer agreement**" and "**check**" (pdfs).
- 2/25/19 e-mail from Caroline attaching "**Heritage Equity Partners Retainer Agreement – fully executed**" (PDF) and "**website example**" (png).
- 4/9/19 e-mail from Daniella Lisker to Caroline attaching "**Trademark Questions**" (docx).
- 7/3/19 e-mail from Caroline to Daniella attaching "**The Williamsburg Hotel screenshot**" and "**Williamsburg Hotel font**" (jpgs) (unclear if this is towards the end of the production or not).
- 7/9/19 e-mail from Daniella to Caroline attaching examples of first uses, "**WH_Branding**" and "**Bluehost registration**" (pdfs).
- 7/14/19 e-mail from Caroline to Toby/Daniella attaching "**Heritage Equity Retainer Invoice**" (pdf) and "**The Williamsburg Hotel screenshot**" (jpg).
- 8/23/19 e-mail from Daniella to Caroline attaching "**WH_Branding_R4_v2**," "**WH_Color_Palette**" and "**Filing Receipt (1) for DBA 6/3/16**" (pdfs).
- 8/25/19 e-mail from Caroline to Toby/Daniella attaching "**The Williamsburg Hotel screenshot**" (jpg) and "**Timeline for expected next actions**" (pdf).
- 12/5/19 e-mail from Caroline to Toby attaching "**Office Action 12/2/19**" (pdf).
- 5/6/20 e-mail from Caroline to Toby attaching "Office Action 12/2/19" (pdf).
- 5/27/20 e-mail from Caroline to Toby attaching "Office Action 12/2/19" (pdf).
- 6/2/20 e-mail from Toby to Caroline, et al. attaching "**Bedfoerd Bowery 4/22/16**" (pdf).
- 12/15/20 e-mail from Caroline to Toby attaching "**Office Action SN#88591837 HERITAGE 0003**" (pdf).

Please provide us with them at your earliest.

Thank you,

**Madeline E. Shapiro, Esq.**
Fern Flomenhaft PLLC
26 Broadway, 26th Floor
New York, New York 10004
Tel.: (212) 796-7608
Fax: (212) 796-7615
mshapiro@fflomlaw.com
www.fflomlaw.com

**From:** Caroline Boehm <cboehm@MOSESSINGER.COM>
**Sent:** Wednesday, November 23, 2022 3:30 PM

**To:** Madeline Shapiro <mshapiro@fflomlaw.com>
**Cc:** toby@heritage-equity.com; Milton Springut <mspringut@MOSESSINGER.COM>; trademarks
<trademarks@MOSESSINGER.COM>; Fern Flomenhaft <fflomenhaft@fflomlaw.com>; Angela Tam
<atam@fflomlaw.com>
**Subject:** Re: Dropbox link with Mokovits files

Hi Madeline,

We believe we sent you everything we have. If there is something in specific that you feel you are missing, please let us
know.

Kind regards,

Caroline


**Caroline Boehm  |  Of Counsel**
**MOSES SINGER**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554-7531 | c: 917.767.1365
cboehm@mosessinger.com
www.mosessinger.com

Visit our newly launched website

On Nov 22, 2022, at 11:42 AM, Madeline Shapiro <mshapiro@fflomlaw.com> wrote:


Ms. Boehm:

I am following up regarding this matter. Could you please double check your files and send us all attachments to the e-
mails you previously provided?

Thank you,

**Madeline E. Shapiro, Esq.**
Fern Flomenhaft PLLC
26 Broadway, 26th Floor
New York, New York 10004
Tel.: (212) 796-7608
Fax: (212) 796-7615
mshapiro@fflomlaw.com
www.fflomlaw.com

---

**From:** Madeline Shapiro <mshapiro@fflomlaw.com>
**Sent:** Wednesday, November 9, 2022 8:12 AM
**To:** cboehm@mosessinger.com
**Cc:** Fern Flomenhaft <fflomenhaft@fflomlaw.com>; Angela Tam <atam@fflomlaw.com>; toby@heritage-equity.com;
mspringut@mosessinger.com; trademarks@mosessinger.com
**Subject:** Re: Dropbox link with Mokovits files

Dear Ms. Boehm:

I am Fern Flomenhaft's associate assisting with this matter. It appears that some of the e-mails from your file may be missing attachments (i.e., retainer agreement, which was referenced as being attached to a 2/14/19 e-mail).

Could you please double check and provide us with any and all referenced attachments?

Thank you in advance.


**Madeline E. Shapiro, Esq.**

Fern Flomenhaft PLLC

26 Broadway, 26th Floor

New York, New York 10004

Tel.: (212) 796-7608

Fax: (212) 796-7615

mshapiro@fflomlaw.com

www.fflomlaw.com


**Our office is currently working remotely. To help us with this process, please refrain from sending paper mail, and instead direct all communications to me at this e-mail address. Thank you.**




**From:** Caroline Boehm <cboehm@mosessinger.com>
**Date:** October 31, 2022 at 10:43:26 PM GMT+2
**To:** Fern Flomenhaft <fflomenhaft@fflomlaw.com>, Toby Moskovits <toby@heritage-equity.com>
**Cc:** Milton Springut <mspringut@mosessinger.com>, trademarks <trademarks@mosessinger.com>
**Subject: Dropbox link with Mokovits files**


Dear Fern and Toby,

Please see below a link with all of the documents in our files.

████████████████████████████

Kind regards,

Caroline


**Caroline Boehm  |  Of Counsel**

3

**MOSES SINGER**

The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554-7531 | c: 917.767.1365
cboehm@mosessinger.com
www.mosessinger.com


Visit our newly launched website

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are
not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender
immediately by reply e-mail, and delete this message and attachments without retaining a copy

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended
recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and
delete this message and attachments without retaining a copy

# EXHIBIT "J"

## Angela Tam

**Subject:**            FW: 96 wythe  - these links is for documents 8431-13118

---

**From:** Fern Flomenhaft <fflomenhaft@fflomlaw.com>
**Sent:** Friday, October 28, 2022 9:58 AM
**To:** Madeline Shapiro <mshapiro@fflomlaw.com>
**Subject:** FW: 96 wythe - these links is for documents 8431-13118

---

**From:** Fern Flomenhaft
**Sent:** Friday, October 28, 2022 9:11 AM
**To:** Neil Berger <neilberger@teamtogut.com>
**Cc:** John McClain <jmcclain@teamtogut.com>; Joseph Murphy <jmurphy@teamtogut.com>; rwolf@tarterkrinsky.com;
Scott Markowitz <SMarkowitz@tarterkrinsky.com>
**Subject:** RE: 96 wythe - these links is for documents 8431-13118

Neil,

They are not all duplicative and we can't help some duplication, which is normal and expected. (We acknowledged some
duplication which you would get if we were producing paper files.) Please review them more carefully.  Are you even
referring to the loan documents we produced yesterday (Bates numbers 24160-24210)? We have provided the
documents that are responsive to the Subpoena as to the items previously requested and discussed, including every
document relating to the Trademark issues, and EIDL loans, notwithstanding your constant refrain that we haven't
produced. You still have not identified any document or class of document that you believe is being withheld.  We are
also continuing to produce the documents that were not specifically discussed and which you acknowledged were
responsive to the Subpoena but which you have not yet reviewed.  We have also discussed the Trademark files with
prior Trademark counsel who confirmed that the documents previously produced are likely all there are. When we
receive their file we will confirm further or provide any additional documents (and possibly duplicates).

Let's discuss any additional issues during our 10 am call this morning.

Again I am asking you to re-notice or adjourn your motion to compel until a reasonable time after I return (I am back on
November 14), particularly insofar as the judge acknowledged that the motion to compel or conference regarding the
issues therein would **_not_** be on the agenda on that date when the other fee applications will be heard.

Best,
Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

---

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and
confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying
of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently

delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address.**

---

**From:** Neil Berger <neilberger@teamtogut.com>
**Sent:** Wednesday, October 26, 2022 5:59 PM
**To:** Fern Flomenhaft <fflomenhaft@fflomlaw.com>
**Cc:** John McClain <jmcclain@teamtogut.com>; Joseph Murphy <jmurphy@teamtogut.com>; rwolf@tarterkrinsky.com; Scott Markowitz <SMarkowitz@tarterkrinsky.com>
**Subject:** Re: 96 wythe - these links is for documents 8431-13118

Those loan documents are duplicative of what was previously produced.

Your clients haven't yet produced any other documents that are responsive to Subpoena as to the items that we previously requested and discussed.

Neil

Neil Berger, Esq.
Togut, Segal & Segal LLP
One Penn Plaza
New York, New York 10119
(phone) (212) 594-5000, Ext. 131
(fax)   (212) 967-4258
neilberger@teamtogut.com
www.togutlawfirm.com

Togut, Segal & Segal LLP

On Oct 26, 2022, at 5:47 PM, Fern Flomenhaft <fflomenhaft@fflomlaw.com> wrote:

Did you open the loan documents Dropbox? It's not bank account statements. It's loan documents.

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

On Oct 26, 2022, at 4:47 PM, Neil Berger <neilberger@teamtogut.com> wrote:

 Thanks.  I now see on empty folder and 4 other folders with various bank account statements.  However, none appear to have any of the documents that we discussed earlier this week.

2

When can we expect production of the the documents that we discussed earlier this week (which were requested months ago)?

Neil

Neil Berger, Esq.
Togut, Segal & Segal LLP
One Penn Plaza
New York, New York 10119
(phone) (212) 594-5000, Ext. 131
(fax)   (212) 967-4258
neilberger@teamtogut.com
www.togutlawfirm.com

<firm log small.png>

> On Oct 26, 2022, at 4:38 PM, Fern Flomenhaft
> <fflomenhaft@fflomlaw.com> wrote:
>
> I just opened it and it's not empty.
>
> Fern
>
>
> **Fern Flomenhaft**
> **Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
> *Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
> **fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**
>
>
>> On Oct 26, 2022, at 4:06 PM, Neil Berger
>> <neilberger@teamtogut.com> wrote:
>>
>>  Fern:
>>
>> That link takes me to an empty folder.
>>
>> Neil
>>
>> Neil Berger, Esq.
>> Togut, Segal & Segal LLP
>> One Penn Plaza
>> New York, New York 10119
>> (phone) (212) 594-5000, Ext. 131
>> (fax)   (212) 967-4258
>> neilberger@teamtogut.com
>> www.togutlawfirm.com

On Oct 26, 2022, at 4:03 PM, Fern Flomenhaft <fflomenhaft@fflomlaw.com> wrote:

## The following Dropbox (22959-23003), out of sequence, contains loan documents.

### Loan Documents – BKTM022959 – BKTM023003



## Additional production will follow.

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

On Oct 24, 2022, at 12:36 PM, Fern Flomenhaft <fflomenhaft@fflomlaw.com> wrote:

Neil, John, Joseph,

This link includes additional documents responsive to the Trustee's requests for

documents regarding "other entities," ie., other than Moskovits, Lichtenstein and the management company, including banking records for: Mint Development Corp., Northside Acquisition Partners LLC, Northside Development holdings LLC, 215 Moore Street Acquisition LLC, Building Dev Corp., 564 St. Johns Partner LLC, Northside Management NY LLC.

Bate Stamp BKTM008431– BKTM013118 (8413-8430 was inadvertently left blank)



Additional production will follow.

Fern

**Fern Flomenhaft Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC |* 26 Broadway, 26th Floor, New York, NY 10004
[fflomenhaft@fflomlaw.com](mailto:fflomenhaft@fflomlaw.com) |[https://www.fflomlaw.com](https://www.fflomlaw.com)

_____

Confidentiality Notice: The information contained in this e-mail

and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address.**

---

**From:** Fern Flomenhaft
**Sent:** Wednesday, October 19, 2022 4:58 PM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - these links is for documents 3712-7636, 7637-7827, 7828-8014, 8015-8024, 8025-8329

Neil, John,

The link below includes
additional documents,
responsive to the
Trustee's requests for
documents regarding
financial obligations in
the Trustee's
subpoenas to Toby
Moskovits, Michael
Lichtenstein and
Williamsburg Hotel BK
LLC. Bates Stamp
Numbers BKTM
003712-007636
consists of credit card
and other financial
records, including
Transfers from Hotel to
Northside.  BKTM00763
7-007827 includes Tax,
Loans, Equity.
BKTM007828-008014
includes Bookings, Bank
Statements, Income
Report, Prepaid
Revenue, Accounts
Receivable, Accounts
Payable, Payroll, STR
Reports, Filed MOR.
BKTM008015-008024
includes Loans, Books,
Records, Occupancy Tax
Returns
(copies).  BKTM008025-
008329 includes Tax
Returns (Acquisition),
(Occupancy), Loan,
Equity Reports
(duplicates?).
BKTM008330-8359
includes Loans Transfer
Bank
Statements.  BKTM0083
60-8364 includes NYC
Occupancy Tax
Payments.

BKTM008365-8412
contains additional
emails pertaining to

7

Trademark.  We are not
aware of any other
documents pertaining
to Trademark, other
than the Management
Agreement, which you
have.

Bate stamp 3712-7636



Bate stamp 7637-7827



Bate stamp 7828-8014



Bate stamp 8015-8024



Bate stamp 8025-8329



Bate Stamp 8330-8359



Bate Stamp 8360-8364



Bate Stamp 8365-8412



Additional production will follow.

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* |
26 Broadway,
26th Floor, New York,
NY 10004
[fflomenhaft@fflomlaw.com](mailto:fflomenhaft@fflomlaw.com) |[https://www.fflomlaw.com](https://www.fflomlaw.com)

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any

attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

---

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 3:19 PM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - this link is for documents 438-3711

Neil, John,

The link below includes additional documents, Bates Stamp Numbers BKTM 000438-003711, responsive to the Trustee's requests for documents regarding taxes and financial obligations in the

Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC., consisting of financial and bank records as well as Occupancy Tax Returns and payments.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Bate stamp 438-3711



Additional production will follow.

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC |* 26 Broadway,
26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and

confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 11:24 AM
**To:** neilberger@teamto

gut.com; John McClain
<jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - this link is for documents 411-437

Neil, John,

The link below includes documents, Bates Stamp Numbers BKTM 000411-000437, responsive to the Trustee's requests for documents regarding taxes and financial obligations in the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC., consisting of Occupancy Tax Returns and payments.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

## Batestamp 411-437



Fern

**Fern Flomenhaft
Tel:  Cell:  917 374-0192 | Fax:  212 796-**

**7615**
*Fern Flomenhaft PLLC |*
26 Broadway,
26th Floor, New York,
NY 10004
[fflomenhaft@fflomlaw.com](mailto:fflomenhaft@fflomlaw.com) |[https://www.fflomlaw.com](https://www.fflomlaw.com)

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone**

**contact. Stay safe!**
**Thank you.**


Fern

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 10:06 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com; Fern Flomenhaft <fflomenhaft@fflomlaw.com>
**Subject:** FW: 96 wythe - this link is for documents 238 - 410

Neil, John,

The link below includes documents pertaining to the The Williamsburg Hotel BK LLC taxes and 96 Wythe Equity report, Bates Stamp Numbers BKTM 000238-000410 (232-237 were intentionally left blank), responsive to the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

Bate stamp 238-410



*Very truly yours,*
*Fern*

**Fern Flomenhaft**
**Tel:  Cell:  917 374-**
**0192 | Fax:  212 796-**
**7615**
*Fern Flomenhaft PLLC* |
26 Broadway,
26th Floor, New York,
NY 10004
**fflomenhaft@fflomlaw**
**.com |https://www.ffl**
**omlaw.com**

_____

Confidentiality Notice:
The information
contained in this e-mail
and any attachments
may be legally
privileged and
confidential. If you are
not an intended
recipient, you are
hereby notified that
any dissemination,
distribution or copying
of this e-mail is strictly
prohibited. If you have
received this e-mail in
error, please notify the
sender and
permanently delete the
e-mail and any
attachments
immediately. You
should not retain, copy
or use this e-mail or any
attachment for any
purpose, nor disclose
all or any part of the
contents to any other

person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

**Angela Tam**

**Subject:**                                      FW: 96 Wythe - Additional production

**From:** Fern Flomenhaft
**Sent:** Wednesday, October 26, 2022 4:04 PM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>; Joseph Murphy
<jmurphy@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com; Scott Markowitz <SMarkowitz@tarterkrinsky.com>
**Subject:** Re: 96 wythe - these links is for documents 8431-13118

The following Dropbox (22959-23003), out of sequence, contains loan documents.

## Loan Documents – BKTM022959 – BKTM023003

███████████████████████████████████████████████

███████

Additional production will follow.

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

On Oct 24, 2022, at 12:36 PM, Fern Flomenhaft <fflomenhaft@fflomlaw.com> wrote:

Neil, John, Joseph,

This link includes additional documents responsive to the Trustee's requests for documents regarding "other entities," ie., other than Moskovits, Lichtenstein and the management company, including banking records for: Mint Development Corp., Northside Acquisition Partners LLC, Northside Development holdings LLC, 215 Moore Street Acquisition LLC, Building Dev Corp., 564 St. Johns Partner LLC, Northside Management NY LLC.

Bate Stamp BKTM008431–BKTM013118 (8413-8430 was inadvertently left blank)

████████████████████████████████████████████

Additional production will follow.

Fern

1

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally
privileged and confidential. If you are not an intended recipient, you are hereby notified that any
dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail
in error, please notify the sender and permanently delete the e-mail and any attachments immediately.
You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any
part of the contents to any other person. Thank you. **Please refrain from sending paper mail, and
instead direct all communications, including motion papers, to me at this email address.**

---

**From:** Fern Flomenhaft
**Sent:** Wednesday, October 19, 2022 4:58 PM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - these links is for documents 3712-7636, 7637-7827, 7828-8014, 8015-8024,
8025-8329

Neil, John,

The link below includes additional documents, responsive to the Trustee's requests for documents
regarding financial obligations in the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and
Williamsburg Hotel BK LLC. Bates Stamp Numbers BKTM 003712-007636 consists of credit card and
other financial records, including Transfers from Hotel to Northside.  BKTM007637-007827 includes Tax,
Loans, Equity. BKTM007828-008014 includes Bookings, Bank Statements, Income Report, Prepaid
Revenue, Accounts Receivable, Accounts Payable, Payroll, STR Reports, Filed MOR. BKTM008015-008024
includes Loans, Books, Records, Occupancy Tax Returns (copies).  BKTM008025-008329 includes Tax
Returns (Acquisition), (Occupancy), Loan, Equity Reports (duplicates?). BKTM008330-8359 includes
Loans Transfer Bank Statements.  BKTM008360-8364 includes NYC Occupancy Tax Payments.

BKTM008365-8412 contains additional emails pertaining to Trademark.  We are not aware of any other
documents pertaining to Trademark, other than the Management Agreement, which you have.

Bate stamp 3712-7636

███████████████████████████████████████████████████████

Bate stamp 7637-7827

███████████████████████████████████████████████████████

Bate stamp 7828-8014

███████████████████████████████████████████████████████

Bate stamp 8015-8024

███████████████████████████████████████████████████████

Bate stamp 8025-8329

██████████████████████████████████████████████████████

Bate Stamp 8330-8359

██████████████████████████████████████████████████████

Bate Stamp 8360-8364

██████████████████████████████████████████████████████
██

Bate Stamp 8365-8412

██████████████████████████████████████████████████████ .

Additional production will follow.

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**
_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

---

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 3:19 PM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - this link is for documents 438-3711

Neil, John,

The link below includes additional documents, Bates Stamp Numbers BKTM 000438-003711, responsive to the Trustee's requests for documents regarding taxes and financial obligations in the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC., consisting of financial and bank records as well as Occupancy Tax Returns and payments.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Bate stamp 438-3711

██████████████████████████████████████████

Additional production will follow.

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**
_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

---

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 11:24 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - this link is for documents 411-437

Neil, John,

The link below includes documents, Bates Stamp Numbers BKTM 000411-000437, responsive to the Trustee's requests for documents regarding taxes and financial obligations in the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC., consisting of Occupancy Tax Returns and payments.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

Batestamp 411-437

██████████████████████████████████████████████

███████████████████████

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**


Fern

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 10:06 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com; Fern Flomenhaft <fflomenhaft@fflomlaw.com>
**Subject:** FW: 96 wythe - this link is for documents 238 - 410

Neil, John,

The link below includes documents pertaining to the The Williamsburg Hotel BK LLC taxes and 96 Wythe Equity report, Bates Stamp Numbers BKTM 000238-000410 (232-237 were intentionally left blank), responsive to the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

Bate stamp 238-410

██████████████████████████████████████████████

██████████████████████

Very truly yours,
Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

# EXHIBIT "K"

**Angela Tam**

---

**Subject:** FW: 96 Wythe - Motions to Compel

---

**From:** Fern Flomenhaft <fflomenhaft@fflomlaw.com>
**Sent:** Thursday, December 1, 2022 6:38 PM
**To:** Frank A. Oswald <frankoswald@teamtogut.com>; neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>; Joseph Murphy <jmurphy@teamtogut.com>
**Cc:** Madeline Shapiro <mshapiro@fflomlaw.com>
**Subject:** 96 Wythe - Motions to Compel

Frank, Neil, John,

With reference to the Motions to Compel Compliance with the Court's Rule 2004 Order and Subpoenas to:

1) Moskovits, Lichtenstein and Williamsburg BK
2) Northside Development Holdings and 232 Siegel Development Holding,

we will be sending some additional dropboxes tomorrow morning, after which we believe we will have substantially produced everything within our clients' files and accounts responsive to the respective Subpoenas.

As to Moskovits, Lichtenstein and Williamsburg BK, we prioritized the Trademark documents and produced everything they have. We also produced everything provided by Trademark counsel, who represented that they provided to us everything they have. (In response to your request, we went back to them to ask for possibly missing documents and are waiting for a response). As to the rest, we believe we have produced everything, including the ERTC documents (your other priority item), which is being produced now, and is attached here:

███████████████████████████████████████████████

As to Northside Development and 232 Siegel Development, we produced their accounts on 10/24, along with the accounts of other entities we are representing for the purpose of responding to the Subpoenas. We are not aware of anything else. We send you in a separate email the accounts for just 232 Siegel and Northside (which were already provided on 10/24).

Please let me know if you think there are gaps in the production and if there is anything in particular you are looking for that has not been produced.

We intend also to provide Declarations from our clients attesting to their review and production, as well as a list/inventory of everything produced.

We anticipate conferencing these matters with the Court on December 7 because that was my understanding of the Court's directive at the last Court conference I attended. We are asking you to agree to adjourn formal argument of the motions, however, to permit us to submit opposition and respond to any of the Court'syou're your concerns which are raised at the conference.

Let me know if you would like to meet and confer to discuss the above. I am available tomorrow.

Very truly yours,

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address.**

# EXHIBIT "L"

**Angela Tam**

**Subject:** FW: 96 Wythe - Additional production

---

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 10:06 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com; Fern Flomenhaft <fflomenhaft@fflomlaw.com>
**Subject:** FW: 96 wythe - this link is for documents 238 - 410

Neil, John,

The link below includes documents pertaining to the The Williamsburg Hotel BK LLC taxes and 96 Wythe Equity report, Bates Stamp Numbers BKTM 000238-000410 (232-237 were intentionally left blank), responsive to the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

Bate stamp 238-410

███████████████████████████████████████

███████████████████████

Very truly yours,
Fern

**Fern Flomenhaft**
**Tel: Cell: 917 374-0192 | Fax: 212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

# EXHIBIT "M"

**Angela Tam**

**Subject:** FW: 96 Wythe - Additional production

---

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 11:24 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - this link is for documents 411-437

Neil, John,

The link below includes documents, Bates Stamp Numbers BKTM 000411-000437, responsive to the Trustee's requests for documents regarding taxes and financial obligations in the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC., consisting of Occupancy Tax Returns and payments.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

## Batestamp 411-437

████████████████████████████████████████
███████████████████

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

Fern

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 10:06 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>

1

**Cc:** rwolf@tarterkrinsky.com; Fern Flomenhaft <fflomenhaft@fflomlaw.com>
**Subject:** FW: 96 wythe - this link is for documents 238 - 410

Neil, John,

The link below includes documents pertaining to the The Williamsburg Hotel BK LLC taxes and 96 Wythe Equity report, Bates Stamp Numbers BKTM 000238-000410 (232-237 were intentionally left blank), responsive to the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

## Bate stamp 238-410

██████████████████████████████████████████
██████████████████████

## Very truly yours,
## Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____
Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

# EXHIBIT "N"

**Angela Tam**

**Subject:**                    FW: 96 Wythe - Additional production

---

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 3:19 PM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - this link is for documents 438-3711

Neil, John,

The link below includes additional documents, Bates Stamp Numbers BKTM 000438-003711, responsive to the Trustee's requests for documents regarding taxes and financial obligations in the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC., consisting of financial and bank records as well as Occupancy Tax Returns and payments.

The documents are confidential and should be treated as such. All rights are expressly reserved.

## Bate stamp 438-3711

█████████████████████████████████████████████████
███████████████████

Additional production will follow.

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
fflomenhaft@fflomlaw.com |https://www.fflomlaw.com

_____
Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 11:24 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - this link is for documents 411-437

Neil, John,

The link below includes documents, Bates Stamp Numbers BKTM 000411-000437, responsive to the
Trustee's requests for documents regarding taxes and financial obligations in the Trustee's subpoenas to
Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC., consisting of Occupancy Tax
Returns and payments.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

## Batestamp 411-437

████████████████████████████████████████████████████████████

██████████████████████████

Fern

**Fern Flomenhaft**
**Tel:   Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**
_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally
privileged and confidential. If you are not an intended recipient, you are hereby notified that any
dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail
in error, please notify the sender and permanently delete the e-mail and any attachments immediately.
You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any
part of the contents to any other person. Thank you. **Our office is and will be working remotely until
further notice. To help us with this process, please refrain from sending paper mail, and instead direct
all communications, including motion papers, to me at this email address. Please also feel free to use
my cell phone for phone contact. Stay safe! Thank you.**

Fern

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 10:06 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>

**Cc:** rwolf@tarterkrinsky.com; Fern Flomenhaft <fflomenhaft@fflomlaw.com>
**Subject:** FW: 96 wythe - this link is for documents 238 - 410

Neil, John,

The link below includes documents pertaining to the The Williamsburg Hotel BK LLC taxes and 96 Wythe
Equity report, Bates Stamp Numbers BKTM 000238-000410 (232-237 were intentionally left blank),
responsive to the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel
BK LLC.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

Bate stamp 238-410

████████████████████████████████████████████████████
███████████████████████

Very truly yours,
Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
fflomenhaft@fflomlaw.com | https://www.fflomlaw.com

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally
privileged and confidential. If you are not an intended recipient, you are hereby notified that any
dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail
in error, please notify the sender and permanently delete the e-mail and any attachments immediately.
You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any
part of the contents to any other person. Thank you. **Our office is and will be working remotely until
further notice. To help us with this process, please refrain from sending paper mail, and instead direct
all communications, including motion papers, to me at this email address. Please also feel free to use
my cell phone for phone contact. Stay safe! Thank you.**

# EXHIBIT "O"

**Angela Tam**

---

| | |
|---|---|
| **Subject:** | FW: 96 wythe  - these links is for documents 3712-7636, 7637-7827, 7828-8014, 8015-8024, 8025-8329 |

---

**From:** Fern Flomenhaft
**Sent:** Wednesday, October 19, 2022 4:58 PM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - these links is for documents 3712-7636, 7637-7827, 7828-8014, 8015-8024, 8025-8329

Neil, John,

The link below includes additional documents, responsive to the Trustee's requests for documents regarding financial obligations in the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC. Bates Stamp Numbers BKTM 003712-007636 consists of credit card and other financial records, including Transfers from Hotel to Northside.  BKTM007637-007827 includes Tax, Loans, Equity. BKTM007828-008014 includes Bookings, Bank Statements, Income Report, Prepaid Revenue, Accounts Receivable, Accounts Payable, Payroll, STR Reports, Filed MOR. BKTM008015-008024 includes Loans, Books, Records, Occupancy Tax Returns (copies).  BKTM008025-008329 includes Tax Returns (Acquisition), (Occupancy), Loan, Equity Reports (duplicates?). BKTM008330-8359 includes Loans Transfer Bank Statements.  BKTM008360-8364 includes NYC Occupancy Tax Payments.

BKTM008365-8412 contains additional emails pertaining to Trademark.  We are not aware of any other documents pertaining to Trademark, other than the Management Agreement, which you have.


Bate stamp 3712-7636

███████████████████████████████████████████████████████████

Bate stamp 7637-7827

███████████████████████████████████████████████████████████

Bate stamp 7828-8014

█████████████████████████████████████████████████████

Bate stamp 8015-8024

████████████████████████████████████████████████████

Bate stamp 8025-8329

█████████████████████████████████████████████████████

Bate Stamp 8330-8359

██████████████████████████████████████████████████████

Bate Stamp 8360-8364

███████████████████████████████████████████████████████████

Bate Stamp 8365-8412

███████████████████████████████████████████████

Additional production will follow.

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____
Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

---

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 3:19 PM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - this link is for documents 438-3711

Neil, John,

The link below includes additional documents, Bates Stamp Numbers BKTM 000438-003711, responsive to the Trustee's requests for documents regarding taxes and financial obligations in the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC., consisting of financial and bank records as well as Occupancy Tax Returns and payments.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Bate stamp 438-3711

███████████████████████████████████████████████
███

Additional production will follow.

Fern

**Fern Flomenhaft**

**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
fflomenhaft@fflomlaw.com |https://www.fflomlaw.com

_____
Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

---

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 11:24 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - this link is for documents 411-437

Neil, John,

The link below includes documents, Bates Stamp Numbers BKTM 000411-000437, responsive to the Trustee's requests for documents regarding taxes and financial obligations in the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC., consisting of Occupancy Tax Returns and payments.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

## Batestamp 411-437

███████████████████████████████████████████████████.
███

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
fflomenhaft@fflomlaw.com |https://www.fflomlaw.com

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

Fern

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 10:06 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com; Fern Flomenhaft <fflomenhaft@fflomlaw.com>
**Subject:** FW: 96 wythe - this link is for documents 238 - 410

Neil, John,

The link below includes documents pertaining to the The Williamsburg Hotel BK LLC taxes and 96 Wythe Equity report, Bates Stamp Numbers BKTM 000238-000410 (232-237 were intentionally left blank), responsive to the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

Bate stamp 238-410

Very truly yours,
Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

# EXHIBIT "P"

**Angela Tam**

**Subject:**            FW: 96 wythe  - these links is for documents 8431-13118

On Oct 24, 2022, at 12:36 PM, Fern Flomenhaft <fflomenhaft@fflomlaw.com> wrote:

Neil, John, Joseph,

This link includes additional documents responsive to the Trustee's requests for documents regarding "other entities," ie., other than Moskovits, Lichtenstein and the management company, including banking records for: Mint Development Corp., Northside Acquisition Partners LLC, Northside Development holdings LLC, 215 Moore Street Acquisition LLC, Building Dev Corp., 564 St. Johns Partner LLC, Northside Management NY LLC.

Bate Stamp BKTM008431– BKTM013118 (8413-8430 was inadvertently left blank)



1

███████████████

Additional production
will follow.

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-**
**0192 | Fax:  212 796-**
**7615**
*Fern Flomenhaft PLLC* |
26 Broadway,
26th Floor, New York,
NY 10004
[fflomenhaft@fflomlaw](mailto:fflomenhaft@fflomlaw)
[.com](mailto:fflomenhaft@fflomlaw) |[https://www.ffl](https://www.fflomlaw.com)
[omlaw.com](https://www.fflomlaw.com)

_____
____

Confidentiality Notice:
The information
contained in this e-mail
and any attachments
may be legally
privileged and
confidential. If you are
not an intended
recipient, you are
hereby notified that
any dissemination,
distribution or copying
of this e-mail is strictly
prohibited. If you have
received this e-mail in
error, please notify the
sender and
permanently delete the
e-mail and any
attachments
immediately. You
should not retain, copy
or use this e-mail or any
attachment for any
purpose, nor disclose
all or any part of the
contents to any other
person. Thank
you. **Please refrain**
**from sending paper**

**mail, and instead direct
all communications,
including motion
papers, to me at this
email address.**

---

**From:** Fern Flomenhaft
**Sent:** Wednesday,
October 19, 2022 4:58
PM
**To:** neilberger@teamto
gut.com; John McClain
<jmcclain@teamtogut.c
om>
**Cc:** rwolf@tarterkrinsky
.com
**Subject:** RE: 96 wythe -
these links is for
documents 3712-7636,
7637-7827, 7828-8014,
8015-8024, 8025-8329

Neil, John,

The link below includes
additional documents,
responsive to the
Trustee's requests for
documents regarding
financial obligations in
the Trustee's
subpoenas to Toby
Moskovits, Michael
Lichtenstein and
Williamsburg Hotel BK
LLC. Bates Stamp
Numbers BKTM
003712-007636
consists of credit card
and other financial
records, including
Transfers from Hotel to
Northside.  BKTM00763
7-007827 includes Tax,
Loans, Equity.
BKTM007828-008014
includes Bookings, Bank
Statements, Income
Report, Prepaid

3

Revenue, Accounts
Receivable, Accounts
Payable, Payroll, STR
Reports, Filed MOR.
BKTM008015-008024
includes Loans, Books,
Records, Occupancy Tax
Returns
(copies).  BKTM008025-
008329 includes Tax
Returns (Acquisition),
(Occupancy), Loan,
Equity Reports
(duplicates?).
BKTM008330-8359
includes Loans Transfer
Bank
Statements.  BKTM0083
60-8364 includes NYC
Occupancy Tax
Payments.

BKTM008365-8412
contains additional
emails pertaining to
Trademark.  We are not
aware of any other
documents pertaining
to Trademark, other
than the Management
Agreement, which you
have.

Bate stamp 3712-7636



Bate stamp 7637-7827



Bate stamp 7828-8014





Bate stamp 8015-8024



Bate stamp 8025-8329



Bate Stamp 8330-8359



Bate Stamp 8360-8364



Bate Stamp 8365-8412



Additional production will follow.

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC |*
26 Broadway,
26th Floor, New York,
NY 10004

fflomenhaft@fflomlaw.com |https://www.fflomlaw.com

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 3:19 PM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - this link is for documents 438-3711

Neil, John,

The link below includes additional documents, Bates Stamp Numbers BKTM 000438-003711, responsive to the Trustee's requests for documents regarding taxes and financial obligations in the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC., consisting of financial and bank records as well as Occupancy Tax Returns and payments.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Bate stamp 438-3711



Additional production will follow.

Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC |*
26 Broadway,
26th Floor, New York,
NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process,**

**please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 11:24 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com
**Subject:** RE: 96 wythe - this link is for documents 411-437

Neil, John,

The link below includes documents, Bates Stamp Numbers BKTM 000411-000437, responsive to the Trustee's requests for documents regarding taxes and financial obligations in the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC., consisting of

Occupancy Tax Returns and payments.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

Batestamp 411-437



Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC |* 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have

received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

Fern

**From:** Fern Flomenhaft
**Sent:** Tuesday, October 18, 2022 10:06 AM
**To:** neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>
**Cc:** rwolf@tarterkrinsky.com; Fern Flomenhaft <fflomenhaft@fflomlaw.com>
**Subject:** FW: 96 wythe - this link is for documents 238 - 410

Neil, John,

The link below includes documents pertaining

to the The Williamsburg Hotel BK LLC taxes and 96 Wythe Equity report, Bates Stamp Numbers BKTM 000238-000410 (232-237 were intentionally left blank), responsive to the Trustee's subpoenas to Toby Moskovits, Michael Lichtenstein and Williamsburg Hotel BK LLC.

The documents are confidential and should be treated as such. All rights are expressly reserved.

Additional production will follow.

## Bate stamp 238-410



## Very truly yours, Fern

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC |*
26 Broadway,
26th Floor, New York, NY 10004
[fflomenhaft@fflomlaw.com](mailto:fflomenhaft@fflomlaw.com) |[https://www.fflomlaw.com](https://www.fflomlaw.com)

_____

Confidentiality Notice:

12

The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Our office is and will be working remotely until further notice. To help us with this process, please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address. Please also feel free to use my cell phone for phone contact. Stay safe! Thank you.**

# EXHIBIT "Q"

**Angela Tam**

---

**Subject:**                        FW: 96 Wythe - Motions to Compel

---

**From:** Fern Flomenhaft <fflomenhaft@fflomlaw.com>
**Sent:** Monday, December 5, 2022 11:51 AM
**To:** Frank A. Oswald <frankoswald@teamtogut.com>; neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>; Joseph Murphy <jmurphy@teamtogut.com>
**Cc:** Madeline Shapiro <mshapiro@fflomlaw.com>
**Subject:** RE: 96 Wythe - Motions to Compel

Frank, Neil, John,

Attached immediately below is a file containing documents for Northside Development Holding and 232 Siegel Development only. This is segregated for your convenience because these two companies are the subject of one of your motions to compel. The documents, with the exception of the corporate organization documents, are duplicates of Folder 13 which was already provided:

███████████████████████████████████████████████████████████

In additional, we are producing the following remaining files (the accompanying descriptions are very general).  We attempted to weed out (and leave out) duplicates of documents previously provided:

16 - ███████████████████████████████████████████████████t
Bank statements, Examiner Info Requested, The Williamsburg Hotel statements, payroll registers, TWH Employee list 11.14.21

17 - ████████████████████████████████████████████
Debtor and management tax documents

18.████████████████████████████████████████████
96 Wythe Chase statements , the Williamsburg Hotel BK LLC Bank of America statements

19.██████████████████████████████████████████████
Receiver Period Info provided, TWH Income Statements, TWH payroll reports, Williamsburg hotel general ledgers, emails, Mgmt co. bank statements provided, monthly operating reports filed w/Trustee, contracts, claims and lawsuits

20.███████████████████████████████████████████
Property info, historic finances, hotel management agreement, budget for 2021, guest ledger accounts receivable, STR reports, real estate tax bills, contracts and equipment leases

21.███████████████████████████████████████████
W-2 Masters, check registers and wire logs for 96 Wythe and Williamsburg BK

23.████████████████████████████████████████████
TWH financial reports 2021

**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address.**

---

**From:** Fern Flomenhaft
**Sent:** Thursday, December 1, 2022 6:38 PM
**To:** Frank A. Oswald <frankoswald@teamtogut.com>; neilberger@teamtogut.com; John McClain <jmcclain@teamtogut.com>; Joseph Murphy <jmurphy@teamtogut.com>
**Cc:** Madeline Shapiro <mshapiro@fflomlaw.com>
**Subject:** 96 Wythe - Motions to Compel

Frank, Neil, John,

With reference to the Motions to Compel Compliance with the Court's Rule 2004 Order and Subpoenas to:

1) Moskovits, Lichtenstein and Williamsburg BK
2) Northside Development Holdings and 232 Siegel Development Holding,

we will be sending some additional dropboxes tomorrow morning, after which we believe we will have substantially produced everything within our clients' files and accounts responsive to the respective Subpoenas.

As to Moskovits, Lichtenstein and Williamsburg BK, we prioritized the Trademark documents and produced everything they have. We also produced everything provided by Trademark counsel, who represented that they provided to us everything they have. (In response to your request, we went back to them to ask for possibly missing documents and are waiting for a response). As to the rest, we believe we have produced everything, including the ERTC documents (your other priority item), which is being produced now, and is attached here:

█████████████████████████████████████████████

As to Northside Development and 232 Siegel Development, we produced their accounts on 10/24, along with the accounts of other entities we are representing for the purpose of responding to the Subpoenas. We are not aware of anything else. We send you in a separate email the accounts for just 232 Siegel and Northside (which were already provided on 10/24).

Please let me know if you think there are gaps in the production and if there is anything in particular you are looking for that has not been produced.

We intend also to provide Declarations from our clients attesting to their review and production, as well as a list/inventory of everything produced.

We anticipate conferencing these matters with the Court on December 7 because that was my understanding of the Court's directive at the last Court conference I attended. We are asking you to agree to adjourn formal argument of the motions, however, to permit us to submit opposition and respond to any of the Court'syou're your concerns which are raised at the conference.

Let me know if you would like to meet and confer to discuss the above. I am available tomorrow.

Very truly yours,

Fern
**Fern Flomenhaft**
**Tel:  Cell:  917 374-0192 | Fax:  212 796-7615**
*Fern Flomenhaft PLLC* | 26 Broadway, 26th Floor, New York, NY 10004
**fflomenhaft@fflomlaw.com |https://www.fflomlaw.com**

_____
Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you. **Please refrain from sending paper mail, and instead direct all communications, including motion papers, to me at this email address.**