Presentment Date: December 30, 2022 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: December 29, 2022 at 4:00 p.m. (Prevailing Eastern Time)

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger
John McClain

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 96 Wythe Acquisition, LLC, | Case No. 21-22108 (SHL) |
| Debtor. | |

-----------------------------------------------------------x

**NOTICE OF PRESENTMENT OF ORDER HOLDING**
**NORENSBERG & ASSOCIATES INC. AND DANIEL NORENSBERG**
**IN CONTEMPT AND IMPOSING COERCIVE CIVIL SANCTIONS**

**PLEASE TAKE NOTICE** that, Stephen S. Gray, not individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor"), will present for signature to the Honorable Sean H. Lane, United States Bankruptcy Judge, in his Chambers, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10602-5008, on **December 30, 2022 (the "Presentment Date") at 12:00 p.m.** (**Prevailing Eastern Time**), the attached proposed *Order Holding Norensberg & Associates Inc. and Daniel Norensberg in Contempt and Imposing Coercive Civil Sanctions* (the "Civil Sanctions Order"), holding Norensberg & Associates Inc. and Daniel Norensberg in civil contempt and imposing coercive civil sanctions in the amount of $500 *per diem* to be

paid personally by Daniel Norensberg to the Trustee, based upon their failure to fully comply with the Rule 2004 Order, the Trustee Subpoena, and the Compliance Order (each as defined in the Civil Sanctions Order);

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to entry of the Civil Sanctions Order must be made in writing and conform with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and be filed with the Clerk of the Bankruptcy Court at the address set forth above, with a copy delivered directly to Bankruptcy Judge Lane's Chambers, and served upon the undersigned attorneys for the Trustee, so as to be filed and actually received by all of them not later than **December 29, 2022 at 4:00 p.m. (prevailing Eastern Time).** If no timely written objections are filed and received in accordance with the foregoing, the Order may be signed by the Court.

**PLEASE TAKE FURTHER NOTICE** that, you may also obtain copies of any pleadings by visiting the Court's website at https://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

DATED:   December 22, 2022
          New York, New York

                        STEPHEN S. GRAY
                        Not Individually But Solely in His
                        Capacity as Chapter 11 Trustee
                        By His Attorneys,
                        TOGUT, SEGAL & SEGAL LLP
                        By:

                        */s/ Neil Berger*
                        ALBERT TOGUT
                        FRANK A. OSWALD
                        NEIL BERGER
                        JOHN MCCLAIN
                        One Penn Plaza, Suite 3335
                        New York, New York 10119
                        (212) 594-5000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
In re:                                                    :    Chapter 11
:
96 WYTHE ACQUISITION LLC,                 :    Case No. 21-22108 (SHL)
:
Debtor.                          :
:
-----------------------------------------------------------------x

**ORDER HOLDING NORENSBERG & ASSOCIATES INC.
AND DANIEL NORENSBERG IN CONTEMPT AND
<u>IMPOSING COERCIVE CIVIL SANCTIONS</u>**

On August 8, 2022, the Court entered its *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 647] (the "<u>Rule 2004 Order</u>"); and Stephen Gray, not individually but solely in his capacity as the Chapter 11 trustee (the "<u>Trustee</u>") of the above-captioned debtor (the "<u>Debtor</u>"), issued and served a subpoena to Norensberg & Associates Inc. ("<u>Norensberg</u>") on September 20, 2022 pursuant to the Rule 2004 Order (the "<u>Trustee Subpoena</u>") which requires Norensberg to, among other things, produce all documents and communications concerning, reflecting, or evidencing the Debtor's affairs, assets, liabilities, and transfers; and on October 26, 2022, the Trustee filed his *Motion for an Order Compelling Norensberg & Associates Inc. to Comply with the Court's Rule 2004 Order and Subpoena* [Dkt. No. 757] (the ("<u>Motion to Compel</u>"); and following the Court's consideration of the Motion to Compel during a hearing conducted on November 10, 2022, the Court entered the *Order Compelling Norensberg & Associates Inc. to Comply with the Court's Rule 2004 Order and the Trustee's Subpoena* [Dkt. No. 783] (the "<u>Compliance Order</u>"); and it appearing that the Trustee served the Compliance Order in accordance with the service provisions contained therein [Dkt. No. 787]; and on December 6, 2022, the Trustee having filed the *Declaration of Neil Berger in Further Support of Request for Entry of an Order Imposing*

*Coercive Civil Sanctions – Norensberg & Associates Inc.* [Dkt. No. 822] (the "Berger Declaration"); and on December 7, 2022, Daniel Norensberg produced to the Trustee only electronic copies of the Debtor's federal and state tax returns for the years of 2017-2020 (the "Tax Returns"); and on December 6, 2022, Daniel Norensberg having sent an email to the Court stating "I will promptly upload the files I have"; and the court having considered the Berger Declaration during the December 7, 2022 hearing in this case; and on December 9, 2022, the Court entered its *Order to Show Cause (A) Scheduling a Hearing to Consider Coercive Civil Sanctions and (B) Directing Daniel Norensberg to Attend Such Hearing* [Dkt. No. 833] (the "Order to Show Cause") which: (a) scheduled a hearing to be conducted on December 20, 2022 (the "December 20 Hearing") to consider entry of an order, *inter alia*, holding Norensberg and Daniel Norensberg in civil contempt and imposing coercive civil sanctions in the amount of $500 *per diem* to be paid by Daniel Norensberg based upon his and Norensberg's failure to fully comply with the Rule 2004 Order, the Trustee's Subpoena, and the Compliance Order, (b) directed Daniel Norensberg to appear at the December 20 Hearing, and (c) fixed December 15, 2022 as the deadline for objections (the "Objection Deadline") to the finding of civil contempt and the imposition of coercive civil sanctions; and it appearing that the Trustee complied with the service requirements contained in the Order to Show Cause [Dkt. No. 840]; and it appearing that on December 15, 2022, Togut, Segal & Segal LLP, counsel for the Trustee, sent an email to Daniel Norensberg containing the registration link for his appearance at the December 20 Hearing; and on December 20, 2022, the Court having conducted a hearing to consider the Order to Show Cause; and Daniel Norensberg having failed to attend the December 20 Hearing despite having been directed to do so by the Order to Show Cause, and he did not file any objection on or before the Objection Deadline; and upon the record made during

2

the December 20 Hearing; and upon all of the other pleadings and proceedings in the Chapter 11 Case; and it appearing that the Court has jurisdiction to consider to enforce the Rule 2004 Order, the Trustee Subpoena, and the Compliance Order; and at the conclusion of the December 20 Hearing, the Court having found that Norensberg and Daniel Norensberg have failed to fully comply with the Rule 2004 Order, the Trustee Subpoena, and the Compliance Order, and that Daniel Norensberg failed to comply with the Order to Show Cause; and good and sufficient cause being established; it is hereby

**ORDERED**, that Norensberg and Daniel Norensberg are in civil contempt for their knowing violation of, and failure to fully comply with, the Rule 2004 Order, the Trustee Subpoena, and the Compliance Order; and it is further

**ORDERED**, that if Norensberg and Daniel Norensberg fail to fully comply with the Rule 2004 Order, the Trustee Subpoena, and Compliance Order on or before January 5, 2023 at 4:00 p.m., Daniel Norensberg shall personally pay coercive civil sanctions in the amount of $500 *per diem*, with such sanctions to be paid daily to the Trustee in accordance with payment instructions that the Trustee shall provide in writing by email to Daniel Norensberg, until such time that the Court has determined that Norensberg and/or Daniel Norensberg has fully complied with all of the provisions contained herein and in the Rule 2004 Order, the Trustee Subpoena, and the Compliance Order; and it is further

**ORDERED**, that the Trustee shall serve a copy of this order by Federal Express and email (where available) upon Norensberg and Daniel Norensberg within one (1) business day after the date of entry of this order, and the Trustee shall also serve a copy of this Order by FedEx or email (where available) upon: (a) the United States

Trustee, and (b) all parties that have filed a notice of appearance in this case not later than two (2) business days after the date of entry of this order; and it is further

**ORDERED**, that this Court retains original and exclusive jurisdiction to implement and enforce this order and to adjudicate any and all disputes that may arise concerning the provisions of this order.

Dated:  White Plains, New York
_____, 2022

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE