UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                    :

In re:                                        :          Chapter 11
                                                    :
96 WYTHE ACQUISITION LLC,      :          Case No. 21-22108 (SHL)
                                                    :
                      Debtor.             :
                                                    :
-------------------------------------------------------------x

## ORDER HOLDING NORENSBERG & ASSOCIATES INC. AND DANIEL NORENSBERG IN CONTEMPT AND IMPOSING COERCIVE CIVIL SANCTIONS

On August 8, 2022, the Court entered its *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 647] (the "Rule 2004 Order");  and Stephen Gray, not individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the above-captioned debtor (the "Debtor"), issued and served a subpoena to Norensberg & Associates Inc. ("Norensberg") on September 20, 2022 pursuant to the Rule 2004 Order (the "Trustee Subpoena") which requires Norensberg to, among other things, produce all documents and communications concerning, reflecting, or evidencing the Debtor's affairs, assets, liabilities, and transfers;  and on October 26, 2022, the Trustee filed his *Motion for an Order Compelling Norensberg & Associates Inc. to Comply with the Court's Rule 2004 Order and Subpoena* [Dkt. No. 757] (the ("Motion to Compel");  and following the Court's consideration of the Motion to Compel during a hearing conducted on November 10, 2022, the Court entered the *Order Compelling Norensberg & Associates Inc. to Comply with the Court's Rule 2004 Order and the Trustee's Subpoena* [Dkt. No. 783] (the "Compliance Order");  and it appearing that the Trustee served the Compliance Order in accordance with the service provisions contained therein [Dkt. No. 787];  and on December 6, 2022, the Trustee having filed the *Declaration of Neil*

*Berger in Further Support of Request for Entry of an Order Imposing Coercive Civil Sanctions – Norensberg & Associates Inc.* [Dkt. No. 822] (the "Berger Declaration"); and on December 7, 2022, Daniel Norensberg produced to the Trustee only electronic copies of the Debtor's federal and state tax returns for the years of 2017-2020 (the "Tax Returns"); and on December 6, 2022, Daniel Norensberg having sent an email to the Court stating "I will promptly upload the files I have"; and the Court having considered the Berger Declaration during the December 7, 2022 hearing in this case; and on December 9, 2022, the Court entered its *Order to Show Cause (A) Scheduling a Hearing to Consider Coercive Civil Sanctions and (B) Directing Daniel Norensberg to Attend Such Hearing* [Dkt. No. 833] (the "Order to Show Cause") which: (a) scheduled a hearing to be conducted on December 20, 2022 (the "December 20 Hearing") to consider entry of an order, *inter alia*, holding Norensberg and Daniel Norensberg in civil contempt and imposing coercive civil sanctions in the amount of $500 *per diem* to be paid by Daniel Norensberg based upon his and Norensberg's failure to fully comply with the Rule 2004 Order, the Trustee's Subpoena, and the Compliance Order, (b) directed Daniel Norensberg to appear at the December 20 Hearing, and (c) fixed December 15, 2022 as the deadline for objections (the "Objection Deadline") to the finding of civil contempt and the imposition of coercive civil sanctions; and it appearing that the Trustee complied with the service requirements contained in the Order to Show Cause [Dkt. No. 840]; and it appearing that on December 15, 2022, Togut, Segal & Segal LLP, counsel for the Trustee, sent an email to Daniel Norensberg containing the registration link for his appearance at the December 20 Hearing; and on December 20, 2022, the Court having conducted a hearing to consider the Order to Show Cause; and Daniel Norensberg having failed to attend the December 20 Hearing despite having been directed to do so by the Order to Show Cause, and he did not file any objection on or before

the Objection Deadline; and upon the record made during the December 20 Hearing; and upon all of the other pleadings and proceedings in the Chapter 11 Case; and it appearing that the Court has jurisdiction to consider to enforce the Rule 2004 Order, the Trustee Subpoena, and the Compliance Order; and at the conclusion of the December 20 Hearing, the Court having found that Norensberg and Daniel Norensberg have failed to fully comply with the Rule 2004 Order, the Trustee Subpoena, and the Compliance Order, and that Daniel Norensberg failed to comply with the Order to Show Cause; and good and sufficient cause being established; it is hereby

**ORDERED**, that Norensberg and Daniel Norensberg are in civil contempt for their knowing violation of, and failure to fully comply with, the Rule 2004 Order, the Trustee Subpoena, and the Compliance Order; and it is further

**ORDERED**, that ***given*** ~~if~~ Norensberg and Daniel Norensberg ***failure*** ~~fail~~ to fully comply with the Rule 2004 Order, the Trustee Subpoena, and Compliance Order ~~on or before January 5, 2023 at 4:00 p.m.~~, Daniel Norensberg shall personally pay coercive civil sanctions in the amount of $500 *per diem* ***from the date of the service of this Order,*** with such sanctions to be paid daily to the Trustee in accordance with payment instructions that the Trustee shall provide in writing by email to Daniel Norensberg, until such time that the Court has determined that Norensberg and/or Daniel Norensberg has fully complied with all of the provisions contained herein and in the Rule 2004 Order, the Trustee Subpoena, and the Compliance Order; and it is further

**ORDERED**, that the Trustee shall serve a copy of this order by Federal Express and email (where available) upon Norensberg and Daniel Norensberg within one (1) business day after the date of entry of this order, and the Trustee shall also serve a copy of this Order by FedEx or email (where available) upon: (a) the United States Trustee, and (b) all parties that

have filed a notice of appearance in this case not later than two (2) business days after the date of entry of this Order**, *and the Trustee shall file a certificate evidencing such service within three business days of service*** ;  and it is further

**ORDERED**, that this Court retains original and exclusive jurisdiction to implement and enforce this order and to adjudicate any and all disputes that may arise concerning the provisions of this order.

Dated:   White Plains, New York
              January 17, 2023

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE