**Presentment Date: February 23, 2023 at 12:00 p.m.**
**Objection Deadline: February 22, 2023 at 4:00 p.m.**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
|  |  |
|---|---|
| In re: | Chapter 11 |
| 96 WYTHE ACQUISITION LLC, | Case No. 21-22108 (SHL) |
| Debtors. |  |

------------------------------------------------------------------- x

|  |  |
|---|---|
| 96 WYTHE ACQUISITION LLC, |  |
| Plaintiff, | Adv. Pro. No. 22-07023 (SHL) |
| v. |  |
| STATE NATIONAL INSURANCE COMPANY, RLI INSURANCE COMPANY, GERSON MENCIA, WILLIAM LEWIS, JUAN L. RAMIREZ, CARMEN NINA RAMIREZ, AND GRANDFIELD REALTY CORP., |  |
| Defendants. |  |

------------------------------------------------------------------- x

**NOTICE OF PRESENTMENT OF CHAPTER 11 TRUSTEE'S MOTION FOR AN
ORDER PURSUANT TO RULES 3006 AND 9019 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE APPROVING GLOBAL
SETTLEMENT OF ADVERSARY PROCEEDING AND CLAIM OBJECTION
(PROOF OF CLAIM NO. 5 FILED BY GRANDFIELD REALTY CORP.)**

**PLEASE TAKE NOTICE** that upon the annexed application

(the "<u>Application</u>") of Stephen S. Gray, not individually but solely in his capacity as the

Chapter 11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC  (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP will present for signature a proposed Order (the "Order"), a true and complete copy of which is annexed to the Application as Exhibit 1, which resolves (a) a pre-petition state court action for the recovery of property damages (the "Grandfield Underlying Action") regarding to claims asserted by Grandfield Realty Corp. ("Grandfield") against the Debtor and Dimyon Development Corp. ("Dimyon"), (b) the Debtor's objection to Proof of Claim No. 5 ("Claim No. 5") filed in the Debtor's Chapter 11 case in the amount of $7,904,561.28 on account of the alleged damages at issue in the Grandfield Underlying Action [Dkt. No. 247], (c) the state court action filed by the Debtor and Dimyon for a judgment declaring that RLI Insurance Company ("RLI") has a duty to indemnify the Debtor/Dimyon in connection with the Underlying Grandfield Claim and Claim No. 5 (the "State Court Coverage Action"), and (d) adversary proceeding number 22-07023 filed by the Debtor in the above captioned bankruptcy case for a judgment declaring that RLI has a duty to indemnify the Debtor/Dimyon in connection with the Underlying Grandfield Claim and Claim No. 5 (the "RLI Adversary Proceeding"), to the Honorable Sean H. Lane, United States Bankruptcy Judge, in his Chambers, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601-4140, at **12:00 p.m. (prevailing Eastern Time) on February 23, 2023 (the "Presentment Date").**

        **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Order must be made in writing and conform with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and be filed with the Clerk of the Bankruptcy Court at the address set forth above, with a copy delivered directly to Bankruptcy Judge Lane's Chambers, and served upon (i) the undersigned attorneys for

the Trustee and (ii) the Office of the United States Trustee, Attn:  Greg M. Zipes, Trial

Attorney (Greg.Zipes@usdoj.gov), so as **to be filed and actually received by all of them**

**not later than 4:00 p.m. (prevailing Eastern Time) on February 22, 2023 (the**

**"Objection Deadline")**. If no timely written objections are filed and received in

accordance with the foregoing, the Order may be signed by the Court.


DATED:   New York, New York
           January 31, 2023

                               STEPHEN S. GRAY
                               Not Individually But Solely in His
                               Capacity as Chapter 11 Trustee
                               By His Attorneys,
                               TOGUT, SEGAL & SEGAL LLP
                               By:

                               */s/ Neil Berger*
                               ALBERT TOGUT
                               FRANK A. OSWALD
                               NEIL BERGER
                               One Penn Plaza, Suite 3335
                               New York, New York 10119
                               (212) 594-5000

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ x
                                                   :
In re:                                             :   Chapter 11
                                                   :
96 WYTHE ACQUISITION LLC,                          :   Case No. 21-22108 (SHL)
                                                   :
                           Debtors.                :
                                                   x
------------------------------------------------------------------ :
                                                   :
96 WYTHE ACQUISITION LLC,                          :
                                                   :
                           Plaintiff,              :   Adv. Pro. No. 22-07023 (SHL)
                                                   :
            v.                                     :
                                                   :
STATE NATIONAL INSURANCE COMPANY,                  :
RLI INSURANCE COMPANY, GERSON MENCIA,              :
WILLIAM LEWIS, JUAN L. RAMIREZ, CARMEN             :
NINA RAMIREZ, AND GRANDFIELD REALTY                :
CORP.,                                             :
                                                   :
                           Defendants.             :
------------------------------------------------------------------ x
```

## CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO RULES 3006 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING GLOBAL <u>SETTLEMENT OF ADVERSARY PROCEEDING AND CLAIM OBJECTION</u> (PROOF OF CLAIM NO. 5 FILED BY GRANDFIELD REALTY CORP.)

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Stephen S. Gray, not individually but solely in his capacity as the Chapter 11 Trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), hereby submits this application (the "Application") for entry of an order (the "Proposed Order") a copy of which is annexed hereto as Exhibit "1", approving the proposed *Settlement Agreement and Release* (the "Settlement Agreement"), a copy of which is annexed hereto as Exhibit "2," which resolves (a) a pre-petition state court action for the recovery of property damages (the "Grandfield Underlying Action") regarding to claims asserted by Grandfield Realty Corp. ("Grandfield") against the Debtor and Dimyon Development Corp. ("Dimyon"), (b) the Debtor's objection to Proof of Claim No. 5 ("Claim No. 5") filed in the Debtor's Chapter 11 case in the amount of $7,904,561.28 on account of the alleged damages at issue in the Grandfield Underlying Action [Dkt. No. 247], (c) the state court action filed by the Debtor and Dimyon for a judgment declaring that RLI Insurance Company ("RLI") has a duty to indemnify the Debtor/Dimyon in connection with the Underlying Grandfield Claim and Claim No. 5 (the "State Court Coverage Action"), and (d) adversary proceeding number 22-07023 filed by the Debtor in the above captioned bankruptcy case for a judgment declaring that RLI has a duty to indemnify the Debtor/Dimyon in connection with the Underlying Grandfield Claim and Claim No. 5 (the "RLI Adversary Proceeding").  The Trustee's declaration (the "Trustee's Declaration") in support of the proposed settlement is annexed hereto as Exhibit "3".

## PRELIMINARY STATEMENT

The Trustee seeks entry of an order approving the Settlement Agreement among the Trustee, Dimyon, Grandfield, RLI, State National Insurance ("SNIC"), and Clarendon National Insurance Company ("Clarendon" and together with the Trustee, Dimyon, Grandfield, RLI, SNIC, the "Settlement Parties"). If approved, Claim No. 5, which seeks payment of nearly $8 million will be withdrawn in the Debtor's case, and multiple contested matters in this Court, the New York State Supreme Court and the United States District Court for the Sothern District of New York (the "District Court") will be resolved as against the Debtor.

Under the terms of the Settlement Agreement: Grandfield will accept $750,000 (the "Settlement Amount") in full and final satisfaction of Claim No. 5 and its claims in the Underlying Grandfield Action solely with respect to the Debtor and Dimyon; the Settlement Amount will be paid by the Debtor's insurers, RLI, SNIC, and Clarendon (together, the "Insurers") at no cost to the Debtor's estate; the State Court Coverage Action and the Adversary Proceeding will be discontinued; and Claim No. 5 will be withdrawn.

The Trustee has reviewed the terms of the Stipulation and has concluded that they are in the best interests of the Debtor's estate. He requests that the Stipulation be approved by this Court.

A.     **The Property Damage Claim and Available Insurance**

1.     Prior to the Petition Date (defined below), on or about August 11, 2014, Grandfield commenced the Grandfield Underlying Action to recover property damages and related relief against the Debtor and Dimyon in the Supreme Court of the

State of New York, Kings County, under Index No. 507323/2014. Grandfield alleged that the Debtor, along with Dimyon; the general contractor for the construction of the Debtor's hotel[1], and the Debtor's subcontractors, excavated beneath Grandfield's adjacent real property (the "Real Property") and improperly installed underpinning, causing property damage (the "Property Damage") to the Real Property during the period of July of 2013 through March of 2014. Grandfield asserted that the Property Damage to the Real Property was proximately caused by the negligence of the Debtor, Dimyon, and the Debtor's subcontractors.

2.     During the time that the Property Damage occurred, the Debtor maintained two insurance policies (collectively, the "Insurance Policies"): (i) a primary insurance policy issued by SNIC, policy number PUG1200249 (the "Primary Policy"); and (ii) an excess policy issued by RLI, policy number RXL0261775 (the "Excess Policy"). For the policy period applicable to the Grandfield Underlying Action (the "Policy Period"), the Primary Policy had a limit of liability of $1 million per occurrence and $2 million in the aggregate for bodily injury and property damage claims, and the Excess Policy has a combined single limit of liability of $10,000,000. When the Property Damage occurred, the Primary Policy had $500,000 in remaining per-occurrence limits for the purposes of the Grandfield Underlying Action and/or Claim No. 5.

B.    **The Debtor's Bankruptcy Case**

3.     On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

---

[1]     Dimyon is owned and/or controlled by at least one of the Debtor's insiders.

Court"). The commencement of the Debtor's Chapter 11 case automatically stayed the Grandfield Underlying Action pursuant to section 362(a) of the Bankruptcy Code.

4.      On May 20, 2021, Grandfield filed Claim No. 5, and asserted an unsecured claim in the amount of $7,904,641.28 based upon Grandfield's claims in the Grandfield Underlying Action. On December 23, 2021, the Debtor objected to Claim No. 5 and sought to estimate it [Dkt. No. 247] (the "Claim Objection"). On January 24, 2022, Grandfield filed an opposition to the Claim Objection [Dkt. No. 343].

**C.      The Debtor's Disputes with the Insurers**

5.      Prior to the Petition Date, the Debtor and Dimyon submitted claims for insurance coverage to SNIC and RLI for the Grandfield Underlying Action and/or Claim No. 5. By a letter dated October 20, 2014, SNIC offered to provide a defense in the Grandfield Underlying Action to the Debtor and Dimyon. By letters dated March 6, 2020 and September 30, 2020, RLI disclaimed coverage of the Grandfield Underlying Action, which disclaimers also applied to Claim No. 5.

6.      On March 23, 2022, the Debtor commenced the RLI Adversary Proceeding, Adv. Pro. No. 22-07023 against RLI, seeking, among other things, a judgment declaring that RLI has a duty to indemnify the Debtor/Dimyon in connection with the Grandfield Underlying Action and/or Claim No. 5, and for other unrelated claims. On May 17, 20222, RLI filed a motion to withdraw the reference of the RLI Adversary Proceeding To the District Court (the "Reference Motion"). RLI has withdrawn the Reference Motion without prejudice pending approval of the Settlement agreement by this Court.

7.      In addition, the Debtor and Dimyon filed the State Court Coverage Action *96 Wythe Acquisition LLC v. State Nat'l Ins. Co., et al.* (New York Sup. Ct. Kings Co., Index No. 50455/2022).

8.      The Debtor and Dimyon also named SNIC a defendant in the Adversary Proceeding and the State Court Coverage Action.

**D.      Appointment of the Trustee**

9.      On May 27, 2022, the Bankruptcy Court entered the *Order Granting Motion to Appoint a Chapter 11 Trustee* [Dkt. No. 591], and on May 31, 2022, the Bankruptcy Court entered the *Order Approving the Appointment of Chapter 11 Trustee*, which approved the Trustee's appointment [Dkt. No. 594].  The Trustee accepted his appointment, duly qualified and he is acting as Trustee herein.

10.      The Trustee engaged in extensive arms-length negotiations with Settlement Parties, and they have negotiated and signed the Settlement Agreement, subject to approval by this Court, to avoid further motion practice, delay, and expense to the Debtor's estate.

**E.      The Proposed Settlement**

11.      The material terms of the proposed settlement are:[2]

(i)      Clarendon will pay Grandfield $500,000 toward satisfaction of the Grandfield Underlying Action only as against the Debtor and Dimyon, and Claim No. 5, and as consideration for that payment, Grandfield, will release and discharges the Trustee, the Debtor, and Dimyon from any and all claims asserted in connection with the Grandfield Underlying Action and/or Claim No 5;

---

[2]      This summary of the Settlement Agreement is provided for the convenience of the Court and parties in interest.  In the event of any inconsistency between the summary in this Application and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall govern.

(ii)     RLI will pay Grandfield $250,000 toward satisfaction of the Grandfield Underlying Action only as against the Debtor and Dimyon, and Claim No. 5 as against the Debtor, and, as consideration for that payment, Grandfield releases and discharges the Trustee, the Debtor, and Dimyon, from any and all claims asserted in connection with the Grandfield Underlying Action and/or Claim No. 5;

(iii)    Grandfield will release and discharge Clarendon and SNIC from any and all claims of any kind asserted in connection with the Adversary Proceeding, the State Court Coverage Action, and/or any other claim for coverage or other demands for relief from Clarendon or SNIC in connection with the Grandfield Underlying Action and/or Claim No. 5;

(iv)     The Trustee, on behalf of the Debtor and its estate, and Dimyon, will release and discharge RLI from any and all claims of any kind asserted in connection with the Adversary Proceeding, the State Court Coverage Action, and/or any other claim for coverage or other demands for relief from RLI in connection with the Grandfield Underlying Action and/or Claim No. 5;

(v)      Clarendon and RLI will release and discharge each other from all claims of any kind asserted in connection with the Adversary Proceeding, the State Court Coverage Action, and/or any other claim for coverage or other demands for relief in connection with the Grandfield Underlying Action and/or Claim No. 5;

(vi)     The Parties agree and acknowledge that RLI will retain the right in the Grandfield Underlying Action to prosecute any and all cross-claims and third-party claims as against the remaining parties in that action;

(vii)    The Trustee expressly retains the right to seek recoveries from the remaining parties in the Grandfield Underlying Action other than Grandfield, RLI, SNIC and Clarendon;

(viii)   Grandfield may seek to recover for damages sustained from the other defendants named in the Grandfield Underlying Action;

(ix)  On the Effective Date (as defined in the Stipulation), Claim No. 5 shall be deemed withdrawn;

(x)  A stipulation of discontinuance with prejudice of the Grandfield Underlying Action (only as against the Debtor and Dimyon) and Claim No. 5 shall be executed by the Parties and filed in those actions;  and

(xi)  Not later than ten (10) days after the Effective Date (as defined in the Stipulation), a stipulation of discontinuance with prejudice of all claims in the State Court Coverage Action shall be executed by the Parties and filed in that action.  The parties to the RLI Adversary Proceeding will also enter in a stipulation to discontinue that adversary proceeding.

**BASIS FOR RELIEF REQUESTED**
**<u>AUTHORIZING APPROVAL OF SETTLEMENT</u>**

12.    Bankruptcy Rule 3006 provides, in pertinent part, that "[i]f after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding . . . the creditor may not withdraw the claim except on order of the court . . ." Fed R. Bankr. P. 3006.

13.    Bankruptcy Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is both (i) fair and equitable, and (ii) in the best interests of the debtor's estate.  *See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (applying the "fair and equitable" standard to settlements pursuant to Bankruptcy Rule 9019);  *In re Enron Corp.*, Case No. 02 Civ. 8489 (AKH), 2003 WL 230838, at *2 (S.D.N.Y. Jan. 31, 2003) ("A bankruptcy court may approve a settlement where the proposed settlement is both fair and equitable and in the best interests of the estate.") (internal quotations and citations omitted).

14.     The Second Circuit has identified the following factors for a bankruptcy court's consideration in determining whether a proposed compromise and settlement is "fair and equitable":

> (1) the balance between the litigation's possibility of success and the settlement's future benefits;  (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment;  (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;  (4) whether other parties in interest support the settlement;  (5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement;  (6) the nature and breadth of releases to be obtained by officers and directors;  and (7) the extent to which the settlement is the product of arm's length bargaining.

*In re Iridium Operating LLC*, 478 F.3d at 462 (internal quotations and citations omitted). Not all of these factors are relevant to all cases.  *See Plaza Equities LLC v. Pauker (In re Copperfield Invs., LLC)*, 401 B.R. 87, 96 (Bankr. E.D.N.Y. 2009).

15.     In addition, the bankruptcy court may exercise its discretion in determining whether to approve a settlement "in light of the general public policy favoring settlements."  *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998);  *see Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) ("[T]he general rule [is] that settlements are favored and, in fact, encouraged . . . .").

16.     Based on the foregoing principles, bankruptcy courts within the Second Circuit will approve a proposed compromise or settlement if it does not fall "below the lowest point in the range of reasonableness."  *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (internal quotations and citations omitted);  *see Nisselson v. Carrol (In re Altman)*, 302 B.R. 424, 425 (Bankr. D. Conn. 2003).

17.     The Trustee respectfully submits that the relevant factors set forth above support a finding that the proposed settlement of the Grandfield Underlying Action and Claim No. 5 based upon the terms set forth in the Settlement Agreement is fair and equitable, and in the best interests of the Debtor's estate and should be approved.

18.     Without making any admission or waiver of any claim or defense in favor of the Debtor and its estate, the Trustee observes that there is a risk a jury could find in favor of Grandfield in an amount in excess of the Settlement Amount and the limits of insurance contained in the Insurance Policies, making the outcome of a trial in the Grandfield Underlying Action uncertain.  Moreover, trials of the Grandfield Underlying Action, the RLI Adversary Proceeding, and the State Court Coverage Action would increase the administrative costs of this estate, distract the Trustee and current employees of the Debtor as they focus on a path to resolve this Chapter 11 case.

19.     The proposed settlement:  (i) obviates the risk of further litigation in the Grandfield Underlying Action, the RLI Adversary Proceeding, and the State Court Coverage Action;  (ii) avoids the cost and expense associated with a trial and/or evidentiary hearing;  and (iii) facilitates the withdrawal of an $7,904,561.28 claim against the Debtor's estate.

20.     Based upon the foregoing, the Trustee respectfully submits that the "paramount" interests of creditors are served by this proposed settlement and approval of same.  *See In re Purofied Down Products Corp.*, 150 B.R. 519, 522 (Bankr. S.D.N.Y. 1993).

21.     Based upon the factors described above, the Trustee, in the exercise of his business judgment, has concluded that the proposed settlement set forth in the Settlement Agreement is in the best interests of the Debtor's estate.

**NOTICE**

22.    Notice of this Application and the proposed Order has been given by e-mail where available or first-class regular mail to:  (i) bankruptcy co-counsel for the Debtor;  (ii) all of the Debtor's known creditors;  (iii) Grandfield;  (iv) the Insurers;  (v) Dimyon,  (vi) the United States Trustee;  and (vii) all parties which have filed a notice of appearance in this case.  The Trustee submits that no other or further notice need be given.

23.    No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court grant the relief sought herein, enter an Order approving the Settlement Agreement, and grant such other and further relief as the Court may deem to be just and proper.

DATED:    New York, New York
          January 31, 2023

          STEPHEN S. GRAY, not individually but
          solely in his capacity as Chapter 11 Trustee,
          By his Attorneys,
          TOGUT, SEGAL & SEGAL LLP
          By:

          */s/ Neil Berger*
          NEIL BERGER
          A Member of the Firm
          One Penn Plaza
          New York, New York 10119
          (212) 594-5000

## EXHIBIT 1

**Proposed Order**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x
                                 :

In re:                              :     Chapter 11

                                 :

96 WYTHE ACQUISITION LLC,       :     Case No. 21-22108 (SHL)

                                 :

                      Debtors.      :

-------------------------------------------------------------------- x

                                 :

96 WYTHE ACQUISITION LLC,       :

                                 :

                      Plaintiff,     :     Adv. Pro. No. 22-07023 (SHL)

                                 :

             v.                 :

                                 :

STATE NATIONAL INSURANCE COMPANY, :
RLI INSURANCE COMPANY, GERSON MENCIA, :
WILLIAM LEWIS, JUAN L. RAMIREZ, CARMEN :
NINA RAMIREZ, AND GRANDFIELD REALTY  :
CORP.,                              :

                                 :

                      Defendants.   :

-------------------------------------------------------------------- x

## ORDER APPROVING GLOBAL SETTLEMENT OF
## ADVERSARY PROCEEDING AND CLAIM OBJECTION
### (PROOF OF CLAIM NO. 5 FILED BY GRANDFIELD REALTY CORP.)

Upon the application (the "Application")[1] of Stephen S. Gray, not individually but solely in his capacity as the Chapter 11 Trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for entry of an order (this "Order") approving the proposed *Settlement Agreement and Release* agreement annexed hereto (the "Settlement Agreement"), entered into by and among the Trustee, Dimyon Development Corp. ("Dimyon"), Grandfield Realty Corp. ("Grandfield"), State National Insurance ("SNIC"), and Clarendon National Insurance Company ("Clarendon" and, collectively with the Trustee, Dimyon, Grandfield, RLI, SNIC, the "Settlement Parties"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3006 and 9019 of the Federal Rules of Bankruptcy Procedure Rules;  and upon the Declaration of Stephen S. Gray in support of the Application;  and it appearing that the Court has jurisdiction to consider the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.);  and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);  and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;  and it appearing that the relief requested in the Application is in the best interests of the Debtor's estate; and this Court having reviewed the Application and the Settlement Agreement;  and good and sufficient notice of the Application having been given to all parties entitled

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Application except where indicated otherwise.

thereto;  and there having been no objections to the relief sought in the Application;

and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED**, that the Application is GRANTED and the Settlement

Agreement is approved;  and it is further

**ORDERED**, that the failure specifically to include any particular

provision of the Settlement Agreement in this Order shall not diminish or impair the

effectiveness of such provision, it being the intent of this Court that the Settlement

Agreement be authorized and approved in its entirety;  and it is further

**ORDERED**, that the Trustee, the Togut Firm, and the Settlement Parties

are authorized to take all necessary actions and sign such documents as many be

reasonably necessary to carry out this Order;  and it is further

**ORDERED**, that the Settlement Agreement and any related agreements,

documents, or other instruments may be further modified, amended, or supplemented

by the Settlement Parties, in a writing signed by all Settlement Parties without further

order of this Court, provided that any such modification, amendment or supplement is

consistent with this order and does not have a material adverse effect on the Debtor's

estate;  and it is further

**ORDERED**, that the automatic stay provided in Bankruptcy Code section

362 is modified to permit the Grandfield Underlying Action to proceed against parties

other than the Settlement Parties;  and it is further

**ORDERED**, that the Court shall retain exclusive jurisdiction to enforce

and implement this Order, including, but not limited to retaining jurisdiction to

(a) compel compliance with this Order and the Settlement Agreement, (b) resolve any

dispute, controversy or claim arising under or related to the Settlement Agreement, or

the breach thereof, and (c) interpret, implement, and enforce the provisions of this

Order and resolve any disputes related thereto.

DATED:  White Plains, New York
              _____ 2023

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 2

## Settlement Agreement

## **SETTLEMENT AGREEMENT AND RELEASE MPB**

This Settlement Agreement and Release ("Agreement") is made by and among: Stephen S. Gray solely in his capacity as Trustee (the "Trustee") of Chapter 11 Debtor 96 Wythe Acquisition LLC (the "Debtor"); Dimyon Development Corp. ("Dimyon"); Grandfield Realty Corp. ("Grandfield"); Clarendon National Insurance Company as the real party in interest with respect to State National Insurance Company Policy Number PUG1200249 ("Clarendon"); and RLI Insurance Company ("RLI") (collectively, the "Parties").

**WHEREAS,** Grandfield commenced an action that includes the Debtor and Dimyon as defendants captioned Grandfield Realty Corp. v. 96 W Development LLC, *et al.* (New York Sup. Ct. Kings Co., Index No. 507323/2014) in which Grandfield seeks damages and other relief in connection with real property and a building it owns at 54 North 11th Street, Brooklyn, New York, and in which Grandfield alleges the Debtor and/or Dimyon are liable to Grandfield as a result of alleged acts or omissions arising out of a development and construction project at the premises known as 96 Wythe Avenue, Brooklyn, New York ("the Grandfield Underlying Action");

**WHEREAS,** on February 23, 2021 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 21-22108 (SHL) (the "Bankruptcy Case"), and the Trustee was appointed pursuant to an Order of the Bankruptcy Court dated May 31, 2022 [Dkt. No. 594];

**WHEREAS,** Grandfield also filed proof of claim number 5 ("Claim No. 5") in the Bankruptcy Case on account of the same alleged damages at issue in the Grandfield Underlying;

**WHEREAS,** State National Insurance Company ("State National") issued 96 Wythe a Commercial General Liability Policy (No. PUG1200249) to the Debtor incepting on September 28, 2012 ("the State National Policy"), under which Dimyon also qualifies as an insured, and which policy Clarendon contends has $500,000 in remaining per-occurrence limits for purposes of the Grandfield Underlying Action and Claim No. 5;

**WHEREAS,** the Debtor and Dimyon demanded defense and indemnity under the State National Policy for any liability they might have in the Grandfield Underlying Action and/or Claim No. 5;

**WHEREAS,** RLI issued an Excess Liability Policy (No. RXL0261775) to the Debtor for the period November 29, 2012 to September 6, 2016 (the "RLI Excess Policy");

**WHEREAS,** the Debtor and Dimyon demanded RLI indemnify them under the RLI Excess Policy for any liability they might have in the Grandfield Underlying Action and/or Claim No. 5;

**WHEREAS,** on dates including March 6, 2020 and September 30, 2020, RLI issued disclaimers of coverage for the Debtor and Dimyon in connection with the Grandfield Underlying Action (which disclaimers also apply to Claim No. 5);

**WHEREAS,** the Debtor and Dimyon disputed the validity of RLI's disclaimers, and in connection therewith filed two actions seeking, *inter alia*, judgment declaring that RLI has a duty to indemnify the Debtor/Dimyon in connection with the Grandfield Underlying Action and/or Claim No. 5, to wit, the adversary proceeding captioned 96 Wythe Acquisition LLC v. State National Ins. Co., *et al.*, Adv. Pro. No.:  22-07023 (Bankr. Ct. S.D.N.Y.,) commenced in the Bankruptcy Case ("the Adversary Proceeding") and the state court action captioned 96 Wythe Acquisition, *et al.* v. State National Ins. Co., *et al.* (New York Sup. Ct. Kings Co., Index No. 504554/2022) ("the State Court Coverage Action");

**WHEREAS,** the Debtor and Dimyon also named State National a defendant in the Adversary Proceeding and the State Court Coverage Action; and

**WHEREAS,** the Parties desire to avoid the expense of litigation with respect to all matters known between said Parties; and

**WHEREAS,** the Parties have independently concluded that it is in their respective best interests to settle and resolve any and all disputes and controversies which have been or could have been raised between them so that Grandfield and the Trustee may seek relief against third parties in the Grandfield Underlying Action (consistent with the within Settlement Agreement) (the Grandfield Underlying Action having been stayed pursuant to Bankruptcy Code section 362); and

**WHEREAS,** the Parties have agreed to enter into this Agreement according to the terms and in consideration of the mutual promises set forth below, nothing herein being construed as an admission of any kind by any Party, all such liability being expressly denied; and

**WHEREAS,** notwithstanding their respective claims, allegations, denials, disclaimers, *etc*., the Parties by this Agreement wish to fully and finally resolve, only amongst themselves, the Grandfield Underlying Action and Claim No. 5, only as against the Debtor and Dimyon, and the Adversary Proceeding and the State Court Coverage Action only as against State National and RLI; and

**WHEREAS,** the Parties hereto agree that there has been no opportunity to and\or it is impracticable to in these actions litigate the issues of the liability of the Debtor and\or Dimyon to Grandfield, including the cause of damages alleged by Grandfield in the Grandfield Underlying Action; and

**WHEREAS,** the Parties hereto agree that there has been no opportunity to and\or it is impracticable to in these actions litigate or determine with sufficient certainty, the total value of Grandfield's claims in the Grandfield Underlying Action; and

**WHEREAS,** the Parties hereto agree that that they have not had a fair and full opportunity, as applicable, to have their claims and defenses regarding the Grandfield Underlying Action litigated in these actions; and

**WHEREAS,** even though the Parties hereto are settling all of their claims amongst each other in regard to the Grandfield Underlying Action by this Agreement, the Trustee, Dimyon, State National, and RLI reserve all of their rights and claims to seek indemnity and contribution on their crossclaims and/or third-party actions against the other parties in the Underlying Grandfield Action for, among other things, the consideration they are paying to Grandfield under this Agreement; and

**WHEREAS,** even though the Parties hereto are settling all of their claims amongst each other in regard to the Grandfield Underlying Action by this Agreement, Grandfield and the Trustee reserved all of their respective rights and claims to seek damages against the remaining parties other than the Debtor, its estate and representatives, and Dimyon in the Grandfield Underlying Action, over and above the settlement amounts paid and provided to Grandfield herein; and

**WHEREAS,** the Parties hereto agree that notwithstanding that this Agreement must be approved by an order of the Bankruptcy Court (the "Approval Order"), neither the Approval Order nor the settlement of the claims amongst and between the Parties shall collaterally estop the court in the Underlying Grandfield Action from determining the Trustee's, Dimyon's, State National's, or RLI's rights and claims to seek indemnity and contribution against the other parties in the Underlying Grandfield Action or otherwise, nor collaterally estop the court in the Underlying Grandfield Action from determining that the total value of Grandfield's claims against the other defendants in the Underlying Grandfield State Action exceeds the settlement amount between the Parties herein.

**IT IS HEREBY AGREED:**

1.   **Recitals Incorporated.**   The foregoing recital\WHEREFORE paragraphs are incorporated herein by reference and agreed to by the Parties as if fully set forth again below at length.

2.   **Bankruptcy Court Approval**.

     a.   This Stipulation shall become effective upon the date that an order of the Bankruptcy Court approving the terms herein becomes final and not subject to an appeal or request for a stay (the "Effective Date").

     b.   The Trustee will promptly file a motion with the Bankruptcy Court for an order approving this Stipulation (the "Approval Order"). Between the date that the Stipulation is fully executed and the Effective Date, the Parties agree that they are bound by the Stipulation and that they shall do nothing contrary to the terms set forth herein, and the Parties shall support entry of the Approval Order.

3.   Clarendon shall pay Grandfield $500,000.00 USD to Grandfield toward satisfaction of the Grandfield Underlying Action only as against the Debtor and Dimyon, and Claim No. 5, and, as consideration for that payment, Grandfield (including, without limitation, its predecessors, successors, affiliates, subsidiaries, related companies, directors, officers,

shareholders, employees, agents, representatives, assignees, subrogees, and any other persons claiming rights or entitlement derived or granted in any fashion from Grandfield) releases and discharges the Trustee, the Debtor and Dimyon (including, without limitation, their estate(s) in bankruptcy, trustees, predecessors, successors, assignees, affiliates, subsidiaries, related companies, directors, officers, shareholders, agents, and representatives) from any and all claims of any kind or nature whatsoever asserted in or otherwise in connection with the Grandfield Underlying Action and/or Claim No. 5 and any and all events alleged therein, such release being complete and total, and reaching not only asserted claims but claims not asserted as of the date of this Agreement, and regardless of whatever facts and circumstances may be known or unknown as of the date of this Agreement (the only exception to said release being that set forth in paragraph 9 below).

4.  RLI shall pay Grandfield $250,000.00 USD to Grandfield toward satisfaction of the Grandfield Underlying Action only as against the Debtor and Dimyon, and Claim No. 5 as against the Debtor, and, as consideration for that payment, Grandfield (including, without limitation, its predecessors, successors, affiliates, subsidiaries, related companies, directors, officers, shareholders, employees, agents, representatives, assignees, subrogees, and any other persons claiming rights or entitlement derived or granted in any fashion from Grandfield) releases and discharges the Trustee, the Debtor and Dimyon (including, without limitation, their estate(s) in bankruptcy, trustees, predecessors, successors, assignees, affiliates, subsidiaries, related companies, directors, officers, shareholders, agents, and representatives) from any and all claims of any kind or nature whatsoever asserted in or otherwise in connection with the Grandfield Underlying Action and/or Claim No. 5 and any and all events alleged therein, such release being complete and total, and reaching not only asserted claims but claims not asserted as of the date of this Agreement, and regardless of whatever facts and circumstances may be known or unknown as of the date of this Agreement (the only exception to said release being that set forth in paragraph 9 below).

5.  In further consideration of the payment set forth in paragraph 2 above, Grandfield (including, without limitation, its predecessors, successors, affiliates, subsidiaries, related companies, directors, officers, shareholders, employees, agents, representatives, assignees, subrogees, and any other persons claiming rights or entitlement derived or granted in any fashion from Grandfield) releases and discharges Clarendon and State National (including, without limitation, their predecessors, successors, assignees, affiliates, subsidiaries, related companies, directors, officers, shareholders, agents, and representatives) from any and all claims of any kind or nature whatsoever asserted in or otherwise in connection with the Adversary Proceeding, the State Court Coverage Action, and/or any other claim for coverage or other demands for relief from Clarendon or State National in connection with the Grandfield Underlying Action and/or Claim No. 5 and any and all events alleged therein, such release being complete and total, and reaching not only asserted claims but claims not asserted against them as of the date of this Agreement, and regardless of whatever facts and circumstances may be known or unknown as of the date of this Agreement.

6.     In further consideration of the payment set forth in paragraph 3 above, Grandfield (including, without limitation, its predecessors, successors, affiliates, subsidiaries, related companies, directors, officers, shareholders, employees, agents, representatives, assignees, subrogees, and any other persons claiming rights or entitlement derived or granted in any fashion from Grandfield) releases and discharges RLI (including, without limitation, its, predecessors, successors, assignees, affiliates, subsidiaries, related companies, directors, officers, shareholders, agents, and representatives) from any and all claims of any kind or nature whatsoever asserted in or otherwise in connection with the Adversary Proceeding, the State Court Coverage Action, and/or any other claim for coverage or other demands for relief from RLI in connection with the Grandfield Underlying Action and/or Claim No. 5 and any and all events alleged therein, such release being complete and total, and reaching not only asserted claims but claims not asserted as against them as of the date of this Agreement, and regardless of whatever facts and circumstances may be known or unknown as of the date of this Agreement.

7.     In further consideration of the payment set forth in paragraph 2 above, the Trustee, on behalf of the Debtor and its estate, and Dimyon (including, without limitation, their estate(s) in bankruptcy, predecessors, successors, affiliates, subsidiaries, related companies, directors, officers, shareholders, employees, agents, representatives, assignees, subrogees, and any other persons claiming rights or entitlement derived or granted in any fashion from the Debtor and/or Dimyon) release and discharge Clarendon and State National (including, without limitation, their predecessors, successors, assignees, affiliates, subsidiaries, related companies, directors, officers, shareholders, agents, and representatives) from any and all claims of any kind or nature whatsoever asserted in or otherwise in connection with the Adversary Proceeding, the State Court Coverage Action, and/or any other claim for coverage or other demands for relief from Clarendon or State National in connection the Grandfield Underlying Action and/or Claim No. 5 and any and all events alleged therein, such release being complete and total, and reaching not only asserted claims but claims not asserted as against them as of the date of this Agreement, and regardless of whatever facts and circumstances may be known or unknown as of the date of this Agreement.

8.     In further consideration of the payment set forth in paragraph 3 above, the Trustee, on behalf of the Debtor and its estate, and Dimyon (including, without limitation, their estate(s) in bankruptcy, predecessors, successors, affiliates, subsidiaries, related companies, directors, officers, shareholders, employees, agents, representatives, assignees, subrogees, and any other persons claiming rights or entitlement derived or granted in any fashion from 96 Wythe and/or Dimyon) release and discharge RLI (including, without limitation, its, predecessors, successors, assignees, affiliates, subsidiaries, related companies, directors, officers, shareholders, agents, and representatives) from any and all claims of any kind or nature whatsoever asserted in or otherwise in connection with the Adversary Proceeding, the State Court Coverage Action, and/or any other claim for coverage or other demands for relief from RLI in connection the Grandfield Underlying Action and/or Claim No. 5 and any and all events alleged therein, such release being complete and total, and reaching not only asserted claims but claims not asserted as against

5

them as of the date of this Agreement, and regardless of whatever facts and circumstances may be known or unknown as of the date of this Agreement.

9.  In further consideration of the payments and other releases herein, Clarendon (including, without limitation, its, predecessors, successors, assignees, affiliates, subsidiaries, related companies, directors, officers, shareholders, agents, and representatives) and RLI (including, without limitation, its, predecessors, successors, assignees, affiliates, subsidiaries, related companies, directors, officers, shareholders, agents, and representatives) release and discharge each other from any and all claims of any kind or nature whatsoever asserted in or otherwise in connection with the Adversary Proceeding, the State Court Coverage Action, and/or any other claim for coverage or other demands for relief in connection the Grandfield Underlying Action and/or Claim No. 5 and any and all events alleged therein, such release being complete and total, and reaching not only asserted claims but claims not asserted as of the date of this Agreement, and regardless of whatever facts and circumstances may be known or unknown as of the date of this Agreement.

10. In further consideration of the payment set forth in paragraph 3 above, the Parties agree and acknowledge that RLI retains the right in the Grandfield Underlying Action to prosecute any and all cross-claims and third-party claims for purposes of recouping the payment in paragraph 3 (and also attorney's fees and related costs incurred in pursuing such cross-claims and third-party claims).  The Parties agree and acknowledge that RLI is under no obligation to pursue recoupment of any other amounts or to seek recoupment of any amount for the benefit of any other person or entity.

11. The Trustee expressly retains the right to seek recoveries from the remaining parties other than Grandfield, RLI, SNI and Clarendon (including, without limitation, their respective predecessors, successors, affiliates, subsidiaries, related companies, directors, officers, shareholders, employees, agents, representatives, assignees, and subrogees).

12. It is expressly acknowledged that the within Agreement shall not be deemed an admission by the Parties as a limitation of the damages sustained by Grandfield as alleged in the Grandfield Underlying Action, it being expressly acknowledged by the Parties that Grandfield may seek to recover for damages sustained from the other defendants named in the Grandfield Underlying Action.

13. On the Effective Date, Claim No. 5 shall be deemed withdrawn.

14. Upon execution of this Agreement by all Parties, a stipulation of discontinuance with prejudice of the Grandfield Underlying Action (only as against 96 Wythe and Dimyon) and the Grandfield Bankruptcy Court Claim shall be executed by the Parties herein only and filed in those actions.

15. Not later than ten (10) days after the Effective Date, a stipulation of discontinuance with prejudice of all claims in the State Court Coverage Action shall be executed by the Parties herein only and filed in that action.

16.     On the Effective Date, the Adversary Proceeding shall be discontinued.

17.     The payments set forth in paragraphs 2 and 3 above shall be made to payable to Barry D. Haberman as attorneys for Grandfield, with such payments to be made by mailing of a check by mail or delivery or wire within forty-five (45) days from the order of the Bankruptcy Court approving this Agreement.

18.     By entering into this Agreement, the Parties respectively make no admissions of any claim or allegation as between them (including, but not limited to, with respect to any claim for coverage under the State National Policy and the RLI Excess Policy).

19.     No person, organization or association other than the Parties shall have any rights or claims under this Agreement.

20.     This Agreement shall be governed by New York law, with the exception of any part of the Agreement that is determined to be subject to the Bankruptcy Code and the Bankruptcy Rules and\or as otherwise indicated herein.

21.     Should any provision of this Agreement be found void or otherwise unenforceable by a court or any applicable governing body, all remaining provisions of the Agreement shall be enforced as written to the fullest extent permissible under law, and all such remaining provisions will be interpreted in such a way as to give maximum fidelity to the Agreement as originally written.

22.     This Agreement is stated in its entirety and is the sole recitation and evidence of its terms, and that it may not be supplemented, amended, or modified other than in a subsequent writing signed by each of the Parties.

23.     This Agreement is the product of arms-length negotiation by commercial entities, and shall not be subject to any inferences or presumptions with respect to such negotiations or the drafting of the Agreement.

24.     This Agreement may be executed in counterparts, and fully-executed copies shall be deemed equivalent to a fully-executed original.

**STEPHEN S. GRAY,** in individually, but solely in his capacity as Chapter 11 Trustee for 96 Wythe Acquisition, LLC, a New York limited liability company
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:
*/s/ Neil Berger*
NEIL BERGER
One Penn Plaza, Suite 3335
New York, New York 10119
(212)594-5000

FOR DIMYON DEVELOPMENT CORP.:


By:      */s/ Fern Flomenhaft*_____
         Signature

         Attorney, Fern Flomenhaft PLLC
         Position/Title

         January 17, 2023_____
         Date of Signing

FOR GRANDFIELD REALTY CORP.:


By:    */s/ Jane Lok*
       Signature

       Director
       Position/Title

       January 6, 2023
       Date of Signing

FOR CLARENDON NATIONAL INSURANCE COMPANY AS THE REAL PARTY IN INTEREST WITH RESPECT TO STATE NATIONAL INSURANCE COMPANY POLICY NUMBER PUG1200249:

By:    */s/ Kenneth S. Fiorella*
       Signature

       Counsel
       Position/Title

       January 17, 2023
       Date of Signing

FOR RLI INSURANCE COMPANY:


By:     */s/ Shamus Featherstone*
        Signature

        Claim Counsel
        Position/Title

        January 18, 2023
        Date of Signing

## EXHIBIT 3

**Gray Declaration**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Neil Berger

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------- x
                                              :
In re:                                        :   Chapter 11
                                              :
96 WYTHE ACQUISITION LLC,                     :   Case No. 21-22108 (SHL)
                                              :
                            Debtors.          :
                                              x :
---------------------------------------------------- :
                                              :
96 WYTHE ACQUISITION LLC,                     :
                                              :
                            Plaintiff,        :   Adv. Pro. No. 22-07023 (SHL)
                                              :
              v.                              :
                                              :
STATE NATIONAL INSURANCE COMPANY,             :
RLI INSURANCE COMPANY, GERSON MENCIA,         :
WILLIAM LEWIS, JUAN L. RAMIREZ, CARMEN        :
NINA RAMIREZ, AND GRANDFIELD REALTY           :
CORP.,                                        :
                                              :
                            Defendants.       :
---------------------------------------------------------------- x
```

**DECLARATION OF STEPHEN S. GRAY IN SUPPORT OF MOTION**
**FOR AN ORDER APPROVING GLOBAL SETTLEMENT OF**
**ADVERSARY PROCEEDING AND CLAIM OBJECTION**
**(PROOF OF CLAIM NO. 5 FILED BY GRANDFIELD REALTY CORP.**

I, Stephen S. Gray, pursuant to section 1746 of title 28 of the United States Code, hereby declares as follows:

1.     I am the chapter 11 trustee (the "<u>Trustee</u>") of the estate of 96 Wythe Acquisition LLC (the "<u>Debtor</u>") in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>") and have served in that capacity since my appointment on May 31, 2022.  I am duly authorized to make this declaration (the "<u>Trustee's Declaration</u>").

2.     I have more than forty (40) years of experience in developing and implementing restructuring and crisis-management plans for public and private companies, creditors, and judicial bodies.  As an officer, restructuring advisor, fiduciary, and turnaround consultant, I have led the successful operational and/or financial restructuring of hundreds of companies.  Moreover, I have served in a fiduciary capacity in the bankruptcy context in hundreds of cases, including as chapter 11 trustee in more than twenty (20) cases.  I am also a fellow in the American College of Bankruptcy.

3.     I am in all respects competent to make this declaration (the "<u>Declaration</u>"), which I submit for all permissible purposes under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and the Federal Rules of Evidence in support of the Trustee's application (the "<u>Application</u>") for entry of an order (the "<u>Proposed Order</u>") approving the *Settlement Agreement and Released* annexed to the Application (the "<u>Settlement Agreement</u>"), by and among the Trustee, Dimyon Development Corp. ("<u>Dimyon</u>"), Grandfield Realty Corp. ("<u>Grandfield</u>"), State National Insurance ("<u>SNIC</u>"), and Clarendon National Insurance Company ("<u>Clarendon</u>" and, collectively with the Trustee, Dimyon, Grandfield, RLI, SNIC, the "<u>Settlement Parties</u>") pursuant to section 105(a) of title 11 of the Bankruptcy Code and

Rules 3006 and 9019 of the Bankruptcy Rules;[1]

4.      Except as otherwise set forth herein, all statements in this Declaration are based on my personal knowledge, familiarity with the Debtor's affairs, my privileged communications with the Togut Firm and my other retained professionals, and/or my review of relevant documents.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.

5.      I have reviewed the Application, which is incorporated by reference herein, and relevant documents and records in the Debtor's Chapter 11 case. Based on my review, and my discussions with the Togut Firm and my other retained professionals, I have determined that the Settlement Agreement is the product of arm's length negotiations among the Settlement Parties, and that it is fair and equitable and in the best interest of the Debtor's estate.

6.      Accordingly, for the reasons set forth above and in the Application, I have concluded that the Settlement Agreement should be approved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:    New York, New York
          January 31, 2023

                              /s/ Stephen S. Gray
                              STEPHEN S. GRAY
                              Not Individually But Solely in His
                              Capacity as Chapter 11 Trustee

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.