# TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119

———

(212) 594-5000

JOHN MCCLAIN
JMCCLAIN@TEAMTOGUT.COM

February 2, 2023

**VIA EMAIL and ECF**

Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

        Re:   *In re 96 Wythe Acquisition LLC*
                Bankr. Case No. 21-22108 (SHL)

Dear Judge Lane:

      We represent Stephen S. Gray, not individually, but solely in his capacity as the Chapter 11 trustee (the "Trustee") of 96 Wythe Acquisition LLC (the "Debtor") in the above-referenced chapter 11 case (the "Chapter 11 Case"). We write to describe certain issues arising out of the Trustee's November 30, 2022 *Motion for Entry of an Order Enforcing the Automatic Stay and Directing that Employee Retention Credit Proceeds Be Segregated and Escrowed and Related Relief* (the "ERTC Motion") [Dkt. 809] about which the Trustee will seek Court intervention at the scheduled February 6, 2023 status conference in the Chapter 11 Case.

      Through the ERTC Motion, the Trustee asked the Court for an order directing: (1) that the proceeds of the Employee Retention Credit refunds claimed by the Debtor's former management company The Williamsburg Hotel BK, LLC (the "Manager") and payable from the United States Treasury (the "ERTC Funds") be segregated and escrowed in an account maintained by the Trustee's counsel; and (2) that the Manager provide an accounting of all ERTC Funds previously received by the Manager. The ERTC Motion came on for hearing before the Court on December 20, 2022 (the "Hearing").

      During a recess at the Hearing, the Trustee's counsel Frank Oswald stipulated to a consensual resolution of the ERTC Motion with Fern Flomenhaft, who serves as counsel to the Manager, Michael Lichtenstein ("Lichtenstein"), and Toby Moskovits ("Moskovits" and, together with Lichtenstein, the "Principals"). The parties agreed that: (1) the Manager would escrow approximately $764,816.70 in ERTC Funds in Ms. Flomenhaft's law firm's escrow account upon receipt from the IRS; and (2) Ms. Flomenhaft would provide an accounting within 30 days of the $1,540,687.10 in ERTC Funds already received by the Manager, which she represented her clients had already spent. The Court so-ordered the parties' agreement on the record at the Hearing, and

TOGUT, SEGAL & SEGAL LLP

Honorable Sean H. Lane
United States Bankruptcy Court
February 2, 2023
Page 2

the Trustee maintained the ERTC Motion on the docket to ensure that the stipulated resolution was effected.

On January 20, 2023, Ms. Flomenhaft sent the Trustee and his counsel a one-page PDF document by email that she described as "[her] clients' accounting regarding the Paid ERTC Funds until 2/1/2023[,]" which document is attached hereto as **Exhibit 1** (the "Accounting").

The Accounting raises more questions than it answers, with two issues in particular standing out.

First, the Accounting describes the "ERTC Funds Received" and indicates that the Manager received two (2) payments of ERTC Funds on November 16, 2021 totaling $1,546,635.62. But the Accounting also indicates that four (4) purported "Disbursement[s] of ERTC Funds"—totaling $80,000—took place prior to November 16, 2021, on February 23, February 23, March 21, and April 11, 2021, respectively. Because transfers of specific funds cannot precede their receipt, these transfers are clearly not "Disbursement[s] of ERTC Funds[.]"

Second, the Accounting says that $1,042,670.00 of the $1,546,635.62 ERTC Funds received were "used for 96 Wythe expenses" but that $503,965.62 of the ERTC Funds received were "Disburse[d] to Moskovits/Lichtenstein" at unspecified dates. "Disbursement[s] of ERTC Funds" made by the Manager to the Principals are not transfers made for the benefit of the Debtor and, absent additional explanation, are not unable to be escrowed pending resolution of the parties' dispute regarding ownership of the ERTC Funds.

On January 24, 2023, in the hopes of addressing these issues without requiring Court intervention, Mr. Oswald responded to Ms. Flomenhaft via email requesting additional documentary support regarding the information set forth in the Accounting. Specifically, Mr. Oswald requested: (1) invoices relating to each "Disbursement of ERTC Funds" listed in the Accounting; (2) copies of checks/wires relating to each "Disbursement of ERTC Funds" listed in the Accounting; and (3) copies of bank statements for the bank accounts into which the "ERTC Funds Received" described within the Accounting were deposited. Within the same message, Mr. Oswald also requested that Ms. Flomenhaft have her clients escrow the $503,965.62 that the Accounting indicates were purportedly disbursed to the Principals. Finally, Mr. Oswald requested that Ms. Flomenhaft confirm that she had received the request and that she would begin to send the additional documentary support to the Trustee promptly.

Despite this request and a second follow-up email sent by Mr. Oswald on January 27, 2023 seeking confirmation that his request had been received and was in progress, Ms. Flomenhaft has neither confirmed receipt of the Trustee's request nor provided any of the requested additional documentary support to the Trustee. And this despite Ms. Flomenhaft emailing Mr. Oswald on January 25, 2023 on the same

TOGUT, SEGAL & SEGAL LLP

Honorable Sean H. Lane
United States Bankruptcy Court
February 2, 2023
Page 3

email thread asking about scheduling issues (to which Mr. Oswald promptly responded).

The Trustee writes the Court to preview that he will ask the Court at the scheduled February 6, 2023 status conference to order the Principals and Manager to both: (1) provide him with the requested additional documentary support regarding the information set forth in the Accounting described above; and (2) escrow the $503,965.62 that the Accounting indicates were purportedly disbursed to the Principals. While the Trustee has questions about many of the other purported "Disbursement[s] of ERTC Funds" described within the Accounting, he will seek to answer those questions at a later date, including in the adversary proceeding regarding the ERTC Funds pending on the Court's docket. [*see* Adv. Pro. 22-07049-SHL]

The Trustee expressly reserves all rights including, without limitation, all claims that seek the return of all ERTC Funds.

Respectfully submitted,

TOGUT, SEGAL & SEGAL LLP
By:

_____*/s/ John McClain*_____

cc:   Stephen S. Gray (via electronic mail)
      Frank A. Oswald, Esq. (via electronic mail)
      Fern Flomenhaft, Esq. (via electronic mail)
      Scott Markowitz, Esq. (via electronic mail)
      Robert A. Wolf, Esq. (via electronic mail)
      Lee Hart, Esq. (via electronic mail)
      Adam C. Rogoff, Esq. (via electronic mail)
      Gregory Zipes, Esq. (via electronic mail)

# EXHIBIT 1

**Accounting**

| ERTC Funds Received | | |
|---|---|---|
| **Date** | **Amount** | **Description** |
| 11/16/2021 | $ 414,212.44 | ERTC Check |
| 11/16/2021 | $ 1,132,423.18 | ERTC Check |
| Total ERTC Funds Received: | $ 1,546,635.62 | |
| **Disbursement of ERTC Funds** | | |
| **Date** | **Amount** | **Misc.** |
| 5/17/2022 | $ 252,100.00 TWH | TWH PNC Escrow - returned to Trusteee account |
| 5/19/2022 | $ 3,500.00 TWH | PNC Bank to cover opening the PNC account fees |
| 12/30/2022 | $ 10,000.00 Legal | Davidoff Hutcher & Citron LLP |
| 11/16/2021 | $ 190,000.00 Legal | Mayer Brown LLP |
| 3/9/2022 | $ 45,100.00 Legal | Mayer Brown LLP |
| 12/30/2021 | $ 45,000.00 Legal | Mayer Brown LLP |
| 2/1/2022 | $ 16,000.00 Legal | James F. Capalino Associates |
| 1/25/2022 | $ 10,000.00 Legal | STEIN ADLER DABAH AND ZELKOWITZ LL |
| 2/17/2022 | $ 20,000.00 Legal | STEIN ADLER DABAH AND ZELKOWITZ LL |
| 3/21/2021 | $ 15,000.00 Legal | STEIN ADLER DABAH AND ZELKOWITZ LL |
| 4/11/2021 | $ 15,000.00 Legal | STEIN ADLER DABAH AND ZELKOWITZ LL |
| 2/23/2021 | $ 15,000.00 Legal | BACKENROTH, FRANKEL & KRINSKY, LLP |
| 2/23/2021 | $ 35,000.00 Legal | BACKENROTH, FRANKEL & KRINSKY, LLP |
| 3/11/2022 | $ 75,000.00 Legal | Katsky Karins LLP |
| 4/13/2022 | $ 15,000.00 Legal | Katsky Karins LLP |
| 5/16/2022 | $ 15,000.00 Legal | Katsky Karins LLP |
| 6/16/2022 | $ 15,000.00 Legal | Katsky Karins LLP |
| 7/16/2022 | $ 7,500.00 Legal | Katsky Karins LLP |
| 8/16/2022 | $ 7,500.00 Legal | Katsky Karins LLP |
| 9/16/2022 | $ 7,500.00 Legal | Katsky Karins LLP |
| 10/16/2022 | $ 7,500.00 Legal | Katsky Karins LLP |
| 4/29/2022 | $ 5,000.00 Legal | Polsinelli |
| 4/18/2022 | $ 15,000.00 Legal | Tarter Krinsky and Drogin LLP |
| 7/25/2022 | $ 25,000.00 Legal | Tarter Krinsky and Drogin LLP |
| 8/22/2022 | $ 25,000.00 Legal | Tarter Krinsky and Drogin LLP |
| 10/7/2022 | $ 20,000.00 Legal | Tarter Krinsky and Drogin LLP |
| 11/3/2022 | $ 20,000.00 Legal | Tarter Krinsky and Drogin LLP |
| 9/14/2022 | $ 175.00 TWH Sales Tax | NYS Sales Tax |
| 9/14/2022 | $ 795.00 TWH Sales Tax | NYS Sales Tax |
| 12/15/2021 | $ 10,000.00 TWH Sales Tax | NYS Sales Tax |
| 4/15/2022 | $ 25,000.00 TWH Sales Tax | NYS Sales Tax |
| 5/15/2022 | $ 25,000.00 TWH Sales Tax | NYS Sales Tax |
| 2/1/2022 | $ 50,000.00 TWH Sales Tax | NYS Sales Tax |
| Total funds used for 96 Wythe expenses: | $ 1,042,670.00 | |
| | | |
| Disbursements to Moskovits/Lichtenstein: | $ 503,965.62 | |