# FF  FERN FLOMENHAFT PLLC

Direct Dial: 917 374-0192

February 3, 2023

**VIA EMAIL and ECF**
Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

      Re:    In re 96 Wythe Acquisition LLC
                  Bankr. Case No. 21-22108 (SHL)

Dear Judge Lane:

      I represent Defendants The Williamsburg Hotel BK, LLC (the "Manager"), Michael Lichtenstein and Toby Moskovits. I am responding to the Trustee's letter submitted to Court by ECF yesterday.

      The Trustee states that he is seeking two things: (1) additional documentary support regarding the Accounting we provided pursuant to the parties' Stipulated agreement resolving Trustee's "ERTC Motion" [Dkt. 809]; and (2) to compel Defendants to escrow $503,965.62 that the Accounting indicates was disbursed to the Principals.

      However, what the Trustee is really seeking to do is to bypass/ignore the Stipulated Agreement resolving the ERTC Motion and argue the ERTC Motion here, while litigating the identical issues in a separate ERTC Adversary Proceeding [see Adv. Pro. 22-07049-SHL], the allegations of which are identical to the ERTC Motion. There is no claim that Defendants breached the Agreement. They did not. Moreover, the Trustee informs the Court that he will reserve his questions "about many of the other purported [disbursements]… [to] a later date, including in the adversary proceeding regarding the ERTC Funds pending on the Court's docket." Thus, he admits that clarification of the Accounting can wait for the Adversary Proceeding, as it should. As to the escrow he is now again seeking, the Trustee

26 Broadway, 26th Floor, New York, New York 10004 * 212 796-7601 * 212 796-7615 (fax) * fflomenhaft@fflomlaw.com

FERN FLOMENHAFT PLLC

Page 2

knows that the money he is asking Defendants to put in escrow is not available because it has been spent.

However the ERTC issue may ultimately be decided, the Court should not permit the Trustee to litigate the same issue in two Proceedings, and before the same judge. Clearly the Trustee is wastefully and prejudicially using this forum to set the stage for, and influence the Court's determination of the ERTC issue in response to, the anticipated Summary Judgment motion by the Trustee in the ERTC Adversary Proceeding.

The Court should be aware that earlier today I told the Trustee we have no objection to providing additional detail, documentation and clarification of the Trustee's questions. I asked for 3 weeks within which to provide this detail because my client is currently short-staffed. As to the escrow, I reminded the Trustee the funds are not available, as he knows. (I told him the reason I had not responded sooner is that he and his team have kept us extremely busy, e.g., answering the ERTC Complaint and responding to the IP motion in a separate Adversary Proceeding). The Court need not waste its valuable time scheduling our response to the Trustee's concerns, particularly insofar as we do not object and the Trustee intends to raise these same issues in the ERTC Adversary Proceeding.

As to the substance of the Trustee's letter, we have three points:

First, we disagree with the Trustee's ERTC claims. We will not argue our position here, which will be fully addressed in the Adversary Proceeding. In short, Plaintiff claims entitlement to ERTC funds provided by the IRS to the Manager, the entity that provided the services, employed the employees and operated the Hotel, with no strings attached. Yet, because the Manager was reimbursed for the Hotel expenses, including payroll (as a law firm or any service provider would be and as the Manager always had been with no objection or request by the Debtor for return of the payroll), the Trustee reasons the ERTC funds belong to the Debtor, who did not provide the services or employ the employees. The issue, however, should be decided in one forum, not here. The Trustee has chosen to commence and pursue the ERTC Adversary Proceeding. The Trustee's redundancy, making motion after motion (and backtracking on a Stipulation which resolved the motion), followed by Proceedings regarding the same issues, is useless and wasteful.

Second, the ERTC funds were received a long time ago, in November 2021, and as the Trustee knows, they have all been spent. Therefore, the Trustee's numerous motions, letters and demands for turnover are a further waste of resources with no benefit. What is the point of repeatedly asking for a turnover of funds that are not there, other than to augment the Trustee's unreasonably high monthly fees, and impugn Defendants?

Third, as we told Plaintiff, my clients agree to provide the requested detail and clarification, but are presently understaffed. Given that there is no emergency as even the Trustee acknowledges these issues will all be addressed in the ERTC Adversary Proceeding,

FERN FLOMENHAFT PLLC

Page 3

we request the Trustee and the Court agree to our proposal to provide a response in three weeks.

Respectfully submitted,

Fern Flomenhaft

cc:  John Mcclain, Esq.
     Frank Oswald, Esq.