TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW

ONE PENN PLAZA

NEW YORK, NEW YORK 10119

———

(212) 594-5000

JOHN MCCLAIN
JMCCLAIN@TEAMTOGUT.COM

February 21, 2023

**VIA EMAIL and ECF**

Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

          Re:    *In re 96 Wythe Acquisition LLC*
                   Bankr. Case No. 21-22108 (SHL)

Dear Judge Lane:

        We represent Stephen S. Gray, not individually, but solely in his capacity as the Chapter 11 trustee (the "Trustee") of 96 Wythe Acquisition LLC (the "Debtor") in the above-referenced chapter 11 case (the "Chapter 11 Case"). We write to advise the Court regarding unresolved issues arising out of the Trustee's November 30, 2022 *Motion for Entry of an Order Enforcing the Automatic Stay and Directing that Employee Retention Credit Proceeds Be Segregated and Escrowed and Related Relief* (the "ERTC Motion") [Dkt. 809] and the parties' stipulated resolution thereof reached during the December 20, 2022 hearing in the Chapter 11 Case.

        To recap, through the ERTC Motion, the Trustee asked the Court for an order directing that: (1) the proceeds of the Employee Retention Credit refunds claimed by the Debtor's former management company The Williamsburg Hotel BK, LLC (the "Manager") and payable from the United States Treasury (the "ERTC Funds") be segregated and escrowed in an account maintained by the Trustee's counsel; and (2) the Manager provide an accounting of all ERTC Funds previously received by the Manager.

        At the December 20, 2022 hearing, the Trustee's counsel Frank Oswald stipulated to a consensual resolution of the ERTC Motion with Fern Flomenhaft, who serves as counsel to the Manager, Michael Lichtenstein ("Lichtenstein"), and Toby Moskovits ("Moskovits" and, together with Lichtenstein, the "Principals[,]" and the Principals and Manager together, the "Manager Parties") in which the parties agreed that: (1) the Manager would escrow as-yet unpaid ERTC Funds in Ms. Flomenhaft's law firm's escrow account upon receipt; and (2) the Manager Parties would provide an accounting within 30 days of the $1,540,687.10 in ERTC Funds already received by the Manager, which she represented her clients had already spent. The Court so-ordered the parties' agreement on the record at the hearing.

TOGUT, SEGAL & SEGAL LLP

Honorable Sean H. Lane
United States Bankruptcy Court
February 21, 2023
Page 2

On January 20, 2023, Ms. Flomenhaft sent the Trustee and his counsel a one-page PDF document by email that she described as "[her] clients' accounting regarding the Paid ERTC Funds until 2/1/2023" (the "Initial Accounting") [Dkt. 884 at p. 5].  At a February 6, 2023 status conference in the Chapter 11 Case (and within a letter preceding that hearing), the Trustee raised a number of issues with the Initial Accounting, including that:  (1) the Initial Accounting describes certain "Disbursement[s] of ERTC Funds"—totaling $80,000—that took place prior to the dates when the Manager purportedly received the ERTC Funds;  and (2) $503,965.62 of the ERTC Funds were "Disburse[d] to Moskovits/Lichtenstein" at unspecified dates.  At the February 6, 2023 hearing, the Court ordered the Manager Parties to provide additional documentary support regarding the ERTC Funds that the Trustee had unsuccessfully sought out of court.  The Court ordered the Manager Parties to provide bank statements within one week, and other documentary support within two weeks.

On February 14, 2023, Ms. Flomenhaft emailed the Trustee eight (8) documents that she described as "bank statements corresponding to the Defendants' expenditure of $933,000 of the ERTC funds[,]" noting that "[s]upplemental disclosure will be provided" without further detail (the "Follow-up Accounting").[1]  As of the date of this letter, no "[s]upplemental disclosure" has been received by the Trustee, including the additional documentary support that the Court directed the Manager Parties to provide to the Trustee at the February 6, 2023 hearing.

Like the Initial Accounting, the Follow-up Accounting raises more questions than it provides answers.  As the most glaring example, the Follow-up Accounting includes monthly bank statements from January-August 2022 that purport to show certain activity from a Signature Bank account registered to Northside Acquisition Partners LLC ("Northside Acquisition").  But the Manager Parties have admitted that it was the Manager that claimed and received the paid ERTC Funds that are the subject of the stipulated accounting.  [*see* Adv. Pro. 22-07049-SHL Dkt. 4 (Answer) at ¶ 33 ("Defendants admit that the Manager claimed $2,305,503.80 of ERTC funds, of which $1,540,687.10 has been paid to the Manager and $764,816.70 remains unpaid by the IRS.")]  The Manager Parties have not explained Northside Acquisition's connection to the ERTC Funds or why they have provided Northside Acquisition's bank statements, which bear little resemblance to the Initial Accounting and do not reflect many of the "Disbursement[s] of ERTC Funds" described therein.  Obviously, without more, evidence that certain funds were transferred by Northside Acquisition does not suffice to explain how the Manager's ERTC Funds were spent, particularly where the Trustee has been provided with no evidence that Northside Acquisition ever came into possession of any ERTC Funds.  On February 15, 2023, Mr. Oswald asked Ms. Flomenhaft for confirmation of the bank account into which the ERTC Funds were received, but Ms. Flomenhaft has not substantially responded.  Instead, she responded

---

[1] The Trustee has not attached the Follow-up Accounting email and bank statements because they contain confidential non-public information, but will be happy to provide these documents to the Court for *in camera* review should the Court so wish.

21-22108-shl    Doc 920    Filed 02/21/23    Entered 02/21/23 20:17:30    Main Document
Pg 3 of 4

Togut, Segal & Segal llp

Honorable Sean H. Lane
United States Bankruptcy Court
February 21, 2023
Page 3

repeating her unsupported mantra that "[m]y clients have no funds" and suggested that the parties discuss settlement.

Further, as mentioned above, many of the "Disbursement[s] of ERTC Funds" described within the Initial Accounting—which ranged from March 2021-December 2022—are not reflected within the (incomplete) January-August 2022 bank statements provided with the Follow-up Accounting, including certain payments that purportedly took place within the January-August 2022 timeframe. As just one example, the Initial Accounting described a March 9, 2022 payment of $45,100 to Mayer Brown LLP, but the March 2022 bank statement provided reflects no such payment. Of course, all purported payments outside of the January-August 2022 timeframe are not reflected, either.

There are myriad other inconsistencies and other shortcomings of the Manager Parties' accounting, which the Trustee will not endeavor to exhaustively describe within this letter. But two months have passed since the parties' December 20, 2022 stipulation that the Manager Parties would provide the accounting, and the Trustee still has not received any evidence substantiating the Manager Parties' claims that the $1,540,687.10 of ERTC Funds paid to the Manager are not available to be escrowed pending resolution of the Adversary Proceeding concerning the ERTC Funds, as the Trustee's ERTC Motion sought. The Trustee reasserts his position that it should be simple for the Manager Parties to provide such an accounting should they have any interest in doing so. The fact that such information has not been provided tends to make clear that they do not, and denies the Trustee the benefit of his bargain. The Court should direct the Manager Parties to promptly comply with their agreement—to which Ms. Flomenhaft represented to the Court that her clients agreed at the December 20, 2022 hearing—at tomorrow's hearing.

The Trustee expressly reserves all rights including, without limitation, all claims that seek the return of all ERTC Funds.

Respectfully submitted,

TOGUT, SEGAL & SEGAL LLP
By:

_/s/ John McClain_

cc:   Stephen S. Gray (via electronic mail)
      Frank A. Oswald, Esq. (via electronic mail)
      Fern Flomenhaft, Esq. (via electronic mail)
      Scott Markowitz, Esq. (via electronic mail)
      Robert A. Wolf, Esq. (via electronic mail)

TOGUT, SEGAL & SEGAL LLP

Honorable Sean H. Lane
United States Bankruptcy Court
February 21, 2023
Page 4

   Lee Hart, Esq. (via electronic mail)
   Adam C. Rogoff, Esq. (via electronic mail)
   Gregory Zipes, Esq. (via electronic mail)