UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
: 
In re:                                                           :    Chapter 11
                                                                 :
96 WYTHE ACQUISITION LLC,                  :    Case No. 21-22108 (SHL)
                                                                 :
                              Debtor.                 :
                                                                 :
-------------------------------------------------------------------x

**DECLARATION OF STEPHEN S. GRAY IN SUPPORT OF
PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER APPROVING FIRST AMENDED DISCLOSURE STATEMENT
AND CONFIRMING FIRST AMENDED CHAPTER 11 PLAN
OF LIQUIDATION, AS MODIFIED, FOR THE BANKRUPTCY ESTATE OF
96 WYTHE ACQUISITION LLC, AS PROPOSED BY THE CHAPTER 11 TRUSTEE**

I, Stephen S. Gray, being duly sworn, state under penalty of perjury:

1. I am the Chapter 11 trustee (the "Trustee") for the estate of 96 Wythe Acquisition LLC (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"). The Trustee, as "proponent of the plan" within the meaning of section 1129 of title 11 of the United States Code (the "Bankruptcy Code"), filed the solicitation versions of the *First Amended Chapter 11 Plan of Liquidation for the Bankruptcy Estate of 96 Wythe Acquisition LLC, as Proposed by the Chapter 11 Trustee,* dated February 24, 2023 [Docket No. 926, Ex. 2] (as further amended, modified, revised or supplemented on March 10, 2023 [Docket No. 950, Ex. A] and March 20, 2023 [Docket No. 978, Ex. 2], the "Plan")[1] and the *First Amended Disclosure Statement Relating to the First Amended Chapter 11 Plan of Liquidation for the Bankruptcy Estate of 96 Wythe Acquisition LLC, as Proposed by the Chapter 11 Trustee,* dated February 24, 2023 [Docket

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

No. 926, Ex. 1] (as it may be further amended, modified, and/or supplemented from time to time, the "Disclosure Statement").

2. I respectfully submit this declaration (this "Declaration") in support of confirmation of the Plan and approval of the Disclosure Statement on a final basis. I have reviewed, and I am generally familiar with, the terms and provisions of the Plan, the Disclosure Statement, and the requirements for Confirmation of the Plan under section 1129 of the Bankruptcy Code.

3. Except as otherwise set forth herein, all statements in this Declaration are based on my personal knowledge, my familiarity with the Debtor's operations, discussions with my legal and financial advisors, and/or my review of relevant documents. If I were called upon to testify, I could and would, based on the foregoing, testify competently to the facts set forth herein.

I. **The Trustee's Liquidation Plan**

4. The Trustee is seeking confirmation of a liquidation Plan predicated on consummating the previously-approved sale of the Debtor's primary operating asset—the so-called "Williamsburg Hotel"—free and clear of all liens, claims, and interests, and distributing the net proceeds of such sale to holders of Allowed Claims in accordance with their legal interests and relative priorities under the Bankruptcy Code and orders of this Court.

5. The Plan is also the product of extensive negotiations between the Trustee, BSP, and various other parties with respect to Claims against the Debtor's estate that have resulted in settlements and deferrals that will allow the Plan to be confirmed. The Plan incorporates certain aspects of these settlements that resolve complex and contentious issues in this Chapter 11 Case that would otherwise have led to costly and protracted litigation as well as further delays in the Chapter 11 Case.

6. The Plan will be implemented through a Liquidation Trust established on the Effective Date in which the Liquidation Trust Assets will vest. The Liquidation Trustee will reduce the Liquidation Trust Assets to Cash and make Distributions to holders of Allowed Claims pursuant to the Plan and Liquidation Trust Agreement.

## II.   The Plan Satisfies Section 1129 of the Bankruptcy Code

7. Based on my understanding of the Plan and discussions I have had with the Trustee's legal advisors regarding the requirements set forth in the Bankruptcy Code, I believe that the Plan satisfies all of the applicable requirements of section 1129 of the Bankruptcy Code.

8. Section 1129(a)(1). I understand that the Plan satisfies section 1129(a)(1) of the Bankruptcy Code because it complies with sections 1122 and 1123 of the Bankruptcy Code. In that regard, I understand that the Plan designates the classification of Claims and Interests in accordance with section 1122 of the Bankruptcy Code. I also understand that the Plan provides for the separate classification of Claims against, and Interests in, the Debtor based upon the differences in legal nature and/or priority of such Claims and Interests. I further believe that the Plan satisfies each requirement set forth in section 1123(a) of the Bankruptcy Code regarding the required contents of a Chapter 11 plan.

9. I believe that valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests. I also understand that all Claims and Interests within each Class have the same or substantially similar rights as the other Claims and Interests in that Class and

will receive the same treatment under the Plan for their respective Claims and Interests in the same Class.

10. I am aware that Article III of the Plan identifies Classes of Claims that are not impaired by the Plan, as required under section 1123(a)(2) of the Bankruptcy Code, and specifies the treatment of such impaired Classes of Claims and Interests as required by section 1123(a)(3) of the Bankruptcy Code. It is my understanding that the Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

11. It is my understanding that Article V of the Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code by setting forth the means for implementation of the Plan. I understand that Article V of the Plan includes further provisions with respect for implementation of the Plan, including, but not limited to: (a) the establishment of a Liquidation Trust and the vesting of the Liquidation Trust Assets therein, (b) the funding of the Plan and Liquidation Trust from a portion of the Gross Sale Proceeds, (c) the dissolution of the Debtor; (d) payments required pursuant to the Plan and Liquidation Trust Agreement; and (e) preservation of certain Claims and Causes of Action for the Liquidation Trustee to pursue with the recoveries thereon (net of costs of the Liquidation Trust) being distributed to holders of Allowed Claims as set forth in the Plan. I understand that Section 1.69 of the Plan and Section 2.2 of the Liquidation Trust Agreement disclose that Stephen S. Gray will be appointed as the Liquidation Trustee.

12. It is my understanding that the Plan is a liquidation plan and does not provide for the issuance of equity or other securities by the Debtor, and that,

4

accordingly, the requirements of section 1123(a)(6) of the Bankruptcy Code do not apply to the Plan.

13. I understand the Plan complies with section 1123(a)(7) as it contains only those provisions that are consistent with the interests of holders of Claims and Interests and with public policy with respect to the manner of selection of the Liquidation Trustee and any successor(s) thereto. On the Effective Date, the Debtor will dissolve and not have directors and officers. The Trustee has disclosed the identity of the Liquidation Trustee pursuant to the Plan and the Liquidation Trust Agreement, which is consistent with the interest of creditors and with public policy. Upon the Effective Date, and unless otherwise provided for in the Plan or the Confirmation Order, the Liquidation Trustee shall succeed to all rights, powers, and authority otherwise applicable to the Trustee in accordance with Section 5.5 of Plan. Accordingly, I believe control of the Liquidation Trust by the Liquidation Trustee will be consistent with public policy.

14. I understand that as contemplated by section 1123(b)(1) of the Bankruptcy Code, Article III of the Plan describes the treatment for unimpaired Classes of Claims and impaired Classes of Claims and Interests.

15. I understand that with respect to section 1123(b)(2) of the Bankruptcy Code, except as otherwise provided in the Confirmation Order, under Section 9.1 of the Plan, on the Effective Date, all remaining Executory Contracts of the Debtor still in effect shall be deemed rejected in accordance with sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract (a) has previously been assumed by order of the Bankruptcy Court in effect as of the Effective Date (which order may be the Sale Order or the Confirmation Order), (b) is the subject of a motion to assume filed on or before the Effective Date, or (c) has expired or terminated pursuant

5

to its own terms prior to the Effective Date. I understand that any Executory Contracts assumed and assigned to the Purchaser (or its designee) in connection with the Sale and as approved by the Sale Order shall not be affected by the Plan and/or the Confirmation Order.

16. Article III of the Plan modifies the rights of certain holders of Claims and Interests, which I understand is permitted by section 1123(b)(5) of the Bankruptcy Code.

17. Article X of the Plan contains certain exculpation, release and injunction provisions that are consistent with applicable provisions of the Bankruptcy Code and relevant case law, and thus, as I understand, is permitted by section 1123(b)(6) of the Bankruptcy Code. Furthermore, to my knowledge, no objections have been raised regarding the same.

18. I am aware that Section 10.2 of the Plan exculpates the Exculpated Parties from, among other things, certain claims arising out of or relating to the Chapter 11 Case and the agreements made in connection therewith (the "Exculpation"). I understand that this provision provides necessary and customary protections to those parties in interest (whether estate fiduciaries or otherwise) whose efforts were instrumental in facilitating the Sale, negotiation and confirmation of the Plan and the conclusion of the Chapter 11 Case. I believe the Exculpation is an essential inducement to cause parties to participate collaboratively and constructively in the formulation and negotiation of the Plan and that the Exculpation is appropriately tailored to protect the Exculpated Parties from disgruntled, litigious stakeholders seeking an avenue for a recovery to which they are otherwise not entitled. I believe that the Exculpation is also supported by substantial consideration and was critical and indispensable to obtaining the support of the Exculpated Parties. As such, I believe the protections afforded by the

Exculpation are reasonable and appropriate, and the Exculpation is appropriate and should be approved.

19. I believe that the releases set forth in Sections 10.3 (the "BSP Release") and 10.4 (the "Debtor Professionals Release" and with the BSP Release, the "Releases") of the Plan each represent a valid exercise of the Trustee's business judgment, is fair and equitable, and constitutes good faith compromises and settlements of the matters covered thereby. I believe that the Releases are appropriately tailored to the facts and circumstances of the Chapter 11 Case. In light of, among other things, the value provided to the Debtor's estate by BSP and by the consensual resolution of Administrative Claims asserted by the Debtor's Professionals and Goldwasser/G.C. Realty, and the critical nature of such Releases to the Plan, the Releases are appropriate and should be approved.

20. I am aware that the injunction set forth in Section 10.7 of the Plan (the "Plan Injunction") provides that "all injunctions or stays arising under or entered during the Chapter 11 Case under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the closing of the Chapter 11 Case." I believe the Plan Injunction is a necessary part of the Plan because it enforces the Exculpation, the Releases and the public policy underlying chapter 11 of the Bankruptcy Code. Further, I understand that the Plan Injunction is consensual as to any party that did not specifically object thereto. Thus, I believe the Plan Injunction is appropriate and should be approved.

21. I understand that there are no Executory Contracts being assumed under the Plan, except to the extent set forth in the Schedule of Assumed and Assigned Executory Contracts. Thus, I believe the Plan complies with section 1123(d) of the Bankruptcy Code.

7

22.     Section 1129(a)(2).  To the best of my knowledge and belief, based on discussions with the Trustee's legal advisors, and as evidenced by the Court's entry of the *Order Approving (I) Certain Key Dates Relating to Confirmation of the Plan, Including Scheduling a Combined Hearing to Consider Approval of the Disclosure Statement and Plan; (II) the Form and Manner of Notice of the Combined Hearing;  (III) the Disclosure Statement on a Provisional Basis;  (IV) Procedures for Solicitation, Including the Forms and Ballots and Tabulation of Votes;  and (V) Procedures for Objections* [Docket No. 925], dated February 24, 2023 (the "Solicitation Procedures Order"), prior orders of the Court entered in the Chapter 11 Case, and the filings submitted by the Trustee, I believe that the Trustee has complied with the applicable provisions of the Bankruptcy Code, including the provisions of sections 1125 and 1126 regarding disclosure and solicitation of the Plan.

23.     I understand that, as set forth in the *Declaration of John C. Gallego of Togut, Segal & Segal LLP Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the First Amended Chapter 11 Plan of Liquidation for the Bankruptcy Estate of 96 Wythe Acquisition LLC, as Proposed by the Chapter 11 Trustee* [Docket No. 958], dated March 14, 2023 (the "Voting Declaration"), each holder of a Claim or Interest was sent the solicitation materials required by the Solicitation Procedures Order.  *See Certificate of Service*, filed on March 1, 2023 [Docket No. 937] (the "Solicitation Declaration").  I understand that in accordance with the Solicitation Procedures Order, the holders of Claims entitled to vote received the Solicitation Procedures Order, the Combined Hearing Notice (with instructions detailing how to access copies of the Disclosure Statement and Plan from the Voting Agent), and an appropriate form of Ballot and return envelope.  I understand that those holders of Claims and Interests not entitled to vote received the Combined Hearing Notice.

8

24. To the best of my knowledge and belief, I believe that acceptances of the Plan were solicited in good faith and the Trustee did not solicit acceptances of the Plan from any creditor prior to entry of the Solicitation Procedures Order. Based on the Voting Declaration and the Solicitation Declaration, I believe the Trustee properly solicited votes with respect to the Plan in accordance with the Solicitation Procedures Order.

25. To the best of my knowledge and belief, good, sufficient, and timely notice of the Combined Hearing and all other hearings in the Chapter 11 Case has been provided to all holders of Claims and Interests, and all other parties in interest to whom notice was required to have been provided. *See* Solicitation Declaration. Accordingly, I believe that the Plan satisfies section 1129(a)(2) of the Bankruptcy Code.

26. Section 1129(a)(3). I believe the Trustee has proposed the Plan in good faith and not by any means forbidden by law. I believe the Plan is the product of extensive arm's-length negotiations between the Trustee and certain of the Debtor's creditors. Furthermore, I understand that the Plan has been proposed in good faith and for the legitimate purpose of winding down the Estate of the Debtor and distributing the assets of the Estate in accordance with the priority scheme set forth in the Bankruptcy Code, thereby maximizing the recovery available to Holders of Claims. Finally, I believe that the unanimous support of the Plan as demonstrated by the Voting Declaration is strong evidence that the Plan has a proper purpose. Accordingly, I believe that the Plan satisfies section 1129(a)(3) of the Bankruptcy Code.

27. Section 1129(a)(4). I understand that payments made or to be made by the Trustee for services or for costs and expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case

9

have been approved by, or are subject to the approval of, the Bankruptcy Court. Accordingly, the Plan satisfies section 1129(a)(4) of the Bankruptcy Code.

28. <u>Section 1129(a)(5)</u>. I am aware that I have been identified as the Liquidation Trustee. Accordingly, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

29. <u>Section 1129(a)(6)</u>. I understand that because the Debtor is not charging rates that are the subject of any regulatory commission jurisdiction, section 1129(a)(6) of the Bankruptcy Code is inapplicable.

30. <u>Section 1129(a)(7)</u>. I understand that the Bankruptcy Code requires that, with respect to each impaired Class of Claims and Interests, each holder of such Claim or Interest must either (a) accept the Plan or (b) receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

31. <u>Section 1129(a)(8)</u>. I understand that the Plan may be confirmed even though section 1129(a)(8) of the Bankruptcy Code is not satisfied with respect to Class 6 (Subordinated Insider Claims) and Class 7 (Equity Interests), which classes are deemed to reject the Plan. Nevertheless, based on the advice of counsel, I understand the Plan may still be confirmed under section 1129(b) of the Bankruptcy Code because (a) an impaired Class voted to accept the Plan; and (b) the Plan does not discriminate unfairly and is fair and equitable with respect to the Interests in the Class not accepting the Plan. As a result, the Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code.

32. <u>Section 1129(a)(9)</u>. I understand that, in accordance with section 1129(a)(9), the Plan provides that each holder of an Allowed Administrative

Claim will receive payment in full in Cash on, or as soon as reasonably practical after, the later of (a) the Effective Date, (b) the date such Claim becomes Allowed, or (c) the date that is thirty (30) calendar days after the date on which an Allowed Administrative Claim becomes payable under any agreements relating thereto, unless otherwise agreed to by the holder of such Allowed Administrative Claim and the Liquidation Trustee.  In addition, I am aware that, except to the extent that a holder of an Allowed Priority Tax Claim agrees to less favorable treatment, the Plan provides that each holder of an Allowed Priority Tax Claim shall receive, in full and final satisfaction, compromise, settlement, and release of, and in exchange for, each Allowed Priority Tax Claim, payment in accordance with the terms set forth in section 1129(a)(9)(C) of the Bankruptcy Code.  Moreover, pursuant to an agreement between the Trustee and the NYC DOF, on account of the Allowed Priority Tax Claims held by the NYC DOF not paid prior to the Effective Date, the NYC DOF shall be paid (a) in Cash on the Effective Date in an amount equal to the NYC Priority Initial Tax Claim Payment and (b) with respect to the balance of the NYC Priority Deferred Tax Claim Amount, one or more Distributions of Liquidation Trust Assets after payment in full in Cash of the Trustee Deferred Compensation.

33.   I understand that the Gross Sale Proceeds will be used to pay in full, in Cash, Allowed Administrative Claims (other than Trustee Fee Claims, Trustee Professional Fee Claims, and Settling Debtor Professional Fee Claims which will be paid from the applicable escrow), Priority Tax Claims, Other Priority Claims, and Other Secured Claims that are (i) Allowed Claims as of the Effective Date, or (ii) Disputed Claims that subsequently become Allowed Claims.

34.   Based on the information currently reflected in the books and records available to the Trustee, on the Effective Date, the Trustee will have sufficient

11

Cash to pay Administrative Claims, Priority Tax Claims, Other Priority Claims and Other Secured Claims, to the extent such Claims are Allowed, and to fund the Trustee Fee Escrow and the Settling Debtor Professional Fee Escrow.

35. <u>Section 1129(a)(10)</u>. I understand that section 1129(a)(10) of the Bankruptcy Code requires the affirmative acceptance of the Plan by at least one Class of impaired Claims. I am aware that the Voting Declaration includes a table setting forth the voting results with respect to each voting Class of Claims. It is my understanding that 100% in number and 100% in amount of Class 2 (BSP Senior Secured Claim), Class 4 (General Unsecured Claims) and Class 5 (BSP Subordinated Secured Claim) that have voted, have voted to accept the Plan. Thus, I believe section 1129(a)(10) of the Bankruptcy Code is satisfied.

36. <u>Section 1129(a)(11)</u>. I understand that section 1129(a)(11) of the Bankruptcy Code permits a plan to be confirmed if it is feasible, *i.e.*, it is not likely to be followed by liquidation or the need for further financial reorganization. I understand that in the context of a liquidating plan, feasibility is established by demonstrating that the plan proponent is able to satisfy the conditions precedent to the Effective Date and otherwise has sufficient funds to meet post-confirmation obligations of the Estate or Liquidation Trust, as the case may be, and to pay for the costs of administering and fully consummating the Plan. I believe the Liquidation Trust will have sufficient funds to administer and consummate the Plan and pursue Claims and Causes of Action in favor of the Estate that will vest in the Liquidation Trust. Therefore, I believe that the Plan has more than a reasonable likelihood of success and satisfies the feasibility requirements of section 1129(a)(11) of the Bankruptcy Code.

37. <u>Section 1129(a)(12)</u>. I am aware that Section 12.1 of the Plan provides for the payment of all statutory fees by the Trustee on the Effective Date or

when such fees are due.  Accordingly, I believe that the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

38. <u>Sections 1129(a)(13)–(16)</u>.  Based on the advice of counsel, it is my understanding that sections 1129(a)(13)–(16) of the Bankruptcy Code are inapplicable to the Debtor.  Therefore, I believe such requirements are deemed satisfied.

39. <u>Section 1129(b)</u>.  Based on the advice of counsel, it is my understanding that, pursuant to section 1129(b) of the Bankruptcy Code, a plan may be confirmed notwithstanding the rejection or deemed rejection by a class of claims or interests so long as the plan does not discriminate unfairly and is "fair and equitable" as to such non-accepting class.  Here, I am aware that holders of Claims and Interests in Class 6 (Subordinated Insider Claims) and Class 7 (Equity Interests) are deemed to reject the Plan, and I understand that section 1129(b) of the Bankruptcy Code applies with respect to such Class.

40. I believe the Plan does not unfairly discriminate against Class 6 (Subordinated Insider Claims) and Class 7 (Equity Interests).  I understand that with respect to the Plan, there exists only one class of subordinated insider claims and one class of equity interests, and all such Claims and Interests are afforded the same treatment under the Plan.  Therefore, I believe the Plan does not unfairly discriminate within the meaning of section 1129(b)(1) of the Bankruptcy Code.

41. Based on the advice of counsel, I believe the "fair and equitable" requirement is satisfied as to holders of Claims and Interests in Class 6 (Subordinated Insider Claims) and Class 7 (Equity Interests) because (a) no Claim or Interest that is junior to such Claim or Interest will receive or retain any property under the Plan on account of such junior Claim or Interest and (b) no Class of Claims or Interests senior to Class 6 (Subordinated Insider Claims) and Class 7 (Equity Interests)  is receiving more

13

than full payment on account of the Claims or Interests in such Class. Therefore, I believe the requirements of section 1129(b) of the Bankruptcy Code are satisfied.

42. <u>Sections 1129(c)–(e)</u>. The Plan is the only plan currently filed in the Chapter 11 Case, and accordingly, it is my understanding that section 1129(c) of the Bankruptcy Code, which prohibits confirmation of multiple plans, is inapplicable in the Chapter 11 Case. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. Thus, I understand that the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code. Finally, I understand that none of the Chapter 11 Cases is a "small business case," as that term is defined in the Bankruptcy Code, and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable.

### III. Miscellaneous Provisions

43. <u>Immediate Binding Effect</u>. I understand that pursuant to Bankruptcy Rule 3020(e), the Court may order the Confirmation Order immediately effective after its entry. I believe that the Confirmation Order should become immediately effective in light of the facts and circumstances of this Chapter 11 Case. Specifically, the parties are using their best efforts to close the Sale on or before March 31, 2023, in part due to the strained liquidity as this is the slowest period for the Hotel, and that there are significant expenses that would need to be paid by the Trustee if the Sale does not close before March 31, 2023. In addition, ongoing costs of administration would accrue that would further erode the Debtor's liquidity position and threaten the ability to continue the ordinary course operation of the Hotel through the sale closing. Accordingly, I believe it is appropriate to waive the 14-day stay and order the Confirmation Order effective immediately upon its entry.

44. <u>Post-Solicitation Modifications</u>. I understand that section 1127 of the Bankruptcy Code gives a plan proponent the right to modify the plan "at any time" before confirmation and such modified plan need not require resolicitation of votes if the modifications do not materially impact the plan. Here, I understand that the modifications to the Plan after the Trustee solicited votes do not require resolicitation and should be approved because such modifications either (i) relate solely to implementing the Plan pursuant to a Liquidation Trust rather than a plan administrator and do not impact the treatment or voting status for the holders of Claims and Interests under the Plan, or (ii) address informal responses to the Plan from parties in interest. Accordingly, I believe that the Plan, including such modifications, should be approved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 20, 2023
       New York, New York

By: /s/ *Stephen S. Gray*
    Stephen S. Gray
    Solely as Chapter 11 Trustee