**The Law Office of**
# FF FERN FLOMENHAFT PLLC

Direct Dial: 917 374-0192

March 22, 2023

VIA EMAIL AND ECF

Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

      Re:   *In re 96 Wythe Acquisition LLC*
               Bankr. Case No. 21-22108 (SHL) and
               Adv. Pro. No. 22-07049 (SHL)

Dear Judge Lane:

    As counsel for the defendants Toby Moskovits, Michael Lichtenstein, The Williamsburg Hotel BK LLC, and Heritage Equity Partners, we write in response to:

(a) The Letter, dated February 2, 2023, to Judge Lane requesting Court intervention as to certain issues arising out of the Trustee's Motion for Entry of an Order Enforcing the Automatic Stay and Directing that Employee Retention Credit Proceeds Be Segregated and Escrowed and Related Relief (Exhibit 1: Management Company's Accounting) [Docket No. 884] and

(b) The Letter, dated February 21, 2023, to Judge Lane advising the Court of unresolved issues arising out of the Chapter 11 Trustee's Motion for Entry of an Order Enforcing the Automatic Stay and Directing that Employee Retention Credit Proceeds be Segregated and Escrowed and Related Relief [Docket No. 920].

    The Trustee complains in his February 21, 2023, letter of a "myriad [of] other inconsistencies and other shortcomings of the Manager Parties' accounting, and essentially that the Manager Parties have not substantiated their claims that the $1,540,687.10 of ERTC Funds paid to the Manager are not available to be escrowed pending resolution of the Adversary Proceeding concerning the ERTC Funds, as the Trustee's ERTC Motion sought."

    The Manager Parties' disclosure, however, has accounted for expenditure of all of the ERTC funds, including about $500,000 of which was taken and spent by the Manager Parties for personal uses.

Not only have the Manager Parties provided an accounting of the expenditure of the $1,546,635.62 ERTC funds that were received and deposited into the Manager Parties' account, but the Manager Parties also provided bank statements for all of the accounts into which the ERTC monies were initially deposited and thereafter disbursed. Those accounts include the Manager Williamsburg Hotel Bk Account, and thereafter the Northside Acquisition Partners account, from which the funds were disbursed. Those statements, and Exhibit 3 to the production, document the disbursals which correspond to the Accounting provided.

The Trustee complained that one of the statements was "manually edited." In fact, my client, in an effort to explain a disbursement, merely noted on the statement that a particular disbursement was for "personal use." We have since provided a "clean" version of the same.

We note that the issue of whether the ERTC funds are the property of the Debtor (as claimed by the Trustee) or the property of the Manager (as contended by the Manager Parties) is the subject of an Adversary Proceeding commenced by the Trustee (Adv. Pro. No. 22-07048). Accordingly, to the extent that the Trustee seeks further disclosure regarding the expenditure of ERTC funds, any such disclosure should governed by Fed.R.Bankr.P. § 7026, and not by Fed.R.Bankr.P. § 2004. *See In re Bennett Funding, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)* (cited in *In re Cambridge Analytica LLC, 600 B.R. 750* (Bankr. S.D.N.Y. 2019).

Accordingly, we respectfully submit that until the Court has ruled as to who has right to use funds in question, further inquiry as to how the funds were disbursed should be limited to the extent necessary to determine ownership of the funds.

Thank you.

Respectfully submitted,

Fern Flomenhaft

cc:

Frank A. Oswald, Esq (via email)