**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
Lee B. Hart, Esq.
201 17th Street, Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

*Counsel for Benefit Street Partners*
*Realty Operating Partnership, L.P.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:

96 WYTHE ACQUISITION, LLC,                                Chapter 11

                          Debtor.                        Case No.:  21-22108 (SHL)

-----------------------------------------------------------x

### BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P.'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF JEREMY RAUCH

Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street") files this motion in limine (the "Motion"), pursuant to Fed. R. Bankr. P. 9017 and Fed. R. Evid. 401, 402, 403, and 611(a), to exclude testimony by Jeremy Rauch ("Rauch") at the evidentiary hearing scheduled for April 20, 2023 (the "Evidentiary Hearing") on the *Objection to Proof of Claim No. 39 Filed by Constantino Sagonas* [ECF No. 916] (the "Objection") filed by Stephen S. Gray in his capacity as the Chapter 11 Trustee (the "Trustee") and Benefit Street's joinder to the Objection filed on March 8, 2023 [ECF No. 947].  Due to the need to resolve this evidentiary dispute before the Evidentiary Hearing, Benefit Street is contemporaneously filing a request to have this Motion heard on an expedited basis.

## Background

The Trustee and Benefit Street have objected to the administrative claim filed by the Debtor's pre-petition receiver Constantino Sagonas (the "Receiver") on various grounds. Among such grounds, the Receiver's purported work did not benefit the bankruptcy estate because the Receiver wholly failed to perform any meaningful due diligence or implement appropriate controls during the pendency of his receivership and while the Debtor's finances were supposed to be in his possession and under his oversight.

The Receiver has informed Benefit Street that he intends to call Jeremy Rauch ("Rauch"), who acted as the Debtor's head of finance prior to the appointment of the Trustee, to testify in detail at the Evidentiary Hearing as to matters involving the Debtor's pre-petition accounting and interactions with the Receiver.  Apparently, the Receiver believes that Rauch's testimony is relevant to the Objection to refute the Trustee's assertions that the Receiver improperly approved particular invoices or failed to account for hotel income.  *See* Email exchange attached hereto as Exhibit "A".

While these assertions and their factual underpinnings will demonstrate actual harm to the estate, those issues are simply not before the Court at the Evidentiary Hearing.  Rather, the issue placed before the Court by the Objection is whether the Receiver provided benefit to the estate such that he is entitled to an administrative expense claim.

At the Evidentiary Hearing, Benefit Street will show that Court that, among other things:

- The Receiver wholly relied on Rauch and his team – while employed by Toby Moskovits and Michael Lichtenstein (together, the "Insiders") – for all banking, cash management and accounting functions during his receivership;

- The Receiver did little to no independent due diligence into the Debtor's actual revenue during his receivership;

- The Receiver did little to no independent due diligence into the Debtor's actual payment of expenses during his receivership;

- The Receiver did not have direct access into or visibility over the bank accounts into which Debtor revenue was flowing; and

- The Receiver failed to ever reconcile the Debtor's revenue as presented by Rauch with the Debtor's point of sale system.

The Receiver's failure to verify the accuracy of the information supplied by Rauch – whom he *knew* was the Insiders' employee – or to put in place any meaningful controls over the Debtor's revenue and cash management, opened the door for the rampant abuse prior to the Debtor's bankruptcy filing that is the subject of an examiner's report in this case and literally hours of testimony by Rauch and the Insiders in the May 2022 trial to appoint the Trustee. While quantifying the damage caused by that abuse will be the subject of an adversary proceeding to be filed later by the Trustee, the question at this point is what the Receiver did during his tenure to uncover and stop it. That testimony will come from the Receiver, and not Rauch. Nothing Rauch has to say about the alleged propriety of invoices paid or the amount of revenue lost will obviate the Receiver's failure to put in place proper controls during his tenure. Since there were no controls, the Receiver provided no benefit, and the Objection should be sustained.

As demonstrated in Exhibit "A", Benefit Street has attempted in good faith to resolve this evidentiary dispute before bringing it before the Court. Benefit Street moves for an order excluding Rauch's testimony at the Evidentiary Hearing.

## <u>Argument</u>

**A.      Rauch's testimony should be excluded as irrelevant.**

Rauch's proposed testimony should be excluded as irrelevant.  Evidence is only relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) <u>the fact is of consequence in determining the action</u>."  Fed. R. Evid. 401 (emphasis added). Irrelevant evidence is inadmissible.  Fed. R. Evid. 402.

Rauch will not, and cannot, testify as to any fact that is consequential to deciding whether the Receiver benefited the estate.  As stated above, a painstaking dissection of the invoices rubber-stamped by the Receiver, or a lengthy discussion of the Debtor's accounting and its revenue, is immaterial to the Objection.  The crux of the Objection is not the total amount of expenses the Receiver allowed to be improperly paid for items such as off-the-books salary or personal purchases charged to the Insiders' credit cards.  Nor is it the precise amount of Debtor revenue that the Receiver failed to capture in his receivership account.  Instead, it is whether the Receiver put in place protocols and controls that somehow benefitted the estate.  The Receiver's failure to do so has nothing to do with Rauch's proposed testimony.

Indeed, Rauch's proposed testimony would not make the Receiver's claim that he benefited the estate "more probable or less probable."  Proving the specific amount of harm caused by the Insiders' pre-petition malfeasance is not necessary to demonstrate that the Receiver failed to place protections or controls to prevent or even monitor it.  On the other hand, examples of material topics will include:

- Whether the Receiver investigated whether the Debtor's incumbent management was engaged in gross mismanagement and should be removed;

- The steps the Receiver (not Rauch) took to ensure that the Receiver had knowledge and control of all of the Hotel's revenue;

- The steps the Receiver (not Rauch) took to ensure that the Receiver was paying only legitimate hotel operating expenses in accordance with the order appointing him; and

- The extent to which the Receiver relied on Rauch and others in the Debtor's incumbent management to perform the duties assigned to him under the order appointing him.

Rauch cannot provide evidence as to these or similar material questions, so his proposed testimony should be excluded as irrelevant.

**B.      Even if relevant, Rauch's testimony would be cumulative and cause unnecessary delay and waste of time and resources.**

Even if the Court finds that Rauch may have conceivably relevant testimony, it should be excluded as unnecessarily cumulative and a waste of the parties' and Court's time.  Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: . . . undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Rauch testified for approximately five hours at trial on the motions to appoint a Chapter 11 Trustee filed by Benefit Street and the United States Trustee—a trial attended by the Receiver's counsel, who asked no questions.  Among other things, based on that testimony the Court found that:

> the Debtor, through its management, created a cash management system that as opposed to the normal hotel and operating company relationship, contemplated a third party, and insider . . . through which a vast number of transactions would be run.  There appears to me to be no economic substance for that structure.

Transcript of Trial, May 26, 2022, at 116:22-117:4.  There is no dispute that the cash management system discussed in this excerpt was in place during the Receiver's tenure.  The Court also found

that the Debtor had made payments to insiders within one year pre-petition, and that these payments were not repayments of insider loans.  *Id.* at 111:2-4; 114:20-115:2.

Not only would Rauch's testimony be cumulative of his earlier lengthy testimony and the Court's findings, it would also be cumulative of the best source of evidence—the Receiver himself. The Receiver will not only be available to testify on each of those topics at the Evidentiary Hearing, but he already did so in his March 20, 2023 deposition taken by Benefit Street.  Among other things, he testified then (and presumably will testify at the Evidentiary Hearing) that he relied on Lichtenstein and Rauch's reporting of the Debtor's revenue and that he relied on and trusted Rauch to tell him what expenses needed to be paid.  To the extent those topics are relevant – and unless the Receiver intends to impeach himself with Rauch's testimony – Rauch can offer no facts into evidence that cannot come from the Receiver himself.

"Rule 403 recognizes the court's power to exclude evidence 'which consumes more time than its probative value justifies,' and Rule 611(a) mandates that the court control the presentation of evidence in a way that avoids the needless consumption of time."  *In re Galaxy Assocs.*, 118 B.R. 8, 10 (Bankr. D. Conn. 1990) (citing *United States v. Reaves*, 636 F. Supp. 1575, 1578 (E.D. Ky. 1986)).  In the context of the Evidentiary Hearing on the Objection, Rauch's testimony – to the extent at all relevant to the question of whether the Trustee conferred a benefit to the estate – will be of minimal additional probative value, especially taken in conjunction with his lengthy prior testimony and the Court's findings.

The Debtor and this estate have suffered much pain inflicted by the Insiders and their cronies prior to and since the Debtor's February 2021 bankruptcy filing, most of which has been absorbed by Benefit Street—a mortgage lender that has deferred and subordinated close to $20 million to support the Debtor's now confirmed Chapter 11 plan.  The release of the $187,000 set

aside on account of the Receiver's claim is the only relief before the Court at the Evidentiary

Hearing pursuant to the Objection.  Permitting Rauch to testify – which will presumably take hours

and require Benefit Street to spend more money preparing a cross-examination of a witness with

nothing relevant to say – should be prohibited.  Rauch's proposed testimony should be excluded.

WHEREFORE Benefit Street respectfully requests entry of an order excluding testimony

from Jeremy Rauch at the Evidentiary Hearing and for such other relief as the Court deems

appropriate.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted this 6th day of April 2023.

NELSON MULLINS RILEY &
SCARBOROUGH, LLP


_____/s/ Lee B. Hart_____
Lee B. Hart, Esq.
201 17th Street, Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

*Counsel for Benefit Street Partners
Realty Operating Partnership, L.P.*

**Exhibit "A"**

**Adam Herring**

| | |
|---|---|
| **From:** | Lee Hart |
| **Sent:** | Tuesday, April 4, 2023 11:21 AM |
| **To:** | Douglas A Kellner |
| **Cc:** | Richard Demas; frankoswald@teamtogut.com; John McClain; Kelsey Bilodeau; Adam Herring |
| **Subject:** | RE: Sagonas Claim Objection |

Doug:

Again, we disagree.  First of all, your constant drumbeat that we haven't identified improper payments and leaked income during Sagonas' receivership tenure is tired and false.  We've spent hours on the phone with you, in deposition with Sagonas, and on the phone reviewing spreadsheets with Chris Creger, identifying improper payments and invoices (see, e.g. the Chase Ink Card statements marked as exhibits in Sagonas' deposition), and calculating leaked revenue to the dollar.  It's enough.

Second, all these things are immaterial.  What we intend to prove is that Sagonas failed to put in place any protocols or guard rails to prevent misappropriation of hotel revenue.  The specifics and amount of that misappropriation can be left to the Trustee's affirmative action against Sagonas and on the bond.  And, the absence of protocols and guardrails are, best I can tell, undisputed.  Rauch already testified for 5 hours at the Chapter 11 trustee trial, at which you were present (although you failed to ask a single question).  We don't need Rauch to testify more to demonstrate the morass that was the Hotel's pre-bankruptcy cash management.  It is simply going to drive up the time and expense of what should otherwise be a relatively quick evidentiary hearing on April 20.

Please let me know how specifically Rauch's testimony is material to the benefit that you contend Sagonas provided to the estate which would justify an administrative priority expense claim.  Absent that explanation, our position is that Rauch's live testimony is irrelevant and should be excluded from the claims objection hearing.

Lee



**LEE B. HART**  PARTNER
lee.hart@nelsonmullins.com
ATLANTIC STATION | SUITE 1700
201 17TH STREET NW | ATLANTA, GA 30363
т 404.322.6349  ꜰ 404.322.6050
NELSONMULLINS.COM    VCARD  VIEW BIO

**From:** Douglas A Kellner <dak@khgflaw.com>
**Sent:** Monday, April 3, 2023 9:23 PM
**To:** Lee Hart <lee.hart@nelsonmullins.com>
**Cc:** Richard Demas <rdemas@gottesmanlaw.com>; frankoswald@teamtogut.com; John McClain

<jmcclain@teamtogut.com>; Kelsey Bilodeau <kbilodeau@gottesmanlaw.com>
**Subject:** Re: Sagonas Claim Objection

Lee,

If you and and the Trustee are prepared to stipulate to the accounting set forth in the weekly, monthly and quarterly reports, and that Mr. Sagonas was not aware of any other hotel income, it will not be necessary to call Mr. Rauch. On the other hand, if you are claiming that Mr. Sagonas improperly approved particular invoices—which you have not yet identified—or that he improperly failed to account for hotel income—which you have not yet particularized—then Mr. Rauch will testify as to those items.

I have no objection to a status conference. Please note that I will be out of town on federal government business April 17-19.

Doug

> On Mar 31, 2023, at 21:50, Lee Hart <lee.hart@nelsonmullins.com> wrote:
>
> Doug,
>
> For what purpose specifically are you planning to call rauch? I don't suspect we're going to dispute that your client met with him every week or looked through a stack of invoices he put together. Unless we can understand a scope of facts in dispute that the court needs to hear as a fact finder, it'll just be wasting everybody's time and we'll object to his being called. Let me know please by Monday so we can figure out whether we need to ask the court for a status conference. I'm not interested in litigation by ambush.
>
> Lee
>
>
> Sent from my iPhone
>
>> On Mar 31, 2023, at 4:51 PM, Douglas A Kellner <dak@khgflaw.com> wrote:
>>
>> Lee,
>>
>> As I indicated on Monday, I am planning to file an amended proof of claim to include the additional surety bond premium and attorneys' fees that accrued after filing the initial proof of claim.
>>
>> I am also planning to subpoena Jeremy Rauch to testify at the hearing.
>>
>> As of today, I am not planning to file any additional declarations or memoranda, but that may change, especially when we receive the draft of the adversary complaint. I may file a motion to consolidate the adversary proceeding with the hearing on the motion to be discharged.
>>
>> Doug
>>
>> Douglas A. Kellner
>> **Kellner Herlihy Getty & Friedman LLP**

2

470 Park Avenue South — 7th Floor
New York NY 10016-6951
Telephone: (212) 889-2121

On Mar 30, 2023, at 10:10, Lee Hart <lee.hart@nelsonmullins.com>
wrote:

Doug – Following up here.  Unless we hear back from you by Friday,
March 31, I'm going to assume you have no additional declarations or
briefings, and we'll object to anything as untimely and unauthorized.

Please advise.



LEE B. HART  PARTNER
lee.hart@nelsonmullins.com
ATLANTIC STATION | SUITE 1700
201 17TH STREET NW | ATLANTA, GA 30363
T 404.322.6349  F 404.322.6050
NELSONMULLINS.COM  VCARD  VIEW BIO

**From:** Lee Hart
**Sent:** Monday, March 27, 2023 12:18 PM
**To:** Douglas A Kellner <dak@khgflaw.com>
**Cc:** Richard Demas <rdemas@gottesmanlaw.com>;
frankoswald@teamtogut.com; John McClain
<jmcclain@teamtogut.com>; Kelsey Bilodeau
<kbilodeau@gottesmanlaw.com>
**Subject:** RE: Sagonas Claim Objection

Doug – Thanks for your and Rich's time earlier. One thing we did not
discuss is whether you want to file additional declarations or briefing
and a schedule for it.  Can you please confirm whether you want to file
any additional documents so we can get a schedule together?  Would
love to have this nailed down by COB tomorrow, since we were really
supposed to do this today.

Thanks
Lee



LEE B. HART  PARTNER

lee.hart@nelsonmullins.com

ATLANTIC STATION | SUITE 1700

201 17TH STREET NW | ATLANTA, GA 30363

T 404.322.6349    F 404.322.6050

NELSONMULLINS.COM    VCARD    VIEW BIO

**From:** Douglas A Kellner <dak@khgflaw.com>
**Sent:** Friday, March 24, 2023 6:41 PM
**To:** Lee Hart <lee.hart@nelsonmullins.com>
**Cc:** Richard Demas <rdemas@gottesmanlaw.com>; frankoswald@teamtogut.com; John McClain <jmcclain@teamtogut.com>; Kelsey Bilodeau <kbilodeau@gottesmanlaw.com>
**Subject:** Re: Sagonas Claim Objection

Lee,

I suggest that we schedule a telephone conference for Monday at 11 am to discuss.  Some additional items for our agenda:

1. Is BSP or the Trustee planning to call any witnesses.

2. Is BSP or the Trustee planning to submit any additional documentary evidence?

3. Mr. Sagonas believes that the backup receipts for the weekly reports and for the credit cards are still in the hotel office. To the extent that you are raising lack of backup as an issue, we request that the Trustee produce those receipts, or allow Mr. Sagonas access to the office to locate those files.

4. Please provide me with a copy of Jeremy Rausch's disposition transcript.

5. We are waiting to see the draft of the adversary proceeding complaint. Doesn't it make more sense to combine the discharge motion and claim objection with the adversary proceeding?

Doug

> On Mar 24, 2023, at 17:02, Lee Hart <lee.hart@nelsonmullins.com> wrote:
>
> Thanks.  Doug, waiting on your responses to my questions.  I don't want any surprises, so if this goes too long we'll just move the court for a scheduling order, but obviously I'd much rather consensually hammer out some dates.

Lee



**LEE B. HART** PARTNER
lee.hart@nelsonmullins.com

ATLANTIC STATION | SUITE 1700
201 17TH STREET NW | ATLANTA, GA 30363
T 404.322.6349  F 404.322.6050
NELSONMULLINS.COM    VCARD  VIEW BIO

**From:** Richard Demas <rdemas@gottesmanlaw.com>
**Sent:** Friday, March 24, 2023 4:55 PM
**To:** Lee Hart <lee.hart@nelsonmullins.com>
**Cc:** Douglas A Kellner
<dak@khgflaw.com>; frankoswald@teamtogut.com;
John McClain <jmcclain@teamtogut.com>; Kelsey
Bilodeau <kbilodeau@gottesmanlaw.com>
**Subject:** Re: Sagonas Claim Objection

Our office can accept the subpoena on behalf
SureTec Insurance Company.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

**From:** Lee Hart <lee.hart@nelsonmullins.com>
**Sent:** Friday, March 24, 2023 11:00:33 AM
**To:** Richard Demas <rdemas@gottesmanlaw.com>
**Cc:** Douglas A Kellner
<dak@khgflaw.com>; frankoswald@teamtogut.com <frankoswald@teamtogut.com>; John McClain
<jmcclain@teamtogut.com>; Kelsey Bilodeau
<kbilodeau@gottesmanlaw.com>
**Subject:** Re: Sagonas Claim Objection

Thanks

Sent from my iPhone

On Mar 24, 2023, at 11:00 AM, Richard
Demas <rdemas@gottesmanlaw.com>
wrote:

I will check with the client and get back
to you later today or Monday.


<image001.png>


Richard B. Demas, Esq.

**GOTTESMAN, WOLGEL, FLYNN, & WEINBERG, P.C.**
*A Professional Corporation Incorporated in the State of New York*


11 Hanover Square, 4th Floor, New York, New York 10005
**TEL:** (212) 495-0100 | **WWW:** gottesmanlaw.com
**EMAIL:** rdemas@gottesmanlaw.com

**CONFIDENTIALITY NOTICE:** *The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient you are hereby notified that any dissemination, distribution or copying of this e-mail or the information contained therein, is strictly prohibited and you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail, the information contained therein or any attachments to it.  If you have received this e-mail in error, please notify the sender and permanently delete this e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachments for any purpose, nor disclose all or any part of the contents to any other person.  E-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  Nothing contained in this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.*

**CYBER-FRAUD NOTICE:** *Before wiring any funds to our office or our client, please call our office at a number you know is valid to confirm the instructions and amount.  Our firm is not responsible for third party fraud or electronic interceptions.*

**IRS CIRCULAR 230 DISCLOSURE:** *We inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed therein.*

**From:** Lee Hart
<lee.hart@nelsonmullins.com>
**Sent:** Friday, March 24, 2023 10:55 AM
**To:** Richard Demas
<rdemas@gottesmanlaw.com>
**Cc:** Douglas A Kellner
<dak@khgflaw.com>; frankoswald@tea
mtogut.com; John McClain
<jmcclain@teamtogut.com>; Kelsey
Bilodeau
<kbilodeau@gottesmanlaw.com>
**Subject:** Re: Sagonas Claim Objection


Ok. Then given the tight timing we'll
need to just issue you a subpoena. I
assume you'll accept service?

Sent from my iPhone


> On Mar 24, 2023, at
> 10:37 AM, Richard
> Demas
> <rdemas@gottesmanla
> w.com> wrote:


> Lee,
>
> I will inquire with my
> client. However given
> my schedule today I do
> not anticipate being
> able to provide a
> response until next
> week.


<image001.png>


**Richard B. Demas, Esq.**

**GOTTESMAN, WOLGEL, FLYNN, & WEINBERG, P.C.**
*A Professional Corporation Incorporated in the State of New York*

11 Hanover Square, 4ᵗʰ Floor, New York, New York 10005
**TEL:** (212) 495-0100 | **WWW:** gottesmanlaw.com
**EMAIL**: rdemas@gottesmanlaw.com

**CONFIDENTIALITY
NOTICE**: *The information*

*contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient you are hereby notified that any dissemination, distribution or copying of this e-mail or the information contained therein, is strictly prohibited and you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail, the information contained therein or any attachments to it.  If you have received this e-mail in error, please notify the sender and permanently delete this e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachments for any purpose, nor disclose all or any part of the contents to any other person.  E-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  Nothing contained in this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.*

***CYBER-FRAUD NOTICE:** Before wiring any funds to our office or our client, please call our office at a number you know is valid to confirm the instructions and amount.  Our firm is not responsible for third party fraud or electronic interceptions.*

***IRS CIRCULAR 230 DISCLOSURE:** We inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding*

*penalties under the Internal*
*Revenue Code or (ii)*
*promoting, marketing or*
*recommending to another*
*party any transaction or*
*matter addressed therein.*

---

**From:** Lee Hart
<lee.hart@nelsonmullins.com>
**Sent:** Friday, March 24, 2023 10:28 AM
**To:** Richard Demas
<rdemas@gottesmanlaw.com>; Douglas A Kellner
<dak@khgflaw.com>
**Cc:** frankoswald@teamtogut.com; John McClain
<jmcclain@teamtogut.com>
**Subject:** Sagonas Claim Objection

Rich and Doug –

Couple items in follow up from Wednesday's confirmation hearing:

1. Rich, will you please send us all the documents governing the bond?  Among other things, we need the bond contract between Suretec and Constantino and any policy jacket/terms governing coverage.  I assume you don't need a subpoena for this, but if you do, let us know and we'll get you one asap so

we have it in time for 4/20.

2. Doug, have you decided if you want to file any additional papers in this proceeding?  It seems to me that, in order to give us the court time to address everything, and especially given that the hearing is going to be evidentiary and in person, you ought to file by 4/6 and let us file any rebuttal by 4/13.  I also would like to understand whether you feel you need to do any further legal briefing or whether this is going to be more facts from more witnesses that you'll want to put up.

   1. Regarding witnesses, given Constantino's short time the morning of 4/20, it probably

makes sense for you to proffer his direct via his declaration and then we can try and take a fairly quick cross of him to get him out of court for his appointment. Is there anything you want to add to his declaration? If so, we'll want to set a deadline to supplement so we can take a followup deposition if necessary.

Much appreciated, and please let me know today if you can.

Lee

Lee B. Hart
Nelson Mullins Riley & Scarborough
201 17th Street, Suite 1700
Atlanta, Georgia 30363
T: (404) 322-6349
Lee.hart@nelsonmullins.com

**Confidentiality Notice**
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately either by phone (800-237-2000) or reply to this e-mail and delete all copies of this message.