**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
Lee B. Hart, Esq.
201 17th Street, Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

*Counsel for Benefit Street Partners*
*Realty Operating Partnership, L.P.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:

96 WYTHE ACQUISITION, LLC,                Chapter 11

                    Debtor.               Case No.: 21-22108 (SHL)

------------------------------------------------------------x

## BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P'S MOTION TO SHORTEN TIME AND SCHEDULE A HEARING ON ITS MOTION IN LIMINE TO EXCLUDE TESTIMONY OF JEREMY RAUCH

Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street") files this *Motion to Shorten Time and Schedule a Hearing on Its Motion in Limine to Exclude Testimony of Jeremy Rauch* (the "Motion to Shorten") and requests entry of an order, substantially in the form attached as Exhibit "A" (the "Proposed Order"), pursuant to Fed. R. Bankr. P. 9006(c)(1) and Local Bankruptcy Rule 9006-1(b), shortening the time period for notice of, and scheduling a hearing on, the *Motion in Limine to Exclude Testimony of Jeremy Rauch* (the "Motion"), filed contemporaneously herewith. In support of this Motion to Shorten, Benefit Street submits the declaration of Lee B. Hart, Esq. (the "Hart Declaration"), attached as Exhibit "B".

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion to Shorten under 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This Motion to Shorten is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B).

3. The predicates for the relief sought in this Motion to Shorten are Fed. R. Bankr. P. 9006(c)(1) and this Court's Local Bankruptcy Rule 9006-1.

## RELIEF REQUESTED

4. Benefit Street seeks to shorten the time period for notice of the Motion and to set the hearing with respect to the Motion for the week of April 10, 2023 so that the Motion may be heard and ruled upon in advance of the hearing on the Chapter 11 Trustee's objection to the claim of Constantino Sagonas (the "Receiver"), which Benefit Street has joined, that is set for hearing on April 20, 2023.

## BASIS FOR REQUESTED RELIEF

5. Pursuant to Local Rule 9006-1(b), the Motion must be served on 14 days' notice.

6. Fed. R. Bankr. P. 9006(c)(1) and Local Rule 9006-1 authorize the Court to reduce the ordinary notice period for cause shown.

7. Cause exists to grant this Motion to Shorten. The Motion relates to the evidentiary hearing on the *Objection to Proof of Claim No. 39 Filed by Constantino Sagonas* [ECF No. 916] (the "Objection") filed by Stephen S. Gray in his capacity as the Chapter 11 Trustee (the "Trustee") and Benefit Street's joinder to the Objection [ECF No. 947], scheduled for April 20, 2023. The Motion to Shorten should be granted so that the Motion may be adjudicated prior to the April 20, 2023 hearing. It is important that the April 20, 2023 hearing not be delayed so that the Objection can be timely adjudicated and funds held in reserve disbursed to the appropriate person.

8. If the Court approves this Motion to Shorten, Benefit Street will serve notice on the Receiver, the Receiver's counsel, counsel for SureTec Insurance Company, the Trustee, the

Trustee's counsel, and the United States Trustee via email.  In light of the nature of the relief requested herein, Benefit Street submits that no further notice is necessary.

WHEREFORE Benefit Street respectfully requests that the Court enter the Proposed Order and for such other relief as the Court deems appropriate.

Respectfully submitted this 6th day of April, 2023.

[SIGNATURES ON FOLLOWING PAGE]

NELSON MULLINS RILEY &
SCARBOROUGH, LLP

*/s/ Lee B. Hart*
Lee B. Hart, Esq.
201 17th Street, Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

*Counsel for Benefit Street Partners
Realty Operating Partnership, L.P.*

**Exhibit "A"**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:

96 WYTHE ACQUISITION, LLC,                     Chapter 11

                Debtor.                          Case No.: 21-22108 (SHL)

------------------------------------------------------------x

**ORDER GRANTING BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P'S MOTION TO SHORTEN TIME AND SCHEDULE A HEARING ON ITS MOTION IN LIMINE TO EXCLUDE TESTIMONY OF JEREMY RAUCH**

Upon the motion (the "Motion to Shorten") of Benefit Street Partners Realty Operating Partnership ("Benefit Street") for entry of an order (the "Order"), pursuant to Fed. R. Bankr. P. 9006(c)(1) and Bankruptcy Local Rule 9006-1(b), shortening the time period for notice of, and scheduling a hearing on, the *Motion in Limine to Exclude Testimony of Jeremy Rauch* (the "Motion"); and the Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; and the Court having found that venue of this proceeding and the Motion to Shorten is proper in this district under 28 U.S.C. §§ 1408 and 1409 and that this is a core proceeding under 28 U.S.C. § 157(b)(2); and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Shorten is GRANTED as set forth herein.

2. The hearing on the Motion (the "Hearing") has been scheduled for **[_____ _____]** (prevailing Eastern Time).

3. Any responses to the Motion must be made in writing and in conformance with the requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, and be filed and served no later than **[_____]** (prevailing Eastern Time).

4.      Benefit Street shall serve a copy of this Order via email to Constantino Sagonas (the "Receiver"), the Receiver's counsel, counsel for SureTec Insurance Company, the Chapter 11 Trustee (the "Trustee"), the Trustee's counsel, and the United States Trustee.

5.      The Court retains exclusive jurisdiction regarding the implementation, interpretation, and enforcement of this Order.

Dated:  White Plains, New York
        _____, 2023

        _____
        HONORABLE SEAN H. LANE
        UNITED STATES BANKRUPTCY JUDGE

**Exhibit "B"**

**Hart Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:

96 WYTHE ACQUISITION, LLC,  Chapter 11

                Debtor.  Case No.: 21-22108 (SHL)

------------------------------------------------------------x

### DECLARATION OF LEE B. HART, ESQ. IN SUPPORT OF BENEFIT STREET PARTNERS REALTY OPERATING PARTNERSHIP, L.P'S MOTION TO SHORTEN TIME AND SCHEDULE A HEARING ON ITS MOTION IN LIMINE TO EXCLUDE TESTIMONY OF JEREMY RAUCH

Lee B. Hart, Esq. declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am a partner with the law firm of Nelson Mullins Riley & Scarborough, LLP, counsel to Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street") in the above-captioned case. I submit this declaration in support of the *Motion to Shorten Time and Schedule a Hearing With Respect to Its Motion in Limine To Exclude Testimony of Jeremy Rauch* (the "Motion to Shorten") filed by Benefit Street contemporaneously herewith.

2. As set forth in the Motion to Shorten, an evidentiary hearing is set for April 20, 2023 on the *Objection to Proof of Claim No. 39 Filed by Constantino Sagonas* [ECF No. 916] (the "Objection") filed by Stephen S. Gray in his capacity as the Chapter 11 Trustee (the "Trustee") and Benefit Street's joinder to the Objection [ECF No. 947]. The Motion to Shorten relates to Benefit Street's motion in limine to exclude certain live witness testimony from the April 20, 2023 hearing.

3. Cause exists to grant the Motion to Shorten in order that the motion in limine may be adjudicated in advance of the April 20, 2023 evidentiary hearing. If the Motion to Shorten is not granted, there will be uncertainty about the scope of permissible testimony leading into the

evidentiary hearing, and the parties may be required to unnecessarily expend resources preparing for the live witness whose testimony is the subject of the motion in limine.

4. No previous application for similar relief has been made.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 6, 2023
Atlanta, Georgia

                                             */s/ Lee B. Hart*
                                             LEE B. HART, ESQ.