

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

201 17th Street NW, Suite 1700
Atlanta, GA 30363
T: 404.322.6000  F: 404.322.6050
**nelsonmullins.com**

Lee B. Hart
T: 404.322.6349
**lee.hart@nelsonmullins.com**

July 31, 2023

**Via NYSECF Electronic Filing and Electronic Mail**

Hon. Sean H. Lane
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

      RE:    *In re 96 Wythe Acquisition LLC*, Bankr. Case No. 21-22108 (SHL) (the "Ch. 11 Case"); *Joinder to Chapter 11 Trustee's Objection to Proof of Claim No. 39 Filed by Constantino Sagonas* (the "BSP Claim Objection"); and *Gray v. Constantino Sagonas et al.*, Adv. Pro. No. 23-07017-shl (the "Sagonas AP").

Dear Judge Lane:

      The undersigned and this law firm are counsel to Benefit Street Partners Realty Operating Partnership, L.P. ("Benefit Street"), secured creditor in the bankruptcy proceeding filed by Defendant 96 Wythe Acquisition LLC (the "Debtor"), currently pending in the federal bankruptcy court for the Southern District of New York, Case No. 21-22108 before the Honorable Sean H. Lane (the "Bankruptcy Case"). We write in connection with the BSP Claim Objection and Sagonas AP, and the letters submitted by Stephen S. Gray in his capacity as the Liquidation Trustee for the Liquidation Trust of 96 Wythe Acquisition LLC (the "Trustee") and SureTec Insurance Company ("SureTec"), each filed in the Sagonas AP on July 26, 2023, at Docket Nos. 13 and 14, respectively.

      At a status conference on April 18, 2023, the Court granted a motion by Constantino Sagonas ("Sagonas") to consolidate the hearings on the BSP Claim Objection and trial of the Sagonas AP given an anticipated overlap in the evidence, and adjourned the hearing on the claims objections then set for April 20, 2023. The Court has not yet set a date for trial.

      As the Court may recall, counsel for Benefit Street's counsel is holding approximately $187,000 in sale proceeds to be disbursed either to Benefit Street or to Sagonas upon adjudication of the BSP Claim Objection and related objection filed by the Trustee. These are the last funds due to BSP's investors, who have not received an interest payment for years (other than recovery of sale proceeds) and been stymied by the Debtor's insiders and their accomplices through multiple court actions for years.

      Benefit Street agrees with the Trustee's position that SureTec has failed to conduct discovery with appropriate expediency, despite various meet and confers and representations by SureTec that it will diligently advance discovery so this matter can be tried. In addition, however, Benefit Street wishes to point out that there may be the same types of gamesmanship by Sagonas, SureTec and affiliates of the Debtor's insiders that has already been so problematic in this case.

Page 2

The primary repository of discoverable documents appears to be the Debtor's former management company (the "Management Company"), owned by the Debtor's insiders and itself managed by Jeremy Rauch ("Rauch"). Had this matter gone forward on April 20, 2023, as originally contemplated, Sagonas' primary witness on these matters would have been Rauch. SureTec served a subpoena upon the Management Company, and the Management Company apparently failed to respond. SureTec has not yet moved to compel the Management Company's compliance, further delaying trial.

In summary, Sagonas intends to call Rauch to defend his claim and the Sagonas AP. Rauch is essentially a friendly witness to Sagonas, having agreed to testify earlier without giving a deposition to Sagonas and spending time with Sagonas' counsel preparing for testimony. Rauch operated the Management Company. But the Management Company refuses to cooperate with the subpoenas served by SureTec, which has in essence undertaken the defense of these matters on Sagonas' behalf. This is the type of gamesmanship perpetrated by the Debtors' insiders and their affiliates that has created so much cost and consternation in this Case to date and harmed all creditors so gravely, not just Benefit Street.

And, while Benefit Street understands the Court's preference to consolidate the claims objection and Sagonas AP, it is telling – for purposes of the claims objection – that neither Sagonas nor the Management Company, appears to have the invoices that Mr. Sagonas was charged with reviewing prior to authorizing payment. Whether or not those invoices are available from their respective vendors, their absence would tend to prove the position that Sagonas was derelict in his duties as receiver, thus indicating what should be a swift resolution of the claims objections.

While SureTec should be entitled to its evidence, the Court should not countenance ongoing delays and deception. The BSP Claim Objection and Sagonas AP should be placed on an prompt schedule to push the parties and third parties to ready themselves for trial on a timely basis. Absent such a schedule, BSP fears that Sagonas, SureTec and affiliates of the Debtor's insiders will continue to exploit the judicial process for their own benefit, delaying ultimate recovery by Benefit Street, the Trustee and the Debtor's other creditors.

Counsel for Benefit Street will be available to attend a status conference scheduled by the Court or to answer any queries the Court may have.

Respectfully submitted,

/s/ Lee B. Hart

/s/ Gary M. Freedman

Nelson Mullins Riley & Scarborough, LLP