UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                            :

In re:                                          :        Chapter 11

96 WYTHE ACQUISITION LLC,           :        Case No. 21-22108 (SHL)

                      Debtor.            :
---------------------------------------------------------------x

STEPHEN S. GRAY,
in his capacity as the Liquidation Trustee
for the Liquidation Trust,

                      Plaintiff,

v.                                            :        Adv. Pro. No. 23-07017 (SHL)

CONSTANTINO SAGONAS    and
SURETEC INSURANCE COMPANY,

                      Defendants.

---------------------------------------------------------------x

## ORDER APPOINTING MEDIATOR

Upon the uncontested oral motion (the "Motion") of the Plaintiff for entry of an order (this "Order") referring the Plaintiff's and the Defendants' (collectively, the "Mediation Parties") disputes relating to the unresolved Objection to Proof of Claim No. 39 filed by Constantino Sagonas (the "Claim Objection"); and (2) the above-captioned adversary proceeding naming SureTec Insurance Company ("SureTec") and Constantino Sagonas (the "Receiver") as defendants (the "Adversary Proceeding" and, collectively with the Claim Objection, the "Mediation Issues") to mediation (the "Mediation"), and granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012; and this Court having found that venue of this proceeding

and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Plaintiff's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases described at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

    IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED to the extent provided herein.

2.     The Court appoints the Honorable Michael E. Wiles (the "Mediator") to serve as the Mediator in this chapter 11 case (the "Chapter 11 Case") and to conduct the Mediation.

3.     The Court hereby refers the Mediation Issues to the Mediation. The Mediation Issues may be expanded by agreement of the Mediation Parties or by further order of the Court, and may include other matters that relate to disputes among the Mediation Parties.

4.     The Mediation Parties and their respective counsel(s) and advisor(s) shall participate in the Mediation in accordance with the terms set forth herein.

5.     Additional parties other than the Mediation Parties ("Additional Mediation Parties") may participate in the Mediation upon (i) the unanimous written consent (including by email) of each Mediation Party, (ii) the Mediator's written consent following a written request (including by email) from a Mediation Party to the Mediator that copies all other Mediation Parties, or (iii) further order of this Court. Nothing in this Order shall preclude any Mediation

Party from submitting a written request to the Court to permit Additional Mediation Parties to participate in the Mediation. Additional Mediation Parties shall become subject to all of the provisions of this Order and be treated as Mediation Parties upon their participation in the Mediation. The Mediator or the Plaintiff shall provide at least twenty-four (24) hours advance written notice to all of the Mediation Parties, and all of the Additional Mediation Parties who have previously participated in the Mediation, before any Additional Mediation Party is permitted to participate in the Mediation.

6. The Mediation shall commence after entry of this Order and shall terminate automatically at 11:59 PM ET within 60 days unless (i) concluded, (ii) extended by this Court, or (iii) extended with the express written consent of all Mediation Parties and the Mediator.

7. The Mediation Parties shall each be responsible for their own costs associated with the Mediation.

8. Notwithstanding the Local Bankruptcy Rules, but so long as not inconsistent with the terms of this Order, the Mediator may conduct the Mediation as the Mediator sees fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Mediator deems appropriate in order to conduct the Mediation.

9. The Mediation shall be held based upon the availability of the Mediator and the Mediation Parties whose participation is necessary for a particular session. Any in-person, video, or audio-conference mediation session (each, a "Mediation Session") may include individual Mediation Parties, sub-groups of Mediation Parties, or all Mediation Parties in the Mediator's discretion. Within seven (7) business days of the entry of this Order, or as soon

3

thereafter as the Mediator is available, the Mediation Parties shall meet and confer with the Mediator regarding the timing of the Mediation and the initial Mediation Session.

        10.      The confidentiality provisions of Rule 5.0 of General Order M-452 Amending and Restating General Orders M-143, M-211, and M-390, In re: Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings (Bankr. S.D.N.Y. June 28, 2013) (the "Mediation General Order") and Rule 9019-1 of the Local Bankruptcy Rules for the Southern District of New York shall govern the Mediation. For the avoidance of doubt, all (i) statements by and discussions among any of the Mediation Parties, their counsel, or their advisors during the course of the Mediation, including discussions with or in the presence of the Mediator (collectively, the "Mediation Discussions"); (ii) Mediation statements and any other documents or information provided to the Mediator or the Mediation Parties, their counsel, or their advisors in the course of the Mediation (collectively, the "Mediation Documents"); and (iii) correspondence, draft resolutions, settlement proposals, term sheets, offers, and counteroffers produced for or as a result of or in connection with the Mediation (the "Mediation Proposals" and, together with the Mediation Discussions and Mediation Documents, the "Mediation Information") (a) shall be strictly confidential, privileged, and protected from disclosure in any proceeding pursuant to, among other things, Rule 408 of the Federal Rules of Evidence and local law equivalents; (b) shall not be admissible for any purpose in any judicial or administrative proceeding; and (c) shall not be used for any purpose other than the Mediation. For the further avoidance of doubt, nothing herein shall (a) affect the discoverability or admissibility of prepetition factual materials, or (b) prohibit a Mediation Party from publicly disclosing its own Mediation Information insofar as such Mediation Information

was lawfully in the possession of the Mediation Party through means other than the Mediation, subject to any separate confidentiality or other restriction or prohibition that would prevent its disclosure.

11. To the extent that any Mediation Party, its counsel, or its advisors is in possession of privileged or confidential information provided to such Mediation Party, its counsel, or its advisors pursuant to (a) the terms and conditions of a confidentiality agreement with a Mediation Party (either executed or agreed to via email), (b) the Mediation Party's current or former relationship with another Mediation Party, or (c) an order of this Court entered in connection with this Chapter 11 Case, such information may be disclosed to the Mediator only to the extent that such disclosure is also consistent with confidentiality obligations to third parties, but shall otherwise remain privileged and confidential and shall not be disclosed to any other Mediation Party, its counsel, or its advisors. Any Mediation Party, its counsel, or its advisors may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including without limitation the attorney-client privilege, the work-product doctrine, the common-interest or joint-defense privilege, or any other privilege, right, or immunity the Mediation Parties may be entitled to claim or invoke (the "<u>Privileged Information</u>"). By providing the Privileged Information to the Mediator, no Mediation Party or its respective counsel or advisors intends to, nor shall be deemed to, waive, in whole or in part, the attorney-client privilege, the work-product doctrine, the common-interest or joint-defense privilege, or any other privilege, right, or immunity that such Mediation Party may be entitled to claim or invoke with respect to any Privileged Information or otherwise. Any work product, materials, or information shared with or produced by a Mediation Party, its counsel, or its advisors to the Mediator, including Privileged Information, shall be subject to all applicable

5

mediation privileges and shall not be shared by the Mediator with any person, including any other Mediation Parties or their counsel or advisors, without the consent of the sharing or producing Mediation Party.  This Order does not determine whether any Mediation Materials are subject to any privilege.

12. No written record or transcript of any discussion had in the course of the Mediation is to be kept, absent express written agreement by the Mediation Parties.

13. If any Mediation Party is requested or required (by subpoena, legal process, or otherwise) to disclose any information that is protected from disclosure pursuant to this Order, that party shall promptly notify the other Mediation Parties so that any other Mediation Party may seek an appropriate protective order.  If any party objects to disclosure, the information shall not be disclosed except pursuant to a final court order requiring it.

14. The Mediation shall in all respects be non-binding and without prejudice to any Mediation Party's rights, claims, or defenses, which are expressly reserved, unless the Mediation Parties agree in writing to be so bound;  provided however, that any settlement agreement(s) reached through Mediation reduced to writing and signed shall be binding as to each signatory in accordance with the terms of such written agreement, subject, with respect to the Plaintiff, to the requirements of section 363(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019, and any other provisions of the Bankruptcy Code, as applicable, and this Court will retain jurisdiction to enforce any such settlement agreement(s).

15. Unless the Mediator has only requested the participation of certain Mediation Parties or their counsel for a given Mediation Session (whether occurring in person or by video or audio conference), a representative(s) or individual designee(s) from each Mediation Party with full authority to negotiate on such Mediation Party's behalf and to settle the

Mediation, in full or in part, and thereby bind the party for whom such representative acts, shall attend each scheduled Mediation Session, although the selection of that representative or designee shall be left to the discretion of each Mediation Party, or may make a request to the Mediator that it be excused from having a representative or designee attend a Mediation Session.

16. The Mediation Parties and their respective counsel and advisors shall participate in the Mediation in good faith and comply with all directions issued by the Mediator.

17. At the conclusion of the Mediation, the Mediator shall file with the Court a memorandum stating (a) that the Mediator has conducted the Mediation; (b) the names of the Mediation Parties, including counsel, advisors, and principals thereto or thereof, who participated in the Mediation; (c) whether the Mediator believes that the Mediation Parties participated in good faith; and (d) whether any settlements or agreements were reached. If the Mediation is extended in accordance with paragraph 6, whether the extension included all or only some of the Mediation Parties, the Mediator shall file with the Court a memorandum stating that the Mediation was extended, the Mediation Parties included in such extension (if applicable), and the date to which it is extended.

18. Except as provided in paragraph 19 of this Order, the Mediator, and any personnel employed by the Mediator who assist the Mediator with the Mediation, shall not be compelled to disclose any information concerning the Mediation in any forum or proceeding, nor shall any Mediation Party, or any other party in interest: (a) call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions that the Mediator may have about the Mediation Parties, or their respective positions, in the Mediation; (b) subpoena any notes, documents, or other materials prepared by the Mediator in connection with the Mediation; or (c) offer any

statements, views, or opinions expressed or held by the Mediator in connection with any proceeding, including, without limitation, any pleading or other submission to any court.

19. The Mediator and any personnel employed by the Mediator who assist the Mediator with the Mediation shall be immune from all claims arising out of acts or omissions arising from or relating to the Mediation.

20. The Mediation Parties are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

21. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

22. This Court retains exclusive jurisdiction to interpret, implement, and enforce the provisions of this Order.

23. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective immediately upon entry hereof.

Dated: July 30, 2024
White Plains, New York

>*/s/ Sean H. Lane*
>THE HONORABLE SEAN H. LANE
>UNITED STATES BANKRUPTCY JUDGE