**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>96 WYTHE ACQUISITION, LLC,<br><br>                      Debtor. | Chapter 11<br>Case No. 21-22108 (SHL) |
| STEPHEN S. GRAY, in his capacity as the Liquidation Trustee for the Liquidation Trust,<br><br>                      Plaintiff,<br><br>                      v.<br><br>CONSTANTINO SAGONAS and SURETEC INSURANCE COMPANY,<br><br>                      Defendants. | Adv. Pro. No. 23-07017 (SHL) |

**STIPULATION AND ORDER BY AND AMONG**
**THE LIQUIDATION TRUSTEE, BENEFIT STREET,**
**CONSTANTINO SAGONAS AND SURETEC INSURANCE COMPANY**

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof by and among: (a) Stephen S. Gray, not individually but solely in his capacity as the liquidation trustee (the "Trustee") for the Liquidation Trust established pursuant to the confirmed Chapter 11 plan of 96 Wythe Acquisition LLC (the "Debtor") in the above-captioned case (the "Chapter 11 Case"); (b) Benefit Street Partners Realty Operating Partnership, L.P., the Debtor's senior secured lender ("Benefit Street"); (c) Constantino Sagonas, the Temporary Receiver (the "Receiver"); and (d) SureTec Insurance Company, the surety company that issued a Temporary Receiver's Bond to Constantino Sagonas as Temporary Receiver ("SureTec") (Receiver, SureTec, the Trustee, and Benefit Street, are each a "Party" and together are the "Parties").

## RECITALS

A.    On June 11, 2019, Benefit Street commenced a lawsuit against Debtor 96 Wythe Acquisition, LLC seeking among other things, to foreclosure a loan secured by a mortgage on the premises 96 Wythe Avenue, 61 N. 10th Street & 59th N. 10th Street, Brooklyn, New York 11211, the premises of The Williamsburg Hotel (the "Hotel"), in the Supreme Court of the State of New York, County of New York, under the caption, *Benefit St. Partners Operating P'ship, L.P. v. 96 Wythe Acquisition LLC, et al.* (Index No. 653396/2019) (the "Foreclosure Action").[1]

B.    Pursuant to a February 21, 2020 Order Appointing a Receiver in a Non-Residential Mortgage Foreclosure Action [Dkt. No. 29-4], Constantino Sagonas (the "Receiver") was appointed by the Honorable Barry R. Ostrager in the Foreclosure Action as Temporary Receiver "with the usual powers and directions, for the benefit of Plaintiff, as its interests may appear, of all the rents and profits now due and unpaid or to become due during the pendency of the Temporary Receiver's appointment and issuing out of the" Hotel, and the Receiver served as Temporary Receiver from February 2020 until the Petition Date (defined below).

C.    In connection with the Receiver's appointment, SureTec issued a Temporary Receiver's Bond number 3475239, dated February 26, 2020, in the penal sum of $4.5 Million, with Constantino Sagonas as Receiver as bond principal (the "Receiver's Bond"), which states "[t]he condition of this obligation is such, that if the said Constantino Sagonas shall faithfully discharge the duties of his trust, and shall duly account for all moneys received by him as such Temporary Receiver, then this obligation shall be void, otherwise to be in full force and effect" [Dkt. No. 29-5].

---

[1]    The Foreclosure Action was initially commenced by BSPRT 2018-FL3 Issuer, Ltd., an entity affiliated with and managed by Benefit Street that was the holder of the loan collateralized by the Hotel. The loan was subsequently transferred to Benefit Street, who was substituted as the plaintiff in the Foreclosure Action.

D.     On February 23, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").  By operation of 11 U.S.C. § 543, the receivership was terminated and the Receiver's authority as temporary receiver was superseded by operation of law upon the Petition Date.

E.     On April 23, 2021, the Receiver filed his Final Accounting and Notice of Motion, Pursuant to 11 U.S.C. § 543, seeking an Order "[(i)] Approving Temporary Receiver Constantino Sagonas' Final Accounting; (ii) Approving the Receiver's Fee; (iii) Directing Payment of the Outstanding Receiver Fee Balance of $40,000; (iv) Approving the Receiver's Attorneys['] Fees[;] and (v) Discharging the Receiver's Bond" [Dkt. No. 29] (the "Final Accounting Settlement and Bond Discharge Motion").  Both Benefit Street and the Debtor filed objections to the Final Accounting Settlement and Bond Discharge Motion.  [Dkt. Nos. 53, 57].

F.     The Trustee was appointed as the Debtor's Chapter 11 trustee on May 31, 2022, [Dkt. Nos. 592, 594], and he served as Chapter 11 trustee until the Trustee's Chapter 11 plan (discussed below) went effective on April 17, 2023.

G.     On September 13, 2022, as part of a settlement agreement between the Trustee and Benefit Street of certain existing and potential claims, Benefit Street "assign[ed], transfer[red] and convey[ed] to the Trustee and Debtor's estate all of [Benefit Street]'s right, title and interest in and to the Receiver's Bond and any claims or causes of action against the Receiver and its rights to pursue or file a claim upon the Receiver's Bond for the purposes of pursuing or filing a claim upon the Receiver's Bond[,]" and the Trustee sought court approval of the settlement agreement the same day.  [Dkt. No. 679 at 30].  The Court approved the settlement agreement on October 21, 2022.  [Dkt. No. 753].

3

H.     On November 21, 2022, the Receiver filed an administrative-expense claim pursuant to 11 U.S.C. §§ 503 and 543 [Claim No. 39] (the "First Receiver Claim"), which supplemented the Receiver's request for fees in the Final Accounting Settlement and Bond Discharge Motion. The Trustee filed an objection to the First Receiver Claim on February 17, 2023. [Dkt. No. 916]. Benefit Street filed a Joinder to the Trustee's objection to the First Receiver Claim and added additional grounds for objection on March 8, 2023. [Dkt. No. 947] (The Trustee's objection, together with Benefit Street's joinder, shall be referred to herein as the "Claim Objection"). The Receiver on March 15, 2023, submitted a Declaration and Exhibits in further support of the Final Accounting Settlement and Bond Discharge Motion [Dkt. Nos. 966, 966-1 through 966-31].

I.     On April 10, 2023, the Court entered an order confirming the Trustee's First Amended Chapter 11 liquidation plan for the Debtor, as modified (the "Plan"). [Dkt. No. 1005] (the "Confirmation Order"). Among other things, the Liquidation Trust was established pursuant to the Plan and Mr. Gray was appointed the Liquidation Trustee under the Trust (each as defined in the Plan).

J.     Pursuant to the Plan, the Liquidation Trustee was empowered to, among other things, prosecute and settle any claims and Causes of Action of the Debtor's estate, including but not limited to, Retained Causes of Action, without prior approval of the Court. The Retained Causes of Action include the claims brought within the Adversary Proceeding (discussed below).

K.     The Receiver Claim and the objections thereto were initially to be considered by the Court at the confirmation hearing held on March 22, 2023. At that hearing, the Court confirmed the Plan, in part based upon the Parties' agreement that: (1) a reserve of the amount sought by the First Receiver Claim, of $187,058.00 would be set aside as a carve-out by and

from Benefit Street's secured claims out of the proceeds of the Trustee's sale of the Hotel (the "Receiver Reserve"); and (2) the hearing to consider the Receiver Claim was adjourned to April 20, 2023. The Receiver thereafter moved to stay the April 20, 2023 hearing and consolidate the adjudication of the Receiver Claim with the Trustee's anticipated Adversary Proceeding in light of, among other things, the commonality of the factual and legal issues. [Dkt. Nos. 1007, 1011]. The Court granted the request to consolidate and asked the Trustee to promptly file his complaint against the Receiver and, as it related to the Receiver's Bond, against SureTec.

L. On April 19, 2023, the Trustee filed Adversary Proceeding No. 23-07017 against the Receiver and SureTec/the Receiver's Bond, asserting: (1) a claim for declaratory judgment determining that the Receiver violated the Receivership Order and that the Receiver's violation of the Receivership Order implicates the Receiver's Bond; (2) a claim for negligence against the Receiver in the amount of $5,063,650.11; (3) breach of trust against the Receiver in the amount of $5,063,650.11; (4) breach of fiduciary duties against the Receiver in the amount of $5,063,650.11; (5) claim against the Receiver's Bond in an amount to be determined, later confirmed by the Trustee's Rule 26 Damages disclosure to be $5,063,649.94; (6) turnover of fees paid to the Receiver without court authorization in the amount of $105,000; (7) disallowance of the Receiver's administrative claim; (8) disallowance of the Receiver's claim; and (9) setoff between the amount awarded in the Trustee's adversary proceeding and the amount determined due to the Receiver pursuant to his administrative claim or claim (collectively, the "Claims"). [Adv. Pro. Dkt. No. 1] (the "Adversary Proceeding").

M. On May 17, 2023, the Receiver filed an amended administrative claim. [Claim No. 45] (the "Amended Receiver Claim" and, collectively with the First Receiver Claim, the

"Receiver Claim"). No additional reserve was established on account of the Amended Receiver Claim.

N. On May 25, 2023, the Receiver and SureTec answered the Trustee's complaint in the Adversary Proceeding, denying the Trustee's allegations and Claims. [Adv. Pro. Dkt. Nos. 5, 6]. The Receiver and the Parties thereafter engaged in extensive discovery, which was substantially completed before the Mediation (discussed below).

O. On July 30, 2024, upon the uncontested oral motion of the Trustee and the consent of all parties, the Court entered an Order appointing Bankruptcy Judge Michael E. Wiles to mediate the disputes concerning the Final Accounting Settlement and Bond Discharge Motion, the Receiver Claim, and the Adversary Proceeding (the "Mediation Order"). [Dkt. No. 1081]. Mediation statements were submitted by the Parties and an initial mediation session was conducted by Judge Wiles on September 4, 2024. Although issues in dispute were narrowed, no settlement was reached. Judge Wiles, the Parties, and the Receiver agreed to continue the Mediation on October 1, 2024.

P. The Mediation term was extended through October 15, 2024, on consent, pursuant to an Order dated September 25, 2024. [Adv. Pro. Dkt. No. 58].

Q. The Parties and the Receiver continued their good-faith discussions at the October 1, 2024 mediation session. The Parties were and are desirous of settling the matters between them without incurring additional costs of litigation, and the Mediation and continued negotiations resulted in settlement as stated in this Stipulation, which settlement is subject to Court approval. This Stipulation and Order contemplates a full and final settlement between the Parties concerning all claims that the Trustee, Benefit Street, the Receiver, and SureTec have or may have against each other arising out of, or in connection with, the Receiver's Bond, the Final

6

Accounting Settlement and Bond Discharge Motion, and the Adversary Proceeding as well as the Reserve, except for the claims reserved in paragraphs 10, 11 and 12, of this Stipulation and Order.

R.   The Trustee, in the exercise of his business judgment, has determined that resolution of the Trustee's claims against SureTec, the Receiver's Bond, and the Receiver as set forth herein and subject to the terms of this Stipulation and Order are in the best interests of the Liquidation Trust, the Debtor, and its estate.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED:**

1.   The above recitals are incorporated herein in their entirety.  The terms of this Stipulation shall become effective upon entry of an order, which has become final and non-appealable, approving the same (the "Stipulation Effective Date").

2.   Subject to the terms, provisions, and conditions set forth in the paragraphs hereafter stated in this Stipulation and Order, SureTec shall issue to the Trustee pursuant to its surety bond obligation, and the Trustee shall accept, payment in the aggregate amount of seven hundred thousand dollars and zero cents ($700,000) (the "Settlement Payment"), in full and final settlement and satisfaction of: (1) the Trustee's Adversary Proceeding No. 23-07017, and the Claims therein asserted against the Receiver and SureTec; (2) all claims any Party has or may have against SureTec in Adversary Proceeding No. 23-07017 and/or Chapter 11 Case No. 21-22108 and/or under the Receiver's Bond and/or under the Receiver's Final Accounting and/or under the Receiver's Final Accounting Settlement and Bond Discharge Motion and/or arising out of the Receiver's role or actions as Temporary Receiver and/or in the Foreclosure Action, *Benefit Street Partners Operating Partnership, LP v. 96 Wythe Acquisition LLC, et. al.,* Index No.

63396/2019; (3) settlement of the Receiver's Final Accounting Settlement and Bond Discharge Motion and the objections thereto [Dkt. Nos. 29, 53, 57], and settlement of the Receiver's Final Accounting for the amount of $700,000 in accordance with the Receiver's Bond terms and this Stipulation, discharging the Receiver, discharging SureTec, and cancelling the Receiver's Bond; (4) all claims the Trustee or Benefit Street has or may have against the Receiver in Adversary Proceeding No. 23-07017 and/or Chapter 11 Case No. 21-22108 and/or under the Receiver's Bond and/or under the Receiver's Final Accounting Settlement and Bond Discharge Motion and/or arising out of the Receiver's role or actions as Temporary Receiver and/or in the Foreclosure Action, *Benefit Street Partners Operating Partnership, LP v. 96 Wythe Acquisition LLC, et. al.,* Index No. 63396/2019, but not resolving the claims between SureTec and the Receiver which are preserved in paragraph 11.

3. The Settlement Payment shall be made as follows: one check in the sum of seven hundred thousand dollars and zero cents ($700,000) made payable to "Stephen Gray, as Trustee for the benefit of the Liquidation Trust" will be sent by overnight delivery to Togut, Segal & Segal LLP Attn: Frank Oswald, Esq., One Penn Plaza, Suite 3335, New York, NY 10119 within fourteen (14) business days of the Stipulation Effective Date.

4. Within fourteen (14) business days after the Stipulation Effective Date, an amount equal to $35,000 (the "Payment") shall be released to the Receiver from the Receiver Reserve, with the balance of the Receiver Reserve to be disbursed to or at the instruction of Benefit Street.

5. Upon receipt of the Payment, the Receiver shall withdraw the Fee Application and Receiver Claim with prejudice, and the Trustee's and Benefit Street's objections to the Fee Application and Receiver Claim shall be deemed withdrawn.

6. The Trustee confirms that the Settlement Payment stated in paragraphs 2 and 3 resolves the Trustee's Adversary Proceeding Number 23-07017. Upon the Stipulation Effective Date, the Trustee dismisses with prejudice Adversary Proceeding Number 23-07017, and to the extent necessary, will take any further actions required by the Bankruptcy Court for Adversary Proceeding Number 23-07017 to be dismissed with prejudice.

7. Upon the Stipulation Effective Date, the Receiver's Final Accounting Settlement and Bond Discharge Motion and the objections thereto [Dkt. Nos. 29, 53, 57] are settled, and the Receiver's Final Accounting is hereby judicially settled in accordance with this Stipulation; SureTec will make payment to the Trustee pursuant to paragraphs 2 and 3 above, pursuant to its surety bond obligations; and SureTec is discharged and exonerated from any liability, accountability, and responsibility with respect to all matters embraced in the Final Accounting Settlement and Bond Discharge Motion of the Receiver and Final Accounting of the Receiver; and the Receiver's Bond is discharged and cancelled.

8. Upon the Stipulation Effective Date, except for and limited to the payment obligation of the Surety set forth in paragraphs 2 and 3 herein: (1) SureTec is discharged and exonerated of any obligation under the Receiver's Bond or in the Foreclosure Action or in the Chapter 11 Case No. 21-22108 or in the Adversary Proceeding Number 23-07017; (2) the Receiver's Final Accounting is judicially settled in accordance with this Stipulation, and SureTec is discharged and exonerated from any liability for any matter arising out of or related to the Receiver's Final Accounting and the Receiver's Final Accounting Settlement and Bond Discharge Motion; and (3) the Temporary Receiver's Bond number 3475239, dated February 26, 2020, in the penal sum of $4.5 Million, with Constantino Sagonas as Receiver as bond principal is exonerated and cancelled.

9. Benefit Street and the Trustee confirm that the Settlement Payment stated in paragraphs 2 and 3 resolves the Foreclosure Action, except that Benefit Street has commenced a separate action against the Debtor's principals, Toby Moskovits and Yechiel Michael Lichtenstein ("Guarantors"), to pursue related claims against the Guarantors under a certain Guaranty of Recourse Obligations in Benefit Street's favor ("Guaranty Action"). The Parties acknowledge and agree that neither the Settlement Payment nor anything contained in this Stipulation and Order have any effect on the Guaranty Action or compromise in any way Benefit Street's claims in the Guaranty Action. Upon the Stipulation Effective Date, the Trustee and/or Benefit Street will file this Stipulation and Order in the Foreclosure Action, and take any actions required by the Court in the Foreclosure Action for SureTec to be discharged and exonerated, for the Receiver to be discharged, and for Temporary Receiver's Bond number 3475239 to be exonerated and cancelled, and, to the extent necessary, the Trustee will assist the other Parties in taking any other action and/or filing such documents to facilitate the discharge of SureTec and the Receiver, and cancellation of the Receiver's Bond, including, if necessary, removing the Foreclosure Action to this Court, or marking the Foreclosure Action closed based upon the settlement of the Receiver's Final Accounting Settlement and Bond Discharge Motion and this Court's judicial settlement of the Receiver's Final Accounting subject to the terms of this Stipulation.

10. Subject to the Stipulation Effective Date having occurred, each of the Parties, on behalf of themselves, and all of their respective predecessors, successors, assigns, and affiliates, and any attorney, representative, or agent acting on behalf of such persons or entities, hereby waives, remises, releases, and forever discharges each other, including any attorney acting on behalf of such persons or entities, and any of the Parties' current or former employees,

shareholders, partners, affiliates (including, without limitation, NGC WH LLC and New Gables Capital LLC, each a Florida limited liability company), direct and indirect parents, subsidiaries, officers, directors, members, attorneys and insurers, in their official and individual capacities (collectively, the "Released Parties"), from any and all claims, causes of action, acts, omissions, suits, demands, statements, disclosures, or liabilities, whether arising in law or in equity, whether known or unknown, asserted or unasserted, that are in any way relating to or arising out of the Foreclosure Action, the Receiver's Bond, the Receiver's Final Accounting Settlement and Bond Discharge Motion, the Chapter 11 Case, any adversary or other proceedings related thereto (expressly including the Adversary Proceeding No. 23-07017), or any aspect of the representation of the Debtor's estate or the Liquidation Trust, from the beginning of time through the date that this Stipulation and Order is entered, except as set forth in this paragraph and paragraphs 11 and 12 of this Stipulation.  For the avoidance of doubt, neither the Debtor's principal Toby Moskovits; the Debtor's principal Michael Lichtenstein (collectively with Moskovits, the "Principals"); The Williamsburg Hotel BK, LLC (the "Manager"); nor any current or former affiliate of the Principals or the Manager (except the Debtor) (the "Affiliates"); or any current or former employees, shareholders, partners, affiliates, direct or indirect parents, subsidiaries, officers, directors, members, attorneys, or insurers of the Principals, the Manager, or the Affiliates (except the Debtor) shall be deemed a Released Party.

11.     Notwithstanding anything to the contrary set forth herein, including the releases in paragraph 10 above, SureTec's claims, pursuant to the Receiver's Bond and an Indemnification Agreement dated February 25th, 2020, against the Receiver and indemnitor Constantino Sagonas, and any other indemnity agreement related to the Foreclosure Action or Receiver's Bond or executed by Constantino Sagonas, remain expressly reserved to SureTec, and are not released,

are not waived, are not settled by, and survive this Stipulation and Order.  Notwithstanding anything to the contrary set forth herein, including the releases in paragraph 10 above, SureTec and the Receiver's rights and obligations pursuant to the terms provisions and conditions of a Settlement Agreement between SureTec Insurance Company and Constantino Sagonas dated November 5, 2024 remain expressly reserved to SureTec and the Receiver, and are not released, are not waived, are not settled by, and survive this Stipulation and Order, and the releases in paragraph 10 do not include, alter, modify or supplant the rights, remedies, and obligations of SureTec and Constantino Sagonas pursuant to the Settlement Agreement dated November 5, 2024.

12. Notwithstanding anything to the contrary set forth herein, including the releases in paragraph 10 above, Constantino Sagonas's claims against the Debtor's principal Toby Moskovits, the Debtor's principal Michael Lichtenstein (collectively with Moskovits, the "Principals"); The Williamsburg Hotel BK, LLC (the "Manager"); nor any current or former affiliate of the Principals or the Manager (except the Debtor) (the "Affiliates"); or any current or former employees, shareholders, partners, affiliates, direct or indirect parents, subsidiaries, officers, directors, members, attorneys, or insurers of the Principals, the Manager, or the Affiliates (except the Debtor) remain expressly reserved to Constantino Sagonas, and are not released, are not waived, are not settled by, and survive this Stipulation and Order.

13. The Parties each represent and warrant that the consideration they have given and received hereunder is fair and adequate consideration for the covenants, undertakings, forbearances, and promises contained herein.

14. This Stipulation and Order may be executed in multiple counterpart originals and delivered by facsimile or email, which, when fully executed and combined, shall constitute a

single, fully executed original. A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original signature.

15. This Stipulation may not be modified, amended, altered, changed, or waived, except in a writing signed by all Parties.

16. Each of the Parties to this Stipulation and Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Order, and that it has full knowledge of and has consented to this Stipulation and Order.

17. No Party makes any representation to or covenant with any other Party about the legal, tax, or other consequences of this Stipulation or the transactions contemplated hereby. Each Party has had access to and separate representation by the legal, tax, and other advisors of that Party's own choosing, and has freely and fully reviewed and negotiated the terms of this Stipulation. No presumption shall apply that any Party is the drafter of this Stipulation, nor shall any provision or ambiguity in a provision be construed against a Party on the basis that the Party is deemed to have drafted such provision.

18. The Court shall retain exclusive jurisdiction with respect to any matters, claims, rights, or disputes arising from this Stipulation and Order or any other actions to implement, interpret, or enforce the terms and provisions of this Stipulation and Order.

19. This Stipulation and Order is subject to approval of the Court and shall be of no force and effect unless and until such approval is obtained.

20. Upon the Effective Date, the Clerk of the Court is to make an entry on the docket or in the book of undertakings that the Receiver's Bond number 3475239 has been cancelled, and surety SureTec Insurance Company is exonerated and discharged.

[*Signature Page Follows*]

Dated: November 12, 2024
New York, New York

By: */s/ Frank A. Oswald*
Frank A. Oswald
John N. McClain, III
**TOGUT, SEGAL & SEGAL LLP**
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000

*Counsel to the Trustee*

By: */s/ Kelsey Bilodeau*
Kelsey Bilodeau
Richard B. Demas
**GOTTESMAN, WOLGEL, FLYNN & WEINBERG, P.C.**
11 Hanover Square, 4th Floor
New York, New York 10005
Telephone: (212) 495-0100

*Counsel to SureTec Insurance Company*

By: */s/ Lee B. Hart*
Lee B. Hart
**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
201 17th Street, Suite 1700
Atlanta, Georgia 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

*Counsel for Benefit Street Partners Realty Operating Partnership, L.P.*

By: */s/ Douglas A. Kellner*
Douglas A. Kellner
**KELLNER HERLIHY GETTY & FRIEDMAN, LLP**
470 Park Avenue South, 7th Floor
New York, New York 10016-6819
Telephone: (212) 889-2121

*Counsel to the Receiver Constantino Sagonas*

**IT IS SO ORDERED**
on this 3rd day of December, 2024
White Plains, New York

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE